UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**APPLICATION TO EMPLOY ATTORNEYS**

The Debtor and Debtor-in-Possession, Sklar Exploration Company, LLC ("Debtor"), by and through its attorneys, Kutner Brinen, P.C., states its Application to Employ Attorneys, as follows:

1. The Debtor filed its Voluntary Petition pursuant to chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date"). The Debtor remains a debtor in possession and is in operation of its business pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Debtor is a Louisiana limited liability company engaged in business as an independent exploration and production company in the oil and gas industry. The Debtor has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. The Debtor's exploration and production activities are primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle. The Debtor is also developing properties and opportunities in the western United States.

3. In connection with all matters required of the Debtor under the Bankruptcy Code, the Debtor desires to employ the services of Kutner Brinen, P.C., a firm of attorneys admitted to practice in this Court ("Counsel"). Counsel's offices are located at 1660 Lincoln Street, Suite 1850, Denver, Colorado 80264.

4. The Debtor has selected Counsel for the reason that it has considerable experience in matters of this character, and the Debtor believes that Counsel is well qualified to represent the Debtor in this case.

5. The professional services that Counsel is to render are:

   a. To provide the Debtor with legal advice with respect to its powers and duties;

    b. To aid the Debtor in the development of a plan of reorganization under chapter 11;

    c. To file the necessary petitions, pleadings, reports, and actions that may be required in the continued administration of the Debtor's property under chapter 11;

    d. To take necessary actions to enjoin and stay until a final decree herein the continuation of pending proceedings and to enjoin and stay until a final decree herein the commencement of lien foreclosure proceedings and all matters as may be provided under 11 U.S.C. § 362; and

    e. To perform all other legal services for the Debtor that may be necessary herein.

6. It is necessary for the Debtor to employ an attorney for such professional services.

7. To the best of the Debtor's and Counsel's knowledge, Counsel has no connection or relationship with creditors and is disinterested as defined in the Code.  *See* Affidavit of Counsel attached hereto as Exhibit A.

8. Counsel represents no interest adverse to the estate in the matter upon which it is to be engaged for the Debtor, and its employment is in the best interests of the estate.

9. The Debtor desires to employ Counsel under a general retainer because of the extensive legal services required.  A schedule of the hourly rates currently charged by Counsel is attached hereto as Exhibit B.

10. Counsel holds a pre-petition retainer for payment of post-petition fees and costs in the amount of $89,819.  The retainer is property of the estate and is to secure and be used to pay post-petition fees and costs.  A separate application will be filed for approval of the use of the retainer.  Counsel was also paid pre-petition fees and costs, including the filing fee, by the Debtor in the amount of $30,166.

11. No committee of creditors has been appointed or designated herein, and no notice need be given of the appointment of Counsel.  Counsel will provide notice of its application to approve a pre-petition retainer and payment procedure.

12. The Debtor is a limited liability company and it is necessary to avoid immediate and irreparable harm that the Court approves the Debtor's retention of Counsel pursuant to Bankruptcy Rules 2014 and 6003.  The Debtor is not permitted to appear in Court without

counsel and it is critical to the Debtor's continued successful operation that the Debtor files and prosecutes several motions and applications during the first 20 days of the case. It is requested that Counsel's appointment be made effective as of the petition date since work on behalf of the Debtor in this case was commenced that day.

13.     Counsel requests entry on an order authorizing its employment effective as of the Petition Date.

WHEREFORE, the Debtor prays that it be authorized to employ and appoint Kutner Brinen, P.C. to represent it as a Debtor and Debtor-in-Possession in this case under Chapter 11 of the Bankruptcy Code, effective April 1, 2020 and for such further and additional relief as to the Court may appear proper.

Dated: April 1, 2020                                Respectfully submitted,

By:   /s/ Lee M. Kutner
Lee M. Kutner, #10966
Jeffrey S. Brinen, #20565
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: lmk@kutnerlaw.com