UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN:  72-1425432 ) | Chapter 11 |
| Debtor. ) | |

### *EX PARTE* MOTION FOR ENTRY OF ORDER LIMITING NOTICE

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("SKC"), by and through their attorneys, Kutner Brinen, P.C., move the Court for entry of an Order pursuant to 11 U.S.C. §105(a) and Fed. R. Bankr. P. 2002, L.B.R. 2002-1(a), and L.B.R. 2081-2 limiting notice to parties in interest during and for the remainder of the Debtors bankruptcy case, and in support thereof states as follows:

1. The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date").  The Debtors remain debtors-in-possession.

2. SEC is a Louisiana limited liability company engaged in business as an independent exploration and production company in the oil and gas industry.  SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama.  SEC's exploration and production activities are located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle.  SEC is also developing opportunities in the western United States.  As of the Petition Date, SEC was operating between 50 and 60 properties and two gas plants.

3. Sklarco is a Louisiana limited liability company that holds extensive oil and gas interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, Wyoming, and Montana.

4. As set forth on the matrices filed on the Petition Date and attached hereto as Exhibits A and B, SEC has at least 361 creditors, and Sklarco has at least 96 creditors. As the Debtors continue to evaluate claims, the number of creditors could increase further.

5. Providing notice to all 457 creditors for all motions requiring notice will be extremely costly and burdensome to the Debtors, the professionals employed by the Debtors, and the estates.

6. Pursuant to 11 U.S.C. § 105(a), the court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Fed. R. Bank. P. 2002(m) further provides that the court may "enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent[.]" Pursuant to L.B.R. 2081-2, the debtor may seek authorization to limit notice, either for a specific motion, or for the remainder of the case.

7. The Debtors request authority to limit notice for the remainder of the Debtors bankruptcy case. The Debtors propose that the limited notice should apply to **all** pleadings filed with the exception of:

   a. Notice of Meeting of Creditors;
   b. The time fixed for filing administrative expense claims or proofs of claim;
   c. Any motions to sell property free and clear of liens, claims, and encumbrances pursuant to 11 U.S.C. § 363 in an amount greater than $200,000 or for substantially all the Debtor's assets;
   d. Any motions to dismiss or covert;
   e. Any motions to approve a settlement or compromise, other than settlements related to relief from the automatic stay in an amount greater than $50,000; and
   f. Hearings on the confirmation of any Plan of Reorganization or liquidation, and any dates related thereto, including the deadline for filing objections to such Plan.

8. In accordance with L.B.R. 2081-2(d), the Debtors propose to limit notice to: 1) the 20 largest unsecured creditors for each of SEC and Sklarco; 2) the United States Trustee; 3) any creditors committee appointed by the United States Trustee; 4) secured creditors; 5) priority creditors; and 6) parties who have filed an entry of appearance and requested notice. If a motion requests relief against a party, notice will also be sent to such party pursuant to Fed. R. Bankr. P. 9014(b) and 7004.

9. Cause exists to limit notice in this case. SEC has listed at least 357 creditors, with unsecured claims in the amount of at least $16,926,144.83. Sklarco has listed at least 96 creditors with claims in the total amount of $324,632.29. Over half of the Debtors' creditors have claims that are less than $10,000. To send out notice to each creditor for every motion requiring notice would result in substantial costs to the Debtors estate for copies and postage, and would impose a substantial burden on the Debtors and the professional hired by the Debtors.

10. Additionally, limiting notice will ensure that creditors receive important information that directly affects their rights, but will avoid overwhelming creditors with notices for motions that do not have a direct effect on their rights, or that relate to administrative functions with the bankruptcy case.

11. Accordingly, limited notice is warranted, and will provide a benefit to the Debtors, their estates, and their creditors.

WHEREFORE, the Debtors pray that the Court make and enter an Order limiting the notice required for the remainder of the Debtors case as set forth herein, and for such further and additional relief as to the Court may appear just and proper.

Dated: April 2, 2020　　　　　　　　　　　Respectfully submitted,

By: ___/s/ Keri L. Riley_____
Lee M. Kutner, #10966
Jeffrey S. Brinen, #20565
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln St., Suite 1850
Denver, CO 80264
Tel: 303-832-2400
E-mail: klr@kutnerlaw.com

## CERTIFICATE OF SERVICE

   I certify that on April 2, 2020, I served a complete copy of the foregoing **EX PARTE MOTION FOR ENTRY OF ORDER LIMITING NOTICE** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

                **/s/Vicky Martina**
                **Vicky Martina**