UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
) Case No. 20-12377-EEB
SKLAR EXPLORATION COMPANY, LLC )
EIN: 72-1417930 ) Chapter 11
)
  Debtor. )
)
_____ )
) Case No. 20-12380-EEB
SKLARCO, LLC )
EIN: 72-1425432 ) Chapter 11
  Debtor. )

## MOTION TO APPROVE PAYMENT PROCEDURE
## FOR PROFESSIONAL FEES AND COSTS

The Debtor and Debtor-in-Possession, Sklar Exploration Company, LLC ("SEC" or "Debtor"), by and through its attorneys, Kutner Brinen, P.C., moves the Court for an Order approving a payment procedure for professional fees and costs incurred in this case, and as grounds therefor states as follows:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtor remain Debtor-in-Possession.

2. SEC is a Louisiana limited liability company engaged in business as an independent exploration and production company in the oil and gas industry. SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. SEC's exploration and production activities are located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle. SEC is also developing opportunities in the western United States.

3. In connection with the Debtor's Chapter 11 filings, SEC retained the firm of Kutner Brinen, P.C. ("KB") to represent it as bankruptcy counsel in this case. SEC and Sklarco, LLC have also retained the firm of Berg Hill Greenleaf & Ruscitti, LLP ("Berg Hill" to act special counsel with respect to corporate and credit issues, and the firm of Armbrecht Jackson, LLP ("AJ") to act as special counsel with respect to oil and gas issues in the State of Alabama.

4. SEC paid KB a pre-petition retainer for undertaking this matter in the amount of $89,819. SEC also paid pre-petition retainers to Berg Hill and AJ in the amount of $50,000 and $25,000 respectively. The Debtor has filed separate Motions seeking approval of the retainers.

5. Other professionals may be employed in this case, including without limitation, an accountant and counsel for a creditor's committee, if appointed.

6. It is in the best interest of creditors and the Debtor that the Debtor be permitted to pay its professional fees and costs on an ongoing basis, first from any retainer provided to such professional, and then from the revenue generated by the Debtor.

7. The Debtor proposes the following payment procedure: professionals shall be paid first through their respective retainers, then by the Debtor, on a monthly basis: (1) 100% of the out of pocket costs incurred as allowable under the guidelines established by the United States Trustee's Office; and (2) 80% of the fees incurred. All fees and costs will be subject to interim and final approval by the Court upon filing interim and final fee applications.

8. The proposed payment procedure is governed by Local Bankruptcy Rule 2016-2. Therefore, notice is being provided to creditors under Local Rule 9013-1 and Bankruptcy Rules 2002 and 4001.

9. The Debtor's case is highly complex and involve complicated factual and legal issues that professionals employed by the estate will be required to address. It is in the best interests of the Debtor and the estate to have bankruptcy counsel and the employment of counsel based upon the retainer and payment procedure described herein. Payment in the manner described will allow professionals to efficiently operate their practices, devote the time needed to addressing the case requirements, and assist in managing the Debtor's reorganization.

10. The attorney fees and costs that will be paid monthly will generally be paid from the retainer first and then, if needed, by the Debtor's revenue generated from operation of the business. It is estimated that fees and costs will approximate $25,000 per month for the first three months and then $15,000 per month on average until plan confirmation. However, the amount of fees and costs incurred will be dependent upon the level of litigation in the case and the issues that arise during the case.

11. Counsel has discussed the requirements of the case and the payment of Counsel with the Debtor and the Debtor verifies that its cash flow allows them to pay professionals on a monthly basis, subject to cash collateral issues. Advance payment of legal fees and costs will be

made when and only to the extent that funds are available to pay all professionals and other known administrative priority claimants in this case, and upon compliance with Local Bankruptcy Rule 2016-2 by each professional. A Verified Statement in Support of this Motion is attached hereto as Exhibit A.

WHEREFORE, the Debtor prays that the Court make and enter an Order, after notice with opportunity for a hearing, approving the payment procedure as set forth herein, and for such further and additional relief as to the Court may appear proper.

DATED: April 6, 2020                                Respectfully submitted,


By: /s/ Keri L. Riley
Lee M. Kutner, # 10966
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
E-mail: lmk@kutnerlaw.com
E-mail: klr@kutnerlaw.com

## EXHIBIT A

### VERIFICATION IN SUPPORT OF MOTION FOR ESTABLISHMENT OF PAYMENT PROCEDURE

I, Howard Sklar, manager of Sklar Exploration Company, LLC ("Debtor") makes this Verification in Support of Motion for Approval and Use of Retainer and Establishment of Payment Procedure as follows:

1. Counsel for the Debtor and any other professional employed by the estate shall utilize any retainer provided in the first instance to pay fees and costs on an interim basis. The use of the respective retainers will not impact the Debtor's cash flow or its ability to pay other post-petition administrative expenses.

2. Following the use of the retainer, the Debtor certifies that its cash flow from ongoing operations will allow it to pay professional fees and costs and other potential administrative priority claims on a monthly or other ongoing post-petition basis. The Debtor can pay all post-petition administrative expense claims during the course of this case and the interim compensation procedure will not impact that ability.

The foregoing statements are true and correct to the best of my knowledge and belief.

Dated: April 6, 2020

*/s/ Howard Sklar*
Howard Sklar, Manager