UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|   Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
|   Debtor. ) | |

**MOTION FOR ENTRY OF ORDER AUTHORIZING THE DEBTORS TO CONTINUE USE OF EXISTING BANK ACCOUNTS**

The Debtors and Debtors in Possession, Sklar Exploration Company, LLC ("SEC" and Sklarco, LLC ("Sklarco" and together, "Debtors"), by and through its attorneys, Kutner Brinen, P.C., moves the Court for entry of an Order authorizing the Debtors to continue to utilize existing pre-petition bank accounts, and as grounds therefor states as follows:

1. The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtors remain Debtors-in-Possession.

2. SEC is a Louisiana limited liability company engaged in business as an independent exploration and production company in the oil and gas industry. The Debtor has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. The Debtor's exploration and production activities are located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle. The Debtor is also developing opportunities in the western United States. As of the Petition Date, the Debtor was operating between 50 and 60 properties and two gas plants.

3. Sklarco is a Louisiana limited liability company that holds extensive oil and gas interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, Wyoming, and Montana.

4. On a pre-petition basis, SEC maintained four (4) bank accounts at East West Bank, comprised of an operating account, a revenue account, a payroll account, and a benefits account.

3. Sklarco also maintained a bank account at East West Bank with a balance of approximately $556,000.

4. Due to the nature of the Debtors' operations, a majority of Sklarco's funds are pooled with SEC to ensure that SEC can continue to maintain the operations of the wells.

5. The Debtors receive a majority of their funds from ongoing operations from electronic funds transfers ("EFT") or automated clearing house ("ACH") payments, which are deposited directly in the existing accounts.

6. Additionally, SEC is required to pay revenue percentages to the holders of royalty interests, overriding royalty interests, and working interest holders on a monthly basis, resulting in SEC remitting payments to approximately 1,090 different parties each month. Over 300 of these payments are made by EFT or ACH to the recipient.

7. All of the EFT and ACH payments to the Debtors and sent from SEC are directly linked to the Debtors' respective accounts, and funds received by the Debtors are fully accounted for.

8. The Operating Guidelines established by the Office of the United States Trustee require Chapter 11 Debtors to close all existing bank accounts and open new Debtor-in-Possession bank accounts at an authorized depository that has complied with 11 U.S.C. § 345(b).

9. In order to ensure that the Debtors' operations and receipt of funds are not disrupted by the bankruptcy filing, the Debtor requests entry of an Order pursuant to 11 U.S.C. § 105(a) authorizing the Debtors to maintain its use of their pre-petition bank accounts.

10. If the Debtors were required to close all of their existing accounts and open new accounts, it would be disruptive to the Debtors' operations during the pendency of the case. It would be extremely burdensome to the Debtor to provide new account information to its customers and its vendors and wait for new EFT and ACH payments to be established, resulting in delays to the Debtors' receipt of funds.

11. Additionally, SEC would have to establish new ACH and/or EFT payments to over 300 payees who receiving payments on a regular, monthly basis. Requiring the Debtors to transition to new bank accounts would result in the SEC having to dedicate substantial time and

resources to establishing ACH and EFT payments from the new account, and will further result in delayed payments for the holders of royalty interests and working interests, damaging the Debtors' relationship with these parties, and impairing the Debtors' ongoing operations.

12. Authorizing the Debtors to continue to use its pre-petition accounts will allow the Debtors to maintain their cash flow and ensure that the Debtors can pay their vendors and the holders of royalty interests and working interests in a timely manner.

13. East West Bank is an "authorized depository" for the District of Colorado. A full list of "authorized depositories" is attached here as Exhibit A.

14. The Debtors understand that should the relief requested in this Motion be granted, the Debtors will not utilize the existing accounts to pay any pre-petition debts that are not authorized by specific Order of the Court. Furthermore, the Debtors will maintain diligent records with respect to their incoming and outgoing cash flows for the benefit of creditors and the United States Trustee.

15. Strict enforcement of the United States Trustee's bank closing requirements will not serve the rehabilitative purpose of Chapter 11 and will burden the Debtors with substantial additional cost and expense which the Debtors cannot afford at this point in time.

WHEREFORE, the Debtors pray the Court make and enter an Order authorizing the Debtors to utilize pre-petition bank accounts during the course of the Chapter 11 case, waive the requirement of the United States Trustee requiring the closing of pre-petition accounts and reopening of new debtor-in-possession accounts, and for such further and additional relief as to the Court may appear proper.

DATED: April 6, 2020

Respectfully submitted,

By:    /s/ Keri L. Riley
      Lee M. Kutner, #10966
      Keri L. Riley, #47605
      **KUTNER BRINEN, P.C.**
      1660 Lincoln Street, Suite 1850
      Denver, CO 80264
      Telephone: (303) 832-2400
      E-mail: lmk@kutnerlaw.com
      E-mail: klr@kutnerlaw.com