UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
|   Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
|   Debtor. | ) | |

**MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR AN ORDER AUTHORIZING (A) PAYMENT OF PRE-PETITION EMPLOYEE BENEFITS AND (B) CONTINUATION OF EMPLOYEE BENEFITS PROGRAM**

The Debtors, Sklar Exploration Company, LLC and Sklarco, LLC ("Debtors"), by and through their attorneys, Kutner Brinen, P.C., move the Court for entry of an order authorizing: (a) payment of amounts owed for pre-petition accrued but unpaid contributions to unpaid employee benefit programs; and (b) continuation of employee benefit programs, and as grounds therefor states as follows:

1. The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtors remain Debtors-in-Possession.

2. SEC is a Louisiana limited liability company engaged in business as an independent exploration and production company in the oil and gas industry. SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. SEC's exploration and production activities are located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle. SEC is also developing opportunities in the western United States.

3. Sklarco is a Louisiana limited liability company that holds extensive oil and gas interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, Wyoming, and Montana.

**Employee Benefit Programs**

4. SEC currently employs 41 employees ("Employees").

5. Pre-petition, in the ordinary course of business, SEC provided its Employees with comprehensive health insurance benefits through United Healthcare, including dental and vision insurance, life insurance, and short term and long-term disability insurance ("Insurance Benefits").

6. SEC also maintain a 401(k) to provide retirement benefits to its employees.

**Insurance Benefits**

7. SEC provides Insurance Benefits to those Employees who are considered full time, and who have elected to have coverage through the SEC. Employees may also elect to have coverage for their spouses and/or children through the Debtors.

8. The Debtor has contracted with United Healthcare to provide insurance to its electing employees on a group plan. As of the Petition Date, approximately 40 employees have elected to maintain their healthcare insurance through SEC including Howard Sklar, the manager of SEC, and all employees are provided with life insurance and disability insurance benefits.

9. SEC's monthly premiums for the Insurance Benefits are $60,383 for health insurance benefits, $13,338 for life insurance benefits, and $1,550 for disability insurance benefits, resulting in total monthly premiums of $75,271.00. As of the Petition Date, SEC was current on all payments for monthly premiums due for its Insurance Benefits. Certain amounts may be owed for accrued by unpaid premiums that have been prorated as of the Petition Date.

10. Employees who elect to receive Insurance Benefits through the Debtors rely on such benefits to ensure that they maintain medical coverage, dental coverage, and vision coverage. If the Employees lost their Insurance Benefits, it would severely undermine morale, and would impose a substantial hardship on the Employees. Without the medical coverage they receive through the Debtors, Employees would be required to find medical coverage through another agency or forego their coverage entirely. This would cause a hardship to both Employees, and their families.

**Retirement Benefits**

11. The Debtors are also the administrator of a 401(k) Plan. In the ordinary course of business, eligible Employees may elect to contribute a percentage of their eligible compensation to their respective 401(k) plans. Any elected 401(k) contributions are deducted from an

employee's pay gross pay when SEC processes its payroll, and is then deposited into the 401(k) account on an ongoing basis. As of the Petition Date, 37 employees elected to contribute to their 401(k) plans.

12. Pre-petition, SEC also maintained an employer match program for the 401(k) plan. Prior to the bankruptcy filing, SEC notified its employees that it would be discontinuing the employer match program effect March 30, 2020. There are no ongoing amounts owed for the employer match benefits.

13. Employees who receive Retirement Benefits rely on their benefits to maintain their retirement savings, and expect to receive Retirement Benefits as a condition of their employment. If the Retirement Benefits are not maintained, it would severely undermine the Employees' morale, and will lead to substantial attrition in the work force which the Debtors cannot afford at this critical juncture in the Debtors reorganization.

14. The funds to be contributed to the 401(k) Plan are assets of the Employees, and are not assets of the Debtors' estates.

15. The Debtors therefore request authority to pay the accrued but unpaid Employee Benefits that were owed as of the Petition Date, and to continue to provide Employee Benefits on a post-petition basis.

