UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| _____ ) | Case No. 20-12380-EEB |
| ) | |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| Debtor. ) | |

**MOTION FOR ENTRY OF ORDER AUTHORIZING PAYMENT OF PRE-PETITION JOINT INTEREST BILLING OBLIGATIONS AS CRITICAL VENDORS**
**(Sklarco, LLC)**

The Debtor, Sklarco, LLC ("Sklarco") by and through its attorneys, Kutner Brinen, P.C., moves this Court for entry of an Order authorizing the payment of pre-petition joint interest billing obligations as critical vendors and in support thereof states as follow:

**Background**

1. Sklarco filed for relief under Chapter 11 of the Bankruptcy Code on April 1, 2020. Sklarco remains a Debtor-in-Possession.

2. Sklarco's case is jointly administered with the case of Sklar Exploration Company, LLC ("SEC" and together with Sklarco, "Debtors"). SEC also filed for relief under Chapter 11 of the Bankruptcy Code on April 1, 2020, and remains a Debtor-in-Possession.

3. Sklarco is a Louisiana limited liability company that holds extensive oil and gas interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, Wyoming, and Montana, including working interests in operated properties. Sklarco does not operate any properties.

4. Sklarco's working interests generally arise as a result of joint operating agreements with the operator of the properties and are generally a 15-30% interest in the revenues produced by the operated property. In addition to working interests in properties operated by SEC, Sklarco also holds working interests in properties operated by non-related third

parties.

5. As a holder of working interests in operated properties, Sklarco is responsible for payment of a proportionate share of expenses associated with the operation of the property through payment of joint billing obligations ("JIBs"). In the ordinary course of business, the operator of the well in which Sklarco owns a working interest will offset the amounts Sklarco owes for JIBs against the revenue Sklarco is owed from production. However, for those properties operated by SEC, the revenue due to Sklarco is generally retained by SEC as operating capital.

6. On the Petition Date, Sklarco owed JIBs to 95 creditors, in the total amount of $324,632.29. A full list of the JIBs owed by Sklarco is attached hereto as Exhibit A.

7. It is necessary for Sklarco to pay the pre-petition JIBs as critical vendors in order to maintain its interest in the operated properties, and remain in compliance with its joint operating agreements. If Sklarco does not pay the pre-petition JIBs, Sklarco's relationship with the third-party operators will be permanently eroded, and it will impair Sklarco's ability to assume joint operating agreements and maintain its working interests.

## Relief Requested

8. Sklarco seeks entry of an Order authorizing Sklarco to pay pre-petition JIBs to third-party operators or otherwise offset the amounts owed for pre-petition JIBs against revenue owed to Sklarco for its working interests.

9. Pursuant to 11 U.S.C § 105(a), the court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

10. In general, the Bankruptcy Code's priority scheme "constitutes a basic underpinning of business bankruptcy law." *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017). In the context of first-day motions, including a motion to pay critical vendors, courts have repeatedly held that there are "significant Code-related objectives" that are served by allowing the exceptions, such as the "necessity of payment doctrine," to the priority distribution scheme. *See id.* at 985; *In re Nine W. Holdings, Inc.*, 588 B.R. 678, 690 (Bankr. S.D.N.Y. 2018).

11. Courts have applied the "necessity of payment" doctrine in conjunction with section 105(a) to hold that the debtor can pay the pre-petition claims of vendors that provide unique and vital supplies to the debtor. *In re CoServ, LLC*, 273 B.R. 487, 493-94 (Bankr. N.D. Tex. 2002). Pursuant to the "necessity of payment" doctrine, the immediate payment of pre-

petition claims may be authorized when the creditor will not supply services or material essential to the continued operations of the business until their pre-petition claims have been paid. *In re Lehigh & New England Rv. Co.*, 657 F.2d 570, 581 (3rd Cir. 1981).

12. Payment of the pre-petition JIBs is necessary to ensure that Sklarco remains in compliance with its joint operating agreements and to ensure that Sklarco's working interests are maintained.

13. All pre-petition JIBs would likely be paid upon assumption of the respective joint operating agreements with the third-party operators. If the pre-petition JIBs are not paid, it would impair Sklarco's ability to assume its joint operating agreements, which could further impair Sklarco's ability to maintain its working interests in properties operated by third-parties. The working interests held by Sklarco have substantial value, and the continued revenue from such working interests provides a substantial benefit to Sklarco's estate.

14. Sklarco's non-payment of the pre-petition JIBs could negatively impact the other working interest holders as well, as they would likely become responsible for the portion of the operating expenses that should be paid by Sklarco. If the pre-petition JIBs remain unpaid, this could further result in additional claims against the estate from other working interest holders.

15. Accordingly, authorizing Sklarco to pay its pre-petition JIBs or offset the JIBs against the revenue owed to Sklarco from third party operators is in the best interests of Sklarco, its estate, and its creditors, and is warranted in accordance with the "necessity of payment" doctrine and section 105(a).

WHEREFORE Sklarco prays that the Court make and enter an Order authorizing Sklarco to pay the pre-petition joint interest billing obligations identified on Exhibit A to this Motion on an ongoing basis, and for such further and additional relief as to the Court may appear proper.

DATED: April 6, 2020                                    Respectfully submitted,

By:   /s/ Keri L. Riley
Lee M. Kutner, #10966
Keri L. Riley, #47605
**KUTNER BRINEN P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Email: klr@kutnerlaw.com

Case:20-12377-MER Doc#:41 Filed:04/06/20 Entered:04/06/20 16:41:11 Page5 of 5