# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

## PRELIMINARY OBJECTION TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING (A) PAYMENT OF PRE-PETITION EMPLOYEE BENEFITS AND (B) CONTINUATION OF EMPLOYEE BENEFITS PROGRAM

Secured creditor, East West Bank, a California state banking corporation ("EWB"), as lender and the administrative agent under the Credit Agreement dated June 15, 2018 (as amended, the "Credit Agreement") with Sklar Exploration Company LLC and Sklarco LLC (the "Debtors"), through counsel, files this preliminary objection to the Motion of Debtor and Debtor In Possession for an Order Authorizing (A) Payment of Pre-Petition Employee Benefits and (B) Continuation of Employee Benefits Program (the "Benefits Motion")[Doc. #40] and states as follows:

**Introduction**

1. EWB objects to the Benefits Motion because it does not contain sufficient information to determine whether and to what extent the Debtors' proposed payments of the insurance and retirement benefits contemplated therein are in line with the requirements of the Bankruptcy Code. Additionally, the proposed form of order granting the Benefits Motion

2

provides the Debtors with unfettered power to pay employee benefits, which is directly contrary to the express limitations set forth in the Bankruptcy Code.

2. EWB is and has been working with the Debtors to resolve the concerns set forth in this Preliminary Objection, but the parties have not yet been able to reach a resolution. EWB remains hopeful that it will reach a consensual resolution of its concerns with the Benefits Motion. However, because any payments made pursuant to the Benefits Motion would be from EWB's cash collateral, it must file this Preliminary Objection to protect its collateral interests in the event the parties cannot agree on a consensual form of order.

**Background**

3. EWB is the Debtors' senior secured lender pursuant to the Credit Agreement entered among EWB and the Debtors on or about June 15, 2018. Pursuant to the terms of the Credit Agreement, EWB agreed to extend credit to the Debtors consisting of a revolving line of credit (the "Line of Credit") and standby letters of credit (the "Letters of Credit," and with the Line of Credit, the "Commitments") subject to an initial Borrowing Base of $25,000,000. Based upon the Debtors' subsequent financial reporting, the Borrowing Base could increase or decrease, with the total Commitments subject to a cap in the amount of $50,000,000.

4. As the Debtors acknowledge in their first day filings, the Debtors' obligations to EWB under the Credit Agreement are secured by duly perfected, first priority liens in favor of EWB in substantially all of the Debtors' real and personal property assets. *See Declaration of Howard F. Sklar*, Doc. #39 at p. 2. EWB perfected its security interests in the Debtors' property pursuant to: (i) separate mortgages recorded in the real estate records of each of the counties or parishes in which the Debtors own real property; and (ii) UCC-1 financing statements filed with the appropriate Secretaries of State. *Id.*

3

5. Prior to filing this case, the Debtors engaged in extensive negotiations with EWB surrounding the Debtors' obligations and defaults under the Credit Agreement. While the progress of those negotiations had slowed, EWB was completely surprised by the Debtors' filing and received no prior notice of the Debtors' intent to file the cases.

6. The Debtors filed their voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date"). As of the Petition Date, EWB had extended credit to the Debtors in the approximate amount of $22,925,000, consisting of $22,350,000 extended under the Line of Credit and Letters of Credit issued in the amount of $575,000.[1]

7. Upon learning that the Debtors had filed their cases, undersigned counsel contacted Debtors' counsel and requested draft copies of all first day motions in an attempt to resolve any issues before filing. EWB did not receive a copy of the Benefits Motion before it was filed with the Court.

8. In the Benefits Motion, the Debtors seek authority to pay certain accrued but unpaid amounts related to their employees' pre-petition insurance and retirement benefits (the "Benefits"). The Benefits Motion states that approximately 40 employees have elected to maintain their insurance through the Debtors and 37 have elected to contribute to 401(k) retirement plans. However, the Benefits Motion does not contain sufficient information to determine the aggregate amount of the Benefits or the amount on a per-employee basis.[2]

---

[1] The amounts owed under the Credit Agreement as stated herein are intended as estimates only, and EWB reserves all rights to supplement or revise such amounts as needed.

[2] The Debtors provide the approximate monthly insurance premium but do not provide the specific accrued and unpaid amounts and provide no information regarding the amount of the proposed retirement benefits.

