UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 721417930 ) | Chapter 11 |
|    Debtor. ) | |
| _____ ) | |
| ) | |
| SKLARCO, LLC ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 ) | |
|    Debtor. ) | Chapter 11 |

# STRAGO PETROLEUM CORPORATION AND MERITAGE ENERGY, LTD'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND REQUEST FOR <u>ADEQUATE PROTECTION</u>

Comes now Strago Petroleum Corporation ("Strago") and Meritage Energy, Ltd.'s ("Meritage") (collectively "WI Owners") this Limited Objection and Request for Adequate Protection in response to Debtor's Motion for Authority to Use Cash Collateral ("Cash Collateral Motion") [Dkt. No. 34] and would show the Court as follows:

**I.    Summary**

1.    By virtue of a lien granted by Debtor Sklar Exploration Company, LLC ("SEC") to WI Owners under an operating agreement, WI Owners have a security interest in cash call advances associated with a

specific undrilled well (the "#1 Ellis Well" defined below). The Cash Collateral Motion appears to allow the debtor to use cash call advance monies without providing any protection or allowance for WI Owners' security interest in these funds. Protection of these funds is critical because of SEC's current obligation to commence drilling of the #1 Ellis Well. SEC's deadline to commence drilling under the operating agreement was April 1, 2020. Further, the primary term of the subject leases is set to expire on May 20, 2020 if drilling operations are not commenced by that date. Debtors' limited financial disclosures do not indicate sufficient cash to meet any such drilling obligations. Consequently, WI Owners ask that it be provided adequate protection with respect to their secured claim in the cash call advances and objects to any liens being provided to other creditors with respect to the WI Owners' cash call advances.

II. **Background Facts**

2. Strago and Meritage are working interest owners under a Model Form Operating Agreement dated December 15, 2019 and the Recording Supplement to Operating Agreement and Financing Statement (collectively

the "JOA"). (*See* Exhibit 1 & 2)[1] Debtor, Sklar Exploration Company LLC ("SEC"), is the operator under the JOA.

3. Pre-petition, Strago and Meritage provided cash call advances to SEC as required under the JOA for the drilling of the Initial Well (as defined in Article VI. A. of the JOA) which is referred to herein as the "#1 Ellis Well". Section 3.A of the Recording Supplement to the JOA provides, in pertinent part:

> Each party grants to the other parties hereto a lien upon any interest it now owns or hereafter acquires in Oil and Gas Leases and Oil and Gas Interests in the Contract Area, and a security interest and/or purchase money security interest in any interest it own owns or hereafter acquires in the personal property and fixtures on or used or obtained for use in connection therewith, to secure performance of all of its obligations under this agreement and the Operating Agreement including but not limited to payment of expenses, interest and fees, proper disbursement of all monies paid under this agreement and the Operating Agreement . . and the proper performance of operations under this agreement and the Operating Agreement.

(*See* Exhibit 2 at p. 2). By this provision, SEC granted the WI Owners a security interest in the cash call advances. Accordingly, SEC categorizes the

---

[1] Exhibits 1 & 2 are not fully executed, however, WI Owners signed these agreements and believe that fully executed copies of these documents are in SEC's possession.

3

cash call advances as liabilities of the Debtor because such funds are only to be used for costs associated with drilling the #1 Ellis Well.

4. Article VI. A of the JOA obligates SEC to commence drilling of the #1 Ellis Well on or before April 1, 2020, which, coincidentally or not, was the Petition Date. Nevertheless, it does not appear that SEC has commenced drilling of the #1 Ellis Well before April 1, 2020, which would be a default under the JOA.

### III. WI Owners are entitled to adequate protection for their secured claim in the cash call advances and object to any additional liens being placed on their cash call advances.

5. The WI Owners provided cash call advances to SEC for the drilling of the #1 Ellis Well. Further, SEC granted WI owners a security interest in all property provided to it that was to be used in the drilling of the #1 Ellis Well, which would include the cash call advances. SEC characterizes the cash call advances as liabilities – not assets. (*See* Dkt. No. 37 at ¶8)[2] Because such cash call advances were provided under a security agreement there is a dispute as to whether such funds are actually property

---

[2] Dkt. No. 37 at ¶8 states, in part, "A number of holders of working interests provided cash call advances to pay for the drilling expenses of the well and/or the ongoing operations of the well. SEC treats these payments as a liability, and in the ordinary course of business, JIBS owned to SEC are offset against the cash call advances, reducing the cash call advance liability owed to the holders of working interests".

