**RECORDING SUPPLEMENT TO**
**OPERATING AGREEMENT AND FINANCING STATEMENT**

**E 1/2 of Section 35 and W 1/2 of Section 36, Township 4 North, Range 10 East**
**Conecuh County, Alabama**

THIS AGREEMENT is entered into by and between SKLAR EXPLORATION COMPANY L.L.C., hereinafter referred to as "Operator," and the signatory party or parties other than Operator, hereinafter referred to individually as "Non-Operator," and collectively as "Non-Operators."

WHEREAS, the parties to this agreement are owners of Oil and Gas Leases and/or Oil and Gas Interests identified in Exhibit "A-1," attached hereto and made a part hereof, which cover and affect the lands located within the bold red line identified in Exhibit "A-2," attached hereto and made a part hereof (said lands, Leases and Interests being hereinafter called the "Contract Area"), and in any instance in which the Leases or Interests of a party are not of record, the party or parties hereto that own the interest or rights therein are reflected on Exhibit "A," attached hereto and made a part hereof;

WHEREAS, the parties hereto have executed an Amended Operating Agreement dated effective December 15, 2019 (the "Operating Agreement"), covering the Contract Area for the purpose of exploring and developing such lands, Leases and Interests for Oil and Gas; and

WHEREAS, the parties hereto have executed this agreement for the purpose of imparting notice to all persons of the rights and obligations of the parties under the Operating Agreement and for the further purpose of perfecting those rights capable of perfection.

NOW, THEREFORE, in consideration of the mutual rights and obligations of the parties hereto, it is agreed as follows:

1.  This agreement supplements the Operating Agreement, which Agreement in its entirety is incorporated herein by reference, and all terms used herein shall have the meaning ascribed to them in the Operating Agreement.

2.  The parties do hereby agree that:

    A.  The Oil and Gas Leases and/or Oil and Gas Interests of the parties comprising the Contract Area shall be subject to and burdened with the terms and provisions of this agreement and the Operating Agreement, and the parties do hereby commit such Leases and Interests to the performance thereof.

    B.  The exploration and development of the Contract Area for Oil and Gas shall be governed by the terms and provisions of the Operating Agreement, as supplemented by this agreement.

    C.  All costs and liabilities incurred in operations under this agreement and the Operating Agreement shall be borne and paid, and all equipment and materials acquired in operations on the Contract Area shall be owned, by the parties hereto, as provided in the Operating Agreement.

    D.  Regardless of the record title ownership of the Oil and Gas Leases and/or Oil and Gas Interests identified in Exhibit "A-1," all production of Oil and Gas from the Contract Area shall be owned by the parties as provided in the Operating Agreement; provided, further, that (i) nothing contained in this agreement shall be deemed an assignment or cross-assignment of interests covered hereby and (ii) the actual interests of parties in the Contract Area or in any well drilled therein pursuant to the Operating Agreement may differ from the interests of the parties reflected in Exhibit "A" due to assignments, elections, forfeitures or other transfers made pursuant to the terms of the Operating Agreement.

    E.  Each party shall pay or deliver, or cause to be paid or delivered, all burdens on its share of the production from the Contract Area as provided in the Operating Agreement.

    F.  An overriding royalty, production payment, net profits interest or other burden payable out of production hereafter created, assignments of production given as security for the payment of money and those overriding royalties, production payments and other burdens payable out of production heretofore created and defined as Subsequently Created Interests in the Operating Agreement shall be (i) borne solely by the party whose interest is burdened therewith, (ii) subject to suspension if a party is required to assign or relinquish to another party an interest which is subject to such burden, and (iii) subject to the lien and security interest hereinafter provided if the party subject to such burden fails to pay its share of expenses chargeable hereunder and under the Operating Agreement, all upon the terms and provisions and in the times and manner provided by the Operating Agreement.

**Exhibit 2**

G.  The Oil and Gas Leases and/or Oil and Gas Interests which are subject hereto may not be assigned or transferred except in accordance with those terms, provisions and restrictions in the Operating Agreement regulating such transfers.

This agreement and the Operating Agreement shall be binding upon and shall inure to the benefit of the parties hereto, and their respective heirs, devisees, legal representatives, successors and assigns, and the terms hereof shall be deemed to run with the leases or interests included within the Contract Area.

H.  The parties shall have the right to acquire an interest in renewal, extension and replacement leases, leases proposed to be surrendered, wells proposed to be abandoned, and interests to be relinquished as a result of non-participation in subsequent operations, all in accordance with the terms and provisions of the Operating Agreement.

I.  The rights and obligations of the parties and the adjustment of interests among them in the event of a failure or loss of title, each party's right to propose operations, obligations with respect to participation in operations on the Contract Area and the consequences of a failure to participate in operations, the rights and obligations of the parties regarding the marketing of production, and the rights and remedies of the parties for failure to comply with financial obligations shall be as provided in the Operating Agreement.

J.  Each party's interest under this agreement and under the Operating Agreement shall be subject to relinquishment for its failure to participate in subsequent operations and each party's share of production and costs shall be reallocated on the basis of such relinquishment, all upon the terms and provisions provided in the Operating Agreement.

