UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|   Debtor. ) | |
| ) | |
| ） | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
|   Debtor. ) | |

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

UPON CONSIDERATION of the Motion of the Debtors and Debtors in Possession for entry of an order authorizing the use of cash collateral on an interim basis ("Motion") and setting a final hearing, and any additional papers filed in opposition thereto and in further support thereof; and having heard the arguments of counsel, if any; and having considered any evidence presented; and due and proper notice of the Motion having been provided; and for good cause shown, the Court finds and concludes as follows:

A.   On April 1, 2020 (the "Petition Date"), Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco") (collectively "Debtors") filed respective voluntary petitions for relief under chapter 11, thereby commencing their chapter 11 cases, which are being jointly administered.

B.   East West Bank, a California state banking corporation ("EWB"), as lender and the administrative agent under the applicable loan and security documents, asserts a secured claim in this case pursuant to a loan made to the Debtors (the "Loan") on or about June 15, 2018.

C.   EWB asserts a secured claim for the Debtors' outstanding indebtedness to EWB on the Loan, which as of the Petition Date exceeded $22,925,000 (the "Prepetition Indebtedness"), secured by first-priority liens in favor of EWB in substantially all of the Debtors' real and personal property assets. In addition, EWB asserts liens on all of the Debtors' cash on

hand, revenue, cash proceeds and other cash equivalents, and all cash and cash equivalent proceeds of other collateral (collectively, the "Cash Collateral").

D. Additional parties, including certain working interest holders, mechanics, materialmen, or mineral lien claimants who filed objections or responses to the Motion or appeared at the hearing held April 9, 2020 ("Objecting Parties"), also assert secured interests or other legal or equitable interests in the Debtor's funds and proceeds which may or may not constitute Cash Collateral. For the avoidance of doubt, the Objecting Parties include, but are not limited to, Strago Petroleum Corp, Meritage Energy, Ltd., FPCC USA, Inc., Tauber Exploration & Production Company, CTM 2005, Ltd., Pickens Financial Group, LLC, I & L Miss I, LP, Lucas Petroleum Group, Inc., Pruet Production Co. and Pruet Oil Company, LLC, Alabama Oil Company, LLC, Apple River Investments, LLC, Kudzu Oil Properties, LLC, Anderson Exploration Energy Company, L.C., TCP Cottonwood, L.P., AEEC II, LLC, Stoneham Drilling Corporation, and any other working interest holder who provides notice of their Objection or intent to object to counsel for the Debtors.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby granted on an interim basis as provided in this Order.

2. The Debtors are hereby authorized to use the Cash Collateral only to pay the post-petition operating expenses of the Debtors as set forth on the Budget at Docket No. 83 (the "Budget") and for no other purpose without the prior written consent of EWB and the Objecting Parties. With respect to all budgeted expenses, EWB consents to a variance not to exceed 20% of each line-item expense; provided, however, the Debtor shall not exceed 10% of the cumulative amount of all line-item expenses for any budgeted period without the prior consent of EWB or an order of the Court: provided that, the Debtors shall provide notice to the Objecting Parties (within one business day) in the event that such consent is provided by EWB. For the avoidance of a doubt, notwithstanding any line item in the budget, the Debtors may only use Cash Collateral for the payment of post-petition expenses unless otherwise authorized by the Bankruptcy Court.

3. The funds in an account of either Debtor shall retain their ownership as to the individual Debtor who provided such funds into the account and/or any applicable third party that may claim ownership to such funds under applicable non-bankruptcy law. An accounting of such funds shall be available to creditors on a monthly basis and earlier upon reasonable request by a creditor; provided that the Debtors provide an initial accounting of such funds on or prior to noon Mountain Time on Monday, April 20, 2020 to the Objecting Parties. SEC shall be responsible for maintaining a current and contemporaneous record of all funds collected and disbursed for the Debtors or non-debtor third parties.

4. The Debtors' authorization to use the Cash Collateral in accordance with the terms of this Order will remain in effect through the date of the final hearing on the Motion.

5. Notwithstanding Bankruptcy Code § 552, as additional adequate protection of the interests of EWB and any other party claiming an interest in the Cash Collateral (collectively "Secured Creditors"), EWB, the Objecting Parties, and any other Secured Creditors shall have, and are hereby granted, replacement liens on all existing and hereafter acquired property and assets of the Debtors of every kind and character, to the extent (if any) and in the same validity, priority, and enforceability that they held a lien (including valid and non-avoidable liens in existence at the time of the Petition Date that are perfected subsequent thereto as permitted by section 546(b) of the Bankruptcy Code) in such kind and character of property and assets of the Debtors as of the Petition Date (the "Replacement Liens"). The Replacement Liens shall secure EWB, the Objecting Parties, and any other Secured Creditors to the extent necessary to adequately protect them from any diminution in value of their interests in property of the Debtors' estates as a result of the entry of this Order and the use of Cash Collateral authorized hereby, and shall have the same validity, priority, and enforceability as their liens on the Debtors' assets as of the Petition Date.

6. The Debtors shall keep EWB's, the Objecting Parties', and any other Secured Creditor's collateral insured to the same extent it was insured on a pre-petition basis, and shall maintain and preserve the operation of all such collateral.

7. The Debtors shall make available to EWB and any other Secured Creditors, their counsel, and consultants, upon reasonable request, the Debtors' books and records and other financial information. The Debtors shall also provide to EWB and any other Secured Creditors a budgeted-versus-actual rolling cash flow report on a weekly basis during the budget periods covered by this Order, provided however that per-line item and overall variances will be evaluated on a monthly basis.

8. Nothing in this Order shall constitute a finding that EWB's, the Objecting Parties', or any other Secured Creditor's interests are adequately protected, nor a determination of the validity, priority, or extent of any lien asserted by EWB, the Objection Parties, or any other Secured Creditor. The parties' rights are fully preserved with respect to such issues.

9. To the extent the Debtors are holding any funds provided by working interest holders for cash call advances, the Debtors shall retain and account for such funds to such working interest holders. The Debtors assert that they do not believe they are holding any funds attributable to cash call advances at this time and will investigate this point further prior to the final hearing.

10. Nothing in the Motion or this Order shall in any way limit any party's right to object to the use of cash collateral, the funds or proceeds asserted to constitute cash collateral, or the ownership of such funds for purposes of this interim order, on a final basis. Objecting Parties and EWB shall have through and including **April 23, 2020** to file any Objections to use of cash collateral.

11. A final hearing on the Debtors' Motion is set for 1:30 p.m. on April 27, 2020.

Dated: April 15, 2020

BY THE COURT:

Elizabeth E. Brown,
United States Bankruptcy Judge