IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: SKLAR EXPLORATION COMPANY, LLC<br>     Debtor. | CASE NO. 20-12377-EBB |
| SKLARCO, LLC<br>     Debtor. | CASE NO.: 20-12380-EEB |

_____

**LIMITED OBJECTIONS TO:  (A) MOTION FOR AUTHORITY TO USE CASH COLLATERAL [Docket #34];  and (B)  MOTION TO (1) HONOR AND PAY OVERRIDING ROYALTY, ROYALTY, AND WORKING INTEREST OBLIGATIONS, AND (2) OFFSET JOINT INTEREST BILLING OBLIGATIONS [Docket #37]**

_____

Landmark Oil and Gas, LLC, a Mississippi limited liability company, Landmark Exploration, LLC, a Mississippi limited liability company, Lexington Investments, LLC  a Mississippi limited liability company, and Stone Development, LLC, a Mississippi limited liability company (collectively the  "Landmark Entities") file their limited objections to one or both of Debtors Sklar Exploration Company, LLC and Sklarco, LLC (jointly "Debtors") Motion for Authority to Use Cash Collateral [Doc. 34] (the "Cash Collateral Motion") and Motion to (1) Honor And Pay Overriding Royalty, Royalty, And Working Interest Obligations, and (2) Offset Joint Interest Billing Obligations [Docket #37] (the "Royalty Payment Motion") and state as follows:

1.    The Landmark Entities are owners of working interests ("WI") or overriding royalty interests ("ORRI") in certain wells operated by the Debtors.  Their respective interests are reflected on Exhibit A to the Royalty Payment Motion.

2.    The Landmark Entities have also made Cash Call Advances to the Debtors under the applicable Joint Operating Agreements in the total approximate amount of $246,000.  These

Cash Call Advances were made pre-petition pursuant to a written agreement that required these advances to be used for specific purposes. These Cash Call Advances are property of the Landmark Entities and not the property of the estates.

3. The Landmark Entities object to the Debtors' use of funds that are not owned by the Debtors, including funds advanced by or due to the Landmark Entities. The Landmark Entities object to the Debtors' use of funds that are encumbered by a security interest in favor of the Landmark Entities. The Landmark Entities object to any disbursement of funds at the "sole discretion" of Debtors.

4. Further with respect to the Royalty Payment Motion, the Landmark Entities have no objection to the payment of WI and request payment of the same. Nor do the Landmark Entities object to the payment of ORRI due to persons or entities who are not senior management or employees of Debtors, family members or other insiders of Debtors. Specifically, the Landmark Entities request payment of all ORRI due to them. The revenues generated by the wells belong to the various non-operating owners and should be paid pursuant to the terms of the JOA or other agreement which sets forth the terms of the WI or ORRI. The Landmark Entities do not object to the payment of royalties due to mineral lessors.

5. The Landmark Entities object to the Royalty Payment Motion to the extent it seeks to allow the Debtors to offset Joint Interest Billings ("JIBs") against Production Revenues. Debtors must follow the pre-petition practice under the JOAs of distributing all Revenues due the WI and separately submitting the JIBs. The Landmark Entities further object to any indiscriminate use by Debtors of Cash Call Advances of the WI Owners to offset the WI Owners future obligations to the Debtors set forth in the JIBs. The Cash Call Advances are funds that belong to the WI Owners for specific projects. The JOAs govern how the JIBs are to be

submitted and that process should be followed to ensure that the WI Owners pay the right expenses for particular wells. The Debtors should not be allowed to use Cash Call Advances earmarked for specific projects for purposes other than the special projects.

6. With respect to the Cash Collateral Motion, the Landmark Entities object to any use by Debtors of their Cash Call Advances or payments due them for WI or ORRI in any manner other than as set forth in the applicable JOAs. The Landmark Entities further object to any liens being placed on its Cash Call Advances, WI or ORRI.

Respectfully submitted this 20th day of April, 2020.

>LANDMARK OIL AND GAS, LLC,
>LANDMARK EXPLORATION, LLC,
>LEXINGTON INVESTMENTS, LLC, and
>STONE DEVELOPMENT, LLC
>
>By: /s/ Jim F. Spencer, Jr.
>    Jim F. Spencer, Jr.,
>    Its attorneys

OF COUNSEL

PAUL H. STEPHENSON, III (MSB#7864)
JIM F. SPENCER, JR. (MSB#7736)
WATKINS & EAGER PLLC
P.O. BOX 650
JACKSON, MISSISSIPPI 39205
(601) 965-1900 (p)
(601) 965-1901 (f)
pstephenson@watkinseager.com
jspencer@watkinseager.com

## CERTIFICATE OF SERVICE

I, Jim F. Spencer, Jr., do hereby certify that I have caused to be served a true and correct copy of the ENTRY OF APPEARANCE was served on all parties authorized to receive notice through the ECF notice system in this case.

This 20th day of April, 2020.

                                                                                                 /s/ Jim F. Spencer, Jr.
                                                                                                    Jim F. Spencer, Jr.