# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

## OBJECTION TO DEBTORS' MOTION TO EMPLOY BERG HILL GREENLEAF & RUSCITTI, LLP AS SPECIAL COUNSEL

Secured creditor, East West Bank ("EWB"), a California state bank, in its individual capacity as a lender and as the administrative agent under the Credit Agreement dated June 15, 2018 (as amended, the "Credit Agreement") with Sklar Exploration Company LLC and Sklarco LLC (the "Debtors"), through counsel, files this objection to the Debtors' Motion to Employ Berg Hill Greenleaf & Ruscitti, LLP as Special Counsel (the "Special Counsel Motion") [Doc. #10] and states as follows:

### Background

1. EWB is the Debtors' senior secured lender pursuant to the Credit Agreement entered among EWB and the Debtors on or about June 15, 2018. Pursuant to the terms of the Credit Agreement, EWB agreed to extend credit to the Debtors consisting of a revolving line of credit (the "Line of Credit") and standby letters of credit (the "Letters of Credit," and with the Line of Credit, the "Commitments") subject to an initial Borrowing Base of $25,000,000. Based

upon the Debtors' subsequent financial reporting, the Borrowing Base could increase or decrease, with the total Commitments subject to a cap in the amount of $50,000,000.

2. As the Debtors acknowledge in their first day filings, the Debtors' obligations to EWB under the Credit Agreement are secured by duly perfected, first priority liens in favor of EWB in substantially all of the Debtors' real and personal property assets. *See Declaration of Howard F. Sklar*, Doc. #39 at p. 2. EWB perfected its security interests in the Debtors' property pursuant to: (i) separate mortgages recorded in the real estate records of each of the counties or parishes in which the Debtors own real property; and (ii) UCC-1 financing statements filed with the appropriate Secretaries of State. *Id.*

3. The Debtors filed their voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date").

4. As of the Petition Date, EWB had extended credit to the Debtors in the approximate amount of $22,925,000, consisting of $22,350,000 extended under the Line of Credit and Letters of Credit issued in the amount of $575,000.[1]

5. Prior to the Petition Date, the Debtors engaged in negotiations with EWB surrounding the Debtors' obligations and defaults under the Credit Agreement. Those negotiations were ultimately unsuccessful. During those negotiations the Debtors were represented by Giovanni Ruscitti of Berg Hill Greenleaf & Ruscitti, LLP ("BHGR").

6. On April 2, 2020, the Debtors filed the Special Counsel Motion seeking to retain Ruscitti as special counsel in this case.

---

[1] The amounts owed under the Credit Agreement as stated herein are intended as estimates only, and EWB reserves all rights to supplement or revise such amounts as needed.

**Argument**

7. EWB objects to the Special Counsel Motion because it fails to meet the requirements of Section 327(e) of the Bankruptcy Code. Pursuant to Section 327(e) a debtor "may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate . . ."

8. The only way in which an attorney who has previously represented a debtor can be employed by a debtor in possession is when such employment is "for a specified special purpose, other than to represent the [debtor in possession] in conducting the case." 11 U.S.C. § 327(e). "This subsection does not authorize the employment of the debtor's attorney to represent the estate generally or represent the trustee in the conduct of the bankruptcy case. The subsection will most likely be used when the debtor is involved in complex litigation, and changing attorneys in the middle of the case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." *In re Interstate Distribution Ctr. Assocs. (A), Ltd.*, 137 B.R. 826, 833 (Bankr. D. Colo. 1992), *citing* H.R.Rep. No. 595, 95th Cong., 1st Sess. at 328 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. at 38–39 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5824-5825, 6284-6285.

9. "This provision thus recognizes the long-standing general rule that the trustee should not ordinarily employ an attorney who represents or has represented the bankrupt debtor, because the trustee should have an advisor impartial as between creditors [citation omitted]. Moreover, the 'specified special purpose' requirement serves the important policy of avoiding an unnecessary duplication of services at the expense of the estate." *Interstate Distribution*, 137 B.R. at 833, *citing In re NRG Resources, Inc.*, 64 B.R. 643, 647 (W.D. La. 1986).

3

10. The Special Counsel Motion lacks any specificity about what BGHR will do for the Debtors or how that work is in the best interest of the estate. The Debtors simply state that they seek to employ special counsel "to represent [them] with respect to corporate and bank and lending issues." Unnecessary duplication of services should be avoided in every bankruptcy case, but all the more in these cash-strapped cases that run a high likelihood of administrative insolvency.

11. Creditors are entitled to information about special counsel's role for two reasons. First, the statute only allows a debtor in possession to employ special counsel for a "specified" special purpose. The Debtors' current description does not meet this requirement. Corporate, bank and lending issues in the context of a bankruptcy are routinely handled by debtors' primary bankruptcy counsel. The Debtors have not provided any reason why those issues cannot be addressed by their primary bankruptcy counsel here without the additional cost of retaining special counsel. No special purpose is identified in the Debtors' Special Counsel Motion.

12. Second, creditors should understand potential conflicts and determine whether the retention of special counsel will result in a conflict of interest. With the dearth of information about the proposed special counsel's role here, a determination about conflicts cannot be made.

13. Finally, the Debtors state that their proposed special counsel holds a retainer in the amount of $25,000. It is likely that those funds are subject to EWB's lien and were paid out of EWB's cash collateral immediately before the case was filed. EWB reserves all rights with respect to the funds, including, without limitation, the right to contest any professional's claim to such funds.

601887852.3

## Conclusion

WHEREFORE, for these reasons stated above, EWB respectfully requests the Court deny the Debtors' Special Counsel Motion and grant such other relief as it deems is just and proper.

Dated this 20th day of April, 2020.

*s/ Craig K. Schuenemann*
Craig K. Schuenemann, CO #41068
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Phone: (303) 861-7000
Facsimile: (303) 866-0200
Email: craig.schuenemann@bclplaw.com

ATTORNEYS FOR EAST WEST BANK

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on this 20th day of April, 2020, a true and correct copy of the foregoing **OBJECTION TO DEBTORS' MOTION TO EMPLOY BERG HILL GREENLEAF & RUSCITTI, LLP AS SPECIAL COUNSEL** was filed and served via ECF on all attorneys of record:

Jeffrey S. Brinen
Lee M. Kutner
1660 Lincoln Street
Suite 1850
Denver, CO 80264
*Attorney for Debtor Sklarco, LLC*

Paul Moss
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294
*Attorney for U.S. Trustee*

 */s/ Martha A. Hammond*
Martha A. Hammond Legal Secretary
Bryan Cave Leighton Paisner LLP

601887852.3