# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|   Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
|   Debtor. ) | |
| ) | |

## LIMITED OBJECTION TO DEBTORS' MOTION TO APPROVE PAYMENT PROCEDURE FOR PROFESSIONAL FEES AND COSTS

Secured creditor, East West Bank, a California state banking corporation ("EWB"), in its individual capacity as a lender and as the administrative agent under the Credit Agreement dated June 15, 2018 (as amended, the "Credit Agreement") with Sklar Exploration Company LLC and Sklarco LLC (the "Debtors"), through counsel, files this objection to the Debtors' Motion to Approve Payment Procedure for Professional Fees and Costs (the "Payment Procedure Motion") [Doc. #30] and states as follows:

### Background

1. EWB is the Debtors' senior secured lender pursuant to the Credit Agreement entered among EWB and the Debtors on or about June 15, 2018. Pursuant to the terms of the Credit Agreement, EWB agreed to extend credit to the Debtors consisting of a revolving line of credit (the "Line of Credit") and standby letters of credit (the "Letters of Credit," and with the Line of Credit, the "Commitments") subject to an initial Borrowing Base of $25,000,000. Based

upon the Debtors' subsequent financial reporting, the Borrowing Base could increase or decrease, with the total Commitments subject to a cap in the amount of $50,000,000.

2. As the Debtors acknowledged in their first day filings, the Debtors' obligations to EWB under the Credit Agreement are secured by duly perfected, first priority liens in favor of EWB in substantially all of the Debtors' real and personal property assets. *See Declaration of Howard F. Sklar*, Doc. #39 at p. 2. EWB perfected its security interests in the Debtors' property pursuant to: (i) separate mortgages recorded in the real estate records of each of the counties or parishes in which the Debtors own real property; and (ii) UCC-1 financing statements filed with the appropriate Secretaries of State. *Id.*

3. The Debtors filed their voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date").

4. As of the Petition Date, EWB had extended credit to the Debtors in the approximate amount of $22,925,000, consisting of $22,350,000 extended under the Line of Credit and Letters of Credit issued in the amount of $575,000.[1]

5. Prior to the Petition Date, the Debtors engaged in negotiations with EWB surrounding the Debtors' obligations and defaults under the Credit Agreement. Those negotiations were ultimately unsuccessful.

6. On April 6, 2020, the Debtors filed the Payment Procedure Motion. The Payment Procedure Motion seeks that Court's approval of special payment procedures for three sets of counsel that Debtor has proposed to retain in conjunction with this Case, Kutner Brinen, P.C. ("KB"), Berg Hill Greenleaf & Ruscitti, LLP ("BHGR"), and Arbbrecht Jackson LLP ("AJ").[2]

---

[1] The amounts owed under the Credit Agreement as stated herein are intended as estimates only, and EWB reserves all rights to supplement or revise such amounts as needed.

[2] EWB will file, in concert with this Motion, a separate objection to the Debtors' Motion seeking approval of Berg Hill and reserves all rights with respect to the proposed retention of KB and AJ.

7. On April 9, 2020, the Court held a Hearing (the "April 9 Hearing") on Debtors' Motion Seeking Expedited Entry of Orders [Doc. #42] during which the Court heard arguments on several first-day motions including the Debtors' Motion to Use Cash Collateral [Doc. #34], Motion for Continued Use of Bank Accounts [Doc. #36], Motion for Payment of Prepetition Employee Benefits [Doc. #40], and Motion for Payment of Critical Vendors [Doc. #37] (collectively, the "First-day Motions"). At the close of the April 9, 2020, the Court set a final hearing on certain contested Motions for April 27, 2020.

8. At the April 9 Hearing, Sklarco LLC admitted that, as of the Petition Date, it had spent $7,023,910.44 in cash call advances that working interest owners had advanced to it.

9. The United States Trustee also participated in the April 9 Hearing. He informed the Court that there would be an unsecured creditors committee appointed in this case.

10. On April 15, 2020, the Court entered an order authorizing the Debtors' use of Cash Collateral on an interim basis [Doc. #94] (the "Interim Cash Collateral Order"). Pursuant to the Interim Cash Collateral Order, the Debtors are authorized to use the Cash Collateral only to pay the post-petition operating expenses of the Debtors as set forth on the budget attached to the Interim Cash Collateral Order (the "Budget") and for no other purpose without the prior written consent of EWB. The Interim Cash Collateral Order provided EWB replacement liens to secure EWB to the extent necessary to adequately protect them from any diminution in value of their interests in property of the Debtors' estates as a result of the use of Cash Collateral.

11. EWB continues to engage the Debtors in a dialogue aimed at resolving its objections to the Debtors' outstanding motions.

601915075.2

**Argument**

12. The Court should deny the Payment Procedures Motion in this particular case for two reasons. First, the payment of what are likely to be substantial professional fees in this case imperils EWB's adequate protection in its cash collateral. Second, given the complicated issues to be addressed in the case, the number and cost of Debtors' retained professionals, the professional fees inherent to the appointment of an unsecured creditors committee, and the razor thin cash margin (if any) under which the Debtors are operating, there is a high risk that this case will become administratively insolvent.

13. 11 U.S.C. § 330 allows a court to award compensation to a professional person, including attorneys, after notice and a hearing. The amount of that compensation must be found to be reasonable, based upon the series of factors. 11 U.S.C. §331 expressly provides that a professional person "may apply to the court not more than once every 120 days after an order for relief . . . or more often if the court permits, for such compensation for services . . . or reimbursement for expenses." The Payment Procedures Motion requests the Court's approval to deviate from the Code's presumptive procedure, and the Debtors have failed to justify that deviation.

