UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11<br><br>**Joint Administered Under<br>Case No. 20-12377 EEB** |

**LIMITED OBJECTION, JOINDER, AND RESERVATION OF RIGHTS OF
JF HOWELL INTERESTS, LP TO THE DEBTORS' MOTION FOR AUTHORITY TO
USE CASH COLLATERAL AND MOTION TO (1) HONOR AND PAY OVERRIDING
ROYALTY, ROYALTY, AND WORKING INTEREST OBLIGATIONS AND (2)
OFFSET JOINT INTEREST BILLING OBLIGATIONS**

**NOW INTO COURT**, through undersigned counsel, comes JF Howell Interests, LP ("Howell Interests"), a creditor and party in interest, which makes this Limited Objection to the following motions filed by one or both Debtors Sklar Exploration Company, LLC, and Sklarco, LLC (jointly "Debtors"):

1. Motion for Authority to Use Cash Collateral [Doc. #34] (the "Cash Collateral Motion");

    and

2. Motion to (1) Honor And Pay Overriding Royalty, Royalty, And Working Interest Obligations, and (2) Offset Joint Interest Billing Obligations [Doc. #37] (the "Royalty Payment Motion").

- 1 -

## SUMMARY OF LIMITED OBJECTION

Howell Interests does not oppose the Debtors' continued use of their own cash that may be subject to the East West Bank's (the "Bank's") security interest, as requested in the Cash Collateral Motion. However, Howell Interests objects to the Debtors' use of funds that are either (1) not owned by the Debtors, including funds advanced by or due to Howell Interests, or (2) encumbered by a security interest in favor of Howell Interests. Further, Howell Interests objects to the Bank or any other creditor being awarded any lien on "Cash Call Advances" that Howell Interests delivered to the Debtors pre-petition pursuant to an agreement that the funds delivered would be used on a specific well or prospect for specific purposes. Howell Interests also objects to the Bank or any other creditor being awarded any lien on the portion of Production Revenues owned by Howell Interests, as provided in the parties governing agreements.

In addition, Howell Interests objects to the Royalty Payment Motion to the extent that it seeks to use funds that are owned by Howell Interests or by the Debtors' estates to pay the overriding royalty owners or similar payments (jointly "ORRI"). Howell Interests objects to the Debtor paying ORRI, to insiders or others, (1) from Howell Interests' funds, or (2) in preference or priority ahead of payments owed to Howell Interests from the sale of production from the wells and units in which Howell Interests owns an interest under the governing written agreements between the parties.

## BACKGROUND

1. Debtor, Sklar Exploration Company, LLC ("Sklar Exploration") and Howell Interests are parties to various operating agreements in which Sklar Exploration serves as the operator of oil and gas properties while Howell Interests and others hold working interest

ownership (collectively, the "Owners") in those properties. A list of the various Participation Agreements and Joint Operating Agreements to which Howell Interests and Sklar Exploration are parties is set forth on the Exhibit "A" attached hereto.[1]

2. Pursuant to and in accordance with these agreements, Sklar Exploration has made "cash calls" to Howell Interests pertaining to a certain property or certain operations from time to time to advance funds for specific purposes stated in the cash call (collectively, the "Cash Call Advances"). Under the agreements, the Owners must advance funds to Sklar Exploration to satisfy the Cash Call Advances or risk being deemed "non-consent" and subject to strict penalties, including, but not limited to, forfeiture of all or a part of their ownership interest. However, under the terms of the agreements, the funds advanced by the Owners are held by Sklar Exploration to be used only for the specific purposes stated in the cash call.

3. The Debtors' Schedule D: Creditors Who Have Claims Secured by Property [Doc. #105, No. 3.195] indicates that Sklar Exploration should be holding no less than $19,867.99 in Cash Call Advances made to it by Howell Interests pursuant to the agreements for various projects. Howell Interests has not yet confirmed that Sklar Exploration continues to hold all of Howell Interests' funds advanced to it other than funds spent pre-petition for a purpose identified in a Cash Call Advance.

4. In its capacity as operator for the properties, Sklar Exploration is obligated to market and sell oil and gas production on behalf of the Owners, including Howell Interests. Sklar Exploration is also obligated to collect the revenues generated from the sale of oil and gas on behalf of the Owners, including Howell Interests, and other interest holders (collectively,

---

[1] For convenience, the agreements listed on the Exhibit "A" are numbered to correspond to the number assigned to those contracts on the Schedule G filed by Debtors [Doc.#106]. Howell Interests reserves the right to supplement the list of agreements to which it and Sklar Exploration are parties through appropriate discovery.

