# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>SKLAR EXPLORATION COMPANY, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-12377-EBB<br><br>(Jointly Administered) |

## APPLICATION FOR AN ORDER
## AUTHORIZING THE RETENTION AND EMPLOYMENT OF
## MUNSCH HARDT KOPF & HARR, P.C. AS COUNSEL FOR THE
## COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO APRIL 16, 2020

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned, bankruptcy case of Sklar Exploration Company, LLC (the "Debtor" and "Bankruptcy Case"), files this *Application for an Order Authorizing the Retention and Employment of Munsch Hardt Kopf & Harr, P.C. as Counsel for the Committee of Unsecured Creditors Nunc Pro Tunc to April 16, 2020* (the "Application"), pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1, for an Order authorizing the Committee to retain Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt" or the "Firm") as its counsel in the Bankruptcy Case. In support of this Application, the Committee submits the Declaration of John D. Cornwell, a partner at Munsch Hardt (the "Cornwell Declaration"), attached hereto as **Exhibit A** and incorporated by reference herein. In further support of its Application, the Committee respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930) and Sklarco, LLC (5432).

4828-2857-6954v.2

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PROCEDURAL HISTORY

3. On April 1, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its property and continues to operate its business as debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code

4. On April 16, 2020, the Office of the United States Trustee for Region 19 organized and appointed the Committee, consisting of seven members: Stoneham Drilling Corporation; Mesa Fluids, LLC; TPC Cottonwood, L.P.; RAPAD Well Service Company, Inc.; Kelley Brothers Contractors, Inc.; Baker Hughes Company; and FPCC USA, Inc. [Dkt. No. 99].

5. On April 16, 2020, the Committee selected, subject to the Court's approval, Munsch Hardt to serve as its counsel.

## III. RELIEF REQUESTED

6. The Committee seeks to employ and retain Munsch Hardt to perform legal services that will be necessary to protect the Committee's interests in the Bankruptcy Case, effective as of April 16, 2020. Accordingly, the Committee requests the entry of an order, under sections 328(a) and 1103(a) of the Bankruptcy Code and rule 2014 of the Federal Rules of Bankruptcy Procedure, permitting it to employ and retain Munsch Hardt as its counsel.

**A.     Basis for Selection of Counsel**

7. The Committee selected Munsch Hardt as its counsel because Munsch Hardt has extensive experience in, and knowledge of, business reorganizations under chapter 11 of the

Bankruptcy Code, specifically in the area of representing official committees of unsecured creditors. As a full service business law firm with expertise in all areas of commercial and business law, including bankruptcy, reorganization and creditors' rights, corporate, tax, real estate, and litigation, Munsch Hardt is well qualified to represent the interests of the Committee as its legal counsel.

8. Munsch Hardt has particularly relevant experience in significant debt restructurings and large bankruptcy cases. For example, Munsch Hardt has represented: (i) official committees in all facets of chapter 11 bankruptcy cases; (ii) debtors, trustees, committees, examiners, and various other entities in bankruptcy cases on innumerable occasions, with respect to virtually all facets of bankruptcy cases, including but not limited to restructuring plans, debtor-in-possession and exit financing proposals, asset sales, executory contracts, liquidation of claims and claim objections, the assertion and defense of causes of action held by bankruptcy estates, and with respect to all matters relating to contested energy, oil, and gas assets and operations; and (iii) attorneys who themselves have served as bankruptcy trustees and examiners (as well as other estate fiduciaries) and state-court receivers.

9. Attorneys at Munsch Hardt have represented official committees in bankruptcy cases, including in the following cases: (i) Epic Companies, LLC, *et al*.; (ii) Lockwood Holdings, Inc., *et* al; (iii) Rotary Drilling Tools USA, LLC, (iv) Sneed Shipbuilding, Inc.; (v) Kitty Hawk, Inc.; (vi) BFN Operations, LLC, *et al*; (vii) Life Partners Holdings, Inc., *et al*.; (viii) CEI Roofing, Inc., *et al*.; (ix) Centennial Beverage Group, LLC, *et al*.; (x) Gainesville Hospital District, d/b/a

North Texas Medical Center; (xi) Heartland Automotive Holdings, Inc., *et al.*; (xii) Cordillera Golf Club, LLC; and (xiii) Frankie V's Kitchen, LLC.

