IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: § | | Chapter 11 |
| § | | |
| SKLAR EXPLORATION COMPANY, § | | Case No. 20-12377-EBB |
| LLC, *et al.*,[1] § | | |
| § | | |
| Debtors. § | | (Jointly Administered) |

**DECLARATION AND STATEMENT OF JOHN D. CORNWELL IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MUNSCH HARDT KOPF & HARR, P.C. AS COUNSEL FOR THE COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO APRIL 16, 2020**

I, John D. Cornwell, do hereby declare as follows:

1.  I am over twenty-one (21) years of age, of sound mind, and capable of making this Declaration.

2.  I am a Shareholder at the law firm of Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt" or the "Firm"), and am duly authorized to make this Declaration (the "Declaration") on behalf of Munsch Hardt. I am an attorney admitted to practice law in the State and Federal courts of Texas and I am also admitted to practice law in the District and Bankruptcy Courts for the District of Colorado.

3.  I make this Declaration in support of the *Application for an Order Authorizing the Retention and Employment of Munsch Hardt Kopf & Harr, P.C. as Counsel for the Committee of Unsecured Creditors Nunc Pro Tunc to April 16, 2020* (the "Application").[2]

4.  Except as otherwise set forth herein, all facts set forth in this Declaration are based upon my personal knowledge or derived from information available to me which I believe to be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930), and Sklarco, LLC (5432).

[2] Terms not otherwise defined herein maintain the definitions previously described to them in the Application.

4850-2658-9370v.4

true and correct. I will supplement this Declaration if pertinent additional information becomes available to me concerning any relationship between Munsch Hardt and the creditors of, or interest holders in, the Debtor.

## QUALIFICATION OF COUNSEL AND COMPENSATION

5. As set forth in the Application, on April 16, 2020, Munsch Hardt was retained, subject to the Court's approval, as the Committee's counsel. Munsch Hardt immediately began rendering services to and for the Committee.

6. Munsch Hardt maintains its offices at 700 Milam Street, Suite 2700, Houston, Texas 77002, Telephone 713- 222-1470, Facsimile 713-222-1475; at 500 North Akard Street, Suite 3800, Dallas, Texas 75201, Telephone 214-855-7500, Facsimile 214-855-7584; and at 303 Colorado Street, Suite 2600, Austin, Texas 78701, Telephone 512-391-6100, Facsimile 512-391-6149.

7. I am admitted and in good standing to practice law before the Courts of the State of Texas and the United States District and Bankruptcy Courts for the Northern, Eastern, Southern, and Western Districts of Texas, as well as the District and Bankruptcy Courts for the District of Colorado. The other attorneys of Munsch Hardt who are designated in the Application as most likely to appear in this representation are also admitted to practice in the State of Texas and each of its Federal Districts, as well as the District and Bankruptcy Courts for the District of Colorado.

8. Munsch Hardt is currently comprised of approximately one hundred and forty lawyers, and its client base includes many public and private corporations, partnerships, governmental entities, banks, insurance companies, non-profit organizations, and individuals. Munsch Hardt has expertise in many fields of law, including bankruptcy, business reorganization, restructuring, complex litigation, and creditors' rights.

9. Munsch Hardt has substantial experience in the field of chapter 11 bankruptcy cases and committee representations in chapter 11 cases. Other attorneys at Munsch Hardt and I have represented debtors, committees, trustees, secured and unsecured creditors, and significant stakeholders in numerous other chapter 11 cases in Texas and nationally. Other attorneys at Munsch Hardt and I have received numerous awards and recognition for our reorganization services, have published numerous scholarly reorganization articles, and have spoken at multiple professional seminars on bankruptcy related topics.

10. Munsch Hardt has represented official committees in the following chapter 11 bankruptcy cases: (i) Epic Companies, LLC, *et al.*; (ii) Lockwood Holdings, Inc., *et al.*; (iii) Rotary Drilling Tools USA, LLC, (iv) Sneed Shipbuilding, Inc.; (v) Kitty Hawk, Inc.; (vi) BFN Operations, LLC, *et al.*; (vii) Life Partners Holdings, Inc., *et al.*; (viii) CEI Roofing, Inc., *et al.*; (ix) Centennial Beverage Group, LLC, *et al.*; (x) Gainesville Hospital District, d/b/a North Texas Medical Center; (xi) Heartland Automotive Holdings, Inc., *et al.*; (xii) Cordillera Golf Club, LLC; and (xiii) Frankie V's Kitchen, LLC.

11. The Committee has requested that Munsch Hardt render professional services as described in the Application. Subject to the Court's approval of the Application, Munsch Hardt is willing to serve as the Committee's counsel and to perform such services.

**COMPENSATION AND REIMBURSEMENT**

12. Subject to the Court's approval, Munsch Hardt will bill for its legal services on an hourly basis in accordance with its established hourly rates for work of this nature, at rates in effect on the date the services are rendered and as agreed to by Munsch Hardt in this Bankruptcy Case, and which are no less favorable than the rates customarily afforded by Munsch Hardt for similar engagements. The range of rates charged by members of Munsch Hardt and the current rates charged by the members of Munsch Hardt assigned primarily to render services

4850-2658-9370v.4

on behalf of the Committee are set forth in the Application and this Declaration, respectively, but may change from time to time in accordance with Munsch Hardt's established, general billing practices and procedures. I anticipate that the attorneys who will primarily work on this matter, and their current respective hourly billing rates, are as follows:

        Chris Johnson, Shareholder        $550.00 per hour
        John Cornwell, Shareholder       $480.00 per hour
        Grant Beiner, Associate          $270.00 per hour.

