# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | Case No. 20-12377-EEB |
| | Chapter 11 |
| SKLAR EXPLORATION COMPANY, LLC | |
| EIN: 72-1417930 | |
| | |
| Debtor | |
| _____ | |
| | |
| SKLARCO, LLC | Case No. 20-12380-EEB |
| EIN: 72-1425432 | Chapter 11 |
| | |
| Debtor | *Jointly Administered Under Case No. 20-12377-EEB* |

**AMENDED LIMITED OBJECTION, JOINDER, AND RESERVATION OF RIGHTS OF FRANKS EXPLORATION COMPANY, LLC, BUNDERO INVESTMENT COMPANY, LLC, KINGSTON, LLC, AEH INVESTMENTS, LLC, J & A HARRIS, LP, HUGHES OIL SOUTH, LLC, KMR INVESTMENTS, LLC, AND TOMMY YOUNGBLOOD TO THE DEBTORS' MOTION TO (1) HONOR AND PAY OVERRIDING ROYALTY, ROYALTY, AND WORKING INTEREST OBLIGATIONS, AND (2) OFFSET JOINT INTEREST BILLING OBLIGATIONS**
(*relates to Rec. Doc. 37*)

NOW INTO COURT, through undersigned counsel, comes FRANKS EXPLORATION COMPANY, LLC, BUNDERO INVESTMENT COMPANY, LLC, KINGSTON, LLC, AEH INVESTMENT, LLC, J & A HARRIS, LP, HUGHES OIL SOUTH, LLC, KMR INVESTMENTS, LLC, and TOMMY YOUNGBLOOD (the "Amended Objecting Parties"), creditors and parties-in-interest, which file this amended limited objection, joinder, and reservation of rights with respect to the motion of Sklar Exploration Company, LLC, and Sklarco, LLC (jointly "Debtors"), to (1) honor and pay overriding royalty, royalty, and working interest obligations and (2) offset joint interest billing obligations (Rec. Doc. 37) and in support thereof state as follows:

## I. BACKGROUND

1. On April 1, 2020, the Debtors filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code.

2. On April 6, 2020, the Debtors filed a motion to (1) honor and pay overriding royalty, royalty, and working interest obligations and (2) offset joint interest billing obligations (the "Motion"). See Rec. Doc. 37.

3. On April 20, 2020, undersigned counsel filed a notice of appearance and request for service of notices and pleadings on behalf of (i) Franks Exploration Company, LLC, (ii) Bundero Investment Company, LLC, (iii) Kingston, LLC, (4) AEH Investments, LLC, and (iv) J & A Harris, LP. See Rec. Doc. 115.

4. On April 20, 2020, Franks Exploration Company, LLC, AEH Investments, LLC, and J & A Harris, LP, filed a limited objection, joinder, and reservation of rights to the Motion (the "First Objection"). See Rec. Doc. 118.

5. On April 22, 2020, undersigned counsel filed a first supplemental notice of appearance and request for service of notices and pleadings on behalf of the following additional client: (i) Hughes Oil South, LLC, (ii) KMR Investments, LLC, and (iii) Tommy Youngblood (Rec. Doc. 141); and a supplemental verified statement of multiple representation pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure. See Rec. Doc. 142.

6. The Amended Objecting Parties file this amended limited objection, joinder, and reservation of rights to amend the First Objection, and add (i) Hughes Oil South, LLC, (ii) KMR Investments, LLC, (iii) Tommy Youngblood, (iv) Bundero Investment Company, LLC, and (v) Kingston, LLC, as additional objectors to the Motion.

7. The Debtors and the Amended Objecting Parties are parties to one or more of the

following unit operating agreements (the "Unit Operating Agreements"): (i) Unit Operating Agreement, Southwest Brooklyn Oil Unit, Brooklyn Field, Conecuh and Escambia Counties, Alabama (see Exhibit A); (ii) Unit Operating Agreement, Southeast Brooklyn Oil Unit, Brooklyn Field, Conecuh and Escambia Counties, Alabama (see Exhibit B); and (iii) other joint operating agreements.

8. Under the Unit Operating Agreements, the Amended Objecting Parties are non-operating working interest owner in the subject properties (collectively, the "Units" and, singularly, a "Unit").

9. Under the Unit Operating Agreements, as the operator of the Units, Sklar Exploration Company, LLC ("SEC"), is obligated to market and sell oil and gas production on behalf of the Amended Objecting Parties and the other working interest owners in the Units (collectively, the "WI Owners" and, singularly, a "WI Owner").

10. SEC collects revenues generated from the Units on behalf of the WI Owners, including the Amended Objecting Parties, and remits payments to each WI Owner on a monthly basis in proportion to its ownership share.

