# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SKLAR EXPLORATION COMPANY, LLC ) | Case No. 20-12377 EEB |
| ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | Case No. 20-12380 EEB |
| SKLARCO, LLC ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | (Jointly Administered) |

### LIMITED OBJECTION OF BRI-CHEM SUPPLY CORP., LLC TO MOTION FOR AUTHORITY TO USE CASH COLLATERAL

Bri-Chem Supply Corp., LLC, ("**Bri-Chem**"), hereby files its Limited Objection to the Debtors' *Motion for Authority to Use Cash Collateral on An Interim and Final Basis* [Docket No. 34] ("**Cash Collateral Motion**"), and respectfully states as follows:

### I. BACKGROUND

1. The Debtors filed their voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code ("**Case**") on April 1, 2020 ("**Petition Date**"), and they remain as debtors-in-possession.

2. Bri-Chem is a well servicing company. Pre-petition, and per an executed Term Sheet between itself and Mesa Fluids, LLC ("**Mesa**"), Mesa contracted with Bri-Chem to provide drilling fluids and materials at the Debtor Sklar Exploration Company, LLC's ("**Sklar**") Corwin 5 #1 Well located in Philips County, Montana ("**Montana Well**"). The Montana Well is expected to produce helium gas.

3. Between November 12, 2019 and January 3, 2020, Bri-Chem delivered fluids and materials to the Montana Well. Bri-Chem invoiced Mesa for these fluids and materials, in the amount of $104,580.54 ("**Bri-Chem Invoices**"). However, Mesa has failed to pay any of the Bri-Chem Invoices.

4. Mesa is one of the Sklars' twenty largest unsecured creditors, and according to its recently filed Statements and Schedules, it owes Mesa no less than $992,275.80 on an unsecured basis ("**Mesa Debt**"). Upon information and belief, a portion of the Mesa Debt consists of the Bri-Chem Debt due by Mesa to Bri-Chem. Pursuant to the Bri-Chem Invoices and under Montana law, to the extent Mesa receives any payment from Sklar on account of the work performed on its Montana Well by Bri-Chem (as reflected by the Bri-Chem Lien Statement), Mesa would be obliged and required to pay those funds directly to Bri-Chem.

5. Sklar's Schedule G reflects it is a party to a Participation Agreement and Joint Operating Agreement with respect to its Montana Well (*See*, Sklar's Schedule G [Dckt. No. 106], pp.16 and 22).

6. On April 10, 2020, Bri-Chem sent Mesa a letter demanding payment in full for the amount due under the Bri-Chem Invoices. Mesa failed to reply or pay and on April 16, 2020 (pursuant to Title 71, Chapter 3, Part 10 of the Montana Code, related to labor and material liens on Oil and Gas Wells and Pipelines), Bri-Chem filed a Statement of Lien against the Montana Well in Phillips County, Montana, in the amount of $104,580.94 ("**Bri-Chem Lien**").[1] A copy of

---

[1] Pursuant to 11 U.S.C. § 362(b)(3), the automatic stay does not apply "… to any act to perfect, or to maintain or continue the perfection of an interest in property to the extent that the trustee's rights and powers are subject to such perfection under Section 546(b)…". 11 U.S.C. § 362(b)(3). Thus, a creditor is entitled to perfect a materialman lien post-petition without violating the automatic stay imposed by 11 U.S.C. §362, as in the case at bar.

Bri-Chem Statement of Lien is attached hereto as Exhibit Bri-Chem A. The Bri-Chem Lien extends to the following real property, to wit:

| API NO. | Well Name | County | Surface Location Legal |
|---|---|---|---|
| 25071233390000 | Corwin 5 #1 | Phillips | T32N, R33E, Section 5:NENE |

## II. ARGUMENT

7. Sklar has filed its Cash Collateral Motion seeking the ability to use cash subject to liens of certain of its creditors, while it proceeds with its Case.

8. At the present time, the Bri-Chem Lien extends to the Debtors' property interests in the Montana Well. However, Montana law allows Bri-Chem to extend the scope of its lien to revenues received from oil and gas produced from the leasehold, pursuant to § 71-3-1002 of the Montana Code. In order to perfect that lien upon production, Montana law requires Bri-Chem to send notice to the purchasers of any such production.

9. Sklar has advised Bri-Chem that the Montana Well is not yet in production, and that the Montana Governor's March, 2020 "Stay at Home Order" delayed the commencement of such production. However, this is a short-term pause and upon information and belief, Sklar will commence with production at the Montana Well in the near future, as the price of helium is presently stable.

10. Bri-Chem has requested that Sklar provide it with the identity of its expected purchaser(s) of the helium gas to be produced by the Montana Well, and that it be notified when such production starts.

11. To the extent Sklar seeks to use as cash collateral the production revenue generated from the Montana Well or from liquidation of any the Montana Well assets subject to the Bri-Chem lien, Bri-Chem objects. Until Bri-Chem is paid and its lien (and expected lien) is satisfied,

3

production revenues from the Montana Well should not be used for operational purposes or for repayment of cash-calls. Additionally, production revenues should not be used to pay royalties, to pay overriding royalties, or to pay net revenue which may be due to owners or working interest owners in the Montana Well, if such obligations were created after the date Bri-Chem first provided drilling fluids and materials to the Montana Well. Once production starts and Bri-Chem perfects its lien on production revenue realized from the Montana Well, all such revenues will be subject to the Bri-Chem Lien. Those revenues should be held for Bri-Chem's benefit, and should not be used for any other prohibited purpose until the Bri-Chem Lien has been satisfied.

12. The Court should deny any relief that does not preserve Bri-Chem's rights with respect to funds to which its Lien Claim will attach, once production commences. Further, if Sklar has received (or receives) funds for payment of operating expenses from various cash-calls made by Sklar upon third parties to pay the operating expenses of the Montana Well, Sklar should be required to use those cash-call advances only for their intended purpose – namely to pay materialmen such as Bri-Chem. Those cash-call advance funds do not appear to constitute property of the estate. 11 U.S.C. 541(d).

13. Before being able to use Bri-Chem's cash collateral, Sklar is also required to adequately protect the interests of Bri-Chem from diminution. *See*, 11 U.S.C. § 363(e). Sklar bears the burden of demonstrating that adequate protection is being provided to affected creditors such as Bri-Chem, and it has not met that burden. *See*, 11 U.S.C. § 363(p)(1). Sklar has not described how it will adequately protect Bri-Chem (or Mesa) in exchange for any use of the expected Montana Well production revenues, which revenues will constitute cash collateral of Bri-Chem (upon perfection of its lien). As a result, Sklar's Cash Collateral Motion must be denied.

WHEREFORE, Bri-Chem Supply Corp. LLC respectfully requests that the Court deny the Debtors' Motion For Authority to Use Cash Collateral, and for any such other and further relief as this Court deems just and proper.

Dated: April 23, 2020

Respectfully submitted,

**SPENCER FANE LLP**

By: */s/ David M. Miller*
David M. Miller, #17915
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Ph. (303) 839-3800
Fax (303) 839-3838
e-mail: dmiller@spencerfane.com

*Counsel for Bri-Chem Supply Corp., LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 23, 2020, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing.

*/s Nancy Schacht*
Nancy Schacht

5