# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930<br><br>      Debtor-in-Possession. | Case No. 20-12377-EEB<br><br>Chapter 11 |
| IN RE:<br><br>SKLARCO, LLC<br>EIN: 72-1425432<br><br>      Debtor-in-Possession. | Case No. 20-12380-EEB<br><br>Chapter 11 |

## KUDZU PARTIES' OBJECTION TO DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING PAYMENT OF PREPETITION JOINT INTEREST BILLING OBLIGATIONS AS CRITICAL VENDORS

**COMES NOW**, Kudzu Oil Properties, LLC, Alabama Oil Company, and Apple River Investments, LLC (collectively, the "**Kudzu Parties**"), by and through their undersigned counsel Moye White LLP, for their Objection (the "**Objection**") to the Debtors' Motion to for Entry of Order Authorizing Payment of Prepetition Joint Interest Billing Obligations as Critical Vendors (Docket No. 41) (the "**JIB Motion**"). In support of the Objection, the Kudzu Parties state as follows:

### I.  Background

1.  Following statements made on the record at the first day hearing in this Chapter 11 case, the Kudzu Parties have significant concerns regarding the nature, extent and whereabouts of more than $1,100,000 in cash they advanced to the Debtors prepetition. The Kudzu Parties'

advanced cash to the Debtors for the sole and specified purpose of prospecting and drilling oil and gas wells in Alabama, Mississippi and Florida.[1] However, as of the date of this Objection, construction has not yet commenced and it appears highly unlikely that the Debtors are even financially capable of drilling the wells. Further concerning, the Kudzu Parties may remain obligated to advance additional cash in the future if requested by the Debtors or risk forfeiture of their interests.

2. The Kudzu Parties, contemporaneous with the filing of this Objection, have filed their objection to the Debtors' request to use cash collateral requesting that the Court require the Debtors to segregate in a separate bank account: (i) any cash they have already advanced or my advance in the future; and (ii) any revenue that may be owed to the Kudzu Parties on account of their working interests in connection with producing wells operated by the Debtors (the "**Cash Collateral Objection**"). (*See* Docket No. 150).[2] As set forth in the Cash Collateral Objection, the Kudzu Parties assert that both the Cash Advances and Production Revenue are not property of the Debtors' bankruptcy estates and cannot be used as cash collateral. The Kudzu Parties incorporate all arguments and legal authority set forth in the Cash Collateral Objection as if fully set forth herein.

3. As set forth in the JIB Motion, the Debtors request authority "to pay pre-petition JIBs to third-party operators or otherwise offset the amounts owed for pre-petition JIBs against revenue owed to Sklarco for its working interests." (*See* Docket No. 41 at ¶ 8).

---

[1] Apple River Investments, LLC, does not have any interests in Alabama or Florida.

[2] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Cash Collateral Objection.

## II. Objection

4. The Kudzu Parties object to the payment or offsetting of any JIBs to any person to the extent such payment is made from the Kudzu Parties' Cash Advances or from any Production Revenue which the Kudzu Parties assert an interest. As set forth in detail in the Cash Collateral Objection, both the Cash Advances and Production Revenue are not property of the Debtors' bankruptcy estates, pursuant to Sections 541(b)(4)(B) and (d) of the Bankruptcy Code, and cannot be used as cash collateral. First, the Cash Advances are made in furtherance of the narrow and specific purpose of only prospecting and drilling specified wells and must be used solely in accordance therewith. The agreements state that the cash advances never become the property of the Debtors. Second, the Debtors hold only bare naked legal title to the Production Revenue and the Cash Advances and hold such funds in trust for the Kudzu Parties. Accordingly, the Debtors should be prohibited from paying any JIBs, whether arising prepetition or post-petition, with the Kudzu Parties' Cash Advances and/or Production Revenue.

5. Given the Debtors acknowledged prepetition commingling of Cash Advances with their operating funds, the Debtors must be required to show that any payment or offsetting of any JIBs is being made from funds that are not the Kudzu Parties' Cash Advances or Production Revenue.

6. Furthermore, unless and until the Debtors assume some, or all, of the proposed agreements giving rise to the JIB obligations—which necessarily includes payment and cure of all prepetition defaults—payment of any prepetition amounts to any person is premature. Moreover, all counterparties to the agreements cannot be deemed critical vendors unless the particular projects to which they relate are beneficial to the Debtors' estates. Prior to being authorized to

make any prepetition JIB payments to any person, the Court should require the Debtors to exercise their business judgment as to whether the particular party's agreement will be assumed or rejected.

7. Finally, as the Debtors' own lists prove, Sklarco, LLC ("**Sklarco**"), is nothing more than a minority non-operating interest owner in virtually every one of the listed accounts (*i.e.,* Beebe & Beebe $449.70). Those operators are not going to cease operating any wells simply because Sklarco failed to pay its bills. In all likelihood, these bills are probably many months in arrears. What Sklarco seeks to do is, in *its* sole discretion, pay prepetition debt to maintain favor with some operators while denying other creditors the right to be paid. At the same time, the funds to be used to make these payments, more likely than not, will not be from funds that belong to the Debtors' estate. Without proof that the funds are actually funds that belong to the Estate, there should be no such payments at this time. Sklar may start payment of its post-petition debts from its own production revenue and thereby maintain its relationship with these third-party operators.

### III. Joinder

8. To the extent not inconsistent with this Objection, the Kudzu Parties join the objections of other similarly situated working interest owners and creditors.

WHEREFORE, the Kudzu Parties respectfully request that the Court enter an order that prohibits the Debtors from paying any JIBs to any person from the Kudzu Parties' Cash Advances and/or Production Revenue, and for all such other and further relief this Court deems fair and equitable under the circumstances.

Dated: April 23, 2020.	Respectfully submitted,

**ALABAMA OIL COMPANY, APPLE RIVER INVESTMENTS, LLC, AND KUDZU OIL PROPERTIES, LLC**

By:  *s/Timothy M. Swanson*
Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street
6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to Alabama Oil Company, Apple River Investments, LLC, and Kudzu Oil Properties, LLC*

--and--

Craig M. Geno (admission pending)
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to Alabama Oil Company, Apple River Investments, LLC, and Kudzu Oil Properties, LLC*

**Certificate of Service**

    I hereby certify that on this 23rd day of April 2020, I caused the foregoing ***Kudzu Parties' Objection to Debtors' Motion for Entry of Order Authorizing Payment of Prepetition Joint Interest Billing Obligations as Critical Vendors*** to be served *via* CM/ECF to all parties that have filed electronic appearances and requested service in this case.

                                               *s/Timothy M. Swanson*
                                               Timothy M. Swanson