# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SKLAR EXPLORATION COMPANY, LLC ) | Case No. 20-12377-EEB |
| EIN: 72-1417930 ) | |
| ) | Chapter 11 |
| Debtor-in-Possession. ) | |
| ) | |
| IN RE: ) | |
| ) | |
| SKLARCO, LLC ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 ) | |
| ) | Chapter 11 |
| ) | |
| Debtor-in-Possession. ) | |

**KUDZU PARTIES' OBJECTION TO DEBTORS' MOTION TO: 1) HONOR AND PAY OVERRIDING ROYALTY, ROYALTY, AND WORKING INTEREST OBLIGATIONS; AND 2) OFFSET JOINT INTEREST BILLING OBLIGATIONS**

**COMES NOW**, Kudzu Oil Properties, LLC, Alabama Oil Company, and Apple River Investments, LLC (collectively, the "**Kudzu Parties**"), by and through their undersigned counsel Moye White LLP, for their Objection (the "**Objection**") to the Debtors' Motion to: 1) Honor and Pay Overriding Royalty, Royalty, and Working Interest Obligations; and 2) Offset Joint Interest Billing Obligations (Docket No. 37) (the "**ORRI Motion**"). In support of the Objection, the Kudzu Parties state as follows:

### I.    Background

1.     Following statements made on the record at the first day hearing in this Chapter 11 case, the Kudzu Parties have significant concerns regarding the nature, extent and whereabouts of more than $1,100,000 in cash they advanced to the Debtors prepetition.  The Kudzu Parties'

advanced cash to the Debtors for the sole and specified purpose of prospecting and drilling an oil and gas wells in Mississippi, Florida and Alabama.[1]  However, as of the date of this Objection, construction has not yet commenced and it appears highly unlikely that the Debtors are even financially capable of drilling the wells.  Further concerning, the Kudzu Parties may remain obligated to advance additional cash in the future if requested by the Debtors or risk forfeiture of their interests.

2. The Kudzu Parties, contemporaneous with the filing of this Objection, have filed their objection to the Debtors' request to use cash collateral requesting that the Court require the Debtors to segregate in a separate bank account: (i) any cash they have already advanced or my advance in the future; and (ii) any revenue that may be owed to the Kudzu Parties on account of their working interests in connection with producing wells operated by the Debtors (the "**Cash Collateral Objection**").  (*See* Docket No. 150).[2]  As set forth in the Cash Collateral Objection, the Kudzu Parties assert that both the Cash Advances and Production Revenue are not property of the Debtors' bankruptcy estates and cannot be used as cash collateral.  The Kudzu Parties incorporate all arguments and legal authority set forth in the Cash Collateral Objection as if fully set forth herein.

3. As set forth in the ORRI Motion, "[i]n the ordinary course of business, SEC collects and sells all produced oil, gas, and gas condensate, collects revenue, and distributes revenue to the holders of interest in the operated properties (the "**Revenue Payables**")."  (Docket No. 37 at ¶ 9).

---

[1] Apple River Investments, LLC, does not have any interests in Alabama or Florida.

[2] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Cash Collateral Objection.

4. The Debtors request authority to "honor and pay, in their sole discretion, the Revenue Payables owed on the Petition Date and to offset JIBs from any cash call advance liabilities and/or revenue payments." (*Id*. at ¶ 13).

5. The Debtors propose to pay Revenue Payables to: (i) Apple River Investments, LLC ("**Apple**"), $23,283.97; and (ii) Alabama Oil Company ("**Alabama**"), $ 21,248.03. (Docket No. 37-1 at p. 1). Furthermore, the Debtors have omitted Kudzu Oil Properties, LLC ("**Kudzu**"), from receiving any payment to which Kudzu estimates that it is owed approximately $200,000.

## II. Objection

6. The Kudzu Parties do not object to the Revenue Payables to Apple and Alabama in their respective amounts as proposed in the ORRI Motion so long as Kudzu also receives payment it is due.

7. Notwithstanding, the Kudzu Parties object to the payment or offsetting of any Revenue Payables to any person to the extent such payment is made from the Kudzu Parties' Cash Advances or from any Production Revenue which the Kudzu Parties assert an interest. As set forth in detail in the Cash Collateral Objection, both the Cash Advances and Production Revenue are not property of the Debtors' bankruptcy estates, pursuant to Sections 541(b)(4)(B) and (d) of the Bankruptcy Code, and cannot be used as cash collateral. First, the Cash Advances are made in furtherance of the narrow and specific purpose of only prospecting and drilling the Initial Well and must be used solely in accordance therewith. Second, the Debtors hold only bare naked legal title in the Production Revenue and hold such revenue in trust for the Kudzu Parties. Accordingly, the Debtors should be prohibited from paying any Revenue Payables, whether arising prepetition or post-petition, with the Kudzu Parties' Cash Advances and/or Production Revenue.

8. Given the Debtors acknowledged prepetition commingling of Cash Advances with their operating funds, the Debtors must be required to show that any payment or offsetting of any Revenue Payables is being made from funds that are not the Kudzu Parties' Cash Advances or Production Revenue.

9. Moreover, the Debtors should not be given the "sole discretion", let alone any discretion, to choose which Revenue Payables are paid and not paid as contemplated in the proposed order to the ORRI Motion. The Debtors have already admitted that, prepetition, they are not capable of holding specified funds for specified purposes as required by the contracts to which they are a party. Granting the Debtors "sole discretion" as to which payments can, and cannot, be made would be inappropriate with the obligation to pay Revenue Payables to specific counterparties in specific amounts. Accordingly, the proposed order must be amended to eliminate the Debtors' discretion to make Revenue Payable payments.

### III. Joinder and Reservation of Rights

10. To the extent not inconsistent with this Objection, the Kudzu Parties join the objections of other similarly situated working interest owners and creditors to the ORRI Motion.

11. Nothing herein shall be construed as an admission that the proposed payments to Apple and Alabama, as set forth in the ORRI Motion, are in the correct amount. Apple and Alabama hereby reserve all rights to challenge the nature and amount of any Revenue Payables to be paid.

WHEREFORE, the Kudzu Parties respectfully request that the Court enter an order that (i) prohibits the Debtors from paying any Revenue Payables to any person from the Kudzu Parties' Cash Advances and/or Production Revenue, (ii) deprives the Debtors of the sole discretion to

determine which Revenue Payables can, and cannot, be made; and (iii) for all such other and further relief this Court deems fair and equitable under the circumstances.

Dated: April 23, 2020.                    Respectfully submitted,

**ALABAMA OIL COMPANY, APPLE RIVER INVESTMENTS, LLC, AND KUDZU OIL PROPERTIES, LLC**

By: *s/Timothy M. Swanson*
Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street
6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to Alabama Oil Company, Apple River Investments, LLC, and Kudzu Oil Properties, LLC*

--and--

Craig M. Geno (admitted pro hac vice)
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to Alabama Oil Company, Apple River Investments, LLC, and Kudzu Oil Properties, LLC*

**Certificate of Service**

      I hereby certify that on this 23rd day of April 2020, I caused the foregoing ***Kudzu Parties' Objection to Debtors' Motion to: 1) Honor and Pay Overriding Royalty, Royalty, and Working Interest Obligations; and 2) Offset Joint Interest Billing Obligations*** to be served *via* CM/ECF to all parties that have filed electronic appearances and requested service in this case.

                                                    *s/Timothy M. Swanson*
                                                    Timothy M. Swanson