# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| SKLAR EXPLORATION COMPANY, LLC, *et al.*,[1] | § § § § | Case No. 20-12377-EEB |
| Debtors. | § § | (Jointly Administered) |

## OBJECTION TO DEBTORS' MOTION TO EMPLOY
## BERG HILL GREENLEAF & RUSCITTI, LLP AS SPECIAL COUNSEL
### [Related Document Nos. 10 and 26]

The Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"), in the above-captioned bankruptcy case of Sklar Exploration Company, LLC ("SEC"), files this objection to the *Debtors' Motion to Employ Berg Hill Greenleaf & Ruscitti, LLP as Special Counsel* (the "Special Counsel Motion") [Dkt. No. 10], and *Debtors Motion for Approval of Retainer for Berg Hill Greenleaf & Ruscitti, LLP* (the "Retainer Motion") [Dkt. No. 26], and states as follows:

## BACKGROUND

1. On April 1, 2020, SEC and Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtors remain in possession of their property and continue to operate their businesses as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

2. On April 2 and April 6, 2020, the Debtors filed the Special Counsel Motion and Retainer Motion, respectively.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930) and Sklarco, LLC (5432).

3.       On April 16, 2020, the Office of the United States Trustee for Region 19 organized and appointed the Committee.  On that same day, the Committee selected, subject to the Court's approval, Munsch Hardt to serve as its counsel.

4.       On April 20, 2020, Debtors filed the *Motion for Extension of Time for All Parties to Object to Pending Motions and Filing of Witnesses and Exhibits* (the "Motion to Extend") [Dkt. No. 131], extending the objection deadline for all parties through and including April 23, 2020.

## ARGUMENT

5.       The Committee objects to the Special Counsel Motion for failure to meet the requirements of Section 327(e) of the Bankruptcy Code (the "Code").  Pursuant to Section 327(e), a debtor "may employ, for a *specified purpose*, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the *best interest of the estate . . .*" (emphasis added).

6.       Courts, pursuant to section 327(e), have established four requirements for employment of special counsel:

> (i) the proposed special counsel must have represented the debtor previously; (ii) the proposed special counsel must be employed by the trustee only for a *limited, special purpose*; (iii) the proposed representation must be in the *best interest of the estate*; and (iv) there must be no conflict with the debtor or the estate arising from the matter(s) for which the trustee seeks to engage special counsel.

*In re Potter*, 2009 Bankr. LEXIS 2900, 2009 WL 2922850, at *1 (Bankr. D.N.M. 2009) (emphasis added).

7.        his section, however, "does not authorize the employment of the debtor's attorney to represent the estate generally." *In re Interstate Distribution Ctr. Assocs. (A), Ltd.*, 137 B.R. 826, 833 (Bankr. D. Colo. 1992). Section 327(e) will likely be used "when the debtor is involved in complex litigation [where] changing attorneys in the middle of the case after the bankruptcy

case has commenced would be detrimental to the progress of that other litigation." *Id*. Therefore, "the trustee should not ordinarily employ an attorney who represents or has represented the bankrupt debtor, because the trustee should have an advisor impartial as between creditors." *Id*. Moreover, "the 'specified special purpose' requirement serves the important policy of avoiding an unnecessary duplication of services at the expense of the estate." *Id*. (*citing In re NRG Resources, Inc.*, 64 B.R. 643, 647 (W.D. La. 1986)).

8. Debtors' Special Counsel Motion fails to meet the requirements under Section 327(e) in two primary areas: (i) the motion lacks specificity as to what services Berg Hill Greenleaf & Ruscitti, LLP ("BHGR") will provide to the Debtors, and (ii) how the work proposed is in the best interest of the estates. First, the "special purpose" for which BHGR states they are being retained is "to represent [the Debtors] with respect to corporate and bank and lending issues . . . [along with] its familiarity with such issues and the Debtors" (Dkt. No. 10 at ¶4). The tasks of corporate, bank, and lending issues, however, are ones that are routinely handled by debtors' primary bankruptcy counsel and not that of special counsel. The Motion does not provide any reason why the Debtors' primary bankruptcy counsel cannot fulfill these obligations without adding additional administrative burdens to the estates.

9. Second, Debtors have failed to show how employing BHGR as special counsel is in the best interest of the estates. BHGR's services—which are arguably the same as that of bankruptcy counsel—will lead to unnecessary duplication of services at the expense of the estates and to the detriment of the unsecured creditors.

10. For these reasons, without additional explanation and justification, both the Special Counsel Motion and the Retention Motion should be denied.

## CONCLUSION

WHEREFORE, for the reasons stated above, the Committee respectfully requests the Court deny the Debtors' Special Counsel Motion and Retainer Motion, and grant such other relief as it deems is just and proper.

Respectfully submitted this 23rd day of April, 2020.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Christopher D. Johnson*
Christopher D. Johnson
Tex. Bar No. 24012913
John D. Cornwell
Tex. Bar No. 24050450
Grant M. Beiner
Tex. Bar No. 24116090
700 Milam Street, Suite 2700
Houston, Texas 77002
713-222-1470 (tel.)
713-222-1475 (fax)
cjohnson@munsch.com
jcornwell@munsch.com
gbeiner@munsch.com

**PROPOSED COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on April 23, 2020.

 */s/ Christopher D. Johnson*
Christopher D. Johnson

4815-6185-6698v.6