UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| Debtor. | ) | |

**DEBTORS' RESPONSE TO OBJECTIONS TO
APPLICATION TO EMPLOY BERG HILL GREENLEAF
& RUSCITTI, LLP AS SPECIAL COUNSEL AND MOTION
TO APPROVE RETAINER FOR SPECIAL COUNSEL**

The Debtors and Debtors in Possession, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together "Debtors"), by and through their attorneys, Kutner Brinen, P.C., respectfully respond to the objections of East West Bank and the Official Committee of Unsecured Creditors to the Application to Employ Berg Hill Greenleaf & Ruscitti, LLP as special counsel, and objections to the Motion for Approval of Retainer to Special Counsel, and in support thereof, the Debtors state as follows:

1. The Debtors filed their voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date"). The Debtors remain Debtors-in-Possession.

2. On April 24, 2020, this Court issued an order approving the employment of Debtors' Bankruptcy counsel, Kutner Brinen, P.C. ("Bankruptcy Counsel").

3. The Debtors also filed an application to employ Berg Hill Greenleaf & Ruscitti, LLP ("Special Counsel"), as special counsel pursuant to 11 U.S.C. § 327(e)("Application"). East West Bank and the Creditors Committee objected to the Application and also filed objections to the Motion for Approval of Retainer to Special Counsel ("Objections"). Debtors are responding to the Objections.

1

4. The Debtors are limited liability companies engaged in business as an oil and gas operating company in the case of Sklar Exploration Company, LLC ("SEC") and an oil and gas property owner in the case of Sklarco, LLC.

5. SEC is engaged in business as an independent exploration and production company in the oil and gas industry. SEC is an operating company and does not own oil or gas properties. SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. SEC's exploration and production activities are primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle. The Debtor is also developing properties and opportunities in the western United States.

6. Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

7. The Debtors operate out of Boulder, Colorado. The Debtors have been in business for an extensive period of time covering three generations of the Sklar family. The Debtors are subject to ongoing contractual obligations covering their extensive oil and gas exploration and development in the Southeast United States and the Western United States. For example, SEC operates 50-60 properties and 2 gas plants located in Shreveport, Louisiana, and Brewton, Alabama.

8. Since June 15, 2018, the Debtors have been operating under a Credit Agreement, Promissory Note, and Pledge and Security Agreement with East West Bank as Agent and Lead Arranger ("Bank") for a secured line of credit with an original maximum credit potential of $50,000,000. The approximate amount outstanding as of the Petition Date is $22,350,000. The Bank holds a secured interest in substantially all of the Debtor's assets.

9. In order for the Debtors to continue to maintain their going concern value during their bankruptcy cases, the Debtors require continued legal advice to assist with its business operations that can arise at any time and would occur despite its reorganization efforts in this Bankruptcy Court. The Debtors' multi-million dollar operations have an incalculable number of moving parts which require ongoing analysis to ensure compliance with regulatory agencies. The frequency of issues that may surface during the pending Chapter 11 cases is unknown, however, many of the issues are particular to the oil and gas industry (for which the Debtors have

already employed special counsel in Alabama) and corporate and business transactions including refinancing issues which will be the area in which Special Counsel provides assistance.

10. The Application requested authority to employ Special Counsel to represent it with respect to "corporate and bank and lending issues." This response is an effort to further expand on and detail the scope of work to be performed by Special Counsel to support the Application and to provide additional legal support for employment of Special Counsel.

11. The Bankruptcy Code provides guidelines as to employment of Special Counsel as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, *other than to represent the trustee in conducting the case*, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such an attorney is to be employed. 11 U.S.C. §327(e) (emphasis added).

In connection with §327(e), the Debtors requested approval from this Court to employ Special Counsel for the specified "corporate and bank and lending issues." Special Counsel is not seeking employment to represent the Debtors in "conducting" the Bankruptcy cases. The Debtors have hired Bankruptcy Counsel to serve that role. Special Counsel has previously represented the Debtors. Special Counsel does not hold any interest adverse to the Debtors or the estates, and the Objection does not raise the issue of adverse interest. Therefore the only questions remaining according to the Bankruptcy Code what the "specified special purpose" is and whether Special Counsel's representation with respect to the special purpose(s) is "in the best interest of the estate . . . ."

