IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930<br><br>      Debtor-in-Possession.<br><br>In Re:<br><br>SKLARCO, LLC<br>EIN 72-1425432<br><br>      Debtor-in Possession. | Case No. 20-12377-EEB<br><br>Chapter 11<br><br><br><br><br>Case No. 20-12380-EEB<br><br>Chapter 11 |

### FLETCHER GROUP'S LIMITED OBJECTION TO DEBTORS' MOTION TO USE CASH COLLATERAL (DOC. 34)

**COMES NOW**, Fletcher Petroleum Company, LLC, Fletcher Exploration, LLC, and Fletcher Petroleum Corp. (collectively "**Fletcher Group**"), by and through their undersigned counsel Berger Singerman LLP, files their *Objection and Reservation of Rights* ("**Objection**") to the *Debtors' Motion to Use Cash Collateral* (the "**Cash Collateral Motion**"). In support of this limited Objection, Fletcher states as follows[1]:

1.    On April 1, 2020, the Debtors filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2.    On April 6, 2020, the Debtors filed their Cash Collateral Motion requesting

---

[1] Pursuant to the Second Interim Order Authorizing Use of Cash Collateral (Doc. 189) we are filing this Objection to be included, and receive the benefits of, an Objecting Party, as defined therein. Fletcher Group is still in the process of reconciling its accounts to determine what Production Revenue it may be owed pre-petition and what Cash Call Advances may be outstanding.

9744081-3

continued use of certain cash in the operations of its business during the pendency of this Bankruptcy Case.

3. As detailed in the Debtors' schedules, the Debtors and Fletcher Group (or its related entities) are parties to various Joint Operating Agreements, Gas Gathering Agreements and Unit Agreements (which are not identified on the Debtor's Schedules) for oil wells in Conecuh and Escambia County, Alabama,. The Unit Agreements are identified as the Southwest Brooklyn Oil Unit Agreement dated November 18, 2018 and the Southeast Brooklyn Oil Unit Agreement dated November 18, 2018 and are attached hereto as Exhibit "A" (Collectively, Operating Agreements").

4. Under the Operating Agreements, the Debtor, Sklar Exploration Company, LLC collects revenues from the sale of oil and gas production from certain wells for the benefit of Fletcher and other working interest owners ("Production Revenues").

5. The Cash Collateral Motion attempts to withhold pre-petition Production Revenues from their rightful owners because it would drastically reduce the Debtor's available cash for operations and further attempts to provide East West Bank ("Bank") a replacement lien on the Production Revenues and Cash Call Advances that are owned by the Fletcher Group.

6. As admitted at the prior hearings on the Cash Collateral Motion, the Production Revenues are not property of the Debtor and therefore should not be retained for the Debtor's continued operations or as further security to East West Bank.

7. Additionally, certain of the Production Revenues owed to the Fletcher Group, in the amount of approximately $798,195.67 are supposed to be collected and escrowed pending resolution of a dispute, currently being litigated in Alabama State Court, as to who the appropriate Royalty Owner is of certain property (the "River Bottom Dispute"). Neither the Debtors'

Schedules nor the Cash Collateral Motion reflect the amount or location the River Bottom Dispute escrowed funds.

8. Because these funds are not property of the estate under 11 U.S.C. § 541(d), the Court should not allow the Debtor to retain the pre-petition Production Revenues nor permit the Debtor to award the Bank or any other creditor a replacement lien on the Production Revenue as requested in the proposed Cash Collateral Order. Additionally, the Court should require the Debtor to provide an accounting of the amount and location of the River Bottom Dispute escrowed funds.

