UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|   Debtor. ) | |
| ) | |
| ──────────────────────────── ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
|   Debtor. ) | |

**OBJECTION AND RESPONSE TO STRAGO GROUP'S MOTION FOR ORDER DIRECTING DEBTOR SKLAR EXPLORATION COMPANY, LLC TO ASSUME OR REJECT EXECUTORY CONTRACT**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and SEC together "Debtors"), by and through their attorneys, Kutner Brinen, P.C., state their objection and request for dismissal of the Strago Group's Motion For Order Directing Debtor Sklar Exploration Company, LLC To Assume or Reject Executory Contract ("Strago Motion"), and as grounds therefor state as follows:

1. The Debtors filed for relief under Chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtors remain debtors-in-possession.

2. SEC is a Louisiana limited liability company engaged in business as an independent exploration and production company in the oil and gas industry. SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. SEC's exploration and production activities are located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle. SEC is also developing opportunities in the western United States.

*Improper and Misleading Notice*

3. The self described Strago Group filed its Strago Motion on April 30, less than thirty days into the chapter 11 case. The Strago Motion was accompanied by notification filed under Local Rule 2081-1 seeking an expedited hearing, apparently within 3 days, and an even more confusing Notice of Filing of Chapter 11 Debtors' Motion Seeking Expedited Entry of Order ("Notice") stating that the Expedited Motion is that of the Debtors, which it is not. (Doc. #205)

4. Local Rule 2081-1 actually provides in its first sentence that "During the first 21 days following the entry of the Order for Relief, the debtor may obtain expedited consideration for entry of orders…". A creditor may not utilize Local Rule 2081-1 according to its express language. Even if it could use the local rule, the time for doing so expired on April 22 prior to April 30, the date the Strago Group filed their Motion. The entire Strago Motion should be denied for failure to follow the appropriate Local Rule.

5. The Strago Motion should have been filed under Bankruptcy Rules 6006 and 9014.

***Substantive Objections***

6. The Debtors believe that they have much less expensive ways to extend their rights under the underlying Joint Operating Agreement that governs the development of the property subject to the Strago Group claims and the Initial Well.

7. The Debtor estimates that the cost and expense to drill and test the Initial Well will be approximately $2 million. The Initial Well will be a wildcat well and could result in a dry hole. While this process is generally acceptable to drilling participants when the price of oil justifies the level of risk in the project, at current prices of less than $20 a barrel there is no interest in drilling a new well. In fact, it is doubtful that anyone would advance the cost for the balance of the well at current prices. This includes the current working interest holders who would like their money back for their funded cash advances but would probably be reluctant to fund the additional money it would take over and above the cash advances to complete the Initial Well.

8. It is odd that the Strago Group would advance the position that the Debtor should move forward in drilling the Initial Well at current prices. It is likely that if Strago could get the Debtor out of the unit position on this property, knowing that only a minority interest would support drilling the Initial Well, Strago could then take over the Debtor's former position with the property and take over the control of the property for future development. To the best of the Debtor's knowledge, Strago attempted to remove the Debtor as the operator on the proposed well and to commence drilling pre-petition without success which required a majority vote.

9. The Debtor will independently work to secure an extension on the drilling of this well, which has been the intention of the Debtor for some time. An extension serves the best interest of all creditors and working interest holders. A rejection of the Joint Operating Agreement may very well turn all of the advance cash payments made by working interest holders on this agreement into unsecured creditor claims whereas the extension and later

assumption of this agreement will preserve the cash advance rights of the working interest holders with advances on this well.

10. The Debtor does not have any other properties that have drilling requirements that it must fulfill over the upcoming time in bankruptcy.

11. The Strago Group has not considered the Debtor's right to an extension of time to take action under its existing contracts as subject to extension under 11 U.S.C. §108.

12. The Strago Group Motion should be denied on procedural and substantive grounds.

WHEREFORE, the Debtors pray that the Court make and enter an Order denying the Strago Groups's Motion For Order Directing Debtor Sklar Exploration Company, LLC To Assume or Reject Executory Contract, and for such further and additional relief as the Court may appear proper.

DATED: May 4, 2020

                Respectfully submitted,

By: */s/ Lee M. Kutner*
    Lee M. Kutner, #10966
    Keri L. Riley, #47605

**KUTNER BRINEN, P.C.**
1660 Lincoln St., Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
Email: lmk@kutnerlaw.com

# CERTIFICATE OF SERVICE

I certify that on May 4, 2020, I served a complete copy of the foregoing **OBJECTION AND RESPONSE TO STRAGO GROUP'S MOTION FOR ORDER DIRECTING DEBTOR SKLAR EXPLORATION COMPANY, LLC TO ASSUME OR REJECT EXECUTORY CONTRACT** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

FPCC USA, Inc.
(Representative: William Hu)
c/o Joseph E. Bain, Esq.
Jones & Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Craig K. Schuenemann, Esq.
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302

Bryce A. Suzuki, Esq.
Bryan Cave Leighton Paisner, LLP
Two North Central Avenue
Suite 2100
Phoenix, AZ 85004-4406

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Robert L. Paddock, Esq.
Buck Keenan LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, Mississippi 39158-6020

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, Louisiana 71101

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, Louisiana 71120-2260

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, Mississippi 39205

John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Christopher D. Johnson, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street
Suite 2700
Houston, TX 77002

Michael J. Guyerson, Esq.
Buechler Law Office, LLC
999 18th Street
Suite 1230 South
Denver, CO 80202

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
Shreveport, Louisiana 71120-2260

Robert L. Paddock, Esq.
Buck Keenan, LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos Street
Suite 700
Austin, TX 78701

Andrew G. Edson, Esq.
Clark Hill Strasburger
901 Main Street
Suite 6000
Dallas, TX 75202

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Christopher H. Meredith, Esq.
Glenn Gates Taylor, Esq.
Copeland Cook Taylor & Bush, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine, LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, Louisiana 71166

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett
McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Brian G. Rich, Esq.
Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

/s/Vicky Martina
**Vicky Martina**
**Kutner Brinen PC**