## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **SKLAR EXPLORATION COMPANY,** | § | |
| **LLC,** *et al.,*[1] | § | **Case No. 20-12377-EEB** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND RELATED PAYMENT MOTIONS

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned bankruptcy case of Sklar Exploration Company, LLC, ("SEC") and Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors"),[2] by and through its counsel Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"), files this limited objection and reservation of rights (the "Objection") to the Debtors' *Motion for Authority to Use Cash Collateral* (the "Cash Collateral Motion") [Dkt. No. 34], *Motion to (i) Honor and Pay Overriding Royalty, Royalty, and Working Interest Obligations; and (ii) Offset Joint Interest Billing Obligations* the (the "O&G Payment Motion") [Dkt. No. 37], and *Motion for Entry of Order Authorizing Payment of Pre-Petition Joint Interest Billing Obligations as Critical Vendors* (the "JIB Motion"; and collectively with the Cash Collateral Motion and the O&G Payment Motion, the "Cash Payment Motions") [Dkt. No. 41], and states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930) and Sklarco, LLC (5432).

[2] Capitalized terms not defined herein shall have the meaning set forth in the Cash Collateral Motion.

## PRELIMINARY STATEMENT

1.     The Committee supports the Debtors' request to use cash collateral, including with respect to post-petition payments to certain oil and gas interest owners.  However, the Committee files this limited Objection in order to preserve the value of the Debtors' assets and going concern businesses as of April 1, 2020 (the "Petition Date"), honor parties' rights and interests as required by and consistent with the Bankruptcy Code and operative state law, and reserve all rights with respect to entry of a final cash collateral order or any other order resolving the Cash Payment Motions, which has not yet been reviewed by the Committee.

2.     Since its formation and, in particular, since concluding the status hearing on April 27, 2020, the Committee has engaged in numerous discussions with, among others, the Debtors, the prepetition lender East West Bank ("EWB"), and various working interest owners (collectively, "WIOs") in order to better understand the competing interests and to find a resolution—both on an interim and final basis—that maximizes recoveries to creditors.  To that end, the Committee is hopeful that the Debtor will file proposed orders in advance of the May 11, 2020 hearing that will be supported by the Committee.

3.     However, pending such filings, the Committee asserts this limited Objection to the Cash Payment Motions.

## RELEVANT BACKGROUND

4.     Since formation of the Committee and its retention of the undersigned counsel on or about April 16, 2020, the Committee has engaged in productive conversations with the Debtors, EWB, various WIOs, and other parties-in-interest regarding the use of cash collateral and payment of amounts by the Debtors which may or may not be property of the bankruptcy estate(s), as described in the O&G Payment Motion, the JIB Motion, and objections to such motions.

5.     On April 24, 2020, a status conference was held regarding the Cash Payment Motions. Following the status conference, the Court, on April 27, 2020, entered its *Second Interim Order Authorizing Use of Cash Collateral* [Dkt. No. 189] (the "Second Interim Order"), authorizing the Debtors to use cash collateral to pay post-Petition Date operating expenses as set forth in the appended budget from April 27, 2020, through and including May 11, 2020.

6.     On April 27, 2020, the Court subsequently entered its *Interim Order Authorizing Payment of Overriding Royalty and Royalty Interest Obligations* [Dkt. No. 189] (the "Interim Order"), resolving, in part, the O&G Payment Motion by authorizing the Debtors to pay certain non-insider holders of overriding royalty interests and royalty interests in the total amount of $1,853,228.56.

7.     The Court set a final hearing on the Cash Payment Motions, principally including the final use of cash collateral, authority to pay certain pre-Petition Date amounts to WIOs, and the Debtors' ability to offset certain "cash call" amounts paid pre-Petition Date against post-Petition Date joint interest billing ("JIB") obligations.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

8.     As provided above, in anticipation of the Debtors' submission of consensual orders, the Committee asserts an objection to the Cash Collateral Motion, as follows:

    a.    A proposed final order has not been filed on the docket or otherwise circulated by the Debtors or EWB, and thus has not been reviewed by the Committee or its professionals, and the Committee objects to the extent insufficient notice and opportunity to respond is provided.

