IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT COLORADO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| SKLAR EXPLORATION COMPANY, LLC and SKLARCO, LLC | ) ) ) | Case No. 20-12377-EEB |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| SKLARCO, LLC | ) | Case No. 20-12380-EEB |
| | ) | |
| | ) | Chapter 11 |
| | ) | |

**SUPPLEMENTAL RESPONSE OF TAUBER EXPLORATION & PRODUCTION COMPANY; CTM 2005, LTD; PICKENS FINANCIAL GROUP, LLC; I & L MISS I, LP; MER ENERGY, LTD; MR OIL & GAS, LLC; TARA RUDMAN REVOCABLE TRUST; FEATHER RIVER 75, LLC; RUDMAN FAMILY TRUST; AND THE RUDMAN PARTNERSHIP TO DEBTOR'S MOTION TO: 1) HONOR AND PAY OVERRIDING ROYALTY, ROYALTY, AND WORKING INTEREST OBLIGATIONS; AND 2) OFFSET JOINT INTEREST BILLING OBLIGATIONS**
**[Docket No. 37]**

Tauber Exploration & Production Company, CTM 2005, Ltd., Pickens Financial Group, LLC, I & L Miss I, LP, MER Energy, Ltd, MR Oil & Gas, LLC, Tara Rudman Revocable Trust, Feather River 75, LLC, Rudman Family Trust, and The Rudman Partnership, (collectively the "Tauber Group Non-Operators"), hereby file their Supplemental Response to Debtor's Motion To: 1) Honor And Pay Overriding Royalty, Royalty, And Working Interest Obligations; And 2) Offset Joint Interest Billing Obligations [Docket No. 37] ("Motion") and respectfully represent as follows:

1

# I.
# Overview

1.  The Tauber Group Non-Operators filed their original Response to the Motion on April 20, 2020 [Docket No. 134], to which reference should be made for background information about the parties and the key arguments advanced therein, which are incorporated by reference as if set out verbatim.

# II.
## Sklar Exploration's Duty to Account for and to Pay Revenue from Production to Working Interest Owners

2.  The Joint Operating Agreements ("JOAs") governing the rights and obligations of Sklar Exploration Company, LLC ("Sklar Exploration"), as Operator, and the Tauber Group Non-Operators and other working interest owners, as "Non-Operators," defined in the JOAs,[1] require the Operator to "keep an accurate record of the joint account hereunder, showing expenses incurred and charges and credits made and received." JOA Article VII.C.

3.  Each month, as agent for Non-Operators, Sklar Exploration markets and receives payments for the sale of oil and gas of all Non-Operators, which are (or should be) deposited in an account at East West Bank called the "Revenue Account." Because revenues are typically received

---

[1] The Accounting Procedures attached to each JOA utilized by Sklar Exploration contain the following definitions:
"Joint Property" shall mean the real and personal property subject to the agreement to which this Accounting Procedure is attached.
"Joint Operations" shall mean all operations necessary or proper for the development, operation, protection and maintenance of the Joint Property.
"Joint Account" shall mean the account showing the charges paid and credits received in the conduct of the Joint Operations and which are to be shared by the Parties.
"Operator" shall mean the party designated to conduct the Joint Operations.
"Non-Operators" shall mean the Parties to this agreement other than the Operator.

approximately 60 days after the month in which the oil and gas was sold, the February 2020 production revenues were received by Sklar Exploration in April 2020.

4. As part of its duties in maintaining the Joint Account (as defined in the JOA (*see* note 1, *infra*), Sklar Exploration keeps records that allow it to know the amount of production of oil and gas attributable to each Non-Operator and to calculate to the penny the amount of revenue payable to each Non-Operator, as is evidenced by the spreadsheet attached hereto as Exhibit 1, which was downloaded from the Sklar Exploration Data Room. Thus far, significant portions of January 2020 production revenues and all of the February 2020 production revenues have not been paid to the Non-Operators. But it is not because there is any mystery as to the source of the revenue or the amounts each Non-Operator is entitled to receive.

5. Indeed, like most states, Alabama requires the operator or purchaser of production not only to keep such records but to state in detail on a check stub or statement all of the following information accompanying each payment to an "Interest Owner"[2]:

> **(b)** Whenever payment is made for oil or gas production to an interest owner, whether pursuant to a division order, lease, servitude, or other agreement, all of the following information shall be included on or ascertainable from the check stub or on an attachment to the form of payment, unless the information is otherwise provided on a regular basis:
>
> **(1)** Lease, property or well identification number, if any, or reference to appropriate agreement with identification of the well or unit from which production is attributed.
>
> **(2)** Month and year of sales or purchases included in the payment.
>
> **(3)** Total barrels of crude oil or MCF of gas purchased or sold.
>
> **(4)** Owner's final realizable price per barrel MCF, long ton, or other appropriate measurement.

---

[2] Defined as "A person owning a royalty interest or a working interest in an oil or gas well or unit." Code of Ala. § 9-17-33(a)(3).

    **(5)** Total amount of severance and other production taxes, with the exception of windfall profit tax.

    **(6)** Net value of total sales from the property after taxes are deducted.

    **(7)** Interest owner's interest, expressed as a decimal fraction, in production from subparagraph (1) above.

    **(8)** Interest owner's share of the total value of sales prior to any tax deductions.

    **(9)** Interest owner's share of the sales value less the share of the production and severance taxes, as applicable.

Code of Ala. § 9-17-33(b).

6. It follows that unless Sklar Exploration has failed to maintain the Joint Account and the records pertaining thereto in accordance with the applicable JOA's, and/or has failed to comply with Alabama law, it must necessarily know precisely to whom and how much the remaining January and the February revenues are payable, should be able to segregate and pay those funds, and all future revenues to the rightful parties and can prepare a budget that ensures that there will be no unlawful expenditure of working interest owner revenue in connection with the Final Cash Collateral Order.

## RELIEF REQUESTED

7. Accordingly, the Tauber Group Non-Operators request that the Motion be granted <u>insofar as</u> it allows the payment of all pre-petition and post-petition royalty, overriding royalty and working interest proceeds to the royalty, overriding royalty and working interest owners entitled thereto, and further to allow all pre-petition cash call advances of the Tauber Group Non-Operators to be recouped against present and future joint interest billings of Sklar Exploration. The Motion <u>should be denied to the extent</u> that it requests the offset of working interest owners' proceeds of production against present and future joint interest billings and AFE's. Finally, Sklar Exploration must be ordered to strictly apply any future payments of cash call advances or joint interest billings

4

issued after all pre-petition cash call advances have been recouped to be applied strictly for the purposes stated therein and no other.

Dated this 4th day of May, 2020

                Respectfully submitted,

                **Maynes, Bradford, Shipps & Sheftel, LLP**

                */s/ Thomas H. Shipps*
                Thomas H. Shipps
                */s/ Shay L. Denning*
                Shay L. Denning
                Maynes, Bradford, Shipps & Sheftel, LLP
                835 E. Second Ave., Suite 123
                Durango, CO 81301
                Telephone: (970) 247-1755
                Facsimile: (970) 247-8827
                Email: tshipps@mbssllp.com;
                   sdenning@mbssllp.com

                and

                */s/ Barnet B. Skelton, Jr.*
                Barnet B. Skelton, Jr.
                815 Walker, Suite 1502
                Houston, TX 77002
                Telephone: (713) 659-8761
                Cell: (713) 516-7450
                Facsimile: (713)659-8764
                Email: barnetbjr@msn.com

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that, on May 4, 2020, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing

                */s/Kate Potemkin*
                Kate Potemkin