## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 20-12377-EEB |
|  | ) |  |
| SKLAR EXPLORATION COMPANY, LLC, | ) | Chapter 11 |
| EIN: 72-1417930 | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| In re: | ) | Case No. 20-12380-EEB |
|  | ) |  |
| SKLARCO, LLC, | ) | Chapter 11 |
| EIN: 72-1425432 | ) |  |
|  | ) | *Jointly Administered Under Case No.* |
| Debtor. | ) | *20-12377-EEB* |

### JOINDER AND LIMITED OBJECTION OF FANT ENERGY LIMITED, JJS INTERESTS ESCAMBIA, LLC, JJS INTERESTS STEELE KINGS, LLC AND JJS WORKING INTERESTS, LLC TO DEBTORS' MOTION FOR AUTHORITY TO USE CASH COLLATERAL (DOCKET NO. 34)

Fant Energy Limited, JJS Interests Escambia, LLC, JJS Interests Steele Kings, LLC and JJS Working Interests, LLC (collectively, the "**WI Holders**"), by and through its undersigned counsel, submit this joinder and limited objection (the "**Objection**") to the *Motion for Authority to Use Cash Collateral* [Dkt. No. 34] (the "**Cash Collateral Motion**"), filed by Sklar Exploration Company, LLC ("**Sklar Exploration**") and Sklarco, LLC ("**Sklarco**" and, together with Sklarco Exploration, the "**Debtors**").

In support of the Objection, the WI Holders respectfully represents as follows:

### PRELIMINARY STATEMENT

The WI Holders do not object to the Debtors' use of cash collateral to the extent that such cash is actually the property of the Debtors. The WI Holders do, however, object to the Debtors' use of cash that is the property of the WI Holders, including (a) Working Interest Revenue and

(b) to the extent they are not being used for the expenses for which they are intended, cash call advances.  Because the WI Holders have not received a final cash collateral budget setting forth the sources and uses of the Debtors' cash, the WI Holders are unable to assess whether the Debtors seek to use property of the WI Holders.

## BACKGROUND

1.      Debtors and the WI Holders are party to various operating agreements and participation agreements (collectively, the "**Oil and Gas Agreements**"), pursuant to which Sklar Exploration serves as the operator of oil and gas properties in which Sklarco and the WI Holders, among others, own working interests.  As operator, Sklar Exploration must (a) market and sell oil and gas production from such properties on behalf of the working interest holders and (b) collect and distribute, less applicable expenses, the revenue ("**Working Interest Revenue**") generated from such sales to working interest holders in accordance with their proportionate ownership interests in such properties.  The working interest holders are obligated to fund their proportionate share of drilling and operating expenses in the specific wells in which they are invested through cash call advances and payment of their proportionate share of joint interest billings.  Debtor Sklarco is a working interest holder, and is therefore entitled to a proportionate share of net Working Interest Revenue (to the extent that Sklarco has otherwise complied with the terms of the Oil and Gas Agreements, including payment of its proportionate share of cash call advances and joint interest billing).

2.      The WI Holders, like many other working interest holders, have funded cash call advances to Sklar Exploration in accordance with the Oil and Gas Agreements, with each such advance to be used solely for expenses related to a particular subject well.  JJS Interests Escambia, LLC, JJS Interests Steele Kings, LLC and JJS Working Interests, LLC collectively hold claims against Sklar Exploration for prepetition cash call advances in excess of

$550,000.  Fant Energy Limited holds claims against Sklar Exploration for prepetition cash call advances in excess of $330,000.

## OBJECTION

3.      The WI Holders object to the Cash Collateral Motion to the extent that the Debtors seek to use cash that is the property of the WI Holders, including Working Interest Revenue and cash call advances (to the extent used for purposes other than that for which they were intended).

4.      Revenue attributable to working interest holders is not part of the bankruptcy estate.  It is held in trust for the benefit of, and must be turned over to, the applicable working interest holders.  *See, e.g.*, *In re MCZ, Inc.*, 82 B.R. 40, 42 (Bankr. S.D. Tex. 1987) (ordering the debtor-operator to turn over amounts in a joint account due to non-operators because the debtor-operator had no interest in such amounts beyond a bare possessory interest as bailee or agent).  Property in which the Debtors hold only a legal, but not an equitable, interest does not constitute property of their bankruptcy estate.  *See* 11 U.S.C. 541(d); *see also In re Lenox Healthcare, Inc.*, 343 B.R. 96, 100 (Bankr. D. Del. 2006).

5.      If the Debtors use cash in excess of Sklarco's proportionate share of Working Interest Revenue, they will be using the property of other working interest holders to fund these cases.  The working interest holders would then become involuntary lenders to these estates, without consent, and without the protections of section 364 of the Bankruptcy Code.  The WI Holders, however, are unable to assess whether the Debtors seek to use cash that is the property of the WI Holders in the absence of a final cash collateral budget.

## JOINDER

6.      The WI Holders join the objections of other working interest holders to the extent not inconsistent with this Objection.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the WI Holders respectfully requests that

the Court deny the Cash Collateral Motion to the extent inconsistent with this Objection and

grant such other relief as it deems just and proper.

Dated:     Houston, Texas
           May 4, 2020

                              Respectfully Submitted,

                              **WILLKIE FARR & GALLAGHER LLP**

                              By:   /s/ Jennifer J. Hardy
                                    Jennifer J. Hardy (Texas Bar No. 24096068)
                                    600 Travis Street
                                    Houston, Texas 77002
                                    Telephone:  713-510-1700
                                    Facsimile:  713-510-1799
                                    Email:  jhardy2@willkie.com


                                    *Counsel to Fant Energy Limited, JJS Interests*
                                    *Escambia, LLC, JJS Interests Steele Kings, LLC*
                                    *and JJS Working Interests, LLC*

- 4 -

**<u>Certificate of Service</u>**

I certify that on May 4, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Colorado.


/s/ Jennifer J. Hardy
Jennifer J. Hardy