UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN:  72-1425432 ) | Chapter 11 |
| Debtor. ) | |

**MOTION TO BIFURCATE CASH COLLATERAL ISSUES**

The Debtors and Debtors in Possession, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco") (collectively "Debtors"), by and through their attorneys, Kutner Brinen, P.C., move the Court to bifurcate the issues that are involved in the pending cash collateral hearing which is comprised of the Debtor's Motion for Authority to Use Cash Collateral and the Objections filed by the group known as the Working Interest Holders as follows:

1. The Debtors filed for relief under chapter 11 of the Bankruptcy Code on April 1, 2020.  The Debtors remain Debtors-in-Possession.

2. SEC is engaged in business as an independent exploration and production company in the oil and gas industry.  SEC is an operating company and does not own oil or gas properties.  SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama.  SEC's exploration and production activities are primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle.  SEC is also developing properties and opportunities in the western United States, though no oil or gas production has been produced from the wells in the western United States.

3. Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

4. Each of the wells operated by SEC is subject to a number of different property interests, including royalty interests ("RIs"), overriding royalty interests ("ORRIs"), and working interests ("WIs"). RIs and ORRIs are not required to contribute to the ongoing expenses and development of the operation of the wells, while WIs are required to contribute a proportionate share for ongoing operation of the operated property in which they hold a WI. The WIs are generally created through a Joint Operating Agreements ("JOA") because the holders of WIs participate because they agree to share the cost of drilling a new well. The WI interests are grounded in contracts, the JOAs.

5. The RIs and the ORRIs have been paid their pre-petition amounts pursuant to the Debtors pending Cash Collateral Motion and two interim orders. The holders of WIs remain to be satisfied as to their objections.

6. The East West Bank as Agent and Lead Arranger ("Bank") currently holds a claim secured by assets of SEC and Sklarco for approximately $22,350,000. The Debtor and the Bank are working through their issues with respect to the Debtor's ongoing use of cash collateral while preserving the interests of the holders of the WIs who have made cash advances.

7. The Debtor, SEC, held approximately $2.5 million on the petition date. Regardless of the size of the claims held by the WI holders who made cash advances, the lien or trust interests cannot exceed the cash available on the petition date in which they could claim a lien.

8. An Official Creditors Committee has also been appointed in the SEC case and counsel for the Committee has been involved in the negotiation of the cash collateral orders and the final agreement which the parties expect to file over the next two weeks.

9. The interim cash collateral orders and the final cash collateral order will all provide for the following for the benefit of the WI holders: 1) payment of the approximately $2,702,000 which the Debtor has segregated from the March 2020 revenue to be paid to the WI holders according to their interests which is expected in the Third Interim Cash Collateral Order; 2) payment to the WI holders in accordance with their interests the funds received by the Debtor from the petition date of April 1 going forward in the ordinary course of business; and 3) all rights held by the WI holders are preserved to them to pursue any claims and demands they may have through an appropriate adversary proceeding.

10. The WI holders filing objections consist of the following parties:

  a. Pruet Oil Company, LLC and Pruet Production Co. (Docket Nos. 57, 158, 215)

  b. Meritage Energy, Ltd. and Strago Petroleum Corporation (Docket Nos. 65, 165)

  c. AEEC, LLC, Anderson Exploration Company, LC, and TCP Cottonwood, L.P. (Docket No. 67)

  d. Tauber Exploration & Production Company, CTM 2005, LTD, Pickens Financial Group, LLC, I&L Miss I LP, MER Energy, LTD, Tara Rudman Revocable Trust, Feather River 75, LLC, Rudman Family Trust, and Rudman Partnership (Docket No. 68, 220)

  e. Lucas Petroleum Group, Inc. (Docket No. 71)

  f. Franks Exploration Company, LLC, AEH Investments, LLC, and J&A Harris, LP (Docket No. 118)

  g. Landmark Exploration, LLC, Landmark Oil and Gas, LLC, Lexington Investments, LLC, and Stone Development, LLC (Docket No. 119)

  h. JF Howells Interests, LP (Docket No. 139)

  i. FPCC USA, Inc. (Docket No. 147)

  j. Alabama Oil Company, Kudzu Oil Properties, LLC and Apple River Investments, LLC (Docket No. 150)

  k. Sugar Oil Properties, LLC (Docket No. 163)

  l. Fant Energy Limited, JJS Interests Escambia, LLC, JJS Interests Steele Kings, LLC, and JJS Working Interests (Docket No. 222)

  m. Fletcher Group (Docket No. 216)

(collectively the "WI Objections")

  11. The WI Objections generally all require an adversary proceeding to be resolved with all parties who may claim a lien or ownership in the same assets having a full right to protect their interests. Bankruptcy Rule 7001 defines the scope of Part VII, Adversary Proceedings, of the Federal Rules of Bankruptcy Procedure to include the issues which are summarized as follows: 1) a proceeding to recover money; 2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property; and 3) a proceeding to obtain an injunction or other equitable relief.

