UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
|   Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
|   Debtor. | ) | |

**SUPPLEMENTAL STATUS REPORT ON MOTIONS SET FOR
HEARING ON MAY 11, 2020**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together, "Debtors"), state their status report on the Motions currently pending before the Court and set for hearing on May 11, 2020, as follows:

1. A hearing is set for May 11, 2020 on the Debtors' 1) *Motion for Authority to Use Cash Collateral* ("Cash Collateral Motion") (Docket No. 34); 2) *Motion to: (1) Honor and Pay Overriding Royalty, Royalty, and Working Interest Obligations; and (2) Offset Joint Interest Billings* ("Oil and Gas Motion") (Docket No. 37); and 3) *Motion for Authority to Pay Joint Interest Billing Obligations as Critical Vendors (Sklarco, LLC)* ("JIB Motion") (Docket No. 41).

2. At the hearing on the Debtors' *Motion to Bifurcate* (Docket No. 223) on May 8, 2020 ("Bifurcation Hearing"), the Debtors provided a status update with respect to the Cash Collateral Motion, Oil and Gas Motion, and the JIB Motion.

3. At the Bifurcation Hearing, the Debtors advised the Court that they had reached an agreement as to a Third Interim Order Authorizing Use of Cash Collateral ("Third Interim Order") with the Official Committee of Unsecured Creditors ("Committee"), East West Bank ("EWB"). The proposed Third Interim Order is attached hereto as Exhibit A, together with the budget to accompany the Third Interim Order.

4. The Debtor has also reached an agreement with the Committee and EWB with respect to the Oil and Gas Motion. The proposed Order Authorizing Payment of Working

Interest Obligations and Limited Offset of Joint Interest Billing Obligations ("Oil and Gas Order") is attached hereto as Exhibit B.

5. The Third Interim Order and Oil and Gas Order include requested changes from counsel for AEEC, LLC, Anderson Exploration Company, LC, TCP Cottonwood, L.P., and Sugar Oil Properties, and counsel for Pruet Oil Company, LLC and Pruet Production Co. Counsel for Bri-Chem indicated that they would agree to entry of the Third Interim Order.

6. Counsel for the Tauber Group and the Kudzu Group advised that they are opposed to the entry of the Third Interim Order.

7. No other parties responded to the request for comments on the Third Interim Order, or the Oil and Gas Order, nor did they indicate whether they consent or oppose the entry of the Third Interim Order and the Oil and Gas Order.

8. Given the status of the case, and the additional protections included in the Third Interim Order, the Debtors intend to proceed with requesting the entry of the Third Interim Order and the Oil and Gas Motion at the hearing on May 11, 2020.

9. The Debtors have been continuing to discuss a consensual resolution of the Application to Employ Berg Hill Greenleaf & Ruscitti as Special Counsel ("Application to Employ") and the JIB Motion with EWB and the Committee.

10. To allow the parties to continue negotiations, the Debtors propose that the Application to Employ and the JIB Motion be set in conjunction with a hearing on the Debtors' final use of cash collateral.

DATED: May 8, 2020                           Respectfully submitted,

                                             By: /s/ Keri L. Riley
                                                 Lee M. Kutner, # 10966
                                                 Keri L. Riley, #47605
                                                 **KUTNER BRINEN, P.C.**
                                                 1660 Lincoln Street, Suite 1850
                                                 Denver, CO 80264
                                                 Telephone: (303) 832-2400
                                                 E-mail: lmk@kutnerlaw.com
                                                 E-mail: klr@kutnerlaw.com

Exhibit A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|   Debtor. ) | |
| ) | |
| _____ ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN:  72-1425432 ) | Chapter 11 |
|   Debtor. ) | |

**THIRD INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

UPON CONSIDERATION of the Motion of the Debtors and Debtors in Possession for entry of an order authorizing the use of cash collateral on an interim basis ("Motion") and setting a final hearing, and any additional papers filed in opposition thereto and in further support thereof; and having heard the arguments of counsel, if any; and having considered any evidence presented; and due and proper notice of the Motion having been provided; and for good cause shown, the Court finds and concludes as follows:

A.    On April 1, 2020 (the "Petition Date"), Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco") (collectively "Debtors") filed respective voluntary petitions for relief under chapter 11, thereby commencing their chapter 11 cases, which are being jointly administered.

