UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                             )
                                                   )    Case No. 20-12377-EEB
SKLAR EXPLORATION COMPANY, LLC                     )
EIN: 72-1417930                                    )    Chapter 11
                                                   )
   Debtor.                                         )
                                                   )
                                                   )
_____                )
                                                   )    Case No. 20-12380-EEB
SKLARCO, LLC                                       )
EIN:  72-1425432                                   )    Chapter 11
   Debtor.                                         )

**ORDER APPROVING INTERIM ADVANCE PAYMENT PROCEDURES**

THIS MATTER is before the Court on the Motion of the Debtors for an Order establishing interim compensation procedures (the "Motion", Docket no. _____ **[number]**).  Notice of the Motion having been given, no party in interest having objected thereto, and being advised in the premises, the Court

HEREBY FINDS cause exists for granting the Motion, and the debtor's cash flow allows it to pay its professionals and other potential administrative priority claimants on a monthly or other specified interim advance basis.

THEREFORE, THE COURT ORDERS:

(1)   Motion is granted.
(2)   The interim advance payment procedures established in L.B.R. 2016-2 shall apply to Debtors' professionals and other potential administrative priority claimants.
(3)   The estate's representative is authorized to pay, and the professional may seek or accept, Interim Advance Payments *when and only to the extent* that
   (a)   The funds in any applicable retainer have been fully exhausted,
   ~~(a)~~(b)   funds are available to pay all professionals and other known administrative priority claimants and have been included in the operative cash collateral budget, except that amounts may be drawn from retainers without being including in the operative cash collateral budget, and
   ~~(b)~~(c)   the professional has fully complied with this Order Authorizing the Interim Advance Payment Procedures, including all notice and objection provisions.
(4)   Provided the professional complies with the provisions set forth in this Order, the professional may receive 80% of the fees (with the remaining 20% referred to as the "holdback") and 100% of the expenses not subject to an unresolved objection, as provided in L.B.R. 2016-2(b)(8)(D).  The professional may *only* seek authorization for payment of the holdback amount as part of a subsequent formal ~~interim~~final fee application.  To the extent any

fees or expenses are not approved by the Court, they must be offset against the 20% holdback or be disgorged from the professional as appropriate.

(5) Within 14 days from the end of the monthly billing cycle for which Interim Advance Payments or payments from retainers are sought, the professional must prepare a detailed monthly statement ("Monthly Statement").  If the professional fails to seek Interim Advanced Payments within 14 days, then the professional must await the next monthly billing cycle to obtain payment or await the formal fee application process to obtain payment.  Notice must be provided to the Noticed Parties described in L.B.R. 2016-2(b)(7).), including but not limited to the United States Trustee, the Official Committee of Unsecured Creditors, and counsel for East West Bank.  The Monthly Statement must comply with L.B.R. 2016-1(a)(2)(B).

(6) Monthly Statements seeking the reimbursement of expenses must include a summary of expenses by category.  Whenever a person pays expenses for others, the other person must be identified.  It is not necessary to attach supporting documentation for expenses incurred to the Monthly Statement, unless and until the expense is challenged or questioned.

(7) The description of any service that is confidential in nature may be redacted from the Monthly Statements, but professionals must endeavor to use descriptions that allow adequate review of their services without compromising sensitive commercial information, attorney work product, or other privileges.  If a redacted entry is questioned, these entries are to be treated as an Informal Objection, as set forth in L.B.R. 2016-2(b)(8)(A).  For allowance of the fees for the redacted entries, the professional must move to submit unredacted Monthly Statements to the Court under seal as part of their subsequent formal fee application.

(8) To receive an Interim Advance Payment, the professional must give timely notice to the debtor, debtor's attorney, the United States Trustee and, if applicable, to the chapter 11 trustee, and the attorney for the Creditors' Committee (or if there is no committee attorney, to all members of the committee), and the attorney for East West Bank, (collectively, the "Noticed Parties") and attach a copy of the applicable Monthly Statement.

(9) Objections to Monthly Statements, referred to as "Informal Objections," must be submitted no later than 14 days after receiving notice of the Monthly Statement.  Informal Objections must be submitted to the professional and Noticed Parties, and should not be filed with the Court. (The only objections that must be filed with the Court are objections to formal fee applications filed with the Court.)  Informal Objections must specify the nature of the objection and the associated specific amount(s) within the Monthly Statement considered objectionable.  If a professional receives an Informal Objection, then the professional may not seek or accept an Interim Advance Payment of any amount to which an Informal Objection has been lodged (and remains unresolved between the professional and objecting party). Instead the professional must wait to obtain payment through the formal interim or final fee application process or seek further order of the Court.  As provided herein, the professional may then receive 80% of the fees and 100% of the expenses not subject to an unresolved objection.  Failure to lodge an Informal Objection does not, by itself, constitute waiver of the right to object to a formal interim or final fee application.  All Interim Advance Payments are subject to the interim and final fee applications filed with the Court pursuant to 11 U.S.C. §§ 330 and 331, and therefore subject to disgorgement.

(10) Parties seeking Interim Advance Payments and payments from retainers must:

    (a)    Comply with 11 U.S.C. §§ 330 and 331, L.B.R. 2016-1 and L.B.F. 2016-1.1 for interim and final compensation approval;
    (b)    File formal interim fee applications ~~not more than every 120 days and~~ at least every ~~180~~120-days~~,~~ unless otherwise ordered by the Court;
    (c)    Seek final approval of all interim compensation fee applications by filing a final fee application; and
    (d)    When applicable, suspend seeking or accepting an Interim Advance Payment as provided in L.B.R. 2016-2(c).

    (11)    A professional's authorization to seek or accept any Interim Advance Payments will be for 120-day intervals only, beginning with the date the professional first began providing services after an order approving Interim Advance Payment procedures. After each 120 day interval, the professional's authorization to seek or accept Interim Advance Payments will be suspended until the professional has filed a formal application for interim or final compensation for all prior unapproved professional fees pursuant to 11 U.S.C. §§ 330 or 331. Upon the filing of a formal interim fee application, the professional may seek and accept Interim Advance Payments, as identified herein, without further order of the Court.

DATED _____                  BY THE COURT:

                                                   _____
                                                   Honorable Elizabeth E. Brown
                                                   United States Bankruptcy Judge

[Formatted: Header]

[Formatted: Footer]