UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                           )
                                                 )   Case No. 20-12377-EEB
SKLAR EXPLORATION COMPANY, LLC                   )
EIN: 72-1417930                                  )   Chapter 11
                                                 )
    Debtor.                                      )
                                                 )
_____          )
                                                 )   Case No. 20-12380-EEB
SKLARCO, LLC                                     )
EIN: 72-1425432                                  )   Chapter 11
    Debtor.                                      )

**DEBTORS' REPORT ON ISSUES RAISED BY COURT
ON CASH COLLATERAL ISSUES**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together, "Debtors"), state their report on the issues raised by the Court during the conclusion of the evidentiary portion of the trial conducted on cash collateral issues on May 12, as follows:

1. A two day trial was conducted on May 11 and 12, 2020 on the Debtors' 1) *Motion for Authority to Use Cash Collateral* ("Cash Collateral Motion") (Docket No. 34); and 2) *Motion to: (1) Honor and Pay Overriding Royalty, Royalty, and Working Interest Obligations; and (2) Offset Joint Interest Billings* ("Oil and Gas Motion") (Docket No. 37); and various objections thereto filed by a number of working interest holders in properties operated by SEC.

2. At the trial the Debtors advised the Court that they had reached an agreement as to a Third Interim Order Authorizing Use of Cash Collateral ("Third Interim Order") with the Official Committee of Unsecured Creditors ("Committee") and East West Bank ("EWB"). The proposed Third Interim Order was filed with the Court.

3. The beneficiary of the Howard Sklar Trust which owns both Debtors and is the Manager of the Debtors is Howard Sklar. Mr. Sklar attended the trial and did testify as a witness.

4. At the conclusion of the trial and prior to any ruling, the Court addressed Mr. Sklar in particular and after questioning the objecting working interest holders as to what amount of new cash would be sufficient to satisfy their objections to cash collateral use, then told Mr. Sklar that he needed to let the Court and parties know what amount of money he could provide that would

assist the reorganization effort. Mr. Sklar was to let the Court know about his ability to provide funds within 48 hours, prior to the Court's ruling on cash collateral use.

5. Mr. Sklar has taken the Court's admonition very seriously and is addressing the concerns as fully as possible within his means. While he is using this opportunity to provide the Court and creditors with the steps he is taking to meet not only the Court's but the creditor requests, he does want to clear the record as to several points that were discussed during the colloquy with counsel at the end of the trial.

**The Bank and First Default Notice**

6. It appears that the Court's demand upon Mr. Sklar was based upon two points that were not the subject of the trial, 1) discussion with EWB's counsel regarding the timing of defaults called by EWB and the belief that such timing occurred in the fall of 2019; and 2) evidence presented that approximately $2 million was paid to Mr. Sklar and/or the Howard Sklar Trust in the year 2019.

7. In regard to the issues with EWB, the first notice received by the Debtor was on December 6, 2019 in which the Debtor was led to believe that any issue as to the loan could be satisfied with a $12,500 fee. See Exhibit A attached hereto.

8. The first default letter received by the Debtor was on February 28, 2020. Much later than the Court may have believed during its discussions with counsel at the conclusion of the trial. See Exhibit B attached hereto.

**Mr. Sklar and Trust Assets**

9. It should be noted that no avoidance action was pending against Mr. Sklar at the time of the trial. Furthermore, there was no testimony as to funds or assets held by Mr. Sklar. Despite the fact that certain distributions were taken by Mr. Sklar and his sons in the year 2019, out of his limited liability company pass through entities, there was no evidence as to whether he still held such assets and no evidence as to his personal assets.

10. Mr. Sklar has attempted to put together as much money as he can from both himself, his Trust and his sons' Trust, Jacob and Alan Sklar, in order to meet the concerns of the Court and facilitate the reorganization of the Debtors.

**Mr. Sklar and the Provision of Financing**

11. Mr. Sklar and the Trusts have agreed to provide the sum of $1,233,000 ("Funds") in the form of debtor in possession financing to the Debtors subject to the terms and conditions

that are briefly stated as follows: a) the Funds will be provided pursuant to a Motion that will be filed by the Debtor to provide the financing as quickly as possible; b) the advance of the Funds will be subject to a 5% interest rate on Funds advanced; c) the advance of Funds will be unsecured; d) the Funds advance will be subordinate to the repayment of all creditors in this case including but not limited to unsecured creditors, subject to repayment through refinancing of the Bank's claim; e) in the event that the estate or an agent of the estate obtains a judgment against Mr. Sklar, his sons or their Trusts, the advance of Funds may be used as a credit against any such judgment; f) the Funds advance will be subject to the appointment of a Chief Restructuring Officer ("CRO") by the Debtor and the Court who will be appointed as soon as they can be approved. The CRO will be selected by agreement of the Bank, the Unsecured Creditors Committee, and the Debtor. The Debtor fully believes that the CRO will be named as early as May 14, 2020; and g) the Funds advance will be provided once a final cash collateral order is approved by the Court which provides for the Debtors' continued operation through the year 2020.

12. The $1,233,000 is comprised of $500,000 provided by the Howard Sklar Trust, $500,000 provided by the Jacob and Alan Sklar Trusts, and $233,000 which is a return of an investment made by the Howard Sklar Trust in an investment named Trout Creek. The Trout Creek money is currently in the Sklarco bank account but it is subject to ownership by Mr. Sklar. See Exhibit C consisting of the K-1 received by Sklarco with respect to this investment.

13. In addition, the Debtors point out that Pruet Production Co. ("Pruet") has returned as of Tuesday May 12 the sum of approximately $249,416.88 derived from the unitization of the NW Brooklyn Project. Such funds were not previously contained in the budget since they have been the subject of a time-consuming accounting process. The funds from Pruet belong solely to Sklarco.

14. The Debtors are also engaged in locating additional debtor in possession financing and if they meet any degree of success, will inform the Court.

15. The $1 million that is being provided by the Sklar interests is obtained by the liquidation of stocks and securities. It represents the vast majority of funds that can be reached by Mr. Sklar to meet the demands of this case.

16. The Debtors have been engaged in a substantial effort to work with EWB and the Committee as well as individual creditors with a resolution of the numerous issues in this case. Since substantial time has been spent in these endeavors including the determination of who the

CRO should be, this Report represents the current state of affairs as of the date and time it is submitted. Any further decision making which will likely occur by Monday May 18, 2020 will enhance the positions state in this report.

DATED: May 14, 2020

Respectfully submitted,

By: /s/ Lee M. Kutner
Lee M. Kutner, # 10966
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
E-mail: lmk@kutnerlaw.com
E-mail: klr@kutnerlaw.com

## VERIFICATION

I Howard Sklar do swear and affirm that the statements contained in this Report are true and correct to the best of my knowledge and belief.

Howard Sklar