IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**EAST WEST BANK'S RESERVATION OF RIGHTS AND LIMITED JOINDER IN DEBTORS' OBJECTION TO STRAGO GROUP'S MOTION FOR ORDER DIRECTING ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT**

Secured creditor, East West Bank, a California state banking corporation ("EWB"), in its individual capacity as a lender and as the administrative agent under the Credit Agreement dated June 15, 2018 (as amended, the "Credit Agreement") with Sklar Exploration Company LLC ("SEC") and Sklarco LLC ("Sklarco," and collectively with SEC, the "Debtors"), through counsel, files this reservation of rights regarding cash collateral and lien issues implicated by the Strago Group's Motion for Order Directing Debtor Sklar Exploration Company, LLC to Assume or Reject Executory Contract (the "Strago Motion") [Doc. #204], and joins the Debtors' objections thereto to the extent necessary to preserve such rights and to preserve the value for the estates of the JOA and related interests at issue, and states as follows:

1. The Debtors filed their voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date").

2. EWB is the Debtors' senior secured lender pursuant to the Credit Agreement entered among EWB and the Debtors on or about June 15, 2018. As of the Petition Date, the

602038183.3

Debtors were indebted to EWB in the amount of no less than $22,989,650.74, as set forth in EWB's proofs of claim.[1] The Debtors' obligations to EWB are secured by duly perfected, first priority liens in favor of EWB on substantially all of the Debtors' assets.

3. On April 30, 2020, the Strago Group[2] filed the Strago Motion seeking entry of an order directing SEC to assume or reject the JOA. The Strago Group contends, among other things, that the JOA requires SEC to commence drilling an Initial Well on or before April 1, 2020.

4. According to the Strago Motion, in connection with the Initial Well, the parties to the JOA collectively made a Cash Call Advance to SEC in the amount of $1,953,700, of which only $250,000 was spent prepetition on development of the Initial Well. *See* Strago Motion at 4-5.

5. On May 4, 2020, the Debtors filed the Objection and Response to Strago Group's Motion for Order Directing Debtor Sklar Exploration Company, LLC to Assume or Reject Executory Contract ("Objection") [Doc. #217]. According to the Objection, the Debtors estimate the cost and expense to drill and test the Initial Well will be approximately $2,000,000.

6. As the Court is aware, the Debtors do not have sufficient available funds to satisfy the cure and performance expenses associated with assumption of the JOA. In any scenario, any cure costs associated with assumption of the JOA may be made only in accordance with the applicable budget and order approving the use of cash collateral. No budget and order currently

---

[1] See Proof of Claim No. 29 in the SEC Claims Register, and Proof of Claim No. 1 in the Sklarco Claims Register.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Strago Motion.

602038183.3

authorizes $2 million in cure costs, and it is unlikely the Debtors have sufficient available cash to make such payment. EWB reserves all rights in connection with these cash collateral issues.

7. According to the Objection, the Debtors have less costly alternatives available to secure an extension of the requirement to drill the Initial Well that may preserve the value of the JOA until such time as assumption is feasible. The Debtors and their creditors, including EWB, should have the benefit of the breathing spell contemplated under the Bankruptcy Code to assess the myriad issues and the Debtors' financial challenges in these cases before assumption or rejection of any particular executory contract is required.

8. Generally, a chapter 11 debtor is not required to assume or reject executory contracts until confirmation of a plan. *See* 11 U.S.C. § 365(d)(2). Courts recognize the importance of allowing debtors time to evaluate and make determinations concerning their executory contracts. *See*, *e.g.*, *In re Physician Health Corp.*, 262 B.R. 290, 292 (Bankr. D. Del. 2001) ("Permitting the debtor to make its decision as late as the plan confirmation date enables the debtor to carefully evaluate the possible benefits and burdens of an executory contract. It is vitally important to all interested parties that the debtor make a prudent assumption or rejection decision . . . .").

9. The Debtors' decision to defer assumption or rejection of the JOAs at such an early stage of their chapter 11 cases is not unreasonable, particularly given the cash and liquidity issues the Debtors are attempting to address on a cooperative basis with the Unsecured Creditors' Committee and EWB. *See*, *e.g.*, *In re Dallas-Forth Worth Regional Airport Bd. v. Braniff Airways, Inc.*, 26 B.R. 628, 636 (N.D. Tex. 1982) (it is unreasonable in a complex bankruptcy proceeding to require a decision within two months of the petition date).

602038183.3

10. EWB respectfully submits that the Debtors should be permitted to explore less costly alternatives before being forced to assume or reject the JOA at this early stage of these cases. EWB reserves all rights with respect to cash collateral and related issues.

Dated this 14th day of May, 2020.

*s/ Craig K. Schuenemann*
Craig K. Schuenemann, CO #41068
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Phone: (303) 861-7000
Facsimile: (303) 866-0200
Email: craig.schuenemann@bclplaw.com

ATTORNEYS FOR EAST WEST BANK

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on this 14th day of May, 2020, a true and correct copy of the foregoing **EAST WEST BANK'S RESERVATION OF RIGHTS AND LIMITED JOINDER IN DEBTORS' OBJECTION TO STRAGO GROUP'S MOTION FOR ORDER DIRECTING ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT** was filed and served via ECF on all attorneys of record:

Jeffrey S. Brinen
Lee M. Kutner
1660 Lincoln Street
Suite 1850
Denver, CO 80264
*Attorney for Debtors*

Paul Moss
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294
*Attorney for U.S. Trustee*

Christopher D. Johnson
John D. Cornwell
Grant M. Beiner
700 Milam Street, Suite 2700
Houston, TX 77002
*Attorneys for Official Committee
of Unsecured Creditors*

Robert L. Paddock
Buck Keenan LLP
2229 San Felipe, Suite 1000
Houston, TX 77019
*Attorneys for The Strago Group*

                                              */s/ Martha A. Hammond*
                                              Martha A. Hammond Legal Secretary
                                              Bryan Cave Leighton Paisner LLP

602038183.3