UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| Debtor. | ) | |

**THIRD INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

UPON CONSIDERATION of the Motion of the Debtors and Debtors in Possession for entry of an order authorizing the use of cash collateral on an interim basis ("Motion") and any additional papers filed in opposition thereto and in further support thereof; and having heard the arguments of counsel; and having considered the evidence presented; and based on the reasons stated on the record on May 18, 2020, the Court FINDS and CONCLUDES:

A. On April 1, 2020 (the "Petition Date"), Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco") (collectively "Debtors") filed respective voluntary petitions for relief under chapter 11, thereby commencing their chapter 11 cases, which are being jointly administered.

B. On April 16, 2020, the United States Trustee appointed the Official Committee of Unsecured Creditors of Sklar Exploration Company, LLC (the "Committee").

C. East West Bank, a California state banking corporation ("EWB"), as lender and the administrative agent under the applicable loan and security documents, asserts a secured claim in this case pursuant to a loan made to the Debtors (the "Loan") on or about June 15, 2018.

D. EWB asserts a secured claim for the Debtors' outstanding indebtedness to EWB on the Loan, which as of the Petition Date exceeded $22,925,000 (the "Prepetition Indebtedness"), which it asserts is secured by first-priority liens in favor of EWB in substantially all of the Debtors' real and

personal property assets. In addition, EWB asserts liens on all of the Debtors' cash on hand, revenue, cash proceeds and other cash equivalents, and all cash and cash equivalent proceeds of other collateral (collectively, the "Cash Collateral").

E. Additional parties, including certain working interest holders, mechanics, materialmen, or mineral lien claimants filed objections or responses to the Motion or appeared at the hearing held from May 9-12, 2020. Many of those parties who filed objections later withdrew them based on additional language included in the proposed form of this Order. By the time of the evidentiary portion of the hearing on the Motion, the only remaining objectors were: Tauber Exploration & Production Company, CTM 2005, Ltd., Pickens Financial Group, LLC, I & L Miss I, LP, MER Energy, Ltd., MR Oil & Gas, LLC, Tara Rudman Revocable Trust, Feather River 75, LLC, Rudman Family Trust, and The Rudman Partnership, FPCC USA, Inc., Kudzu Oil Properties, LLC, Alabama Oil Company, and Apple River Investments, LLC. (collectively, the "Objecting Parties.")

F. On April 15, 2020, the Court entered the Interim Order Authorizing Use of Cash Collateral through and including April 27, 2020; and on April 27, 2020, the Court entered the Second Interim Order Authorizing Use of Cash Collateral through and including May 8, 2020.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby GRANTED on an interim basis as provided in this Order.

2. The Debtors are hereby authorized to use the Cash Collateral only to pay the post-petition operating expenses of the Debtors as set forth in the Budget for the third interim period from May 9, 2020 through and including May 31, 2020 attached to the Debtors' Supplemental Status Report filed at Docket Number 271 (the "Budget"), which was also submitted as Debtors' Exhibit D-4 at the hearing, and for no other purpose without the prior written consent of EWB, the Committee, and all other parties who in filing a response to the Debtors' request to use cash collateral have asserted an interest in the Cash Collateral (collectively, the "Interest Holders"). With respect to all budgeted expenses, EWB consents to a variance not to exceed 15% of each line-item expense; provided, however, the Debtor shall not exceed 3% of the cumulative amount of all line-item expenses for any budgeted period without the prior consent of EWB or an order of the Court; and further provided that, the Debtors shall provide notice to

the Committee and the Interest Holders (within one business day) in the event that such consent is provided by EWB. For the avoidance of a doubt, notwithstanding any line item in the budget, the Debtors may only use Cash Collateral for the payment of post-petition expenses unless otherwise authorized by the Bankruptcy Court, and shall not use the post-petition revenues of the Interest Holders as Cash Collateral, with the exception of paying revenues to such Interest Holders, and offsetting Joint Interest Billings against post-petition revenues where expressly requested in writing by the revenue interest holder.

