PROMISSORY NOTE

Boulder, Colorado                                                                                                     May __, 2020

      FOR VALUE RECEIVED, the undersigned, Sklar Exploration Company, LLC, Debtor-in-Possession in the United States Bankruptcy Court for the District of Colorado ("SEC"), and Sklarco, LLC, Debtor-in-Possession in the United States Bankruptcy Court for the District of Colorado ("Sklarco" and together "Debtors" or "Borrowers"), jointly administered under Case No. 20-12377-EEB hereby unconditionally promises to pay on or before the "Maturity Date", as defined in the Lending Agreement dated May __, 2020  ("Lending Agreement"), to the order of Howard Sklar ("Sklar"), the Howard Sklar Trust ("Howard Trust"), Jacob Sklar Trust ("Jacob Trust"), and the Alan Sklar Trust ("Alan Trust" and together with Sklar, the Howard Trust, and Jacob Trust, the "Sklar Parties"), their successors and assigns at 5395 Pearl Parkway, Suite 200, Boulder, Colorado 80301, or such other place and manner as may be designated by the Sklar Parties, in lawful money of the United States of America, immediately available funds, the outstanding principal balance of $1,233,000 (the "Loan"), and the aggregate amount of fees, accrued and unpaid interest, and costs accrued thereon.

      All terms not otherwise defined herein shall have those definitions as are ascribed to those terms in the Lending Agreement.

      1.    <u>Repayment</u>.  Interest shall accrue on the outstanding principal balance of this note but shall not be compounded.  Repayment of the Loan shall be waived by the Sklar Parties and subordinated to the repayment of claims held be general unsecured creditors.  In the event that any judgment is entered against the Sklar Parties for any action arising under Section 544, 547,548, 559, or 550, the amount of such judgment shall be offset first against the balance of the Loan.

      2.    <u>Interest</u>.  This Note shall accrue interest in like money on the outstanding Loan Amount from the date of disbursement at the rate of 5% per annum.  After default, the outstanding Loan Amount shall bear interest at the rate of 10% per annum (the "Default Rate").

      3.    <u>Waiver</u>.  Borrowers waive presentment, notice of dishonor and protest.

      4.    <u>Extension</u>.  Borrowers agree that the Maturity Date of this Note, or any payment due hereunder, may be extended at any time or from time to time by Holder without releasing, discharging, or affecting Borrowers' liability.

      5.    <u>Invalidity</u>.  Any provision of this Note that is deemed invalid or unenforceable shall be ineffective to the extent of such invalidity or unenforceability, without rendering invalid or unenforceable the remaining provisions of this Note.

      6.    <u>Attorneys' Fees</u>.  In the event a suit, action, arbitration, or other proceeding of any nature whatsoever, including without limitation any proceeding under the U.S. Bankruptcy Code, is instituted, or the services of an attorney are retained, to interpret or enforce any provision of this Note or with respect to any dispute relating to this Note, the prevailing party

shall be entitled to recover from the losing party its attorneys', paralegals', accountants', and other experts' fees and all other fees, costs, and expenses actually incurred and reasonably necessary in connection therewith. In the event of suit, action, arbitration, or other proceeding, the amount thereof shall be determined by the judge or arbitrator, shall include fees and expenses incurred on any appeal or review, and shall be in addition to all other amounts provided by law.

7. <u>Relationship of Parties</u>.  Nothing in this Note shall create a relationship between Borrowers and the Sklar Parties of partnership or of principal and agent, it being their intent that their relationship is that of debtor and creditor.

8. <u>Default</u>.  An Event of Default shall have occurred under this Note as set forth in Paragraph 15 of the Lending Agreement.

9. <u>No Waiver</u>.  No failure to accelerate the indebtedness evidenced hereby by reason of default hereunder, acceptance of a past-due installment or other indulgence granted from time to time, shall be construed as a novation of this Note or as a waiver of such right of acceleration or of the right of the Sklar Parties to insist upon strict compliance with the terms of this Note or to prevent the exercise of such right of acceleration or any other right granted hereunder or by applicable laws.  No extension of the time for payment of the indebtedness evidenced hereby or any installment due hereunder, made by agreement with any person or entity now or hereafter liable for payment of the indebtedness evidenced hereby, shall operate to release, discharge, modify, change or affect the original liability of the Borrowers hereunder or that of any other person now or hereafter liable for payment of the indebtedness evidenced hereby, either in whole or in part, unless the Sklar Parties agree otherwise in writing. This Note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement or any waiver, change, modification or discharge is sought.

10. <u>Notices</u>. Notices under this Note shall be made as provided in the Lending Agreement.

**[remainder of page intentionally left blank]**

11. <u>Governing Law</u>. The validity, meaning, enforceability and effect of this Note, and the rights and liabilities of the parties, shall be determined in accordance with the laws of the State of Colorado.

Dated as of the date first set forth above.

<u>BORROWERS</u>:
SKLAR EXPLORATION COMPANY, LLC

By: _____
_____, its _____

SKLARCO, LLC

By: _____
_____, its _____

Case:20-12377-MER Doc#:346-3 Filed:05/22/20 Entered:05/22/20 13:31:56 Page4 of 4