## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTORS' EMPLOYMENT OF CR3 PARTNERS AS CHIEF RESTRUCTURING OFFICER EFFECTIVE AS OF MAY 21, 2020**

Patrick S. Layng, the United States Trustee for Region 19 (the "UST"), through counsel, submits this limited objection to the Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer Effective as of May 21, 2020 (the "Motion"). The UST, for this Limited Objection, states as follows:

1. Sklar Exploration Company, LLC and Sklarco, LLC (together the "Debtors") filed for relief under chapter 11 of the Bankruptcy Code on April 1, 2020 (the "Petition Date"). An Order for Joint Administration of the above captioned cases was entered on April 2, 2020.

2. Debtors remain debtors-in-possession under 11 U.S.C. §§ 1107 and 1108. The UST appointed an Official Committee of Unsecured Creditors for Sklar Exploration Company, LLC (the "UCC") on April 16, 2020.

3. On May 21, 2020, Debtors filed their Motion seeking to employ CR3 Partners, LLC as Chief Restructuring Officer (the "CRO") of the Debtors under 11 U.S.C. §§ 105(a) and 363(b).

4. Prior to Debtors' filing their Motion seeking the CRO, a motion seeking appointment of a chapter 11 trustee, or in the alternative, seeking to convert the cases to chapter 7 was filed by creditors on May 17, 2020, which remains pending. The UST does not oppose the relief sought by creditors in seeking a trustee in these cases and should the Court enter an Order

1

for appointment of a chapter 11 trustee or convert the cases to chapter 7, the UST will appoint the appropriate trustee(s).

5. Should Debtors continue to proceed as debtors-in possession under chapter 11, the UST files this objection to preserve concerns regarding employment of the CRO and has provided language discussed below in a proposed form of order to Debtors and the UCC regarding employment of the CRO.

## Limited Objection

6. The UST does not oppose the employment/engagement of the CRO for the Debtors under the terms included under paragraphs "a" through "j" below. The Motion and exhibits contain overly broad language concerning indemnification and the following terms should be contained in the proposed order notwithstanding anything in the Motion and its exhibits to the contrary.

   a. The CRO and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

   b. In the event the Debtors seek to have the CRO personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

   c. The CRO shall file with the Court with copies to the United States Trustee and all official committees a report of staffing on the engagement for the previous month. Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed.

   d. No principal, employee or independent contractor of the CRO and its affiliates shall serve as a director of any of the above-captioned Debtor(s) during the pendency of the above-captioned cases.

   e. The CRO shall file with the Court and provide notice to the United States Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the

    expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed.

  f. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

  g. The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

  h. There shall be no indemnification of the CRO or its affiliates.

  i. For a period of three years after the conclusion of the engagement, neither the CRO nor any of its affiliates shall make any investments in the Debtor(s) or the Reorganized Debtor(s).

  j. The CRO shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor(s), its/their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

    WHEREFORE, the UST filed his limited objection to the Motion for the reasons set forth above and requests such other and further relief as the Court deems appropriate.

Dated: May 29, 2020

                PATRICK S. LAYNG
                UNITED STATES TRUSTEE
                /s/ Paul Moss
                By: Paul Moss, #26903
                Trial Attorney for the U.S. Trustee
                1961 Stout Street, Suite 12-200
                Denver, Colorado 80294
                (303) 312-7995 telephone
                Paul.Moss@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify on the 29th day of May 2020, that a copy of **UNITED STATES TRUSTEE'S LIMITED OBJECTION TO MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTORS' EMPLOYMENT OF CR3 PARTNERS AS CHIEF RESTRUCTURING OFFICER EFFECTIVE AS OF MAY 21, 2020** was served on the following parties (and any party who requested electronic notice in the above-captioned case) in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

*VIA CM/ECF:*

| | |
|---|---|
| Lee M. Kutner | John Thomas Oldham |
| Keri L. Riley | Robert L. Paddock |
| Jeffrey S. Brinen | Robert Padjen |
| Christopher D. Johnson | Jeremy L. Retherford |
| James B. Bailey | Timothy Michael Riley |
| Victoria N. Argeroplos | Katherine A. Ross |
| Joseph Eric Bain | Michael D. Rubenstein |
| Duane Brescia | Craig K. Schuenemann |
| John Cornwell | Ryan Sidemann |
| Shay L. Denning | Thomas H. Shipps |
| Benjamin Y. Ford | Barnet B. Skeleton, Jr. |
| Craig M. Geno | Jim F. Spencer, Jr. |
| Michael J. Guyerson | Bryce Suzuki |
| Jennifer Hardy | Timothy M. Swanson |
| Eric Lockridge | David R. Taggart |
| Ryan Lorenz | Glenn Taylor |
| Christopher Meredith | Madison M. Tucker |
| David M. Miller | Amy Vazquez |
| Timothy C. Mohan | Deanna L. Westfall |
| Kevin S. Neiman | Michael Niles |
| Matthew J. Ochs | Brian Rich |
| Matthew Okin | Jordan B. Bird |
| Jennifer Norris Soto | Grant Matthew Beiner |

/s/ Paul Moss
Office of the United States Trustee