# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

**PRUET'S LIMITED JOINDER IN SUPPORT OF THE MOTION
TO APPOINT CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104
FILED BY TAUBER EXPLORATION & PRODUCTION COMPANY; CTM 2005,
LTD; PICKENS FINANCIAL GROUP, LLC; I & L MISS I, LP; MER ENERGY,
LTD; MR OIL & GAS LLC; TARA RUDMAN REVOCABLE TRUST; FEATHER
RIVER 75, LLC; RUDMAN FAMILY TRUST AND THE RUDMAN PARTNERSHIP**

Come now, Pruet Production Co. ("PPC") both in its individual capacity and as agent for certain owners of working interests (the "Owners")[1] and Pruet Oil Company, LLC ("POC" and together with PPC, "Pruet"), creditors and parties in interest, and file this limited joinder in support of the Motion to Appoint Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104 [Doc. 308] (the "Motion to Appoint Chapter 11 Trustee") filed by Tauber Exploration & Production Company; CTM 2005, LTD; Pickens Financial Group, LLC; I & L Miss I, LP; MER Energy, LTD; MR Oil & Gas, LLC; Tara Rudman Revocable Trust; Feather River 75, LLC; Rudman Family Trust and the Rudman Partnership (collectively, the "Tauber Group"). In support of this joinder, Pruet states the following:

---

[1] A list of the Owners is included in the Verified Rule 2019 Statement of Multiple Representation filed at Docket No. 162 as amended by Docket No. 211.

In filing this Joinder, Pruet recognizes there is a presumption against appointing a chapter 11 trustee and that pending before the Court is the Debtors' motion to appoint a chief restructuring officer ("CRO"). Pruet believes a chapter 11 trustee should be appointed. However, to the extent the Court finds that a chapter 11 trustee should not be appointed, Pruet requests the Court appoint an individual as CRO with proper qualifications instead of conversion to chapter 7 as requested in the Motion to Appoint Chapter 11 Trustee.

Pruet incorporates the factual recitations and arguments made in the Motion to Appoint Chapter 11 Trustee and will not repeat the arguments made therein. Pruet underscores the level of distrust that is felt by the creditors in this case against the Debtors' current management not only in how they have squandered the funds held by the Debtors, but also in the mishandling of operations of the wells that continues today. "Acrimony between [the] debtor and creditor[s] which impedes the reorganization effort is cause to appoint a Chapter 11 trustee." *In re Celeritas Tech., LLC*, 446 B.R. 514, 519 (Bankr. D. Kan. 2011) (citing *In re Nartron Corp.*, 330 B.R. 573, 590 (Bankr. W.D. Mich. 2005). The passage of time will not cause this acrimony to cease and thus the decision making authority must be removed from the Debtors' upper management.

It seems a foregone conclusion that either a CRO or a chapter 11 trustee will be appointed in the cases so the question becomes why should a chapter 11 trustee be appointed in lieu of a CRO? The duties and powers of a chapter 11 trustee are well defined in the Bankruptcy Code and the case law interpreting those provisions. Such is not the case for a CRO which leads to open questions and the potential for disputes regarding the CRO's role. This is particularly true when the Debtors' corporate governance documents place full corporate authority in the hands of Howard Sklar. Such questions and potential disputes are largely

avoided by the appointment of a chapter 11 trustee. Further, the powers proposed to be granted to the CRO in Debtors' pending motion seem to be tantamount to those of a chapter 11 trustee. If the proposed CRO will in essence hold the same powers of a chapter 11 trustee, why not avoid a game of semantics and call the person in this new role what they are—a chapter 11 trustee? Lastly, the evidence to date suggests meaningful recovery actions exist against insiders of the Debtors. Legally, it is less than clear whether a CRO would have the right to pursue those claims. Practically, even if the CRO has that right it seems to put the CRO (who technically would be an officer of the companies) in a tenuous position if expected to bring such claims against the same individuals he or she is being asked to work alongside. To the extent a CRO is appointed instead of a chapter 11 trustee, it would seem prudent for the Unsecured Creditors Committee to be given the authority from the Court to pursue avoidance actions immediately rather than wait until a plan is confirmed, at which time the estate may be in further financial distress and the evidence in support of avoidance becomes stale.

Pruet therefore requests the Court to appoint a chapter 11 trustee in lieu of a CRO, but Pruet does not oppose appointing the proposed CRO for the role of chapter 11 trustee.

## **RESERVATION OF RIGHTS**

Pruet makes no admission of fact or law and reserves any and all rights, claims, objections, and defenses that may be available to them before this Court and any other court with competent jurisdiction over the parties and the matters at issue, including in connection with the Motion to Appoint Chapter 11 Trustee or any other related motions, pleadings, or orders, asserted liens and interests, and any other matters involving the administration of this case, the estate, and Pruet's interests, any and all rights available to them under the Bankruptcy

Code and applicable non-bankruptcy law. Pruet reserves any and all rights to supplement or amend this Joinder and at any hearing.

## JOINDER

Pruet joins the support of all other parties to the Motion to Appoint Chapter 11 Trustee to the extent such objections are not inconsistent with this Joinder.

## CONCLUSION

Pruet requests that the Court grant the Motion to Appoint Chapter 11 Trustee to the extent the motion seeks appointment of a chapter 11 trustee. Pruet seeks such other and different relief as the Court deems proper and just.

Dated: May 29, 2020

/s/ Matthew J. Ochs
Matthew J. Ochs
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80201-8749
Telephone: (303) 295-8299
Facsimile: (303) 416-8951
Email: mjochs@hollandhart.com

-and-

/s/ Jeremy L. Retherford
Jeremy L. Retherford
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203-4642
Telephone: (205) 226-3479
Facsimile: (205) 488-5693
Email: jretherford@balch.com

*Attorneys for Pruet Oil Company, LLC and Pruet Production Co. in its individual capacity and as agent of the Owners.*

## CERTIFICATE OF SERVICE

I certify that on May 29, 2020, the foregoing was electronically filed with the Court via the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing.

>
> */s/ Jeremy L. Retherford*
> Jeremy L. Retherford