# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: § § | Chapter 11 | |
| SKLAR EXPLORATION COMPANY, LLC, *et al.*,[1] § § § § | Case No. 20-12377-EEB | |
| Debtors. § | (Jointly Administered) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
THE TAUBER GROUP'S MOTION TO APPOINT CHAPTER 11 TRUSTEE,
OR IN THE ALTERNATIVE, CONVERT TO CHAPTER 7**
(Relates to Dkt. Nos. 308 and 342)

The Official Committee of Unsecured Creditors (the "Committee") of Sklar Exploration Company, LLC, ("SEC") files this *Limited Objection and Reservation of Rights* (the "Limited Objection") to the Tauber Group's[2] *Motion to Appoint Chapter 11 Trustee, or in the Alternative, Convert to Chapter 7* [Dkt. No. 308] and the joinder filed thereto [Dkt. No. 342] (collectively, the "Trustee Motion"), and states as follows:

## BACKGROUND

1. On April 1, 2020, SEC and Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors"), each filed a voluntary petition in the above-captioned bankruptcy cases (the "Bankruptcy Cases") for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). The Debtors remain in possession of their property and continue to operate their businesses as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930) and Sklarco, LLC (5432).

[2] The Tauber Group consists of the following entities: Tauber Exploration & Production Company, CTM 2005, Ltd, Pickens Financial Group, LLC, I & L Miss I, LP, MER Energy, Ltd, MR Oil & Gas, LLC, Tara Rudman Revocable Trust, Feather River 75, LLC, Rudman Family Trust, and The Rudman Partnership.

2. On April 16, 2020, the Office of the United States Trustee for Region 19 organized and appointed the Committee.

3. On May 17, 2020, the Tauber Group filed the Trustee Motion seeking the appointment of a Chapter 11 trustee, or in the alternative, conversion of these Bankruptcy Cases to proceedings under Chapter 7 of the Bankruptcy Code. This Court set a hearing on the Trustee Motion for June 11, 2020.

4. On May 21, 2020, the Debtors' filed their *Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer Effective as of May 21, 2020* (the "CRO Motion") [Dkt. No. 341], seeking the employment of James Katchadurian of CR3 as the Chief Restructuring Officer ("CRO") of the Debtors and defining the scope of the CRO to include complete management of the Debtors' business operations and final decision-making authority for the Debtors with respect the Bankruptcy Cases.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

5. The Committee fully supports replacing the Debtors' ultimate decision-maker with a knowledgeable, neutral third party that possess the requisite industry expertise and bankruptcy/reorganization experience to maximize value for the creditors. However, the Committee filed this Limited Objection because it believes that the CRO Motion is the best available mechanism for accomplishing this goal, not the Trustee Motion.

6. The CRO Motion is the culmination of extensive negotiations between the Committee, the Debtors' prepetition secured lender East West Bank ("EWB"), the Debtors, and, by and through the Committee, various working interest owners and other creditor parties. The CRO Motion seeks to appoint a CRO with significant oil and gas experience, deep general restructuring successes, mid-market rates, and immediate access to a CR3 director residing in

Boulder, CO who will be tasked with, among other things, direct oversight (by and through the CRO) of receipts, disbursements, and on-site investigations.  Moreover, because the appointment of Mr. Katchadurian (and his CR3 team) as CRO comes with the consent of the Debtors, EWB, and the Committee, concerns regarding funding through cash collateral and capital infusion, transitional delays, and related issues are substantially mitigated.  Finally, due to the expanded scope of the CRO's agreed powers, all or substantially all of the substantive concerns raised in the Trustee Motion are satisfied by appointing a CRO, rather than a chapter 11 trustee.  The proposed CRO's executive powers include ultimate authority both over business operations and bankruptcy strategy, as described more fully in the motion.

7. Accordingly, the Committee objects to the Trustee Motion on the limited basis that it believes that the CRO Motion represents the best, most expedient option of preserving value for the estates, protecting all parties from future cash management and operations issues, investigating past accounting and related matters, and resolving these Bankruptcy Cases via confirming a chapter 11 plan.

## RESERVATION OF RIGHTS

8. For the reasons stated herein, the Committee has not endeavored to address on a point-by-point bases, the assertions and argument made in the Trustee Motion, and does not as of this filing take a position with respect to such assertions and arguments.  However, to the extent necessary, the Committee respectfully reserves all rights to supplement this Limited Objection and/or to assert any additional objections to the Trustee Motion at any hearing thereon.

WHEREFORE, the Committee respectfully requests that the Court deny the Trustee Motion, and grant such other relief as it deems is just and proper.

4839-5038-2781v.4

Respectfully submitted this 29th day of May, 2020.

          **MUNSCH HARDT KOPF & HARR, P.C.**

          By: */s/ John D. Cornwell*
          Christopher D. Johnson
          Texas Bar No. 24012913
          John D. Cornwell
          Texas Bar No. 24050450
          Grant M. Beiner
          Texas Bar No. 24116090
          700 Milam Street, Suite 2700
          Houston, Texas 77002
          Telephone: (713) 222-1470
          Facsimile: (713) 222-1475
          cjohnson@munsch.com
          jcornwell@munsch.com
          gbeiner@munsch.com

          **COUNSEL FOR**
          **THE OFFICIAL COMMITTEE**
          **OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

     This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on May 29, 2020.

          */s/ Grant M. Beiner*
          Grant M. Beiner

4839-5038-2781v.4