# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| Debtor. ) | |
| ) | |

**OBJECTION TO TAUBER GROUP NON-OPERATOR'S MOTION TO APPOINT CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104, OR IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)**

Secured creditor, East West Bank, a California state banking corporation ("EWB"), in its capacity as a lender and the administrative agent under the Credit Agreement dated June 15, 2018 with Sklar Exploration Company LLC and Sklarco LLC (the "Debtors"), through counsel, hereby objects to the *Motion to appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104, or in the Alternative, Convert the above-captioned bankruptcy cases to liquidation proceedings under Chapter 7 pursuant to 11 U.S.C. § 1112(b)* (the "Motion") filed by Tauber Exploration & Production Company, CTM 2005, Ltd., Pickens Financial Group, LLC, I&L Miss I, LP, MER Energy, Ltd., MR Oil & Gas, LLC, Tara Rudman Revocable Trust, Feather River 75, LLC, Rudman Family Trust, and The Rudman Partnership (collectively the "Tauber Group"). In further support of this objection, EWB respectfully submits as follows:

## Introduction

EWB agrees that Debtors' existing CEO needs to be removed from decision-making in these cases. Appointment of a Trustee, however, with all the attendant administrative expense, is

602071471.2

not justified under the circumstances. The Court should deny the Motion and instead authorize the appointment of a chief restructuring officer, who EWB anticipates will provide similar safeguards and results, but without significant business disruption and at a far reduced cost to the estates.[1]

## Factual and Procedural Background

1. EWB is the Debtors' senior secured lender. As of the Petition Date, the Debtors were indebted to EWB in the amount of no less than $22,989,650.74, as set forth in EWB's proofs of claim.[2]

2. On May 21, 2020 Debtors filed a *Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer Effective as of May 21, 2020* (the "CRO Motion") [Doc. #341], pursuant to which Debtors seek approval for the appointment of CR3 to serve as the Debtors primary representative and decision-maker with respect to these cases. EWB is working with the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and the U.S. Trustee's Office on an appropriate form of order to ensure the CRO's authority is plenary and that the Debtors' current CEO and manager is removed from all substantive decision-making during the pendency of these chapter 11 cases.

---

[1] The Debtors, the Committee, EWB, and U.S. Trustee's Office continue to confer regarding the appropriate form of order authorizing appointment of the chief restructuring officer. EWB seeks to make clear in the order that the CRO will be deemed to replace the existing CEO of the Debtors and the existing manager of the limited liability companies under the Debtors' operating agreements, and will not be beholden to Howard Sklar or his affiliated trusts with respect to any decision-making within the scope of the CRO's duties. To the extent the parties are unable to agree on an appropriate form of order, EWB reserves the right to withdraw or modify this objection.

[2] *See* Proof of Claim No. 29 in the SEC Claims Register, and Proof of Claim No. 1 in the Sklarco Claims Register.

3. On May 22, 2020 Debtors filed a *Motion for Approval of Lending Agreement and for Authority to Incur Debt on an Administrative, Unsecured Basis* (the "DIP Motion") [Doc. # 346]. If granted, the DIP Motion would infuse $1 million in new funds into the estates from certain insiders, including Howard Sklar, on a fully subordinated, unsecured basis.

4. Although EWB shares many of the concerns expressed by the Tauber Group and others, EWB submits that the appointment of the chief restructuring officer as contemplated in the CRO Motion adequately addresses such concerns and, therefore, opposes the appointment of a chapter 11 trustee as unnecessary and not in the best interests of the estates and creditors.

**Legal Argument**

Section 1104 of the Bankruptcy Code provides for the appointment of a trustee (i) for "cause," including fraud, dishonesty, incompetence, or gross mismanagement of the debtor by current management, or (ii) if such appointment is in the best interest of the creditors. 11 U.S.C. § 1104(a)(1)-(2). The appointment of a trustee, however, is an "extraordinary remedy" because, among other things, a trustee usually adds significant expense to the estate, including the cost of replacing knowledgeable management with a party that is unfamiliar with business operations and existing debtor-creditor relations. *See, e.g., In re TS Indus., Inc.*, 125 B.R. 638, 643 (Bankr. D. Utah 1991) ("The appointment of a trustee is an extraordinary remedy . . ."); *In re Cybergenics Corp.*, 330 F.3d 548, 577 (3d Cir. 2003); *In re LHC, LLC*, 497 B.R. 281, 296 (Bankr. N.D. Ill. 2013); *In re The 1031 Tax Grp., LLC*, 374 B.R. 78, 85 (Bankr. S.D.N.Y. 2007).

Because Congress has made clear the trustee remedy is unusual and extraordinary, there is a strong presumption against appointment of a chapter 11 trustee that is rebuttable only by clear and convincing evidence. *In re TS Indus., Inc.*, 125 at 643 ("[T]here is a strong presumption that the debtor should remain in possession absent a showing by clear and convincing evidence that grounds exist for the appointment of a trustee."); *In re Colorado-Ute*

602071471.2

*Elec. Ass'n, Inc.*, 120 B.R. 164, 173 (Bankr. D. Colo. 1990); *In re G-I Holdings, Inc.*, 385 F.3d 313, 318 (3d Cir. 2004).

  A. <u>Debtors' Prepetition Conduct Does Not Justify the Extraordinary Remedy.</u>

Although EWB shares the concerns of the Tauber Group (and others) regarding the Debtors' prepetition conduct, appointment of a chapter 11 trustee is unnecessary given the Debtors' post-petition operational transparency, the post-petition revenue "lockbox" safeguards already provided to working interest holders, and the anticipated appointment of a chief restructuring officer in whom all parties can have confidence.

