IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SKLAR EXPLORATION COMPANY, LLC ) | Case No. 20-12377-EEB |
| EIN: 72-1417930 ) | |
| ) | Chapter 11 |
| Debtor-in-Possession. ) | |
| ) | |
| ) | |
| IN RE: ) | |
| ) | |
| SKLARCO, LLC ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 ) | |
| ) | Chapter 11 |
| ) | |
| ) | |
| Debtor-in-Possession. ) | |
| ) | |

**KUDZU PARTIES' OBJECTION, JOINDER AND RESERVATION OF RIGHTS TO THE DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTORS' EMPLOYMENT OF CR3 PARTNERS AS CHIEF RESTRUCTURING OFFICER EFFECTIVE AS OF MAY 21, 2020**

**COMES NOW**, Kudzu Oil Properties, LLC, Alabama Oil Company, and Apple River Investments, LLC (collectively, the "**Kudzu Parties**"), by and through their undersigned counsel Moye White LLP, for their Objection, Joinder and Reservation of Rights (the "**Objection**") to the Debtors' Motion for Entry of Order Authorizing the Debtors' Employment of CR3 Partners as Chief Restructuring Officer Effective as of May 21, 2020 (the "**CRO Motion**"). In support of the Objection, the Kudzu Parties state as follows:

## Objection

Since this Chapter 11 case was filed, the Kudzu Parties (each working interest owners) have learned, at a minimum, that: (a) their near $1.2 million in cash they advanced to the Debtors

on a prepetition basis is gone; (b) the Debtors have admitted that such cash has been spent on items *other* than its intended purposes; (c) substantial sums of money have been transferred to Howard Sklar's personal trusts; (d) Debtor Sklarco, LLC, has not paid its required portion of cash call advances unlike the Kudzu Parties; and (e) the Debtors' estates likely have significant avoidance and other causes of action against Howard Sklar and his trusts. Further concerning is that when presented an opportunity to regain some credibility with the creditors, Howard Sklar conditioned a debtor-in-possession loan upon: (i) receiving a credit for money advanced under the DIP loan against any liability for future avoidance actions or similar type claims asserted against him;[1] (ii) the Court first entering a final order on the use of cash collateral prior to making the DIP loan; and (iii) the terms of the DIP loan be binding upon a future Chapter 11 trustee—notwithstanding at the time the DIP loan motion was filed there was a pending motion to appoint a Chapter 11 trustee. (*See* Docket No. 346-2). Against this backdrop, the Kudzu Parties have lost all faith in the Debtors ability to operate their business in order to maximize the value of their assets for the benefit of the Kudzu Parties and other creditors.

Unfortunately, the CRO Motion does not allay the Kudzu Parties' concerns regarding the ongoing state of affairs or restore faith in the Debtors' management. First, in light of the Court's comments at the cash collateral hearing that a CRO's authority will derive from the Debtors' operating agreements and applicable non-bankruptcy law, the full scope of the CRO's authority is unclear. The Debtors have not attached their organizational documents to the CRO Motion the Kudzu Parties are left to guess whether the CRO will have sole and absolute authority to make decisions or whether Howard Sklar may have the ultimate authority. Second, to the extent the CRO actually holds ultimate decision making authority, there is no reason for Howard Sklar to

---

[1] Such a provision is premature at this point as neither the Debtors nor any party in interest has evaluated the merits of any avoidance actions and whether the proposed credits are even appropriate under Fed. R. Bankr. P. 9019.

2

collect a $25,000 a month salary. <u>Third</u>, the propriety of the CRO Motion should be heard in conjunction with the Tauber Group's Motion to Appoint Chapter 11 Trustee to which the Kudzu Parties have joined. (Docket Nos. 308 and 342). It is a waste of resources for all parties, including the Debtors, to push forward with the CRO Motion while a request to appoint a Chapter 11 trustee remains pending. Accordingly, the Kudzu Parties object to the CRO Motion.

## Joinder

The Kudzu Parties join in the objections filed by the following parties: (a) Pruet Oil Company, LLC, and Pruet Production Company (Docket No. 358); (b) Fant Energy Limited (Docket No. 369); (c) Lucas Petroleum Group, Inc. (Docket No. 370); and (d) JF Howell Interests LP (Docket No. 371). The Kudzu Parties join in any further objections filed against the CRO Motion provided they are not inconsistent herewith or with any of the foregoing objections.

## Reservation of Rights

The Kudzu Parties make no admission of fact or law and reserve any and all rights, claims, objections and defenses that may be available to them in any hearing on the CRO Motion, or any other matter pending before this Court.

WHEREFORE, the Kudzu Parties respectfully request that this Court enter an order denying the CRO Motion, or in the alternative setting a hearing on the CRO Motion at the same time Tauber Group's motion to appoint a Chapter 11 trustee is heard, and for all such other and further relief this Court finds fair and equitable under the circumstances.

Dated: May 29, 2020.	Respectfully submitted,

**ALABAMA OIL COMPANY, APPLE RIVER INVESTMENTS, LLC, AND KUDZU OIL PROPERTIES, LLC**

By: */s/Timothy M. Swanson*
Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street
6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to Alabama Oil Company, Apple River Investments, LLC, and Kudzu Oil Properties, LLC*

--and--

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to Alabama Oil Company, Apple River Investments, LLC, and Kudzu Oil Properties, LLC*

## Certificate of Service

I hereby certify that on this 29rd day of May 2020, I caused the foregoing ***Kudzu Parties' Objection, Joinder and Reservation of Rights to the Debtors' Motion for Entry of Order Authorizing Debtors' Employment of Cr3 Partners as Chief Restructuring Officer Effective as of May 21, 2020*** to be served *via* CM/ECF to all parties that have filed electronic appearances and requested service in this case.

*s/Timothy M. Swanson*
Timothy M. Swanson
