UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 721417930 ) | Chapter 11 |
|     Debtor. ) | |
| ) | |
| ) | |
| SKLARCO, LLC ) | Case No. 20-12380-EEB |
| EIN:  72-1425432 ) | |
|     Debtor. ) | Chapter 11 |

**STRAGO GROUP'S LIMITED OBJECTION TO DEBTOR'S
MOTION TO EMPLOY CHIEF RESTRUCTURING OFFICER**
*[Relates to Dkt. No. 341]*

Strago Petroleum Corporation, Meritage Energy Limited, Gateway Exploration LLC, GCREW Properties, LLC and Harvest Gas Management, LLC (collectively referred to herein as the "Strago Group") and file this limited objection to Debtor's Motion to Employ CR3 Partners as Chief Restructuring Officer ("Motion to Employ") and would show the Court as follows:

**I.     Limited Objection**

CR3 Partners LLC ("CR3") is the proposed chief restructuring officer for both Debtors, even though CR3's engagement agreement is only directed towards Sklar Exploration Company LLC ("SEC").  While that may just be an innocent typographical error, it does highlight a conflict of interest that CR3 has in serving as the chief restructuring officer ("CRO") of both SEC and Sklarco LLC ("Sklarco").  SEC has claims against Sklarco for, among other things, a continual failure to pay cash call advances.  As

1

part of a reorganization of SEC, SEC will need to have complete independence to fully evaluate and pursue such claims.

Upon filing this bankruptcy case, Howard Sklar testified, via affidavit, that "SEC is engaged in business as an independent exploration and production company in the oil and gas industry. SEC is an operating company *and does not own oil and gas properties*." (Dkt. No. 39 at ¶4) (emphasis added). In that same affidavit, he stated that "Sklarco is engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States." *Id.* at ¶5. This premise, that Sklarco owns all of the assets and that SEC owns no material assets, has been one of the central sources of concerns of the Strago Group and other working interest owners.

Just recently however, this central premise has come into question. On April 28, 2020, Mr. Sklar filed a verified Petition to Annul and/or Rescind Contractual Spousal Support Obligation ("Motion to Annul") (*See* Exhibit 1). The Motion to Annul provides:

13.

At all material times since the parties entered into the *Community Property Settlement and Agreement* in 2013, the petitioner, **Howard Fred Sklar**, has been the sole manager and owner of Sklar Exploration Company, LLC [hereafter referred to as SEC].

14.

SEC owns and operates 120 oil wells across the Southeastern and Rocky Mountains regions of the United States of America and over 1,000 non-operated wells across the entire United States of America. The primary source of revenue for SEC is oil production, and the extent of its revenue is tied to the market price of oil.

Mr. Sklar swore to the accuracy of the Motion to Annul, yet it makes no mention of Sklarco The Motion to Annul also claims that Mr. Sklar, not his trust, is the owner of SEC. These statements contradict the pleadings and testimony in this case. (*See e.g.* Dkt. No. 39 at ¶2). The immediate questions that arise are whether these statements represent negligence in the rush of getting a pleading filed; intentional misstatements; or have assignments between Sklarco and SEC actually occurred. We do not know. But we do know that pre-petition, Mr. Sklar took very little interest in observing corporate formalities as between SEC and Sklarco and used resources from both companies to fund his lifestyle. This is a large reason that the Strago Group and other working interest owners are wary that their interests are not being properly protected.

The Motion to Employ raises similar concerns. The proposed CRO would have control of both SEC and Sklarco which creates a conflict of interest with, at a minimum,

3

Sklarco's historic failure to pay cash call advances. At the hearing associated with the Debtors third interim cash collateral motion, Mr. Sklar testified that Sklarco did not pay cash call advances but would pay the bills "when they came due." The Debtor's Cash Call Accounting also shows that Sklarco did not pay its cash call advances. None of the joint operating agreements that Strago Group is aware granted Sklarco any special time period to pay cash calls. Further, neither the Strago Group, nor any other working interest owners that they are aware of, were given the option of paying cash call advances when bills dame due. The various joint operating agreements contain certain penalties associated with failure to pay cash call advances. Thus, the CRO for SEC should be enforcing any such applicable penalties or other rights against Sklarco for failure to pay its cash call advances.

For these reasons the Strago Group objects to the appointment of the same chief restructuring officer for both Debtors unless the Debtors can provide some type of mechanisms to ensure that a single chief restructuring officer for both Debtors will vigorously pursue claims that SEC may have against Sklarco. If no such assurances can be made, the Strago Group strongly supports the motion of the Tabuer Group to appoint a Chapter 11 Trustee (Dkt. No. 308).

**II.     JOINDER**

The Strago Group joins the objections of all other parties to the Motion to Employ to the extent such objections are not inconsistent with this Objection.

**III.    Conclusion**

4

For the reasons stated herein, the Strago Group objects to the appointment of a single chief restructuring officer for both debtors without procedures in place that will ensure that the chief restructuring officer of SEC will not be conflicted in his simultaneous duties to Sklarco. The Strago Group also request all other relief that it may be entitled.

Date: May 29, 2020

        Respectfully submitted,

        BUCK KEENAN LLP

        By: */s/ Robert L. Paddock*
            ROBERT L. PADDOCK
            State Bar No.: 24002723
            2229 San Felipe, Suite 1000
            Houston, Texas 77019
            Telephone: (713) 225-4500
            Facsimile: (713) 225-3719
            rpaddock@buckkeenan.com

        ATTORNEY FOR STRAGO PETROLEUM CORPORATION, MERITAGE ENERGY, LTD., GATEWAY EXPLORATION, LLC, GCREW PROPERTIES, LLC AND HARVEST GAS MANAGEMENT, LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via CM/ECF filing and in compliance with the Federal Rules of Civil Procedure, on the 29th day of May, 2020.

>/s/ Robert L. Paddock
>ROBERT L. PADDOCK