| HOWARD FRED SKLAR | NUMBER: 561,139 |
|---|---|
| VERSUS | FIRST JUDICIAL DISTRICT COURT |
| JANE BELSER SKLAR | CADDO PARISH, LOUISIANA |
| PERMANENT ASSIGNMENT | SECTION: F [O'CALLAGHAN] |

## PETITION TO ANNUL AND/OR RECSCIND CONTRACTUAL SPOUSAL SUPPORT OBLIGATION

NOW INTO COURT, through undersigned counsel, comes the plaintiff and petitioner herein, **Howard Fred Sklar**, a person of the age of majority and domiciled in Boulder County, Colorado, who respectfully represents:

1.

Made defendant herein is **Jane Belser Sklar**, a person of the age of majority and domiciled in Caddo Parish, Louisiana. The defendant may be served at her residence of 10 Cliffwood, Shreveport, Louisiana 71106.

2.

This Court has personal jurisdiction over the defendant pursuant to *La. Code of Civil Procedure* Article 6(a).

3.

Venue is proper in this Court pursuant to *La. Code of Civil Procedure* Article 42.

4.

The parties were formerly husband and wife. They were married on February 28, 1981, and they were divorced by the judgment of this Court rendered on March 18, 2013 pursuant to *Louisiana Civil Code* Article 102.

5.

Upon their divorce on March 18, 2013, the parties' community property regime was terminated retroactive to July 17, 2012.

6.

The Judgment rendered by this Court on March 18, 2013 contains provides that:

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the parties stipulate that they have reached an agreement to resolve all issues pertaining to spousal support and a division of their property which shall be reduced to writing and filed into the record of these proceedings.

1

**Exhibit 1**

7.

On March 22, 2013, a document entitled *Community Property Settlement and Agreement* was filed into the suit record of these proceedings.

8.

Section V of the *Community Property Settlement and Agreement* contains the following language obligating **Howard Fred Sklar** to make certain cash payments to **Jane Belser Sklar**:

a. HOWARD FRED SKLAR will pay JANE BELSER SKLAR the sum of $180,000.00 cash at the time this community property settlement agreement is signed.

b. In addition, commencing April 1, 2013, HOWARD FRED SKLAR shall pay JANE BELSER SKLAR the sum of $21,500.00 per month through December 31, 2013. The payments referenced in this paragraph will satisfy Howard's obligation to pay Jane interim spousal support.

c. The parties further agree that commencing January 1, 2014, HOWARD FRED SKLAR will pay JANE BELSER SKLAR the sum of $30,000 per month as contractual spousal support for a period of 35 years or until her death, whichever occurs first.

d. The contractual spousal support provided for herein shall not terminate or be modified for any reason other than the death of JANE BELSER SKLAR and/or the expiration of 35 years.

e. The parties further agree that the obligation of HOWARD FRED SKLAR to pay JANE BELSER SKLAR the contractual support is not intended to be, nor shall it be construed as, a personal obligation of HOWARD FRED SKLAR, but said contractual spousal support obligation shall continue and shall be paid to JANE BELSER SKLAR until her death or the expiration of thirty five years, whichever occurs first, even if HOWARD FRED SKLAR predeceases JANE BELSER SKLAR.

f. Accordingly, HOWARD FRED SKLAR agrees that in the event he predeceases JANE BELSER SKLAR, the monthly contractual support due to JANE BELSER SKLAR under the terms of this agreement will be deemed a "just debt" of the estate of HOWARD FRED SKLAR, to be paid by the executor(s) from his estate: provided that nothing herein shall be deemed to require the prepayment or acceleration of such obligation by HOWARD FRED SKLAR'S executor(s).

g. The parties further agree that the spousal support (interim or contractual) received by JANE BELSER SKLAR from HOWARD FRED SKLAR shall not be considered income to JANE BELSER SKLAR and HOWARD FRED SKLAR agrees that he will not deduct the spousal support paid to JANE BELSER SKLAR on his state and federal income tax returns.

2

9.

Section VI of the *Community Property Settlement and Agreement* contains the following language: "Each of the parties agree that a breach of this agreement shall be punishable as an act of contempt of court and shall be governed by LRS 13:461."

10.

