## Mike Guyerson

| | |
|---|---|
| **From:** | Suzuki, Bryce <bryce.suzuki@bclplaw.com> |
| **Sent:** | Tuesday, May 19, 2020 5:42 PM |
| **To:** | 'Keri Riley'; Mike Guyerson; Lee Kutner |
| **Cc:** | Schuenemann, Craig |
| **Subject:** | RE: Skylar - release of suspense funds |

Mike:

As I may have mentioned previously, I don't believe the bank will have an issue with the payment of funds being held by the debtors in suspense for your client, provided the required documents and information are provided to the debtors and subsequently shared with the bank. I'll wait to present the issue for approval by my client until the debtors have the information and verify your client's entitlement to the funds. Give a call with any questions. Thanks.



**BRYCE A. SUZUKI**
Office Managing Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Phoenix, AZ USA
bryce.suzuki@bclplaw.com
T: +1 602 364 7285



**From:** Keri Riley [mailto:KLR@kutnerlaw.com]
**Sent:** Tuesday, May 19, 2020 4:37 PM
**To:** Mike Guyerson; Lee Kutner; Suzuki, Bryce
**Subject:** RE: Skylar - release of suspense funds

Mike,

I have discussed this with SEC and counsel for the bank. Subject to the bank's approval and subject to Ms. Lawrence providing all necessary documents to resolve the condition putting the funds in suspense in the first place, we are willing to enter into a stipulation to release the funds.

One final point on the communication issues: I recognize that Ms. Lawrence wants to keep her costs down by speaking directly with SEC, but her questions are going far beyond just asking what documents she needs to provide, which information has been provided to her. She is asking the same question of different people. She is requesting legal opinions from employees. She is also requesting tax advice from employees. I have asked SEC that all communications related to this matter need to go through counsel, particularly given the contentious nature of this case, and would ask that you advise Ms. Lawrence that SEC will not be responding to her communications at this time. That may change in the future, but that's where we're at right now.

Thanks,

Keri L. Riley, Esq.
Kutner Brinen, P.C.

1

EXHIBIT F

1660 Lincoln St., Suite 1850
Denver, CO 80264
303-832-2910 Direct
303-832-2400 Main



E-MAIL CONFIDENTIALITY NOTICE:
The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying, or storage of this message or any attachment is strictly prohibited.

---

**From:** Mike Guyerson <Mike@kjblawoffice.com>
**Sent:** Tuesday, May 19, 2020 9:42 AM
**To:** Keri Riley <KLR@kutnerlaw.com>; Lee Kutner <LMK@kutnerlaw.com>; Suzuki, Bryce <bryce.suzuki@bclplaw.com>
**Subject:** RE: Skylar - release of suspense funds

My client is on social security and works part time as a self-employed nanny and she cannot afford to pay an attorney to deal with every detail on her and her deceased sisters relationships with Skylar, which is an operating company with fiduciary duties to her and everyone else it handles royalty and other mineral interest payments for. I am not aware of an prohibition preventing a layperson from communicating with a debtor about the debtors daily business operations. She is not prohibited from talking to the debtor or e-mailing the debtor in order to determine what documentation it requires to make sure her sister's estates funds are properly handled and the transfer and division orders properly obtained, which is all she is doing. That said, I will ask her to wait for your reply to our request and hold back from communicating with Skylar pending that reply. Now that the wave of recent hearings is over with the Debtor should be able to focus upon her situation very shortly.

Mike

Michael J. Guyerson
Buechler Law Office
999 18th Street
Suite 1230-South Tower
Denver, CO 80202
Telephone: 720-381-0045
Facsimile: 720-381-0382
Email: mike@kjblawoffice.com
***Legal Solutions to Your Financial Puzzle***



This communication (including attachments), may be subject to attorney/client privilege and covered by the Electronic Communication Privacy Act, U.S.C. Sec. 2510-2521; it is confidential, intended for the addressee only, and may contain privileged information. Any dissemination, distribution, or forwarding of this communication is strictly prohibited. If you are not the intended recipient or if you believe you may have received this communication

EXHIBIT F

in error, please do not print, copy, retransmit, disseminate, or otherwise use this communication or any of the information contained of this transmission. Your receipt of this communication does not establish an attorney - client relationship

**From:** Keri Riley <KLR@kutnerlaw.com>
**Sent:** Tuesday, May 19, 2020 9:26 AM
**To:** Mike Guyerson <Mike@kjblawoffice.com>; Lee Kutner <LMK@kutnerlaw.com>; Suzuki, Bryce <bryce.suzuki@bclplaw.com>
**Subject:** RE: Skylar - release of suspense funds

Mike,

We are reviewing this internally, including with oil and gas counsel. Please have your client stop direct communications with SEC, and have all communications go through us. She has been emailing multiple people at SEC almost daily. They have provided her with a list of documents that she will need to provide before we can even start to agree to release suspense funds, and no documents have been received. We would prefer that all further communication with Ms. Lawrence go through counsel.

Thanks,

Keri L. Riley, Esq.
Kutner Brinen, P.C.
1660 Lincoln St., Suite 1850
Denver, CO 80264
303-832-2910 Direct
303-832-2400 Main



E-MAIL CONFIDENTIALITY NOTICE:
The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying, or storage of this message or any attachment is strictly prohibited.

**From:** Mike Guyerson <Mike@kjblawoffice.com>
**Sent:** Monday, May 18, 2020 8:31 PM
**To:** Keri Riley <KLR@kutnerlaw.com>; Lee Kutner <LMK@kutnerlaw.com>; Suzuki, Bryce <bryce.suzuki@bclplaw.com>
**Subject:** Skylar - release of suspense funds

Pursuant to this e-mail below from Skylar to my client we will insist that the funds held in suspense for the estate of Pamela Page be released as part of the final cash collateral order, my client is working on the underlying documents requested by Skylar. It is clear that the debtor holds funds for the estate of Pamela Page and has them separated from other funds and they should be carved out of any cash collateral base and the attachment of any adequate protection liens to be granted under a final cash collateral order.

While thrown into the group of working interest holders on various court filings, my clients are actually under Louisiana statute unleased mineral owners ( frequently called "UMOs" or "UMI"s) who own the real property and have a direct