

# BUECHLER
## LAW OFFICE

Michael J. Guyerson
mike@kjblawoffice.com

June 3, 2020

**Via E-Mail to klr@kutnerlaw.com and US Mail**
Kutner Brinen, P.C.
Keri L. Riley, Esq.
1660 Lincoln Street, Suite 1850
Denver, CO 80264

Re: Skylar, Case No: 20-11377 EEB jointly administered

Dear Ms. Riley:

It is the Debtors' practice to offset and deduct from the revenue checks sent to my two clients, Barbara Lawrence and the estate of Pamela Page, non-drilling costs associated with the now producing Echo Pap Well #10-10. There is no written lease, working interest, or other agreement between the Lawrence or Page parties and the Debtors. Instead, their land and the underlying mineral interests in Louisiana were "force pooled" pursuant to Louisiana Revised Statute 30:10, and they are now considered unleased mineral owners ("UMOs") in the Echo Papa Well # 10-10 of the Debtors.

As Ms. Lawrence and the Estate of Pamela Page are forced pooled UMOs, the Debtors are not permitted pursuant to La. R.S. 30:10(A)(3) to deduct any fees and expenses they incur once the well is drilled and producing ("post-production costs") from the amounts owed to my clients. Accord, *In Allen Johnson, et al. v. Chesapeake Louisiana*, LP. 2019 WL 1301985 (W.D. La. Mar. 31, 2019). Any post-petition expenses and costs collected, or to be collected, by the Debtors from the UMOs holders are contrary to applicable Louisiana law and not property of the estate of the Debtors for cash collateral purposes.

**Demand is hereby made upon the Debtors to immediately cease from any further deductions of administration fees, expenses, actual costs, or other cost items by the Operator attributable to the Echo Papa Well # 10-10.** To the extent the Debtors hold any funds offset in their DIP account, these funds are property of the UMO holders that we represent. The funds should be segregated into a separate account and retuned to my clients.

As you also know, the Debtors held at the time of the filing of this Chapter 11 case, in suspense for the estate of Pamela Page, the sum of $63,310.21. The Debtors also owe payments for March, April, and May production for the Pamela Page estate. The Debtors have also admitted that the funds held in suspense are in fact segregated from other Debtors' funds and solely for the estate of Pamela Page. As these funds do not belong to the Debtors, **demand is hereby made for the immediate release of those funds to Ms. Barbara Lawrence, as the duly appointed administrator of the estate of Pamela Page.** We sent you all the supporting documentation by e-mail last week.

T. 720.381.0045
F. 720.381.0382

999 18th Street
Suite 1230-S
Denver, CO
EXHIBIT K    80202
KJBlawoffice.com

Finally, to the extent the final cash collateral budget includes future administration fees, costs or expenses to be billed or offset to the UMO holders I represent, those funds are not cash collateral and should not be part of the budget.

We will be filing an objection to cash collateral unless the Debtors address these issues promptly.

Truly,

Michael Guyerson

EXHIBIT K