IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | CASE NO.: 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930 | CHAPTER 11 |
| Debtor. | |
| _____ | |
| SKLARCO, LLC<br>EIN: 72-1425432 | CASE NO.: 20-12380-EEB |
| | CHAPTER 11 |
| Debtor. | |

_____

**LIMITED OBJECTION TO MOTION FOR
APROVAL OF FINAL CASH COLLATERAL ORDER**
_____

Creditors AEEC II, LLC; Anderson Exploration Energy Company, L.C.; TCP Cottonwood, L.P.; and Sugar Oil Properties, L.P. (jointly, "Anderson Parties") file this Limited Objection to the Debtors' Motion for Approval of Final Cash Collateral Order [Doc. No. 350] (the "Motion"), as respectfully state as follows:

1. The Anderson Parties do not object to the Debtors' continuing use of EWB's Cash Collateral.[1] The Anderson Parties seek modifications to the proposed order submitted with the Motion. The Anderson Parties have not received a response to their comments on the proposed order as of the objection deadline for the Motion. The Anderson Parties file this objection to preserve their rights with the hope that all matters will be resolved by agreement prior to the June 11 hearing.

---

[1] Capitalized terms not defined herein have the definitions provided by the Motion.

21476926_1

2. In general, the Anderson Parties seek clarifications and protections in the final cash collateral order including the following:

- Revenues that SEC receives in trust for the Anderson Parties and other working interest owners must maintain their status as funds owned by or held in trust for working interest owners; the Anderson Parties do not object to SEC's request to continue depositing those fund in its operating account for administrative convenience, but those deposits must be properly accounted for and cannot become part of EWC's Cash Collateral or put at risk of a Replacement Lien;

- Revenues that SEC receives in trust for working interest owners must be distributed to working interest owners and not used as cash collateral, absent express written consent;

- Payments to working interest owners should be indefeasible, subject only to rights and obligations under relevant participation agreements, joint operating agreements, and the like that govern the business relationship that created the funds; and

- Subject to the Budget, SEC and non-insider working interest owners should be able to offset pre- and post-petition amounts due between them without the expense of further hearings in this Court over "recoupment vs. setoff," or other issues.

3. In an abundance of caution, the Anderson Parties re-urge their objections that were made to the Debtors' Motion for Interim Use of Cash Collateral at Doc. No. 67 and 163.

21476926_1

WHEREFORE, the Anderson Parties request that the court approve Debtor's Motion for Approval of Final Cash Collateral Order with appropriate modifications and protections for the Anderson Parties and other working interest owners.

Dated: June 5, 2020 

Respectfully submitted:

KEAN MILLER LLP
*/s/* J. Eric Lockridge
J. Eric Lockridge
(TX# 24013053, LA #30159)
eric.lockridge@keanmiller.com
KEAN MILLER LLP
400 Convention Street, Suite 700
P. O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Telephone: (225) 387-0999
Telecopier: (225) 388-9133

***Counsel for AEEC II, LLC; Anderson Exploration Energy Company, L.C.; TCP Cottonwood, L.P.; and Sugar Oil Properties, L.P.***

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2020, the foregoing ***LIMITED OBJECTION TO MOTION FOR FINAL ORDER FOR USE OF CASH COLLATERAL*** was filed and served through the Court's CM/ECF System. All attorneys and parties identified for service in the above-captioned case were served by electronic service through the CM/ECF System on that date.

*/s/* J. Eric Lockridge

21476926_1