IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT COLORADO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| SKLAR EXPLORATION COMPANY, LLC and | ) | Case No. 20-12377-EEB |
| SKLARCO, LLC | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| SKLARCO, LLC | ) | Case No. 20-12380-EEB |
| | ) | |
| | ) | Chapter 11 |
| | ) | |

**SECOND SUPPLEMENTAL OBJECTION OF TAUBER EXPLORATION & PRODUCTION COMPANY; CTM 2005, LTD; PICKENS FINANCIAL GROUP, LLC; I & L MISS I, LP; MER ENERGY, LTD; MR OIL & GAS, LLC; TARA RUDMAN REVOCABLE TRUST; FEATHER RIVER 75, LLC; RUDMAN FAMILY TRUST; AND THE RUDMAN PARTNERSHIP TO DEBTORS' MOTION FOR APPROVAL OF FINAL CASH COLLATERAL ORDER**
[Docket No. 350]

Tauber Exploration & Production Company, CTM 2005, Ltd., Pickens Financial Group, LLC, I & L Miss I, LP, MER Energy, Ltd, MR Oil & Gas, LLC, Tara Rudman Revocable Trust, Feather River 75, LLC, Rudman Family Trust, and The Rudman Partnership, (collectively the "Tauber Group Non-Operators"), hereby file their Second Supplemental Objection to Debtors' Motion For Approval of Final Cash Collateral Order [Docket No. 350] ("Motion") and respectfully represent as follows:

1

# I.
# Overview

1. The Tauber Group Non-Operators own non-operating working interests in various oil and gas prospects operated by Sklar Exploration and Production Company ("SEC"), located principally in Alabama, Mississippi, and Texas. Sklarco, LLC ("Sklarco") is also a non-operator owning working interests in these prospects. SEC and Sklarco are collectively referred to herein as "Debtors."

2. Debtors filed their initial Motion for Authority to Use Cash Collateral on April 6, 2020 ("Original Motion") [Docket No. 34], in which they acknowledged that "[i]n order to pay operating expenses, the Debtors must immediately use cash collateral in which the Bank, taxing authorities, or other parties (collectively the 'Secured Creditors') may have an interest." Original Motion ¶ 20.

3. On April 9, 2020, the Tauber Group Non-Operators filed their response to the Original Motion in which they asserted that certain Cash Advances they had made to SEC under applicable Joint Operating Agreements ("JOAs") to fund specific capital projects were not part of the Debtors' estates but rather were funds to which the Tauber Group Non-Operators have superior equitable interests not subject to the liens of any other creditors of the Debtors. Response of Tauber Exploration & Production Company, CTM 2005, Ltd., Pickens Financial Group, LLC, and I & L Miss I, LP to Debtor's Motion for Authority To Use Cash Collateral ¶14 [Docket No. 68]. Further the Tauber Group Non-Operators requested that the use of Cash Collateral be denied until adequate protections for preserving the equitable interests of the Tauber Group Non-Operators in advanced funds were put in place and until Debtors provided greater detail as to how Cash Collateral was to be used.

4. On April 15, 2020, following a hearing held on April 9, 2020, the Court entered an Interim Order Authorizing Use of Cash Collateral ("First Interim Order") [Docket No. 94] through and including April 27, 2020, that incorporated several protections intended to address the concerns of various parties, including those of the Tauber Group Non-operators. For example, the Court directed that the funds in Debtors' respective accounts would remain subject to claims of ownership by applicable third parties under non-bankruptcy law and that Replacement Liens would be granted to parties claiming an interest in Cash Collateral in "all existing and hereafter acquired property and assets of the Debtors of every kind and character" to the same extent that a lien existed in Debtors' estates as of the Petition Date, April 1, 2020. First Interim Order ¶¶ 3, 5. Further, the Court directed the Debtors to make available to Secured Creditors, "upon reasonable request, the Debtors' books and records and other financial information." *Id.* ¶ 7.

