**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930<br><br>Debtor. | ) | Case No. 20-12377-EEB<br><br>Chapter 11 |
| SKLARCO, LLC<br>EIN: 72-1425432<br>Debtor. | ) | Case No. 20-12380-EEB<br><br>Chapter 11 |

**STATEMENT OF POSITION WITH RESPECT TO FINAL CASH COLLATERAL ORDER AND OBJECTIONS THERETO**

Secured creditor, East West Bank, a California state banking corporation ("EWB"), in its capacity as a lender and the administrative agent under the Credit Agreement dated June 15, 2018 with Sklar Exploration Company LLC and Sklarco LLC (the "Debtors"), through counsel, hereby submits this statement of position in support of entry of the final order authorizing use of cash collateral (the "Final Cash Collateral Order") pursuant to the Debtors' *Motion to Use Cash Collateral* [Dkt. No. 350], and hereby responds to various objections thereto.

To be clear, EWB supports entry of the Final Cash Collateral Order, which will provide a greater degree of certainty and stability to these cases. The Final Cash Collateral Order is the culmination of many weeks of good-faith, arm's-length negotiations among the Debtors, the Unsecured Creditors Committee, EWB, and other parties in interest. In conjunction with the appointment of a chief restructuring officer with full authority to manage the Debtors, entry of

the Final Cash Collateral Order[1] should permit the Debtors to focus on a viable strategy to pay creditor claims in full and exit bankruptcy.

With respect to the objections, EWB submits that the Final Cash Collateral Order provides adequate protection of affected interests. With respect to specific issues raised in the Anderson Parties' objection [Dkt. No. 406], EWB respectfully submits as follows:

- EWB has no opposition to the inclusion of a provision making clear that the post-petition revenues attributable to the working interest holders will be segregated and paid in the ordinary course, without setoff or clawback by EWB.

- At this stage of the case, however, working interest owners should not be able to offset their prepetition claims against their post-petition payable obligations owed to SEC, absent an order of the Court or authorization under applicable law. Such issues need to be vetted in an appropriate proceeding, and not in the context of a final cash collateral order. Certainly, the Bankruptcy Code does not require such an arrangement under the guise of adequate protection.

With respect to the Tauber Group's objection [Dkt. No. 408], EWB respectfully submits as follows:

- Under the law of any conceivably applicable jurisdiction, EWB had perfected liens on the Debtors' deposit accounts as of the petition date. *See* Ala. Code §§ 7-9A-104(a), 7-9A-312(b)(1) (secured party has perfected security interest in a deposit account if the secured party has control by virtue of being the bank with which the deposit account is maintained); Cal. Com. Code §§ 9104(a), 9312(b)(1) (same); Colo. Rev. Stat. §§ 4-9-104, 4-9-312(b)(1) (same);

[1] EWB anticipates that the CRO will, among other things, analyze Debtors' operations and expenses, and revise and replace the 13-week cash flow budget attached to the Final Cash Collateral Order in consultation with EWB and the Unsecured Creditors Committee, in the manner provided in the Final Cash Collateral Order. EWB reserves all rights with respect to such issues.

La. Rev. Stat. Ann. §§ 10:9-104, 10:9-312(b)(1) (same); Tex. Bus. & Com. Code §§ 9.104, 9.312(b)(1) (same).

- Accordingly, whether a party has a recorded lien in mineral interests that is prior to EWB's recorded lien is irrelevant to the priority of liens on cash in deposit accounts.[2] Under section 9-327 of the Uniform Commercial Code, the security interest of the bank with which the deposit account is maintained takes priority over all other conflicting security interests in the deposit account, regardless of whether the deposit account constitutes the competing secured party's original collateral or its proceeds. *See* Ala. Code § 7-9A-327; Cal. Com. Code § 9327; Colo. Rev. Stat. § 4-9-327; La. Rev. Stat. Ann. § 10:9-327; Tex. Bus. & Com. Code § 9.327. The official comment to section 9-327 makes clear that "a secured party who claims the deposit account as proceeds of other collateral can reduce the risk of becoming junior by obtaining the debtor's agreement to deposit proceeds into a specific cash-collateral account and obtaining the agreement of that bank to subordinate all its claims to those of the secured party." UCC 9-327, official comment 4. The working interest holders effectively have such an arrangement with respect to their post-petition revenues, but took no such action prior to the petition date. To the contrary, the Debtors deposited all funds into the EWB accounts without objection or alternative arrangement by any party. As of the petition date, the cash in the deposit accounts was subject to EWB's senior liens.

- Any contention that section 9-327 "only applies when both secured parties are claiming a security interest over the account itself and does not override the priority of a secured party who takes a lien over intangibles and then follows the proceeds into a bank account" is a

[2] EWB reserves all rights with respect to lien creation, attachment, perfection, priority and related issues. Nothing herein shall be deemed an admission or consent by EWB.

"transparent misreading of the law." *City Bank v. Compass Bank,* 717 F. Supp. 2d 599, 617 (W.D. Tex. 2010).

- EWB is concerned by the Tauber Group's allegation that the Debtors are "surreptitiously acquiring interests in royalties and overriding royalties through the use of a straw entity . . . ." Those allegations, however, must be addressed at the appropriate time by the appropriate estate fiduciary (whether a CRO, trustee, or committee with standing). They do not constitute an impediment to entry of the Final Cash Collateral Order and do not justify a death knell to business operations and the estates' going-concern value.

EWB reserves its right to address any additional objections or arguments raised with respect to the Final Cash Collateral Order.

WHEREFORE, EWB respectfully requests that the Court enter the Final Cash Collateral Order, and grant such other relief as it deems is just and proper.

Dated this 9th day of June, 2020.

*s/ Craig K. Schuenemann*

Craig K. Schuenemann, CO #41068
BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
Phone: (303) 861-7000
Facsimile: (303) 866-0200
Email: craig.schuenemann@bclplaw.com

ATTORNEYS FOR EAST WEST BANK

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that on this 9th day of June, 2020, a true and correct copy of the foregoing **STATEMENT OF POSITION WITH RESPECT TO FINAL CASH COLLATERAL ORDER AND OBJECTIONS THERETO** was filed and served via ECF on all attorneys of record:

Jeffrey S. Brinen
Lee M. Kutner
1660 Lincoln Street
Suite 1850
Denver, CO 80264
*Attorney for Debtor Sklarco, LLC*

Paul Moss
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294
*Attorney for U.S. Trustee*

*/s/ Martha A. Hammond*
Martha A. Hammond Legal Secretary
Bryan Cave Leighton Paisner LLP