UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**MOTION FOR ENTRY OF PROTECTIVE ORDER**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco"), by and through their attorneys, Kutner Brinen, P.C., move the Court for entry of a Protective Order Concerning Confidentiality of Documents and Information ("Protective Order"), and in support thereof states as follows:

1. The Debtors filed their Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer on May 21, 2020 ("CRO Motion") (Docket No. 341).

2. At the hearing on the CRO Motion on June 11, 2020, Howard Sklar, individually and as the Trustee for the Howard Sklar Trust, the Jacob Sklar Trust, and the Alan Sklar Trust, agreed to the production of certain information that contains confidential business and commercial information, and sensitive personal information.

3. Following the hearing, on June 15, 2020, the Court entered an Order Authorizing Debtors' Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer ("CRO Order") (Docket No. 429).

4. The CRO Order requires the production of certain information to CR Partners, and further provides that "within twenty (20) days of its initial review of any such records, reports, or documentation, CR3 shall make the same available for inspection and review by East West Bank, the Committee, or any Working Interest Owner who has requested a copy of such documents."

5. The CRO Order further requires the Debtors to tender a form of Protective Order to the Court following an initial conferral with parties who objected to the CRO Motion to ensure that certain information produced to CR3 and subsequent parties is protection from distribution and dissemination.

6. The Debtors have proposed the form of Protective Order that is attached hereto as Exhibit A.

7. Prior to filing, counsel for the Debtors circulated a copy of the proposed Protective Order to thirty attorneys representing the parties who had previously objected to the CRO Motion, the United States Trustee, counsel for the Committee, and counsel for East West Bank with an invitation for comments or opposition.

8. Following the conferral by email, only one group, the Tauber Group, provided any additional changes with respect to the Protective Order, some of which were incorporated, a number of which were not. Counsel for the Tauber Group, Thomas Shipps, indicated that there is still additional language that he would like to have included. The Debtors will not agree to his requested changes as it could result in information being disseminated for purposes other than litigation over contested matters, Adversary Proceedings, or 2004 Examinations. As a result, the Order is not being filed as an agreed or stipulated order.

9. One question was received, and subsequently answered. No other comments or indications of opposition was received.

## RELIEF REQUESTED

10. The Debtors request entry of the Protective Order attached as Exhibit A to ensure that certain sensitive personal information and confidential business information are not disseminated or used for an improper purpose.

11. Pursuant to Fed. R. Civ. P. 7026(c), applicable in contested matters through Fed. R. Bankr. P. 9014(c), the Court may issue, for good cause, a protective order regarding discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Bankr. P. 7026(c)(1)(G). Similarly, Fed. R. Bankr. P. 9019 permits the Court to "protect the estate or

any entity in respect of a trade secret or other confidential research, development, or commercial information."

12. The Protective Order prohibits the use, distribution, or dissemination of any document or the information contained therein produced in connection with the CRO Order or discovery requests in contested matters, Adversary Proceedings, or examinations pursuant to Fed. R. Bankr. P. 2004, marked "Confidential" or "Confidential – Attorneys' Eyes Only." The Protective Order provides that the information shall only be used for such matters after execution of an affidavit agreeing to the terms in the Protective Order. The Protective Order further provides a mechanism for challenging a designation of "Confidential" or "Confidential-Attorneys' Eyes Only."

13. Entry of the Protective Order is in the best interests of the Debtors as it will allow the Debtors, CR3 Partners, and creditors to obtain information while protecting information that contains proprietary business information and sensitive personal information and ensuring that the information is not used for an improper purpose, including

WHEREFORE, the Debtors pray the Court enter the Protective Order, and for such further and additional relief as to the Court may appear proper.

DATED: June 26, 2020

Respectfully submitted,

By: _/s/ Keri L. Riley_
Lee M. Kutner, #10966
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln St., Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
E-mail: klr@kutnerlaw.com