```
                            United States Bankruptcy Court
                                 District of Colorado

In re:                                                          Case No. 20-12377-EEB
Sklar Exploration Company, LLC                                  Chapter 11
Sklarco, LLC
         Debtors                      CERTIFICATE OF NOTICE
District/off: 1082-1          User: admin                  Page 1 of 5           Date Rcvd: Jul 08, 2020
                              Form ID: pdf904              Total Noticed: 47


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 10, 2020.
db/db          +Sklar Exploration Company, LLC,    Sklarco, LLC,    5395 Pearl Parkway,    Suite 200,
                 Boulder, CO 80301-2541
aty            +Benjamin Y. Ford,    RSA Tower, 27th Floor,    11 North Water Street,    Mobile, AL 36602-3809
aty            +Cook, Yancey, King & Galloway, APLC,    333 Texas Street,    Suite 1700,    P.O. Box 22260,
                 Shreveport, LA 71120-2260
cr             +AEEC II, LLC,    333 Texas Street,    #2020,    Shreveport, LA 71101-3680
cr             +AEH Investments, LLC,    333 Texas Street,    Suite 1414,    Shreveport, LA 71101-3678
cr             +Anderson Exploration Energy Company, LC,    333 Texas Street,    #2020,
                 Shreveport, LA 71101-3680
cr             +Baker Hughes Holdings, LLC FKA Baker Hughes, a GE,    C/O Christopher J. Ryan,
                 17021 Aldine Westfield Road,    Houston, TX 77073-5101
cr             +Barbara P Lawrence,    55 Hill Circle,    Evergreen, CO 80439-4618
cr             +Barnette & Benefield, Inc.,    PO Box 550,    Haynesville, LA 71038-0550
cr             +Bundero Investment Company, LLC,    401 Edwards Street,    Suite 820,    Shreveport, LA 71101-5521
cr             +Estate of Pamela Page, Deceased,    P.O. Box 374,    Evergreen, CO 80437-0374
cr             +Franks Exploration Company, LLC,    P.O. Box 7655,    Shreveport, LA 71137-7655
cr             +I & L Miss I, LP,    4761 Frank Luck Dr,    Addison, TX 75001-3202
cr             +J&A Harris, LP,    333 Texas Street,    Suite 1414,    Shreveport, LA 71101-3678
cr             +John H. Smith,    c/o Quitman Tank Solutions, LLC,    PO Box 90,    Quitman, MS 39355-0090
cr             +Kingston, LLC,    2790 South Thompson Street,    Suite 102,    Springdale, AR 72764-6303
cr             +Kodiak Gas Services, LLC,    15320 Hwy. 105, Suite 210,    Montgomery, TX 77356-2602
cr             +Pickens Financial Group, LLC,    10100 N. Central Expressway, Suite 200,    Dallas, TX 75231-4169
cr             +Stoneham Drilling Corporation,    c/o Bradley,    Attn: James B. Bailey,
                 1819 Fifth Avenue North,    Birmingham, AL 35203-2120
cr             +Sugar Oil Properties, L.P.,    625 Market Street,    Suite 100,    Shreveport, LA 71101-5392
cr             +TCP Cottonwood, L.P.,    333 Texas Street,    #2020,    Shreveport, LA 71101-3680
cr             +Tauber Exploration & Production Company,    55 Waugh Drive, Suite 700,    Houston, TX 77007-5837
intp            The Juneau Group,    2386A Rice Blvd. #232,    Houston, TX  77005
18754408       +Anderson Investment Holdings, LP,    AEEC II, LLC,    333 Texas Street, Suite 2020,
                 Shreveport, LA 71101-3680
18754411       +Apple River Investments, L.L.C.,    Attn Robert M. Boeve, President,    1503 Garfield Road North,
                 Traverse City, MI 49696-1111
18754484       +East West Bank Treasury Department,    135 North Los Robles Avenue,    Suite 600,
                 ATTN  Linda Cox,    Pasadena, CA 91101-4549
18754510       +FPCC USA, Inc.,    245 Commerce Green Blvd, Ste 250,    Sugar Land, TX 77478-3760
18754497       +Fant Energy Limited,    P.O. Box 55205,    Houston, TX 77255-5205
18754529       +H&H Construction, LLC,    Ladon E. Hall, Sole Manager,    P.O. Box 850,    Flomaton, AL 36441-0850
18754560        JD Fields & Company, Inc.,    P.O. Box 134401,    Houston, TX 77219-4401
18754567       +JJS Working Interest LLC,    2001 Kirby Dr, Suite 1110,    Houston, TX 77019-6081
18754578       +Kelley Brothers Contractors, Inc.,    P.O. Drawer 1079,    Waynesboro, MS 39367-1079
18754588       +Kudzu Oil Properties, LLC,    300 Concourse Blvd, Suite 101,    Ridgeland, MS 39157-2091
18754598        Lucas Petroleum Group, Inc.,    327 Congress Avenue, Suite 500,    Austin, TX 78701-3656
18754612       +Meritage Energy, Ltd.,    C/O BKD, LLP,    2700 Post Oak Blvd, Ste 1500,    Houston, TX 77056-5829
18754613        Mesa Fluids, LLC,    c/o Juno Financial,    P.O. Box 173928,    Denver, CO 80217-3928
18754664        Pro-Tek Field Services, LLC,    P.O. Box 919269,    Dallas, TX 75391-9269
