# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br><br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br><br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11<br><br>**Jointly Administered Under<br>Case No. 20-12377 EEB** |

## ORDER AND NOTICE OF NON-EVIDENTIARY HEARING

**IT IS HEREBY ORDERED** that a non-evidentiary hearing on the Debtors' Application For Order Appointing Epiq Corporate Restructuring, LLC as Claims, Noticing, Solicitation, and Administrative Agent (the "Application") is set for a non-evidentiary telephonic hearing on **Friday, July 17, 2020, at 10:00 a.m.** in the United States Bankruptcy Court for the District of Colorado.

Parties shall appear telephonically by calling the Court prior to the hearing at 1-888-684-8852.  The meeting access code is **345 4024** followed by the # sign.  Please state your name clearly.  Please stay on the line until the court operator takes the roll call and the hearing begins. **The Court will not contact parties by telephone.  If a party has not called in to the conference line or is not present in court, it will be deemed a failure to appear, and be subject to imposition of sanctions as appropriate.**

A representative of Epiq should be in attendance at the hearing.  Debtors should be prepared to address the following items:

- The Court is concerned that consultants with Epiq could be charging the estate up to $195/hour without the oversight of the fee application process.

- The Court sees no reason to provide Epiq with any indemnification rights as set forth in paragraph 7 of the Engagement Agreement.

- There is an inconsistency between paragraph 11.3 of the Engagement Agreement, which provides for application of New York law and for binding arbitration, and paragraph 20 of the proposed order that gives this Court exclusive jurisdiction over disputes relating to Epiq's engagement.

- Paragraph (m) of the Application indicates that Epiq will be responsible for "relocating, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Epiq, not less than weekly," but nothing in the proposed order specifies that Epiq will pay for these services or that Epiq will make the necessary arrangements with Court staff for the relocation of court-filed proofs of claim.

DATED this 14th day of July, 2020.

BY THE COURT:

*Elizabeth E. Brown*

Elizabeth E. Brown, Bankruptcy Judge