## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11 |
| | **Joint Administered Under<br>Case No. 20-12377 EEB** |

## OBJECTION AND RESERVATION OF RIGHTS OF
## JF HOWELL INTERESTS, LP TO THE DEBTORS' 1) MOTION PURSUANT TO 11
## U.S.C SECTION 1121 FOR AN ORDER EXTENDING THE EXCLUSIVITY PERIODS
## FOR FILING AND GAINING ACCEPTANCE OF A PLAN OF REORGANIZATION
## AND 2) MOTION TO EXTEND TIME TO ASSUME OR REJECT NONRESIDENTIAL
## REAL PROPERTY LEASES PURSUANT TO 11 U.S.C SECTION 365(d)(4) AND
## REQUEST FOR NON-EVIDENTIARY HEARING

**NOW INTO COURT**, through undersigned counsel, comes JF Howell Interests, LP

("Howell Interests"), a creditor and party in interest, which makes this objection to the following

motions filed by Debtors Sklar Exploration Company, LLC ( "Sklar Exploration" or "SEC") and

Sklarco, LLC ("Sklarco") (jointly "Debtors") and requests that the Court set a non-evidentiary

hearing date on which to receive further explanation regarding the effect of further delay on the

producing assets owned by the working interest owners, including JF Howell Interest, LP and

Sklarco:

- 1 -

1. Motion Pursuant To 11 U.S.C Section 1121 For An Order Extending The Exclusivity Periods For Filing And Gaining Acceptance Of A Plan Of Reorganization (Doc#: 453) ("Exclusivity Motion"); and

2. Motion To Extend Time To Assume Or Reject Nonresidential Real Property Leases Pursuant To 11 U.S.C Section 365(d)(4) (Doc#:456) ("Rejection Motion").

## SUMMARY OF OBJECTIONS

As undersigned counsel has repeatedly represented to the Court, Howell Interests is concerned with the protection, preservation, and prudent operation of the various wells and units operated by SEC, especially those in Alabama which comprise the great bulk of the producing assets that have any significant value. While Howell Interests is concerned about the cash call advances that it made to SEC that SEC illegitimately spent, those amounts pale in comparison to the loss that Howell Interests (and the other working interest owners, including Sklarco) will suffer if through neglect, delay, or inaction SEC causes irreparable damage to the producing wells and their productive reservoirs.

As set forth below, Howell Interests is very concerned with the lack of information provided by the Debtors in the Exclusivity Motion and the Rejection Motion as to the CRO's and SEC's intended actions, if the extensions are allowed, on the preservation and protection and operation of the underlying producing assets. None of the allegations and assertions in the two subject motions address what effect the delay will have on the underlying assets and specifically if SEC and the CRO have specific information and actions planned during the extensions to address the concerns of Howell Interests, and indeed the other working interest owners. As the Court has heard, the producing assets will not only diminish but could be lost entirely to the massive detriment of all working interest owners, including Howell Interests if Debtors simply fail to focus on proper, prudent operations. Howell Interests and the other working interest

owners deserve to hear from the CRO and the Debtors what specific actions will be taken if the extensions are granted to ensure that the delay does not result in harm to the assets and the concomitant financial loss to the working interest owners.  Since the Debtors have not articulated those planned actions, a non-evidentiary hearing to hear from both the CRO and the technical staff of SEC is not only relevant and material to the Court's consideration of the subject motions but indeed crucial.  Suffice it to say that unless the CRO and SEC properly maintain, preserve, and operate the properties on which they have expressly relied as the predicate for any upcoming plan of reorganization the Debtors have little or no hope of reorganizing and paying all creditors.

## BACKGROUND

1.      Debtor, Sklar Exploration Company, LLC and Howell Interests are parties to various operating agreements in which Sklar Exploration serves as  the operator of oil and gas properties while Howell Interests and others hold working interest ownership (collectively, the "Owners") in those properties. A list of the various Participation Agreements and Joint Operating Agreements to which Howell Interests and Sklar Exploration are parties is set forth on the Exhibit "A" attached hereto.[1]

2.      Pursuant to and in accordance with these agreements, Sklar Exploration has made "cash calls" to Howell Interests pertaining to a certain property or certain operations from time to time to advance funds for specific purposes stated in the cash call (collectively, the "Cash Call Advances"). Under the agreements, the Owners must advance funds to Sklar Exploration to satisfy the Cash Call Advances or risk being deemed "non-consent" and subject to strict penalties, including, but not limited to, forfeiture of all or a part of their ownership interest.

---

[1] For convenience, the agreements listed on the Exhibit "A" are numbered to correspond to the number assigned to those contracts on the Schedule G filed by Debtors [Doc.#106].  Howell Interests reserves the right to supplement the list of agreements to which it and Sklar Exploration are parties through appropriate discovery.

However, under the terms of the agreements, the funds advanced by the Owners are held by Sklar Exploration to be used only for the specific purposes stated in the cash call.

3.      Sklar Exploration is responsible, subject to the decisions of the working interest owners under the JOAs, to operate the various wells and units.  Among the various wells and units as the SE and SW Brooklyn Oil units, which are waterflood injection, secondary recovery production units producing from a subsurface formation known as the "Upper Smackover" as described below.

