UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|   Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
|   Debtor. ) | |

## **AMENDED** MOTION TO SET BAR DATE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM, MANNER AND NOTICE THEREOF

The Debtors and Debtors in Possession, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together "Debtors"), by and through their undersigned counsel, hereby files their Motion to Set Bar Date for Filing Proofs of Claim, and Approving the Form, Manner and Notice Thereof.  In support thereof, the Debtors respectfully state as follows:

1. The Debtors filed for relief under chapter 11 of the Bankruptcy Code on April 1, 2020.  The Debtors remain Debtors-in-Possession.

2. The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in SEC's case on April 16, 2020.

3. SEC is engaged in business as an independent exploration and production company in the oil and gas industry.  SEC is an operating company and does not own oil or gas properties.  SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama.  SEC's exploration and production activities are primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle.  SEC is also developing properties and opportunities in the western United States, although no oil or gas production has been produced from the wells in the western United States.

4. Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

5. The Debtors intend to file a Plan of Reorganization. In order to prepare for confirmation of a Plan of Reorganization, the Debtors must know with some certainty the nature and extent of the pre-Petition Date claims which will be asserted against the estate by creditors.

6. One or more creditors may have been scheduled by the Debtors as having claims which are disputed, contingent, or unliquidated, and one or more of these creditors may elect to file a proof of claim.

7. The Debtors request that the Court establish a bar date so that it can determine with some certainty the nature and extent of the pre-Petition Date claims which will be asserted against the estate by creditors and the extent of interests which individuals or entities may claim.

8. With respect to general unsecured claims, Bankruptcy Rule 3003(c)(3) provides that the court shall fix a bar date by which proofs of claim and/or interest must be filed.

9. Bankruptcy Rule 2002(a)(7) provides that notice of the time fixed for filing proofs of claim shall not be less than twenty-one (21) days.

10. The Debtors believe that providing creditors forty-five (45) days notification of a bar date for the filing of proofs of claim is appropriate.

11. In order to provide adequate notice to potentially affected parties, the Debtors propose to give notice substantially in the form of the notice attached hereto as Exhibit A (the "Notice") by United States first class mail to all pre-Petition Date creditors.

12. The Debtors submit that the Notice and proposed manner of service will provide affected parties with sufficient information to timely file proofs of claims or interests. The Notice will: (a) alert affected parties to the consequences of failing to act timely; and (b) specify the form to be used for filing the asserted claim.

**[remainder of page intentionally left blank]**

WHEREFORE, the Debtors respectfully request that the Court enter an Order, a proposed form attached hereto, (1) establishing a bar date for the filing of proofs of claim forty five (45) days from the date of any order entered approving this application; (2) authorizing the Debtors to provide notice of the Court's bar date in the form attached hereto as Exhibit A to those pre-Petition Date creditors and interest holders presently known to the Debtors; and (3) for such further and additional relief as to the Court may appear proper.

DATED: July 17, 2020    Respectfully submitted,

By:    */s/ Keri L. Riley*
      Lee M. Kutner, #10966
      Keri L. Riley, #47605
      **KUTNER BRINEN, P.C.**
      1660 Lincoln Street, Suite 1850
      Denver, CO 80264
      Telephone: (303) 832-2400
      Telecopy: (303) 832-1510
      E-mail: lmk@kutnerlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|    Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
|    Debtor. ) | |

**NOTICE OF ORDER ESTABLISHING PROCEDURES AND
BAR DATE FOR THE FILING OF PROOFS OF CLAIM
PURSUANT TO FED. R. BANKR. P. 3003(c)(3)**

TO INDIVIDUALS AND ENTITIES WHO MAY BE CREDITORS OF DEBTORS:

Please take notice that the bankruptcy court has entered an order establishing procedures and a bar date for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3) as follows:

(a) All proofs of claim must be filed with Epiq Corporate Restructuring, LLC ("Claims Agent") by e-filing, by mail, or in person, such that they are received no later than \_\_\_\_\_ \_\_\_, **2020 (the "Bar Date")**, at the following address:

   **If by First-Class Mail:**

   Sklar Exploration Company, LLC
   Claims Processing Center
   c/o Epiq Corporate Restructuring, LLC
   P.O. Box 4421
   Beaverton, OR 97076-4421

   **If by Hand Delivery or Overnight Mail:**

   Sklar Exploration Company, LLC
   Claims Processing Center
   c/o Epiq Corporate Restructuring, LLC
   10300 SW Allen Blvd.
   Beaverton, OR 97005

   **By e-filing at:** https://epiqworkflow.com/cases/SKR

**CLAIMS ARE NOT DEEMED FILED UNTIL ACTUALLY RECEIVED BY THE CLAIMS AGENT.**

(b) **ANY CLAIMS FILED AFTER THE BAR DATE WILL BE DISALLOWED.** Any individual or entity that is required to file a proof of claim by the Bar Date and that fails to do so will not be treated as a creditor for the purposes of voting or distribution, may not receive any further notices of mailings in this chapter 11 case and any claim of such individual or entity will be forever barred.

(c) Any creditor holding a claim arising prior to date of debtors' chapter 11 bankruptcy filings, **April 1, 2020**, must file a proof of claim with the court if the claim is: (i) not scheduled, (ii) scheduled as disputed, contingent, or unliquidated, or (iii) if such creditor disagrees with the amount of the scheduled claim.

(d) Following the Bar Date, a creditor will not be allowed to amend a claim deemed filed on its behalf pursuant to 11 U.S.C. § 1111(a) by virtue of the listing of such claim by debtors in their respective bankruptcy schedules.

(e) In order to assist in the review and reconciliation of proofs of claim, claims should include copies of any invoices, statements or other documents which evidence or support the amount and basis of the claim.

(f) CLAIMANTS WHO HAVE ALREADY FILED THEIR PROOFS OF CLAIM SHOULD NOT FILE A DUPLICATE CLAIM. Claimants who have filed a Proof of Claim MAY file an amended Proof of Claim by the Bar Date.

**ANY CLAIM NOT TIMELY FILED WITH THE CLAIMS AGENT WITHIN THE TIME SET FORTH ABOVE WILL BE FOREVER BARRED FROM SHARING IN THE ESTATE OR BEING TREATED AS A CLAIM FOR PURPOSES OF VOTING OR DISTRIBUTION.** [1]

DATED: July 17, 2020

Respectfully submitted,

By: ___/s/ Keri L. Riley___
Lee M. Kutner, #10966
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
E-mail: klr@kutnerlaw.com

---

1 Subject to 11 U.S.C. § 726(a)(1) in the event of conversion.