UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | |
| ) | Chapter 11 |
| Debtor. ) | |

### ORDER APPOINTING EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS, NOTICING, SOLICITATION, AND ADMINISTRATIVE AGENT
**(Relates to Doc. No. 474)**

THIS MATTER, having come before the Court on the (the "Application")[1] of the Debtors for entry of an order (this "Order") authorizing the Debtors to employ and retain Epiq Corporate Restructuring, LLC ("Epiq") as claims, noticing, and solicitation agent ("Claims and Administrative Agent"), notice not having been required, this Court having review the Application and determining that just cause exists for granting the relief requested herein,

It is hereby **ORDERED THAT**:

1. The Application is APPROVED.

2. The Debtors are authorized to retain Epiq, as claims, noticing, solicitation, and administrative agent under the terms of the Engagement Agreement attached to the Application as Exhibit A, and Epiq is authorized and directed to perform all tasks described in the Application and the Engagement Agreement, except as otherwise provided in this Order. If Epiq is unclear as to the application of any rule, it is to seek guidance from the Clerk.

3. Epiq shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim (if any) filed in the Chapter 11 Cases and is authorized

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

1

and directed to maintain an official claims register for the Debtors and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. <u>Epiq shall contact the clerk of court on a bi-weekly basis prior to any claims bar date set by the Court, and weekly thereafter to arrange for the relocation of all court-filed proofs of claims in a reasonable manner, including by messenger or overnight delivery as appropriate. Epiq shall pay all costs of relocating the court-filed claims.</u>

5. Epiq shall periodically file with the Court a notice with the list of claims that have been filed with Epiq.

6. Epiq is authorized and directed to provide an electronic interface for filing of proofs of claim and to obtain a post office box or address for the receipt of proofs of claim. Epiq shall provide access to the claims register, including complete proofs of claim with attachments, if any, without charge.

7. All transfers of claims shall be filed with the Court; Epiq shall record all transfers of claims and provide notices of such transfers as required by Bankruptcy Rule 3001(e).

8. Epiq shall maintain the consolidated creditor matrix on behalf of the Debtors. Any claims bar date notice must be approved by the Court prior to be served by Epiq. Epiq is authorized to serve any other document as requested by the Clerk's office, the U.S. Trustee, the Debtors, any official committee or as otherwise ordered by the Court.

9. Epiq is authorized to take such other action to comply with all duties set forth in the Application.

10. <u>To the extent any consultants, directors, or vice presidents are providing services to the Debtors, such fees are subject to allowance or review by the Court in accordance with 11 U.S.C. §§ 330 and 331 upon filing of interim and final fee applications.</u>

11. <u>Subject to paragraph 10 above, Epiq's other</u> undisputed fees and expenses shall be treated as an administrative expense of the Debtors' estates without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, and shall be paid by the Debtors in accordance with the terms of the Engagement Agreement upon receipt of each Epiq invoice by the Debtors, unless Epiq is advised, within ten days of receipt of the invoice, that the Debtors and CRO, the U.S. Trustee, counsel for the Debtors, counsel for the Committee, if any, or any party in interest who specifically requests service of the monthly invoices, objects to the invoice, in which case the parties shall meet and confer in an attempt to resolve any dispute. The parties may seek

<u>resolution of the matter from the Court if resolution is not achieved, including, as necessary, filing an application for allowance of the disputed expenses as an administrative expense</u>. In the event of a disputed invoice, the Debtors shall remit to Epiq only the undisputed portion of the invoice and, if applicable, shall pay the remainder to Epiq upon the resolution of the disputed portion.

12. Epiq shall maintain records of all services showing dates of any services rendered pursuant to the Engagement Agreement, categories of services, fees charged, and expenses incurred, and shall serve electronically monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors, and any party in interest who specifically requests service of the monthly invoices.

13. Epiq shall not be entitled to contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the contribution, or reimbursement therefor are approved by the Court after notice and a hearing.

14. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from Epiq's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any); (b) for a contractual dispute in which the Debtors allege the breach of Epiq's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

15. In the event Epiq is unable to provide the services set out in this order, Epiq will immediately notify the Clerk and the Debtors' attorney and, upon approval of the Court, cause to have all proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' attorney.

16. Notwithstanding anything to the contrary in this Order, (i) any and all payments arising under, arising in connection with, or authorized to be made by this Order, or otherwise

3

relating to the relief requested in the Motion, shall be subject to, as applicable, any interim and final orders of this Court in these Chapter 11 Cases authorizing the Debtors' use of cash collateral (the "Cash Collateral") and the related, documentation, budgets and projections as approved by the lenders as part of the Debtors' use of Cash Collateral; and (ii) to the extent there is any inconsistency between the terms of any such Cash Collateral orders or the terms of the documentation, budgets and projections with respect thereto, on one hand, and this Order or any payment made or proposed to be made or any action taken or proposed to be taken hereunder, on the other hand, the terms of such Cash Collateral orders shall control. For the avoidance of doubt, no payment shall be authorized or made hereunder other than payments permitted to be made in accordance with the Budget (as defined in such Cash Collateral orders) subject only to Permitted Deviations (as defined in such Cash Collateral orders).

17. Epiq shall not cease providing claims processing services during these cases for any reason, including nonpayment, without prior order of the Court. If these cases convert to cases under chapter 7 of the Bankruptcy Code, Epiq shall cooperate with the Clerk to turn over to the Clerk or another agent any materials that the Clerk requests unless Epiq continues as claims and noticing agent following the conversion.

18. At least seven (7) days before entry of an order closing these Chapter 11 Cases, Epiq shall reconcile all proofs of claim with the Court, to ensure that all claims received by Epiq are accounted for on the Claims Register. Within fourteen (14) days after entry of an order dismissing these Chapter 11 Cases or thirty (30) days after entry of an order closing these Chapter 11 Cases, Epiq shall: (a) forward to the Clerk an electronic version of all imaged claims; (b) upload the creditor matrix mailing list into CM/ECF; and (c) docket a final Claims Register in the lead case. Further, Epiq shall box and transport all original claims to the National Archives at Denver 17101 Huron Street, Broomfield, Colorado 80023 and docket a complete SF-135 Form indicating the accession and location numbers of the archived claims.

19. The Debtors and Epiq are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

20. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

21. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order shall govern.

22. <u>Notwithstanding anything in the Engagement Agreement to the contrary, the Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order as well as any controversy or claim arising from or related to the services provided under the Engagement Agreement during the term of the Debtors' Bankruptcy Cases. Upon conclusion of the Debtors' Bankruptcy Cases, Section 11.3 of the Engagement Agreement shall control the resolution of any claim or controversy arising under the Engagement Agreement.</u>

DATED this 17th day of July, 2020

BY THE COURT:

*Elizabeth E. Brown*
_____
Elizabeth E. Brown, Bankruptcy