| Fill in this information to identify your case |
|---|

**UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO**

| | | Jointly Administered | |
|---|---|---|---|
| Debtor 1: | Sklar Exploration Company, LLC | Under Case #: | 20-12377-EEB |
| Debtor 2: | Sklarco, LLC | Chapter: | 11 |

## Local Bankruptcy Form 2016-1.1
## Cover Sheet for Application for Professional Compensation

**Complete applicable sections and check applicable boxes.**

| | |
|---|---|
| Name of applicant: | Munsch Hardt Kopf & Harr, P.C. |
| Authorized to provide professional services to: | The Official Committee of Unsecured Creditors of Sklar Exploration Company, LLC |
| Date of order authorizing employment: | April 24, 2020 *Nunc pro tunc* to April 16, 2020 |
| Periods for which compensation is sought: | April 16, 2020 through July 31, 2020 |
| Amount of fees sought: | $306,891.50 |
| Amount of expense reimbursement sought: | $366.66 |

This is a(n):

| | |
|---|---|
| ☒ | Interim Application |
| ☐ | Final Application |

If this is <u>not</u> the first application filed herein by this professional, disclose all prior fee applications:

| Date filed | Period covered | | Total requested fees & expenses | Total allowed |
|---|---|---|---|---|
| N/A | | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is $209,706.40 in accordance with the *Order Approving Interim Advance Payment Procedures* [Dkt. No. 322]**.**

4821-2906-7208v.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SKLAR EXPLORATION | § | Case No. 20-12377-EEB |
| COMPANY, LLC, *et al.*[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

### SUMMARY OF FIRST INTERIM FEE APPLICATION OF
### MUNSCH HARDT KOPF & HARR, P.C. FOR ALLOWANCE OF
### COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
### FROM APRIL 16, 2020 THROUGH JULY 31, 2020

| Name of Applicant: | Munsch Hardt Kopf & Harr, P.C. | |
|---|---|---|
| Applicant's Role in Case: | Counsel to the Official Committee of Unsecured Creditors of Sklar Exploration Company, LLC | |
| Date Order of Employment Signed: | April 24, 2020 [Dkt. No. 172] | |
| | Beginning of Period | End of Period |
| Time period covered by this Application: | April 16, 2020 | July 31, 2020 |
| Time period(s) covered by prior Applications: | N/A | N/A |

| Summary of Total Fees and Expenses Requested | |
|---|---|
| Total amounts awarded in all prior Applications: | $0.00 |
| Total fees and expenses requested in this Application: | $307,258.16 |
| Total professional fees requested in this Application: | $306,891.50 |
| Total actual professional hours covered by this Application: | 781.80[2] |
| Blended hourly rate for professionals: | $392.54 |
| Total paraprofessional fees requested in this Application: | $112.00 |
| Total actual paraprofessional hours covered by this Application: | 0.4 |
| Average hourly rate for paraprofessionals: | $280.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930), and Sklarco, LLC (5432).

[2] Includes 6.90 hours of "no charge" time for which Applicant is not seeking compensation.

| | |
|---|---|
| Reimbursable expenses sought in this application: | $366.66 |
| Total to be Paid to Priority Unsecured Creditors: | To be determined |
| Anticipated % Dividend to Priority Unsecured Creditors: | To be determined |
| Total to be Paid to General Unsecured Creditors: | To be determined |
| Anticipated % Dividend to General Unsecured Creditors: | To be determined |
| Date of Confirmation Hearing: | To be determined |
| Indicate whether plan has been confirmed: | No |
| Compensation sought in this application already paid and pursuant to a monthly compensation order but not yet allowed: | $209,706.40 |
| Number of professionals included in this application: | 8 |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period: | 2 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application. | No |

4831-5827-8088v.9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SKLAR EXPLORATION | § | Case No. 20-12377-EEB |
| COMPANY, LLC, *et al.*[3] | § | |
| | § | (Jointly Administered) |
| | § | |
| Debtors. | | |

**FIRST INTERIM FEE APPLICATION OF MUNSCH HARDT KOPF & HARR P.C.,**
**AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM APRIL 16, 2020 THROUGH JULY 31, 2020**

