## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

### UNITED STATES TRUSTEE'S LIMITED OBJECTION TO KUTNER BRINEN P.C.'S FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF ATTORNEY FEES AND REIMBURSEMENT OF COSTS

Patrick S. Layng, the United States Trustee for Region 19 (the "UST"), through counsel, files this limited objection to the first Interim Application for Allowance and Payment of Attorney Fees and Reimbursement of Costs for Kutner Brinen, P.C. ("Kutner Brinen") the Period April 1, 2020, through July 31, 2020 (Docket No. 523, the "Application") and states as follows:

1.      On April 1, 2020, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco") filed voluntary chapter 11 petitions to commence the above-captioned cases. Kutner Brinen also filed Applications to Employ the firm in each case on April 1, 2020.

2.      On April 2, 2020, the Court granted an Order for Joint Administration in the above-captioned cases. The Order for Joint Administration made clear "that the Debtors shall maintain adequate records regarding the assets of the respective Debtors' estates in order to protect the rights of creditors."

3.      On April 6, 2020, a Motion to Approve Retainer (Docket No. 24) was filed stating that SEC paid a prepetition retainer to Kutner Brinen in the amount of $89,819.

4.      Upon information and belief, Sklarco did not pay a prepetition retainer to Kutner Brinen.

5.      On April 24, 2020, the Court approved the employment of Kutner Brinen as the attorneys for SEC and Sklarco (together the "Debtors") in the above cases effective as of April 1, 2020.

1

6.      On August 12, 2020, Kutner Brinen filed its Application seeking approval of interim compensation in the above cases.  September 2, 2020, is the deadline for objections to the Application.

7.      Through the Application, as counsel for both Debtors, Kutner Brinen requests allowance of fees in the amount of $269,284.00 and reimbursement of costs in the amount of $4,554.94 for the period of April 1, 2020, through July 31, 2020 (the "Application Period").

Limited Objection[1]

8.      Bankruptcy professionals bear the burden of demonstrating their entitlement to fees and expenses under 11 U.S.C. § 330(a).  If a professional fails to meet his or her burden of proof under 11 § 330(a), the bankruptcy court may award "less than the amount of compensation that is requested."  11 U.S.C. § 330(a)(2).

9.      The UST has standing to bring this matter before the Court pursuant to 11 U.S.C. §§ 307 and 330 and 28 U.S.C. § 586(a)(3), and objects to Kutner Brinen's Application for the following reasons:

Failure to Comply with L.B.R. 2016-1:

10.      Kutner Brinen represents both of the above-captioned Debtors and each debtor has a separate bankruptcy estate which, although jointly administered, are not consolidated.   For the Application Period and going forward, fee applications for Kutner Brinen should propose an allocation of fees and costs billed to each estate.

11.      The Application and attached billing fail to distinguish between fees and costs assessed to the separate estates of SEC and Sklarco.  If the applicant has performed services for more than one estate, then the fee application must include a proposed allocation of the fees to be billed to each separate estate.  The Application fails to reflect the proposed allocation of fees and costs between SEC and Sklarco as required by L.B.R. 2016-1(a)(4).

12.      The Application also states "Debtors" paid the Applicant's prepetition retainer which is inconsistent with prior information that only SEC paid Kutner Brinen the prepetition retainer of $89,819.  To the extent the prepetition retainer is used, it would appear Kutner Brinen should draw upon the prepetition retainer of SEC only for fees and costs related to SEC.

Block Billing / "Lumping":

13.      Generally, it is appreciated that Kutner Brinen allocated time to each particular task within a time entry.  However, in some time entries exceeding half an hour, Kutner Brinen's professionals lumped their time without allocating time to each task.  Often, these time entries include time for multiple phone calls or emails and/or preparing for and attending a meeting or

---

[1] The UST's objection is limited in respect to the issue that a dollar amount is not specifically objected to herein. An amendment and/or supplement to the Application may cure the deficiencies in the Application and resolve the UST's objection.  The UST reserves his rights to raise further objections if amendments and/or supplements to Debtors' Application raise additional concerns regarding Kutner Brinen's fees and costs.

