UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN:  72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST BILLING OBLIGATIONS**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco"), by and through their attorneys, Kutner Brinen, P.C., move the Court for entry of an Order clarifying the *Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection, and Providing Related Relief* (Docket No. 433) ("Final Cash Collateral Order"), clarifying the *Order Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations* (Docket No. 317) ("Oil and Gas Order"), and authorizing SEC to immediately offset joint interest billing obligations owed to SEC by non-compliance working interest holders, and in support thereof state as follows:

1.      The Debtors filed for relief under chapter 11 of the Bankruptcy Code on April 1, 2020.  The Debtors remain Debtors-in-Possession.

2.      The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") on April 16, 2020.

3.      SEC is engaged in business as an operator of oil and gas wells and an independent exploration and production company in the oil and gas industry.  SEC's principal business offices are located in  Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama.  SEC's exploration and production activities are primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle.  SEC is

1

also developing properties and opportunities in the western United States, though no oil or gas production has been produced from the wells in the western United States.

4.      Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

5.      While SEC is the operator of the wells, it does not have an interest in any of the mineral leases.  As the operator of the wells, SEC must incur expenses in the ordinary course of business to maintain the wells in good working order and to maintain production.  Expenses typically include utilities for the operation of the wells and labor and materials used in the operation of the wells.

6.      In accordance with the operating agreements associated with the operated properties, working interest ("WI")  holders are required to pay their proportionate share of the expenses associated with operating the well in which they hold a working interest through payment of Joint Interest Billings ("JIBs") issued by SEC.

7.      Pre-petition, certain WI holders requested that SEC net their JIBs against their revenue for convenience and administrative convenience.  SEC also retains the right under the applicable operating agreements to net JIBs against revenue in the event that a WI holder is non-compliant in paying its JIBs.

8.      As the Debtors have made abundantly clear through the motions filed and at hearings in this case, the continued payment of JIBs by WI holders is crucial to SEC's continued operations and successful maintenance of the wells.

9.      Despite the continued obligation to pay JIBs, WI holders have repeatedly attempted to use the language in the heavily negotiated Oil and Gas Motion and Final Cash Collateral Order as a basis to avoid paying JIBs and in some instances to attempt to reduce their pre-petition claims.

10.      The Oil and Gas Order states, in relevant part:

> Sklar Exploration Company, LLC is authorized to offset joint interest billing obligations owed to it against revenue owed to a working interest holder when expressly authorized to do so in writing by that working interest holder; provided, however, no such offset shall exceed the amount of revenues received post-petition that is specifically payable from Sklar Exploration Company, LLC, as operator, to the joint interest billing obligor

11.     The Final Cash Collateral further provides, in paragraph 2 starting on page 11:

(b) The Budget shall provide, that at all times during these Bankruptcy Cases, Sklarco shall deposit 100% of the revenue received from non-operating working interests into the operating account of SEC, and SEC shall pay the revenues owing to the non-insider working interest holders in accordance with the Order Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations (Dct. No. 317)

(c) The Budget shall provide, and the Debtors shall, at all times during these Bankruptcy Cases, deposit 100% of the revenue received on account of non-operating working interests ("WIO Revenue") into the revenue account maintained by SEC. . . . SEC shall account for receipt and deposit of WIO Revenue by working interest owner in accordance with best practices for the industry, and may not use funds due to non-insider working interest owner without that owner's written consent. SEC shall pay WIO Revenue to the non-insider working interest holders in accordance with the *Order Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations* [Dkt. No. 317], which payments are indefeasible subject to rights and obligations under relevant Participation Agreements, Joint Operating Agreements, or similar agreements. Subject to the Budget, SEC and a non-insider working interest owner may agree in writing to offset any WIO Revenue due to that interest owner against any payments due from that WIO to SEC, including pre- and post-petition amounts due.

(emphasis added)

12.     These provisions were added to the Final Cash Collateral Order to ensure that revenue would continue to be paid to WI holders, and was intended to ensure that SEC could continue to operate under the applicable Participation Agreements and Operating Agreements, including undertaking collection efforts in accordance with such agreements. These provisions were not intended to prevent SEC from offsetting JIBs against revenue when a WI holder is refusing to pay its JIBs, nor was the intent to allow a noncompliant WI holder to reduce their pre-petition claim by refusing to pay pre-petition JIBs and instead demanding a setoff of against pre-petition revenue.

