**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## PROTECTIVE ORDER CONCERNING
## CONFIDENTIALITY OF DOCUMENTS AND INFORMATION

As requested by the Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco"), to facilitate and protect the interests of the Parties in the confidentiality of proprietary or other personally, commercially, or financially sensitive matters contained in certain documents to be produced pursuant to the Court's Order Granting Debtors' Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer ("CRO Order"), this Protective Order concerning the treatment of Confidential Information (as hereinafter defined) is issued pursuant to Federal Rule of Bankruptcy Procedure 7026, Federal Rule of Civil Procedure 26, and Local Bankruptcy Rule 7026-1(e), as follows:

The Court has considered the motion for entry of this Order and finds that good cause exists for the entry of this Order.

IT IS THEREFORE ORDERED that all persons receiving documents or information in this Case pursuant to the CRO Order, subsequent discovery during contested matters or Adversary Proceedings, or as may requested in the course of a duly authorized examination pursuant to Fed. R. Bank. P. 2004 to any other Party shall be bound by the terms of this Order.

1

IT IS FURTHER ORDERED that the documents and information produced pursuant to the CRO Order shall be subject to the following terms and conditions:

1. *Purpose.* This Order is intended to expedite the flow of documents and information required to be produced by the CRO Order, subsequent discovery during contested matters or Adversary Proceedings, or as may requested in the course of a duly authorized examination pursuant to Fed. R. Bank. P. 2004 to any other Party and to facilitate the prompt resolution of disputes over confidentiality, and ensure that protection is afforded to material entitled to confidential treatment under the Court's inherent authority, its authority under Fed. R. Bankr. P. 7026, Fed. R. Civ. P. 26(c), and L.B.R. 7026-1(e).

2. *Confidential Information.* "Confidential Information" includes any physical or electronic documents and the contents thereof, data, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the parties in the manner provided in paragraph 3 below, produced or disclosed in the Case by any Party (the "Producing Party") pursuant to the CRO Order, subsequent discovery during contested matters or Adversary Proceedings, or as may be requested in the course of a duly authorized examination pursuant to Fed. R. Bank. P. 2004 to any other Party (the "Receiving Party"). For avoidance of doubt, Confidential Information shall not include any documents or information previously uploaded into Debtors' "Data Room."

3. *Designation of Confidential Information.* Any Party producing documents and information may obtain the protections of this Order by designating materials as "Confidential Information." When a Party designates materials produced in the case as Confidential Information, that party is a "Designating Party." This Order covers information that a Designating Party designates

2

as Confidential Information, which includes any information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that is produced pursuant to the CRO Order, subsequent discovery during any contested matters or Adversary Proceedings, or as may be requested in the course of a duly authorized examination pursuant to Fed. R. Bank. P. 2004 (individually and collectively referred to as this "litigation" or "case") subsequent to the date this Order is entered, or that was previously designated as "Confidential" and produced solely upon receipt of a signed Confidentiality Agreement.

A. *Confidential.* Information may be designated as Confidential when the Designating Party reasonably believes the information is confidential, commercially or personally sensitive information that, if disclosed to a third party, would expose to public view information and documents including, but not limited to, account information from banks or financial institutions, tax returns, financial information, information regarding assets and liabilities and or business agreements or plans not yet disclosed for public release.

B. *Confidential – Attorneys' Eyes Only.* Information may be designated as Confidential – Attorneys' Eyes Only when the Designating Party reasonably believes that the designated information is protected by a confidentiality or nondisclosure agreement with a third party that is not a Party to this Case.

4. *Procedure for Designation.*

A. *Designation.* To designate information as Confidential Information, a Designating Party must either mark the information or identify it on the record with respect to testimony elicited or given subsequent to entry of this Order as Confidential or Confidential – Attorneys' Eyes Only, or that was previously designated as "Confidential" and produced solely upon receipt of a signed Confidentiality Agreement. Either designation may be withdrawn.

