# UNITED STATES BANKRUPTCY COURT FOR THE
# DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377 EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Case No. 20-12380 EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

## FANT ENERGY'S OBJECTION TO MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST BILLING OBLIGATIONS

Fant Energy Limited ("Fant Energy"), by and through its undersigned attorneys, hereby submits its objection to Motion for Clarification of Orders and to Authorize Immediate Offset of Joint Interest Billing Obligations [Docket No. 551] (the "Clarification Motion") filed on behalf of Sklar Exploration Company, LLC ("Sklar Exploration") and Sklarco, LLC ("Sklarco" collectively, the ("Debtors").

### PRELIMINARY STATEMENT

Fant Energy, as a working interest owner, asserts a prepetition claim against Sklar Exploration in the amount of $333,380.46, representing unpaid distributions owed pursuant to various operating agreements and participating agreements (collectively, the "Oil & Gas Agreements"), under which Sklar Exploration serves as operator. Recently, Sklar Exploration made demand upon Fant Energy for payment of all prepetition obligations. Sklar Exploration seeks authority, *inter alia*, to offset unpaid prepetition obligations against post-petition revenue. Fant Energy objects to the Motion for Clarification to the extent it seeks to impair rights of setoff

without offering adequate protection of any kind.

## BACKGROUND

1. Fant Energy is a party to various operating agreements and participation agreements (collectively, the "Oil & Gas Agreements"), pursuant to which Sklar Exploration serves as the operator of oil and gas properties in which Sklarco and Fant, among others, are working interest holders. The working interest holders are obligated to fund their proportionate share of drilling and operating expenses of specific wells in which they are invested through cash call advances and payment of their proportionate share of joint interest billings.

2. Fant Energy, like many other working interest holders, had funded cash call advances to Sklar Exploration in accordance with the Oil & Gas Agreements. Each such advance was to be used solely for expenses related to a particular well.

3. In the context of filings made by the Debtors and evidence adduced in the context of the cash collateral proceedings, a number of disclosures were made with respect to improprieties associated with funds received from working interest holders. In particular:

- Over $7 million in cash call advances were collected and a substantial portion of these funds were not used for their intended purposes. It appears that these cash call advances were used to fund operations, instead of for the particular wells.
- Funds from cash call advances have apparently been applied to extravagant personal expenses, such as over $500,000.00 for private jet travel. Additional funds were purportedly diverted from Sklarco to family trusts.
- Cash call advances were comingled with other monies received by Debtors.
- Pre-bankruptcy revenues totaling approximately $4,499,300 which would have been earmarked for working interest holders were diverted for other purposes.
- Sklarco failed to pay almost $325,000 in unpaid joint interest billings for which it was obligated.

4. Since the filing of the Debtors' bankruptcy proceedings, Fant Energy has been receiving statutory lien notices from subcontractors, further evidence that working interest holder funds were improperly diverted.

5. Under Section 553(a) of the Bankruptcy Code, rights of setoff are preserved with respect to mutual debts arising prior to commencement of the case.

> The right of setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.' Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy.

*Citizens Bank v. Strumpf*, 516 U.S. 16, 18-20 (1995), *quoting Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913). Generally, a right to setoff is not affected by bankruptcy. *Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533, 1539 (10th Cir. 1990).

6. Fant Energy is entitled to a right of setoff to the extent its claim and the obligation for unpaid JIBs arose prior to the filing of the bankruptcy petition. In addition, these prepetition claims are mutual. *See United States v. Myers (In re Myers)*, 362 F.3d 667, 672 (10th Cir. 2004).

7. Fant Energy's claim is secured to the extent of its right of setoff. Section 506 of the Bankruptcy Code provides in relevant part:

> (a) An allowed claim of a creditor ... that is subject to setoff under section 553 of this title, is a secured claim to the extent ... of the amount subject to setoff, . . .and is an unsecured claim to the extent that the . . . amount so subject to setoff is less than the amount of such allowed claim.

8. Sklar seeks authority to withhold post-petition payments owed to Fant Energy. See Clarification Motion, ¶ 17(b). This attempt to setoff a prepetition obligation against a post-petition debt runs afoul of the Bankruptcy Code. As indicated above, Fant Energy is a secured creditor to the extent of its right of setoff. Any impairment of its secured claim requires adequate

protection, which Sklar Exploration cannot provide. *See In re Corporate Resource Services, Inc.*, 564 B.R. 196, 203, fn. 7 (S.D. N.Y. 2017) ("A creditor with a right to setoff is entitled to adequate protection before it turns over funds it holds that are subject to setoff."); *In re IML Freight, Inc.*, 65 B.R. 788, 791 (Bankr. Utah 1986) (trustee has right to use property that is subject to a right of setoff provided adequate protection is given).

9. The Oil & Gas Agreements represent executory contracts that can be assumed or rejected by Sklar Exploration during the course of its chapter 11 proceeding. In order to assume the Oil & Gas Agreements, it will be necessary for Sklar Exploration to cure all defaults or provide adequate assurance that defaults will be cured, as required by Section 365(b) of the Bankruptcy Code. At such time as the Oil & Gas Agreements are assumed, the respective obligations of the parties can be reconciled. Until then, it is inappropriate for Sklar Exploration to unilaterally exercise self-help remedies while it is in default.

