## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11<br><br><br>**Joint Administered Under<br>Case No. 20-12377 EEB** |

## OBJECTION AND RESERVATION OF RIGHTS OF
## JF HOWELL INTERESTS, LP TO THE MOTION FOR CLARIFICATION OF
## ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST
## BILLING OBLIGATIONS

**NOW INTO COURT**, through undersigned counsel, comes JF Howell Interests, LP ("Howell Interests"), a creditor and party in interest, which makes this Objection to the Motion for Clarification of Orders and to Authorize Immediate Offset of Joint Interest Billing Obligations [Doc. 551] (the "Motion") both Sklar Exploration Company, LLC ("Sklar Exploration" or "Debtor").

### SUMMARY OF OBJECTION

Howell Interests opposes the Debtor's Motion because it fundamentally conflicts with the rights of the working interest owners, including Howell Interests, under the Joint Operating Agreements ("JOAs") and because those very agreements, which provide reciprocal rights and duties between the working interest owners, including Howell Interests, and the operator, Sklar

- 1 -

Exploration, have not yet been assumed by the Debtor-nor has the Debtor cured the defaults under those JOAs.  It is patently unjust for the Debtor to be able to circumvent the provisions of the JOAs including the rights of the working interest owners, including Howell Interests, to object to some or all of the charges on a Joint Interest Billing ("JIB") as allowed by the JOAs or to exercise the other contractual rights ceded to the working interest owners by the Debtor in those JOAs.

## BACKGROUND

1.      Debtor, Sklar Exploration Company, LLC ("Sklar Exploration") and Howell Interests are parties to various operating agreements in which Sklar Exploration serves as  the operator of oil and gas properties while Howell Interests and others hold working interest ownership (collectively, the "Owners") in those properties. A list of the various Participation Agreements and Joint Operating Agreements to which Howell Interests and Sklar Exploration are parties is set forth on the Exhibit "A" attached hereto.[1]

2.      Howell Interests has paid all of its JIBs and, even post-petition, is current on the payment of all of its JIBs.  However, post-petition, numerous third party suppliers, vendors and contractors have filed liens against various wells, oil and gas leases and production for unpaid amounts incurred by Sklar Exploration but which Sklar Exploration failed to pay even though Sklar Exploration submitted those third party invoices to Howell Interests as part of the JIBs which Howell Interests paid. For example, RAPAD Well Service Company Inc. filed a "Notice of Perfection of Liens Pursuant to 11 U.S.C. Sec. 546(b)" [R. Doc. 461] claiming liens on numerous wells in Conecuh and Escambia Counties, Alabama securing the amount of not less than $248,485.00.  However, Howell Interests has confirmed that Sklar Exploration issued JIBs

---

[1] For convenience, the agreements listed on the Exhibit "A" are numbered to correspond to the number assigned to those contracts on the Schedule G filed by Debtors [Doc.#106].  Howell Interests reserves the right to supplement the list of agreements to which it and Sklar Exploration are parties through appropriate discovery.

to Howell Interests for its pro rata share of each of the invoices included in the RAPAD lien and Howell Interests has confirmed that it timely remitted to Sklar Exploration its payment in full of its JIBs but apparently Sklar Exploration converted the funds and failed to pay the supplier, RAPAD. Howell Interests has confirmed that there are other lien claimants whose claims related to invoices to Sklar Exploration that were sent to Howell Interests in JIBs which Howell Interests paid but which Sklar Exploration apparently converted the funds and failed to pay the suppliers.

3.     The full extent and amount of the conversion by Sklar Exploration of amounts paid by Howell Interests on the JIBs is not yet fully determined.  However, Howell Interests believes, and asserts on information and belief, that the amount of the converted funds alone exceeds $50,000 and that the amounts necessary to fully discharge and settle the lien claims may substantially exceed that amount for Howell Interests.

4.     Howell Interests continues to investigate its claims against Sklar Exploration and reserves the right to amend or supplement its claim in this case when information is produced by Sklar Exploration sufficient to quantify the full extent of the conversion of funds paid by Howell Interests on its JIBs but which Sklar Exploration converted for other, as yet unknown, purposes.

5.     Nevertheless, Howell Interests does not agree that Sklar Exploration should be allowed to create and submit a JIB for services allegedly performed and allegedly paid and then automatically offset the JIB against Howell Interests revenues.  This is particularly inappropriate when the JIBs routinely contain "adjustments" for prior periods.  The JOAs and the COPAS rider are explicit in the allocation of rights and duties between both operator and working interest

owners and there is no good reason to allow Sklar Exploration to ignore the contractual rights of the working interest owners under those JOAs.

6.     While Sklar Exploration is currently serving as the operator, it has not been forced to assume or reject any of the JOAs and related agreements nor to cure its defaults thereunder.  It would be grossly unfair and inequitable to allow the Debtor to circumvent the rights of the working interest owners under the JOAs through the Motion while at the same time presumably seeking to compel the compliance of the working interest owners to the same JOAs-which the Debtor has not even accepted- after curing its defaults.  Indeed, the Debtor has not yet even produced the documents and information necessary to determine the extent of the pre- and post-petition defaults of Sklar Exploration under the JOAs.

## OBJECTION

7.     Howell Interests objects to the Motion and the relief sought by Debtor.

## RESERVATION OF RIGHTS

Howell Interests makes no admission of fact or law and reserves any and all rights, claims, objections, and defenses that may be available to them before this Court and any other court with competent jurisdiction over the parties and the matters at issue, including in connection with the motions listed above or any other related motions, pleadings, or orders, asserted liens and interests, and any other matters involving the administration of this case, the estate, and Howell Interests' interests, any and all rights available to it under the Bankruptcy Code and applicable non-bankruptcy law. Howell Interests reserves any and all rights to supplement or amend this Limited Objection and at any hearing.

## CONCLUSION

Howell Interests requests that the Court deny the Motion.

Dated: September 29, 2020

Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC

By:   /s/ David R. Taggart
   David R. Taggart (Texas Bar # 00793102)
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
Telephone: (318) 227-1131
Facsimile: (318) 227-1141

Email: dtaggart@bradleyfirm.com


**- -   Attorneys for JF Howell Interests, LP**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed on September 29, 2020.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

      /s/ David R. Taggart
OF COUNSEL