IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | § | |
|---|---|---|
| In re: | § | Bankruptcy Case No. 20-12377-EEB |
| | § | |
| Sklar Exploration Company, LLC, *et al*. | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

**MCCOMBS ENERGY, LTD.'S OBJECTION TO DEBTOR'S MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF <u>JOINT INTEREST BILLING OBLIGATIONS</u>**

Comes now, McCombs Energy, Ltd. ("McCombs") and files this response and objection (the "Objection") to the above-captioned debtors' *Motion for Clarification of Orders and to Authorize Immediate Offset of Joint Interest Billing Obligations* [Docket No. 551] (the "Motion"). In support of this Objection, McCombs states the following:

**<u>OBJECTION</u>**

1. McCombs, Debtor Sklar Exploration Company, LLC ("Sklar Exploration"), and Debtor Sklarco, LLC ("Sklarco") are parties to various joint operating agreements and participation agreements (the "Oil and Gas Agreements"), pursuant to which Sklar Exploration is the operator and McCombs and Sklarco, along with many additional parties, are working interest owners.

2. Each Oil and Gas Agreement is unique and sets forth rights and obligations for all parties thereto. Under all such agreements, the working interest owners are responsible for funding their proportionate share of drilling and operating expenses for specific wells through joint interest billings in exchange for payment of production revenues. However, each agreement contains a different amalgamation of rights and obligations applicable to the parties.

80572.00125

3. Sklar Exploration owes McCombs $432,145.18 for prepetition working interest revenues arising from multiple Oil and Gas Agreements. Sklar Exploration has neither cured its defaults under such Oil and Gas Agreement nor rejected the Oil and Gas Agreements during this bankruptcy case. Instead, the Debtors filed the Motion, asking the Court to rewrite a previously entered Court Order that was subject to vigorous and robust negotiations and was the subject of multiple days of hearings.

4. McCombs has a number of concerns that warrant denial of the Motion, including, *inter alia*, the Debtors' performance under the Oil and Gas Agreements, the equitable application of the relief sought in the Motion, fidelity of the application of contractual obligations contained in the Oil and Gas Agreements, and the Debtors adherence to the applicable Cash Collateral Orders entered in this bankruptcy case. Specifically among them:

   a. Numerous vendors, supplies, and contractors have filed liens against various wells, oil and gas leases, and production for amounts incurred, but not paid, by Sklar Exploration.

   b. The Debtors have provided no indication whether Sklarco, as a working interest owner, has paid its joint interest billings and whether it will be subject to the same offset procedures that it requests in the Motion.

   c. The Motion appears to seek Court authority to treat every Oil and Gas Agreement the same, thereby negating the unique rights and protections of working interest owners contained in each separate agreement.

   d. McCombs has not specifically agreed to permit the Debtors to offset JIBs against working interest revenues, which is the requirement under the applicable Cash Collateral Order and complies with the representations of

80572.00125

Debtors' counsel at the Cash Collateral Hearing.[1]

5. McCombs further objects to the Motion on the basis that it properly offset the prepetition debts owed to it by the Debtors against its joint interest billing obligations. With regard to this argument, McCombs joins *Fant Energy's Objection to Motion for Clarification of Orders to Authorize Immediate Offset of Joint Interest Billing Obligations* [Docket No. 565] ("Fant Energy's Objection"), and incorporates by reference as if set forth herein verbatim paragraphs 5 through 10 of Fant Energy's Objection.

## JOINDER

To the extent not specifically identified in this Objection, McCombs joins all other parties objecting to the Motion to the extent such objections are not inconsistent with this Objection.

## RESERVATION OF RIGHTS

McCombs reserves its right to supplement or amend this Objection. Furthermore, McCombs makes no admission of fact or law and reserves any and all rights, claims, objections, and defenses that may be available to it before this Court and any other court with competent jurisdiction over the parties and the matters at issue, including in connection with the Motion, this Objection, or any other related motions, pleadings, or orders, asserted liens and interests, and any other matters involving the administration of this case, the estate, and McCombs' interests, any and all rights available to them under the Bankruptcy Code and applicable non-bankruptcy law.

## CONCLUSION

McCombs requests that the Court deny the Motion and seeks such other and further relief as the Court deems just and proper.

---

[1] On this point, McCombs joins the *Kudzu Parties' Objection to the Debtors' Motion for Clarification and to Authorize Immediate Offset of Joint Interest Billing Obligations* [Docket no. 567] ("Kudzu Parties' Objection"), and incorporates the Kudzu Parties' Objection by reference herein as if set forth verbatim.

DATED: September 29, 2020 　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Stephen K. Lecholop II
　　　　　　　　　　　　　　　　　　　Stephen K. Lecholop II
　　　　　　　　　　　　　　　　　　　State Bar No. 24070119
　　　　　　　　　　　　　　　　　　　slecholop@rpsalaw.com
　　　　　　　　　　　　　　　　　　　ROSENTHAL PAUERSTEIN
　　　　　　　　　　　　　　　　　　　SANDOLOSKI AGATHER LLP
　　　　　　　　　　　　　　　　　　　755 East Mulberry, Suite 200
　　　　　　　　　　　　　　　　　　　San Antonio, Texas 78212
　　　　　　　　　　　　　　　　　　　Telephone: (210) 225-5000
　　　　　　　　　　　　　　　　　　　Facsimile: (210) 354-4034

　　　　　　　　　　　　　　　　　　　**ATTORNEY FOR MCCOMBS ENERGY, LTD.
　　　　　　　　　　　　　　　　　　　AND MCCOMBS EXPLORATION, LLC**

## CERTIFICATE OF SERVICE

　　　I hereby certify that on the 29th day of September 2020, a true and correct copy of the foregoing was served by electronic transmission upon to all registered ECF users appearing in this case.

　　　　　　　　　　　　　　　　　　　/s/ Stephen K. Lecholop II
　　　　　　　　　　　　　　　　　　　Stephen K. Lecholop II

80572.00125