# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, EIN: 72-1417930 | Chapter 11 |
| Debtor. | |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC, EIN: 72-1425432 | Chapter 11 |
| Debtor. | *Jointly Administered Under Case No. 20-12377-EEB* |

**OBJECTION AND JOINDER OF JJS INTERESTS ESCAMBIA, LLC, JJS INTERESTS STEELE KINGS, LLC AND JJS WORKING INTERESTS, LLC TO MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST BILLING OBLIGATIONS**

JJS Interests Escambia, LLC, JJS Interests Steele Kings, LLC and JJS Working Interests, LLC (collectively, "**JJS**"), by and through their undersigned counsel, submit this joinder and limited objection (the "**Objection**") to the Debtors' *Motion for Clarification of Orders and to Authorize Immediate Offset of Joint Interest Billing Obligations* [Docket No. 551] (the "**Motion**") filed on September 4, 2020.

In support of the Objection and Joinder, JJS respectfully sets forth and represents as follows:

**OBJECTION**

1. JJS opposes the Debtors' Motion to the extent it would unfairly prejudice JJS's right to recoup from Debtors amounts owed to JJS under various operating agreements and participation agreements (collectively, the "**Oil and Gas Agreements**"), pursuant to which Sklar

- 2 -

Exploration Company, LLC ("**SEC**") serves as the operator of oil and gas properties in which JJS, among others, owns working interests.

2. The equitable remedy of recoupment is available to a creditor when the creditor's and debtor's claims "arise out of a single integrated transaction" and "are so closely intertwined that allowing the debtor to escape its obligations would be inequitable." *See In re Beaumont*, 586 F.3d 776, 781 (10th Cir. 2009) (citing *In re Peterson Distributing, Inc.*, 82 F.3d 956, 960 (10th Cir. 1996)). Debtors' Motion seeks to compel JJS and other working interest owners to pay, or otherwise permit SEC to offset with postpetition revenue, postpetition joint interest billings ("**JIBs**") arising from the very same Oil and Gas Agreements under which JJS is still owed prepetition working interest revenue from SEC. JJS has only withheld JIBs owing under Oil and Gas Agreements that have corresponding outstanding prepetition revenue held in suspense for the benefit of JJS. The claims of Debtors for postpetition JIBs on the one hand relating to expenses for wells, and the claims of JJS on the other hand for prepetition unpaid revenue relating to the production *of the very same wells* under the *very same Oil and Gas Agreements,* are closely intertwined and arise from the same transaction. *See, e.g.*, *In re Peterson Distributing, Inc.*, 82 F.3d at 960 (the same transaction requirement is generally satisfied where "the debts to be offset arise out of a single, integrated contract or similar transaction") (citing *In re Davidovich*, 901 F.2d 1533, 1538 (10th Cir, 1990)). Therefore, it would be fundamentally unfair and inequitable to permit the Debtors to circumvent the equitable and contractual rights of JJS under the Oil and Gas Agreements while at the same time compelling JJS and the other working interest holders to comply with their obligations under the same Oil and Gas Agreements.

3. Granting the Motion would also permit Debtors to avoid the terms of this Court's Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection, and Providing Related Relief [Docket No. 433] (the "**Cash Collateral Order**") filed on June 15, 2020, providing that "[s]ubject to the Budget, SEC and a non-insider working interest owner may agree in writing to offset any WIO Revenue due to that interest owner against any payments due from that WIO to SEC, including pre- and post-petition amounts due." Cash Collateral Order, Section 2(c). Despite this unambiguous language in the Cash Collateral Order allowing offset of pre- and postpetition amounts as agreed among the parties, the Debtors have declined to engage in good faith negotiations with JJS to setoff postpetition JIBs against prepetition revenue owed to JJS.

## JOINDER

4. JJS joins the objections of Fant Energy Limited, JF Howell Interests, LP and the other working interest owners to the extent not inconsistent with this Objection.

## CONCLUSION

5. For the reasons set forth herein, JJS respectfully requests that the Court deny Debtors' Motion and grant such other relief as it deems just and proper.

- 4 -

Dated: Houston, Texas
September 29, 2020

Respectfully Submitted,

**WILLKIE FARR & GALLAGHER LLP**

By: /s/ Jennifer J. Hardy
Jennifer J. Hardy (Texas Bar No. 24096068)
600 Travis Street
Houston, Texas 77002
Telephone: 713-510-1700
Facsimile: 713-510-1799
Email: jhardy2@willkie.com

*Counsel to JJS Interests Escambia, LLC, JJS Interests Steele Kings, LLC and JJS Working Interests, LLC*

- 4 -

## Certificate of Service

    I certify that on September 29, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Colorado.

                    /s/ Jennifer J. Hardy
                    Jennifer J. Hardy