## **EXHIBIT A**

4836-5497-6971v.5

## DEFINITIONS

1.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.  The term "Bankruptcy Code" means title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

4.  The term "Document" or "Documents" has the meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Rule 7034 and 9014 of the Bankruptcy Rules, as applicable, or meeting the definition of "writings and recordings" set forth in Rule 1001 of the Federal Rules of Evidence, and includes each and every form of communication and includes without limitation all written, printed, typed, recorded, or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in Your actual or constructive possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets, or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, including backup tapes. The term "document" shall include not only

originals, but also any copies or reproductions of all such written, printed, typed, recorded or graphic matter upon which any notations, comments, or markings of any kind have been made that do not appear on the original documents or that are otherwise not identical to the original documents. Any document with marks such as initials, comments or notations of any kind is not deemed to be identical to one without such marks and is to be produced as a separate document.

5. The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any manner or means whatsoever.

6. The term "Concerning" means relating to, referring to, describing, evidencing, or constituting.

7. The term "Electronically Stored Information" or "ESI" means the following: (i) information that is generated, received, processed and recorded electronically, including electronic mail, instant messages or any other electronic messages, word-processing documents, spreadsheets, database files, charts, graphs, outlines and images; (ii) voicemail, audio recordings, video recordings, or any multimedia files; (iii) any storage path names identifying the electronic location of ESI; (iv) any containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all ESI requested herein. ESI includes all such information regardless of the location where it is stored, included, without limitation: (a) any stationary or portable computer or network drives, hard disks, floppy disks, optical discs or drives, flash memory drives, magnetic tape, microfiche, copy machine memory, PDA, BlackBerry, iPhone, Palm Pilot, Android or other smart phone, or similar devices or on any other media used for data storage or transmittal; and (b) any remotely maintained and accessed repositories, such as internet email, websites, "cloud-based" storage or any other off-site data storage facility.

7

8. The term "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and additionally, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. The term "identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Federal Rule of Civil Procedure 33(d).

10. The term "includes" or "including" means "includes, but not limited to" or "including, but not limited to."

11. The term "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

12. The term "Petition Date" means April 1, 2020

13. The term "SEC" means Sklar Exploration Company, LLC

14. The term "Sklarco" means Sklarco, LLC

15. The Term "Sklar Trust" means Howard Sklar Trust, Alan Sklar Trust, Maren Sklar Trust, Jacob Sklar Trust, and any other trust known or unknown, receiving or benefiting directly or indirectly from Howard Sklar, SEC, Sklarco, or any affiliates of the same or related thereto.

16. The term "Related Persons" means, collectively, whether past or present, all such Person's officers, directors, agents, servants, employees, affiliates, accountants, consultants, and attorneys, all other Persons acting or purporting to act on its behalf, and every entity that is owned, controlled, operated by, or that is under common ownership, control or operation with such person.

8

17. The term "Schedules of Assets and Liabilities" refers to the schedules of assets and liabilities that debtors are required to file under section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

18. The term "Statements of Financial Affairs" refers to the statements of financial affairs that debtors are required to file under section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

19. The terms "You" and "Your," regardless of capitalization, refer to the Debtors and their Related Persons.

20. The use of the singular form of any word includes the plural and vice versa.

21. Terms defined herein retain their definition regardless of capitalization.

## INSTRUCTIONS

1. In responding to these requests for production, you shall produce all responsive documents that are in your possession, custody, or control or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants, financial advisors, restructuring advisors or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

2. Unless otherwise specified in any Request, You shall produce responsive documents and communications dated April 1, 2016 to the present (and continuing beyond the date of these Requests per Your responsibility to supplement responses hereto).

3. If You object to any Request, state the objection in the manner prescribed by the Federal Rules of Civil Procedure, but nevertheless answer the Request subject to the objection that You have stated.

4.  If you are unable to answer any request for production in full, after exercising due diligence to secure the requested information, so state, and explain why the request for production cannot be answered in full.

5.  These Requests are continuing in nature. Accordingly, to the extent You cannot now answer a Request because documents responsive to such Request do not yet exist, You must supplement Your responses to these Requests when such documents exist. Supplemental answers are to be served as soon as reasonably possible after receipt of such information.

6.  The documents requested include all attachments and enclosures. If any portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it" – type notes, and any other matter physically attached to the document, whether by paper clip or any other manner. If documents responsive to this request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto and indicate the company, division, department, and/or individual from whose files the document is being produced. If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, produce such documents in that form.

7.  If any document is currently not available and is in the possession of another party, provide the name and address of the person or persons from whom the document may be obtained.

8.  If any document which forms a part of or the entire basis for any response to this request has been destroyed or lost, for each such document state when it was destroyed or lost, identify the person who destroyed or lost the document, and the person who directed that it be destroyed. In addition, detail the reasons for the destruction, describe the nature of the document,

identify the person(s) who created, sent and received the document, state the date of the document, and state in as much detail as possible the contents of the document.

