## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: § § § Chapter 11 § SKLAR EXPLORATION COMPANY, § LLC, *et al.*,[1] § Case No. 20-12377-EEB § § § Debtors. § (Jointly Administered) | |

### EX PARTE MOTION FOR EXAMINATION OF HOWARD SKLAR PURSUANT TO FED. R. BANKR. P. 2004 AND LOCAL BANKR. R. 2004-1

The Official Committee of Unsecured Creditors (the "Committee") of Sklar Exploration Company, LLC, ("SEC"), appointed in the above-captioned, jointly-administered bankruptcy cases (the "Cases"), of SEC and Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors"), files this *Ex Parte Motion for Examination of Howard Sklar Pursuant to Fed. R. Bankr. P. 2004 and Local Bankr. R. 2004-1* (the "2004 Motion") and respectfully requests entry of an order authorizing the Committee to examine Howard Sklar, individually, regarding the pre-petition operation of the Debtors, as well as the Debtors' transactions with Howard Sklar and various related corporate entities, trusts, individuals and other insiders.

### BACKGROUND

1. On April 1, 2020, each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court, and by order of this Court, their corresponding bankruptcy Cases are jointly administered under Chapter 11 Case No. 20-12377. [Dkt. No. 8].

2. On April 16, 2020, the undersigned counsel was retained by the Committee. Since the Committee's retention, the Committee has been in extensive discussion with counsel for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930) and Sklarco, LLC (5432).

1

4837-6444-1291v.1

Debtors regarding, among other things, the use of cash collateral, plans of reorganization, and Howard Sklar.

## BASIS FOR RELIEF

3. Federal Rule of Bankruptcy Procedure 2004 and Local Rule of Bankruptcy Procedure 2004-1 permit the examination of any entity with respect to "discovering assets examining transactions, and determining whether wrongdoing has occurred." Fed. R. Bankr. P. 2004; L.R.B.P. 2004-1. "The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

4. A party in interest therefore "may use Rule 2004 to determine the nature and extent of a bankruptcy estate and to ascertain whether wrongdoing has occurred." *In re Hilsen*, 2008 WL 2945996, at *4 (Bankr. S.D.N.Y. Jul. 25, 2008); *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred."). "Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

5. The scope of a Rule 2004 examination is "extremely broad," and has even been likened by some courts to a "lawful 'fishing expedition.'" *Id*. (*quoting Bank One, Columbus, N.A. v. Hammond (In re Hammond)*, 140 B.R. 197, 201 (S.D. Ohio 1992)). "The scope of a [ ] Rule 2004 examination is 'unfettered and broad.' Its purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (quoting *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass.

2

1983). The standard for granting a Rule 2004 examination is whether the movant has established "good cause." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).

6. Rule 2004 examinations are an appropriate tool for investigating fraudulent transfer claims in particular. *See Rhodes v. Litig. Trust of the Rhodes Cos., LLC (In re Rhodes Cos., LLC)*, 475 B.R. 733 (D. Nev. 2012) ("the subpoenas were an appropriate method of investigating potential fraudulent transfer claims"); *Kirschner v. Agoglia (In re Refco Inc.)*, 461 B.R. 181, 187 (Bankr. S.D.N.Y. 2011) (listing rule 2004 as one of the "several sections of the Bankruptcy Code … [that] govern the trustee or debtor in possession's unique role in investigating … fraudulent transfer claims ….").

## RESERVATION OF RIGHTS

7. The Committee reserves the right to seek additional discovery as appropriate.

## PRAYER

8. For the reasons set forth herein, the Committee respectfully requests that this Court enter an order authorizing the examination of Howard Sklar, individually, on the issues raised herein and related to this case on no less than fourteen (14) days-notice.

4837-6444-1291v.1

Respectfully submitted this 1st day of October, 2020

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Christopher D. Johnson*
Christopher D. Johnson
Texas Bar No. 24012913
John D. Cornwell
Texas Bar No. 24050450
Grant M. Beiner
Texas Bar No. 24116090
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-1470
Facsimile: (713) 222-1475
cjohnson@munsch.com
jcornwell@munsch.com
gbeiner@munsch.com

**COUNSEL FOR
THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on October 1, 2020.

*/s/ Grant M. Beiner*
Grant M. Beiner