# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11<br><br><br>**Joint Administered Under**<br>**Case No. 20-12377 EEB** |

### *EX PARTE* MOTION FOR EXAMINATION OF DEBTORS PURSUANT TO FED. R. BANKR. P. 2004 AND LOCAL BANKR. R. 2004-1

**NOW INTO COURT**, through undersigned counsel, comes JF Howell Interests, LP ("Howell Interests"), a creditor and party in interest of Sklar Exploration Company, LLC, ("SEC") in the jointly-administered bankruptcy cases (the "Cases") of SEC and Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors"), who files this *Ex Parte Motion for Examination of Debtors Pursuant to Fed. R. Bankr. P. 2004 and Local Bankr. R. 2004-1* (the "2004 Motion"), and respectfully requests entry of an order authorizing Howell Interests to examine Debtors' assets, liabilities, financial affairs, as well as its pre-petition operations, accounting methods, intercompany transactions, transfers and transactions with any insider, including Howard Sklar or any insider connected to Howard Sklar.

### BACKGROUND

1. On April 1, 2020, each of the Debtors filed a voluntary petition under Chapter 11

1

of the Bankruptcy Code with this Court, and by order of this Court, their corresponding bankruptcy Cases are jointly administered under Chapter 11 Case No. 20-12377. [Dkt. No. 8].

2. On April 15, 2020, the undersigned counsel was retained by Howell Interests. Since Howell Interests' retention, the undersigned has active in the above matters on issues pertaining to the assets for which SEC acts as operator under the governing agreements, plans of reorganization, and investigation of potential claims.

3. Howell Interests has been advised of the document requests on counsel for the Debtors by counsel for the Unsecured Creditors Committee and Howell Interests likewise desires to obtain such documents.

4. Accordingly, Howell Interests respectfully requests authority to examine the Debtors with respect to the Debtors' prepetition operations, assets, and liabilities, intercompany transactions with both debtor and non-debtor affiliates, as well as any transactions with Howard Sklar, any insider connected with Howard Sklar and the various trusts, and in conjunction with the same, serve the request for documents substantially in the form attached hereto as Exhibit "A."

## BASIS FOR RELIEF

5. Federal Rule of Bankruptcy Procedure 2004 and Local Rule of Bankruptcy Procedure 2004-1 permit the examination of any entity with respect to "discovering assets examining transactions, and determining whether wrongdoing has occurred." Fed. R. Bankr. P. 2004; L.R.B.P. 2004-1. "The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

6. A party in interest therefore "may use Rule 2004 to determine the nature and extent of a bankruptcy estate and to ascertain whether wrongdoing has occurred." *In re Hilsen*, 2008 WL

2945996, at *4 (Bankr. S.D.N.Y. Jul. 25, 2008); *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred."). "Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

7. The scope of a Rule 2004 examination is "extremely broad," and has even been likened by some courts to a "lawful 'fishing expedition.'" *Id*. (*quoting Bank One, Columbus, N.A. v. Hammond (In re Hammond)*, 140 B.R. 197, 201 (S.D. Ohio 1992)). "The scope of a [ ] Rule 2004 examination is 'unfettered and broad.' Its purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (quoting *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The standard for granting a Rule 2004 examination is whether the movant has established "good cause." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).

8. Rule 2004 examinations are an appropriate tool for investigating fraudulent transfer claims in particular. *See Rhodes v. Litig. Trust of the Rhodes Cos., LLC (In re Rhodes Cos., LLC)*, 475 B.R. 733 (D. Nev. 2012) ("the subpoenas were an appropriate method of investigating potential fraudulent transfer claims"); *Kirschner v. Agoglia (In re Refco Inc.)*, 461 B.R. 181, 187 (Bankr. S.D.N.Y. 2011) (listing rule 2004 as one of the "several sections of the Bankruptcy Code [that] govern the trustee or debtor in possession's unique role in investigating … fraudulent transfer claims ….").

## JOINDER

9. Howell Interests was provided with notice via the Court's ECF of the Unsecured Creditors Committee's Motion For 2004 Examination of Debtors and its intent to compel production of certain documents and then to compel the examination of Debtors. Howell Interests desires to participate in the Unsecured Creditors Committee's 2004 examination of Debtors and to receive and review the documents sought by the Unsecured Creditors Committee. In order to ensure Howell Interests' full participation in the examination and the receipt of the documents, Howell Interests files this Motion for 2004 Examination and agrees to conduct the examination on the date, place and time as that by the Unsecured Creditors Committee and to seek only those documents also sought by the Unsecured Creditors Committee in connection with its Motion for 2004 Examination of Debtors.

## PRAYER

10. For the reasons set forth herein, Howell Interests respectfully requests that this Court enter an order authorizing the examination of Debtors on the issues raised herein and related to this case on no less than fourteen (14) days-notice, but that the examination occur simultaneously with the examination of Debtors by the Unsecured Creditors Committee pursuant to its Motion, and that Howell Interests be allowed to seek production of the same documents as sought by the Unsecured Creditors Committee and to be allowed to participate therein as appropriate.

Dated: October 6, 2020.

        Respectfully submitted,

        BRADLEY MURCHISON KELLY & SHEA LLC

        By:   /s/ David R. Taggart
             David R. Taggart (Texas Bar # 00793102)
        401 Edwards Street, Suite 1000
        Shreveport, Louisiana 71101
        Telephone: (318) 227-1131
        Facsimile: (318) 227-1141
        Email: dtaggart@bradleyfirm.com

- - **Attorneys for JF Howell Interests, LP**

## CERTIFICATE OF CONFERENCE

On October 5, 2020 undersigned counsel attempted to confer in good faith telephonically with Keri Riley, one of the counsel for Debtors, and left a message for her with her office and also sent her an email. Ms. Riley has not responded as of the date of the filing of this Motion. Additionally, on October 5, 2020, undersigned counsel in an attempt to confer in good faith telephonically with Christopher Johnson, one of the counsel for the Unsecured Creditors Committee, and both left a voice mail and sent an email. On October 6, 2020, Mr. Ross Parker, co-counsel with Mr. Johnson, returned the call and stated that the Unsecured Creditors Committee did not object to Howell Interests' Motion.

        /s/ David R. Taggart
        OF COUNSEL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed on October 6, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ David R. Taggart

OF COUNSEL