UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**MOTION TO APPROVE GLOBAL SETTLEMENT AGREEMENT
TO RESOLVE ADVERSARY PROCEEDINGS**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together "Debtors"), by and through their attorneys, Kutner Brinen, P.C., respectfully move this Court for an order approving a global Settlement Agreement between multiple parties to resolving two pending adversary proceedings, and as grounds therefore, state as follows:

**BACKGROUND**

1. The Debtors filed their voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date"), and remain as Debtors-in-Possession.

2. SEC is engaged in business as an independent exploration and production company in the oil and gas industry. SEC is an operating company and does not own oil or gas properties. SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. SEC's exploration and production activities are

primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle.

3.  Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

4.  In the ordinary course of their businesses, the Debtors produce and sell products in the oil and gas industry. The following parties filed multiple lien claims (the "Liens") against various mineral leasehold estates (the "Leasehold Estates") located in the State of Alabama in which the Debtors hold operating rights and/or a working interest:

   a. Kelley Brothers Contractors, Inc.;
   b. GE Oil & Gas Pressure Control, LP;
   c. Banker Hughes Oilfield Operations, LLC;
   d. Baker Petrolite, LLC; and
   e. Lufkin Industries, LLC.

5.  In connection with the Liens, these claimants recorded multiple verified statements of lien (the "Lien Affidavits") and, provided notice (the "Notices") of the Liens to the Debtors, the other parties who hold a working interest in the Leasehold Estates (the "Working Interest Owners"), and the purchasers (who are the purchasers of some or all of the production (the "Production") from the Leasehold Estates. As a result of these notices, two of the purchasers filed separate interpleader actions in the Debtors' Bankruptcy cases requesting the Bankruptcy Court's direction as to who the purchasers should pay. The two interpleader actions filed with this Court are:

   a. Adversary Proceeding. No. 20-01210-EEB: *The Southeast Alabama Gas District v. Sklar Exploration Company, LLC, Sklarco, LLC, Kelley Brothers Contractors, Inc., GE Oil & Gas Pressure Control LP, and Baker Hughes Oilfield Operations* (the "Gas District Adversary"); and

   b. Adversary Proceeding No. 20-01191-EEB; *Plains Marketing, L.P. v. Sklar Exploration Company, LLC, Kelley Brothers Contractors, Inc., GE Oil & Gas Pressure Control LP, and Lufkin Industries, LLC* (the "Plains Adversary").

6.  The claims and allegations in both the Gas District Adversary and Plains Adversary are similar. The Debtor filed an answer, counterclaims, and cross claims in the Plains

Adversary. Other parties filed answers in the Plains Adversary. The parties to the Gas District Adversary agreed to extend the deadline to answer the complaint filed in that case due to the pending global resolution. The current deadline for filing an answer in the Gas District Adversary is October 2, 2020.

7. To avoid the cost and uncertainty of further litigation, all of the parties in both the Gas District Adversary and Plains Adversary have entered into an agreement to resolve the issues raised in both of the adversary proceedings. A copy of the fully executed Settlement Agreement (the "Settlement Agreement") is attached hereto as Exhibit A and incorporated herein by reference.

8. The Settlement Agreement includes the following essential terms:
   i. Partial releases of the relevant Liens in order to allow the Plaintiffs to remit funds to the Debtors on account of their purchases;
   ii. Remittance of all proceeds from Production currently being withheld by the two Plaintiffs as a result of the Liens (approximately $54,354 held by Plains Marketing, and approximately $146,949 held by The Southeast Alabama Gas District, subject to the $5,000 credit referenced below) ;
   iii. Continued remittance of all proceeds from Production by the two Plaintiffs as required under the pertinent contracts with the Plaintiffs;
   iv. An allowance of a FIVE THOUSAND DOLLAR ($5,000) credit/reimbursement to the Plaintiff in the Gas District Adversary on account of a portion of attorneys fees and costs incurred in filing its complaint; and
   v. Mutual releases.

## RELIEF REQUESTED

8. The Debtors seek approval of the Settlement Agreement pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019.

9. The law generally favors compromises and settlements of disputes between parties. *See Stanpec Corp. v. Jelco, Inc.*, 464 F.2d 1184 (10th Cir. 1972).

10. Fed. R. Bankr. P. 9019 provides that, after notice to creditors and opportunity for a hearing, the bankruptcy court may approve a compromise or settlement. "The standards by which to evaluate a settlement proposal have been defined by the courts." *Kaiser Steel Corp. v.*

*Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D.Colo.1989). "In general, the court must determine whether the settlement is fair and equitable and in the best interests of the estate." *Id.* The factors to consider in this determination are (1) the probability of success on the merits in the litigation; (2) the difficulties, if any, to be encountered in collection of any judgment that might be obtained; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of creditors and the proper deference to their reasonable views in the premises. *Id.* at 976-77.

11. The Debtors believe that the Settlement Agreement is reasonable and in the best interest of the estate and creditors under the *Kaiser Steel* test.

