## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of the **16th day of September, 2020** (the "Effective Date"), by and among: (i) **KELLEY BROTHERS CONTRACTORS, INC., a Mississippi corporation,** ("Kelley Brothers"); **GE OIL & GAS PRESSURE CONTROL LP, a Texas limited partnership,** ("Pressure Control"); **BAKER HUGHES OILFIELD OPERATIONS LLC, a California limited liability company** ("BHOO"); **BAKER PETROLITE LLC, a Delaware limited liability company,** ("BP"); **LUFKIN INDUSTRIES, LLC, a Texas limited liability company,** ("Lufkin" and with Kelley Brothers, Pressure Control, BHOO and BP, the "Lien Claimants"); (ii) **SKLAR EXPLORATION COMPANY, L.L.C., a Louisiana limited liability company** ("Sklar Exploration"); and, **SKLARCO, L.L.C., a Louisiana limited liability company** ("Sklarco" and, together with Sklar Exploration, the "Debtors"); and, (iii) **PLAINS MARKETING, L.P., a Texas limited partnership** ("Plains"); and, **THE SOUTHEAST ALABAMA GAS DISTRICT, an Alabama public corporation** (the "Gas District" and together with Plains, the "Purchasers". The Lien Claimants, the Debtors, and the Purchasers may be referred to herein individually as a "Party" and, collectively, as the "Parties".

## Recitals

1.      The Lien Claimants have asserted multiple lien claims (the "Liens") against various mineral leasehold estates (the "Leasehold Estates") located in the State of Alabama in which the Debtors hold operating rights and/or a working interest.   In connection therewith, the Lien Claimants have:

> (i)      filed for record multiple verified statements of lien (the "Lien Affidavits");[1] and,

---

[1] The Lien Affidavits are identified in the attached **Exhibit "A"**.

(ii)     provided notice (the "Notices") of the Liens to: the Debtors; the other parties who hold a working interest in the Leasehold Estates (the "Working Interest Owners"); and, the Purchasers (who are the purchasers of some or all of the production (the "Production") from the Leasehold Estates).

In the Lien Affidavits and in the Notices, the Lien Claimants assert that the Liens not only encumber the Leasehold Estates, but also extend to the production (the "Production") from the Leasehold Estates.[2]

2.     Debtors filed voluntary petitions, instituting cases under Chapter 11 of the U.S. Bankruptcy Code, which cases were consolidated and are now pending as Case No. 20-12377-EEB; *In re: Sklar Exploration Company, LLC, et al.*; in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Case").

3.     An adversary suit was filed in the Bankruptcy Case as Adversary Pro. No. 20-01210-EEB; *The Southeast Alabama Gas District v. Sklar Exploration Company, LLC, Sklarco, LLC, Kelley Brothers Contractors, Inc., GE Oil & Gas Pressure Control LP, and Baker Hughes Oilfield Operations;* in the United States Bankruptcy Court for the District of Colorado (the "Gas District Adversary").

4.     A second adversary suit was filed in the Bankruptcy Case as Adversary No. 20-01191-EEB; *Plains Marketing, L.P. v. Sklar Exploration Company, LLC, Kelley Brothers Contractors, Inc., GE Oil & Gas Pressure Control LP, and Lufkin Industries, LLC*; in the United States Bankruptcy Court for the District of Colorado (the "Plains Adversary").  The Plains Adversary and the Gas District Adversary may be referred to herein individually as an "Adversary" and collectively as the "Adversaries".

5.     The Parties desire to settle and compromise all disputes which they have among them with respect to the Adversaries and the Production Liens, including all claims and counterclaims which could have been brought in connection therewith, and in this regard, covenant, agree, and/or represent and warrant, as applicable, as follows:

---

[2] The portions of the Liens which encumber Production are referred to herein individually as the "Production Lien" and collectively as the "Production Liens").

### Release

6.      Subject to the terms, provisions, conditions, and performance of this Agreement, each of the Parties, on its behalf and, to the extent it may legally do so, on behalf of its subsidiaries, affiliates, and corporate parent, if applicable, and their respective shareholders, members, managers, officers, directors, partners, agents, employees, legal representatives, heirs, attorneys, predecessors, successors, owners, assigns, and all persons, natural or corporate, in privity with it or any of them (collectively, in this paragraph, the "Releasing Parties") expressly RELEASES, ACQUITS and FOREVER DISCHARGES each of the other Parties and its current and former subsidiaries, affiliates, and corporate parent, if applicable, and their respective shareholders, members, managers, officers, directors, partners, agents, employees, legal representatives, heirs, attorneys, predecessors, successors, owners, assigns, and all persons, natural or corporate, in privity with any of them (collectively, in this paragraph, the "Released Parties"), from any and all claims, demands, responsibilities, obligations, liabilities and cause of action of whatsoever nature, statutory or otherwise, in contract or in tort, whether known or unknown, fixed or contingent, which the Releasing Parties have or might have, arising out of or related to the Adversaries and/or the Production Liens, it being the intent of the Releasing Parties to fully and completely release all claims and settle all disputes and controversies between the Releasing Parties and the Released Parties pertaining to the Adversaries and/or the Production Liens, whether previously asserted or not, it being expressly acknowledged and agreed by and between the Parties that the mutual releases contained herein were expressly bargained for and intended to be included in this Agreement.  Plains expressly excepts from this release all amounts owed by Debtor to Plains pursuant to that order entered July 14, 2020 at docket entry 472.

