UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**MOTION TO ASSUME NONRESIDENTIAL REAL PROPERTY MINERAL LEASES PURSUANT TO 11 U.S.C. § 365**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together "Debtors"), by and through their attorneys, Kutner Brinen, P.C., move the Court for entry of an Order authorizing the Debtors' assumption of nonresidential real property mineral leases pursuant to 11 U.S.C. § 365 and as grounds therefor, states as follows:

**BACKGROUND**

1. The Debtors filed for relief under chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtors remain Debtors-in-Possession.

2. The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") on April 16, 2020.

3. SEC is engaged in business as an independent exploration and production company in the oil and gas industry. SEC is an operating company and does not own oil or gas properties. SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. SEC's exploration and production activities are primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle. SEC is also developing properties and opportunities in the western United States, though no oil or gas production has been produced from the wells in the western United States.

4. Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

5. On the Petition Date, Sklarco was a party to approximately 4,000 mineral leases located across the United States. A majority of the SEC operated leases are located in Alabama, Louisiana, Mississippi, and Texas, with a smaller number in Montana, Wyoming, and Florida. Sklarco is also a party to numerous mineral leases on non-SEC operated properties in Alabama, Louisiana, Mississippi, Texas, Arkansas, and Arizona. A list of the mineral leases ("Mineral Leases") is attached hereto as Exhibit A.

6. Each of the wells operated by SEC is subject to a number of different property interests, including royalty interests ("RIs"), overriding royalty interests ("ORRIs"), and working interests ("WIs"). RIs and ORRIs are not required to contribute to the ongoing expenses and development of the operation of the wells, while WIs are required to contribute a proportionate share for ongoing operation of the operated property in which they hold a WI.

7. When Sklarco enters into a mineral lease, Sklarco typically a pays an initial flat fee upon entering into the subject mineral lease. The Mineral Leases further provide that the lessor will receive an RI if a well is drilled to extract oil and/or gas from the leased property, and will receive a percentage of the revenue from sale of hydrocarbons on account of the lessor's RI. An example of an oil and gas lease is attached hereto as Exhibit B. Sklarco is current on all pre- and post-petition obligations to RI holders.

8. Pursuant to 11 U.S.C. § 365(d)(4), the Debtors must assume or reject nonresidential real property lease within 120-days from the Petition Date.

9. On July 27, 2020 the Court entered its *Order Granting Debtors' Motion For Entry Of Order Extending Time to Assume or Reject Nonresidential Real Property Leases Pursuant to Bankruptcy Code § 365(d)(4)* ("Extension Order") (Doc. #501), extending the time period for assumption or rejection of nonresidential real property leases through and including October 29, 2020. This date may not be extended without the written consent of the lessor pursuant to 11 U.S.C. § 365(d)(4)(B)(ii). Given the number of lessors associated with the Mineral Leases, obtaining written consent from each lessor would be a near impossible task to achieve.

**RELIEF REQUESTED**

10. This Motion relates only to the assumption of the Mineral Leases. Assumption of Operating Agreements and similar non-real property executory contracts will be addressed in connection with a Plan of Reorganization or by separate motion. Sklarco's assumption of the Mineral Leases is without prejudice to any and all parties' rights or defenses to assumption of the applicable Operating Agreements or similar contracts.

*A. **The Mineral Leases are Real Property Leases Under Applicable State and Non-Bankruptcy Law***

11. While each state varies in its treatment of mineral leases as real or personal property, a majority of the states in which Sklarco holds mineral interests treat the Mineral Leases as real property as opposed to personal property, including Arkansas, Florida, Mississippi and Wyoming. Out of an abundance of caution, Sklarco is also seeking assumption of all oil and gas leases, including oil and gas leases in Alabama, Louisiana, and Texas to the extent such interests are considered real property leases. Such oil and gas leases are included in the Mineral Leases set forth on Exhibit A.

