# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| SKLAR EXPLORATION COMPANY, LLC, *et al.*,[1] | § § § | Case No. 20-12377-EEB |
| Debtors. | § § § | (Jointly Administered) |

## THIRD STIPULATION AND REQUEST FOR ORDER EXTENDING THE COMMITTEE'S CHALLENGE PERIOD UNDER THE FINAL CASH COLLATERAL ORDER

The Official Committee of Unsecured Creditors of Sklar Exploration Company, LLC (the "Committee") and East West Bank, in its capacity as Prepetition Agent and Lead Arranger (in such capacities, "EWB"[2], and together with the Committee, the "Parties" and each a "Party"), by and through their respective undersigned counsel, hereby stipulate and agree (the "Stipulation") to the following:

**WHEREAS**, on June 15, 2020, the Court entered the *Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection, and Providing Related Relief* (the "Final Cash Collateral Order") [Dkt. No. 433].

**WHEREAS**, pursuant to paragraph 12 of the Final Cash Collateral Order, the Debtor's agreements, acknowledgments, stipulations, representations, and releases set forth in the Final Cash Collateral Order, including, without limitation, the stipulations, agreements, and admissions included in Paragraph G of the Final Cash Collateral Order, shall become binding on all parties in interest, unless, in the case of the Committee, the Committee has timely filed the appropriate pleadings, and timely commenced the appropriate proceedings required under the Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930) and Sklarco, LLC (5432).

[2] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Final Cash Collateral Order.

4825-5465-8510v.1

Code and Bankruptcy Rules, (i) challenging the legality, validity, enforceability, or avoidability of the Obligations, the Prepetition Indebtedness or the Prepetition Liens, or (ii) otherwise asserting or prosecuting any avoidance actions or any other claims, counterclaims, causes of action, objections, contests, or defenses (each a "Challenge," and collectively, the "Challenges") against EWB or the Released Parties by no later than July 17, 2020 (the "Challenge Period");

**WHEREAS**, on July 16, 2020, the Parties filed their *Stipulation and Request for Order Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 473] (the "First Stipulation"), whereby the Parties sought to have the Challenge Period extended through and including August 31, 2020 (the "Extended Challenge Period"). Subsequently, this Court entered its *Order Approving Stipulation Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 475].

**WHEREAS**, on August 25, 2020, the Parties filed their *Second Stipulation and Request for Order Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 535] (the "Second Stipulation"), whereby the Parties sought to have the Challenge Period extended through and including October 15, 2020 (the "Second Extended Challenge Period"). Subsequently, this Court entered its *Order Approving Second Stipulation Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 538]

**WHEREAS**, the Committee and EWB have agreed to extend the Second Extended Challenge Period with respect to the Committee, subject to and in accordance with the terms hereof.

**NOW THEREFORE**, the Committee and EWB stipulate and agree as follows:

1. Solely with respect to the Committee, the Second Extended Challenge Period is hereby extended through and including November 25, 2020, as may be further extended in writing by the parties hereto.

2. Except as expressly set forth herein, nothing contained herein shall constitute an amendment or modification to the Final Cash Collateral Order, and the Final Cash Collateral Order shall otherwise remain in full force and effect, and all parties' respective rights, remedies, and limitations thereunder shall remain unaffected.

3. This Stipulation shall be binding and effective upon execution by all the parties hereto.

4. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

## REQUEST FOR RELIEF

**WHEREFORE**, the Committee and EWB pray the Court make and enter an Order approving this Stipulation, and for such further and additional relief as the Court may appear just and proper.

[*Remainder of page intentionally left blank*]

4825-5465-8510v.1

Respectfully submitted this 14th day of October, 2020

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Christopher D. Johnson*
Christopher D. Johnson
Texas Bar No. 24012913
John D. Cornwell
Texas Bar No. 24050450
Grant M. Beiner
Texas Bar No. 24116090
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-1470
Facsimile: (713) 222-1475
cjohnson@munsch.com
jcornwell@munsch.com
gbeiner@munsch.com

**COUNSEL FOR
THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Bryce A. Suzuki*
Bryce A. Suzuki, AZ Bar No. 022721
Two North Central Avenue, Suite 2100
Phoenix, AZ 85004-4406
Phone: (602) 364-7000
Facsimile: (602) 364-7070
Email: bryce.suzuki@bclplaw.com

**ATTORNEYS FOR EAST WEST BANK**

4825-5465-8510v.1