UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**SUPPLEMENT TO MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST BILLING OBLIGATIONS**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco"), by and through their attorneys, Kutner Brinen, P.C., state their Supplement to the *Motion for Clarification of Orders and to Authorize Immediate Offset of Joint Interest Billing Obligations* (Docket No. 551) ("Offset Motion") as follows:

1. The Debtors filed their Offset Motion on September 4, 2020, seeking clarification of certain provisions in the Oil and Gas Order and the Final Cash Collateral Order that inadvertently created an artificial justification for working interest holders to refuse to pay Joint Interest Billings ("JIBs").

2. The purpose in filing the Offset Motion is to ensure that SEC can continue to exercise its rights and collection remedies in accordance with the various Operating Agreements, rights and remedies that were inadvertently limited by the language in the Final Cash Collateral Order.

3. By way of example, the Unit Operating Agreement for the Fishpond Oil Unit, attached hereto as Exhibit A, states, in section 11.4 on page 12 and 13, states:

> In addition, upon default by any Working Interest Owner in the payment of its share of Unit Expenditures, Unit Operator shall have the right without prejudice to other existing remedies, to collect from the purchaser the proceeds from the sale of such Working Interest Owner's share of Unitized Substances not to

1

> exceed seven-eighths (7/8ths) of the proceeds allocated to the Tract or Tracts in which said Working Interest Owner owns a Working Interest, until the amount owed by such Working Interest Owner, plus interest as aforesaid, has been paid.

4. Under the plain language of the Unit Operating Agreement, SEC would have the ability to net unpaid JIBs from the production revenue that would otherwise be payable to working interest holders subject to receipt of written notice from SEC.

5. Similarly the Model Form Operating Agreement for the Cedar Creek Land & Timber 4-1 #1 Well, attached hereto as Exhibit B, provides, in Article VII, on page 11, that the "Operator shall have the right, without prejudice to other rights and remedies, to collect from the purchaser the proceeds from the sale of the [defaulting] Non-Operator's share of oil and/or gas" until the JIBs owed to SEC by the working interest ("WI") holder have been paid in full.

6. The unintended result of heavily negotiated language in the Final Cash Collateral is that SEC's rights to pursue collection of JIBs by netting the unpaid JIBS against the post-petition revenue owed to WI holders has been limited to those rare situations where the non-compliant WI holder agrees to netting their JIBs against revenue.

7. Specifically, the Final Cash Collateral provides, in paragraph 2 starting on page 11:

> (c) The Budget shall provide, and the Debtors shall, at all times during these Bankruptcy Cases, deposit 100% of the revenue received on account of non-operating working interests ("WIO Revenue") into the revenue account maintained by SEC. . . . <u>SEC shall account for receipt and deposit of WIO Revenue by working interest owner in accordance with best practices for the industry, and may not use funds due to a non-insider working interest owner without that owner's written consent.</u> SEC shall pay WIO Revenue to the non-insider working interest holders in accordance with the *Order Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations* [Dkt. No. 317], which payments are indefeasible subject to rights and obligations under relevant Participation Agreements, Joint Operating Agreements, or similar agreements. <u>Subject to the Budget, SEC and a non-insider working interest owner may agree in writing to offset any WIO Revenue due to that interest owner against any payments due from that WIO to SEC, including pre- and post-petition amounts due.</u>

(emphasis added)

8. As a result of language in the Final Cash Collateral Order, certain WI holders have refused to pay their JIBs, knowing that SEC cannot take further collection action against their revenue.

9. Since the filing the Offset Motion, SEC has received JIB payments from some WI holders, reducing the total balance owed for unpaid JIBS. However, certain WI holders continued to refuse to pay JIBs, impairing SEC's cash flow and ability to maintain its ongoing operations. As set forth in the updated statement of accounts receivables attached hereto as Exhibit C, SEC is owed $1,205,863.03 in past due, unpaid JIBs.[1]

10. As the Debtors have made abundantly clear through the motions filed and at hearings in this case, the continued payment of JIBs by WI holders is crucial to SEC's continued operations and successful maintenance of the wells.

11. While all of the revenue owed to Sklarco is maintained at SEC for continued operations, Sklarco's revenue amounts to approximately 18% of the total revenue collected by SEC for the sale of oil and gas products. Thus, for every $100 collected by SEC for the sale of oil and gas, $18 is retained at SEC for use in ongoing operations, while $82 is paid out to other interest holders.

12. Despite paying out 82% of the revenue collected, SEC remains obligated to pay 100% of the ongoing expenses of the operations of the wells, and is required to remain current on the post-petition expenses.

