**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11 |
| | **Joint Administered Under**<br>**Case No. 20-12377 EEB** |

**OBJECTION OF PICKENS FINANCIAL GROUP, LLC, THE RUDMAN PARTNERSHIP AND TAUBER EXPLORATION & PRODUCTION CO. TO DEBTORS MOTION TO RECONSIDER, ALTER OR AMEND [DOCKET No. 620] ORDER GRANTING *EX PARTE* MOTION FOR EXAMINATION OF DEBTORS PURSUANT TO FED. R. BANKR. P. 2004 AND LOCAL BANKR. R. 2004-1 [DOCKET No. 619]**

*This Objection is filed subject to the Court's Order entered October 21, 2020 [Docket No. 622] directing the parties to attempt to resolve their discovery dispute. Shortly after reviewing the Order on October 21, 2020, the Respondents' counsel proposed to Debtors' counsel a resolution of the issues raised in Debtors' Motion to Reconsider. As of the filing of this Objection no reply has yet been received.*

**NOW INTO COURT**, through undersigned counsel, comes Pickens Financial Group, LLC, The Rudman Partnership, and Tauber Exploration & Production Co. ("Respondents"), creditors and parties in interest of Sklar Exploration Company, LLC, ("SEC") in the jointly-administered bankruptcy cases (the "Cases") of SEC and Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors"), who file this *Objection to Debtors' Motion TO Reconsider, Alter or Amend Order Granting Ex Parte Motion for Examination of Debtors Pursuant to Fed. R. Bankr. P. 2004 and Local Bankr. R. 2004-1* [Docket No. 620] (the "2004

1

Motion"), and respectfully represent as follows:

## Grounds for Objection

1. In his letter dated February 13, 2020 to the Escambia Prospect working interest owners (attached as Exhibit "A"), SEC's COO, J. Marshall Jones, III, opened the door to discovery of the financial performance of the Abbyville Plant and the revenues payable to the working interest owners prior to March 1, 2020 by attaching a spreadsheet with pro forma comparisons of the alleged actual financial performance of the gas plant during 2018 and 2019 to the hypothetical financial performance during that same time period if SEC had been operating the plant under the proposed new operating agreement.

2. The letter was nothing short of a sales pitch attempting to convince the working interest owners that they will do better under the proposed new arrangement, including the SEC management fee, than they had been doing since January 2014, when Plains reached payout of its preferred return under the 2011 Service Agreement and the working interest owners were then to begin receiving "75% of the net revenue attributable to the proceeds from the sale of residue gas, natural gas liquids and condensate produced from our wells in the Brooklyn field and processed at the plant."[1]

3. Another reason that the Order correctly granted leave to conduct a Rule 2004 examination that included testimony and documents from the 2014-2020 time period is that, in its capacity as Operator of the SE and SW Brooklyn Units, SEC received from Plains the revenues from the Abbyville plant and had the responsibility to correctly pay the working interest owners their share of the net revenue. So, contrary to Debtors' argument that they should not have to turn over documents for time periods prior to SEC taking over operation of

---

[1] Letter dated February 28, 2014 from David Barlow (of SEC) to Escambia Prospect working interest owners, attached as Exhibit "B."

2

the Abbyville gas plant on March 1, 2020, SEC had handled the receipt and disbursement of revenues from 2014 to 2020 and was duty bound as Operator to keep accurate records of what it received and what it disbursed.

4. Finally, the reason the Respondents need to examine and obtain documents regarding SEC's receipt and disbursement of revenues from the Abbyville Plant is that SEC's monthly statements (both before and after March 1, 2020) do not clearly delineate plant revenue. Respondents need to have SEC's records and the testimony of corporate representatives with knowledge so that they may determine if they have been underpaid or otherwise paid incorrectly, as well as to put SEC's sales pitch for the new plant management fee to the test.

## Argument and Authorities

5. Although motions to reconsider or for reconsideration are not recognized by the Federal Rules of Civil Procedure or Bankruptcy Procedure, *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991), Debtors' Motion could be considered (1) a motion to alter or amend a judgment under Fed. R. Bankr. P. 9023, which makes Fed. R. Civ. P. 59(e) applicable in bankruptcy proceedings; or (2) a motion for a new trial under Rule 9023, which makes Fed. R. Civ. P. 59(a)-(d) applicable in bankruptcy proceedings. But Debtors have presented no grounds sufficient to alter or amend the Court's Order.

6. Although Debtors do not identify Rule 59(e) of the Federal Rules of Civil Procedure, or under any other rule, as the legal basis for the relief they seek, it is Rule 59(e) that permits a party to file a motion to alter or amend a judgment before the judgment becomes final. *See* Fed. R. Civ. P. 59(e); *Merritt Hawkins & Assoc., LLC v. Gresham*, 861 F.3d 143, 157 (5th Cir. 2017). Specifically, Rule 59(e) "allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered

evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Trevino*, 944 F.3d at 570 (quoting *Templet*, 367 F.3d at 479). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. See *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012).

7. Debtors do not satisfy any of the elements required for relief under Fed. R. Civ. P. 59, nor do they state grounds that would have been valid objections to the relief sought by Respondents under Rule 2004. As Operator, SEC is in the business of creating and maintaining accurate records and information of the kind requested by Respondents and should not be heard to complain that it be required turn over such records and information pursuant to a lawful request under Rule 2004. For these reasons, the Motion to Reconsider should be denied.

4

**Prayer**

Respondents respectfully request that this Court enter an order denying Debtors' Motion to Reconsider.

Dated this 22nd day of October, 2020.

        Respectfully submitted,

        **Maynes, Bradford, Shipps & Sheftel, LLP**

        */s/ Thomas H. Shipps*
        Thomas H. Shipps
        */s/ Shay L. Denning*
        Shay L. Denning
        Maynes, Bradford, Shipps & Sheftel, LLP
        835 E. Second Ave., Suite 123
        Durango, CO 81301
        Telephone: (970) 247-1755
        Facsimile: (970) 247-8827
        Email: tshipps@mbssllp.com;
              sdenning@mbssllp.com

        and

        */s/ Barnet B. Skelton, Jr.*
        Barnet B. Skelton, Jr.
        Attorney at Law
        815 Walker, Suite 1502
        Houston, TX 77002
        Telephone: (713) 516-7450
        Facsimile: (713)659-8764
        Email: barnetbjr@msn.com

        Counsel for Respondents

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 22, 2020, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing

        /s/ *Barnet B. Skelton, Jr.*
        Barnet B. Skelton, Jr.