UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: Sklar Exploration Company, LLC, Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re: Sklarco, LLC, Debtor. | Case No. 20-12380 EEB<br>Chapter 11 |
| | **Joint Administered Under-Case No. 20-12377 EEB** |

**LIMITED OBJECTION OF JF HOWELL INTERESTS, LP
TO THE DEBTORS' MOTION TO APPROVE GLOBAL SETTLEMENT AGREEMENT
TO RESOLVE ADVERSARY PROCEEDINGS**

**NOW INTO COURT**, through undersigned counsel, comes JF Howell Interests, LP ("Howell Interests"), a creditor and party in interest, who files this limited objection to the Motion to Approve Global Settlement Agreement to Resolve Adversary Proceedings filed October 7, 2020 [Doc. #591] ("Motion To Approve") by Sklarco, LLC ("Sklarco") and Sklar Exploration Company, LLC ("SEC") (collectively, "Debtors"), and respectfully represents as follows:

1.    The Court is well versed on Howell Interests' concerns with the wells and property subject of the various adversary proceedings, e.g., No. 20-01210-EEB and 20-01191-EEB ("Adversary Proceedings"). Howell Interests owns a working interest in each of the properties, wells, production and oil and gas leases in the State of Alabama against which Kelley Brothers Contractors, Inc., GE Oil & Gas Pressure Control, LP, Baker Hughes Oilfield Operations, LLC,

Baker Petrolite, LLC and Lufkin Industries, LLC (collectively "M&M Lien Claimants") have filed multiple statements of lien ("Lien Affidavits") and who have issued notice thereof to the working interest owners, including Howell Interests, of the lien claims.

2. According to the Lien Affidavits, M&M Lien Claimants have claimed a lien on the working interest of Howell Interests. It is important to note that all of the unpaid invoices for which the M&M Lien Claimants filed Lien Affidavits involved work on the wells in which Howell Interests is a working interest owner and who had paid all of the Joint Interest Billings ("JIBs") generated by SEC and sent to Howell Interests. Howell Interests has confirmed that the JIBs it paid included at least some of the bills supporting the Lien Affidavits of the M&M Lien Claimants. Upon information and belief and subject to confirmation in discovery, SEC billed Howell Interests through the JIBs for all of such amounts and Howell Interests timely paid its pro rata part of the invoices. SEC, however, in breach of the agreements had not first paid the invoices, and apparently even failed to pay the invoices after it prepared and distributed the JIBs to the working interest owners and after SEC was paid by the working interest owners therefore.

3. Based on all available information, the Lien Affidavits claim that work performed at the behest of SEC pre-petition was done, but not paid for, by SEC. Consequently, the Lien Affidavits, all filed post-petition, sought to impose the lien on the proceeds of the sale of post-petition production, and, because the M&M Claimants claimed that their liens also attached to the proceeds of the sale of the post-petition production in the hands of the purchasers of that production, the purchasers "suspended" the sales proceeds rather than paying the funds to SEC and put the purchasers in jeopardy of having to pay twice if the liens were deemed valid against the proceeds.

- 3 -

4. The purchasers of the production, in the Adversary Proceedings, sought a judgment directing them to whom to pay the proceeds.

5. Howell Interests was not a party to the Adversary Proceeding, nor were any working interest owners, although Howell Interests could certainly have intervened and asserted claims against SEC for breach of contract in failing to pay the amounts due and in converting the funds and for breach of its duties, and possibly bringing in others under related tort-based claims. However, Howell Interests did not intervene and is awaiting the appropriate time to assert the claims against SEC and the culpable parties.

6. This is important because the Settlement Agreement, at paragraph 6, is broadly worded and could be interpreted to attempt to resolve any claims against SEC, Sklarco or its officers or employees involved in the illicit conduct. Howell Interests does not intend to waive any such claims by or through the settlement of the Adversary Proceedings and specifically desires the Debtors to except and reserve such claims as part of the settlement.

7. Importantly, the settlement of the Adversary Proceedings effects a release of the lien claims against the purchasers of the production but Debtors did not effect the satisfaction and release of the claims against the working interest owners, including Howell Interests, and left those interests at risk, even though the amounts had been paid by the working interest owners through the issuance of JIBs by SEC.

8. Further, the Settlement Agreement is completely silent on when, if ever, SEC or Sklarco intends to effect the satisfaction and release of the liens against the interests of the working interest owners, including Howell Interests. That silence is especially troubling because the settlement releases approximately $193,000 from the hands of the purchasers of the production,

but Debtors do not intend to use those proceeds to discharge the liens but rather to appropriate the funds to the general use of Debtors.

9. Howell Interests objects not to the settlement of the Adversary Proceedings to effect the release of the funds in the hands of the purchasers of the production, but objects to the fact that the funds, all of which should be post-petition production revenue due to the working interest owners, being appropriated by Debtors with absolutely no discussion or commitment of when or how the Debtors intend to clear the liens from the effected working interest owner interests. While Debtors have represented in conferences to avoid this objection that Debtors, allegedly Sklarco, advanced to working interest owners their pro rata share of the proceeds of production **AS IF** the funds had been received by SEC, SEC should not be entitled to use the funds for any purpose other than the discharge of the liens because the working interest owners have already paid SEC once for those amounts through the payment of the JIBs. That is certainly true for Howell Interests.

10. Howell Interests files this limited objection to the Motion to Approve because a) Debtors do not commit to obtaining the release of the liens against the interests of the working interest owners in the wells and oil and gas leases, b) Debtors do not expressly except and reserve from the broad releases all claims by working interest owners against Debtors and any other officers or members or employees who culpably participated in the fraudulent billing and conversion of the JIB payments, and c) it is inappropriate for the funds in the hands of the purchasers of the post-petition production to be delivered to Debtors for any use other than the satisfaction of the lien claims and the cancellation and release of the liens in their entirety.

WHEREFORE, Howell Interests prays that this Limited Objection be set for hearing and that after due proceeding the Court issue its Order on the Motion to Approve addressing and

- 5 -

preserving the objections of Howell Interests along the lines of the proposed order attached hereto as Exhibit A.

Dated: October 28, 2020

> Respectfully submitted,
>
> BRADLEY MURCHISON KELLY & SHEA LLC
>
> By:   /s/ David R. Taggart
>      David R. Taggart (Texas Bar # 00793102)
> 401 Edwards Street, Suite 1000
> Shreveport, Louisiana 71101
> Telephone: (318) 227-1131
> Facsimile: (318) 227-1141
>
> Email: dtaggart@bradleyfirm.com
>
> - - **Attorneys for JF Howell Interests, LP**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed on October 28, 2020. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/ David R. Taggart
                                              OF COUNSEL