IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SKLAR EXPLORATION COMPANY, LLC | ) | Case No. 20-12377-EEB |
| EIN: 72-1417930 | ) | |
| | ) | Chapter 11 |
| Debtor-in-Possession. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| SKLARCO, LLC | ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession. | ) | |

**AD HOC COMMITTEE OF WORKING INTEREST OWNERS' *EX PARTE* MOTION FOR: (I) A SEPARATE RULE 2004 EXAM OF DEBTORS SKLAR EXPLORATION COMPANY, LLC, AND SKLARCO, LLC; AND (II) JOINDER IN PENDING RULE 2004 EXAMS**

**COMES NOW**, the *Ad Hoc* Committee of Working Interest Owners of Debtors Sklar Exploration Company, LLC, and Sklarco, LLC (the "***Ad Hoc* Committee**"), by and through their undersigned counsel, for their *Ex Parte* Motion for: (I) A Separate Rule 2004 Exam of Debtors Sklar Exploration Company, LLC ("**SEC**"), and Sklarco, LLC ("**Sklarco**" collectively with SEC, the "**Debtors**"); and (II) Joinder in Pending Rule 2004 Exams (the "**Motion**"). In support of the Motion, the *Ad Hoc* Committee states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over these Chapter 11 cases pursuant to 28 U.S.C. §§ 157(a) and (b), and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) as this matter concerns the administration of the Debtor's estate. The rule based

4837-0134-8304.2

predicate for relief in this Motion is Rule 2004 of the Bankruptcy Rules and L.B.R. 2014-1. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## Background

**A.    Background Regarding the *Ad Hoc* Committee's Interests.**

2.     The members of the *Ad Hoc* Committee are: (i) Pruett Production Company; (ii) JF Howell Interests, LP; and (iii) McCombs Energy, Ltd.  (*See* Docket No. 658).

3.     Each of the members of the *Ad Hoc* Committee own working interests in both the Southwest Brooklyn Oil Unit and the Southeast Brooklyn Oil Unit (collectively, the "**Brooklyn Oil Unit**").

4.     The members of the *Ad Hoc* Committee, Sklarco and SEC are parties to those certain: (i) Southwest Brooklyn Unit Agreement; (ii) Southwest Brooklyn Unit Operating Agreement; (iii) Southeast Brooklyn Unit Agreement; and (iv) Southeast Brooklyn Unit Operating Agreement (collectively, the "**Brooklyn Agreements**").

5.     SEC is the operator for the assets located within the Brooklyn Oil Unit and Sklarco also holds a working interest in the Brooklyn Oil Unit.

**B.    Background Regarding these Bankruptcy Cases.**

6.     On April 1, 2020 (the "**Petition Date**"), the Debtors commenced these Chapter 11 cases when they filed their voluntary petitions. (Docket No. 1).

7.     On May 11 and 12, 2020, the Court held a two-day evidentiary hearing where the Debtors' executives, including the Debtors' CEO and primary equity stakeholder, testified regarding their purported interests in the commingled cash on hand as of the Petition Date. The Debtors' executive team testified that certain cash call advances received from, *inter alia*, members of the *Ad Hoc* Committee have been commingled in the Debtors' operating account and spent—

on purposes other than those permissible under the Brooklyn Agreements. Furthermore, the Debtors' executive team acknowledged that the Debtors would not be relying on future working interest revenue in order to sustain their operations on a go forward basis. Lastly, the Debtors' executives testified that SEC, contrary to its obligations as an operator under various agreements, including the Brooklyn Agreements, has not required Sklarco to pay its share of any cash call advances.

8. On May 18, 2020, the Court entered its *Order Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations* (Docket No. 317) (the "**Oil and Gas Order**"). The Oil and Gas Order, in relevant part, states:

> ***Sklar Exploration Company, LLC is authorized to offset joint interest billing obligations owed to it against revenue owed to a working interest holder when expressly authorized to do so in writing by that working interest holder***; provided, however, no such offset shall exceed the amount of revenues received post-petition that is specifically payable from Sklar Exploration Company, LLC, as operator, to the joint interest billing obligor;

(Docket No. 317 at ¶ 4) (emphasis added).

9. On June 15, 2020, the Court authorized: (i) the employment of CR3 Partners as CRO of the Debtors; and (ii) the Debtor to incur post-petition financing from Mr. Howard Sklar on an unsecured basis in order to sustain post-petition operations including for the payment of wages, operating expenses, ongoing administrative expenses and expenses associated with the CRO. (Docket Nos. 341, 346, 429 and 431).

