# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, ) | |
| LLC ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| IN RE: ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| ) | Chapter 11 |
| ) | |
| Debtor. ) | (**Jointly Administered**) |
| ) | |
| ) | |
| FOOTE OIL & GAS PROPERTIES, LLC ) | |
| ) | |
| v. ) | |
| ) | |
| SKLAR EXPLORATION COMPANY, ) | |
| LLC ) | |

## MOTION FOR RELIEF FROM STAY

FOOTE OIL & GAS PROPERTIES, LLC ("Foote"), respectfully submits its Motion for Relief From Stay for the purpose of lifting the automatic stay to permit it to setoff against monies of Skar Exploration Company, LLC which are held by Foote, and states as follows:

### I.  PARTIES, VENUE & JURISDICTION

1. Sklar Exploration Company, LLC ("Exploration") filed for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on April 1, 2020 (the "Petition Date").  The case is jointly administered with the case of Sklarco, LLC.

2. Exploration has its principal place of business at 5395 Pearl Parkway, Suite 200, Boulder, Colorado 80301.

3. Venue and jurisdiction are proper in this Court for this Motion as Exploration filed for relief in this Court. 28 U.S.C. § 1408. This is a core matter pursuant to 28 U.S.C. §§157(b)(2)(A) and (G). This is a core matter seeking relief from the automatic stay.

## II. FACTUAL BACKGROUND

4. Prior to this bankruptcy case, Exploration hired Foote as a landman to negotiate oil and gas leases on Exploration's behalf.

5. Periodically, Exploration would wire funds to Foote to be used for the purchase of oil and gas leases on Exploration's behalf.

6. The leases would initially be titled in Foote's name, but the intent was to ultimately title all leases in Exploration's name.

7. On the Petition Date, Foote was holding $12,548.21 in funds it had received from Exploration, but which had not been applied to the purchase of leases.

8. On the Petition Date, Exploration owed Foote the sum of $20,547.63.

9. By this Motion, Foote seeks an order granting relief from stay authorizing it to take and apply the sum of $12,548.21 in its possession as a setoff against Exploration's debt to Foote.

## III. GROUNDS FOR RELIEF SOUGHT

10. Pursuant to 11 U.S.C. § 362(a)(7), the automatic stay prevents a creditor from exercising any setoff rights against the Debtor.

11. Under 11 U.S.C. § 362(d)(1), the Court shall grant a motion for relief from the automatic stay for cause. In re Dryja, 425 B.R. 608, 611 (Bankr. D. Colo. 2010). Whether cause exists to lift the stay is determined on a case-by-case basis. Id.

12. A creditor's right to setoff outside of bankruptcy court constitutes cause to lift the automatic stay. In re Szymanski, 413 B.R. 232, 241 (Bankr. E.D. Pa. 2009). Once a creditor establishes his right to setoff, the burden to rebut that right shifts to the Debtor. Id., at 243.

13. Creditors seeking to exercise their setoff rights inside a bankruptcy case must first show an independent right to setoff exists, and second, that the conditions of 11 U.S.C. § 553 are satisfied. In re Schafer, 315 B.R. 765, 769-70 (Bankr. D. Colo. 2004).

14. Under Colorado law, unless otherwise addressed by a specific statute, the common law right to setoff exists. Marso v. Homeowners Realty, Inc., 418 P.3d 542, 547 (Colo. App. 2018). The common law right to setoff is the right to reduce the amount of a debt by any amount the creditor owes to the debtor. Calderon v. American Family Ins. Co., 383 P.3d 676, 678 (Colo. 2016).

15. Here, Exploration owes Foote the sum of $20,547.63, and Foote is holding $12,548.21 of unapplied funds belonging to Exploration. Accordingly, the common law right to setoff exists.

16. Section 553 of the Bankruptcy Code limits setoff right to the offset of mutual, pre-petition debts. In re Davidovich, 901 F.2d 1533, 1537 (10th Cir. 1990). Mutuality means the debts involved must be between the parties, in their same capacity. Id.

17. Exploration owes Foote the sum of $20,547.63 on account of pre-petition work. Foote received the $12,548.21 of Exploration's funds pre-petition as well. Thus, the debts in this case are mutual, and are pre-petition obligations.

18. In light of the above, the right to setoff exists in this case, and stay relief should be granted to allow Foote to setoff the sum of $12,548.21 against Exploration's obligation to Foote.

WHEREFORE, Foote Oil & Gas Properties, LLC respectfully requests this Court to enter an Order granting it relief from the automatic stay to setoff against the funds of Sklar Exploration Company, LLC in its possession, and for such other and further relief as the Court deems appropriate.

DATED: November 18, 2020.

Respectfully submitted,
BUECHLER LAW OFFICE, L.L.C.

*/s/Jonathan M. Dickey*

_____
Jonathan M. Dickey, #46981
999 18th Street, Suite 1230-S
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
jonathan@kjblawoffice.com