## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SKLAR EXPLORATION COMPANY, LLC ) | Case No. 20-12377-EEB |
| EIN: 72-1417930 ) | |
| ) | Chapter 11 |
| Debtor-in-Possession. ) | |
| ) | |
| ) | |
| IN RE: ) | |
| ) | |
| SKLARCO, LLC ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 ) | |
| ) | Chapter 11 |
| ) | |
| ) | |
| Debtor-in-Possession. ) | |

### *EX PARTE* MOTION OF THE *AD HOC* COMMITTEE OF WORKING INTEREST OWNERS TO LIMIT NOTICE OF A PREVIOUSLY FILED MOTION FOR RELIEF FROM AUTOMATIC STAY (DOCKET NO. 671)

**COMES NOW**, the *Ad Hoc* Committee of Working Interest Owners of Debtors Sklar Exploration Company, LLC, and Sklarco, LLC (the "***Ad Hoc* Committee**"), by and through their undersigned counsel, for their *Ex Parte* Motion to Limit Notice of a Previously Filed Motion for Relief From Automatic Stay (Docket No. 671) (the "**Motion**"). In support of the Motion, the *Ad Hoc* Committee states as follows:

### Jurisdiction

1. This Court has jurisdiction over these Chapter 11 cases pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) as this matter concerns the administration of the Debtors' estates. The statutory and rule-based predicates for the relief requested in the Motion are section 105(a) of title 11 of the

United States Code (the "**Bankruptcy Code**"), Rules 2002(m), 4001 and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and L.B.R. 4001-1(a)(3) and 9013-1(a)(5). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## Background

2. On November 18, 2020, the *Ad Hoc* Committee filed its *Motion to Modify the Automatic Stay to: (A) Hold a Meeting of the Working Interest Owners in the Brooklyn Oil Units; (B) Take a Contractually Authorized Vote to Remove Debtor Sklar Exploration Company, LLC, as Operator of the Brooklyn Oil Units; and (C) Upon an Affirmative Vote to Remove SEC as Operator, to Take All Steps Necessary to Effectuate the Removal* (Docket No. 671) (the "**Stay Relief Motion**").[1] The Stay Relief Motion requests the following relief:

> [T]he automatic stay be modified so that the Working Interest Owners in the Brooklyn Oil Units be authorized to: (a) call a meeting among the Working Interest Owners as authorized under § 4.2 of the Unit Operating Agreements; (b) to take a vote, in accordance with the applicable mechanisms of the Unit Operating Agreements including §§ 4.3 and 6.2 of the Unit Operating Agreements, to remove SEC as the Unit Operator of the Brooklyn Oil Units; and (c) to take all steps necessary to effectuate the removal of SEC as the Unit Operator of the Brooklyn Oil Units, in accordance with the terms of the Brooklyn Agreements, including, but not limited to, the obtaining of approval of such removal from the AOGB and that SEC cooperate in good faith with the Working Interest Owners with the removal.

(*Id.* ¶ 22).

3. In support of the Stay Relief Motion, and/or as required by the Court's Local Rules, the *Ad Hoc* Committee attached: (i) four separate exhibits (the "**Exhibits**"); (ii) a proposed order granting the Stay Relief Motion (the "**Proposed Order**"); and (iii) an L.B.R. 4001-1.1 Notice of Motion for Relief From the Automatic Stay (the "**Notice**"). (*See* Docket Nos. 671-1 through 671-6). In their entirety, the Stay Relief Motion, Exhibits, Proposed Order and Notice total 186 pages.

4. L.B.R. 4001-1(a)(3) states, in relevant part:

---

[1] Capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Stay Relief Motion.

4816-8813-5634.3

> In addition to the parties specified in Fed. R. Bankr. P. 4001, the movant must serve the notice and motion on the debtor and debtor's attorney, the United States Trustee, trustee, ***and any party with an interest***, such as a party claiming lien rights in property against which the movant seeks relief.

*Id*. (emphasis added).

5. The Working Interest Owners in the Brooklyn Oil Unit maintain an "interest" which would require them to be served with the Stay Relief Motion and Notice as required by L.B.R. 4001-1(a)(3).

