UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**UNOPPOSED SECOND MOTION PURSUANT TO 11 U.S.C. § 1121 FOR AN ORDER EXTENDING THE EXCLUSIVITY PERIODS FOR FILING AND GAINING ACCEPTANCE OF A PLAN OF REORGANIZATION**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco"), by and through their attorneys, Kutner Brinen, P.C., move the Court for entry of an Order pursuant to 11 U.S.C. §1121(d), granting an extension of the exclusive period to file their Plan of Reorganization and to gain acceptance of their Plan of Reorganization, and as grounds therefore state as follows:

**BACKGROUND**

1. The Debtors filed for relief under chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtors remain Debtors-in-Possession.

2. The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") on April 16, 2020.

3. SEC is engaged in business as an independent exploration and production company in the oil and gas industry. SEC is an operating company and does not own oil or gas properties. SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. SEC's exploration and production activities are primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle. SEC is also developing properties and opportunities in the western United

States, though no oil or gas production has been produced from the wells in the western United States.

4. Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

5. As of the Petition Date, SEC was the operator of approximately 60 wells and was in the process of developing several new prospects, including a helium well in Montana, a well and pipeline in Florida, and several new wells in Alabama.

6. The Debtors' assets are subject to a duly perfected secured claim in favor of the Debtors' prime lender East West Bank as Agent and Lead Arranger ("Bank"). The Bank filed Proof of Claim No. 29-1 in SEC's case asserting a secured claim in the amount of $22,989,650.74. The same claim is evidenced by Proof of Claim No. 1-1 filed in Sklarco's case.

7. On June 15, 2020 the Court entered its Order Granting Debtors' Motion For Entry Of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer ("CRO Order").

8. Since appointing CR3 Partners ("CR3") as the CRO for the Debtors, CR3 has completed a number of time-consuming tasks including a detailed analysis of the disposition of funds on a well by well basis for the six months prior to filing, a detailed analysis, review, and completion of the amendments to the Debtors' Schedules and Statement of Financial Affairs, a review of the various Operating Agreements, and a detailed review of the Debtors' operations and expenses. These tasks were necessary to allow CR3 to understand the Debtors' operations in order to prepare a Plan of Reorganization.

9. In addition to completion of the detailed review and analysis, a new reserve engineer, Nederland Sewell & Associates ("NSAI") was retained to complete a new reserve report to better understand Sklarco's oil and gas assets and the valuation thereof. The reserve report required NSAI to complete a detailed review of complex information, and was completed on November 4, 2020.

10. Following the completion of the reserve report, the Debtors, the Bank, and the Committee, have engaged in productive discussions regarding the formulation of a Plan of Reorganization. However, discussions are ongoing, and will benefit from additional time to

explore the prospect of a negotiated Plan of Reorganization and, if necessary, to engage in a mediation regarding the Plan, without having competing Plans of Reorganization pending before the Court.

11. The Debtors are therefore requesting an extension of the exclusive period in which the Debtors may file a Plan of Reorganization by twenty-three (23) days.

## RELIEF REQUESTED

12. Pursuant to 11 U.S.C. §1121(c), the Bankruptcy Code grants the Debtors, as debtors-in-possession, an exclusive period of 120 days to file a Plan of Reorganization ("Exclusivity Period"), and exclusivity period of 180 days to gain acceptance of such Plan ("Acceptance Period"). On July 27, 2020, the Court entered an Order extending the Exclusivity Period through and including November 25, 2020, and extending the Acceptance Period for an additional 117 days.

13. Pursuant to 11 U.S.C. §1121(d), this Court may, for cause, extend the exclusive period for the Debtors to file their Plan of Reorganization and gain acceptances of their Plan of Reorganization.

14. "Cause" for the purposes of section 1121(d) is not defined by the Bankruptcy Code. *In re Adelphia Communs. Corp.*, 352 B.R. 578, 586-87 (Bankr. S.D.N.Y. 2006). In determining whether "cause" exists to extend exclusivity, the bankruptcy court will generally conduct a fact specific inquiry, and has broad discretion in determining whether cause exists to extend the exclusivity period. *Id.*

15. The Debtors have made good faith efforts towards reorganizing, including substantial reductions in overhead expenses, and detailed discussions with the Bank and the Committee regarding the terms of a Plan of Reorganization. These discussions were largely dependent on the information in the reserve report, and, since completion of the reserve report, are continuing to progress in a positive manner.

16. The Debtors are current on all post-petition obligations and expenses, including payments to the Bank, payments to vendors, and distributions of post-petition revenue owed to interest holders. Revenue remains segregated for interest holders and the pre-petition issues identified by certain working interest holders with the Debtors' management of cash have been corrected by the Debtors with the CRO.

17. The Debtors are not seeking an extension of the exclusivity period to pressure creditors to submit to any of the Debtors' reorganization demands. Rather, the extension is necessary to allow the parties, including the Committee and the Bank, to continue to negotiate terms of a Plan, and, if necessary, engage in a Plan mediation.

18. To facilitate settlement discussions, the Debtors request that this Court enter an order extending the Exclusivity Period and the Acceptance Period for additional 23 days, or through and including December 18, 2020, and February 16, 2021 respectively.

19. Termination of the exclusivity period could result in multiple plans being filed which would delay reorganization and result in unnecessary time and litigation over competing Plans and would impede the progress that has been made with respect to negotiations over the Plan.

20. Granting the extension of exclusivity will allow the Debtors to continue work with the creditors, the Bank, and the Creditors Committee to develop a consensual Plan of Reorganization, will not unduly delay the administration of the Debtors' Chapter 11 bankruptcy cases, and will greatly assist the Debtors in their efforts to reorganize under Chapter 11 of the Bankruptcy Code and with respect to ongoing business operations.

21. Accordingly, extending the Exclusive Period and Acceptance Period for an additional 117 days is necessary and warranted in the Debtors' cases.

22. Counsel for the Debtors has conferred with counsel for the Committee and the Bank, who support the requested relief.

23. In accordance with Fed. R. Bankr. P. 2002, L.B.R. 2002-1 and 2081-2(c), and the *Order Granting Ex Parte Motion for Order Limiting Notice* (Docket No. 263), notice of this Motion is being provided to: 1) the United States Trustee; 2) the Committee; 3) the Bank; 4) all secured and priority creditors; and 5) those parties who have entered an appearance and requested notice; and 6) the 20 largest unsecured creditors.

WHEREFORE, the Debtors pray that this Court enter an Order extending the Exclusive Period and Acceptance Period for an additional 23 days, and for such further and additional relief as to the Court may appear proper.

DATED: November 20, 2020

Respectfully submitted,

By:   */s/ Keri L. Riley*
    Jeffrey S. Brinen, #20565
    Keri L. Riley, #47605
    **KUTNER BRINEN, P.C.**
    1660 Lincoln St., Suite 1850
    Denver, CO 80264
    Telephone: (303) 832-2400
    E-Mail: klr@kutnerlaw.com

1