IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930<br><br>   Debtor-in-Possession. | ) <br> ) <br> ) Case No. 20-12377-EEB <br> ) <br> ) Chapter 11 <br> ) <br> ) |
| IN RE:<br><br>SKLARCO, LLC<br>EIN: 72-1425432<br><br>   Debtor-in-Possession. | ) <br> ) <br> ) Case No. 20-12380-EEB <br> ) <br> ) Chapter 11 <br> ) <br> ) |

**THE *AD HOC* COMMITTEE OF WORKING INTEREST OWNERS' RESPONSE TO THE DEBTORS' UNOPPOSED SECOND MOTION PURSUANT TO 11 U.S.C. § 1121 FOR AN ORDER EXTENDING THE EXCLUSIVITY PERIOD FOR FILING AND GAINING ACCEPTANCE OF A PLAN OF REORGANIZATION (DOCKET NO. 689)**

**COMES NOW**, the *Ad Hoc* Committee of Working Interest Owners of Debtors Sklar Exploration Company, LLC, and Sklarco, LLC (the "***Ad Hoc* Committee**"), by and through their undersigned counsel, for their Response (the "**Response**") to the Debtors' Unopposed Second Motion Pursuant to 11 U.S.C. § 1121 for an Order Extending the Exclusivity Period for Filing and Gaining Acceptance of a Plan of Reorganization (Docket No. 689) (the "**Motion**"). In support of the Response, the *Ad Hoc* Committee states as follows:

<u>**Response**</u>

1. As this Court is familiar, the working interest owners—including each of the members of the *Ad Hoc* Committee[1]—hold a significant interest in the successful resolution of

---

[1] The members of the Ad Hoc Committee are identified at Docket No. 670.

4843-3207-2146.2

these Chapter 11 cases on account of not only their prepetition cash advances and unpaid revenues, but, also, ensuring that their working interests in the Debtors' assets are not further eroded. Throughout the pendency of these Chapter 11 cases, one of the loudest voices has been that of the working interest owners. A recurring complaint from the working interest owners has been the Debtors' delay and lack of information flowing to the working interest owners. The recent formation of the *Ad Hoc* Committee conferred an opportunity upon the Debtors: a direct and efficient line of communication to a number of working interest owners. In fact, the undersigned, on behalf of the *Ad Hoc* Committee, on no less than two occasions within the last week requested that the Debtors invite the *Ad Hoc* Committee into the plan negotiation process. It is on the heals of this conduct the Debtors filed their Motion.

2. While it is the Court's prerogative to provide the Debtors with leeway to confirm a plan, the Bankruptcy Code requires the Debtors to demonstrate "cause" for a further extension. *See* 11 U.S.C. § 1121(d); *see also In re All Seasons Indus., Inc.*, 121 B.R. 1002, 1006 (Bankr. N.D. Ind. 1990) (denying motion to extend exclusivity when the creditors "lost faith" in the debtors' management; "… it does not seem that an extension of the period of exclusivity will change this state of affairs. Rather, it would seem that such an extension would have the result of continuing to hold creditors hostage to the Chapter 11 process and pressuring them into accepting a plan they believe to be unsatisfactory."). To this point, the *Ad Hoc* Committee and each of its members notes that this is another instance of delay at the hands of the Debtors and that the working interest owners are, again, being ignored regarding material decisions in these Chapter 11 cases. The Motion states that the Debtors have been "engaged in productive discussions regarding the formulation of a Plan of Reorganization" with East-West Bank (the "**Bank**") and the Unsecured Creditors' Committee (the "**UCC**") and goes on to state that the Debtors may "if necessary, []

engage in mediation regarding the Plan." (Docket No. 689 at ¶ 10). Neither the *Ad Hoc* Committee nor its individual members have been consulted by the Debtors regarding the discussions of a potential plan and have, instead, been kept in the dark notwithstanding their request to be invited into the plan process.[2] The optics of proceeding in this fashion, coupled with the recently expanded role of the Debtors' litigation counsel Armbrecht Jackson,[3] signals that the Debtors would rather gear up for a contested confirmation fight than engage with the working interest owners to see whether a consensual plan of reorganization can be negotiated.

3. Simply put, the *Ad Hoc* Committee must be invited into this process and afforded a seat at the table during any negotiations or mediation of a proposed Chapter 11 plan. Until the *Ad Hoc* Committee is consulted and brought into the plan process, either voluntarily by the Debtors or by an order of this Court, the Debtors' current exclusivity period should not be extended.

WHEREFORE, the *Ad Hoc* Committee respectfully requests that the Court deny the Motion as currently proposed and for all such other and further relief this Court deems fair and equitable under the circumstances of this Case.

**[INTENTIONAL PAGE BREAK – SIGNATURE PAGE FOLLOWS]**

---

[2] The Motion states that it is "unopposed," however, it appears that the only parties which the Debtors consulted regarding this relief is the Bank and UCC—not the *Ad Hoc* Committee or any of its members. In the absence of knowing the substance of any "discussions," the *Ad Hoc* Committee and its members ***oppose*** the relief requested.

[3] The Debtors' application to expand the authority of Armbrecht Jackson, which was approved by the Court, states "[t]he Debtors now seek to expand the authority of Special Counsel so that Special Counsel is authorized to represent the Debtors regarding litigation matters, including without limitation handling examinations and discovery requests issued pursuant to Fed. R. Bankr. P. 2004**, and contested matters pursuant to Fed. R. Bankr. P. 9014.**" (Docket No. 669) (emphasis added).

4843-3207-2146.2

Dated: November 23, 2020.  Respectfully submitted,

**AD HOC COMMITTEE OF WORKING INTEREST HOLDERS OF SKLAR EXPLORATION COMPANY, LLC, AND SKLARCO, LLC**

By: /s/Timothy M. Swanson
Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street
6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

--and--

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

4

## Certificate of Service

The undersigned certifies that on November 23, 2020, the foregoing *Ad Hoc Committee of Working Interest Owners' Response to the Debtors' Unopposed Second Motion Pursuant to 11 U.S.C. § 1121 for an Order Extending the Exclusivity Period for Filing and Gaining Acceptance of a Plan of Reorganization (Docket No. 689)* was filed on this Court's electronic filing system and was electronically served upon all parties who have entered an appearance in this case.

/s/Timothy M. Swanson
Timothy M. Swanson

4843-3207-2146.2