UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ——————————————— | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**DISCLOSURE STATEMENT TO ACCOMPANY
JOINT PLAN OF REORGANIZATION
DATED DECEMBER 18, 2020**

**KUTNER BRINEN, P.C.**
Jeffrey S. Brinen
Keri L. Riley
1660 Lincoln St., Suite 1850
Denver, CO  80264
Telephone:  303-832-2400
Email:  klr@kutnerlaw.com

Counsel to the Debtors
and Debtors in Possession

1

<u>THE VOTING DEADLINE IS 5:00 P.M. PREVAILING MOUNTAIN TIME ON [          ],</u>
<u>2021 (UNLESS THE DEBTORS EXTEND THE VOTING DEADLINE</u>

TO BE COUNTED AS A VOTE TO ACCEPT OR REJECT THE PLAN, THE DEBTORS' NOTICE AND CLAIMS AGENT, [● TO BE DETERMINED] MUST <u>ACTUALLY</u> RECEIVE YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE.

**IMPORTANT INFORMATION FOR YOU TO READ**

ALL CREDITORS ARE ADVISED AND ENCOURAGED TO READ THIS DISCLOSURE STATEMENT AND THE DEBTORS' PLAN OF REORGANIZATION IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

THE DEBTORS ARE PROVIDING THE INFORMATION IN THIS DISCLOSURE STATEMENT FOR THEIR PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE TO HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN FOR THE PURPOSE OF SOLICITING VOTES TO ACCEPT THE PLAN. NOTHING IN THIS DISCLOSURE STATEMENT MAY BE RELIED UPON OR USED BY ANY ENTITY FOR ANY OTHER PURPOSE.

THIS DISCLOSURE STATEMENT WAS NOT FILED WITH THE SECURITIES AND EXCHANGE COMMISSION OR ANY STATE AUTHORITY AND NEITHER THE SECURITIES AND EXCHANGE COMMISSION NOR ANY STATE AUTHORITY HAVE PASSED UPON THE ACCURACY OR ADEQUACY OF THIS DISCLOSURE STATEMENT OR UPON THE MERITS OF THE PLAN. THIS DISCLOSURE STATEMENT CONTAINS "FORWARD LOOKING STATEMENTS" WITHIN THE MEANING OF THE PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995. SUCH STATEMENTS CONSIST OF ANY STATEMENT OTHER THAN A RECITATION OF HISTORICAL FACT AND CAN BE IDENTIFIED BY THE USE OF FORWARD LOOKING TERMINOLOGY SUCH AS "MAY," "EXPECT," "ANTICIPATE," "ESTIMATE" OR "CONTINUE" OR THE NEGATIVE THEREOF OR OTHER VARIATIONS THEREON OR COMPARABLE TERMINOLOGY. THE READER IS CAUTIONED THAT ALL FORWARD LOOKING STATEMENTS ARE NECESSARILY SPECULATIVE AND THERE ARE CERTAIN RISKS AND UNCERTAINTIES THAT COULD CAUSE ACTUAL EVENTS OR RESULTS TO DIFFER MATERIALLY FROM THOSE REFERRED TO IN SUCH FORWARD LOOKING STATEMENTS. THE LIQUIDATION ANALYSIS, PROJECTIONS AND OTHER INFORMATION CONTAINED HEREIN AND ATTACHED HERETO ARE ESTIMATES ONLY, AND THE TIMING AND AMOUNT OF ACTUAL DISTRIBUTIONS TO HOLDERS OF ALLOWED CLAIMS MAY BE AFFECTED BY MANY FACTORS THAT CANNOT BE PREDICTED. THEREFORE, ANY ANALYSES, ESTIMATES OR RECOVERY PROJECTIONS MAY OR MAY NOT TURN OUT TO BE ACCURATE.

THIS DISCLOSURE STATEMENT HAS BEEN PREPARED PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3016(B) AND IS NOT NECESSARILY IN ACCORDANCE WITH FEDERAL OR STATE SECURITIES LAWS OR OTHER SIMILAR LAWS. ANY SECURITIES DESCRIBED HEREIN WILL BE

ISSUED TO CREDITORS WITHOUT REGISTRATION UNDER THE UNITED STATES SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), OR ANY SIMILAR FEDERAL, STATE OR LOCAL LAW, AND WILL INSTEAD RELY UPON THE EXEMPTIONS SET FORTH IN SECTION 1145 OF THE BANKRUPTCY CODE TO THE MAXIMUM EXTENT PERMITTED AND APPLICABLE. THE DEBTORS RECOMMEND THAT  POTENTIAL RECIPIENTS OF ANY SECURITIES PURSUANT TO THE PLAN CONSULT THEIR OWN LEGAL COUNSEL CONCERNING THE SECURITIES LAWS GOVERNING THE TRANSFERABILITY OF ANY SUCH SECURITIES.

NO LEGAL OR TAX ADVICE IS PROVIDED TO YOU BY THIS DISCLOSURE STATEMENT. THE DEBTORS URGE EACH HOLDER OF A CLAIM OR AN EQUITY INTEREST TO CONSULT WITH ITS OWN ADVISORS WITH RESPECT TO ANY LEGAL, FINANCIAL, SECURITIES, TAX OR BUSINESS ADVICE IN REVIEWING THIS DISCLOSURE STATEMENT, THE PLAN AND EACH OF THE PROPOSED TRANSACTIONS CONTEMPLATED THEREBY. FURTHERMORE, THE BANKRUPTCY COURT'S APPROVAL OF THE ADEQUACY OF DISCLOSURE CONTAINED IN THIS DISCLOSURE STATEMENT DOES NOT CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL OF THE MERITS OF THE PLAN.

IT IS THE DEBTORS' POSITION THAT THIS DISCLOSURE STATEMENT DOES NOT CONSTITUTE, AND MAY NOT BE CONSTRUED AS, AN ADMISSION OF FACT, LIABILITY, STIPULATION OR WAIVER. RATHER, HOLDERS OF CLAIMS AND EQUITY INTERESTS AND OTHER ENTITIES SHOULD CONSTRUE THIS DISCLOSURE STATEMENT AS A STATEMENT MADE IN SETTLEMENT NEGOTIATIONS RELATED TO CONTESTED MATTERS, ADVERSARY PROCEEDINGS AND OTHER PENDING OR THREATENED LITIGATION OR ACTIONS.

NO RELIANCE SHOULD BE PLACED ON THE FACT THAT A PARTICULAR LITIGATION CLAIM OR PROJECTED OBJECTION TO A PARTICULAR CLAIM IS, OR IS NOT, IDENTIFIED IN THE DISCLOSURE STATEMENT. THE DEBTORS MAY SEEK TO INVESTIGATE, FILE AND PROSECUTE CLAIMS AND MAY OBJECT TO CLAIMS AFTER THE CONFIRMATION OR EFFECTIVE DATE OF THE PLAN IRRESPECTIVE OF WHETHER THE DISCLOSURE STATEMENT IDENTIFIES ANY SUCH CLAIMS OR OBJECTIONS TO CLAIMS.

THIS DISCLOSURE STATEMENT CONTAINS, AMONG OTHER THINGS, SUMMARIES OF THE PLAN, CERTAIN STATUTORY PROVISIONS, CERTAIN EVENTS IN THE DEBTORS' CHAPTER 11 CASES AND CERTAIN DOCUMENTS RELATED TO THE PLAN THAT ARE ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE. ALTHOUGH THE DEBTORS BELIEVE THAT THESE SUMMARIES ARE FAIR AND ACCURATE, THESE SUMMARIES ARE QUALIFIED IN THEIR ENTIRETY TO THE EXTENT THAT THE SUMMARIES DO NOT SET FORTH THE ENTIRE TEXT OF SUCH DOCUMENTS OR STATUTORY PROVISIONS OR EVERY DETAIL OF SUCH EVENTS. IN THE EVENT OF ANY INCONSISTENCY OR DISCREPANCY BETWEEN A DESCRIPTION IN THIS DISCLOSURE STATEMENT AND THE TERMS AND

PROVISIONS OF THE PLAN OR ANY OTHER DOCUMENTS INCORPORATED HEREIN BY REFERENCE, THE PLAN OR SUCH OTHER DOCUMENTS WILL GOVERN FOR ALL PURPOSES. EXCEPT WHERE OTHERWISE SPECIFICALLY NOTED, FACTUAL INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT HAS BEEN PROVIDED BY THE DEBTORS' MANAGEMENT. THE DEBTORS DO NOT REPRESENT OR WARRANT THAT THE INFORMATION CONTAINED HEREIN OR ATTACHED HERETO IS WITHOUT ANY MATERIAL INACCURACY OR OMISSION.

THE DEBTORS' MANAGEMENT HAS REVIEWED THE FINANCIAL INFORMATION PROVIDED IN THIS DISCLOSURE STATEMENT. ALTHOUGH THE DEBTORS HAVE USED THEIR REASONABLE BUSINESS JUDGMENT TO ENSURE THE ACCURACY OF THIS FINANCIAL INFORMATION, THE FINANCIAL INFORMATION CONTAINED IN, OR INCORPORATED BY REFERENCE INTO, THIS DISCLOSURE STATEMENT HAS NOT BEEN AUDITED.

THE DEBTORS ARE GENERALLY MAKING THE STATEMENTS AND PROVIDING THE FINANCIAL INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT AS OF THE DATE HEREOF WHERE FEASIBLE, UNLESS OTHERWISE SPECIFICALLY NOTED. ALTHOUGH THE DEBTORS MAY SUBSEQUENTLY UPDATE THE INFORMATION IN THIS DISCLOSURE STATEMENT, THE DEBTORS HAVE NO AFFIRMATIVE DUTY TO DO SO. HOLDERS OF CLAIMS REVIEWING THIS DISCLOSURE STATEMENT SHOULD NOT INFER THAT, AT THE TIME OF THEIR REVIEW, THE FACTS SET FORTH HEREIN HAVE NOT CHANGED SINCE THE DISCLOSURE STATEMENT WAS FILED. THE DEBTORS HAVE NOT AUTHORIZED ANY ENTITY TO GIVE ANY INFORMATION ABOUT OR CONCERNING THE PLAN OTHER THAN THAT WHICH IS CONTAINED IN THIS DISCLOSURE STATEMENT. THE DEBTORS HAVE NOT AUTHORIZED ANY REPRESENTATIONS CONCERNING THE DEBTORS OR THE VALUE OF THEIR PROPERTY OTHER THAN AS SET FORTH IN THIS DISCLOSURE STATEMENT.

HOLDERS OF CLAIMS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN MUST RELY ON THEIR OWN EVALUATION OF THE DEBTORS AND THEIR OWN ANALYSIS OF THE TERMS OF THE PLAN IN DECIDING WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN. IMPORTANTLY, PRIOR TO DECIDING WHETHER AND HOW TO VOTE ON THE PLAN, EACH HOLDER OF A CLAIM IN A VOTING CLASS SHOULD CONSIDER CAREFULLY ALL OF THE INFORMATION IN THIS DISCLOSURE STATEMENT AND ANY EXHIBITS HERETO, INCLUDING THE RISK FACTORS DESCRIBED IN GREATER DETAIL IN SECTION X HEREIN, "RISK TO CREDITORS."

# I.     INTRODUCTION AND OVERVIEW

Sklar Exploration Company, LLC ("SEC"), a Louisiana limited liability company, and Sklarco, LLC ("Sklarco" and together, the "Debtors"), a Louisiana limited liability, filed their voluntary petitions pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Colorado "Bankruptcy Court") on April 1, 2020 (the "Petition Date"). SEC's Chapter 11 Case is pending in the Bankruptcy Court under Case No. 20-12377-EEB. Sklarco's Chapter 11 Case is pending in the Bankruptcy Court under Case No. 20-12380-EEB. Both cases are jointly administered for procedural purposes under Case No. 20-12377-EEB.

The Debtors are submitting this Disclosure Statement in accordance with 11 U.S.C. § 1125 to provide information regarding the Debtors' Joint Plan of Reorganization (as may be further amended, supplemented, or modified from time to time, the "Plan") dated December 18, 2020. A copy of the Plan and ballot for acceptance or rejection of the Plan accompanies this Disclosure Statement and incorporated herein by reference. All capitalized terms used but not otherwise defined in this Disclosure Statement shall have the meanings given to them in Article I, Section B of the Plan. The rules of interpretation set forth in Article I, Section A govern the interpretation of this Disclosure Statement.

**Voting Requirements.** Pursuant to the Bankruptcy Code, only Classes of Claims or Interests that are Impaired and that will (or may) receive or retain property or any interest in property under the Plan are entitled to vote to accept or reject the Plan. Classes of Claims and Interests that are not Impaired are not entitled to vote and will be deemed to accept the Plan. Classes of Claims and Interests that will not receive or retain any interest in property under the Plan are not entitled to vote and will be deemed to reject the Plan. Voting on the Plan shall be in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules, and a voting Class shall have accepted the Plan if the Plan is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Allowed Claims of such Class actually voting, without including the vote of any insider. Each holder of an Allowed Claim in Classes A through D (as to Sklarco), and 2 through 7 (as to SEC) shall be entitled to vote to accept or reject the Plan. If a holder of a Claim holds more than one Claim in any one Class on a per Debtor basis, all Claims of such holder in such Class shall be aggregated and deemed to be one Claim for purposes of determining the number of Claims voting for or against the Plan.

**Recommendation.** The Debtors believe that the Plan is fair and equitable, maximizes the value of the Debtors' respective estates, and provides the greatest likelihood for recovery to claimholders, including unsecured creditors. Accordingly, the Debtors believe that approval of the Plan is in the best interests of their estates and their respective creditors, and urge acceptance and approval of the Plan by all creditors and interest holders.

# II.     CHAPTER 11 AND PLAN CONFIRMATION

Chapter 11 of the United States Bankruptcy Code is designed to allow for the rehabilitation and reorganization of financially troubled entities or individuals. Chapter 11 allows the debtors to retain its assets during the administration of its Chapter 11 case as a debtor-in-possession.

Following confirmation of the Plan, Chapter 11 allows the debtors to retain their assets as a reorganized debtor or as otherwise provided in the Plan. If the Plan is approved by the Court, the Plan is the permanent restructuring of the debtors' financial obligations. The Plan also provides a means through which the debtors will restructure or repay their obligations. The Plan will provide the debtors with an opportunity to maximize the return for creditors through continued operations.

The Plan divides creditors into classes of similarly situated creditors. All creditors of the same Class are treated in a similar fashion. All Interests are also classified and treated alike. Each Class of creditors or interest holders is either impaired or unimpaired under the Plan. A Class is unimpaired if the Plan leaves unaltered the legal, equitable and contractual rights to which each creditor in the Class is entitled or if the Plan provides for the cure of a default and reinstatement of the maturity date of the claim as it existed prior to default.

The Debtors filed a Motion to Set Bar Date for Filing Claims and Requests for Allowance of Administrative Expense Claims Under Bankruptcy Code § 503(b)(9) ("Bar Date Motion"). On July 23, 2020, the Court entered an Order establishing September 28, 2020 as the as the last day: a) for filing of any Proof of Claim for a pre-petition claim or interest; and b) by which motions or requests for allowance of administrative expense claims pursuant to 11 U.S.C. §503(b)(9) must be filed ("Bar Date"). The Plan provides that Claims and Interests of all Classes shall be Allowed only if such Claims are either: a) evidenced by a timely filed Proof of Claim or Interest; or b) appear in the Schedules filed by the Debtors and are not scheduled as disputed, contingent or unliquidated, unless subsequently Allowed by the Court. Creditors may check as to whether or not their Claims are scheduled as disputed, contingent or unliquidated by reviewing the Schedules and the amendments thereto filed by the Debtors in the Bankruptcy Court for the District of Colorado, or by viewing the claims register maintained by Epiq at: https://dm.epiq11.com/case/skr/claims. Alternatively, creditors may contact counsel for the Debtors or the Debtors directly in order to determine how their claim was scheduled.

Chapter 11 does not require that each holder of a Claim or Interest vote in favor of the Plan in order for the Court to confirm the Plan. The Plan, however, must be accepted by at least one impaired Class of Claims by a majority in number and two-thirds in amount, without including insider acceptance of those Claims of such Class actually voting on the Plan. Assuming one impaired Class votes to accept the Plan, it may be confirmed over its rejection by other Classes if the Court finds that the Plan does not discriminate unfairly and is fair and equitable with respect to each Class of Claims or Interests that is impaired under and has not accepted the Plan. The Bankruptcy Code requires that if interest holders retain an interest or receive anything under the Plan, then the unsecured creditor classes must either be paid the full value of their claims or vote to accept the Plan. In this case, the Debtors are proposing to install an Independent Manager to oversee and operate SEC and Sklarco, to pay creditor claims out of the SEC Operating Income and the SKC Available Cash, to assume and cure certain Operating Agreements, and to maintain equity interests in escrow pending completion of certain events under the Plan. Since the Debtors believe that the Plan provides the best alternative for creditors, all creditors are urged to vote to accept the Plan.

If all Classes of Claims and Interests vote to accept the Plan, the Court may confirm the Plan. Section 1129 of the Bankruptcy Code sets forth the requirements for confirmation. Among other things, Section 1129 requires that the Plan be in the best interest of the holders of Claims and

Interests and be feasible through a showing that confirmation will not be followed by the need for further financial reorganization of the Debtors.

### III.    OVERVIEW OF THE PLAN AND MEANS OF EXECUTION

The Plan divides creditors and interest holders into the following nine Classes. Treatment of each of the Classes is discussed in greater detail below and in the Plan. The following table summarizes the Classes as to each Debtor, whether or not each such Class is impaired, and, to the extent determinable, the treatment of each Class:

#### A.  *Sklarco*

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| A – Allowed Secured Claim held by East West Bank | Impaired | EWB Secured Claim will be allowed in amount owed on the Confirmation Date of the Plan, and will retain all liens that secured its Claim as of the Petition Date. |
| | | EWB Secured Claim shall bear interest at a rate of [6%] per annum and shall receive not less than [95%] of SKC Available Cash, which amount shall be dependent on amortization of the EWB Secured Claim. |
| | | The EWB Secure Claim shall become due and payable on the second anniversary of the Effective Date of the Plan through either sale or refinance. |
| B.1 – B.5 – Allowed Secured Claim held by Mechanics Lien Claimants | Impaired | Deemed unsecured pursuant to 11 U.S.C. § 506 and treated as Class 6 general unsecured creditors holding claims against SEC. |
| C – Allowed General Unsecured Claims against Sklarco | Impaired | Allowed Class C Claims will receive [5%] of the SKC Available Cash until paid in full. Distributions to Creditors will be made pro rata on a quarterly basis. |
| D – Interests in Sklarco | Partially Impaired | All equity interests will be placed in escrow and subject to an escrow agreement until the Class A Claim is paid in full in accordance with the Plan. |

### B. *Sklar Exploration Company*

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| 1 – Allowed Unsecured Claims specified in Section 507(a)(4) and 507(a)(5) of the Code as having priority | Unimpaired | Paid in full on the Effective Date of the Plan unless otherwise agreed to by the Debtor and the Class 1 Claimants. Only one (1) Class 1 Claim is believed to exist. |
| 2 – Allowed Secured Claim held by East West Bank | Impaired | See Above. |
| 3 – Allowed Secured Claim held by Ford Motor Credit | Unimpaired | The Class 3 Claimant shall retain all liens securing its claim as existed on the Petition Date, and shall be paid in accordance with the contractual terms until paid in full. |
| 4 – Allowed Secured Claim held by Ally Bank | Unimpaired | The Class 4 Claimant shall retain all liens securing its claim as existed on the Petition Date, and shall be paid in accordance with the contractual terms until paid in full. |
| 5 – The Allowed JOA Cure Claims | Impaired | On the Effective Date of the Plan, SEC shall offset and/or recoup up to [$1 million] of the unpaid JIB Obligations owed by Class 5 Claimants against Class 5 Claims. Class 5 Claimants shall further receive a pro rata distribution of any amounts in the SEC Revenue Account in excess of the amount necessary to pay the upcoming revenue cycle.<br><br>After the offset and/or recoupment and payment set forth above, Class 5 Claims shall receive quarterly pro rata distributions of [100%] of SEC Net Operating Income until paid in full. |
| 6 – The Allowed Unsecured Claims against SEC | Impaired | Class 6 creditors shall receive quarterly pro rata distributions of 100% of SEC Net Operating Income during the Repayment Term beginning the first quarter after Class 5 Claimants are paid in full.<br><br>Class 6 Creditors shall also receive a pro rata distribution of any Avoidance |

| | | |
|---|---|---|
| | | Actions commenced by SEC, less reasonable costs and attorney fees incurred to pursue such claims. |
| 7 – Interests in SEC | Partially Impaired | All equity interests will be placed in escrow and subject to an escrow agreement until payments to Class 6 are completed in accordance with the Plan. |

## IV.    BACKGROUND AND EVENTS LEADING TO CHAPTER 11 FILING

### A.   *Overview of Operations for SEC and Sklarco*

SEC and Sklarco were duly formed in 1998 as Louisiana limited liability companies by Howard Sklar and certain additional members of the Sklar family.  Since its inception, SEC has operated as an independent exploration and production company, and Sklarco has operated as the owner of certain oil and gas leases and property interests in Texas, Louisiana, Mississippi, Alabama, Florida, and the Western United States, including Wyoming and Montana.

SEC maintains its headquarters in Boulder, Colorado, with additional offices in Shreveport, Louisiana and Brewton, Alabama.  Pre-petition, SEC operated a number of oil and gas wells for the benefit of the various interest holders.  As of the Petition Date, SEC operated approximately 60 wells and two gas plants associated with certain of the operated properties.  SEC was further engaged in several exploratory drilling operations, including a helium well in Montana, and developing a new prospect in Florida.

Pre-petition, Sklarco was engaged solely as the holder of oil and gas leases and interests in properties operated by SEC and by third-party operators.  Sklarco also held and managed certain outside investments for the benefit of the sole holder of the membership interests, the Howard Trust, and additional Sklar Family trusts.

SEC and Sklarco operated successfully for over twenty (20) years, and in 2018 and 2019 generated gross revenue in the amount of $19,022,035 and $15,780,254 respectively.  In 2018, the Debtors refinanced their existing line of credit with East West Bank ("EWB") as Agent and Lead Arranger.  On or about June 15, 2018, the Debtors entered into a Credit Agreement, Promissory Note, and Pledge and Security Agreement (together the "Loan Documents") for a secured line of credit with a maximum credit of $50,000,000.  In accordance with the Security Agreement, the Debtors granted the EWB a secured interest in substantially all of the Debtors' assets, including their inventory, equipment, accounts, deposit accounts, investment property, accounts receivables, and Sklarco's oil and gas assets.

### B.   *Events Leading to Bankruptcy Filing*

Prior to the bankruptcy filing, SEC initiated a number of exploratory projects, including drilling and completing an exploratory well in Montana, and building a pipeline in the Mount

Carmel prospect in Florida. Several exploratory operations experienced significant cost overruns for SEC and Sklarco in 2019, resulting in a financial strain on SEC's ongoing operations.

In December 2019, SEC was notified for the first time of a covenant violation with respect to the current ratio required in accordance with the Loan Documents. Following the asserted covenant violation, the Debtors engaged in negotiations with EWB to resolve the asserted covenant violation and enter into a forbearance agreement. However, beginning in March 2020, the Debtors' revenue also declined as a result of the significant decrease in the price of oil caused by ongoing attempts by Russia, Saudi Arabia, and the United Arab Emirates to gain market share by reducing the price of oil in the global market.

As a result of the decrease in the price of oil and the corresponding decrease in revenue, the Debtors became more reliant on their hedging agreements to maintain cash flow. The COVID-19 pandemic further exacerbated the Debtors' financial issues, as the price of oil dropped from an average price of $57 per barrel in January 2020 to approximately $20 per barrel on the Petition Date. The additional decrease in revenue made the Debtors more reliant on the hedging agreements to maintain their cash flow, however, the unresolved notice of default from EWB placed the Debtors' hedges in jeopardy of a forced sale from EWB. As a result, SEC and Sklarco filed their voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020 to preserve the hedging agreements and their assets, restructure their operations, and remain going concerns.

## V.    SIGNIFICANT EVENTS DURING THE CHAPTER 11 CASES

The Debtors have complied with all requirements of the Bankruptcy Code and of the Office of the U.S. Trustee, including attending the Initial Debtor Interview and its Meeting of Creditors, and complied with all Orders entered by the Bankruptcy Court. On April 2, 2020, the Court entered an order directing the joint administration of the Bankruptcy Cases <u>for procedural purposes only</u>. The Debtors are not substantively consolidated. The following items have also been addressed during the course of the Chapter 11 case:

### Appointment of Official Committee of Unsecured Creditors.

On April 16, 2020, the United States Trustee appointed an Official Unsecured Creditors' Committee ("Committee") in SEC's case. In accordance with the United States Trustee's Second Amended Appointment of Official Committee of Unsecured Creditors, the Committee is comprised of Stoneham Drilling Corporation, Mesa Fluids, LLC, TCP Cottonwood, L.P., Kelley Brothers Contractors, Inc. and Baker Hughes Company.

**Cash Collateral Use.** In accordance with the Loan Documents, the Debtors' cash and accounts are subject to EWB's lien. On April, 6, 2020, the Debtors filed their Motion for Authority to Use Cash Collateral, seeking authorization to use cash collateral on an interim and final basis. Objections to the Debtors' use of cash collateral were filed by a number of working interest holders on the basis that certain of the funds received by SEC were not property of the Debtors, as the funds included revenue attributable to other working interest holders from the oil and gas properties operated by SEC. After extensive negotiations, the Debtors agreed to a proposed Interim Order Authorizing Use of Cash Collateral, and Second Interim Order Authorizing Use of

Cash Collateral.  However, the objecting parties continued to raise objections to the Debtors' use of cash collateral, and on May 11 and May 12, 2020, the Court conducted a two-day evidentiary hearing on the Debtors' continued use of cash collateral, following which the Court entered the Third Interim Order Authorizing Use of Cash Collateral while the Debtors continued negotiations with EWB and the Committee regarding the final form of proposed Order.

On May 22, 2020, the Debtors filed their Motion for Approval of Final Cash Collateral Order, seeking approval of an agreed form of Order authorizing the Debtors use of cash collateral on a final basis.  The Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection, and Providing Related Relief ("Final Cash Collateral Order") was entered by the Court on June 15, 2020.  The Debtors have been operating under the Final Cash Collateral Order during the pendency of their Chapter 11 cases, subject to periodic updates to the budget.

### Approval of Post-Petition Loan from Howard Sklar, et al.

On May 17, 2020, the Debtors filed a Motion for Approval of Lending Agreement and For Authority to Incur Debt on an Administrative, Unsecured Basis, seeking approval of a post-petition loan in the original principal amount of $1,233,000 (the "Post-Petition Loan") from Howard Sklar ("Sklar"), the Howard Sklar Trust ("Howard Trust"), the Jacob Sklar Trust ("Jacob Trust"), and the Alan Sklar Trust ("Alan Trust" and together the "Sklar Parties") to provide additional available cash for ongoing operations.

In accordance with the approved Loan Agreement, repayment of the Post-Petition Loan is subordinated to unsecured creditors, notwithstanding its status as an administrative expense claim. The Post-Petition Loan accrues interest at a rate of 5% per annum and, if any judgment is entered against the Sklar Parties for any action arising under 11 U.S.C. § 544, 547,548, 559, or 550, the amount of such judgment shall be offset first against the balance of the Loan.

The funds for the Post-Petition Loan came primarily from outside accounts held by the Sklar Parties. However, $223,000 of the funds for the Post-Petition Loan consisted of the Howard Trust's interest in funds from an outside investment, Trout Creek Ventures, that were held in Sklarco's bank account as of the Petition Date. The Chief Restructuring Officer ("CRO") later determined that Sklarco, and not the Howard Trust, held the equitable interest in the funds from Trout Creek Ventures, reducing the balance of the Post-Petition Loan to $1 million.  The Howard Trust disputes this determination.

### Debtors' Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer and Tauber Group's Motion to Appoint Chapter 11 Trustee or Convert Case to Chapter 7.

In connection with the Debtors' ongoing use of cash collateral, the Debtors agreed to the appointment of a Chief Restructuring Officer based on the agreement of EWB and the Committee. On May 21, 2020, the Debtors filed their Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer ("CRO Motion"), seeking authorization to engage James Katchadurian and CR3 Partners to act as CRO during the Debtors' Chapter 11 cases.  CR3 is a nationally recognized turnaround and performance improvement firm. CR3's team of over 38 professionals have a wealth of knowledge and experience providing restructuring advisory services and have an excellent reputation for services rendered in complex cases throughout the United States, with experience in the oil and gas industry.

The intent in engaging CR3 to act as the CRO for the Debtors was to have an independent third party take control of the Debtors' day-to-day operations, and replace Howard Sklar as the person with decision-making authority during the pendency of the Bankruptcy Cases. Appointment of a CRO was further intended to remove any internal conflict and ensure that a neutral third party was in control of the Debtors' business decisions.

Around the same time that the Debtors sought the appointment of CR3 as CRO, a group of creditors comprised of Tauber Exploration & Production Company, CTM 2005, Ltd., Pickens Financial Group, LLC, I & L Miss I, LP, MER Energy, Ltd, MR Oil & Gas, LLC, Tara Rudman Revocable Trust, Feather River 75, LLC, Rudman Family Trust, and The Rudman Partnership, (collectively the "Tauber Group"), filed a Motion to Appoint a Chapter 11 Trustee or Convert the case to one under Chapter 7 of the Bankruptcy Code (the "Trustee Motion"). The Trustee Motion alleged that the Debtors and their management breached their fiduciary duties in mismanaging funds of working interest holders, and that internal conflicts warranted appointment of a Chapter 11 trustee, or in the alternative, conversion of the cases to cases under Chapter 7. The Trustee Motion was joined by several other working interest holders.

The Official Committee of Unsecured Creditors objected to the Trustee Motion on the basis that it believed that the appointment of a CRO represented the best and most expedient option to preserve the value of the estates, protect all parties from future cash management and operational issues, investigate past accounting and cash management related matters, and proceed with the Debtors' reorganization efforts. EWB similarly objected to the extraordinary remedy of appointing a Chapter 11 trustee or conversion, instead supporting the appointment of a CRO.

