## Agreement to Mediate

<u>Case</u>:  *In re Sklar Exploration, LLC* (Case No. 20-12377) *and Sklarco, LLC* (Case No. 20-12380), pending in the United States Bankruptcy Court for the District of Colorado

<u>Scheduled Date for Mediation</u>:  **January 6, 2021 beginning at 9:00 a.m. Central Time**

<u>Location of Mediation</u>:  **This mediation will be conducted via videoconference using the Zoom platform.  Please refer to the Zoom Tips for Mediation and Arbitration for tips to help with a Zoom-based mediation.**

  The undersigned have agreed to participate in a mediation to be conducted by **Sylvia Mayer** (the "<u>Mediator</u>") in the above referenced action for the purpose of trying to compromise, settle or resolve disputed claims.  To this end, the parties agree as follows:

  1. **Mediation Process:**  Mediation is a voluntary, non-binding process.  All parties to this Agreement agree to participate in mediation in good faith and each party shall have at least one person with settlement authority in attendance.  All proceedings in connection with this mediation shall be subject to this Agreement, applicable provisions of Chapter 154 of the Texas Civil Practices and Remedies Code or other applicable rules of procedure, and any applicable provisions of the local rules.

  The purpose of mediation is to attempt to compromise, settle or resolve disputes between the parties.  The Mediator's role is to act as a neutral party to assist the parties in reaching resolution.  Prior to, during and after the course of the mediation, the Mediator is authorized to conduct joint and/or separate communications and meetings with the parties and/or their counsel.

  2. **Neither Attorney nor Advocate:**  The parties acknowledge and agree that the Mediator is not acting as an attorney or advocate for any party in connection with this mediation and that any statements by the Mediator do not constitute legal advice by the Mediator.  The parties acknowledge that they have been advised to seek and rely upon the advice of their own counsel in connection with any settlement or other agreement, including the review of any mediated settlement agreement by each party's independent counsel, prior to signing.

  3. **Confidential and Privileged Nature of Mediation Proceeding:**  In order to encourage communications designed to facilitate settlement of disputed claims, the parties agree that evidence of conduct, anything said, or of any admission made in the course of mediation and/or settlement discussions, or in documents prepared for or introduced in the course of mediation or settlement discussions, shall not be admissible as evidence or subject to discovery and that disclosure of such evidence shall not be compelled in any civil action.  The parties further agree that the mediation shall not be recorded.  Evidence that the parties have entered into a written settlement agreement during mediation may be disclosed and is admissible to the extent necessary to enforce the settlement.  For disputes that are the subject of pending litigation, the only report the Mediator may make to the court is whether the case settled, reached an impasse or the mediation was continued to a later date.  The parties agree that Texas law governs the confidential and privileged nature of the mediation.

**4.     Exclusion of Mediator Testimony and Limitation of Liability:**  The Mediator shall not be subpoenaed or otherwise compelled to testify in any proceeding, and shall not be required to provide a declaration or finding as to any fact or issue, relating to the subject matter of the mediation proceedings.  The Mediator and any documents and information in the Mediator's possession will not be subpoenaed in any proceeding and all parties will oppose any effort to have the Mediator or documents subpoenaed.  Any party who violates this Agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorneys' fees, incurred in opposing efforts to compel testimony or records from the Mediator.  The Mediator shall not be liable to any party for any act or omission in connection with the mediation proceedings conducted pursuant to this Agreement.

**5.     Not a Necessary Party:**  The Mediator is not a necessary or proper party in judicial proceedings relating to the mediation.

**6.     Mediation Rules:**  The parties agree to be bound by the attached Rules for Mediation.

**7.     Mediation Fee:**  The Mediator's services include attendance at the mediation conference(s), review of submitted written materials, and pre- and post- mediation conferences with one or more of the parties.  The Mediator shall be compensated at the rate of $600 per party for a half day of mediation or $1,200 per party for a full day of mediation.  Fees are due and payable prior to commencement of the mediation.  ***To the extent that mediation exceeds four (4) hours for a half day or eight (8) hours for a full day of mediation, then the Mediator shall be compensated at the rate of $200 per hour per party.***  Payment may be made in the form of a wire transfer, a check from a law firm or corporate client, or a cashier's check.

**8.     Cancellation Policy:**  A cancellation fee will be charged if mediation is cancelled within two weeks of the scheduled date.  If mediation is cancelled eight (8) to fourteen (14) days prior to the scheduled date, then the fee shall be 50% of the full fee.  If mediation is cancelled seven (7) or fewer days prior to the scheduled date, then the fee shall be 75% of the full fee.  No cancellation fee shall be charged, however, if the Mediator is able to fill the scheduled time slot with another mediation.

**9.     Counterpart Execution and Binding on Representatives:**  This Agreement may be executed in any number of counterparts which, when taken together, shall constitute one (1) fully executed Agreement.  This Agreement, when so executed, shall inure to the benefit of and be binding on the undersigned parties.

Dated:

_____
Name:

Title or Representation:

## Rules for Mediation

1) **Definition of Mediation**:  Mediation is a process whereby an impartial person, the Mediator, facilitates communication between the parties to promote reconciliation, settlement or resolution.

2) **Consent to Mediator:**  The parties consent to the appointment of the Mediator to serve as mediator in this case.  The Mediator shall act as an advocate for resolution and shall use his or her best efforts to assist the parties in reaching a mutually acceptable settlement.  It is presumed that there is no conflict to prevent the Mediator from serving.  If any party or the Mediator knows of a conflict, it should be disclosed and considered prior to starting the mediation.

3) **Commitment to Participate in Good Faith:**  All parties commit to participate in the mediation proceedings in good faith with the intention to settle, if at all possible.

4) **Parties Responsible for Negotiating Their Own Settlement:**  The parties understand that the Mediator will not and cannot impose a settlement in their case.  The Mediator may use every effort to facilitate the negotiation between the parties.  The Mediator does not warrant or represent that settlement will result from the mediation process.

5) **Authority of Representatives:**  Party representatives must have authority to settle and all persons necessary to the decision to settle shall be present.

6) **Privacy of Mediation:**  Mediation sessions are private.  The parties and their representatives may attend the mediation.  Other persons may only attend with the permission of all parties and the Mediator.

7) **Confidentiality:**  All records, reports or other documents received by the Mediator, in his or her capacity as Mediator, shall be confidential.  The Mediator shall not be compelled to divulge such records or to testify in regard to the mediation.

8) **No Record:**  There shall be no record of the mediation process and no person shall tape record or video tape any part of the mediation process.

9) **No Service of Process:**  No subpoenas, summons, complaints, citations, or writs of other process may be served upon any person at or near the site of any mediation session upon any person entering, attending or leaving the session.

10) **Exclusion of Liability:**  The Mediator is not a necessary or proper party in judicial proceedings related to the mediation.  The Mediator shall not be liable to any party for any act or omission in connection with any mediation conducted under these rules.