UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| Debtor. ) | |

**OBJECTION TO MOTION FOR RELIEF FROM STAY**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together "Debtors"), by and through their attorneys, Kutner Brinen, P.C., state their Objection to the Motion for Relief from Stay filed by Ford Motor Credit Company, LLC ("FMC"), and support thereof states as follows:

1. The Debtors filed their voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date"). The Debtors remain Debtors-in-Possession.

2. The Debtors are limited liability companies engaged in business as an oil and gas operating company in the case of SEC, and the holder of mineral interests, including oil and gas leases and non-operated working interests in the case of Sklarco.

3. Pre-petition, SEC purchased fourteen vehicles, each financed through FMC, for use in the operation of the oil and gas properties, including but not limited to a 2019 Ford Ranger Super, Vin No. 1FTER1FH6KLA66276 ("Ford Ranger").

4. The vehicles financed through FMC and the amounts owed on such vehicles includes:

| Claim No. | Amount | Vehicle Securing Interest |
|---|---|---|
| 1 | $45,777.55 | 2019 Ford F-150; VIN 1FTEW1E47KKF42980 |
| 2 | $26,909.72 | 2018 Ford F-150; VIN 1FTEW1EGXJFC11026 |
| 3 | $45,390.86 | 2020 Ford F-150; VIN 1FTEW1E46LFA82470 |
| 4 | $46,174.15 | 2020 Ford F-250; VIN 1FT7W2B61LEC27148 |
| 5 | $37,489.44 | 2018 Ford F-150; VIN 1FTEW1E50JKF99213 |
| 8 | $30,425.16 | 2019 Ford Ranger Super; VIN 1FTER1FH6KLA66276 |

| 9 | $37,240.69 | 2018 Ford F-150; VIN 1FTEW1EG1JFD41552 |
| 10 | $40,744.57 | 2019 Ford F-250; VIN 1FT7W2BT3KEE99379 |
| 13 | $52,191.98 | 2020 Ford F-150; VIN 1FTEW1E55LFA69055 |
| 21 | $26,447.24 | 2017 Ford F-150; VIN 1FTEW1EF5HFA31230 |
| 22 | $33,556.16 | 2019 Ford Expedition; VIN 1FMJU1JT6KEA01985 |
| 54 | $15,652.22 | 2016 Ford F-150; VIN 1FTEW1EF0GFD50856 |
| 55 | $20,856.81 | 2017 Ford F-250; VIN 1FT7W2B64HED39983 |
| 73 | $21,403.09 | 2016 Ford F-150; VIN 1FTEW1EF5GFD35009 |
| **TOTAL** | **$480,259.64** | |

5. After SEC filed its bankruptcy case, FMC ceased sending invoices to SEC for the various vehicle loans as a result of the imposition of the automatic stay. As a result, SEC made numerous efforts to reach FMC to make arrangements to continue payments, including attempts to reach counsel for FMC. Despite SEC's best efforts, SEC was unable to reach the appropriate department at FMC to make payment arrangements.

6. On December 17, 2020, FMC filed its Motion for Relief from Stay, seeking relief from stay to take possession of SEC's Ford Ranger.

7. Since the filing of the Motion for Relief from Stay, SEC has been able to contact FMC and make payments arrangements for all post-petition payments owed, including post-petition payments on the Ford Ranger.

8. As set forth more fully herein, because SEC has resumed and brought current all post-petition payments, FMC's interest is adequately protected, and cause does not exist for relief from stay.

## ARGUMENT

9. FMC seeks relief from the automatic stay pursuant to Sections 362(d)(1), alleging that cause exists to grant relief from stay because SEC does not have any equity in the Ford Ranger, and the Ford Ranger is not necessary to an effective reorganization.

10. Section 362(d) provides that the automatic stay can be terminated, annulled, modified or conditioned "(1) for cause, including lack of adequate protection of an interest in property of such party in interest . . . ."

11. "[T]he initial burden going forward to show the grounds that compel the lifting of the stay rests with the creditor. Once grounds have been established, the moving party need only prove the issue of lack of equity in the property. The burden of proof rests with the debtor as to all other issues." *In re DB Capital Holdings, LLC*, 454 B.R. 804, 816 (Bankr. D. Colo. 2011).

12. The purpose of adequate protection is to ensure that a creditor receives the value it bargained for pre-petition. *In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987). A secured party's interest is not adequately protected if the value of the collateral is depreciating during the term of the stay. *United Sav. Ass'n of Tex. v. Timber of Inwood Forest Assocs.*, 484 U.S. 365, 370 (1988).

13. While SEC does not have any equity in the Ford Ranger, the Ford Ranger is necessary to an effective reorganization. The Ford Ranger is used in SEC's ongoing operations, and is necessary for transportation of its field personnel and equipment. If relief from stay is granted, SEC would have to replace the Ford Ranger, likely without the benefit of financing as a result of SEC's pending bankruptcy case. This would further burden SEC's cash flow, which has already been negatively impacted as a result of the continued refusal of several working interest holders to pay joint interest billing obligations despite continuing to receive all of their revenue.

14. Furthermore, FMC's interest is adequately protected by the continued payments from SEC. As set forth above, SEC has brought all post-petition payments for the Ford Ranger current, and will continue to make all payments owed to FMC on a post-petition basis. The Debtors have further filed their Joint Plan of Reorganization, which proposes to treat FMC as unimpaired by continuing to make all contractual payments.

15. Accordingly, because the Ford Ranger is necessary to an effective reorganization, and FMC's interest is adequately protected by SEC's post-petition payments to FMC, cause does not exist for relief from stay, and FMC's Motion must be denied.

WHEREFORE, the Debtors pray the Court make and enter an Order denying the Motion for Relief from Stay filed by Ford Motor Credit Company, LLC, and for such further and additional relief as to the Court may appear just and proper.

Dated: January 7, 2021    Respectfully submitted,

By: /s/ Keri L. Riley
Jeffrey S. Brinen, #20565
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com