UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**EXPEDITED MOTION TO SET HEARING ON MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST BILLING OBLIGATIONS**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together "Debtors"), by and through their attorneys, Kutner Brinen, P.C., move the Court for entry of an Order setting a hearing on the Debtors' *Motion for Clarification of Orders and to Authorize Immediate Offset of Joint Interest Billing Obligations* ("Offset Motion") (Docket No. 551) on an expedited basis, and in support thereof state as follows:

1. The Debtors filed their Offset Motion on September 4, 2020, seeking clarification of the *Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection, and Providing Related Relief* (Docket No. 433) ("Final Cash Collateral Order") and to offset post-petition joint interest billing obligations owed by working interest owners ("WIOs") to SEC against post-petition revenue owed to such WIOs.

2. At the time of filing the Offset Motion, SEC's cash flow was suffering from the repeated failure or refusal of WIOs to pay post-petition joint interest billing obligations, resulting in over $1.8 million in unpaid joint interest billings ("JIBs"), of which approximately $1.5 million was past due.

3. The refusal to pay JIBs stems from language in the heavily negotiated Final Cash Collateral Order, which states, in relevant part:

(c) The Budget shall provide, and the Debtors shall, at all times during these Bankruptcy

1

> Cases, deposit 100% of the revenue received on account of non-operating working interests ("WIO Revenue") into the revenue account maintained by SEC. . . . <u>SEC shall account for receipt and deposit of WIO Revenue by working interest owner in accordance with best practices for the industry, and may not use funds due to non-insider working interest owner without that owner's written consent.</u> SEC shall pay WIO Revenue to the non-insider working interest holders in accordance with the *Order Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations* [Dkt. No. 317], which payments are indefeasible subject to rights and obligations under relevant Participation Agreements, Joint Operating Agreements, or similar agreements. <u>Subject to the Budget, SEC and a non-insider working interest owner may agree in writing to offset any WIO Revenue due to that interest owner against any payments due from that WIO to SEC, including pre- and post-petition amounts due.</u>

4. This provision, which was intended to provide additional assurances to WIOs that SEC was not using oil and gas revenue owed to others in its operations, has instead been weaponized against SEC. Certain WIOs are using this provision to avoid payment of operating expenses while escaping the consequence of having their revenue offset against unpaid JIBs, and simultaneously ignoring demands for payment.

5. SEC continues to operate and remain current on post-petition payments to its vendors. All expenses are incurred for the benefit of WIOs and other interest holders, and a majority of the WIOs are timely paying their JIBs. It is only certain WIOs that are refusing to pay their JIBs, knowing the SEC's remedies are limited by the Final Cash Collateral Order.

6. Put simply, these WIOs are expecting to get 100% of the benefit, without paying their share of the expenses despite their contractual obligation to do so, causing a detriment to the other WIOs who are paying their proportionate share of expenses, and to the Debtors' respective estates and their creditors.

7. Objections to the Offset Motion were filed by Pruet Production Company, Fant Energy Limited, JF Howell Interests, LP, the Kudzu Group, and JJS.[1]

8. At a hearing on the Offset Motion on October 22, 2020, the Court held the Offset Motion in abeyance pending further Order of the Court, in part pending the completion of the post-petition reserve report and progress on the Debtors' Plan of Reorganization. A list of parties who are sixty days or more past-due is attached hereto as Exhibit A.

9. Since the October 22, 2020 hearing, the Debtors have completed the reserve

---

[1] The "Kudzu Group" is comprised of Alabama Oil Company, Apple River Investments, LLC, and Kudzu Oil Properties, LLC. "JJS" is comprised of JJS Interests Escambia, LLC, JJS Interests Steele Kings, LLC, and JJS Working Interests, LLC.

report, filed their Joint Plan of Reorganization and Disclosure Statement to Accompany the Plan of Reorganization, and completed a mediation with East West Bank, the Official Committee of Unsecured Creditors, the Ad Hoc Committee of Working Interest Owners, and several additional working interest holders. The mediation resulted in significant progress toward an agreement on the terms of a Plan of Reorganization with East West Bank and the Official Committee of Unsecured Creditors.

