# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: SKLAR EXPLORATION COMPANY, LLC<br>    Debtor. | CASE NO. 20-12377-EBB |
| SKLARCO, LLC<br>    Debtor. | CASE NO.: 20-12380-EEB |

## THE LANDMARK ENTITIES OBJECTION TO THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FILED BY THE DEBTORS (DKT. NO. 740)

Landmark Oil and Gas, LLC, a Mississippi limited liability company, Landmark Exploration, LLC, a Mississippi limited liability company, and Stone Development, LLC, a Mississippi limited liability company (collectively the "Landmark Entities") owners of working interests, file their Objection to the Disclosure Statement Filed by the Debtors (Dkt. No. 740). In support thereof, the Landmark Entities would state as follows:

1. The Landmark Entities are creditors and owners of working interest ("WI") of certain wells operated by the Debtor, Sklar Exploration Company, LLC ("SEC"). The Landmark Entities have filed proofs of claims as follows:

| | | |
|---|---|---|
| Landmark Oil and Gas, LLC | POC# 10051 | $56,689.68 (unpaid WI)<br>$146,326.56 (Cash Call Advances) |
| Landmark Exploration, LLC | POC#10052 | $57,855.53 (unpaid WI)<br>$31,748.54 (Cash Call Advances) |
| Stone Development, LLC | POC #10050 | $28,344.82 (unpaid WI)<br>$71,179.92 (Cash Call Advances) |

2. The wells and prospects in which the Landmark Entities have an interest are identified on Exhibit A and incorporated herein by reference to this objection. The "Lease Description" on Exhibit A is based upon how SEC identifies each well or prospect on its monthly

statements to the Landmark Entities. Exhibits E and F to the Disclosure Statement purport to identify all the executory contracts and/or leases which Sklar and SEC will assume or reject under the Debtors' Plan of Reorganization. As set forth on Exhibit A to this Objection, Exhibit E and F to the Disclosure Statement do not identify, one way or the other, whether SEC will assume or reject many of the interests of the Landmark Entities and the Landmark Entities do not know how those interests will be treated under the plan. As such, the Disclosure Statement fails to contain adequate information upon which a decision can be made whether to vote to accept or reject the plan.

4. With respect to SEC's obligations on the contracts/leases it purports to assume, 11 U.S.C. §365 (b)(1)(A) provides that a debtor may not assume and assign an executory contract or unexpired lease unless at the time of the assumption, the debtor "cures or provides adequate assurance that the trustee will promptly cure" all pre-petition defaults. The proposed Plan purports to "cure" such default pursuant to Class 5; however, it is impossible to determine how "promptly," or if at all, the defaults will be "cured." Class 5 does not identify the total amount of the cure claims and the cure payments are tied to future uncertain revenue events. Specifically, the Class 5 claims will be paid on the Effective Date *after* the Revenue Account is reduced by an amount necessary to pay the next revenue cycle. After that, if there is any money left, the "cure" claims are paid pro rata. If that is not enough to pay the cure claims, then they will be paid monthly from SEC Net Operating Income. It is possible that the entire cure claims could be paid on the Effective Date, paid in full over the life of the plan in monthly payments or not paid at all depending on SEC Net Operating Income. Such "cure" payments in an indefinite amount over an uncertain amount of time certainly cannot be described as "prompt."

5. In addition, the Landmark Parties join in the Objection to the Disclosure Statement

of Eastern Energy Services, Inc., (Dkt.# 781) to the extent that it sets forth objections related to the adequacy of the information in the Disclosure Statement concerning the amounts to be paid to 6 creditors and how the Plan's treatment of Class 7 creditors does not violate the absolute priority rule.

Respectfully submitted this 28th day of January, 2021.

>LANDMARK OIL AND GAS, LLC,
>LANDMARK EXPLORATION, LLC,
>And STONE DEVELOPMENT, LLC
>
>By: /s/ Jim F. Spencer, Jr.
>   Jim F. Spencer, Jr.,
>   Its attorneys

OF COUNSEL
PAUL H. STEPHENSON, III (MSB#7864)
JIM F. SPENCER, JR. (MSB#7736)
WATKINS & EAGER PLLC
P.O. BOX 650
JACKSON, MISSISSIPPI 39205
(601) 965-1900 (p)
(601) 965-1901 (f)
pstephenson@watkinseager.com
jspencer@watkinseager.com

## CERTIFICATE OF SERVICE

I, Jim F. Spencer, Jr., do hereby certify that I have caused to be served a true and correct copy of THE LANDMARK ENTITIES OBJECTION TO THE ADEQUACY OF THE INFORMATION CONTAINED IN THE DISCLOSURE STATEMENT FILED BY THE DEBTORS (DKT. NO. 740) was served on all parties authorized to receive notice through the ECF notice system in this case.

This 28th day of January, 2021.

>_/s/ Jim F. Spencer, Jr.___
>Jim F. Spencer, Jr.