## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | Chapter 11 |
| EIN: 72-1417930 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | Chapter 11 |
| EIN:   72-1425432 | ) | |
| | ) | *Jointly Administered Under* |
| Debtor. | ) | *Case No. 20-12377-EEB* |

## UNITED STATES TRUSTEE'S OBJECTION TO THE
## ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT

Patrick S. Layng, the United States Trustee for Region 19 (the "UST"), by and through his undersigned counsel, hereby objects to the adequacy of the Disclosure Statement to Accompany Joint Plan of Reorganization Dated December 18, 2020 (the "Disclosure Statement") [at Docket No. 740].   The UST states and alleges as follows:

1.       On April 1, 2020 (the "Petition Date"), Sklar Exploration Company, LLC and Sklarco, LLC (together the "Debtors") commenced the above-captioned jointly administered chapter 11 cases.

2.       Debtors continue to remain debtors-in-possession.  A committee of unsecured creditor was appointed in the case of Sklar Exploration Company, LLC.

3.       On December 18, 2020, the Debtors filed their Disclosure Statement and Joint Plan of Reorganization Dated December 18, 2020 (the "Plan") [the Plan is found at Docket No. 739].

4.       The UST objects to approval of Debtors' Disclosure Statement because it does not provide adequate information as required under 11 U.S.C. §1125(a).   See *Hall v. Vance*, 887 F.2d 1041 (10th Cir. 1989).

5.       Section 1125 of the Bankruptcy Code defines adequate information as information that would enable a reasonable investor, typical of holders of claims in the relevant class, to make an informed judgment about the Plan.   This is information that is reasonably ascertainable in light of the nature and history of the debtor and the condition of the debtor's books and records.   *In re Aspen Limousine Service, Inc*., 193 B.R. 325 (D. Colo. 1996).   Case law has given rise to certain criteria to aid the Courts in evaluating the sufficiency or the adequacy of disclosure statements. *In re Metrocraft Pub. Services, Inc*., 39 B.R. 567 (Bankr. N.D. Ga.1984); and *In re Stanley Hotel, Inc*., 13 B.R. 926 (Bankr. D. Colo.1981).

1

6.      The Disclosure Statement does not contain adequate information of a kind, and in sufficient detail, to enable a reasonable investor to make an informed decision about the Plan as required by 11 U.S.C. § 1125 for the following reasons:

A. The Disclosure Statement should update the current status of business operations and provide updated financials. The Disclosure Statement should also identify any post-petition payables or tax obligations outstanding.

B. The Disclosure Statement should update the amount of professional fees in the administrative class (page 16) and provide an estimate to be paid on the effective date.

C. The "Independent Manager" who will manage the Debtors post-confirmation should be identified and estimated salary cost should be disclosed.

D. The Plan, pages 24-25, contains a post-Confirmation Date, broad exculpation clause which is not addressed or discussed in the Disclosure Statement. The exculpation clause appears to be a broad release for post-confirmation activity or conduct. The following exculpation language should be highlighted, explained and/or modified in the Disclosure Statement and Plan:

"For the avoidance of a doubt, there shall be no liability limitation for the Debtors, its Insiders, and affiliates for their actions or omissions occurring before the Petition Date, *or after the Confirmation Date*, or their actions or omissions after the Petition Date that are not official actions made in good faith, nor shall it release the Debtor from any obligations arising under contracts entered into on a post-petition basis."

*See* Plan Page 25 *(Italics added).*

7.      The UST reserves the right to supplement this objection to the Disclosure Statement as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further review and factual discovery.

WHEREFORE, the United States Trustee requests that the Court deny approval of the Debtors' Disclosure Statement and for such other relief as the Court deems appropriate.

Dated: January 28, 2021                                     Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE
/s/ Paul Moss
By: Paul Moss, #26903
Trial Attorney for the U.S. Trustee
Byron G. Rogers Federal Building
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7995 telephone
Paul.Moss@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 28, 2021, a copy of the UNITED STATES TRUSTEE'S OBJECTION TO THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT was served electronically through the CM/ECF system on the following parties (and any other parties requesting electronic notice through the court):

*VIA CM/ECF:*

Keri L. Riley
Jeffrey S. Brinen
Christopher D. Johnson
James B. Bailey
Victoria N. Argeroplos
Joseph Eric Bain
Grant Matthew Beiner
Jordan B. Bird
Duane Brescia
Daniel L. Bray
Casy Carlton Breese
Jeffrey Dayne Carruth
John Childers
John Cornwell
Christopher M. Crowley
Shay L. Denning
Jonathan Dickey
Katherine Guidry Douthitt
Benjamin Y. Ford
Jenny M.F. Fujii
Craig M. Geno
Michael J. Guyerson
Jennifer Hardy
Theodore J. Hartl
Adam L. Hirsch
Stephen K. Lecholop II
Eric Lockridge
Armistead Mason Long
Ryan Lorenz
Christopher Meredith
David M. Miller

Timothy C. Mohan
Kevin S. Neiman
Michael Niles
Matthew J. Ochs
Matthew Okin
Jennifer Norris Soto
John Thomas Oldham
Robert L. Paddock
Robert Padjen
Jeremy L. Retherford
Brian Rich
Timothy Michael Riley
Katherine A. Ross
Michael D. Rubenstein
Craig K. Schuenemann
Ryan Seidemann
Andrew James Shaver
Thomas H. Shipps
Barnet B. Skeleton, Jr.
Jim F. Spencer, Jr.
Bryce Suzuki
Timothy M. Swanson
David R. Taggart
Glenn Taylor
Madison M. Tucker
Amy Vazquez
Deanna L. Westfall

*/s/ Paul Moss*
*Office of U.S. Trustee*

3