| Fill in this information to identify your case | | |
| --- | --- | --- |
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO** | | |
| Debtor 1:  Sklar Exploration Company, LLC | Jointly Administered Under Case #: | 20-12377-EEB |
| Debtor 2:  Sklarco, LLC | Chapter: | 11 |

## Local Bankruptcy Form 2016-1.1
## Cover Sheet for Application for Professional Compensation

**Complete applicable sections and check applicable boxes.**

| | |
| --- | --- |
| Name of applicant: | Munsch Hardt Kopf & Harr, P.C. |
| Authorized to provide professional services to: | The Official Committee of Unsecured Creditors of Sklar Exploration Company, LLC |
| Date of order authorizing employment: | April 24, 2020 *Nunc pro tunc* to April 16, 2020 |
| Periods for which compensation is sought: | August 1, 2020 through November 30, 2020 |
| Amount of fees sought: | $230,963.00 |
| Amount of expense reimbursement sought: | $1,625 |

This is a(n):

| | |
| --- | --- |
| ☒ | Interim Application |
| ☐ | Final Application |

If this is <u>not</u> the first application filed herein by this professional, disclose all prior fee applications:

| Date filed | Period covered | | Total requested fees & expenses | Total allowed |
| --- | --- | --- | --- | --- |
| August 21, 2020 | April 16, 2020 | July 31, 2020 | $306,891.50 | $306,891.50 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is $400,384.16 in accordance with the *Order Approving Interim Advance Payment Procedures* [Dkt. No. 322]**.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SKLAR EXPLORATION | § | Case No. 20-12377-EEB |
| COMPANY, LLC, *et al.*[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

## SUMMARY OF SECOND INTERIM FEE APPLICATION OF MUNSCH HARDT KOPF & HARR, P.C. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2020 THROUGH NOVEMBER 30, 2020

| Name of Applicant: | Munsch Hardt Kopf & Harr, P.C. | |
|---|---|---|
| Applicant's Role in Case: | Counsel to the Official Committee of Unsecured Creditors of Sklar Exploration Company, LLC | |
| Date Order of Employment Signed: | April 24, 2020 [Dkt. No. 172] | |
| | Beginning of Period | End of Period |
| Time period covered by this Application: | August 1, 2020 | November 30, 2020 |
| Time period(s) covered by prior Applications: | April 16, 2020 | July 31, 2020 |

| Summary of Total Fees and Expenses Requested | |
|---|---|
| Total amounts awarded in all prior Applications: | $306,891.50 |
| Total fees and expenses requested in this Application: | $232,588.00 |
| Total professional fees requested in this Application: | $230,963.00[2] |
| Total actual professional hours covered by this Application: | 580.7[3] |
| Blended hourly rate for professionals: | $397.73 |
| Total paraprofessional fees requested in this Application: | $0.00 |
| Total actual paraprofessional hours covered by this Application: | 0.0 |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930), and Sklarco, LLC (5432).
[2] This figure does not include amounts reflected in Applicant's invoices as "no charge" services, totaling $8,382.00 in value, which MHKH provided to the estates on a complimentary basis and is voluntarily writing off.
[3] Includes 16.8 hours of "no charge" time for which Applicant is not seeking compensation.

| | |
|---|---|
| Average hourly rate for paraprofessionals: | $0.0 |
| Reimbursable expenses sought in this application: | $1,625.00 |
| Total to be Paid to Priority Unsecured Creditors: | To be determined |
| Anticipated % Dividend to Priority Unsecured Creditors: | To be determined |
| Total to be Paid to General Unsecured Creditors: | To be determined |
| Anticipated % Dividend to General Unsecured Creditors: | To be determined |
| Date of Confirmation Hearing: | To be determined |
| Indicate whether plan has been confirmed: | No |
| Compensation sought in this application already paid and pursuant to a monthly compensation order but not yet allowed: | $93,492.66 |
| Number of professionals included in this application: | 6 |
| If applicable, difference between fees budgeted and compensation sought for this period: | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period: | 2 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application. | No |

4841-0199-2406v.2

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SKLAR EXPLORATION | § | Case No. 20-12377-EEB |
| COMPANY, LLC, *et al.*[4] | § | |
| | § | (Jointly Administered) |
| Debtors. | | |

**SECOND INTERIM FEE APPLICATION OF MUNSCH HARDT KOPF & HARR P.C., AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 1, 2020 THROUGH NOVEMBER 30, 2020**

