UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 721417930 ) | Chapter 11 |
|     Debtor. ) | |
| ) | |
| ) | |
| SKLARCO, LLC ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 ) | |
|     Debtor. ) | Chapter 11 |

**STRAGO GROUP'S OBJECTION TO MOTION TO CONTINUE HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND SET RELATED DATES**
*[Relates to Dkt. No. 782]*

Strago Petroleum Corporation, Meritage Energy Limited, Gateway Exploration LLC, GCREW Properties, LLC and Harvest Gas Management, LLC (collectively referred to herein as the "Strago Group") and file this objection to Debtors' Motion To Continue Hearing on Adequacy of Disclosure Statement and Set Related Dates (the "Motion") and would show the Court as follows:

1. Strago Group requests that the Court deny the Motion or, alternatively, shorten the extensions requested by Debtors.

2. This is a simple case. There are only two Debtors. There is one secured lender. All equity is owned or controlled by Howard Sklar and his family. One Debtor has assets (Sklarco) and the other Debtor has almost none (SEC). Everyone admits that working interest owners advanced over $7,000,000 for future operations that vanished. Everyone also agrees that mismanagement, not a pandemic, caused Debtor's collapse.

Fortunately, for Debtors, oil prices have consistently increased since the Petition Date from $20.31 per barrel/ WTI[1] to $56.30 per barrel.

3.  Despite the simplicity of the case, rising commodities prices, millions in professional fees, and ten months of time, Debtors have yet to propose an adequate disclosure statement or confirmable plan. *See generally* Dkt. Nos. 781, 788, 789, & 790. For comparison sake, Chesapeake Energy Corporation, with over $9,000,000,000 in debt, filed bankruptcy in late June 2020 and confirmed a plan of reorganization on January 16, 2021.[2] The Sklar Debtors have lacked any sense of urgency to resolve this simple case. Thus, with history as our guide, the undersigned has no reason to believe that the next plan and disclosure statement are going to be any more confirmable than the prior one; resulting in additional delays prior to any confirmation.

4.  These delays and ever-increasing professional fees have obvious detrimental impacts on the unsecured creditors. Under the current plan, SEC's unsecured creditors (Class 6) are not scheduled to begin receiving any funds until two years after confirmation. *See* Dkt. No. 740 at p. 27. So, more delay pushes that date back even further.

5.  But of more immediate consequence is the fact that the working interest owners, like the Strago Group, who advanced the cash call monies and whose operating agreements are scheduled to be rejected, are left in limbo. For example, the Disclosure Statement states that the Debtors plan to reject the joint operating agreement associated

---

[1] WTI = West Texas Intermediate Crude
[2] *See In re Chesapeake Energy Corporation, et. al.*, Case no. 20-33233 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division at Dkt. No. 2915.

2

with the Mytrice Ellis #1 well. *See* Dkt. No. 740 at Ex. F & Ex. G.[3] As this Court may recall, the Strago Group, unsuccessfully, sought an order compelling the Debtors to assume or reject this JOA back in April 2020. *See* Dkt. Nos. 204 & 321. Under the Myrtice Ellis JOA, SEC collected approximately $1,700,000 in cash call advances from working interest owners, other than Sklarco, to drill the well. SEC's deadline to commence drilling operations was April 1, 2020 (the Petition Date). The basis for Strago Group's Motion to Compel Assumption or Rejection was the pending expiration of a lease necessary to drill that well. After denial of its motion, Strago Petroleum was able to obtain, at a cost, an extension of that lease. But the lease is currently set to expire again on May 20, 2021. Now that the Debtors have expressly stated that they intend to reject the Myrtice Ellis JOA, the Strago Group and other working interest owners need to be able to formulate their business plans of how to proceed with that prospect without SEC and Sklarco. But they cannot do so long as SEC is still designated as the operator and until there is a court approved rejection of the Myrtice Ellis JOA. This results in the working interest owners being held hostage by negotiations of a plan that does not appear to provide them any meaningful recovery. Additionally, there may be other working interest owners, whose JOAs the Debtors plan to reject, who are in a similar position.

6. For these reasons, the Strago Group requests that the Motion be denied. But if the Court is inclined to grant the Motion, Debtors should be required to file a new

---

[3] The Disclosure Statement actually proposes that the Debtors will assume the original Joint Operating Agreement associated with the Myrtice Ellis #1 well (*See* Dkt. No. 740 at Ex. D & E) and reject the Amended Joint Operating Agreement. Despite this obvious conflict, Debtors' counsel has informed the undersigned that the Debtors plan to reject both the original and amended JOAs.

3

Disclosure Statement and Plan by February 12, 2021 and set the hearing on the disclosure statement for a date no later than February 26, 2021.

Date: February 4, 2021

                Respectfully submitted,

                BUCK KEENAN LLP

                By: */s/ Robert L. Paddock*
                     ROBERT L. PADDOCK
                     State Bar No.: 24002723
                     2229 San Felipe, Suite 1000
                     Houston, Texas 77019
                     Telephone: (713) 225-4500
                     Facsimile: (713) 225-3719
                     rpaddock@buckkeenan.com

                ATTORNEY FOR STRAGO PETROLEUM CORPORATION, MERITAGE ENERGY, LTD., GATEWAY EXPLORATION, LLC, GCREW PROPERTIES, LLC AND HARVEST GAS MANAGEMENT, LLC

## **CERTIFICATE OF SERVICE**

     I certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record via CM/ECF filing and in compliance with the Federal Rules of Civil Procedure, on the 4th day of February, 2021.

                              */s/ Robert L. Paddock*
                              ROBERT L. PADDOCK