**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930<br><br>Debtor-in-Possession. | ) | Case No. 20-12377-EEB<br><br>Chapter 11 |
| IN RE:<br><br>SKLARCO, LLC<br>EIN: 72-1425432<br><br>Debtor-in-Possession. | ) | Case No. 20-12380-EEB<br><br>Chapter 11 |

***AD HOC* COMMITTEE OF WORKING INTEREST OWNERS' RESPONSE TO COURT ORDER DATED JANUARY 28, 2021 (DOCKET NO. 785)**

COMES NOW the *Ad Hoc* Committee of Working Interest Owners of Debtor Sklar Exploration Company, LLC (the "***Ad Hoc* Committee**"), by and through their undersigned counsel, for their Response (the "**Response**") to the Debtor's Motion to Continue Hearing on Adequacy of Disclosure Statement and Set Related Dates (Docket No. 782) (the "**Motion to Continue**") as directed by the Court's Order Dated January 28, 2021 (Docket No. 785) (the "**Order**").

**Background**

1. The members of the *Ad Hoc* Committee are identified in the *Supplemental Verified Statement Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure*. (Docket No. 721).

2. Each of the members of the *Ad Hoc* Committee own working interests in both the Southwest Brooklyn Oil Unit and the Southeast Brooklyn Oil Unit (collectively, the "**Brooklyn Oil Unit**").

3. Debtor Sklar Exploration Company, LLC ("**SEC**"), is the operator for the assets located within the Brooklyn Oil Unit and Debtor Sklarco, LLC also holds a working interest in the Brooklyn Oil Unit.

4. On December 18, 2020 after more than eight months since these cases were filed, the Debtors finally filed their Chapter Plan and Disclosure Statement. (Docket Nos. 739-740). The Disclosure Statement states that "SEC's continued operation of the South Brooklyn Oil Units is a necessary part of SEC's reorganization efforts, as SEC receives significant revenue from the operation of the [] Brooklyn Oil Unit[]." (Docket No. 740 at p. 14). The Debtors further state that operations of the Brooklyn Oil Unit is critical to their ability to repay creditors in Classes 5 and 6 under the Plan. (*Id*. at p. 27).

5. As a result of the filing of the Debtors' Disclosure Statement, the Court set a hearing on the adequacy thereof for February 11, 2021 (the "**Disclosure Statement Hearing**"). (Docket No. 743).

6. At the suggestion of the Court during a hearing on December 17, 2020, certain parties participated in a plan mediation conducted virtually. The participants included the Debtors, the *Ad Hoc* Committee, East West Bank ("**EWB**"), the Official Committee of Unsecured Creditors (the "**UCC**"), Howard Sklar, the Tauber Group and the JJS Group.

7. On January 27, 2021, the Debtors filed their Motion to Continue. As set forth in the Motion to Continue, the Debtors allege that, as a result of the voluntary mediation, "the general terms of an agreement as to the terms of an Amended Plan between EWB, the Committee, and the

Debtors" has been reached and that the terms of such agreement will be incorporated into an amended Disclosure Statement and amended Plan. (Docket No. 782 at ¶ 4-6). The Debtors requested that the Court: (a) continue the Disclosure Statement Hearing to an unknown date; (b) order the Debtors to file an amended Disclosure Statement and amended Plan no later than February 26, 2021; and (c) hold a status hearing. (*Id*. at ¶ 7). In other words, the Debtors indicated that they no longer intended to go forward with their initial plan of reorganization filed on December 18, 2020 but needed an additional month to finalize an amended plan that purportedly has been agreed to by only EWB and the UCC.

8. On February 2, 2021, the Debtors filed their Monthly Operating Report for December 2020 (Docket No. 795) (the "**December MOR**").

**Response**

9. Ongoing delays have plagued this Chapter 11 case for nearly one (1) year. Not only have the Debtors failed to show any meaningful progress in coming to a resolution of the numerous issues with their working interest owners, the Debtors have also burned through substantial cash since these Chapter 11 cases were filed. The Debtors reported ***negative*** net income by more than $9 million in their December MOR. (Docket No. 795 at p. 28, showing that post-petition net income is negative in the amount of $9,059,387). Significantly contributing to the cash burn is the fact that the professional fees in this case exceed $2,000,000 through December 2020 which excludes time related to a two (2) day mediation that occurred in January 2021 and the future amounts that will be expended in connection with a confirmation hearing. For instance, CR3, the Debtors' Chief Restructuring Officer, alone has expended more than $1.6 million in professional fees through December 2020 since his retention in June of 2020. The Debtors' operations and expenditures during these Chapter 11 cases have proven entirely unsustainable—

independent of the admissions regarding their prepetition misappropriation of cash call advances and working interest revenue. Thus, it is against this backdrop which the Debtors ask for more time to file an amended Disclosure Statement and amended Plan on account of the purported agreement they have reached with EWB and the UCC.

