# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § | Bankruptcy Case No. 20-12377-EEB |
| | § | |
| Sklar Exploration Company, LLC, *et al*. | § | Chapter 11 |
| | § | |
| Debtors. | § | Jointly Administered |

### MCCOMBS ENERGY, LTD.'S SUPPLEMENTAL OBJECTION TO DEBTOR'S MOTION FOR CLARIFICATION OF ORDERS AND TO AUTHORIZE IMMEDIATE OFFSET OF JOINT INTEREST BILLING OBLIGATIONS

Comes now, McCombs Energy, Ltd. ("McCombs") and files this supplemental response and objection (the "Supplemental Objection") to the above-captioned debtors' *Motion for Clarification of Orders and to Authorize Immediate Offset of Joint Interest Billing Obligations* [Docket No. 551] (the "Motion"). In support of this Supplemental Objection, McCombs states the following:

1. Debtors Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco") (together, the "Debtors") originally filed the Motion on September 4, 2020. McCombs timely filed an objection to the Motion (the "Objection") and joined the objections filed by other working interest owners. *See* Docket No. 568. The Court held a hearing on the Motion on October 22, 2020 and entered an order the same day holding the Motion in abeyance. *See* Docket No. 630.

2. Now the Debtors file an emergency motion (the "Emergency Motion") requesting an expedited hearing on the Motion and asserting new allegations. *See* Docket No. 777. McCombs hereby renews its Objection, reasserts its joinder in the other objections to the Motion, and responds to the Debtors' new allegations as set forth herein.

3. In the five months since the Motion was filed, the Debtors have incurred a shockingly large amount of professional fees and requested numerous postponements while

718291.1
80572.00125

making no progress in this bankruptcy case except for proposing a bankruptcy plan that is unconfirmable on its face. To the extent that the Emergency Motion asserts the Debtors are bordering on administrative insolvency, such a predicament is plainly of the Debtors' own making. The Debtors' delays have exacerbated their professional fees, and any purported administrative insolvency cannot be primarily attributed to the unpaid JIBs of working interest owners.

4. As the Debtors prolong this bankruptcy case, the uncertainty for unsecured creditors grows. McCombs is owed at least $432,145.18 for prepetition working interest revenues that the Debtors failed to pay. While McCombs' unpaid JIBs now exceed the prepetition claim owed to it, the actions of the Debtors and their professionals during this case provide no assurance (a) that a confirmable plan is forthcoming (or even possible), (b) that JIB payments will not be misused by the Debtors (as was the case with some prepetition JIB payments), or (c) that the Debtors will have the ability to make future revenue payments to working interest owners.

5. Indeed, after filing the Emergency Motion, instead of waiting for the Court to rule, the Debtors willfully violated the two Court orders for which they seek "clarification": the *Final Order Authorizing Use of Cash Collateral, Granting Adequate Protection, and Providing Related Relief* [Docket No. 433] ("Final Cash Collateral Order") and the *Order Authorizing Payment of Working Interest Obligations and Limited Offset of Joint Interest Billing Obligations* [Docket No. 317] ("Oil and Gas Order") (together, "Orders"). Specifically, the Orders (a) require the Debtors to pay working interest revenues to working interest owners, and (b) authorize the Debtors to offset unpaid joint interest billings against revenue owed to a working interest holder *only* when "expressly authorized to do so in writing by that working interest holder." *See* Docket No. 317 at 2; Docket No. 433 at 11.

6. Even though McCombs has not authorized an offset, the Debtors intentionally withheld payment to McCombs in January in express violation of the Court's rulings. Upon information and belief, the Debtors also withheld payment to a number of other working interest owners.

7. Just because the Debtors have buyer's remorse with regard to the heavily negotiated Final Cash Collateral Order, the Debtors cannot now ask the Court to rewrite its prior order without pleading and proving each element of Bankruptcy Rule 9023 (incorporating Fed. R. Civ. P. 59) or Bankruptcy Rule 9024 (incorporating Fed. R. Civ. P. 60).

8. There are proper ways to alter or amend a court order. Asking for "clarification" without citing applicable authority or legal precedent is not one.

## CONCLUSION

McCombs incorporates herein by reference all arguments contained in the Objection and joins in all objections filed to the Motion or Emergency Motion.

WHEREFORE, McCombs hereby requests that the Court deny the Motion.

DATED: February 5, 2020　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Stephen K. Lecholop II*
　　　　　　　　　　　　　　　　　　Stephen K. Lecholop II
　　　　　　　　　　　　　　　　　　State Bar No. 24070119
　　　　　　　　　　　　　　　　　　slecholop@rpsalaw.com
　　　　　　　　　　　　　　　　　　ROSENTHAL PAUERSTEIN
　　　　　　　　　　　　　　　　　　SANDOLOSKI AGATHER LLP
　　　　　　　　　　　　　　　　　　755 East Mulberry, Suite 200
　　　　　　　　　　　　　　　　　　San Antonio, Texas 78212
　　　　　　　　　　　　　　　　　　Telephone: (210) 225-5000
　　　　　　　　　　　　　　　　　　Facsimile: (210) 354-4034

　　　　　　　　　　　　　　　　　　**ATTORNEY FOR MCCOMBS ENERGY, LTD.**
　　　　　　　　　　　　　　　　　　**AND MCCOMBS EXPLORATION, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February 2020, a true and correct copy of the foregoing was served by electronic transmission upon all registered ECF users appearing in this case in compliance with the Federal Rules of Civil Procedure and the Court's Local Bankruptcy Rules.

                                                */s/ Stephen K. Lecholop II*
                                                Stephen K. Lecholop II