IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930<br><br>Debtor-in-Possession. | )<br>)<br>) Case No. 20-12377-EEB<br>)<br>) Chapter 11<br>)<br>) |
| IN RE:<br><br>SKLARCO, LLC<br>EIN: 72-1425432<br><br>Debtor-in-Possession. | )<br>)<br>) Case No. 20-12380-EEB<br>)<br>) Chapter 11<br>)<br>) |

### *AD HOC* COMMITTEE OF WORKING INTEREST OWNERS' *EX PARTE* MOTION FOR A RULE 2004 EXAM OF NETHERLAND, SEWELL & ASSOCIATES, INC.

**COMES NOW**, the *Ad Hoc* Committee of Working Interest Owners of Debtors Sklar Exploration Company, LLC, and Sklarco, LLC (the "***Ad Hoc* Committee**"), by and through their undersigned counsel, for their *Ex Parte* Motion (the "**Motion**") for a Rule 2004 Exam of Netherland, Sewell & Associates, Inc. In support of the Motion, the *Ad Hoc* Committee states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over these Chapter 11 cases pursuant to 28 U.S.C. §§ 157(a) and (b), and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) as this matter concerns the administration of the Debtor's estate. The rule based predicate for relief in this Motion is Rule 2004 of the Bankruptcy Rules and L.B.R. 2014-1. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**Background**

A. **Background Regarding the *Ad Hoc* Committee's Interests.**

2. The members of the *Ad Hoc* Committee are identified in the *Supplemental Verified Statement Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure*. (Docket No. 721).

3. Each of the members of the *Ad Hoc* Committee own working interests in both the Southwest Brooklyn Oil Unit and the Southeast Brooklyn Oil Unit (collectively, the "**Brooklyn Oil Unit**").

4. SEC is the operator for the assets located within the Brooklyn Oil Unit and Sklarco also holds a working interest in the Brooklyn Oil Unit.

B. **Background Regarding these Bankruptcy Cases.**

5. On April 1, 2020 (the "**Petition Date**"), the Debtors commenced these Chapter 11 cases when they filed their voluntary petitions. (Docket No. 1).

6. On December 18, 2020, the Debtors filed their Chapter Plan and Disclosure Statement. (Docket Nos. 739-740). The Disclosure Statement states that "SEC's continued operation of the South Brooklyn Oil Units is a necessary part of SEC's reorganization efforts, as SEC receives significant revenue from the operation of the [] Brooklyn Oil Unit[]." (Docket No. 740 at p. 14). The Debtors further state that operations of the Brooklyn Oil Unit is critical to their ability to repay creditors in Classes 5 and 6 under the Plan. (*Id*. at p. 27).[1]

---

[1] The Debtors indicate that they will be amending their Disclosure Statement on account of a purported agreement reached with the Official Committee of Unsecured Creditors and East-West Bank. (Docket No. 782 at ¶ 4). The Debtors have yet to withdraw or amend the Disclosure Statement and/or share the exact details of their agreement with their creditors. Accordingly, the Disclosure Statement remains pending.

2

7. The value of the Debtors' assets, and, consequently, its ability to perform under the Plan are dependent upon the extent of remaining reserves in the Brooklyn Oil Unit. Post-petition, the Debtors had paid for and obtained from Netherland, Sewell & Associates, Inc. ("**NSAI**"), a report regarding the nature and extent of the Debtors' reserves. The Debtors have shared the NSAI reports with their creditors, however, the underlying assumptions and data that have been provided to NSAI have not yet been shared. The underlying assumptions and data of NSAI reports are critical to the *Ad Hoc* Committee in order to better understand the nature of the Debtors' assets—for which all working interest owners share a substantial economic interest in—and whether the working interests in the Brooklyn Oil Unit have further deteriorated during these Chapter 11 cases. Furthermore, the assumption and data underlying the NSAI reports—and communications related thereto—are necessary to determine whether the Debtors have improperly influenced NSAI in preparing its report. In fact, the NSAI report explicitly states that the Debtor had provided certain data to NSAI which formed the basis of its report. Accordingly, the *Ad Hoc* Committee seeks limited document discovery from NSAI as set forth on Exhibit 1 hereto.

