## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>**Sklar Exploration Company, LLC,**<br><br>Debtor. | **Case No. 20-12377-EEB**<br>**Chapter 11** |
| In re:<br><br>**Sklarco, LLC,**<br><br>Debtor. | **Case No. 20-12380-EEB**<br>**Chapter 11**<br><br>**Jointly Administered Under**<br>**Case No. 20-12377-EEB** |

### LIMITED RESPONSE TO OBJECTIONS TO CONTINUE DISCLOSURE STATEMENT HEARING AND STATEMENT IN SUPPORT OF CONTINUED NEGOTIATIONS

Howard F. Sklar and the Howard Sklar Trust (the "Howard Trust") respectfully submit this limited response to certain objections filed to the request by the debtors and debtors-in-possession, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together with SEC, the "Debtors"), to continue the February 11, 2021 hearing on approval of their disclosure statement (the "Disclosure Statement Hearing"), as follows:

### I.  INTRODUCTION

Howard Sklar and the Howard Trust support the Debtors' efforts to confirm a plan with the support of East-West Bank ("EWB") and SEC's unsecured creditors. Mr. Sklar supports the efforts of CR3 Partners, LLC, the Debtors' Chief Restructuring Officer (the "CRO"), to achieve a consensual confirmation and will continue to do so as long as a consensual confirmation is achievable. Recent objections to the Debtors' motion to continue the Disclosure Statement Hearing, however, raise significant concerns for Mr. Sklar and the Howard Trust to the extent that certain unsecured creditors of SEC operate under the misguided notion that their rights

4797578.1

extend to both Debtors' assets or that they have a legal right to determine what happens to the Howard Trust's equity in Sklarco through these chapter 11 cases. They do not.

The Howard Trust directly owns 100% of the equity in each Debtor. Sklarco and SEC are sibling entities and, as such, neither has an equity interest in the other. Most of the unsecured creditors that have appeared in this case have claims against SEC, but very few have claims against Sklarco. As a result, Sklarco is a solvent entity, and any residual value in Sklarco after covering EWB's secured claims and the claims of *Sklarco's* unsecured creditors belongs to the Howard Trust and the various other family trusts and interests that Mr. Sklar manages as trustee.

Nevertheless, in the absence of third-party financing, Mr. Sklar and the family trusts that he manages have effectively loaned more than $2 million to SEC during its chapter 11 case. This money has come from outside investments and oil and gas revenue that Sklarco generated on its account – revenue that otherwise would have been distributed to the Howard Trust and other Sklar family trusts, subject to EWB's loan. Indeed, more than $2 million in net revenue (after payment of joint interest billing obligations to SEC and outside operators) has been generated by Sklarco through oil and gas and other investments since the beginning of this case. None of this revenue has been distributed to Mr. Sklar or the family trusts he oversees. Sklarco and the Sklar family trusts are no less entitled to their revenue share than the other working interest owners from SEC are entitled to theirs.

Much of the funding that Sklarco and the Sklar family trusts provided was necessary because certain of SEC's working interest owners have failed to pay their joint interest billing obligations during this case. These funds were provided with the hope that they would enable SEC to continue to fund its chapter 11 expenses and other obligations while working toward

2

negotiations to formulate and confirm a consensual plan that would enhance recovery for SEC's unsecured creditors beyond what they would receive if SEC's chapter 11 case fails.

Mr. Sklar and the Howard Trust submit this statement in a spirit of continued collaboration toward a consensual plan.

## II. BRIEF FACTUAL BACKGROUND

1. Howard Sklar and certain of his family members formed the Debtors in 1998.

2. The Howard Trust directly owns 100% of the equity interests in each Debtor.

**A. Sklarco Holds Assets as Agent for Sklar Family Trusts and Estates.**

3. Sklarco was formed to hold legal title to certain oil and gas and other interests on behalf of Mr. Sklar, the Howard Trust, and other trusts and estates that Mr. Sklar manages as trustee for certain family members (collectively, the "Sklarco Principals"). Sklarco serves as legal agent for the Sklarco Principals in connection with their interests. Virtually all of the assets that Sklarco holds are in this capacity. Sklarco does not have substantial assets outside of those it is holding as agent for the Sklarco Principals, and SEC has never held or owned these assets.

