UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## MOTION PURSUANT TO 11 U.S.C. § 1121 FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS FOR FILING AND GAINING ACCEPTANCE OF A PLAN OF REORGANIZATION

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco"), by and through their attorneys, Kutner Brinen, P.C., move the Court for entry of an Order pursuant to 11 U.S.C. §1121(d), granting an extension of the exclusive period to file their Plan of Reorganization and to gain acceptance of their Plan of Reorganization, and as grounds therefore state as follows:

### BACKGROUND

1. The Debtors filed for relief under chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtors remain Debtors-in-Possession.

2. The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") on April 16, 2020.

3. SEC is engaged in business as an independent exploration and production company in the oil and gas industry. SEC is an operating company and does not own oil or gas properties. SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. SEC's exploration and production activities are primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle. SEC is also developing properties and opportunities in the western United

States, though no oil or gas production has been produced from the wells in the western United States.

4. Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

5. The Debtors previously sought an extension of the exclusivity period by which they are required to file their Plan of Reorganization through and including December 18, 2020, and the period by which the Debtors are required to gain acceptance of their Plan through and including February 16, 2021.

6. The Debtors filed their Joint Plan of Reorganization and Disclosure Statement to Accompany the Plan on December 18, 2020.

7. Since the filing of the Joint Plan and Disclosure Statement, the Debtors have participated in a two day mediation regarding the terms of the Joint Plan, and have had settlement discussions with a number of parties in interest, including the Ad Hoc Committee of Working Interest Holders. The settlement discussions have resulted in an agreement in principle with the Committee and East West Bank, which is being incorporated into an Amended Joint Plan and Amended Disclosure Statement.

8. At a hearing on February 11, 2021, the Court set February 26, 2021 as the deadline to file their Amended Plan and Disclosure Statement.

9. The Debtors **are not** seeking to extend the deadline to file their Amended Plan. However, to ensure that the Debtors have sufficient time to solicit acceptance of their Amended Plan, the Debtors request an extension of the exclusivity period for sixty-two (62) days, through and including April 19, 2021.

**RELIEF REQUESTED**

10. Pursuant to 11 U.S.C. §1121(d), this Court may, for cause, extend the exclusive period for the Debtors to file their Plan of Reorganization and gain acceptances of their Plan of Reorganization.

11. "Cause" for the purposes of section 1121(d) is not defined by the Bankruptcy Code. *In re Adelphia Communs. Corp.*, 352 B.R. 578, 586-87 (Bankr. S.D.N.Y. 2006). In determining whether "cause" exists to extend exclusivity, the bankruptcy court will generally conduct a fact

specific inquiry, and has broad discretion in determining whether cause exists to extend the exclusivity period. *Id.*

12. "The Debtor's exclusive opportunity at plan formulation is a key element in the delicate balance struck by Congress to encourage the consensual development of reorganization plans." *Matter of Homestead Partners, Ltd.*, 197 B.R. 706, 719 n.14 (Bankr. N.D. Ga. 1996). The exclusivity period provides the debtor with an opportunity to negotiate a consensual plan with its creditors, and, as long as the debtor is making good faith progress toward reorganization, the exclusivity period should not be terminated. *See Interco,* 137 B.R. at 1001. "The issue to be determined is not whether some other plan may exist which provides greater recovery; the issue is whether the Debtor has been diligent in his efforts to reorganize." *In re Express One International,* 194 B.R. 98, 101 (Bankr. E.D. Tex. 1996) (Court denied motion to terminate exclusivity and granted Debtor's motion for additional extension of exclusive period).

13. The Debtors have made good faith efforts towards reorganizing, including substantial reductions in overhead expenses, proposing an initial Plan and Disclosure Statement, participating in a mediation over the Plan, and continuing settlement discussions following the mediation. Agreements reached with the Committee and East West Bank, and any additional agreements reached with working interest holders, will be incorporated into an Amended Plan that will be filed on February 26, 2021.

14. The Debtors are current on all post-petition obligations and expenses, including payments to the Bank, payments to vendors, and distributions of post-petition revenue owed to interest holders. Revenue remains segregated for interest holders and the pre-petition issues identified by certain working interest holders with the Debtors' management of cash have been corrected by the Debtors with the CRO.

15. To ensure that the Debtors are not litigating over a competing plan(s), extension of the exclusivity period is warranted to facilitate ongoing discussions regarding the Plan of Reorganization, and to allow the Debtors to solicit acceptance of their Plan, as amended.

16. Termination of the exclusivity period could result in multiple plans being filed which would delay reorganization and result in unnecessary time and litigation over competing Plans and would impede the progress that has been made with respect to negotiations over the Plan.

17. Accordingly, extending the exclusivity period for filing and gaining acceptance of a Plan for an additional sixty-two (62) days is necessary and warranted in the Debtors' cases.

18. Counsel for the Debtors has conferred with counsel for the Committee and the Bank. The Bank does not oppose the requested relief. The Committee is still considering the Motion.

19. In accordance with Fed. R. Bankr. P. 2002, L.B.R. 2002-1 and 2081-2(c), and the *Order Granting Ex Parte Motion for Order Limiting Notice* (Docket No. 263), notice of this Motion is being provided to: 1) the United States Trustee; 2) the Committee; 3) the Bank; 4) all secured and priority creditors; and 5) those parties who have entered an appearance and requested notice; and 6) the 20 largest unsecured creditors.

WHEREFORE, the Debtors pray that this Court enter an Order extending the exclusivity period for an additional 62 days, and for such further and additional relief as to the Court may appear proper.

DATED: November 20, 2020        Respectfully submitted,

By:   */s/ Keri L. Riley*
Jeffrey S. Brinen, #20565
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln St., Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com