UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| _____ ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**MOTION TO ASSUME SHIPPS CREEK PARTICIPATION AND OPERATING AGREEMENT AND RECORDING SUPPLEMENT**
**(Sklarco, LLC)**

The Debtor, Sklarco, LLC ("Sklarco" or "Debtor"), by and through its attorneys, Kutner Brinen, P.C., move the Court for entry of an Order pursuant to 11 U.S.C. §365(a) and Bankruptcy Rules 6006 and 9014 authorizing Sklarco, LLC's assumption of the Shipps Creek Participation & Operating Agreement, and Recording Supplement, and as grounds therefor, states as follows:

**BACKGROUND**

1. The Debtor filed for relief under chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtor remains a Debtor-in-Possession.

2. Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

3. Pre-petition, on or about June 1, 2012, the Debtor entered into a Participation Agreement covering the Shipps Creek Prospect (Conecuh & Escambia Counties, AL) dated effective as of June 1, 2012, by and between Sklar Exploration Company, as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "F" an Operating Agreement (A.A.P.L. Model Form 610-1982) dated June 1, 2012 covering the Shipps Creek Prospect

(Conecuh & Escambia Counties, AL), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators. The parties to the above described Operating Agreement (or their successors-in-interest) further executed a Recording Supplement to the Operating Agreement effective June 1, 2012 (The Participation Agreement, Operating Agreement and Recording Supplement, together with all attachments and amendments thereto, are hereinafter referred to as the "Shipps Creek Participation & Operating Agreement.") All lands, title, rights, interests described in the Participation & Operating Agreement are hereinafter described as the property (the "Property" or "Properties") in Conecuh and Escambia Counties, Alabama. A copy of the Shipps Creek Participation & Operating Agreement is attached hereto as Exhibit 1.

4. Sklarco in exercising its business judgment, has determined that the Shipps Creek Participation & Operating Agreement provides a benefit to Sklarco, its estate, and its creditors, and therefore seeks to assume the Shipps Creek Participation & Operating Agreement.

## RELIEF REQUESTED

5. Sklarco in exercising its business judgment, has concluded that the Shipps Creek Participation & Operating Agreement provides a benefit to the Debtor, its estate, and its reorganization efforts, and therefore seeks to assume the Shipps Creek Participation & Operating Agreement pursuant to § 365(a) of the Bankruptcy Code.

6. Pursuant to 11 U.S.C. § 365(a), the debtor may, subject to court approval, assume or reject any executory contract or unexpired lease of the debtor.

7. Assumption or rejection of an executory agreement by a debtor is subject to Court review under the business judgment standard. *See Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1659 (2019); *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *In re Mile High Medal Systems, Inc.*, 899 F.2d 887, 896 (10th Cir. 1990); *In re Grayhall Resources, Inc.*, 63 B.R. 382, 384 (Bankr. D. Colo. 1986).

8. Pursuant to the business judgment test, the debtor's decision to assume or reject an executory contract should be approved when the debtor decides, in good faith, that assumption or rejection is beneficial to the estate. *In re Chipwich, Inc.*, 54 B.R. 427, 430-431 (Bankr. S.D.N.Y. 1985) ("it is enough, if, as a matter of business judgment, rejection of the burdensome contract may benefit the estate"). Under § 365(a), "the debtor's business judgment should not be interfered with, absent a showing of bad faith or abuse of business discretion."

*Chipwich, Inc.,* 54 B.R. 430-31. As stated by one Court, "Court approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course." *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981).

9. Assumption of the Shipps Creek Participation & Operating Agreement is necessary and beneficial to Sklarco, as it provides a means for operation of Sklarco's working interest in the Property, provides Sklarco with a proportionate share of the profits from the sale of oil and gas produced by the Property, and similarly obligates Sklarco for a proportionate share of the expenses associated with operating the Property.

10. If Sklarco does not assume the Shipps Creek Participation & Operating Agreement, it will risk losing all or some of the revenue derived from its working interest and an efficient means by which its interest in the Property will be managed, thereby resulting in a significant loss of value to an asset of Sklarco's estate. Assumption of the Shipps Creek Participation & Operating Agreement is necessary to ensure that Sklarco maintains its working interest in the Property and does not lose the value of and revenue from its interest in the Property.

11. The average monthly joint interest billing obligations for the Shipps Creek Property are reasonable, and are generally less than the revenue Sklarco derives from its interest in the property. Historically, the Property has generated approximately $10,499 per month in net cash flow for Sklarco.

12. Sklarco is not in default under the Shipps Creek Participation & Operating Agreement, and therefore no cure is required for Sklarco to assume the Participation & Operating Agreement.

13. Accordingly, assumption of the Shipps Creek Participation & Operating Agreement is a sound exercise of the Sklarco's business judgment, and will result in a benefit to the Sklarco, its estate, and its creditors.

14. Notice of this Motion is being provided to all parties who have entered their appearance in the jointly administered bankruptcy case and the counterparties to the Shipps Creek Participation & Operating Agreement, as identified on Exhibit 2.

WHEREFORE, Sklarco prays the Court make and enter an Order authorizing Sklarco's assumption of the Shipps Creek Participation & Operating Agreement, and for such further and additional relief as to the Court may appear just and proper.

