UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**MOTION TO ASSUME**
**ESCAMBIA PARTICIPATION AGREEMENT, OPERATING AGREEMENT, AND**
**RECORDING SUPPLEMENT**
**(Sklarco, LLC)**

The Debtor, Sklarco, LLC ("Sklarco" or "Debtor"), by and through its attorneys, Kutner Brinen, P.C., moves the Court for entry of an Order pursuant to 11 U.S.C. §365(a) and Bankruptcy Rules 6006 and 9014 authorizing Sklarco, LLC's assumption of the Escambia Prospect Participation Agreement, Operating Agreement, and Recording Supplement, and as grounds therefor, states as follows:

**BACKGROUND**

1. The Debtor filed for relief under chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtor remains a Debtor-in-Possession.

2. Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

3. Pre-petition, on or about November 1, 2006, the Debtor entered into a Participation Agreement covering the Escambia Prospect (Escambia and Conecuh Counties, AL), by and between Sklar Exploration Company, as Operator, and Sklarco L.L.C., et al., as Participants, which includes as Exhibit "D" an Operating Agreement (A.A.P.L. Model Form 610-1982) dated November 1, 2006 covering the Escambia Prospect (Escambia and Conecuh

Counties, AL), by and between Sklar Exploration Company L.L.C., as Operator, and Sklarco L.L.C., et al., as Non-Operators. The parties to the above described Operating Agreement (or their successors-in-interest) further executed a Recording Supplement to the Operating Agreement effective November 1, 2006. The Operating Agreement was subsequently amended by instrument effective November 1, 2011 and instrument effective March 1, 2020. The Participation Agreement, Operating Agreement and Recording Supplement, together with all attachments and amendments thereto, are hereinafter referred to as the "Participation & Operating Agreement." All lands, title, rights, and interests described in the Participation & Operating Agreement are hereinafter described as the "Property" or "Properties" in Escambia and Conecuh Counties, Alabama. A copy of the Escambia Participation & Operating Agreement is attached hereto as Exhibit 1.

4. Sklarco in exercising its business judgment, has determined that the Escambia Participation & Operating Agreement provides a benefit to Sklarco, its estate, and its creditors, and therefore seeks to assume the Escambia Participation & Operating Agreement.

**RELIEF REQUESTED**

5. Sklarco in exercising its business judgment, has concluded that the Escambia Participation & Operating Agreement provides a benefit to the Debtor, its estate, and its reorganization efforts, and therefore seeks to assume the Escambia Participation & Operating Agreement pursuant to § 365(a) of the Bankruptcy Code.

6. Pursuant to 11 U.S.C. § 365(a), the debtor may, upon court approval, assume or reject any executory contract or unexpired lease of the debtor.

7. Assumption or rejection of an executory agreement by a debtor is subject to Court review under the business judgment standard. *See Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1659 (2019); *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *In re Mile High Medal Systems, Inc.*, 899 F.2d 887, 896 (10th Cir. 1990); *In re Grayhall Resources, Inc.*, 63 B.R. 382, 384 (Bankr. D. Colo. 1986).

8. Pursuant to the business judgment test, the debtor's decision to assume or reject an executory contract should be approved when the debtor decides, in good faith, that assumption or rejection is beneficial to the estate. *In re Chipwich, Inc.*, 54 B.R. 427, 430-431 (Bankr. S.D.N.Y. 1985) ("it is enough, if, as a matter of business judgment, rejection of the burdensome contract may benefit the estate"). Under § 365(a), "the debtor's business judgment should not be interfered with, absent a showing of bad faith or abuse of business discretion."

*Chipwich, Inc.,* 54 B.R. 430-31. As stated by one Court, "Court approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course." *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981).

9. Assumption of the Escambia Participation & Operating Agreement is necessary and beneficial to Sklarco, as it provides a means for operation of Sklarco's working interest in the Property, provides Sklarco with a proportionate share of the profits from the sale of oil and gas produced by the Property, and similarly obligates Sklarco for a proportionate share of the expenses associated with operating the Property.

