UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| _____ | ) | Case No. 20-12380-EEB |
| | ) | |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**MOTION TO REJECT MYRTICE ELLIS JOINT OPERATING AGREEMENT**
**(Sklar Exploration Company, LLC)**

The Debtor, Sklar Exploration Company, LLC ("SEC" or "Debtor"), by and through its attorneys, Kutner Brinen, P.C., moves the Court for entry of an Order authorizing SEC to reject the Myrtice Ellis Joint Operating Agreement, and in support thereof, states as follows:

1.      The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 1, 2020.  The Debtor remains a Debtor-in-Possession.

2.      The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") on April 16, 2020.

3.      SEC is engaged in business as an independent exploration and production company in the oil and gas industry.  SEC is an operating company and does not own oil or gas properties. SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama.  SEC's exploration and production activities are primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle.  SEC is also developing properties and opportunities in the western United States, though no oil or gas production has been produced from the wells in the western United States.

4.      Pre-petition, SEC entered into an Amended and Restated Model Form Operating Agreement (A.A.P.L. Form 610-1982) dated December 15, 2019, by and between Sklar Exploration Company, LLC as Operator and Sklarco, LLC, et al. as Non-Operators (together with all amendments and attachments thereto, the "Myrtice Ellis JOA") for the property more

specifically described as: E ½ Section 35 and W ½ of Section 36 Township 4 North, Range 10 East, Conecuh County, Alabama the ("Property").  A copy of the Myrtice Ellis JOA is attached hereto as Exhibit 1.

5.      Pursuant to the Myrtice Ellis JOA, SEC, acting as operator, was required to drill an initial well on the Property on or before April 1, 2020.

6.      While some work was commenced on the Property, the initial well was not drilled, and no initial well has been drilled since that time.

7.      On February 26, 2021, SEC filed its Amended Joint Plan of Reorganization, pursuant to which SEC will proceed with an orderly wind down and liquidation.

8.      As a result of the prospective wind down, SEC, in exercising its business judgment, has determined that rejections of the Myrtice Ellis JOA is in the best interests of the Debtor, its estate, and it creditors.

**RELIEF REQUESTED**

9.      Assumption or rejection of executory contracts or unexpired leases by a debtor is subject to Court review under the business judgment standard.  See *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Mile High Medal Systems, Inc.*, 899 F.2d 887, 896 (10th Cir. 1990); *In re Grayhall Resources, Inc.*, 63 B.R. 382, 384 (Bankr. D. Colo. 1986).

10.      Pursuant to the business judgment test, the debtor's decision to assume or reject an executory contract or an unexpired lease should be approved when the debtor decides, in good faith, that assumption or rejection is beneficial to the estate.  *In re Chipwich, Inc.*, 54 B.R. 427, 430-431 (Bankr. S.D.N.Y. 1985) ("it is enough, if, as a matter of business judgment, rejection of the burdensome contract may benefit the estate").  Under Section 365(a), "the debtor's business judgment should not be interfered with, absent a showing of bad faith or abuse of business discretion." *Chipwich, Inc.,* 54 B.R. 430-31.  As stated by one court, "Court approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course." *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981).

11.      SEC is exercising its business judgment in rejecting the Mytice Ellis JOA. SEC will be winding down its operations upon confirmation of its Amended Plan and therefore will not be proceeding with any drilling operations.  Additionally, even if SEC were to reorganize, SEC cannot afford to complete the work necessary to drill the initial well.

12.     Accordingly, it is in the best interests of the Debtor, its estate, and its creditors that the Myrtice Ellis JOA be rejected.

13.     Notice of this Motion is being provided to all parties who have entered their appearance in the above captioned case and all counter parties to the Myrtice Ellis JOA.  In accordance with the Court's *Minute Order Dated February 11, 2021*, notice for the Myrtice Ellis JOA has been shortened to seven (7) days.

WHEREFORE, Sklar Exploration Company, LLC prays that the Court make and enter an Order rejecting Myrtice Ellis JOA, and for such further and additional relief as to the Court may appear proper.

Dated: February 26, 2021                    Respectfully submitted,


By:    /s/  Keri L. Riley
            Jeffrey S. Brinen, #20565
            Keri L. Riley, #47605
            **KUTNER BRINEN, P.C.**
            1660 Lincoln Street, Suite 1850
            Denver, CO 80264
            Telephone: (303) 832-2400
            E-Mail: klr@kutnerlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**ORDER AUTHORIZING SKLAR EXPLORATION COMPANY, LLC'S REJECTION
OF THE MYRTICE ELLIS JOINT OPERATING AGREEMENT**

THIS MATTER, having come before the Court on Sklar Exploration Company, LLC's Motion to Reject Myrtice Ellis Joint Operating Agreement ("Motion"), notice having been provided and no objection having been filed, and good cause being shown to the Court for the granting of the requested relief, it is hereby

ORDERED

That the Motion is GRANTED. The Amended and Restated Model Form Operating Agreement (A.A.P.L. Form 610-1982) dated December 15, 2019, by and between Sklar Exploration Company, LLC as Operator and Sklarco, LLC, et al. as Non-Operators, is hereby is deemed rejected by Sklar Exploration Company, LLC.

Done and entered this _____ day of _____, 2021 at Denver, Colorado.

_____
Honorable Elizabeth E. Brown
United States Bankruptcy Court Judge

#