UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**OMNIBUS MOTION TO REJECT JOINT OPERATING AGREEMENTS
AND RELATED OIL AND GAS CONTRACTS
(Sklar Exploration Company, LLC)**

The Debtor, Sklar Exploration Company, LLC ("SEC" or "Debtor"), by and through its attorneys, Kutner Brinen, P.C., moves the Court for entry of an Order authorizing SEC to reject the Joint Operating Agreements and related oil and gas contracts attached to this Motion on Exhibit 1, and in support thereof, states as follows:

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtor remains a Debtor-in-Possession.

2. The Office of the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") on April 16, 2020.

3. SEC is engaged in business as an independent exploration and production company in the oil and gas industry. SEC is an operating company and does not own oil or gas properties. SEC has its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. SEC's exploration and production activities are primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle. SEC is also developing properties and opportunities in the western United States, though no oil or gas production has been produced from the wells in the western United States.

4. On the Petition Date, SEC was a party to a number of Operating Agreement, Unit Operating Agreement, Unit Participation Agreements, and related oil and gas contracts.

5. Pre-petition, SEC defaulted under a number of its Operating Agreements by failing to pay revenue owed to certain working interest owners. In order to assume the Operating Agreements and remain in operation, SEC would be required to cure all monetary defaults under the Operating Agreements, resulting in cure claims in the amount of approximately $3 million.

6. After the filing of the Joint Plan of Reorganization on December 18, 2020, SEC attempted to negotiate a resolution of issues related to the nature, amount, and payment of cure claims with certain working interest holders, including the Ad Hoc Committee of Working Interest Owners.

7. The Debtors and EWB proposed to reduce payments under an amended Plan to EWB following confirmation in order to increase payments to cure claims, putting forth a proposal that, under the Debtors' projections, would result in payment in full of all cure claims over a period of three months. As a condition to the improved treatment of the cure claims, the Ad Hoc Committee members were obligated to agree not to seek or effectuate the removal of SEC as operator of the oil and gas properties for a period of time. The proposal was ultimately rejected on this basis, with certain additional working interest owners further rejecting the proposal as the cure was extended, and not paid in full on the effective date of the Plan.

8. Given the continued issues regarding the payment of cure claims, and the uncertainty regarding SEC's retention of the operatorship of certain properties, SEC's reorganization has become uneconomic. Absent this uncertainty, a reorganized SEC would provide additional value to unsecured creditors, but with a looming fight over operatorship of various oil and gas assets and without the support of key parties, the Debtors do not see a path forward for SEC.

9. As a result, on February 26, 2021, SEC filed its Amended Joint Plan of Reorganization, pursuant to which SEC will proceed with an orderly wind down and liquidation upon confirmation of the Plan.

10. As a result of the prospective wind down, SEC, in exercising its business judgment, has determined that rejection of its Joint Operating Agreements, Unit Operating Agreements, and related oil and gas agreements (the "Oil and Gas Agreements") is in the best interests of the Debtor, its estate, and reorganization efforts. A list of those contracts to be rejected is attached hereto as Exhibit 1.

11. Assumption or rejection of executory contracts or unexpired leases by a debtor is subject to Court review under the business judgment standard. See *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Mile High Medal Systems, Inc.*, 899 F.2d 887, 896 (10th Cir. 1990); *In re Grayhall Resources, Inc.*, 63 B.R. 382, 384 (Bankr. D. Colo. 1986).

12. Pursuant to the business judgment test, the debtor's decision to assume or reject an executory contract or an unexpired lease should be approved when the debtor decides, in good faith, that assumption or rejection is beneficial to the estate. *In re Chipwich, Inc.*, 54 B.R. 427, 430-431 (Bankr. S.D.N.Y. 1985) ("it is enough, if, as a matter of business judgment, rejection of the burdensome contract may benefit the estate"). Under Section 365(a), "the debtor's business judgment should not be interfered with, absent a showing of bad faith or abuse of business discretion." *Chipwich, Inc.,* 54 B.R. 430-31. As stated by one court, "Court approval under Section 365(a), if required, except in extraordinary situations, should be granted as a matter of course." *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981).

13. SEC is exercising its business judgment in rejecting the Oil and Gas Agreements. SEC will be winding down its operations upon confirmation of its Amended Plan and therefore must reject the Oil and Gas Agreements.

14. Accordingly, it is in the best interests of the Debtor, its estate, and its reorganization efforts that the Oil and Gas Agreements be rejected.

15. Notice of this Motion is being provided to all creditors and parties in interest in this case to ensure notice to all counter parties to the Oil and Gas Agreements.

16. To ensure that the oil and gas properties remain in operation prior to confirmation of the Amended Plan and through an orderly transition to a new, duly appointed operator, SEC requests that any Order entered authorizing SEC's rejection of the Oil and Gas Agreements become effective upon confirmation of the Amended Plan of Reorganization.

**[remainder of page intentionally left blank]**

WHEREFORE, Sklar Exploration Company, LLC prays that the Court make and enter an Order rejecting those Operating Agreements and related oil and gas contracts identified on Exhibit 1 to the Motion, and for such further and additional relief as to the Court may appear proper.

Dated: February 26, 2021 Respectfully submitted,

By: */s/ Keri L. Riley*
Jeffrey S. Brinen, #20565
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com