UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**MOTION TO ASSUME**
**Clarksville Cotton Valley Unit - Unit Agreement & Unit Operating Agreement**
**(Sklarco, LLC)**

The Debtor, Sklarco, LLC ("Sklarco" or "Debtor"), by and through its attorneys, Kutner Brinen, P.C., move the Court for entry of an Order pursuant to 11 U.S.C. §365(a) and Bankruptcy Rules 6006 and 9014 authorizing Sklarco, LLC's assumption of the Clarksville Cotton Valley Unit - Unit Agreement & Unit Operating Agreement, and as grounds therefor, states as follows:

**BACKGROUND**

1.      The Debtor filed for relief under chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtor remains a Debtor-in-Possession.

2.      Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida Panhandle, and the western United States.

3.      Pre-petition, on or about January 25, 1990, Sklarco entered into a Unit Agreement Clarksville Cotton Valley Unit dated January 25, 1990 covering lands more fully described in the agreement by and between parties who have signed the original or other instrument agreeing to become a part hereto in Red River County, Texas (together with all attachments and amendments thereto, the "Unit Agreement"). Contemporaneously upon entering into the Unit Agreement, Sklarco also entered into a Unit Agreement & Unit Operating Agreement Clarksville Cotton

Valley Unit dated January 25, 1990 covering lands more fully described in the agreement in Red River County, Texas by and between SFM Holdings, Inc., as Operator and Non-Operators, (together with all attachments and amendments thereto, the "Unit Agreement & Unit Operating Agreement") with St. Mary Land & Exploration Co as operator. All lands, title, rights, interests described in the Unit Agreement & Unit Operating Agreement are hereinafter described as the property (the "Property" or "Properties") in Red River County, Texas. A copy of the Unit Agreement & Unit Operating Agreement is attached hereto as Exhibit 1.

4. Sklarco in exercising its business judgment, has determined that the Unit Agreement & Unit Operating Agreement provides a benefit to Sklarco, its estate, and its creditors, and therefore seeks to assume the Unit Agreement & Unit Operating Agreement.

**RELIEF REQUESTED**

5. Sklarco in exercising its business judgment, has concluded that the Unit Agreement & Unit Operating Agreement provides a benefit to the Debtor, its estate, and its reorganization efforts, and therefore seeks to assume the Unit Agreement & Unit Operating Agreement pursuant to § 365(a) of the Bankruptcy Code.

6. Pursuant to 11 U.S.C. § 365(a), the debtor may, subject to court approval, assume or reject any executory contract or unexpired lease of the debtor.

7. Assumption or rejection of an executory agreement by a debtor is subject to Court review under the business judgment standard. *See Mission Prod. Holdings v. Tempnology, LLC*, 139 S. Ct. 1652, 1659 (2019); *NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *In re Mile High Medal Systems, Inc.*, 899 F.2d 887, 896 (10th Cir. 1990); *In re Grayhall Resources, Inc.*, 63 B.R. 382, 384 (Bankr. D. Colo. 1986).

8. Pursuant to the business judgment test, the debtor's decision to assume or reject an executory contract should be approved when the debtor decides, in good faith, that assumption or rejection is beneficial to the estate. *In re Chipwich, Inc.*, 54 B.R. 427, 430-431 (Bankr. S.D.N.Y. 1985) ("it is enough, if, as a matter of business judgment, rejection of the burdensome contract may benefit the estate"). Under § 365(a), "the debtor's business judgment should not be interfered with, absent a showing of bad faith or abuse of business discretion." *Chipwich, Inc.,* 54 B.R. 430-31. As stated by one Court, "Court approval under Section 365(a), if required, except in

extraordinary situations, should be granted as a matter of course." *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981).

9. Assumption of the Unit Agreement & Unit Operating Agreement is necessary and beneficial to Sklarco, as it provides a means for operation of Sklarco's working interest in the Property, provides Sklarco with a proportionate share of the profits from the sale of oil and gas produced by the Property, and similarly obligates Sklarco for a proportionate share of the expenses associated with operating the Property.

10. If Sklarco does not assume the Unit Agreement & Unit Operating Agreement, it will risk losing all or some of the revenue derived from its working interest and an efficient means by which its interest in the Property will be managed, thereby resulting in a significant loss of value to an asset of Sklarco's estate. Assumption of the Unit Agreement & Unit Operating Agreement is necessary to ensure that Sklarco maintains its working interest in the Property and does not lose the value of and revenue from its interest in the Property.

11. The average monthly JIBs for the Property are reasonable, and are generally less than the revenue Sklarco derives from its interest in the property. Historically, the Property has generated approximately $41 per month in net cash flow for the Debtor.

12. Sklarco is not in default under the Unit Agreement or Unit Operating Agreement, and therefore no cure is required for Sklarco to assume both the Unit Agreement & Unit Operating Agreement.

13. Accordingly, assumption of the Unit Agreement & Unit Operating Agreement is a sound exercise of the Sklarco's business judgment, and will result in a benefit to the Sklarco, its estate, and its creditors.

14. Notice of this Motion is being provided to all parties who have entered their appearance in the jointly administered bankruptcy case and the counterparties to the Unit Agreement & Unit Operating Agreement, as identified on Exhibit 2.

WHEREFORE, Sklarco prays the Court make and enter an Order authorizing Sklarco's assumption of the Clarksville Cotton Valley Unit - Unit Agreement & Unit Agreement & Unit Operating Agreement, and for such further and additional relief as to the Court may appear just and proper.

