A.A.P.L. FORM 610 - 1977

# MODEL FORM OPERATING AGREEMENT

OPERATING AGREEMENT

DATED

_June 28_ , 19 79 ,

OPERATOR_____ JONES-O'BRIEN, INCORPORATED_____

CONTRACT AREA _638,639 Acres, more or less, out of the_

_C. Burnett, A-8, and Warwick Ferguson, A-18;_

_____

COUNTY ~~OR PARISH~~ OF___ Cherokee _____STATE OF__ Texas

OLEO STOCKTON UNIT NO. 1

COPYRIGHT 1977    —    ALL RIGHTS RESERVED
AMERICAN ASSOCIATION OF PETROLEUM LANDMEN
APPROVED FORM.    A.A.P.L. NO. 610 - 1977 REVISED
MAY BE ORDERED DIRECTLY FROM THE PUBLISHER
KRAFTBILT PRODUCTS,    BOX 800, TULSA 74101

429382

OFF
REC 1238 PAGE 559

Oleo Stockton #1-R

STATE OF TEXAS      )
                      ) ss.
COUNTY OF CHEROKEE  )

## ASSIGNMENT AND BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS:

THAT, the parties (whether one or more) described on Exhibit "A" attached hereto and made a part hereof, each having offices at Samson Plaza, Two West Second Street, Tulsa, Oklahoma 74103, herein collectively called "Assignor," in consideration of Ten Dollars ($10.00) and other good and valuable consideration to it in hand paid, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, convey, sell, assign, and transfer unto

John W. Houston
——————————————————————————————————————— whose address is
6412 N. London Way, #147, Oklahoma City, OK  73132
herein called "Assignee," the following interests:

RETURN TO:
DAKIL ENERGY, INC.
3445 W. MEMORIAL RD., SUITE J
OKLAHOMA CITY, OK 73134

1.    all of Assignor's right, title, and interest, whether such right, title and interest is held or owned by all or any one of the parties set forth in Exhibit "A" hereto attached, in and to the leases (whether one or more), force pooled interests, interests acquired under contracts, and the lands covered thereby (the "Leases"), more fully and completely described on Exhibit "B" attached hereto and made a part hereof, together with the rights incident thereto, the personal property thereon, appurtenant thereto, or used or obtained in connection with said Leases (hereinafter collectively referred to as the "Property"); INSOFAR AND ONLY INSOFAR as the Leases cover and grant rights in and to the well bore of the J-O'B Operating Company/Oleo Stockton No. 1-R Well located upon the Leases, or on lands pooled or unitized with any portion thereof, or on lands located within any governmental drilling and spacing unit which includes any portion thereof, including all rights to the oil, gas, casinghead gas, distillate and/or condensate or other hydrocarbons that may be produced from said well bore, INSOFAR as same pertains to said well bore, together with all casing, leasehold equipment, and personal property in or on or used in connection therewith, AS IS, AND WHERE IS, WITHOUT WARRANTY OF MERCHANTABILITY, CONDITION, OR FITNESS FOR A PARTICULAR PURPOSE, EITHER EXPRESS OR IMPLIED;

2.    all of Assignor's interest in the production of oil, gas, or other minerals, inclusive of royalties, overriding royalties, production payments, rights to take royalties in kind, or other interests;

3.    all of Assignor's interest derived from unit agreements, orders and decisions of state and federal regulatory authorities establishing units, joint operating agreements, enhanced recovery and injection agreements, farmout agreements and farmin agreements, options, drilling agreements, exploration agreements, assignments of operating rights, working interests, subleases and rights above or below certain footage depths or geological formations; and

4.    all of Assignor's interest in all rights-of-way, easements, servitudes and franchises acquired or used in connection with operations for the exploration and production of oil, gas or other minerals, including the rights to permits and licenses of any nature owned, held or operated in connection with said operations.

Assignee, in consideration of the mutual benefits to be derived hereunder by its acceptance hereof, understands and agrees to the following terms and conditions:

1.    Assignee hereby agrees to assume its proportionate part of any and all terms and provisions of the Leases and any and all existing royalties, excess royalties, overriding royalty interests or other burdens out of production with which said Leases may be burdened.

2.    Assignee hereby agrees that it has inspected the lands, wells, personal property and equipment assigned and conveyed herein and that it accepts the same in their present condition. As used in this paragraph 2 and the lettered subparagraphs hereunder, "claims" shall include claims, demands, causes of action, liabilities, damages, penalties and judgements of any kind or character and all costs and fees in connection therewith, including attorneys fees.

a.    Assignee shall (i) upon closing, but effective as of the effective date hereof, assume and be responsible for and comply with all duties and obligations of Assignor, express or implied, with respect to the interests conveyed herein, including, without limitation, those arising under or by virtue of any lease, contract, agreement, document, permit, applicable statute or rule, regulation or order of any governmental authority (specifically including without limitation, any governmental request or requirement to plug, re-plug and/or abandon any well of whatsoever type, status or classification, or take any clean-up or other action with respect to the Property) and (ii) defend, indemnify and hold Assignor harmless from any and all claims in connection therewith, except any such claims asserted against Assignor prior to the effective date hereof; and

b.    Assignee shall defend, indemnify and hold Assignor harmless from any and all claims in favor of any person for personal injury, death or damage to property or to the

PEC 1238 PAGE 560

environment, or for any other claims arising directly or indirectly from, or incident to, the use, occupation, operation, maintenance or abandonment of any of the interests conveyed herein, or condition of the Property, whether latent or patent, and whether arising from or contributed to by the negligence in any form of Assignor, its agents, employees or contractors, and asserted against Assignee and/or Assignor after the effective date hereof, whether or not any such claims result from conditions, actions or inactions at or before the effective date hereof.

c.   Notwithstanding anything to the contrary herein, Assignee assumes all rights or obligations associated with gas imbalances attributable to the Property, regardless of when such imbalances accrued.

It is the intent of Assignor to convey and this Assignment hereby conveys to Assignee subject to the reservations and conditions herein contained, all of Assignor's right, title, and interest on the effective date hereof in and to the Property, regardless of the omission of any lease or leases, errors in description, any incorrect or misspelled names or any transcribed or incorrect recording references. This Assignment does not convey any right, title, or interest that Assignor might acquire in or to the Property subsequent to the effective date of this Assignment. Any party set forth on Exhibit "A" attached hereto not owning an interest in the Property hereby disclaims any interest thereto.

TO HAVE AND TO HOLD the same unto the said Assignee forever. The provisions hereof shall be covenants running with the land and shall inure to the benefit of and be binding upon Assignor and Assignee, their respective personal representatives, successors and assigns. This Assignment is WITHOUT WARRANTY OF TITLE, EITHER EXPRESS OR IMPLIED.

IN WITNESS WHEREOF, the undersigned have executed this instrument on the date of the acknowledgments annexed hereto, but to be effective for all purposes from and after the 1st day of April, 1994.

ASSIGNOR:

By: _____
Douglas J. Jacobson, Attorney-in-Fact
for Assignor

ASSIGNEE:

By: _____

DAKL1-94.T17

S. L. STOCKTON PROSPECT
Oleo Stockton #1-R

REC 1238 PAGE 562

## CORPORATE ACKNOWLEDGMENT

STATE OF _____ )
) ss.
COUNTY OF _____ )

This instrument was acknowledged before me on _____, 1994,

by _____, _____ of

on behalf of the corporation. _____, a(n) _____ corporation,

_____ (Sign)

_____ (Print Name)

Notary Public in and for

My Commission Expires:                _____ County, _____

_____

**EXHIBIT "A"**

<u>ASSIGNOR</u>

SAMSON RESOURCES COMPANY,
  an Oklahoma corporation

SAMSON EXPLORATION COMPANY, a Division
  of Samson Natural Gas Company,
  an Oklahoma corporation

SAMSON PROPERTIES INCORPORATED,
  an Oklahoma corporation

SAMSON OPERATING COMPANY LIMITED
  PARTNERSHIP,
  an Oklahoma limited partnership,
  Samson Properties Incorporated
  General Partner

SNG PRODUCTION COMPANY,
  a Delaware corporation
  (formerly Grace Petroleum Corporation)

RED "C" LIMITED,
  an Oklahoma limited partnership
  Brett Carlton
  General Partner

ACE COMPANY III,
  an Oklahoma partnership
  Samson Resources Company
  General Partner

ACE COMPANY IV,
  an Oklahoma partnership
  Samson Resources Company
  General Partner

ACE V,
  an Oklahoma partnership
  Samson Resources Company
  General Partner

CHARLES SCHUSTERMAN,
  an individual

LYNN N. SCHUSTERMAN,
  wife of Charles Schusterman

CHARLES SCHUSTERMAN ENTERPRISES,
  an Oklahoma partnership
  Lynn N. Schusterman
  General Partner

Charles O. Schusterman, Trustee, and
  American Bank and Trust Company,
  an Oklahoma corporation, Special Trustee,
  for the STACY HELEN SCHUSTERMAN
  IRREVOCABLE TRUST dated May 3, 1977

Charles O. Schusterman, Trustee, and
  American Bank and Trust Company,
  an Oklahoma corporation, Special Trustee,
  for the JEROME REED SCHUSTERMAN
  IRREVOCABLE TRUST dated May 3, 1977

Charles O. Schusterman, Trustee, and
  American Bank and Trust Company,
  an Oklahoma corporation, Special Trustee,
  for the HAROLD JOSEY SCHUSTERMAN
  IRREVOCABLE TRUST dated May 3, 1977

Lynn N. Schusterman and American Bank and
  Trust Company, an Oklahoma corporation,
  Co-Trustees for the STACY HELEN
  SCHUSTERMAN'S CHILDREN'S
  IRREVOCABLE TRUST dated May 3, 1977

Lynn N. Schusterman and American Bank and
  Trust Company, an Oklahoma corporation,
  Co-Trustees for the JEROME REED
  SCHUSTERMAN'S CHILDREN'S
  IRREVOCABLE TRUST dated May 3, 1977

Lynn N. Schusterman and American Bank and
  Trust Company, an Oklahoma corporation,
  Co-Trustees for the HAROLD JOSEY
  SCHUSTERMAN'S CHILDREN'S
  IRREVOCABLE TRUST dated May 3, 1977

GEODYNE NOMINEE CORPORATION,
  a Delaware corporation

END OF EXHIBIT "A"

DAKL1-94.T17

S. L. STOCKTON PROSPECT
Oleo Stockton #1-R

REC 12□□ PAGE 564

## EXHIBIT "B"

### PROPERTY

Oleo Stockton #1-R
W. Ferguson Survey A-18
Cherokee County, Texas

Oil and Gas Lease effective December 1, 1987, from Mobil Producing Texas & New Mexico Inc., as Lessor, to Petrus Oil Company, L.P., as Lessee, recorded in Volume 1051 at Page 719 of the Records of Cherokee County, Texas, INSOFAR AND ONLY INSOFAR as said lease covers lands situated in Cherokee County, Texas, within the lateral boundaries of the Jones O'Brien, Incorporated/Oleo Stockton Gas Unit dated October 8, 1979, recorded in Volume 783 at Page 703 of the Deed Records of Cherokee County, Texas, LIMITED from the surface of the earth down to a depth of 9700 feet.

