# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

## LIMITED OBJECTION TO OMNIBUS MOTION TO REJECT JOINT OPERATING AGREEMENTS AND RELATED OIL AND GAS CONTRACTS

Comes now, Pruet Production Co. ("Pruet") both in its individual capacity and as agent for certain owners of working interests (the "Owners")[1], creditors and parties in interest, and files this limited objection (the "Objection") to the Omnibus Motion to Reject Joint Operating Agreements and Related Oil and Gas Contracts [Doc. 927] (the "Motion to Reject") filed by Debtor Sklar Exploration Company, LLC ("SEC"). In support of this limited objection, Pruet states the following:

1. As the Court is aware, SEC operates a number of oil and gas properties in multiple states. Pruet and the Owners are non-operating working interest owners in a number of these properties with the greatest concentration being in what commonly is referred to as the Brooklyn Southeast and Southwest Units (the "Brooklyn Units").

---

[1] A list of the Owners is included in the Verified Rule 2019 Statement of Multiple Representation filed at Docket No. 162 as amended by Docket No. 211.

9769082.3

2. SEC also operates gas processing plants commonly referred to as the Abbeville and North Beach Plants, at which gas produced from wells in the vicinity thereof is processed, including the Brooklyn Units as to the Abbeville Plant (the "Plants").

3. On February 26, 2021, SEC along with Sklarco, LLC ("Sklarco" and together with SEC, the "Debtors") filed their Amended Joint Plan of Reorganization [Doc. 913] (the "Amended Plan").

4. Section 8.9 of the Amended Plan calls for the liquidation and wind down of SEC. This liquidation and wind down is to begin on the Amended Plan's Effective Date[2] and is to be facilitated by an independent manager who is not appointed until the Effective Date (the "Independent Manager").

5. Section 8.9 of the Amended Plan also calls for the Independent Manager to call for a vote of the working interest owners under the various joint operating agreements in which SEC serves as operator at some point after the Effective Date to select a replacement operator.

6. On the same day the Amended Plan was filed, SEC filed the Motion to Reject. Through the Motion to Reject, SEC seeks to reject 120 separate agreements most of which are the joint operating agreements under which SEC operates the oil and gas properties in which Pruet, the Owners, Sklarco, and hundreds of other individuals or entities hold working interests. The remaining agreements are ancillary to these operations.

7. Important for these purposes, the Motion to Reject and the proposed order submitted by SEC authorize rejection of the agreements immediately upon confirmation of the Amended Plan. Paragraph 16 of the Motion to Reject recognizes the importance of continued

---

[2] Section 8.10 of the Amended Plan contemplates the Effective Date being the first business day after which seven (7) separate conditions are met including, but not limited to entry of an order confirming the Amended Plan.

9769082.3

operation of the oil and gas properties until operations are transitioned over to a replacement operator. However, nowhere in the Motion to Reject does SEC state that it will wait to reject the agreements until after the replacement operators are in place.

8. SEC's rejection of the agreements prior to a replacement operator is up and running would be devastating. Production would come to a halt which would harm the working interest owners (including Sklarco) and other parties in interest in the case. A premature rejection also would increase the rejection damages of the working interest owners.

9. In other contexts, courts have recognized the balance between a debtor's right to reject an executory contract and the need to minimize the interruption to the counterparty's business. For example, in *In re Texas Health Enters., Inc.*, the court conditioned rejection of a lease under which a health facility was operated to their being a plan in place to ensure the continuity of care to the patients at the facility. 255 B.R. 185, 189 (Bankr. E.D. Tex. 2000); *see also In re Exide Technologies*, 340 B.R. 222, 251 (Bankr. D. Del. 2006) (conditioning rejection of executory contract on transition period to mitigate damages to counterparty).

10. Pruet recognizes that the Motion to Reject and its proposed order does not expressly state that rejection will be effective upon confirmation of the Amended Plan, but instead only authorizes rejection at a time subsequent to plan confirmation. While true, nothing in the proposed order stops SEC from rejecting the agreements long before a replacement operator has been named.

11. The concerns can be addressed by the proposed order being modified to limit effectuation of rejection upon the effective date of the replacement operators taking over operations.

9769082.3

12. To the extent SEC says imposing this condition imposes a burden on SEC, any such burden can be minimized by allowing the working interest owners to immediately vote in a replacement operator (conditioned upon confirmation of the Amended Plan). This step will allow the replacement operators to be begin working with SEC immediately to begin the transition of operations so that the transition can be finalized quickly after confirmation.

13. Two of the agreements listed in the Motion to Reject as Entry #94 relate to operation of the Plants (the "Plant Agreements"). Counsel for SEC has represented these agreements were inadvertently included and SEC will not seek to reject them. To the extent this representation is not accurate, Pruet objects to the rejection of these agreements.

## RESERVATION OF RIGHTS

Pruet makes no admission of fact or law and reserves any and all rights, claims, objections, and defenses that may be available to them before this Court and any other court with competent jurisdiction over the parties and the matters at issue, including in connection with the Motion to Reject or any other related motions, pleadings, or orders, asserted liens and interests, and any other matters involving the administration of this case, the estate, and Pruet's interests, any and all rights available to them under the Bankruptcy Code and applicable non-bankruptcy law. Pruet reserves any and all rights to supplement or amend this Objection and at any hearing.

## JOINDER

Pruet joins the objections of all other parties to the Motion to Reject to the extent such objections are not inconsistent with this Objection.

## CONCLUSION

Pruet requests that the Court grant the Motion to Reject (except as to the Plant Agreements), but condition SEC's rejection of the various agreements as they relate to operations of a specific property upon the transition of operations to a replacement operator. Pruet also

4

requests the Court authorize the working interest owners immediately to conduct a vote to select a replacement operator with such selection being conditioned upon confirmation of the Amended Plan. Pruet seeks such other and different relief as the Court deems proper and just.

Dated: March 11, 2021.

/s/ Matthew J. Ochs
Matthew J. Ochs
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80201-8749
Telephone: (303) 295-8299
Facsimile: (303) 416-8951
Email: mjochs@hollandhart.com

-and-

/s/ Jeremy L. Retherford
Jeremy L. Retherford
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203-4642
Telephone: (205) 226-3479
Facsimile: (205) 488-5693
Email: jretherford@balch.com

*Attorneys for Pruet Oil Company, LLC and Pruet Production Co. in its individual capacity and as agent of the Owners*

## CERTIFICATE OF SERVICE

I certify that on March 11, 2021, the foregoing was electronically filed with the Court via the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing.

*/s/ Matthew J. Ochs*

9769082.3