IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT COLORADO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **SKLAR EXPLORATION COMPANY, LLC** | ) | Case No. 20-12377-EEB |
| **and SKLARCO, LLC** | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| **SKLARCO, LLC** | ) | Case No. 20-12380-EEB |
| | ) | |
| | ) | Chapter 11 |
| | ) | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF THE RUDMAN PARTNERSHIP TO MOTION
TO ASSUME FISHPOND UNIT
AGREEMENT AND UNIT OPERATING AGREEMENT
(Sklarco, LLC)
[Docket No. 863]**

The Rudman Partnership ("Rudman"), by and through the undersigned counsel, hereby submits its limited objection and reservation of rights to Sklarco, LLC's ("Debtor") Motion to Assume Fishpond Unit Agreement and Unit Operating Agreement ("Motion") [Docket No. 863] and respectfully represent as follows:

**BACKGROUND**

1.  Rudman is a party to that certain Unit Agreement Fishpond Oil Unit Fishpond Field Escambia County, Alabama (together with associated amendments, the "Fishpond Unit Operating Agreement"), attached as Exhibit 1 [Docket No. 863-1] to Debtor's Motion. *See* Motion Exhibit 2 at 2 [Docket No. 863-2].

1

2. Rudman and Debtor are non-operating working interest owners under the Fishpond Unit Operating Agreement.

**LIMITED OBJECTION**

3. Rudman objects to the Motion based on Debtor's statement that "no cure is required for Sklarco to assume the Fishpond Unit Operating Agreement." Motion ¶12.

4. Debtor Sklar Exploration Company, LLC ("SEC") and Debtor have operated themselves as a single business enterprise from inception, have commingled not only their own assets but those of various Sklar family trusts, and have left SEC, as Operator, grossly undercapitalized and wholly unable to pay its debts. Under these facts, substantive consolidation is appropriate. *See Fish v. East*, 114 F.2d 177 (10th Cir. 1940).

5. There is no question that Debtor has title to all of the assets of any value and that SEC is a shell company that could only survive with life support from Sklarco. Sklarco is the "PropCo", the affiliate with assets, and SEC is the undercapitalized "OpCo", *see, e.g., Official Comm. Of Unsecured Creditors of HH Liquidation, LLC v. Convest Group Holdings, LLC (In re HH Liquidation, LLlC),* 2017 WL 4457404 (Bankr. D. Del. Oct. 4, 2017), the operating company whose creditors are left with a paltry or no recovery absent substantive consolidation (or other veil piercing remedy available under applicable law).

6. From the beginning of this case, SEC and Debtor have admitted that money flowed freely between them and that the cash of Debtor and SEC has always been commingled.[1] Indeed, the Debtors' CFO admitted that SEC could not survive without being subsidized by

---

[1] Q  Okay. But – I mean does – do these companies make any semblance of keeping their affairs separate – their financial affairs:
 A  From a cash standpoint, all of the money is pooled and commingled.

Transcript of Cash Collateral Hearing held April 27, 2020, pp. 146-47.

Sklarco.[2] "Due to the nature of the Debtors' operations, a majority of Sklarco's funds are pooled with SEC to ensure that SEC can continue to maintain the operations of the wells."[3]

7. Moreover, SEC has also transferred funds to Debtor under the guise of "JIB payments" or the like, where actually the funds were immediately transferred by Debtor to Sklar family trusts. And Debtors' CFO admitted that the SEC Statement of Financial Affairs was false in those instances in which transfers from SEC to Sklarco were characterized as being for payment of JIBs when, in fact, they were to allow Sklarco to make distributions to the family trusts. *See* Testimony of Debtors' CFO, John Strausser, Transcript of Cash Collateral Hearing held April 27, 2020, pp. 151, 153-156.

8. Contrary to Debtor's assertion that it has no cure obligations, under these circumstances Debtor's cure obligations include satisfaction of the obligations of SEC owing to Rudman and other working interest owners under the Fishpond Unit Operating Agreement.

---

[2] A  To more fully answer your question, the – Sklar Exploration on its own, without Sklarco subsidizing part of the general and administrative expenses of the combined entities could not survive.  And so this reflected the fact that Sklarco, in effect, pays, not only its share of the operating costs, but it – provides money to Sklar Exploration to pay its general administrative expenses that can't be recouped.
Q  Okay. Well, I guess I'm getting more confused.  Skarco has, just like all the other working interest owner, joint interest billing obligations, right?
A  That's correct.
Q  It gets a bill just like anybody else. So if its revenues aren't going into its own accounts, how does it pay for anything?
A.  Through the commingled cash account.

Transcript of Cash Collateral Hearing held April 27, 2020, pp. 147-148.

[3] Debtors' Motion for Entry of Order Authorizing the Debtors To Continue Use of Existing Bank Accounts ¶4 [*sic*], Doc. No. 36.

## RESERVATION OF RIGHTS

9. Rudman hereby reserves all rights to assert any and all remedies against Sklarco and the Sklar family trusts, including but not limited to substantive consolidation of Debtors and the Sklar family trusts, and all applicable veil piercing remedies available under applicable law.

Dated this 11th day of March, 2021.

                                                        Respectfully submitted,

**Maynes, Bradford, Shipps & Sheftel, LLP**

*/s/ Thomas H. Shipps*
Thomas H. Shipps

*/s/ Shay L. Denning*
Shay L. Denning
Maynes, Bradford, Shipps & Sheftel, LLP
835 E. Second Ave., Suite 123
Durango, CO  81301
Telephone: (970) 247-1755
Facsimile: (970) 247-8827
Email: tshipps@mbssllp.com;
       sdenning@mbssllp.com


*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
815 Walker, Suite 1502
Houston, TX  77002
Telephone: (713) 659-8761
Cell: (713) 516-7450
Facsimile: (713)659-8764
Email: barnetbjr@msn.com

*Attorneys for The Rudman Partnership*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on March 11, 2021, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing

/s/ *Kate Potemkin*
Kate Potemkin