UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: SKLAR EXPLORATION COMPANY, LLC<br>Debtor | CHAPTER 11<br>CASE NO. 20-12377-EEB |
| IN RE: SKLARCO, LLC<br>Debtor | CHAPTER 11<br>CASE NO. 20-12380-EEB |
| | Jointly Administered Under<br>Case No. 20-12377-EEB |

### OBJECTION TO MOTION TO ASSUME LCCOU IV
### UNIT AGREEMENT AND UNIT OPERATING AGREEMENT
### (Sklarco, LLC)

COMES NOW Kudzu Oil Properties, LLC ("Kudzu") and files this its Objection to the *Motion to Assume LCCOU IV Unit Agreement and Unit Operating Agreement* (the "Motion") [DK #889], filed herein by Sklarco, LLC (the "Debtor"), and states as follows, to-wit:

### BACKGROUND

1. Kudzu is a party to that certain Unit Agreement and Unit Operating Agreement dated October 1, 2016, between Sklar Exploration Company, LLC, as Unit Operator, and McCombs Energy, Ltd., et al., as Non-Operators, (together with all attachments and amendments thereto, the "LCCOU IV Unit Operating Agreement").

2. Both Kudzu and the Debtor are non-operators under the LCCOU IV Unit Operating Agreement.

3. The LCCOU IV Unit Operating Agreement obligates non-operators to pay their proportionate share of the expenses associated with the subject property. *See* Mot. ¶ 9.

### OBJECTION

4. A debtor that seeks to assume an executory contract subject to default must "cure[], or provide[] adequate assurance that [it] will promptly cure, such default" and "provide[] adequate assurance of future performance." 11 U.S.C. § 365(b)(1)(A), (C).

5. The debtor-in-possession "has the ultimate burden of proving (i) the agreement is subject to assumption, and (ii) all requirements for assumption have been satisfied." *In re FKA FC, LLC*, 545 B.R. 567, 573 (Bankr. W.D. Mich. 2016) (citations omitted). Once a non-debtor counterparty demonstrates the occurrence of a default, "the burden then shifts back to the trustee as the party seeking to assume the agreement to demonstrate that such default has been cured or will be cured, and that adequate assurance of future performance has been provided." *Id.* at 574 (citation omitted).

6. The Debtor has obligation under the LCCOU IV Unit Operating Agreement to make cash call advances and satisfy its joint interest billing obligations ("JIBs"). The Debtor does not dispute that the LCCOU IV Unit Operating Agreement obligates non-operators to pay a proportionate share of the expenses, which include cash call advances, associated with operations. *See* Mot. ¶ 9, DK #889-1, at 42 of 72.

7. Mr. Howard Sklar, the Debtor's manager, previously testified that the Debtor failed to provide cash call advances under its agreement. Although non-operators are required to pay cash call advances, Mr. Sklar unequivocally stated, "Sklarco does not pay cash advances," and instead "pays the bills as the work in completed." Evid. Hr'g Tr. 32:16, 24-25, May 12, 2020, excerpts of which are attached, incorporated by reference and marked as **Exhibit "A"**. Mr. Sklar also testified that the Debtor has failed to pay its share of cash call advances. *Id.* at 35:6-7.

8. Upon information and belief, the Debtor has failed to make cash call advances and JIBs under the LCCOU IV Unit Operating Agreement, and thus is in default under the LCCOU IV Unit Operating Agreement.

9. Because the Debtor is in default under the LCCOU IV Unit Operating Agreement, the Debtor cannot assume the LCCOU IV Unit Operating Agreement until it pays past-due cash call advances and JIBs, thereby curing its default. *See* 11 U.S.C. § 365(b)(1)(A).

10. To the extent other defaults exist, the Debtor must cure those defaults - or provide adequate assurance of prompt cure - before the LCCOU IV Unit Operating Agreement can be assumed.

11. The Debtor has provided no assurance of future performance under the LCCOU IV Unit Operating Agreement. The Debtor has tied its success of reorganization to Debtor Sklar Exploration Company, LLC ("SEC," and with the Debtor, the "Debtors"). *See* Am. Disclosure Statement 32, Feb. 26, 2021, Docket No. 925. SEC - recognizing that "significant litigation over cure claims and uncertainty regarding SEC's ability to retain operatorship of the properties" makes reorganization uneconomic - has decided to wind-down its operations. *See id.* at 6, 15. The Debtors stated that "if working interest owners do not pay their JIBs, SEC will continue to experience significant cash shortfalls, and will be unable to meet its obligations and pay expenses as it transitions to a new operator, potentially resulting in the need to shut in wells and significantly reducing revenue to Sklarco and payments to creditors." *Id.* at 32 (emphasis added). The Debtors further stated that the "[c]ollection of JIBs remains, and will remain an ongoing issue, particularly as SEC proceeds with a wind down and transition of operations to a new operator." *Id.* at 14.

12. SEC appears unable to effectuate a structured wind-down due to numerous cure objections and its difficulties collecting JIBs from working interest owners. Because this will result in "significantly reduc[ed] revenue to Sklarco," *id.* at 32, the Debtor appears unable to satisfy future cash call advances and JIBs. Accordingly, until the Debtor can provide adequate assurances of its

ability to satisfy obligations under the LCCOU IV Unit Operating Agreement, the Debtor cannot assume the agreement. *See* 11 U.S.C. § 365(b)(1)(C).

## RESERVATION OF RIGHTS

13.　　Kudzu reserves the right to assert any and all claims against the Debtor arising out of, or related to, the LCCOU IV Unit Operating Agreement.

WHEREFORE, PREMISES CONSIDERED, Kudzu respectfully requests that the Court sustain this Objection, and grant such other and further relief it deems fair and equitable under the circumstances. Kudzu prays for general relief.

THIS the 12th day of March, 2021.

Respectfully submitted,

/s/ Craig M. Geno

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com

-and-

Timothy M. Swanson (47267)
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, CO 80202
303-292-2900 - Telephone
303-292-4510 - Facsimile
tim.swanson@moyewhite.com

*Counsel for Kudzu Oil Properties, LLC*

-5-

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused a copy of the above and foregoing to be served via CM/ECF to all parties that have filed electronic appearances and requested service in this case.

THIS, the 12th day of March, 2021.

/s/ Craig M. Geno
Craig M. Geno

C:\Users\runner\CMG Dropbox\Firm Data\Users\Bankrupt\Kudzu Oil, Apple River, Alabama Oil (Sklar Bkcy)\Pleadings\Obj re Mot to Assume - LCCOU IV 3-12-21.wpd