# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SKLAR EXPLORATION COMPANY, LLC | ) | Case No. 20-12377-EEB |
| EIN: 72-1417930 | ) | |
| | ) | Chapter 11 |
| Debtor-in-Possession. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| SKLARCO, LLC | ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession. | ) | |

## STIPULATION REGARDING TRANSITION OF SUCCESSOR OPERATOR TO THE BROOKLYN OIL UNITS

The above-referenced debtors and debtors in possession (collectively, the "**Debtors**"), and the *Ad Hoc* Committee of Working Interest Owners of Debtor Sklar Exploration Company, LLC (the "*Ad Hoc* **Committee**", and collectively with the Debtors, the "**Parties**") hereby enter into this Stipulation Regarding Transition of Successor Operator to the Brooklyn Oil Units (the "**Stipulation**"), pursuant to which the Parties, by and through their duly authorized undersigned counsel, hereby stipulate and agree as follows:

**Recitals**

WHEREAS, the Parties are all parties to the following agreements related to the Southwest Brooklyn Oil Unit and the Southeast Brooklyn Oil Unit located in Conecuh and Escambia Counties, Alabama (collectively, the "**Brooklyn Oil Units**"): (a) Unit Agreement for the

1

Southwest Brooklyn Oil Unit dated November 1, 2018; (b) Unit Operating Agreement for the Southwest Brooklyn Oil Unit dated November 1, 2018; (c) Unit Agreement for the Southeast Brooklyn Unit dated November 1, 2018; and (d) Unit Operating Agreement for the Southeast Brooklyn Oil Unit dated November 1, 2018 (collectively, the "**Brooklyn Agreements**");

WHEREAS, Debtor Sklar Exploration Company, LLC ("**SEC**") is the "Unit Operator" designated by the Brooklyn Agreements;

WHEREAS, the members of the *Ad Hoc* Committee[1] and Debtor Sklarco, LLC ("**SKC**"), among others, own working interests in the Brooklyn Oil Units;

WHEREAS, on April 1, 2020 (the "**Petition Date**"), the Debtors commenced these Chapter 11 cases when they filed their voluntary petitions under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (**"Bankruptcy Code"**);

WHEREAS, on November 18, 2020, the *Ad Hoc* Committee filed its Motion to Modify the Automatic Stay to: (A) Hold a Meeting of the Working Interest Owners in the Brooklyn Oil Units; and (B) Take a Contractually Authorized Vote to Remove Debtor Sklar Exploration Company, LLC, as Operator, of the Brooklyn Oil Units (Docket No. 671) (the "**Stay Relief Motion**");

WHEREAS, on March 11, 2021, the Debtors filed their Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 (the "**Amended Plan**"), and Amended Disclosure Statement to Accompany Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 (the "**Amended Disclosure Statement**");

WHEREAS, by its Omnibus Motion to Reject Joint Operating Agreements and Related Oil and Gas Contracts, SEC provided notice of its intention to reject certain executory contracts, including, but not limited to, the Brooklyn Agreements;

---

[1] The members of the *Ad Hoc* Committee are identified in the *Supplemental Verified Statement Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure*. (Docket No. 721)

2

WHEREAS, the Amended Plan and Amended Disclosure Statement provide that SEC shall resign as operator over all oil and gas properties in accordance with underlying agreements and applicable non-bankruptcy law; and

WHEREAS, on March 18, 2021, the Court entered its Minute Order (Docket No. 1137) ( the "**Minute Order**") which provided that "Debtors shall file a form of stipulation that provides relief from stay to creditors seeking to initiate the orderly transition of replacing Sklar Exploration Company as operator under rejected operating agreements. The stipulation should provide for the expedited creation of a data room in which the Debtors will place documents needed for the transition . . ."

NOW THEREFORE, in consideration of the foregoing and in accordance with the Minute Order, the Parties hereby stipulate and agree as follows:

**Stipulation**

1. <u>Stay Relief</u>. The automatic stay is lifted, in part, in order to: (i) permit the working interest owners in the Brooklyn Oil Units to take a vote to select a new successor operator thereof; and (ii) authorize the duly elected successor operator, subject to Paragraph 6 below, resulting from the vote, the ability to seek approval of its operatorship with any and all regulatory agencies and bodies.

