# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
The Honorable Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br><br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br><br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11<br><br>**Jointly Administered Under<br>Case No. 20-12377 EEB** |

## ORDER SETTING NON-EVIDENTIARY ZOOM HEARING ON CONTESTED MOTIONS TO ASSUME OPERATING AGREEMENTS

THIS MATTER comes before the Court on the Report Regarding Contested Assumption of Operating Agreements and Proposed Scheduling for Hearings ("Report") filed by the Debtor.   In the Report, the Debtors indicate that 21 of the motions to assume operating agreements filed by Debtor Sklarco, LLC are contested (collectively the "Contested Assumption Motions").[1]  Although the Debtors request that an evidentiary hearing be set on the Contested Assumption Motions in early May, the Court concludes that the assumption issues should be decided in conjunction with plan confirmation.   As such, by this order, the Court is setting the Contested Assumption Motions for non-evidential hearing in conjunction with the previously scheduled preliminary non-evidentiary hearing on plan confirmation on May 28, 2021.

It appears that the parties dispute whether a default has occurred.   The Court notes that Sklarco, as the party moving to assume, has the ultimate burden of proving that the agreements are subject to assumption and that all requirements for assumption have been satisfied.   However, the non-debtor parties who dispute assumption because of alleged defaults under the agreements, will have the initial burden of demonstrating the occurrence of such defaults.   See *In re FKA FC, LLC*, 545 B.R. 567, 574 (Bankr. W.D. Mich. 2016). Thus, the parties may wish to engage in discovery prior to the May 28, 2021 hearing.   All such discovery should be completed by May 28 and the parties should work cooperatively to set appropriate response deadlines.   Any party desiring a discovery conference may request one from the Court.   Accordingly, it is hereby

ORDERED that the Court will conduct a non-evidentiary hearing on the Contested Assumption Motions on **May 28, 2021 at 1:30 p.m.** before the Honorable Elizabeth E. Brown in the United States Bankruptcy Court for the District of Colorado.   Due to the

---

[1] Those Motions are at docket numbers: 847, 855, 857, 859, 863, 865, 867, 869, 881, 883, 885, 887, 889, 892, 899, 901, 903, 906, 908, 910, 958.

unprecedented recent developments concerning the Coronavirus COVID-19, the hearing will be conducted **by Zoom video conference only**.   Counsel and/or parties should not appear in person.   The Confirmation Hearing may be continued from time to time by order made in open court without other written notice to any parties in interest.

---

**To Join the Zoom Hearing:**

https://www.zoomgov.com/j/1600022136?pwd=UlZ5STVVbGlCNkNRUFg4eHlpeFR3UT09

**Meeting ID:** 160 002 2136    **Password:** 727908

One tap mobile
+16692545252,,1600022136#,,,,,,0#,,727908# US (San Jose)
+16468287666,,1600022136#,,,,,,0#,,727908# US (New York)

Dial by your location
    +1 669 254 5252 US (San Jose)
    +1 646 828 7666 US (New York)

---

1.    <u>Zoom Video Conferences:</u>

   a.  It is counsel's and/or the parties' responsibility to ensure that they and their witnesses have the proper equipment to attend the Zoom video conference and that they and their witnesses possess complete copies of all marked exhibits prior to the Zoom video conference.

   b.  Participants should ensure that their equipment is connected to strong WIFI signal or internet connection during the hearing.

   c.  If counsel/parties intend to present exhibits and/or otherwise refer to written documents at the hearing, the Court prefers that they do so by using the "Share Screen" function in Zoom.   Counsel/parties should make themselves familiar with this function prior to the hearing.

   d.  The Court encourages anyone who will be speaking during the trial to use a headset (headphones with mic) and not rely on an internal microphone built into a computer or webcam.   Using a headset will to ensure that you can be heard by other participants and in the Court's official recording.

   e.  Parties should check into the Zoom video conference at least 15 minutes prior to the scheduled start time of the trial.

   f.  Zoom displays a screen name for each participant in a video conference. Typically, Zoom will default to the name you gave at the time you initially set up your Zoom account (e.g. smithj or XYZCorp) or the phone number or device name from which you are calling.   To enable the Judge to identify participants, each participant should ensure that their screen name is their full first name and last name (e.g. John Smith).   You can change your screen name after being admitted to the video conference by using the rename function in Zoom.   To rename, hover your cursor over

your picture and either right click or click the blue button in the upper right corner of your picture and select "Rename" and then type your first name and last name into the box that appears.   If you fail to identify yourself in this manner by the start of the trial, you may be removed from the video conference.

g. The Court will not provide any type of support on Zoom for participants or attendees.   For assistance, please contact the Zoom Help Center, your local IT support, or seek other online guidance

h. The Court's general guidelines regarding Zoom hearings are available at: https://www.cob.uscourts.gov/zoom-video-conferences.

2.     Discovery.   All discovery concerning the Contented Assumption Motions shall be completed on or before **May 28, 2021**.

3.     Court Appearances.   If a party does not join the Zoom video conference, it will be deemed a failure to appear.   Failure to connect to the Zoom video conference in a timely manner will preclude participation in the trial.

4.     No Recordings.   Counsel and/or the parties are strictly prohibited from recording any court proceeding held by video or teleconference, including taking "screen shots" or other visual copies.   Violation of this prohibition may result in sanctions as deemed necessary by the Court.

Dated this 5th day of April, 2021.

BY THE COURT:

Elizabeth E. Brown,
United States Bankruptcy Court