IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT COLORADO

| | |
|---|---|
| In Re: | ) |
| | ) |
| **SKLAR EXPLORATION COMPANY, LLC** and **SKLARCO, LLC** | ) Case No. 20-12377-EEB |
| | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| **SKLARCO, LLC** | ) Case No. 20-12380-EEB |
| | ) |
| | ) Chapter 11 |
| | ) |

**THE RUDMAN PARTNERSHIP'S LIMITED OBJECTION TO PROPOSED STIPULATION REGARDING TRANSITION OF SUCCESSOR OPERATOR TO THE BROOKLYN OIL UNITS SERVING AS A TEMPLATE FOR OTHER OPERATING AGREEMENTS AND PROSPECTS**
**(Doc. No. 1167)**

The Rudman Partnership ("Rudman") hereby files its Limited Objection to Proposed Stipulation Regarding Transition of Successor Operator to the Brooklyn Oil Units (Doc. No. 1167) ("Brooklyn Stipulation"), to the extent that the Brooklyn Stipulation is intended to serve as a template to the transition of successor operators of other operating agreement or prospects. Rudman respectfully represents as follows:

**I.**

**Relationship of Brooklyn Stipulation to the Court's Minute Order**

1.   Following a hearing held March 18, 2021 the Court entered a Minute Order (Doc. No. 1137) which provided, in pertinent part, as follows:

> On or before **March 31, 2021**, the <u>Debtors shall file a *form of stipulation*</u> that provides relief from stay to creditors seeking to initiate the orderly transition of replacing Sklar Exploration Company as operator under rejected operating agreements. The stipulation should provide for the expedited creation of a data room in which the Debtors will place documents needed for the transition. <u>Any party wishing to object to the Debtors' proposed stipulation shall do so on or before April 7, 2021</u>. [Underscoring and italics supplied].

2. On March 31, 2021, Debtors and the *Ad Hoc* Committee of Working Interest Owners of Debtor Sklar Exploration Company, LLC (the "***Ad Hoc* Committee**") filed the proposed Brooklyn Stipulation.

3. Although Rudman appreciates the efforts that the *Ad Hoc* Committee and Debtors have expended in negotiating it, the Brooklyn Stipulation is not a "form of stipulation" that can be used as a template for resignation of SEC as operator of other JOA's, Participation Agreements and executory contracts ancillary thereto, nor does it appear that it is intended as such. It is evident that the Brooklyn Stipulation is carefully tailored to the provisions of and circumstances surrounding the SE Brooklyn and SW Brooklyn Unit Agreements and Unit Operating Agreements.

4. The Brooklyn Stipulation is not suitable for use with respect to resignation of SEC as operator and appointment of a successor operator of prospects other than SE and SW Brooklyn[1] for a number of reasons:

- The majority of JOA's and ancillary agreements relate to prospects that are <u>not</u> subjects to or part of Units, especially those like SE and SW Brooklyn, which were formed for secondary recovery operations approved by orders of the Alabama Oil & Gas Board.

- The appointment of a successor operator of non-unitized prospects, as opposed to secondary recovery units, does not require approval of the Alabama Oil & Gas Board; the successor operator must simply be qualified to act as an operator by the Alabama Oil & Gas Board. There is no reason for selection of a successor operator to be effective

---

[1] Rudman owns working interests in the SE and SW Brooklyn Units, as well as the Escambia and Fish Pond Prospects. The undersigned counsel contacted Debtors' counsel on April 5, 2021 to discuss reaching an agreement for appointment of successor operators for Escambia and Fish Pond, but has thus far received no reply.

- only upon expiration of 60 days after approval of the Alabama Oil & Gas Board, if no such approval is required.

- The SE and SW Brooklyn Units have significantly greater numbers of working interest owners ("WIO's") who will have to vote on appointment of a successor operator than virtually any other prospect. There is no need to have Epiq involved in the balloting and voting process for selection of successor operator of other prospects governed by JOA's.

- Finally, it appears that the Brooklyn Stipulation was not intended by Debtors to apply to selection of a successor operator of other prospects pursuant to the JOA's governing same. Indeed, on information and belief, Debtors rejected a proposed stipulation proffered by the *Ad Hoc* Committee that would have been more akin to a "one size fits all" form such as appears to have been contemplated in the Minute Order.

## II.

**Greater clarity should be obtained about SEC's resignations and associated time frames.**

4. Try as one might, clear language providing for the time, circumstances and effectiveness of SEC's resignation cannot be found in the Brooklyn Stipulation. One of the recital paragraphs on page 3 provides that the

> Amended Plan and Amended Disclosure Statement provide that SEC shall resign as operator over all oil and gas properties in accordance with underlying agreements and applicable non-bankruptcy law…

5. But the Amended Plan (Doc. No. 1080) provides no clue as to the manner, timing and effectiveness of SEC's resignation other than the reference in Section 1.78 to a "Resignation and Transition Schedule" that has never been filed:

> "Resignation and Transition Schedule" shall mean the schedule prepared by SEC to effectuate an orderly resignation from operatorship of the operated oil and gas properties in accordance with the applicable JOAs and State and Federal Law, to transition operations to a new, duly appointed operator, and to complete a final wind down of operations.

But as Debtors acknowledge in Section VII.D of their Amended Plan,

> SEC anticipates that the full wind down and transition will take approximately six (6) months. A full schedule of the anticipated transition and wind down will be filed with the Plan Supplement, no later than 21 days prior to a hearing on confirmation of the Plan.

3

Rudman respectfully suggests that greater clarity to the timing of the actual change of operatorship would be beneficial, even as to the Brooklyn Stipulation. Further, whether as to the Brooklyn oil units or other properties, it is not clear that SEC's resignation as operator will occur prior to confirmation of the Amended Plan or what the effect would be if the Amended Plan is not confirmed.

6. Rudman further suggests that in any order approving the Brooklyn Stipulation or a template for transition for other operatorships, expressly include relief from the automatic stay to accomplish its ends.

## V.

## PRAYER FOR RELIEF

7. The Rudman Partnership respectfully requests that, prior to considering the Brooklyn Stipulation as a template for transition of operatorship for other properties, the Court consider provisions that would simplify the process for transition, including: i) unequivocal resignation by SEC as Operator; ii) elimination of unnecessary delay or expense in holding successor elections; iii) clarification of such transitions in relation to the approval or disapproval of the Amended Plan; and iv) explicit relief from the automatic stay in implementing such procedures.

Respectfully submitted,

**Maynes, Bradford, Shipps & Sheftel, LLP**

*/s/ Thomas H. Shipps*
Thomas H. Shipps
*/s/ Shay L. Denning*
Shay L. Denning
Maynes, Bradford, Shipps & Sheftel, LLP
835 E. Second Ave., Suite 123
Durango, CO  81301

Telephone: (970) 247-1755
Facsimile: (970) 247-8827Email:
tshipps@mbssllp.com; sdenning@mbssllp.com

*and*

*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
815 Walker, Suite 1502
Houston, TX 77002
Telephone: (713) 659-8761
Cell: (713) 516-7450
Facsimile: (713)659-8764
Email: barnetbjr@msn.com

ATTORNEYS FOR THE RUDMAN PARTNERSHIP

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 7, 2021, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing.

/s/ *Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.