IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT COLORADO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **SKLAR EXPLORATION COMPANY, LLC** | ) | Case No. 20-12377-EEB |
| **and SKLARCO, LLC** | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **SKLARCO, LLC** | ) | Case No. 20-12380-EEB |
| | ) | |
| | ) | Chapter 11 |
| | ) | |

**THE RUDMAN PARTNERSHIP'S OBJECTION TO DEBTORS' REPORT REGARDING CONTESTED ASSUMPTION OF OPERATING AGREEMENTS AND PROPOSED SCHEDULING FOR HEARINGS**
(Doc. No. 1161)

The Rudman Partnership ("Rudman") hereby files its Objection to Debtors' Report Regarding Contested Assumption of Operating Agreements and Proposed Scheduling for Hearings (Doc. No. 1161) ("Report") and respectfully represents as follows:

**I.**

**Debtors' Filed Summary Does Not Comply with the Court's Minute Order**

1. Following a hearing held March 18, 2021 the Court entered a Minute Order (Doc. No. 1137) which provided, in pertinent part, as follows:

> On or before **March 31, 2021**, the Debtors shall file a chart or other summary of the objections to the various motions to assume filed by Sklarco, LLC, along with a proposal on how and when the Court should schedule hearings on those objections. Any party wishing to object to the Debtors' proposal shall do so on or before **April 7, 2021**.

2. On March 31, 2021, Debtors filed the Report Regarding Contested Assumption of Operating Agreement and Proposed Scheduling for Hearings (Doc. No. 1161) (the "Report").

3. Rudman objects to the Report because it inaccurately describes the nature and substance of Rudman's objections to the Motions to Assume and proposes a hearing schedule that does not provide adequate time to conduct the hearings required on the Motions to Assume.

4. Contrary to Debtors' cursory analysis of the nature of Rudman's objection as being "Must cure all unpaid revenue owed to other working interest owners by SEC," Rudman alleged detailed factual and legal claims supporting the need for the substantive consolidation of Debtors and the Sklar Trusts or, alternatively, all veil piercing remedies available under applicable law which, if granted, will necessarily render Sklarco and the Sklar Trusts liable for SEC's debts and consolidate their assets with those of SEC. A more apt summary description would be:

> Rudman – Must cure all unpaid revenue owed to other working interest owners by SEC based on piercing of corporate veil between Debtors and potential substantive consolidation with Sklar Family Trusts.

5. Rudman has no objection to the potential combination of 21 "Contested Assumption Motions" into a combined single evidentiary hearing (Debtor's Report ¶6); however, the suggestion that such a hearing will be completed in one day and might require only one witness and no expert testimony—conclusions reached without any consultation with Rudman's counsel—does not reflect the gravity or centrality of the substantive issues raised by the objections. Indeed, the Court has previously required submission of preliminary investigative reports regarding the interrelationship of both Debtors and the Sklar Family Trusts and their sharing of assets under the common supervision of Howard Sklar. *See* Committee Report Summarizing Investigations Relating to Debtors' Transfers to Howard Sklar and Related

Family Trusts (February 26, 2021) [Doc. No. 891]; Notice of Filing Cash Analysis Summary Report by CR3 Partners (Feb. 26, 2021) [Doc. No. 905] (referencing "voluminous," "multi-tabbed" report too voluminous to be filed electronically with the Court). Recognizing the importance of these issues to Sklarco, LLC's efforts to assume all profitable oil and gas related contracts, it is doubtful that a fair evidentiary hearing can be conducted in less than two days.

## II.

## PRAYER FOR RELIEF

5. Rudman requests that the Court deny approval of the Debtors' Report and require a more accurate description of the Objections as well as a proposed hearing schedule that realistically addresses the time required to prepare for and conduct the associated hearings.

Respectfully submitted,

**Maynes, Bradford, Shipps & Sheftel, LLP**

*/s/ Thomas H. Shipps*
Thomas H. Shipps
*/s/ Shay L. Denning*
Shay L. Denning
Maynes, Bradford, Shipps & Sheftel, LLP
835 E. Second Ave., Suite 123
Durango, CO  81301
Telephone: (970) 247-1755
Facsimile: (970) 247-8827Email:
tshipps@mbssllp.com; sdenning@mbssllp.com

and

*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
815 Walker, Suite 1502
Houston, TX  77002
Telephone: (713) 659-8761
Cell: (713) 516-7450
Facsimile: (713)659-8764
Email: barnetbjr@msn.com

          ATTORNEYS FOR THE RUDMAN
          PARTNERSHIP

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that, on April 7, 2021, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing.

          /s/ *Barnet B. Skelton, Jr.*
          Barnet B. Skelton, Jr.