# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br>SKLAR EXPLORATION COMPANY, LLC, EIN: 72-1417930<br>    Debtor. | Case No. 20-12377-EEB<br>Chapter 11 |
| PRUET PRODUCTION CO.,<br>    Plaintiff<br>v.<br>SKLAR EXPLORATION COMPANY, LLC,<br>    Defendant. | Adv. No. 21-01052-EEB |

## EAST WEST BANK'S MOTION TO INTERVENE
## IN ADVERSARY PROCEEDING

Secured creditor, East West Bank, a California state banking corporation ("EWB"), in its capacity as a lender and the administrative agent under the Credit Agreement dated June 15, 2018 with Sklar Exploration Company LLC ("SEC") and Sklarco LLC ("Sklarco") (collectively, the "Debtors"), through counsel, hereby moves the Court for the entry of an order authorizing EWB to intervene and be heard in the above-captioned adversary proceeding (the "Adversary Proceeding"), pursuant to Federal Rule of Civil Procedure 24, applicable here under Federal Rule of Bankruptcy Procedure 7024.

In further support of this Motion, EWB respectfully submits as follows:

### I. PRELIMINARY STATEMENT

1.      EWB seeks to intervene in this Adversary Proceeding to safeguard its constitutionally protected property interests and its unique interests in the reorganization of the Debtors, including under the current proposed joint plan of reorganization.

4825-0361-2133

2. This Adversary Proceeding will determine whether the plaintiff and the various parties for which it purports to act as agent are entitled to an extraordinary remedy, *viz*., the recoupment of their pre-petition unsecured claims through the non-payment of their undisputed post-petition obligations to SEC. The outcome of that question will have a clear, quantifiable, and direct impact on EWB's interests in cash collateral and could result in the shifting of the risk of reorganization almost entirely to EWB. EWB's intervention is thus necessary to protect the unique interests of EWB as the Debtors' senior secured creditor.

3. EWB's interest in the current dispute may be impaired absent its intervention, and the existing parties to the Adversary Proceeding do not adequately represent EWB's interests. Accordingly, EWB requests that it be permitted to intervene in the Adversary Proceeding as of right under Federal Rule of Civil Procedure 24(a)(2).

4. In the alternative, EWB should be permitted to intervene under Federal Rule of Civil Procedure 24(b), as EWB's motion is timely, EWB has a significant interest in this dispute, and EWB's participation will not prejudice or delay the existing parties.[1]

## II. JURIDISCTION AND VENUE

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 361, 363(c), and 1109(b) of the Bankruptcy Code and Civil Rule 24, as made applicable by Bankruptcy Rule 7024.

## III. BACKGROUND

6. The question of recoupment has been raised in the Debtors' cases previously, but the issue has not been resolved.

---

[1] Alternatively, and only to the extent EWB is not permitted to intervene in this matter, EWB hereby requests leave to file briefing on the summary judgment issues as a party interest or *amicus curiae*.

2

7. Plaintiff's proposed recoupment of pre-petition claims through non-payment of post-petition JIBs impacts EWB's adequate protection directly and significantly. Non-payment of JIBs obviously creates a cashflow shortage for SEC on a dollar-for-dollar basis, which, in turn, requires Sklarco to contribute its available cash to cover any shortfalls in SEC cashflow. Stated differently, every dollar of recoupment against SEC would result in a dollar of diminution of EWB's cash collateral in Sklarco.

8. At the same time, Sklarco's mineral assets continue to diminish. Extracted minerals do not replenish themselves; there is a finite amount of oil and gas that can be extracted from any particular well. Thus, EWB is faced with a "melting ice cube" collateral package, and the erosion of cash only exacerbates the issue of adequate protection.

9. To date, without waiving its rights, EWB has been patient with the process and has taken on significant risk while working with the primary constituencies in the case on a consensual joint plan of reorganization. Ongoing diminution of EWB's collateral position, however, obviously harms EWB and could have disastrous results in these cases. An avalanche of recoupment claims very well could be the death knell of any chapter 11 reorganization.

10. Under these circumstances, EWB submits that it is entitled to be heard and participate in this Adversary Proceeding.

## IV. ARGUMENT

**EWB Is Permitted to Intervene as of Right Under Rule 24(a)(2).**

11. Intervention in an adversary proceeding is governed by Bankruptcy Rule 7024, which provides that Federal Rule of Civil Procedure 24 applies in such proceedings. Fed. R. Bankr. P. 7024. Rule 24 provides that "[upon a timely application, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

12. To intervene as a matter of right under Rule 24(a)(2), the intervenor must establish four elements: "(1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane Cty. v. United States*, 928 F.3d 877, 889 (10th Cir. 2019). The "central concern" is "the practical effect of the litigation on the applicant for intervention." *San Juan Cty. v. United States*, 503 F.3d 1163, 1193 (10th Cir. 2007) (en banc). All four elements are satisfied here.

13. First, with respect to timeliness, the defendant has not even filed an answer or responsive pleading. EWB is informed and understands that the plaintiff and SEC have agreed to a briefing schedule for cross-motions for summary judgment, but initial cross-motions are not due until April 23, 2021.

14. By this Motion, EWB seeks authorization to file its answer in the Adversary Proceeding and to participate in the summary judgment briefing and any subsequent process for adjudication of the issues. Attached hereto as Exhibit A is a simple proposed form of answer to the complaint. EWB also will abide by the summary judgment briefing schedule previously agreed upon by the parties. By any standard, this Motion is timely.

15. Second, EWB has an interest relating to the property or transaction that is the subject of the Adversary Proceeding, and EWB's interest is "direct, substantial, and legally protectable." *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996). A protectable interest is merely "one that would be impeded by the disposition of the action." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017) (quotations omitted).

