# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11 |
| | **Joint Administered Under<br>Case No. 20-12377 EEB** |

**LIMITED OBJECTION OF THE RUDMAN PARTNERSHIP, CTM 2005, LTD., AND MER ENERGY, LTD. TO DEBTORS MOTION TO ASSUME AGENCY SERVICES AGREEMENT PURSUANT TO 11 U.S.C. § 365 AND TO AMEND AGENCY SERVICES AGREEMENT**

*[Relates to Dkt. No. 1174]*

**NOW INTO COURT**, through undersigned counsel, comes The Rudman Partnership, CTM 2005, Ltd., and MER Energy, Ltd. ("Respondents"), creditors and parties in interest in the jointly-administered bankruptcy cases (the "Cases") of Sklar Exploration Company, LLC, ("SEC") and Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors"), who file this *Limited Objection to Debtors' Motion to Amend Agency Services Agreement Pursuant to 11 U.S.C. § 365 and to Amend Agency Services Agreement* [Docket No. 1174] (the "Motion to Assume and Amend"), and respectfully represent as follows:

## Summary of Objection

1. The Motion to Assume and Amend the Agency Services Agreement ("ASA") continues Debtors' practice to conceal and obfuscate their relationships and dealings with the Sklar Trusts and the Succession of Miriam Mandel Sklar ("SMMS") (collectively "Sklar

Trusts"). Indeed, the Motion to Assume and Amend appears to reflect a disguised settlement of undisclosed claims and disputes between Debtors and the Sklar Trusts, without any attempt to comply with Bankruptcy Rule 9019.

2. While alluding to questions raised about ownership of assets and the possible need for a declaratory judgment action if approval of the Motion to Assume and Amend is not obtained, there is no disclosure of what the ownership questions are, who raised them, why a suit might be needed, or who the parties would be. There is a quid pro quo of some sort here, but the Debtors and Sklar Trusts are holding their cards very close to the vest.

3. Other issues of concern include the attempt to circumvent the rule against assuming an executory contract in part by amending out the undesired provisions and the linkage of the Motion to Assume and Amend to Plan confirmation. If the motion merely sought assumption of the ASA as it currently exists, Respondents would have had no objection. But there is something more here than meets the eye.

## Background

4. The ASA was not listed in the original Schedule G as an executory contract, nor did the SOFA of either Debtor disclose what the ASA unambiguously provides: that Sklarco holds title to oil and gas properties for the benefit of the Howard Trust, the Alan Trust, and the Jacob Trust (which collectively received over $2.8 million from the Debtors in the year prior to the Petition Date), and the Estate of Miriam Mandel Sklar. Debtors' counsel finally disclosed the ASA in the Amended Sklarco Schedule G only after the undersigned counsel noted that deficiency.

5. Debtors subsequently admitted that they do hold money and property allegedly owned by the Trusts:

2

In addition, Sklarco was also entitled to receive the revenue that was allocable to the Howard Trust, Jacob Sklar Trust and Alan Sklar Trust with respect to the actual WIs that such entities own, and such funds were frequently allowed to be held by SEC for operations. In essence, SEC had access to funds owned by Sklarco, the Howard Trust, the Jacob Trust and the Alan Trust to pay its expenses which included the expenses for which cash call advances were requested.

Debtors' Objection to Appointment of Chapter 11 Trustee, ¶ 26 [Docket No. 376] (emphasis added).[1]

6. Moreover, Debtors' 2018 audited financial statements disclose the reality that Debtors chose to conceal from their Schedules and SOFA's:

Principles of Consolidation

The accompanying combined and consolidated financial statements include the accounts of Sklar Exploration Company, LLC; Sklarco, LLC; Sklar Transport Company, LLC; Howard Grantor Trust; Jacob Grantor Trust; and Alan Grantor Trust, which collectively operate as the Sklar Exploration Company, LLC. All intercompany accounts and transactions have been eliminated in consolidation.

SEC Combined and Consolidated Financial Statements and Independent Auditors' Report, December 31, 2018 and 2017 at 8 (emphasis added) ("SEC Audit").

7. The SEC Audit also disclosed monthly payments from two of the trusts:

The Company charges the Judy Trust FBO Maren Silberstein a monthly fee of $15,000 for management services related to oil and gas assets owned by the trust. Judy Sklar Silberstein is the deceased sister of Howard Sklar. The Company charges the Succession of Miriam Mandel Sklar a monthly fee of $30,000 for management services related to oil and gas assets owned by the trust.

*Id.* at 23. There is no indication in any of Debtors' filings, including the cash collateral budgets, that fees of $45,000 per month are being charged or received by Debtors.

8. The Motion to Assume and Amend raises more questions than it answers. It asserts that "as asset values have declined, income generated by the Maren Silberstein Trust and

---

[1] If Sklarco or SEC holds oil and gas related property, working interests, or revenues for the trusts, that fact should have been disclosed in the SOFA's for each Debtor in answer to question 21. But instead, only interests of the trusts in various entities that are unrelated to any oil and gas interests or proceeds are listed.

3

the Succession of Miriam Mandel Sklar ("SMMS") is no longer sufficient to cover the management fee due under the Second ASA." Motion to Assume and Amend, ¶ 11. But there is no showing of what assets are being referred to, the amount of the decline over what period of time, and what management fee is due. Indeed, Respondents are unaware of any management fee under the ASA being paid to Debtors during the pendency of this case. But the Motion to Assume and Amend seeks to bring any such payments to a stop except as to accrued indebtedness owed by the Sklar Trusts and SMMS, the amount of which is not stated.

