## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| SKLAR EXPLORATION COMPANY, LLC, | ) | Case No. 20-12377-EEB |
| EIN: 72-1417930 | ) | |
|    Debtor. | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| In Re: | ) | |
| | ) | |
| SKLARCO, LLC, | ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 | ) | |
|    Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered Under |
| | ) | Bankruptcy Case No. 20-12377-EEB |

## INTERNAL REVENUE SERVICE'S OBJECTION TO DEBTORS' AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION (ECF No. 1080)

The Internal Revenue Service ("IRS"), an agency of the United States, hereby submits its objection to Debtors' Amended and Restated Joint Plan of Reorganization filed March 11, 2021, ECF No. 1080, as follows:

1.  On April 1, 2020, Sklar Exploration Company, LLC ("SEC" or "Debtor") filed a Chapter 11 Voluntary Petition for Non-Individual pursuant to 11 U.S.C. § 301. On April 1, 2020, SEC's affiliate Sklarco, LLC also filed a Voluntary Petition for relief under Chapter 11 pursuant to 11 U.S.C. § 301. On April 2, 2020, the Court ordered the cases to be jointly administered pursuant to Fed R. Bankr. P. 1015(b). ECF No. 8.

2.  On February 19, 2021, the IRS filed an Amended Proof of Claim, Claim 30-3, in Case No. 20-12377-EEB consisting of an estimated unsecured priority claim of $22,377.88 and an estimated unsecured general claim of $23,589.61. The IRS's claims include tax liabilities and related interest for the tax years 2014 through 2020. With the exception of the fourth quarter 2019, first quarter 2020, and second quarter 2020 FICA taxes, and the fourth quarter 2020 FUTA tax, all of the tax liabilities have been estimated because the IRS has not yet received tax returns from the Debtor for those periods. Claim 30-3 at pp. 4-5.

3.  On May 5, 2020, the IRS filed a Proof of Claim, Claim 2-1, in Case No. 20-12380-EEB consisting of an estimated unsecured priority claim of $1,400.00, and an estimated unsecured

general claim of $1,700.00. The IRS's claims include tax liabilities and related interest for the tax years 2014 through 2020. The tax liabilities have been estimated because the IRS has not yet received tax returns from the Debtor for those periods. Claim 2-1 at pp. 4-5.

4. Unless an objection to the IRS's Proof of Claim is filed by a party in interest, the claim is allowed pursuant to 11 U.S.C. § 502(a). To date, no such objection has been filed.

5. The IRS objects to confirmation of the Plan as set forth below.

6. The Plan as proposed is not feasible because Debtor has outstanding unfiled pre-petition tax returns. The Plan must provide for future amendments to the IRS's Proof of Claim. The amount of the pre-petition tax owed to IRS is currently estimated and the exact amount remains unknown until Debtor files all of its tax returns. Debtor has several outstanding unfiled tax returns, as reflected in IRS's Proofs of Claims. Until all delinquent returns are properly filed, the IRS cannot ascertain whether the Plan is feasible because the feasibility depends on the yet-to-be ascertained tax liability. 11 U.S.C. § 1129(a)(9)(C). Further, consistent with 11 U.S.C. § 1129(a)(9)(C), the plan must provide for post-confirmation interest on the IRS's priority claim. *See, e.g.*, *United States v. Neal Pharmacal Co.*, 789 F.2d 1283, 1285 (8th Cir. 1986) (holding that plan must pay interest on priority claim sufficient to provide IRS with present value of its claim).

7. The IRS further objects to the Plan's proposed treatment of unclaimed distributions at 8.12(c). The IRS has no authority to allow a tax debt to be extinguished. The IRS's priority tax claims are not dischargeable. 11 U.S.C. § 523(a)(1).

8. Finally, due to Debtor's history of non-compliance with tax return filing requirements, the IRS objects to the Plan's Default definition and provision. Accordingly, the IRS respectfully proposes the following provision:

> **Default on IRS Claim**. For purposes of the IRS's claim, default is defined as the Debtor's failure to make timely payments to the IRS as set forth in the Plan. A condition of default may include, but is not limited to, the Debtor not remaining in tax compliance post-confirmation as to tax filing and payment obligations. In the event of default, written notice is required on the Debtor, Debtor's counsel, and the Disbursing Agent. In the event default is not cured within 10 days from the date of notice in writing, then, regardless of any other plan provision, the entire pre-petition amount due to the IRS is immediately due and owing, and the IRS shall be able to enforce obligations as if the bankruptcy case had not been filed and no stay is then in effect. Notices to the IRS shall be sent to following address:
>
> Internal Revenue Service
> ATTN: S. Rivera
> 1999 Broadway 5012DEN
> Denver, CO 80202-3025

WHEREFORE, the United States, on behalf of its agency the Internal Revenue Service, prays that the Court:

    A.    A Deny confirmation of the Plan of Reorganization until the above identified issues are addressed, including filing of all tax returns; and

    B.    Grant such other and further relief as is just and proper.

    Respectfully submitted,

    MATTHEW T. KIRSCH
    Acting United States Attorney

Date: April 23, 2021

    *s/ Katherine A. Ross*
    **Katherine A. Ross**
    Assistant U.S. Attorney
    United States Attorney's Office
    1801 California Street, Ste. 1600
    Denver, Colorado 80202
    Telephone: 303-454-0100
    Email: katherine.ross@usdoj.gov
    Counsel for the Internal Revenue Service

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2021, I served a copy of the foregoing **OBJECTION** upon each party listed below, through US Mail:

Sklar Exploration Company, LLC
and Sklarco, LLC
5395 Pearl Parkway, Suite 200
Boulder, CO 80301
Debtor(s)

and it was delivered electronically via CM/ECF to:

| | | |
|---|---|---|
| Keri L. Riley | Jenny M.F. Fujii | Jeffrey S. Brinen |
| Counsel for Debtor(s) | Counsel for Debtor(s) | Counsel for Debtor(s) |
| | | |
| Lee M. Kutner | Benjamin Y. Ford | Paul Moss |
| Counsel for Debtor(s) | Counsel for Debtor(s) | U.S. Trustee |

And all parties in interest who have requested notice pursuant to the CM/ECF system

*s/Megan Ingebrigtsen*
U.S. Attorney's Office