# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | Chapter 11 |
| EIN: 72-1417930 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | Chapter 11 |
| EIN: 72-1425432 | ) | |
| | ) | ***Jointly Administered Under*** |
| Debtor. | ) | ***Case No. 20-12377-EEB*** |

## UNITED STATES TRUSTEE'S OBJECTION TO THE
## AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION
## DATED DECEMBER 18, 2020

Patrick S. Layng, the United States Trustee for Region 19 (the "UST"), by and through his undersigned counsel, hereby objects to Debtors' Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 (at Docket No. 1080). The UST states and alleges as follows:

1. On April 1, 2020 (the "Petition Date"), Sklar Exploration Company, LLC and Sklarco, LLC (together the "Debtors") commenced the above-captioned jointly administered chapter 11 cases.

2. Debtors continue to remain debtors-in-possession. A committee of unsecured creditor was appointed in the case of Sklar Exploration Company, LLC.

3. On December 18, 2020, the Debtors filed their Disclosure Statement and Joint Plan of Reorganization Dated December 18, 2020.

4. On March 11, 2021, Debtor filed their Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 (at Docket No. 1080) (the "Plan"). The Disclosure Statement for the Plan was approved by the Court on March 18, 2021.

5. The UST has standing to bring this matter before the Court pursuant to 11 U.S.C. §§ 307 and 28 U.S.C. § 586(a)(3), and objects to the Plan under 11 U.S.C. §§ 1129(a)(1) and (a)(3) for the following reasons.

Objections to Plan

6. The Debtors' Plan, paragraph 8.9 provides a for a liquidation of and wind down of

1

Sklar Exploration Company, LLC.  Paragraph 10.4 of the Plan provides for a discharge of both Sklar Exploration Company, LLC and Sklarco, LLC.  Pursuant to 11 U.S.C. §1141(d)(3), Sklar Exploration Company, LLC appears ineligible for discharge as the Plan provides for liquidation of all or substantially all of the property of that estate and it is unclear if SEC will engage in business after consummation of the Plan.

7. The Debtors' Plan contains an Exculpation clause under paragraph 10.5.  The UST objects to the Exculpation clause as the parties exculpated appear to change from the initial parities at the beginning of the paragraph to somewhat different parties the end of the paragraph.[1]  The language should be adjusted to track the parties exculpated at the beginning of the paragraph to language at the end of the Exculpation clause to avoid confusion.  The clause reads as follows, with the inconsistent parties underlined:

> **Except as set forth in this Plan, neither the <u>Debtors, the Creditors' Committee, the CRO, nor any of their agents, representatives, attorneys, accountants or advisors</u> shall have or incur any liability in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming the Plan, or any contract, instrument, release or other agreement, or document created or entered into in connection with the Plan or any other act taken or omitted to be taken in connection with the restructuring of the Debtors pursuant to the Plan during the pendency of the Debtors' Chapter 11 Cases and through the date of confirmation of the Plan; provided that the foregoing shall have no effect on the liability for a breach of the Plan or any other document, instrument, or agreement executed and delivered in connection with the Plan, or that otherwise results from any act or omission that is determined in a Final Order to have constituted gross negligence, bad faith, or willful misconduct; provided further that nothing in this Plan shall limit the liability of any retained attorney in violation of Rule 1.8(h)(1) of the Colorado Rules of Professional Conduct. For the avoidance of a doubt, there shall be no liability limitation for the <u>Debtors, its Insiders, and affiliates</u> for their actions or omissions occurring before the Petition Date, *or after the Confirmation Date*, or their actions or omissions after the Petition Date that are not official actions made in good faith, nor shall it release the Debtor from any obligations arising under contracts entered into on a post-petition basis.**

8. The Debtors should file all outstanding tax returns prior to confirmation so the Plan's feasibility can be ascertained.

---

[1] An "exculpation clause must be limited to the fiduciaries who have served during the chapter 11 proceeding:   estate professionals, the Committees and their members, and the Debtors' directors and officers."   *In re Washington Mutual, Inc.*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011.

WHEREFORE, the United States Trustee hereby files his objection to Debtors' Plan for the reasons discussed above and for such other relief as the Court deems appropriate.

Dated: April 23, 2021                                     Respectfully submitted,

                                                          PATRICK S. LAYNG
                                                          UNITED STATES TRUSTEE
                                                          /s/ Paul Moss
                                                          By: Paul Moss, #26903
                                                          Trial Attorney for the U.S. Trustee
                                                          Byron G. Rogers Federal Building
                                                          1961 Stout Street, Suite 12-200
                                                          Denver, Colorado 80294
                                                          (303) 312-7995 telephone
                                                          Paul.Moss@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 23, 2021, a copy of the UNITED STATES TRUSTEE'S OBJECTION TO THE AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION DATED DECEMBER 18, 2020 was served electronically through the CM/ECF system on the following parties (and any other parties requesting electronic notice through the court):

*VIA CM/ECF:*

Keri L. Riley
Jeffrey S. Brinen
Christopher D. Johnson
James B. Bailey
Victoria N. Argeroplos
Joseph Eric Bain
Grant Matthew Beiner
Jordan B. Bird
Duane Brescia
Daniel L. Bray
Casy Carlton Breese
Jeffrey Dayne Carruth
John Childers
John Cornwell
Christopher M. Crowley
Shay L. Denning
Jonathan Dickey
Katherine Guidry Douthitt
Benjamin Y. Ford
Jenny M.F. Fujii
Craig M. Geno
Michael J. Guyerson
Jennifer Hardy
Theodore J. Hartl
Adam L. Hirsch
Stephen K. Lecholop II
Eric Lockridge
Armistead Mason Long
Ryan Lorenz
Christopher Meredith
David M. Miller

Timothy C. Mohan
Kevin S. Neiman
Michael Niles
Matthew J. Ochs
Matthew Okin
Jennifer Norris Soto
John Thomas Oldham
Robert L. Paddock
Robert Padjen
Jeremy L. Retherford
Brian Rich
Timothy Michael Riley
Katherine A. Ross
Michael D. Rubenstein
Craig K. Schuenemann
Ryan Seidmann
Andrew James Shaver
Thomas H. Shipps
Barnet B. Skeleton, Jr.
Jim F. Spencer, Jr.
Bryce Suzuki
Timothy M. Swanson
David R. Taggart
Glenn Taylor
Madison M. Tucker
Amy Vazquez
Deanna L. Westfall

*/s/ Paul Moss*
*Office of U.S. Trustee*