UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | CASE NO. 20-12377-EEB |
| ) | |
| SKLAR EXPLORATION COMPANY LLC ) | CHAPTER 11 |
| EIN 72-1417930 ) | |
| ) | |
| ) | |
| SKLARCO, LLC ) | CASE NO. 20-12380-EEB |
| EIN 72-1425432 ) | |
| ) | CHAPTER 11 |
| Debtor. ) | |
| ) | |

LOUISIANA DEPARTMENT OF REVENUE'S
OBJECTION TO CONFIRMATION OF AMENDED AND RESTATED JOINT PLAN OF
REOGANIZATION DATED DECEMBER 18, 2020

The Secretary of the Louisiana Department of Revenue ("LDR"), through undersigned counsel, *objects* to the AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION DATED DECEMBER 18, 2020 ("PLAN") filed by the Debtors, and in support of such objections represents as follows:

1.

LDR is the holder of three claims: one for pre-petition returns filed and not paid; another for a pre-petition sales-use tax audit; and finally, a claim for outstanding administrative taxes.[1]

(a)     Pre-Petition Returns Filed, Not Paid.  See Claim No. 10158, which amended previously filed Claim 75 that was filed on 5/29/2020.  The claim is for priority taxes in the amount of $40,192.40 per filed tax returns for: (i) Severance Gas tax periods 2/29/2020 and 3/31/2020; Oilfield Site Restoration – Gas tax period 3/31/2020, and Sales tax period 3/31/2020 in the amount

---

[1] The itemization of the proof of claims is for purposes of convenience, and except where specifically noted the account balances have changed with the filing of returns, the details of the claim are intended to be as filed.

of $53.00. However, the return for the sales tax period was subsequently filed, changing the sales tax amount due to $106.00, increasing the total due for returns filed by an additional $53.00.

(b)     <u>Pre-Petition Audit:</u>  See Claim 10159, which amended claim 130 filed on 06/19/2020. The claim is for a sales-use tax audit conducted for the tax year 2017. The claim is for tax in the amount of $2,318,28, pre-petition interest in the amount of $438.14 and penalty in the amount of $34.80.

(c)     <u>Administrative Tax Periods</u>. See Claim 10160 filed on 03/17/2021 which amended claim 10115 filed on 01/14/2021 which amended claim 75 filed on 05/29/2020. This balance is still subject to change each month dependent on whether any additional returns are filed without payment.

Priority Tax Treatment

2.

A.      The LDR objects to confirmation of the Plan because the treatment of Priority Taxes does not comply with 11 U.S.C. §1129(a)(9)(C) in the following respects:

(1)     The Plan fails to provide a date on which payments to holders of Priority Tax Claims shall begin once Allowed and fails to provide the or the frequency with which those payments shall be made.  Section 1129(a)(9)(C) requires "regular installment payments" and this Court cannot determine whether the plan properly provides for "regular installment payments" unless it knows when they are to commence and the frequency with which the payments will be made. LDR is left guessing as to how it will be paid. Without knowing the commencement date and frequency of payments, neither the Court nor the LDR can know whether the payments are in default. Additionally, the plan lacks adequate default provisions in the event that priority payments are not made to the LDR timely. See Default Remedies, below.

(C) The Plan fails to provide that the proper rate of interest required by 11 U.S.C. §511. It is well settled law that 11 U.S.C. §1129(a)(9)(C) requires that Priority Tax Claims be paid interest by inclusion of the language "of a total value, as of the effective date of the plan, equal to the allowed amount of the claim." The well settled case law on this language has always interpreted this phrase to mean *present value*. *Specifically,* 11 U.S.C. Section 511 provides that "If any provision of this title requires the payment of interest on a tax claim or an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable non-bankruptcy law." 11 U.S.C. §511(a). Section 511 goes on to provide: "In the case of taxes paid under a confirmed plan under this title the rate of interest shall be determined as of the calendar month in which the plan is confirmed." For example, if this plan is confirmed any time during the calendar year 2021, the LDR's rate of interest on delinquent taxes is **6.5%.** *See* Revenue Information Bulletin 21-001 ("RIB 21-001"); s*ee* LA Rev. Stat. Ann. § 47:1601(A)(2)(a)(v) which provides that interest shall accrue on unpaid taxes at an annual rate of three percentage points above the judicial interest rate (La. Rev. Stat. Ann. § 9:3500(B)(1)). "As announced by the Commissioner of the Office of Financial Institutions, the 2021 judicial interest rate is three and one-quarter percentage points above the discount rate that was published in the Wall Street Journal on the first business day in October 2020." RIB 20-001. The Plan is not in compliance with 11 U.S.C. § 511 and accordingly should not be confirmed pursuant to 11 U.S.C. § 1129(a)(1).

(D) Unless these Plan deficiencies are corrected, Confirmation of the Plan should be denied pursuant to 11 U.S.C. §1129(a)(1) because the Plan does not comply with Section 1129(a)(9)(C) and Section 511.