## Legal Authority

16. Pursuant to 11 U.S.C. § 507(a)(5), each an unsecured claim for contributions to an employee benefit program are entitled to priority if such claim:

> **(A)** aris[es] from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only
> **(B)** for each such plan, to the extent of—
> **(i)** the number of employees covered by each such plan multiplied by $13,650; less
> **(ii)** the aggregate amount paid to such employees under paragraph (4) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. § 507(a)(5).

17. Any amounts due for the Employee Benefits as of the Petition Date are entitled to priority pursuant to 11 U.S.C. § 507(a)(5). To the best of the Debtors knowledge, the amounts

3

payable to any single individual Employee for contributions for Employee Benefits is less than $13,650. Granting the relief sought herein with respect to claims entitled to such priority would affect only timing, and not the amount, of the claim for the unpaid contributions to the Employee Benefits.

18. Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and the "necessity of payment" doctrine, the Debtors seek authority to pay any amounts due for Employee Benefits as of the Petition Date, including but not limited to pro-rated premiums that are due, and employee contributions withheld but not yet paid to the 401(k) plan.

19. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor-in-possession to use property of the estate other than in the ordinary course of business after notice and a hearing. Section 105(a) of the Bankruptcy Code further provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

20. In general, the Bankruptcy Code's priority scheme "constitutes a basic underpinning of business bankruptcy law." *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017). In the context of first-day motions, including a motion to pay pre-petition employee wages, courts have repeatedly held that there are "significant Code-related objectives" that are served by allowing the exceptions, such as the "necessity of payment doctrine," to the priority distribution scheme. *See id.* at 985; *In re Nine W. Holdings, Inc.*, 588 B.R. 678, 690 (Bankr. S.D.N.Y. 2018).

21. A substantial Code-related objective exists to authorize the payment of pre-petition employee wages. The Employees rely on their compensation, including Employee Benefits to pay for the basic necessities of life, rent, food, and energy. As set forth above, if the Debtors fail to make the contributions for Employee Benefits, it will result in a substantial hardship to the Employees and will result in many of the Employees seeking other employment.

22. Retention of the Employees is vital to preserving the value of the Debtors business. If the Employees seek employment elsewhere, the Debtors would have difficulty finding new employees, and would have to hire and train new employees to replace any Employees who left, resulting in additional costs and expenses for the Debtors. Additionally, the Debtors would lose substantial business while they hired and trained replacements.

23. Even if Employees remain with the Debtors, it will be difficult for the Debtors to maintain the morale and dedication of the Employees if the Debtors are not authorized to pay the contributions to the Employee Benefits, or maintain its Employee Benefit programs, resulting in a decline in the Debtors business operations. Such a result would negatively affect the value of the Debtors business and the Debtors ability to successfully reorganize. The continued support of the Debtors reorganization efforts by the Employees is critical. As such, it is in the best interests of the Debtors, creditors and the estate for the Debtors to be authorized pay the unpaid contributions for Employee Benefits and maintain the Employee Benefits post-petition.

24. The Debtors will have sufficient funds on hand to pay the contributions for Employee Benefits. The Debtors funds are cash collateral in which one or more secured creditors has an interest. All secured creditors will receive notice of this Motion on an expedited basis.

WHEREFORE, the Debtors pray that the Court make and enter an order authorizing the Debtors, in its sole discretion, to pay the accrued but unpaid contributions for Employee Benefits due as of the Petition Date; authorizing the Debtors to maintain the Employee Benefits on a post-petition basis; and for such further and additional relief to the Court may appear proper.

Dated: April 6, 2020　　　　　　　　　　　Respectfully submitted,

By: ‎ /s/ Keri L. Riley
　　　Lee M. Kutner, #10966
　　　Keri L. Riley, #47605
　　　**KUTNER BRINEN, P.C.**
　　　1660 Lincoln St., Suite 1850
　　　Denver, CO 80264
　　　Telephone: (303) 832-2400
　　　E-Mail: lmk@kutnerlaw.com