3

9. The funds the Debtors would use to pay the amounts proposed in the Benefits Motion constitute EWB's cash collateral.

10. Since the filing of the Benefits Motion, EWB has requested additional information from the Debtors, including even a simple schedule of proposed payments, in efforts to pursue consensual resolution to the Benefits Motion.

**Argument**

11. The Bankruptcy Code provides priority status to allowed unsecured claims for contributions to an employee benefit plan arising from services rendered within 180 before the petition date. 11 U.S.C. § 547(a)(5). The maximum amount of priority claims for each employee benefit plan is equal to the number of employees covered by the plan multiplied by $13,650, less: (i) the aggregate amount paid to such employees under Bankruptcy Code § 507(a)(4); and (ii) the aggregate amount paid on behalf of such employees to any other benefit plan. *Id.*; 4 Collier on Bankruptcy P 507.07 (16th 2020).

12. The Supreme Court has recognized the "necessity of payment" doctrine where bankruptcy courts are presented with requests such as those in the Benefits Motion. See Czyzewski v. Jevic Holding Corp., 137 S. Ct. 973, 985, 197 L.Ed.2d 398, 412 (2017) ("Courts, for example, have approved 'first-day' wage orders that allow payment of employees' prepetition wages . . . [to] enable a successful reorganization and make even the disfavored creditors better off.") (internal quotations and citations omitted). The Supreme Court thus expressly recognizes that bankruptcy courts may authorize the payment of pre-petition claims at the outset of a Chapter 11 case to serve Bankruptcy Code related objectives.

13. Conceptually, EWB does not have an objection to the Debtors' request to pay accrued Benefits. However, the Debtors have simply not presented enough information in the

Benefits Motion from which interested parties can ascertain whether payment of the Benefits will be in accordance with the Bankruptcy Code and the necessity of payment doctrine.

14. The Debtors baldly state that, "[t]o the best of the Debtors' knowledge," the amounts payable to, or on behalf of, any individual employee for Benefits is less than $13,650. The proposed form of order attached to the Benefits Motion then purports to give the Debtors "sole and absolute discretion" to pay any accrued but unpaid Benefits as described in the Benefits Motion. This unfettered discretion is inarguably incongruent with the requirements of the Bankruptcy Code and the necessity of payment doctrine.

15. At a minimum, the Debtors should provide the Court and interested parties with a schedule indicating: (i) the number of employees that have elected to participate in each of the Benefits; (ii) the time periods to which the accrued amounts relate (i.e., whether they in fact accrued during the 180 days prior to the petition date; and (iii) the amount of the proposed Benefits on a per-employee basis. The Debtors should provide this information prior to entry of an order approving the Benefits Motion, and any such order should make clear that the Debtors' authority to pay Benefits is subject to the statutory cap of Bankruptcy Code § 507(a)(5).

16. While EWB remains hopeful that it can reach an agreement with the Debtors, it has concerns about the lack of information included in the first day filings, including the Benefits Motion. EWB will continue to work in good faith with the Debtors to resolve the issues addressed herein. In the meantime, however, EWB preliminarily objects to the entry of the proposed order granting the Benefits Motion and reserves all rights to assert further or additional objections that may arise during the pendency of the Debtors' cases.

**Conclusion**

WHEREFORE, for these reasons stated above, EWB respectfully requests the Court deny the Debtors' Benefits Motion and grant such other relief as it deems is just and proper.

Dated this 8th day of April, 2020.

*s/ Craig K. Schuenemann*
Craig K. Schuenemann, CO #41068
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Phone: (303) 861-7000
Facsimile: (303) 866-0200
Email: craig.schuenemann@bclplaw.com

ATTORNEYS FOR EAST WEST BANK

601892643.1

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on this 8th day of April, 2020, a true and correct copy of the foregoing **OBJECTION TO DEBTORS' MOTION FOR AN ORDER AUTHORIZING (A) PAYMENT OF PRE-PETITION EMPLOYEE BENEFITS AND (B) CONTINUATION OF EMPLOYEE BENEFITS PROGRAM** was filed and served via ECF on all attorneys of record:

Jeffrey S. Brinen
Lee M. Kutner
1660 Lincoln Street
Suite 1850
Denver, CO  80264
*Attorney for Debtor Sklarco, LLC*

Paul Moss
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO  80294
*Attorney for U.S. Trustee*

 */s/ Martha A. Hammond*
Martha A. Hammond Legal Secretary
Bryan Cave Leighton Paisner LLP

601892643.1