4

of the estate. 11 U.S.C. §541(d). To the extent that it is determined that the cash call advances are not property of the estate, then they should not be utilized by the Debtors as cash collateral. To the extent that the cash call advances are property of the estate, the WI Owners are entitled to adequate protection for such amounts under 11 U.S.C. §361 as it does not appear that the Debtors have sufficient cash to satisfy both ongoing operations as well as their other drilling obligations.[3] Further, WI Owners object to the Bank or any other creditor being awarded a replacement lien on the cash call advances.

6. The consequences of not providing adequate protection to the WI Owners are significant. First, the deadline for SEC to commence drilling operations under the leases is May 20, 2020. If SEC does not commence drilling operations by May 20, 2020 then it may lose the leases. Should that occur, then WI Owners will also lose their interests in the leases as well as losing the right to drill the well. Further, and while this bankruptcy case has only just begun, SEC has not indicated whether it intends to assume or reject the JOA.[4] If SEC ultimately decides to reject the JOA after the May 20, 2020

---

[3] Debtors have not filed their schedules or Statement of Financial Affairs, and, thus it is difficult to get an accurate picture of Debtors' assets, liabilities, obligations, etc.
[4] WI Owners are specifically reserving their rights to file a Motion to Assume or Reject the JOA.

deadline, then the WI Owners may lose their interests in the leases and as well as lose the funds they advanced to drill the #1 Ellis Well. Consequently, WI Owners should be granted lien protection with respect to the cash call advances.

**IV. Debtor's financial records raise numerous questions regarding its liquidity and use of prior cash call advances.**

7. While Debtors have yet to file their schedules and statements of financial affairs, it seems clear that Debtors have been using cash call advances (from WI Owners and/or others) to fund its ongoing operations. According to the Cash Collateral Motion, the Debtors have $2,391,756 of cash on hand as of the Petition Date. (Dkt. No. 34 at ¶14). Yet, in its "Motion to 1) Honor and Pay Overriding Royalty, Royalty, and Working Interest Obligations; and 2) Offset Joint Interest Billing Obligations" it claims to have $7,023,910.44 in cash call advance liabilities. (Dkt. No. 37 at ¶11). Thus, it is clear that the Debtors have not been reserving the cash call advances for use associated with a particular project or well. Considering SEC's obligations to expend costs on the #1 Ellis Well, it is unclear from the budget how it is going to fund that obligation or any of its other ongoing obligations without a significant cash infusion.

## V. Reservation of Rights

WI Owners make no admission of fact or law and reserve any and all rights, claims, objections, and defenses that may be available to them before this Court and any other Court with competent jurisdiction over the parties and matters at issue, including in connection with the Cash Collateral Motion or any other related motions, pleadings, or orders, asserted liens and interests, and any other matters involving the administration of this case, the estate and WI Owners' interests, any and all rights available to them under the Bankruptcy Code and applicable non-bankruptcy law.

## Conclusion and Prayer

For the reasons set forth herein, Strago and Meritage respectfully request that it be provided replacement liens and/or other adequate protection with respect to their cash call advances and to limit any lien provided to any other third party that would encumber Strago and Meritage's cash call advances.

Respectfully submitted,

BUCK KEENAN LLP

By: */s/ Robert L. Paddock*
ROBERT L. PADDOCK
State Bar No.: 24002723
rpaddock@buckkeenan.com
2229 San Felipe, Suite 1000
Houston, Texas 77019
Telephone: (713) 225-4500
Facsimile: (713) 225-3719

ATTORNEY FOR
STRAGO PETROLEUM
CORPORATION AND MERITAGE
ENERGY, LTD.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via CM/ECF filing and in compliance with the Federal Rules of Civil Procedure, on the 9th day of April 2020.

*/s/ Robert L. Paddock*
ROBERT L. PADDOCK