K.  All other matters with respect to exploration and development of the Contract Area and the ownership and transfer of the Oil and Gas Leases and/or Oil and Gas Interest therein shall be governed by the terms and provisions of the Operating Agreement.

3.  The parties hereby grant reciprocal liens and security interests as follows:

A.  Each party grants to the other parties hereto a lien upon any interest it now owns or hereafter acquires in Oil and Gas Leases and Oil and Gas Interests in the Contract Area, and a security interest and/or purchase money security interest in any interest it now owns or hereafter acquires in the personal property and fixtures on or used or obtained for use in connection therewith, to secure performance of all of its obligations under this agreement and the Operating Agreement including but not limited to payment of expense, interest and fees, the proper disbursement of all monies paid under this agreement and the Operating Agreement, the assignment or relinquishment of interest in Oil and Gas Leases as required under this agreement and the Operating Agreement, and the proper performance of operations under this agreement and the Operating Agreement. Such lien and security interest granted by each party hereto shall include such party's leasehold interests, working interests, operating rights, and royalty and overriding royalty interests in the Contract Area now owned or hereafter acquired and in lands pooled or unitized therewith or otherwise becoming subject to this agreement and the Operating Agreement, the Oil and Gas when extracted therefrom and equipment situated thereon or used or obtained for use in connection therewith (including, without limitation, all wells, tools, and tubular goods), and accounts (including, without limitation, accounts arising from the sale of production at the wellhead), contract rights, inventory and general intangibles relating thereto or arising therefrom, and all proceeds and products of the foregoing.

B.  All parties acquiring an interest in Oil and Gas Leases and Oil and Gas Interests covered by this agreement and the Operating Agreement, whether by assignment, merger, mortgage, operation of law, or otherwise, shall be deemed to have taken subject to the lien and security interest granted by the Operating Agreement and this instrument as to all obligations attributable to such interest under this agreement and the Operating Agreement whether or not such obligations arise before or after such interest is acquired.

C.  To the extent that the parties have a security interest under Alabama's Uniform Commercial Code -- Secured Transactions, Ala. Code §§ 7-9A-101, *et seq.*, as hereafter amended, supplemented or replaced, they shall be entitled to exercise the rights and remedies of a secured party under the Code. The bringing of a suit and the obtaining of judgment by a party for the secured indebtedness shall not be deemed an election of remedies or otherwise affect the lien rights or security interest as security for the payment thereof. In addition, upon default by any party in the payment of its share of expenses, interest or fees, or upon the improper use of funds by the Operator, the other parties shall have the right, without prejudice to other rights or remedies, to collect from the purchaser the proceeds from the sale of such defaulting party's share of Oil and

Gas until the amount owed by such party, plus interest, has been received, and shall have the right to offset the amount owed against the proceeds from the sale of such defaulting party's share of Oil and Gas. All purchasers of production may rely on a notification of default from the non-defaulting party or parties stating the amount due as a result of the default, and all parties waive any recourse available against purchasers for releasing production proceeds as provided in this paragraph.

D. Reserved.

E. If any party does not perform all of its obligations under this agreement or the Operating Agreement, and the failure to perform subjects such party to foreclosure or execution proceedings pursuant to the provisions of this agreement or the Operating Agreement, to the extent allowed by governing law, the defaulting party waives any available right of redemption from and after the date of judgment, any required valuation or appraisement of the mortgaged or secured property prior to sale, any available right to stay execution or to require a marshalling of assets and any required bond in the event a receiver is appointed.

F. The lien and security interest granted in this paragraph 3 supplements the rights granted under the Operating Agreement.

G. Each party does hereby grant to the other parties a power of sale as to any property that is subject to the lien granted hereunder or under the Operating Agreement, such power of sale to be exercised against the interests of any party that does not timely perform all of its obligations under this agreement and the Operating Agreement and by and for the benefit of the party to whom such obligations are owed (hereafter sometimes referred to as the "Obligee"). Such power of sale shall be executed in accordance with the following procedure: Obligee shall be authorized, at its option, whether or not possession of the interest in question is taken, to sell the interest against which the lien has been granted (or such part or parts thereof as Obligee may from time to time elect to sell) under the power of sale which is hereby given, at public outcry, to the highest bidder for cash, at the front or main door of the courthouse of the county in which the interest to be sold, or a substantial and material part thereof, is located, after first giving notice by publication once a week for three successive weeks of the time, place and terms of such sale, together with a description of the interest to be sold, by publication in some newspaper published in the county or counties in which the interest to be sold is located. If there are interests to be sold in more than one county, publication shall be made in all counties where any of the interests to be sold are located. The sale shall be held sometime during the applicable legal hours of sale on the day designated for the exercise of the power of sale hereunder. Obligee may (but is not required to) bid at any sale held hereunder in the form of cash, cash equivalents and/or cancellation of all or any part of the obligations, or any combination thereof, and may purchase the interests, or any part thereof, if the highest bidder therefor. The purchaser at any such sale shall be under no obligation to see to the proper application of the purchase money. At any sale, all or any part of the interests, whether real, personal or mixed, may be offered for sale in parcels or en masse for one total price, and the proceeds of any such sale en masse shall be accounted for in one account without distinction between the items included therein and without assigning to them any proportion of such proceeds, the obligated party hereby waiving the application of any doctrine of marshalling or like proceeding. In case Obligee, in the exercise of the power of sale herein given, elects to sell any interests in parts or parcels, sales thereof may be held from time to time, and the power of sale granted herein shall not be fully exercised until all of the interests not previously sold shall have been sold or all the obligations shall have been paid or otherwise satisfied in full. The purchase money, proceeds and avails, or any other sums collected by Obligee pursuant to this power of sale shall be applied by the Obligee against the costs and expenses of such sale, including reasonable attorneys' fees, then shall be credited against the obligations for which the sale was made, then shall be applied against any obligations then outstanding from the defaulting party to the Obligee and, finally, to the extent any remains, shall be paid to the party who had owed the obligations.