14. EWB understands that it has become common practice to permit monthly payment arrangements of the type proposed by the Debtor here. EWB also understands that Colorado's Local Bankruptcy Rules contemplate such arrangements in certain cases. Still, monthly payment procedures are not perfunctory and should not be permitted in all cases. *See, e.g., In re Braniff, Inc.*, 117 B.R. 702, 704 (Bankr. M.D. Fla. 1990) (finding that special payment arrangements are normally limited to circumstances in which there is an unencumbered source of

payment, the Debtor is administratively solvent, and there is a high probability of a successful reorganization that will result in meaningful distributions to unsecured creditors).

15. In this case, there is no basis for varying the standard statutory procedure. The Debtors' ability to pay attorney's fees on an ongoing basis is questionable. The approval of interim payment procedures would only shift the risk of nonpayment from Debtors' professionals to EWB and unsecured creditors.

16. The Debtors' original budget that was filed with the First-day Motions projected negative cash flow and diminishing cash reserves between April 10, 2020 and May 1, 2020. The Court removed several line items from that original budget at the April 9 Hearing to address the concerns expressed by various parties. The original budget did not include any professional fees, nor does the Debtors' current Budget include a line item for professional fees. There are simply no excess operating proceeds to pay the Debtors' professional fees on a monthly basis as contemplated in the Payment Procedure Motion.

17. Because there are no excess operating proceeds to pay professional fees, the Debtors' Payment Procedure Motion implicitly requests additional use of the cash collateral securing EWB's claim, which the Debtor has represented is necessary to pay its post-petition operating expenses. *See Declaration of Howard F. Sklar*, Doc. #39 at p. 2. Since the Debtor has already represented to the Court that there is no room in its budget for payment of attorney's fees, nothing would be accomplished by an order permitting payment out of the Debtors' operating funds, even if there were a justification and legal basis for doing so.

18. The Debtors' request to draw down on the retainer prior to approval of its counsel's fees is also inappropriate here. It is evident from the Debtors' submissions in support of its request to use cash collateral that the Debtors' funds are limited to EWB's cash collateral.

To the extent Debtor uses the cash collateral, EWB has been granted a replacement lien on post-petition funds coming into the Debtors' bank accounts. The retainer is property of the estate, which can only be used with the Court's approval. Because a retainer only serves as security for payment of the attorney's fees Debtor actually incurs, any unused amounts could be used to pay creditors. *See, e.g., Weinman, Cohen & Niebrugge, P.C. v. Peters (In re Printcrafters, Inc.)*, 233 B.R. 113 (D. Colo. 1999). Since there appears to be little, if any, unencumbered property in the estate, the Court should be cautious in considering its use. At a minimum, exhaustion of the retainer should be subject to interim fee application.

19. Debtors' counsel are certainly aware of the risk in this case. As stated in the Debtors' application to employ its attorneys, its attorneys are highly experienced in representing debtors in Chapter 11 cases. They are fully aware of the restrictions imposed by 11 U.S.C. §§ 330 and 331, and they are equally aware of the risks inherent in representing any Chapter 11 debtor, especially one with no funding other than its limited operating revenues. The Debtors have offered no reason why its attorneys should be relieved of the normal rules and risks they knew they were undertaking by agreeing to represent the Debtors in this case.

20. Sections 330 and 331 should control the payment of professionals in this case. Creditors should not be forced to accept the risk of a case that may not succeed. Nor should EWB be subject to a de facto surcharge to fund the Debtors' reorganization. Given the questions raised during the April 9 Hearing, the issues in these cases are likely to be numerous and costly.

21. At the time fee applications are submitted in the normal course under the statutory procedure, the Court can assess the value of the services and determine what compensation, if any, should be awarded to estate professionals. In addition, the Court will be in a much better position after the standard 120 days to evaluate what, if any, sources of payment may be

601915075.2

available. Regardless, this is not an appropriate case for accelerated and abbreviated fee payment procedures, especially where the case runs a high risk of administrative insolvency.

## Conclusion

WHEREFORE, for these reasons stated above, EWB respectfully requests the Court deny the Debtors' Payment Procedure Motion and grant such other relief as it deems is just and proper.

Dated this 20th day of April, 2020.

*s/ Craig K. Schuenemann*
Craig K. Schuenemann, CO #41068
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Phone: (303) 861-7000
Facsimile: (303) 866-0200
Email: craig.schuenemann@bclplaw.com

ATTORNEYS FOR EAST WEST BANK

**CERTIFICATE OF MAILING**

      The undersigned hereby certifies that on this 20th day of April, 2020, a true and correct copy of the foregoing **OBJECTION TO DEBTORS' MOTION TO EMPLOY BERG HILL GREENLEAF & RUSCITTI, LLP AS SPECIAL COUNSEL** was filed and served via ECF on all attorneys of record:

Jeffrey S. Brinen
Lee M. Kutner
1660 Lincoln Street
Suite 1850
Denver, CO 80264
*Attorney for Debtor Sklarco, LLC*

Paul Moss
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294
*Attorney for U.S. Trustee*

      */s/ Martha A. Hammond*
      Martha A. Hammond Legal Secretary
      Bryan Cave Leighton Paisner LLP

601915075.2