"Production Revenues") and to timely remit the pro rata portion of the Production Revenues to the Owner to which it belongs.

5. The governing operating agreements provide that both the Cash Call Advances and the Production Revenues due the Owners (including Howell Interests), defined below as Net Revenue Interests or "NRI," are held by Sklar Exploration but owned by the Owners until they are either (a) used for their intended purposes by Sklar Exploration; (b) applied to debts in accordance with the agreements; or (c) delivered to the Owners.

6. Through the Cash Collateral Motion, Sklar Exploration seeks authority to use Production Revenues and/or Cash Call Advances for, *inter alia*, payment of lessor's royalty, ORRI, and possibly operating expenses not allowed by their agreements with the Owners.

7. Howell Interests objects to the Debtor's use of Howell Interests' Cash Call Advances (which is Howell Interests' property) for any purpose not stated in the written cash call sent to Howell Interests. Howell Interests also objects to Debtor paying any form of ORRI, to insiders or non-insiders, from NRI proceeds owned by Howell Interests. Howell Interests also objects to the payment of any royalties (other than lessor royalties) in preference to or otherwise before paying the Owners, including Howell Interests, the NRI due to them from the Production Revenues attributable to the applicable wells in which they own interests. Howell Interests makes the other limited objections noted below.

## LIMITED OBJECTION

8. Through the Cash Collateral Motion, the Debtors seek authority to use cash purportedly subject to a security interest of Bank as Agent and Lead Arranger.

9. Howell Interests does not generally object to the Debtors' use of its cash that may be subject to the Bank's security interest as requested in the Cash Collateral Motion.

10. However, Howell Interests objects to the Debtors' use of Cash Call Advances for any purpose not stated in the written demand for a particular cash call. The Cash Call Advances are held by the Sklar Exploration, but are not owned by Sklar Exploration and the Cash Call Advances are not property of the estate under 11 U.S.C. § 541. Each Cash Call Advance is owned by the Owner who advanced the funds. Specifically, the Cash Call Advances made to Sklar Exploration by Howell Interests totaling $19,867.99 are the property of Howell Interests and owned by it.

11. Further, Howell Interests objects to the Bank or any other creditor being awarded a replacement lien on the Cash Call Advances or on that portion of the Production Revenues that is owned by Howell Interests as provided in the governing agreements.

12. Generally, Production Revenues may be classified as accruing into three (3) buckets: (i) lessor's royalty, which is paid to the landowner who granted the mineral lease that gives the operator a right to produce ("lessor's royalty"), (ii) overriding royalty and similar production payments, i.e., ORRI, and (iii) net revenue due the Owners, i.e., the working interest owners ("NRI").

13. Howell Interests does not object to the timely payment of the lessor's royalty out of Production Revenue. Howell Interests asks the Court to allow Sklar Exploration to pay the lessor's royalty from Production Revenue when due and in accordance with the lease provisions. However, payment of the lessor's royalty must not come from the Cash Call Advances or the NRI of Owners, including Howell Interests.

14. Ownership interest of lessees in mineral leases (i.e., the interest of Howell Interests as an Owner) is typically referred to as "working interest" and the production revenues

attributable to the working interest in mineral leases (and associated wells) are commonly referred to as "net revenue interest" or NRI.

15. Howell Interests do not object to the payment by Debtors of the NRI to the Owners, including Howell Interests. The Owners, including Howell Interests, own the production from the properties even though that production may be marketed and sold by the operator, Sklar Exploration. Debtors should be required to make payment of the NRI to the Owners, including Howell Interests, pursuant to the terms of the agreements between the parties. Howell Interests objects to the NRI being paid to any other person or entity or used for any other purpose.

16. As an Owner of working interests, Howell Interests receives Joint Interest Billings ("JIBs") from Sklar Exploration in accordance with the agreements, specifically the Joint Operating Agreements ("JOAs") and the Accounting Procedure attached to the JOAs. Pursuant to the JOAs, including the Accounting Procedure, the operator, Sklar Exploration, prepares and submits a JIB to the Owner for such Owner's pro rata share of the allowable expenses during the preceding period. Upon receipt of the JIBs the Owner has 15 days to pay the JIB, subject to the Owner's right to review, question and withhold certain contested or erroneous charges-all as spelled out in the JOAs. .