**B.     Services to be Rendered**

10.     The professional services that Munsch Hardt will render to the Committee, as its general bankruptcy counsel, include, among other things:

i. Serving as attorneys of record for the Committee generally in all aspects, which may include adversary proceedings commenced in connection with the Bankruptcy Case, and providing representation and legal advice to the Committee throughout its tenure;

ii. Assisting, advising, and representing the Committee with respect to the administration of the Bankruptcy Case, including consulting with the Debtor, any other estate fiduciaries and professionals, major creditor constituencies, and the UST;

iii. Providing all necessary legal advice with respect to the Committee's powers and duties;

iv. Assisting the Committee in working to maximize the value of the Debtor's assets for the benefit of the Debtor's unsecured creditors;

v. Assisting the Committee with respect to evaluating and negotiating a plan of reorganization and, if necessary, either challenging or supporting, as appropriate, the confirmation of a plan and the approval of a disclosure statement;

vi. Conducting any investigation, as the Committee deems appropriate, concerning, among other things, the assets, liabilities, financial condition, and operations of the Debtor;

vii. Commencing and prosecuting any and all necessary and appropriate actions and/or proceedings on behalf of the Committee in the Bankruptcy Case;

viii. Preparing, on behalf of the Committee, necessary applications, pleadings, responses, correspondence, motions, answers, orders, reports, and other legal papers;

ix. Communicating with the Committee's members, constituents, and others as the Committee may consider necessary or desirable in furtherance of its responsibilities;

      x.      Appearing before this Court and any appellate courts or other courts having jurisdiction over any matter associated with the Bankruptcy Case in order to represent the interests of the Committee; and

      xi.      Performing all other legal services for the Committee which are appropriate, necessary, and proper in connection with the Bankruptcy Case in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

11.    Subject to this Court's approval of the Application, Munsch Hardt is willing to serve as the Committee's counsel in the Bankruptcy Case and to perform these services.

C.    **Compensation and Reimbursement**

12.    The Committee proposes to retain Munsch Hardt on a customary hourly rate basis, subject in all respects to this Court's authorization for payment. Munsch Hardt's customary hourly rates of attorneys and paralegals for a representation of this nature as of the filing of this Application range as follows:

$370 to $700 for shareholders;
$270 to $400 for associates; and
$170 to $280 for paralegals.

13.    Munsch Hardt's rates are adjusted on a periodic basis. Munsch Hardt will not charge the Committee at a rate for its services greater than the standard rates that Munsch Hardt charges its clients for similar engagements.

14.    Munsch Hardt's billing rates are consistent with, if not lower than, rates charged by other professionals in the District of Colorado with similar experience. These rates are set at a level designed to compensate Munsch Hardt for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Munsch Hardt's hourly rates for the attorneys who it anticipates will primarily work on this matter are:

Chris Johnson, Shareholder        $550.00 per hour
John Cornwell, Shareholder        $480.00 per hour
Grant Beiner, Associate            $270.00 per hour.

15. The above-listed attorneys who will primarily provide services to the Committee are duly licensed and are admitted to practice law in the District and Bankruptcy Courts for the District of Colorado, as well as in the State of Texas and each of its Federal Districts. As necessary, certain other attorneys and/or paraprofessionals may provide services in connection with the engagement.

16. Subject to the Court's approval, all of Munsch Hardt's out-of-pocket expenses shall be reimbursed by the Debtors estate. These expenses include, but are not limited to facsimile charges, photocopying, travel, parking, business meals, computerized research, UCC searches, messengers, couriers, postage, filing fees, and other fees related to trials and hearings. Munsch Hardt will charge for all such actual and necessary expenses in a manner and at rates consistent with charges made generally to Munsch Hardt's other clients and consistent with the applicable rules, including the United States Trustee guidelines relating to such charges.