13.    I believe that the foregoing billing rates are consistent with, if not lower than, rates charged by other professionals in this District and in cases of similar size and complexity. These rates are set at a level designed to compensate Munsch Hardt for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Munsch Hardt will request reimbursement of actual out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

14.    Munsch Hardt will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering legal services for the Committee as described in the Application and in accordance with the rules of this Court.

15.    Subject to the Court's approval, all of Munsch Hardt's out-of-pocket expenses shall be reimbursed by the Debtors estate. These expenses include, but are not limited to, costs for facsimile charges, photocopying, travel, parking, business meals, computerized research, UCC searches, messengers, couriers, postage, filing fees, and other fees related to trials and hearings. Munsch Hardt will charge for all such actual and necessary expenses in a manner and at rates consistent with charges made generally to Munsch Hardt's other clients and consistent with the applicable rules.

16. Munsch Hardt has no agreement with any other entity to share any compensation received, and no such agreement will be made, except as permitted under section 504(b)(l) of the Bankruptcy Code. Munsch Hardt has received no prior consideration to act as counsel for the Committee.

## DISINTERESTEDNESS OF COUNSEL

17. Relying on the available disclosures of creditors and parties-in-interest involved in the Bankruptcy Case as filed by the Debtor with its bankruptcy petition and subsequently on the docket of the Bankruptcy Case, current as of the date of this Declaration, Munsch Hardt has utilized its customary procedures for determining disinterestedness to serve as counsel for the Committee, including conducting a computer search of its records regarding active and inactive client files maintained for the purpose of identifying clients and potentially adverse parties.

18. In addition, each attorney and paraprofessional employed by Munsch Hardt was given written notice of Munch Hardt's potential engagement by the Committee and of all known parties having a potentially material adverse interest, and were requested to provide return notification if such person was aware of any conflict.

19. I have reviewed the results of the foregoing efforts to determine the existence of any interests adverse to the Debtor's estate or which would otherwise create a conflict of interest in connection with Munsch Hardt's engagement in this matter. Munsch Hardt does not have any interest adverse to the estate or which would otherwise create a conflict of interest in connection with such engagement.

20. Based upon my review, and except as further noted in this Declaration, it is my belief, to the best of my knowledge, that the shareholders, associates, and other counsel at

Munsch Hardt: (i) do not have any connection with the Debtor or its creditors or parties-in-interest; (ii) do not have any connection with the United States Trustee or any person employed by the Office of the United States Trustee, the United States Bankruptcy Judge presiding over the Bankruptcy Case or any United States District Court Judge for the Southern District of Texas; (iii) are "disinterested persons," as defined in section 101(14) of the Bankruptcy Code; and (iv) do not hold or represent any interest adverse to the Debtor's estate.

21. Accordingly, I have evaluated, on behalf of Munsch Hardt, that no actual or potential conflicts of interest exist. In conducting the customary conflicts review, I and Munsch Hardt believe it is nonetheless possible that not all creditors of the estates are known, and thus not all creditors have been vetted through Munsch Hardt's conflicts identification system. Consequently, although reasonable efforts have been made to discover and eliminate the possibility of any conflict, Munsch Hardt is unable to state with absolutely certainty whether one of its clients or any affiliated entity holds a claim or is otherwise a party-in-interest in this Bankruptcy Case.

22. Munsch Hardt will supplement its conflicts check as the names of additional creditors are disclosed, and if Munsch Hardt discovers any conflict of interest in the future, or any information that is contrary to or pertinent to the statements made herein, Munsch Hardt will disclose such information to the Committee, the Debtor, the United States Trustee, other parties-in-interest, and the Court.

23. Further, due to the diversity of Munsch Hardt's practice areas, Munsch Hardt has previously rendered legal services to certain creditors or other interested parties, or may have been or may now be involved in projects in which attorneys or accountants for these creditors or interested parties were involved, in matters unrelated to the Debtor and the Committee. None of

the services, however, include any matter related to this Bankruptcy Case and none, to my knowledge, constitute an interest materially adverse to the Debtor's estate.

24. Moreover, as part of its practice, Munsch Hardt appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now or may in the future represent creditors and parties-in- interest in this Bankruptcy Case. Munsch Hardt has not, and will not, represent any such entities in relation to this Bankruptcy Case, nor does Munsch Hardt have any relationship with any such entities that would be adverse to the Committee in the matters upon which Munsch Hardt is to be employed.

25. In light of the foregoing, I believe Munsch Hardt is disinterested within the meaning of section 101(14) of the Bankruptcy Code, and that the employment of Munsch Hardt as counsel for the Committee is appropriate, in the best interests of the Debtor's estate, and should be approved.

26. I reserve the right to supplement this Declaration, as necessary and appropriate.

Dated: April 22, 2020.

MUNSCH HARDT KOPF & HARR, P.C.

*/s/ John D. Cornwell*
John D. Cornwell
Tex. Bar No. 24050450
700 Milam Street, Suite 2700
Houston, Texas 77002
713-222-1470 (tel.)
713-222-1475 (fax)
jcornwell@munsch.com