11. Under the Unit Operating Agreements, each WI Owner is responsible for its pro rata share of unit operating expenses.

12. As the operator of each Unit, SEC, incurs unit operating expenses and bills each WI Owner for its pro rata share of the same via a monthly joint interest billing statement ("JIB").

13. The Unit Operating Agreements do not provide SEC with the right to offset each WI Owner's monthly JIB expenses against revenue.

14. Rather, the Unit Operating Agreements provide that all charges, credits, and accounting for unit expenses shall be in accordance with the standard-form 2005 COPAS (Council

of Petroleum Accountants Societies) Accounting Procedures for Joint Operations, a copy of which is attached to each Unit Operating Agreement ("2005 COPAS Standard").

15. Section I.3 of the 2005 COPAS Standard provides a procedure whereby a unit operator provides each non-operating working interest owner a monthly JIB, and the working interest owner is obligated to pay the JIB within 15 days, subject to the working interest owner's right to review the JIB and withhold certain contested or erroneous charges.

16. Specifically, section I.3 of the 2005 COPAS Standard states:

3. ADVANCES AND PAYMENTS BY THE PARTIES

A. Unless otherwise provided for in the Agreement, the Operator may require the Non-Operators to advance their share of the estimated cash outlay for the succeeding month's operations within fifteen (15) days after receipt of the advance request or by the first day of the month for which the advance is required, whichever is later. The Operator shall adjust each monthly billing to reflect advances received from the Non-Operators for such month. If a refund is due, the Operator shall apply the amount to be refunded in the subsequent month's billing or advance, unless the Non-Operator sends the Operator a written request for a cash refund. The Operator shall remit the refund to the Non-Operator within fifteen (15) days of receipt of such written request.

B. Except as provided below, each Party shall pay its proportionate share of all bills in full within fifteen (15) days of receipt date. If payment is not made within such time, the unpaid balance shall bear interest, compounded monthly at the prime rate published by the Wall Street Journal on the first day of each month the payment is delinquent, plus three percent (3%), per annum, or the maximum contract rate permitted by the applicable usury Laws governing the Joint Property, whichever is the lower, plus attorney's fees, court costs, and other costs in connection with the collection of unpaid amounts. If the Wall Street Journal ceases to be published or discontinues publishing a prime rate, the unpaid balance shall bear interest compounded monthly at the prime rate published by the Federal Reserve plus three percent (3%), per annum. Interest shall begin accruing on the first day of the month in which the payment was due. Payment shall not be reduced or delayed as a result of inquiries or anticipated credits unless the Operator has agreed. Notwithstanding the foregoing, the Non-Operator may reduce payment, provided it furnishes documentation and explanation to the Operator at the time payment is made, to the extent such reduction is caused by:

(1) Being billed at an incorrect working interest or Participating Interest that is higher than such Non-Operator's actual working interest or Participating Interest, as applicable; or

(2) Being billed for a project or AFE requiring approval of the Parties under the Agreement that the Non-Operator has not approved or is not otherwise obligated to pay under the Agreement; or

(3) Being billed for a property in which the Non-Operator no longer owns a working interest, provided the Non-Operator has furnished the Operator a copy of the recorded assignment or letter in-lieu. Notwithstanding the foregoing, the Non-Operator shall remain responsible for paying bills attributable to the interest it sold or transferred for any bills rendered during the thirty (30) day period following the Operator's receipt for such written notice; or

(4) Charges outside the adjustment period, as provided in Section 1.4 (Adjustments).

17. The right to review and withhold certain JIB expenses under section I.3 of the 2005 COPAS Standard is a valuable, bargained-for contractual right.

18. Prior to the date of the Petition, SEC did not offset the Amended Objecting Parties' share of unit expenses against their share of unit revenue.

19. Rather, SEC sent the Amended Objecting Parties separate revenue statements and JIBs for each Unit, allowing the Amended Objecting Parties to exercise the Objecting Parties' rights under section I.3 of the 2005 COPAS Standard to review and withhold certain JIB expenses.

## II.  LIMITED OBJECTION

20. In the Motion, the Debtors request authorization, <u>inter alia</u>, "to offset JIBs from any cash call advance liabilities and/or revenue payments." Rec. Doc. 27 at ¶ 13.

21. Although it is not clear from the Motion, the Debtors may be requesting offset authorization on both a current and prospective (or go-forward) basis.

22. The Amended Objecting Parties do not oppose the Debtors request to offset JIB

expenses from existing cash call advance liabilities, i.e., funds (or balance sheet "liabilities") that SEC holds on behalf of WI Owners that represent the prepayment of JIBs.