12. The Objection cites an opinion authored by Judge Brooks, however, there were several factors that troubled Judge Brooks in the *Interstate* case that do not exist in the present cases. *In re Interstate Distribution Ctr. Assocs.,* 137 B.R. 826 (Bankr. D.Colo. 1992). In the *Interstate* case, a law firm who initially represented the debtor as its general Bankruptcy counsel later changed its course and asked to be employed as special counsel under §327(e). The Court denied §327(e) representation because the firm seeking employment previously represented the debtor as well as a plethora of its affiliates and a predecessor to its main secured creditor. Judge Brooks was troubled because "this Court still is not completely confident it has full and precise comprehension of the scope and breadth of Brownstein Hyatt's prior and continuing extensive

3

association" with the Debtor and all of its affiliates and related parties and entities, as well as the Bank of Denver. *Id.* at 831. Judge Brooks' main concern was that the lack of full disclosure of prior and current representation made it impossible for him to determine whether any conflicts of interests were present. *Id.* at 832 (noting that "this Court has grave doubts that the Brownstein Hyatt Application could be approved in light of the tangled web of relationships and connections. Brownstein Hyatt has represented, or is currently representing, the Debtor, the Debtor's general partner, the general and limited partners of the Debtor's general partner, the guarantors of the Debtor's principal indebtedness, and United Bank of Denver, the predecessor to Debtor's principal secured creditor.") The court denied the §327(e) application. This case has none of the complications that were present in the *Interstate* case as Special Counsel has not spun a web of representation of partners, partners of the Debtor's partners, or the Debtor's creditors. The Bank did not raise any issue regarding the extent of disclosures made by Special Counsel. As a result, the driving forces for denial in the *Interstate* case are not applicable here.

13. The Debtors should be allowed to employ Special Counsel for specified purposes not typically addressed by Bankruptcy Counsel. "Ordinary course professionals are not retained to administer the bankruptcy case (such as professionals retained under § 327(a)), but rather are retained for a specific purpose." *Giuliano v. Ernst & Young, LLP (In re RIH Acquisitions NJ, LLC),* 551 B.R. 563, 569 (Bankr. D.N.J. 2016)(holding that retention under 327(e) is appropriate for professionals retained to carry out tasks that need to be done in the debtor's day-to-day operations")(citations omitted). Further, hiring special counsel for areas of law where a specialist is needed is appropriate. *In re Goldstein,* 383 B.R. 496, 502 (Bankr. C.D. Cal. 2007)(approving the employment of divorce counsel because family law specialists would benefit the estates).

14. Prior to the filing of the bankruptcy cases, Special Counsel only represented the two Debtors subject to a limited exception in 2019 in which Special Counsel represented Howard Sklar on limited estate matters and charged $3,131 for its services in this regard. No further work for any other party or Mr. Sklar is being undertaken.

15. Section 327(e) does not limit representation to litigation. Special counsel can be hired for non-litigation purposes including "(1) obtaining court approval for the use of its cash collateral, (2) selling assets through a 'going out of business sale' and disposing of related executory contracts, and (3) preparing and negotiating the Debtor's key employee retention

program and providing payment to critical personnel of the Debtor" as long as the services were "qualitatively and quantitatively" narrow, and debtor's main bankruptcy counsel performed a wide range of services. *Stapleton v. Woodworkers Warehouse, Inc. (In re Woodworkers Warehouse, Inc.)*, 323 B.R. 403, 405-408 (D. Del. 2005)(finding special counsel's representation was within the scope of §327(e)).