9. Further, pursuant to the Unit Agreements, Fletcher Group has made certain Cash Advance Calls at the Request of the Debtor, including, but not limited to, a $113,821.87 advance for the costs associated with the drilling and installation of the Cedar Creek Land and Timber 3-4 #1 Well ("Cash Call Advances"). Under the Unit Agreements,

    a.    Section 11.2 of the Unit Agreements provide:

> ADVANCE BILLINGS. Unit Operator shall have the right to require Working Interest Owner to advance their respective shares of estimated Unit Expenditures by submitting an itemized estimate thereof for the succeeding month, with a request for payment in advance. Within 15 days after receipt thereof, each Working Interest Owner shall pay to Unit Operator its share of such estimate. Adjustments between estimated and actual Unit Expenditures shall be made by Unit Operator at the close of each calendar month, and the accounts of Working Interest Owner's shall be adjusted accordingly.

    b.    Section 11.3 of the Unit Agreements provide:

> COMMINGLING OF FUNDS. Unit Operator shall hold for the account of the Working Interest Owner any funds of the Working Interest Owner advanced or paid to the Unit Operator, either for the conduct of operations hereunder or as a result of the sale of production from the Unit Area, and <u>such funds shall remain the funds of the Working Interest Owner on whose account they are advanced or paid until used for their intended purpose or otherwise delivered to the Working Interest Owner</u> or applied toward the payment of debts as provided in Section 11.5. Nothing in this paragraph shall be construed to establish a fiduciary relationship between Unit Operator and Working Interest Owner for any purpose other than to account

3

9744081-3

for Working Interest Owner's funds as herein specifically provided, and no funds received by Unit Operator under this agreement need be segregated or maintained by it as a separate fund, but may be commingled with its own funds.

10. The Unit Agreements make it clear that any funds advanced by the Working Interest Owner to the Unit Operator shall *remain the funds of the Working Interest Owner on whose account they are advanced or paid.*

11. The prepetition Cash Call Advances that the Fletcher Group advanced to SEC are not property of the estate under 11 U.S.C. § 541(d) and may only be used for their intended purposes as provided in the Unit Agreements. The Court should require the Debtor to account for all of Fletcher's Groups prepetition Cash Call Advances and prohibit the Debtor from awarding the Bank or any other creditor a replacement lien on the Cash Call Advances.

## JOINDER

Fletcher Group further joins in all other objections to the Debtor's Cash Collateral Motion to the extent that such objections are not inconsistent with Fletcher Group's Objection.

## RESERVATION OF RIGHTS

Neither the Debtors' schedules nor the Cash Collateral Motion accurately reflect Fletcher Group's position and it is unclear how the Debtor intends to treat Fletcher Group's payables therefore, Fletcher Group further reserves any and all rights to supplement or amend this Objection, Fletcher Group makes no admission of fact or law and reserves all rights, claims, objections and defenses that may be available to it before this Court and any other court with competent jurisdiction over the parties and the matters at issue.

WHEREFORE, Fletcher respectfully requests that the Court enter an order denying the Cash Collateral Motion to the extent the Debtor is 1) unable to account for the River Bottom Dispute escrow funds; 2) unable to account for Fletcher Group's prepetition Cash Call Advances;

4

9744081-3

3) are attempting to withhold Fletcher Group's pre-petition Production Revenues and Cash Call Advances which it holds no legal right to; and 4) are attempting to award the Bank and any other Creditor a replacement lien on the Production Revenues or Cash Call Advances. In the alternative, Fletcher Group requests the Court clarify that the Cash Call Advances and the Production Revenue, including the River Bottom Dispute escrowed funds are owned by and constitute the property of the respective Fletcher Group entity and may not be used by the Debtors; (ii) provide an accounting of the River Bottom Dispute escrowed funds; and (iii) any replacement lien awarded to the Bank or any other creditor not attach to the Cash Call Advances or Production Revenues owned by the Fletcher Group. Further, Fletcher Group requests any such relief the Court deems just and appropriate. improper

Dated May 4, 2020

BERGER SINGERMAN LLP
*Counsel for Fletcher Petroleum Company, LLC, Fletcher Exploration, LLC and Fletcher Petroleum Corp.*
313 North Monroe Street, Suite 301
Tallahassee, FL 32301
Tel. (850) 561-3010
Fax (850) 561-3013

By: /s/ *Brian G. Rich*
    Brian G. Rich
    Florida Bar No. 38229
    brich@bergersingerman.com
    Michael J. Niles
    Florida Bar No. 107203
    mniles@bergersingerman.com

9744081-3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of May, 2020, the foregoing *Fletcher Group's Limited Objection To Debtors' Motion To Use Cash Collateral* was served by electronic transmission through the Court's CM/ECF System upon all parties on the attached CM/ECF Service List.