    b.    The Debtors have not provided sufficient information to justify the Boulder office lease payment in the monthly amount of $34,765 and/or to establish that such lease payment is necessary to the Debtors' reorganization efforts.

    c.    Recognizing that a decrease in salary from the Petition Date has been agreed upon, the Debtors have not provided sufficient information to justify the payment of Howard Sklar's salary of

$25,000 per month, including explanation of the services Mr. Sklar performs and other sources of payment that he may receive in addition to salary, in order for the Committee to determine whether payment of the salary sufficiently benefits the Debtors' estates.

d.     The Debtors have not provided sufficient information to justify the payment of general and miscellaneous office expenses of $32,000 per month.

e.     The Debtors have not provided sufficient information to justify the payment of loan servicing fees to EWB, including substantiation that such payments are necessary to adequately protect EWB's interests.

f.     The Debtors have not budgeted sufficient funds for the payment of administrative claims, including professional fee claims.

9.     Additionally, the Committee objects to the O&G Payment Motion to the extent that it does not provide sufficient information to justify setting off post-Petition Date joint interest billing obligations ("JIB") due to be paid to the SEC estate against certain pre-Petition Date cash call advances paid by WIOs, which could significantly reduce cash flows into the Debtors' estates, thus impairing the Debtors' reorganization efforts.  The Committee does not take a position, at this time, with respect to the arguments raised by EWB and certain WIOs principally relating to whether cash held by the Debtors as of the Petition Date is property of the estates, but reserves all rights to supplement this Objection.

10.     The Committee also objects to the JIB Motion because the Debtors have not provided sufficient information to justify payment of the ninety-five (95) pre-Petition Date JIB creditors' claims of Sklarco prior to negotiation of final cash collateral terms and without substantiating whether (i) the Sklarco JIB creditors are entitled to elevated priority payment, (ii) the funds to pay such JIB claims are property of the Sklarco or SEC estate, and (iii) payment of such claims are necessary to and/or consistent with the Debtors' reorganization efforts.

11.     Finally, to the extent requested as part of a third interim or final order (and without waiver of any other objection that may be appropriate upon review of a proposed third interim or final cash collateral order or any other order to the Cash Payment Motions), the Committee will object to:

a.  Adequate protection payments and professional fee and expense reimbursements without a determination that the Debtors have sufficient liquidity to make such payments without impairing the Debtors' reorganization efforts;[3]

b.  Any provision granting EWB or other party, including but not limited to, the WIOs, royalty interest owners, and ORRI owners, the right to approve any substantive pleadings or actions by the Debtors, or that otherwise impairs the Debtors' ability to act consistent with their fiduciary duties;

c.  Any provision terminating the use of cash collateral and/or lifting the automatic stay upon a default without adequate notice and an opportunity for the Debtors and the Committee to request a hearing on any proposed termination or lifting of the stay; and

d.  An inadequate period for the Committee to investigate the various pre-Petition Date transactions and claims, and assert appropriate lien and other claims against such parties to the extent appropriate.[4]

## **RESERVATION OF RIGHTS**

12.     The Committee reserves the right to supplement this limited Objection and to assert any additional objections to the Cash Payment Motions at any hearing for further interim or final relief.

WHEREFORE, the Committee respectfully requests that the Court grant the Debtors' Cash Collateral Motion and the O&G Payment Motion, subject to the limitations and reservations set

---

[3] If any payments were allowed, any such payments would also need to be subject to disgorgement if it is subsequently determined that the party receiving payment does not have a valid lien, is under-secured, or is otherwise not entitled to the payment.

[4] Any final cash collateral order should also clarify that the Committee has standing to assert any claim or challenge subject to any lien/priority "challenge period."

forth herein, and consider the JIB Motion at such time as the Court considers final use of cash collateral.

Respectfully submitted this 4th day of May, 2020.

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  */s/ John D. Cornwell*
Christopher D. Johnson
Texas Bar No. 24012913
John D. Cornwell
Texas Bar No. 24050450
Grant M. Beiner
Texas Bar No. 24116090
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-1470
Facsimile: (713) 222-1475
cjohnson@munsch.com
jcornwell@munsch.com
gbeiner@munsch.com

**COUNSEL FOR**
**THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on May 4, 2020.

*/s/ John D. Cornwell*
John D. Cornwell

4817-1907-6027v.4