12. The WI Objecting Parties have not established an interest in the funds held by the Debtors on the Petition Date, nor have they established a security interest in the Debtors' funds, and therefore cannot assert an interest in cash collateral.

13. Pursuant to Fed. R. Civ. P. 42(b), as adopted by Fed. R. Bankr. P. 7042, the Court may require separate trials "for convenience, to avoid prejudice, or to expedite and economize" the proceeding. Bifurcation is appropriate when "such interests favor separation of the issues and the issues are clearly separable." *Palace Expl. Co. v. Dev. Co.*, 316 F.3d 1110, 119 (10th Cir. Defines the scope of Part2003) (quoting *Angelo v. Armstrong World Indus. Inc.*, 11 F.3d. 957, 964 (10th Cir. 1993)).

14. The court is given broad discretion in determining whether to bifurcate claims. "While economy and convenience may properly be considered in the decision to bifurcate, neither is the ultimate objective. A paramount consideration at all times in the administration of justice is a fair and impartial trial to all litigants." *Sterling Constr. Mgmt., LLC v. Steadfast Ins. Co.*, 280 F.R.D. 576, 580 (D. Colo. 2011)(quoting *Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D. Colo. 1980)).

15. The Debtors request that the Court bifurcate the issues in this case so that the use of cash collateral proceeds to approval separate from litigation of the WI holder's claims to funds ownership, liens, and constructive trusts which require an adversary proceeding. The approval of cash collateral use is more of a summary proceeding which will generally be resolved on a consensual basis between the main constituents, in this case being the Debtors, the Bank and the Committee. The cash collateral issues are subject to substantial investigations and negotiation however the parties seem to be getting these issues resolved as they progress. On the other hand, the litigation of the WI holders claims to ownership of funds, liens, and constructive trusts require an adversary proceeding in accordance with Fed. R. Bankr. P. 7001, and appropriate discovery, pre-trial motions, and a trial on the merits with opportunity to appeal if needed.

16. Resolution of the issues discussed herein require a bifurcation of the issues and an adversary proceeding by the WI holders to gain a determination of their claims.

17. Based upon prior discussions the Debtors believe that the Bank and the Committee support the bifurcation of the issues as requested herein.

WHEREFORE, the Debtors pray that the Court make and enter an Order bifurcating the issues that remain as to the pending Cash Collateral Motion and the WI holder objections, and

for such further and additional relief as to the Court may appear proper.

DATED: May 5, 2020

Respectfully submitted,

By: *<u>/s/ Keri L. Riley</u>*

Lee M. Kutner, # 10966
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
E-mail: lmk@kutnerlaw.com
klr@kutnerlaw.com

## CERTIFICATE OF SERVICE

I certify that on May 5, 2020, I served a complete copy of the foregoing **MOTION TO BIFURCATE CASH COLLATERAL ISSUES** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

FPCC USA, Inc.
(Representative: William Hu)
c/o Joseph E. Bain, Esq.
Jones & Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Craig K. Schuenemann, Esq.
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302

Bryce A. Suzuki, Esq.
Bryan Cave Leighton Paisner, LLP
Two North Central Avenue
Suite 2100
Phoenix, AZ 85004-4406

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Robert L. Paddock, Esq.
Buck Keenan LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, Mississippi 39158-6020

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, Louisiana 71101

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, Louisiana 71120-2260

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, Mississippi 39205

John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Christopher D. Johnson, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street
Suite 2700
Houston, TX 77002

Michael J. Guyerson, Esq.
Buechler Law Office, LLC
999 18th Street
Suite 1230 South
Denver, CO 80202

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
Shreveport, Louisiana 71120-2260

Robert L. Paddock, Esq.
Buck Keenan, LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos Street
Suite 700
Austin, TX 78701

Andrew G. Edson, Esq.
Clark Hill Strasburger
901 Main Street
Suite 6000
Dallas, TX 75202

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Christopher H. Meredith, Esq.
Glenn Gates Taylor, Esq.
Copeland Cook Taylor & Bush, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine, LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, Louisiana 71166

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Brian G. Rich, Esq.
Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

/s/Vicky Martina
**Vicky Martina**