B.    On April 16, 2020, the United States Trustee appointed the Official Committee of Unsecured Creditors of Sklar Exploration Company, LLC (the "Committee").

C.    East West Bank, a California state banking corporation ("EWB"), as lender and the administrative agent under the applicable loan and security documents, asserts a secured claim in this case pursuant to a loan made to the Debtors (the "Loan") on or about June 15, 2018.

D.  EWB asserts a secured claim for the Debtors' outstanding indebtedness to EWB on the Loan, which as of the Petition Date exceeded $22,925,000 (the "Prepetition Indebtedness"), secured by first-priority liens in favor of EWB in substantially all of the Debtors' real and personal property assets. In addition, EWB asserts liens on all of the Debtors' cash on hand, revenue, cash proceeds and other cash equivalents, and all cash and cash equivalent proceeds of other collateral (collectively, the "Cash Collateral").

E.  Additional parties, including certain working interest holders, mechanics, materialmen, or mineral lien claimants who filed objections or responses to the Motion or appeared at the hearing held April 9, 2020 ("Objecting Parties"), also assert secured interests or other legal or equitable interests in funds held by one or more of the Debtors and proceeds which may or may not constitute Cash Collateral. For the avoidance of doubt, the Objecting Parties include, but are not limited to, Strago Petroleum Corp, Meritage Energy, Ltd., FPCC USA, Inc., Tauber Exploration & Production Company, CTM 2005, Ltd., Pickens Financial Group, LLC, I & L Miss I, LP, Lucas Petroleum Group, Inc., Pruet Production Co. and Pruet Oil Company, LLC, Alabama Oil Company, LLC, Apple River Investments, LLC, Kudzu Oil Properties, LLC, Anderson Exploration Energy Company, L.C., TCP Cottonwood, L.P., AEEC II, LLC, Stoneham Drilling Corporation, Sugar Oil Properties, L.P., and any other working interest holder who provides notice of their Objection or intent to object to counsel for the Debtors.

F.  On April 15, 2020, the Court entered the Interim Order Authorizing Use of Cash Collateral through and including April 27, 2020; and on April 27, 2020, the Court entered the Second Interim Order Authorizing Use of Cash Collateral through and including May 8, 2020.

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is hereby granted on an interim basis as provided in this Order.

2.  The Debtors are hereby authorized to use the Cash Collateral only to pay the post-petition operating expenses of the Debtors as set forth on the Budget for the third interim period

from May 9, 2020 through and including May 25, 2020 attached hereto (the "Budget") and for no other purpose without the prior written consent of EWB, the Committee and the Objecting Parties. With respect to all budgeted expenses, EWB consents to a variance not to exceed 15% of each line-item expense; provided, however, the Debtor shall not exceed 3% of the cumulative amount of all line-item expenses for any budgeted period without the prior consent of EWB or an order of the Court; provided that, the Debtors shall provide notice to the Committee and the Objecting Parties (within one business day) in the event that such consent is provided by EWB. For the avoidance of a doubt, notwithstanding any line item in the budget, the Debtors may only use Cash Collateral for the payment of post-petition expenses unless otherwise authorized by the Bankruptcy Court.

3. For the avoidance of a doubt, SEC is authorized and directed to pay all amounts owed to the holders of royalty interests, overriding royalty interests and working interests for revenues generated from the sale of produced oil and gas in the month of March 2020, which funds were received on a post-petition basis in April 2020, in accordance with the Budget, and consistent with the Court's Order Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations (Docket No. ___).