3. For the avoidance of a doubt, SEC shall pay all amounts owed to the holders of royalty interests, overriding royalty interests, and working interests for revenues generated from the sale of produced oil and gas in the month of March 2020, which funds were received on a post-petition basis in April 2020, in accordance with the Budget, and consistent with the Court's Order Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations, of even date herewith, and shall not use the post-petition revenues of the Interest Holders as Cash Collateral, with the exception of paying revenues to such Interest Holders, and offsetting Joint Interest Billings against post-petition revenues where expressly requested in writing by the revenue interest holder.

4. The funds in an account of either Debtor shall retain their ownership as to the individual Debtor who provided such funds into the account and/or any applicable third party that may claim ownership to such funds under applicable non-bankruptcy law in existence on the Petition Date. An accounting of such funds shall be available to Interest Holders and creditors on a monthly basis and earlier upon reasonable request by a creditor. SEC shall be responsible for maintaining a current and contemporaneous record of all funds collected and disbursed for the benefit of Sklarco and non-debtor third parties.

5. Any overriding royalty interests and/or working interests owed to Sklarco from SEC, shall be maintained by SEC for use in ongoing operations.

6. The Debtors' authorization to use the Cash Collateral in accordance with the terms of this Order will remain in effect through the last date of the Budget.

7. Notwithstanding Bankruptcy Code § 552, as additional adequate protection, the

interests of EWB and the Interest Holders shall have, and are hereby granted, replacement liens on all existing and hereafter acquired property and assets of the Debtors of every kind and character, to the extent (if any) and with the same validity and priority that they held a lien or interest (including valid and non-avoidable liens in existence at the time of the Petition Date that are subsequently perfected as permitted by section 546(b) of the Bankruptcy Code) in such kind and character of property and assets of the Debtors as of the Petition Date (the "Replacement Liens"). The Replacement Liens shall secure EWB and the Interest Holders to the extent necessary to adequately protect them from any diminution in value of their interests in property of the Debtors' estates as a result of the entry of this Order and the use of Cash Collateral authorized hereby. For the avoidance of doubt, to the extent it is determined that funds held by the Debtors as of the Petition Date were owned by or subject to an interest of the Interest Holders and that said funds have been subsequently expended by the Debtors, the Interest Holders shall be entitled to a Replacement Lien.

8. The Debtors shall keep EWB's collateral and that of any other secured creditor insured to the same extent it was insured on a pre-petition basis and shall maintain and preserve the operation of all such collateral.

9. The Debtors shall make available to all creditors, the Committee, their counsel and consultants, upon reasonable request, the Debtors' books and records and other financial information. The Debtors shall also provide to EWB, any other secured creditors, the Committee, and any other creditor who so requests, a budgeted-versus-actual rolling cash flow report on a weekly basis during the budget periods covered by this Order, provided however that per-line item and overall variances will be evaluated on a monthly basis.

10. As additional adequate protection, the Debtors hereby consent to the appointment of a chief restructuring officer ("CRO") to manage and/or oversee the day-to-day operations and business of the Debtors during the pendency of these chapter 11 cases. The identity of the CRO and the terms of the CRO's appointment shall be agreeable to the Committee and EWB, with reasonable consultation by the Debtors and the Interest Holders, and shall be submitted for the Court's approval on motion filed by the Debtors prior to the final hearing or the next interim hearing on Cash Collateral.

11. Nothing in this Order shall constitute a final ruling that any party's interests are adequately protected, nor a determination of the validity, priority, or extent of any lien or interest asserted by EWB, the Interest Holders, or any other Secured Creditor. The parties' rights are fully preserved with respect to such issues.

12. Nothing in this Order shall impair, limit, or modify the application of Section 507(b) of the Bankruptcy Code.

13. To the extent the Debtors hold funds provided by working interest holders for cash call advances, the Debtors shall retain and account for such funds to such working interest holders. The Debtors have asserted that they do not believe they are holding any such funds at this point, but they will continue to investigate this matter further prior to any final hearing. The Debtors shall also provide an accounting of revenue held in suspense in which any working interest holder or other party may claim an interest.

14. Nothing in the Motion or this Order shall in any way limit any party's right to object to the use of cash collateral, the funds or proceeds asserted to constitute cash collateral, or the ownership of such funds for purposes of this interim order, on a final basis.

Dated: May 18, 2020.　　　　　　　　　　　　BY THE COURT:

*Elizabeth E. Brown*

Honorable Elizabeth E. Brown
United States Bankruptcy Judge