Section 1104(a)(1) does not mandate appointment of a trustee in all cases of prepetition misconduct or dishonesty by the debtor. *In re General Oil Distributors, Inc.*, 42 B.R. 402, 409 (Bankr. E.D.N.Y. 1984). Indeed, "one would expect to find some degree of incompetence or mismanagement in most businesses which have been forced to seek the protections of Chapter 11." *In re Anchorage Boat Sales, Inc.*, 4 B.R. 635, 645 (Bankr. E.D.N.Y 1980). Consistent with the policy objective of giving the debtor "a second chance at business success," a debtor's post-petition good-faith efforts to reorganize often will be a preponderant consideration against appointment of a trustee. *In re Sletteland*, 260 B.R. 657, 672 (Bankr. S.D.N.Y. 2001) (quoting 7 Collier Bankruptcy ¶ 1104.02[3][c][i] (15th L. King. ed.)).

That is not to say the Debtors' prepetition misconduct is without consequence. As noted in the Tauber Group's Motion, EWB declared loan defaults in 2019, and EWB certainly is concerned by the Debtors' conduct leading up to these chapter 11 filings. However, the consequences of the Debtors' prepetition conduct will be addressed in due course, as contemplated by the Bankruptcy Code. The appointment of a trustee does not guaranty a speedier resolution of such issues. To the contrary, a chapter 11 trustee is likely to delay resolution of these cases and would provide few, if any, additional safeguards for creditors,

4

602071471.2

particularly in light of the active involvement of the Committee and other creditors. *See Cybergenics*, 330 F.3d at 577 ("appointing a trustee is too drastic a step to constitute a serious alternative to allowing derivative suits by creditors' committees").

By all indications, and as the Tauber Group acknowledges in the Motion, appointment of a chapter 11 trustee would be expensive and time consuming. *See* Motion at ¶ 48. It also would be administratively unfeasible. EWB does not consent to a surcharge or any use of cash collateral at this time to pay the enormous administrative expenses associated with a chapter 11 trustee, trustee's counsel, and likely a financial consultant or advisor. The Motion can be denied on this basis alone.

The alternative of conversion to chapter 7 is equally unsupportable. A debtor should be provided a fair opportunity to reorganize. *See In re Hyatt*, 479 B.R. 880, 895 (Bankr. D.N.M. 2012) (denying motion to convert and holding that debtors should be afforded ample time and opportunity to reorganize). Currently, there is no indication that the Debtors' efforts are doomed to failure. At worst, it is too early to tell if Debtors are capable of reorganization. But that is why the Bankruptcy Code provides debtors with a breathing spell and why conversion is rarely appropriate within the first few months of a chapter 11 bankruptcy. As the creditor with the single largest claim in these cases, EWB supports the appointment of a chief restructuring officer who can assess the Debtors' prospects for reorganization, a going-concern sale, or other means to maximize recovery to all creditors. While a chapter 7 fire sale may benefit certain parties seeking to displace the Debtors or to acquire mineral interests "on the cheap," the Bankruptcy Code does not exist to enrich vulture buyers. Rather, "[b]ecause the ultimate benefit to be achieved by a successful reorganization inures to all the creditors of the estate, a fair opportunity must be given to the Debtors to achieve that end." I*n re O'Connor*, 808 F.2d 1393, 1397-98

5

(10th Cir. 1987). A time may come when conversion becomes appropriate, but that time certainly is not now, and accordingly, the Motion should be denied.

B.  Adequate Safeguards Exist to Prevent Post-Petition Misconduct.

Implicit in Tauber Group's argument for the appointment of a trustee is the idea that Debtors prepetition mismanagement of working interests owners' funds will continue post-petition. Motion at 2. This argument fails for at least two reasons. First, all post-petition revenues owed to working interest holders are held in a segregated account, accounted for, and disbursed to them in the ordinary course. EWB has acknowledged it will not attempt to exercise any setoff or clawback remedies with respect to the post-petition net revenues owing or paid to working interest owners. In short, there is no credible risk that such funds will be misused, misappropriated, or otherwise "disappear" post-petition. Second, a chief restructuring officer further removes any risk that Debtors' prepetition management will misuse funds attributable to working interest owners.

## Conclusion

WHEREFORE, EWB respectfully requests that the Court deny the Motion, and grant such other relief as it deems is just and proper.

Dated this 27th day of May, 2020.

*s/ Craig K. Schuenemann*
Craig K. Schuenemann, CO #41068
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Phone: (303) 861-7000
Facsimile: (303) 866-0200
Email: craig.schuenemann@bclplaw.com

ATTORNEYS FOR EAST WEST BANK

**CERTIFICATE OF MAILING**

  The undersigned hereby certifies that on this 27th day of May, 2020, a true and correct copy of the foregoing **OBJECTION TO TAUBER GROUP NON-OPERATOR'S MOTION TO APPOINT CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104, OR IN THE ALTERNATIVE, CONVERT TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)** was filed and served via ECF on all attorneys of record:

Jeffrey S. Brinen
Lee M. Kutner
1660 Lincoln Street
Suite 1850
Denver, CO 80264
*Attorney for Debtor Sklarco, LLC*

Paul Moss
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294
*Attorney for U.S. Trustee*

                */s/ Martha A. Hammond*
                Martha A. Hammond Legal Secretary
                Bryan Cave Leighton Paisner LLP

602071471.2