Since the parties entered into the *Community Property Settlement and Agreement* in March 2013, **Howard Fred Sklar** has dutifully paid unto **Jane Besler Sklar** a total of $2,602,000.00 ($180,000 lump sum payment, $172,000 in contractual interim spousal support, and $2,602,000 in contractual spousal support).

11.

The contractual spousal support agreement was made without any consideration of the income and expenses of the parties or the fault of either party for the dissolution of the marriage.

12.

The petitioner seeks relief in the form of a declaratory judgment decreeing his obligation to pay contractual spousal support to the defendant, **Jane Besler Sklar**, to be absolutely null and without effect, or, in the alternative, for rescission of the obligation due to the impossibility of his performance for the reasons for fully set forth below.

13.

At all material times since the parties entered into the *Community Property Settlement and Agreement* in 2013, the petitioner, **Howard Fred Sklar**, has been the sole manager and owner of Sklar Exploration Company, LLC [hereafter referred to as SEC].

14.

SEC owns and operates 120 oil wells across the Southeastern and Rocky Mountains regions of the United States of America and over 1,000 non-operated wells across the entire United States of America. The primary source of revenue for SEC is oil production, and the extent of its revenue is tied to the market price of oil.

15.

SEC is the employer of and payor of income to the petitioner, **Howard Fred Sklar**.

16.

Since the rendition of the *Judgment of Divorce* herein on March 18, 2013 and the parties' execution of the *Community Property and Settlement Agreement* on March 20, 2013 and March 22, 2013, the following factual developments have occurred, all of which are outside of the control or foreseeability of the petitioner:

a. On January 1, 2020, the World Health Organization declared a global health emergency of international concern due to the emergence of the novel coronavirus (now named SARS-CoV-2) emerging and causing human disease in China;

b. On March 8, 2020, the Kingdom of Saudi Arabia announced price discounts of $6.00 to $8.00 per barrel of oil, triggering price reductions of 20-30%;

c. On March 9, 2020, stock markets world-wide plummeted due, in part, to Saudi Arabia's price-cutting actions;

d. On March 10, 2020, Saudi Arabia announced it would increase oil production by 2.6 million barrels per day, and Russia announced it would increase its production by 300,000 barrels per day;

e. On March 11, 2020, the World Health Organization declared SARS-CoV-2 and the disease caused thereby (COVID-19) to be a global pandemic.

f. On March 13, 2020, the President of the United States declared a national emergency due to the COVID-19 pandemic;

g. On March 15, 2020, the Centers for Disease Control and Prevention began issuing recommendations for social distancing to slow the spread of the COVID-19 pandemic, and states began issuing state-level orders requiring persons to stay at home and the closing of non-essential businesses.

h. On March 18, 2020, oil prices reached a 17-year low, with prices ranging from $20.48 per barrel to $24.72 barrel.

i. On April 20, 2020, oil prices reached an all-time low price per barrel of ***negative*** 37.00 per barrel!

17.

On April 1, 2020, due to the catastrophic disruptions caused by the low prices of oil and the global COVID-19 pandemic, Sklar Exploration Company, LLC, was faced with a grave risk of insolvency and loss of company assets, including its oil reserves.

18.

Accordingly, on April 1, 2020, Sklar Exploration Company, LLC sought bankruptcy protection pursuant to Chapter 11 of the United States Bankruptcy Code in the proceedings styled, *In Re Sklar Exploration Company, LLC*; Case No. 20-12377-EBB; United States Bankruptcy Court for the District of Colorado.

19.

On April 23, 2020, **Howard Fred Sklar** learned that the Bank and Creditors Committee in the bankruptcy proceedings referred to above have agreed, on an interim basis, to permit him to receive interim compensation in the amount of $25,000.00. The final adjudication of his interim compensation is set for a hearing before the United States Bankruptcy Court on April 27, 2020.

20.

The interim compensation that will be permitted to **Howard Fred Sklar** represents a drastic reduction in his income, and it is unknown for how long he will be required to endure the drastic reduction in income due to the Chapter 11 bankruptcy filing of Sklar Exploration Company, LLC or the market circumstances driven by world economic developments. Accordingly, **Howard Fred Sklar** is no longer able to pay the contractual spousal support to **Jane Besler Sklar** in the amount of $30,000.00 per month as provided for by the *Community Property and Settlement Agreement* filed herein on March 22, 2013.