5. Following a second hearing on Cash Collateral, held on April 27, 2020 before Bankruptcy Judge McNamara, the Court entered a Second Interim Order Authorizing Use of Cash Collateral ("Second Interim Order") [Docket No. 189], that extended the use of Cash Collateral through and including May 11, 2020, at which time a final hearing on Debtors' motion for authorization to use Cash Collateral was scheduled. The Second Interim Order maintained the same protections that were part of the First Interim Order as to claims of ownership of funds, the granting of Replacement Liens, and the access to Debtors' books and records and financial information.

6. What was anticipated to be a final hearing on Debtors' request to use Cash Collateral scheduled for May 11, 2020 became a two-day, contested hearing on consideration of a third extension for such authorization. The Tauber Group Non-Operators objected to the extension of authorization for interim use of Cash Collateral based upon evidence and testimony obtained at

that hearing. Among those concerns were the trustworthiness of the Debtors' chief executive officer, Howard Sklar, the ownership and source of funds in Debtors' revenue and operating accounts, and budgeted revenues attributed to management fees for Alabama gas processing plants that had not been properly approved by the beneficial owners of the plants. On May 18, 2020, the Court issued a telephonic ruling and subsequently granted an extension of use of Cash Collateral for the period through and including May 31, 2020. Third Interim Order Authorizing Use of Cash Collateral ("Third Interim Order") [Docket No. 319]. As with the two previous interim orders, the Third Interim Order kept in place the preservation of ownership claims, Replacement Liens, and reasonable access to Debtors' financial information.

7. On May 22, 2010, Debtors filed a Motion For Approval of Final Cash Collateral Order [Docket No. 350], together with notification of the objection deadline of June 5, 2020 for said motion [Docket No. 351]. On June 1, 2020, The Court entered an order setting that matter for hearing on June 11, 2020, along with several other key motions pending before the Court. Order and Notice of Video Conference Hearing on Multiple Matters [Docket No. 382].

8. On the afternoon of June 4, 2020, Debtors filed an "Unopposed Motion To Extend Third Interim Order Authorizing Use of Cash Collateral" [Docket No. 392]. <u>Although the motion clearly indicated it was "unopposed," counsel for the Tauber Group Non-Operators received no prior notification that such a motion was contemplated by Debtors and had no opportunity to consent or indicate opposition to said motion prior to its filing</u>. The Court entered an order granting said motion on June 5, 2020 extending authorized use of Cash Collateral under the Third Interim Order until June 12, 2020. Order Granting Unopposed Motion to Extend Third Interim Order Authorizing Use of Cash Collateral [Docket 397].

9. This Second Supplemental Response is intended to address additional issues that have come to light since the filing of the original Response, which may be summarized as follows:

- The Tauber Group of Non-Operators have a secured claim arising from liens arising from their Joint Operating Agreements ("JOA's") that were perfected <u>prior</u> to the lien of East West Bank.

- Debtors claim that they have the consent of East West Bank to their proposed use of Cash Collateral, but they have not even sought, much less obtained, consent of The Tauber Group of Non-Operators or any other working interest owners who have <u>superior lien status</u> to East West Bank.

- The Debtors' budget continues falsely to claim that it is entitled to a "management fee" from the Abbyville Gas Plant that has never been approved under the terms of the applicable Participation Agreement. The fees in question amount to a substantial percentage of the revenues projected in Debtors' Cash Collateral budget.

10. According to the Proof of Claim filed by East West Bank, it filed its Mortgage in Escambia County, Alabama on June 28, 2018, under Escambia County Probate Clerk Book 2018, Page 1330, *et seq*, a copy of which is attached as Exhibit 1.

11. The Tauber Group of Non-Operators are parties to a JOA pursuant to which a Recording Supplement and Financing Statement was recorded in Escambia County, Alabama on April 27, 2016, under Escambia County Probate Clerk Book 2016, Page 1204, *et seq*, a copy of which is attached as Exhibit 2 ("Escambia JOA"). The JOA provides for reciprocal liens to secure the obligations of the JOA parties to each other.

12. The Tauber Group of Non-Operators have interests in Cash Collateral arising from Debtors' operations due to the non-operators' lien provided for in the Escambia JOA, and that lien and security interest is prior in time and prior in right to any interest of East West Bank, which had actual and constructive notice of the prior perfected lien under the Escambia JOA.