18754666       +Pruet Oil Company, LLC,    217 West Capitol St. Ste 201,    Jackson, MS 39201-2099
18754673       +Rapad Well Service Co., Inc.,    217 West Capitol Street,    Jackson, MS 39201-2004
18754720       +Stoneham Drilling Corporation,    707 17th Street,    Suite 3250,    Denver, CO 80202-3433
18754721        Strago Petroleum Corporation,    3209 Hamm Road,    Pearland, TX 77581-5503
18754735       +TCP Cottonwood, L.P.,    333 Texas Street, Suite 2020,    Shreveport, LA 71101-3680
18754760       +Union Oilfield Supply, Inc.,    12 John Dykes Road,    Waynesboro, MS 39367-8371

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/Text: cmccord@mccordprod.com Jul 09 2020 02:14:41     CTM 2005, Ltd.,
                 55 Waugh Drive, Suite 515,    Houston, TX 77007-5840
cr             +E-mail/PDF: dor_tac_bankruptcy@state.co.us Jul 09 2020 02:24:51
                 Colorado Department Of Revenue,    1375 Sherman St.,    Room 504,    Attention Bankruptcy Unit,
                 Denver, CO 80261-3000
cr             +E-mail/Text: bankruptcy@coag.gov Jul 09 2020 02:15:13     Colorado Department of Law,
                 1300 Broadway, 8th Floor,    Denver, CO 80203-2104
cr              E-mail/Text: tim.swanson@moyewhite.com Jul 09 2020 02:15:11     Kudzu Oil Properties, LLC,
                 c/o Timothy M. Swanson,    Moye White LLP,    1400 16th Street, 6th Floor,    Denver, CO  80202
                                                                                              TOTAL: 4

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Hall Management, LLC,    4913 Oak Point Drive
                                                                                   TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
District/off: 1082-1                  User: admin                    Page 2 of 5                  Date Rcvd: Jul 08, 2020
                                      Form ID: pdf904                Total Noticed: 47
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 10, 2020                                        Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 8, 2020 at the address(es) listed below:
              Amy Vazquez    on behalf of Creditor   FPCC USA, Inc. avazquez@joneswalker.com
              Andrew James Shaver    on behalf of Creditor   Premium Oilfield Services, LLC ashaver@bradley.com
              Armistead Mason Long    on behalf of Creditor   Pine Island Chemical Solutions, L.L.C.
               along@gamb.law
              Barnet B Skelton, Jr    on behalf of Creditor   Tara Rudman Revocable Trust barnetbjr@msn.com
              Barnet B Skelton, Jr    on behalf of Creditor   Tauber Exploration & Production Company
               barnetbjr@msn.com
              Barnet B Skelton, Jr    on behalf of Creditor   Rudman Partnership barnetbjr@msn.com
              Barnet B Skelton, Jr    on behalf of Creditor   MER Energy, LTD barnetbjr@msn.com
              Barnet B Skelton, Jr    on behalf of Creditor   I & L Miss I, LP barnetbjr@msn.com
              Barnet B Skelton, Jr    on behalf of Creditor   MR Oil & Gas, LLC barnetbjr@msn.com
              Barnet B Skelton, Jr    on behalf of Creditor   The Rudman Partnership barnetbjr@msn.com
              Barnet B Skelton, Jr    on behalf of Creditor   Pickens Financial Group, LLC barnetbjr@msn.com
              Barnet B Skelton, Jr    on behalf of Creditor   Rudman Family Trust barnetbjr@msn.com
              Barnet B Skelton, Jr    on behalf of Creditor   CTM 2005, Ltd. barnetbjr@msn.com
              Barnet B Skelton, Jr    on behalf of Creditor   Feather River 75, LLC barnetbjr@msn.com
              Belinda   Harrison     belindapittsharrison@gmail.com,    belindapittsharrison@gmail.com
              Brent R. Cohen    on behalf of Creditor   Fant Energy Limited bcohen@lrrc.com,
               brent-cohen-8759@ecf.pacerpro.com,cmarquez@lrrc.com
              Brian   Rich     on behalf of Creditor   Fletcher Exploration, LLC brich@bergersingerman.com,
               efile@bergersingerman.com;efile@ecf.inforuptcy.com
              Brian   Rich     on behalf of Creditor   Fletcher Petroleum Company, LLC brich@bergersingerman.com,
               efile@bergersingerman.com;efile@ecf.inforuptcy.com
              Brian   Rich     on behalf of Creditor   Fletcher Petroleum Corp. brich@bergersingerman.com,
               efile@bergersingerman.com;efile@ecf.inforuptcy.com
              Bryce   Suzuki     on behalf of Creditor   East-West Bank bryce.suzuki@bclplaw.com,
               tina.daniels@bclplaw.com
              Christopher   Meredith    on behalf of Attorney    Copeland, Cook, Taylor & Bush, P.A.