4.      In 2018, SEC and Pruet Production Co. ("Pruet") requested that the Alabama Oil and Gas Board ("AOGB") approve a partial unitization of the Brooklyn Field in Conecuh and Escambia Counties, Alabama and requested four (4) separate units, with two to be operated by Pruet (the NW and NE Brooklyn Oil Units) and with two to be operated by SEC (the SW and SE Brooklyn Oil Units).

5.      Following an evidentiary hearing, by Order No. 2018-34, dated September 24, 2018, the AOGB granted the unitization requests of Sklar and Pruet. In part, the AOGB found: "… the evidence shows that there is need for the Brooklyn Field to be unitized. An enhanced recovery program of water injection should be implemented expeditiously in order to ensure the continuation of orderly and proper development, to protect correlative rights of mineral interest owners, and to prevent waste." (Emphasis added).  Significantly, Sklar Exploration's expert witness testified that a delay in implementing the waterflood recovery program could result in the irreparable loss of recoverable oil.

6.      During the hearings, Mr. Ken Hanby, an expert engineer for SEC, testified as follows (Transcript dated September 12, 2018, Pages 10-11):

Q. Is the Brooklyn Field a depletion drive reservoir or a water drive?

A. It is a depletion drive reservoir.

Q. And so does that mean that as oil is produced, the natural pressure declines?

A. Yes.

Q. And as that pressure declines, does it make the effectiveness of secondary recovery operations less successful the more there is a decline?

A. Yes, it does. The ideal time is to start injection before you reach the bubble point. And, of course, we are -- in most of the Brooklyn, we are below the bubble point or right at the bubble point.

**Q. Okay. So a delay in commencing secondary recovery threatens to reduce the ultimate recovery of oil; is that correct?**

**A. Yes. That's the result of delaying**.

(Emphasis added.)

7.   SEC's expert testimony was that the injection of water into the SEC Operated Brooklyn Units would be between 1,000 and 3,000 barrels of water per day and that those volumes were necessary to the maximum efficient recovery of the formation oil.   However, SEC's water injection efforts have resulted in much smaller volumes of water being injected into the formation.

8.   Pruet, the operator of the northern units is continuing to operate and conduct waterflood operations on the northern Brooklyn Oil Units.

9.     At a Zoom conference held on Thursday, July 16, 2020, SEC presented its past efforts on operating the SEC Operated Brooklyn Units and then opened the floor for questions. Pruet, and others, expressed significant concern that SEC's water injection program has been completely unsuccessful and that the reservoir pressures indicate potential loss of recoverable

reserves.  When SEC disagreed with Pruet, undersigned counsel asked for specific plans by SEC for the SEC Operated Brooklyn Units through the end of 2020 but neither SEC nor the CRO could articulate any specific actions.  Given the history with SEC and Sklarco to date, Howell Interests, simply can no longer accept general "just trust me" responses from the Debtors.  The stakes are simply too high.

10.     If the Debtors are concerned with the long term protection, preservation and optimization of the producing assets, especially given the additional delays requested in the Exclusivity Motion and Rejection Motion, the Debtors need to articulate to the Court and the working interest owners what specific actions they recommend to address the reservoir concerns expressed by the working interest owners and what specific actions SEC will take, and at whose cost, to protect against the irreversible loss and damage to the SEC Operated Brooklyn Units-and possibly others such as the Fishpond Unit.

## **OBJECTION**

1.     Howell Interests objects to the Exclusivity Motion on the basis that at least some of the producing assets operated by SEC under the JOAs, including the SE and SW Brooklyn Oil Units, will be put at significant risk of irreversible loss of recoverable hydrocarbons and migration and resulting loss of those hydrocarbons unless SEC can articulate specific actions that it plans with regard to those assets during the extended period.   However, without addressing specifically what the Debtors, especially SEC plans to do to preserve the assets for the working interest owners whose interests could be adversely affected by further delay, additional delay as requested by the Exclusivity Motion puts the underlying assets of the working interest owners, including Sklarco, at substantial risk.

2.      Similarly, Howell Interests objects to the Rejection Motion on similar grounds. The JOAs, not just the nonresidential oil and gas leases, are executory contracts. The Rejection Motion specifically deals with the oil and gas leases but fails to even discuss SEC's intent to deal with the JOAs-the contract by which the owners of the oil and gas leases, the working interest owners, will be affected. It is essential that SEC, as the operator of the SEC Operated Brooklyn Units, accept (and cure) not only the oil and gas leases but also the JOAs pertaining thereto and that the Debtors address both the oil and gas leases and the JOAs. This is critically important to the working interest owners whose investments in the properties is threatened with significant or total loss of the assets while SEC decides what to do. The Bankruptcy Code gave Debtors a statutory timeframe within which to accept (and cure) or reject the executory contracts such as the oil and gas leases, and JOAs, but the Court should not grant any further extension of that deadline and thus create a non-sensical dichotomy between the oil and gas leases and the JOAs.

## RESERVATION OF RIGHTS

Howell Interests reserves the right to supplement or amend this Objection prior to or at any hearing.

## CONCLUSION

For the reasons set forth above, Howell Interests requests that the Court set a non-evidentiary hearing on this Objection and that in due course both the Exclusivity Motion and Rejection Motion be denied as filed.

Dated: July 16, 2020

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By:    /s/ David R. Taggart
        David R. Taggart (Texas Bar # 00793102)

401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Email: dtaggart@bradleyfirm.com

- -   **Attorneys for JF Howell Interests, LP**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed on Jul 16, 2020.  Notice

of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

        /s/ David R. Taggart
OF COUNSEL