Munsch Hardt Kopf & Harr, PC ("MHKH" or "Applicant"), counsel for the Official Committee of Unsecured Creditors (the "Committee") of Sklar Exploration Company, LLC, ("SEC"), appointed in the above-captioned, jointly-administered bankruptcy cases (the "Cases"), of SEC and Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors"), files this *First Interim Fee Application of Munsch Hardt Kopf & Harr P.C., as Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period From April 16, 2020 Through July 31, 2020* (this "Fee Application"), seeking this Court's allowance – on an interim basis – of compensation for professional services provided in the amount of $306,891.50,[4] and reimbursement of actual and necessary out of pocket expenses in the amount of $366.66, for a total interim allowance pursuant to this application of $307,258.16, corresponding to the period beginning April 16, 2020 through July 31, 2020 (the "Application Period"). In support of this interim Fee Application, MHKH respectfully submits the following:

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930), and Sklarco, LLC (5432).
[4] This figure does not include amounts reflected in Applicant's invoices as "no charge" services, totaling $3,707.00 in value, which MHKH provided to the estates on a complimentary basis and is voluntarily writing off.

3

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over these Cases and this Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. This Fee Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and the Fee Application in this District is appropriate under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested in the Fee Application are sections 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), as well as Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Bankruptcy Local Rules for the District of Colorado (the "Local Rules").

## BACKGROUND

3.      On April 1, 2020, each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court, and by order of this Court, their corresponding bankruptcy Cases are jointly administered under Chapter 11 Case No. 20-12377. [Dkt. No. 8].

4.      No trustee or examiner has been appointed in the Cases, and the Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On May 21, 2020 Debtors filed their *Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer Effective as of May 21, 2020* [Dkt. No. 341], which this Court granted on June 15, 2020, appointing James Katchadurian and CR3 Partners ("CR3") as chief restructuring officer ("CRO").

5.      On April 16, 2020, the Office of the United States Trustee for the District of Colorado appointed the Committee [Dkt. No. 99].

6.     On April 22, 2020, the Committee filed its *Application For an Order Authorizing the Retention and Employment of Munsch Hardt Kopf & Harr, P.C. as Counsel for The Committee of Unsecured Creditors Nunc Pro Tunc to April 16, 2020* [Dkt. No. 143], which the Court approved by its Order entered on April 24, 2020 [Dkt. No. 172].

7.     On May 18, 2020, this Court entered in the Cases its *Order Approving Interim Advance Payment Procedures* [Dkt. No. 322] (the "Interim Compensation Order").

8.     Pursuant to the Interim Compensation Order and corresponding procedures, MHKH has previously submitted four monthly fee statements (the "Monthly Statements") for services rendered and expenses incurred from April 16, 2020 through July 31, 2020, as follows:

| Period | Fees | 80% of Fees | Expenses | Agg. Monthly (80% Fees + Exp.) |
|---|---|---|---|---|
| 04/16/20 – 4/30/20 | $69,983.00 | $55,986.40 | $0 | $55,986.40 |
| 5/01/20 – 5/31/20 | $117,692.00 | $94,153.60 | $0 | $94,153.60 |
| 6/01/20 – 6/30/20 | $71,774.00 | $57,419.20 | $0 | $57,419.20 |
| 7/01/20 – 7/31/20 | $44,758.50 | $35,806.80 | $366.66 | $36,173.46 |
| **Total:** | **$304,207.50** | **$243,366.00** | **$366.66** | **$209,706.40[5]** |

9.     As of the date of this Fee Application, MHKH has not received any objections to its Monthly Statements, and has, accordingly been paid the foregoing, aggregate amount requested under its Monthly Statements and pursuant to the Interim Compensation Order.

10.    This Fee Application respectfully requests that the Court, on an interim basis: (a) approve and allow fees in the amount of $306,891.50 for services rendered by MHKH in these

---

[5] July's aggregate amount of $36,173.46 still remains unpaid as of this Fee Application, and is not reflected in the total aggregate amount.