hearing without allocating time to the separate tasks. Examples include the following time entries which contain "lumping" on different dates:

```
Apr 14/2020  Lawyer: LMK  4.70 Hrs X 580.00              LMK  - Lee M. Kutner        4.70    2726.00 12440    Billed
      786260  numerous t/cs and conf calls w/ client, WI Holder group re cash coll order, changes to address ongoing issues
              and review and revise orders (4.7)

Apr 17/2020  Lawyer: KLR  4.00 Hrs X 350.00              KLR  - Keri L. Riley        4.00    1400.00 12440    Billed
      784897  extensive work on changes to schedules, review add'l info, email w/ client and finalize the same

May 11/2020  Lawyer: KLR  11.00 Hrs X 350.00             KLR  - Keri L. Riley       11.00    3850.00 12483    Billed
      786218  attend first day of trial on use of cash collateral and preparation of for day 2, witness preparation, work on
              closing, research re case law (11)
```

14.     In lumped time entries such as the examples above, it is impossible to determine how much time Kutner Brinen spent performing a particular task. *See, e.g.*, *In re Recycling Indus.*, 243 B.R. 396, 407 (Bankr. D. Colo. 2000) ("Courts, when faced with lumped billing entries have either: (1) denied the compensation requested in the specific time entry, or (2) globally adjusted all of the lumped time entries, thereby reducing the requested compensation therein."); *see also* L.B.R. 2016-1(a)(2)(C)(ii) ("No Lumping. Daily entries by each professional must contain separate time allocations for each separate task.").

Allocation of Costs and Dollar Discrepancy on Costs:

15.     To be reimbursed by the estate, Kutner Brinen's expenses and/or costs must be actual and necessary. *See* 11 U.S.C. § 330(a)(1)(B). First, Kutner Brinen should allocate costs between the estates to the extent possible. Second, the UST calculates the costs (there is no "total" line for costs which is provided on the Exhibit to the Application) to be $4,544.94, whereas the Application requests $10 more, for a total of $4,554.94.

WHEREFORE, the UST hereby files its limited objection to the Application for the reasons discussed above and requests such other and further relief as the Court deems appropriate.

Dated:  September 2, 2020

PATRICK S. LAYNG
UNITED STATES TRUSTEE

/s/ Paul Moss
By: Paul Moss, #26903
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7995 telephone
Paul.Moss@usdoj.gov

3

## CERTIFICATE OF SERVICE

I hereby certify on the 2nd day of September 2020, that a copy of **UNITED STATES TRUSTEE'S LIMITED OBJECTION TO KUTNER BRINEN P.C. FIRST INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** was served on the following parties (and any party who requested electronic notice in the above-captioned case) in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

*VIA CM/ECF:*

Lee M. Kutner
Keri L. Riley
Jeffrey S. Brinen
Christopher D. Johnson
James B. Bailey
Victoria N. Argeroplos
Joseph Eric Bain
Duane Brescia
John Cornwell
Shay L. Denning
Benjamin Y. Ford
Craig M. Geno
Michael J. Guyerson
Jennifer Hardy
Eric Lockridge
Ryan Lorenz
Christopher Meredith
David M. Miller
Timothy C. Mohan
Kevin S. Neiman
Matthew J. Ochs
Matthew Okin
Jennifer Norris Soto
John Thomas Oldham
Robert L. Paddock
Robert Padjen
Jeremy L. Retherford
Timothy Michael Riley
Katherine A. Ross
Michael D. Rubenstein
Craig K. Schuenemann
Ryan Seidemann

Thomas H. Shipps
Barnet B. Skeleton, Jr.
Jim F. Spencer, Jr.
Bryce Suzuki
Timothy M. Swanson
David R. Taggart
Glenn Taylor
Madison M. Tucker
Amy Vazquez
Deanna L. Westfall
Michael Niles
Brian Rich
Jordan B. Bird
Grant Matthew Beiner
Daniel L. Bray
Casey Carlton Breese
Jeffery Dayne Carruth
John Childers
Brent Cohen
Katherine Guidry Douthitt
Theodore J. Hartl
Stephen K. Lecholop, II
Armistead Mason Long
Andrew James Shaver

/s/ Paul Moss
Office of the U.S. Trustee

4