13.     As part of SEC's collection efforts, on or about June 29, 2020, SEC's oil and gas counsel sent a demand letter to non-compliant working interest holders.

14.     After issuing the demand letter, certain WI holders became compliant and paid the full balance of their JIBs, or otherwise authorized SEC to offset such amounts from post-petition revenue. Other WI holders again pointed to the Orders in an effort to avoid payment and reduce their pre-petition claims.

3

15.     On August 21, 2020, the Debtors again sent a demand letter through oil and gas counsel to non-compliant working interest holders.  A sample of the August 21 letters is attached hereto as Exhibit A.

16.     As of the date of filing this Motion, a number of WI holders have still refused to pay their JIBs, resulting in unpaid JIBs owed to SEC in the amount of approximately $1.8 million. A list of those working interest holders who remain non-compliant and are refusing to pay JIBs is attached hereto as Exhibit B, which may be reduced if additional checks or payments are received.  Of the non-compliant working interest holders, the first ten non-compliant working interest holders account for approximately 48% of the total amount owed to SEC for unpaid JIBs.

17.      To avoid uncertainty in the interpretation of the Final Cash Collateral Order and Oil and Gas Order, the Debtors request clarification that the Final Cash Collateral Order:

a.     Requires SEC to pay revenue to WI holders subject to the applicable Participation Agreements, Joint Operating Agreements, and any other applicable agreement;

b.     Does not limit SEC's ability to undertake collection efforts in accordance with the applicable Participation Agreements, Joint Operating Agreements, and any other applicable agreements, including without limitation, offsetting unpaid JIBs against post-petition revenue owed to a WI holder and/or foreclosing on a non-compliant WI holder's interest;

c.     Does not require written consent from a non-compliant WI holder prior to SEC exercising its rights under the applicable agreements to offset JIBs against revenue; and

d.     Does not allow WI holders to offset unpaid JIBs against pre-petition revenue owed to such WI holder or pre-petition cash call advances.

18.     To proceed with further collection efforts of JIBs, SEC further requests authorization to immediately offset JIBs owed by noncompliant WI holders as identified on Exhibit B against post-petition revenue owed to such WI holders.

19.     If SEC cannot offset the unpaid JIBs it is owed from post-petition revenue owed to WI holders, SEC will be forced to pay all expenses associated with operating the wells without receiving any of the revenue from the oil and gas produced by the wells.  This will result

in the rapid depletion of SEC's estate to the detriment of all creditors while the non-compliant WI holders continue to derive the benefit of SEC's continued operation of the wells.  Put differently, non-compliant WI holders are expecting SEC to work for free and reduce the WI holders' pre-petition claims in the process.

20.    Clarification of the Final Cash Collateral Order and the Oil and Gas Order, and authorization for SEC to immediately offset JIBs from post-petition revenue is in the best interests of SEC, its creditors, and its estate.  Clarification of the Orders will ensure that the SEC can continue to exercise its rights under the applicable Participation Agreements and Joint Operating Agreements, and will avoid confusion over the interpretation of the Orders. Authorizing immediate offsets of JIBs against post-petition revenue for non-compliant WI holders will further ensure that SEC can diligently pursue collection efforts to maximize the value of the estate, and will avoid the need for SEC to commence adversary proceedings and turnover actions against each non-compliant WI holder.

21.    Without clarification of the Orders, SEC will continue to struggle with collection of its JIBs from certain WI holders who are intentionally taking advantage of ambiguities in the Orders, and will be inhibited from exercising all of its rights as an operator under the applicable Participation Agreements and Operating Agreements

22.    Furthermore, SEC will be forced to incur substantial additional legal fees in connection with pursuing collection efforts against non-complaint WI holders through turnover actions and adversary proceedings.

23.    Counsel for the Debtor has conferred with counsel for East West Bank and counsel for the Committee.  EWB has advised that they do not oppose the Motion.  The Committee has taken no position.