3

B. *Marking.* All or any part of a document, tangible object, discovery response, or pleading that is disclosed, produced, or filed by a Producing Party may be designated as Confidential Information by marking the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") on the face of the document or TIFF and each page so designated.

C. *Errors.* If Confidential Information is inadvertently disclosed without the appropriate legend, the Designating Party may afterward assert a claim or designation of confidentiality, and promptly provide a replacement copy of the information containing the appropriate legend. The Receiving Party then must immediately return the original information and all copies of the same to the Designating Party.

5. *Who May Receive.*

   A. Information designated as Confidential may be disclosed only to and used only by:

   i. Parties entitled to receive documents and information pursuant to the CRO Order or other discovery propounded subsequent to the date this Order is entered, including agents and representatives of a Party whom the Party reasonably believes needs to access such information in connection with the evaluation of, or prosecution and/or defense of a claim, contested matter, or legal proceeding in this litigation;

   ii. The Court;

   iii. Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel;

   iv. Mediators;

   v. Parties' Counsel, including in-house counsel;

    vi.     The direct staff of ii-v above;

    vii.     Lay witnesses during examination and cross examination, and lay witnesses and potential lay witnesses who are reasonably believed to have previously seen or had access to or the authority to act upon the Confidential Information;

    viii.     Any expert or consultant, and his, her, or its staff hired by a Party for litigation purposes or for other purposes directly related to this litigation who agrees to be bound by this Order and executes a certification to be so bound in the form attached to this Order; and

    ix.     Any other person to whom the Designating Party, in writing, authorizes disclosure in advance of such disclosure.

B.     Information designated as Confidential – Attorneys' Eyes Only may be disclosed only to and used only by:

    i.     The Court;

    ii.     Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel;

    iii.     Mediators;

    iv.     Parties' Counsel actively participating in the representation of the Party in these cases;

    v.     The direct staff of i-iv above;

    vi.     Any expert or consultant, and his, her, or its staff hired by a Party for litigation purposes who agrees to be bound by this Order and executes a certification to be so bound in the form attached to this Order; and

5

      vii.    Any other person to whom the Designating Party, in writing, authorizes disclosure following notification of potential disclosure to a third party not a Party to this litigation reasonably believed to be protected by a confidentiality or nondisclosure agreement.

6. ***How.***

    A.    ***Filings.*** To the extent documents containing Confidential Information are filed in this or any other court, or the substance of confidential documents is revealed in papers filed in this or any other court, or in the transcript of any proceedings, those documents, materials, or transcripts shall be filed *in camera* in an envelope marked "CONFIDENTIAL" or filed under seal in accordance with the CM/ECF requirements, and this Order serves as a temporary sealing order, sealing such Confidential Information without the need for a separate motion or order. The temporary sealing order provided for under this paragraph will expire thirty days following the filing of the Confidential Information unless the Designating Party moves for an order permanently sealing such material prior to the expiration of such thirty day period and thereafter complies with the permanent sealing requirements of the Federal Rules of Civil Procedure. The Party filing "CONFIDENTIAL" materials in camera or under seal shall include the Bates numbers of the specific documents used in the pleading filed and served to ensure the other Parties will know which "CONFIDENTIAL" materials are being filed in camera. Any pleading or attachment filed in camera shall be served on Counsel by email.

    B.    ***Hearings.*** In the event that a Receiving Party intends to use Confidential Information during a hearing in any contested matter, adversary proceeding or other litigation, that Receiving Party shall use reasonable efforts to provide notice to the Producing Party and the

Court at least one (1) week prior to using Confidential Information during the hearing and the Designating Party can take the steps it deems necessary at that time.

C. **Subpoenas.** If Confidential Information is subpoenaed outside these cases from a Party, the Party must (1) notify the Producing and/or Designating Party in writing within five (5) days of its receipt that the subpoena potentially covers Confidential Information and advise the Producing and/or Designating Party of the response time for the subpoena, and (2) notify the subpoenaing court, person, or entity of the existence of this Order and that the information demanded has potentially been identified as Confidential Information pursuant to this Court Order. The responsibility for any attempt to prevent the disclosure or production of such information shall thereafter rest exclusively with the Producing and/or Designating Party.