10. The Clarification Motion represents at attempt by Sklar Exploration to profit from its own misconduct. Having diverted funds held in trust for working interest owners, it now seeks to deprive them of their legitimate rights of setoff. To the extent Sklar Exploration finds itself short of working capital, it should look to the insiders who benefitted from the diversion of millions of dollars paid by the working interest owners that were to be directed to specific well operations.

WHEREFORE, Fant Energy respectfully requests that the Court enter its order denying the Clarification Motion and grant such other relief as is appropriate.

DATED: September 29, 2020	Respectfully submitted,

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

*/s/ Brent R. Cohen*
Brent R. Cohen, No. 11297
1200 Seventeenth Street, Suite 3000
Denver, CO 80202
Tel: (303) 623-9000
Email: bcohen@lrrc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 29, 2020, a true and correct copy of the foregoing FANT ENTERGY'S OBJECTION TO MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST BILLING OBLIGATIONS was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1 and 2082-1(a) and (b) and was served upon the following listed below by depositing same in the United States mail, first-class postage prepaid, addressed to the following:

**James B. Bailey**
jbailey@bradley.com

**Joseph Eric Bain**
jbain@joneswalker.com

**Grant Matthew Beiner**
Munsch Hardt Kopf & Harr, PC
gbeiner@munsch.com

**Jordan B. Bird**
Cook, Yancey, King & Galloway
jordan.bird@cookyancey.com

**Duane Brescia**
Clark Hill Strasburger
dbrescia@clarkhill.com

**Jeffrey S. Brinen**
jsb@kutnerlaw.com

**John Cornwell**
Munsch Hardt Kopf & Harr PC
jcornwell@munsch.com

**Shay L. Denning**
sdenning@mbssllp.com

**Benjamin Y. Ford**
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL 36602

**Craig M. Geno**
Law Offices of Craig M. Geno, PLLC
cmgeno@cmgenolaw.com

**Michael J. Guyerson**
mike@kjblawoffice.com

**Christopher D. Johnson**
Munsch Hardt Kopf & Harr PC
cjohnson@munsch.com

**Lee M. Kutner**
lmk@kutnerlaw.com

**Stephen K. Lecholop, II**
Rosenthal Pauerstein Sandoloski Agather LLP
slecholop@rpsalaw.com

**Eric Lockridge**
eric.lockridge@keanmiller.com

**Armistead Mason Long**
Gordon, Arata, Montgomery, Barnett,
McCollam, Duplantis & Eagan, LLC
along@gamb.law

**Ryan Lorenz**
RLorenz@ClarkHill.com

**Christopher Meredith**
Copeland, Cook, Taylor & Bush P.A.
cmeredith@cctb.com

**David M. Miller**
Spencer Fane LLP
dmiller@spencerfane.com

**Timothy C. Mohan**
tmohan@foley.com

**Paul Moss**
Byron G. Rogers Federal Building
Paul.Moss@usdoj.gov

**Kevin S. Neiman**
kevin@ksnpc.com

**Jennifer Norris Soto**
Ayres, Shelton, Williams, Benson & Paine, LLC
jennifersoto@arklatexlaw.com

**Matthew J. Ochs**
mjochs@hollandhart.com

**Matthew Okin**
Okin Adams LLP
mokin@okinadams.com

**John Thomas Oldham**
joldham@okinadams.com

**Robert L Paddock**
Buck Keenan
rpaddock@buckkeenan.com

**Robert Padjen**
Robert.padjen@coag.gov

**Jeremy L Retherford**
Balch & Bingham
jretherford@balch.com

**Brian Rich**
Berger Singerman LLP
brich@bergersingerman.com

**Keri L. Riley**
klr@kutnerlaw.com

**Timothy Michael Riley**
Hopping Green & Sams
timothyr@hgslaw.com

**Katherine A Ross**
katherine.ross@usdoj.gov

**Michael D Rubenstein**
Liskow and Lewis
mdrubenstein@liskow.com

**Craig K. Schuenemann**
craig.schuenemann@bryancave.com

**Ryan Seidemann**
Louisiana Department of Justice
seidemannr@ag.louisiana.gov

**Thomas H Shipps**
Maynes, Bradford, Shipps & Sheftel, LLP
tshipps@mbssllp.com

**Barnet B Skelton, Jr**
barnetbjr@msn.com

**Jim F Spencer, Jr**
Watkins & Eager PLLC
jspencer@watkinseager.com

**Bryce Suzuki**
bryce.suzuki@bclplaw.com

**Timothy M. Swanson**
tim.swanson@moyewhite.com

**David R Taggart**
Bradley Murchison Kelly & Shea
dtaggart@bradleyfirm.com

**Glenn Taylor**
Copeland, Cook, Taylor & Bush P.A.
gtaylor@cctb.com

**Madison M. Tucker**
Jones Walker LLP
mtucker@joneswalker.com

**Amy Vazquez**
Jones Walker LLP
avazquez@joneswalker.com

**Deanna L. Westfall**
Office of the Colorado Attorney General
deanna.westfall@coag.gov

*s/Christina Marquez*
LEWIS ROCA ROTHGERBER CHRISTIE LLP