9. Pursuant to Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure, the Petitioning Creditors should produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this demand. If there are no documents responsive to any particular category, you shall so state in writing. Documents that, in their original condition, were stapled, clipped, or otherwise fastened together shall be produced in such form.

10. If any requested documents are maintained in digital, electronic, and/or imaged form, production of a copy of the electronically stored information ("ESI") in digital, electronic, and/or imaged form is hereby requested, along with any information needed to access, search or sort electronic data or documents.

11. ESI, e-mails and hard copy produced pursuant to this request shall be produced in single page tiff format with an opt.image cross reference file and a delimited database load file (i.e., dat) that contains the metadata fields identified.

12. Excel files should be produced in native format with a slip-sheet and a corresponding native file named according to the bates number it has been assigned.

13. If you have reason to believe there are responsive e-mails created during this period that have not been retained, state the name and address of the e-mail provider (e.g., Microsoft, Yahoo!, Thunderbird, Gmail, Bloomberg or AOL) or program used by you during the period and what efforts you have made to retrieve the requested information.

14. Unless otherwise agreed to between You and the Committee, if You contend that any Request calls for any information that is subject to the attorney-client privilege, work-product

protection, or any other legal privilege or protection, identify the nature of the privilege which is being claimed and provide in writing at the time of Your response the following information:

    a.    For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

    b.    For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**: Copies of all Documents evidencing any transactions made by either of the Debtors to, for, or on behalf of the Howard Sklar Trust, including payments to or from outside investments, payments made for the benefit of the Howard Sklar Trust outside of ordinary operating and Joint Interest Billing Expenses, and distributions or other compensation.

**REQUEST FOR PRODUCTION NO. 2:** Copies of all Documents evidencing any transactions made by either of the Debtors to, for, or on behalf of the Jacob Sklar Trust, including payments to or from outside investments, payments made for the benefit of the Jacob Sklar Trust outside of ordinary operating and Joint Interest Billing Expenses, and distributions or other compensation.

**REQUEST FOR PRODUCTION NO. 3:** Copies of all Documents evidencing any transactions made by either of the to, for, or on behalf of the Alan Sklar Trust, including payments to or from outside investments, payments made for the benefit of the Alan Sklar Trust outside of ordinary operating and Joint Interest Billing Expenses, and distributions or other compensation from either Debtor.

**REQUEST FOR PRODUCTION NO. 4:** Copies of all Documents evidencing any transactions made by either of the Debtor to, for, or on behalf of the Miriam Sklar Trust, including payments made for the benefit of the Miriam Sklar Trust outside of ordinary operating and Joint Interest Billing Expenses, and distributions or other compensation from either Debtor.

**REQUEST FOR PRODUCTION NO. 5:** Copies of all Documents evidencing any transactions made by either of the Debtors to, for, or on behalf of Sklar Transportation, LLC, including payments and distributions or other compensation.

**REQUEST FOR PRODUCTION NO. 6:** Copies of all Documents evidencing any transactions made by the either of the Debtors, to, for, or on behalf of Flexjet.

**REQUEST FOR PRODUCTION NO. 7:** Copies of all Documents evidencing any transactions made by the either of the Debtors, to, for, or on behalf of THP Partner II, LP, including distributions to either of the Debtors from THP Partners.

**REQUEST FOR PRODUCTION NO. 8:** Copies of all Documents evidencing any transactions made by the either of the Debtors, to, for, or on behalf of Maevlo Production LP.

**REQUEST FOR PRODUCTION NO. 9**: Copies of all Documents relating to direct or indirect ownership or interest of any Debtor, affiliate or other entity of the following:

    (i)      Sklar Transport, LLC

    (ii)     THP Partners II, LP

    (iii)    Maevlo Production LP

4836-5497-6971v.5

**REQUEST FOR PRODUCTION NO. 11**: Copies of all Documents and correspondence evidencing financial agreements, contracts, or other transactions between the Debtors outside of general well operations, Joint Operating Agreements, Unit Participation Agreements, and similar agreements.

**REQUEST FOR PRODUCTION NO. 12**: Copies of all Documents and correspondence between either of the Debtors and East West Bank relating to Debtors' default under the East West Bank loan.

**REQUEST FOR PRODUCTION NO. 13**: Copies of all Documents evidencing any transactions between either of the Debtors and Howard Sklar, including payments for the benefits of Howard Sklar outside of ordinary operating and Joint Interest Billing Expenses, and distributions or other compensation from either Debtor to, for, or on behalf of Howard Sklar.

**REQUEST FOR PRODUCTION NO. 14**: Copies of all Documents evidencing any transactions with the Debtors including payments and distributions or other compensation to, for, or on behalf of any of Howard Sklar's automobile racing interests.

**REQUEST FOR PRODUCTION NO. 15**: Copies of all Documents evidencing outside investments held by SEC and Sklarco, including, but not limited to, the nature, amount, and nature of ownership of such investments, and distributions from such investments for the four years prior to the Petition Date.