12. While the Debtor believes it would ultimately succeed on the merits of its counterclaims and crossclaims, pursuit of the same would require time and expense to litigate. The Settlement Agreement effectively provides the parties in both adversary proceedings with a final resolution of whether Alabama oil and gas law allows the Liens attach to proceeds of production.

13. The Settlement Agreement resolves the claims without the need for protracted litigation, allowing the Debtors to receive the funds currently being held back by the purchasers in a short time frame, and resolving the lien issue between parties to prevent any further interruption of cash flow.

14. If the Settlement Agreement is not approved, the Debtors would be forced to incur significant administrative expenses to prosecute its crossclaims and counterclaims, which would be an unnecessary cost given the legal issues which appear to be in favor of the Debtor, and the overall agreement by all parties to a global resolution. The issues regarding oil and gas laws relevant to the pending adversary proceedings are somewhat complex as it involves interpretation of state laws and relevant case law. However, the real cost in continuing with protracted litigation is the potential continued delay in cash flow generated from Production.

15. The paramount interests to all creditors and the estates favor a global settlement by limiting litigation costs and expenses, and reducing any further delay in receiving income from Production. The expense and delay of litigation in this case weighs in favor of approving the Settlement Agreement, as it is in the best interests of the Debtors' estates and all creditors.

WHEREFORE, the Debtors pray that the Court make and enter an Order approving the Settlement Agreement between the various parties to the two adversary proceedings, and for such further and additional relief as to the Court may appear proper.

Dated: October 7, 2020	Respectfully submitted,

By: */s/ Jenny M.F. Fujii*
Lee M. Kutner, #10966
Jenny M.F. Fujii, #30091
**KUTNER BRINEN, P.C.**
1660 Lincoln St., Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
E-Mail: jmf@kutnerlaw.com

**CERTIFICATE OF SERVICE**

      I certify that on October 6, 2020, I served a complete copy of the foregoing **MOTION TO APPROVAL GLOBAL SETTLEMENT AGREEMENT TO RESOLVE ADVERSARY PROCEEDINGS AND NOTICE OF MOTION TO APPROVE GLOBAL SETTLEMENT AGREEMENT TO RESOLVE ADVERSARY PROCEEDINGS** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Craig K. Schuenemann, Esq.
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302

Bryce A. Suzuki, Esq.
Bryan Cave Leighton Paisner, LLP
Two North Central Avenue
Suite 2100
Phoenix, AZ 85004-4406

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Robert L. Paddock, Esq.
Buck Keenan LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, Mississippi 39158-6020

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, Louisiana 71101

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, Louisiana 71120-2260

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, Mississippi 39205

John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Christopher D. Johnson, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street
Suite 2700
Houston, TX 77002

Michael J. Guyerson, Esq.
Buechler Law Office, LLC
999 18th Street
Suite 1230 South
Denver, CO 80202

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
Shreveport, Louisiana 71120-2260

Robert L. Paddock, Esq.
Buck Keenan, LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos Street
Suite 700
Austin, TX 78701

Andrew G. Edson, Esq.
Clark Hill Strasburger
901 Main Street
Suite 6000
Dallas, TX 75202

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Christopher H. Meredith, Esq.
Glenn Gates Taylor, Esq.
Copeland Cook Taylor & Bush, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine, LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, Louisiana 71166

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Brian G. Rich, Esq.
Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Katherine A. Ross, Esq.
U.S. Attorney's Office for the
 District of Colorado
Assistant United States Attorney
1801 California Street
Suite 1600
Denver, CO 80202

Ryco Exploration, LLC
401 Edwards Street
Suite 915
Shreveport, LA 71101
ATTN: M. Robin Smith

Ryco Exploration, LLC
40 Golf Club Drive
Haughton, LA 71037
ATTN: M. Robin Smith

Stephen K. Lecholop II, Esq.
Rosenthal Pauerstein, Esq.
Sandoloski Agather LLP
755 East Mulberry
Suite 200
San Antonio, TX 78212

Katherine Guidry Douthitt, Esq.
Blanchard Walker O'Quin & Roberts
P.O. Box 1126
Shreveport, Louisiana 71163

Andrew J. Shaver, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Theodore J. Hartl, Esq.
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596

John H. Smith
Quitman Tank Solutions, LLC
P.O. Box 90
Quitman, MS 39355

Belinda Harrison
58 County Road 5033
Heidelberg, MS 39439

Casey C. Breese, Esq.
Welborn Sullivan Meck & Tooley, P.C.
1125 17th Street
Suite 2200 South
Denver, CO 80202

Jeff Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
11 Greenway Plaza
Suite 1400
Houston, TX 77046

Michael E. Riddick, Esq.
Katherine Guidry Douthill, Esq.
Blanchard Walker O'Quin & Roberts, P.C.
333 Texas Street
Regions Tower
Suite 700
Shreveport, Louisiana 71101

Chris Crowley, Esq.
Feldmann Nagel Cantafio, PLLC
1875 Lawrence Street
Suite 730
Denver, CO 80202


/s/Vicky Martina
**Vicky Martina**
**Kutner Brinen PC**