7.      To the extent that the list of Lien Affidavits attached hereto as Exhibit "A" is incomplete or incorrect, Lien Claimants agree that this release, as referred to in paragraph 6, shall apply to all Lien Affidavits that they have executed and/or recorded in Alabama, whether completely or correctly described herein or not, and to all material,

machinery, supplies, and services furnished by Lien Claimants prior to the commencement of the Bankruptcy Case.

8.      The release, as referred to in paragraph 6, shall not apply to any ongoing contract obligations between Debtors, Working Interest Owners and Purchasers concerning the purchase of Production in the future.

### Settlement Terms

9.      As soon as practicable after the Effective Date, the Parties to a given Adversary will take any such action, including the filing of any appropriate pleadings, as necessary, in that Adversary in order to have this Agreement approved by an order entered by the Court (individually, an "Approval Order" and collectively, the "Approval Orders").

10.     As soon as practicable after the entry of the Approval Order, but in any event within fifteen (15) calendar days after the entry of an Approval Order or the Effective Date, as applicable, the Lien Claimants will:

(i)      with respect to each Lien Affidavit filed by that Lien Clamant, file for record a partial release of lien (each a "Partial Release") in the form of the attached **Exhibit "B"**, thereby releasing the Production Lien which had been asserted by that Lien Affidavit;

(ii)     upon recording, direct that each Partial Release be indexed in the county probate records to include the names of each Working Interest Owner affected by the Lien Affidavit;

(iii)    with respect to each Lien asserted by that Lien Claimant, send to the Debtors, and to the Purchasers and the Working Interest Owners who are affected by that Lien, a copy of the applicable Partial Release, together with a letter in the form of the attached **Exhibit "C"**.

11.     By agreeing to the execution and recording of the Partial Releases, Debtors in no way agree to the validity or enforcement of Liens, Lien Affidavits or Notices insofar as they pertain to other property allegedly covered by said Liens, Lien

Affidavits or Notices, and Debtors therefore reserve all rights of objection and all remedies concerning the same.

12.      As soon as practicable after the entry of the Approval Orders, but in any event within fifteen (15) calendar days after the entry of a final non-appealable Approval Order, the Purchasers will remit to Sklar Exploration all proceeds from the purchase of Production, less applicable severance taxes, that Purchasers have withheld as a result of the Liens, Lien Affidavits and/or Notices.   Thereafter, Purchasers will continue to remit to Sklar Exploration all proceeds from the purchase of Production, less applicable severance taxes, in the regular course of business pursuant to their purchase agreements and without interference or encumbrance by the Liens, Lien Affidavits or Notices.

13.      As soon as practicable after the Lien Claimants have taken the action described in the preceding sections of this Agreement, the Parties to a given Adversary will join in the execution of a Joint Motion to Dismiss with Prejudice and a proposed Order of Dismissal with Prejudice (the "Dismissal Pleadings"), and have the Dismissal Pleadings filed among the pleadings of the corresponding Adversary, and request that the corresponding Order be entered.

### General

14.      Except as expressly provided herein, each Party shall bear its own costs, fees, and expenses incurred in connection with the matters covered by this Agreement.

15.      The Gas District has represented that its total attorney fees in filing and processing the Gas District Adversary are $8582.  The Gas District is willing to accept reimbursement in the amount of $5,000.  The Gas District shall be reimbursed said $5000, which shall be withheld by the Gas District when it pays out the amounts it currently holds in suspense.

16.      This Agreement shall be binding on and inure to the benefit of the Parties' respective heirs, successors, and assigns.

17.     Each Party to this Agreement warrants and represents that it has not sold, hypothecated, pledged or in any way transferred any claim or cause of action which this Agreement purports to release.

18.     Each Party hereto acknowledges that it has read this Agreement, understands the terms hereof, has been encouraged to seek legal counsel with respect to entry into this Agreement, and has received, or has had the opportunity to receive, the advice of legal counsel explaining the terms and conditions of this Agreement and the effect of entering into this Agreement.

19.     This Agreement may be executed in multiple counterparts, each of which shall be considered an original but which taken together shall constitute one and the same instrument.

20.     Each Party hereto agrees that a telefacsimile, electronic, or other copy of a signature hereto will be as effective as the original of that signature.

21.     The Parties expressly agree that:  any dispute concerning this Agreement or any default under it is controlled by the laws of the State of Alabama; and, jurisdiction regarding any dispute hereunder is and shall be proper in the United States Bankruptcy Court for the District of Colorado.

22.     This Agreement may be amended only by an instrument in writing, executed by all Parties.

23.     Each Party acknowledges that he, she or it has carefully read this Agreement, that this Agreement expresses the entire agreement between the Parties concerning the subject matter hereof, and that each Party has executed this Agreement freely and of his, her or its own accord.  The Parties acknowledge and agree that there are no verbal or oral agreements between them relating to the settlement covered by this Agreement, and that no other consideration will be paid in connection with this Agreement except as expressly set forth in this Agreement.