12. Courts in Arkansas, Florida, Mississippi, and Wyoming have consistently held that oil and gas leases are treated as interests in real property. *See e.g., Arrington v. United Royalty Co.*, 65 S.W.2d 36 (Ark. 1933) ("We have held that leases given for a definite period in which exploration and discovery of the mineral might be made, to continue as long thereafter as oil and gas is produced conveys not merely a license but an interest and easement in the land itself."); *Straughn v. Sun Oil Co. (Delaware)*, 345 So. 2d 1062 (Fla. 1977) (holding that mineral interests are taxable interests in real property); *Humble Oil & Refining Co. v. Martin*, 298 F.2d 163 (5th Cir. 1961) ("An oil, gas and mineral lease under the law of Mississippi is a sale and conveyance of an interest in real property…"); *Amerada Petroleum Corp. v. Rio Oil Co.,* 225 F. Supp. 907 (D. Wyo. 1964) (holding that an oil and gas lease in Wyoming conveys an interest in real property).

13. As such, it is evident that the Mineral Leases in Arkansas, Florida, Mississippi and Wyoming are real property leases, and must be assumed in accordance with the deadlines set forth in 11 U.S.C. § 365(d), barring which they will be "deemed rejected," and Sklarco would be forced

3

to relinquish such leasehold interests to the detriment of all creditors and SEC as the operator of wells on many of the subject properties.

14. In contrast, courts in Alabama have taken conflicting views on whether a lease for mineral rights constitutes an interest in real or personal property. State courts have found that interests in oil, gas, and mineral rights are properly classified as an interest in real property, while the Alabama Bankruptcy Court has held that oil and gas leases are executory contracts for personal property, and not real property leases. *Compare Willcut v. Union Oil Co. of California*, 432 So. 2d 1217, 1221 (Ala. 1982) ("A mineral interest is a corporeal hereditament[.]") *and Dominion Resources Black Warrior Trust v. Walter Energy, Inc.*, 2016 WL 3924227, 2016 U.S. Dist. LEXIS 95146, at *15 (N.D. Ala. 2016) (holding that Alabama Law grants a personal property interest in oil and gas interests subject to a lease).

15. Similarly, courts in Louisiana and Texas have held that while mineral leases are an interest in real property, they are not an "unexpired lease for the purpose of § 365(d)(4)." *See* . *In re WRT Energy Corp.*, 202 B.R. 579, 585 (Bankr. W.D. La. 1996) (quoting *In re Ham Consulting Company/William Lagnion/JV*, 143 B.R. 71, 75 (Bankr. W.D. La. 1992)); *In re Topco*, 894 F.2d 727, fn. 17 (5th Cir. 1990).

16. While the Alabama, Louisiana, and Texas Mineral Leases may not be real property leases that are subject to the deadline imposed by 11 U.S.C. § 365(d), Sklarco nonetheless seeks assumption of the Alabama, Louisiana, and Texas Mineral Leases out of an abundance of caution.

17. A majority of Sklarco's Mineral Leases are in Alabama, with a substantial number held in Louisiana and Texas as well. The Mineral Leases have substantial value, and provide an ongoing substantial benefit to Sklarco's estate, and to SEC's estate to the extent SEC is the operator of a well drilled on Sklarco's Mineral Leases. Because the Mineral Leases hold substantial value, assumption of such leases is necessary to ensure that, to the extent such leases could be considered a real property lease, they are not deemed rejected pursuant to 11 U.S.C. § 365(d)(4). Accordingly, entry of an Order assuming the Alabama, Louisiana, and Texas oil and gas leases is necessary to ensure the preservation of the assets of Sklarco's estate.

**B. *Assumption of the Mineral Leases is a Sound Exercise of the Debtor's Business Judgment***

18. Assumption or rejection of executory contracts or unexpired leases by a debtor is subject to Court review under the business judgment standard. See *NLRB v. Bildisco & Bildisco*,

465 U.S. 513, 523 (1984); *In re Mile High Medal Systems, Inc.*, 899 F.2d 887, 896 (10th Cir. 1990); *In re Grayhall Resources, Inc.*, 63 B.R. 382, 384 (Bankr. D. Colo. 1986).