13. Without the ongoing payment of JIBs, or the ability to collect unpaid JIBs from post-petition revenue, SEC will be unable to meet its ongoing operating expenses, crippling SEC's reorganization efforts.

### A.  Section 553(a) Does Not Excuse the Ongoing Payment of JIBs

14. Several of the parties filing objections to the Debtors' Offset Motion, including Fant Energy Limited ("Fant") and McCombs Energy, Ltd. ("McCombs"), assert that netting JIBs against revenue is not warranted, as certain setoff rights exist pursuant to 11 U.S.C. § 553(a).

15. Specifically, McCombs asserts that it "properly offset the prepetition debts owed to it by the Debtors against its joint interest billing obligations." (Docket No. 568, ¶ 5).

16. Any set off rights asserted by a party are stayed as a result of the bankruptcy filing pursuant to 11 U.S.C. § 362(a)(7). Accordingly, any setoff of JIBs against pre-petition revenue would constitute a violation of the automatic stay absent entry of an order granting relief from stay, and would therefore be void and without effect.

---

[1] The Accounts Receivables statement includes JIBs that are currently owed, for which statements were only recently issued. The collection of all receivables is vital to SEC's ongoing operations; however, the current JIBs are not the primary focus of the Offset Motion. Rather the primary focus is the unpaid, pasty-due JIBs.

17. Additionally, any alleged rights of setoff can only apply to pre-petition JIBs, and does not relief the obligation for creditors to continue paying JIBs on a post-petition basis. *See United States v. Myers (In re Myers)*, 362 F.3d 667, 672 (10th Cir. 2004).

18. As such, SEC's rights and ability to offset JIBs against revenue on a post-petition basis cannot be impaired by any alleged right of setoff to the extent such JIBs arise post-petition, as such amounts are not subject to setoff in accordance with the plain language of section 553(a).

**B.** **Allowing Creditors to Recoup JIBs Against Pre-Petition Revenue Would Lead to Inequitable Results, and Would Impair SEC's Ability to Maintain Operations.**

19. In the *Objection and Joint of JJS Interests Escambia, LLC, JJS Interests, Steele King, LLC, and JJS Working Interests, LLC to Motion For Clarification of Orders, and to Authorize Immediate Offset of Joint Interest Billing Obligations* (Docket No. 569), JJS asserts that the equitable remedy of recoupment allows JJS to avoid payment of JIBs where the JIB obligation arises out of the same operating agreement as the revenue owed to the WI holder.

20. "Recoupment is "narrowly construed" in bankruptcy cases because it violates the basic principle of equal distribution to creditors." *Conoco, Inc. v. Styler (In re Peterson Distrib.)*, 82 F.3d 956, 959-60 (10th Cir. 1996).

21. The Tenth Circuit has held that for the doctrine of recoupment to apply, it is not sufficient for the obligation between a creditor and the debtor to merely arise out of the same contract. *Id.* at 960. Rather the claims must be so closely intertwined that allowing the debtor to avoid its obligation would be inequitable. *Alliance Well Serv., LLC v. J.S. Ward & Son, Inc. (In re Alliance Well Serv., LLC)*, 577 B.R. 389, 369 (Bankr. D.N.M. 2017) (quoting *In re Beaumont*, 586 F.3d 776, 781 (10th Cir. 2009)).

22. In the present case, it would be inequitable to allow WI holders to recoup their unpaid post-petition JIBs against pre-petition revenue, as it would impair SEC's ability to continue to pay its post-petition obligations incurred as a result of operating the wells for the benefit of all WI holders, resulting in a diminution of the estate to the detriment of all creditors, and would further result in a result in a decrease in the WI holders' claims ahead of similarly situated unsecured creditors.

23. SEC acknowledges that the unpaid pre-petition revenue owed to WI holders is an obligation that must be addressed in connection with SEC's assumption of any Operating Agreements. However, SEC has not yet moved to assume any Operating Agreements and will

likely address assumption or rejection of the agreements in a Plan of Reorganization. Until SEC has assumed any of the Operating Agreements, the WI holders remain unsecured creditors.

24. Allowing WI holders to recoup post-petition JIBs against pre-petition unpaid revenue would allow unsecured creditors to elevate their claims ahead of secured creditors and other similarly situated WI holders in violation of the priority scheme that constitutes a "basic underpinning of business bankruptcy law." *See Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 983 (2017).