10. Also, on June 15, 2020, the Court entered its "**Final Cash Collateral Order**" (Docket No. 433). The Final Cash Collateral Order, in relevant part, states:

> (b) The Budget shall provide, that at all times during these Bankruptcy Cases, Sklarco shall deposit 100% of the revenue received from non-operating working interests into the operating account of SEC, and ***SEC shall pay the revenues owing to the non-insider working interest holders in accordance with the Order***

3

4837-0134-8304.2

*Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations* (Dct. No. 317)

(c) The Budget shall provide, and the Debtors shall, at all times during these Bankruptcy Cases, deposit 100% of the revenue received on account of non-operating working interests ("WIO Revenue") into the revenue account maintained by SEC. . . . SEC shall account for receipt and deposit of WIO Revenue by working interest owner in accordance with best practices for the industry, and may not use funds due to noninsider working interest owner without that owner's written consent. SEC shall pay WIO Revenue to the non-insider working interest holders in accordance with the *Order Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations* [Dkt. No. 317], which payments are indefeasible subject to rights and obligations under relevant Participation Agreements, Joint Operating Agreements, or similar agreements. Subject to the Budget, ***SEC and a non-insider working interest owner may agree in writing to offset any WIO Revenue due to that interest owner against any payments due from that WIO to SEC, including pre- and post-petition amounts due***.

(Docket No. 433 at p. 10-11, ¶ 2(b)-(c) (emphasis in bold italics added)).

11. On July 27, 2020, the Court entered its Order extending the Debtors' exclusive period to file a Chapter 11 plan to November 25, 2020, and the time frame to obtain acceptance of any such Chapter 11 plan was extended an additional 117 days. (Docket No. 500).

12. On September 4, 2020, the Debtors filed their Motion for Clarification and to Authorize Immediate Offset of Joint Interest Billing Obligations (the "**Motion to Clarify**"), believing that the Final Cash Collateral Order and the Oil and Gas Order were ambiguous and that the Debtors, despite the plain language of the orders, intended to permit the offset of a working interest holders' post-petition revenue payment against its unpaid post-petition JIBs (Docket No. 551) (the "**Motion to Clarify**"). Various working interest owners, including some members of the *Ad Hoc* Committee, objected to the Motion to Clarify. The Court has held the Motion to Clarify in abeyance pending a further order of the Court. (Docket No. 630).

4

C. **Background Regarding Ongoing Discovery in these Bankruptcy Cases.**

13. Thus far, the following parties have requested authority from the Court to conduct discovery pursuant to Fed. R. Bankr. P. 2004:

| Party Requesting Discovery | Discovery Target | Docket No. |
|---|---|---|
| Official Committee of Unsecured Creditors | SEC, Sklarco and Howard Sklar | 577-578 and 585-586 |
| JF Howell Interests, L.P. | SEC, Sklarco and Howard Sklar | 587-590 |
| Fant Energy Limited | SEC, Sklarco and Howard Sklar | 602-603 and 605-606 |
| Pickens Financial Group, LLC, Tauber Exploration & Production Company, The Rudman Partnership | SEC and Sklarco | 617 and 619 |
| Franks Exploration Company, LLC, AEH Investment, LLC, J&A Harris, L.P., Bundero Investment Company, LLC, Kingston, LLC, Hall Management, LLC, KMR Investments, Hughes Oil South, LLC | Howard Sklar | 623 and 631 |

14. The Official Committee of Unsecured Creditors, along with Fant Energy Limited, JF Howell Interests, L.P., and any other parties authorized by the Court, noticed the Rule 2004 Examination of the Debtors and Howard Sklar for November 14, 2020 at 9:30 a.m. *via* Zoom (the "**Pending Rule 2004 Exams**"). (Docket No. 636-637).

## Relief Requested

15. Pursuant to Rule 2004 of the Bankruptcy Rules, good cause exists for the *Ad Hoc* Committee to seek specific documents from the Debtors as set forth on Exhibit 1 hereto, and testimony relating to the following topics as set forth on Exhibit 1 hereto in order to take a Rule 2004 Exam of an authorized representative of the Debtors separate and independent of the Pending

5

4837-0134-8304.2

2004 Exams (the "**Independent Rule 2004 Exam**").  Pursuant to L.B.R. 2014-1(b), the *Ad Hoc* Committee requests that the Court order the production of documents to be made and testimony to be received be no later than the date that is fourteen (14) days after service following entry of an order granting this Motion.

16. Furthermore, in order to make the Independent Rule 2004 Exam more streamlined, the *Ad Hoc* Committee requests that it be permitted to attend and participate in the Pending Rule 2004 Exams on the topics already set forth by the movants.  The *Ad Hoc* Committee also requests that all documents produced in connection with the Pending Rule 2004 Exams be produced to the *Ad Hoc* Committee.

## Argument

17. The discovery requested from a Federal Rule 30(b)(6) designee of the Debtors is well within the scope of examination permitted under Bankruptcy Rule 2004, which includes:

> the acts, conduct, or property or . . . the liabilities and financial condition of the debtor, or . . . any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a . . . reorganization case under chapter 11 of the Code, . . . ***the examination may also relate to the operation of any business and the desirability of its continuance***, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. P. 2004(b) (Scope of Examination) (emphasis added).