6. Neither the *Ad Hoc* Committee nor its members know, or are even capable of knowing, the current names and addresses of all of the Working Interest Owners in the Brooklyn Oil Units as those records are maintained exclusively by the Debtors. Additionally, such information would not be filed with the Court.

7. As of the date of filing this Motion, according to the authorized noticing agent in these chapter 11 cases, Epiq Corporate Restructuring, LLC ("**Epiq**"), the Debtors' official creditor matrix exceeds 3,100 individual parties.[2] While serving the entire creditor matrix would comply with the requirements of L.B.R. 4001-1(a)(3), such service, however, would serve more parties than are necessary and impose a significant time and cost burden on both of the *Ad Hoc* Committee's law firms.[3] Accordingly, the *Ad Hoc* Committee files this Motion in order to limit notice of the Stay Relief Motion and to comply with the requirement of L.B.R. 4001-1(a)(3).

---

[2] According to the official creditor matrix on file with the Court there are approximately 600 creditors identified thereon.

[3] Furthermore, according to Epiq, serving the entire creditor matrix in these Chapter 11 cases with the complete copies of the Stay Relief Motion and printing two pages on both the front and back of each sheet, known as a "quad," would cost in excess of $60,000.00 for printing and postage.

4816-8813-5634.3

## Relief Requested

8. The *Ad Hoc* Committee requests that the Court enter an Order granting the following relief:

   a. Within three (3) business days of the Court entering an Order on this Motion, the *Ad Hoc* Committee shall serve *via* electronic mail a full copy of the Stay Relief Motion including the Exhibits, Proposed Order and Notice upon: (i) the Debtors; (ii) Debtors' counsel; (iii) counsel for the United States Trustee; (iv) counsel for East-West Bank; (v) counsel for the Official Committee of Unsecured Creditors; and (vi) counsel for all parties who have filed a notice of appearance in these Chapter 11 cases.

   b. Within two (2) business days of the Court entering an Order on this Motion, the Debtors shall provide counsel for the *Ad Hoc* Committee a full and complete record of all Working Interest Owners in the Brooklyn Oil Units according to their books and records (the "**WIO Service Records**").

   c. Within two (2) business days of the Debtors providing counsel for the *Ad Hoc* Committee the WIO Service Records, the Ad Hoc Committee shall serve *via* first class mail: (i) the Stay Relief Motion; and (ii) a modified version of the Notice (the "**Modified Notice**"), in the form attached hereto as Exhibit 1, upon all parties identified in the WIO Service Records.

   d. Within three (3) business days of the Court entering an Order on this Motion, the *Ad Hoc* Committee shall serve *via* first class mail the Modified Notice upon the entire creditor matrix maintained by Epiq *excluding* those persons identified in subparagraphs (a) and (c) of this paragraph.

## Argument

9. The *Ad Hoc* Committee submits that implementation of the notice procedures outlined above are well-within the Court's equitable powers and appropriate in this instance.

10. A motion for relief from the automatic stay requires service on the creditors' committee and "on such other entities as the court may direct." 11 U.S.C. § 4001(a)(1). Furthermore, L.B.R. 4001-1(a)(3) states that service must be made on "the debtor and debtor's attorney, the United States Trustee, trustee, ***and any party with an interest***, such as a party claiming

4816-8813-5634.3

lien rights in property against which the movant seeks relief." L.B.R. 4001-1(a)(3) (emphasis added).

11. The Court, however, has broad authority to establish different notice requirements, including determining which particular entities are entitled to receive notice, and the form and manner of notice. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."); Fed. R. Bankr. P. 2002(m) ("The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."), 9007 (allowing a court to designate, if not otherwise specified, "the time within which, the entities to whom, and the form and manner in which the notices shall be given").

12. The *Ad Hoc* Committee will serve The Official Committee of Unsecured Creditors, the Debtors, the Debtors' counsel, counsel for East-West Bank, and the United States Trustee as required by section 4001(a)(1) of the Bankruptcy Code and L.B.R. 4001-1(a)(3).