Debtors vehemently objected to the Trustee Motion, asserting that the pleading was nothing more than an attempt to force the Debtors into a liquidating sale for the purpose of obtaining the assets of Sklarco and control of valuable wells, which would be otherwise unavailable to SEC creditors. The Debtors further asserted that the appointment of a Chapter 11 trustee would result in significant additional administrative expense to the estate, costs which would be mitigated through the appointment of a CRO. Additionally, because the end result of a Chapter 11 trustee would undoubtedly be a liquidation of SEC's assets, the value of which are significantly less than that the amount of EWB Secured Claim, there would be no recovery for any unsecured creditors in the event of an appointment of a Chapter 11 trustee, and conversion to a Chapter 7 would have a similar result.

Following a hearing on the CRO Motion and the Trustee Motion on June 11, 2020, the Tauber Group and the parties joining in the Trustee Motion agreed to the appointment of a CRO in lieu of a Chapter 11 Trustee subject to certain revisions to the proposed form of order. The Trustee Motion has been held in abeyance since that time.

On June 15, 2020, the Court entered an Order Granting Debtors' Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer ("CRO Order"). Following entry of the CRO Order, CR3 has had control over the Debtors' ongoing business decisions, and has made all decisions related to the Debtors ongoing restructuring efforts. In accordance with the CRO Order, CR3 has also undertaken a thorough analysis of SEC's pre-petition cash management

**Assumption of Oil and Gas Leases.**

On October 13, 2020, the Debtors filed their Motion to Assume Nonresidential Real Property Mineral Leases Pursuant to 11 U.S.C. § 365, seeking authorization to assume the mineral leases held by Sklarco on the Petition Date.  Sklarco is a party to approximately 4,000 mineral leases (the "Mineral Leases") located across the United States, a majority of which are located in Alabama, Louisiana, Mississippi, and Texas, with a smaller number in Montana, Wyoming, Florida, Arkansas, and Arizona. The Mineral Leases form the basis of Sklarco's interest in the various properties, and are the primary source of value to Sklarco's estate.  In assuming the Mineral Leases, Sklarco preserved the value of the estate for the benefit of its creditors.  The Court entered an Order authorizing Sklarco's assumption of the Mineral Lease on October 30, 2020.

**Interpleader Actions Filed by Plains Marketing, L.P and Southeast Oil and Gas District.**

Two separate adversary proceedings have been filed against the Debtors: (1) *The Southeast Alabama Gas District v. Sklar Exploration Company LLC, Sklarco LLC, Kelley Brothers Contractors, Inc. GE Oil & Gas Pressure Control LP, and Baker Hughes Oilfield Operations*, filed on July 20, 2020. (Case No. 20-01210) and (2) *Plains Marketing, L.P. v. Sklar Exploration Company LLC, Sklarco LLC, Kelley Brothers Contractors, Inc. GE Oil & Gas Pressure Control LP, and Lufkin Industries, LLC*, filed on June 24, 2020. (Case No. 20-01191).  Both cases are interpleader actions wherein the Plaintiffs are purchasers of oil or gas produced and processed by Sklar operated wells and facilities in Alabama.  Both purchasers received notices from certain vendors of SEC asserting statutory liens against not only the property interests of the Debtors, but also the produced oil and gas and/or the proceeds from the sale of such oil and gas.  Upon receipt of the notices, the Southeast Alabama Gas District ("SEAGD") held approximately $146,949.12 payable to SEC for gas purchased in suspense following receipt of the notices pending determination by the Court or resolution of the asserted liens by the parties.  Plains Marketing, L.P. ("Plains") similarly held approximately $29,785.99 payable to SEC for oil sold to Plains in suspense pending an Order from the Court, or resolution of the asserted liens.

In both interpleader actions, SEAGD and Plains sought to interplead the funds pursuant to Fed. R. Civ. P. 22 on the basis that the funds were subject to multiple claims by various parties. In response, the Debtors asserted that the liens filed by the vendors cannot, as a matter of Alabama Law, attach to the produced oil and gas or to the proceeds from the sale thereof.  Ultimately, the Debtors, the vendors, SEAGD and Plains entered into a global settlement agreement, pursuant to which the vendors agreed to release their liens on any produced oil or gas or the proceeds therefrom, and SEAGD and Plains agreed to release the funds held in suspense to SEC and dismiss the adversary actions.  On November 23, 2020, the Bankruptcy Court entered an Order Approving Global Settlement Agreement to Resolve Adversary Proceedings.  Pursuant to the agreement, SEAGD and Plains are to release the funds within fifteen days of the Order becoming final, following which the parties will file a stipulation for dismissal of the Adversary Proceedings.

**_Ad Hoc_ Committee's Motion to Modify Automatic Stay**

On November 18, 2020, the self-appointed *Ad Hoc* Committee, a group of working interest holders holding an interest in the Southeast and Southwest Brooklyn Oil Units ("South Brooklyn Oil Units") and a company that operates two adjacent units, filed a *Motion to Modify the Automatic Stay to: (A) Hold a Meeting of the Working Interest Owners in the Brooklyn Oil Units; (B) Take a*

*Contractually Authorized Vote to Remove Sklar Exploration Company, LLC as Operator of the Brooklyn Oil Units; and (c) Upon an Affirmative Vote Take All Steps Necessary to Effectuate the Removal* ("Stay Relief Motion"). The Stay Relief Motion seeks to modify the stay to remove SEC as operator of the South Brooklyn Oil Units, ostensibly to allow the operator of the adjacent Northeast and Northwest Brooklyn Oil Units, Pruet Production Company, a member of the *Ad Hoc* Committee, to take over operation of the South Brooklyn Oil Units.

The Debtors timely filed their Objection to the Stay Relief Motion on December 10, 2020, asserting that the Stay Relief Motion failed to establish cause for removal of SEC as operator, as the interests held by the working interest holder are not diminishing in value, and the *Ad Hoc* Committee likely does not have the votes to remove SEC as operator. Furthermore, SEC's continued operation of the South Brooklyn Oil Units is a necessary part of SEC's reorganization efforts, as SEC receives significant revenue from the operation of the South Brooklyn Oil Units, because of the reimbursement for general and administrative expenses associated with the Units. SEC further receives management fees from operating the gas plant located on the Brooklyn Oil Units, although the *Ad Hoc* Committee has represented that it does not intend to seek removal of SEC as operator of the gas plant.

A hearing on the Stay Relief Motion was held on December 17, 2020, following which the Court held that issues raised in the Stay Relief Motion related primarily to feasibility of a Plan of Reorganization. As a result, the Court continued the final hearing on the Stay Relief Motion to be heard in conjunction with a hearing on confirmation of the Plan.

## VI.   DESCRIPTION OF ASSETS

The values of the Debtors' assets, owned on the Petition Date, are set forth in detail in the Asset Analysis which is attached as Exhibit A to this Disclosure Statement. All values are stated as of the Petition Date unless otherwise specified. Additional information about the Debtors' assets can be found in their respective Schedules and Statement of Financial Affairs.

### SEC's Assets

SEC's assets are primarily comprised of its office equipment and furniture, accounts receivables, and its interest as an operator in the JOAs for the properties operated by SEC. The value listed for SEC's office and furniture equipment is based on prior costs and applicable tax records. SEC's office furniture and equipment is disbursed between its three office locations, and is several years old. As a result, while SEC has listed its office equipment and furniture with a combined value of approximately $1 million, the assets would likely receive significantly less in the event of a liquidation.

SEC further has an interest as an operator in the respective JOAs for its operated properties. SEC does not hold an ownership interest in any of the properties for which it is an operator, rather all revenue that is generated and collected from the sale of hydrocarbons is subject to the claims of the royalty interest holders, overriding royalty interest holders, and the working interest holders. As an operator, SEC is entitled to receive reimbursement for joint interest billings for expenditures on the operated property, and reimbursement for a percentage of administrative costs associated

with operating SEC through contractual reimbursement. The JOAs are executory contracts, and SEC is exercising its business judgment in determining which JOAs to assume, and which to reject.

SEC also has significant owed but unpaid receivables from joint interest billing obligations. As of the date of filing this Disclosure Statement, SEC has receivables in amount of $2,513,629.64, of which approximately $2,035,239.40 are past due. SEC previously sought authorization to offset unpaid joint interest billing obligations against post-petition revenue owed to working interest holders. SEC's Motion has been held in abeyance. SEC reserves the right to renew its Motion any time prior to confirmation of the Plan.

### Sklarco's Assets

Sklarco's assets are comprised primarily of its interest in oil and gas properties, including the applicable mineral leases, and its working interests, overriding royalty interests, and royalty interests in properties operated by SEC and third-party operators. On the Petition Date, Sklarco listed the value of its oil and gas interests at $75.4 million based on a reserve report dated April 1, 2020 completed by T. W. McGuire & Associates, Inc. Post-petition, the Debtors retained Nederland Sewell & Associates ("NSAI") in consultation with EWB and the Committee to complete an updated reserve report. NSAI issued its *Estimates of Reserves and Future Revenue Report* ("NSAI Reserve Report") on November 5, 2020, in which NSAI opined that Sklarco's oil and gas interests have a combined present value of approximately $28.6 million.

Sklarco has also scheduled its interest in the well machinery, fixtures, and equipment. While the well equipment was scheduled separately, the well equipment cannot be severed from the oil and gas properties, and therefore has no independent value.

In addition to the oil and gas assets, Sklarco owns interests in certain outside investments, comprised of minority interests in outside companies and limited partnerships. A majority of the outside investments have limited value, and are not currently making distributions to interest holders, or, in some instances, have made final distributions to interest holders. As such, Sklarco has scheduled the value of the interests in outside investments as $0.

### Avoidance Actions

Certain Avoidance Actions pursuant to 11 U.S. C. §§ 545 through 550 and related actions exist in this case. The Debtors each listed a number of payments to creditors in an amount greater than $6,825.00, the preference threshold amount, within the 90 days prior to the Petition Date and certain payments to insiders within the two years prior to filing their bankruptcy cases.

Pursuant to the Plan, all Avoidance Actions will be reserved to Class 6 general unsecured creditors of SEC, and may be pursued at the discretion of the Debtors after evaluation by the Independent Manager. In certain instances, the Independent Manager may decline to pursue an Avoidance Action based on a number of factors, including: 1) any valid defenses that may be raised; 2) the strength of the claims in light of the anticipated defenses; 3) the anticipated cost of litigation versus the amount to be recovered; 4) the likelihood of recovery if successful; and 5) the cost to the estate and the Debtors' ability to maintain its business relationship, versus the cost of possibly losing that business relationship and the impact on future revenues; and 6) any insurance coverage that may exist for such claims, including Directors and Officers Insurance. In those instances where these factors weigh against pursing an Avoidance Action, the Debtors will likely elect not to pursue Avoidance Actions. Pursuant to 11 U.S.C. § 546(A)(1), Avoidance Actions

must be commenced on or before April 1, 2022. Any Avoidance Actions not commenced by that time shall be deemed abandoned.

## VII.   DESCRIPTION OF LIABILITIES

### A.   Priority Claims

Priority Claims are defined in the Plan as any pre-petition Claim entitled to a priority in payment under § 507(a) of the Code, excluding any Administrative Claim or Tax Claim. Section 507(a) of the Code includes but is not limited to claims for: wages, salaries, or commissions, including vacation, sick leave, or severance pay owing to employees; and sales commissions earned by an individual within 180 days prior to filing the petition. 11 U.S.C. § 507(a)(1)-(4) (2019).

### 1.   Administrative Expense Claims

**Professional Fees.** Administrative Claims are those Claims for payments of administrative expenses of the kind specified in § 503(b) or § 1114(e)(2) of the Bankruptcy Code and are entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code, including but not limited to: the actual, necessary costs and expenses of preserving the estate; payment of professional fees; fees payable to the trustee; and all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a final order of the Bankruptcy Court. Professional fee claims have been reduced in part through payments made by the Debtor through both retainers and through interim payments allowed under the terms of the Cash Collateral Order and the interim payment of professional fee order entered during the case. The Administrative Claims include the Professional Fees incurred during the case which remain unpaid, including fees and costs for:

| Claimant | Service | Fees and Costs incurred and paid through November 30, 2020 |
|---|---|---|
| Kutner Brinen, P.C. | Bankruptcy Counsel | Fees:$426,284.00 Costs: $5,675.17 Paid: $283,310.06 |
| Armbrecht Jackson, LLP | Special Counsel – Oil & Gas, Litigation | Fees: $229,228.50 Costs: $2,618.40 Paid: $161,001.20 |
| Munsch Hardt Kopf & Harr, P.C. | Counsel for the Official Committee of Unsecured Creditors | Fees: $422,096.50 Costs: $1,991.60 Paid: $302,050.36 |
| Epiq Corporate Restructuring, LLC | Claims & Noticing Agent | Paid: $56,081.36 |
| CR3 Partners, LLC | Chief Restructuring Officer | Fees and Costs: $1,045,380.39 Paid: $752,111.88 |

### 2. Tax Claims

Priority Tax Claims are defined in the Plan as any Claim that is entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code and shall include interest solely to the extent that the holder of such Claim is entitled to such interest under section 507(a)(8) of the Bankruptcy Code. The Debtors are current on all post-petition tax filings and tax payments. The claims filed by taxing authorities include:

| Debtor | Taxing Authority | Claim No. | Amount of Claim |
|---|---|---|---|
| SEC | Internal Revenue Service ("IRS") | 57 | $22,954.94 |
| SEC & Sklarco | State of Alabama, Dept. of Revenue | 62 | $247,500.78 |
| SEC & Sklarco | Louisiana Dept. of Revenue | 75 | $40,379.40 |
| SEC & Sklarco | State of Alabama, Dept. of Revenue | 85 | $166,717.36 |
| Sklarco | IRS | 91 | $1,400.00 |
| SEC | State of Florida, Dept. of Revenue | 10063 | $570.90 |
| SEC | State of Florida, Dept. of Revenue | 10064 | $5,113.77 |
| | | **Total** | **$484,637.15** |

Post-petition, SEC sought authorization to pay the severance taxes owed to the State of Alabama Department of Revenue. As such, the total amount owed on account of the Tax Claims has been reduced by $414,218.14 as a result of the payment of the pre-petition severance taxes owed to the State of Alabama, and the total amount that must be paid on the Effective Date for the Tax Claims will be $70,419.01.

### 3. Employee Claims (Class 1).

Pursuant to 11 U.S.C. § 507(a)(4), wages, salaries and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $13,650.00 per employee earned within the 180 days prior to the Petition Date are entitled to priority. SEC was current on all employee wages as of the Petition Date, and therefore does not believe any wage claims exist. Vincent Zito filed Proof of Claim No. 78, asserting a priority claim in the amount of $21,058 for services provided to the Debtors on a pre-petition basis. The Debtors are still investigating this claim. To the extent Allowed, Mr. Zito's priority claim against SEC will be capped at $13,650, and all remaining amounts will be deemed an unsecured claim against SEC.

SEC does not believe that any other Class 1 claims arising under section 507(a)(4) or (a)(5) exist.

### 4. U.S. Trustee Fees

All unpaid U.S. Trustee Fees shall be paid on a current and ongoing basis until the case is closed.

**B.      Secured Claims.**

A summary of the known Secured Claims for the Debtor's bankruptcy estate is set forth below.

1.      **East West Bank (Class A and Class 2).**

The Class A and Class 2 Claim is secured by a lien on substantially all assets owned by SEC and Sklarco.  On or about June 15, 2018, SEC and Sklarco entered into a $50,000,000 Senior Secured Revolving Line of Credit Facility, evidenced by a Credit Agreement, Pledge and Security Agreement, and Promissory Note (the "Loan Documents") with East West Bank, as Agent and Lead Arranger.  Pursuant to the Loan Documents, SEC and Sklarco granted EWB a lien on: 1) all personal property and fixture property, deposit accounts, letter of credit rights, securities and all other investment property, and insurance claims; and 2) all oil and gas interests owned by, or later acquired by, SEC and Sklarco. In accordance with the Credit Agreement, EWB did not receive a lien on outside investment owned SEC or Sklarco, or on the oil and gas interests held in the name of Sklarco as nominee for the Estate of Judy Sklar Silberstein, the Judy Trust FBO Maren Silberstein, and the Estate of Miriam M. Sklar.  EWB duly perfected its interests in the Debtors' assets by filing Mortgages and Deeds of Trust in the applicable real property records in Mississippi, Louisiana, Texas, Florida, and Alabama, and by filing UCC-1 financing statements with the Bossier Parish Clerk of Court.

On May 1, 2020, EWB filed Proof of Claim No. 29 in SEC's case, and Proof of Claim No. 1 in Sklarco's case, asserting a secured claim in the amount of $22,989,650.74.

2.      **Ford Motor Credit (Class 3).**

The Class 3 Claim is secured by a purchase money security interest in eighteen vehicles financed through Ford Motor Credit. Ford Motor Credit has filed the following Proofs of Claim:

| Claim No. | Amount | Vehicle Securing Interest |
|---|---|---|
| 1 | $45,777.55 | 2019 Ford F-150; VIN 1FTEW1E47KKF42980 |
| 2 | $26,909.72 | 2018 Ford F-150; VIN 1FTEW1EGXJFC11026 |
| 3 | $45,390.86 | 2020 Ford F-150; VIN 1FTEW1E46LFA82470 |
| 4 | $46,174.15 | 2020 Ford F-250; VIN 1FT7W2B61LEC27148 |
| 5 | $37,489.44 | 2018 Ford F-150; VIN 1FTEW1E50JKF99213 |
| 8 | $30,425.16 | 2019 Ford Ranger Super; VIN 1FTER1FH6KLA66276 |
| 9 | $37,240.69 | 2018 Ford F-150; VIN 1FTEW1EG1JFD41552 |
| 10 | $40,744.57 | 2019 Ford F-250; VIN 1FT7W2BT3KEE99379 |
| 13 | $52,191.98 | 2020 Ford F-150; VIN 1FTEW1E55LFA69055 |
| 21 | $26,447.24 | 2017 Ford F-150; VIN 1FTEW1EF5HFA31230 |
| 22 | $33,556.16 | 2019 Ford Expedition; VIN 1FMJU1JT6KEA01985 |
| 54 | $15,652.22 | 2016 Ford F-150; VIN 1FTEW1EF0GFD50856 |
| 55 | $20,856.81 | 2017 Ford F-250; VIN 1FT7W2B64HED39983 |
| 73 | $21,403.09 | 2016 Ford F-150; VIN 1FTEW1EF5GFD35009 |
| **TOTAL** | **$480,259.64** | |

3.　　**Ally Bank (Class 4).**

The Class 4 Claim is secured by a purchase money security interest in a 2018 Ford F-150, Vin 1FTEW1CP6JKE16174.  Ally Bank filed Proof of Claim No. 52, asserting a secured claim in the amount of $26,189.19.  The Class 4 Claim is fully secured by the value of the collateral securing the Claim.

4.　　**Mechanics' Lien Claims (Class B.1 through B.5)**

Classes B.1 through B.5 are comprised of the secured claims of creditors who perfected mechanics or materialmens' liens ("M&M Liens") on a pre-petition basis, or filed a notice pursuant to 11 U.S.C. § 546 on a post-petition basis.  A full list of those creditors asserting mechanics' or materialmens' liens, including those who have not properly perfected their liens pursuant to Section 546, is attached hereto as Exhibit C, including those properties to which the lien attaches.

In each instance, the validity, scope of property covered, priority and enforcement of the liens is determined by State Law in the state in which the lien was filed.  In Alabama, where the majority of the Debtors' operations are conducted, the liens are governed by Ala. Code § 35-11-210 *et seq*, pursuant to which properly perfected liens may be enforced against the real property and the improvements thereto upon which labor, material, or equipment was provided pursuant to a valid contract.  Assuming compliance with statutory requirements in the respective state, the M&M Liens would attach to the interests in real property of the various working interest holders, including Sklarco, but would not attach to the interests held by the surface owners or mineral owners/lessors.

A majority of the parties who sent notices of M&M Liens failed to perfect their lien as to Sklarco on a pre-petition basis, or file a notice pursuant to section 546 of the Bankruptcy Code on a post-petition basis.  Parties who have failed to perfect their lien as to Sklarco are not separately classified.  Those parties who have perfected their liens are separately classified, and Sklarco that such claims are wholly unsecured by the value of Sklarco's interest, as the value of Sklarco's oil and gas assets is less than the first priority secured claim of EWB.

**C.　　Non-Priority Unsecured Creditors.**

**_Sklarco_**

Sklarco's Class C general unsecured creditors are generally comprised of third-party operators to whom Sklarco owed joint interest billing obligations on a pre-petition basis. Sklarco scheduled unsecured claims in the amount of $244,614.57.  Based on the claims register maintained by Epiq, the total amount of unsecured claims asserted against Sklarco is approximately $877,383.14.  Sklarco is in the process of investigating all claims filed, and reserves the right to object to any unsecured claims asserted against the incorrect debtor, or that do not have a basis in fact or law. Sklarco anticipates that the total amount of general unsecured claims will ultimately be reduced to less than $500,000.

*Sklar Exploration Company, LLC*

SEC's Class 6 general unsecured creditors are generally comprised of the unsecured claims of vendors and liabilities arising from cash call advances paid by working interest owners. Based on the claims register maintained by Epiq, the total amount of unsecured claims asserted against SEC are approximately $36,617,000. SEC is in the process of investigating all claims filed, and reserves the right to object to any unsecured claims asserted against the incorrect debtor, or that do not have a basis in fact or law. Based on an initial review of the filed claims, SEC anticipates that the total amount of Class 6 claims will be reduced by at least $18 million. The general unsecured claims arising from cash call liabilities may also be reduced prior to and after confirmation as SEC performs work for which cash call advances were requested on a pre-petition basis. The amount of Class 6 claims may increase based on claims arising from SEC's rejection of certain JOAs.

**D.      Leases and Executory Contracts.**

On the Effective Date of the Plan, the Debtors will assume those executory contracts and unexpired leases, which have not been rejected by Order of the Court prior to the Confirmation Date as set forth in the Plan. On the date of the entry of an Order confirming the Plan, Debtors shall be the holder of any and all right, title, and interest to the assumed leases and contracts, and as a result, such assumed leases and contracts shall be in full force and effect and shall be binding upon Debtors and the other parties thereto. Confirmation of the Plan shall constitute a determination that the payments to be made to said creditors pursuant to the Plan satisfy all conditions precedent to assumption and assignment set forth in 11 U.S.C. §§ 365(b) and (f). As to any rejection of the leases and executory contracts, on the Effective Date of the Plan, the Debtor will reject the executory contracts and unexpired leases to which it is a party listed in the Plan, which have not been assumed by Order of the Court prior to the Confirmation Date. Executory contracts and unexpired leases will be rejected pursuant to the provisions of 11 U.S.C. § 365. Any executory contract or unexpired lease not assumed in accordance with the Plan shall be rejected. All proofs of claim with respect to claims arising from the rejection of any executory contract or unexpired lease shall be filed with the Court within twenty (20) days after the earlier of: (i) the date of the Court order approving the Debtor's rejection of such executory contract or unexpired lease; or (ii) the Confirmation Date. Any claims not filed within such time shall be forever barred against the Debtor, its estate, and property, and as a result, any such Claims shall be disallowed in full. Claims arising from such rejection, to the extent Allowed, shall be treated as non-priority unsecured Claims.

The contracts which Sklarco intends to assume are attached hereto as Exhibit D. Sklarco asserts that it is current on all obligations under the contracts which it intends to assume, and therefore there will be no cost to Sklarco to assume the various contracts. Included in the contracts to be assumed is the Agency Services Agreement by and between the Debtors, Howard Sklar, the Howard Trust, the Alan Trust, the Jacob Trust, and the Estate of Miriam Mandel Sklar, which generally provides for the management of certain assets for the benefit of the various Trusts and the Estate of Miriam Mandel Sklar in exchange for a management fee.

The contracts which SEC intends to assume are attached hereto as Exhibit E. SEC owes approximately $4.1 million in unpaid revenue owed to working interest holders from revenue

received by SEC in January and February 2020. Approximately $3 million is attributed to those contracts which SEC intends to assume, which amount must be paid by SEC to cure the monetary defaults under the JOAs. SEC is still analyzing the JOAs, and Exhibit E is subject to further revision based on SEC's business judgment. SEC may elect to assume or reject additional JOAs at any time prior to confirmation. Furthermore, the amount required cure any contracts that SEC elects to assume is subject to agreement between the parties or determination by the Bankruptcy Court.

SEC further requested, and received, approximately $7 million in cash call advances on a pre-petition basis, for projects which were not completed as of the Petition Date. The total cash call advance balance owed for the JOAs which SEC intends to assume is approximately $400,000. As additional adequate assurance of future performance under the JOAs, SEC will demonstrate that its operating revenue is sufficient to allow SEC to pay all costs for the projects for which cash call advances were requested and paid as adequate assurance of future performance. The actual amount of cash call advances is subject to change prior to or after confirmation, and is further subject to agreement between the parties or determination by the Bankruptcy Court.

## VIII.    DESCRIPTION OF PLAN

### A.    General Description

The Debtors filed their Plan of Reorganization with the United States Bankruptcy Court for the District of Colorado on December 18, 2020. The Plan provides for the reorganization of the Debtors under Chapter 11 of the Bankruptcy Code. Pursuant to the Plan, the Debtors shall restructure their debts and obligations and Sklarco and SEC shall continue to operate in the ordinary course of business. The Plan provides for the specification and treatment of all creditors and Interest holders of the Debtors. The Plan identifies whether each Class is impaired or unimpaired. A Class is unimpaired only if the Plan leaves unaltered the legal, equitable, or contractual obligations between the Debtor and the unimpaired claimants or Interest holders. The following is a brief summary of the Plan. The actual text of the Plan should be reviewed for more specific detail.

As provided in Section 1123(a)(1) of the Bankruptcy Code, the Priority Administrative and Tax Claims against the Debtor are not designated as classes. The holders of such Allowed Claims will be paid in full and are not entitled to vote on the Plan. The Plan divides the creditors into separate classes. The classes are set forth as follows:

**Sklarco**

Class A - The Allowed Secured Claim held by East West Bank.

Class B.1 through B.5– The Allowed Secured Claims held by Mechanics Lien Claimants more specifically identified as follows:

Class B.1 - The Allowed Secured Claim held by Stoneham Drilling Corporation, if any.

21

<u>Class B.2</u> - The Allowed Secured Claim held by Premium Oilfield Services, LLC, if any.

<u>Class B.3</u> - The Allowed Secured Claim held by Weatherford U.S., L.P., if any.

<u>Class B.4</u> - The Allowed Secured Claim held by Liquid Gold Well Service, Inc., if any.

<u>Class B.5</u> – The Allowed Secured Claim held by RAPAD Well Service, Inc., if any.

<u>Class C</u> – The Allowed Unsecured Claims against Sklarco.

<u>Class D</u> – The member Interest held by Howard Trust

**SEC**

<u>Class 1</u> - All Allowed Unsecured Claims specified in Section 507(a)(4) and 507(a)(5) of the Code as having priority.

<u>Class 2</u> - The Allowed Secured Claim held by East West Bank.

<u>Class 3</u> – The Allowed Secured Claim held by Ford Motor Credit.

<u>Class 4</u> – The Allowed Secured Claim held by Ally Bank.

<u>Class 5</u> – The Allowed JOA Cure Claims.

<u>Class 6</u> - The Allowed Unsecured Claims against SEC held by unsecured creditors unless separately classified.

<u>Class 7</u> - The member Interest held by Howard Trust.

**B.     The Claims**

**1.     Unclassified Priority Claims**

The holders of Allowed Claims of the type specified in Section 507(a)(2) of the Bankruptcy Code, including the costs and expenses of administration, shall receive cash equal to the Allowed amount of such Claim or a lesser amount or different treatment as may be acceptable and agreed to by the particular holders of such Claims.  Such Claims shall be paid in full on the Effective Date, or treated as otherwise agreed by the particular holders of such Claims.   Administrative Claims that are Allowed by the Court after the Effective Date of the Plan shall be paid upon allowance or as otherwise agreed by the particular holders of such Claims.  At the current time the Debtor has no agreements with administrative claimants to be paid other than in full as of the effective date of the Plan.

All Administrative Claims of professionals are subject to Court approval on notice to creditors with an opportunity for a hearing.  Certain Professional Fees may be paid pursuant to interim fee applications and upon Court allowance.  The following fees and costs have been incurred by professionals in this case:

22

| Claimant | Service | Fees and Costs incurred and paid through November 30, 2020 | Claim Expected |
|---|---|---|---|
| Kutner Brinen, P.C. | Bankruptcy Counsel | Fees:$426,284.00 Costs: $5,675.17 Paid: $283,310.06 | To Be Determined[1] |
| Armbrecht Jackson, LLP | Special Counsel – Oil & Gas, Litigation | Fees: $229,228.50 Costs: $2,618.40 Paid: $161,001.20 | To Be Determined |
| Munsch Hardt Kopf & Harr, P.C. | Counsel for the Official Committee of Unsecured Creditors | Fees: $422,096.50 Costs: $1,991.60 Paid: $302,050.36 | To Be Determined |
| Epiq Corporate Restructuring, LLC | Claims & Noticing Agent | Paid: $56,081.36 | To Be Determined |
| CR3 Partners, LLC | Chief Restructuring Officer | Fees and Costs: $1,045,380.39 Paid: $752,111.88 | To Be Determined |

The amounts due to professionals may be reduced by interim payments prior to the Effective Date of the Plan in accordance with the *Order Approving Interim Advance Payment Procedures* and the interim allowance of fees and costs. The Debtors anticipate that they will have sufficient funds available to satisfy these claims on the Effective Date or upon allowance of such fees and costs.