10. Despite the progress the Debtors have made in their reorganization efforts, SEC's cash flows have continued to suffer from the continued refusal or failure of certain WIOs to pay their JIBs and the inability of SEC to offset JIBs against revenue owed to WIOs who are refusing to pay their JIBs. The resulting decrease in cash flow has become an urgent situation.

11. As of the date of filing this Motion, the balance of JIBs owed to SEC by WIOs has increased to $2,660,604.44, of which $2,168,917.91 is past due.

12. One of the members of the Ad Hoc Committee, McCombs Energy, Ltd. ("McCombs") and its related entity, owe $789,642.94 in unpaid JIBs – 29.7% of the **total JIBs** owed to SEC and over $300,000 more than any pre-petition claim asserted by McCombs. Despite repeated requests, multiple demand letters, and a notice of default under applicable Operating Agreements, McCombs continues to refuse to pay its JIBs, while continuing to receive 100% of its revenue each month.

13. Another member of the Ad Hoc Committee, FPCC USA, Inc. ("FPCC") owes $178,878.63, and similarly refuses to pay its JIBs despite repeated requests, multiple demand letters, and a notice of default under the applicable Operating Agreements. FPCC continues to refuse to pay its JIBs while continuing to receive 100% of its revenue each month. Like McCombs, FPCC has similarly withheld payment of its JIBs in excess of its pre-petition claim for unpaid revenue.

14. As a result of the continued refusal of multiple WIOs to pay their JIBs, SEC's working capital has been exhausted, and SEC is approaching administrative insolvency. SEC has only maintained its operations by relying heavily on the use of cash collateral in the form of intercompany loans from Sklarco as a WIO and owner of non-operated assets which generate revenue, resulting in Sklarco contributing far more than its proportionate share of JIBs to SEC's continued operations.

15. The repeated refusal of WIOs to pay their JIBs has placed SEC and Sklarco's

reorganization efforts in jeopardy, and the inability of SEC to offset unpaid JIBs against revenue prevent SEC from collecting on the amounts necessary to maintain its operations. If SEC is unable to reorganize, it would be forced to look to a wind down process, the cost of which is estimated to be between $750,000 and $1 million, to the detriment of SEC's estate and its unsecured creditors.

16. As set forth in the Offset Motion, the Debtors seek to avoid uncertainty in the interpretation of the Final Cash Collateral Order and Oil and Gas Order, and therefore Debtors request clarification that the Final Cash Collateral Order:

   a. Requires SEC to pay revenue to WI holders subject to the applicable Participation Agreements, Joint Operating Agreements, and any other applicable agreement;

   b. Does not limit SEC's ability to undertake collection efforts in accordance with the applicable Participation Agreements, Joint Operating Agreements, and any other applicable agreements, including without limitation, offsetting unpaid post-petition JIBs against post-petition revenue owed to a WI holder and/or foreclosing on a noncompliant WI holder's interest;

   c. Does not require written consent from a noncompliant WI holder prior to SEC exercising its rights under the applicable agreements to offset JIBs against revenue in the event of a non-payment; and

   d. Does not allow WI holders to offset unpaid JIBs against pre-petition revenue owed to such WI holder or pre-petition cash call advances.

17. SEC further requests authorization to immediately offset post-petition JIBs owed by noncompliant WI holders as identified on Exhibit A against post-petition revenue owed to such WI holders.

18. Absent the Final Cash Collateral Order and the requirement that all offsets be expressly authorized, SEC would be permitted to setoff or recoup unpaid JIBs against revenue in accordance with the applicable Operating Agreements to ensure that SEC can continue to operate for the benefit of the WIOs and other parties with interests in the wells.

19. Without the ability to offset post-petition revenue against JIBs owed by noncompliant working interest holders, SEC will not have sufficient funds to continue operations through a hearing on confirmation of the Plan.

20. Accordingly, the Debtors request that the Court set a hearing on the Offset Motion

on an expedited basis regarding SEC's ability to offset post-petition revenue against unpaid post-petition JIBs and requiring WIOs to remain current on JIB payments.

21. The Debtors submit that no further notice of the Offset Motion is necessary, as notice of the Offset Motion was previously sent to all WIOs, and those parties who previously filed objections to the Offset Motion will receive immediate notice of this Motion through the Court's CM/ECF system.