Munsch Hardt Kopf & Harr, PC ("MHKH" or "Applicant"), counsel for the Official Committee of Unsecured Creditors (the "Committee") of Sklar Exploration Company, LLC, ("SEC"), appointed in the above-captioned, jointly-administered bankruptcy cases (the "Cases"), of SEC and Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors"), files this *Second Interim Fee Application of Munsch Hardt Kopf & Harr P.C., as Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period From August 1, 2020 Through November 30, 2020* (this "Second Interim Fee Application"), seeking this Court's allowance – on an interim basis – of compensation for professional services provided in the amount of $230,963.00,[5] and reimbursement of actual and necessary out of pocket expenses in the amount of $1,625.00, for a total interim allowance pursuant to this application of $232,588.00, corresponding to the period beginning August 1, 2020 through

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930), and Sklarco, LLC (5432).

[5] This figure does not include amounts reflected in Applicant's invoices as "no charge" services, totaling $8,382.00 in value, which MHKH provided to the estates on a complimentary basis and is voluntarily writing off.

November 30, 2020 (the "Application Period"). In support of this Second Interim Fee Application, MHKH respectfully submits the following:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over these Cases and this Second Interim Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. This Second Interim Fee Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and the Second Interim Fee Application in this District is appropriate under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested in the Second Interim Fee Application are sections 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), as well as Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Bankruptcy Local Rules for the District of Colorado (the "Local Rules").

## BACKGROUND

3.      On April 1, 2020, each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court, and by order of this Court, their corresponding bankruptcy Cases are jointly administered under Chapter 11 Case No. 20-12377. [Dkt. No. 8].

4.      No trustee or examiner has been appointed in the Cases, and the Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On May 21, 2020 Debtors filed their *Motion for Entry of Order Authorizing Debtors' Employment of CR3 Partners as Chief Restructuring Officer Effective as of May 21, 2020* [Dkt. No. 341], which this Court granted on June 15, 2020, appointing James Katchadurian and CR3 Partners ("CR3") as chief restructuring officer ("CRO").

4

5.     On April 16, 2020, the Office of the United States Trustee for the District of Colorado appointed the Committee [Dkt. No. 99].

6.     On April 22, 2020, the Committee filed its *Application For an Order Authorizing the Retention and Employment of Munsch Hardt Kopf & Harr, P.C. as Counsel for The Committee of Unsecured Creditors Nunc Pro Tunc to April 16, 2020* [Dkt. No. 143], which the Court approved by its Order entered on April 24, 2020 [Dkt. No. 172].

7.     On May 18, 2020, this Court entered in the Cases its *Order Approving Interim Advance Payment Procedures* [Dkt. No. 322] (the "Interim Compensation Order").

8.     On August 21, 2020, MHKH filed its *First Interim Fee Application of Munsch Hardt Kopf & Harr P.C., as Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period From April 16, 2020 Through July 31, 2020* ("First Interim Fee Application") [Dkt. No. 533].

9.     On October 5, 2020, this Court entered in the Cases its *Order Granting First Interim Fee Application of Munsch Hardt Kopf & Harr P.C., as Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period From April 16, 2020 Through July 31, 2020* ("First Interim Order") [Dkt. No. 582].

10.     Pursuant to the Interim Compensation Order and corresponding procedures, MHKH has previously submitted four monthly fee statements (the "Monthly Statements") for services rendered and expenses incurred from August 1, 2020 through November 30, 2020, as follows:

| Period | Fees | 80% of Fees | Expenses | Agg. Monthly (80% Fees + Exp.) |
|---|---|---|---|---|
| 08/01/20 – 8/31/20 | $34,656.00 | $27,724.80 | $143.30 | $27,868.10 |
| 09/01/20 – 09/30/20 | $35,378.00 | $28,302.40 | $0 | $28,302.40 |
| 10/01/20 – 10/31/20 | $45,171.00 | $36,136.80 | $1,481.70 | $37,618.50 |
| 11/01/20 – 11/30/20 | $115,758.00 | $92,606.40 | $0 | $92,606.40 |
| **Total:** | **$230,963.00** | **$184,770.40** | **$1,625.00** | **$186,395.40** |

11.     As of the date of this Second Interim Fee Application, MHKH has not received any objections to its Monthly Statements, and has, accordingly been paid $93,492.66, representing the aggregate monthly amounts for August, September and October.  As of the filing of this Second Interim Fee Application, $92,606.40 still remains unpaid for the November Monthly Statement.