10. Contrary to the Debtors' views, the mediation was a failure because there were no agreements reached with ***any*** of the working interest owners who participated—not just the *Ad Hoc* Committee. As has been previously recognized by all parties, the working interest owners are a critical piece of the Debtors' business and their cooperation and/or consent must be the cornerstone of any Plan. Instead, the exclusion of any working interest owner in the purported agreement is a microcosm of how this Chapter 11 case has progressed: the working interest owners' voices are not being heard or respected.

11. The Debtors' current Plan, which has presumably been withdrawn due to the purported agreement referenced in the Motion to Continue but still remains pending, is patently unconfirmable for a variety of reasons including, but not limited to, violation of the absolute priority rule and that it is not feasible. However, the most glaring reason for the Plan being patently unconfirmable is that it fails to cure all defaults under assumed joint operating agreements (namely the removal of liens on the working interest owners' interest in wells operated by Sklar Exploration Co.) and seeks to pay cure costs to holders of assumed joint operating agreements, *i.e.*, working interest owners, in quarterly payments over an unknown period of time. (*See* Docket No. 740 at p. 14, Art. 6.2). The Debtors' desire to pay cure costs over time is a tacit admission, which is supported by the financials of this case, that they do not have the money to immediately pay such costs. As the Court and parties are familiar, cure payments of assumed executory contracts must be immediately made or the Debtors must provide adequate assurance that defaults will be

"promptly" cured. *See* 11 U.S.C. § 365(b)(1)(A). Given the current state of affairs, evidenced by the December MOR, the *Ad Hoc* Committee is deeply concerned that any amended Plan filed by the Debtors, regardless of support from EWB and the UCC, will suffer from the same defect of the current Plan: the Debtors cannot immediately cure all defaults or provide adequate assurance of a prompt cure as required by Section 365(b)(1)(A) thereby rending it patently unconfirmable. Simply put, after reviewing all of the information to date in these Chapter 11 cases, the Debtors do not have the resources to comply with their obligations under Section 365(b)(1)(A).[1]

12. The members of the *Ad Hoc* Committee, and presumably other working interest owners, will not ride along with the Debtors for any protracted period so the Debtors can stretch out their cure obligations—especially given the Debtors' conduct both pre- and post-petition. The Debtors' exercise of its fiduciary duty to all creditors, which includes the working interest owners, must be scrutinized by further delays which increase the cash burn and deepen the existing $9 million post-petition losses. Accordingly, the *Ad Hoc* Committee will seek to convert these Chapter 11 cases to Chapter 7 upon the filing of the amended Disclosure Statement and amended Plan.

13. With respect to the specific relief sought in the Motion to Continue, the delays created by the Debtors leave little choice but for the relief to be granted. However, the *Ad Hoc* Committee files this Response to bring these important issues to the Court's attention.

**Reservation of Rights**

14. The *Ad Hoc* Committee makes no admission of fact or law and reserves any rights, claims, objections, and defenses, that may be available to them before this Court and any other

[1] Perhaps the amended Disclosure Statement and amended Plan, which incorporates the purported agreement between the Debtors, EWB and UCC, will reveal a new mechanism as to how the Debtors fix the cure issue, *e.g.*, EWB will provide an exit credit facility, or the Debtors have located and secured additional equity.

court with competent jurisdiction over the parties and the matters at issue and any other matters involving the administration of this case, the estate, and the merits of the working interest owners. Nothing in this Response constitutes a waiver or release of any rights, claims, or defenses of the *Ad Hoc* Committee in this case or any other case or proceeding. The *Ad Hoc* Committee reserves the right to oppose Plan and Disclosure Statement filed by any party.

**[INTENTIONAL PAGE BREAK – SIGNATURE PAGE FOLLOWS]**

Dated: February 4, 2020.

Respectfully submitted,

***AD HOC* COMMITTEE OF WORKING INTEREST HOLDERS OF SKLAR EXPLORATION COMPANY, LLC, AND SKLARCO, LLC**

By: */s/Timothy M. Swanson*

Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street
6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

--and--

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 4, 2021, the foregoing ***AD HOC*** **COMMITTEE OF WORKING INTEREST OWNERS' RESPONSE TO COURT ORDER DATED JANUARY 28, 2021 (DOCKET NO. 785)** was filed on the Court's electronic filing system CM/ECF and was electronically served upon all parties receiving electronic notice.

/s/*Timothy M. Swanson*
Timothy M. Swanson