## Relief Requested

8. Pursuant to Rule 2004 of the Bankruptcy Rules, good cause exists for the *Ad Hoc* Committee to request and obtain specific documents from NSAI as set forth on Exhibit 1 hereto. Pursuant to L.B.R. 2014-1(b), the *Ad Hoc* Committee requests that the Court order the production of documents to be made be received be no later than the date that is fourteen (14) days after service following entry of an order granting this Motion.

**Argument**

9. Rule 2004(a) states that "[o]n motion of any party in interest, the court may order the examination of any entity." The discovery requested by the *Ad Hoc* Committee is well within the scope of examination permitted under Bankruptcy Rule 2004, which includes:

> the acts, conduct, or ***property*** or . . . the liabilities and financial condition of the debtor, or . . . ***any matter which may affect the administration of the debtor's estate***, or to the debtor's right to a discharge. In a . . . reorganization case under chapter 11 of the Code, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. P. 2004(b) (Scope of Examination) (emphasis added).

10. Rule 2004 "is a basic discovery device used in bankruptcy cases." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 275 (D. Colo. 1991). Rule 2004 permits the party invoking it to undertake a broad inquiry of the examinee and has been likened to a "fishing expedition," although its use is not unlimited. *See Blinder*, 127 B.R. at 274; *see also In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (E.D. Pa. 1990) ("The scope of a [Rule] 2004 examination is even broader than that of discovery permitted under the F.R.CIV.P., which themselves contemplate broad, easy access to discovery.").

11. "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and its whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (quoting *Cameron v. United States*, 231 U.S. 710, 717 (1914)). The scope of inquiry permitted in a Rule 2004 examination is extremely broad. *See, e.g., In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y.); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

12. Here, good cause exists for the production of the documents, data and assumptions provided to NSAI in order for the *Ad Hoc* Committee members to protect their legitimate interests in the Brooklyn Oil Unit. *See In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) ("Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests."). As set forth above, the documents requested on the attached Exhibit 1 relate to the Brooklyn Oil Unit. Further, as admitted by the Debtors, repayment of the holders of Class 5 and 6 claims is heavily reliant upon the success of the Brooklyn Oil Unit and, thus, information supplied to NSAI regarding the extent of the reserves contained therein, and assumptions related thereto, is discoverable under Rule 2004. Moreover, the requested discovery directly relates to the value of the *Ad Hoc* Committee's working interests in the Brooklyn Oil Unit. Accordingly, for the reasons set forth herein, the *Ad Hoc* Committee respectfully requests that this Court enter an order authorizing the production of documents identified in Exhibit 1 on no less than 14 days' notice as permitted under L.B.R. 2014-1(b).

## Reservation of Rights

The *Ad Hoc* Committee reserves the right to conduct further discovery in these Chapter 11 cases from of any other creditor, party in interest, or insider at any time in connection with this Bankruptcy Case, any proceeding or contested matter in this Bankruptcy Case, or any other case or proceeding in a court of competent jurisdiction.

## Conclusion

WHEREFORE, the *Ad Hoc* Committee respectfully requests that the Court enter an order granting the Motion which authorizes the *Ad Hoc* Committee to request and obtain specific

5

documents from NSAI as set forth on <u>Exhibit 1</u> hereto, and for all such other and further relief this Court deems fair and equitable under the circumstances.

**[INTENTIONAL PAGE BREAK – SIGNATURE PAGE FOLLOWS]**

Dated: February 5, 2021. Respectfully submitted,

**AD HOC COMMITTEE OF WORKING INTEREST HOLDERS OF SKLAR EXPLORATION COMPANY, LLC, AND SKLARCO, LLC**

By: /s/Timothy M. Swanson
Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street
6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

--and--

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

## Certificate of Service

I hereby certify that on this 5th day of February 2021, I caused the foregoing ***Ad Hoc Committee of Working Interest Owners' Ex Parte Motion for a Rule 2004 Exam of Netherland, Sewell & Associates, Inc.*** to be served *via* CM/ECF to all parties that have filed electronic appearances and requested service in this case.

*s/Timothy M. Swanson*
Timothy M. Swanson