4. To govern this relationship, the Debtors and the Sklarco Principals entered into an Agency Services Agreement, dated July 2, 2010 (as amended, the "Agency Services Agreement"). Under the Agency Services Agreement, each Sklarco Principal retained Sklarco to continue to develop, maintain, and manage oil and gas interests and other property on its behalf. Each Sklarco Principal designated Sklarco, and Sklarco agreed to serve, as each Sklarco Principal's true and lawful agent and attorney in fact with respect to the property it holds for the Sklarco Principal. To that end, the Agency Services Agreement is clear that Sklarco serves as a legal agent for each of the Sklarco Principals.

3

**B.    Sklarco is Solvent.**

5.    Sklarco is a solvent entity on a going concern basis according to the CRO's recent flings.

6.    Based on the most recent reserve report that the CRO commissioned, Sklarco's undivided interest in its oil and gas leases is approximately $28.8 million. (Disclosure Statement, Ex. A, SEC Docket No. 740.)

7.    Meanwhile, Sklarco's amended schedules filed by the CRO show liabilities owed *by Sklarco* of approximately $22.6 million. Approximately $22.35 million of these liabilities is owed to EWB on account of its secured loan. (Sklarco Summary of Assets and Liabilities, Sklarco Docket No. 51.) Mr. Sklar and the Howard Trust understand that Sklarco's analysis of the proofs of claim filed in its chapter 11 case is ongoing but also understand that Sklarco currently believes that once the claims reconciliation process is complete, the unsecured claims against Sklarco will be less than $500,000. (Disclosure Statement, at 19.)

**C.    Howard Trust and Other Principals Have Loaned More Than $2 Million to SEC's Reorganization Efforts Through Their Interests in Sklarco.**

8.    Since the chapter 11 cases were commenced, the Howard Trust and other Sklarco Principals have contributed more than $2 million to SEC's reorganization efforts through post-petition loans and their revenue share at Sklarco.

9.    To that end, Mr. Sklar, the Howard Trust, and certain other family trusts loaned $1,233,000 to the Debtors (the "DIP Loan") pursuant to a Lending Agreement (the "DIP Lending Agreement") and associated Promissory Note. The Court approved the DIP Loan by order entered on June 15, 2020 [Docket No. 431].

10.    Under the DIP Lending Agreement, the proceeds of the DIP Loans were to be used to provide financial strength to the Debtors and to fund their operating and administrative

expenses during their chapter 11 cases. (DIP Lending Agreement, ¶ 4.) While the balance due to the lenders of the DIP Loan may be credited against any judgment entered against them on account of a chapter 5 cause of action, the DIP Loan is subordinate to repayment of the claims held by the general unsecured creditors of either Debtor. (DIP Lending Agreement, ¶ 7.)

11. In addition to the DIP Loan, Sklarco has loaned at least $1 million to SEC during the chapter 11 cases. (*See* Sklarco Monthly Operating Report for Period 12/1/2020 to 12/31/2020, Form 2-B (Cash Receipts and Disbursements Statement) [Sklarco Docket No. 70].) The primary source of these loans is revenue and other income generated from oil and gas and other assets that the Howard Trust and other family trusts maintain at Sklarco.

**D. Plan, Disclosure Statement, Mediation, and Disclosure Statement Hearing.**

12. The Debtors filed their chapter 11 plan and associated disclosure statement on December 18, 2020 [Docket Nos. 739, 740].

13. The Court entered an order on December 21, 2020, setting the Disclosure Statement Hearing for February 11, 2021 [Docket No. 743].

14. Meanwhile, a mediation was held in January 2021, in an effort to resolve issues among the various parties and constituents in connection with confirmation of a chapter 11 plan (the "Mediation"). Mr. Sklar attended the Mediation.

15. On January 22, 2021, the Debtors filed their Expedited Motion to Set Hearing on Motion for Clarification of Orders and to Authorize Immediate Offset of Joint Interest Billing Obligations [Docket No. 777] (the "Motion to Expedite JIB Motion").

16. In the Motion to Expedite JIB Motion, the Debtors advise that certain working interest owners whose interests are operated by SEC are not paying their joint interest bills and that SEC's cash flow is starting to suffer from their refusal to pay their bills. (Motion to Expedite JIB Motion, ¶¶ 4, 10.) The balance of past-due joint interest bills owed to SEC by

5

working interest owners is more than $2.1 million. (*Id*., ¶ 11.) According to SEC, it has only maintained its operations "by relying heavily" on use of cash collateral in the form of intercompany loans from Sklarco as a working interest owner and non-operated assets that generate revenue "resulting in Sklarco contributing far more than its proportionate share of JIBs to SEC's continued operations." (*Id*., ¶ 14.)

17. The Court set a non-evidentiary hearing on the Debtors' Motion to Expedite JIB Motion for February 11, 2020 [Docket No. 778].