Dated: February 25, 2021 　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By:  　/s/ Keri L. Riley　
　　　　　　　　　　　　　　　　　　　　　　Jeffrey S. Brinen, #20565
　　　　　　　　　　　　　　　　　　　　　　Keri L. Riley, #47605
　　　　　　　　　　　　　　　　　　　　　　**KUTNER BRINEN, P.C.**
　　　　　　　　　　　　　　　　　　　　　　1660 Lincoln St., Suite 1850
　　　　　　　　　　　　　　　　　　　　　　Denver, CO   80264
　　　　　　　　　　　　　　　　　　　　　　Tel: 303-832-2400
　　　　　　　　　　　　　　　　　　　　　　E-mail: klr@kutnerlaw.com

## CERTIFICATE OF SERVICE

I certify that on February 25, 2021, I served a complete copy of the foregoing **MOTION TO ASSUME SHIPPS CREEK PARTICIPATION & OPERATING AGREEMENT & RECORDING SUPPLEMENT (SKLARCO, LLC)** on the following parties **and those parties included on Exhibit 2 to the Motion** in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Bryce A. Suzuki, Esq.
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ 85004-2202

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

| | |
|---|---|
| Jeremy L. Retherford, Esq.<br>Balch & Bingham, LLP<br>1901 Sixth Avenue North<br>Suite 1500<br>Birmingham, Alabama 35203 | Matthew J. Ochs, Esq.<br>Holland & Hart, LLP<br>555 Seventeenth Street<br>Suite 3200<br>P.O. Box 8749<br>Denver, CO 80201-8749 |
| Shay L. Denning, Esq.<br>Thomas H. Shipps, Esq.<br>Maynes, Bradford, Shipps & Sheftel, LLP<br>835 East Second Avenue<br>Suite 123<br>Durango, CO 81301 | Robert Padjen, Esq.<br>Deanna Lee Westfall, Esq.<br>Assistant Attorney General<br>Colorado Department of Law<br>1300 Broadway<br>8th Floor<br>Denver, CO 80203 |
| Timothy M. Swanson, Esq.<br>Moye White LLP<br>1400 16th Street<br>6th Floor<br>Denver, CO 80202-1486 | Joseph E. Bain, Esq.<br>Jones Walker LLP<br>811 Main Street<br>Suite 2900<br>Houston, TX 77002 |
| Madison Tucker, Esq.<br>Jones Walker LLP<br>201 St. Charles Avenue<br>Suite 5100<br>New Orleans, Louisiana 70170 | Barnet B. Skelton, Jr., Esq.<br>815 Walker<br>Suite 1502<br>Houston, TX 77002 |
| Amy L. Vazquez, Esq.<br>Jones Walker LLP<br>811 Main Street<br>Suite 2900<br>Houston, TX 77002 | Matthew S. Okin, Esq.<br>John Thomas Oldham, Esq.<br>Okin Adams, LLP<br>1113 Vine Street<br>Suite 240<br>Houston, TX 77002 |
| Christopher H. Meredith, Esq.<br>Copeland Cook Taylor & Bush, P.A.<br>1076 Highland Colony Parkway<br>600 Concourse, Suite 200<br>P.O. Box 6020<br>Ridgeland, Mississippi 39158-6020 | Michael L. Niles, Esq.<br>Brian G. Rich, Esq.<br>Berger Singerman LLP<br>313 North Monroe Street<br>Suite 301<br>Tallahassee, FL 32301 |
| David R. Taggart, Esq.<br>Bradley Murchison Kelly & Shea, LLC<br>401 Edwards Street<br>Suite 1000<br>Shreveport, Louisiana 71101 | Jordan B. Bird, Esq.<br>Cook Yancey King & Galloway, APLC<br>333 Texas Street<br>Suite 1700<br>P.O Box 22260<br>Shreveport, Louisiana 71120-2260 |

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, Mississippi 39205

Robert L. Paddock, Esq.
Buck Keenan, LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine, LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, Louisiana 71166

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Katherine A. Ross, Esq.
U.S. Attorney's Office for the
  District of Colorado
Assistant United States Attorney
1801 California Street
Suite 1600
Denver, CO 80202

Stephen K. Lecholop II, Esq.
Rosenthal Pauerstein, Esq.
Sandoloski Agather LLP
755 East Mulberry, Suite 200
San Antonio, TX 78212

John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Christopher D. Johnson, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 2700
Houston, TX 77002

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett
McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Brian G. Rich, Esq.
Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Ryco Exploration, LLC
401 Edwards Street
Suite 915
Shreveport, LA 71101
ATTN: M. Robin Smith

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

Katherine Guidry Douthitt, Esq.
Blanchard Walker O'Quin & Roberts
P.O. Box 1126
Shreveport, Louisiana 71163

Theodore J. Hartl, Esq.
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596

Belinda Harrison
58 County Road 5033
Heidelberg, MS 39439

Jeff Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
11 Greenway Plaza
Suite 1400
Houston, TX 77046


Chris Crowley, Esq.
Feldmann Nagel Cantafio, PLLC
1875 Lawrence Street
Suite 730
Denver, CO 80202

Andrew J. Shaver, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203

John H. Smith
Quitman Tank Solutions, LLC
P.O. Box 90
Quitman, MS 39355

Casey C. Breese, Esq.
Welborn Sullivan Meck & Tooley, P.C.
1125 17th Street
Suite 2200 South
Denver, CO 80202

Michael E. Riddick, Esq.
Katherine Guidry Douthill, Esq.
Blanchard Walker O'Quin & Roberts, P.C.
333 Texas Street
Regions Tower
Suite 700
Shreveport, Louisiana 71101

Adam L. Hirsch, Esq.
Davis Graham & Stubbs LLP
1550 Seventeenth Street
Suite 500
Denver, CO 80202

**/s/Vicky Martina**
**Vicky Martina**
**Kutner Brinen PC**