10. If Sklarco does not assume the Escambia Participation & Operating Agreement, it will risk losing all or some of the revenue derived from its working interest and an efficient means by which its interest in the Property will be managed, thereby resulting in a significant loss of value to an asset of Sklarco's estate. Assumption of the Escambia Participation & Operating Agreement is necessary to ensure that Sklarco maintains its working interest in the Property and does not lose the value of and revenue from its interest in the Property.

11. The average monthly joint interest billing obligations for the Property are reasonable, and are generally less than the revenue Sklarco derives from its interest in the Property. Historically, the Property has generated approximately $3,523 per month in net cash flow for the Debtor.

12. Sklarco is not in default under the Escambia Participation & Operating Agreement, and therefore no cure is required for Sklarco to assume the Escambia Participation & Operating Agreement.

13. Accordingly, assumption of the Escambia Participation & Operating Agreement is a sound exercise of Sklarco's business judgment, and will result in a benefit to Sklarco, its estate, and its creditors.

14. Notice of this Motion is being provided to all parties who have entered their appearance in the jointly administered bankruptcy case and the counterparties to the Escambia Participation & Operating Agreement, as identified on Exhibit 2.

[remainder of page intentionally left blank]

WHEREFORE, Sklarco prays the Court make and enter an Order authorizing Sklarco's assumption of the Escambia Participation & Operating Agreement, and for such further and additional relief as to the Court may appear just and proper.

Dated: February 26, 2021          Respectfully submitted,

By:   */s/ Keri L. Riley*_____
Jeffrey S. Brinen, #20565
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln St., Suite 1850
Denver, CO 80264
Tel: 303-832-2400
E-mail: klr@kutnerlaw.com

# CERTIFICATE OF SERVICE

I certify that on February 26, 2021, I served a complete copy of the foregoing **MOTION TO ASSUME ESCAMBIA PARTICIPATION AGREEMENT, OPERATING AGREEMENT, AND RECORDING SUPPLEMENT (SKLARCO, LLC)** on the following parties **and those parties included on Exhibit 2 to the Motion** in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Bryce A. Suzuki, Esq.
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ 85004-2202

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, Mississippi 39158-6020

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, Louisiana 71101

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, Louisiana 71120-2260

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, Mississippi 39205

Robert L. Paddock, Esq.
Buck Keenan, LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine, LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, Louisiana 71166

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Katherine A. Ross, Esq.
U.S. Attorney's Office for the
 District of Colorado
Assistant United States Attorney
1801 California Street
Suite 1600
Denver, CO 80202

Stephen K. Lecholop II, Esq.
Rosenthal Pauerstein, Esq.
Sandoloski Agather LLP
755 East Mulberry, Suite 200
San Antonio, TX 78212

John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Christopher D. Johnson, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 2700
Houston, TX 77002

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett
McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Brian G. Rich, Esq.
Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Ryco Exploration, LLC
401 Edwards Street
Suite 915
Shreveport, LA 71101
ATTN: M. Robin Smith

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

Katherine Guidry Douthitt, Esq.
Blanchard Walker O'Quin & Roberts
P.O. Box 1126
Shreveport, Louisiana 71163

Theodore J. Hartl, Esq.
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596

Belinda Harrison
58 County Road 5033
Heidelberg, MS 39439

Jeff Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
11 Greenway Plaza
Suite 1400
Houston, TX 77046

Chris Crowley, Esq.
Feldmann Nagel Cantafio, PLLC
1875 Lawrence Street
Suite 730
Denver, CO 80202

Andrew J. Shaver, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203

John H. Smith
Quitman Tank Solutions, LLC
P.O. Box 90
Quitman, MS 39355

Casey C. Breese, Esq.
Welborn Sullivan Meck & Tooley, P.C.
1125 17th Street
Suite 2200 South
Denver, CO 80202

Michael E. Riddick, Esq.
Katherine Guidry Douthill, Esq.
Blanchard Walker O'Quin & Roberts, P.C.
333 Texas Street
Regions Tower
Suite 700
Shreveport, Louisiana 71101

Adam L. Hirsch, Esq.
Davis Graham & Stubbs LLP
1550 Seventeenth Street
Suite 500
Denver, CO 80202


**/s/Vicky Martina**
**Vicky Martina**
**Kutner Brinen PC**