Dated: March 1, 2021                              Respectfully submitted,

                                                                   By: */s/ Keri L. Riley*
                                                                        Jeffrey S. Brinen, #20565
                                                                         Keri L. Riley, #47605
                                                                         **KUTNER BRINEN, P.C.**
                                                                         1660 Lincoln St., Suite 1850
                                                                         Denver, CO   80264
                                                                         Tel: 303-832-2400
                                                                         E-mail: klr@kutnerlaw.com

## CERTIFICATE OF SERVICE

I certify that on March 1, 2021, I served a complete copy of the foregoing **MOTION TO ASSUME Clarksville Cotton Valley Unit - Unit Agreement & Unit Agreement & Unit Operating Agreement (SKLARCO, LLC)** on the following parties **and those parties included on Exhibit 2 to the Motion** in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Bryce A. Suzuki, Esq.
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ 85004-2202

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, Mississippi 39158-6020

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, Louisiana 71101

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, Louisiana 71120-2260

| | |
|---|---|
| Paul H. Stephenson III, Esq.<br>Jim F. Spencer, Jr., Esq.<br>Watkins & Eager, PLLC<br>P.O. Box 650<br>Jackson, Mississippi 39205 | John D. Cornwell, Esq.<br>Grant M. Beiner, Esq.<br>Christopher D. Johnson, Esq.<br>Munsch Hardt Kopf & Harr, P.C.<br>700 Milam Street<br>Suite 2700<br>Houston, TX 77002 |
| Robert L. Paddock, Esq.<br>Buck Keenan, LLP<br>2229 San Felipe<br>Suite 1000<br>Houston, TX 77019 | Ryan M. Seidemann, Esq.<br>Assistant Attorney General<br>Civil Division/Lands and Natural Resources<br>P.O. Box 94005<br>Baton Rouge, Louisiana 70804-9005 |
| David M. Miller, Esq.<br>Spencer Fane LLP<br>1700 Lincoln Street<br>Suite 2000<br>Denver, CO 80203 | Jennifer J. Hardy, Esq.<br>Willkie Farr & Gallagher, LLP<br>600 Travis Street<br>Houston, TX 77002 |
| Kevin S. Neiman, Esq.<br>Law Offices of Kevin S. Neiman, P.C.<br>999 18th Street<br>Suite 1230 South<br>Denver, CO 80202 | Craig M. Geno, Esq.<br>Law Offices of Craig M. Geno, PLLC<br>587 Highland Colony Parkway<br>Ridgeland, MS 39157 |
| Curtis R. Shelton, Esq.<br>Jennifer Norris Soto, Esq.<br>Ayres Shelton Williams Benson & Paine, LLC<br>333 Texas Street, Suite 1400<br>P.O. Box 1764<br>Shreveport, Louisiana 71166 | Armistead M. Long, Esq.<br>Gordon Arata Montgomery Barnett<br>McCollam Duplantis & Eagan, LLC<br>400 East Kaliste Saloon Road<br>Suite 4200<br>Lafayette, Louisiana 70508 |
| Ryan J. Lorenz, Esq.<br>Clark Hill PLC<br>14850 North Scottsdale Road<br>Suite 500<br>Scottsdale, Arizona 85254 | Brian G. Rich, Esq.<br>Michael J. Niles, Esq.<br>Berger Singerman LLP<br>313 North Monroe Street<br>Suite 301<br>Tallahassee, FL 32301 |
| Katherine A. Ross, Esq.<br>U.S. Attorney's Office for the<br> District of Colorado<br>Assistant United States Attorney<br>1801 California Street<br>Suite 1600<br>Denver, CO 80202 | Ryco Exploration, LLC<br>401 Edwards Street<br>Suite 915<br>Shreveport, LA 71101<br>ATTN: M. Robin Smith |
| Stephen K. Lecholop II, Esq.<br>Rosenthal Pauerstein, Esq.<br>Sandoloski Agather LLP<br>755 East Mulberry<br>Suite 200 | Victoria Argeroplos, Esq.<br>Jackson Walker LLP<br>1401 McKinney Street<br>Suite 1900<br>Houston, TX 77010 |

San Antonio, TX 78212

| | |
|---|---|
| Katherine Guidry Douthitt, Esq.<br>Blanchard Walker O'Quin & Roberts<br>P.O. Box 1126<br>Shreveport, Louisiana 71163<br>Theodore J. Hartl, Esq.<br>Ballard Spahr LLP<br>1225 17th Street<br>Suite 2300<br>Denver, CO 80202-5596<br>Belinda Harrison<br>58 County Road 5033<br>Heidelberg, MS 39439 | Andrew J. Shaver, Esq.<br>Bradley Arant Boult Cummings LLP<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>John H. Smith<br>Quitman Tank Solutions, LLC<br>P.O. Box 90<br>Quitman, MS 39355<br>Casey C. Breese, Esq.<br>Welborn Sullivan Meck & Tooley, P.C.<br>1125 17th Street<br>Suite 2200 South<br>Denver, CO 80202 |
| Jeff Carruth, Esq.<br>Weycer Kaplan Pulaski & Zuber, P.C.<br>11 Greenway Plaza<br>Suite 1400<br>Houston, TX 77046 | Michael E. Riddick, Esq.<br>Katherine Guidry Douthill, Esq.<br>Blanchard Walker O'Quin & Roberts, P.C.<br>333 Texas Street<br>Regions Tower<br>Suite 700<br>Shreveport, Louisiana 71101 |
| Chris Crowley, Esq.<br>Feldmann Nagel Cantafio, PLLC<br>1875 Lawrence Street<br>Suite 730<br>Denver, CO 80202 | Adam L. Hirsch, Esq.<br>Davis Graham & Stubbs LLP<br>1550 Seventeenth Street<br>Suite 500<br>Denver, CO 80202 |

**/s/Vicky Martina**
**Vicky Martina**
**Kutner Brinen PC**