END OF EXHIBIT "B"

STATE OF TEXAS }
COUNTY OF CHEROKEE }
I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me, and was duly RECORDED, in the volume and page of the named RECORDS of Cherokee County, Texas as stamped hereon by me, on

APR 21 1994

COUNTY CLERK
CHEROKEE COUNTY, TEXAS

FILED FOR RECORD
94 APR 21 AM 9: 46
FAIRY UPSHAW COUNTY CLERK
CHEROKEE COUNTY, TEXAS
DEPUTY

OAKL1-94.T17

S. L. STOCKTON PROSPECT
Oleo Stockton #1-R

## ASSIGNMENT

STATE OF TEXAS      {

                  {     KNOW ALL MEN BY THESE PRESENTS, THAT:

COUNTY OF CHEROKEE {

       JONES-O'BRIEN, INCORPORATED, a Virginia corporation, duly authorized to do business in the State of Texas, whose mailing address is P. O. Box 5928, Shreveport, Louisiana 71105, hereinafter referred to as "ASSIGNOR," for and in consideration of the sum of ONE HUNDRED DOLLARS ($100.00) and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, does by these presents hereby GRANT, BARGAIN, SELL, TRANSFER, ASSIGN, and DELIVER unto the following parties, all of whose mailing address is P. O. Box 3735, Shreveport, Louisiana 71103, hereinafter referred to as "ASSIGNEE," the undivided interest set out beside the name of each such party, to-wit:



| | |
|---|---|
| Albert Sklar | .046875 |
| L. W. Phillips | .046875 |
| Fred Trust | .023438 |
| Sandy Trust | .023437 |
| Howard Trust | .015625 |
| Suzy Trust | .015625 |
| Judy Trust | .015625 |

~ listed on Exhibit "A," attached hereto and

SKLAR & PHILLIPS, INC., OPERATOR
P. O. Box 3735
SHREVEPORT, LOUISIANA 71103

PRODUCING LEASE _____ STOGKTON # 1

LEASE NO. _____ 002 - 857

| | | WORKING INTEREST OWNERSHIP | 164 - EXPENSE DISTRIBUTION | 301 - INCOME DISTRIBUTION |
|---|---|---|---|---|
| 50 | Fred L. Phillips | | | |
| 51 | Sandra P. Kallenberg | | | |
| 60 | Leonard W. Phillips | .046875 | .250000 | .250000 |
| 61 | Albert Sklar | .046875 | .250000 | .250000 |
| 62 | Sklar Oil Company | | | |
| 67 | Sklar & Phillips, Inc. | | | |
| 68 | Albert Sklar - Separate | | | |
| 69 | Betty Sklar Phillips-Separate | | | |
| 70 | Ida Sklar Tr. Howard F. Sklar | | | |
| 71 | Ida Sklar Tr. Judy M. Sklar | | | |
| 72 | Ida Sklar Tr. Suzanne S. Simons | | | |
| 73 | Fred Trust | .023438 | .125000 | .125000 |
| 74 | Sandy Trust | .023437 | .125000 | .125000 |
| 75 | Sam Sklar Tr. Howard F. Sklar | | | |
| 76 | Sam Sklar Tr. Judy M. Sklar | | | |
| 77 | Sam Sklar Tr. Suzanne S. Simons | | | |
| 78 | Sam Sklar Tr. Fred L. Phillips | | | |
| 80 | Howard Trust | .015625 | .083333 | .083333 |
| 81 | Judy Trust | .015625 | .083333 | .083333 |
| 82 | Suzy Trust | .015625 | .083334 | .083334 |
| | | .187500 | 100% | 100% |

To Be Filled in When 164 and 301 are not like figures - Remarks:

Cherokee County, Texas

OLEO STOCKTON #1 GAS UNIT, containing 638.639 acres of land in the
Crawford Burnett A-8 and the Warwick Ferguson A-18 Surveys, as described
in Unit Designation of the Oleo Stockton Gas Unit dated October 8, 1979,
recorded in Volume 783, Page 703, of the Oil and Gas Records, Cherokee
County, Texas.

1) Oil, Gas and Mineral Lease between Charles L. Newton, et ux, as Lessor, and
Jones-O'Brien, Incorporated, as Lessee, dated November 17, 1976, and recorded
in Volume 710, Page 780, Deed Records, Cherokee County, Texas.

2) Oil, Gas and Mineral Lease between Louise Coker, as Lessor, and Jones-O'Brien,
Incorporated, as Lessee, dated November 17, 1976, and recorded in Volume 710,
Page 774, Deed Records, Cherokee County, Texas.

3) Oil, Gas and Mineral Lease between B. M. Smith, as Lessor, and Jones-O'Brien,
Incorporated, as Lessee, dated November 19, 1976, and recorded in Volume 710,
Page 778, Deed Records, Cherokee County, Texas.

4) Oil, Gas and Mineral Lease between James K. Avent, as Lessor, and Jones-
O'Brien, Incorporated, as Lessee, dated November 19, 1976, and recorded in
Volume 710, Page 776, Deed Records, Cherokee County, Texas.

5) Oil, Gas and Mineral Lease between Stuart McAnally, as Lessor, and Jones-
O'Brien, Incorporated, as Lessee, dated November 24, 1976, and recorded in
Volume 711, Page 573, Deed Records, Cherokee County, Texas.

6) Oil, Gas and Mineral Lease between Shirley Houser, et al, as Lessor, and Jones-
O'Brien, Incorporated, as Lessee, dated December 1, 1976, and recorded in
Volume 711, Page 571, Deed Records, Cherokee County, Texas.

7) Oil, Gas and Mineral Lease between W. S. Cook, as Lessor, and Jones-O'Brien,
Incorporated, as Lessee, dated December 1, 1976, and recorded in Volume 711,
Page 738, Deed Records, Cherokee County, Texas.

8) Oil, Gas and Mineral Lease between Luther A. Cook, as Lessor, and Jones-
O'Brien, Incorporated, as Lessee, dated February 1, 1977, and recorded in
Volume 715, Page 696, Deed Records, Cherokee County, Texas.

9) Oil, Gas and Mineral Lease between Larry Gene Hefner, et ux, as Lessor, and
Jones-O'Brien, Incorporated, as Lessee, dated December 2, 1976, and recorded
in Volume 711, Page 569, Deed Records, Cherokee County, Texas.

10) Oil, Gas and Mineral Lease between John H. Stockton, et ux, as Lessor, and
Jones-O'Brien, Incorporated, as Lessee, dated August 11, 1978, and recorded
in Volume 752, Page 249, Deed Records, Cherokee County, Texas.

11) Oil, Gas and Mineral Lease between Mary Crawford, et al, as Lessor, and
Jones-O'Brien, Incorporated, as Lessee, dated November 30, 1976, and recorded
in Volume 711, Page 566, Deed Records, Cherokee County, Texas.

12) Oil, Gas and Mineral Lease between John E. Wilson, et ux, as Lessor, and Jones-
O'Brien, Incorporated, as Lessee, dated November 24, 1976, and recorded in
Volume 711, Page 564, Deed Records, Cherokee County, Texas.

13) Oil, Gas and Mineral Lease between Bessie J. Wilson, et al, as Lessor, and
Jones-O'Brien, Incorporated, as Lessee, dated November 24, 1976, and recorded
in Volume 711, Page 561, Deed Records, Cherokee County, Texas.

14) Oil, Gas and Mineral Lease between Tommy Lee Moore, et ux, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 2, 1976, and recorded in Volume 711, Page 559, Deed Records, Cherokee County, Texas.

15) Oil, Gas and Mineral Lease between Deborah Spraggins Wegmet, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 7, 1976, and recorded in Volume 711, Page 557, Deed Records, Cherokee County, Texas.

16) Oil, Gas and Mineral Lease between J. D. Davenport, et ux, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 7, 1976, and recorded in Volume 711, Page 740, Deed Records, Cherokee County, Texas.

17) Oil, Gas and Mineral Lease between James H. Clay, et ux, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 7, 1976, and recorded in Volume 711, Page 736, Deed Records, Cherokee County, Texas.

18) Oil, Gas and Mineral Lease between Charline Stockton Martin, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 8, 1976, and recorded in Volume 711, Page 744, Deed Records, Cherokee County, Texas.

19) Oil, Gas and Mineral Lease between E. R. Otts, et ux, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated January 11, 1977, and recorded in Volume 713, Page 3, Deed Records, Cherokee County, Texas.

20) Oil, Gas and Mineral Lease between Citizens First National Bank of Tyler, Trustee, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated August 21, 1978, and recorded in Volume 752, Page 707, Deed Records, Cherokee County, Texas.

21) Oil, Gas and Mineral Lease between Afton Thrash, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated August 22, 1978, and recorded in Volume 752, Page 715, Deed Records, Cherokee County, Texas.

22) Oil, Gas and Mineral Lease between Ben E. Jarvis, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated August 29, 1978, and recorded in Volume 753, Page 647, Deed Records, Cherokee County, Texas.

23) Oil, Gas and Mineral Lease between Hugus Investment Company, Inc., as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated August 21, 1978, and recorded in Volume 758, Page 191, Deed Records, Cherokee County, Texas.

24) Oil, Gas and Mineral Lease between Darles M. Waites, et ux, as Lessor, and and Jones-O'Brien, Incorporated, as Lessee, dated March 6, 1979, and recorded in Volume 764, Page 868, Deed Records, Cherokee County, Texas.