2. <u>Vote to Select Successor Operator</u>.

   a. Within forty-five (45) days after entry of an order approving this Stipulation, the Debtors, through their authorized claims agent Epiq Corporate Restructuring, LLC ("**Epiq**"), shall send *via* first class mail a ballot package (a "**Ballot Package**") to all working interest owners of record in the Brooklyn Oil Units in accordance with Section 4.3.4 of the

      respective Unit Operating Agreements. The Ballot Package shall contain: (i) a statement that is mutually agreeable to both SEC and the *Ad Hoc* Committee regarding the purpose and necessity for calling the vote to select a successor operator; (ii) a dated ballot setting forth the candidate(s) to be selected as successor operator (a "**Ballot**") along with a self-addressed postage prepaid return envelope to Epiq, *provided that* nothing shall prohibit a working interest owner from returning a ballot *via* email or facsimile; and (iii) a submission by any candidate selected as potential successor operator and information regarding their qualifications not to exceed five (5) pages. Prior to being sent, the Ballot Package shall be in a form consented to by the Debtors and the *Ad Hoc* Committee, *provided that* the neither party shall unreasonably withhold its consent and *provided further that* the Ballot Package complies with the applicable Brooklyn Agreements.

b.   Ballots must be received by Epiq within fifteen (15) days after receipt by the working interest owners, and each Ballot shall be deemed received by the working interest owners upon the third (3rd) business day following the Ballot Package being deposited in the United States mail by Epiq. As Ballots are received by Epiq during the voting period, Epiq shall transmit, *via* email, all such Ballots to both a designated party at SEC and a designated member of the *Ad Hoc* Committee, with a copy to counsel for the respective parties. In addition, Epiq shall transmit a complete package of all Ballots received at the close of the voting period to the aforementioned

4

|   |   |   |
|---|---|---|
|   |   | parties. For the avoidance of a doubt, Epiq shall act solely as a receiving party, and shall not be responsible for, nor tasked with, tabulating the Ballots received. |
|   | c. | The Ballots shall be tabulated in the manner provided in the respective Unit Operating Agreements and the results shall be provided by SEC and the *Ad Hoc* Committee within thirty (30) days of the end of the voting period. SEC shall provide all ownership information necessary to tabulate the ballots to the *Ad Hoc* Committee. If a candidate for successor operator receives the required number of votes for election, that party shall be treated as a presumptive successor operator of the Brooklyn Oil Units, subject to SEC's formal resignation as operator and Paragraph 7 below. |
|   | d. | Epiq is authorized, but not directed or required, to distribute Ballots in electronic format upon request of any working interest owner of record in the Brooklyn Oil Units. |
|   | e. | Any working interest owner in the Brooklyn Oil Units that is entitled to receive a Ballot Package and that does not receive a Ballot Package from Epiq may request such Ballot Package upon providing written notice *via* email to Counsel for the Debtors c/o Duane Graham (dag@ajlaw.com), and Counsel for the *Ad Hoc* Committee, c/o Timothy M. Swanson (tim.swanson@moyewhite.com) and Craig M. Geno (cmg@cmgenolaw.com). |

3. <u>Candidates for Successor Operator</u>. To be considered as a candidate for successor operator and in order to be included on the Ballot, parties-in-interest must provide SEC and the *Ad*

5

*Hoc* Committee, within twenty (20) days after entry of an order approving this Stipulation, information which demonstrates that the party-in-interest: (a) is duly qualified and authorized by the Alabama Oil & Gas Board to be an operator of oil and gas wells in the State of Alabama; and (b) is otherwise authorized to do business in the applicable state. A candidate's satisfaction of the qualifications required under (a)-(b) above shall be determined by SEC and the *Ad Hoc* Committee in their reasonable discretion, with each Party's consent not to be unreasonably withheld.