16. As discussed above, the non-payment of JIB obligations has resulted, and would continue to result, in SEC operating shortfalls that are paid by Sklarco with EWB's cash collateral. The depletion of cash collateral and the resulting issue of adequate protection are unique to EWB, and constitute protected interests under sections 361 and 363 of the Bankruptcy Code and the United States Constitution. *See* H.R. REP. NO. 95-

4

595, at 339 ("The concept [of adequate protection] is derived from the fifth amendment protection of property interests as enunciated by the Supreme Court."); *Wright v. Union Central Life Ins. Co.*, 311 U.S. 273 (1940); *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555 (1935).

17. Certainly EWB's interest is among the clearest examples of a "direct, substantial, and legally protectable interest"[2] that would be affected by the outcome of an adversary proceeding of this nature. EWB's participation under the stipulated briefing schedule and in any subsequent proceedings is wholly "compatible with efficiency and due process," *Coal. of Ariz.*, 100 F.3d at 841. Conversely, excluding EWB from the Adversary Proceeding would violate EWB's constitutional rights.

18. Third, EWB's interests obviously will be impaired if intervention is denied. To satisfy this element of the intervention test, EWB need only show "that impairment of its substantial legal interest is possible if intervention is denied." *WildEarth Guardians v. United States Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009). "This burden is minimal." *Id*. The outcome of this Adversary Proceeding could drastically affect EWB's adequate protection and, depending on the severity of that impairment, cause SEC and even Sklarco to become completely illiquid. EWB needs to be heard regarding its constitutionally protected interests, and how those interests impact the landscape of this case and the application of the equitable doctrine of recoupment.

19. Fourth, EWB interests are not adequately represented by SEC and the plaintiff. "The possibility of divergence need not be great in order to satisfy the burden." *WildEarth*, 573 F.3d at 996 (describing the burden as "minimal"). The intervenor "need

---

[2] Although the Tenth Circuit has historically required that a prospective intervenor's interest be "direct, substantial, and legally protectable," the continued vitality of that standard has been cast in doubt by *San Juan County, Utah v. United States*, 503 F.3d 1163 (10th Cir. 2007). In that en banc opinion, a plurality of the Tenth Circuit Court of Appeals found that the "DSL test" was "problematic" and "missed the point," *id*. at 1192-93, ultimately concluding that "[w]e cannot produce a rigid formula that will produce the 'correct' answer in every case." *Id*. at 1199.

4825-0361-2133

only show the possibility of inadequate representation." *Id*. Stated differently, only "when the objective of the applicant for intervention is identical to that of one of the parties" is representation considered adequate. *Coal. of Ariz.*, 100 F.3d at 845. It is simply beyond dispute that EWB has unique interests to protect and is uniquely situated with respect to recoupment issues.

20. EWB easily satisfies the elements for intervention as a matter of right and should be allowed to participate in this Adversary Proceeding to protect its interests.

### EWB Is Entitled to Permissive Intervention Under Rule 24(b).

21. In the alternative, EWB seeks permission to intervene in the Adversary Proceeding under Civil Rule 24(b), as incorporated by Bankruptcy Rule 7024. Courts in the Tenth Circuit have interpreted this provision to allow intervention where: (1) the motion is timely, (2) the applicant has a claim or defense that shares with the main action a common question of law or fact, and (3) intervention will not unduly delay or prejudice the adjudication of the original parties' rights. *Hershey v. ExxonMobil Oil Corp.*, 278 F.R.D. 617, 619 (D. Kan. 2011).

22. As discussed above, EWB's application is timely, as the defendant has not yet filed an answer, nor has the Court issued a case management order or any dispositive orders. For the same reasons, EWB's intervention will not unduly delay or prejudice the adjudication of the original parties' rights.

23. Finally, EWB's rights bear directly on the application of the equitable doctrine of recoupment under the circumstances of these cases and, therefore, share with the main action common questions of law and fact. Furthermore, EWB's unique perspective would advance the proper development of the issues in the Adversary Proceeding. *See, e.g., Miller v. Silbermann*, 832 F. Supp. 663, 674 (S.D.N.Y. 1993) (finding permissive intervention appropriate where the applicants, because of their "knowledge and concern," would "contribute to the Court's understanding" of the case).

6

4825-0361-2133

Thus, if the Court finds that EWB may not intervene as of right, EWB respectfully request that the Court allow it to intervene under Rule 24(b).

## V. CONCLUSION

24. Based on the foregoing, EWB respectfully requests that the Court enter an order: (a) permitting EWB to intervene in this Adversary Proceeding as set forth herein, (b) authorizing the form of answer attached hereto as Exhibit A to be filed on behalf of EWB in this Adversary Proceeding, and (c) granting to EWB such other and further relief as it deems just and proper. A proposed form of order is attached hereto as Exhibit B.

DATED this 16th day of April, 2021.

SNELL & WILMER L.L.P.

By: /s/ Bryce A. Suzuki
Bryce A. Suzuki
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Phone: 602-382-6000
Email: bsuzuki@swlaw.com

Stephanie A. Kanan
1200 17th Street, Suite 1900
Denver, Colorado 80202
Phone: (303) 634-2086
Email: skanan@swlaw.com

4825-0361-2133

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 16th day of April 2021, a copy of the foregoing document was filed via ECF and was served by electronic transmission to counsel for the parties to this Adversary Proceeding and all registered ECF users appearing in this Adversary Proceeding.

                                         */s/*    *Bryce A. Suzuki*

4825-0361-2133