9. The Motion to Assume and Amend further asserts that "[p]ost-petition, questions have arisen as to ownership of certain assets, including, without limitation certain non-oil and gas assets," but does not disclose who raised the questions, the substance of the questions, and which assets the questions related to. The proposed amendment does nothing to answer those questions. Motion to Assume and Amend, ¶12.

10. The Motion to Assume and Amend concludes with a thinly veiled threat that litigation may ensue, presumably with the Sklar Trusts and SMMS if the Motion to Assume and Amend is not granted:

> If the Second ASA is not assumed, or the Amendment is not approved, the Debtors would likely have to file a declaratory judgment action to determine the rights of the parties under the Second ASA and the effect of the termination provisions, or otherwise seek a determination as to the ownership of the assets held by Sklarco.

Motion to Assume and Amend, ¶ 19. Implicit in this threat is that, unless the Plan is confirmed, the Sklar Trusts and SMMS are not going to cooperate with the Debtors and will take such actions as they see fit with respect to the assets subject to the ASA. Further, it suggests that there is a real question as to whether Sklarco will continue to assert ownership of the assets it purports to own.

**Argument and Authorities**

11. Respondents do not object to the assumption of the ASA by Debtors in the form that existed on the Petition Date. Indeed, Respondents are concerned that if the ASA is rejected, the Sklar Trusts will contend that Sklarco thereby relinquished any claim to the assets governed by the ASA. Instead, Respondents object to Debtors conditioning the assumption of the ASA only upon the (a) the approval of the amendment and (b) the confirmation of the Plan.

12. By conditioning assumption on the approval of the amendment to the ASA, Debtors remove provisions from the ASA that are beneficial to Debtors (such as the obligation of the Sklar Trusts to pay fees to the Debtors). This effectively rejects part of the ASA, which violates Section 365 by not assuming the entire contract as it existed on the Petition Date.[2]

13. Further, by conditioning assumption on confirmation of the Plan, Debtors signal their intent to favor the Sklar Trusts through the Plan provisions that allow distributions to the Sklar Trusts in violation of the absolute priority rule and pave the way for Howard Sklar to assert that the trusts have superior title to the assets held in the name of Sklarco in the event Plan confirmation does not occur.

14. The proposed amendment is in fact a settlement of undisclosed claims between Debtors and the Sklar Trusts, but the Motion does nothing to satisfy the requirements for approval of a settlement under Bankruptcy Rule 9019. *See Kearney v. Unsecured Creditors Comm.*, 987 F.3d 1284, 1294-95 (10th Cir. 2021), citing *Kopp v. All American Life Insurance Company (In re Kopexa Realty Venture Company),* 213 B.R. 1020 (10th Cir. BAP 1997) (court

---

[2] A debtor who assumes an executory contract must assume it in its entirety; it may not be assumed in part and rejected in part. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984); *Department of the Air Force v. Carolina Parachute Corp.*, 907 F.2d 1469, 1472 (4th Cir. 1990); *In re Chicago, R.I. & Pac. R.R.*, 860 F.2d 267, 272 (7th Cir. 1988); *In re B & L Oil Co.*, 782 F.2d 155, 157 (10th Cir. 1987); *Richmond Leasing Co. v. Capital Bank*, 762 F.2d 1303, 1311 (5th Cir. 1985).

should consider the following factors in approving a compromise: "[1] the probable success of the underlying litigation on the merits, [2] the possible difficulty in collection of a judgment, [3] the complexity and expense of the litigation, and [4] the interests of creditors in deference to their reasonable views." *Id.* at 1022). Having ignored the baseline requirements for approval of the amendment as a settlement (which the amendment truly is), the Motion to Assume and Amend must be denied.

15.     Finally, contrary to Debtors allegations about the proposed assumption and amendment as being the legitimate exercise of their business judgment, this is not a transaction that is the subject of arm's length negotiation between unrelated parties. This is an insider transaction taking place during a bankruptcy case involving parties who have received at least $19.5 million in transfers from the Debtors during the 4 years prior to the Petition Date. Accordingly, the highest level of scrutiny by the Court is warranted and should result in denial of the relief currently requested.

## Prayer

Respondents respectfully request that this Court enter an order denying Debtors' Motion to Assume and Amend unless the provisions amending the ASA are removed and the contract is assumed without any contingency on confirmation of Debtors' Plan.

Dated this 20th day of April, 2021.

Respectfully submitted,

**Maynes, Bradford, Shipps & Sheftel, LLP**

*/s/ Thomas H. Shipps*
Thomas H. Shipps
*/s/ Shay L. Denning*
Shay L. Denning
Maynes, Bradford, Shipps & Sheftel, LLP
835 E. Second Ave., Suite 123

6

        Durango, CO  81301
        Telephone: (970) 247-1755
        Facsimile: (970) 247-8827
        Email: tshipps@mbssllp.com;
            sdenning@mbssllp.com

and

*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
Attorney at Law
815 Walker, Suite 1502
Houston, TX  77002
Telephone: (713) 516-7450
Facsimile: (713)659-8764
Email: barnetbjr@msn.com

Counsel for Respondents

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on April 20, 2021, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1.  All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing

        /s/ *Barnet B. Skelton, Jr.*
        Barnet B. Skelton, Jr.

7