Default Remedies

3.

Pursuant to 11 U.S.C. § 1123(a)(5)(G), requires that a plan provide adequate means for the plan's implementation, such as "curing or waiving of any default." Otherwise, confirmation must be denied pursuant to 11 U.S.C. §1129(a)(1). While the Plan includes provisions for *Creditor* Defaults, the Plan does not include provisions for an event of default by *Debtors* other than those related to Executory Contracts and Unexpired Leases. Instead of increasing the burden on creditors, the Plan should provide clear and concise default remedies, in general, or the Confirmation Order should provide specific remedies for the LDR, such as:

> A failure by the Reorganized Debtors to make a payment to the LDR pursuant to the terms of the Plan shall be an Event of Default. If the reorganized Debtor fails to cure an Event of Default within ten (10) calendar days after service of written notice of default from the LDR, the LDR may (a) enforce the entire amount of its claims, (b) exercise all rights and remedies under applicable non-bankruptcy law, and (c) seek such relief as may be appropriate in this court.

Setoff and Recoupment

4.

LDR's claims and/or attachments provide that: "The Louisiana Department of Revenue has not identified a right of setoff or counterclaim. However, the determination is based on available data and is not intended to waive any right of set off against the claims of debts owed to this debtor. Confirmation should be denied because the Plan fails to preserve the statutory setoff and recoupment rights of the LDR afforded under Louisiana law and the Bankruptcy Code.

(A) Although the Bankruptcy Code does not establish a right of setoff, § 553 is widely recognized as preserving any right to setoff under applicable non-bankruptcy law. *Citizens Bank v. Strumpf*, 116 S.Ct. 286, 289 (1995). Setoff rights and all aspects of a particular right of

setoff, including the waiver of such a right, are determined by non- bankruptcy law.

(B) Under § 553 of the Bankruptcy Code, setoff rights survive bankruptcy and are not affected by other sections of the Bankruptcy Code, including § 1141. *IRS v. Luongo (In re Luongo)*, 259 F.3d 323 (5th Cir. 2001); *United States on Behalf of IRS v. Norton*, 717 F.2d 767772 (3rd Cir. 1983); *In re Garden Ridge Corp.,* 338 B.R. 627, 632 (Bankr. D. Del. 2006); *Carolco Television, Inc. v. National Broadcasting Co. (In re DeLaurentis Entertainment Group, Inc.)*, 963 F.2d 1269, 1276-78 (9th Cir. 1992), *cert. denied*, 506 U.S. 918, 113 S. Ct. 330, 121 L.Ed.2d 249 (1992); *Davidovich v. Welton (In re Davidovich),* 901 F.2d 1533, 1537 (10th Cir. 1990); *Pettibone Corp. V. United States (In re Pettibone Corp.)*, 161 B.R. 960, 964 (N.D. Ill. 1993); *Womack v. United States (In re Womack)*, 188 B.R. 259 (Bankr. E.D. Ark. 1995); *In re Whitaker*, 173 B.R. 359 (Bankr. S.D. Ohio 1994).

(C) Section 553 "preserves for the creditor's benefit any setoff right that it may have under applicable non-bankruptcy law." *In re Semcrude, L.P.*, 399 B.R. 388 (Bankr. D. Del. 2009) (quoting *Packaging Indus. Group, Inc. v. Dennison Mfg. Co., Inc. (In re Sentinel Prod. Corp., Inc.)*, 192 B.R. 41, 45 (N.D. N.Y. 1996)). And "there is no basis in the Code to eliminate [a creditor's] setoff rights" asserted prior to confirmation. *In re ALTA+CAST, LLC*, 2004 WL 484881 (Bankr. D. Del. 2004) (creditor was entitled to preserve its setoff rights under §553 where those rights were asserted prior to confirmation). In addition to preserving setoff rights on the face of their proofs of claim, the LDR asserts preservation of their setoff rights by objecting to any attempt to limit those rights through the Plan. *Alta + Cast*, 2004 WL 484881 (Bankr. D. Del.) (confirmation objection to attempt to affect setoff rights is sufficient to preserve those rights). The case law does not require creditors to file a motion to preserve their setoff rights as Debtors attempt to do here. Confirmation should be denied because a Plan asks to enjoin creditors' setoff rights do not comply with § 553 of the Bankruptcy Code.

(D) Confirmation of a plan does not extinguish setoff claims when they are timely asserted. *United States v. Continental Airlines* (*In re Continental Airlines*), 134 F.3d 536, 542 (3d Cir. 1998), *cert. denied*, 525 U.S. 929 (1998). Like other creditors, the LDR has the right to setoff mutual debts. "The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." *United States v. Munsey Trust Co. of Washington, D.C.*, 332 U.S. 234, 239 (1947).

(E) The LDR has statutory setoff rights and recoupment rights, including but not limited to those under La. Rev. Stat. Ann. §47:1621 and §47:1622. Accordingly, those rights should not be allowed to be extinguished by the plan injunctions.