H. The above described security will be financed at the wellhead of the well or wells located on the Contract Area and this Recording Supplement may be filed in the land records in the County or Parish in which the Contract Area is located, and as a financing statement in all recording offices required under the Uniform Commercial Code or other applicable state statutes to perfect the above-described security interest, and any party hereto may file a continuation statement as necessary under the Uniform Commercial Code, or other state laws.

4. This agreement shall be effective as of the date of the Operating Agreement as above recited. Upon termination of this agreement and the Operating Agreement and the satisfaction of all obligations thereunder, Operator is authorized to file of record in all necessary recording offices a notice of termination, and each party hereto agrees to execute such a notice of termination as to Operator's interest, upon the request of Operator, if Operator has complied with all of its financial obligations.

5. This agreement and the Operating Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, devisees, legal representatives, successors and assigns. No sale, encumbrance, transfer or other disposition shall be made by any party of any interest in the Leases or Interests subject hereto except as expressly permitted under the Operating Agreement and, if permitted, shall be made expressly subject to this agreement and the Operating Agreement and without prejudice to the rights of the other parties. If the transfer is permitted, the assignee of an ownership interest in any Oil and Gas Lease shall be deemed a party to this agreement and the Operating Agreement as to the interest assigned from and after the effective date of the transfer of ownership; provided, however, that the other parties shall not be required to recognize any such sale, encumbrance, transfer or other disposition for any purpose hereunder until thirty (30) days after they have received a copy of the instrument of transfer or other satisfactory evidence thereof in writing from the transferor or transferee. No assignment or other disposition of interest by a party shall relieve such party of obligations previously incurred by such party under this agreement or the Operating Agreement with respect to the interest transferred, including without limitation the obligation of a party to pay all costs attributable to an operation conducted under this agreement and the Operating Agreement in which such party has agreed to participate prior to making such assignment, and the lien and security interest granted by Article VII.B. of the Operating Agreement and hereby shall continue to burden the interest transferred to secure payment of any such obligations.

6. In the event of a conflict between the terms and provisions of this agreement and the terms and provisions of the Operating Agreement, then, as between the parties, the terms and provisions of the Operating Agreement shall control.

7. This agreement shall be binding upon each Non-Operator when this agreement or a counterpart thereof has been executed by such Non-Operator and Operator notwithstanding that this agreement is not then or thereafter executed by all of the parties to which it is tendered or which are listed on Exhibit "A" as owning an interest in the Contract Area or which own, in fact, an interest in the Contract Area. In the event that any provision herein is illegal or unenforceable, the remaining provisions shall not be affected, and shall be enforced as if the illegal or unenforceable provision did not appear herein.

IN WITNESS WHEREOF, this agreement shall be effective as of November 1, 2017.

O P E R A T O R

SKLAR EXPLORATION COMPANY L.L.C.

_____        _____
                                       J. MARSHALL JONES, III,
                                       Vice President-Chief Operating Officer
_____

N O N - O P E R A T O R S

SKLARCO L.L.C.

_____        _____
                                       J. MARSHALL JONES, III,
                                       Vice President-Chief Operating Officer
_____

CRAFT EXPLORATION COMPANY, LLC

_____        _____
                                       STEVEN H. CRAFT, Managing Member
_____

FANT ENERGY LIMITED
Richard E. Fant, LLC,
General Partner of Fant Energy Limited

_____        _____

RICHARD E. FANT,
Manager of Richard E. Fant, LLC, the
General Partner of Fant Energy Limited

_____

GATEWAY EXPLORATION, LLC

_____        _____

By_____
As its_____

_____

GCREW PROPERTIES, LLC

_____        _____

By_____
As its_____

_____

HARVEST GAS MANAGEMENT, LLC

_____        _____

By_____
As its_____

_____

I & L MISS I, LP

_____        _____

By_____
As its_____

_____

JEFFREYS DRILLING, LLC

_____

By_____
As its_____

_____


JJS WORKING INTERESTS, LLC

_____

JUSTIN SIMONS, PRESIDENT

_____


KUDZU OIL PROPERTIES, LLC

_____

WIRT A. YERGER, III, Manager

_____


LANDMARK EXPLORATION, LLC

_____

LARRY JOHNSON, Managing Member

_____


MARKSCO, L.L.C.