17. The agreements do not allow the operator, Sklar Exploration, to automatically offset or "net", an Owner's JIB against the Owner's NRI. Although Howell Interests has at times verbally authorized Sklar Exploration to net certain JIBs against its NRI pre-petition, the right to receive, review and if appropriate, challenge, the JIBs are important contract rights of Howell Interests under the agreements.

18. In Section B. of the Royalty Payment Motion [Doc. #37] the Debtors have requested Court approval to offset, i.e., net, an Owner's JIBs against the Owner's NRI. Howell Interests objects to Debtors request to net the JIBs against the NRI and thus prejudice the Owner's rights to review, question or challenge the JIBs under the agreements and to pay the JIBs directly and to account for the JIBs against the project to which they pertain and to receive their NRI. Howell Interests is particularly concerned about the Debtors' netting alleged JIBs against its Production Revenue given the Debtors' disclosures in their filings that they have apparently spent the Production Revenue, or Cash Call Advances, illicitly prior to the filing of their petitions on April 1, 2020.

19. Howell Interests has paid its JIBs timely and demands the right to strict compliance by Debtors with the agreements, including the JOAs and the associated Accounting Procedures.

20. Howell Interests objects to the pledge by Debtors of its Cash Call Advances and NRI not yet paid (including the Production Revenues owned by Howell Interests attributable to its interest which has been or will hereafter be received by Sklar Exploration but not yet paid to Howell Interests).

## **RESERVATION OF RIGHTS**

Howell Interests makes no admission of fact or law and reserves any and all rights, claims, objections, and defenses that may be available to them before this Court and any other court with competent jurisdiction over the parties and the matters at issue, including in connection with the motions listed above or any other related motions, pleadings, or orders, asserted liens and interests, and any other matters involving the administration of this case, the estate, and Howell Interests' interests, any and all rights available to it under the Bankruptcy

Code and applicable non-bankruptcy law. Howell Interests reserves any and all rights to supplement or amend this Limited Objection and at any hearing.

## JOINDER

Howell Interests joins in the Limited Objection submitted on April 9, 2020 [Doc. #67] by Anderson Exploration Company, L.C., etal., the Limited Objection submitted by Pruet Production Co., etal. on April 8, 2020 [Doc. #57], the Limited Objection, Joinder and Reservation of Rights submitted by Franks Exploration Company, LLC, etal. on April 20, 2020 [Doc. #118], the Limited Objections of the Landmark Entities submitted on April 20, 2020 [Doc. #119] to the extent such objections are not inconsistent with this Limited Objection. Howell Interests also joins in Debtors' Motion For Extension Of Time For All Parties To Object To Pending Motions and Filing Lists Of Witnesses And Exhibits [Doc. #131] filed on April 20, 2020.[2]

## CONCLUSION

Howell Interests requests that in the event the Cash Collateral Motion is granted, the Court clarify (i) that the Cash Call Advances and NRI are owned by and constitute the property the Owners and may not be used by the Debtors for operations or for granting security to creditors; and (ii) any lien awarded the Bank or any other creditor not attach to the Cash Call Advances or NRI of any Owner, including specifically Howell Interests. Howell Interests also requests that it and other Owners be protected from having their Cash Call Advances or NRI used by the Debtors for any purpose not allowed by their contractual agreements. Howell Interests further requests that the Debtors be ordered to pay Howell Interests and other Owners

---

[2] Howell Interests is located in Shreveport, Louisiana and the review of the documents and information necessary to prepare this Limited Objection, as well as its witness and exhibit list, have been complicated by the Louisiana Governor's Stay at Home Orders [Proclamations 27 JBE 2020, 30 JBE 2020, 32 JBE 2020, 33 JBE 2020, 37 JBE 2020 and 41 JBE 2020 and the ability of both Howell Interests and undersigned counsel to gather and review the relevant documents and information remotely.

the NRI proceeds due to them from monthly Production Revenues and that the monthly JIBs not be offset or netted by Debtors against the Production Revenues due to the Owners, including specifically Howell Interests.

Dated: April 22, 2020

                Respectfully submitted,

                BRADLEY MURCHISON KELLY & SHEA LLC

                By:   /s/ David R. Taggart
                      David R. Taggart (Texas Bar # 00793102)
                401 Edwards Street, Suite 1000
                Shreveport, Louisiana 71101
                Telephone: (318) 227-1131
                Facsimile: (318) 227-1141

                Email: dtaggart@bradleyfirm.com

            - -    **Attorneys for JF Howell Interests, LP**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed on April 22, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  /s/ David R. Taggart
                                                  OF COUNSEL