17. Munsch Hardt will apply to the Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, and the local rules.

18. As set forth in the Cornwell Declaration in support of this Application: (i) Munsch Hardt has no agreement with any other entity to share any compensation received, and no such agreement will be made, except as permitted under section 504(b)(1) of the Bankruptcy Code; and (ii) no attorney at Munsch Hardt is related to any United States Bankruptcy Judge or United States District Court Judge for the District of Colorado or to the UST. Munsch Hardt has received no prior consideration to act as counsel for the Committee.

**D.  Disinterestedness of Munsch Hardt**

19. To the best of the Committee's and Munsch Hardt's knowledge, information, and belief, other than as set forth herein and in the Cornwell Declaration: (i) Munsch Hardt does not

hold or represent any interest adverse to the Debtor's estate; (ii) Munsch Hardt is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code; (iii) neither Munsch Hardt nor its professionals have any connection with the Debtor, its creditors, or any other party-in-interest; and (iv) Munsch Hardt's employment is necessary and in the best interests of the Committee and the Debtor's estate.

20. As set forth in the Cornwell Declaration, Munsch Hardt may have rendered, or may now be rendering, legal services to certain creditors or other parties-in-interest, or may have been, or may now be involved, in projects in which attorneys or accountants for these creditors or parties-in-interest were involved and in matters unrelated to the Debtor and the Committee. None of the services provided, however, include any matters related to the Bankruptcy Case, and none constitute an interest materially adverse to the bankruptcy estate. Moreover, as part of its practice, Munsch Hardt appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent creditors and parties-in-interest in the Bankruptcy Case. Munsch Hardt has not, and will not, represent any such entities in relation to the Bankruptcy Case.

21. As further set forth in the Cornwell Declaration, Munsch Hardt has conducted an internal conflicts search. In conducting its customary conflicts review, Munsch Hardt has included all creditors of the Debtor listed on the matrix filed with the Debtor's petition. Munsch Hardt will supplement its conflicts check as additional creditors are disclosed and will promptly disclose to the Court any other connections that Munsch Hardt discovers it has or has had with any such creditors of the Debtor's estate pursuant thereto.

### IV. *NUNC PRO TUNC* REQUESTED

22. The Committee requested that Munsch Hardt immediately commence work for the Committee in connection with this case because of the pending motions scheduled for hearings

and other pending matters in which the Committee has an interest. As such, services were immediately undertaken by Munsch Hardt upon its selection as Committee counsel in order to gain an understanding of this case, enable positions to be taken on the pending motions, and to engage with the Debtor's and secured lender's respective counsel on matters of immediate urgency, including, but not limited to, the Debtor's cash collateral motion and other first-day motions.

23. Accordingly, because of these extraordinary circumstances, the Committee seeks this Court's approval of its retention of Munsch Hardt *nunc pro tunc* to April 16, 2020, the first date on which Munsch Hardt performed services for the Committee, pursuant to Local Rule 2014-1(c).

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Committee respectfully requests entry of an order (i) approving this Application; (ii) authorizing the Committee to employ and retain Munsch Hardt, effective as of April 16, 2020, in accordance with this Application; and (iii) granting such other and further relief as the Court may deem just and proper.

Respectfully Submitted this 22nd day of April, 2020.

> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SKLAR EXPLORATION COMPANY, LLC
>
> By: */s/ Heather Stickel*
> Heather Stickel, as Chairperson on Behalf of Stoneham Drilling Corporation
>
> On Behalf of the Official Committee of Unsecured Creditors of Sklar Exploration Company, LLC

4828-2857-6954v.2

**CERTIFICATE OF SERVICE**

    This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on April 22, 2020.

                                                      */s/ John D. Cornwell*
                                                      John D. Cornwell