23. However, with respect to JIBs that have not been prepaid and/or future JIBs, the Amended Objecting Parties objects to the Debtors' request for authorization to offset monthly JIB expenses against revenue.

24. Although SEC contends that it will continue to account to the WI Owners for all offsets in monthly statements and that allowing it to offset "is in the best interests of the Debtors, their estate, and their creditors" (Rec. Doc. 37 at ¶¶ 26-27), the Debtors' request is (i) contrary to pre-petition practice and (ii) contrary to the WI Owners' contractual rights under section I.3 of the 2005 COPAS Standard.

25. As a matter of corporate and personal policy, the Amended Objecting Parties do not permit operators with which they has a joint operating agreements to offset monthly JIB expenses against revenue.

26. Allowing the Debtors to offset JIB expenses, without providing the customary notice to the WI Owners via monthly JIBs, severely compromises the WI Owners' right to timely review and withhold certain JIB expenses based on one of the above four criteria recognized by section I.3 of the 2005 COPAS Standard.

27. Exercising their rights under section I.3 of the 2005 COPAS Standard, is one of the primary means by which non-operating working interest owners protect their interests in jointly owned properties, enforce their rights under joint operating agreements, and avoid abuse by operators.

28. The Debtors' purported interest in "reducing costs" and "streamlining accounting" does not outweigh the Amended Objecting Parties and the other WI Owners' interest in reviewing

and withholding certain JIB expenses in the ordinary course of business.

29. Under the Unit Operating Agreements, JIB expenses must still be paid by WI Owners with 15 days of receipt of the JIB.

### III.  JOINDER

The Amended Objecting Parties join in Lucas Petroleum Group, Inc., Anderson Exploration Energy Company, L.C., and TCP Cottonwood, L.P.'s limited objections to the Motion, as previously submitted by the aforementioned creditors on April 9, 2020 (Rec. Docs. 67 & 71), and any other similar objections to the extent that such objections are not inconsistent with the Amended Objecting Parties' amended limited objection.

### IV.  RESERVATION OF RIGHTS

The Amended Objecting Parties make no admission of fact or law and reserve all rights, claims, objections and defenses that may be available to it before this Court and any other court with competent jurisdiction over the parties and the matters at issue.  The Amended Objecting Parties reserve any and all rights to supplement or amend this limited objection.

WHEREFORE, objectors, FRANKS EXPLORATION COMPANY, LLC, BUNDERO INVESTMENT COMPANY, LLC, KINGSTON, LLC,  AEH INVESTMENT, LLC, J & A HARRIS, LP, HUGHES OIL SOUTH, LLC, KMR INVESTMENTS, LLC, and TOMMY YOUNGBLOOD, pray that, after due consideration, the Court deny the Debtor's request to offset month JIB expenses against revenues owed to the Amended Objecting Parties and other similarly-stated WI Owners, and order SEC to continue its pre-petition practice and industry recognized standard of providing monthly joint interest billing statements to the Amended Objecting Parties and other similarly-situated WI Owners, subject to the WI Owners' rights pursuant to the 2005 COPAS Standard.

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation


By: s/ Jordan B. Bird
    Jordan B. Bird
    La. Bar Roll No. 32344

333 Texas Street, Suite 1700
P.O. Box 22260
Shreveport, La 71120-2260
Telephone: (318) 221-6277
Direct Dial: (318) 227-7751
Facsimile: (318) 227-7850
Email: jordan.bird@cookyancey.com

ATTORNEYS FOR FRANKS EXPLORATION COMPANY, LLC, BUNDERO INVESTMENT COMPANY, LLC, KINGSTON, LLC, AEH INVESTMENTS, LLC, J & A HARRIS, LP, HUGHES OIL SOUTH, LLC, KMR INVESTMENTS, LLC, AND TOMMY YOUNGBLOOD

**CERTIFICATE**

I HEREBY CERTIFY that I electronically filed the foregoing *Amended Limited Objection, Joinder, and Reservation of Rights of Franks Exploration Company, LLC, Bundero Investments, LLC, Kingston, LLC, AEH Investments, LLC, J & A Harris, LP, Hughes Oil South, LLC, KMR Investments, LLC, and Tommy Youngblood, to the Debtors' Motion to (1) Honor and Pay Overriding Royalty, Royalty, and Working Interest Obligations, and (2) Offset Joint Interest Billing Obligations* with the Clerk of Court using the Court's electronic filing system. Notice of this filing was sent to all counsel of record and parties-in-interest by operation of the Court's electronic filing system at the email address registered with the Court.

Shreveport, Louisiana, this 22nd day of April, 2020.

s/ Jordan B. Bird
OF COUNSEL