16. Special Counsel is not seeking employment to "conduct" the captioned bankruptcy cases. The Bankruptcy Code prohibits employment of special counsel to represent the debtor in "conducting the case." According to Collier on Bankruptcy:

> The reference to "conducting the case" includes those matters which form part a part of the administration of the case under the Code, e.g., in a reorganization case, assisting in the formulation of a plan and assisting the trustee in carrying out the required investigations; in a liquidation case, examining the validity of liens and claims, and collecting the assets of the estate when legal action is required.

3 Collier on Bankruptcy (16th ed.), ¶327.04[9][c]; *In re Hart Oil & Gas, Inc.*, No. 11-12-13558 TA, 2013 Bankr. LEXIS 3128, at *7 (Bankr. D.N.M. Aug. 2, 2013). As long as Special Counsel's role does not fall within the definition of "conducting" the case, employment under §327(e) is appropriate.

17. Employment of special counsel must be in the best interest of the estate, "which means property of estate is threatened and the need for services is real. Employment cannot be based on some 'hypothetical or speculative benefit.'" *Phila. Newspapers, LLC v. Official Comm. of Unsecured Creditors*, 408 B.R. 585, 597-601 (E.D. Pa. 2009)(finding employment under §327(e) appropriate "for the purpose of representing the Debtors in connection with the Committee's investigation of the recording incident, and advising as to its impact on the plan on reorganization, defenses, subordination of claims, set offs, relative to bankruptcy and non-bankruptcy claims").

18. Special Counsel's services are necessary and will benefit the estate. There is no question that Special Counsel represented the Debtors prior to the Petition Date in all aspects of the Debtors' corporate affairs, banking, and credit facilities. Special Counsel began representing the Debtors in approximately 2018. As a result, Special Counsel is familiar with the Debtors' operations, financials, and prospective credit needs. The work to be performed by Special

5

Counsel will not be duplicative of Bankruptcy Counsel's services. The Debtors are seeking to employ Special Counsel for specific non-bankruptcy related legal services, including:

    a. Non-bankruptcy specific general corporate matters;

    b. Procurement and negotiation of exit financing, including the continuing the pursuit of funding, provision of financial documents and analysis specifically related to funding, and the review and drafting of lending agreements with potential lenders;

    c. Employment issues concerning the Debtors' employees;

    d. Contract issues that arise in the ordinary course of business; and

    e. General corporate matters.

19. General Bankruptcy Counsel is a small firm and typically addresses only bankruptcy related matters associated with the case. The special matters that Special Counsel will be asked to address will be handled on an "as needed" basis. The Debtors' law firms will be required to police themselves, not duplicate work effort, and manage the handling of legal issues in a reasonable manner in the best interests of creditors.

20. Counsel for the Creditors Committee is from a large law firm and has the resources of many specialties to draw from in the course of representing the Committee. The management of the Debtors is specialized and will require more resources in legal areas than current bankruptcy counsel can provide. Retention of Special Counsel is in the best interests of the Debtors and the estates.

WHEREFORE the Debtors pray the Court make and enter an Order granting the relief requested in the Application to Employ Special Counsel and Motion for Order Approving Retainer for Special Counsel, and for such further and additional relief as to the Court may appear just and proper.

DATED: April 27, 2020

Respectfully submitted,

By: /s/ Lee M. Kutner
Lee M. Kutner, # 10966
Jenny M.F. Fujii, #30091
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400

# CERTIFICATE OF SERVICE

I certify that on April 27, 2020, I served a complete copy of the foregoing **DEBTORS RESPONSE TO OBJECTIONS TO APPLICATION TO EMPLOY BERG HILL GREENLEAF & RUSCITTI, LLP AS SPECIAL COUNSEL AND MOTION TO APPROVE RETAINER FOR SPECIAL COUNSEL** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Samuel Boughner, Esq.
United States Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Long Building Technologies, Inc.
Representative: Pandora Dyer
c/o Shaun Christensen, Esq.
Appel Lucas & Christensen, P.C.
1624 Market Street
Suite 310
Denver, CO 80202