                                                    s/ *Brian G Rich*
                                                    Brian G Rich

9744081-3

## CM/ECF SERVICE LIST

- Victoria N Argeroplos    vargeroplos@jw.com
- James B. Bailey    jbailey@bradley.com, ashaver@bradley.com
- Joseph Eric Bain    jbain@joneswalker.com
- Grant Matthew Beiner    gbeiner@munsch.com
- Jordan B. Bird    jordan.bird@cookyancey.com
- Duane Brescia    dbrescia@clarkhill.com, kalexander@clarkhill.com;djaenike@clarkhill.com
- Jeffrey S. Brinen    jsb@kutnerlaw.com, receptionist@kutnerlaw.com;vlm@kutnerlaw.com
- John Cornwell    jcornwell@munsch.com, hvalentine@munsch.com
- Shay L. Denning    sdenning@mbssllp.com
- Michael J. Guyerson    mike@kjblawoffice.com, celina@kjblawoffice.com;teresa@kjblawoffice.com
- Christopher D. Johnson    cjohnson@munsch.com, scurry@munsch.com
- Lee M. Kutner    lmk@kutnerlaw.com, vlm@kutnerlaw.com,receptionist@kutnerlaw.com
- Eric Lockridge    eric.lockridge@keanmiller.com, Stephanie.gray@keanmiller.com
- Christopher Meredith    cmeredith@cctb.com, bankruptcy-group@cctb.com;2363508420@filings.docketbird.com
- David M. Miller    dmiller@spencerfane.com, nschacht@spencerfane.com
- Timothy C. Mohan    tmohan@foley.com, tim.mohan4@gmail.com
- Paul Moss    Paul.Moss@usdoj.gov
- Kevin S. Neiman    kevin@ksnpc.com
- Michael Niles    mniles@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Matthew J. Ochs    mjochs@hollandhart.com
- John Thomas Oldham    joldham@okinadams.com, bmoore@okinadams.com
- Robert L Paddock    rpaddock@buckkeenan.com, myers@buckkeenan.com
- Robert Padjen    Robert.padjen@coag.gov
- Jeremy L Retherford    jretherford@balch.com, kskelton@balch.com,skynerd@pruet.com
- Brian Rich    brich@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Keri L. Riley    klr@kutnerlaw.com, receptionist@kutnerlaw.com;vlm@kutnerlaw.com
- Timothy Michael Riley    timothyr@hgslaw.com
- Michael D Rubenstein    mdrubenstein@liskow.com
- Craig K. Schuenemann    craig.schuenemann@bryancave.com, alicia.berry@bryancave.com,44Team_DEN@bryancave.com
- Ryan Seidemann    seidemannr@ag.louisiana.gov
- Thomas H Shipps    tshipps@mbssllp.com
- Barnet B Skelton    barnetbjr@msn.com
- Jim F Spencer    jspencer@watkinseager.com, mryan@watkinseager.com
- Bryce Suzuki    bryce.suzuki@bclplaw.com, tina.daniels@bclplaw.com

9744081-3

- Timothy M. Swanson    tim.swanson@moyewhite.com, audra.duzenack@moyewhite.com;Melissa.dymerski@moyewhite.com
- David R Taggart    dtaggart@bradleyfirm.com, kburnley@bradleyfirm.com
- Madison M. Tucker    mtucker@joneswalker.com
- US Trustee    USTPRegion19.DV.ECF@usdoj.gov
- Amy Vazquez    avazquez@joneswalker.com
- Deanna L. Westfall    deanna.westfall@coag.gov, bncmail@w-legal.com

2

9744081-3