4. The funds in an account of either Debtor shall retain their ownership as to the individual Debtor who provided such funds into the account and/or any applicable third party that may claim ownership to such funds under applicable non-bankruptcy law as it existed as of the Petition Date. An accounting of such funds shall be available to creditors on a monthly basis and earlier upon reasonable request by a creditor. SEC shall be responsible for maintaining a current and contemporaneous record of all funds collected and disbursed for the Debtors or non-debtor third parties.

5. Any overriding royalty interests and/or working interests owed to Sklarco, LLC from Sklar Exploration Company, LLC, shall be maintained by Sklar Exploration Company for use in ongoing operations.

6. The Debtors' authorization to use the Cash Collateral in accordance with the terms of this Order will remain in effect through the date of the final hearing on the Motion.

7. Notwithstanding Bankruptcy Code § 552, as additional adequate protection of the interests of EWB and any other party claiming an interest in the Cash Collateral (collectively "Secured Creditors"), EWB, the Objecting Parties, and any other Secured Creditors shall have, and are hereby granted, replacement liens on all existing and hereafter acquired property and assets of the Debtors of every kind and character, to the extent (if any) and in the same validity, priority, and enforceability that they held a lien (including valid and non-avoidable liens in existence at the time of the Petition Date that are perfected subsequent thereto as permitted by section 546(b) of the Bankruptcy Code) in such kind and character of property and assets of the Debtors as of the Petition Date (the "Replacement Liens"). The Replacement Liens shall secure EWB, the Objecting Parties, and any other Secured Creditors to the extent necessary to adequately protect them from any diminution in value of their interests in property of the Debtors' estates as a result of the entry of this Order and the use of Cash Collateral authorized hereby, and shall have the same validity, priority, and enforceability as their liens and interests in the assets held by the Debtors as of the Petition Date. For the avoidance of doubt, to the extent it is determined that funds held by the Debtors as of the Petition Date were owned by or subject to an interest by any of the Objecting Parties and that said funds have been subsequently expended by the Debtors, said Objecting Party shall still be entitled to a Replacement Lien.

8. The Debtors shall keep EWB's, the Objecting Parties', and any other Secured Creditor's collateral insured to the same extent it was insured on a pre-petition basis, and shall maintain and preserve the operation of all such collateral.

9. The Debtors shall make available to EWB, any other Secured Creditors, the Objecting Parties, and the Committee, their counsel, and consultants, upon reasonable request, the Debtors' books and records and other financial information. The Debtors shall also provide to EWB, any other Secured Creditors, and the Committee a budgeted-versus-actual rolling cash flow report on a weekly basis during the budget periods covered by this Order, provided however that per-line item and overall variances will be evaluated on a monthly basis.

10. As additional adequate protection of EWB's, the Objecting Parties', and any other Secured Creditor's interests, the Debtors hereby consent to the appointment of a chief restructuring officer ("CRO") to manage and/or oversee the day-to-day operations and business of the Debtors during the pendency of these chapter 11 cases. The identity of the CRO and the terms of the CRO's appointment shall be agreeable to the Committee and EWB, with reasonable consultation by the Debtors and the Objecting Parties, and shall be submitted for the Court's approval on motion filed by the Debtors prior to the final hearing on cash collateral, set forth in Paragraph 14 below.

11. Nothing in this Order shall constitute a finding that EWB's, the Objecting Parties', or any other Secured Creditor's interests are adequately protected, nor a determination of the validity, priority, or extent of any lien asserted by EWB, the Objection Parties, or any other Secured Creditor. The parties' rights are fully preserved with respect to such issues.

12. Nothing in this Order shall impair, limit, or modify the application of Section 507(b) of the Bankruptcy Code in the event that the adequate protection provided hereunder to EWB or other Secured Creditors is insufficient to compensate for any adequate protection obligations arising during these chapter 11 cases or any other subsequent cases or proceedings under the Bankruptcy Code, including, without limitation, any Chapter 7 case or proceeding.