21.

Based upon the facts alleged above, the petitioner, **Howard Fred Sklar**, seeks the following relief from this Court.

**DECLARATION OF ABSOLUTE NULLITY**

22.

The cause of an obligation is unlawful when the enforcement of the obligation would produce a result that is prohibited by law or against public policy. *La Civil Code* Art. 1968.

23.

A conventional obligation is absolutely null when it violates a rule of public order, and it may not be confirmed. *See, La. Civil Code* Art. 2030.

24.

The conventional obligation requiring **Howard Fred Sklar** to pay contractual spousal support to **Jane Besler Sklar** in the amount of $30,000.00 per month for thirty-five (35) years violates the laws and public policy of the State of Louisiana for the following reasons:

- a.) The agreement was made without regard to the fault of the parties;

- b.) The agreement was made without regard for the necessity of the continuation of the spousal support award in the event that **Jane Besler Sklar** remarried or cohabitated with another person in the manner of married persons;

- c.) The agreement is blatantly and shockingly one-sided and deprives **Howard Fred Sklar** of a right to seek modification of the amount of the contractual spousal support in the event that there are material changes in circumstances which affects his ability to pay the contractual spousal support to **Jane Besler Sklar**. In addition to the plain language of the agreement prohibiting modification for "any reason" other than the death of **Jane Besler Sklar** or the passage of thirty-five years, the petitioner cannot even seek relief in the form of personal bankruptcy protection in the event it became necessary, as spousal support obligations are not-dischargeable obligations under the United States Bankruptcy Code. *See,* 11 U.S.C. §§ 528 and 1328;

- d.) The agreement encouraged the parties to continue onward to a divorce and discouraged the possibility of their reconciliation;

- e.) The agreement attempts to convert what would otherwise be a strictly personal obligation which extinguishes at death into a heritable and/or transmissible obligation through the use of language making the contractual spousal support obligation of **Howard Fred Sklar** payable by his estate to **Jane Besler Sklar** *even after his death*. This essentially constitutes an attempted donation *mortis causa* executed in non-testamentary form in violation of the law of the State of Louisiana. *See,* e.g., *La. Civil Code* Arts. 1570 and 1573; and,

- f.) For any other reason that may be included by amendment to this Petition and briefed before adjudication of the petitioner's claim.

25.

For all of the foregoing reasons, the conventional obligation contained in the *Community Property and Settlement Agreement* filed herein on March 22, 2013 obligating **Howard Fred Sklar** to pay contractual spousal support to **Jane Besler Sklar** in the amount of $30,000.00 per month is absolutely null.

6

26.

The petitioner is entitled to declaratory judgment herein declaring the conventional obligation contained in the *Community Property and Settlement Agreement* filed herein on March 22, 2013 obligating **Howard Fred Sklar** to pay contractual spousal support to **Jane Besler Sklar** in the amount of $30,000.00 per month to be an absolute nullity, and relieving him of any further obligation to perform thereunder.

### DISSOLUTION FOR IMPOSSIBILITY OF PERFORMANCE

27.

In the event that this Court does not declare the conventional obligation contained in the *Community Property and Settlement Agreement* filed herein on March 22, 2013 obligating **Howard Fred Sklar** to pay contractual spousal support to **Jane Besler Sklar** in the amount of $30,000.00 per month to be an absolute nullity, then, in the alternative and based upon the facts alleged herein, the petitioner is entitled to dissolution of the conventional obligation due to the impossibility of his performance caused by the occurrence of fortuitous events which have now made his performance impossible. *See, La. Civil Code* Arts. 1873-1878.

28.

The petitioner is entitled to judgment herein dissolving the conventional obligation contained in the *Community Property and Settlement Agreement* filed herein on March 22, 2013 obligating **Howard Fred Sklar** to pay contractual spousal support to **Jane Besler Sklar** in the amount of $30,000.00 per month due to the impossibility of **Howard Fred Sklar**'s continued performance due to the occurrence of fortuitous events, and relieving him of any further obligation to perform thereunder.

29.