13. The Tauber Group of Non-Operators do not consent to Debtors' use of its Cash Collateral (and were not even asked whether they consented to the extension of the Third Interim Order).

14. The Tauber Group of Non-Operators have claims against both SEC and Sklarco, despite Sklarco's Debtors' protestations to the contrary. In addition to claims arising from the theft of Cash Call Advance money and working interest revenues, The Tauber Group of Non-Operators assert the following claims:

First, On information and belief, it appears that Sklarco and SEC have violated and continue to violate an Area of Mutual Interest Agreement respecting the Escambia Alabama prospect and Units established within that prospect by surreptitiously acquiring interests in royalties and overriding royalties through the use of a straw entity called "Maevlo Production" and other "Maevlo" aliases via entities formed in Delaware, Colorado, and Texas, thereby attempting to avoid their obligation to offer the participants in the Escambia prospect the opportunity to acquire those interests on the same terms, as required by the Escambia JOA. It also appears likely that Sklarco has shared confidential information about the Escambia prospect and Units within that prospect to its straw entities without the consent of parties to the Escambia JOA.

Second, Sklarco has failed to pay its share of Cash Call Advances required by the Escambia JOA.

<u>Third</u>, Sklarco and SEC defrauded the Tauber Group of Non-Operators by submitting AFE's requiring Cash Call Advances for projects they had no intention whatsoever of performing and without informing the working interest owners that Sklarco had no intention of paying its share of capital for such projeccts.

<u>Fourth</u>, Sklarco has failed to pay joint interest billings required by the Escambia JOA.

## III.
## Argument and Authorities

15. The Debtors admit they have cash and accounts on hand as of the Petition Date and will generate certain postpetition revenue, which could constitute "Cash Collateral," as that term is defined by section 363(a) of the Bankruptcy Code (as so defined, "Cash Collateral"). Pursuant to the Bankruptcy Code, the Debtor may not use Cash Collateral unless "<u>each entity</u> that has an interest in such cash collateral consents," or unless "the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2)(A)-(B) (2013).

16. The Debtors acknowledge that, in order to use Cash Collateral, they must provide adequate protection to all parties with interests in Cash Collateral and who do not consent to its use. *See* 11 U.S.C. § 363(e). The party requesting court approval to use Cash Collateral over the secured creditor's objection must prove that there is adequate protection for that creditor. *Mendoza v. Temple-Inland Mortgage Corp. (Matter of Mendoza)*, 111 F.3d 1264, 1272 (5th Cir. 1997).

17. As previously discussed, the Tauber Group Non-Operators have interests in Detors' Cash Collateral arising from the liens and security interests created under its JOA's to secure Debtors' financial obligations under the JOA's. ***These liens are superior to the liens and security interest of East West Bank.***

7

18. Debtors have never accounted for the use of the Cash Call Advances or working interest revenues of the Tauber Group of Non-Operators. Until they do and also provide adequate protection of those interests, which has never occurred, Debtors must be prohibited from using the Cash Collateral of the Tauber Group Non-Operators.

Dated this 5th day of June, 2020

Respectfully submitted,

**Maynes, Bradford, Shipps & Sheftel, LLP**

*/s/ Thomas H. Shipps*
Thomas H. Shipps
*/s/ Shay L. Denning*
Shay L. Denning
Maynes, Bradford, Shipps & Sheftel, LLP
835 E. Second Ave., Suite 123
Durango, CO 81301
Telephone: (970) 247-1755
Facsimile: (970) 247-8827
Email: tshipps@mbssllp.com;
         sdenning@mbssllp.com

and

*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
815 Walker, Suite 1502
Houston, TX 77002
Telephone: (713) 659-8761
Cell: (713) 516-7450
Facsimile: (713) 659-8764
Email: barnetbjr@msn.com

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that, on June 5, 2020, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing

                /s/*Barnet B. Skelton, Jr.*
                Barnet B. Skelton, Jr.