               cmeredith@cctb.com,    bankruptcy-group@cctb.com;2363508420@filings.docketbird.com
              Christopher   Meredith    on behalf of Creditor    Eastern Fishing & Rental Tool Company, Inc.
               cmeredith@cctb.com,    bankruptcy-group@cctb.com;2363508420@filings.docketbird.com
              Christopher   Meredith    on behalf of Creditor    PAR Minerals Corporation cmeredith@cctb.com,
               bankruptcy-group@cctb.com;2363508420@filings.docketbird.com
              Christopher   Meredith    on behalf of Creditor    Coastal Exploration, Inc. cmeredith@cctb.com,
               bankruptcy-group@cctb.com;2363508420@filings.docketbird.com
              Christopher D. Johnson    on behalf of Creditor Committee    The Official Committee of Unsecured
               Creditors cjohnson@munsch.com,    scurry@munsch.com
              Craig K. Schuenemann    on behalf of Creditor    East-West Bank craig.schuenemann@bryancave.com,
               alicia.berry@bryancave.com,44Team_DEN@bryancave.com
              Craig M. Geno    on behalf of Creditor   Alabama Oil Company cmgeno@cmgenolaw.com,
               kcarter@cmgenolaw.com;spurvis@cmgenolaw.com;cmgeno@ecf.courtdrive.com
              Craig M. Geno    on behalf of Creditor    Kudzo Oil Properties, LLC cmgeno@cmgenolaw.com,
               kcarter@cmgenolaw.com;spurvis@cmgenolaw.com;cmgeno@ecf.courtdrive.com
              Craig M. Geno    on behalf of Creditor    Apple River Investments, LLC cmgeno@cmgenolaw.com,
               kcarter@cmgenolaw.com;spurvis@cmgenolaw.com;cmgeno@ecf.courtdrive.com
              Daniel L. Bray    on behalf of Creditor    Weatherford U.S., L.P. daniel.bray@huschblackwell.com,
               ann.stolfa@huschblackwell.com;LegalSupportTeam-Litigation-DEN@huschblackwell.com;daniel-bray-5348
               @ecf.pacerpro.com
              David M. Miller    on behalf of Creditor    Bri-Chem Supply Corp., LLC dmiller@spencerfane.com,
               nschacht@spencerfane.com
              David R Taggart    on behalf of Creditor    JH Howell Interests, LP dtaggart@bradleyfirm.com,
               kburnley@bradleyfirm.com
              David R Taggart    on behalf of Creditor    JF Howell Interests ,LP dtaggart@bradleyfirm.com,
               kburnley@bradleyfirm.com
              Deanna L. Westfall    on behalf of Creditor    Colorado Department Of Revenue
               deanna.westfall@coag.gov,    bncmail@w-legal.com
              Duane   Brescia    on behalf of Creditor    Lucas Petroleum Group, Inc. dbrescia@clarkhill.com,
               kalexander@clarkhill.com;djaenike@clarkhill.com
```

```
District/off: 1082-1                  User: admin                   Page 3 of 5                    Date Rcvd: Jul 08, 2020
                                      Form ID: pdf904               Total Noticed: 47


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Duane    Brescia     on behalf of Attorney    Clark Hill Strasburger dbrescia@clarkhill.com,
               kalexander@clarkhill.com;djaenike@clarkhill.com
              Duane    Brescia     on behalf of Creditor    Seitel Data, Ltd. dbrescia@clarkhill.com,
               kalexander@clarkhill.com;djaenike@clarkhill.com
              Eric    Lockridge     on behalf of Creditor    Sugar Oil Properties, L.P.
               eric.lockridge@keanmiller.com,    Stephanie.gray@keanmiller.com
              Eric    Lockridge     on behalf of Creditor    Anderson Exploration Energy Company, L.C.
               eric.lockridge@keanmiller.com,    Stephanie.gray@keanmiller.com
              Eric    Lockridge     on behalf of Creditor    Anderson Exploration Energy Company, LC
               eric.lockridge@keanmiller.com,    Stephanie.gray@keanmiller.com
              Eric    Lockridge     on behalf of Creditor    TCP Cottonwood, L.P. eric.lockridge@keanmiller.com,
               Stephanie.gray@keanmiller.com
              Eric    Lockridge     on behalf of Creditor    AEEC II, LLC eric.lockridge@keanmiller.com,
               Stephanie.gray@keanmiller.com
              Glenn    Taylor     on behalf of Creditor    Coastal Exploration, Inc. gtaylor@cctb.com
              Glenn    Taylor     on behalf of Creditor    PAR Minerals Corporation gtaylor@cctb.com
              Glenn    Taylor     on behalf of Creditor    Eastern Fishing & Rental Tool Company, Inc.