Cases during the Application Period, as well as reimbursement of actual, out of pocket expenses paid by in the amount of $366.66 during such period; and (b) authorize the payment to MHKH the unpaid balance of $97,551.76 for such fees and costs incurred after deducting prior payments made by the Debtors to MHKH pursuant to the Monthly Statements and Interim Compensation Order. A summary of MHKH's Monthly Statements is attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes. True and correct copies of MHKH's monthly invoices are attached hereto as **Exhibit "B"**, and incorporated herein by reference for all purposes.

## **REQUEST FOR ALLOWANCE**

### A.      Evaluation Standards

11.      Pursuant to section 330 of the Bankruptcy Code, a bankruptcy court may allow reasonable compensation for actual, necessary services rendered by a professional in the case, determining the reasonableness of such compensation based upon the nature, extent and value of such services.  Additionally, a bankruptcy court may allow the reimbursement of actual, necessary expenses incurred by a professional in connection with the rendition of such services.  Specifically, section 330 provides in pertinent part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections . . . 328 . . . , the court may award to . . . a professional person employed under section 327 . . .
>
>> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses.
>
> . . .
>
> (3) In determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;

6

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(1), (3).

**B.     Application of Standards to MHKH's Request for Application Period Fees**

12.     MHKH requests the allowance for the Application Period of fees incurred in the amount of $306,891.50, plus out of pocket expenses paid in the amount of $366.66, of which unpaid balance of $97,551.76 remains outstanding (excluding amounts reflected in Applicant's invoices as "no charge" services, totaling $3,707.00 in value, which MHKH is voluntarily writing off and has provided to the estates free of charge).  Such fees are reasonable and supported under the factors set forth in Section 330(a)(3) as explained below:

***Time Spent on Services and Nature of Services Rendered***

13.     During the Application Period, MHKH expended a total of 781.80 hours in representation of the Committee, which MHKH has contemporaneously recorded under the following project billing categories:

| CODE | DESCRIPTION |
| --- | --- |
| B110 | Case Administration |
| B120 | Asset Analysis and Recovery |
| B130 | Asset Disposition |
| B150 | Meetings / Communications with Creditors |
| B155 | Meetings / Communications with Committee |
| B160 | Fee/Employment Applications |
| B170 | Fee/Employment Objections |

7

| CODE | DESCRIPTION |
|------|-------------|
| B185 | Assumption/Rejection of Leases and Contracts |
| B190 | Other Contested Matters |
| B210 | Business Operations |
| B230 | Financing/Cash Collateral |
| B310 | Claims Administration and Objections |
| B320 | Plan and Disclosure Statement |

14.    During the Application Period, MHKH rendered services to the Committee under the foregoing categories that were both necessary and beneficial to the estates. MHKH's professionals performed work and billed time for each category as discussed generally below and as set forth in further detail in Exhibit B.

**A.    Category B110 – Case Administration**

15.    This category includes time spent regarding routine, scheduling and other matters of Case Administration not falling into another category, such as, but not limited to, reviewing the Debtors' petition, statements of financial affairs and schedules, and the initial gear-up and correspondence with the Committee.

16.    These services were necessary and benefitted the Committee by enabling MHKH professionals to familiarize themselves with the Cases, to understand the Debtors' and estates circumstances and financial affairs, and enable MHKH professionals to efficiently coordinate its administration of the Cases.

17.    In connection with these services, MHKH professionals expended 37.80 hours during the Application Period, for which MHKH seeks compensation of $14,483.00.

**B.    Category B120 – Asset Analysis and Recovery**

18.    This category includes time spent identifying and reviewing potential assets, including causes of action, which involved reviewing and analyzing the Debtors' bank and loan documents, insurance policies, and lien documentation, as well as Applicants' investigations into

8

the Debtors' oil and gas leases and other assets disclosed through the Debtors' bankruptcy schedules and statements of financial affairs, as supplemented through various ordered and informal document production received from, among others, the Debtors and East West Bank ("EWB").

19.     This category also includes services related to investigating the estates' potential claims against their lender and insiders, research, investigation and evaluation of potential defenses, and negotiating requisite agreements and reservations preserving the estates' causes of action for the benefit of their creditors.