24.    Accordingly, clarification of the Final Cash Collateral Order and the Oil and Gas Order, and authorization to allow SEC to immediately offset JIBs against post-petition revenue owed to non-compliant WI holders is warranted.

**[remainder of page intentionally left blank]**

WHEREFORE, the Debtors pray the Court make and enter an Order clarifying the Oil and Gas Order and the Final Cash Collateral Order, authorizing SEC to immediately offset JIBs against post-petition revenue owed to non-complaint WI holders, and for such further and additional relief as to the Court may appear just and proper.

DATED: September 4, 2020                                      Respectfully submitted,

By:    */s/  Keri L. Riley*
      Lee M. Kutner, # 10966
      Keri L. Riley, #47605
      **KUTNER BRINEN, P.C.**
      1660 Lincoln Street, Suite 1850
      Denver, CO 80264
      Telephone:  (303) 832-2400
      E-mail: lmk@kutnerlaw.com
      E-mail: klr@kutnerlaw.com

## CERTIFICATE OF SERVICE

I certify that on September 4, 2020, I served a complete copy of the foregoing **MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST BILLING OBLIGATIONS** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Craig K. Schuenemann, Esq.
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302

Bryce A. Suzuki, Esq.
Bryan Cave Leighton Paisner, LLP
Two North Central Avenue
Suite 2100
Phoenix, AZ 85004-4406

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Robert L. Paddock, Esq.
Buck Keenan LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, Mississippi 39158-6020

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, Louisiana 71101

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, Louisiana 71120-2260

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, Mississippi 39205

John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Christopher D. Johnson, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street
Suite 2700
Houston, TX 77002

Michael J. Guyerson, Esq.
Buechler Law Office, LLC
999 18th Street
Suite 1230 South
Denver, CO 80202

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
Shreveport, Louisiana 71120-2260

Robert L. Paddock, Esq.
Buck Keenan, LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos Street
Suite 700
Austin, TX 78701

Andrew G. Edson, Esq.
Clark Hill Strasburger
901 Main Street
Suite 6000
Dallas, TX 75202

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Christopher H. Meredith, Esq.
Glenn Gates Taylor, Esq.
Copeland Cook Taylor & Bush, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine,
LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, Louisiana 71166

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett
McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Brian G. Rich, Esq.
Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Katherine A. Ross, Esq.
U.S. Attorney's Office for the
  District of Colorado
Assistant United States Attorney
1801 California Street
Suite 1600
Denver, CO 80202

Ryco Exploration, LLC
401 Edwards Street
Suite 915
Shreveport, LA 71101
ATTN: M. Robin Smith

Ryco Exploration, LLC
40 Golf Club Drive
Haughton, LA 71037
ATTN: M. Robin Smith

Stephen K. Lecholop II, Esq.
Rosenthal Pauerstein, Esq.
Sandoloski Agather LLP
755 East Mulberry
Suite 200
San Antonio, TX 78212

Katherine Guidry Douthitt, Esq.
Blanchard Walker O'Quin & Roberts
P.O. Box 1126
Shreveport, Louisiana 71163

Andrew J. Shaver, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Theodore J. Hartl, Esq.
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596

John H. Smith
Quitman Tank Solutions, LLC
P.O. Box 90
Quitman, MS 39355

Belinda Harrison
58 County Road 5033
Heidelberg, MS 39439

Casey C. Breese, Esq.
Welborn Sullivan Meck & Tooley, P.C.
1125 17th Street
Suite 2200 South
Denver, CO 80202

Jeff Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
11 Greenway Plaza
Suite 1400
Houston, TX 77046

Michael E. Riddick, Esq.
Katherine Guidry Douthill, Esq.
Blanchard Walker O'Quin & Roberts, P.C.
333 Texas Street
Regions Tower
Suite 700
Shreveport, Louisiana 71101

**/s/Vicky Martina**
**Vicky Martina**
**Kutner Brinen PC**

Chris Crowley, Esq.
Feldmann Nagel Cantafio, PLLC
1875 Lawrence Street
Suite 730
Denver, CO 80202

11