7. **Use of Confidential Information.** All Confidential Information provided by a Party in accordance with the CRO Order, a discovery request, or transcribed testimony, shall be subject to the following restrictions:

A. It shall be used only for the purpose of litigation in these Cases and matters directly related to this litigation, and not for any unrelated purpose; and

B. It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of these Cases and unless an affidavit in the form of Exhibit A has been signed any such recipient other than: i) the Court; ii) Court reporters (including audio and video); iii) Mediators; iv) and the direct staff of counsel for parties who are working directly on these Cases.

8. **Challenges to Designation of Confidential Information.** Notwithstanding any provision herein, any Party may object to the designation of material as Confidential Information (the "Objecting Party") by serving a written objection upon the Designating Party. The Designating Party

7

shall thereafter, within one (1) week, respond to the objection in writing by either: (a) agreeing to remove the designation or (b) stating the reasons for the designation. If the Objecting Party and the Designating Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Designating Party must, within fourteen (14) calendar days following the date of the Parties' conferral regarding the material's designation as Confidential Information, move the Court for an order permitting the designation as to the specific designations on which the Parties could not agree. The burden of proof is on the Designating Party to support its designation. The fact of designation constitutes no evidence that the designation is proper. Counsel shall agree to reasonable requested extensions of the time periods set forth in this paragraph, if reasonably necessary. If the Designating Party timely files a motion to maintain the designation, the information at issue shall continue to be treated in the manner as designated by the Designating Party until the Court orders otherwise.

9. ***Return.*** Within sixty (60) days of the final termination of these Cases, or any appeal arising therefrom, any Party, and its employees, consultants and experts must destroy or return all originals and/or copies of documents with Confidential Information, provided however, that no Party, its counsel, employees, consultants, or experts shall be required to destroy or return court-filed documents or that Party's privileged communications and work product. At the written request of the Producing Party, any person or entity with a duty to destroy or return Confidential Information in accordance with this Paragraph 9, that has custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party (the "Discovery Materials") shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all Discovery Materials (except for privileged communications, work product and court-filed documents as stated

above) have been destroyed or delivered to the Producing Party in accordance with the terms of this Order. This Order survives the termination of the Cases.

10. *Certain Exceptions.* Nothing in this Order shall be interpreted to prevent or otherwise interfere with the use or dissemination of Confidential Information by the Producing Party of the information for purposes other than these Cases. Further, any information that would be considered Confidential Information according to the above provisions of this Order shall not be so considered in the possession of any Party who obtained the information by lawful means other than production by the Producing Party, absent a designation of such material as Confidential Information by the Party obtaining lawful possession of such information by means other than production by the Producing Party.

DATED this 8th day of July, 2020

BY THE COURT:

*Elizabeth E. Brown*
Elizabeth E. Brown, Bankruptcy

**EXHIBIT A**
**AFFIDAVIT**

STATE OF __Idaho__        )
                          )ss.
COUNTY OF __Blaine__      )

__DONALD L. HALL__, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *In re Sklar Exploration Company, LLC, et al.*, Case No. 20-12377-EEB.

2. I have been informed by __JORDAN BIRD__, counsel for __D L HALL +__, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation and matters directly related to this litigation and will not use the Confidential Information for any unrelated purpose.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

__Donald L Hall__
(Signature)

__DONALD L. HALL__
(Print or Type Name)

__4913 OAK POINT DR__
(Address)
__SHREVEPORT, LA., 71107__

Telephone No.:
__(318) 458-5873__

SUBSCRIBED AND SWORN to before me this 4th day of August, 2020, by Donald L. Hall.

WITNESS my hand and official seal.

_____
Christina M. Stice            Notary Public

[SEAL]

My Commission Expires:
06-20-2026

```
Christina M. Stice
Commission Number: 38061
Notary Public
State of Idaho
My Commission Expires: 06/20/2026
```