EXECUTED as of the Effective Date.

KELLEY BROTHERS CONTRACTORS, INC., a Mississippi corporation

By: _____
Jerry Kelley, President

GE OIL & GAS PRESSURE CONTROL LP, a Texas limited partnership

By:   BAKER    HUGHES    OILFIELD OPERATIONS LLC, a California limited liability company, Authorized Agent

By: _____
Christopher J. Ryan
Manager of Collections

BAKER HUGHES OILFIELD OPERATIONS LLC, a California limited liability company

By: _____
Christopher J. Ryan
Manager of Collections

EXECUTED as of the Effective Date.

KELLEY BROTHERS CONTRACTORS, INC.,
a Mississippi corporation

By:_____

Jerry Kelley, President

GE OIL & GAS PRESSURE CONTROL LP, a
Texas limited partnership

By:  BAKER        HUGHES        OILFIELD
OPERATIONS LLC, a California limited
liability company, Authorized Agent

By:_____

Christopher J. Ryan
Manager of Collections

BAKER HUGHES OILFIELD OPERATIONS
LLC, a California limited liability company

By:_____

Christopher J. Ryan
Manager of Collections

BAKER PETROLITE LLC, a Delaware limited liability company

By:  BAKER       HUGHES       OILFIELD OPERATIONS LLC, a California limited liability company, Authorized Agent

By: _____
     Christopher J. Ryan
     Manager of Collections


LUFKIN INDUSTRIES, LLC, a Texas limited liability company

By:_____
     Andy Cordova, President


SKLAR EXPLORATION COMPANY, L.L.C., a Louisiana limited liability company and Debtor in Possession

By:_____

Name:_____

Its:_____

SKLARCO, L.L.C., a Louisiana limited liability company and Debtor in Possession

By:_____

Name:_____

Its:_____

BAKER PETROLITE LLC, a Delaware limited liability company

By:    BAKER          HUGHES          OILFIELD
       OPERATIONS LLC, a California limited
       liability company, Authorized Agent

By:_____
       Christopher J. Ryan
       Manager of Collections


LUFKIN INDUSTRIES, LLC, a Texas limited liability company

By:___*Andy Cordova*_____
       Andy Cordova, President


SKLAR EXPLORATION COMPANY, L.L.C., a Louisiana limited liability company and Debtor in Possession

By:_____

Name:_____

Its:_____

SKLARCO, L.L.C., a Louisiana limited liability company and Debtor in Possession

By:_____

Name:_____

Its:_____

BAKER PETROLITE LLC, a Delaware limited liability company

By:   BAKER     HUGHES     OILFIELD
      OPERATIONS LLC, a California limited
      liability company, Authorized Agent

By:_____
          Christopher J. Ryan
          Manager of Collections


LUFKIN INDUSTRIES, LLC, a Texas limited liability company

By:_____
          Andy Cordova, President


SKLAR EXPLORATION COMPANY, L.L.C., a Louisiana limited liability company and Debtor in Possession