19. Pursuant to the business judgment test, the debtor's decision to assume or reject an executory contract or an unexpired lease should be approved when the debtor decides, in good faith, that assumption or rejection is beneficial to the estate. *In re Chipwich, Inc.*, 54 B.R. 427, 430-431 (Bankr. S.D.N.Y. 1985) ("it is enough, if, as a matter of business judgment, rejection of the burdensome contract may benefit the estate"). Under Section 365(a), "the debtor's business judgment should not be interfered with, absent a showing of bad faith or abuse of business discretion." *Chipwich, Inc.,* 54 B.R. 430-31. As stated by one Court, "Court approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course." *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981).

20. Bankruptcy courts around the country have frequently deferred to a debtor's business judgment when approving whether or assume or reject an oil, gas, or mining lease. See *In re J.H. Land & Cattle Co.*, 8 B.R. 237 (Bankr. W.D.O.K. 1981). Further, bankruptcy courts have approved the assumption of oil, gas, and mining leases in chapter 11 cases where the leases were paramount to the operations and reorganization of the debtor. See *In re C.W. Mining Co.*, 422 B.R. 746 (B.A.P. 10th Cir. 2010); *In re Rovig Minerals, Inc.*, 2020 Bankr. LEXIS 1392 (Bankr. W.D.L.A. 2020); *In re TXCO Res., Inc.*, 2009 Bankr. LEXIS 5379 (Bankr. W.D.T.X. 2009).

21. As set forth above, the Debtors request entry of an Order authorizing Sklarco's assumption of the Mineral Leases, as assumption of such Mineral Leases is necessary to ensure that they are not deemed rejected pursuant to 11 U.S.C. § 365(d) to the extent they are or could be considered nonresidential real property leases.

22. Assumption of the Mineral Leases is in the best interest of the Debtors, their respective estates, and their creditors. The Mineral Leases are a primary asset of Sklarco's estate, and hold significant value. The Mineral Leases further provide value to SEC's estate to the extent SEC is an operator of a well on Sklarco's mineral leases. It is only by preserving the value of the Mineral Leases that Sklarco and SEC will continue generating the revenue necessary to reorganize, and maintain the value of their respective estates.

23. If the Mineral Leases are not assumed, and are deemed rejected by operation of Section 365(d)(4), Sklarco's estate would lose almost all of its value, and the Debtors' reorganization efforts would fail. The Debtors' estates would be left with little to no assets to satisfy claims of their respective creditors and, if the Mineral Leases are deemed rejected, it would impair the interests of thousands of lessors/RI holders and ORRI holders, and could result in the impairment of the WI holders' interests. By ensuring that Sklarco's interests in the Mineral Leases are preserved, the Debtors are also ensuring the preservation of other interests in Mineral Leases, including the RIs, ORRIs, and WIs.

24. As set forth above, the Debtors are only seeking assumption of the Mineral Leases at this time. Any related Operating Agreements or similar executory contracts, and any alleged cure obligations associated therewith, will be addressed through either separate motions, or through the Debtors' Plans.

25. The Mineral Leases are paid in full leases that convert to RI interests after a well is drilled. As such, Sklarco is current on all payments due under the Mineral Leases, and asserts that no further cure payment is necessary.

26. Accordingly, assumption of the Mineral Leases is a sound exercise of the Debtors' business judgment, and is in the best interests of the Debtors, their estates, and their creditors.

WHEREFORE the Debtor prays that the Court enter an Order authorizing the Debtors to assume the oil and gas leases set forth in Exhibit A, and granting such further and additional relief as to the Court may appear just and proper.

Dated: October 13, 2020                         Respectfully submitted,

                                                By: /s/ Keri L. Riley
                                                    Lee M. Kutner, #10966
                                                    Keri L. Riley, #47605
                                                    **KUTNER BRINEN, P.C.**
                                                    1660 Lincoln Street, Suite 1850
                                                    Denver, CO 80264
                                                    Telephone: (303) 832-2400
                                                    E-Mail: lmk@kutnerlaw.com

6