25. Additionally, allowing recoupment of post-petition JIBs against pre-petition unpaid revenue will deprive SEC of funds necessary to maintain ongoing operations and continue to operate the wells for the benefit of all creditor.

26. Accordingly, clarification of the Final Cash Collateral Order and the Oil and Gas Order, and authorization to allow SEC to immediately offset JIBs against post-petition revenue owed to non-compliant WI holders is warranted.

WHEREFORE, the Debtors pray the Court make and enter an Order clarifying the Oil and Gas Order and the Final Cash Collateral Order, authorizing SEC to immediately offset JIBs against post-petition revenue owed to non-complaint WI holders, and for such further and additional relief as to the Court may appear just and proper.

DATED: October 21, 2020          Respectfully submitted,

By: /s/ Keri L. Riley
Lee M. Kutner, # 10966
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
E-mail: klr@kutnerlaw.com

## CERTIFICATE OF SERVICE

      I certify that on October 21, 2020, I served a complete copy of the foregoing **SUPPLEMENT TO MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST BILLING OBLIGATIONS** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Craig K. Schuenemann, Esq.
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302

Bryce A. Suzuki, Esq.
Bryan Cave Leighton Paisner, LLP
Two North Central Avenue
Suite 2100
Phoenix, AZ 85004-4406

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Robert L. Paddock, Esq.
Buck Keenan LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, Mississippi 39158-6020

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, Louisiana 71101

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, Louisiana 71120-2260

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, Mississippi 39205

John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Christopher D. Johnson, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street
Suite 2700
Houston, TX 77002

Michael J. Guyerson, Esq.
Buechler Law Office, LLC
999 18th Street
Suite 1230 South
Denver, CO 80202

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
Shreveport, Louisiana 71120-2260

Robert L. Paddock, Esq.
Buck Keenan, LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

3

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos Street
Suite 700
Austin, TX 78701

Andrew G. Edson, Esq.
Clark Hill Strasburger
901 Main Street
Suite 6000
Dallas, TX 75202

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Christopher H. Meredith, Esq.
Glenn Gates Taylor, Esq.
Copeland Cook Taylor & Bush, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine, LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, Louisiana 71166

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett
McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Brian G. Rich, Esq.
Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Katherine A. Ross, Esq.
U.S. Attorney's Office for the
  District of Colorado
Assistant United States Attorney
1801 California Street
Suite 1600
Denver, CO 80202

Ryco Exploration, LLC
401 Edwards Street
Suite 915
Shreveport, LA 71101
ATTN: M. Robin Smith

Ryco Exploration, LLC
40 Golf Club Drive
Haughton, LA 71037
ATTN: M. Robin Smith

Stephen K. Lecholop II, Esq.
Rosenthal Pauerstein, Esq.
Sandoloski Agather LLP
755 East Mulberry
Suite 200
San Antonio, TX 78212

| | |
|---|---|
| Katherine Guidry Douthitt, Esq.<br>Blanchard Walker O'Quin & Roberts<br>P.O. Box 1126<br>Shreveport, Louisiana 71163 | Chris Crowley, Esq.<br>Feldmann Nagel Cantafio, PLLC<br>1875 Lawrence Street<br>Suite 730<br>Denver, CO 80202 |
| Andrew J. Shaver, Esq.<br>Bradley Arant Boult Cummings LLP<br>1819 Fifth Avenue North<br>Birmingham, AL 35203 | |
| Theodore J. Hartl, Esq.<br>Ballard Spahr LLP<br>1225 17th Street<br>Suite 2300<br>Denver, CO 80202-5596 | |
| John H. Smith<br>Quitman Tank Solutions, LLC<br>P.O. Box 90<br>Quitman, MS 39355 | **/s/Vicky Martina**<br>**Vicky Martina** |
| Belinda Harrison<br>58 County Road 5033<br>Heidelberg, MS 39439 | **Kutner Brinen PC** |
| Casey C. Breese, Esq.<br>Welborn Sullivan Meck & Tooley, P.C.<br>1125 17th Street<br>Suite 2200 South<br>Denver, CO 80202 | |
| Jeff Carruth, Esq.<br>Weycer Kaplan Pulaski & Zuber, P.C.<br>11 Greenway Plaza<br>Suite 1400<br>Houston, TX 77046 | |
| Michael E. Riddick, Esq.<br>Katherine Guidry Douthill, Esq.<br>Blanchard Walker O'Quin & Roberts, P.C.<br>333 Texas Street<br>Regions Tower<br>Suite 700<br>Shreveport, Louisiana 71101 | |