18. Rule 2004 "is a basic discovery device used in bankruptcy cases." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 275 (D. Colo. 1991).  Rule 2004 permits the party invoking it to undertake a broad inquiry of the examinee and has been likened to a "fishing expedition," although its use is not unlimited. *See Blinder*, 127 B.R. at 274; *see also In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (E.D. Pa. 1990) ("The scope of a [Rule] 2004 examination is even

6

broader than that of discovery permitted under the F.R.CIV.P., which themselves contemplate broad, easy access to discovery.").

19.     "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and its whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (quoting *Cameron v. United States*, 231 U.S. 710, 717 (1914)). The scope of inquiry permitted in a Rule 2004 examination is extremely broad. *See, e.g., In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y.); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

20.     Here, good cause exists for the production of documents and examination of the Debtors in order for the *Ad Hoc* Committee members to protect their legitimate interests in the Debtors' business operations. *See In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) ("Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests.").

21.     The documents requested on the attached Exhibit 1 relate to the acts, conduct and assets of the Debtors. Specifically, the requested discovery impacts upon SEC's obligations as the operator under the Brooklyn Agreements and, consequently, the *Ad Hoc* Committee members' respective interests as working interest holders in the Brooklyn Oil Unit. In furtherance of the document discovery requested, the topics to be examined at a deposition of an authorized representative of the Debtors, as set forth on the attached Exhibit 1, will aid the *Ad Hoc* Committee members in whether the Debtors are capable of performing under the Brooklyn Agreements. Because the *Ad Hoc* Committee is primarily focused upon discovery in connection with the Brooklyn Oil Unit and the working interest owners' concerns therein, rather than the myriad of other topics set forth in the Pending Rule 2004 Exams, a separate and independent examination is

4837-0134-8304.2

warranted. The other non-Brooklyn Oil Unit working interest owners and the Official Committee of Unsecured Creditors do not have a specific interest in connection with requested discovery of this Motion. Accordingly, for the reasons set forth herein, the *Ad Hoc* Committee respectfully requests that this Court enter an order authorizing the production of documents identified in Exhibit 1 and the examination of the Debtors on the topics set forth in Exhibit 1, along with the requested documents and issues raised therein and related to this case, on no less than 14 days' notice as permitted under L.B.R. 2014-1(b).

22.     Permitting the *Ad Hoc* Committee to fully join and participate in the Pending Rule 2004 Exams is necessary because all of the issues identified therein impact the *Ad Hoc* Committee as creditors in these Chapter 11 cases and are well within the scope of Rule 2004. Moreover, permitting the *Ad Hoc* Committee to participate in the Pending Rule 2004 Exams will make the Independent Rule 2004 Exam more efficient and streamlined.

## Reservation of Rights

The *Ad Hoc* Committee reserves the right to conduct further depositions and seek additional discovery from the Debtors, Howard Sklar, or any other creditor, party in interest, or insider at any time in connection with this Bankruptcy Case, any proceeding or contested matter in this Bankruptcy Case, or any other case or proceeding in a court of competent jurisdiction.

## Conclusion

WHEREFORE, the *Ad Hoc* Committee respectfully requests that the Court enter an order granting the Motion which authorizes the *Ad Hoc* Committee to: (i) obtain the documents identified on Exhibit 1 hereto and take the deposition of an authorized representative of the Debtors on the topics set forth on Exhibit 1 hereto no later than the date that is fourteen (14) days after service following entry of an order granting this Motion; (iii) participate in the Pending Rule 2004

4837-0134-8304.2

Exams on the topics already set forth by the movants; (iv) receive documents already produced in connection with the Pending Rule 2004 Exams; and (v) for all such other and further relief this Court deems fair and equitable under the circumstances.

**[INTENTIONAL PAGE BREAK – SIGNATURE PAGE FOLLOWS]**

4837-0134-8304.2

Dated: November 6, 2020.  Respectfully submitted,

**AD HOC COMMITTEE OF WORKING INTEREST HOLDERS OF SKLAR EXPLORATION COMPANY, LLC, AND SKLARCO, LLC**

By: */s/Timothy M. Swanson*
Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street
6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

--and--

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

## Certificate of Service

I hereby certify that on this 6th day of November 2020, I caused the foregoing *Ad Hoc Committee of Working Interest Owners' Ex Parte Motion for: (I) a Separate Rule 2004 Exam of Debtors Sklar Exploration Company, LLC, and Sklarco, LLC; and (II) Joinder in Pending Rule 2004 Exams* to be served *via* CM/ECF to all parties that have filed electronic appearances and requested service in this case.

*s/Timothy M. Swanson*
Timothy M. Swanson