13. The *Ad Hoc* Committee seeks only to modify notice as to those certain "part[ies] with an interest." L.B.R. 4001-1(a)(3). Although the *Ad Hoc* Committee knows that the Working Interest Owners in the Brooklyn Oil Units have an interest in the Stay Relief Motion, it does not know the current names and addresses of those members. Only the Debtors have that information. Without such information, the *Ad Hoc* Committee would be required to mail the Stay Relief Motion, Exhibits, Proposed Order and Notice—which totals 186 pages—to the entire creditor matrix (over 3,100 creditors). While this would more than comply with the requirements of L.B.R. 4001-1(a)(3), it would serve more parties than are necessary and would impose a substantial

4816-8813-5634.3

burden on the *Ad Hoc* Committee. According to Epiq, service on those parties would cost roughly $60,000.00.

14. Permitting service of the Stay Relief Motion as outlined above would not only provide good and sufficient notice to all parties who have an interest in the Brooklyn Oil Units, but would avoid the substantial burdens of serving the Stay Relief Motion, Exhibits, Proposed Order, and Notice on the entirety of the creditor matrix.

15. By this Motion, the *Ad Hoc* Committee seeks to obtain from the Debtors the WIO Service Records. Once in possession of those records, which contain the names and addresses of all members of the Working Interest Owners in the Brooklyn Oil Units, the *Ad Hoc* Committee would provide a copy of the Stay Relief Motion and the Modified Notice. The Modified Notice is identical to the Notice, except that it instructs parties to contact the *Ad Hoc* Committee's counsel, *via* email, to receive "a full and complete copy of the Motion, the exhibits attached thereto, and/or a proposed order granting the Motion, at no charge." *See* Ex. 1. Permitting the Ad Hoc Committee to email the voluminous exhibits, rather than hard copy mail them, will save the parties time and expense. Furthermore, it will reduce the amount of waste to those parties who, ultimately, do not wish to participate in or objection to the Stay Relief Motion.

16. Moreover, the *Ad Hoc* Committee will also mail the Modified Notice to the entire creditor matrix. The *Ad Hoc* Committee believes that the Working Interest Owners in the Brooklyn Oil Units are the only persons with an interest in the Stay Relief Motion and are required to receive notice of the Stay Relief Motion as required by L.B.R. 4001-1(a)(3). Nevertheless, to ensure that all parties in interest are apprised of the relief sought in the Stay Relief Motion, the *Ad Hoc* Committee will mail the Modified Notice to all creditors which will allow any person to request a complete copy of the Stay Relief Motion by contacting counsel for the *Ad Hoc* Committee.

4816-8813-5634.3

17. In light of the burdensome and costly nature of serving the Stay Relief Motion, Exhibits, Proposed Order, and Notice on all creditors, many of which do not have an interest in the Stay Relief Motion, and the effectiveness of the notice procedures outlined above, the *Ad Hoc* Committee respectfully requests that the Court grant this Motion.

18. The Ad Hoc Committee files this Motion on an *ex parte* basis, pursuant to L.B.R. 9013-1(a)(5)(B), in order to obtain this Court's permission to serve the Stay Relief Motion, as provided in paragraph 8 above and to expedite the resolution of the Stay Relief Hearing which is presently set for a preliminary telephonic hearing on December 17, 2020, at 1:30 p.m. MT. Furthermore, this *ex parte* request merely seeks a procedural order to efficiently serve notice of the Stay Relief Motion.

WHEREFORE, the *Ad Hoc* Committee respectfully requests entry of an order, substantially in the form attached as Exhibit 2, (a) permitting the Ad Hoc Committee to serve the Stay Relief Motion, Exhibits, Proposed Order, Notice and/or Modified Notice as set forth in paragraph 8 above, (b) requiring the Debtors to provide to the *Ad Hoc* Committee the WIO Service Records within two (2) business day of the Court entering an order on this Motion, and (c) for such other and further relief as the Court may deem just and appropriate.

[INTENTIONAL PAGE BREAK – SIGNATURE PAGE FOLLOWS]

4816-8813-5634.3

Dated: November 19, 2020.  Respectfully submitted,

**AD HOC COMMITTEE OF WORKING INTEREST HOLDERS OF SKLAR EXPLORATION COMPANY, LLC, AND SKLARCO, LLC**

By: /s/Timothy M. Swanson
Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street
6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

--and--

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

4816-8813-5634.3