## 2. Tax Claims

Tax Claims are any Claim of a governmental unit for taxes entitled to priority pursuant to 11 U.S.C. § 507(a)(8). The Tax Claims will be paid in full on the Effective Date of the Plan. The Tax Claims that must be paid on the Effective Date are:

| Debtor | Taxing Authority | Claim No. | Amount of Claim |
|---|---|---|---|
| SEC | Internal Revenue Service ("IRS") | 57 | $22,954.94 |
| SEC & Sklarco | State of Alabama, Dept. of Revenue[2] | 62 | $0.00 |
| SEC & Sklarco | Louisiana Dept. of Revenue | 75 | $40,379.40 |
| SEC & Sklarco | State of Alabama, Dept. of Revenue | 85 | $0.00 |
| Sklarco | IRS | 91 | $1,400.00 |
| SEC | State of Florida, Dept. of Revenue | 10063 | $570.90 |
| SEC | State of Florida, Dept. of Revenue | 10064 | $5,113.77 |
| | | **Total** | **$70,419.01** |

---

[1] Claim is dependent on amount of litigation over the Plan.
[2] Paid post-petition

### 3. Class 1 Priority Claims

Allowed Class 1 Priority Claims shall be paid in full on the Effective Date. The Class 1 claims for certain pre-petition wages and employee Claims are more particularly described in Sections 507(a)(4) and 507(a)(5) of the Code. If the claim of Vincent Zito is an Allowed priority claim arising under Section 507(a)(4), the total Class 1 Priority Claims to be paid on the Effective Date of the Plan will be $13,650. If Mr. Zito's claim is disallowed, SEC does not believe there are any Class 1 Priority Claims.

### 4. Secured Claims

### a. East West Bank (Class 2 and Class A).

Class 2 and Class A are impaired by the Plan. The principal amount of the EWB Secured Claim will be Allowed in the amount owed on the Confirmation Date of the Plan or as otherwise set by the Court if an Objection to the EWB Secured Claim is filed. The EWB Secured Claim Claim will continue to retain all liens that secured its Claim as of the Petition Date. The EWB Secured Claim shall bear interest at a rate of [6%] per annum, and shall receive not less than [95%] of SKC Available Cash, which amount shall be dependent on the amortization of the EWB Secured Claim and the amount necessary to maintain at least the same loan-to-value ratio as exists on the Effective Date of the Plan. All payments shall be applied first to interest and then to the principal balance of the EWB Secured Claim.

In the event that the market price for crude oil drops below $40/bbl based on WTI Crude for a period of five (5) or more consecutive days, EWB shall have the right to adjust the monthly payment on account of the EWB secured claim to ensure that the loan-to-value ratio does not increase above the loan-to-value ratio on the Effective Date of the Plan based on the decline curve set forth in the NSAI Reserve Report.

The EWB Secured Claim shall become due and payable on the second anniversary of the Effective Date of the Plan through either sale or refinance. The Debtors intend to refinance the EWB Secured Claim within the two (2) year period. To the extent the Debtors are unable to refinance, the Debtors will cooperate with EWB to engage in a sale process to sell Sklarco's assets and repay the EWB Secured Claim, and six months prior to the maturity date of the EWB Secured Claim, shall consult with EWB to determine if a marketing and sale process is necessary. If a marketing and sale process is used, the Debtors shall cooperate with EWB to engage a broker, and engage in commercially reasonable means to market and sell Sklarco's oil and gas interests until the EWB Secured Claim is paid in full. In the event that the Independent Manager effectuates the liquidation and wind down of SEC in accordance with the Plan prior to the maturity date of the EWB Secured Claim, EWB shall also be entitled to receive the proceeds from the liquidation of SEC's assets as a result of its liens ahead of other creditors.

The payment on account of the EWB Secured Claim will vary based on the actual revenue received by Sklarco on account of its oil and gas interests during the Plan. Based on the Projections attached hereto as Exhibit B, EWB is projected to receive approximately $4.5 million during the first year of the Plan term, effectively reducing the loan-to-value ratio to a point where the Debtors have a realistic possibility of refinancing the EWB Secured Claim.

**b. Ford Motor Credit (Class 3).**

Class 3 is unimpaired by the Plan. The Class 3 Claim will retain all liens securing the Claim on the Effective Date of the Plan, and shall be paid in accordance with the underlying contracts until paid in full. To the extent SEC determines that any vehicles are unnecessary to SEC's ongoing operations, SEC reserves the right to return any vehicles in accordance with the underlying contract. Any amounts owed in excess of the value of the vehicle upon return shall be treated as a Class 6 general unsecured claim.

**c. Ally Bank (Class 4).**

Class 4 is unimpaired by the Plan. The Class 4 Claim will retain all liens securing the Claim on the Effective Date of the Plan, and shall be paid in accordance with the underlying contracts until paid in full. To the extent SEC determines that any vehicles are unnecessary to SEC's ongoing operations, SEC reserves the right to return any vehicles in accordance with the underlying contract. Any amounts owed in excess of the value of the vehicle upon return shall be treated as a Class 6 general unsecured claim.

**d. Mechanics Lien (Class B.1 through B.5).**

Classes B.1 through B.5 consist of the Allowed or arguably allowable classes of creditor claims held by Premium, Stoneham, Weatherford, Liquid Gold and RAPAD, all of whom assert a secured claim based on mechanics liens arising under applicable State Law for which Notices of Perfection of Liens Under Section 546(b) have been filed. The Class B.1 through B.5 Claims are impaired by the Plan. The Class B.1 through B.5 claims arise out of expenses incurred by SEC for the ongoing operation of the wells. On the Effective Date of the Plan, the Class B.1 through B.5 Claims shall be deemed unsecured pursuant to 11 U.S.C. § 506 and treated as Class 6 general unsecured claims of SEC.

**5.     General Unsecured Claims.**

**a. Class C – General Unsecured Claims Against Sklarco.**

Class C consists of the Allowed General Unsecured Claims against Sklarco. Beginning the first full month following the Effective Date of the Plan, Sklarco shall establish a segregated account, into which Sklarco shall deposit [5%] of the SKC Available Cash on a monthly basis. Pro rata distributions to Class C Creditors will begin the fifteenth day of the first quarter following the Effective Date of the Plan, and will continue quarterly thereafter until Class C Claims are paid in full.

In the event that hydrocarbon prices drop below $40/bbl based on the WTI Crude for a consecutive period of five or more days, payments to unsecured creditors shall be suspended for at least a one-month period. In the event that hydrocarbon prices exceed $55/bbl based on WTI Crude for a consecutive period of thirty (30) or more days, SKC may advance payments to unsecured creditors to the extent allowed by the SKC Available Cash.

The amounts paid to unsecured creditors will vary based on the actual revenue received by Sklarco. Based on the Debtors' projections, Class C Creditors will be paid in full in the fourth year following confirmation of the Plan if the Allowed Class C Claims are approximately

$877,000.  If the Allowed Class C Claims are reduced to $500,000 or less, the Class C Claims will be paid in full in the second year of the Plan term.

### b. Class 5 – JOA Cure Claims

Class 5 consists of the Allowed JOA Cure Claims held by Revenue Parties.  On the Effective Date of the Plan, SEC shall offset and/or recoup up to [$1 million] of the unpaid JIB Obligations owed by Class 5 Claimants against the Class 5 Claims.  On the Effective Date of the Plan, SEC shall reduce the balance of the Revenue Account to an amount necessary to pay the upcoming revenue cycle.  All funds excess of the amount necessary to pay the upcoming revenue cycle shall be distributed on a pro rata basis to all Class 5 Claims.  Following application of any setoffs and/or recoupments and payments, commencing on the fifteenth day of the first month of the first quarter following the Effective Date of the Plan and continuing on the fifteenth day of the first month of each quarter thereafter, Class 5 Claimants shall further receive pro rata distributions of [100%] SEC Net Operating Income.

The Class 5 Claimants shall receive quarterly distributions of [100%] of SEC Net Operating Income as set forth on the Projections attached as Exhibit B until paid in full.  In preparing the Projections, the Debtors have used a conservative approach in estimating future revenues.  Actual revenue received is based on a variety of factors, including but not limited to commodity prices and production of the wells.  Based on the Projections, SEC is anticipated to receive the following Net Operating Income during the Plan term:

| Year | Projected SEC Net Operating Income |
|------|-----------------------------------|
| 2021 | $819,000 |
| 2022 | $89,000 |
| 2023 | $441,000 |
| 2024 | $161,000 |
| 2025 | $314,000 |

The time until Class 5 Claims are paid in full is dependent on the actual amount of Allowed JOA Cure Claims comprising Class 5 and the actual revenue received by SEC.

### c. Class 6 – General Unsecured Claims Against SEC.

Class 6 is comprised of the Allowed General Unsecured Claims against SEC.  Beginning the first full month following the Effective Date of the Plan, SEC shall establish a segregated account, into which SEC shall deposit [100%] of the SEC Net Operating Income on a monthly basis for a 60-month period ("Repayment Term").  Commencing the first quarter following the date on which the Class 5 Claims are paid in full, and continuing on a quarterly basis thereafter, the accrued funds shall be distributed to Class 6 Creditors on a pro rata basis.

Net Operating Income is set forth on the Projections.  In preparing the Projections, the Debtors have used a conservative approach in estimating future revenues.  Actual revenue received is based on a variety of factors, including but not limited to commodity prices and production of

the wells.  Based on the Projections, SEC is anticipated to receive the following Net Operating Income during the Plan term:

| Year | Projected SEC Net Operating Income |
|------|------------------------------------|
| 2021 | $819,000 |
| 2022 | $89,000 |
| 2023 | $441,000 |
| 2024 | $161,000 |
| 2025 | $314,000 |

In addition to the above payments, Class 6 creditors shall receive [5%] of the SKC Available Cash after Class C creditors are paid in full. Assuming that Class C Claims are $500,000 or less, distributions to Class 6 creditors of the [5%] of SKC Available Cash will begin in the second year and continue through the end of the Repayment Term.

Class 6 creditors shall also receive a pro rata distribution of all of the net proceeds of any Avoidance Action, including any potential claims against directors and officer, brought by SEC, less reasonable costs and attorneys' fees incurred to pursue the claim through litigation, settlement, and/or collection.  SEC has identified approximately $10 million in payments in the 90 days prior to filing.  SEC is still evaluating the pre-petition payments to determine if valid preference actions exist, the likelihood of recovery, and the existence of likelihood of success of any defenses to Avoidance Actions. Additional claims may exist against pre-petition officers or directors of SEC. To the extent any such claims exist, the claims will likely be limited to the potential recovery under applicable Directors and Officers Insurance Policies.

SEC's repayment of Class 5 and 6 creditors under the Plan is contingent on SEC remaining the operator of the South Brooklyn Oil Units.  The South Brooklyn Oil Units provide a significant source of revenue to SEC, as it allows SEC to both recover additional reimbursement of administrative expenses through contractual reimbursements with respect to the South Brooklyn Oil Units and management fees from operation of the gas plant located on the Brooklyn Oil Units. If SEC is removed as operator of the South Brooklyn Oil Units, the Independent Manager will likely be forced to wind down SEC and liquidate its assets following an orderly transition to a new operator.

In the event of a wind down and liquidation of SEC, recovery to unsecured creditors will be significantly reduced.  Without the ongoing revenue of SEC to pay unsecured creditors, recovery on account of the Class 5 and 6 unsecured claims will be limited to any recovery on Avoidance Actions, including any potential claims against directors and officers, brought by the Reorganized Debtors.

### 6.    Interests.

### a.    Class 7 – Interests in SEC.

Class 7 consists of the membership interests in SEC.  Class 7 is impaired by the Plan, in that there is a loss of control for the Interest Holders, a loss of voting rights as set forth in Paragraph

8.5 of the Plan. On the Effective Date of the Plan, all membership interests shall be placed in escrow and subject to an escrow agreement until all payments to Class 2 and Class 6 creditors are completed in accordance with the Plan.

### b. Class D – Interests in Sklarco.

Class D consists of the membership interests in Sklarco. Class D is impaired by the Plan, in that there is a loss of control for the Interest Holders, a loss of voting rights as set forth in Paragraph 8.5 of the Plan. On the Effective Date of the Plan, all membership interests shall be placed in escrow and subject to an escrow agreement until payments under the Class A Claim is paid in full. In the event of a refinance of the Class A Claim, the Class D Interests will be released from escrow in conjunction with refinance and payment of the Class A Claim.

## C. Management and Means for Execution of the Plan.

Pursuant to the Plan, the Debtors shall restructure their debts and obligations and will continue to operate in the ordinary course of business. Funding for the Plan shall be from income derived from Sklarco's ongoing revenue attributed to its oil and gas interests, and SEC's revenue derived from its ongoing operations as operator of certain oil and gas properties.

An Independent Manager(s) shall be appointed for each of the Debtors to manage their day-to-day affairs, including but not limited to:

a) Effectuating the terms of the Plan, including making distributions to creditors as needed;
b) Maintaining control over all bank accounts and funds held and maintained by the Debtors;
c) Maintaining control over expenditures;
d) Pursuing Avoidance Actions on behalf of the Debtors; and
e) Directing business decisions by the Debtors, including performance of any projects for which SEC previously received cash call advances on those Operating Agreements assumed by SEC.

The Independent Manager shall also be empowered to effectuate the wind down and dissolution of SEC in consultation with EWB if certain events occur, including, without limitation, removal of SEC as operator of the Southeast and/or Southwest Brooklyn Oil Units. The existing Interest Holders may have input in continued operation of the Debtors, but shall not have any voting rights or operational authority or control over the Debtors.

The existing CRO, CR3 Partners, shall remain in place to effectuate a transition to the Independent Manager. The Independent Manager will remain in control of the Debtors until: 1) the Class 2 and Class A Secured Claim held by EWB is paid in full; 2) all distributions required during the Repayment Term have been completed; and 3) the Independent Manager shall have appointed a qualified professional to manage revenue in accordance with applicable industry standards.

Certain insiders employed by the Debtors on a pre-petition basis may remain in place as part of SEC's management team, but all decision-making authority will rest with the Independent Manager. All persons employed by the Debtors, including members of the management team employed by SEC, will be compensated in accordance with applicable market rates. Howard Sklar will also be employed by SEC, but will be compensated at ordinary market rates for geological and engineering services provided. No distributions or dividends will be paid to Howard Sklar during the Plan term.

## IX.   PLAN FEASIBILITY

The Debtors' Plan is feasible based upon the Debtor's ability to achieve the various components of the Plan. The Debtors' Plan is contingent on the occurrence of certain events, and will not become effective until: 1) an Order is entered confirming the Debtors' Plan and the Order becomes final; 2) an Order is entered denying *Ad Hoc Committee of Working Interest Owners' Motion to Modify the Automatic Stay to: (A) Hold a Meeting of the Working Interest Owners in the Brooklyn Oil Units; (B) Hold a Contractually Authorized Vote to Remove Debtor Sklar Exploration Company, LLC as Operator of the Brooklyn Oil Units; and (C) Upon an Affirmative Vote to Remove SEC as Operator, to Take All Steps Necessary to Effectuate the Removal* (Docket No. 671); and 3) an Independent Manager(s) is selected by agreement between the Debtor and EWB. These conditions to the Plan becoming effective are necessary to ensure that the Plan will be feasible, as SEC's continued operation of the Brooklyn Oil Units is necessary to its reorganization efforts and ability to make payments to unsecured creditors under the Plan. Similarly, agreement on an Independent Manager is necessary to ensure that the required management structure is in place to effectuate the Plan.

The Debtors' Projections support the feasibility of the Plan. In preparing the Projections, the Debtors have used a conservative approach in estimating future revenues. Actual revenue received is based on a variety of factors, including but not limited to commodity prices and production of the wells. Because payments to creditors, including EWB are tied to the Debtors' revenue, the Debtors will be able to maintain payments to creditors, even when there are significant price fluctuations. The Plan also prioritized payments to EWB to reduce the loan to a balance that can be refinanced once credit markets recover, which is anticipated to occur in the next two years. In the alternative, the Plan includes contingencies in the event that the Debtors are unable to refinance the EWB Secured Claim.

The greatest risk to feasibility as to SEC is the possibility of SEC being removed as operator of the South Brooklyn Oil Units. As set forth above, the *Ad Hoc* Committee has already sought relief from stay in order to attempt to remove SEC as operator of the South Brooklyn Oil Units by vote of the working interest holders in the Units. The Debtors do not believe that, even if relief from stay were granted, the *Ad Hoc* Committee would be able to remove SEC as operator, as the applicable JOAs require a vote of 66.667% of working interests in each unit to approve the change of operator, and the change of operator must then be approved by the Alabama Oil and Gas Board. However, in the event that SEC is removed as operator of the South Brooklyn Oil Units, SEC will not have sufficient revenue to maintain operations, at which point the Independent Manager is empowered to effectuate the wind down and liquidation of SEC. If a liquidation of SEC occurs, funds will be distributed in accordance with the priorities set forth in the Bankruptcy Code, with

payments going first to secured creditors, then to priority creditors, and then to general unsecured creditors if any funds remain.

## X.     RISK TO CREDITORS

This Disclosure Statement contains statements which look into the future.  There is no way to determine the accuracy of these statements.  The Debtors have attempted to be conservative in its analysis and believes that the Plan as proposed offers the best option for creditors. The primary risk to creditors in that the Debtors will be unable to meet their projections under the Plan, or a sustained downturn in the demand for oil and gas will drive oil prices too low for the Debtors to maintain operations.  The Debtors have attempted to mitigate this risk by tying all payments to revenue actually received, and including the ability to adjust payments to creditors based on significant and sustained drops in the price of oil.  As to SEC, there is a risk from major catastrophic weather events, such as hurricanes.  If significant weather events occur, SEC may have to incur additional expenses to maintain or repair the wells, some of which may not be recoverable under the JOAs.  As set forth above, there is also a risk to creditors if SEC is removed as operator of the South Brooklyn Oil Units, as SEC will no longer have the funds to maintain operations.

The Projections provide a conservative estimation of the Debtors' anticipated projected revenue, based on historical performance and the efforts undertaken to restructure its operations during the bankruptcy case.  The principal alternative to the Debtors' reorganization under Chapter 11 is a conversion of the case to Chapter 7 of the Bankruptcy Code.  As set forth in Section XI below, liquidation of the Debtors will assure a distribution to unsecured creditors less than that proposed by the Plan.

## XI.     TAX CONSEQUENCE

The Debtors are not providing tax advice to creditors or interest holders.  **U.S. Treasury Regulations require you to be informed that, to the extent this section includes any tax advice, it is not intended or written by the Debtors or their counsel to be used, and cannot be used, for the purpose of avoiding federal tax penalties.**  Each party affected by the Plan should consult its own tax advisor for information as to the tax consequences of Plan confirmation.  Generally, unsecured creditors should have no tax impact as a result of Plan confirmation.  The recovery of each creditor is payment on account of a debt and generally not taxable, unless the creditor wrote off the debt against income in a prior year in which case income may have to be recognized.  Interest holders may have very complicated tax effects as a result of Plan confirmation.

## XII.     LIQUIDATION ANALYSIS

The principal alternative to a debtors' reorganization under Chapter 11 is a conversion of the case to Chapter 7 of the Bankruptcy Code.   Chapter 7 is the only alternative for Debtors under the Bankruptcy Code.  Chapter 7 requires the liquidation of the debtors' assets by a Trustee who is appointed by the United States Trustee's office.  In a Chapter 7 case, the Chapter 7 Trustee would take over control of the debtors' assets.  The assets would be liquidated, and the proceeds distributed to creditors in the order of their priorities.

If the Debtors' cases were converted to cases under Chapter 7, EWB would likely seek relief from stay to foreclose on the Debtors' assets.  Even if relief from stay was not granted, and assets were instead liquidated by the Chapter 7 Trustee, no funds would available for unsecured creditors. Because of the recent sustained downturn in the price of oil, and the influx of oil and gas bankruptcies, the oil and gas assets held by Sklarco would likely sell for less than 25% of the current reserve value in a liquidation, significantly less than the EWB Secured Claim.  SEC would similarly receive significantly less for its assets in a liquidation, as its assets are primarily comprised of office equipment and furniture which will have minimal liquidation value.

As a result, as set forth on the Liquidation Analysis attached hereto as Exhibit H (as to Sklarco) and Exhibit I (as to SEC), unsecured creditors of either SEC or Sklarco would receive nothing on account of their claims from the liquidation of assets.  The only value to unsecured creditors would be from any Avoidance Actions brought by the Chapter 7 Trustee, the proceeds from which would go first to pay Administrative Expense Claims and Priority Claims, and then to pay unsecured creditors.  In contrast, the Plan preserves the full value of the Avoidance Actions for unsecured creditors while also paying unsecured creditors of both companies out of ongoing revenue.  The Debtors' Plan therefore provides a significantly greater recovery for creditors of both Debtors, and the Debtors urge creditors to vote to accept the Plan.

**[remainder of page intentionally left blank]**

DATED: December 18, 2020

SKLAR EXPLORATION, LLC


By:   /s/ James Katchadurian
James Katchadurian, Chief Restructuring Officer



SKLARCO, LLC


By:   /s/ James Katchadurian
James Katchadurian, Chief Restructuring Officer



Kutner Brinen, P.C. ("KB") has acted as legal counsel to the Debtor on bankruptcy matters during the Chapter 11 case.  KB has prepared this Disclosure Statement with information provided primarily by the Debtor.  The information contained herein has been approved by the Debtor.  KB has not made any separate independent investigation as to the veracity or accuracy of the statements contained herein.

Counsel to the Debtor and Debtor- In-Possession:


KUTNER BRINEN, P.C.


By:   /s/ Keri L. Riley
Jeffrey S. Brinen
Keri L. Riley
1660 Lincoln St., Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Email:  jsb@kutnerlaw.com
Email:  klr@kutnerlaw.com

## EXHIBITS TO DISCLOSURE STATEMENT

Exhibit A:      Asset Analysis

Exhibit B:      Projections

Exhibit C:      Summary of Mechanics' and Materialmens' Liens

Exhibit D:      Contracts to be Assumed by Sklarco

Exhibit E:      Contracts to be Assumed by SEC

Exhibit F:      Contracts to be Rejected by Sklarco

Exhibit G:      Contracts to be Rejected by SEC

Exhibit H:      Liquidation Analysis for Sklarco

Exhibit I:      Liquidation Analysis for SEC

# Exhibit A

| SEC Assets | Value as of Petition Date Unless Otherwise Specified |
|---|---|
| East West Bank - Operating (Current Balance) | $ 635,140.75 |
| East West Bank - Revenue (Current Balance) [1] | $ 2,757,183.30 |
| East West Bank - Payroll | $ 4,859.04 |
| East West Bank - Benefits | $ 5,636.29 |
| Note Receivable - Marshall Jones | $ 54,087.50 |
| Accounts Receivables - JIB Obligations | $ 2,513,629.64 |
| Receivable Owed by Sklar Transportation | $ 802,116.00 |
| Hedging Settlements Due as of the Petition Date | $ 173,495.00 |
| Deposit for Plug & Abandonment Obligations in Alabama; held by Acstar Insurance | $ 100,000.00 |
| Electricity Deposit - Alabama Power | $ 500.00 |
| Electricity Deposit - Mississippi Power | $ 8,400.00 |
| Electricity Deposit - Upshur Rural Electric Cooperative | $ 765.00 |
| Electricity Deposit - Cherokee County Electric Cooperative Association | $ 578.00 |
| Deposited Funds for Benny Card for Employee HRAs; heald by Werntz | $ 18,631.12 |
| Prepayment for Subscription - S&P Global Platts | $ 13,694.05 |
| Prepayment for Subscription - S&P Global Platts | $ 4,237.92 |
| Prepaid Deposit held by Omni Hotel & Resort | $ 25,805.00 |
| Workers' Comp Insurance Prepayment - J&H Insurance Service, Inc. | $ 4,662.33 |
| Prepayments for Multiple Policies, Including Crime and Travel - J&H Insurance Services, Inc. | $ 19,411.75 |
| Auto Insurance Prepayment | $ 18,278.84 |
| OEE Well Prepayment - J&H Insurance Services, Inc. | $ 10,158.59 |
| THP Partners II, LP | $ - |
| Hedging Agreements | Unknown |
| Office Furniture | $ 461,206.37 |
| Office Fixtures | $ 173,329.00 |
| Misc. Office Supplies and Computer Hardware | $ 328,857.12 |
| Software Licenses | $ - |
| Vehicles | $ 931,264.22 |
| Sklarexploration.com | $ - |
| Interests in Participation and Unit Operating Agreements as Operator | Unknown |
| **Total** | **$ 9,065,926.83** |
| | |
| [1] Apx. 18% attributed to Sklarco | |

*Exhibit A*
*Page 2 of 2*
*Sklarco Assets*

| Sklarco Assets | Current Value |
|---|---|
| Undivided Interest in Oil and Gas Leases; Value based on NSAI Reserve Report as of September 1, 2020 | $ 28,642,000.00 |
| East West Bank Account | $ 131,828.01 |
| Interest in 1908 Brands, Inc. | $ - |
| Interest in 9.7 Conroe Joint Venture - Company is inactive | $ - |
| Interest in Boulders on Fern, LLC | $ - |
| Interest in LTP Opportunity Fund I, LP | $ - |
| Interest in LTP TimberQuest Fund, LP | $ - |
| Interest in Sanus Pharmaceuticals LLC - Company is Inactive | $ - |
| Interest in Trout Creek Ventures, LP | $ - |
| Interest in West Arcadia Pipeline, LLC | $ - |
| Maevlo Production, LP | $ - |
| | $ 28,773,828.01 |

Exhibit B

| Values in 000's ($M) | 1/1/2021 | 2/1/2021 | 3/1/2021 | 4/1/2021 | 5/1/2021 | 6/1/2021 | 7/1/2021 | 8/1/2021 | 9/1/2021 | 10/1/2021 | 11/1/2021 | 12/1/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **SklarEx** | | | | | | | | | | | | |
| **Operated Volume** | | | | | | | | | | | | |
| OIL (BBL) | 66,113 | 59,292 | 65,340 | 63,108 | 65,304 | 63,331 | 64,633 | 63,871 | 61,139 | 62,259 | 59,470 | 60,919 |
| GAS (MCF) | 289,289 | 259,023 | 283,289 | 270,536 | 275,848 | 263,254 | 268,267 | 264,388 | 252,119 | 256,747 | 244,734 | 249,141 |
| PLANT PRODUCT (BBL) | 14,593 | 13,146 | 14,441 | 13,848 | 14,176 | 13,576 | 13,882 | 13,725 | 13,125 | 13,403 | 12,807 | 13,069 |
| *Oil Price - WTI NYMEX; 9/1/20* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* |
| *Gas Price - HHUB NYMEX; 9/1/20* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* |
| *Realized Price - Oil ($/Bbl)* | *43.96* | *43.97* | *43.98* | *43.99* | *44.00* | *44.00* | *44.01* | *44.01* | *44.01* | *44.02* | *44.04* | *44.04* |
| *Realized Price - Gas ($/Mcf)* | *2.67* | *2.67* | *2.67* | *2.67* | *2.67* | *2.67* | *2.67* | *2.67* | *2.67* | *2.67* | *2.67* | *2.67* |
| *Realized Price - NGL ($/Bbl)* | *1.12* | *1.12* | *1.12* | *1.12* | *1.12* | *1.12* | *2.24* | *2.24* | *2.24* | *2.24* | *2.24* | *2.24* |
| Operated Oil Revenue | $  2,907 | $  2,607 | $  2,874 | $  2,776 | $  2,873 | $  2,787 | $  2,844 | $  2,811 | $  2,691 | $  2,741 | $  2,619 | $  2,683 |
| Operated Gas Revenue | 772 | 691 | 756 | 722 | 736 | 703 | 716 | 705 | 673 | 686 | 654 | 665 |
| Operated NGL Revenue | 16 | 15 | 16 | 16 | 16 | 15 | 31 | 31 | 29 | 30 | 29 | 29 |
| **Total Operated Revenue** | **3,695** | **3,313** | **3,646** | **3,513** | **3,625** | **3,505** | **3,592** | **3,547** | **3,393** | **3,457** | **3,301** | **3,377** |
| Revenue Payable to Others | (3,473) | (3,114) | (3,427) | (3,303) | (3,408) | (3,295) | (3,376) | (3,335) | (3,190) | (3,249) | (3,103) | (3,175) |
| Severance Tax Payable | (222) | (199) | (219) | (211) | (218) | (210) | (215) | (213) | (204) | (207) | (198) | (203) |
| **Subtotal Revenue Adjustments** | **(3,695)** | **(3,313)** | **(3,646)** | **(3,513)** | **(3,625)** | **(3,505)** | **(3,592)** | **(3,547)** | **(3,393)** | **(3,457)** | **(3,301)** | **(3,377)** |
| **Net Oil & Gas Revenue** | $     - | $     - | $     - | $     - | $     - | $     - | $     - | $     - | $     - | $     - | $     - | $     - |
| **Lease Operated Expenses** | | | | | | | | | | | | |
| Operating Expenses | (489) | (489) | (489) | (489) | (489) | (489) | (489) | (489) | (489) | (489) | (475) | (475) |
| Expenses Due From Others | 489 | 489 | 489 | 489 | 489 | 489 | 489 | 489 | 489 | 489 | 475 | 475 |
| COPAS Overhead Due From Others | 89 | 89 | 89 | 89 | 89 | 89 | 89 | 89 | 89 | 89 | 89 | 89 |
| **Net LOE** | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 |
| **Oil & Gas Operating Income** | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 | $   89 |
| **Gas Plant Revenue** | | | | | | | | | | | | |
| Throughput (MCF) | 228,691 | 204,698 | 222,499 | 211,135 | 214,094 | 203,193 | 206,074 | 202,138 | 191,893 | 194,659 | 184,823 | 187,516 |
| *Realized Fee ($/Mcf)* | *0.65* | *0.65* | *0.65* | *0.65* | *0.65* | *0.65* | *0.65* | *0.65* | *0.65* | *0.65* | *0.65* | *0.65* |
| Processing Fee Revenue | $  148 | $  132 | $  144 | $  137 | $  138 | $  131 | $  133 | $  131 | $  124 | $  126 | $  120 | 121 |
| **Subtotal Gas Plant Revenue** | $  148 | $  132 | $  144 | $  137 | $  138 | $  131 | $  133 | $  131 | $  124 | $  126 | $  120 | 121 |
| **Gas Plant Expenses** | | | | | | | | | | | | |
| Operating Expense | (201) | (201) | (201) | (201) | (201) | (201) | (201) | (201) | (201) | (201) | (201) | (201) |
| Administrative Expenses | (17) | (17) | (17) | (17) | (17) | (17) | (17) | (17) | (17) | (17) | (17) | (17) |
| Repairs & Maintenance | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) |
| Expenses Due From Others | 244 | 244 | 244 | 244 | 244 | 244 | 244 | 244 | 244 | 244 | 244 | 244 |
| **Net Gas Plant Expenses** | $   21 | $   21 | $   21 | $   21 | $   21 | $   21 | $   21 | $   21 | $   21 | $   21 | $   21 | $   21 |
| **Gas Plant Operating Income** | $  169 | $  153 | $  165 | $  157 | $  159 | $  152 | $  154 | $  151 | $  145 | $  146 | $  140 | $  142 |
| **Total Operating Income** | $  257 | $  242 | $  253 | $  246 | $  248 | $  241 | $  242 | $  240 | $  233 | $  235 | $  229 | $  230 |
| **G&A, Other** | | | | | | | | | | | | |
| Payroll & Benefits | (126) | (126) | (126) | (126) | (126) | (126) | (126) | (126) | (126) | (126) | (126) | (126) |
| CEO Salary | - | - | - | - | - | - | - | - | - | - | - | - |
| Office Lease | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) |
| Office Expenses | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) |
| Software License Fees | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) |
| **Total G&A** | **(173)** | **(173)** | **(173)** | **(173)** | **(173)** | **(173)** | **(173)** | **(173)** | **(173)** | **(173)** | **(173)** | **(173)** |
| **SEC Adjusted Operating Income** | $   84 | $   69 | $   80 | $   73 | $   75 | $   68 | $   69 | $   67 | $   60 | $   62 | $   56 | $   57 |