WHEREFORE, the Debtors pray the Court make and enter an Order setting a hearing on the Debtors' *Motion for Clarification of Orders and to Authorize Immediate Offset of Joint Interest Billing Obligations* (Docket No. 551) on an expedited basis, and for such further and additional relief as to the Court may appear just and proper.

DATED: January 22, 2021                                  Respectfully submitted,

                                                         By: */s/ Keri L. Riley*
                                                            Jeffrey S. Brinen, #20565
                                                            Keri L. Riley, #47605
                                                            **KUTNER BRINEN, P.C.**
                                                            1660 Lincoln Street, Suite 1720
                                                           Denver, CO 80264
                                                           Telephone: (303) 832-2400
                                                           E-mail: klr@kutnerlaw.com

## CERTIFICATE OF SERVICE

I certify that on January 22, 2021, I served a complete copy of the foregoing **EXPEDITED MOTION TO SET HEARING ON MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST BILLING OBLIGATIONS** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Craig K. Schuenemann, Esq.
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302

Bryce A. Suzuki, Esq.
Bryan Cave Leighton Paisner, LLP
Two North Central Avenue
Suite 2100
Phoenix, AZ 85004-4406

6

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Robert L. Paddock, Esq.
Buck Keenan LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, Mississippi 39158-6020

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, Louisiana 71101

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, Louisiana 71120-2260

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, Mississippi 39205

John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Christopher D. Johnson, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street
Suite 2700
Houston, TX 77002

Michael J. Guyerson, Esq.
Buechler Law Office, LLC
999 18th Street
Suite 1230 South
Denver, CO 80202

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
Shreveport, Louisiana 71120-2260

Robert L. Paddock, Esq.
Buck Keenan, LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos Street
Suite 700
Austin, TX 78701

Andrew G. Edson, Esq.
Clark Hill Strasburger
901 Main Street
Suite 6000
Dallas, TX 75202

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Christopher H. Meredith, Esq.
Glenn Gates Taylor, Esq.
Copeland Cook Taylor & Bush, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine, LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, Louisiana 71166

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett
McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Brian G. Rich, Esq.
Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Katherine A. Ross, Esq.
U.S. Attorney's Office for the
  District of Colorado
Assistant United States Attorney
1801 California Street
Suite 1600
Denver, CO 80202

Ryco Exploration, LLC
401 Edwards Street
Suite 915
Shreveport, LA 71101
ATTN: M. Robin Smith

Ryco Exploration, LLC
40 Golf Club Drive
Haughton, LA 71037
ATTN: M. Robin Smith

Stephen K. Lecholop II, Esq.
Rosenthal Pauerstein, Esq.
Sandoloski Agather LLP
755 East Mulberry
Suite 200
San Antonio, TX 78212

Katherine Guidry Douthitt, Esq.
Blanchard Walker O'Quin & Roberts
P.O. Box 1126
Shreveport, Louisiana 71163

9

Andrew J. Shaver, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Theodore J. Hartl, Esq.
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596

John H. Smith
Quitman Tank Solutions, LLC
P.O. Box 90
Quitman, MS 39355

Belinda Harrison
58 County Road 5033
Heidelberg, MS 39439

Casey C. Breese, Esq.
Welborn Sullivan Meck & Tooley, P.C.
1125 17th Street
Suite 2200 South
Denver, CO 80202

Jeff Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
11 Greenway Plaza
Suite 1400
Houston, TX 77046

Michael E. Riddick, Esq.
Katherine Guidry Douthill, Esq.
Blanchard Walker O'Quin & Roberts, P.C.
333 Texas Street
Regions Tower
Suite 700
Shreveport, Louisiana 71101

Chris Crowley, Esq.
Feldmann Nagel Cantafio, PLLC
1875 Lawrence Street
Suite 730
Denver, CO 80202

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
Suite 600
Denver, CO 80206

Adam L. Hirsch, Esq.
Davis Graham & Stubbs LLP
1550 Seventeenth Street
Suite 500
Denver, CO 80202

/s/Vicky Martina
**Vicky Martina**
**Kutner Brinen PC**

10