12.     This Second Interim Fee Application respectfully requests that the Court, on an interim basis: (a) approve and allow fees in the amount of $230,963.00 for services rendered by MHKH in these Cases during the Application Period, as well as reimbursement of actual, out of pocket expenses paid by in the amount of $1,625.00 during such period; and (b) authorize the payment to MHKH the unpaid balance of $139,095.34 for such fees and costs incurred after deducting prior payments made by the Debtors to MHKH pursuant to the Monthly Statements and Interim Compensation Order. A summary of MHKH's Monthly Statements is attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes. True and correct copies of MHKH's monthly invoices are attached hereto as **Exhibit "B"**, and incorporated herein by reference for all purposes.

6

## REQUEST FOR ALLOWANCE

**A.   Evaluation Standards**

13.    Pursuant to section 330 of the Bankruptcy Code, a bankruptcy court may allow reasonable compensation for actual, necessary services rendered by a professional in the case, determining the reasonableness of such compensation based upon the nature, extent and value of such services.  Additionally, a bankruptcy court may allow the reimbursement of actual, necessary expenses incurred by a professional in connection with the rendition of such services.  Specifically, section 330 provides in pertinent part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections . . . 328 . . . , the court may award to . . . a professional person employed under section 327 . . .
>
>> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses.
>
> . . .
>
> (3) In determining the amount of reasonable compensation to be awarded to [a] . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];
>>
>> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>>
>> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>>
>> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a)(1), (3).

**B.    Application of Standards to MHKH's Request for Application Period Fees**

14.    MHKH requests the allowance for the Application Period of fees incurred in the amount of $230,963.00, plus out of pocket expenses paid in the amount of $1,625.00, of which unpaid balance of $139,095.34 remains outstanding (excluding amounts reflected in Applicant's invoices as "no charge" services, totaling $8,382.00 in value, which MHKH is voluntarily writing off and has provided to the estates free of charge).  Such fees are reasonable and supported under the factors set forth in Section 330(a)(3) as explained below:

*Time Spent on Services and Nature of Services Rendered*

15.    During the Application Period, MHKH expended a total of 580.7[6] hours in representation of the Committee, which MHKH has contemporaneously recorded under the following project billing categories:

| CODE | DESCRIPTION |
|------|-------------|
| B110 | Case Administration |
| B120 | Asset Analysis and Recovery |
| B140 | Relief from Stay/Adequate Protection |
| B150 | Meetings / Communications with Creditors |
| B155 | Meetings / Communications with Committee |
| B160 | Fee/Employment Applications |
| B170 | Fee/Employment Objections |
| B180 | Avoidance Action Analysis |
| B185 | Assumption/Rejection of Leases and Contracts |
| B190 | Other Contested Matters |
| B195 | Non-Working Travel |
| B210 | Business Operations |
| B230 | Financing/Cash Collateral |
| B240 | Tax Issues |
| B310 | Claims Administration and Objections |
| B320 | Plan and Disclosure Statement |

---

[6] This amount includes 16.8 hours of time voluntarily written off by MHKH.

8

16.     During the Application Period, MHKH rendered services to the Committee under the foregoing categories that were both necessary and beneficial to the estates. MHKH's professionals performed work and billed time for each category as discussed generally below and as set forth in further detail in Exhibit B.

### A.     Category B110 – Case Administration

17.     This category includes time spent regarding routine, scheduling and other matters of Case Administration not falling into another category, such as, but not limited to, reviewing the Debtors' status report, statements of financial affairs and revised schedules, and inner office correspondence regarding resignation of Committee member.

18.     These services were necessary and benefitted the Committee by enabling MHKH professionals to familiarize themselves with the Cases, to understand the Debtors' and estates circumstances and financial affairs, and enable MHKH professionals to efficiently coordinate its administration of the Cases.

19.     In connection with these services, MHKH professionals expended 2.3 hours during the Application Period, for which MHKH seeks compensation of $887.00.

### B.     Category B120 – Asset Analysis and Recovery

20.     This category includes time spent identifying and reviewing potential assets, including causes of action, which involved reviewing and analyzing the Debtors' bank and loan documents, insurance policies, and lien documentation, as well as Applicants' investigations into the Debtors' oil and gas leases and other assets disclosed through the Debtors' bankruptcy schedules and statements of financial affairs, as supplemented through various ordered and informal document production received from, among others, the Debtors and East West Bank ("EWB").