18. Meanwhile, given the ongoing negotiations among the Debtors, EWB, and the SEC unsecured creditors' committee, the Debtors filed a motion to continue the Disclosure Statement Hearing on January 27, 2021 [Docket No. 782] (the "Motion to Continue Disclosure Statement Hearing").

19. The Court entered an order on January 28, 2021, setting February 4 as the deadline to object to the Debtors' request to continue the Disclosure Statement Hearing [Docket No. 785].

### III. LIMITED RESPONSE TO OBJECTIONS TO MOTION TO CONTINUE DISCLOSURE STATEMENT HEARING

20. Mr. Sklar and the Howard Trust do not oppose continuing the Disclosure Statement Hearing as the Debtors request and accordingly did not file papers prior to the February 4 deadline to oppose the motion. Indeed, Mr. Sklar and the Howard Trust wish to see both Debtors succeed in their reorganization efforts.

21. To that end, while certain working interest owners have failed to pay the more than $2.1 million that they owe to SEC, Sklarco and the Sklarco Principals, including Mr. Sklar and the Howard Trust, have loaned more $2 million through the DIP Loan and other intercompany loans to keep SEC afloat so that it can potentially reorganize. Mr. Sklar and the

6

Howard Trust remain willing to discuss additional contributions in the context of a consensual plan to help facilitate a successful reorganization.

22. But absent a consensual plan, Mr. Sklar and the Howard Trust must protect their rights. To that end, certain objections filed by SEC working interest owners raise issues and repeat theories previously asserted by certain parties in these cases that Mr. Sklar and the Howard Trust must address as they mischaracterize rights that SEC working interest owners have with respect to Sklarco and its assets.

23. Specifically, the objection filed by Pickens Financial Group LLC, the Rudman Partnership, Tauber Exploration and Production Company, CTM 2005, Ltd., and MER Energy, Ltd. on February 4, 2021, argues, among other things, that (i) the plan violates the absolute priority rule because the Howard Trust remains in place as owner of *the Debtors*, (ii) the Debtors have been used as a "personal piggy bank" for the Howard Trust and other family trusts, and (iii) the Debtors should be substantively consolidated [Docket No. 802]. The *ad hoc* committee of working interest owners also threatens to seek conversion of *both* Debtors' chapter 11 cases [Docket No. 800].

24. The assets that Sklarco holds were independently conveyed to Sklarco by the Howard Trust and family trusts and estates that Mr. Sklar manages. Sklarco's assets simply do not belong to SEC's creditors. Given Mr. Sklar's role as trustee the various trusts and estates that have assigned their assets to Sklarco as their agent under the Agency Services Agreement and the Howard Trust's role as the equity owner of a solvent Sklarco, both Mr. Sklar and the Howard Trust will protect the assets that Sklarco holds and oppose attempts by SEC's creditors to reach Sklarco's assets or otherwise contest the Howard Trust's rights to maintain its equity in Sklarco as a solvent entity. Mr. Sklar and the Howard Trust dispute global allegations that

Sklarco has been used as their "personal piggy bank" and will oppose any attempt to substantively consolidate Sklarco's estate with SEC's estate. Sufficient grounds simply do not exist to do so. Howard Sklar and the Howard Trust will also oppose any attempt by SEC's creditors to convert Sklarco's chapter 11 case. Indeed, if SEC's chapter 11 case fails, SEC creditors should no longer expect Mr. Sklar and the Howard Trust to support Sklarco's continuing to loan SEC money.

25. While Mr. Sklar acknowledges that SEC's creditors have threatened various claims against him, Sklarco, and the family trusts that he manages, he disputes those claims; and the claims should not stand in the way of a successful reorganization of either Debtor. Mr. Sklar and the Howard Trust join in the Debtors' request to continue the Disclosure Statement Hearing and support the parties' efforts to continue working together toward a consensual chapter 11 plan for each Debtor.

Dated: February 10, 2021

By: */s/ Adam L. Hirsch*
Adam L. Hirsch, Reg. No. 44306
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: adam.hirsch@dgslaw.com

*Counsel to Howard F. Sklar and the Howard Sklar Trust*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 10, 2021, the foregoing **LIMITED RESPONSE TO OBJECTIONS TO CONTINUE DISCLOSURE STATEMENT HEARING AND STATEMENT IN SUPPORT OF CONTINUED NEGOTIATIONS** was filed on the Court's electronic filing system CM/ECF and was electronically served upon all parties receiving electronic notice.

*/s/ Robin E. Anderson*
Robin E. Anderson