25) Oil, Gas and Mineral Lease between Mozelle Waites, as Lessor, and Jones-O'Brien Incorporated, as Lessee, dated March 6, 1979, and recorded in Volume 764, Page 872, Deed Records, Cherokee County, Texas.

26) Oil, Gas and Mineral Lease between Mary M. Griffin, as Lessor, and Jones-O'Brie Incorporated, as Lessee, dated March 6, 1979, and recorded in Volume 764, Page 870, Deed Records, Cherokee County, Texas.

27) Oil, Gas and Mineral Lease between Lora B. Griffin, Ind. and Exec., as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated March 12, 1979, and recorded in Volume 765, Page 576, Deed Records, Cherokee County, Texas.

28) Oil, Gas and Mineral Lease between Stuart McAnally, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated March 12, 1979, and recorded in Volume 765, Page 584, Deed Records, Cherokee County, Texas.

-2-

Exhibit "A"

29) Oil, Gas and Mineral Lease between Geneva Pierce, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated March 14, 1979, and recorded in Volume 765, Page 588, Deed Records, Cherokee County, Texas.

30) Oil, Gas and Mineral Lease between Mrs. Eddie Slawson, as Lessor, and W. M. Beasley, Jr., as Lessee, dated April 9, 1979, and recorded in Volume 771, Page 279, Deed Records, Cherokee County, Texas.

31) Oil, Gas and Mineral Lease between Norton Frank Robinson, et ux, as Lessor, and W. M. Beasley, Jr., as Lessee, dated April 9, 1979, and recorded in Volume 771, Page 264, Deed Records, Cherokee County, Texas.

32) Oil, Gas and Mineral Lease between Stuart McAnally, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 10, 1976, and recorded in Volume 711, Page 746, Deed Records, Cherokee County, Texas.

33) Oil, Gas and Mineral Lease between Travis Winfield Musick, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated September 12, 1979, and recorded in Volume 783, Page 358, Deed Records, Cherokee County, Texas.

34) Oil, Gas and Mineral Lease between S. L. Stockton, et ux, as Lessor, and Marathon Oil Co., as Lessee, dated July 26, 1976, and recorded in Volume 705, Page 578, Deed Records, Cherokee County, Texas.

35) Oil, Gas and Mineral Lease between Mattie E. Thompson, as Lessor, and Marathon Oil Co., as Lessee, dated July 26, 1976, and recorded in Volume 705, Page 585, Deed Records, Cherokee County, Texas.

36) Oil, Gas and Mineral Lease between Bessie Viola McElroy, as Lessor, and Marathon Oil Co., as Lessee, dated July 26, 1976, and recorded in Volume 705, Page 574, Deed Records, Cherokee County, Texas.

37) Oil, Gas and Mineral Lease between Annie Stockton Bass, as Lessor, and Marathon Oil Co., as Lessee, dated July 27, 1976, and recorded in Volume 705, Page 567, Deed Records, Cherokee County, Texas.

38) Oil, Gas and Mineral Lease between Oleo Stockton, et vir, as Lessor, and Marathon Oil Co., as Lessee, dated August 3, 1976, and recorded in Volume 707, Page 23, Deed Records, Cherokee County, Texas.

This assignment is made subject to the terms, covenants, conditions and provisions of all leases affected, and of assignments in Assignor's chain of title, including, but not limited to, a Partial Assignment of Oil, Gas and Mineral Leases dated January 14, 1980, from Marathon Oil Company in favor of Jones-O'Brien, Incorporated, recorded in Deed Records of Cherokee County, Texas; Unit Designation of the Oleo Stockton Gas Unit, Cherokee County, Texas, dated October 8, 1979, between Jones-O'Brien, Incorporated, Marathon Oil Company, and Mobil-GC Corporation; and an Operating Agreement dated January 12, 1979, between Jones-O'Brien, Incorporated, as Operator, and Hardrain, Inc., Trustee et al, as Non-Operators.



EXHIBIT "B"
638.639 Acre Unit

Being the Oleo Stockton Gas Unit,
part of the Warwick Ferguson
Survey, A-18, and the Crawford
Burnett Survey, A-8, Cherokee
County, Texas.

Scale: 1" ≈ 1000'

EXHIBIT "C"

THE OLEO STOCKTON UNIT CONTAINING 638.639 ACRES IN THE WARWICK FERGUSON SURVEY, A-18, AND THE CRAWFORD BURNETT SURVEY, A-8, CHEROKEE COUNTY, TEXAS

BEGINNING at the Northeast corner of the C. L. Newton 90.7-acre tract in the Warwick Ferguson Survey, A-18, which tract is the second tract described in an Oil, Gas and Mineral Lease from Charles L. Newton and wife to Jones-O'Brien, Incorporated, dated November 17, 1976, recorded in Volume 710, Page 780, Deed Records, Cherokee County, Texas;

THENCE go Westerly along the North line of the Warwick Ferguson Survey, A-18, to the first point which is a Northeasterly corner of the B. M. Smith Gas Unit, said unit being described in an instrument titled Unit Designation of the B. M. Smith Gas Unit, Cherokee County, Texas, recorded in Vol. 779, Page 141, Deed Records, Cherokee Co., Texas;

THENCE go Southerly along an East line of said B. M. Smith Gas Unit to a corner in the South line of said survey;

THENCE go Easterly along a North line of said B. M. Smith Gas Unit to a Northeasterly corner thereof, being the Northeast corner of a 75-acre tract, more or less, described in a Deed from Edith Harper to Stuart McAnally, et ux, dated November 28, 1952, recorded in Volume 379, Page 312, Deed Records, Cherokee County, Texas;

THENCE go Southerly along the East line of said 75-acre tract to the Southeast corner thereof, said Southeast corner being in the West line of a 29.005-acre tract, more or less, described in an Oil, Gas and Mineral Lease from Darles M. Waites, et ux, to Jones-O'Brien, Incorporated, dated March 6, 1979, recorded in Volume 764, Page 868, Deed Records, Cherokee County, Texas;

THENCE continue Southerly along the West line of said 29.005-acre tract to the Southwest corner thereof;

THENCE go Easterly along the South line of said 29.005-acre tract to the Southeast corner thereof, being also a Southwesterly corner of the first 29-acre tract described in an Oil, Gas and Mineral Lease from Norton Frank Robinson and wife to W. M. Beasley, Jr., dated April 9, 1979, recorded in Volume 771, Page 264, Deed Records, Cherokee County, Texas;

THENCE continue Easterly along a South line of said 29-acre tract to a corner thereof;

THENCE go Southerly along a West line of said 29-acre tract to a Southwest corner thereof, being also the Northwest corner of the second 29-acre tract described in the last above mentioned Oil, Gas and Mineral Lease from Norton Frank Robinson and wife to W. M. Beasley, Jr.;

THENCE go Southerly along the West line of said second 29-acre tract to the Southwest corner thereof;

THENCE go Easterly along the South line of said tract to the Southeast corner thereof;

THENCE go Southerly along the West line of the 20-acre tract described in an Oil, Gas and Mineral Lease from Lora B. Griffin to Jones-O'Brien, Incorporated, dated

March 12, 1979, recorded in Volume 765, Page 576, Deed Records, Cherokee County, Texas, to the Southwest corner thereof;

THENCE go Easterly along the South line of said 20-acre tract to the Southeast corner thereof;

THENCE go Northerly along the East line of said 20-acre tract to the Northeast corner thereof;

THENCE go Easterly along the South line of the 29-acre tract described in said Lora B. Griffin lease to the Southeast corner thereof;

THENCE go Easterly along the South line of the 5-acre tract described in said Lora B. Griffin lease to the Southeast corner thereof;

THENCE go Easterly along the South line of the 16-acre tract described in said Lora B. Griffin lease to the Southeast corner thereof;

THENCE follow the East line of said 16-acre tract to the Northeast corner thereof;

THENCE go Westerly along the North line of said 16-acre tract to the Northwest corner thereof;

THENCE go Northerly along the East line of a 35.63-acre tract described in an Oil, Gas and Mineral Lease from Bessie J. Wilson and John E. Wilson to Jones-O'Brien, Incorporated, dated November 24, 1976, recorded in Volume 711, Page 561, Deed Records, Cherokee County, Texas, to the North line of the Crawford Burnett Survey, A-8;

THENCE go Easterly along the North line of said survey to the Southeast corner of the 50-acre E. R. Otts tract, being a part of the tract described in an Oil, Gas and Mineral Lease from E. R. Otts and wife to Jones-O'Brien, Incorporated, dated January 11, 1977, recorded in Volume 713, Page 3, Deed Records, Cherokee County, Texas;

THENCE go Northerly along the East line of said 50-acre tract to the Northeast corner thereof;

THENCE go Westerly along the North line of said 50-acre tract to the Northwest corner thereof, being in the East line of the E. R. Otts 40.7-acre tract, a part of the tract described in the above mentioned E. R. Otts lease;

THENCE go Northerly along the East line of said 40.7-acre tract to the Northeast corner thereof, being also the Southeast corner of the C. L. Newton 90.7-acre tract described hereinabove;

THENCE go Northerly along the East line of said C. L. Newton 90.7-acre tract to the Northeast corner thereof, the point of beginning, and containing 638.639 acres.


INSOFAR as the Oil, Gas and Mineral Leases hereinabove described cover and apply to the gas and gas rights in and under said lands in said unit cover a depth down to 9,700 feet.