4. <u>Data Room</u>. Upon entry of an order approving this Stipulation, SEC shall make a data room (the "**Data Room**") pertaining to the Brooklyn Oil Units accessible, subject to the conditions of this Paragraph 4. The Data Room shall contain, at a minimum, the information identified on <u>Exhibit 1</u> attached hereto. Any party meeting the requirements of Paragraph 3 that seeks to become a successor operator of the Brooklyn Oil Units shall be granted access to the Data Room only upon execution of a non-disclosure agreement ("**NDA**") in the form attached hereto as <u>Exhibit 2</u>. A party meeting the requirements of Paragraph 3 and who has signed the NDA (a "**Qualified Party**") shall be granted access to the Data Room, together with the consultants, agents, attorneys, employees, and contractors of the Qualified Party, who shall all be required to sign the NDA; provided that, members of the *Ad Hoc* Committee (and their advisors) shall be granted access to the Data Room subject to such members executing an NDA.

5. <u>Inspection of the Brooklyn Oil Units</u>. To the extent requested by a Qualified Party prior to issuance of the Ballots pursuant to Paragraph 2, SEC shall make the Brooklyn Oil Units available for inspection by a Qualified Party and its consultants, agents, employees, and contractors provided that (a) such inspection shall be at a date and time mutually agreeable by SEC and the Qualified Party; and (b) SEC shall accompany such Qualified Party at all times during the

6

inspection. The members of the *Ad Hoc* Committee (and/or their advisors) shall further be allowed to attend such inspections.

6. <u>Conditional Successor Operator</u>. Upon the successor operator being named, subject to the conditions herein, the named successor operator shall continue to be provided access to and/or copies of documents and information necessary to effectuate a transition from SEC to the successor operator. In addition, the named successor operator shall be allowed additional inspections of the Brooklyn Oil Units subject to the conditions provided in Paragraph 5.

7. <u>Conditional Effectiveness</u>. The effectiveness of the actions in this Stipulation are conditional upon (a) any party-in-interest that is elected as a successor operator in accordance with the applicable Brooklyn Agreements concluding all necessary due diligence; and (b) sixty days following approval by the Alabama Oil and Gas Board of the successor operator.

8. <u>Resolution of Stay Relief Motion and Examinations Pursuant to Fed. R. Bankr. P. 2004</u>. Upon entry of an Order approving this Stipulation, all examinations pursuant to Fed. R. Bankr. P. 2004 initiated by the *Ad Hoc* Committee will be deemed concluded. Pending the effectiveness of the actions in this Stipulation pursuant to Paragraph 7, the Stay Relief Motion shall remain in abeyance provide that the *Ad Hoc* Committee may request the Court to set the matter for hearing.

9. <u>Amendments</u>. Subject to Fed. R. Bankr. P. 2002 and 9019, this Stipulation may be amended in writing between the Parties without further order of the Court.

10. <u>Immediate Effect of this Stipulation Upon the Bankruptcy Court's Approval</u>. Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules or Local Bankruptcy Rules, neither the Court's approval of this Stipulation nor the effectiveness of the

Stipulation shall be stayed in any respect, pursuant to FED. R. BANKR. P. 4001(a)(3), or otherwise. The Stipulation shall be effective immediately upon entry.

11. <u>Binding Effect</u>. This Stipulation is binding on the Parties, their successors (including any subsequently appointed examiner, or a future trustee whether appointed under chapter 7 or 11 of the Bankruptcy Code), assigns, affiliates, officers, directors, shareholders, investors, members, employees, agents, and professionals.

12. <u>Reservation of Rights</u>. Nothing in this Stipulation shall be deemed to be a waiver of any other rights and privileges of the Parties and all such rights and privileges are reserved to their fullest extent.

13. <u>Jurisdiction</u>. The Court shall retain exclusive jurisdiction to hear and determine all matters or disputes arising from or relating to the interpretation and/or enforcement of this Stipulation, except to the extent set forth herein. This provision shall expressly survive conversion of each or any of the bankruptcy cases, appointment of a trustee/examiner in each or any of the bankruptcy cases, or dismissal of each or any of the bankruptcy cases. In the event of a dismissal or conversion of any or all of the bankruptcy cases, the Court will nonetheless retain jurisdiction and authority to enforce this Stipulation and the Parties' compliance with all of their obligations under this Stipulation.