( F ) Therefore, to o the extent that the Plan contains provisions which impair or eliminate the setoff and recoupment rights of LDR, the Plan does not comply with 11 U.S.C. §553 and cannot be confirmed pursuant to 11 U.S.C. §1129(a)(1).

<u>Unclaimed Distributions</u>

5.

The LDR objects to the Plan's proposed treatment of unclaimed distributions at Section 8.12(c). The LDR has no authority to allow a tax debt to be extinguished. The LDR's priority claims (both administrative and pre-petition) are not dischargeable. 11 U.S.C. § 523(a)(1). The LDR is a taxing authority and should not lose its right to payment of any dollar amount or in the event of a misdirected check or a check that gets lost in the mail. It is always a taxpayer's burden to ensure payment is received. LDR's address for payments is contained on the proof of claim as is the address for any notices as well as payments – these go to the Bankruptcy Section to the extent they are not electronically paid. LDR would not intentionally NOT cash a check.

<u>Third-Party Releases</u>

6.

The Debtor has trust tax accounts with the LDR and Louisiana law imposes liability on third parties who are responsible for same with the taxpayer. To the extent that the Plan attempts to enjoin the LDR from collecting outstanding trust tax liabilities pursuant to La. Rev. Stat. Ann. §47:1561.1, the LDR objects to confirmation of the plan because such non-Debtor third party release language is in conflict with § 524(e) of the Bankruptcy Code. Accordingly, confirmation of the plan should be denied pursuant to 11 U.S.C. §1129(a)(1).

Miscellaneous Provisions

7.

With respect Section 8.1 of the plan, the LDR certain does not contest the debtor's ability to withdraw from or ceasing to do business or selling after the plan is confirmed, however, the plan attempts to limit the requirements of doing so to the terms of the plan. Businesses organized under Louisiana Law and/or operating in Louisiana are required to operate the business in accordance with applicable state laws and the Bankruptcy Code and any confirmed Plan. The Plan does not require the Debtor in possession to comply with applicable state law for purposes of withdrawal or dissolution and seeking to close any business tax accounts with the LDR at the time they do so. See 28 U.S.C. § 959. Sklar Exploration Company LLC is currently a limited liability company organized under the laws of the state of Louisiana.

WHEREFORE, after all due legal proceedings are had, the LDR respectfully requests that confirmation of the proposed Plan be DENIED; or alternatively, that it be amended to address the LDR's objections, or that provisions be included in the Order of Confirmation; and for all other

relief that may be equitable in the premises.

>Respectfully submitted,
>
>LOUISIANA DEPARTMENT OF REVENUE
>
>/s/ Florence Bonaccorso-Saenz
>Florence Bonaccorso-Saenz (La. Bar No. 25493)
>Senior Bankruptcy Counsel, Litigation Division
>617 N. Third St., Office 780
>Post Office Box 4064 (Zip Code 70821-4064)
>Baton Rouge, LA  70802
>Tele: (225) 219-2083, Fax: (225) 231-6235
>Email: Florence.Saenz@la.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 23, 2021, a copy of the LOUISIANA DEPARTMENT OF REVENUE'S OBJECTION TO THE AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION DATED DECEMBER 18, 2020 was served electronically through the CM/ECF system on the following parties (and any other parties requesting electronic notice through the court):

*VIA CM/ECF:*

Keri L. Riley
Jeffrey S. Brinen
Christopher D. Johnson
James B. Bailey
Victoria N. Argeroplos
Joseph Eric Bain
Grant Matthew Beiner
Jordan B. Bird
Duane Brescia
Daniel L. Bray
Casy Carlton Breese
Jeffrey Dayne Carruth
John Childers
John Cornwell
Christopher M. Crowley
Shay L. Denning
Jonathan Dickey
Katherine Guidry Douthitt
Benjamin Y. Ford
Jenny M.F. Fujii
Craig M. Geno
Michael J. Guyerson
Jennifer Hardy
Theodore J. Hartl
Adam L. Hirsch
Stephen K. Lecholop II
Eric Lockridge
Armistead Mason Long
Ryan Lorenz

Christopher Meredith
David M. Miller
Timothy C. Mohan
Kevin S. Neiman
Michael Niles
Matthew J. Ochs
Matthew Okin
Jennifer Norris Soto
John Thomas Oldham
Robert L. Paddock
Robert Padjen
Jeremy L. Retherford
Brian Rich
Timothy Michael Riley
Katherine A. Ross
Michael D. Rubenstein
Craig K. Schuenemann
Ryan Seidmann
Andrew James Shaver
Thomas H. Shipps
Barnet B. Skeleton, Jr.
Jim F. Spencer, Jr.
Bryce Suzuki
Timothy M. Swanson
David R. Taggart
Glenn Taylor
Madison M. Tucker
Amy Vazquez
Deanna L. Westfall

/s/ Florence Bonaccorso-Saenz
Florence Bonaccorso-Saenz
Senior Bankruptcy Counsel
Litigation Division
Louisiana Department of Revenue