_____

MARK P. SEALY, Member

_____


_____

PATRICK J. McBRIDE

_____

MER ENERGY, LTD.

_____        _____
                                       By_____
                                       As its_____
_____


MERITAGE ENERGY, LTD.

_____        _____
                                       By_____
                                       As its_____
_____


MJS INTERESTS, LLC

_____        _____
                                       By_____
                                       As its_____
_____


NORTHEDGE CORPORATION

_____        _____
                                       By_____
                                       As its_____
_____


PICKENS FINANCIAL GROUP, LLC

_____        _____
                                       MICHAEL K. PICKENS, Vice President
_____


TAUBER EXPLORATION & PRODUCTION
COMPANY

_____        _____
                                       JOHN ROBINSON, Vice President-Land
_____

TIEMBO, LTD.
Simba Investors, LLC, its General Partner

_____       _____

                                        MARK RAUCH, Member of Simba Investors,
                                        LLC, General Partner of Tiembo, Ltd.

_____


STRAGO PETROLEUM CORP.

_____       By_____
                                        As its_____

_____


PRUET OIL COMPANY, LLC

_____       By_____
                                        As its_____

_____

## ACKNOWLEDGMENTS

STATE OF _____)
COUNTY/PARISH OF _____)

  I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that J. Marshall Jones III, whose name as Vice President and Chief Operating Officer of SKLAR EXPLORATION COMPANY L.L.C., is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he as such Vice President and Chief Operating Officer and with full authority executed the same voluntarily for and as the act of said company.

  Given under my hand and official seal on this the _____ day of _____, 2020.

           _____
           Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

  I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that J. Marshall Jones, III, whose name as Vice President and Chief Operating Officer of SKLARCO L.L.C., is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he as such Vice President and Chief Operating Officer and with full authority executed the same voluntarily for and as the act of said company.

  Given under my hand and official seal on this the _____ day of _____, 2020.

           _____
           Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

  I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that Steven H. Craft, whose name as Managing Member of CRAFT EXPLORATION COMPANY, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

  Given under my hand and official seal on this the _____ day of _____, 2020.

           _____
           Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

      I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that Richard E. Fant, whose name as Manager of Richard E. Fant, LLC, the General Partner of FANT ENERGY LIMITED, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he as such Manager and with full authority executed the same voluntarily for and as the act of said company.

      Given under my hand and official seal on this the _____ day of _____, 2020.

_____
Notary Public

[affix notarial seal]

My commission expires:_____


STATE OF _____)
COUNTY/PARISH OF _____)

      I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of GATEWAY EXPLORATION, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

      Given under my hand and official seal on this the _____ day of _____, 2020.

_____
Notary Public

[affix notarial seal]

My commission expires:_____


STATE OF _____)
COUNTY/PARISH OF _____)

      I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of GCREW PROPERTIES, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

      Given under my hand and official seal on this the _____ day of _____, 2020.

_____
Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

       I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of HARVEST GAS MANAGEMENT, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

       Given under my hand and official seal on this the _____ day of _____, 2020.

                               _____
                               Notary Public

[affix notarial seal]

My commission expires:_____

---

STATE OF _____)
COUNTY/PARISH OF _____)

       I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of I & L MISS I, LP, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

       Given under my hand and official seal on this the _____ day of _____, 2020.

                               _____
                               Notary Public

[affix notarial seal]

My commission expires:_____

---

STATE OF _____)
COUNTY/PARISH OF _____)

       I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of JEFFREYS DRILLING, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

       Given under my hand and official seal on this the _____ day of _____, 2020.

                               _____
                               Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

   I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that Justin Simons, whose name as President of JJS WORKING INTERESTS, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he as such Officer and with full authority executed the same voluntarily for and as the act of said company.

   Given under my hand and official seal on this the _____ day of _____, 2020.

      _____
      Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

   I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that Wirt A. Yerger, whose name as Manager of KUDZU OIL PROPERTIES, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

   Given under my hand and official seal on this the _____ day of _____, 2020.

      _____
      Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

   I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that Larry Johnson, whose name as Manager/Member of LANDMARK EXPLORATION, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he as such Manager/Member and with full authority executed the same voluntarily for and as the act of said company.

   Given under my hand and official seal on this the _____ day of _____, 2020.

      _____
      Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

      I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that Mark P. Sealy, whose name as Member of MARKSCO, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he as such Member and with full authority executed the same voluntarily for and as the act of said company.

      Given under my hand and official seal on this the _____ day of _____, 2020.

_____
Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

      I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that PATRICK J. McBRIDE, whose name is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he executed the same voluntarily.

      Given under my hand and official seal on this the _____ day of _____, 2020.

_____
Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

      I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of MER ENERGY, LTD., is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

      Given under my hand and official seal on this the _____ day of _____, 2020.

_____
Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

     I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of MERITAGE ENERGY, LTD., is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

     Given under my hand and official seal on this the _____ day of _____, 2020.