CFM Company
Representative: Richelle Kaiser
c/o David Law, Esq.
Miller & Law
1900 West Littleton Blvd.
Littleton, CO 80120

Hercules Industries, Inc.
Representative: Michelle Cleveland
c/o David Law, Esq.
Miller & Law
1900 West Littleton Blvd.
Littleton, CO 80120

Barkwood, Inc. d/b/a C&D Insulation, Inc.
Representative: Mark Wood
333 Perry Street
Suite 210
Castle Rock, CO 80104

Steven E. Abelman, Esq.
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202-4432

Sam Goldstein, Esq.
8403 Arlington Blvd.
Suite 300
Fairfax, VA 22031-4601

Debby Yount, CCE
Charles D. Jones Company
621 East 14th Avenue
North Kansas City, MO 64116

Jennifer Salisbury, Esq.
Markus Williams Young & Hunsicker, LLC
1700 Lincoln Street
Suite 4550
Denver, CO 80203

David B. Law, Esq.
Miller & Law, P.C.
1900 West Littleton Boulevard
Littleton, CO 80120

William R. Reinken, Esq.
Rosenblatt & Gosch, PLLC
8085 East Prentice Avenue
Greenwood Village, CO 80111

Kyle R. Hosmer, Esq.
Faegre Baker Daniels LLP
1144 15th Street
Suite 3400
Denver, CO 80202

Jean C. Arnold, Esq.
Arnold & Arnold, LLP
Attorneys at Law
7692 Shaffer Parkway
Suite A
Littleton, CO 80127

Shaun A. Christensen, Esq.
Appel, Lucas & Christensen, P.C.
1624 Market Street
Suite 310
Denver, CO 80202

Joel Laufer, Esq.
Robinson Waters & O'Dorisio, P.C.
1099 18th Street
Suite 2600
Denver, CO 80202

Robert Padjen, Esq.
Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

David V. Wadsworth, Esq.
Aaron J. Conrardy, Esq.
Lindsay S. Riley, Esq.
Wadsworth Garber Warner Conrardy, P.C.
2580 West Main Street
Suite 200
Littleton, CO 80120

Curt Todd, Esq.
Law Office of Curt Todd, LLC
837 East 17th Avenue
Suite 102
Denver, CO 80218

Michael L. Schlepp, Esq.
S&D Law
1290 North Broadway
Suite 1650
Denver, CO 80203

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Mark O. Anderson, Esq.
Wagner, Falconer & Judd, Ltd.
100 South 5th Street
Suite 800
Minneapolis, MN 55402

Julie M. Walker, Esq.
David S. Manush, Esq.
Kelly & Walker, LLC
1512 Larimer Street
Suite 200
Denver, CO 80202

William H. Eikenberry, Esq.
Darling Milligan, P.C.
1331 17th Street
Suite 800
Denver, CO 80202

Arlene N. Gelman, Esq.
Vedder Price, P.C.
222 North LaSalle Street
Chicago, IL 60601

Matthew J. Ochs, Esq.
Holland & Hart LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Lance J. Goff, Esq.
Goff & Goff, LLC
3015 47th Street
Suite E1
Boulder, CO 80301

K. Jamie Buechler, Esq.
David M. Rich, Esq.
Buechler Law Office, LLC
999 18th Street
Suite 1230 South
Denver, CO 80202

David A. Kraft, Esq.
David A. Kraft & Associates, LLC
P.O. Box 805
Denver, CO 80201

Susan Prose, Esq.
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street
Suite 1600
Denver, CO 80202

Andrew J. Nazar, Esq.
Polsinelli, P.C.
900 West 48th Place
Suite 900
Kansas City, Missouri 64112

Colin C. Deihl, Esq.
Polsinelli, P.C.
1401 Lawrence Street
Suite 2300
Denver, CO 80202

Alexander M. Musz, Esq.
Cohen & Cohen, P.C.
1720 South Bellaire Street
Suite 205
Denver, CO 80222


**/s/Vicky Martina**
**Vicky Martina**
**Kutner Brinen PC**