13. To the extent the Debtors are holding any funds provided by working interest holders for cash call advances, the Debtors shall retain and account for such funds to such working interest holders. The Debtors assert that they do not believe they are holding any funds attributable

to cash call advances at this time and will investigate this point further prior to the final hearing. The Debtors shall also provide an accounting of revenue held in suspense in which any working interest holder or other party may claim an interest.

14. Nothing in the Motion or this Order shall in any way limits any party's right to object to the use of cash collateral, the funds or proceeds asserted to constitute cash collateral, or the ownership of such funds for purposes of this interim order, on a final basis.

15. A final hearing on the Debtors' Motion is set for __:_0_.m. on May __, 2020. Objections to the Debtors' use of cash collateral on a final basis shall be filed no later than seven (7) days prior to the hearing, on or before May __, 2020. If there are disputed facts requiring an evidentiary hearing, parties shall file lists of witnesses and exhibits no later than five (5) days prior to the hearing, on or before May ___, 2020.

Dated: April ____, 2020

_____
Honorable Elizabeth E. Brown
United States Bankruptcy Judge

| SKLAR EXPLORATION COMPANY LLC and SKLARCO LLC | | | | | | |
|---|---|---|---|---|---|---|
| BUDGET | | Original budget | | Second Interim Budget | | |
| | | | Week ending | | | |
| | 10-Apr | 17-Apr | 24-Apr | 1-May | 8-May | 5/9 - 5/31 |
| **CASH RECEIPTS** | | | | | | |
| | | | | | | *April production* |
| *Sklar operated oil production volume estimate (8/8ths BBL)* | | | | | | 85,500 |
| *Oil price estimate* | | | | | | $ 13.40 |
| | | | | | | |
| *Sklar operated gas production volume estimate (8/8ths MCF)* | | | | | | 315,120 |
| *Gas price estimate* | | | | | | $ 1.42 |
| | | | | | | |
| Operated properties [1] | | | | | | |
|    Oil | | | 2,714,652 | | | 1,145,700 |
|    Gas | | | | 502,104 | | 447,470 |
| Non-operated properties - Sklarco Revenue | | | | 184,200 | | 180,000 |
| Alabama gas plant management fees | | | | | | 118,625 |
| Hedge settlements | 173,495 | | | | 267,500 | |
| **CASH RECEIPTS** | **173,495** | **-** | **2,714,652** | **686,304** | **267,500** | **1,891,795** |
| | | | | | | |
| **CASH DISBURSEMENTS** | | | | | | |
| | | | | *Jan & Feb RI and ORRI* | | *March Revenue* |
| Revenue payable to others [2] | | | | 1,853,229 | | 2,702,075 |
| Severance tax | | | | | | 193,005 |
| Lease operating expenses (gross) for operated properties | | | | | | |
|    Contract pumpers | 3,640 | 3,640 | 3,640 | 3,640 | 3,640 | 11,441 |
|    Compression rentals and maintenance | 25,279 | 25,279 | 25,279 | 25,279 | 25,279 | 79,449 |
|    Saltwater disposal | 16,256 | 16,256 | 16,256 | 16,256 | 16,256 | 26,090 |
|    Electrical service and supply | 1,176 | 1,176 | 1,176 | 1,176 | 1,176 | 3,696 |
|    Oilfield supply | 747 | 747 | 747 | 747 | 747 | 2,349 |
|    Artificial lift | 404 | 404 | 404 | 404 | 404 | 1,271 |
|    RTU - remote monitoring | 1,054 | 1,054 | 1,054 | 1,054 | 1,054 | 3,311 |
|    Gas measurement - meter calibration and lab | 735 | 735 | 735 | 735 | 735 | 2,310 |
|    Safety systems - testing and repairs | 674 | 674 | 674 | 674 | 674 | 2,118 |
|    Fuel and power - | | | | | | |
|       Southern Propane Supplies | 1,715 | 1,715 | 1,715 | 1,715 | 1,715 | 5,390 |
|       Thompson Gas | 466 | 466 | 466 | 466 | 466 | 1,463 |
|       Mc Phereson Lubes | 502 | 502 | 502 | 502 | 502 | 1,579 |
|       Herring Gas Company, Inc | 172 | 172 | 172 | 172 | 172 | 539 |
|       Southern Pine Electric | | 185,850 | | | | 104,290 |
|       Escambia River Electric, Inc. | 8,085 | | | | 8,085 | 5,929 |
|       Yazoo Valley Electric | | | 3,518 | | | 2,580 |
|       Mississippi Power | | | | 11,188 | | 8,204 |
|    Chemicals | 2,916 | 2,916 | 2,916 | 2,916 | 2,916 | 7,163 |
|    Construction | 490 | 490 | 490 | 490 | 490 | 1,540 |
|    Environmental services | 200 | 200 | 200 | 200 | 200 | 29,000 |
|    Slickline services / jet pump support | 257 | 257 | 257 | 257 | 257 | 809 |
|    Engineering services | 368 | 368 | 368 | 368 | 368 | 1,155 |
|    Tubulars and inspections | 49 | 49 | 49 | 49 | 49 | 347 |