The petitioner reserves his right to assert any other claims for relief or defenses arising under the *Community Property and Settlement Agreement* filed herein on March 22, 2013 by amendment or supplement to this Petition.

**WHEREFORE, THE PETITIONER, HOWARD FRED SKLAR, PRAYS that** *Citation* issue herein, and the same, together with a certified copy of this *Petition* be

served upon the defendant, **Jane Besler Sklar** pursuant to the instructions at the conclusions of this *Petition*.

**THE PETITIONER FURTHER PRAYS that** after all delays have elapsed and all due proceedings are had, that there is judgment in these proceedings in his favor:

1. Granting a declaratory judgment herein declaring the conventional obligation contained in the *Community Property and Settlement Agreement* filed herein on March 22, 2013 obligating **Howard Fred Sklar** to pay contractual spousal support to **Jane Besler Sklar** in the amount of $30,000.00 per month to be an absolute nullity, and relieving him of any further obligation to perform thereunder; or,

2. In the alternative, dissolving the conventional obligation contained in the *Community Property and Settlement Agreement* filed herein on March 22, 2013 obligating **Howard Fred Sklar** to pay contractual spousal support to **Jane Besler Sklar** in the amount of $30,000.00 per month due to the impossibility of **Howard Fred Sklar**'s continued performance due to the occurrence of fortuitous events, and relieving him of any further obligation to perform thereunder.

**THE PETITIONER FURTHER PRAYS for** all other general and equitable relief to which he is entitled in these proceedings and for all other necessary orders and decrees.

Respectfully submitted,

BOWERS LAW FIRM, LLC

BY: *[signature]*

**Clinton M. Bowers**
La. Bar No. 32355
7600 Fern Avenue, Ste. 100
P.O. Box 52866
Shreveport, LA 71135-2866
**Telephone: (318) 798-2540**
**Facsimile:  (318) 798-2530**

**Attorney for Howard Fred Sklar**

**SERVICE INSTRUCTIONS**

**SERVE THE DEFENDANT
JANE BESLER SKLAR
10 CLIFFWOOD
SHREVEPORT, LA 71106**

| | |
|---|---|
| **HOWARD FRED SKLAR** | **NUMBER: 561,139** |
| **VERSUS** | **FIRST JUDICIAL DISTRICT COURT** |
| **JANE BELSER SKLAR** | **CADDO PARISH, LOUISIANA** |
| **PERMANENT ASSIGNMENT** | **SECTION: F [O'CALLAGHAN]** |

## AFFIDAVIT OF VERIFICATION

**STATE OF LOUISIANA:**

**PARISH OF CADDO:**

**BEFORE ME,** the undersigned Notary Public, came and appeared, **Howard Fred Sklar**, by electronic device or process allowing us to communicate simultaneously by sight and sound, made the following declarations under penalty of perjury after first being identified and duly sworn:

1. He is the plaintiff and petitioner in the proceedings styled *Howard Fred Sklar v. Jane Besler Sklar*; Docket No. 561,139-F; 1st Judicial District Court; Caddo Parish, Louisiana.

2. He has fully and completely reviewed the foregoing Petition and the allegations set forth therein;

3. All of the allegations of fact set forth therein are true and correct to the best of his knowledge, information, and belief;

4. No claim for relief set forth therein is for any improper purpose and is well-founded in fact and law; and,

5. He understands this affidavit will be presented to the Court in support of his claims for relief, and he is making this certification to the Court under penalty of perjury.

*Howard Fred Sklar*
Howard Fred Sklar (Apr 27, 2020)
**Howard Fred Sklar**

**SWORN TO AND SUBSCRIBED** before me at Shreveport, Louisiana on this the 27th day of April, 2020.

[Signature]
**Notary Public***

---

\* This affidavit was electronically notarized in accordance with La. Executive Department Proclamation No. 37-JBE-2020, Section 6, issued by the Governor on March 26, 2020. All requirements of the proclamation were complied with, including the making and retention of an audio and video recording of the notarization.