               gtaylor@cctb.com
              Grant Matthew Beiner     on behalf of Creditor Committee    The Official Committee of Unsecured
               Creditors gbeiner@munsch.com
              James B. Bailey     on behalf of Creditor    Stoneham Drilling Corporation jbailey@bradley.com,
               ashaver@bradley.com
              Jeffrey S. Brinen     on behalf of Debtor    Sklar Exploration Company, LLC jsb@kutnerlaw.com,
               vlm@kutnerlaw.com
              Jeffrey S. Brinen     on behalf of Debtor    Sklarco, LLC jsb@kutnerlaw.com,   vlm@kutnerlaw.com
              Jennifer   Hardy     on behalf of Creditor    JJS Working Interests, LLC jhardy2@willkie.com,
               mao@willkie.com
              Jennifer   Hardy     on behalf of Creditor    JJS Interests Escambia, LLC jhardy2@willkie.com,
               mao@willkie.com
              Jennifer   Hardy     on behalf of Creditor    JJS Interests Steele Kings, LLC jhardy2@willkie.com,
               mao@willkie.com
              Jennifer   Norris Soto    on behalf of Creditor    Barnette & Benefield, Inc.
               jennifersoto@arklatexlaw.com,    curtisshelton@arklatexlaw.com,stephanieparker@arklatexlaw.com
              Jeremy L Retherford     on behalf of Creditor    Pruet Production Co. jretherford@balch.com,
               kskelton@balch.com,skynerd@pruet.com
              Jeremy L Retherford     on behalf of Creditor    Pruet Oil Company, LLC jretherford@balch.com,
               kskelton@balch.com,skynerd@pruet.com
              Jeremy L Retherford     on behalf of Interested Party    Pruet Production Co. jretherford@balch.com,
               kskelton@balch.com,skynerd@pruet.com
              Jim F Spencer, Jr    on behalf of Creditor    Landmark Exploration, LLC jspencer@watkinseager.com,
               mryan@watkinseager.com
              Jim F Spencer, Jr    on behalf of Creditor    Lexington Investments, LLC jspencer@watkinseager.com,
               mryan@watkinseager.com
              Jim F Spencer, Jr    on behalf of Creditor    Landmark Oil and Gas, LLC jspencer@watkinseager.com,
               mryan@watkinseager.com
              Jim F Spencer, Jr    on behalf of Creditor    Stone Development, LLC jspencer@watkinseager.com,
               mryan@watkinseager.com
              John   Cornwell     on behalf of Creditor Committee    The Official Committee of Unsecured Creditors
               jcornwell@munsch.com,    hvalentine@munsch.com
              John Thomas   Oldham    on behalf of Creditor    Kodiak Gas Services, LLC joldham@okinadams.com,
               bmoore@okinadams.com
              Jordan B. Bird     on behalf of Creditor    Bundero Investment Company, LLC
               jordan.bird@cookyancey.com
              Jordan B. Bird     on behalf of Attorney    Cook, Yancey, King & Galloway, APLC
               jordan.bird@cookyancey.com
              Jordan B. Bird     on behalf of Creditor    J&A Harris, LP jordan.bird@cookyancey.com
              Jordan B. Bird     on behalf of Creditor    Franks Exploration Company, LLC
               jordan.bird@cookyancey.com
              Jordan B. Bird     on behalf of Creditor    Hall Management, LLC jordan.bird@cookyancey.com
              Jordan B. Bird     on behalf of Creditor    Kingston, LLC jordan.bird@cookyancey.com
              Jordan B. Bird     on behalf of Creditor    AEH Investments, LLC jordan.bird@cookyancey.com
              Joseph Eric Bain     on behalf of Creditor    FPCC USA, Inc. jbain@joneswalker.com,
               kvrana@joneswalker.com
              Katherine A Ross     on behalf of Creditor    Bureau of Land Management katherine.ross@usdoj.gov,
               USACO.ECFCivil@usdoj.gov;caseview.ecf@usdoj.gov;megan.ingebrigtsen@usdoj.gov
              Katherine A Ross     on behalf of Creditor    Office of Natural Resources Revenue
               katherine.ross@usdoj.gov,
               USACO.ECFCivil@usdoj.gov;caseview.ecf@usdoj.gov;megan.ingebrigtsen@usdoj.gov
              Katherine Guidry Douthitt     on behalf of Creditor    Dickson Oil & Gas, L.L.C. kdouthitt@bwor.com
              Katherine Guidry Douthitt     on behalf of Creditor C. Bickham   Dickson, III kdouthitt@bwor.com
              Keri L. Riley     on behalf of Debtor    Sklar Exploration Company, LLC klr@kutnerlaw.com,
               vlm@kutnerlaw.com
              Keri L. Riley     on behalf of Debtor    Sklarco, LLC klr@kutnerlaw.com,   vlm@kutnerlaw.com
              Kevin S. Neiman     on behalf of Plaintiff    Plains Marketing, L.P. kevin@ksnpc.com
              Kevin S. Neiman     on behalf of Creditor    Plains Marketing, L.P. kevin@ksnpc.com
              Kevin S. Neiman     on behalf of Creditor    Plains Gas Solutions, LLC kevin@ksnpc.com