20.     MHKH's professionals specifically conducted extensive research, review, and analysis of EWB's lien documentation, along with perfection laws under the Uniform Commercial Code and other potentially applicable states' laws relating thereto. MHKH subsequently prepared and sent a detailed memo to EWB's counsel outlining its findings and potential lien imperfections on various properties, leading to productive discussions regarding same between the Committee and EWB counsel.

21.     All such services were necessary and benefitted the Committee and, by extension, the Debtors' estates by obtaining documents necessary to conduct lien analyses, verify existing insurance policies and coverage, and enable the Committee to better understand the extent and nature of the Debtors' and their estates' assets, and the potential sources for recovery by their creditors.

22.     In connection with these services, MHKH professionals expended 177.30 hours during the Application Period, for which MHKH seeks compensation of $72,004.50.

    **C.**     **Category B130 – Asset Disposition**

23.     The services rendered in this category primarily concern the correspondence with Paul Moss and a potential purchaser, along with review and analysis of the order regarding the unsolicited expression of interest from the Juneau Group.

24.     In connection with these services, MHKH professionals expended .2 hours during the Application Period, for which MHKH seeks compensation of $110.00.

    **D.**     **Category B150 – Meetings / Communications with Creditors**

25.     This category pertains to communications with various counsel for creditors, not including the Committee or its members, regarding status updates, continuation motions, various contested matters, objections and coordination, 341 meeting preparation and attendance, and coordinating and implementing the preparation of and plan for discovery.

26.     These services were necessary and benefitted the Committee and its constituents by fulfilling the Committee's statutory function of providing information of interest to creditors and their counsel, in order to promote disclosure and the ability of the estates' constituencies to make informed decisions regarding these Cases, and thereby allow the process to continually advance without unnecessary delays or costs.

27.     In connection with these services, MHKH professionals expended 49.00 hours during the Application Period, for which MHKH seeks compensation of $18,046.00.

    **E.**     **Category B155 – Meetings / Communications with Committee**

28.     This category primarily includes time spent communicating with the Committee, providing regular status updates, summaries of hearings and other significant happenings, and providing frequent updates on the Debtors' current operations, financial status, and the continued operational efforts.

29.     During the Application Period, Applicant represented and guided the Committee in order to resolve its governing documents organization and procedures, schedule, prepare and conduct periodic and special meetings via Zoom to discuss various case issues and formulate and resolve the Committee's positions and corresponding instructions regarding same, including but not limited to proposed budget, final cash collateral, litigation, lien analysis and well matters.

30.     These services were necessary and benefitted the Committee by keeping members updated on the case status and allow and facilitate the Committee's performance of its functions.

31.     In connection with these services, MHKH professionals expended 77.50 hours during the Application Period, for which MHKH seeks discounted compensation of $30,879.00.

**F.     Category B160 – Employment of Professionals and Fee Applications**

32.     This category primarily includes services related to reviewing, evaluating and analysis of the Debtors' motion for interim fee procedures, and the monthly statements from Debtors' professionals.  This category also includes services related to drafting the employment application and related declaration for MHKH as Committee counsel, reviewing, evaluating and resolving applications to engage other estate professionals, including CR3 as CRO, Berg Hill Greenleaf & Ruscitti, LLP ("Berg Hill") as special counsel, and Armbrecht Jackson, LLP ("Armbrecht") as oil and gas counsel. Moreover, MHKH professionals reviewed, prepared and circulated MHKH's Monthly Fee Statements in accordance with the Interim Compensation Order [Dkt. No. 322].

33.     These services were necessary and benefitted the Committee in that the Court's approval of the employment of estate professionals was essential to the administration of the Cases and the Committee's performance of its functions.  In addition, the estates benefitted from the review of and negotiations related to the applications to employ CR3, Berg Hill, and Armbrecht,

11

to ensure the underlying agreements and terms are appropriate, and from the administration of the Interim Compensation Order and monthly statements of professionals to promote administration and tracking of administrative expenses.

34.     In connection with these services, MHKH professionals expended 83.90 hours during the Application Period, for which MHKH seeks compensation of $29,439.00.