By:_____

Name:_____
          James Katchadurian

Its:_____
          CRO

SKLARCO, L.L.C., a Louisiana limited liability company and Debtor in Possession

By:_____

Name:_____
          James Katchadurian

Its:_____
          CRO

PLAINS MARKETING, L.P., a Texas limited partnership

By: Plains GP, LLC

Name: _____

Megan B. Prout, SVP

Its: General Partner

LDR

THE SOUTHEAST ALABAMA GAS DISTRICT, an Alabama public corporation

By: _____

Name: LORI W Messick

Its: CFO

## EXHIBIT "A"

| LIENS AGAINST SKLAR EXPLORATION COMPANY LLC AND SKLARCO LLC | | | | | |
|---|---|---|---|---|---|
| **WELLS** | **FILED IN ALABAMA COUNTIES** | **LIEN AMOUNT** | **DATE OF NOTICE TO PURCHASER** | **DATE LIEN FILED** | **RECORDING INFORMATION** |
| **GE OIL & GAS PRESSURE CONTROL LIENS** | | | | | |
| CCL&T 4-2 #1 (SW Brooklyn) | Conecuh & Escambia | $1,306.77 | 6/5/2020 | 6/10/2020; 6/11/2020 | No. 0214583; B:2020; P:829 |
| CCL&T 33-6 #1 (SW Brooklyn) | Conecuh & Escambia | $827.29 | 6/5/2020 | 6/10/2020; 6/11/2020 | No. 0214583; B:2020; P:829 |
| CCL&T 34-14 #1 WS | Conecuh & Escambia | $5,618.18 | 6/5/2020 | 6/10/2020; 6/11/2020 | No. 0214583; B:2020; P:829 |
| Craft Ralls 5-10 #1 (LCC Oil Unit II) | Conecuh | $3,986.45 | 7/27/2020 | 6/9/2020 | B:2020; P: 676 |
| Craft Ralls 5-14 #1 (LCC Oil Unit II) | Conecuh | $532.77 | 7/27/2020 | 6/9/2020 | B:2020; P: 676 |
| Cedar Creek Land & Timber 9-8 #1 (LCC Fish Pond) | Conecuh | $827.29 | 7/27/2020 | 6/9/2020 | No. 0214571 |
| Cedar Creek Land & Timber 10-5 #1 (LCC Fish Pond) | Conecuh | $3,017.00 | 7/27/2020 | 6/9/2020 | No. 0214571 |
| Cedar Creek Land & Timber 13-11 #1 (Kirkland) | Conecuh | $2,449.55 | 6/8/2020 | 6/10/2020 | No. 0214580 |
| **BAKER PETROLITE LIENS** | | | | | |
| Cedar Creek Land & Timber 9-8 #1 (LCC Fish Pond) | Conecuh | $1,304.17 | 7/27/2020 | 5/7/2020 | B: 2020 P: 355 |
| Cedar Creek Land & Timber 18-13 #1 | Escambia | $5,700.64 | 7/27/2020 | 5/11/2020 | No. 0214061 |
| Cedar Creek Land & Timber 24-1 #1 | Conecuh | $1,341.08 | 7/27/2020 | 5/7/2020 | No. 0214036 |
| Craft Hamiter 20-11 #1 | Conecuh | $4,116.78 | 7/27/2020 | 5/5/2020 | B:2020; P: 328 |
| Cedar Creek Land & Timber 2-2 #1 (SW Brooklyn) | Conecuh & Escambia | $1,304.17 | 7/24/2020 | 7/28/2020 | No. 0215360; B:2020; P:1215 |
| Cedar Creek Land & Timber 2-11 #1 (SW Brooklyn) | Conecuh & Escambia | $2,682.16 | 7/24/2020 | 7/28/2020 | No. 0215360; B:2020; P:1215 |
| Cedar Creek Land & Timber 33-6 #1 (SW Brooklyn) | Conecuh & Escambia | $17,167.57 | 7/24/2020 | 7/28/2020 | No. 0215360; B:2020; P:1215 |
| Cedar Creek Land & Timber 35-11 (SW Brooklyn) | Conecuh & Escambia | $686.77 | 7/24/2020 | 7/28/2020 | No. 0215360; B:2020; P:1215 |
| Cedar Creek Land & Timber 35-15 #1 (SW Brooklyn) | Conecuh & Escambia | $1,334.49 | 7/24/2020 | 7/28/2020 | No. 0215360; B:2020; P:1215 |
| Graddy 34-8 #1 (SW Brooklyn) | Conecuh & Escambia | $2,244.13 | 7/24/2020 | 7/28/2020 | No. 0215360; B:2020; P:1215 |

## EXHIBIT "A"

| WELLS | FILED IN ALABAMA COUNTIES | LIEN AMOUNT | DATE OF NOTICE TO PURCHASER | DATE LIEN FILED | RECORDING INFORMATION |
|---|---|---|---|---|---|
| Graddy 34-10 #1 (SW Brooklyn) | Conecuh & Escambia | $686.77 | 7/24/2020 | 7/28/2020 | No. 0215360; B:2020; P:1215 |
| Cedar Creek Land & Timber 3-7 #1 (SE Brooklyn) | Conecuh & Escambia | $3,912.51 | 7/24/2020 | 7/28/2020 | No. 0215358; B:2020; P:1178 |
| Cedar Creek Land & Timber 4-1 #1 (SE Brooklyn) | Conecuh & Escambia | $299.98 | 7/24/2020 | 7/28/2020 | No. 0215358; B:2020; P:1178 |
| Cedar Creek Land & Timber 32-9 #1 (SE Brooklyn) | Conecuh & Escambia | $1,459.25 | 7/24/2020 | 7/28/2020 | No. 0215358; B:2020; P:1178 |
| **BAKER HUGHES OILFIELD OPERATIONS LLC LIENS** | | | | | |
| Cedar Creek Land & Timber 2-9 #1 | Conecuh & Escambia | $6,067.48 | 6/11/2020 | 6/12/2020 | No. 0214648; B:2020; P:903 |
| Cedar Creek Land & Timber 34-14-1 | Conecuh & Escambia | $9,783.98 | 6/11/2020 | 6/12/2020 | No. 0214648; B:2020; P:903 |
| **KELLEY BROTHERS CONTRACTORS, INC. LIENS** | | | | | |
| Cedar Creek Land & Timber 2-15 #1 | Conecuh | $1,238.00 | 7/27/2020 | 5/15/2020 | B: 2020 P: 388 |
| Cedar Creek Land & Timber 18-13 #1 | Escambia | $1,464.00 | 7/27/2020 | 5/7/2020 | No. 214037 |
| Cedar Creek Land & Timber 24-1 #1 | Escambia | $4,680.00 | 7/27/2020 | 5/21/2020 | No. 214279 |
| Cedar Creek Land & Timber 4-1 #1 (SE Brooklyn) | Conecuh & Escambia | $6,608.50 | 5/28/2020 | 6/3/2020; 6/4/2020 | No. 0214461; B:2020; P:509 |
| Cedar Creek Land & Timber 32-9 #1 (SE Brooklyn) | Conecuh & Escambia | $3,724.50 | 5/28/2020 | 6/3/2020; 6/4/2020 | No. 0214461; B:2020; P:509 |
| Cedar Creek Land & Timber 34-12 #1  (SE Brooklyn) | Conecuh & Escambia | $427.50 | 5/28/2020 | 6/3/2020; 6/4/2020 | No. 0214461; B:2020; P:509 |
| Cedar Creek Land & Timber 34-15 #1 (SE Brooklyn) | Conecuh & Escambia | $2,389.00 | 5/28/2020 | 6/3/2020; 6/4/2020 | No. 0214461; B:2020; P:509 |
| Cedar Creek Land & Timber 35-13 #1 (SE Brooklyn) | Conecuh & Escambia | $427.50 | 5/28/2020 | 6/3/2020; 6/4/2020 | No. 0214461; B:2020; P:509 |
| Logan 5-7 #1 (SE Brooklyn) | Conecuh & Escambia | $579.00 | 5/28/2020 | 6/3/2020; 6/4/2020 | No. 0214461; B:2020; P:509 |
| Cedar Creek Land & Timber 2-4 #1 (SW Brooklyn) | Conecuh & Escambia | $617.50 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Cedar Creek Land & Timber 3-2 #1(SW Brooklyn) | Conecuh & Escambia | $855.00 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |

## EXHIBIT "A"

| WELLS | FILED IN ALABAMA COUNTIES | LIEN AMOUNT | DATE OF NOTICE TO PURCHASER | DATE LIEN FILED | RECORDING INFORMATION |
|---|---|---|---|---|---|
| Cedar Creek Land & Timber 3-4 #1(SW Brooklyn) | Conecuh & Escambia | $825.50 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Cedar Creek Land & Timber 4-2 #1(SW Brooklyn) | Conecuh & Escambia | $1,476.00 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Cedar Creek Land & Timber 32-11 #1(SW Brooklyn) | Conecuh & Escambia | $847.00 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Cedar Creek Land & Timber 33-6 #1(SW Brooklyn) | Conecuh & Escambia | $920.50 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Cedar Creek Land & Timber 33-10 #1(SW Brooklyn) | Conecuh & Escambia | $5,960.50 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Cedar Creek Land & Timber 33-12 #1(SW Brooklyn) | Conecuh & Escambia | $150.50 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Cedar Creek Land & Timber 34-14 #1(SW Brooklyn) | Conecuh & Escambia | $6,297.00 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Cedar Creek Land & Timber 35-5 #1(SW Brooklyn) | Conecuh & Escambia | $2,780.90 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Cedar Creek Land & Timber 35-11 #1(SW Brooklyn) | Conecuh & Escambia | $959.00 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Graddy 34-8 #1 (SW Brooklyn) | Conecuh & Escambia | $436.50 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Garddy 34-10 #1 (SW Brooklyn) | Conecuh & Escambia | $436.50 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Southwest Brooklyn Oil Unit | Conecuh & Escambia | $4,234.00 | 5/28/2020 | 6/4/2020; 6/12/2020 | B:2020; P:588; No. 0214650 |
| Craft-Brye 8-4 #1 (LCC Oil Unit II) | Conecuh | $11,476.28 | 6/4/2020 | 6/11/2020 | B:2020; P: 759 |
| Craft-Mack 7-8 #1(LCC Oil Unit II) | Conecuh | $190.00 | 6/4/2020 | 6/11/2020 | B:2020; P: 759 |
| Craft-Mack 8-2 #1(LCC Oil Unit II) | Conecuh | $16,808.70 | 6/4/2020 | 6/11/2020 | B:2020; P: 759 |
| Craft-Ralls 5-8 #1(LCC Oil Unit II) | Conecuh | $1,308.00 | 6/4/2020 | 6/11/2020 | B:2020; P: 759 |
| Craft-Ralls 5-10 #1(LCC Oil Unit II) | Conecuh | $5,473.00 | 6/4/2020 | 6/11/2020 | B:2020; P: 759 |
| Craft-Ralls 5-14 #1(LCC Oil Unit II) | Conecuh | $95.00 | 6/4/2020 | 6/11/2020 | B:2020; P: 759 |
| Craft-Ralls 8-12 #1(LCC Oil Unit II) | Conecuh | $95.00 | 6/4/2020 | 6/11/2020 | B:2020; P: 759 |