DRAFT SUBJECT TO CHANGE

| Values in 000's ($M) | 1/1/2021 | 2/1/2021 | 3/1/2021 | 4/1/2021 | 5/1/2021 | 6/1/2021 | 7/1/2021 | 8/1/2021 | 9/1/2021 | 10/1/2021 | 11/1/2021 | 12/1/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **SklarCo** | | | | | | | | | | | | |
| **Net Volume** | | | | | | | | | | | | |
| OIL (BBL) | 12,746 | 11,411 | 12,533 | 12,030 | 12,421 | 12,019 | 12,243 | 12,074 | 11,533 | 11,714 | 11,160 | 11,405 |
| GAS (MCF) | 35,102 | 31,255 | 34,034 | 32,362 | 32,861 | 31,237 | 31,711 | 31,136 | 29,587 | 30,028 | 28,529 | 28,950 |
| PLANT PRODUCT (BBL) | 2,569 | 2,301 | 2,517 | 2,403 | 2,450 | 2,337 | 2,380 | 2,344 | 2,234 | 2,273 | 2,165 | 2,202 |
| *Oil Price - WTI NYMEX; 9/1/20* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* | *44.88* |
| *Gas Price - HHUB NYMEX; 9/1/20* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* | *2.96* |
| *Realized Price - Oil ($/Bbl)* | *43.40* | *43.41* | *43.43* | *43.44* | *43.47* | *43.49* | *43.49* | *43.50* | *43.50* | *43.52* | *43.54* | *43.54* |
| *Realized Price - Gas ($/Mcf)* | *2.50* | *2.50* | *2.51* | *2.51* | *2.51* | *2.51* | *2.51* | *2.51* | *2.51* | *2.51* | *2.52* | *2.52* |
| *Realized Price - NGL ($/Bbl)* | *1.12* | *1.12* | *1.12* | *1.12* | *1.12* | *1.12* | *2.24* | *2.24* | *2.24* | *2.24* | *2.24* | *2.24* |
| **Oil Revenue** | | | | | | | | | | | | |
| SklarEx Operated Oil Revenue | $ 381 | $ 342 | $ 378 | $ 366 | $ 381 | $ 371 | $ 378 | $ 373 | $ 356 | $ 362 | $ 345 | $ 353 |
| Non-Operated Oil Revenue | 172 | 153 | 166 | 156 | 159 | 152 | 154 | 152 | 145 | 148 | 141 | 144 |
| **Subtotal Oil Revenue** | 553 | 495 | 544 | 523 | 540 | 523 | 532 | 525 | 502 | 510 | 486 | 497 |
| **Gas Revenue** | | | | | | | | | | | | |
| SklarEx Operated Gas Revenue | $ 79 | $ 70 | $ 76 | $ 73 | $ 74 | $ 70 | $ 72 | $ 70 | $ 67 | $ 68 | $ 65 | $ 66 |
| Non-Operated Gas Revenue | 9 | 8 | 9 | 8 | 8 | 8 | 8 | 8 | 7 | 7 | 7 | 7 |
| **Subtotal Gas Revenue** | 88 | 78 | 85 | 81 | 82 | 78 | 80 | 78 | 74 | 75 | 72 | 73 |
| **NGL Revenue** | | | | | | | | | | | | |
| SklarEx Operated NGL Revenue | $ 2 | $ 2 | $ 2 | $ 2 | $ 2 | $ 2 | $ 4 | $ 4 | $ 4 | $ 4 | $ 4 | $ 4 |
| Non-Operated NGL Revenue | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| **Subtotal NGL Revenue** | 3 | 3 | 3 | 3 | 3 | 3 | 5 | 5 | 5 | 5 | 5 | 5 |
| **Severance Taxes** | | | | | | | | | | | | |
| SklarEx Operated Severance Tax | $ (41) | $ (37) | $ (40) | $ (39) | $ (40) | $ (39) | $ (40) | $ (40) | $ (38) | $ (38) | $ (37) | $ (37) |
| Non-Operated Severance Tax | (11) | (10) | (11) | (10) | (10) | (10) | (10) | (10) | (9) | (9) | (9) | (9) |
| **Subtotal NGL Revenue** | (52) | (46) | (51) | (49) | (51) | (49) | (50) | (49) | (47) | (48) | (46) | (47) |
| **Total Revenue** | $ 592 | $ 530 | $ 581 | $ 557 | $ 575 | $ 555 | $ 567 | $ 559 | $ 534 | $ 543 | $ 517 | $ 528 |
| **Lease Operated Expenses** | | | | | | | | | | | | |
| SklarEx Operated Expenses | (115) | (115) | (115) | (115) | (115) | (115) | (115) | (115) | (115) | (115) | (111) | (111) |
| Non-Operated Expenses | (40) | (40) | (40) | (37) | (37) | (37) | (37) | (37) | (37) | (37) | (37) | (37) |
| **Total LOE Expenses** | (155) | (155) | (155) | (152) | (152) | (152) | (152) | (152) | (152) | (152) | (148) | (148) |
| **Total Operating Income** | $ 437 | $ 375 | $ 427 | $ 406 | $ 423 | $ 403 | $ 416 | $ 408 | $ 382 | $ 391 | $ 369 | $ 380 |
| **G&A, Other** | | | | | | | | | | | | |
| Hedge Settlement | 36 | 36 | 36 | 36 | 36 | 36 | - | - | - | - | - | - |
| Recurring Investment Income | 51 | 51 | 51 | 51 | 51 | 51 | 51 | 51 | 51 | 51 | 51 | 51 |
| JUD, SMMS | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 |
| **Subtotal Adjustments** | 97 | 97 | 97 | 97 | 97 | 97 | 61 | 61 | 61 | 61 | 61 | 61 |
| **SKC Adjusted Operating Income** | $ 534 | $ 472 | $ 524 | $ 502 | $ 520 | $ 500 | $ 477 | $ 469 | $ 443 | $ 452 | $ 430 | $ 441 |
| **SEC + SKC Adjusted Operating Income** | $ 618 | $ 547 | $ 604 | $ 575 | $ 594 | $ 567 | $ 546 | $ 535 | $ 503 | $ 514 | $ 486 | $ 498 |

Confidential

12/16/2020

| Values in 000's ($M) | 1/1/2021 | 2/1/2021 | 3/1/2021 | 4/1/2021 | 5/1/2021 | 6/1/2021 | 7/1/2021 | 8/1/2021 | 9/1/2021 | 10/1/2021 | 11/1/2021 | 12/1/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Calculated Fields** | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| SEC Cash Reserve | - | - | - | - | - | - | - | - | - | - | - | - |
| SKC Cash Reserve | 53 | 47 | 52 | 50 | 52 | 50 | 48 | 47 | 44 | 45 | 43 | 44 |
| **Total Cash Reserve** | $ 53 | $ 47 | $ 52 | $ 50 | $ 52 | $ 50 | $ 48 | $ 47 | $ 44 | $ 45 | $ 43 | $ 44 |
| **Cash Reserve Balance** | 53 | 101 | 153 | 203 | 255 | 305 | 353 | 400 | 444 | 489 | 532 | 576 |
| **Post-Reserve SEC Operating Cash Flow** | $ 84 | $ 69 | $ 80 | $ 73 | $ 75 | $ 68 | $ 69 | $ 67 | $ 60 | $ 62 | $ 56 | $ 57 |
| **Post-Reserve SKC Operating Cash Flow** | $ 481 | $ 425 | $ 471 | $ 452 | $ 468 | $ 450 | $ 429 | $ 422 | $ 399 | $ 407 | $ 387 | $ 397 |
| SEC Bank-Dedicated Cash Flow | - | - | - | - | - | - | - | - | - | - | - | - |
| SKC Bank-Dedicated Cash Flow | 457 | 404 | 448 | 430 | 444 | 427 | 408 | 401 | 379 | 386 | 368 | 377 |
| **Total Bank-Dedicated Cash Flow** | $ 457 | $ 404 | $ 448 | $ 430 | $ 444 | $ 427 | $ 408 | $ 401 | $ 379 | $ 386 | $ 368 | $ 377 |
| Beginning Loan Balance | $ 21,500 | $ 21,153 | $ 20,846 | $ 20,505 | $ 20,177 | $ 19,835 | $ 19,506 | $ 19,197 | $ 18,895 | $ 18,609 | $ 18,317 | $ 18,040 |
| Interest Accrual | 110 | 97 | 106 | 101 | 103 | 98 | 98 | 98 | 93 | 95 | 90 | 92 |
| Repayment | (457) | (404) | (448) | (430) | (444) | (427) | (408) | (401) | (379) | (386) | (368) | (377) |
| **Ending Loan Balance** | $ 21,153 | $ 20,846 | $ 20,505 | $ 20,177 | $ 19,835 | $ 19,506 | $ 19,197 | $ 18,895 | $ 18,609 | $ 18,317 | $ 18,040 | $ 17,755 |
| SEC Unsecured Creditor Fund | 84 | 69 | 80 | 73 | 75 | 68 | 69 | 67 | 60 | 62 | 56 | 57 |
| SKC Contributed Unsecured Creditor Fund | 24 | 21 | 24 | 23 | 23 | 22 | 21 | 21 | 20 | 20 | 19 | 20 |
| **Total Unsecured Creditor Fund** | $ 108 | $ 90 | $ 104 | $ 95 | $ 98 | $ 90 | $ 91 | $ 88 | $ 80 | $ 82 | $ 75 | $ 77 |
| **Unsecured Creditor Fund Balance** | $ 108 | $ 198 | $ 301 | $ 397 | $ 495 | $ 585 | $ 676 | $ 764 | $ 844 | $ 926 | $ 1,001 | $ 1,078 |
| Total PV of SKC Adj. Operating Income | 25,155 | 24,784 | 24,491 | 24,137 | 23,809 | 23,455 | 23,123 | 22,813 | 22,503 | 22,222 | 21,925 | 21,653 |
| PV SKC Adj. Oper. Income to Loan Bal | 84.1% | 84.1% | 83.7% | 83.6% | 83.3% | 83.2% | 83.0% | 82.8% | 82.7% | 82.4% | 82.3% | 82.0% |

DRAFT SUBJECT TO CHANGE

| Values in 000's ($M) | 1/1/2022 | 2/1/2022 | 3/1/2022 | 4/1/2022 | 5/1/2022 | 6/1/2022 | 7/1/2022 | 8/1/2022 | 9/1/2022 | 10/1/2022 | 11/1/2022 | 12/1/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **SklarEx** | | | | | | | | | | | | |
| **Operated Volume** | | | | | | | | | | | | |
| OIL (BBL) | 60,417 | 54,141 | 59,247 | 57,655 | 60,166 | 58,252 | 60,445 | 60,497 | 58,981 | 61,065 | 59,931 | 58,837 |
| GAS (MCF) | 244,851 | 217,023 | 235,721 | 225,385 | 230,845 | 221,393 | 226,898 | 225,028 | 215,015 | 218,399 | 209,476 | 209,472 |
| PLANT PRODUCT (BBL) | 12,865 | 11,409 | 12,397 | 11,891 | 12,229 | 11,775 | 12,117 | 12,066 | 11,557 | 11,749 | 11,308 | 11,259 |
| Oil Price - WTI NYMEX; 9/1/20 | 46.00 | 46.00 | 46.00 | 46.00 | 46.00 | 46.00 | 46.00 | 46.00 | 46.00 | 46.00 | 46.00 | 46.00 |
| Gas Price - HHUB NYMEX; 9/1/20 | 2.63 | 2.63 | 2.63 | 2.63 | 2.63 | 2.63 | 2.63 | 2.63 | 2.63 | 2.63 | 2.63 | 2.63 |
| Realized Price - Oil ($/Bbl) | 45.16 | 45.16 | 45.17 | 45.17 | 45.17 | 45.16 | 45.16 | 45.15 | 45.15 | 45.15 | 45.15 | 45.14 |
| Realized Price - Gas ($/Mcf) | 2.34 | 2.34 | 2.34 | 2.34 | 2.34 | 2.34 | 2.34 | 2.34 | 2.34 | 2.34 | 2.34 | 2.34 |
| Realized Price - NGL ($/Bbl) | 2.30 | 2.30 | 2.30 | 2.30 | 2.30 | 2.30 | 2.30 | 2.30 | 2.30 | 2.30 | 2.30 | 2.30 |
| Operated Oil Revenue | $ 2,728 | $ 2,445 | $ 2,676 | $ 2,604 | $ 2,718 | $ 2,631 | $ 2,730 | $ 2,731 | $ 2,663 | $ 2,757 | $ 2,706 | $ 2,656 |
| Operated Gas Revenue | 572 | 507 | 551 | 527 | 540 | 518 | 531 | 525 | 503 | 511 | 490 | 490 |
| Operated NGL Revenue | 30 | 26 | 29 | 27 | 28 | 27 | 28 | 28 | 27 | 27 | 26 | 26 |
| **Total Operated Revenue** | 3,330 | 2,979 | 3,256 | 3,159 | 3,286 | 3,176 | 3,288 | 3,286 | 3,193 | 3,295 | 3,222 | 3,172 |
| Revenue Payable to Others | (3,131) | (2,800) | (3,060) | (2,969) | (3,088) | (2,985) | (3,091) | (3,089) | (3,001) | (3,098) | (3,029) | (2,982) |
| Severance Tax Payable | (200) | (179) | (195) | (190) | (197) | (191) | (197) | (197) | (192) | (198) | (193) | (190) |
| **Subtotal Revenue Adjustments** | (3,330) | (2,979) | (3,256) | (3,159) | (3,286) | (3,176) | (3,288) | (3,286) | (3,193) | (3,295) | (3,222) | (3,172) |
| **Net Oil & Gas Revenue** | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| **Lease Operated Expenses** | | | | | | | | | | | | |
| Operating Expenses | (387) | (387) | (377) | (377) | (377) | (377) | (326) | (308) | (308) | (308) | (308) | (308) |
| Expenses Due From Others | 387 | 387 | 377 | 377 | 377 | 377 | 326 | 308 | 308 | 308 | 308 | 308 |
| COPAS Overhead Due From Others | 56 | 56 | 55 | 55 | 55 | 55 | 55 | 55 | 55 | 55 | 55 | 55 |
| **Net LOE** | $ 56 | $ 56 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 |
| **Oil & Gas Operating Income** | $ 56 | $ 56 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 | $ 55 |
| **Gas Plant Revenue** | | | | | | | | | | | | |
| Throughput (MCF) | 184,009 | 163,201 | 177,554 | 168,649 | 171,772 | 162,613 | 165,072 | 162,075 | 153,001 | 153,170 | 143,556 | 143,794 |
| Realized Fee ($/Mcf) | 0.65 | 0.65 | 0.65 | 0.65 | 0.65 | 0.65 | 0.65 | 0.65 | 0.65 | 0.65 | 0.65 | 0.65 |
| Processing Fee Revenue | $ 119 | $ 106 | $ 115 | $ 109 | $ 111 | $ 105 | $ 107 | $ 105 | $ 99 | $ 99 | $ 93 | 93 |
| **Subtotal Gas Plant Revenue** | $ 119 | $ 106 | $ 115 | $ 109 | $ 111 | $ 105 | $ 107 | $ 105 | $ 99 | $ 99 | $ 93 | $ 93 |
| **Gas Plant Expenses** | | | | | | | | | | | | |
| Operating Expense | (201) | (201) | (201) | (201) | (201) | (201) | (201) | (201) | (201) | (201) | (201) | (201) |
| Administrative Expenses | (17) | (17) | (17) | (17) | (17) | (17) | (17) | (17) | (17) | (17) | (17) | (17) |
| Repairs & Maintenance | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) | (5) |
| Expenses Due From Others | 244 | 244 | 244 | 244 | 244 | 244 | 244 | 244 | 244 | 244 | 244 | 244 |
| **Net Gas Plant Expenses** | $ 21 | $ 21 | $ 21 | $ 21 | $ 21 | $ 21 | $ 21 | $ 21 | $ 21 | $ 21 | $ 21 | $ 21 |
| **Gas Plant Operating Income** | $ 140 | $ 126 | $ 135 | $ 130 | $ 131 | $ 126 | $ 127 | $ 125 | $ 119 | $ 120 | $ 113 | $ 114 |
| **Total Operating Income** | $ 195 | $ 182 | $ 190 | $ 184 | $ 186 | $ 180 | $ 182 | $ 180 | $ 174 | $ 174 | $ 168 | $ 168 |
| **G&A, Other** | | | | | | | | | | | | |
| Payroll & Benefits | (126) | (126) | (126) | (126) | (126) | (126) | (126) | (126) | (126) | (126) | (126) | (126) |
| CEO Salary | - | - | - | - | - | - | - | - | - | - | - | - |
| Office Lease | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) |
| Office Expenses | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) | (16) |
| Software License Fees | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) | (6) |
| **Total G&A** | (173) | (173) | (173) | (173) | (173) | (173) | (173) | (173) | (173) | (173) | (173) | (173) |
| **SEC Adjusted Operating Income** | $ 22 | $ 9 | $ 17 | $ 11 | $ 13 | $ 7 | $ 9 | $ 7 | $ 1 | $ 1 | $ (5) | $ (5) |

| Values in 000's ($M) | 1/1/2022 | 2/1/2022 | 3/1/2022 | 4/1/2022 | 5/1/2022 | 6/1/2022 | 7/1/2022 | 8/1/2022 | 9/1/2022 | 10/1/2022 | 11/1/2022 | 12/1/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **SklarCo** | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| **Net Volume** | | | | | | | | | | | | |
| OIL (BBL) | 11,284 | 10,087 | 11,009 | 10,654 | 11,046 | 10,676 | 11,036 | 11,008 | 10,672 | 11,003 | 10,725 | 10,537 |
| GAS (MCF) | 28,370 | 25,097 | 27,212 | 25,920 | 26,429 | 25,235 | 25,747 | 25,420 | 24,208 | 24,536 | 23,437 | 23,473 |
| PLANT PRODUCT (BBL) | 2,161 | 1,912 | 2,074 | 1,981 | 2,028 | 1,944 | 1,991 | 1,974 | 1,884 | 1,910 | 1,831 | 1,824 |
| *Oil Price - WTI NYMEX; 9/1/20* | *46.00* | *46.00* | *46.00* | *46.00* | *46.00* | *46.00* | *46.00* | *46.00* | *46.00* | *46.00* | *46.00* | *46.00* |
| *Gas Price - HHUB NYMEX; 9/1/20* | *2.63* | *2.63* | *2.63* | *2.63* | *2.63* | *2.63* | *2.63* | *2.63* | *2.63* | *2.63* | *2.63* | *2.63* |
| *Realized Price - Oil ($/Bbl)* | *44.67* | *44.67* | *44.69* | *44.69* | *44.70* | *44.71* | *44.71* | *44.72* | *44.72* | *44.73* | *44.74* | *44.71* |
| *Realized Price - Gas ($/Mcf)* | *2.18* | *2.18* | *2.19* | *2.19* | *2.19* | *2.19* | *2.19* | *2.19* | *2.20* | *2.20* | *2.20* | *2.20* |
| *Realized Price - NGL ($/Bbl)* | *2.30* | *2.30* | *2.30* | *2.30* | *2.30* | *2.30* | *2.30* | *2.30* | *2.30* | *2.30* | *2.30* | *2.30* |
| | | | | | | | | | | | | |
| **Oil Revenue** | | | | | | | | | | | | |
| SklarEx Operated Oil Revenue | $ 358 | $ 321 | $ 350 | $ 341 | $ 355 | $ 345 | $ 359 | $ 359 | $ 350 | $ 363 | $ 356 | 345 |
| Non-Operated Oil Revenue | 146 | 130 | 142 | 136 | 138 | 132 | 135 | 133 | 127 | 130 | 124 | 126 |
| **Subtotal Oil Revenue** | **504** | **451** | **492** | **476** | **494** | **477** | **493** | **492** | **477** | **492** | **480** | **471** |
| | | | | | | | | | | | | |
| **Gas Revenue** | | | | | | | | | | | | |
| SklarEx Operated Gas Revenue | $ 56 | $ 50 | $ 54 | $ 52 | $ 53 | $ 51 | $ 52 | $ 51 | $ 49 | $ 49 | $ 47 | 47 |
| Non-Operated Gas Revenue | 6 | 5 | 5 | 5 | 5 | 5 | 5 | 5 | 4 | 4 | 4 | 4 |
| **Subtotal Gas Revenue** | **62** | **55** | **59** | **57** | **58** | **55** | **56** | **56** | **53** | **54** | **52** | **52** |
| | | | | | | | | | | | | |
| **NGL Revenue** | | | | | | | | | | | | |
| SklarEx Operated NGL Revenue | $ 4 | $ 4 | $ 4 | $ 4 | $ 4 | $ 4 | $ 4 | $ 4 | $ 4 | $ 4 | $ 3 | 3 |
| Non-Operated NGL Revenue | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| **Subtotal NGL Revenue** | **5** | **4** | **5** | **5** | **5** | **4** | **5** | **5** | **4** | **4** | **4** | **4** |
| | | | | | | | | | | | | |
| **Severance Taxes** | | | | | | | | | | | | |
| SklarEx Operated Severance Tax | $ (37) | $ (33) | $ (36) | $ (35) | $ (36) | $ (35) | $ (37) | $ (37) | $ (36) | $ (37) | $ (36) | (35) |
| Non-Operated Severance Tax | (9) | (8) | (9) | (8) | (8) | (8) | (8) | (8) | (8) | (8) | (8) | (8) |
| **Subtotal NGL Revenue** | **(46)** | **(41)** | **(45)** | **(43)** | **(45)** | **(44)** | **(45)** | **(45)** | **(43)** | **(45)** | **(44)** | **(43)** |
| | | | | | | | | | | | | |
| **Total Revenue** | $ 525 | $ 469 | $ 511 | $ 494 | $ 511 | $ 494 | $ 510 | $ 508 | $ 491 | $ 506 | $ 492 | 484 |
| | | | | | | | | | | | | |
| **Lease Operated Expenses** | | | | | | | | | | | | |
| SklarEx Operated Expenses | (82) | (82) | (79) | (79) | (79) | (79) | (73) | (70) | (70) | (70) | (70) | (70) |
| Non-Operated Expenses | (37) | (37) | (37) | (37) | (37) | (37) | (37) | (37) | (37) | (37) | (37) | (37) |
| **Total LOE Expenses** | **(119)** | **(119)** | **(116)** | **(116)** | **(116)** | **(116)** | **(110)** | **(107)** | **(107)** | **(107)** | **(107)** | **(107)** |
| | | | | | | | | | | | | |
| **Total Operating Income** | $ 406 | $ 349 | $ 395 | $ 378 | $ 395 | $ 378 | $ 400 | $ 401 | $ 385 | $ 399 | $ 385 | 377 |
| | | | | | | | | | | | | |
| **G&A, Other** | | | | | | | | | | | | |
| Hedge Settlement | - | - | - | - | - | - | - | - | - | - | - | - |
| Recurring Investment Income | 51 | 51 | 51 | 51 | 51 | 51 | 51 | 51 | 51 | 51 | 51 | 51 |
| JUD, SMMS | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 | 10 |
| **Subtotal Adjustments** | **61** | **61** | **61** | **61** | **61** | **61** | **61** | **61** | **61** | **61** | **61** | **61** |
| | | | | | | | | | | | | |
| **SKC Adjusted Operating Income** | $ 467 | $ 410 | $ 456 | $ 439 | $ 456 | $ 439 | $ 461 | $ 462 | $ 446 | $ 460 | $ 446 | 438 |
| | | | | | | | | | | | | |
| **SEC + SKC Adjusted Operating Income** | $ 489 | $ 419 | $ 473 | $ 450 | $ 469 | $ 446 | $ 470 | $ 469 | $ 447 | $ 461 | $ 441 | 434 |

| Values in 000's ($M) | | 1/1/2022 | 2/1/2022 | 3/1/2022 | 4/1/2022 | 5/1/2022 | 6/1/2022 | 7/1/2022 | 8/1/2022 | 9/1/2022 | 10/1/2022 | 11/1/2022 | 12/1/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Calculated Fields** | | | | | | | | | | | | | |
| SEC Cash Reserve | | - | - | - | - | - | - | - | - | - | - | - | - |
| SKC Cash Reserve | | 47 | 41 | 46 | 44 | 46 | 44 | 46 | 46 | 45 | 46 | 45 | 44 |
| **Total Cash Reserve** | $ | 47 $ | 41 $ | 46 $ | 44 $ | 46 $ | 44 $ | 46 $ | 46 $ | 45 $ | 46 $ | 45 $ | 44 |
| **Cash Reserve Balance** | | 623 | 664 | 710 | 754 | 799 | 843 | 889 | 935 | 980 | 1,026 | 1,070 | 1,114 |
| **Post-Reserve SEC Operating Cash Flow** | $ | 22 $ | 9 $ | 17 $ | 11 $ | 13 $ | 7 $ | 9 $ | 7 $ | 1 $ | 1 $ | (5) $ | (5) |
| **Post-Reserve SKC Operating Cash Flow** | $ | 420 $ | 369 $ | 411 $ | 395 $ | 411 $ | 395 $ | 415 $ | 416 $ | 401 $ | 414 $ | 402 $ | 395 |
| SEC Bank-Dedicated Cash Flow | | - | - | - | - | - | - | - | - | - | - | - | - |
| SKC Bank-Dedicated Cash Flow | | 399 | 351 | 390 | 375 | 390 | 375 | 394 | 395 | 381 | 393 | 382 | 375 |
| **Total Bank-Dedicated Cash Flow** | $ | 399 $ | 351 $ | 390 $ | 375 $ | 390 $ | 375 $ | 394 $ | 395 $ | 381 $ | 393 $ | 382 $ | 375 |
| **Beginning Loan Balance** | $ | 17,755 $ | 17,447 $ | 17,176 $ | 16,873 $ | 16,581 $ | 16,276 $ | 15,981 $ | 15,668 $ | 15,353 $ | 15,048 $ | 14,731 $ | 14,422 |
| Interest Accrual | | 90 | 80 | 88 | 83 | 84 | 80 | 81 | 80 | 76 | 77 | 73 | 73 |
| Repayment | | (399) | (351) | (390) | (375) | (390) | (375) | (394) | (395) | (381) | (393) | (382) | (375) |
| **Ending Loan Balance** | $ | 17,447 $ | 17,176 $ | 16,873 $ | 16,581 $ | 16,276 $ | 15,981 $ | 15,668 $ | 15,353 $ | 15,048 $ | 14,731 $ | 14,422 $ | 14,121 |
| SEC Unsecured Creditor Fund | | 22 | 9 | 17 | 11 | 13 | 7 | 9 | 7 | 1 | 1 | (5) | (5) |
| SKC Contributed Unsecured Creditor Fund | | 21 | 18 | 21 | 20 | 21 | 20 | 21 | 21 | 20 | 21 | 20 | 20 |
| **Total Unsecured Creditor Fund** | $ | 43 $ | 27 $ | 38 $ | 31 $ | 33 $ | 27 $ | 30 $ | 28 $ | 21 $ | 22 $ | 15 $ | 15 |
| **Unsecured Creditor Fund Balance** | $ | 1,122 $ | 1,149 $ | 1,187 $ | 1,218 $ | 1,251 $ | 1,279 $ | 1,308 $ | 1,336 $ | 1,357 $ | 1,379 $ | 1,395 $ | 1,410 |
| Total PV of SKC Adj. Operating Income | | 21,368 | 21,040 | 20,781 | 20,469 | 20,177 | 19,861 | 19,566 | 19,245 | 18,917 | 18,607 | 18,276 | 17,960 |
| PV SKC Adj. Oper. Income to Loan Bal | | 81.6% | 81.6% | 81.2% | 81.0% | 80.7% | 80.5% | 80.1% | 79.8% | 79.5% | 79.2% | 78.9% | 78.6% |