21.     This category also includes services related to investigating the estates' potential claims against their lender and insiders, research, investigation and evaluation of potential defenses, and negotiating requisite agreements and reservations preserving the estates' causes of action for the benefit of their creditors.

22.     MHKH's professionals specifically conducted extensive research, review, and analysis of EWB's lien documentation, along with perfection laws under the Uniform Commercial Code and other potentially applicable states' laws relating thereto. MHKH subsequently prepared and sent a detailed memo to EWB's counsel outlining its findings and potential lien imperfections on various properties, leading to productive discussions regarding same between the Committee and EWB counsel.

23.     On November 24, 2020, at 9:30 a.m., the MHKH, along with Fant Energy Limited, JF Howell Interests, LP, and various other parties authorized by the Court, conducted their Rule 2004 examination of the Debtors corporate representative and Howard F. Sklar in his individual capacity. The subjects of the examination were those stated in the *Committee's Ex Parte Motion for Examination of Howard Sklar Pursuant to Fed. R. Bankr. P. 2004 and Local Bankr. R. 2004-1* [Dkt. No. 578]; *Howell Interests' Ex Parte Motion for Examination of Howard Sklar Pursuant to Fed. R. Bankr. P. 2004 and Local Bankr. R. 2004-1* [Dkt. No. 587]; and *Fant Energy's Ex Parte Motion for Examination of Debtors Pursuant to Fed. R. Bankr. P. 2004 and Local Bankr. R. 2004-1* [Dkt. No. 603] (collectively, the "2004 Motions"), including, but not limited to, prepetition operations of the Debtors, as well as the Debtors' transactions with Howard Sklar and various related corporate entities, trusts, individuals and other insiders

24.     MHKH specifically conducted extensive research, review, and analysis of the Debtors and Howard Sklar's discovery documents including, but not limited to, all financial

statements pre and post-petition, trust documents (including ownership and formation documents), NSAI reserve report, email exchanges and all attachments thereto, and all other related contracts and documents pertaining to the Debtors and Howard Sklar.

25.     All such services were necessary and benefitted the Committee and, by extension, the Debtors' estates by obtaining documents necessary to conduct a successful Rule 2004 examination, lien analyses, verify existing insurance policies and coverage, and enable the Committee to better understand the extent and nature of the Debtors' and their estates' assets, and the potential sources for recovery by their creditors.

26.     In connection with these services, MHKH professionals expended 414.70 hours during the Application Period, for which MHKH seeks compensation of $165,062.00.

C.     **Category B140 – Relief from Stay/Adequate Protection**

27.     This category includes review and analysis of the *Ad Hoc Committee of Working Interests Owners Motion to Modify the Automatic Stay to: (A) Hold a Meeting of the Working Interests Owners in the Brooklyn Oil Units; (B) Take a Contractually Authorized To vote to Remove Debtor Sklar Exploration Company, LLC, as Operator of the Brooklyn Oil Units; (C) Upon an Affirmative Vote to Remove The SEC as Operator in Order to Take all Steps Necessary to Effectuate the Removal* [Dkt. No. 671] and *Foote Oil & Gas Properties, LLC Motion for Relief from Stay* [Dkt. No. 673].

28.     In connection with these services, MHKH professionals expended .8 hours during the Application Period, for which MHKH seeks compensation of $440.00.

D.     **Category B150 – Meetings / Communications with Creditors**

29.     This category pertains to communications with various counsel for creditors, not including the Committee or its members, regarding status updates, continuation motions, various

contested matters, objections and coordination, Rule 2004 examination, and coordinating and implementing the preparation of and plan for discovery.

30.     These services were necessary and benefitted the Committee and its constituents by fulfilling the Committee's statutory function of providing information of interest to creditors and their counsel, in order to promote disclosure and the ability of the estates' constituencies to make informed decisions regarding these Cases, and thereby allow the process to continually advance without unnecessary delays or costs.

31.     In connection with these services, MHKH professionals expended 2.2 hours during the Application Period, for which MHKH seeks compensation of $902.00.

     **E.**    **Category B155 – Meetings / Communications with Committee**

32.     This category primarily includes time spent communicating with the Committee, providing regular status updates, summaries of hearings and other significant happenings, and providing frequent updates on the Debtors' current operations, financial status, and the continued operational efforts.