-2-

Exhibit "C"

Being depicted on Exhibit "B" hereto as:

| | | |
|---|---|---|
| Tract 1 | J. H. Stockton | 18.837 acres |
| Tract 2 | T. Moore | 6.600 acres |
| Tract 3 | J. Davinport | 20.000 acres |
| Tract 4 | C. S. Martin | 16.050 acres |
| Tract 5 | J. Clay | 7.500 acres |
| Tract 6 | Oleo Stockton | 67.357 acres |
| Tract 7 | S. McAnally | 54.000 acres |
| Tract 8 | M. Waites | 27.045 acres |
| Tract 9 | S. McAnally | 1.960 acres |
| Tract 10 | E. Slawson | 29.000 acres |
| Tract 11 | M. Griffin | 29.000 acres |
| Tract 12 | L. B. Griffin | 20.000 acres |
| Tract 13 | N. F. Robinson | 29.000 acres |
| Tract 14 | L. B. Griffin | 5.000 acres |
| Tract 15 | L. B. Griffin | 16.000 acres |
| Tract 16 | B. J. Wilson | 35.630 acres |
| Tract 17 | S. McAnally | 35.630 acres |
| Tract 18 | E. R. Otts | 90.700 acres |
| Tract 19 | C. L. Newton | 90.700 acres |
| Tract 20 | J. Wilson | 35.630 acres |
| Tract 21 | T. W. Musick | 3.000 acres |
| | TOTAL | 638.639 acres |

-3-

Exhibit "C"

YOUR COPY



**PALMER PETROLEUM INCORPORATED**
Louisiana Tower
401 Edwards Street, Suite 1400
Shreveport, Louisiana 71101
Telephone (318) 222-0517

July 29, 1986

Sklar & Phillips, Inc., Operator
P. O. Box 3735
Shreveport, LA 71133-3735

RE:  O. Stockton #1-R
     Cherokee County, Texas

Gentlemen:

In reference to the J-O'B Operating Company letter of resignation dated July 25, 1986, Palmer Petroleum, Inc. hereby respectfully requests that you select Palmer Petroleum, Inc., as Successor Operator for the subject well under the terms of the operating agreement.

Your immediate response will be appreciated since we would like to assume operations as soon as possible, but in any event, no later than November 1, 1986.  Please sign below and return in the enclosed envelope.

Yours very truly,

PALMER PETROLEUM, INC.

BY: John T. Palmer
    President

I hereby nominate, appoint and select Palmer Petroleum, Inc. as Successor Operator for the subject well.

SKLAR & PHILLIPS, INC., OPERATOR

By _____          July 31, 1986
   R. J. May                           Date
   Operations Manager



**OPERATING**
COMPANY

July 25, 1986

OWNER NO  01295
SKLAR & PHILLIPS,INC.,OPERATOR
P O BOX 3735
SHREVEPORT, LA  71133-3735

Re:  Resignation of Operator
28002  O. Stockton #1-R

Gentlemen:

The purpose of this letter is to inform you that effective August 1, 1986,
J-O'B Operating Company herein formally resigns as Operator of the referenced
well and/or property.  Under the provisions of the Operating Agreement which
is in effect, such notification will result in the termination of operations
by the current Operator on or about November 1, 1986.  It is our understanding
that each working-interest owner will be contacted by Palmer Petroleum, Inc.
and polled as to his desire toward the selection of a Successor Operator,
under the terms of Article V B of the Operating Agreement.  Should the
selection of a Successor Operator result in such election prior to the
November 1 date, J-O'B Operating Company will effect such change of Operator
at an earlier date.

Your cooperation is solicited, and will be appreciated during this short
period of transition.

Sincerely yours,

J-O'B OPERATING COMPANY

M. R. McCrary
Chief Operations Officer

MRM:tt

*MAILING ADDRESS: P.O. BOX 5928, SHREVEPORT, LA 71135-5928 / TELEPHONE: (318) 869-2551*



December 4, 1981

Gentlemen:

    This is to advise that Jones-O'Brien, Incorporated is being liquidated with the assets of the corporation being distributed to its' shareholders.  J-O'B Operating Company has been formed to assume all the operations of Jones-O'Brien, Incorporated.

    We are hereby requesting your approval of J-O'B Operating Company as successor operator to Jones-O'Brien, Incorporated.  The tentative date for change of operator is December 1, 1981.

    Please sign the enclosed "Resignation of Operator and Appointment of Successor Operator" agreement and return one copy to us. Your prompt attention into this matter will be greatly appreciated.

                        Yours very truly,

                        JONES-O'BRIEN, INCORPORATED

                        M. R. McCrary
                        Vice President

bh

Enclosures

*MAILING ADDRESS: P.O. BOX 5928, SHREVEPORT, LA 71105/5925 LINE AVENUE/TELEPHONE: (318) 869-2551*

## RESIGNATION OF OPERATOR AND APPOINTMENT OF
## SUCCESSOR OPERATOR

WHEREAS, on the __8th__ day of __October__, 19 __79__ ,

JONES-O'BRIEN, INCORPORATED was designated as "OPERATOR" under a certain

Operating Agreement executed by the undersigned and others, which Operating

Agreement covered lands located in __Cherokee__ Parish/County

__Texas__ , comprising a unit known as JONES-O'BRIEN,

INCORPORATED - __Oleo Stockton Gas__ UNIT, to-wit:

containing 638.639 acres of land in the Crawford Burnett A-8 and the
Warwick Ferguson A-18 Surveys, as described in Unit Designation of the
Oleo Stockton Gas Unit dated October 8, 1979, recorded in Volume 783,
Page 703, of the Oil and Gas Records, Cherokee County, Texas.


WHEREAS, JONES-O'BRIEN, INCORPORATED, desires to resign as OPERATOR and

the Non-Operators in said unit hereby accept said resignation effective as of

seven (7) o'clock a.m., December 1, 1981.

WHEREAS, it is also the desire and intention of the undersigned parties

to amend the aforesaid Operating Agreement so as to designate J-O'B OPERATING

COMPANY as successor OPERATOR.

NOW, THEREFORE, the Non-Operators mentioned in the aforesaid Operating

Agreement have, and by these presents do, nominate, appoint and select

J-O'B OPERATING COMPANY as the OPERATOR of said unit and it shall operate

same subject to and in accordance with all of the terms, provisions and condi-

tions contained in said Operating Agreement, the same as though it had been

nominated, appointed and selected as OPERATOR in the original Operating Agree-

ment instead of JONES-O'BRIEN, INCORPORATED.  The said J-O'B OPERATING COMPANY

accepts said appointment as OPERATOR effective as of seven (7) o'clock a.m.,

December 1, 1981, and agrees to operate said unit and properties in accordance

with all of the terms, provisions and conditions in said Operating Agreement.

All of the parties hereto do hereby waive the delays and notices for the resignation of OPERATOR and the appointment of a successor OPERATOR insofar as the resignation of JONES-O'BRIEN, INCORPORATED is concerned and insofar as the appointment of J-O'B OPERATING COMPANY as OPERATOR is concerned, but all of the provisions relative thereto shall in all respects apply to any resignation or the appointment of any successor OPERATOR hereafter.

This instrument shall be binding upon the parties hereto, their or its successors and assigns, and the terms hereof shall constitute a covenant running with the lands and leasehold estates covered hereby, and may be executed in counterparts, each of which shall have the effect of an original instrument.

IN WITNESS WHEREOF, the parties have signed this agreement on the dates set opposite the signatures of the parties hereto, and same to be effective as of seven (7) o'clock a.m., December 1, 1981, even though this instrument may be executed subsequent thereto.

WITNESSES:

DATES

DEC 0 2 1981

JONES-O'BRIEN, INCORPORATED
RESIGNING OPERATOR

By: _James H. McGregor_
James H. McGregor
President

DEC 0 2 1981

J-O'B OPERATING COMPANY
SUCCESSOR OPERATOR

By: _____
Michael R. McCrary
Chief Operations Officer

By: _____
Randle R. Hodges
Chief Financial Officer

WITNESSES:                          DATES

_____         _____         John T. Palmer
_____

                                               By:_____

_____         _____         Denman M. Long
_____

                                               By:_____

_____         _____         Sklar and Phillips Oil Company
_____

                                               By:_____

_____         _____         Dale Gas Joint Venture 1979-A
_____

                                               By:_____

_____         _____         Mobil Producting Texas and
_____                         New Mexico, Inc.

                                               By:_____

_____         _____
_____

                                               By:_____

_____         _____
_____

                                               By:_____

STATE OF ___LOUISIANA_____

Parish ___of__Caddo_____

On this the _30th_day of ___November_____, 19_81_, before me personally appeared___J. H. McGregor_____, to me personally known, who being by me duly sworn did say that he is the ___President_____of_Jones-O'Brien, Incorporated_ a corporation, and that said instrument was signed and sealed in behalf of said corpora- tion and the said _____J. H. McGregor_____acknowledged said instrument to be the free act and deed of said corporation.

_Brenda W. Thompson_
Notary Public in and for
BRENDA W. THOMPSON, Notary Public
Caddo Parish, Louisiana
My Commission Is For Life

STATE OF ___LOUISIANA_____

Parish _____of__Caddo_____

On this the 30th day of ___November_____, 19_81_, before me personally appeared___Michael R. McCrary_____, to me personally known, who being by me duly sworn did say that he is the ___Vice President_____of___J-O'B Operating Company, a corporation, and that said instrument was signed and sealed in behalf of said corpora- tion and the said __Michael R. McCrary_____acknowledged said instrument to be the free act and deed of said corporation.

_Brenda W. Thompson_
Notary Public in and for
BRENDA W. THOMPSON, Notary Public
Caddo Parish, Louisiana
My Commission Is For Life

STATE OF ___LOUISIANA_____

Parish _____of____Caddo_____

On this the _30th_ day of ___November_____, _1981_, before me personally appeared___Randle R. Hodges_____, to me personally known, who being by me duly sworn did say that he is the ____President_____of J-O'B Operating Company_____, a corporation, and that said instrument was signed and sealed in behalf of said corpora- tion and the said ____Randle R. Hodges_____acknowledged said instrument to be the free act and deed of said corporation.

_Brenda W. Thompson_
Notary Public in and for
BRENDA W. THOMPSON, Notary Public
Caddo Parish, Louisiana
My Commission Is For Life

STATE OF _____

_____of_____

On this the _____day of _____, 19___, before me personally appeared_____, to me personally known, who being by me duly sworn did say that he is the _____of_____, a corporation, and that said instrument was signed and sealed in behalf of said corpora- tion and the said _____acknowledged said instrument to be the free act and deed of said corporation.

_____
Notary Public in and for_____
_____.

STATE OF _____

_____ OF _____

      On this the _____ day of _____, 19___, before me personally appeared _____ to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

Notary Public in and for _____
_____.

STATE OF _____

_____ OF _____

      On this the _____ day of _____, 19___, before me personally appeared _____ to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

Notary Public in and for _____
_____.

STATE OF _____

_____ OF _____

      On this the _____ day of _____, 19___, before me personally appeared _____ to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

Notary Public in and for _____
_____.

SKLAR & PHILLIPS OIL CO.