**[INTENTIONAL PAGE BREAK – SIGNATURE PAGE FOLLOWS]**

| | |
|---|---|
| Dated: April 1, 2021 | Dated: April 1, 2021 |
| **KUTNER BRINEN DICKEY RILEY, P.C.** | **MOYE WHITE LLP** |
| By: */s/ Keri L. Riley* <br> Keri Riley, #47605 <br> 1660 Lincoln Street, Suite 1850 <br> Denver, CO 80264 <br> (303) 832-2400 <br> klr@kutnerlaw.com | By: */s/ Timothy M. Swanson* <br> Timothy M. Swanson, #47267 <br> 1400 16th Street, 6th Floor <br> Denver, CO 80202 <br> (303) 292 2900 <br> Tim.Swanson@moyewhite.com |
| *Counsel for the Debtors* | *Counsel for the Ad Hoc Committee of Working Interest Owners of Sklar Exploration Company, LLC* |

## CERTIFICATE OF SERVICE

I certify that on April 1, 2021, I served a complete copy of the foregoing **STIPULATION REGARDING TRANSITION OF SUCCESSOR OPERATOR TO THE BROOKLYN OIL UNITS** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Craig K. Schuenemann, Esq.
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302

Bryce A. Suzuki, Esq.
Bryan Cave Leighton Paisner, LLP
Two North Central Avenue
Suite 2100
Phoenix, AZ 85004-4406

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Robert L. Paddock, Esq.
Buck Keenan LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, Mississippi 39158-6020

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, Louisiana 71101

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, Louisiana 71120-2260

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, Mississippi 39205

John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Christopher D. Johnson, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street
Suite 2700
Houston, TX 77002

Michael J. Guyerson, Esq.
Buechler Law Office, LLC
999 18th Street
Suite 1230 South
Denver, CO 80202

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
Shreveport, Louisiana 71120-2260

Robert L. Paddock, Esq.
Buck Keenan, LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos Street
Suite 700
Austin, TX 78701

Andrew G. Edson, Esq.
Clark Hill Strasburger
901 Main Street
Suite 6000
Dallas, TX 75202

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Christopher H. Meredith, Esq.
Glenn Gates Taylor, Esq.
Copeland Cook Taylor & Bush, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine, LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, Louisiana 71166

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett
McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Brian G. Rich, Esq.
Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Katherine A. Ross, Esq.
U.S. Attorney's Office for the
  District of Colorado
Assistant United States Attorney
1801 California Street
Suite 1600
Denver, CO 80202

Ryco Exploration, LLC
401 Edwards Street
Suite 915
Shreveport, LA 71101
ATTN: M. Robin Smith

Ryco Exploration, LLC
40 Golf Club Drive
Haughton, LA 71037
ATTN: M. Robin Smith

Stephen K. Lecholop II, Esq.
Rosenthal Pauerstein, Esq.
Sandoloski Agather LLP
755 East Mulberry
Suite 200
San Antonio, TX 78212

Katherine Guidry Douthitt, Esq.
Blanchard Walker O'Quin & Roberts
P.O. Box 1126
Shreveport, Louisiana 71163

Andrew J. Shaver, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Theodore J. Hartl, Esq.
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596

John H. Smith
Quitman Tank Solutions, LLC
P.O. Box 90
Quitman, MS 39355

Belinda Harrison
58 County Road 5033
Heidelberg, MS 39439

Casey C. Breese, Esq.
Welborn Sullivan Meck & Tooley, P.C.
1125 17th Street
Suite 2200 South
Denver, CO 80202

Jeff Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
11 Greenway Plaza
Suite 1400
Houston, TX 77046

Michael E. Riddick, Esq.
Katherine Guidry Douthill, Esq.
Blanchard Walker O'Quin & Roberts, P.C.
333 Texas Street
Regions Tower
Suite 700
Shreveport, Louisiana 71101

Chris Crowley, Esq.
Feldmann Nagel Cantafio, PLLC
1875 Lawrence Street
Suite 730
Denver, CO 80202

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
Suite 600
Denver, CO 80206

Adam L. Hirsch, Esq.
Davis Graham & Stubbs LLP
1550 Seventeenth Street
Suite 500
Denver, CO 80202

Elizabeth Weller, Esq.
Linebarger Goggan Blair and Sampson, LLP
2777 North Stemmons Freeway
Suite 1000
Dallas, TX 75207

**/s/Vicky Martina**
**Vicky Martina**
**Kutner Brinen Dickey Riley PC**