                       _____
                       Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

     I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of MJS INTERESTS, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

     Given under my hand and official seal on this the _____ day of _____, 2020.

                       _____
                       Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

     I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of NORTHEDGE CORPORATION, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

     Given under my hand and official seal on this the _____ day of _____, 2020.

                       _____
                       Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

     I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that Michael K. Pikens, whose name as Vice President of PICKENS FINANCIAL GROUP, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he as such Officer and with full authority executed the same voluntarily for and as the act of said company.

     Given under my hand and official seal on this the _____ day of _____, 2020.

                                _____
                                Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

     I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that John Robinson, whose name as Vice President-Land of TAUBER EXPLORATION & PRODUCTION COMPANY, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he as such representative and with full authority executed the same voluntarily for and as the act of said company.

     Given under my hand and official seal on this the _____ day of _____, 2020.

                                _____
                                Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

     I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that Mark Rauch, whose name as Member of Simba Investors, LLC, General Partner of TIEMBO, LTD., is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he as such Member and with full authority executed the same voluntarily for and as the act of said company.

     Given under my hand and official seal on this the _____ day of _____, 2020.

                                _____
                                Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

      I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of STRAGO PETROLEUM CORP., is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

      Given under my hand and official seal on this the _____ day of _____, 2020.

                               _____
                               Notary Public

[affix notarial seal]

My commission expires:_____

STATE OF _____)
COUNTY/PARISH OF _____)

      I, the undersigned authority, a Notary Public in and for said State and County/Parish, hereby certify that _____, whose name as _____ of PRUET OIL COMPANY, LLC, is hereby signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he/she as such representative and with full authority executed the same voluntarily for and as the act of said company.

      Given under my hand and official seal on this the _____ day of _____, 2020.

                               _____
                               Notary Public

[affix notarial seal]

My commission expires:_____

**This instrument prepared by:**
Ben Y. Ford
Armbrecht Jackson LLP
P.O. Box 290
Mobile, AL 36601

## EXHIBIT "A"

Attached to and made a part of that certain Recording Supplement to Amended Operating Agreement effective December 15, 2019 by and between SKLAR EXPLORATION COMPANY L.L.C., as Operator, and SKLARCO L.L.C. et al., as Non-Operators

1) <u>**Identification of lands subject to this agreement:**</u>

Contract Area

TOWNSHIP 4 NORTH, RANGE 10 EAST
CONECUH COUNTY, ALABAMA

Section 35: East Half (E 1/2)
Section 36: West Half (W 1/2)

**And being further described as all lands, oil and gas leasehold interest and oil and gas interests lying within the red boundary as shown on the plat designated as Exhibit "A-2".**

2) <u>**Restrictions, if any, as to depths, formations, or substances:**</u>

There are no restrictions except as may be provided for in any lease or contract subject to this Operating Agreement.

3) <u>**Decimal Interest and names of Parties to this Agreement:**</u>

       a.     The following parties (who are sometimes referred to in this Exhibit "A", in the Operating Agreement to which this exhibit is attached and other exhibits thereto as the "Sklar Parties") own Oil, Gas and Mineral Lease Nos. 1-27 described under the heading "Sklar Leases" in Exhibit "A-1" in the following fractional interests. The Sklar Leases are estimated to encompass a .5000000 (50%) gross working interest in the drilling unit for the Initial Well, as described in the Operating Agreement.

| Owner | Leasehold Ownership Interest | Unit Gross Working Interest |
|---|---|---|
| **Craft Exploration Company L.L.C.** | 0.00734158 | 0.00367079 |
| **Fant Energy Limited** | 0.06585614 | 0.03292807 |
| **Gateway Exploration, LLC** | 0.11410842 | 0.05705421 |
| **GCREW Properties, LLC** | 0.01129472 | 0.00564736 |
| **Harvest Gas Management, LLC** | 0.00847104 | 0.00423552 |
| **I & L Miss I, LP** | 0.02258942 | 0.01129471 |
| **Jeffreys Drilling, LLC** | 0.00847106 | 0.00423553 |
| **JJS Working Interests, LLC** | 0.07341564 | 0.03670782 |
| **Kudzu Oil Properties, LLC** | 0.01468314 | 0.00734157 |
| **Landmark Exploration, LLC** | 0.01317124 | 0.00658562 |
| **Marksco, LLC** | 0.01317124 | 0.00658562 |
| **Patrick J. McBride** | 0.00564736 | 0.00282368 |
| **MER Energy, Ltd.** | 0.01053696 | 0.00526848 |
| **Meritage Energy, Ltd.** | 0.19779862 | 0.09889931 |
| **MJS Interests, LLC** | 0.00263424 | 0.00131712 |
| **Northedge Corporation** | 0.02823676 | 0.01411838 |
| **Pickens Financial Group, LLC** | 0.03670778 | 0.01835389 |
| **Sklarco, LLC** | 0.33622944 | 0.16811472 |
| **Tauber Exploration & Production Company** | 0.01646400 | 0.00823200 |
| **Tiembo Ltd.** | 0.01317120 | 0.00658560 |

b.      The following parties (who are sometimes referred to in this Exhibit "A", in the Operating Agreement to which this exhibit is attached and other exhibits thereto as the "Strago Parties") own Oil, Gas and Mineral Lease Nos. 28-59 described under the heading "Strago Leases" in Exhibit "A-1" in the following fractional interests.  The Strago Leases are estimated to encompass a .5000000 (50%) gross working interest in the drilling unit for the Initial Well, as described in the Operating Agreement.