| | | | | | | |
|---|---:|---:|---:|---:|---:|---:|
| Insurance | | | | 47,851 | | 35,091 |
| Gas plant payroll | | | | | | 59,122 |
| Gas plant operating costs | 29,840 | 29,840 | 29,840 | 29,840 | 29,840 | 114,883 |
| **Reimbursement of operated property LOE from other WI owners [3]** | (118,256) | (251,580) | (114,831) | (156,472) | (118,256) | (553,370) |
| **Lease operating expenses for non-operated properties - Sklarco Current JIBS** | 17,940 | 17,940 | 17,940 | 17,940 | 17,940 | 56,382 |
| **Transportation (truck pmts to Ford)** | 3,408 | | 5,143 | 2,450 | | 11,001 |
| General and administrative | | | | | | |
|     Outsourced IT support and general computer exp (eg, Wolfepak) | | | 4,849 | 3,320 | | 8,169 |
|     Agency service fees | (15,000) | | | | (15,000) | |
|     Employee salaries and payroll taxes, exclusive of gas plant employees (see above) | | 157,680 | | 157,680 | | 245,358 |
|     Employee portion of 401k | | | 9,000 | | 9,000 | 9,000 |
|     CEO salary | | | | 25,000 | | 25,000 |
|     Employee benefits (health, dental, vision, life ins, ST/LT disability) | | | | 75,271 | | 73,709 |
|     Payroll processing fees | | 800 | | | | 800 |
|     PTO payout for laid off employees | | | | 4,266 | | |
|     Misc. insurance | | | | 3,974 | | 3,974 |
|     Sales and use tax | | | 700 | | | 700 |
|     Outsourced preparation of sales and use tax | | | | 6,173 | | 8,200 |
|     External reserve engineers | | 24,530 | | | | 5,000 |
|     SCADA systems license fees | | | 8,713 | | | 8,713 |
|     Geology and production system license fees | | | | 71,294 | | |
|     Web mapping license fees (Tobin) | | 70,920 | | | | |
|     Office rent - | | | | | | |
|         Boulder [4] | | | | 34,765 | | 34,765 |
|         Shreveport | | | | 6,920 | | 6,920 |
|         Bretwon, AL | | | | 1,800 | | 1,800 |
|     Parking expense (Shreveport) | | | | 900 | | 800 |
|     Outsourced gas plant settlement accounting fees | | 18,844 | | | | 2,200 |
|     Fuel and mileage | | | 6,000 | | | 6,000 |
|     Copier and postage rental and usage | | 4,500 | | | | 4,500 |
|     Cell phones | | | 2,900 | | | 2,900 |
|     Office utilities and maintenance | | | | 2,765 | | 2,765 |
|     Bank - letter of credit fees | | | | 3,500 | | 3,500 |
|     Bank - misc charges | | | | 1,660 | | 1,660 |
|     Bank interest | | | | | | 111,750 |
|     CRO / financial advisor fees | | | | | | - |
|     Independent accountant | | | | | | - |
|     Legal fees - Sklar's counsel | | | | | | |
|     Legal fees - creditors' counsel incl. bank | | | | | | 85,000 |
|     Critical vendors (pre-petition debts) | | | | | | |
|     Trustee disbursement fees | | | | | | |
|     Cash collateralize letters of credit for P&A bonds | | | | | | 100,000 |
|     Property tax | | | | | | |
|     Escheat to various states | | | | | | 30 |
|     General and misc office expenses | 8,500 | 8,500 | 8,500 | 8,500 | 8,500 | 28,000 |
|     Controller - CO apt, travel and moving exp reimbursement | 2,875 | | | 4,109 | 2,513 | 5,124 |
| | | | | | | |
| **CASH DISBURSEMENTS** | (5,510) | 324,922 | 39,370 | 2,275,021 | (280) | 3,706,545 |
| | | | | | | |
| **NET CASH FLOW** | 179,005 | (324,922) | 2,675,282 | (1,588,717) | 267,780 | (1,814,750) |