# 09-Petition to Annul or Rescind [042720]

Final Audit Report             2020-04-27

| | |
|---|---|
| Created: | 2020-04-27 |
| By: | Clinton Bowers (clint@bowerslawfirmllc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAp787-0gQKKsK-S0nknQ74XHMlzwp4X0I |

## "09-Petition to Annul or Rescind [042720]" History

- 📄 Document created by Clinton Bowers (clint@bowerslawfirmllc.com)
  2020-04-27 - 5:36:32 PM GMT- IP address: 12.244.130.38

- ✉️ Document emailed to Howard Fred Sklar (hfsklar@gmail.com) for signature
  2020-04-27 - 5:38:13 PM GMT

- 📄 Email viewed by Howard Fred Sklar (hfsklar@gmail.com)
  2020-04-27 - 5:39:18 PM GMT- IP address: 63.234.189.74

- ✍️ Document e-signed by Howard Fred Sklar (hfsklar@gmail.com)
  Signature Date: 2020-04-27 - 5:40:40 PM GMT - Time Source: server- IP address: 63.234.189.74

- ✉️ Document emailed to Clinton Bowers (clint@bowerslawfirmllc.com) for signature
  2020-04-27 - 5:40:42 PM GMT

- 📄 Email viewed by Clinton Bowers (clint@bowerslawfirmllc.com)
  2020-04-27 - 5:40:47 PM GMT- IP address: 12.244.130.38

- ✍️ Document e-signed by Clinton Bowers (clint@bowerslawfirmllc.com)
  Signature Date: 2020-04-27 - 5:41:05 PM GMT - Time Source: server- IP address: 12.244.130.38

- ✅ Signed document emailed to Clinton Bowers (clint@bowerslawfirmllc.com) and Howard Fred Sklar (hfsklar@gmail.com)
  2020-04-27 - 5:41:05 PM GMT

Adobe Sign

# BOWERS LAW FIRM, L.L.C.
## P.O. Box 52866
## Shreveport, Louisiana 71135-2866

7600 Fern Avenue, Suite 100  
Shreveport, Louisiana 71105

Telephone: (318) 798-2540  
Facsimile: (318) 798-2530

Gary A. Bowers

Clinton M. Bowers  
clint@bowerslawfirmllc.com

April 27, 2020  
**BY FAX TO (318) 227-9080**  
**ELECTRONIC MAIL, AND U.S. MAIL**

Hon. Mike Spence  
Caddo Parish Clerk of Court  
501 Texas Street, Room 103  
Shreveport, LA 71101  
**Attention: Civil Filing (civil@caddoclerk.com)**

        Re: *Howard Fred Sklar v. Jane Besler Sklar*;  
           Docket No. 561,139; Section: F [Judge O'Callaghan]  
           First Judicial District Court; Caddo Parish, La.

Dear Mr. Spence:

  Following this cover letter, please find the *Petition to Annul and/or Rescind Contractual Spousal Support Obligation* to be filed in the above referenced case on behalf of my client, Mr. Howard Fred Sklar. I am also transmitting this filing by fax and electronic mail for immediate filing today. Please return to me one certified copy of the *Petition* for my file.

  I enclose a check, payable to your office, in the amount of $400.00 to cover the court costs associated with the filing of the *Petition* and service thereof. If additional sums are required, please let me know, and I will remit the same to your office promptly. Should you have any questions or concerns, please do not hesitate to contact me.

  Thanking you I remain,

              Sincerely yours,

              Clinton M. Bowers  
              Attorney for Howard Fred Sklar

Enclosures as stated.  
Cc: Mr. Howard F. Sklar

ering

CPCC.CV.1875970

# Citation

SKLAR, HOWARD FRED
v.s.
SKLAR, JANE BESLER

NO. 561139–F
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   JANE BESLER SKLAR
10 CLIFFWOOD
SHREVEPORT, LA 71106

YOU HAVE BEEN SUED.

Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 28, 2020.

| *Also attached are the following: | **MIKE SPENCE, CLERK OF COURT** |
|---|---|
| ___ REQUEST FOR ADMISSIONS OF FACTS | |
| ___ INTERROGATORIES | |
| ___ REQUEST FOR PRODUCTION OF DOCUMENTS | By: _____ |
| XX  PETITION TO ANNUL AND OR RECSCIND CONTRACTUAL SPOUSAL SUPPORT OBLIGATION | Deputy Clerk |

_____CLINTON M BOWERS_____
Attorney

# FILE COPY