              Lee M. Kutner     on behalf of Debtor    Sklar Exploration Company, LLC lmk@kutnerlaw.com,
               vlm@kutnerlaw.com
```

```
District/off: 1082-1                  User: admin                     Page 4 of 5                     Date Rcvd: Jul 08, 2020
                                      Form ID: pdf904                 Total Noticed: 47
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

```
              Lee M. Kutner    on behalf of Debtor    Sklarco, LLC lmk@kutnerlaw.com,  vlm@kutnerlaw.com
              Madison M. Tucker    on behalf of Creditor    FPCC USA, Inc. mtucker@joneswalker.com
              Matthew Okin    on behalf of Creditor    Kodiak Gas Services, LLC mokin@okinadams.com
              Matthew J. Ochs    on behalf of Creditor    Pruet Oil Company, LLC mjochs@hollandhart.com,
               tldevlin@hollandhart.com
              Matthew J. Ochs    on behalf of Creditor    RAPAD Well Service Co., Inc. mjochs@hollandhart.com,
               tldevlin@hollandhart.com
              Matthew J. Ochs    on behalf of Creditor    Pruet Production Co. mjochs@hollandhart.com,
               tldevlin@hollandhart.com
              Michael  Niles    on behalf of Creditor    Fletcher Exploration, LLC mniles@bergersingerman.com,
               efile@bergersingerman.com;efile@ecf.inforuptcy.com
              Michael  Niles    on behalf of Creditor    Fletcher Petroleum Company, LLC
               mniles@bergersingerman.com,    efile@bergersingerman.com;efile@ecf.inforuptcy.com
              Michael  Niles    on behalf of Creditor    Fletcher Petroleum Corp. mniles@bergersingerman.com,
               efile@bergersingerman.com;efile@ecf.inforuptcy.com
              Michael D Rubenstein    on behalf of Interested Party    BPX Properties (NA) LP
               mdrubenstein@liskow.com
              Michael D Rubenstein    on behalf of Interested Party    BP America Production Company
               mdrubenstein@liskow.com
              Michael J. Guyerson    on behalf of Creditor    Estate of Pamela Page, Deceased
               mike@kjblawoffice.com,   celina@kjblawoffice.com;teresa@kjblawoffice.com
              Michael J. Guyerson    on behalf of Creditor Barbara P Lawrence mike@kjblawoffice.com,
               celina@kjblawoffice.com;teresa@kjblawoffice.com
              Paul  Moss    on behalf of U.S. Trustee    US Trustee Paul.Moss@usdoj.gov
              Robert  Padjen    on behalf of Creditor    Colorado Department of Law Robert.padjen@coag.gov
              Robert L Paddock    on behalf of Creditor    Strago Petroleum Corporation rpaddock@buckkeenan.com,
               myers@buckkeenan.com
              Robert L Paddock    on behalf of Creditor    Gateway Exploration, LLC rpaddock@buckkeenan.com,
               myers@buckkeenan.com
              Robert L Paddock    on behalf of Creditor    Meritage Energy Ltd rpaddock@buckkeenan.com,
               myers@buckkeenan.com
              Robert L Paddock    on behalf of Creditor    Harvest Gas Management, LLC rpaddock@buckkeenan.com,
               myers@buckkeenan.com
              Robert L Paddock    on behalf of Creditor    GCREW Properties, LLC rpaddock@buckkeenan.com,
               myers@buckkeenan.com
              Ryan  Lorenz    on behalf of Creditor    Juno Financial LLC RLorenz@ClarkHill.com
              Ryan  Seidemann    on behalf of Creditor    State of Louisiana, Depatment of Natural Resources,
               Office of Mineral Resources seidemannr@ag.louisiana.gov
              Ryco Exploration, LLC.    rsmith.ryco@att.net
              Shay L. Denning    on behalf of Creditor    I & L Miss I, LP sdenning@mbssllp.com
              Shay L. Denning    on behalf of Creditor    CTM 2005, Ltd. sdenning@mbssllp.com
              Shay L. Denning    on behalf of Creditor    Pickens Financial Group, LLC sdenning@mbssllp.com
              Shay L. Denning    on behalf of Creditor    Tauber Exploration & Production Company
               sdenning@mbssllp.com
              Stephen K. Lecholop, II    on behalf of Creditor    McCombs Energy, Ltd. slecholop@rpsalaw.com,
               amartinez@rpsalaw.com
              Stephen K. Lecholop, II    on behalf of Creditor    McCombs Exploration, LLC slecholop@rpsalaw.com,
               amartinez@rpsalaw.com
              Theodore J. Hartl    on behalf of Interested Party    Louisiana Tower Operating LLC
               hartlt@ballardspahr.com,   blessingb@ballardspahr.com
              Thomas H Shipps    on behalf of Creditor    MER Energy, LTD tshipps@mbssllp.com
              Thomas H Shipps    on behalf of Creditor    Tauber Exploration & Production Company
               tshipps@mbssllp.com
              Thomas H Shipps    on behalf of Creditor    I & L Miss I, LP tshipps@mbssllp.com
              Thomas H Shipps    on behalf of Creditor    The Rudman Partnership tshipps@mbssllp.com