### G.     Category B170 – Fee / Employment Objections

35.     This category primarily includes services related to reviewing, evaluating and objecting to the Debtors' *Application to Employ Berg Hill Greenleaf & Ruscitti, LLP as Special Counsel* [Dkt. No. 10] ("Special Counsel Application"), and *Application to Employ Armbrecht Jackson, LLP as Oil and Gas Counsel Pursuant to 11 U.S.C. § 327(e)* [Dkt. No. 15] ("O&G Counsel Application"). MHKH's professionals engaged in extensive discussions and negotiations with Debtor's counsel regarding Special Counsel Application and O&G Counsel Application, as well as prepared for and attended the hearing regarding same.

36.     In connection with these services, MHKH professionals expended 19.40 hours during the Application Period, for which MHKH seeks compensation of $6,505.00

### H.     Category B185 – Assumption/Rejection of Leases and Contracts

37.     This category includes review and analysis of the Debtors' *Motion to Assume Crude Oil Supply Contracts with Plains Marketing, L.P., and Asset Transfer Agreement With Plains Gas Solution, LLC* [Dkt. No. 218] ("Crude Oil Contract"), whereby Debtors' sought an order authorizing the assumption of its crude oil supply contract with Plains Marketing and an asset transfer agreement with Plains Gas Solution, LLC regarding the plant in Conecuh County, Alabama.

38.     MHKH's professionals also spent time reviewing, analyzing, and objecting to *Strago Group's Motion for Order Directing Debtor Sklar Exploration Company, LLC to Assume or Reject Executory Contract* [Dkt. No. 204] ("Strago Group's Motion"), and its subsequent *Motion Seeking Expedited Consideration of the Strago Group's Motion for Order Directing Debtor Sklar Exploration Company, LLC to Assume or Reject Executory Contract* [Dkt. No. 205], whereby the Strago Group sought the Court to order SEC to assume or reject their joint operating agreement ("JOA"). MHKH prepared for an evidentiary hearing on the Strago Group's Motion, including preparation of a witness and exhibit list, and extensive talks with Strago Group's counsel.

39.     In connection with these services, MHKH professionals expended 22.10 hours during the Application Period, for which MHKH seeks compensation of $8,651.00.

## I.    Category B190 – Other Contested Matters

40.     Services rendered in this category by MHKH professionals include investigation and analysis of potential claims held by the Debtors' estates against their directors, officers and insiders, review and analysis of corresponding insurance policies potentially covering same, as well as the Debtors' operating agreements. In connection with these activities, MHKH professionals analyzed discovery obtained regarding same, in order to begin formulating and evaluating the estates' claims.

41.     This category also includes services related to reviewing, analyzing, and discussing Debtors' motion to set the claims bar date, corresponding with Debtors' counsel regarding the same, as well as reviewing and analyzing other miscellaneous contested matters and attending the hearings in order to ensure their proper disposition.

13

42.     MHKH's professionals also spent extensive time reviewing, analyzing, and objecting to the Tauber Group's *Motion to Appoint Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104 or in the Alternative to Convert to Chapter 7 Pursuant to 11 U.S.C. § 1112(b)* (the "Trustee Motion"). MHKH's professionals corresponded with counsel for EWB and the Debtor's regarding the Trustee Motion and a go forward plan.

43.     On May 29, 2020, the Committee filed its *Limited Objection and Reservation of Rights of The Official Committee of Unsecured Creditors to the Tauber Group's Motion to Appoint Chapter 11 Trustee, or in The alternative, Convert to Chapter 7* [Dkt. No. 359]. MHKH's professionals prepared for and attended the hearing on the Trustee Motion on June 11, 2020. Following the hearing, the Court entered a *Minute Order* holding the Trustee Motion in abeyance, and appointed Mr. James Katchadurian, with CR3, as CRO on June 15, 2020.

44.     Evaluating litigation claims asserted by and against the estates is plainly beneficial to the administration of the Cases as such services are necessary predicates to formulating appropriate prosecuting and responsive strategies directed to the resolution of such claims and causes of action. Moreover, having a CRO appointed in the case and not having the case run by a trustee or converted to chapter 7, helped provide a benefit to the estate and a more fruitful outcome for all creditors involved.

45.     In connection with these services, MHKH professionals expended 87.20 hours during the Application Period, for which MHKH seeks compensation of $30,439.00.