## EXHIBIT "A"

| WELLS | FILED IN ALABAMA COUNTIES | LIEN AMOUNT | DATE OF NOTICE TO PURCHASER | DATE LIEN FILED | RECORDING INFORMATION |
|---|---|---|---|---|---|
| Craft-Soteira 27-6 #1 (LCC Unit IV) | Conecuh | $32,981.40 | 7/27/2020 | 5/15/2020 | B:2020; P: 399 |
| Smurfit-Stone 27-12(LCC Unit IV) | Conecuh | $12,065.00 | 7/27/2020 | 5/15/2020 | B:2020; P: 399 |
| Cedar Creek Land & Timber 9-8 #1 | Conecuh | $1,894.40 | 6/2/2020 | 6/10/2020 | No. 0214582 |
| Cedar Creek Land & Timber 10-5 #1 | Conecuh | $18,005.77 | 6/2/2020 | 6/10/2020 | No. 0214582 |
| Cedar Creek Land & Timber 13-15 #1 | Conecuh | $5,042.00 | 5/20/2020 | 5/26/2020 | No. 0214315 |
| Cedar Creek Land & Timber 13-11 #1 | Conecuh | $7,084.50 | 5/20/2020 | 5/22/2020 | No. 0214292 |
| Craft-Mack 17-4 #1 | Conecuh | $1,757.50 | 5/28/2020 | 6/4/2020 | B:2020; P:644 |
| North Beach Facility | Conecuh | $1,547.00 | 6/2/2020 | 6/11/2020 | B:2020; P:820 |
| **LUFKIN INDUSTRIES, LLC** | | | | | |
| Pate 3-11 #1 | Conecuh | $3,727.86 | 6/11/2020 | 6/12/2020 | B:2020; P:940 |

## EXHIBIT "B"

## PARTIAL RELEASE OF LIEN

**STATE OF ALABAMA**                    §
                                                          §
**COUNTY OF _____**          §

### Recitals

**KELLY BROTHERS CONTRACTORS, INC., a Mississippi corporation,** ("Claimant"), has sworn out a Verified Statement of Lien (the "Affidavit"), and has caused the Affidavit to be filed in the **Records of the Judge of Probate of _____ County, Alabama, File No. _____/Book _____; P_____.** In the Affidavit, Claimant asserts a claim (the "Claim") in the amount of $_____ for material, machinery, supplies, and services furnished by Claimant for a mineral leasehold estate in _____**County, Alabama** (the "Leasehold Estate"), which Leasehold Estate is further described in the Affidavit.

In the Affidavit, Claimant asserts that the payment of the Claim is secured by a lien arising in favor of Claimant pursuant to Alabama Code §35-11-210, et seq. (the "Lien"). The Affidavit further asserts that the Lien not only encumbers the Leasehold Estate, but also encumbers the production (the "Production") from the Leasehold Estate. Claimant would like to release the Lien, but ONLY to the extent the Lien affects the Production, and executes this instrument for that purpose.

## EXHIBIT "B"

### Release

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, Claimant hereby declares that the Lien and the Claim are RELINQUISHED, SATISFIED and DISCHARGED, but ONLY to the extent they affect the Production from the Leasehold Estate, it being expressly provided that: (i) by this instrument, Claimant is not releasing any portion of the Claim or the Lien as to any parties or property or property interests described in the Affidavit and not expressly released hereby; and, (ii) except to the extent expressly provided otherwise herein, the Lien remains in full force and effect with respect to all parties named in the Affidavit and all of their respective rights in and to the property described in the Affidavit.

EXECUTED as of the _____ day of _____, 2020.

KELLEY BROTHERS CONTRACTORS, INC.,
a Mississippi corporation

By:_____
        Jerry Kelley, President

### EXHIBIT "B"

STATE OF MISSISSIPPI     §
                                   §
COUNTY OF _____       §

        This instrument was acknowledged before me on this the _____ day of _____, 2020 by Jerry Kelley, President of Kelley Brothers Contractors, Inc., on behalf of said Company.

 

_____
Notary Public, State of Mississippi

_____
Notary's Printed Name

Commission Expires:_____

**AFTER RECORDING, RETURN TO:**
William R. Sudela
Crady Jewett McCulley & Houren LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125

## EXHIBIT "B"

## PARTIAL RELEASE OF LIEN

**STATE OF ALABAMA** §
                    §
**COUNTY OF** _____ §

### Recitals

**GE OIL & GAS PRESSURE CONTROL LP, a Texas limited partnership**, ("Claimant"), has sworn out a Verified Statement of Lien (the "Affidavit"), and has caused the Affidavit to be filed in the **Records of the Judge of Probate of** _____ **County, Alabama, File No.** _____/**Book** ____; **P**____. In the Affidavit, Claimant asserts a claim (the "Claim") in the amount of $_____ for material, machinery, supplies, and services furnished by Claimant for a mineral leasehold estate in _____**County, Alabama** (the "Leasehold Estate"), which Leasehold Estate is further described in the Affidavit.

In the Affidavit, Claimant asserts that the payment of the Claim is secured by a lien arising in favor of Claimant pursuant to Alabama Code §35-11-210, et seq. (the "Lien"). The Affidavit further asserts that the Lien not only encumbers the Leasehold Estate, but also encumbers the production (the "Production") from the Leasehold Estate. Claimant would like to release the Lien, but ONLY to the extent the Lien affects the Production, and executes this instrument for that purpose.

## EXHIBIT "B"

### Release

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, Claimant hereby declares that the Lien and the Claim are RELINQUISHED, SATISFIED and DISCHARGED, but ONLY to the extent they affect the Production from the Leasehold Estate, it being expressly provided that: (i) by this instrument, Claimant is not releasing any portion of the Claim or the Lien as to any parties or property or property interests described in the Affidavit and not expressly released hereby; and, (ii) except to the extent expressly provided otherwise herein, the Lien remains in full force and effect with respect to all parties named in the Affidavit and all of their respective rights in and to the property described in the Affidavit.