DRAFT SUBJECT TO CHANGE

| Values in 000's ($M) | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|
| **SklarEx** | | | | | | |
| | | | | | | |
| **Operated Volume** | | | | | | |
| OIL (BBL) | 754,778 | 709,632 | 631,492 | 533,316 | 448,968 | 388,352 |
| GAS (MCF) | 3,176,636 | 2,679,505 | 2,091,045 | 1,547,804 | 1,165,956 | 952,567 |
| PLANT PRODUCT (BBL) | 163,791 | 142,622 | 110,694 | 79,440 | 58,252 | 47,436 |
| *Oil Price - WTI NYMEX; 9/1/20* | *44.88* | *46.00* | *46.94* | *47.86* | *48.86* | *48.86* |
| *Gas Price - HHUB NYMEX; 9/1/20* | *2.96* | *2.63* | *2.49* | *2.49* | *2.51* | *2.51* |
| *Realized Price - Oil ($/Bbl)* | *44.00* | *45.16* | *46.11* | *47.03* | *48.03* | *48.03* |
| *Realized Price - Gas ($/Mcf)* | *2.67* | *2.34* | *2.20* | *2.20* | *2.24* | *2.24* |
| *Realized Price - NGL ($/Bbl)* | *1.67* | *2.30* | *2.35* | *2.39* | *2.44* | *2.44* |
| | | | | | | |
| Operated Oil Revenue | $ 33,211 | $ 32,045 | $ 29,116 | $ 25,084 | $ 21,564 | $ 18,653 |
| Operated Gas Revenue | 8,480 | 6,268 | 4,600 | 3,409 | 2,608 | 2,134 |
| Operated NGL Revenue | 274 | 328 | 260 | 190 | 142 | 116 |
| **Total Operated Revenue** | **41,965** | **38,641** | **33,976** | **28,682** | **24,314** | **20,903** |
| | | | | | | |
| Revenue Payable to Others | (39,447) | (36,322) | (31,937) | (26,961) | (22,855) | (19,649) |
| Severance Tax Payable | (2,518) | (2,318) | (2,039) | (1,721) | (1,459) | (1,254) |
| **Subtotal Revenue Adjustments** | **(41,965)** | **(38,641)** | **(33,976)** | **(28,682)** | **(24,314)** | **(20,903)** |
| | | | | | | |
| **Net Oil & Gas Revenue** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** |
| | | | | | | |
| **Lease Operated Expenses** | | | | | | |
| Operating Expenses | (5,843) | (4,150) | (3,609) | (3,321) | (3,104) | (3,104) |
| Expenses Due From Others | 5,843 | 4,150 | 3,609 | 3,321 | 3,104 | 3,104 |
| COPAS Overhead Due From Others | 1,062 | 659 | 656 | 642 | 614 | 614 |
| **Net LOE** | **$ 1,062** | **$ 659** | **$ 656** | **$ 642** | **$ 614** | **$ 614** |
| | | | | | | |
| **Oil & Gas Operating Income** | **$ 1,062** | **$ 659** | **$ 656** | **$ 642** | **$ 614** | **$ 614** |
| | | | | | | |
| **Gas Plant Revenue** | | | | | | |
| Throughput (MCF) | 2,451,414 | 1,947,868 | 1,400,357 | 985,547 | 714,586 | 570,461 |
| *Realized Fee ($/Mcf)* | *0.65* | *0.65* | *0.65* | *0.65* | *0.65* | *0.65* |
| Processing Fee Revenue | $ 1,585 | $ 1,259 | $ 904 | $ 637 | $ 464 | $ 371 |
| **Subtotal Gas Plant Revenue** | **$ 1,585** | **$ 1,259** | **$ 904** | **$ 637** | **$ 464** | **$ 371** |
| | | | | | | |
| **Gas Plant Expenses** | | | | | | |
| Operating Expense | (2,416) | (2,416) | (2,416) | (2,416) | (2,416) | (2,416) |
| Administrative Expenses | (198) | (198) | (198) | (198) | (198) | (198) |
| Repairs & Maintenance | (63) | (63) | (63) | (63) | (63) | (63) |
| Expenses Due From Others | 2,924 | 2,924 | 2,924 | 2,924 | 2,924 | 2,924 |
| **Net Gas Plant Expenses** | **$ 247** | **$ 247** | **$ 247** | **$ 247** | **$ 247** | **$ 247** |
| | | | | | | |
| **Gas Plant Operating Income** | **$ 1,833** | **$ 1,506** | **$ 1,151** | **$ 885** | **$ 712** | **$ 618** |
| | | | | | | |
| **Total Operating Income** | **$ 2,895** | **$ 2,165** | **$ 1,808** | **$ 1,527** | **$ 1,326** | **$ 1,232** |
| | | | | | | |
| **G&A, Other** | | | | | | |
| Payroll & Benefits | (1,515) | (1,515) | (805) | (805) | (451) | (451) |
| CEO Salary | - | - | - | - | - | - |
| Office Lease | (297) | (297) | (297) | (297) | (297) | (297) |
| Office Expenses | (192) | (192) | (192) | (192) | (192) | (192) |
| Software License Fees | (72) | (72) | (72) | (72) | (72) | (72) |
| **Total G&A** | **(2,076)** | **(2,076)** | **(1,366)** | **(1,366)** | **(1,012)** | **(1,012)** |
| | | | | | | |
| **SEC Adjusted Operating Income** | **$ 819** | **$ 89** | **$ 441** | **$ 161** | **$ 314** | **$ 221** |

| Values in 000's ($M) | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|
| **SklarCo** | | | | | | |
| **Net Volume** | | | | | | |
| OIL (BBL) | 143,289 | 129,738 | 112,729 | 93,945 | 78,865 | 68,092 |
| GAS (MCF) | 376,793 | 305,083 | 234,274 | 171,381 | 126,193 | 100,257 |
| PLANT PRODUCT (BBL) | 28,176 | 23,514 | 17,816 | 12,465 | 8,775 | 6,762 |
| *Oil Price - WTI NYMEX; 9/1/20* | *44.88* | *46.00* | *46.94* | *47.86* | *48.86* | *48.86* |
| *Gas Price - HHUB NYMEX; 9/1/20* | *2.96* | *2.63* | *2.49* | *2.49* | *2.51* | *2.51* |
| *Realized Price - Oil ($/Bbl)* | *43.48* | *44.71* | *45.69* | *46.64* | *47.63* | *47.63* |
| *Realized Price - Gas ($/Mcf)* | *2.51* | *2.19* | *2.05* | *2.05* | *2.08* | *2.09* |
| *Realized Price - NGL ($/Bbl)* | *1.66* | *2.30* | *2.35* | *2.39* | *2.44* | *2.44* |
| **Oil Revenue** | | | | | | |
| SklarEx Operated Oil Revenue | $ 4,386 | $ 4,202 | $ 3,747 | $ 3,172 | $ 2,686 | $ 2,308 |
| Non-Operated Oil Revenue | 1,843 | 1,598 | 1,403 | 1,210 | 1,070 | 935 |
| **Subtotal Oil Revenue** | 6,230 | 5,800 | 5,150 | 4,382 | 3,756 | 3,243 |
| **Gas Revenue** | | | | | | |
| SklarEx Operated Gas Revenue | $ 850 | $ 612 | $ 444 | $ 324 | $ 241 | $ 194 |
| Non-Operated Gas Revenue | 96 | 57 | 38 | 28 | 21 | 16 |
| **Subtotal Gas Revenue** | 946 | 668 | 481 | 352 | 263 | 210 |
| **NGL Revenue** | | | | | | |
| SklarEx Operated NGL Revenue | $ 37 | $ 44 | $ 34 | $ 24 | $ 17 | $ 13 |
| Non-Operated NGL Revenue | 10 | 10 | 8 | 6 | 5 | 3 |
| **Subtotal NGL Revenue** | 47 | 54 | 42 | 30 | 21 | 17 |
| **Severance Taxes** | | | | | | |
| SklarEx Operated Severance Tax | $ (467) | $ (429) | $ (371) | $ (308) | $ (257) | $ (219) |
| Non-Operated Severance Tax | (117) | (100) | (87) | (75) | (66) | (57) |
| **Subtotal NGL Revenue** | (584) | (529) | (458) | (383) | (323) | (276) |
| **Total Revenue** | $ 6,639 | $ 5,994 | $ 5,215 | $ 4,380 | $ 3,717 | $ 3,193 |
| **Lease Operated Expenses** | | | | | | |
| SklarEx Operated Expenses | (1,371) | (902) | (811) | (725) | (664) | (664) |
| Non-Operated Expenses | (452) | (443) | (443) | (410) | (407) | (407) |
| **Total LOE Expenses** | (1,823) | (1,346) | (1,254) | (1,135) | (1,071) | (1,071) |
| **Total Operating Income** | $ 4,816 | $ 4,648 | $ 3,961 | $ 3,246 | $ 2,647 | $ 2,122 |
| **G&A, Other** | | | | | | |
| Hedge Settlement | 215 | - | - | - | - | - |
| Recurring Investment Income | 612 | 612 | 612 | 612 | - | - |
| JUD, SMMS | 120 | 120 | 120 | 120 | 120 | 120 |
| **Subtotal Adjustments** | 947 | 732 | 732 | 732 | 120 | 120 |
| **SKC Adjusted Operating Income** | $ 5,763 | $ 5,380 | $ 4,693 | $ 3,978 | $ 2,767 | $ 2,242 |
| **SEC + SKC Adjusted Operating Income** | $ 6,582 | $ 5,470 | $ 5,134 | $ 4,138 | $ 3,081 | $ 2,463 |

DRAFT SUBJECT TO CHANGE

| Values in 000's ($M) | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|
| **Calculated Fields** | | | | | | |
| SEC Cash Reserve | - | - | - | - | - | - |
| SKC Cash Reserve | 576 | 538 | 469 | 398 | 277 | 224 |
| **Total Cash Reserve** | $ 576 | $ 538 | $ 469 | $ 398 | $ 277 | $ 224 |
| Cash Reserve Balance | 576 | 1,114 | 1,584 | 1,981 | 2,258 | 2,482 |
| **Post-Reserve SEC Operating Cash Flow** | $ 819 | $ 89 | $ 441 | $ 161 | $ 314 | $ 221 |
| **Post-Reserve SKC Operating Cash Flow** | $ 5,187 | $ 4,842 | $ 4,224 | $ 3,580 | $ 2,490 | $ 2,018 |
| SEC Bank-Dedicated Cash Flow | - | - | - | - | - | - |
| SKC Bank-Dedicated Cash Flow | 4,927 | 4,600 | 4,013 | - | - | - |
| **Total Bank-Dedicated Cash Flow** | $ 4,927 | $ 4,600 | $ 4,013 | $ - | $ - | $ - |
| **Beginning Loan Balance** | $ 21,500 | $ 17,755 | $ 14,121 | $ - | $ - | $ - |
| Interest Accrual | 1,182 | 966 | 755 | - | - | - |
| Repayment | (4,927) | (4,600) | (4,013) | - | - | - |
| **Ending Loan Balance** | $ 17,755 | $ 14,121 | $ 10,863 | $ - | $ - | $ - |
| SEC Unsecured Creditor Fund | 819 | 89 | 441 | 161 | 314 | |
| SKC Contributed Unsecured Creditor Fund | 259 | 242 | 211 | 179 | 125 | - |
| **Total Unsecured Creditor Fund** | $ 1,078 | $ 331 | $ 652 | $ 340 | $ 439 | $ - |
| **Unsecured Creditor Fund Balance** | $ 1,078 | $ 1,410 | $ 2,062 | $ 2,402 | $ 2,840 | $ - |
| Total PV of SKC Adj. Operating Income | 21,653 | 17,960 | 14,573 | 11,655 | 12,367 | 10,464 |
| PV SKC Adj. Oper. Income to Loan Bal | 82.0% | 78.6% | 74.5% | – | – | – |

DRAFT SUBJECT TO CHANGE

Exhibit C

*Exhibit C*
*Summary of Mechanics Liens*

| M&M Lien Claimant & Properties | Sum of Amount |
|---|---|
| **Baker Hughes Oilfield Operations, LLC** | **$ 232,755.82** |
| Cedar Creek Land & Timber 2-9 #1; Cedar Creek Land & Timber 34-14 #1 | $ 15,851.46 |
| Cedar Creek Land & Timber 2-9#1 | $ 6,067.48 |
| Cedar Creek Land & Timber 34-14 #1 | $ 9,783.98 |
| Corwin 5 #1 | $ 201,052.90 |
| **Baker Petrolite, LLC** | **$ 45,542.10** |
| Bates 2-2 #1 | $ 9,929.80 |
| Cedar Creek Land & Timber 18-13 #1 | $ 5,700.64 |
| Cedar Creek Land & timber 2-15 # 1 | $ 1,304.17 |
| Cedar Creek Land & Timber 24-1 #1 Well | $ 1,341.08 |
| Craft-Hamiter 20-11 #1 | $ 4,116.78 |
| Fair Oil, Ltd. # 1 Well | $ 203.47 |
| GC Williams No. 4 Well | $ 1,054.27 |
| Hilliard Warren Estate No. 1 Well; Sun No. 1R Well; Teledyne No. 1 Well | $ 406.95 |
| Pitnic 16-3 #1 | $ 4,060.58 |
| Polk Estate 13-5 #1 | $ 17,424.36 |
| **Consolidated Electrical Distributors** | **$ 59,041.29** |
| Bates 2-2 #1 | $ 26,311.36 |
| Pitnic 16-3 #1 | $ 32,729.93 |
| **GE Oil & Gas Pressure** | **$ 49,262.56** |
| Cedar Creek Land & timber 13-11 #1 Well | $ 2,449.55 |
| Corwin 5 #1 | $ 26,589.55 |
| Little Cedar Creek Fish Pond Unit | $ 3,844.29 |
| Little Cedar Creek Oil Unit II | $ 4,519.22 |
| Little Cedar Creek Oil Unit IV | $ 4,107.71 |
| Southwest Brooklyn Unit | $ 7,752.24 |
| **Glasgow Rental, LLC** | **$ 9,691.60** |
| Corwin 5 #1 | $ 9,691.60 |
| **KCS Automation, LLC** | **$ 64,559.50** |
| CCL& T 33-10 Wl Well and Southwest Brooklyn Oil Unit | $ 533.20 |
| Cedar Creek Land & Timber 10-5 Wl Well and Fishpond Oil Unit | $ 11,898.80 |
| Cedar Creek Land & Timber 13-11 Wl Well and Producing Unit | $ 790.00 |

*Exhibit C*
*Summary of Mechanics Liens*

| M&M Lien Claimant & Properties | | Sum of Amount |
|---|---|---|
| Cedar Creek Land & Timber 13-15 Wl ST Well and Producing Unit | $ | 540.00 |
| Cedar Creek Land & Timber 2-11 Wl Well and Southwest Brooklyn Oil Unit | $ | 3,296.00 |
| Cedar Creek Land & Timber 32-9 Wl Wl Well and Southeast Brooklyn Oil Unit | $ | 410.00 |
| Cedar Creek Land & Timber 33 -12 Wl Well and Southwest Brooklyn Oil Unit | $ | 438.20 |
| Cedar Creek Land & Timber 33-6 Wl Well and Southwest Brooklyn Oil Unit | $ | 808.20 |
| Cedar Creek Land & Timber 34-13 Wl WS Well and Southeast Brooklyn Oil Unit | $ | 10,121.60 |
| Cedar Creek Land & Timber 34-14 Wl Wl Well and Southwest Brooklyn Oil Unit | $ | 628.60 |
| Cedar Creek Land & Timber 35-11 Wl Well and Southwest Brooklyn Oil Unit | $ | 2,479.00 |
| Cedar Creek Land & Timber 35-5 Wl Well and Southwest Brooklyn Oil Unit | $ | 3,091.00 |
| Cedar Creek Land & Timber 4-1 Wl Wl Well and Southeast Brooklyn Oil Unit | $ | 9,386.60 |
| Cedar Creek Land & Timber 4-1Wl Wl Well and Southeast Brooklyn Oil Unit | $ | 10,176.60 |
| Cedar Creek Land & Timber 4-2 Wl Well and Southwest Brooklyn Oil Unit | $ | 438.20 |
| Craft -Rails 4-12 Wl Well and Little Cedar Creek Oil Unit II | $ | 1,307.00 |
| Craft-Rails 5-10 Wl Well and Little Cedar Creek Oil Unit II | $ | 2,298.70 |
| Graddy 34-10 Wl Well and Southwest Brooklyn Oil Unit | $ | 3,469.20 |
| Graddy 34-8 Wl Well and Southwest Brooklyn Oil Unit | $ | 548.20 |
| Southwest and Southeast Brooklyn Oil Units | $ | 1,462.20 |
| Thomasson 33-12 Wl Well and Southeast Brooklyn Oil Unit | $ | 438.20 |
| **Kelley Brothers** | **$** | **460,868.05** |
| Bates 2-2 #1 | $ | 35,710.30 |
| Cedar Creek Land & timber 13-11 #1 Well | $ | 7,084.50 |
| Cedar Creek Land & timber 13-15 #1 ST Well | $ | 5,402.00 |
| Cedar Creek Land & Timber 18-13 #1 | $ | 1,464.00 |
| Cedar Creek Land & Timber 2-15 #1 Well | $ | 1,238.00 |
| Cedar Creek Land & Timber 24-1 #1 Well | $ | 5,850.00 |
| Cedar Creek Oil Unit II | $ | 35,445.98 |
| Craft Mack 17-4#1 Wells | $ | 1,757.50 |
| Howard 12-15 No. 1 Well | $ | 220,296.36 |
| Little Cedar Creek Fish Pond Unit | $ | 19,900.17 |
| Little Cedar Creek Oil Unit IV | $ | 45,046.40 |
| Little Creek Oil Unit II | $ | 35,445.98 |
| North Beach Facility | $ | 1,547.00 |
| Pate 3-11 #1 | $ | 3,727.86 |
| Southeast Brooklyn Unit | $ | 14,156.00 |

*Exhibit C*
*Summary of Mechanics Liens*

| M&M Lien Claimant & Properties | | Sum of Amount |
|---|---|---|
| Southwest Brooklyn Unit | $ | 26,796.00 |
| **Liquid Gold Well Services** | **$** | **93,582.50** |
| Corwin 5 #1 | $ | 93,582.50 |
| **Lufkin Industries, LLC** | **$** | **3,727.86** |
| Pate 3-11 #1 | $ | 3,727.86 |
| **Mesa Fluids, LLC** | **$** | **8,501.82** |
| Corwin 5 #1 | $ | 8,501.82 |
| **NexTier Completion Solution, Inc.** | **$** | **489,411.78** |
| Cedar Creek Land & timber 10-5 #1 GI | $ | 89,097.68 |
| Cedar Creek Land & timber 13-11 #1 Well | $ | 57,905.52 |
| Cedar Creek Land & Timber 35-13 #1 | $ | 57,206.66 |
| Cedar Creek Land & Timber 35-5 #1 | $ | 55,007.59 |
| Craft-Mack 17-4 #1 | $ | 48,508.71 |
| Craft-Ralls 5-8 #1 WI | $ | 2,929.13 |
| Fleming 30-15 1 - No. 1 | $ | 48,595.43 |
| McLeod 30-11 #1 | $ | 67,796.00 |
| Thomasson 33-12 #1 | $ | 62,365.06 |
| **Pioneer Wireline Services, LLC** | **$** | **39,950.15** |
| Corwin 5 #1 | $ | 39,950.15 |
| **Premium Oilfiled Services** | **$** | **149,450.80** |
| Cedar Creek Land & Timber 10-5 #1 | $ | 25,466.92 |
| Cedar Creek Land & Timber 34-14 #1 | $ | 15,816.76 |
| Craft Rawls 5-8 #1 | $ | 585.73 |
| Craft-Brye 8-4 #1 | $ | 64,319.03 |
| Feld Heir #3 | $ | 43,262.36 |
| **Pro-tek Field Services, LC** | **$** | **220,987.26** |
| Bates 2-2 #1 | $ | 18,642.02 |
| Cedar Creek Land & Timber 34-12 #1 | $ | 14,370.45 |
| Cedar Creek Land & Timber 35-5 #1 | $ | 1,679.54 |
| Pitnic 16-3 #1 | $ | 186,295.25 |
| **RAPAD Well Service Company** | **$** | **293,605.00** |
| Cedar Creek Land & Timber 10-5 #1 | $ | 76,690.00 |
| Cedar Creek Land & Timber 13-11 #1 | $ | 13,660.00 |
| Cedar Creek Land & Timber 32-9 #1; Cedar Creek Land & Timber 34-14 #1; Cedar Creek Land & Timber 3-2 | $ | 69,475.00 |

*Exhibit C*
*Summary of Mechanics Liens*

| M&M Lien Claimant & Properties | Sum of Amount |
|---|---|
| Cedar Creek Land & Timber 4-1 #1 and Pate 3-11 #1 | $ 22,865.00 |
| Craft Mack 17-4 #1 | $ 18,215.00 |
| Craft Ralls 5-10 #1; Craft Brye 8-4 #1; Craft Ralls #5-8#1 | $ 92,700.00 |
| **Stoneham Drilling** | **$ 1,419,198.94** |
| Corwin 5 #1 | $ 1,419,198.94 |
| **Weatherford U.S. L.P** | **$ 122,490.63** |
| Corwin 5 #1 | $ 122,490.63 |
| **Grand Total** | **$ 3,762,627.66** |

Exhibit D

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 1 | Participation Agreement covering the Escambia Prospect (Escambia and Conecuh Counties, AL), by and between Sklar Exploration Company, as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "D" an Operating Agreement (A.A.P.L. Model Form 610-1982) dated November 1, 2006 covering the Escambia Prospect (Escambia and Conecuh Counties, AL), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 2 | Unit Operating Agreement dated May 11, 2015 concerning operation of the Fishpond Oil Unit, Fishpond Field, Escambia County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators | – |
| 3 | Unit Operating Agreement dated November 1, 2018 concerning operation of the Southeast Brooklyn Oil Unit, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators | – |
| 4 | Unit Operating Agreement dated November 1, 2018 concerning operation of the Southwest Brooklyn Oil Unit, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators | – |
| 5 | JOA (AAPL 610-1982) dated August 1, 2015, covering Sections 1 & 2, T13N, R7W, Natchitoches Parish, LA (Rushing Et Al #2), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 6 | Unit Operating Agreement dated November 1, 2018 concerning operation of the Northwest Brooklyn Oil Unit, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Pruet Production Co., as Unit Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 7 | Amended And Restated Participation Agreement dated effective as of April 8, 2015 covering the Mt. Carmel Prospect, Escambia County, AL and Santa Rosa County, FL, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Participants, which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1982) dated April 8, 2015, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 8 | JOA (AAPL 610-1982) dated September 20, 1990, covering Starcke #C-1, 391.50 acre tract, re-surveyed to be 405.07 acres, located in the B. Holmes Survey, A-447, Cass County, TX, by and between Sklar & Phillips Oil Co., Operator and Crain Energy, Inc. et al as Non-Operators | – |
| 9 | Participation Agreement covering the Shipps Creek Prospect (Conecuh & Escambia Counties, AL) dated effective as of June 1, 2012, by and between Sklar Exploration Company, as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "F" an Operating Agreement (A.A.P.L. Model Form 610-1982) dated June 1, 2012 covering the Shipps Creek Prospect (Conecuh & Escambia Counties, AL), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |

DRAFT SUBJECT TO CHANGE

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 10 | JOA (AAPL 610-1982) dated July 5, 1989, covering lands in the Southeast Quarter and the West Half of the Southwest Quarter of the Southwest Quarter of Section 25, the Northwest Quarter of the Southwest Quarter lying west of Road of Section 31, and entire Section 36 Township 14 North Range 10 West, Red River Parish, Louisiana, by and between Sklar & Phillips Oil Co., as Operator, and Muslow Oil and Gas, Inc., et al, as Non-Operators | – |
| 11 | Participation Agreement dated effective as of June 30, 2013 covering the Oakhay Creek Prospect, Smith County, Mississippi, by and between Sklar Exploration Company L.L.C., as Operator, and Petro-Chem Operating Co., Inc., et. al., as Participants, which includes as Exhibit "C" an Operating Agreement (AAPL Form 610-1989) dated June 1, 2011, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 12 | Participation Agreement dated July 1, 2017 covering the South Harmony Prospect, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., as Participant, which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1989) dated July 1, 2017, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 13 | JOA (AAPL 610-1982) dated October 29, 2018, covering the Southwest Quarter of Section 11, Township 3 North, Range 13 East, Conecuh County, Alabama, by and between Fletcher Petroleum Corp., as Operator, and Sklarco, L.L.C., et al., as Non-Operators | – |
| 14 | JOA dated October 15, 1956, and amended January 29, 1968, covering GC Williams #4, Mark H. Miller Survey, A-741, Rodessa Block #2, Cass County, TX, and Miller County, Arkansas, by and between Sam Sklar as Operator, and Union Producing Company et al, Operators | – |
| 15 | JOA covering a 682.35 acre gas unit (Vickers #1) in Freestone County, Texas, by and between Sklar & Phillips Oil Co., as Operator, and Anderson Exploration Energy Co., et al, as Non-Operators | – |
| 16 | JOA (AAPL 610-1982) dated May 15, 2018, covering the SE/4 of Section 11 (Anderson Johnson 11-9 #1 well), Township 3 North, Range 13 East, Conecuh County, Alabama, by and between Fletcher Petroleum Corp., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 17 | JOA (AAPL 610-1982) dated July 15, 2014, covering the Southeast Quarter of Section 17, Township 3 North, Range 13 East, by and between Fletcher Petroleum Corp., as Operator, and Sklarco, L.L.C., et al, as Non-Operators | – |
| 18 | Participation Agreement dated effective as of January 23, 2015 covering the Brewton Prospect, Escambia County, Alabama, by and between Sklar Exploration Company L.L.C., as Operator, and Rose Hill Exploration LLC, et al., as Participants, which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1982) dated January 23, 2015, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |

DRAFT SUBJECT TO CHANGE

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|---|---|---|
| 19 | JOA (AAPL 610-1982) dated January 1, 2016 (East Castor Prospect), covering certain property in, T14N, R7W, Bienville Parish, LA (Echo Papa 10-10 #1 and JB Evans 11-4 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 20 | Participation Agreement dated effective as of December 1, 2012 covering the West Bryceland Saddle Prospect, by and between AEEC II, L.L.C., Sklar Exploration Company L.L.C., Sklarco L.L.C., and Marshall-Wuellner, Inc., which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1982) dated December 1, 2012, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 21 | JOA (AAPL 910-1982) dated December 1, 2015 covering the Findley 2-5 in the Northwest Quarter of Section 2, Township 3 North, Range 13 East, Conecuh county, Alabama by and between Fletcher Petroleum Corp., as Operator and Sklarco L.L.C., et al., Non-Operators | – |
| 22 | JOA (AAPL 610-1977) dated April 11, 1985, but made effective May 1, 1983, covering Sun #1-R, Jesse E. Bean Survey, A-127, Smith County, TX, by and between Sklar & Phillips Oil Co., Operator, and Sun Exploration Company, et al, as Non-Operators | – |
| 23 | JOA (AAPL 610-1982) dated April 1, 2016, covering lands in the John Lane Survey, A-557, and the Robert G. Saunders Survey, A-871, by and between Sklar Exploration Company, L.L.C., as Operator, and Sklarco, L.L.C., et al, as Non-Operators | – |
| 24 | JOA dated April 17, 1997, covering Sections 19-22, 25-29 and 36-41, T17N, R4E, and Sections 2-7, T16N, R4E, Warren County, Mississippi (Feld Heirs #1 and Feld Heirs #3), by and between Stroud & Luke Production Company, as Operator and Robert A. Stroud LLC, et al., as Non-Operators | – |
| 25 | JOA (AAPL 610-1956) dated March 7, 1972, covering lands in Houston County, Texas (LE Warner #1), by and between Sun Oil Company, as Operator, and Nemours Corporation, et al, as Non-Operators | – |
| 26 | Joint Operating Agreement dated July 1, 2016, by and between Fletcher Petroleum Corp, an Alabama corporation, as Operator, and the signatory party or parties to the Joint Operating Agreement other than Operator, hereinafter referred to individually as "Non-Operator", and collectively as "Non-Operators" for the Pate 3-9 Well. | – |
| 27 | Participation Agreement dated August 27, 2012 covering the Summit Extension Prospect, by and between Par Minerals Corporation, as Operator, and Sklarco L.L.C., as Participant, which includes as Exhibit "A" an Operating Agreement (AAPL Form 610-1989) dated August 27, 2012, by and between Par Minerals Corporation, as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 28 | JOA (AAPL 610-1989) dated August 7, 2014, covering the Southwest Quarter of the Northeast Quarter of Section 16, Township 17 South, Range 14 West, Union County, Arkansas, by and between Quanico Oil and Gas, Inc., as Operator, and Sklarco, LLC, as Non-Operator | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|----------------------|-------------|
| 29 | Exploration Agreement dated October 1, 2017 covering the Hunter Benn 3D Project (the area identified and leveled "3D Shoot Area" on the plat attached as Exhibit "A") between Pruet Oil Company LLC, Crain Energy, Ltd., James Resources, Inc., JJS Working Interests, LLC, McCombs Energy, Ltd., TDX Energy, LLC, Pentad Energy, LLC, Hanson Operating Co., In., Babe Development Company, LLC, GSC Exploration LLC (as successor in interest to GulfSOuth Capital, Inc.), Sklarco L.L.C. and Justiss Oil Company, Inc. | – |
| 30 | JOA (AAPL 610-1982) dated January 19, 2007, covering the Southeast Quarter of Section 6, Township 4 North, Range 13 East, Conecuh County, Alabama, by and between Midroc Operating Company, as Operator, and Robert Bourne, et al, as Non-Operators | – |
| 31 | 0 | – |
| 32 | JOA (AAPL 610-1982) dated November 1, 2009, covering the Claude Hayes Unit, Willow Springs Field, Gregg County, TX, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 33 | Participation Agreement covering the Castleberry Prospect (Conecuh County, AL) dated effective as of November 7, 2012, by and between Sklar Exploration Company, as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "E" an Operating Agreement (A.A.P.L. Model Form 610-1982) dated November 7, 2012 covering the Castleberry Prospect (Conecuh County, AL), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 34 | Third Amendment to the Unit Agreement dated January 31, 2014, concerning operation of the Little Cedar Creek Oil Unit, Little Cedar Creek Field, Conecuh County, AL, by and between Pruet Production Co., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners<br><br>Third Amendment to the Unit Operating Agreement dated January 31, 2014, concerning operation of the Little Cedar Creek Oil Unit, Little Cedar Creek Field, Conecuh County, AL, by and between Pruet Production Co., as Unit Operator, and Sklarco, L.L.C., et al., as Non-Operators | – |
| 35 | JOA (AAPL 610-1977) dated April 28, 1981, covering Teledyne #1, Jesse E. Bean Survey A-127, Chapel Hill Area, Smith County, TX, by and between Sklar & Phillips Oil Co., as Operator, and David A. Schlachter, et al, as Non-Operators | – |
| 36 | JOA covering lands located in Section 9, Township 23 North, Range 9 West, Webster Parish, Louisiana (Haynesville Merc. #1) | – |
| 37 | Unit Operating Agreement dated November 1, 2018 concerning operation of the Northeast Brooklyn Oil Unit, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Pruet Production Co., as Unit Operator, and Sklarco L.L.C., et al., as Non-Operators | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 37 | Operating Agreement (AAPL Form 610-1989) covering the Bridge Creek Prospect  attached and made a part of as Exhibit "D-2" to that Participation Agreement dated effective as of July 1, 2014 covering the Mule Creek and Bridge Creek Prospects, Niobrara County, Wyoming, by and between Sklar Exploration Company L.L.C., as Operator, and G&H Production Company, LLC, et al., as Participants | – |
| 38 | Operating Agreement (AAPL Form 610-1989) covering the Mule Creek Prospect attached and made a part of as Exhibit "D-1" to that Participation Agreement dated effective as of July 1, 2014 covering the Mule Creek and Bridge Creek Prospects, Niobrara County, Wyoming, by and between Sklar Exploration Company L.L.C., as Operator, and G&H Production Company, LLC, et al., as Participants | – |
| 39 | JOA (AAPL 610-1977) dated December 3, 1982, covering 100.99 acres of the M. E. Barbee Survey, A-82, Smith County, Texas, by and between Sklar & Phillips Oil Co., as Operator, and Elana Oil & Gas Co., et al, as Non-Operators | – |
| 40 | JOA (AAPL 610-1977) dated April 22, 1985, but made effective January 1, 1983, covering Fair Oil Ltd. #1, Jesse E. Bean Survey A-127, Chapel Hill  Area, Smith County, TX, by and between Sklar & Phillips Oil Co., Operator, and Aviva, Inc. et al, as Non-Operators | – |
| 41 | JOA (AAPL 610-1982) dated October 14, 2008, covering the Southeast Quarter of Section 17, Township 4 North Range 10 East, Conecuh County, Alabama, by and between Midroc Operating Company, as Operator, and Sklarco L.L.C., et al, as Non-Operators | – |
| 42 | Participation Sales Agreement covering the North Beach Prospect (Conecuh County, AL) dated effective as of November 15, 2004 by and between Craft Exploration Company L.L.C., Sklar Exploration Company L.L.C. and Sklarco L.L.C., which includes as Exhibit "I" an Operating Agreement (AAPL Form 610-1982) dated November 15, 2004, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C. and Craft Exploration Company L.L.C., as Non-Operators | – |
| 43 | Participation Agreement dated effective as of March 1, 2013 covering the South Woodlawn Prospect, Marion County, Texas, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Participants, which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1989) dated March 1, 2013, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 44 | Operating Agreement dated February 15, 1999, by and between Brammer Engineering, Inc., OPERATOR, and Wheless 1DL Exploration Company, L.L.C., et al, NON-OPERATOR, covering lands in Gibsland Prospect, Bienville Parish, Louisiana. | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 45 | Exploration Agreement dated effective February 1, 2007 covering lands located in Township 18 North, Range 7 West, Beinville Parish, Louisiana less and except Sections 21, 22, 27 and 30 of said Township, and in Sections 15, 16, 21, 22, 27, 28, 32, 33, 34 and 35, Township 19 North, Range 6 West, Claiborne parish, Louisiana by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., and Tensas Delta Exploration Company LLC | – |
| 46 | Participation Agreement covering the Red River Prospect (Caddo & Bossier Parishes, LA) dated effective as of April 1, 2006, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "E" an Operating Agreement (AAPL Form 610-1982) dated April 1, 2006, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 47 | Unit Operating Agreement dated October 1, 2016 concerning operation of the Little Cedar Creek Oil Unit IV, Little Cedar Creek Field, Conecuh County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators | – |
| 48 | Unit Operating Agreement dated March 20, 2014 concerning operation of the Little Cedar Creek Oil Unit II, Little Cedar Creek Field, Conecuh County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators | – |
| 49 | Letter Agreement dated March 6, 2015 amending the Brewton Prospect Participation Agreement and JOA, by and between Sklar Exploration Company, L.L.C., as Operator, and Rose Hill Exploration, LLC, et al., as Participants | – |
| 50 | Second Amendment to Brewton Prospect Participation Agreement and JOA dated effective as of January 23, 2015, by and between Sklar Exploration Company L.L.C., as Operator, and Rose Hill Exploration, LLC, et al., as Participants | – |
| 51 | JOA (AAPL 610-1982) dated July 1, 2008, covering NW/4 Section 17, T4N, R13E, Conecuh County, AL (Craft Mack 17-4 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Midroc Operating Company, et al., as Non-Operators | – |
| 52 | Unit Agreement dated March 20, 2014 concerning operation of the Little Cedar Creek Oil Unit II, Little Cedar Creek Field, Conecuh County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 53 | Gas Purchase Contract dated September 23, 2014, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Little Cedar Creek Oil Unit II, as Buyer, and the North Beach Prospect Working Interest Owners, as Sellers | – |
| 54 | Gas Purchase Contract dated September 23, 2014, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Little Cedar Creek Oil Unit II, as Buyer, and the Escambia Prospect Working Interest Owners, as Sellers | – |