33.     During the Application Period, Applicant represented and guided the Committee in order to schedule, prepare and conduct periodic and special meetings via Zoom to discuss various case issues and formulate and resolve the Committee's positions and corresponding instructions regarding same, including but not limited to the helium well, trust document productions, JIB payments and pre-petition setoff issues, Rule 2004 examination, proposed Debtors plan term sheet, mediation, lien analysis and well matters.

34.     These services were necessary and benefitted the Committee by keeping members updated on the case status and allow and facilitate the Committee's performance of its functions.

35.     In connection with these services, MHKH professionals expended 23.5 hours during the Application Period, for which MHKH seeks discounted compensation of $10,433.00.

F.      **Category B160 – Employment of Professionals and Fee Applications**

36.     This category primarily includes services related to reviewing, evaluating and analysis of monthly statements from Debtors' professionals.  This category also includes services related to review and analysis of the Debtors motion to expand the authority of Armbrecht Jackson, LLP ("Armbrecht"). Moreover, MHKH professionals reviewed, prepared and circulated MHKH's Monthly Fee Statements in accordance with the Interim Compensation Order [Dkt. No. 322], and MHKH's First Interim Fee Application [Dkt. No. 533].

37.     These services were necessary and benefitted the Committee in that the Court's approval of the employment of estate professionals was essential to the administration of the Cases and the Committee's performance of its functions.  In addition, the estates benefitted from the review of and negotiations related to the applications to employ CR3, Berg Hill, and Armbrecht, to ensure the underlying agreements and terms are appropriate, and from the administration of the Interim Compensation Order and monthly statements of professionals to promote administration and tracking of administrative expenses.

38.     In connection with these services, MHKH professionals expended 32.1 hours during the Application Period, for which MHKH seeks compensation of $10,263.00.

G.      **Category B170 – Fee / Employment Objections**

39.     This category primarily includes services related to the review and analysis of the *United States Trustee's Limited Objection to Kutner Brian P.C.'s First Interim Application for Allowance and Payment of Attorney's fees and Reimbursement of Costs* [Dkt. No. 549], along with

13

evaluating any possible objections to the Debtors' monthly fee statement and first interim fee application, and EWB's monthly fee statements.

40.     In connection with these services, MHKH professionals expended 1.4 hours during the Application Period, for which MHKH seeks compensation of $434.00.

### H.     Category B180 – Avoidance Action Analysis

41.     This section primarily includes discussions between MHKH professionals regarding the status of EWB's lien analysis.

42.     In connection with these services, MHKH professionals expended .3 hours during the Application Period, for which MHKH seeks compensation of $165.00.

### I.     Category B185 – Assumption/Rejection of Leases and Contracts

43.     This category includes review and analysis of the Debtors' *Motion to Assume Nonresidential Real Property Mineral Leases Pursuant to 11 U.S.C. § 365* [Dkt. No. 607] ("Motion to Assume"), whereby Debtors' sought an order authorizing the assumption of approximately 4,000 nonresidential real property mineral leases.

44.     MHKH's professionals spent time reviewing, analyzing, and working with the Debtors and EWB regarding the Motion to Assume, the Debtors *Second Corrected Exhibit A to Accompany Motion to Assume Nonresidential Real Property Mineral Leases Pursuant to 11 U.S.C. §365* [Dkt. No. 638], and JF Howell's objection to the Motion to Assume [Dkt. No. 640].

45.     In connection with these services, MHKH professionals expended 1.6 hours during the Application Period, for which MHKH seeks compensation of $880.00.

### J.     Category B190 – Other Contested Matters

46.     Services rendered in this category by MHKH professionals include investigation and analysis of potential claims held by the Debtors' estates against their directors, officers and

insiders, review and analysis of corresponding insurance policies potentially covering same, as well as the Debtors' operating agreements. In connection with these activities, MHKH professionals analyzed discovery obtained regarding same, in order to begin formulating and evaluating the estates' claims.