P. O. BOX 3735

2925 MANSFIELD ROAD
SHREVEPORT, LOUISIANA 71103

PHONE 318 - 222-1800

December 16, 1980

Jones-O'Brien, Incorporated
P. O. Box 5928
Shreveport, La. 71105

     Attention: Pauline P. Dempsey

     Re:     Oleo Stockton No. 1
              Cherokee County, Texas
              Tecula Area (L 280)

Gentlemen:

With reference to your letter dated November 6, 1980, on check-
ing our file we found we had inadvertently failed to send the
assignment of our interest in the leases in captioned unit for
record.

We immediately sent it for recordation and it is recorded in
Vol. 808, page 766, File No. 297501.

Thank you for calling this to our attention.

                        Merry Xmas!

                        SKLAR & PHILLIPS OIL CO.

                        Lottie Ellis

## 297501
### ASSIGNMENT

VOL. 808 PAGE 766

| | |
|---|---|
| STATE OF TEXAS | § |
| | §  KNOW ALL MEN BY THESE PRESENTS, THAT: |
| COUNTY OF CHEROKEE | § |

JONES-O'BRIEN, INCORPORATED, a Virginia corporation, duly authorized to do business in the State of Texas, whose mailing address is P. O. Box 5928, Shreveport, Louisiana 71105, hereinafter referred to as "ASSIGNOR," for and in consideration of the sum of ONE HUNDRED DOLLARS ($100.00) and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, does by these presents hereby GRANT, BARGAIN, SELL, TRANSFER, ASSIGN, and DELIVER unto the following parties, all of whose mailing address is P. O. Box 3735, Shreveport, Louisiana 71103, hereinafter referred to as "ASSIGNEE," the undivided interest set out beside the name of each such party, to-wit:

| | |
|---|---|
| Albert Sklar | .046875 |
| L. W. Phillips | .046875 |
| Fred  Trust | .023438 |
| Sandy Trust | .023437 |
| Howard Trust | .015625 |
| Suzy Trust | .015625 |
| Judy Trust | .015625 |

in and to the oil, gas and mineral leases listed on Exhibit "A," attached hereto and made a part hereof, INSOFAR AND ONLY INSOFAR AS said leases cover lands located in the Jones-O'Brien, Incorporated, Oleo  Stockton  Gas Unit, being a part of the Warwick Ferguson A-18 Survey and the Crawford Burnett A-8 Survey, Cherokee County, Texas, identified in that certain Unit Designation dated October 8, 1979, recorded in the Deed Records of Cherokee County, Texas, Book 783, Page 703, subject to the following:

1.

This assignment is made without any warranty of title or recourse of any nature whatsoever, express or implied.

2.

This assignment is made subject to the terms, covenants, conditions and provisions of all leases affected, and of assignments in Assignor's chain of title, including, but not limited to, a Partial Assignment of Oil, Gas and Mineral Leases

VOL. 808 PAGE 767

dated January 14, 1980, from Marathon Oil Company in favor of Jones-O'Brien, Incorporated, recorded in Deed Records of Cherokee County, Texas; Unit Designation of the Oleo Stockton Gas Unit, Cherokee County, Texas, dated October 8, 1979, between Jones-O'Brien, Incorporated, Marathon Oil Company, and Mobil-GC Corporation; and an Operating Agreement dated January 12, 1979, between Jones-O'Brien, Incorporated, as Operator, and Hardrain, Inc., Trustee et al, as Non-Operators.

3.

This assignment shall be binding upon Assignor and Assignee, and upon their respective successors and assigns.

IN WITNESS WHEREOF, this instrument is executed on this 25th day of January, 1980.

ATTEST:

_____
Randle R. Hodges, Asst. Secretary

JONES-O'BRIEN, INCORPORATED

By: _____
Denman M. Long, Vice President

STATE OF LOUISIANA }
PARISH OF CADDO }

BEFORE ME, the undersigned authority, a Notary Public in and for said parish and state, on this day personally appeared DENMAN M. LONG, known to me to be the person and officer whose name is subscribed to the foregoing instrument and acknowledged to me that the same was the act of the said Jones-O'Brien, Incorporated, a corporation; and that he executed the same as the act of such corporation for the purposes and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 25th day of January, 1980.

My Commission Expires
With Life.

_____
Notary Public in and for Caddo Parish,
Louisiana

-2-

EXHIBIT "A"

VOL. 808 PAGE 768

TO ASSIGNMENT EXECUTED JANUARY 25, 1980, FROM JONES-O'BRIEN, INCOR-
PORATED, ASSIGNOR, TO ALBERT SKLAR, ET AL, ASSIGNEE.

1) Oil, Gas and Mineral Lease between Charles L. Newton, et ux, as Lessor, and
Jones-O'Brien, Incorporated, as Lessee, dated November 17, 1976, and recorded
in Volume 710, Page 780, Deed Records, Cherokee County, Texas.

2) Oil, Gas and Mineral Lease between Louise Coker, as Lessor, and Jones-O'Brien,
Incorporated, as Lessee, dated November 17, 1976, and recorded in Volume 710,
Page 774, Deed Records, Cherokee County, Texas.

3) Oil, Gas and Mineral Lease between B. M. Smith, as Lessor, and Jones-O'Brien,
Incorporated, as Lessee, dated November 19, 1976, and recorded in Volume 710,
Page 778, Deed Records, Cherokee County, Texas.

4) Oil, Gas and Mineral Lease between James K. Avent, as Lessor, and Jones-
O'Brien, Incorporated, as Lessee, dated November 19, 1976, and recorded in
Volume 710, Page 776, Deed Records, Cherokee County, Texas.

5) Oil, Gas and Mineral Lease between Stuart McAnally, as Lessor, and Jones-
O'Brien, Incorporated, as Lessee, dated November 24, 1976, and recorded in
Volume 711, Page 573, Deed Records, Cherokee County, Texas.

6) Oil, Gas and Mineral Lease between Shirley Houser, et al, as Lessor, and Jones-
O'Brien, Incorporated, as Lessee, dated December 1, 1976, and recorded in
Volume 711, Page 571, Deed Records, Cherokee County, Texas.

7) Oil, Gas and Mineral Lease between W. S. Cook, as Lessor, and Jones-O'Brien,
Incorporated, as Lessee, dated December 1, 1976, and recorded in Volume 711,
Page 738, Deed Records, Cherokee County, Texas.

8) Oil, Gas and Mineral Lease between Luther A. Cook, as Lessor, and Jones-
O'Brien, Incorporated, as Lessee, dated February 1, 1977, and recorded in
Volume 715, Page 696, Deed Records, Cherokee County, Texas.

9) Oil, Gas and Mineral Lease between Larry Gene Hefner, et ux, as Lessor, and
Jones-O'Brien, Incorporated, as Lessee, dated December 2, 1976, and recorded
in Volume 711, Page 569, Deed Records, Cherokee County, Texas.

10) Oil, Gas and Mineral Lease between John H. Stockton, et ux, as Lessor, and
Jones-O'Brien, Incorporated, as Lessee, dated August 11, 1978, and recorded
in Volume 752, Page 249, Deed Records, Cherokee County, Texas.

11) Oil, Gas and Mineral Lease between Mary Crawford, et al, as Lessor, and
Jones-O'Brien, Incorporated, as Lessee, dated November 30, 1976, and recorded
in Volume 711, Page 566, Deed Records, Cherokee County, Texas.

12) Oil, Gas and Mineral Lease between John E. Wilson, et ux, as Lessor, and Jones-
O'Brien, Incorporated, as Lessee, dated November 24, 1976, and recorded in
Volume 711, Page 564, Deed Records, Cherokee County, Texas.

13) Oil, Gas and Mineral Lease between Bessie J. Wilson, et al, as Lessor, and
Jones-O'Brien, Incorporated, as Lessee, dated November 24, 1976, and recorded
in Volume 711, Page 561, Deed Records, Cherokee County, Texas.

VOL. 808 PAGE 769

14) Oil, Gas and Mineral Lease between Tommy Lee Moore, et ux, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 2, 1976, and recorded in Volume 711, Page 559, Deed Records, Cherokee County, Texas.

15) Oil, Gas and Mineral Lease between Deborah Spraggins Wegmet, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 7, 1976, and recorded in Volume 711, Page 557, Deed Records, Cherokee County, Texas.

16) Oil, Gas and Mineral Lease between J. D. Davenport, et ux, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 7, 1976, and recorded in Volume 711, Page 740, Deed Records, Cherokee County, Texas.

17) Oil, Gas and Mineral Lease between James H. Clay, et ux, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 7, 1976, and recorded in Volume 711, Page 736, Deed Records, Cherokee County, Texas.

18) Oil, Gas and Mineral Lease between Charline Stockton Martin, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 8, 1976, and recorded in Volume 711, Page 744, Deed Records, Cherokee County, Texas.

19) Oil, Gas and Mineral Lease between E. R. Otts, et ux, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated January 11, 1977, and recorded in Volume 713, Page 3, Deed Records, Cherokee County, Texas.

20) Oil, Gas and Mineral Lease between Citizens First National Bank of Tyler, Trustee, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated August 21, 1978, and recorded in Volume 752, Page 707, Deed Records, Cherokee County, Texas.

21) Oil, Gas and Mineral Lease between Afton Thrash, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated August 22, 1978, and recorded in Volume 752, Page 715, Deed Records, Cherokee County, Texas.

22) Oil, Gas and Mineral Lease between Ben E. Jarvis, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated August 29, 1978, and recorded in Volume 753, Page 647, Deed Records, Cherokee County, Texas.

23) Oil, Gas and Mineral Lease between Hugus Investment Company, Inc., as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated August 21, 1978, and recorded in Volume 758, Page 191, Deed Records, Cherokee County, Texas.

24) Oil, Gas and Mineral Lease between Darles M. Waites, et ux, as Lessor, and and Jones-O'Brien, Incorporated, as Lessee, dated March 6, 1979, and recorded in Volume 764, Page 868, Deed Records, Cherokee County, Texas.

25) Oil, Gas and Mineral Lease between Mozelle Waites, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated March 6, 1979, and recorded in Volume 764, Page 872, Deed Records, Cherokee County, Texas.

26) Oil, Gas and Mineral Lease between Mary M. Griffin, as Lessor, and Jones-O'Brien Incorporated, as Lessee, dated March 6, 1979, and recorded in Volume 764, Page 870, Deed Records, Cherokee County, Texas.

27) Oil, Gas and Mineral Lease between Lora B. Griffin, Ind. and Exec., as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated March 12, 1979, and recorded in Volume 765, Page 576, Deed Records, Cherokee County, Texas.