| Owner | Before Prospect Payout* Unit Interest | After Prospect Payout* Unit Interest |
|---|---|---|
| Pruet Oil Company, LLC | .15000000 | .12000000 |
| Meritage Energy, LLC | .10000000 | .08000000 |
| Harvest Gas Management, LLC | .01500000 | .02700000 |
| Jeffreys Drilling, LLC | .01500000 | .02700000 |
| Patrick J. McBride | .02000000 | .01600000 |
| Strago Petroleum Corp. | .20000000 | .23000000 |

*As defined in that certain letter agreement dated January 2, 2020, by and between Strago Petroleum Corporation and Pruet Oil Company LLC and all amendments thereto.

c.      Initial billing and revenue interests will be based on the ownership information in a-b, above, and the title and survey information presently available to Operator.  Some of the interests shown above extend beyond seven decimal places but are rounded to the eighth decimal place in this exhibit; so, the lease ownership decimal interests shown above may not total to 1.0000000 due to rounding.

4)      Oil and gas lease and/or oil and gas interests subject to this agreement:
        See Exhibit "A-1" Description of Leases.

5)      Addresses of parties for notice purposes:

        Sklar Exploration Company L.L.C.
        5395 Pearl Parkway, Ste 200
        Boulder, CO 80301

        Sklarco L.L.C.
        5395 Pearl Parkway, Ste 200
        Boulder, CO 80301

        JJS Working Interests LLC
        2001 Kirby Drive, Ste 1110
        Houston, Texas 77019

        Craft Exploration Company, L.L.C.
        PO Box 2430
        Madison, MS 39130

        Fant Energy Limited
        P. O. Box 55205
        Houston, TX  77255

        Gateway Exploration, LLC
        3555 Timmons Lane, Ste 730
        Houston, TX 77027

        GCREW Properties, LLC

12323 Rip Van Winkle
Houston, TX 77024

Harvest Gas Management, LLC
10050 Bayou Glen Road
Houston, Texas 77042

I&L MISS I LP
4761 Frank Luke Dr.
Addison, TX 75001

Jeffreys Drilling
3839 McKinney Ave, Ste 155-269
Dallas, TX 75204

Kudzu Oil Properties, LLC
300 Concourse Blvd, Suite 101
Ridgeland, Mississippi 39157
Landmark Exploration, LLC
P.O. Box 12004
Jackson, MS 39236

Marksco, LLC
333 Texas Street, Ste. 1050
Shreveport, LA 71101

Patrick J. McBride
501 Seville Circle
El Dorado Hills, CA 95762

MER Energy, Ltd.
6500 Greenville Ave, Ste 110
Dallas, TX 75026

Meritage Energy, Ltd.
2700 Post Oak Blvd, Ste #1500
Houston, TX 77056

MJS Interests, LLC
9266 Hathaway Street
Dallas, TX 75220

NorthEdge Corporation
P.O. Box 540988
Houston, Texas 77254-0988

Pickens Financial Group, LLC
10100 N. Central Expressway
Ste. 200
Dallas, Texas  75231-4159

Tauber Exploration & Production Co.
55 Waugh Drive, Suite 600
Houston, TX 77007

Tiembo, Ltd.
P.O. Box 270415
Houston, TX 77277-0415

Strago Petroleum Corp.
3209 Hamm Road

**Pearland, TX 77581**

**Pruet Oil Company LLC**
**217 West Capitol St.**
**Suite 201**
**Jackson, MS 39201**

EXHIBIT "A-1"

Attached to and made a part of that certain Recording Supplement to Amended Operating
Agreement effective December 15, 2019 by and between SKLAR EXPLORATION COMPANY
L.L.C. as Operator, and SKLARCO L.L.C. et al., as Non-Operators

## DESCRIPTION OF LEASES*

### SKLAR LEASES

1.  Oil, Gas and Mineral Lease dated June 12, 2018, by and between Cedar Creek Land &
    Timber, Inc., as Lessor, and Sklarco L.L.C., as Lessee, the memorandum of which is
    recorded in Book 2019, Page 100, of the Probate Records of Conecuh County, Alabama.

2.  Oil, Gas and Mineral Lease dated May 15, 2018, by and between Margaret H. Williams,
    as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2001, of the
    Conecuh County Probate Records.

3.  Oil, Gas and Mineral Lease dated May 15, 2018, by and between William Park Andrews,
    as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2010, of the
    Conecuh County Probate Records.

4.  Oil, Gas and Mineral Lease dated May 15, 2018, by and between Joseph Oliver Andrews,
    as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2013, of the
    Conecuh County Probate Records.