| | | | | | | |
|---|---:|---:|---:|---:|---:|---:|
| **ALL ACCOUNTS BEGINNING CASH BALANCE** | 3,439,756 | 3,618,761 | 3,293,840 | 5,969,122 | 4,380,405 | 4,648,185 |
| **ALL ACCOUNTS ENDING CASH BALANCE** | 3,618,761 | 3,293,840 | 5,969,122 | 4,380,405 | 4,648,185 | 2,833,436 |
| | | | | | | |
| **REVENUE ACCOUNT BEGINNING CASH BALANCE** | 1,827,904 | 1,827,904 | 1,827,904 | 4,542,556 | 2,508,377 | 2,508,377 |
| *inflows* | - | - | 2,714,652 | 502,104 | - | 1,593,170 |
| *outflows to outsiders, incl. severance taxes* | - | - | - | (1,853,229) | - | (2,895,080) |
| *outflows to Sklar* | | | | (683,054) | | (514,681) |
| **REVENUE ACCOUNT ENDING CASH BALANCE** | 1,827,904 | 1,827,904 | 4,542,556 | 2,508,377 | 2,508,377 | 691,786 |
| | | | | | | |
| **ALL OTHER ACCOUNTS BEGINNING CASH BALANCE** | 1,611,852 | 1,790,858 | 1,465,936 | 1,426,566 | 1,872,028 | 2,139,808 |
| *inflows for Sklar revenue* | - | - | - | 683,054 | - | 514,681 |
| *all other inflows & outflows, net* | 179,005 | (324,922) | (39,370) | (237,592) | 267,780 | (512,840) |
| **ALL OTHER ACCOUNTS ENDING CASH BALANCE** | 1,790,858 | 1,465,936 | 1,426,566 | 1,872,028 | 2,139,808 | 2,141,649 |
| | | | | | | |
| | - | - | - | (0.00) | - | - |

[1] Includes revenue attributed to Sklarco for the operated properties, which accounts for approximately 20% of the revenue from the operated properties, and 100% of the revenue from non-operated properties below
[2] Revenue Payable to Others includes distributions to ORRIs and RIs
[3] Includes reimbursement of LOE related to third party costs and COPAS reimbursements, which is an overhead cost recovery mechanism for well operators
[4] Includes sublease income of $8,372