              Thomas H Shipps    on behalf of Creditor    Pickens Financial Group, LLC tshipps@mbssllp.com
              Thomas H Shipps    on behalf of Creditor    CTM 2005, Ltd. tshipps@mbssllp.com
              Thomas H Shipps    on behalf of Creditor    MR Oil & Gas, LLC tshipps@mbssllp.com
              Thomas H Shipps    on behalf of Creditor    Feather River 75, LLC tshipps@mbssllp.com
              Thomas H Shipps    on behalf of Creditor    Rudman Family Trust tshipps@mbssllp.com
              Thomas H Shipps    on behalf of Creditor    Tara Rudman Revocable Trust tshipps@mbssllp.com
              Timothy C. Mohan    on behalf of Creditor    Lufkin Industries, LLC tmohan@foley.com,
               tim.mohan4@gmail.com
              Timothy C. Mohan    on behalf of Creditor    Baker Petrolite LLC tmohan@foley.com,
               tim.mohan4@gmail.com
              Timothy C. Mohan    on behalf of Creditor    GE Oil & Gas Pressure Control US tmohan@foley.com,
               tim.mohan4@gmail.com
              Timothy C. Mohan    on behalf of Creditor    Baker Hughes Oilfield Operations LLC tmohan@foley.com,
               tim.mohan4@gmail.com
              Timothy C. Mohan    on behalf of Creditor    Baker Hughes Holdings, LLC FKA Baker Hughes, a GE
               Company LLC tmohan@foley.com,   tim.mohan4@gmail.com
              Timothy M. Swanson    on behalf of Creditor    Alabama Oil & Gas, LLC tim.swanson@moyewhite.com,
               audra.albright@moyewhite.com
              Timothy M. Swanson    on behalf of Creditor    Kudzu Oil Properties, LLC tim.swanson@moyewhite.com,
               audra.albright@moyewhite.com
              Timothy M. Swanson    on behalf of Creditor    Alabama Oil Company tim.swanson@moyewhite.com,
               audra.albright@moyewhite.com
```

```
District/off: 1082-1          User: admin                 Page 5 of 5            Date Rcvd: Jul 08, 2020
                              Form ID: pdf904             Total Noticed: 47


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
              Timothy M. Swanson    on behalf of Creditor    Kudzo Oil Properties, LLC tim.swanson@moyewhite.com,
               audra.albright@moyewhite.com
              Timothy M. Swanson    on behalf of Creditor    Apple River Investments, LLC
               tim.swanson@moyewhite.com, audra.albright@moyewhite.com
              Timothy Michael Riley    on behalf of Attorney    Hopping Green & Sams timothyr@hgslaw.com
              US Trustee    USTPRegion19.DV.ECF@usdoj.gov
                                                                                                TOTAL: 132
```

<b>UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF COLORADO</b>

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

<b><u>PROTECTIVE ORDER CONCERNING<br>CONFIDENTIALITY OF DOCUMENTS AND INFORMATION</u></b>

As requested by the Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco"), to facilitate and protect the interests of the Parties in the confidentiality of proprietary or other personally, commercially, or financially sensitive matters contained in certain documents to be produced pursuant to the Court's Order Granting Debtors' Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer ("CRO Order"), this Protective Order concerning the treatment of Confidential Information (as hereinafter defined) is issued pursuant to Federal Rule of Bankruptcy Procedure 7026, Federal Rule of Civil Procedure 26, and Local Bankruptcy Rule 7026-1(e), as follows:

The Court has considered the motion for entry of this Order and finds that good cause exists for the entry of this Order.

IT IS THEREFORE ORDERED that all persons receiving documents or information in this Case pursuant to the CRO Order, subsequent discovery during contested matters or Adversary Proceedings, or as may requested in the course of a duly authorized examination pursuant to Fed. R. Bank. P. 2004 to any other Party shall be bound by the terms of this Order.

1

IT IS FURTHER ORDERED that the documents and information produced pursuant to the CRO Order shall be subject to the following terms and conditions:

1. **_Purpose_**.  This Order is intended to expedite the flow of documents and information required to be produced by the CRO Order, subsequent discovery during contested matters or Adversary Proceedings, or as may requested in the course of a duly authorized examination pursuant to Fed. R. Bank. P. 2004 to any other Party and to facilitate the prompt resolution of disputes over confidentiality, and ensure that protection is afforded to material entitled to confidential treatment under the Court's inherent authority, its authority under Fed. R. Bankr. P. 7026, Fed. R. Civ. P. 26(c), and L.B.R. 7026-1(e).