**J.      Category B210 – Business Operations and Employee Matters**

46.     This category includes Applicants' investigation of operations in the South East and South West Brooklyn Units, along with correspondence with the chief restructuring officer regarding unit operations and other secondary recovery information.

14

47.     In connection with these services, MHKH professionals expended 9.6 hours during the Application Period, for which MHKH seeks compensation of $5,280.00.

**K.      Category B230 - Financing / Cash Collateral**

48.     This category primarily includes services related to the Debtors' motions regarding the use of cash collateral.  Specifically, MHKH negotiated with Debtors and prepetition lenders regarding cash flow issues, the use of cash collateral, and the proposed cash collateral budget and forms of orders.  MHKH also reviewed the proposals for bifurcation of cash collateral issues, and corresponded with the Debtors regarding the same.  MHKH, after conference with the Committee, prepared objections and extensive revisions to the final Cash Collateral Order and worked extensively with Debtors' counsel and lenders' counsel in resolving consensual interim and final financing orders.

49.     On April 6, 2020, the Debtors filed their *Motion for Authorization to Use Cash Collateral* [Dkt. No. 34] (the "Cash Collateral Motion"). On April 9, 2020, this Court entered an order granting the Cash Collateral Motion on an interim basis [Dkt. No. 94] (the "First Interim Order"); On April 27, 2020, this Court entered an order granting the Cash Collateral Motion on a further basis [Dkt. No. 189] (the "Second Interim Order"); Lastly, on May 11, 2020, this Court entered an order granting the Cash Collateral Motion on a third interim basis [Dkt. No. 319] (the "Third Interim Order", collectively with the First Interim Order and the Second Interim Order, the "Interim Orders").

50.     On May 4, 2020, the Committee filed its *Limited Objection and Reservation of Rights of the Official Committee of Unsecured Creditors to the Debtors Motion for Authority to Use Cash Collateral and Related Payment Motions* [Dkt. No. 219].

51.     On May 5, 2020, Debtors filed their *Motion to Bifurcate Cash collateral Issues* [Dkt. No. 218] ("Bifurcation Motion"), and on May 8, 2020, MHKH attended the hearing on the Bifurcation Motion, following which the Court entered a Minute Order denying the Bifurcation Motion, and setting a video hearing on the Debtors use of cash collateral.

52.     On May 22, 2020, following the Committee's extensive negotiations with counsel for the Debtors and EWB, the Debtors' filed their *Motion for Approval of Final Cash Collateral Order* [Dkt. No. 350] ("Final Cash Collateral Motion"), which the Court granted on June 15, 2020, in its *Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection, and Providing Related Relief* [Dkt. No. 433].

53.     These services were necessary and benefitted the estates. The Committee's activities addressed and resolved problematic provisions of the proposed financing orders in order to preserve and maximize the estates' interests.  As a result, the Debtors, along with the Committee, were able to successfully negotiate and resolve post-petition financing on more favorable terms to the estates.

54.     In connection with these services, MHKH professionals expended 213.90 hours during the Application Period, for which MHKH seeks compensation of $88,966.00.

**L.     Category B310 – Claims Analysis/Objections**

55.     This category includes MHKH's review and analysis of *Premium Oilfield Services, LLC's Notice of Perfection of Liens Pursuant to 11 U.S.C. § 546(b)(2)* [Dkt No. 443], and issues relating to asserted liens and security interests, including but not limited to competing lien priorities and the effects of same.

56.     These services were beneficial to the estates in that the evaluation of secured claims asserted against the estates is critical to the maximization of the estates for the benefit of general unsecured creditors.

57.     In connection with these services, MHKH professionals expended 1.6 hours during the Application Period, for which MHKH seeks compensation of $824.00.

**M.     Category B320 – Plan and Disclosure Statement**

58.     This category includes correspondence with Debtors' counsel to initiate discussions regarding a proposed Chapter 11 plan, along with talks and negotiations regarding Debtors' *Motion Pursuant to 11 U.S.C. § 1121 for an Order Extending the Exclusivity Periods for Filing and Gaining Acceptance of a Plan of Reorganization* [Dkt. No. 453]. On July 27, 2020, the Court entered an *Order Extending the Exclusivity Periods for Filing and Gaining Acceptance of a Plan of Reorganization* [Dkt. No 500], extending the exclusive period in which the Debtors may file a Plan through and including November 25, 2020. Such efforts plainly were beneficial to the estates because on the strength of the Committee's and Debtors' negotiations and coordination, the exclusivity period was extended and talks of a jointly proposed chapter 11 plan have been continuing successfully.