EXECUTED as of the _____ day of _____, 2020.

GE OIL & GAS PRESSURE CONTROL LP, a Texas limited partnership

By:    BAKER        HUGHES        OILFIELD OPERATIONS LLC, a California limited liability company, Authorized Agent

By:_____
            Christopher J. Ryan
            Manager of Collections

*Exhibit "B" to*
**Settlement Agreement**
515439v.1 B075/00713

## EXHIBIT "B"

STATE OF TEXAS        §

                                         §

COUNTY OF HARRIS      §

        This instrument was acknowledged before me on this the _____ day of _____, 2020 by Christopher J. Ryan, Manager of Collections of Baker Hughes Oilfield Operations LLC, a California limited liability company, Authorized Agent of GE Oil & Gas Pressure Control LP, a Texas limited partnership, on behalf of said company.

 

                         _____

                         Notary Public, State of Texas

                         _____

                         Notary's Printed Name

                         Commission Expires:_____

 

**AFTER RECORDING, RETURN TO:**
William R. Sudela
Crady Jewett McCulley & Houren LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125

## EXHIBIT "B"

## PARTIAL RELEASE OF LIEN

**STATE OF ALABAMA** §
§
**COUNTY OF _____** §

### Recitals

**BAKER HUGHES OILFIELD OPERATIONS LLC, a California limited liability company**, ("Claimant"), has sworn out a Verified Statement of Lien (the "Affidavit"), and has caused the Affidavit to be filed in the **Records of the Judge of Probate of** _____ **County, Alabama, File No.** _____/**Book** ____; **P____**. In the Affidavit, Claimant asserts a claim (the "Claim") in the amount of $_____ for material, machinery, supplies, and services furnished by Claimant for a mineral leasehold estate in _____**County, Alabama** (the "Leasehold Estate"), which Leasehold Estate is further described in the Affidavit.

In the Affidavit, Claimant asserts that the payment of the Claim is secured by a lien arising in favor of Claimant pursuant to Alabama Code §35-11-210, et seq. (the "Lien"). The Affidavit further asserts that the Lien not only encumbers the Leasehold Estate, but also encumbers the production (the "Production") from the Leasehold Estate. Claimant would like to release the Lien, but ONLY to the extent the Lien affects the Production, and executes this instrument for that purpose.

## EXHIBIT "B"

### Release

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, Claimant hereby declares that the Lien and the Claim are RELINQUISHED, SATISFIED and DISCHARGED, but ONLY to the extent they affect the Production from the Leasehold Estate, it being expressly provided that: (i) by this instrument, Claimant is not releasing any portion of the Claim or the Lien as to any parties or property or property interests described in the Affidavit and not expressly released hereby; and, (ii) except to the extent expressly provided otherwise herein, the Lien remains in full force and effect with respect to all parties named in the Affidavit and all of their respective rights in and to the property described in the Affidavit.

EXECUTED as of the _____ day of _____, 2020.

BAKER HUGHES OILFIELD OPERATIONS
LLC, a California limited liability company

By:_____
        Christopher J. Ryan
        Manager of Collections

## EXHIBIT "B"

STATE OF TEXAS                              §
                                           §
COUNTY OF HARRIS                           §

     This instrument was acknowledged before me on this the _____ day of _____, 2020 by Christopher J. Ryan, Manager of Collections of Baker Hughes Oilfield Operations LLC, a California limited liability company, on behalf of said company.


                         _____

                         Notary Public, State of Texas


                         _____

                         Notary's Printed Name

                         Commission Expires:_____


**AFTER RECORDING, RETURN TO:**
William R. Sudela
Crady Jewett McCulley & Houren LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125

## EXHIBIT "B"

## PARTIAL RELEASE OF LIEN

STATE OF ALABAMA      §
      §
COUNTY OF _____     §

### Recitals

**BAKER PETROLITE LLC, a Delaware limited liability company**, ("Claimant"), has sworn out a Verified Statement of Lien (the "Affidavit"), and has caused the Affidavit to be filed in the **Records of the Judge of Probate of _____ County, Alabama, File No. _____/Book ____; P____**.  In the Affidavit, Claimant asserts a claim (the "Claim") in the amount of **$_____** for material, machinery, supplies, and services furnished by Claimant for a mineral leasehold estate in **_____County, Alabama** (the "Leasehold Estate"), which Leasehold Estate is further described in the Affidavit.

In the Affidavit, Claimant asserts that the payment of the Claim is secured by a lien arising in favor of Claimant pursuant to Alabama Code §35-11-210, et seq. (the "Lien").  The Affidavit further asserts that the Lien not only encumbers the Leasehold Estate, but also encumbers the production (the "Production") from the Leasehold Estate. Claimant would like to release the Lien, but ONLY to the extent the Lien affects the Production, and executes this instrument for that purpose.