DRAFT SUBJECT TO CHANGE

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 55 | Unit Agreement dated October 1, 2016 concerning operation of the Little Cedar Creek Oil Unit IV, Little Cedar Creek Field, Conecuh County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 56 | Amendment to Operating Agreement dated effective as of November 1, 2011 covering the Escambia Prospect (Escambia and Conecuh Counties, Alabama), by and between Sklar Exploration Company L.L.C., et al., which Amendment extended the term of the AMI and added additional lands to the Contract Area and AMI | – |
| 57 | JOA (AAPL 610-1982) dated March 1, 2011, covering NE/4 Section 31, T4N, R13E, Conecuh County, AL (Mary-Mack 31-2 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Midroc Operating Company, et al., as Non-Operators | – |
| 58 | Farmout Agreement dated February 15, 2011, covering the SE/4 Section 29, T4N, R13E, Conecuh County, AL (Thomasson 29-10 #1), by and between Anderson Exploration Energy Company, L.C., et al., as Farmor, and Sklar Exploration Company L.L.C., as Farmee | – |
| 59 | JOA (AAPL 610-1982) dated February 15, 2011, covering the SE/4 Section 29, T4N, R13E, Conecuh County, AL (Thomasson 29-10 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Midroc Operating Company, et al., as Non-Operators | – |
| 60 | JOA (AAPL 610-1982) dated May 1, 2011, covering the SE/4 Section 35, T4N, R12E, Conecuh County, AL (CCL&T 35-10 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Fletcher Petroleum Corp., et al., as Non-Operators | – |
| 61 | JOA (AAPL 610-1982) dated July 1, 2011, covering the NE/4 Section 30, T4N, R13E, Conecuh County, AL (Ralls 30-8 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 62 | JOA (AAPL 610-1982) dated September 15, 2011, covering the NE/4 Section 30, T4N, R13E, Conecuh County, AL (Ralls 30-8 #1), by and between Sklar Exploration Company L.L.C., as Operator, and BSAP I, Inc., et al., as Non-Operators | – |
| 63 | JOA (AAPL 610-1982) dated December 7, 2011, covering NW/4 Section 29, T4N, R13E, Conecuh County, AL (Boothe & Casey 29-6 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C. and BSAP I, Inc., as Non-Operators | – |
| 64 | JOA (AAPL 610-1982) dated December 7, 2011, covering NW/4 Section 29, T4N, R13E, Conecuh County, AL (Boothe & Casey 29-6 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., Pruet Production Co., and Midroc Operating Company and others, as Non-Operators | – |

DRAFT SUBJECT TO CHANGE

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|---|---|---|
| 65 | JOA (AAPL 610-1982) dated February 1, 2012, covering NE/4 Section 33, T4N, R12E, Conecuh County, AL (CCL&T 33-2 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 66 | JOA (AAPL 610-1982) dated March 15, 2012, covering NE/4 Section 34, T4N, R12E, Conecuh County, AL (Grady 34-8 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 67 | JOA (AAPL 610-1982) dated June 1, 2012, covering NW/4 Section 34, T4N, R12E, Conecuh County, AL (Jones 34-4 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Texar Exploration, LLC, et al., as Non-Operators | – |
| 68 | JOA (AAPL 610-1982) dated March 15, 2012, covering NW/4 Section 35, T4N, R12E, Conecuh County, AL (CCL&T 35-5 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Avery Producing, LLC, et al., as Non-Operators | – |
| 69 | JOA (AAPL 610-1982) dated May 1, 2012, covering SE/4 Section 34, T4N, R12E, Conecuh County, AL (Grady 34-10 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 70 | JOA (AAPL 610-1982) dated July 13, 2012, covering NW/4 Section 4, T3N, R12E, Escambia County, AL (CCL&T 4-3 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 71 | JOA (AAPL 610-1982) dated January 10, 2013, covering SE/4 Section 4, T4N, R13E, Conecuh County, AL (CCL&T 32-9 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 72 | JOA (AAPL 610-1982) dated February 17, 2014, covering SW/4 Section 33, T4N, R13E, Conecuh County, AL (Thomasson 33-12 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 73 | JOA (AAPL 610-1982) dated August 1, 2014, covering SE/4 Section 2, T3N, R12E, Escambia County, AL (CCL&T 2-9 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Central Petroleum, Inc., et al., as Non-Operators | – |
| 74 | JOA (AAPL 610-1982) dated September 1, 2014, covering NW/4 Section 3, T3N, R13E, Conecuh County, AL (CCL&T 3-4 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Fletcher Petroleum Corp., et al., as Non-Operators | – |
| 75 | JOA (AAPL 610-1982) dated August 15, 2014, covering NE/4 Section 4, T3N, R13E, Conecuh County, AL (CCL&T 4-1 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Fletcher Petroleum Corp., et al., as Non-Operators | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|----------------------|-------------|
| 76 | JOA (AAPL 610-1982) dated February 1, 2011, covering SE/4 Section 30, T4N, R13E, Conecuh County, AL (Mary Mack 30-15 #1), by and between Midroc Operating Company, as Operator, and Sklarco L.L.C., et al. | – |
| 77 | JOA (AAPL 610-1982) dated March 2, 2011, covering SW/4 Section 29, T4N, R13E, Conecuh County, AL (Salter 29-13 #1), by and between Midroc Operating Company, as Operator, and Sklarco L.L.C., as Agent Nominee for the Sklar Parties, et al. | – |
| 78 | JOA (AAPL 610-1982) dated July 15, 2011, covering NE/4 Section 29, T4N, R13E, Conecuh County, AL (Boothe & Casey 29-8 #1), by and between Pruet Production Co., as Operator, and Sklarco L.L.C. and BSAP I, Inc., as Non-Operators | – |
| 79 | JOA (AAPL 610-1982) dated July 15, 2011, covering NE/4 Section 29, T4N, R13E, Conecuh County, AL (Boothe & Casey 29-8 #1), by and between Pruet Production Co., as Operator, and Sklarco L.L.C., as Agent Nominee for the Sklar Parties, et al. | – |
| 80 | Unit Agreement dated May 11, 2015 concerning operation of the Fishpond Oil Unit, Fishpond Field, Escambia County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 81 | Gas Purchase Contract dated August 27, 2015, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Fishpond Oil Unit, as Buyer, and the North Beach Prospect Working Interest Owners, as Sellers | – |
| 82 | Gas Purchase Contract dated August 27, 2015, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Fishpond Oil Unit, as Buyer, and the Escambia Prospect Working Interest Owners, as Sellers | – |
| 83 | Gas Purchase Contract dated August 27, 2015, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Fishpond Oil Unit, as Buyer, and the Shipps Creek Prospect Working Interest Owners, as Sellers | – |
| 84 | Letter Agreement dated April 29, 2016 regarding Amendment East Castor Prospect JOA, by and between Sklar Exploration Company L.L.C., as Operator, and AEEC II, LLC, et al., as Non-Operators | – |
| 85 | Partial Sublease of Oil, Gas and Mineral Leases dated effective as of February 1, 2008, by and between Sklarco L.L.C., as Sublessor, and Petrohawk Properties, L.P., as Sublessee, covering rights below the Hosston Formation in certain oil, gas and mineral leases | – |
| 86 | Letter Agreement dated December 3, 2010, by and between Petrohawk Properties, LP, as Assignor, and Sklarco L.L.C., as Assignee, concerning the assignment of certain Replacement Leases and Additional Leases insofar as the same cover and relate to rights above the Hosston Formation | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|----------------------|-------------|
| 87 | JOA (AAPL 610-1982) dated February 15, 1999, covering S/2 of Section 16 and N/2 of Section 21, T18N, R7W, Bienville Parish, LA (Willamette 21 #1), by and between Brammer Engineering, Inc., as Operator, and Wheless TDL Exploration Company, L.L.C., et al., as Non-Operators | – |
| 88 | JOA (AAPL 610-1982) dated May 26, 2004, covering Section 28, T18N, R6W, Bienville Parish, LA (Cindy Lou Cloyd 28 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 89 | JOA (AAPL 610-1982) dated February 1, 2008, covering Section 34, T19N, R6W, Bienville & Claiborne Parishes, LA (CS Shaffer 34 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 90 | JOA (AAPL 610-1982) dated August 15, 2007, covering Section 33, T18N, R6W, Bienville Parish, LA (JC Merritt #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 91 | JOA (AAPL 610-1982) dated May 1, 2009, covering Section 33, T19N, R6W, Claiborne Parish, LA (Kimberly Lay 33 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 92 | Participation Agreement dated effective as of March 1, 2013 covering the Oakhay Creek Prospect, Smith County, Mississippi, by and between Sklar Exploration Company L.L.C., as Operator, and Resource Ventures, LLC, et al., as Participants, which includes as Exhibit "C" an Operating Agreement (AAPL Form 610-1989) dated June 1, 2011, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 93 | First Modification of Participation Agreement dated effective as of June 1, 2015 covering the Summit Extension Prospect and Southwest Summit Prospects, by and between Par Minerals Corporation, as Operator, and Sklarco L.L.C., as Participant | – |
| 94 | Letter Agreement dated May 23, 2013 regarding amendments to Participation Agreement and JOA (South Woodlawn Prospect), Marion County, Texas, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Non-Operators | – |
| 95 | Farmout Agreement dated effective as of June 1, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the CCL&T 3-7 #1 Well, Escambia Prospect, Conecuh and Escambia Counties, AL. | – |
| 96 | Farmout Agreement dated effective as of August 1, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the Brewton Prospect, Escambia County, AL. | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 97 | Farmout Agreement dated effective as of July 15, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the Mule Creek Prospect, Niobrara County, WY. | – |
| 98 | Farmout Agreement dated effective as of July 15, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the Bridge Creek Prospect, Niobrara County, WY. | – |
| 99 | JOA (AAPL 610-1982) dated December 15, 2019, covering the E ½ of Section 35 and W ½ of Section 36 (Castleberry Prospect), Township 4 North, Range 10 East, Conecuh County, Alabama, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 100 | Unit Agreement dated November 1, 2018 concerning operation of the Southeast Brooklyn Oil Unit II, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 101 | Unit Agreement dated November 1, 2018 concerning operation of the Northwest Brooklyn Oil Unit II, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Pruet Production Co., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 102 | Unit Agreement dated November 1, 2018 concerning operation of the Northeast Brooklyn Oil Unit II, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Pruet Production Co., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 103 | Gas Purchase Contract dated April 6, 2015, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Fishpond Oil Unit, as Buyer, and the Shipps Creek Prospect Working Interest Owners, as Sellers | – |
| 104 | JOA (AAPL 610-1982) dated April 1, 2013, covering SW/4 Section 36, T4N, R12E, Conecuh County, AL (Kennedy 36-12 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 105 | Operating Agreement of West Arcadia Pipeline L.L.C. dated effective as of July 20, 2009, by and between Sklarco L.L.C., McCombs Energy, LTD., and Tensas Delta Exploration Company, LLC, as Members of the Company | – |
| 106 | Participation Agreement covering the L-Pond Prospect (Conecuh County, AL) dated effective as of November 7, 2012, by and between Sklar Exploration Company, as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "E" an Operating Agreement (A.A.P.L. Model Form 610-1982) dated November 7, 2012 covering the L-Pond Prospect (Conecuh County, AL), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 107 | Participation and Exploration Agreement dated effective as of October 1, 2013 covering the West Tyler 3D Seismic Prospect, Smith County, Texas, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Participants, which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1989) dated October 1, 2013 covering the Swan Prospect, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 108 | Letter Agreement dated January 7, 2014 regarding amendments to West Tyler 3D Participation Agreement and JOA, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Non-Operators | – |
| 109 | Letter Agreement dated October 30, 2014 regarding amendments to West Tyler 3D Participation Agreement and JOA, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Non-Operators | – |
| 110 | Farmout Agreement dated January 7, 2014, by and between Penn Virginia Oil & Gas, L.P., as Farmor, and Sklar Exploration Company L.L.C., as Farmee covering certain oil, gas and mineral leases located in Marion County, TX | – |
| 111 | Letter Agreement dated March 14, 2014, by and between Sklar Exploration Company L.L.C., as Farmee and Penn Virginia Oil & Gas, L.P., as Farmor, amended certain terms in the Farmout Agreement | – |
| 112 | Farmout Agreement dated effective as of June 1, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the West Tyler 3D Seismic Prospect, Smith County, TX. | – |
| 113 | JOA (AAPL 610-1982) attached and made part of as Exhibit "C" the Participation Agreement dated June 1, 2014 for the Molly Prospect covering lands described as the Northeast Quarter and the South Half of Section 1 of Township 22 North, Range 6 west; the East Half of Section 12 of Township 22 North, Range 6 West; the South Half of Section 4 of Township 22 North, Range 5 West; the South Half of Section 6 of Township 22 North, Range 5 West; and the north Half of Section 7, 8 and 9 of Township 22 North, Range 5 West, Claiborne Parish, Louisiana between AEEC II, LLC., Stephen O. Smith, McCombs Energy, Ltd and Sklarco L.L.C. | – |
| 114 | JOA (APPL 610-1982) attached and made a part of that certain Participation Agreement dated June 1, 2013 covering the Cardinal Prospect in Lafayette Parish, Louisiana more particularlay described by Exhibit "A" to the Agreement by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., Cypress Drilling LLC, Barbara Callaway Trust IV, Wes-Tex Drilling Company, L.P. McCombs Energy, Ltd., and JJS Working Interests LLC | – |

DRAFT SUBJECT TO CHANGE

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|---|---|---|
| 115 | JOA dated March 1, 2016 covering the Chestnut Prospect in Township 13 North, Range 6 West, Section 1, 2, 11, 12, Natchitoches and Winn Parishes, Louisiana; Township 13 North, Range 5 West, Section 5, 6, 7, 8, Winn Parish, Louisiana; Township 14 north, Range 6 West, Section 36, Beinville Parish, Louisiana; Township 14 North, Range 5 West, Section 31, Beinville Parish, Louisiana (more particularly described on the plat designated as Exhibit "A-2") by and between Sklar Exploration Company, L.L.C., and Sklarco L.L.C., et al., Non-Operators | – |
| 116 | JOA (AAPL 610-1982) attached and made part of the Participation Agreement dated June 13, 2001 covering the Coulson Bayou Prospect in Township 4 North, Range 3 West, All of Sections 22, 23, 30 and 31, Wilkinson County, Mississippi by and between Frank David Exploration, Inc. Sklarco, L.L.C., Sklar Exploration Company L.L.C., and D&D Drilling & Exploration Inc. | – |
| 117 | JOA (AAPL 610-1982) attached and made part of as Exhibit "C" to the Participation Agreement dated October 1, 2011 covering the East Holly Prospect, Desoto Parish, Louisiana as shown on Exhibit "A" of the Agreement by and between Sklar Exploration Company L.L.C., Sklarco, L.L.C., McCombs Energy, Ltd., JJS Working Interests LLC, Fllet Howell, Kudzu Oil Properties, L.L.C., Tiembo Ltd., Marksco, L.L.C., and Bundero Investment Compan, L.L.C. | – |
| 118 | JOA (AAPL 610-1982) attached and made part of as Exhibit "D" to the Participation Agreement dated April 1, 2002 covering the Martin Prospect in Sections 1, 2, 10 and 11, Township 13 North, Range 9 West, Red River Parish, Louisiana (as identified in Exhibit "A")by and between Sklar Exploration, L.L.C., Sklarco L.L.C., Mike Rogers Drilling Co., Inc., Hilliard Acquisitions II L.L.C., and Flournoys Family Properties Ltd. | – |
| 119 | JOA (AAPL 610-1982) attached to and made part of as Exhibit "E" to the Participation Agreement dated January 25, 2006 covering the Moncrief Prospect in Avoyelles and St. Landry Parishes, Louisiana (as identifieed in Exhibit "A-1") by and between Williams Petroleum, LLC, Yates Drilling Company, Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., Anderson-Drake Partners, Inc., Dudley Hughes, LLC, and David New Drilling Company, Inc. | – |
| 120 | JOA (AAPL 610-1982) attached to and made a part of as Exhibit "D" to the Participation Agreement dated May 14, 2002 covering the N E Thompsonville Prospect in Webb County, Texas (as shown on Exhibit "A" to the Agreement) by and between Skyline Energy, L.L.C., and Sklarco L.L.C. | – |
| 121 | JOA (AAPL 610-1982) dated June 1, 2016 covering the North Saline Prospect in West 1/2 Section 3, 4, East 1/2 Section 5, 9, Township 14 north, Range 6 West; South 1/2 Section 33, Township 15 North, Range 6 West, Beinville Parish, Louisiana (as shown on Exhibit "A" to the Agreement") by and between Sklar Exploration Company, L.L.C., and Sklarco L.L.C., et al., Non-Operators | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|---|---|---|
| 122 | JOA (AAPL 610-1989) attached to and made a part of as Exhibit "C" to that certain Participation Agreement dated effective as of April 1, 2012, by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., Fleet Howell, Tiembo, Ltd., Fant Energy Limited, Kudzu Oil Properties, L.L.C., Marksco, L.L.C. and Bundero Investment Company, L.L.C., covering the Fryeburg Prospect, Webster and Bienville Parishes, Louisiana | – |
| 123 | JOA (AAPL 610-1982) attached and made a part of Exhibit "D" to the Participation Agreement Glade Bayou Prospect in Tensas Parish, Louisiana dated effective as of April l, 2013, by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., JJS Working Interest LLC, Tauber Exploration & Production Company, James Fleet Howell, Kudzu Oil Properties, L.L.C., Tiembo, Ltd., Marksco, L.L.C., Bundero Investment Company, L.L.C., Bennett Greenspan, Twin Energy LPI, Twin Energy LP2, Twin Energy LLC, Lucas Petroleum Group, Inc., Kirkpatrick Oil Company, Inc., Pickens Financial Group, LLC, Sklar Investments, LC, Sklar Wells Investments, LLC, Fair Oil Ltd., R. L. Ray, LTD., Flyers Oil & Gas LLC and Sealy Family Oil and Gas Partnership I, L.P. | – |
| 124 | JOA (AAPL 610-1982) attached to and made a part of as Exhibit "E" to that Participation Agreement dated effective as of May 1, 2005 covering the Jacksonville Prospect in Cherokke County, Texas by and between Sklar Exploration Company L.L.C., Sklarco L.L.C. McCombs Energy, L.L.C., Anderson Exploration Energy Company, L.C., and Sajac Exploration Company, L.L.C. | – |
| 125 | JOA (AAPL 610-1982) attached to and made a part of as Exhibit "D" to that certain Letter Agreement dated effective as of December 1, 2016 regarding the Silver Creek Prospect, Smith County, Texas, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Participants | – |
| 126 | JOA (AAPL 610-1982) attached to and made a part of as Exhibit "D" to that certain Participation Agreement for the South, Morton Prospect dated effective January I, 2006, by and between Yates Drilling Company, Trail Mountain, Inc., Sklar Exploration Company, L.L.C., Sklarco, L.L.C., Anderson Exploration Energy Company, L.C., Roundtree & Associates, Inc., N.E. Collins, L.L.C. and Dave Easom. | – |
| 127 | JOA (AAPL 610-1982) attached to and made a part of that Participation Agreement dated January 1, 2003 covering the Three Creeks Prospect by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., Aura-Search, Inc., Oolite Investments, Inc., L. B. Jefcoat and Company, Frank A. Perkins, Bayou La Croix L.L.C., Delta-T Geophysical Consulting, Inc. and George Marodis covering lands located in Union County, Arkansas. | – |
| 128 | JOA (AAPL 610-1982) attached to and made a part of that certain Participation Agreement (West Starks Dome Prospect) dated effective as of April l, 2013, by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., JJS Working Interests LLC, Tauber Exploration & Production Company, Fleet Howell, Kudzu Oil Properties, L.L.C., Tiembo, Ltd., Marksco, L.L.C., Bundero Investment Company, L.L.C., Bennett Greenspan, Twin Energy LP!, Twin Energy LP2, Twin Energy LLC, Lucas Petroleum Group, Inc., Kirkpatrick Oil Company, Inc., Sklar Investment, LLC, and Sklar Wells Investments, LLC. | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|---|---|---|
| 129 | JOA (AAPL 610-1982) attached to and made a part of that certain Participation Agreement dated effective as of October I, 2011 covering the West Uriah Prospect in Monrow County, Alabama by and between Sklar Exploration Company L.L.C., Sklarco L.L.C, McCombs Energy, Ltd., Fant Energy Limited, Verado Oil and Gas Corporation, Advanced Oil and Gas Co., JJS Working Interests LLC, Fleet Howell, Sugar Creek Producing Company, L.L.C., Kudzu Oil Properties, L.L.C., Tiembo, Ltd., Marksco, L.L.C., Teekell Oil & Gas, Inc., Dickson Oil & Gas, L.L.C. and Bundero Investment Company, L.L.C. | – |
| 130 | JOA (AAPL 610-1982) dated November 29, 2005, covering All lands, oil and gas leasehold interest and oil and gas interest lying within the South Half of the South Half of Section 25,the South Half of the South Half of Section 26, the South Half of the South Half of Section 27, All of Sections 34, 35, and 36, Township 6 North Range 5 East; All of Sections 1, 2, 3, 10, 11, and 12, Township 5 North Range 5 East; South Half of the Southwest Quarter of Section 30 and the West Half of Section 31, Township 6 North, Range 6 East; the West Half of Section 6 and the West Half of Section 7, Township 5 North, Range 6 EastMonroe County, AL, by and between Spooner Petroleum Company, as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 131 | JOA (AAPL 610-1989) dated March 1, 2012, covering approximately 1,073 acres situated in Section 67, Township 16 South Range 19 East and Section 37, Township 16 South Range 20 East, Lafourche Parish, Louisiana, by and between Sklar Exploration Company, L.L.C., as Operator, and Maple Leaf Exploration LP, et al, as Non-Operators | – |
| 132 | JOA (AAPL 610-1989) dated August 1, 2011, covering Sections 4,5,6, and 9, Township 16 North, Range 8 West; Sections 31 and 32, Township 17 North, Range 8 West, Bienville Parish, Louisiana, by and between Sklar Exploration Company, L.L.C., as Operator, and Sklarco L.L.C. and D.L. Kelley Interests, as Non-Operators | – |
| 133 | JOA (AAPL 610-1982) dated January 10, 2013, covering the Southeast Quarter of Section 32, Township 4 North Range 13 East, Conecuh County, Alabama, by and between Sklar Exploration Company, L.L.C. as Operator, and Sklarco, L.L.C., et al, as Non-Operators | – |
| 134 | Unit Agreement dated December 12, 1995, concerning operation of the Martinville Rodessa Field Unit, Rodessa Oil Pool, Martinville Field, Simpson County, Mississippi, by and between Coho Resources, Inc., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners<br><br>Unit Operating Agreement dated December 12, 1995, concerning operation of the Martinville Rodessa Field Unit, Rodessa Oil Pool, Martinville Field, Simpson County, Mississippi, by and between Coho resources, Inc., as Unit Operator, and Marathon Oil Company, et, al, as Non-Operators | – |
| 135 | JOA (AAPL 610-1982) dated April 1, 2013, covering all lands within Township 2 North, Range 4 West and Township 2 North, Range 5 West, Wilkinson County, Mississippi, by and between, Sklar Exploration Company, LLC, as Operator, and Sklarco L.L.C., et al, as Non-Operators | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 136 | Participation Agreement dated effective as of July 1, 2014 covering the Mule Creek and Bridge Creek Prospects, Niobrara County, Wyoming, by and between Sklar Exploration Company L.L.C., as Operator, and G&H Production Company, LLC, et al., as Participants, which includes as Exhibit "D-1" an Operating Agreement (AAPL Form 610-1989) dated July 1, 2014 covering the Mule Creek Prospect and as Exhibit "D-2" an Operating Agreement (AAPL Form 610-1989) covering the Bridge Creek Prospect | – |
| 137 | Letter Agreement dated August 14, 2015 regarding Extension of Shipps Creek Prospect AMI and Acquisition of Additional Seismic Data, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators, as amended by that certain Correction Letter dated August 18, 2015, by and between the same parties | – |
| 138 | Letter Agreement dated May 23, 2017 regarding Shipps Creek Prospect AMI Extension, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators, providing for a 1 year extension of the AMI. | – |
| 139 | Letter Agreement dated May 16, 2018 regarding Shipps Creek Prospect AMI Extension (Second Extension), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators, providing for an additional 1 year extension of the AMI. | – |
| 140 | Letter Agreement dated April 23, 2019 regarding Shipps Creek Prospect AMI Extension (Third Extension), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators, providing for an additional 1 year extension of the AMI. | – |
| 141 | Assignment And Bill of Sale dated effective as of September 1, 2009, by and between Tensas Delta Exploration Company, LLC and Sklar Exploration Company L.L.C., as Assignors, and West Arcadia Pipeline L.L.C., as Assignee | – |
| 142 | Assignment And Bill of Sale dated effective as of September 1, 2009, by and between McCombs Energy, LTD. And Sklarco L.L.C., as Assignors, and West Arcadia Pipeline L.L.C., as Assignee | – |
| 143 | Natural Gas Purchase and Sale Agreement dated September 1, 2009, by and between Texla Energy Management, Inc., as Buyer, and Sklar Exploration Company L.L.C., as Seller | – |
| 144 | Gas Gathering Agreement dated effective as of October 1, 2009, by and between West Arcadia Pipeline L.L.C., as Gatherer, and Texla Energy Management, Inc., as Shipper | – |
| 145 | First Amendment to Gas Gathering Agreement dated December 16, 2009, by and between West Arcadia Pipeline L.L.C., as Gatherer, and Texla Energy Management, Inc., as Shipper | – |
| 146 | Agreement to Distribute Proceeds dated December 16, 2009, by and between West Arcadia Pipeline L.L.C., as Gatherer, Texla Energy Management, Inc., as Buyer, and Sklar Exploration Company L.L.C. and Tensas Delta Exploration Company, LLC, as Sellers | – |