47.     MHKH's professionals also spent extensive time reviewing and analyzing Debtors *Motion to Approve Global Settlement Agreement to Resolve Adversary Proceedings* ("Global Settlement Agreement") [Dkt. No. 591], and Debtors subsequent Amended Global Settlement Agreement (collectively with Global Settlement Agreement, the "Amended Agreement") [Dkt. No. 593]. Pursuant to the Amended Agreement, Debtors sought to resolve two pending adversary proceedings filed in the relevant Bankruptcy cases: (1) *The Southeast Alabama Gas District v. Sklar Exploration Company, LLC, Sklarco, LLC Kelley Brothers Contractors, Inc., GE Oil & Gas Pressure Control LP, and Baker Hughes Oil field Operations*, Case No.  20-01210-EEB; and  (2) *Claims Marketing, LP v. Sklar Exploration Company, LLC, Kelley Brothers Contractors, Inc., A GE Oil & Gas Pressure Control LP, and Lufkin Industries, LLC*, Case No. 20–01191–EEB. MHKH's professionals corresponded with counsel for EWB and the Debtor's regarding the Amended Agreement and a go forward plan.

48.     Evaluating litigation claims asserted by and against the estates is plainly beneficial to the administration of the Cases as such services are necessary predicates to formulating appropriate prosecuting and responsive strategies directed to the resolution of such claims and causes of action.

49.     In connection with these services, MHKH professionals expended 13.20 hours during the Application Period, for which MHKH seeks compensation of $6,182.00.

**K.      Category B195 – Non-Working Travel**

50.      This category includes Applicants travel to Houston from Dallas for the Rule 2004 examination of the Debtors corporate representative and Howard Sklar in his individual capacity.

51.      In connection with these services, MHKH professionals expended 21.1 hours during the Application Period, for which MHKH seeks compensation of $10,128.00.  All time billed in this category was billed at one-half the normal billing rate.

**L.      Category B210 – Business Operations and Employee Matters**

52.      This category includes Applicants' review and analysis of the Debtors cash budget variance report, along with correspondence with the chief restructuring officer regarding the status of operations.

53.      In connection with these services, MHKH professionals expended 3.8 hours during the Application Period, for which MHKH seeks compensation of $1,726.00.

**M.      Category B230 - Financing / Cash Collateral**

54.      This category includes services related to the MHKH's and EWB's stipulations extending the Committees' challenge period deadline, review and analysis of the Debtors' stipulation to extend the deadline in which to file a plan, and review and analysis of the draft cash collateral stipulation and all relevant variance report's.  Specifically, MHKH negotiated with Debtors and prepetition lenders regarding cash flow issues, the use of cash collateral, and the proposed cash collateral budget and forms of orders.  MHKH also reviewed the proposals for bifurcation of cash collateral issues, and corresponded with the Debtors regarding the same. MHKH, worked extensively with Debtors' counsel and lenders' counsel in resolving consensual stipulations and orders.

55. On July 16, 2020, EWB and MHKH (collectively, the "Parties") filed their *Stipulation and Request for Order Extending the Committees Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 473] (the "First Stipulation"), whereby the Parties sought to have the Challenge Period[7] extended through and including August 31, 2020. Subsequently, the Court entered its *Order Approving Stipulation Extending the Committees Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 475].

56. On August 25, 2020, the Parties filed their *Second Stipulation and Request for Order Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 535] (the "Second Stipulation"), whereby the Parties sought to have the Challenge Period extended through and including October 15, 2020 (the "Second Extended Challenge Period"). Subsequently, this Court entered its *Order Approving Second Stipulation Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 538].

57. On October 14, 2020, the Parties filed their *Third Stipulation and Request for Order Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 609] (the "Third Stipulation"), whereby the Parties sought to have the Challenge Period extended through and including November 25, 2020 (the "Third Extended Challenge Period"). Subsequently, this Court entered its *Order Approving Third Stipulation Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 610].

58. On November 20, 2020, the Parties filed their *Fourth Stipulation and Request for Order Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt.

---

[7] Pursuant to paragraph 12 of the Final Cash Collateral Order shall become binding on all parties in interest, unless, the Committee has timely filed the appropriate pleadings, and timely commenced the appropriate proceedings required under the Bankruptcy Code and Bankruptcy Rules, (i) challenging the legality, validity, enforceability, or avoidability of the Obligations, the Prepetition Indebtedness or the Prepetition Liens, or (ii) otherwise asserting or prosecuting any avoidance actions or any other claims, counterclaims, causes of action, objections, contests, or defenses (each a "Challenge," and collectively, the "Challenges") against EWB or the Released Parties by no later than July 17, 2020 (the "Challenge Period").

No. 681] (the "Fourth Stipulation"), whereby the Parties sought to have the Challenge Period extended through and including December 31, 2020 (the "Fourth Extended Challenge Period"). Subsequently, this Court entered its *Order Approving Fourth Stipulation Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 683].