28) Oil, Gas and Mineral Lease between Stuart McAnally, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated March 12, 1979, and recorded in Volume 765, Page 584, Deed Records, Cherokee County, Texas.

-2-

Exhibit "A"

VOL. 808 PAGE 770

29) Oil, Gas and Mineral Lease between Geneva Pierce, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated March 14, 1979, and recorded in Volume 765, Page 588, Deed Records, Cherokee County, Texas.

30) Oil, Gas and Mineral Lease between Mrs. Eddie Slawson, as Lessor, and W. M. Beasley, Jr., as Lessee, dated April 9, 1979, and recorded in Volume 771, Page 279, Deed Records, Cherokee County, Texas.

31) Oil, Gas and Mineral Lease between Norton Frank Robinson, et ux, as Lessor, and W. M. Beasley, Jr., as Lessee, dated April 9, 1979, and recorded in Volume 771, Page 264, Deed Records, Cherokee County, Texas.

32) Oil, Gas and Mineral Lease between Stuart McAnally, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated December 10, 1976, and recorded in Volume 711, Page 746, Deed Records, Cherokee County, Texas.

33) Oil, Gas and Mineral Lease between Travis Winfield Musick, as Lessor, and Jones-O'Brien, Incorporated, as Lessee, dated September 12, 1979, and recorded in Volume 783, Page 358, Deed Records, Cherokee County, Texas.

34) Oil, Gas and Mineral Lease between S. L. Stockton, et ux, as Lessor, and Marathon Oil Co., as Lessee, dated July 26, 1976, and recorded in Volume 705, Page 578, Deed Records, Cherokee County, Texas.

35) Oil, Gas and Mineral Lease between Mattie E. Thompson, as Lessor, and Marathon Oil Co., as Lessee, dated July 26, 1976, and recorded in Volume 705, Page 585, Deed Records, Cherokee County, Texas.

36) Oil, Gas and Mineral Lease between Bessie Viola McElroy, as Lessor, and Marathon Oil Co., as Lessee, dated July 26, 1976, and recorded in Volume 705, Page 574, Deed Records, Cherokee County, Texas.

37) Oil, Gas and Mineral Lease between Annie Stockton Bass, as Lessor, and Marathon Oil Co., as Lessee, dated July 27, 1976, and recorded in Volume 705, Page 567, Deed Records, Cherokee County, Texas.

38) Oil, Gas and Mineral Lease between Oleo Stockton, et vir, as Lessor, and Marathon Oil Co., as Lessee, dated August 3, 1976, and recorded in Volume 707, Page 23, Deed Records, Cherokee County, Texas.

STATE OF TEXAS }
COUNTY OF CHEROKEE }
I hereby certify that this Instrument was FILED on the date and at the time stamped hereon by me, and was duly RECORDED. In the Volume and Page of the named RECORDS of Cherokee County, Texas as stamped hereon by me, on

DEC 4 1981

COUNTY CLERK
CHEROKEE COUNTY, TEXAS

-3-

Exhibit "A"

Alliance Phillips Inc.
P.O. Box 3735
13.00 Shreveport, LA
7/10 3

297501
FOR RECORD

03 0 NOV 21  AM 9: 34

Gary Spencer
COUNTY CLERK
CHEROKEE COUNTY, TEXAS
BY_____ DEPUTY

P. O. BOX 3735

### SKLAR & PHILLIPS OIL CO.
2925 MANSFIELD ROAD
SHREVEPORT, LOUISIANA 71103

PHONE 318 - 222-1800

November 10, 1980

County Clerk
Cherokee County
Rusk, Texas 75785

Dear Sir:

Enclosed is Assignment from Jones-O'Brien, Incorporated to
Albert Sklar, et al, covering lands and leases located in
Cherokee County, Texas.

Please record this instrument and return to us at your earliest
convenience.

We will forward our check covering your charge for this service
upon receipt of your bill.

Thank you.

                        Yours very truly,

                        SKLAR & PHILLIPS OIL CO.

e                       Lottie Ellis

enclosure



JONES-O'BRIEN,
INCORPORATED

November 6, 1980

Sklar & Phillips Oil Co.
P. O. Box 3735
Shreveport, LA 71103

Attention Lottie Ellis

                              Re:  Oleo Stockton No. 1
                                   Cherokee County, Texas
                                   Tecula Area (L 280)

Gentlemen:

On February 5, 1980, we sent you an assignment of your interest
in the leases which we included in the captioned gas unit, and
requested the recording data for the assignment when available.

While checking our files, we noticed that we have not received
this information.  Please send us this recording data so that
we may bring our files up-to-date.

                              Very truly yours,

                              JONES-O'BRIEN, INCORPORATED

                              Pauline P. Dempsey
                              Lease Records Supervisor

lt

*MAILING ADDRESS: P.O. BOX 5928, SHREVEPORT, LA 71105/5925 LINE AVENUE/TELEPHONE: (318) 869-2551*

## JONES-O'BRIEN, INCORPORATED

5925 LINE AVENUE

### SHREVEPORT, LOUISIANA

MAILING ADDRESS:
P. O. BOX 5928
SHREVEPORT, LA. 71105

January 28, 1980

TELEPHONE:
(318) 869-2551

TO ALL INTEREST OWNERS

Re:  Division Order No. 1056
Oleo Stockton #1
Cherokee County, Texas

Dear Owner:

Enclosed are two (2) counterparts of Jones-O'Brien, Incorporated's Division Order No. 1056, covering the referenced unit, together with an instruction sheet setting forth the procedure to be followed in executing this division order.

It is necessary that the instructions be followed exactly in order for us to release payment.  After execution has been completed, please return one (1) counterpart of the enclosed division order to this office.  Enclosed is a stamped-addressed envelope for your convenience of returning the executed copy.

Very truly yours,

JONES-O'BRIEN, INCORPORATED

William M. Hamiter

gje
Enclosures

DIVISION ORDER

No. ____1056_____

TO:   JONES—O'BRIEN, INCORPORATED
      P. O. Box 5928
      Shreveport, Louisiana 71105

Date Issued __January 28, 1980__

Effective __With First Production__

The undersigned (herein called "Owner") each severally certify, guarantee and warrant that as of the effective date hereof, they were, and on the date of execution hereof are, the owners of, and do hereby warrant title to their respective interests (as stated in Exhibit "A" attached hereto and incorporated herein by reference for all purposes) in and to the proceeds of the sale of all oil, gas and gaseous substances, including distillate, condensate and sulphur contained therein and liquid hydrocarbons (the "production") produced from the following described lands in _____Cherokee_____ County, Texas:

OLEO STOCKTON #1 GAS UNIT, containing 638.639 acres of land in the
Crawford Burnett A-8 and the Warwick Ferguson A-18 Surveys, as described
in Unit Designation of the Oleo Stockton Gas Unit dated October 8, 1979,
recorded in Volume 783, Page 703, of the Oil and Gas Records, Cherokee
County, Texas.

This Division Order is executed upon the following terms and conditions and shall be binding upon each of the undersigned, their heirs, successors and assigns:

1.   Settlement for the interests of the undersigned in the proceeds of sale of the production shall be made by you (after deduction of any tax placed thereon or on the production thereof by any governmental or regulatory authority) as follows:

(a)   For oil, distillate, condensate or other liquid hydrocarbons the net price actually received by you.

(b)   For residue gas, the net price actually received by you therefor under the following applicable Gas Sales and Purchase Contract or Contracts:

1.   Gas Purchase Contract dated May 2, 1979, Amended September 5, 1979,
     between United Gas Pipe Line Company, as Buyer, and Jones-O'Brien,
     Incorporated, as Seller.

and any amendments thereof (which Gas Sales and Purchase Contract(s), including any such amendments, is hereby ratified and confirmed), or if Contract(s) for any reason should terminate as to any such residue gas, then the price actually received by you for such residue gas.

2.   The division of interests set forth in Exhibit "A" attached hereto is based upon the above described Unit and Unit Designation creating same, which Unit is hereby ratified, adopted and confirmed as being in full force and effect by each of the undersigned as evidenced by their execution of this Division Order; and each of the undersigned who is an owner of a royalty interest in the lands hereinabove described, by executing this Division Order, hereby agrees that the lease(s) included in the aforesaid Unit, insofar as same affect the royalty interest of the undersigned, is/are in full force and effect, and each undersigned royalty owner does hereby lease, let and demise the above described land insofar as it is covered by the said lease(s) unto the record owners of said lease(s) subject to the terms of said leases as same may have been amended.

3.   Settlements and payments hereunder shall be made by your check (within 30 days after receipt of payment by you) to the undersigned at the addresses shown herein for their respective interests in the net proceeds received by you for the production. You may, at your option, withhold without interest the amount due any Owner hereunder until the amount accrued to such Owner totals at least Twenty Dollars ($20.00); provided that, regardless of total, payment of accumulated amounts shall be made in December of each year.

4.   If a refund of a portion of the proceeds of the sale of the production may be required under any order, rule or regulation of the Federal Power Commission or any other governmental agency having jurisdiction, or under the provisions of the "Natural Gas Act," the price for the production shall be calculated on the basis of the unsuspended and/or unconditional certificated price therefor and you are authorized to hold, without interest, the portion of the proceeds of sale subject to possible refund until the amount of the refund, if any is finally determined. If any refund is required you are authorized to make such refund out of the proceeds withheld by you pursuant to this paragraph.

5.   If any of the undersigned do not own or control the right to dispose of the production itself, but are entitled to the value of a portion of the proceeds of sale thereof, or some similar interest, then the terms hereof shall be construed as setting forth the proper method for correctly determining the basis upon which settlement shall be made for such interest in production.

6.   The undersigned severally agree to notify you of any change in their ownerships of interest in the right to receive the proceeds of sale of the production by delivering to you at the above address (or at such other address as you designate in written notice delivered to the undersigned) the original or a certified copy of instrument or instruments evidencing same and a transfer order in your favor, executed by the grantor and grantee in each such instrument. All such transfers of interests shall be made subject to this Division Order and shall be effective at 7:00 a.m. on the first day of the calendar month following receipt by you of the instruments described in this paragraph notifying you of such change in ownership.