5.  Oil, Gas and Mineral Lease dated May 15, 2018, by and between James Donald Andres,
    as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2416, of the
    Conecuh County Probate Records.

6.  Oil, Gas and Mineral Lease dated May 15, 2018, by and between Linda Kay Bethune
    Cutcher, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2004, of
    the Conecuh County Probate Records.

7.  Oil, Gas and Mineral Lease dated May 15, 2018, by and between Michael Todd Bethune,
    as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2007, of the
    Conecuh County Probate Records.

8.  Oil, Gas and Mineral Lease dated May 15, 2018, by and between Kaye Bethune, as Lessor,
    and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2016, of the
    Conecuh County Probate Records.

9.  Oil, Gas and Mineral Lease dated September 24, 2019, by and between Nora Lee
    Patterson, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book _____, Page _____,
    of the Conecuh County Probate Records.

10. Oil, Gas and Mineral Lease dated September 24, 2019, by and between John David
    Mosby, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book _____, Page _____, of
    the Conecuh County Probate Records.

11. Oil, Gas and Mineral Lease dated September 24, 2019, by and between Nan I. Mosby, as
    Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2019, Page 3901, of the
    Conecuh County Probate Records.

12. Oil, Gas and Mineral Lease dated _____, by and between Jimmy Lee Mosby, Jr.,
    as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book _____, Page _____, of the
    Conecuh County Probate Records.

13. Oil, Gas and Mineral Lease dated September 24, 2019, by and between Ellen B. Carter,
    as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2019, Page 3939, of the
    Conecuh County Probate Records.

14.    Oil, Gas and Mineral Lease dated September 24, 2019, by and between James Antonio Carter, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2019, Page 4803, of the Conecuh County Probate Records.

15.    Oil, Gas and Mineral Lease dated _____, by and between Jacinta Carter, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book ____, Page ____, of the Conecuh County Probate Records.

16.    Oil, Gas and Mineral Lease dated _____, by and between Jeremy Carter, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book ____, Page ____, of the Conecuh County Probate Records.

17.    Oil, Gas and Mineral Lease dated April 10, 2017, by and between James A. Baggett, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 1420, of the Conecuh County Probate Records.

18.    Oil, Gas and Mineral Lease dated April 10, 2017, by and between Craig A. Baggett, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 1414, of the Conecuh County Probate Records.

19.    Oil, Gas and Mineral Lease dated April 10, 2017, by and between Craig A. Baggett, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 1417, of the Conecuh County Probate Records.

20.    Oil, Gas and Mineral Lease dated June 12, 2018, by and between Myrtice W. Ellis, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 1998, of the Conecuh County Probate Records.

21.    Oil, Gas and Mineral Lease dated June 12, 2018, by and between Mary Evelyn Ellis Pate, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 1995, of the Conecuh County Probate Records.

22.    Oil, Gas and Mineral Lease dated June 12, 2018, by and between William James Ellis II, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2701, of the Conecuh County Probate Records.

23.    Oil, Gas and Mineral Lease dated May 25, 2018, by and between Nicki Ellis, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2425, of the Conecuh County Probate Records.

24.    Oil, Gas and Mineral Lease dated May 25, 2018, by and between Nicholas S. Ellis, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2422, of the Conecuh County Probate Records.

25.    Oil, Gas and Mineral Lease dated May 25, 2018, by and between Noah B. Ellis, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2698, of the Conecuh County Probate Records.

26.    Oil, Gas and Mineral Lease dated May 25, 2018, by and between Emmaline Ellis, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book 2018, Page 2409, of the Conecuh County Probate Records.

27.    Oil, Gas and Mineral Lease dated _____, by and between Elijah Ellis, as Lessor, and Sklarco L.L.C., as Lessee, recorded in Book _____, Page _____, of the Conecuh County Probate Records.

**STRAGO LEASES**

28.    Oil, Gas and Mineral Lease dated November 20, 2018, by and between Myrtice W. Ellis, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 730, of the Conecuh County Probate Records.

29.   Oil, Gas and Mineral Lease dated February 14, 2019, by and between Noah Benjamin Ellis, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 736, of the Conecuh County Probate Records.

30    Oil, Gas and Mineral Lease dated November 20, 2018, by and between Nicholas Solomon Ellis, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 738, of the Conecuh County Probate Records.

31.   Oil, Gas and Mineral Lease dated November 20, 2018, by and between Emmaline Noelle Ellis, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 875, of the Conecuh County Probate Records.

32.   Oil, Gas and Mineral Lease dated November 20, 2018, by and between Elijah Noel Ellis, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 728, of the Conecuh County Probate Records.

33.   Oil, Gas and Mineral Lease dated November 20, 2018, by and between Evelyn Ellis Pate, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 732, of the Conecuh County Probate Records.

34.   Oil, Gas and Mineral Lease dated November 20, 2018, by and between William James Ellis II, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 734, of the Conecuh County Probate Records.

35.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between Caroline Frances O'Neal, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2903, of the Conecuh County Probate Records.

36.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between Robert Harvey O'Neal, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2921, of the Conecuh County Probate Records.