**SKLAR STAND-ALONE / NET CASH FLOWS**

| | | | | | | |
|---|---:|---:|---:|---:|---:|---:|
| Sklarco's share of operated property revenue (incl. severance tax) | - | - | - | 683,054 | - | 514,681 |
| Sklarco non-op property revenue | - | - | - | 184,200 | - | 180,000 |
| AL gas plant management fee | - | - | - | - | - | 118,625 |
| Hedge settlements | 173,495 | - | - | - | 267,500 | - |
| Sklarco's share of LOE from operated properties | 23,233 | (21,208) | 24,375 | 10,495 | 23,233 | 42,255 |
| Sklarco's LOE for non-operated properties | (17,940) | (17,940) | (17,940) | (17,940) | (17,940) | (56,382) |
| Truck pmts | (3,408) | - | (5,143) | (2,450) | - | (11,001) |
| G&A, net of COPAS reimbursement | 3,625 | (285,774) | (40,662) | (406,737) | (5,013) | (484,427) |
| Interest and other bank charges | - | - | - | (5,160) | - | (116,910) |
| Cash collateralize letters of credit | - | - | - | - | - | (100,000) |
| Legal fees - bankruptcy specific | - | - | - | - | - | (85,000) |
| Independent accountant | - | - | - | - | - | - |
| CRO / financial advisor | - | - | - | - | - | - |
| Critical vendor pre-petition debts | - | - | - | - | - | - |
| Trustee disbursement fees | - | - | - | - | - | - |
| | | | | | | |
| **PERIOD CASH FLOWS** | 179,005 | (324,922) | (39,370) | 445,462 | 267,780 | 1,841 |
| | | | | | | |
| **CUMULATIVE CASH FLOWS** | 179,005 | (145,917) | (185,286) | 260,176 | 527,956 | 529,797 |
| | | | | | | |
| | - | - | - | - | - | |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| _____) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| Debtor. ) | |

**ORDER AUTHORIZING PAYMENT OF WORKING INTEREST OBLIGATIONS AND LIMITED OFFSET OF JOINT INTEREST BILLING OBLIGATIONS**

THIS MATTER comes before the Court on the Debtors' Motion to: 1) Honor and Pay Overriding Royalty, Royalty, and Working Interest Obligations; and 2) Offset Joint Interest Billing Obligation ("Motion"), notice having been provided, the Court having reviewed the Objections and the arguments of counsel, if any, the Court having reviewed the Motion and finding good cause for granting the requested relief, does hereby

**ORDER THAT:**

1. The Motion is GRANTED to the extent set forth herein;

2. Debtor Sklar Exploration Company is authorized and directed to pay all amounts owed to non-insider holders of royalty interests, overriding royalty interests and working interests for revenues generated from the sale of produced oil and gas in the month of March 2020, which funds were received on a post-petition basis in April 2020, and to continue to honor and pay, in consultation with East West Bank and the Committee and in accordance with any applicable order authorizing the use of cash collateral, all future revenue payments owned by or owed to non-insider holders of overriding royalty interests, royalty interests, and working interests, for all oil and gas revenues received on a post-petition basis, and may continue to honor and pay all non-insider holders of royalty, overriding royalty, and working interests, on a post-petition basis in the ordinary course of business, absent further order of this Court;

      3. Any overriding royalty interests and/or working interests owed to Sklarco, LLC from Sklar Exploration Company, LLC, shall be maintained by Sklar Exploration Company for use in ongoing operations; <u>provided, however, that the maintenance and use of such funds by Sklar Exploration Company shall not be deemed to diminish, alter, or otherwise affect the liens or interests of East West Bank or any other party in such funds</u>;

      4. Sklar Exploration Company, LLC is authorized to offset joint interest billing obligations owed to it against revenue owed to a working interest holder when expressly authorized to do so in writing by that working interest holder; provided, however, no such offset shall exceed the amount of revenues received post-petition that is specifically payable from Sklar Exploration Company, LLC, as operator, to the joint interest billing obligor;

      5. Any and all rights and defenses relating to pre-petition revenue payments owned by or owed to working interest holders that were not paid to working interest holders pre-petition shall be reserved in all respects pending determination as to the nature and extent of each parties' rights in the funds possessed by the Debtor(s) on the Petition Date pending further order of the Court;

      6. Nothing contained herein shall constitute a finding as to the nature, extent, or priority of any parties' interest in the funds held by the Debtors; and

      7. The Debtors are authorized to take all actions necessary to effectuate this Order.

      Done and entered this _____ day of _____, 2020 at Denver, Colorado.

      _____
      Honorable Elizabeth E. Brown
      United States Bankruptcy Judge