2. **_Confidential Information_**.  "Confidential Information" includes any physical or electronic documents and the contents thereof, data, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the parties in the manner provided in paragraph 3 below, produced or disclosed in the Case by any Party (the "Producing Party") pursuant to the CRO Order, subsequent discovery during contested matters or Adversary Proceedings, or as may be requested in the course of a duly authorized examination pursuant to Fed. R. Bank. P. 2004 to any other Party (the "Receiving Party").  For avoidance of doubt, Confidential Information shall not include any documents or information previously uploaded into Debtors' "Data Room."

3. **_Designation of Confidential Information_**.  Any Party producing documents and information may obtain the protections of this Order by designating materials as "Confidential Information."  When a Party designates materials produced in the case as Confidential Information, that party is a "Designating Party."  This Order covers information that a Designating Party designates

as Confidential Information, which includes any information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that is produced pursuant to the CRO Order, subsequent discovery during any contested matters or Adversary Proceedings, or as may be requested in the course of a duly authorized examination pursuant to Fed. R. Bank. P. 2004 (individually and collectively referred to as this "litigation" or "case") subsequent to the date this Order is entered, or that was previously designated as "Confidential" and produced solely upon receipt of a signed Confidentiality Agreement.

    A.    ***Confidential***.  Information may be designated as Confidential when the Designating Party reasonably believes the information is confidential, commercially or personally sensitive information that, if disclosed to a third party, would expose to public view information and documents including, but not limited to, account information from banks or financial institutions, tax returns, financial information, information regarding assets and liabilities and or business agreements or plans not yet disclosed for public release.

    B.    ***Confidential – Attorneys' Eyes Only***.  Information may be designated as Confidential – Attorneys' Eyes Only when the Designating Party reasonably believes that the designated information is protected by a confidentiality or nondisclosure agreement with a third party that is not a Party to this Case.

4.    ***Procedure for Designation.***

    A.    ***Designation***.  To designate information as Confidential Information, a Designating Party must either mark the information or identify it on the record with respect to testimony elicited or given subsequent to entry of this Order as Confidential or Confidential – Attorneys' Eyes Only, or that was previously designated as "Confidential" and produced solely upon receipt of a signed Confidentiality Agreement. Either designation may be withdrawn.

  B. *Marking*.  All or any part of a document, tangible object, discovery response, or pleading that is disclosed, produced, or filed by a Producing Party may be designated as Confidential Information by marking the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") on the face of the document or TIFF and each page so designated.

  C. *Errors*.  If Confidential Information is inadvertently disclosed without the appropriate legend, the Designating Party may afterward assert a claim or designation of confidentiality, and promptly provide a replacement copy of the information containing the appropriate legend.  The Receiving Party then must immediately return the original information and all copies of the same to the Designating Party.

5. ***Who May Receive***.

  A. Information designated as Confidential may be disclosed only to and used only by:

   i. Parties entitled to receive documents and information pursuant to the CRO Order or other discovery propounded subsequent to the date this Order is entered, including agents and representatives of a Party whom the Party reasonably believes needs to access such information in connection with the evaluation of, or prosecution and/or defense of a claim, contested matter, or legal proceeding in this litigation;

   ii. The Court;

   iii. Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel;

   iv. Mediators;

   v. Parties' Counsel, including in-house counsel;

vi. The direct staff of ii-v above;

vii. Lay witnesses during examination and cross examination, and lay witnesses and potential lay witnesses who are reasonably believed to have previously seen or had access to or the authority to act upon the Confidential Information;

viii. Any expert or consultant, and his, her, or its staff hired by a Party for litigation purposes or for other purposes directly related to this litigation who agrees to be bound by this Order and executes a certification to be so bound in the form attached to this Order; and

ix. Any other person to whom the Designating Party, in writing, authorizes disclosure in advance of such disclosure.

B. Information designated as Confidential – Attorneys' Eyes Only may be disclosed only to and used only by:

i. The Court;

ii. Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel;

iii. Mediators;

iv. Parties' Counsel actively participating in the representation of the Party in these cases;

v. The direct staff of i-iv above;

vi. Any expert or consultant, and his, her, or its staff hired by a Party for litigation purposes who agrees to be bound by this Order and executes a certification to be so bound in the form attached to this Order; and

    vii. Any other person to whom the Designating Party, in writing, authorizes disclosure following notification of potential disclosure to a third party not a Party to this litigation reasonably believed to be protected by a confidentiality or nondisclosure agreement.

6. ***How***.