59.     In connection with these services, MHKH professionals expended 2.30 hours during the Application Period, for which MHKH seeks compensation of $1,265.00.

60.     All of the foregoing professional services performed by MHKH were necessary and appropriate for the Committee to diligently fulfill its duties under the Bankruptcy Code. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were

17

performed with expedition and in an efficient manner, and without duplication of work performed by the Committee's other advisors.

61.     The professional services rendered by MHKH during the Statement Period required a high degree of professional competence and expertise so that the numerous bankruptcy, litigation, and other issues that arose during the Statement Period could be addressed with skill and efficiency. MHKH submits that the services rendered to the Committee were performed efficiently and effectively, and that the results obtained have provided tangible, identifiable, and material benefits to the Debtors' estates

62.     MHKH's representation of the Committee has required it to balance the need to provide quality services with the need to act quickly and to represent the Committee in an effective, efficient and timely manner. MHKH submits that the hours spent were reasonable given the size and complexity of these cases, the significant—and often times urgent—legal and business issues raised, and the numerous pleadings filed in these cases. All of the services performed were necessary to assist the Committee in fulfilling its statutory duties and proceeding through these chapter 11 cases in an expeditious and efficient manner.

63.     The rates charged by MHKH attorneys and paraprofessionals in these chapter 11 cases are the same rates charged by MHKH in connection with non-bankruptcy work. The professional fees sought herein are based upon MHKH's normal hourly rates for services of this kind. MHKH respectfully submits that the professional fees sought herein are not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and are commensurate with fees MHKH has been awarded in other cases, as well as with professional fees charged by other attorneys of comparable experience.

64.     MHKH submits that the fees and expenses for which it seeks compensation and reimbursement in this Application are not excessive and are commensurate with the rates awarded in similar cases in this district for similar services rendered and results obtained. The fees requested by MHKH are more fully described in the Monthly Fee Statements attached hereto as Exhibit B. After taking into consideration the time and labor spent thus far, and the nature and extent of the representation, MHKH believes the allowance prayed for herein is reasonable and should be approved.

65.     No prior application has been made in this or in any other Court for the relief requested herein for the Application Period.

## CONCLUSION

66.     Based upon the foregoing, MHKH submits that allowance of the Application Period fees and expenses, totaling $307,258.16, is reasonable and supported by all of the above-referenced standards for the allowance of fees and expenses. Accordingly, MHKH requests the final approval and allowance of such fees and expenses to be paid from the Estate. A proposed form of order is included herewith.

WHEREFORE, MHKH respectfully requests that the Court enter an order: (a) approving on an interim basis compensation for services rendered by MHKH during the Application Period in the total amount of $307,258.16, which amount consists of $306,891.50 in fees and expenses of $366.66; (b) authorizing the payment to MHKH the remaining unpaid balance of such fees and costs incurred in the amount of $97,551.76; and (c) providing MHKH such other and further relief as to which it has shown itself to be justly entitled.

4831-5827-8088v.9

RESPECTFULLY SUBMITTED this 21st day of August, 2020.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Christopher D. Johnson*

Christopher D. Johnson
Tex. Bar No. 24012913
John D. Cornwell
Tex. Bar No. 24050450
Grant M. Beiner
Tex. Bar No. 24116090
700 Milam Street, Suite 2700
Houston, Texas 77002
713-222-1470 (tel.)
713-222-1475 (fax)
cjohnson@munsch.com
jcornwell@munsch.com
gbeiner@munsch.com

***Counsel for the Official Committee
of Unsecured Creditors***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of August, 2020, I personally cause to be served a true and correct copy of the foregoing document, by filing same through the Court's CM/ECF system.

By: /s/ *Grant Beiner*

Grant Beiner

20

4831-5827-8088v.9