## EXHIBIT "B"

### Release

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, Claimant hereby declares that the Lien and the Claim are RELINQUISHED, SATISFIED and DISCHARGED, but ONLY to the extent they affect the Production from the Leasehold Estate, it being expressly provided that: (i) by this instrument, Claimant is not releasing any portion of the Claim or the Lien as to any parties or property or property interests described in the Affidavit and not expressly released hereby; and, (ii) except to the extent expressly provided otherwise herein, the Lien remains in full force and effect with respect to all parties named in the Affidavit and all of their respective rights in and to the property described in the Affidavit.

EXECUTED as of the _____ day of _____, 2020.

BAKER PETROLITE LLC, a Delaware limited liability company

By: BAKER     HUGHES     OILFIELD OPERATIONS LLC, a California limited liability company, Authorized Agent

By:_____
    Christopher J. Ryan
    Manager of Collections

## EXHIBIT "B"

STATE OF TEXAS               §
                             §
COUNTY OF HARRIS             §

       This instrument was acknowledged before me on this the _____ day of _____, 2020 by Christopher J. Ryan, Manager of Collections of Baker Hughes Oilfield Operations LLC, a California limited liability company, Authorized Agent of Baker Petrolite LLC, a Delaware limited liability company, on behalf of said company.


_____
Notary Public, State of Texas


_____
Notary's Printed Name

Commission Expires:_____



**AFTER RECORDING, RETURN TO:**
William R. Sudela
Crady Jewett McCulley & Houren LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125

## EXHIBIT "B"

## PARTIAL RELEASE OF LIEN

| | |
|---|---|
| **STATE OF ALABAMA** | § |
| | § |
| **COUNTY OF _____** | § |

### Recitals

**LUFKIN INDUSTRIES, LLC, a Texas limited liability company**, ("Claimant"), has sworn out a Verified Statement of Lien (the "Affidavit"), and has caused the Affidavit to be filed in the **Records of the Judge of Probate of _____ County, Alabama, File No. _____/Book ____; P____**. In the Affidavit, Claimant asserts a claim (the "Claim") in the amount of $_____ for material, machinery, supplies, and services furnished by Claimant for a mineral leasehold estate in _____**County, Alabama** (the "Leasehold Estate"), which Leasehold Estate is further described in the Affidavit.

In the Affidavit, Claimant asserts that the payment of the Claim is secured by a lien arising in favor of Claimant pursuant to Alabama Code §35-11-210, et seq. (the "Lien"). The Affidavit further asserts that the Lien not only encumbers the Leasehold Estate, but also encumbers the production (the "Production") from the Leasehold Estate. Claimant would like to release the Lien, but ONLY to the extent the Lien affects the Production, and executes this instrument for that purpose.

## EXHIBIT "B"

### Release

NOW, THEREFORE, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, Claimant hereby declares that the Lien and the Claim are RELINQUISHED, SATISFIED and DISCHARGED, but ONLY to the extent they affect the Production from the Leasehold Estate, it being expressly provided that: (i) by this instrument, Claimant is not releasing any portion of the Claim or the Lien as to any parties or property or property interests described in the Affidavit and not expressly released hereby; and, (ii) except to the extent expressly provided otherwise herein, the Lien remains in full force and effect with respect to all parties named in the Affidavit and all of their respective rights in and to the property described in the Affidavit.

EXECUTED as of the _____ day of _____, 2020.

LUFKIN INDUSTRIES, LLC, a Texas limited liability company

By:_____
      Andy Cordova, President

*Exhibit "B" to*
**Settlement Agreement**
515439v.1 B075/00713

## EXHIBIT "B"

STATE OF TEXAS                    §
                                 §
COUNTY OF HARRIS                 §

This instrument was acknowledged before me on this the _____ day of _____, 2020 by Andy Cordova, President of Lufkin Industries, LLC, on behalf of said company.

_____

Notary Public, State of Texas

_____

Notary's Printed Name

Commission Expires:_____

**AFTER RECORDING, RETURN TO:**
William R. Sudela
Crady Jewett McCulley & Houren LLP
2727 Allen Parkway, Suite 1700
Houston, Texas 77019-2125

*Exhibit "B" to*
**Settlement Agreement**
515439v.1 B075/00713

## EXHIBIT "C"

**CRADY JEWETT McCULLEY & HOUREN LLP**

LAWYERS

2727 ALLEN PARKWAY

SUITE 1700

HOUSTON, TEXAS 77019-2125

----------

(713) 739-7007

E-MAIL: wsudela@cjmhlaw.com

WILLIAM R. SUDELA
PARTNER

TELEFAX
(713)-739-8403

August _____, 2020

Via Certified Mail/RRR No.

_____

_____

_____

Re:    Verified Statement of Lien
       Claimant:      _____
       Operator:      Sklar Exploration Company, LLC
       Property:      _____ County, AL
       Well(s):       _____
       Instrument No: _____
                      in the Records of the Judge of Probate

Ladies and Gentlemen:

This letter is to advise you that a Partial Release of Lien has been filed for record in the Records of the Judge of Probate of _____ County, AL, with respect to the referenced Lien Affidavit. A copy of the Partial Release of Lien is enclosed for your reference.

Contact me if you have any questions regarding this matter.

Very truly yours,

/S/ *William R. Sudela*

William R. Sudela

Enclosure

*Exhibit "C" to*
**Settlement Agreement**
515439v.1 B075/00713