## Sklarco L.L.C. - Assumed Contracts - Exhibit D

| Line # | Contract Description | Cure Amount |
|--------|----------------------|-------------|
| 147 | Second Amendment to Gas Gathering Agreement dated November 1, 2010, by and between West Arcadia Pipeline L.L.C., as Gatherer, and Texla Energy Management, Inc., as Shipper | – |
| 148 | Third Amendment to Gas Gathering Agreement dated June 11, 2014, by and between West Arcadia Pipeline L.L.C., as Gatherer, and Texla Energy Management, Inc., as Shipper | – |
| 149 | Farmout Agreement dated effective as of July 1, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering all of Farmor's interest in the Shipps Creek Prospect, Conecuh and Escambia Counties, AL, as amended by that certain Amendment to Farmout Agreement dated September 1, 2019. | – |
| 150 | Farmout Agreement dated effective as of August 1, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the Mt. Carmel Prospect, Escambia County, AL & Santa Rosa County, FL. | – |
| 151 | Unit Agreement dated November 1, 2018 concerning operation of the Southwest Brooklyn Oil Unit, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 152 | Farmout Agreement dated effective as of June 1, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering all of Farmor's interest in the Bodcaw 3D Project, Bienville and Natchitoches Parishes, LA. | – |

DRAFT SUBJECT TO CHANGE

# Exhibit E

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|:---:|---|:---:|
| 1 | Unit Operating Agreement dated November 1, 2018 concerning operation of the Southwest Brooklyn Oil Unit, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators | $222,011 |
| 2 | Unit Operating Agreement dated November 1, 2018 concerning operation of the Southeast Brooklyn Oil Unit, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators | $283,226 |
| 3 | Unit Operating Agreement dated May 11, 2015 concerning operation of the Fishpond Oil Unit, Fishpond Field, Escambia County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators | $363,498 |
| 4 | JOA dated April 17, 1997, covering Sections 19-22, 25-29 and 36-41, T17N, R4E, and Sections 2-7, T16N, R4E, Warren County, Mississippi (Feld Heirs #1 and Feld Heirs #3), by and between Stroud & Luke Production Company, as Operator, and Robert A. Stroud LLC, et al., as Non-Operators | $1,706 |
| 5 | Participation Agreement dated effective as of June 30, 2013 covering the Oakhay Creek Prospect, Smith County, Mississippi, by and between Sklar Exploration Company L.L.C., as Operator, and Petro-Chem Operating Co., Inc., et al., as Participants, which includes as Exhibit "C" an Operating Agreement (AAPL Form 610-1989) dated June 1, 2011, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | $9,885 |
| 6 | JOA (AAPL 610-1982) dated August 1, 2015, covering Sections 1 & 2, T13N, R7W, Natchitoches Parish, LA (Rushing Et Al #2), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | $181,808 |
| 7 | Unit Operating Agreement dated March 20, 2014 concerning operation of the Little Cedar Creek Oil Unit II, Little Cedar Creek Field, Conecuh County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators | – |
| 8 | Participation Agreement dated effective as of December 1, 2012 covering the West Bryceland Saddle Prospect, by and between AEEC II, L.L.C., Sklar Exploration Company L.L.C., Sklarco L.L.C., and Marshall-Wuellner, Inc., which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1982) dated December 1, 2012, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | $4,276 |
| 9 | Unit Operating Agreement dated October 1, 2016 concerning operation of the Little Cedar Creek Oil Unit IV, Little Cedar Creek Field, Conecuh County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators | – |

DRAFT SUBJECT TO CHANGE

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|---|---|---|
| 10 | Participation Agreement dated effective as of March 1, 2013 covering the South Woodlawn Prospect, Marion County, Texas, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Participants, which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1989) dated March 1, 2013, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 11 | JOA (AAPL 610-1982) dated January 1, 2016 (East Castor Prospect), covering certain property in T14N, R7W, Bienville Parish, LA (Echo Papa 10-10 #1 and JB Evans 11-4 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | $4,979 |
| 12 | Participation Sales Agreement covering the North Beach Prospect (Conecuh County, AL) dated effective as of November 15, 2004, by and between Craft Exploration Company L.L.C., Sklar Exploration Company L.L.C. and Sklarco L.L.C., which includes as Exhibit "I" an Operating Agreement (AAPL Form 610-1982) dated November 15, 2004, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C. and Craft Exploration Company L.L.C., as Non-Operators | – |
| 13 | Participation Agreement covering the Red River Prospect (Caddo & Bossier Parishes, LA) dated effective as of April 1, 2006, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "E" an Operating Agreement (AAPL Form 610-1982) dated April 1, 2006, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 14 | JOA dated October 15, 1956, and amended January 29, 1968, covering GC Williams #4, Mark H. Miller Survey, A-741, Rodessa Block #2, Cass County, TX, and Miller County, Arkansas, by and between Sam Sklar as Operator, and Union Producing Company et al, Operators | $9,732 |
| 15 | JOA (AAPL 610-1977) dated April 11, 1985, but made effective May 1, 1983, covering Sun #1-R, Jesse E. Bean Survey, A-127, Smith County, TX, by and between Sklar & Phillips Oil Co., Operator, and Sun Exploration Company, et al, as Non-Operators | $1,913 |
| 16 | JOA (AAPL 610-1982) dated April 1, 2016, covering lands in the John Lane Survey, A-557, and the Robert G. Saunders Survey, A-871, by and between Sklar Exploration Company, L.L.C., as Operator, and Sklarco, L.L.C., et al, as Non-Operators | $1,747 |
| 17 | Exploration Agreement dated effective February 1, 2007 covering lands located in Township 18 North, Range 7 West, Beinville Parish, Louisiana less and except Sections 21, 22, 27 and 30 of said Township, and in Sections 15, 16, 21, 22, 27, 28, 32, 33, 34 and 35, Township 19 North, Range 6 West, Claiborne parish, Louisiana by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., and Tensas Delta Exploration Company LLC | – |

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|---|---|---|
| 18 | Participation Agreement dated effective as of January 23, 2015 covering the Brewton Prospect, Escambia County, Alabama, by and between Sklar Exploration Company L.L.C., as Operator, and Rose Hill Exploration LLC, et al., as Participants, which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1982) dated January 23, 2015, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | $5,357 |
| 19 | Participation Agreement covering the Castleberry Prospect (Conecuh County, AL) dated effective as of November 7, 2012, by and between Sklar Exploration Company, as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "E" an Operating Agreement (A.A.P.L. Model Form 610-1982) dated November 7, 2012 covering the Castleberry Prospect (Conecuh County, AL), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., as Non-Operators | – |
| 20 | JOA (AAPL 610-1982) dated September 20, 1990, covering Starcke #C-1, 391.50 acre tract, re-surveyed to be 405.07 acres, located in the B. Holmes Survey, A-447, Cass County, TX, by and between Sklar & Phillips Oil Co., Operator and Crain Energy, Inc. et al as Non-Operators | $12,665 |
| 21 | JOA (AAPL 610-1977) dated April 22, 1985, but made effective January 1, 1983, covering Fair Oil Ltd. #1, Jesse E. Bean Survey A-127, Chapel Hill Area, Smith County, TX, by and between Sklar & Phillips Oil Co., Operator, and Aviva, Inc. et al, as Non-Operators | – |
| 22 | JOA (AAPL 610-1977) dated April 28, 1981, covering Teledyne #1, Jesse E. Bean Survey A-127, Chapel Hill Area, Smith County, TX, by and between Sklar & Phillips Oil Co., as Operator, and David A. Schlachter, et al, as Non-Operators | – |
| 23 | Participation Agreement covering the Escambia Prospect (Escambia and Conecuh Counties, AL), by and between Sklar Exploration Company, as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "D" an Operating Agreement (A.A.P.L. Model Form 610-1982) dated November 1, 2006 covering the Escambia Prospect (Escambia and Conecuh Counties, AL), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 24 | JOA (AAPL 610-1982) dated July 5, 1989, covering lands in the Southeast Quarter and the West Half of the Southwest Quarter of the Southwest Quarter of Section 25, the Northwest Quarter of the Southwest Quarter lying west of Road of Section 31, and entire Section 36 Township 14 North Range 10 West, Red River Parish, Louisiana, by and between Sklar & Phillips Oil Co., as Operator, and Muslow Oil and Gas, Inc., et al, as Non-Operators | $11,873 |
| 25 | Operating Agreement dated February 15, 1999, by and between Brammer Engineering, Inc., OPERATOR, and Wheless 1DL Exploration Company, L.L.C., et al, NON-OPERATOR, covering lands in Gibsland Prospect, Bienville Parish, Louisiana. | – |

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 26 | JOA (AAPL 610-1982) dated November 1, 2009, covering the Claude Hayes Unit, Willow Springs Field, Gregg County, TX, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 27 | Operating Agreement (AAPL Form 610-1989) covering the Bridge Creek Prospect attached and made a part of as Exhibit "D-2" to that Participation Agreement dated effective as of July 1, 2014 covering the Mule Creek and Bridge Creek Prospects, Niobrara County, Wyoming, by and between Sklar Exploration Company L.L.C., as Operator, and G&H Production Company, LLC, et al., as Participants | – |
| 28 | Operating Agreement (AAPL Form 610-1989) covering the Mule Creek Prospect attached and made a part of as Exhibit "D-1" to that Participation Agreement dated effective as of July 1, 2014 covering the Mule Creek and Bridge Creek Prospects, Niobrara County, Wyoming, by and between Sklar Exploration Company L.L.C., as Operator, and G&H Production Company, LLC, et al., as Participants | – |
| 29 | JOA covering a 682.35 acre gas unit (Vickers #1) in Freestone County, Texas, by and between Sklar & Phillips Oil Co., as Operator, and Anderson Exploration Energy Co., et al, as Non-Operators | $9,489 |
| 30 | JOA covering lands located in Section 9, Township 23 North, Range 9 West, Webster Parish, Louisiana (Haynesville Merc. #1) | – |
| 31 | JOA (AAPL 610-1977) dated December 3, 1982, covering 100.99 acres of the M. E. Barbee Survey, A-82, Smith County, Texas, by and between Sklar & Phillips Oil Co., as Operator, and Elana Oil & Gas Co., et al, as Non-Operators | – |
| 32 | Unit Operating Agreement dated November 1, 2018 concerning operation of the Northwest Brooklyn Oil Unit, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Pruet Production Co., as Unit Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 33 | Participation Agreement dated August 27, 2012 covering the Summit Extension Prospect, by and between Par Minerals Corporation, as Operator, and Sklarco L.L.C., as Participant, which includes as Exhibit "A" an Operating Agreement (AAPL Form 610-1989) dated August 27, 2012, by and between Par Minerals Corporation, as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 34 | Unit Operating Agreement dated November 1, 2018 concerning operation of the Northeast Brooklyn Oil Unit, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Pruet Production Co., as Unit Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 35 | JOA (AAPL 610-1989) dated August 7, 2014, covering the Southwest Quarter of the Northeast Quarter of Section 16, Township 17 South, Range 14 West, Union County, Arkansas, by and between Quanico Oil and Gas, Inc., as Operator, and Sklarco, LLC, as Non-Operator | – |

**Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E**

| Line # | Contract Description | Cure Amount |
|---|---|---|
| 36 | Third Amendment to the Unit Agreement dated January 31, 2014, concerning operation of the Little Cedar Creek Oil Unit, Little Cedar Creek Field, Conecuh County, AL, by and between Pruet Production Co., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners<br><br>Third Amendment to the Unit Operating Agreement dated January 31, 2014, concerning operation of the Little Cedar Creek Oil Unit, Little Cedar Creek Field, Conecuh County, AL, by and between Pruet Production Co., as Unit Operator, and Sklarco, L.L.C., et al., as Non-Operators | – |
| 37 | JOA (AAPL 610-1982) dated May 15, 2018, covering the SE/4 of Section 11 (Anderson Johnson 11-9 #1 well), Township 3 North, Range 13 East, Conecuh County, Alabama, by and between Fletcher Petroleum Corp., as Operator, and Sklarco L.L.C., et al., as Non-Operators | $8,434 |
| 38 | JOA (AAPL 610-1982) dated October 29, 2018, covering the Southwest Quarter of Section 11, Township 3 North, Range 13 East, Conecuh County, Alabama, by and between Fletcher Petroleum Corp., as Operator, and Sklarco, L.L.C., et al, as Non-Operators | $9,843 |
| 39 | JOA (AAPL 910-1982) dated December 1, 2015 covering the Findley 2-5 in the Northwest Quarter of Section 2, Township 3 North, Range 13 East, Conecuh county, Alabama by and between Fletcher Petroleum Corp., as Operator and Sklarco L.L.C., et al., Non-Operators | $2,825 |
| 40 | Exploration Agreement dated October 1, 2017 covering the Hunter Benn 3D Project (the area identified and leveled "3D Shoot Area" on the plat attached as Exhibit "A") between Pruet Oil Company LLC, Crain Energy, Ltd., Cames Resources, Inc., JJS Working Interests, LLC, McCombs Energy, Ltd., TDX Energy, LLC, Pentad Energy, LLC, Hanson Operating Co., In., Babe Development Company, LLC, GSC Exploration LLC (as successor in interest to GulfSOuth Capital, Inc.), Sklarco L.L.C. and Justiss Oil Company, Inc. | – |
| 41 | JOA (AAPL 610-1982) dated October 14, 2008, covering the Southeast Quarter of Section 17, Township 4 North Range 10 East, Conecuh County, Alabama, by and between Midroc Operating Company, as Operator, and Sklarco L.L.C., et al, as Non-Operators | – |
| 42 | Joint Operating Agreement dated July 1, 2016, by and between Fletcher Petroleum Corp, an Alabama corporation, as Operator, and the signatory party or parties to the Joint Operating Agreement other than Operator, hereinafter referred to individually as "Non-Operator", and collectively as "Non-Operators" for the Pate 3-9 Well. | $64 |
| 43 | JOA (AAPL 610-1956) dated March 7, 1972, covering lands in Houston County, Texas (LE Warner #1), by and between Sun Oil Company, as Operator, and Nemours Corporation, et al, as Non-Operators | $306 |

DRAFT SUBJECT TO CHANGE

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 44 | JOA (AAPL 610-1982) dated July 15, 2014, covering the Southeast Quarter of Section 17, Township 3 North Range 13 East, by and between Fletcher Petroleum Corp., as Operator, and Sklarco, L.L.C., et al, as Non-Operators | $7,467 |
| 45 | JOA (AAPL 610-1982) dated January 19, 2007, covering the Southeast Quarter of Section 6, Township 4 North, Range 13 East, Conecuh County, Alabama, by and between Midroc Operating Company, as Operator, and Robert Bourne, et al, as Non-Operators | – |
| 46 | Letter Agreement dated March 6, 2015 amending the Brewton Prospect Participation Agreement and JOA, by and between Sklar Exploration Company L.L.C., as Operator, and Rose Hill Exploration, LLC, et al., as Participants | – |
| 47 | Second Amendment to Brewton Prospect Participation Agreement and JOA dated effective as of January 23, 2015, by and between Sklar Exploration Company L.L.C., as Operator, and Rose Hill Exploration, LLC, et al., as Participants | – |
| 48 | JOA (AAPL 610-1982) dated July 1, 2008, covering NW/4 Section 17, 74N, R13E, Conecuh County, AL (Craft Mack 17-4 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Midroc Operating Company, et al., as Non-Operators | – |
| 49 | Unit Agreement dated March 20, 2014 concerning operation of the Little Cedar Creek Oil Unit II, Little Cedar Creek Field, Conecuh County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 50 | Gas Purchase Contract dated September 23, 2014, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Little Cedar Creek Oil Unit II, as Buyer, and the North Beach Prospect Working Interest Owners, as Sellers | – |
| 51 | Gas Purchase Contract dated September 23, 2014, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Little Cedar Creek Oil Unit II, as Buyer, and the Escambia Prospect Working Interest Owners, as Sellers | – |
| 52 | Unit Agreement dated October 1, 2016 concerning operation of the Little Cedar Creek Oil Unit IV, Little Cedar Creek Field, Conecuh County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 53 | Amendment to Operating Agreement dated effective as of November 1, 2011 covering the Escambia Prospect (Escambia and Conecuh Counties, Alabama), by and between Sklar Exploration Company L.L.C., et al., which Amendment extended the term of the AMI and added additional lands to the Contract Area and AMI | – |

### Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|:------:|----------------------|:-----------:|
| 54 | JOA (AAPL 610-1982) dated March 1, 2011, covering NE/4 Section 31, T4N, R13E, Conecuh County, AL (Mary-Mack 31-2 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Midroc Operating Company, et al., as Non-Operators | – |
| 55 | Farmout Agreement dated February 15, 2011, covering the SE/4 Section 29, T4N, R13E, Conecuh County, AL (Thomasson 29-10 #1), by and between Anderson Exploration Energy Company, L.C., et al., as Farmor, and Sklar Exploration Company L.L.C., as Farmee | – |
| 56 | JOA (AAPL 610-1982) dated February 15, 2011, covering the SE/4 Section 29, T4N, R13E, Conecuh County, AL (Thomasson 29-10 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Midroc Operating Company, et al., as Non-Operators | – |
| 57 | JOA (AAPL 610-1982) dated May 1, 2011, covering the SE/4 Section 35, T4N, R12E, Conecuh County, AL (CCL&T 35-10 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Fletcher Petroleum Corp., et al., as Non-Operators | – |
| 58 | JOA (AAPL 610-1982) dated July 1, 2011, covering the NE/4 Section 30, T4N, R13E, Conecuh County, AL (Ralls 30-8 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 59 | JOA (AAPL 610-1982) dated September 15, 2011, covering the NE/4 Section 30, T4N, R13E, Conecuh County, AL (Ralls 30-8 #1), by and between Sklar Exploration Company L.L.C., as Operator, and BSAP I, Inc., et al., as Non-Operators | – |
| 60 | JOA (AAPL 610-1982) dated December 7, 2011, covering NW/4 Section 29, T4N, R13E, Conecuh County, AL (Boothe & Casey 29-6 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C. and BSAP I, Inc., as Non-Operators | – |
| 61 | JOA (AAPL 610-1982) dated December 7, 2011, covering NW/4 Section 29, T4N, R13E, Conecuh County, AL (Boothe & Casey 29-6 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., Pruet Production Co., and Midroc Operating Company and others, as Non-Operators | – |
| 62 | JOA (AAPL 610-1982) dated February 1, 2012, covering NE/4 Section 33, T4N, R12E, Conecuh County, AL (CCL&T 33-2 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 63 | JOA (AAPL 610-1982) dated March 15, 2012, covering NE/4 Section 34, T4N, R12E, Conecuh County, AL (Grady 34-8 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|----------------------|-------------|
| 64 | JOA (AAPL 610-1982) dated June 1, 2012, covering NW/4 Section 34, T4N, R12E, Conecuh County, AL (Jones 34-4 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Texar Exploration, LLC, et al., as Non-Operators | – |
| 65 | JOA (AAPL 610-1982) dated March 15, 2012, covering NW/4 Section 35, T4N, R12E, Conecuh County, AL (CCL&T 35-5 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Avery Producing, LLC, et al., as Non-Operators | – |
| 66 | JOA (AAPL 610-1982) dated May 1, 2012, covering SE/4 Section 34, T4N, R12E, Conecuh County, AL (Grady 34-10 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 67 | JOA (AAPL 610-1982) dated July 13, 2012, covering NW/4 Section 4, T3N, R12E, Escambia County, AL (CCL&T 4-3 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 68 | JOA (AAPL 610-1982) dated January 10, 2013, covering SE/4 Section 4, T4N, R13E, Conecuh County, AL (CCL&T 32-9 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 69 | JOA (AAPL 610-1982) dated February 17, 2014, covering SW/4 Section 33, T4N, R13E, Conecuh County, AL (Thomasson 33-12 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 70 | JOA (AAPL 610-1982) dated August 1, 2014, covering SE/4 Section 2, T3N, R12E, Escambia County, AL (CCL&T 2-9 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Central Petroleum, Inc., et al., as Non-Operators | – |
| 71 | JOA (AAPL 610-1982) dated September 1, 2014, covering NW/4 Section 3, T3N, R13E, Conecuh County, AL (CCL&T 3-4 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Fletcher Petroleum Corp., et al., as Non-Operators | – |
| 72 | JOA (AAPL 610-1982) dated August 15, 2014, covering NE/4 Section 4, T3N, R13E, Conecuh County, AL (CCL&T 4-1 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Fletcher Petroleum Corp., et al., as Non-Operators | – |
| 73 | JOA (AAPL 610-1982) dated February 1, 2011, covering SE/4 Section 30, T4N, R13E, Conecuh County, AL (Mary Mack 30-15 #1), by and between Midroc Operating Company, as Operator, and Sklarco L.L.C., et al. | – |
| 74 | JOA (AAPL 610-1982) dated March 2, 2011, covering SW/4 Section 29, T4N, R13E, Conecuh County, AL (Salter 29-13 #1), by and between Midroc Operating Company, as Operator, and Sklarco L.L.C., as Agent Nominee for the Sklar Parties, et al. | – |

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 75 | JOA (AAPL 610-1982) dated July 15, 2011, covering NE/4 Section 29, T4N, R13E, Conecuh County, AL (Boothe & Casey 29-8 #1), by and between Pruet Production Co., as Operator, and Sklarco L.L.C. and BSAP I, Inc., as Non-Operators | – |
| 76 | JOA (AAPL 610-1982) dated July 15, 2011, covering NE/4 Section 29, T4N, R13E, Conecuh County, AL (Boothe & Casey 29-8 #1), by and between Pruet Production Co., as Operator, and Sklarco L.L.C., as Agent Nominee for the Sklar Parties, et al. | – |
| 77 | Unit Agreement dated May 11, 2015 concerning operation of the Fishpond Oil Unit, Fishpond Field, Escambia County, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 78 | Gas Purchase Contract dated August 27, 2015, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Fishpond Oil Unit, as Buyer, and the North Beach Prospect Working Interest Owners, as Sellers | – |
| 79 | Gas Purchase Contract dated August 27, 2015, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Fishpond Oil Unit, as Buyer, and the Escambia Prospect Working Interest Owners, as Sellers | – |
| 80 | Gas Purchase Contract dated August 27, 2015, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Fishpond Oil Unit, as Buyer, and the Shipps Creek Prospect Working Interest Owners, as Sellers | – |
| 81 | Letter Agreement dated April 29, 2016 regarding Amendment East Castor Prospect JOA, by and between Sklar Exploration Company L.L.C., as Operator, and AEEC II, LLC, et al., as Non-Operators | – |
| 82 | Partial Sublease of Oil, Gas and Mineral Leases dated effective as of February 1, 2008, by and between Sklarco L.L.C., as Sublessor, and Petrohawk Properties, L.P., as Sublessee, covering rights below the Hosston Formation in certain oil, gas and mineral leases | – |
| 83 | Letter Agreement dated December 3, 2010, by and between Petrohawk Properties, LP, as Assignor, and Sklarco L.L.C., as Assignee, concerning the assignment of certain Replacement Leases and Additional Leases insofar as the same cover and relate to rights above the Hosston Formation | – |
| 84 | JOA (AAPL 610-1982) dated February 15, 1999, covering S/2 of Section 16 and N/2 of Section 21, T18N, R7W, Bienville Parish, LA (Willamette 21 #1), by and between Brammer Engineering, Inc., as Operator, and Wheless TDL Exploration Company, L.L.C., et al., as Non-Operators | – |
| 85 | JOA (AAPL 610-1982) dated May 26, 2004, covering Section 28, T18N, R6W, Bienville Parish, LA (Cindy Lou Cloyd 28 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |

DRAFT SUBJECT TO CHANGE

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 86 | JOA (AAPL 610-1982) dated February 1, 2008, covering Section 34, T19N, R6W, Bienville & Claiborne Parishes, LA (CS Shaffer 34 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 87 | JOA (AAPL 610-1982) dated August 15, 2007, covering Section 33, T18N, R6W, Bienville Parish, LA (JC Merritt #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 88 | JOA (AAPL 610-1982) dated May 1, 2009, covering Section 33, T19N, R6W, Claiborne Parish, LA (Kimberly Lay 33 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 89 | Participation Agreement dated effective as of March 1, 2013 covering the Oakhay Creek Prospect, Smith County, Mississippi, by and between Sklar Exploration Company L.L.C., as Operator, and Resource Ventures, LLC, et al., as Participants, which includes as Exhibit "C" an Operating Agreement (AAPL Form 610-1989) dated June 1, 2011, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 90 | First Modification of Participation Agreement dated effective as of June 1, 2015 covering the Summit Extension Prospect and Southwest Summit Prospects, by and between Par Minerals Corporation, as Operator, and Sklarco L.L.C., as Participant | – |
| 91 | Letter Agreement dated May 23, 2013 regarding amendments to Participation Agreement and JOA (South Woodlawn Prospect), Marion County, Texas, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Non-Operators | – |
| 92 | Farmout Agreement dated effective as of June 1, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the CCL&T 3-7 #1 Well, Escambia Prospect, Conecuh and Escambia Counties, AL. | – |
| 93 | Farmout Agreement dated effective as of August 1, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the Brewton Prospect, Escambia County, AL. | – |
| 94 | Farmout Agreement dated effective as of July 15, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the Mule Creek Prospect, Niobrara County, WY. | – |
| 95 | Farmout Agreement dated effective as of July 15, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the Bridge Creek Prospect, Niobrara County, WY. | – |

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 96 | JOA (AAPL 610-1982) dated December 15, 2019, covering the E ½ of Section 35 and W ½ of Section 36 (Castleberry Prospect), Township 4 North, Range 10 East, Conecuh County, Alabama, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 97 | Unit Agreement dated November 1, 2018 concerning operation of the Southeast Brooklyn Oil Unit II, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 98 | Unit Agreement dated November 1, 2018 concerning operation of the Northwest Brooklyn Oil Unit II, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Pruet Production Co., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 99 | Unit Agreement dated November 1, 2018 concerning operation of the Northeast Brooklyn Oil Unit II, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Pruet Production Co., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 100 | Gas Purchase Contract dated April 6, 2015, by and between Sklar Exploration Company L.L.C., in its capacity as Operator of the Fishpond Oil Unit, as Buyer, and the Shipps Creek Prospect Working Interest Owners, as Sellers | – |
| 101 | JOA (AAPL 610-1982) dated April 1, 2013, covering SW/4 Section 36, T4N, R12E, Conecuh County, AL (Kennedy 36-12 #1), by and between Sklar Exploration Company L.L.C., as Operator, and Pruet Production Co., et al., as Non-Operators | – |
| 102 | Office Lease Agreement dated April 26, 2018, by and between Brewton Area Properties, LLC, as Lessor, and Sklar Exploration Company L.L.C., as Lessee, pursuant to which Lessor leased to Lessee the office building located at 319 Belleville Avenue, Brewton, Alabama. | – |
| 103 | Gas Contract Compression Agreement dated as of April 25, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC, as amended (Unit 005) | – |
| 104 | Gas Contract Compression Agreement dated as of May 1, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC, as amended (Unit 009) | – |
| 105 | Gas Contract Compression Agreement dated as of January 5, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC, as amended (Unit 0011) | – |
| 106 | Gas Contract Compression Agreement dated as of January 30, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC, as amended (Unit 0012) | – |

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 107 | Gas Contract Compression Agreement dated as of January 30, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC, as amended (Unit 0013) | – |
| 108 | Compression Operations Agreement, dated March 2, 2018, between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC and/or affiliates (Unit #5011) | – |
| 109 | Gas Contract Compression Agreement dated as of January 5, 2012, between Kodiak Gas Services, LLC and CDM Max, LLC (Unit #11011) | – |
| 110 | Gas Contract Compression Agreement dated as of January 30, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC (Unit #12012) | – |
| 111 | Gas Contract Compression Agreement dated as of January 30, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC (Unit #12013) | – |
| 112 | Gas Contract Compression Agreement dated as of May 1, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC, as amended (Unit 0006) | – |
| 113 | Gas Contract Compression Agreement dated as of May 1, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC, as amended (Unit 0007) | – |
| 114 | Gas Contract Compression Agreement dated as of May 1, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC, as amended (Unit 0008) | – |
| 115 | Gas Contract Compression Agreement dated as of May 1, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC (Unit #12-0006) | – |
| 116 | Gas Contract Compression Agreement dated as of May 1, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC (Unit #12-0007) | – |
| 117 | Gas Contract Compression Agreement dated as of May 1, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC (Unit #12-0008) | – |
| 118 | Gas Contract Compression Agreement dated as of May 1, 2012 between Kodiak Gas Services, LLC and Plains Gas Solutions, LLC (Unit #12-0009) | – |
| 119 | Master Agreement dated April 17, 2012, by and between P2ES Holdings, LLC, and Sklar Exploration Company L.L.C, as amended by Tobin All-Access Order Form dated April 30, 2018. | – |
| 120 | GPIS Software Subscription Agreement dated February 26, 2020, by and between Exigent Information Solutions, LLC and Sklar Exploration Company L.L.C. | – |