59.     On December 29, 2020, the Parties filed their *Fifth Stipulation and Request for Order Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 753] (the "Fifth Stipulation"), whereby the Parties sought to have the Challenge Period extended through and including January 11, 2021 (the "Fifth Extended Challenge Period"). Subsequently, this Court entered its *Order Approving Fifth Stipulation Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 756].

60.     On January 7, 2021, the Parties filed their *Sixth Stipulation and Request for Order Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 766] (the "Sixth Stipulation"), whereby the Parties sought to have the Challenge Period extended through and including January 25, 2021 (the "Fifth Extended Challenge Period"). Subsequently, this Court entered its *Order Approving Sixth Stipulation Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 768].

61.     On January 7, 2021, the Parties filed their *Seventh Stipulation and Request for Order Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 779], whereby the Parties sought to have the Challenge Period extended through and including February 28, 2021 (the "Sixth Extended Challenge Period"). Subsequently, this Court entered its *Order Approving Seventh Stipulation Extending the Committee's Challenge Period Under the Final Cash Collateral Order* [Dkt. No. 780].

62. These services were necessary and benefitted the estates. The Committee's activities allowed for continued negotiations with EWB and a successful mediation regarding these issues.

63. In connection with these services, MHKH professionals expended 18.90 hours during the Application Period, for which MHKH seeks compensation of $8,603.00.

**N.  Category B240 – Tax Issues**

64. This category includes review and analysis of the Debtors' *Motion to Pay Pre-Petition Severance Taxes to State of Alabama* [Dkt. No. 530], whereby the Debtors sought to pay the Alabama Department of Revenue's priority claim in the amount for severance taxes from oil and gas produced in the months of February and March.

65. In connection with these services, MHKH professionals expended 2.40 hours during the Application Period, for which MHKH seeks compensation of $844.00

**O.  Category B310 – Claims Analysis/Objections**

66. This category includes MHKH's review and analysis of *RAPAD Well Services Company Inc. Notice of Perfection of Liens Pursuant to 11 U.S.C. § 546(b)(2)* [Dkt No. 574], and issues relating to asserted liens and security interests, including but not limited to competing lien priorities and the effects of same.

67. These services were beneficial to the estates in that the evaluation of secured claims asserted against the estates is critical to the maximization of the estates for the benefit of general unsecured creditors.

68. In connection with these services, MHKH professionals expended .2 hours during the Application Period, for which MHKH seeks compensation of $110.00.

**P.  Category B320 – Plan and Disclosure Statement**

69.     This category includes extensive correspondence with Debtors' counsel and EWB regarding the proposed Chapter 11 plan term sheet, along with talks and negotiations regarding the financial projections and recoveries based upon additional and changed facts. MHKH attorney's worked together with EWB in providing relevant changes to the Debtors' term sheet. MHKH attorney's also researched post confirmation trust issues and began working on the frame work for a post confirmation trust.  Such efforts plainly were beneficial to the estates because on the strength of the Committee's, EWB's, and Debtors' negotiations and coordination, the plan term sheet has been modified and the proposed chapter 11 plan continues to move in a positive direction.

70.     In connection with these services, MHKH professionals expended 42.20 hours during the Application Period, for which MHKH seeks compensation of $22,286.00.

71.     All of the foregoing professional services performed by MHKH were necessary and appropriate for the Committee to diligently fulfill its duties under the Bankruptcy Code. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner, and without duplication of work performed by the Committee's other advisors.

72.     The professional services rendered by MHKH during the Statement Period required a high degree of professional competence and expertise so that the numerous bankruptcy, litigation, and other issues that arose during the Statement Period could be addressed with skill and efficiency. MHKH submits that the services rendered to the Committee were performed efficiently and effectively, and that the results obtained have provided tangible, identifiable, and material benefits to the Debtors' estates

73.     MHKH's representation of the Committee has required it to balance the need to provide quality services with the need to act quickly and to represent the Committee in an effective, efficient and timely manner. MHKH submits that the hours spent were reasonable given the size and complexity of these cases, the significant—and often times urgent—legal and business issues raised, and the numerous pleadings filed in these cases. All of the services performed were necessary to assist the Committee in fulfilling its statutory duties and proceeding through these chapter 11 cases in an expeditious and efficient manner.