7.   You shall have no responsibility for determining if and when any interest described in Exhibit "A" shall or should terminate, revert to or become vested in other parties. Any of the undersigned whose interests terminate, revert to or become vested in other parties (including, as illustrations only, production payments, limited overriding royalty interests and assignments of production as collateral security) shall deliver to you notice in writing by registered mail upon occurrence of such termination, reversion, or vesting of ownership in other parties, and shall execute transfer orders properly evidencing such occurrence.

8.   The undersigned severally agree to indemnify and hold you harmless of and from (a) all loss or damage sustained by you on account of failure to receive the evidence of transfer of interest described in 6 and/or the written notice described in 7 above, and (b) any judgment rendered against you on account of receiving, purchasing or transporting the production credited to the interest of each respective undersigned.

EXHIBIT "A"

DIVISION ORDER NO. 1056

| OVERRIDING ROYALTY INTEREST OWNERS: | INTEREST | |
|---|---|---|
| | Column "A" | Column "B" |
| Marathon Oil Company | .008734 | . -0- |

| WORKING INTEREST OWNERS: | | |
|---|---|---|
| Dale Gas Joint Venture 1979-A | .203375 | .200463 |
| Jones-O'Brien, Incorporated | .406749 | .400927 |
| Marathon Oil Company | . -0- | .020380 |
| Mobil-GC Corporation | .035165 | .035165 |
| John T. Palmer | .050844 | .050116 |
| *Albert Sklar | .038133 | .037587 |
| *L. W. Phillips | .038133 | .037587 |
| *Howard Trust | .012711 | .012529 |
| *Suzy Trust | .012711 | .012529 |
| *Judy Trust | .012711 | .012529 |
| *Fred Trust | .019066 | .018793 |
| *Sandy Trust | .019066 | .018793 |

*Until further notice these parties authorize settlement for their interests to be made to Sklar & Phillips, Inc., Operator.

Column "A" - Interest prior to payout and also after payout in the event that Marathon does not exercise its option to convert its Overriding Royalty Interest to a Working Interest.

Column "B" - Interest in the event that Marathon exercises its option to convert its Overriding Royalty Interest to a 33 1/3 % Working Interest after payout.

O. Stockton – 638.639 ac

Tract 1 – Larry, Gene Hefner et al   40 ac )

Less ¼ owned by Fred Crudo          10 ac ( 18.837 ac in
         James O'Brien                        30 ac )        unit

Hefner RI = ⅜ of ⅛ of $\frac{18.837}{638.639}$

Stockton – ⅜ of 3/16 of $\frac{18.837}{638.639}$

J-OB Unit Interest

| | | |
|---|---|---|
| ✓ | Tr 1 | – .018665 |
| ✓ | 2 | – .006781 |
| ✓ | 3 | – .020552 |
| ✓ | 4 | – .016493 |
| ✓ | 5 | – .007707 |
| ✓ | 6 | – .069216 (BPO) , .057570 (APO) |
| ✓ | 7 | – .078096 ④ |
| ✓ | 8 | – .037052 |
| ✓ | 9 | – .002685 |
| ✓ | 10 | – .037841 |
| ✓ | 11 | – .037841 |
| ✓ | 12 | – .026097 |
| ✓ | 13 | – .037841 |
| ✓ | 14 | – .006688 |
| ✓ | 15 | – .020877 |
| ✓ | 16 | – .048816 |
| ✓ | 17 | – .048816 |
| ✓ | 18 | – .118351 |
| ✓ | 19 | – .124269 |
| ✓ | 20 | – .048816 |

$$.813500 \qquad .801854$$

SHP × .1875 ___ × .1875

$$.152531 \qquad .150347^6$$

Tract #1 = 18.837 ac          Given   1-3-90

18.837 / 638.639 = .029496

|  | Fractional | Tract | Unit. |  |
|---|---|---|---|---|
| Royalty |  |  |  |  |
| Mobil - GC | 1/4 × 1/8 | .031250 | 000922 |  |
| Larry Gene Hefner and wife Beverly A. Hefner | 3/8 × 1/8 | .046875 | 001383 |  |
| John H. Stockton and wife Doris B. Stockton | 3/8 × 3/16 | .0703125 | 002074 |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Working interest |  |  |  |  |
|  |  |  |  |  |
| Mobil - GC | 1/4 × 7/8 | .218750 | 006452 |  |
|  |  |  |  |  |
| Jones-O'Brien et al | 3/8 × 7/8 plus 3/8 × 13/16 | .6328125 | .018665 |  |
|  |  |  |  |  |
|  |  | 1.000000 | .029496 ✓ |  |

Tract #2 = 6.6 ac.                    GHH

6.6 / 635.635 = .010334

|  | Fractional | Tract | Unit |  |
|---|---|---|---|---|
| **Royalty** |  |  |  |  |
| Tommy Lee Moore and wife Billy E Moore and Federal Land Bank of Houston | 3/4 x 1/8 | 093750 | 000969 |  |
| Mobil - GC | 1/4 x 1/8 | 031250 | 000323 |  |
|  |  |  |  |  |
| **Working interest** |  |  |  |  |
| Mobil - GC | 1/4 x 7/8 | 218750 | 002261 |  |
| Toves - O'Brien et al | 3/4 x 7/8 | 656250 | 006781 |  |
|  |  | 1.000000 | 010334 |  |

Tract #3 = 20.000 a.

GMU

20/638 638 = .031317

| | Fractional | Tract | Unit | |
|---|---|---|---|---|
| Royalty | | | | |
| Mobil - GC | ¼ x ⅛ | 031250 | 000979 | |
| James H Clay and wife Ernestine Ann Clay | ¼ x ⅛ | 031250 | 000979 | |
| J.D. Davenport and wife Anna Jeanette Davenport | ½ x ⅛ | 062500 | 001957 | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| Working interest | | | | |
| | | | | |
| Mobil - GC | ¼ x ⅞ | 218750 | 006850 | |
| | | | | |
| Jones - Gibson et al | ¾ x ⅞ | 656250 | 020552 | |
| | | 1.000000 | 031317 | |

Tract # #1 = 16.05 ac

16.05 / 638.638 = .025132

| | Fractional | Tract | Unit | |
|---|---|---|---|---|
| Royalty | | | | |
| Mobil - GC | 1/4 × 1/8 | 031250 | 000785 | |
| Chacha - Stockton Machon | 3/4 × 1/8 | 093750 | 002356 | |
| | | | | |
| Working interest | | | | |
| Mobil - GC | 1/4 × 7/8 | 218750 | 005498 | |
| Jones - O'Brien et al | 3/4 × 7/8 | 656250 | 016483 | |
| | | 1.000000 | 025132 | |

Tract #5 : > 500  ac                    Gross    ms-50

7.5 / 638.585 = .011744

|  | Fractional | Tract | Unit |  |
|---|---|---|---|---|
| Royalty |  |  |  |  |
| Mobil - GC | 1/4 × 1/8 | 031250 | 000367 |  |
| James H. Clay and wife Ernestine Ann Clay | 1/4 × 1/8 | 031250 | 000367 |  |
| Kenna T. Martin | 1/2 × 1/8 | 062500 | 000734 |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Working Interest |  |  |  |  |
| Mobil - GC | 1/4 × 7/8 | 218750 | 002569 |  |
| James C Brown et al | 3/4 × 7/8 | 656250 | 007707 |  |
|  |  | 1,000000 | 011744 |  |

Tract #6    67.357 ac

67.357 / 638.539 - .105470

| | Fractional | Tract | Unit | |
|---|---|---|---|---|
| Royalty | | | | |
| Mobil-GC | 1/8 × 1/8 | .015625 | 001648 | ✓OK |
| Wayne Trust Tr    (25-1) | 1/16 × 1/4 | .015625 | 001648 | |
| Hughes Interstwide (25-4) | 1/16 × 1/4 | .015625 | 001648 | |
| Allen Thrash    (25-0) | 1/2 × 3/4 × 2/150 × 1/4 | .0109375 | 001154 | |
| Eva L. James    (25-3) | 1/2 × 3/4 × 2/150 × 1/4 | .0109375 | 001154 | |
| 14074 C Jesse Viola McElroy | 3/4 × 2/150 × 1/8 | .0109375 | 001154 | |
| 14074-A Sammie Lewis Stockton | 3/4 × 2/150 × 1/8 less | .011499 | 001213 | |
| Harry S Phillips | 20/90.77 × 1/8 ↓ | .027563 | 002907 | |
| 14074 B Hester L. Thompson | 3/4 × 2/150 × 1/8 | .0109375 | 001154 | |
| 14074 D Cleo Stockton | 1/2 × 3/4 × 2/150 × 1/8 | .005469 | 000577 | |
| Nolan Stockton | 1/2 × 3/4 × 2/150 × 1/8 | .005469 | 000577 | |
| ✕ Herman W. Bass | 2/67 × 3/4 × 2/150 × 1/8 | .000810 | 000085 | |
| Helen S. Leonard | 2/67 × | .000810 | 000085 | |
| Margie B. Osborn | 2/67 × | .000810 | 000085 | |
| Edna B. Cole | 2/67 × | .000810 | 000085 | |
| Bobby Frank Bass | 2/67 × | .000810 | 000085 | |
| Bertha Ann B. Jandscheck | 2/67 × | .000810 | 000085 | |
| Jackie Don Bass | 2/67 × | .000810 | 000085 | |
| Wanda June Bowen | 2/67 × | .000810 | 000085 | |
| Bill M. Bass | 2/67 × | .000810 | 000085 | |
| ✕ W. J. Bass | 1/3 × 3/4 × 2/150 × 1/8 | .003646 | 000385 | |
| | | .151566 | 015999 | |
| Overriding royalty | | | | |
| EGO Marathon Oil Company | 3/4 × 159/150 × 1/8 | .082813 | 008734 | ✓OK |
| APC | — 0 — | .234374 | 024718 | |
| Working interest | | | | |
| Mobil - GC | 1/8 × 7/8 | .109375 | 011536 | OK |
| BPO Jones-Otter et al | 1/8 × 3/4 plus 3/4 × 2/150 × 3/4 plus 3/4 × 159/150 × 3/4 | .656250 | 069216 | |
| | | .599999 | 063270 | |
| APO Jones-Otter et al | 1/8 × 3/4 plus 3/4 × 2/150 × 3/4 plus 7/2 × 3/4 × 159/150 × 7/8 | .545833 | 057570 | |
| Marathon | 1/3 × 3/4 × 159/150 × 7/8 × 7/8 | .193229 | 020380 | OK |
| | | .999998 | | |