37.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between Gordon Kelley O'Neal, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2915, of the Conecuh County Probate Records.

38.   Oil, Gas and Mineral Lease dated May 15, 2019, by and between Mary Laura Sanford Trust, by Edwin Sanford, III, Co-Trustee, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2912, of the Conecuh County Probate Records.

39.   Oil, Gas and Mineral Lease dated May 15, 2019, by and between Mary Laura Sanford Trust, by Kelley Alford, Co-Trustee, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2909, of the Conecuh County Probate Records.

40.   Oil, Gas and Mineral Lease dated June 27, 2019, by and between Jane S. Blount, Trustee of the Mary H. Strain Family Trust, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2987, of the Conecuh County Probate Records.

41.   Oil, Gas and Mineral Lease dated June 21, 2019, by and between Lovelace Properties, LLC, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2884, of the Conecuh County Probate Records.

42.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between John Cleve Lovelace, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2906, of the Conecuh County Probate Records.

43.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between William Y. Lovelace, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2927, of the Conecuh County Probate Records.

44.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between Hester Lovelace Gordon, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2924, of the Conecuh County Probate Records.

45.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between Stephen Francis O'Neal, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2881, of the Conecuh County Probate Records.

46.   Oil, Gas and Mineral Lease dated May 17, 2019, by and between Erin JoAnn Strain and William Dudley Strain, Co-Trustees of the Ben Kelley Strain Testamentary Trust, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2890, of the Conecuh County Probate Records.

47.   Oil, Gas and Mineral Lease dated August 1, 2019, by and between Brenda J. Lewis, Barbara L. Sessions, Judd L. Allen, Erin E. Walters, as Lessors, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 3111, of the Conecuh County Probate Records.

48.   Oil, Gas and Mineral Lease dated May 8, 2019, by and between Regions Bank, Trustee of the Minerva Colley Trust U/W of Oscar M. Colley, deceased, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2946, of the Conecuh County Probate Records.

49.   Oil, Gas and Mineral Lease dated May 9, 2019, by and between Kate A. Sherer, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2939, of the Conecuh County Probate Records.

50.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between Robert Heffernan, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2887, of the Conecuh County Probate Records.

51.   Oil, Gas and Mineral Lease dated May 9, 2019, by and between Alex B. McDowell, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2936, of the Conecuh County Probate Records.

52.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between James Robert McDowell, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2900, of the Conecuh County Probate Records.

53.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between Katherine M. Garrett, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2918, of the Conecuh County Probate Records.

54.   Oil, Gas and Mineral Lease dated May 11, 2019, by and between Marshall Alexander McDowell, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2984, of the Conecuh County Probate Records.

55.   Oil, Gas and Mineral Lease dated May 15, 2019, by and between Anne Schaeffer, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2933, of the Conecuh County Probate Records.

56.   Oil, Gas and Mineral Lease dated May 15, 2019, by and between Allison Scott Beckwith, as Lessor, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2930, of the Conecuh County Probate Records.

57.   Oil, Gas and Mineral Lease dated May 7, 2019, by and between the Estate of Thomas E. McMillan, by Elvira M. Mannelly, Thomas E. McMillan, Jr., and Katherine M. Owens, Executors; and McMillan Family Holdings, LLC, as Lessors, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2942, of the Conecuh County Probate Records.

58.   Oil, Gas and Mineral Lease dated May 18, 2019, by and between Guy F. Stovall, III and Guy F. Stovall, IV, Co-Managers of LJS Real Estate & Minerals, LLC; Lynn Ann Stovall, Guy F. Stovall, IV and Megan Lynn Stovall, Co-Trustees of the Lynn Ann Stovall and Guy F. Stovall, III Family Trust dated 12/26/2012; and Howard Lee Willcoxon, Jr., as Lessors, and Strago Petroleum Corporation, as Lessee, recorded in Book 2019, Page 2878, of the Conecuh County Probate Records.

59.   Oil, Gas and Mineral Lease dated August 11, 2015, by and between Black Stone Minerals Company, L.P. and Matagorda B1, LP, as Lessors, and EploraCorp Drilling,

LLC, as Lessee, recorded in Book 2019, Page 2933, of the Conecuh County Probate Records (as extended and assigned to Strago Petroleum Corp.).

**INSOFAR AND ONLY INSOFAR AS SAID OIL, GAS AND MINERAL LEASES COVER ACREAGE LYING WITHIN THE EAST HALF (E 1/2) OF SECTION 35 AND WEST HALF (W 1/2) OF SECTION 36, TOWNSHIP 4 NORTH, RANGE 10 EAST, CONECUH COUNTY, ALABAMA**

**\*The above leases may not include all leases owned by the parties in the contract area described in this Operating Agreement.  If necessary, this exhibit will be amended to include any additional leases.**

**EXHIBIT A-2**

## *State of Alabama Oil and Gas Board*

***OGB Online Map***

Every effort has been made to check the accuracy of the information presented; however, to verify that the information is current and accurate, or to obtain more detailed information, please consult the Survey's or Board's original files.

1:36,112

0 0.45mi

December 16, 2019