  A. ***Filings***.  To the extent documents containing Confidential Information are filed in this or any other court, or the substance of confidential documents is revealed in papers filed in this or any other court, or in the transcript of any proceedings, those documents, materials, or transcripts shall be filed *in camera* in an envelope marked "CONFIDENTIAL" or filed under seal in accordance with the CM/ECF requirements, and this Order serves as a temporary sealing order, sealing such Confidential Information without the need for a separate motion or order.  The temporary sealing order provided for under this paragraph will expire thirty days following the filing of the Confidential Information unless the Designating Party moves for an order permanently sealing such material prior to the expiration of such thirty day period and thereafter complies with the permanent sealing requirements of the Federal Rules of Civil Procedure.  The Party filing "CONFIDENTIAL" materials in camera or under seal shall include the Bates numbers of the specific documents used in the pleading filed and served to ensure the other Parties will know which "CONFIDENTIAL" materials are being filed in camera.  Any pleading or attachment filed in camera shall be served on Counsel by email.

  B. ***Hearings***.  In the event that a Receiving Party intends to use Confidential Information during a hearing in any contested matter, adversary proceeding or other litigation, that Receiving Party shall use reasonable efforts to provide notice to the Producing Party and the

Court at least one (1) week prior to using Confidential Information during the hearing and the Designating Party can take the steps it deems necessary at that time.

C. **Subpoenas**. If Confidential Information is subpoenaed outside these cases from a Party, the Party must (1) notify the Producing and/or Designating Party in writing within five (5) days of its receipt that the subpoena potentially covers Confidential Information and advise the Producing and/or Designating Party of the response time for the subpoena, and (2) notify the subpoenaing court, person, or entity of the existence of this Order and that the information demanded has potentially been identified as Confidential Information pursuant to this Court Order. The responsibility for any attempt to prevent the disclosure or production of such information shall thereafter rest exclusively with the Producing and/or Designating Party.

7. **Use of Confidential Information.** All Confidential Information provided by a Party in accordance with the CRO Order, a discovery request, or transcribed testimony, shall be subject to the following restrictions:

A. It shall be used only for the purpose of litigation in these Cases and matters directly related to this litigation, and not for any unrelated purpose; and

B. It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of these Cases and unless an affidavit in the form of Exhibit A has been signed any such recipient other than: i) the Court; ii) Court reporters (including audio and video); iii) Mediators; iv) and the direct staff of counsel for parties who are working directly on these Cases.

8. **Challenges to Designation of Confidential Information**. Notwithstanding any provision herein, any Party may object to the designation of material as Confidential Information (the "Objecting Party") by serving a written objection upon the Designating Party. The Designating Party

7

shall thereafter, within one (1) week, respond to the objection in writing by either: (a) agreeing to remove the designation or (b) stating the reasons for the designation. If the Objecting Party and the Designating Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Designating Party must, within fourteen (14) calendar days following the date of the Parties' conferral regarding the material's designation as Confidential Information, move the Court for an order permitting the designation as to the specific designations on which the Parties could not agree. The burden of proof is on the Designating Party to support its designation. The fact of designation constitutes no evidence that the designation is proper. Counsel shall agree to reasonable requested extensions of the time periods set forth in this paragraph, if reasonably necessary. If the Designating Party timely files a motion to maintain the designation, the information at issue shall continue to be treated in the manner as designated by the Designating Party until the Court orders otherwise.

9. **Return**. Within sixty (60) days of the final termination of these Cases, or any appeal arising therefrom, any Party, and its employees, consultants and experts must destroy or return all originals and/or copies of documents with Confidential Information, provided however, that no Party, its counsel, employees, consultants, or experts shall be required to destroy or return court-filed documents or that Party's privileged communications and work product. At the written request of the Producing Party, any person or entity with a duty to destroy or return Confidential Information in accordance with this Paragraph 9, that has custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated

8

above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Order. This Order survives the termination of the Cases.

10. **_Certain Exceptions_**. Nothing in this Order shall be interpreted to prevent or otherwise interfere with the use or dissemination of Confidential Information by the Producing Party of the information for purposes other than these Cases. Further, any information that would be considered Confidential Information according to the above provisions of this Order shall not be so considered in the possession of any Party who obtained the information by lawful means other than production by the Producing Party, absent a designation of such material as Confidential Information by the Party obtaining lawful possession of such information by means other than production by the Producing Party.

DATED this 8th day of July, 2020

BY THE COURT:

_Elizabeth E. Brown_
Elizabeth E. Brown, Bankruptcy

**EXHIBIT A**
**AFFIDAVIT**

STATE OF _____ )
                                                          )ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

      1.    I have read the Protective Order in *In re Sklar Exploration Company, LLC, et al.*, Case No. 20-12377-EEB.

      2.    I have been informed by _____, counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

      3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation and matters directly related to this litigation and will not use the Confidential Information for any unrelated purpose.

      4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

      5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

_____
(Address)
_____

Telephone No.:
(\_\_\_\_\_)_____

10

   SUBSCRIBED AND SWORN to before me this _____ day of _____,
20__, by _____.

   WITNESS my hand and official seal.

_____
                  Notary Public

[S E A L]
             My Commission Expires:
_____