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|----------------------|-------------|
| 121 | Participation Agreement covering the L-Pond Prospect (Conecuh County, AL) dated effective as of November 7, 2012, by and between Sklar Exploration Company, as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "E" an Operating Agreement (A.A.P.L. Model Form 610-1982) dated November 7, 2012 covering the L-Pond Prospect (Conecuh County, AL), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 122 | Participation and Exploration Agreement dated effective as of October 1, 2013 covering the West Tyler 3D Seismic Prospect, Smith County, Texas, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Participants, which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1989) dated October 1, 2013 covering the Swan Prospect, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 123 | Letter Agreement dated January 7, 2014 regarding amendments to West Tyler 3D Participation Agreement and JOA, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Non-Operators | – |
| 124 | Letter Agreement dated October 30, 2014 regarding amendments to West Tyler 3D Participation Agreement and JOA, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Non-Operators | – |
| 125 | Farmout Agreement dated January 7, 2014, by and between Penn Virginia Oil & Gas, L.P., as Farmor, and Sklar Exploration Company L.L.C. as Farmee covering certain oil, gas and mineral leases located in Marion County, TX | – |
| 126 | Letter Agreement dated March 14, 2014, by and between Sklar Exploration Company L.L.C., as Farmee and Penn Virginia Oil & Gas, L.P., as Farmor, amended certain terms in the Farmout Agreement | – |
| 127 | Farmout Agreement dated effective as of June 1, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering a portion of Farmor's interest in the West Tyler 3D Seismic Prospect, Smith County, TX. | – |
| 128 | JOA (AAPL 610-1982) attached and made part of as Exhibit "C" the Participation Agreement dated June 1, 2014 for the Molly Prospect covering lands described as the Northeast Quarter and the South Half of Section 1 of Township 22 North, Range 6 west; the East Half of Section 12 of Township 22 North, Range 6 West; the South Half of Section 4 of Township 22 North, Range 5 West; the South Half of Section 6 of Township 22 North, Range 5 West; and the north Half of Section 7, 8 and 9 of Township 22 North, Range 5 West, Claiborne Parish, Louisiana between AEEC II, L.L.C., Stephen O. Smith, McCombs Energy, Ltd and Sklarco L.L.C. | – |

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|----------------------|-------------|
| 129 | JOA (APPL 610-1982) attached and made a part of that certain Participation Agreement dated June 1, 2013 covering the Cardinal Prospect in Lafayette Parish, Louisiana more particularlay described by Exhibit "A" to the Agreement by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., Cypress Drilling LLC, Barbara Callaway Trust IV, Wes-Tex Drilling Company, L.P. McCombs Energy, Ltd., and JJS Working Interests LLC | – |
| 130 | JOA dated March 1, 2016 covering the Chestnut Prospect in Township 13 North, Range 6 West, Section 1, 2, 11, 12, Natchitoches and Winn Parishes, Louisiana; Township 13 North, Range 5 West, Section 5, 6, 7, 8, Winn Parish, Louisiana; Township 14 north, Range 6 West, Section 36, Beinville Parish, Louisiana; Township 14 North, Range 5 West, Section 31, Beinville Parish, Louisiana (more particularly described on the plat designated as Exhibit "A-2") by and between Sklar Exploration Company, L.L.C., and Sklarco L.L.C., et al., Non-Operators | – |
| 131 | JOA (AAPL 610-1982) attached and made part of the Participation Agreement dated June 13, 2001 covering the Coulson Bayou Prospect in Township 4 North, Range 3 West. All of Sections 22, 23, 30 and 31, Wilkinson County, Mississippi by and between Frank David Exploration, Inc. Sklarco, L.L.C., Sklar Exploration Company L.L.C., and D&D Drilling & Exploration Inc. | – |
| 132 | JOA (AAPL 610-1982) attached and made part of as Exhibit "C" to the Participation Agreement dated October 1, 2011 covering the East Holly Prospect, Desoto Parish, Louisiana as shown on Exhibit "A" of the Agreement by and between Sklar Exploration Company L.L.C., Sklarco, L.L.C., McCombs Energy, Ltd., JJS Working Interests LLC, Filet Howell, Kudzu Oil Properties, L.L.C., Tiembo Ltd., Marksco, L.L.C., and Bundero Investment Compan, L.L.C. | – |
| 133 | JOA (AAPL 610-1982) attached and made part of as Exhibit "D" to the Participation Agreement dated April 1, 2002 covering the Martin Prospect in Sections 1, 2, 10 and 11, Township 13 North, Range 9 West, Red River Parish, Louisiana (as identified in Exhibit "A")by and between Sklar Exploration, L.L.C., Sklarco L.L.C., Mike Rogers Drilling Co., Inc., Hilliard Acquisitions II L.L.C., and Flournoys Family Properties Ltd. | – |
| 134 | JOA (AAPL 610-1982) attached to and made part of as Exhibit "E" to the Participation Agreement dated January 25, 2006 covering the Moncrief Prospect in Avoyelles and St. Landry Parishes, Louisiana (as identifieed in Exhibit "A-1") by and between Williams Petroleum, LLC, Yates Drilling Company, Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., Anderson-Drake Partners, Inc., Dudley Hughes, LLC, and David New Drilling Company, Inc. | – |
| 135 | JOA (AAPL 610-1982) attached to and made a part of as Exhibit "D" to the Participation Agreement dated May 14, 2002 covering the N E Thompsonville Prospect in Webb County, Texas (as shown on Exhibit "A" to the Agreement) by and between Skyline Energy, L.L.C., and Sklarco L.L.C. | – |

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|---------------------|-------------|
| 136 | JOA (AAPL 610-1982) dated June 1, 2016 covering the North Saline Prospect in West 1/2 Section 3, 4, East 1/2 Section 5, 9, Township 14 north, Range 6 West; South 1/2 Section 33, Township 15 North, Range 6 West, Beinville Parish, Louisiana (as shown on Exhibit "A" to the Agreement") by and between Sklar Exploration Company, L.L.C., and Sklarco L.L.C., et al., Non-Operators | – |
| 137 | JOA (AAPL 610-1989) attached to and made a part of as Exhibit "C" to that certain Participation Agreement dated effective as of April 1, 2012, by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., Fleet Howell, Tiembo, Ltd., Fant Energy Limited, Kudzu Oil Properties, L.L.C., Marksco, L.L.C. and Bundero Investment Company, L.L.C., covering the Frieburg Prospect, Webster and Bienville Parishes, Louisiana | – |
| 138 | JOA (AAPL 610-1982) attached and made a part of Exhibit "D" to the Participation Agreement Glade Bayou Prospect in Tensas Parish, Louisiana dated effective as of April 1, 2013, by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., JJS Working Interests LLC, Tauber Exploration & Production Company, James Fleet Howell, Kudzu Oil Properties, L.L.C., Tiembo, Ltd., Marksco, L.L.C., Bundero Investment Company, L.L.C., Bennett Greenspan, Twin Energy LPI, Twin Energy LP2, Twin Energy LLC, Lucas Petroleum Group, Inc., Kirkpatrick Oil Company, Inc., Pickens Financial Group, LLC, Sklar Investments, LC, Sklar Wells Investments, LLC, Fair Oil Ltd., R. L. Ray, LTD., Flyers Oil & Gas LLC and Sealy Family Oil and Gas Partnership I, L.P. | – |
| 139 | JOA (AAPL 610-1982) attached to and made a part of as Exhibit "E" to that Participation Agreement dated effective as of May 1, 2005 covering the Jacksonville Prospect in Cherokke County, Texas by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, L.L.C., Anderson Exploration Energy Company, L.C., and Sajac Exploration Company, L.L.C. | – |
| 140 | JOA (AAPL 610-1982) attached to and made a part of as Exhibit "D" to that certain Letter Agreement dated effective as of December 1, 2016 regarding the Silver Creek Prospect, Smith County, Texas, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Participants | – |
| 141 | JOA (AAPL 610-1982) attached to and made a part of as Exhibit "D" to that certain Participation Agreement for the South, Morton Prospect dated effective January 1, 2006, by and between Yates Drilling Company, Trail Mountain, Inc., Sklar Exploration Company, L.L.C., Sklarco, L.L.C., Anderson Exploration Energy Company, L.C., Roundtree & Associates, Inc., N.E. Collins, L.L.C. and Dave Easom | – |
| 142 | JOA (AAPL 610-1982) attached to and made a part of that Participation Agreement dated January 1, 2003 covering the Three Creeks Prospect by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., Jura-Search, Inc., Oolite Investments, Inc., L. B. Jefcoat and Company, Frank A. Perkins, Bayou La Croix L.L.C., Delta-T Geophysical Consulting, Inc. and George Marodis covering lands located in Union County, Arkansas. | – |

## Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E

| Line # | Contract Description | Cure Amount |
|--------|----------------------|-------------|
| 143 | JOA (AAPL 610-1982) attached to and made a part of that certain Participation Agreement (West Starks Dome Prospect) dated effective as of April l, 2013, by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., JJS Working Interests LLC, Tauber Exploration & Production Company, Fleet Howell, Kudzu Oil Properties, L.L.C., Tiembo, Ltd., Marksco, L.L.C., Bundero Investment Company, L.L.C., Bennett Greenspan, Twin Energy LP!, Twin Energy LP2, Twin Energy LLC, Lucas Petroleum Group, Inc., Kirkpatrick Oil Company, Inc., Sklar Investment, LLC, and Sklar Wells Investments, LLC. | – |
| 144 | JOA (AAPL 610-1982) attached to and made a part of that certain Participation Agreement dated effective as of October I, 2011 covering the West Uriah Prospect in Monrow County, Alabama by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McCombs Energy, Ltd., Fant Energy Limited, Verado Oil and Gas Corporation, Advanced Oil and Gas Co., JJS Working Interests LLC, Fleet Howell, Sugar Creek Producing Company, L.L.C., Kudzu Oil Properties, L.L.C., Tiembo, Ltd., Marksco, L.L.C., Teekell Oil & Gas, Inc., Dickson Oil & Gas, L.L.C. and Bundero Investment Company, L.L.C. | – |
| 145 | JOA (AAPL 610-1982) dated November 29, 2005, covering All lands, oil and gas leasehold interest and oil and gas interest lying within the South Half of the South Half of Section 25,the South Half of the South Half of Section 26, the South Half of the South Half of Section 27, All of Sections 34, 35, and 36, Township 6 North Range 5 East; All of Sections 1, 2, 3, 10, 11, and 12, Township 5 North Range 5 East; South Half of the Southwest Quarter of Section 30 and the West Half of Section 31, Township 6 North, Range 6 East; the West Half of Section 6 and the West Half of Section 7, Township 5 North, Range 6 EastMonroe County, AL, by and between Spooner Petroleum Company, as Operator, and Sklarco, et al., as Non-Operators | – |
| 146 | JOA (AAPL 610-1989) dated March 1, 2012, covering approximately 1,073 acres situated in Section 67, Township 16 South Range 19 East and Section 37, Township 16 South Range 20 East, Lafourche Parish, Louisiana, by and between Sklar Exploration Company, L.L.C., as Operator, and Maple Leaf Exploration LP, et al, as Non-Operators | – |
| 147 | JOA (AAPL 610-1989) dated August 1, 2011, covering Sections 4,5,6, and 9, Township 16 North, Range 8 West; Sections 31 and 32, Township 17 North, Range 8 West, Bienville Parish, Louisiana, by and between Sklar Exploration Company, L.L.C., as Operator, and Sklarco L.L.C. and D.L. Kelley Interests, as Non-Operators | – |
| 148 | JOA (AAPL 610-1982) dated January 10, 2013, covering the Southeast Quarter of Section 32, Township 4 North Range 13 East, Conecuh County, Alabama, by and between Sklar Exploration Company, L.L.C., as Operator, and Sklarco, L.L.C., et al, as Non-Operators | – |

DRAFT SUBJECT TO CHANGE

**Sklar Exploration Company L.L.C. - Assumed Contracts - Exhibit E**

| Line # | Contract Description | Cure Amount |
|---|---|---|
| 149 | Unit Agreement dated December 12, 1995, concerning operation of the Martinville Rodessa Field Unit, Rodessa Oil Pool, Martinville Field, Simpson County, Mississippi, by and between Coho Resources, Inc., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners<br><br>Unit Operating Agreement dated December 12, 1995, concerning operation of the Martinville Rodessa Field Unit, Rodessa Oil Pool, Martinville Field, Simpson County, Mississippi, by and between Coho resources, Inc., as Unit Operator, and Marathon Oil Company, et, al, as Non-Operators | – |
| 150 | JOA (AAPL 610-1982) dated April 1, 2013, covering all lands within Township 2 North, Range 4 West and Township 2 North, Range 5 West, Wilkinson County, Mississippi, by and between, Sklar Exploration Company, LLC, as Operator, and Sklarco L.L.C., et al, as Non-Operators | – |
| 151 | Participation Agreement dated effective as of June 30, 2013 covering the Oakhay Creek Prospect, Smith County, Mississippi, by and between Sklar Exploration Company L.L.C., as Operator, and Tiembo, LTD., et al., as Participants, which includes as Exhibit "C" an Operating Agreement (AAPL Form 610-1989) dated June 1, 2011, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators | – |
| 152 | Participation Agreement dated effective as of July 1, 2014 covering the Mule Creek and Bridge Creek Prospects, Niobrara County, Wyoming, by and between Sklar Exploration Company L.L.C., as Operator, and G&H Production Company, LLC, et al., as Participants, which includes as Exhibit "D-1" an Operating Agreement (AAPL Form 610-1989) dated July 1, 2014 covering the Mule Creek Prospect and as Exhibit "D-2" an Operating Agreement (AAPL Form 610-1989) covering the Bridge Creek Prospect | – |
| 153 | First Amendment to Participation Agreement (Mule Creek & Bridge Creek Prospects) dated effective January 1, 2015, by and between Sklar Exploration Company L.L.C., as Operator, and G&H Production Company, LLC, et al., as Participants | – |
| 154 | Purchase and Sale Agreement dated effective as of March 10, 2015 covering the Mule Creek and Bridge Creek Prospects, Niobrara County, Wyoming, by and between Sklarco L.L.C., as Seller, and McCombs Energy, LTD., et al., as Buyers | – |
| 155 | Unit Agreement dated November 1, 2018 concerning operation of the Southwest Brooklyn Oil Unit, Brooklyn Field, Conecuh & Escambia Counties, AL, by and between Sklar Exploration Company L.L.C., as Unit Operator, and the various working interest, royalty, and overriding royalty interest owners | – |
| 156 | Farmout Agreement dated effective as of June 1, 2016, by and between McCombs Energy, Ltd., as Farmor, and Sklarco L.L.C., as Farmee, covering all of Farmor's interest in the Bodcaw 3D Project, Bienville and Natchitoches Parishes, LA. | – |

# Exhibit F

## Sklarco L.L.C. - Rejected Contracts - Exhibit F

| Line # | Contract Description |
|---|---|
| 1 | JOA (AAPL 610-1982) attached to and made part of as Exhibit "D" to the Participation Agreement dated May 1, 2009 covering the Latham Prospect in Section 35, Township 2 North, Range 2 West, Baldwin County, Alabama (as identified in Exhibit "A") by and between Sklar Exploration, L.L.C., Sklarco L.L.C., Saye Oil Company and Tedan Exploration Company |
| 2 | JOA (AAPL 610-1982) attached to and made part of as Exhibit "D" to the Participation Agreement dated February 15, 2002 covering the Hodge Prospect in Sections 1, 2, 3, 10, and 11, Township 15 North, Range 3 West, Jackson Parish, Louisiana by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., and Mike Rogers Drilling Co., Inc. |
| 3 | JOA (AAPL 610-1982) attached and made part of as Exhibit "D" to the Participation Agreement dated May 1, 2003 covering the CLapps Creek Glen Rose Prospect, Alabama Ferry Field, Leon County, Texas (as described on Exhibit "A-1") by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McMurrey exploration & Production, L.L.C., Burk Royalty Co., Ltd., and the Rudman Partnership |
| 4 | Amended and Restated JOA (AAPL 610-1982) dated December 15, 2019, covering the E/2 of Section 35 and W/2 of Section 36 (Myrtice Ellis Et Al 35-9 #1 well), Township 4 North, Range 10 East, Conecuh County, Alabama, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 5 | JOA (AAPL 610-1982) attached to and made a part of that certain Participation Agreement dated effective as of January 1, 2010, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C. et al., as Participants covering the West Loco Smackover Area, Union Parish, Louisiana |
| 6 | JOA (AAPL 610-1982) dated October 20, 1999, covering the Steeles Creek Prospect, Limestone County, TX, by and between Sklar-Tex L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 7 | JOA (AAPL 610-1982) attached and made a part of Exhibit "D" to the Participation Agreement dated July 1, 2003 covering the Bovina Prospect in Section 5, Township 16 North, Range 5 East, Warren County, Mississippi (as shown on Exhibit "A") by and between Harold D. Baker, Sklarco L.L.C., Winn Exploration Co., Inc., and Sklar Exploration Company L.L.C. |
| 8 | JOA (AAPL 610-1982) dated November 1, 1990, covering Taylor #1, SW Ravana Area, Cass County, TX, Samuel B. Brigham Survey A-45, by and between David Crow, as Operator, and S & P Company et al, as Non-Operators |
| 9 | JOA (AAPL 610-1982) attached to and made a part of as Exhibit "C" that certain Participation Agreement dated effective July 1, 2014 between Harvest Gas Management, LLC, et al, as Sellers, and Sklarco L.L.C., et al, as Buyers, covering the Range Prospect, Conecuh County, Alabama. |

DRAFT SUBJECT TO CHANGE

**Sklarco L.L.C. - Rejected Contracts - Exhibit F**

| Line # | Contract Description |
|--------|----------------------|
| 10 | JOA (AAPL 610-1989) dated July 15, 2019, covering the Bowdoin Dome Initial Block, Phillips County, Montana, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 11 | Participation Agreement dated effective as of February 20, 2019 covering the North Pachuta Prospect, Clarke County, Mississippi, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "E" an Operating Agreement (AAPL Form 610-1989) dated February 20, 2019, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 12 | JOA (AAPL 610-1982) dated March 5, 2003, covering Section 3, T18N, R6W, Bienville Parish, LA (LA Minerals #1 Alt), by and between Cypress Operating, Inc., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 13 | Participation Agreement dated effective as of July 1, 2019 covering the Bowdoin Dome Prospect, Phillips and Valley Counties, Montana, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "A" a Restated Farmout Agreement dated effective as of May 21, 2019, by and between Twin Bridges Resources, LLC and Charter Energy Partners, LLC, as Farmees, and Scout Energy Partners II, LP, as Farmor |

DRAFT SUBJECT TO CHANGE

Exhibit G

## Sklar Exploration Company L.L.C. - Rejected Contracts - Exhibit G

| Line # | Contract Description |
|--------|----------------------|
| 1 | Amended And Restated Participation Agreement dated effective as of April 8, 2015 covering the Mt. Carmel Prospect, Escambia County, AL and Santa Rosa County, FL, by and between Sklar Exploration Company L.L.C., as Operator, and McCombs Energy, LTD., et al., as Participants, which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1982) dated April 8, 2015, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 2 | Participation Agreement covering the Shipps Creek Prospect (Conecuh & Escambia Counties, AL) dated effective as of June 1, 2012, by and between Sklar Exploration Company, as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "F" an Operating Agreement (A.A.P.L. Model Form 610-1982) dated June 1, 2012 covering the Shipps Creek Prospect (Conecuh & Escambia Counties, AL), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 3 | Participation Agreement dated July 1, 2017 covering the South Harmony Prospect, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., as Participant, which includes as Exhibit "D" an Operating Agreement (AAPL Form 610-1982) dated July 1, 2017, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 4 | JOA (AAPL 610-1982) attached to and made part of as Exhibit "D" to the Participation Agreement dated May 1, 2009 covering the Latham Prospect in Section 35, Township 2 North, Range 2 West, Baldwin County, Alabama (as identified in Exhibit "A") by and between Sklar Exploration, L.L.C., Sklarco L.L.C., Saye Oil Company and Tedan Exploration Company |
| 5 | JOA (AAPL 610-1982) attached to and made part of as Exhibit "D" to the Participation Agreement dated February 15, 2002 covering the Hodge Prospect in Sections 1, 2, 3, 10, and 11, Township 15 North, Range 3 West, Jackson Parish, Louisiana by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., and Mike Rogers Drilling Co., Inc. |
| 6 | JOA (AAPL 610-1982) attached and made part of as Exhibit "D" to the Participation Agreement dated May 1, 2003 covering the CLapps Creek Glen Rose Prospect, Alabama Ferry Field, Leon County, Texas (as described on Exhibit "A-1") by and between Sklar Exploration Company L.L.C., Sklarco L.L.C., McMurrey exploration & Production, L.L.C., Burk Royalty Co., Ltd., and the Rudman Partnership |
| 7 | Amended and Restated JOA (AAPL 610-1982) dated December 15, 2019, covering the E/2 of Section 35 and W/2 of Section 36 (Myrtice Ellis Et Al 35-9 #1 well), Township 4 North, Range 10 East, Conecuh County, Alabama, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |

DRAFTS SUBJECT TO CHANGE

## Sklar Exploration Company L.L.C. - Rejected Contracts - Exhibit G

| Line # | Contract Description |
|--------|----------------------|
| 8 | JOA (AAPL 610-1982) attached to and made a part of that certain Participation Agreement dated effective as of January 1, 2010, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C. et al., as Participants covering the West Loco Smackover Area, Union Parish, Louisiana |
| 9 | JOA (AAPL 610-1982) dated October 20, 1999, covering the Steeles Creek Prospect, Limestone County, TX, by and between Sklar-Tex L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 10 | JOA (AAPL 610-1982) attached and made a part of Exhibit "D" to the Participation Agreement dated July 1, 2003 covering the Bovina Prospect in Section 5, Township 16 North, Range 5 East, Warren County, Mississippi (as shown on Exhibit "A") by and between Harold D. Baker, Sklarco L.L.C., Winn Exploration Co., Inc., and Sklar Exploration Company L.L.C. |
| 11 | JOA (AAPL 610-1982) dated November 1, 1990, covering Taylor #1, SW Ravana Area, Cass County, TX, Samuel B. Brigham Survey A-45, by and between David Crow, as Operator, and S & P Company et al, as Non-Operators |
| 12 | JOA (AAPL 610-1982) attached to and made a part of as Exhibit "C" that certain Participation Agreement dated effective July 1, 2014 between Harvest Gas Management, LLC, et al, as Sellers, and Sklarco L.L.C., et al, as Buyers, covering the Range Prospect, Conecuh County, Alabama. |
| 13 | JOA (AAPL 610-1989) dated July 15, 2019, covering the Bowdoin Dome Initial Block, Phillips County, Montana, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 14 | Participation Agreement dated effective as of February 20, 2019 covering the North Pachuta Prospect, Clarke County, Mississippi, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "E" an Operating Agreement (AAPL Form 610-1989) dated February 20, 2019, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 15 | JOA (AAPL 610-1982) dated March 5, 2003, covering Section 3, T18N, R6W, Bienville Parish, LA (LA Minerals #1 Alt), by and between Cypress Operating, Inc., as Operator, and Sklarco L.L.C., et al., as Non-Operators |
| 16 | Participation Agreement dated effective as of July 1, 2019 covering the Bowdoin Dome Prospect, Phillips and Valley Counties, Montana, by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "A" a Restated Farmout Agreement dated effective as of May 21, 2019, by and between Twin Bridges Resources, LLC and Charter Energy Partners, LLC, as Farmees, and Scout Energy Partners II, LP, as Farmor |

DRAFT SUBJECT TO CHANGE

## Sklar Exploration Company L.L.C. - Rejected Contracts - Exhibit G

| Line # | Contract Description |
|---|---|
| 17 | Office Lease dated February 8, 1999, between SM Brell, LP, as Landlord, and Sklar Exploration Company L.L.C., as Tenant, as amended by that certain Lease Amendment No. 1 dated April 3, 2000, and that certain Lease Amendment No. 2 dated October 17, 2000, and that certain Third Amendment to Lease Agreement dated March 30, 200l, and that certain Fourth Amendment to Lease dated July 19, 2004, and that certain Fifth Amendment to Lease dated March 12, 2006, and that certain Sixth Amendment to Lease dated November 21, 2007, and that certain Seventh Amendment to Lease dated April 18, 2008, and that certain Eighth Amendment to Lease dated May 26, 2011, and that certain Ninth Amendment to Lease dated September 16, 2016, pursuant to which Landlord leased to Tenant certain premises in the building, Suite 1601, 1605, 1615 and 1620, known as the Louisiana Tower Office Building located at 401 Edwards Street, Shreveport, Louisiana 71101. |
| 18 | Office Lease dated April 3, 2013, between 5395 Pearl Parkway, LLC, as Landlord, and Sklar Exploration Company L.L.C., as Tenant, as amended by that certain First Amendment to Lease Agreement dated February 10, 2014, and that certain Second Amendment to Lease Agreement dated November 20, 2014, pursuant to which Landlord leased to Tenant certain premises in the building located at 5395 Pearl Parkway, Boulder, Colorado 80301. |
| 19 | Sublease Agreement dated December 14, 2018, by and between Sklar Exploration Company L.L.C., as Tenant, and Redwave Energy, Inc., as Subtenant, concerning a sublease of certain office space at 5395 Pearl Parkway, Suite 200, Boulder, CO 80301. |
| 20 | IADC Drilling Bid Proposal and Daywork Drilling Contract dated September 19, 2019, by and between Sklar Exploration Company L.L.C, as Operator, and Stoneham Drilling Corporation, as Contractor. |
| 21 | Confidential Employment Separation Agreement dated November 20, 2018, by and between David Barlow, an individual, Daboil Resources, L.C., Ansaben Trust, Sklar Exploration Company L.L.C., Sklarco L.L.C. and Howard F. Sklar, individually. |
| 22 | Letter Agreement dated September 30, 2019 regarding the Matchbox Prospect, San Jacinto County, Texas, by and between Davis Holdings, LP and Sklarco L.L.C., which includes as Exhibit B an Operating Agreement (AAPL Model Form 610-1982) dated September 30, 2019, by and between Davis Southern Operating Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators. |
| 23 | Paper Management Agreement dated October 22, 2014, by and between All Copy Products, Inc. and Sklar Exploration Company L.L.C, as amended on December 12, 2014 and February 27, 2015. |
| 24 | General Terms and Conditions Agreement, Lease Agreement, Management Agreement, Dry Lease Exchange Agreement and Side Letter Agreement dated May 1, 2019, by and between Sklar Transport L.L.C. and Flexjet, LLC. |

DRAFT SUBJECT TO CHANGE

## Sklar Exploration Company L.L.C. - Rejected Contracts - Exhibit G

| Line # | Contract Description |
|--------|----------------------|
| 25 | Support.com Small Business Support Services Agreement dated October 22, 2013, by and between Support.com, Inc. and Sklar Exploration Company L.L.C. |
| 26 | Agreement dated April 1, 2020, by and between Enterprise Computing Services, LLC and Sklar Exploration Company L.L.C. |
| 27 | Various Ricoh printer leases |



# Exhibit H

*Exhibit H*
*Sklarco Liquidation Analysis*

| Sklarco Assets | Current Value | Cost of Sale/Recovery | Net Value |
|---|---|---|---|
| Undivided Interest in Oil and Gas Leases [1] | $ 7,150,000.00 | $ 715,000.00 | $ 6,435,000.00 |
| East West Bank Account | $ 131,828.01 | $ - | $ 131,828.01 |
| Revenue In SEC Revenue Account | $ 496,293.00 | $ - | $ 496,293.00 |
| Interest in 1908 Brands, Inc. | $ - | $ - | $ - |
| Interest in 9.7 Conroe Joint Venture - Company is inactive | $ - | $ - | $ - |
| Interest in Boulders on Fern, LLC | $ - | $ - | $ - |
| Interest in LTP Opportunity Fund I, LP | $ - | $ - | $ - |
| Interest in LTP TimberQuest Fund, LP | $ - | $ - | $ - |
| Interest in Sanus Pharmaceuticals LLC - Company is Inactive | $ - | $ - | $ - |
| Interest in Trout Creek Ventures, LP | $ - | $ - | $ - |
| Interest in West Arcadia Pipeline, LLC | $ - | $ - | $ - |
| Maevlo Production, LP | $ - | $ - | $ - |
| Total | $ 7,778,121.01 | $ 715,000.00 | $ 7,063,121.01 |

| | |
|---|---|
| EWB Secured Claim | $ 22,989,650.74 |
| Chapter 7 Trustee Fees & Expenses | $388,906 |
| | |
| **Funds Available for Unsecured Creditors** | **$0** |

[1] Assumes reduction of 75% to value of assets based on current market conditions and quick sale

# Exhibit I

*Exhibit I*
*SEC Assets*

| SEC Assets | Value | Cost of Sale/Recovery | Net Value |
|---|---|---|---|
| East West Bank - Operating (Current Balance) | $ 635,140.75 | $ - | $ 635,140.75 |
| East West Bank - Revenue (Current Balance) [1] | $ - | $ - | $ - |
| East West Bank - Payroll | $ 4,859.04 | $ - | $ 4,859.04 |
| East West Bank - Benefits | $ 5,636.29 | $ - | $ 5,636.29 |
| Note Receivable - Marshall Jones | $ 54,087.50 | $ - | $ 54,087.50 |
| Accounts Receivables - JIB Obligations [2] | $ 2,513,629.64 | $ 2,000,000.00 | $ 513,629.64 |
| Receivable Owed by Sklar Transportation [3] | $ - | $ - | $ - |
| Deposited Funds for Benny Card for Employee HRAs; held by Werntz | $ 18,631.12 | $ - | $ 18,631.12 |
| THP Partners II, LP | $ - | $ - | $ - |
| Hedging Agreements | $ - | $ - | $ - |
| Office Furniture | $ 46,000.00 | $ 41,400.00 | $ 4,600.00 |
| Office Fixtures | $ 17,000.00 | $ 15,300.00 | $ 1,700.00 |
| Misc. Office Supplies and Computer Hardware | $ 32,000.00 | $ 28,800.00 | $ 3,200.00 |
| Software Licenses | $ - | $ - | $ - |
| Vehicles (Equity after Payment of Secured Claims of Ford and Ally) | $ - | $ - | $ - |
| Sklarexploration.com | $ - | $ - | $ - |
| Interests in Participation and Unit Operating Agreements as Operator | $ - | $ - | $ - |
| **Total** | **$ 3,326,984.34** | $ 2,085,500.00 | $ 1,241,484.34 |

| | |
|---|---|
| EWB Secured Claim (assuming prior liquidation of Sklarco; See Ex. H) | $ 16,315,435.78 |
| Chapter 7 Trustee Fees | $ 166,349.22 |
| **Funds Available for Unsecured Creditors from Liquidation of Assets** | **$0** |

[1] All Funds are Subject to Claims of Working Interest Holders, Including Sklarco
[2] Assumes creditors exercise setoff and reoupment rights combined with additional litigation over collection of remaining amounts
[3] Amount is uncollectible; Sklar Transportation has no assets or ongoing operations