74.     The rates charged by MHKH attorneys and paraprofessionals in these chapter 11 cases are the same rates charged by MHKH in connection with non-bankruptcy work. The professional fees sought herein are based upon MHKH's normal hourly rates for services of this kind. MHKH respectfully submits that the professional fees sought herein are not unusual given the magnitude and complexity of these cases and the time expended in attending to the representation of the Committee, and are commensurate with fees MHKH has been awarded in other cases, as well as with professional fees charged by other attorneys of comparable experience.

75.     MHKH submits that the fees and expenses for which it seeks compensation and reimbursement in this Application are not excessive and are commensurate with the rates awarded in similar cases in this district for similar services rendered and results obtained. The fees requested by MHKH are more fully described in the Monthly Fee Statements attached hereto as Exhibit B. After taking into consideration the time and labor spent thus far, and the nature and extent of the representation, MHKH believes the allowance prayed for herein is reasonable and should be approved.

76.     No prior application has been made in this or in any other Court for the relief requested herein for the Application Period.

21

## CONCLUSION

77.     Based upon the foregoing, MHKH submits that allowance of the Application Period fees and expenses, totaling $232,588.00, is reasonable and supported by all of the above-referenced standards for the allowance of fees and expenses. Accordingly, MHKH requests the final approval and allowance of such fees and expenses to be paid from the Estate. A proposed form of order is included herewith.

WHEREFORE, MHKH respectfully requests that the Court enter an order: (a) approving on an interim basis compensation for services rendered by MHKH during the Application Period in the total amount of $232,588.00, which amount consists of $230,963.00 in fees and expenses of $1,625.00; (b) authorizing the payment to MHKH the remaining unpaid balance of such fees and costs incurred in the amount of $139,095.34; and (c) providing MHKH such other and further relief as to which it has shown itself to be justly entitled.

RESPECTFULLY SUBMITTED this 4th day of February, 2021.

**MUNSCH HARDT KOPF & HARR, P.C.**

By:  /s/ *Christopher D. Johnson*

Christopher D. Johnson
Tex. Bar No. 24012913
John D. Cornwell
Tex. Bar No. 24050450
Grant M. Beiner
Tex. Bar No. 24116090
700 Milam Street, Suite 2700
Houston, Texas 77002
713-222-1470 (tel.)
713-222-1475 (fax)
cjohnson@munsch.com
jcornwell@munsch.com
gbeiner@munsch.com

***Counsel for the Official Committee
of Unsecured Creditors***

4841-0199-2406v.2

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 4th day of February, 2021, I personally cause to be served a true and correct copy of the foregoing document, by filing same through the Court's CM/ECF system.

By: /s/ *Grant Beiner*
_____
Grant Beiner

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| SKLAR EXPLORATION | § Case No. 20-12377-EEB |
| COMPANY, LLC, *et al.*[8] | § |
| | § (Jointly Administered) |
| | § |
| Debtors. | |

**ORDER GRANTING SECOND INTERIM FEE APPLICATION OF MUNSCH HARDT
KOPF & HARR P.C., AS COUNSEL FOR THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM
<u>AUGUST 1, 2020 THROUGH NOVEMBER 30, 2020</u>**
**[Docket No. ___]**

This matter came on for consideration upon the *Second Interim Fee Application of Munsch Hardt Kopf & Harr P.C., as Counsel for the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period From August 1, 2020 Through November 30, 2020* (the "<u>Second Interim Fee Application</u>"), filed by Munsch Hardt Kopf & Harr PC (the "<u>Applicant</u>"); and it appearing to the Court that notice of the Application is sufficient and appropriate and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of this District, and that good causes exist to grant the relief requested in the Second Interim Fee Application for the reasons stated therein.  Accordingly, it is hereby

ORDERED that the Second Interim Fee Application is APPROVED and Applicant is hereby allowed, on an interim basis, compensation in the amount of $230,963.00, and reimbursement in the amount of $1,625.00, for a total interim award corresponding to the

---

[8] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930), and Sklarco, LLC (5432).

Application Period of $232,588.00, which amount constitutes an allowed (on an interim basis) administrative expense of the estates; it is further

ORDERED that the Debtors are authorized to disburse to Applicant the total amount of $139,095.34, comprising the unpaid compensation owed to Applicant pursuant to this Order.

DATED: _____, 2021

_____
HONORABLE ELIZABETH E. BROWN
UNITED STATES BANKRUPTCY JUDGE