Tract # 7 = 57 ac.

| 7.1 = 50 ac | 50 / 638 639 = .078291 | | |
| 7.2 = 4 ac | 4 / 638 639 = .006263 | | .084552 |
| 7.3 = 3 ac | 3 / 638 639 = .004697 | | |

| | Fractional | Tract | Unit | |
|---|---|---|---|---|
| **7.1 Royalty** | | | | |
| Louise Musick Grantor | 1/10 × 1/8 | 012500 | 000979 | |
| Dorothy Marie Musick McCourt | 1/10 × 1/8 | 012500 | 000979 | |
| Travis Winfield Musick | 1/10 × 1/8 | 012500 | 000979 | |
| Ruby Faye Glover | 1/10 × 1/8 | 012500 | 000979 | |
| Mary Frances Musick Craghill | 1/10 × 1/8 | 012500 | 000979 | |
| Stuart McAnally | 1/2 × 1/8 | 062500 | 004893 | |
| | | | 009788 | |
| **7.2 Royalty** | | | | |
| Stuart McAnally and wife | 1/8 | 125000 | 000783 | |
| Hilda Estelle McAnally | | | | |
| **7.3 Royalty** | | | | |
| Travis Winfield Musick | 1/8 | 125000 | 000587 | |
| | | #7 R.I. total | 011158 | |
| **Working Interest (7.1, 7.2 & 7.3)** | | | | ④ → balance |
| James O'Brien, et ux | 7/8 | 875000 | 078095 | |

Tract #9 = 27.045 ac.          SWH    1-0-90

27.045/655.439 = .0412368

|  | Fractional | Tract | Unit |  |
|---|---|---|---|---|
| Royalty |  |  |  |  |
| Charles S. Cook | 1/7 × 1/8/27.045×1/3 | 006603 | 000280 |  |
| William H. Hamilton | '' | — | 000280 | .006215 |
| Randle R. Hodges | '' | — | 000280 |  |
| Thomas E. Jordan Jr | '' | — | 000280 |  |
| Michael R. McCrary | '' | — | 000280 |  |
| Newton B. Smith | '' | — | 000280 |  |
| Percy J. Wheeler | '' | — | 000280 |  |
| Roy P Sharp | 10.21375 / 27.345 × 1/8 | 047531 | 002013 |  |
| Mozelle Marks | 1/4 × 1/8 | 031250 | 001323 |  |
|  |  |  | 005296 |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Working interest |  |  |  |  |
|  |  |  |  |  |
| Jones-O'Brien, et al | 7/8 | 875000 | 037052 |  |
|  |  | 1,000000 | .042348 |  |

Tract #19 = 1.96 ac                    6/4H   1-21-30

1.96/658.659 = .003069

| | | Fractional | Tract | Unit | |
|---|---|---|---|---|---|
| Royalty | | | | | |
| | Mozelle Waites | 1/4 × 1/8 | 031250 | 000096 | |
| | Stuart McIlvain | 3/4 × 1/8 | 093750 | 000288 | |
| | | | | | |
| | | | | | |
| Working Interest | | | | | |
| | Jones · O'Brien, et al | 7/8 | 875000 | 002685 | |
| | | | 1.000000 | 003069 | |
| | | | | | |

Tract #10 = 29 ac.                    GMH

25 / 638 6593   .045469

|  | Fractional | Tract | Unit |  |
|---|---|---|---|---|
| Royalty |  |  |  |  |
| Martin Frank Robinson, Jr. and wife Elaine Robinson | 1/2 × 1/6 | 083333 | 003784 |  |
| Mrs. Eddie Slawson | 1/2 × 1/6 | 083333 | 003784 |  |
| Working Interest |  |  |  |  |
| James O'Brien, et al | 5/6 | 833334 | 037841 |  |
|  |  | 1.000000 | .045409 |  |

29/638 639 = .045409

|  | Fractional | Tract | Unit |  |
|---|---|---|---|---|
| Royalty |  |  |  |  |
| Loca B Griffin, II et al | 1/4 × 1/6 | 041667 | 001892 |  |
| Mary M. Griffin | 3/4 × 1/6 | 125000 | 005676 |  |
|  |  |  |  |  |
| Working interest |  |  |  |  |
| James O'Brien et al | 5/6 | .833333 | 037841 |  |

Type dile = 20 ac                    Grith

20/638 638 = .031317

|  | Fractional | Tract | Unit |  |
|---|---|---|---|---|
| Royalty |  |  |  |  |
| Lora. B. Griffin , and Cont. | 1/6 | 166667 | 005220 |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Working interest |  |  |  |  |
| Jones-O'Brien et al | 5/6 | 833333 | 026097 |  |
|  |  | 1.000000 | 031317 |  |

Tract #13 = 29 ac.                                    Gilly   1-11-56

.9/639 639 = .045409

|  | Fractional | Tract | Unit |  |
|---|---|---|---|---|
| Royalty |  |  |  |  |
| Marion Robinson Sr. and wife Florine Robinson | 1/6 | 166667 | 007568 |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Working interest |  |  |  |  |
| James O'Brien, et al | 5/6 | 833333 | 037841 |  |
|  |  | 1.000000 | 045409 |  |

5/635.65F:  007829

|  | fractional | Tract | Unit |  |
|---|---|---|---|---|
| Royalty |  |  |  |  |
| Lela B Griffin, ind. & ind. ex Est. Alton D Griffin | 1/2 × 1/6 | 083333 | 000652 |  |
| Geneva Pierce | 1/2 × 1/8 | 062500 | 000489 |  |
| Working interest |  |  |  |  |
| James W Baker, et al | 1/2 × 5/6 plus 1/2 × 7/8 | 854167 | 006688 |  |
|  |  | 1,000 000 | 007829 |  |

Trel 515: 16a1      61NH °1.0 92

16/639.639 = .025053

| | Fractional | Tract | Unit | |
|---|---|---|---|---|
| Royalty | | | | |
| Iva B. Griffin, not $ ind. as LSt. | 1/6 | 166667 | 004176 | |
| | | | | |
| | | | | |
| Working Interest | | | | |
| Jones, et al | 5/6 | 833333 | 020877 | |
| | | 1.000000 | 025053 | |

55.63 / 638 534     .055790

|  | | | | |
|---|---|---|---|---|
|  | | 775000 | 55000 | |
| R.S. Gregory B. White | 1/8 | 125000 | 006974 | |
| working interest | | | | |
| Jerre Clemens etal | 7/8 | 875000 | 048916 | |
| | | 1,000000 | 055790 | |

35.63 *x* 25 *ac*   *Grant* 1-4-90

35.63/635.639 = .055790

| | Interest | Tract | Unit | |
|---|---|---|---|---|
| *Royalty* | | | | |
| Stuart McDonald | ½ x ⅛ | 062500 | 003487 | |
| Shirley Hooson and Charles E Cook | ¼ x ⅛ | 031250 | 001743 | |
| U.S. Cook | ⅛ x ⅛ | 015625 | 000872 | |
| Luther A. Cook | ⅛ x ⅛ | 015625 | 000872 | |
| | | | | |
| Working interest | | | | |
| James O'Brien et al | ⅞ | 875000 | 048816 | |
| | | 1.000000 | 055790 | |

strict

*[handwritten notation at top]* 90.7 a.

*[handwritten]* 142621

|  | Fractional | Tract | Unit |  |
|---|---|---|---|---|
| Royalty |  |  |  |  |
| Bertha Wilkins | 1/8 × 1/6 | 020833 | 002959 |  |
| Lois Davis | 1/8 × 1/6 | 020833 | 002959 |  |
| Lou S. Grill | 1/8 × 1/6 | 020833 | 002959 |  |
| Lafayette Morrison Ray | 1/3 × 1/8 × 1/6 | 006944 | 000986 |  |
| Mary Morrison Martin | 1/3 × 1/8 × 1/6 | 006944 | 000986 |  |
| Mary Morrison Miller | 1/3 × 1/8 × 1/6 | 006944 | 000986 |  |
| E.R. Otts and wife | 1/2 × 1/6 | 083333 | 011835 |  |
| Alice Otts |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Working Interest |  |  |  |  |
|  |  |  |  |  |
| Jones-O'Brien, et al | 5/6 | .833336 | 118351 |  |
|  |  | 1.000000 | 142021 |  |

| | Carried | Trust | Unit | |
|---|---|---|---|---|
| **Equity** | | | | |
| Chris Woolovic | 1/4 × 1/8 | 031250 | 004438 | |
| Dwayne Woolovic | | | | |
| Larry Riben | 1/8 × 1/8 | 015625 | 002219 | |
| Bill Smith | 1/4 × 1/8 | 031250 | 004438 | |
| Tom Kutheris | 1/4 × 1/8 | 031250 | 004438 | |
| Charles S. Cook | 1/7 × 1/8 × 1/8 | 002232 | 000317 | |
| William Harriter | 1/7 × 1/8 × 1/8 | 002232 | 000317 | |
| Leslie K. Graves | 1/7 × 1/8 × 1/8 | 002232 | 000317 | |
| Thomas Felton, Sr. | 1/7 × 1/8 × 1/8 | 002232 | 000317 | |
| Michael McCleary | 1/7 × 1/8 × 1/8 | 002232 | 000317 | |
| Norman Smith | 1/7 × 1/8 × 1/8 | 002232 | 000317 | |
| James T. Wheeler | 1/7 × 1/8 × 1/8 | 002232 | 000317 | |
| | | | | |
| | | | | |
| **Undivided Interest** | | | | |
| | | | | |
| Trustees Undivided Interest | 7/8 | 875000 | 124269 | |
| | | 999999 | 142021 | |

Tract No - 3563

Grant 1430

95 or 950 650 - .05579.

| | | Fractional | Tract | Unit | |
|---|---|---|---|---|---|
| **Royalty** | | | | | |
| John E. Stinson and wife Mary E. Wilson | | 1/2 × 1/8 | 062500 | 003487 | |
| Lonnie Pounders | 1/3 | 1/2 × 1/8 | 020834 | 001163 | |
| Vada Benedict | 1/3 | " | 020833 | 001162 | |
| Bill Crawford | 1/3 | " | 020833 | 001162 | |
| **Working interest** | | | | | |
| Jones-O'Brien, et al | | 7/8 | 875000 | 048816 | |
| | | | 1000000 | 055790 | |