## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11<br><br><br>**Joint Administered Under<br>Case No. 20-12377 EEB** |

**MOTION OF THE RUDMAN PARTNERSHIP AND MER ENERGY, LTD.
FOR RELIEF FROM THE AUTOMATIC STAY TO AUTHORIZE REMOVAL AND
REPLACEMENT OF SKLAR EXPLORATION COMPANY, LLC AS OPERATOR OF
THE ESCAMBIA PROSPECT, THE SHIPPS CREEK PROSPECT, AND THE
FISHPOND OIL UNIT**

**NOW INTO COURT**, through undersigned counsel, comes The Rudman Partnership

and MER Energy, Ltd.. ("Movants"), creditors and parties in interest of Sklar Exploration

Company, LLC, ("SEC") in the jointly-administered bankruptcy cases (the "Cases") of SEC and

Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors"), who file this Motion for

Relief From the Automatic Stay and respectfully represent as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over these Chapter 11 cases pursuant to 28 U.S.C.

§§ 157(a) and (b), and 1334(a) and (b). This matter constitutes a core proceeding under 28

U.S.C. § 157(b)(2)(A) and (G) as this matter concerns the administration of the Debtors' estates

and a request to modify the automatic stay. The statutory and rule-based predicates for the relief

requested in the Motion are Section 362(d)(1) of the Bankruptcy Code, Rule 4001 of the

Bankruptcy Rules and L.B.R. 4001-1. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## Procedural and Factual Background

2.      Between April 1, 2020, when the Debtors commenced these proceedings, and February 26, 2021, Debtors gave every indication to the Court and the parties in interest that their proposed plan of reorganization would include SEC continuing to serve as operator of the extensive network of oil and gas prospects, operating agreements, unit agreements, wells and facilities comprising much of Debtors' estates.  For example, at a hearing held on December 17, 2020—the day before Debtors filed their original plan for reorganization—SEC actively opposed a motion that had been filed a month earlier seeking relief from the automatic stay so that working interest owners ("WIOs") could convene a meeting and hold an election to remove SEC as operator of the Southeast and Southwest Brooklyn Oil Units.[1]  The WIOs expressed grave concerns that SEC's poor operational practices in the Brooklyn Oil Units had potentially permanently jeopardized the success of those secondary recovery operations.  SEC prevailed in its arguments to the Court that exposing SEC to potential removal at that stage of the proceedings could disrupt the Debtors' ability to propose an effective plan of reorganization. *See* Transcript of Proceedings, 20-12377-EEB Chapter 11, December 17, 2020 [Dkt. No. 760]. Accordingly, the Court postponed consideration of the *Ad Hoc* Committee's motion for relief from stay until "the hearing on confirmation of the Debtors' soon to be filed plan of reorganization," provided, that if no confirmation hearing had been held by April 1, 2020,

---

[1] *See Ad Hoc* Committee of Working Interest Owners' Motion to Modify the Automatic Stay to: (a) Hold a Meeting of the Working Interest Owners in the Brooklyn Oil Units; (B) Take a Contractually Authorize Vote to Remove Debtor Sklar Exploration Company, LLC, as Operator of the Brooklyn Oil Units; (C) Upon an Affirmative Vote to Remove SEC as Operator in Order to Take All Steps Necessary To Effectuate the Removal (Nov. 18, 2020) [Dkt. No. 671].

"Movants may request that a separate hearing be set." *See* Minute Order dated December 17, 2020 [Dkt. No. 737].

3.      As anticipated, the following day, Debtors submitted their joint plan of reorganization that expressly contemplated the continued existence of both reorganized Debtors, and SEC's continuation as operator of all assumed Operating Agreements.  *See* Joint Plan of Reorganization dated December 18, 2020, ¶¶ 8.1, 8.2 [Dkt. No. 739]. However, the original plan also addressed the powers of the plan's proposed Independent Manager, who would be authorized "to effectuate the liquidation and wind down of SEC" if certain events like "removal of SEC as operator of the Southeast and/or Southwest Brooklyn Oil Unit" were to occur. *Id.* at ¶ 8.7.

4.      On February 26, 2021, the landscape of these proceedings changed dramatically when Debtors filed an amended plan calling for the resignation of SEC as operator following plan confirmation and authorizing the contemplated Independent Manager to convene WIO meetings and facilitate elections to replace SEC as operator after confirmation of the amended plan.  *See* Amended Joint Plan of Reorganization dated December 18, 2020, ¶ 8.9 [Dkt. No. 913].[2] Debtors also filed an Amended Disclosure Statement to Accompany Amended Joint Plan of Reorganization dated December 18, 2020 [Dkt. No. 925], to which several parties later filed objections.  *See, e.g.,* Objection to Amended Disclosure Statement To Accompany Amended Joint Plan of Reorganization dated December 18, 2020 [Dkt. No. 1099].

---

[2] As explained in a status report filed contemporaneously with the Amended Joint Plan, mediation to resolve WIO cure claims and other issues had failed to result in a mutually acceptable course of action, and, because SEC's continued operatorship of certain properties could not be guaranteed, SEC chose to pursue a "structured wind-down." Status Report Regarding Assumption of Operating Agreements and Amended Joint Plan of Reorganization, ¶¶ 6, 7 (Feb. 26, 2021) [Dkt. No. 912].

5.     In keeping with the newly announced plan, and noting that it would otherwise "be required to cure all monetary defaults under the Operating Agreements . . . in the amount of approximately $3 million," SEC filed a motion to reject all joint operating agreements to which it was a party.  Omnibus Motion to Reject Joint Operating Agreements and Related Oil and Gas Contracts, ¶ 5 (Feb. 26, 2021) [Dkt. No. 927].

6.     On March 11, 2021, Debtors filed yet another amended plan of reorganization that called for the liquidation of SEC. Amended and Restated Joint Plan of Reorganization dated December 18, 2020 [Dkt. No. 1080] ("Plan").  While this version of Debtors' Plan alludes to a "Resignation and Transition Schedule" for SEC to turn over its operations to successor operators, no such Schedule exists and is only referenced as a plan supplement to be filed at some future date.  *See* Plan, ¶ 8.9 ("Beginning on the Effective Date and continuing in accordance with the [yet to be filed] Resignation and Transition Schedule, the Independent Manager shall . . . [f]acilitate the orderly transition to a new operator . . . . "); *See* Amended Disclosure Statement to Accompany Amended and Restated Joint Plan of Reorganization dated December 18, 2020 ("Amended Disclosure Statement") [Dkt. No. 1101] at 23 ("SEC anticipates that the full wind down and transition will take approximately six (6) months.  A full schedule of the anticipated transition and wind down will be filed with the Plan Supplement, no later than 21 days prior to the hearing on confirmation of the plan.").

7.     Following a hearing held March 18, 2021 regarding the adequacy of the Debtors's Amended Disclosure Statement, the Court entered a Minute Order [Dkt. No. 1137] which provided, in pertinent part, as follows:

> On or before **March 31, 2021**, the <u>Debtors shall file a *form of stipulation*</u> that provides relief from stay to creditors seeking to initiate the orderly transition of replacing Sklar Exploration Company as operator under rejected operating agreements. The stipulation should provide for the

expedited creation of a data room in which the Debtors will place documents needed for the transition. <u>Any party wishing to object to the Debtors' proposed stipulation shall do so on or before April 7, 2021.</u> [Underscoring and italics supplied].

8.      Subsequently, the Debtors and the *Ad Hoc* Committee of Working Interest Owners filed a proposed stipulation on April 1, 2021 [Dkt. No. 1167] providing procedures for the appointment of a successor operator for the Southeast and Southwest Brooklyn Units.

9.      The Rudman Partnership objected to the proposed stipulation to the extent it would be binding on the parties to other units or prospects since it was particularly crafted to the exigencies of the Southeast and Southwest Brooklyn Units. *See* The Rudman Partnership's Limited Objection to Proposed Stipulation Regarding Transition of Successor Operator to the Brooklyn Oil Units Serving as a Template for Other Operating Agreements and Prospects [Dkt. No. 1181]. In an effort to address those concerns, on April 9, 2021, counsel for The Rudman Partnership had submitted to Debtors' counsel an initial draft of a proposed stipulation for removal of SEC as Operator of the Escambia Prospect and appointment of a successor Operator, which was followed on April 12, 2021, by a revised version of the proposed stipulation.

10.     Following a hearing held on April 12, 2021, the Court entered a Minute Order [Dkt. No. 1186] providing, *inter alia*, as follows:

> ☒ On or before **April 26, 2021**, the Debtors shall file stipulation granting relief from stay that would apply to other operating agreements rejected by Sklar Exploration Company. If the Debtor is unable to reach a stipulation by that deadline, counterparties to those operating agreements may file motions for relief from stay to initiate removal procedures of Sklar Exploration Co. as operator.

Debtors have not responded to The Rudman Partnership's proposed stipulation regarding the Escambia Prospect nor, to Movants' knowledge, have they submitted any proposed stipulation to any other party excepting that relating to the Southeast and Southwest Brooklyn Units.[3]

11.     This Motion is filed in accordance with the April 12, 2021 Minute Order to obtain relief from the automatic stay authorizing The Rudman Partnership and its fellow working interest owners in the Escambia Prospect and Fishpond Oil Unit, and MER and its fellow working interest owners in the Shipps Creek Prospect, to remove SEC as Operator and to appoint a successor Operator in accordance with the provisions of the applicable Operating Agreement ("JOA") for the Escambia Prospect and Shipps Creek Prospect and the Unit Operating Agreement for the Fishpond Unit.[4]

12.     True and correct copies of the Escambia Prospect Agreement, including the JOA, the Shipps Creek Prospect Agreement, including the JOA, and the Fishpond Unit Agreement and Unit Operating Agreement are attached hereto as Exhibit 1 (Escambia), Exhibit 2 (Shipps Creek), and Exhibit 3 (Fishpond).[5]

---

[3] A revised version of the proposed stipulation between the *Ad Hoc* Committee and the Debtors [Dkt. No. 1190], was approved by the Court on April 20, 2021.  Order Approving Stipulation to Relief from Stay to Proceed with Transition of Successor Operator for the Brooklyn Oil Units [Dkt. No. 1195].

[4] The Rudman Partnership is a working interest owner in the Escambia Prospect and the Fishpond Unit; MER Energy, Ltd. is a working interest owner in the Shipps Creek Prospect.

[5] Exhibits 1, 2, and 3 to this Motion are the same exhibits filed by Sklarco in its respective motions to assume participation agreements, operating agreements, recording supplements, unit agreements, or unit operating agreements for the Escambia Prospect [Dkt. No. 908-1], the Shipps Creek Prospect [Dkt. No. 883-1], and the Fishpond Unit [Dkt. No. 863-1].  In the Limited Objection and Reservation of Rights of The Rudman Partnership to Motion to Assume Escambia Participation Agreement, Operating Agreement, and Recording Supplement at ¶ 1 (*see* Dkt. No. 1111), The Rudman Partnership noted that the "second instrument described by Debtor as amending the Operating Agreement effective March 1, 2020 that addresses operations of the Abbyville Gas Plant ('Abbyville Plant Amendment') (Doc. No. 908-1 at 132-169) was not approved unanimously as required by the Prospect Agreement, and is accordingly not part of the [Escambia] Operating Agreement." Use of the same Escambia exhibit for this Motion as Sklarco used in its motion to assume Escambia agreements is not intended as a waiver of The Rudman Partnership's objection to the validity of the Abbyville Plant Amendment, and The Rudman Partnership

13.     The provisions for removal of an operator and selection of a successor operator under Escambia and Shipps Creek JOA's are provided in Articles VI.B. 1 and 2 of those agreements.

14.     The provisions for removal of an operator and selection of a successor operator under the Fishpond Unit Operating Agreement are provided in Sections 6.2-6.4.

## Argument and Authorities

15.     Movants have contract rights permitting the removal of an operator and the appointment of a successor operator under the applicable operating agreements governing those Escambia and Shipps Creek prospects and the Fishpond Unit.

16.     SEC has rejected the operating agreements in question, together with all executory contracts associated with the Escambia Prospect, Shipps Creek Prospect, and Fishpond Unit. Having chosen to reject all obligations under these operating agreements, and, given Movants' concerns that SEC may no longer be capable of discharging its duties as Operator, there is no reason for SEC to continue as Operator, and consequently the Movants seek expeditious removal and replacement of SEC as operator in accordance with the operating agreements and applicable law of the state of Alabama.  Rejection of the Escambia and Shipps Creek JOA's and the Fishpond Unit Operating Agreement does not extinguish Movants' contract rights to effectuate removal and replacement of SEC as Operator.[6]

---

expressly preserves that objection, which is not directly relevant to this Motion addressing SEC's removal as operator.

[6] Rejection does not extinguish the contract. It merely constitutes a breach of the contract, and the terms of the contract still control the relationship of the parties. *In re Flagstaff Realty Assocs.*, 60 F.3d 1031 (3d Cir. 1995) (Rejection of a lease does not alter the substantive rights of the parties to the lease. Hence, creditor-lessee could rely on lease provision permitting it to make repairs to leased property and deduct the cost of those repairs from its rent payments to the debtor-landlord.); *In re Austin Development Co.*, 19 F.3d 1077, 1082 (5th Cir. 1994) (rejection breaches rather than terminates the contract), cert. denied, 115 S. Ct. 201 (1994); *In re Continental Airlines*, 981 F.2d 1450, 1459-61 (5th Cir. 1993) (rejection does not invalidate or extinguish contract); *Banning Lewis Ranch Co., LLC v. City of Colorado Springs (In re*

17.    The automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3); *Columbia Cas. Co. v. Markus*, 2006 U.S. Dist. LEXIS 64181 (D. Utah Sept. 7, 2006) ("The automatic stay applies only to property of the estate . . ."). Property of the estate includes a debtor's interest in executory contracts. *See* 11 U.S.C. 541(a)(1). With respect to property of the estate, Section 362(d)(1) of the Bankruptcy Code provides how a creditor may seek relief from the automatic stay for "cause":

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

18.    "Because 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretion determination made on a case by case basis." *In re JE Livestock, Inc.*, 375 B.R. 892, 897 (B.A.P. 10th Cir. 2007); *In re Auld*, 2014 Bankr. LEXIS 2568, at *35 (Bankr. D. Kan. June 11, 2014 (stating that "there is no clear definition" of "cause" under Section 362(d)(1) of the Bankruptcy Code); *In re S. Farmland Props., Inc.*, 2010 Bankr. LEXIS 6552, at *12 (Bankr. W.D. Tenn. May 18, 2010) ("Because the inquiry is so fact-specific, there is no set formula courts can use in determining if cause exists under § 362(d)(1).").

19.    In this case, "cause" exists in order for the WIOs in the Escambia Prospect, Shipps Creek Prospect, and Fishpond Oil Unit to call a meeting and take a vote to remove and replace SEC as Operator under the applicable operating agreements. The working interest owners in the Escambia Prospect, Shipps Creek Prospect, and Fishpond Oil Unit are contractually authorized to remove SEC as Operator and select a successor Operator and should

---

*Banning Lewis Ranch Co., LLC)*, 532 B.R. 335, 345 (Bankr. D. Colo. 2015) (rejection does not terminate or rescind a contract and is not an avoiding power).

not be inhibited from doing so under the automatic stay, especially since SEC has chosen to reject the applicable operating agreements.

20.     Further, Debtors' Plan calls for the liquidation of SEC, not its reorganization. As such, any property rights it has in the Escambia Prospect, Shipps Creek Prospect, and Fishpond Unit cannot be necessary for an effective reorganization under Section 362(d)(2)(B) of the Bankruptcy Code.

21.     Finally, the relief requested by Movants is consistent with the Court's Order Granting Motion to Assume Non-Residential Real Property Leases Pursuant to 11 U.S.C. § 365 [Dkt. 649] which provided, *inter alia*, that

> [t]his Order is without prejudice to the rights of the working interest owners under the Unit Operating Agreements and Joint Operating Agreements (collectively, "JOAs") of the various properties to take such action as any such working interest owner deems appropriate under the JOAs or other applicable contractual rights in accordance with applicable bankruptcy and non-bankruptcy law, including but not limited to, seeking to compel SEC to assume or reject one or more JOAs, exercising their rights under the JOAs, or seeking to enforce any rights under the JOAs against any other working interest owner, including Sklarco or SEC as operator.

22.     Accordingly, Movants request entry of an order granting relief from the automatic stay authorizing them and their fellow WIOs to exercise their contractual rights under the applicable operating agreements and Alabama law, to remove SEC as Operator and to select a successor Operator of the Escambia Prospect, Shipps Creek Prospect, and Fishpond Oil Unit.

**Waiver of Stay Under Federal Rule of Bankruptcy Procedure 4001(a)(3)**

23.     In connection with any order granting this Motion, Movants request that the Court waive the fourteen (14) days-stay provided for in Rule 4001(a)(3) of the Bankruptcy Rules.

## Prayer

Movants respectfully request that this Court enter an order granting relief from the automatic stay authorizing it and its fellow working interest owners to exercise their contractual rights under the applicable operating agreements and Alabama law, to remove SEC as Operator and to select a successor Operator of the Escambia Prospect, Shipps Creek Prospect, and Fishpond Oil Unit.

Dated this 3rd day of May, 2021.

Respectfully submitted,

**Maynes, Bradford, Shipps & Sheftel, LLP**

*/s/ Thomas H. Shipps*
Thomas H. Shipps
*/s/ Shay L. Denning*
Shay L. Denning
Maynes, Bradford, Shipps & Sheftel, LLP
835 E. Second Ave., Suite 123
Durango, CO  81301
Telephone: (970) 247-1755
Facsimile: (970) 247-8827
Email: tshipps@mbssllp.com;
          sdenning@mbssllp.com

and

*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
Attorney at Law
815 Walker, Suite 1502
Houston, TX  77002
Telephone: (713) 516-7450
Facsimile: (713)659-8764
Email: barnetbjr@msn.com

Counsel for Movants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on May 3, 2021, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1.  All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing. Additionally, a complete copy of this Motion was provided to other interested parties via United States Mail, first class, postage prepaid, as shown on the list below.

*/s/Kate Potemkin*
Kate Potemkin

Sklar Exploration
Company, LLC
**(Operator)**
c/o James Katchadurian,CRO
5395 Pearl Pkwy., #200
Boulder, CO 80301

Adams Oil & Gas LLC
P. O. Box 1225
Brewton, AL 36427

Ansaben Trust
321 Paseo Encinal St
San Antonio, TX 78212

Aspen Energy Inc.
161 St. Matthews Avenue
Suite 16
Louisville, KY 40207

Bantam Creek LLC
4712 Lakeside Drive
Colleyville, TX 76034

Barnes Creek Drilling LLC
PO Box 2153,
Dept 1906
Birmingham, AL 35287-1906

Baxterville, LLC
4323 Snowberry Lane
Naples, FL 34119

Brandon Working Interest, LLC
PO Box 2766
Laurel, MS 39442

Bundero Investment Company, LLC
401 Edwards St, Ste 820
Shreveport, LA 71101

BVS, LLC
2010 Balsam Drive
Boulder, CO 80304

Steven E.Calhoun
7965 Seawall Circle
Huntington Beach, CA 92648

Carl Herrin Oil and Gas, LLC
Attorney in Fact
7700 Broadway
#104-202
San Antonio, TX 78209

CDM Max, LLC
19500 State Highway 249,
Suite 380
Houston, TX 77070

Central Exploration Co, Inc.
P.O. Box 203295
Houston, TX 77216-3295

Central Petroleum, Inc.
P. O. Box 2547
Madison, MS 39130-2547

CFBR Partners LLC
91 Montford Avenue
Mill Valley, CA 94941

Chanse Resources, L.L.C.
P.O. Box 1572
Shreveport, LA 71165

J. Bruns Clement
P. O. Box 4168
Lake Charles, LA 70606-4168

Craft Exploration Company LLC
222 East Tyler Street
Longview, TX 75601

Craft Operating XXXV, LLC
325 Lakeshire Parkway
Canton, MS 39046

Crow Partners, Ltd.
P. O. Box 540988
Houston TX 77254-0988
Daboil Resources, LC
505 Geneva Avenue
Boulder, CO 80302

Joel Davis
P.O. Box 540988
Houston, TX 77254

C. Bickham Dickson, III
P O Box 52479
Shreveport, LA 71135

Dickson Oil & Gas, LLC
P.O. Box 52479
Shreveport LA 71135

DoublePine Investments, Ltd.
4851 LBJ Freeway,
Suite 210
Dallas, TX 75244

Ed L. Dunn
P O Box 94
Milton, FL 32572

Janet Faulkner Dunn
8576 CR 120
Centerville, TX 75833

ELBA Exploration LLC
PO Box 807
Milton, FL 32572

Embayment Production, LLC
P.O. Box 187
Jackson, MS 39205-0187

Eustes Energy Inc
349 Dogwood South Lane
Haughton, LA 71037

Ezelle Energy LLC
601 Elmwood St
Shreveport, LA 71104

Fant Energy Limited
P.O. Box 55205
Houston, TX 77255

Fletcher Exploration, LLC
101 Lottie Lane #5
Fairhope, AL 36532

Rhodna F. Fouts
P.O. Box 660566
Birmingham, AL 35266

FPCC USA, Inc.
245 Commerce Green Blvd,
Ste 250
Sugar Land, TX 77478

Gateway Exploration, LLC
3555 Timmons Lane
Suite 730
Houston, TX 77027

GCREW Properties, LLC
12323 Rip Van Winkle
Houston, TX 77024

Gotham Energy, LLC
P.O. Box 1865
Mobile, AL 36633

Harvest Gas Management, LLC
10050 Bayou Glen Road
Houston, TX 77042

HBRada, LLC
2010 Alpine Drive
Boulder, CO 80304

Horace, LLC
493 Canyon Point Circle
Golden, CO 80403

Robert Israel
2920 6th Street
Boulder, CO 80304

Robert Israel Trust UW
Joan Israel
2920 6th Street
Boulder, CO 80304

Fleet Howell
416 Travis St. Suite 715
Shreveport, LA 71101

JF Howell Interests, LP
416 Travis Street, Suite700
Shreveport, LA 71101

JDGP, LLC
4323 Snowberry Lane
Naples FL 34119

Jeffreys Drilling, LLC
349 Mockingbird Land
Madison, MS 39110

JJS Interests Escambia, LLC
2001 Kirby Dr Suite 1110
Houston, TX 77019

JJS Working Interests LLC
4295 San Felipe, Ste 207
Houston, TX 77027

JSS Interests LLC
Attn: Mr. Wayne J. Henderson
8550 United Plaza Blvd,
Suite 1001
Baton Rouge, LA 70809

Jura-Search, Inc.
P.O. Box 320426
Flowood, MS 39232

John Kubala
1021 E Lighton Trail
Fayetteville, AR 72701

Kidd Production, Ltd.
102 North College
Suite 106
Tyler, TX 75702

Kitchco Exploration LLC
333 W. Loop North
Suite 41
Houston, TX 77024

Kudzu Oil Properties, LLC
300 Concourse Blvd.
Suite 101
Ridgeland, MS 39157

Kwazar Resources, LLC
P.O. Box 7417
Spanish Fort, AL 36577

Landmark Exploration, LLC
P O Box 12004
Jackson, MS 39236-2004

Marksco, LLC
333 Texas Street Suite1050
Shreveport, LA 71101

Patrick J. McBride
2152 Moonstone Circle
El Dorado Hills, CA 95762

McCombs Energy Ltd., LLC
472 York Road
Natchez, MS 39120

McCombs Exploration, LLC
750 East Mulberry
Suite 403
San Antonio, TX 78212

MER Energy, Ltd.
PO BOX 843755
Dallas, TX 75284

Meritage Energy, Ltd.
2700 Post Oak Blvd.
Ste. 1500
Houston TX 77056

Michael Management, Inc.
P.O. Box 922
Fairhope, AL 36533

Midroc Operating Company
P.O. Box 678039
Dallas, TX 75267-8039

Jeffrey D. Miller
4984 FM 977 E.
Leona, TX 75850

MJS Interests, LLC
9266 Hathaway Street
Dallas, TX 75220

MKP G-S Trust
10100 North Central Expressway
Suite 200
Dallas, TX 75231-2417

John C. Nix, Jr.
PO Box 807
Milton, FL 32572-0807

North American Reserves Corp.,
Nominee
26113 Oak Ridge Drive
The Woodlands, TX 77380

Panacea Energy, LLC
P. O. Box 2547
Madison, MS 39130-2547

Parous Energy, LLC
2408 Timberlock A-5
The Woodlands, TX 77380

Pickens Financial Group, LLC
10100 N. Central Expressway
Ste 200
Dallas TX 75231-4159

Plains Gas Solutions, LLC
333 Clay Street, Suite 1600
Houston, TX 77002

Porter Estate Company
Oakley Ranch, Inc.
100 Bush Street #550
San Francisco, CA 94104

Billy R. Powell
136 Swan Sea Lane
Madison, MS 39110

Pruet Production Co.
PO Box 11407
Birmingham, AL 35246-1129

Rawls Resources, Inc.
PO Box 2238
Ridgeland, MS 39158-2238

Resource Ventures, LLC
7112 W Jefferson Ave
Suite 106
Lakewood, CO 80235

Rivers Number I, LLC
129 Woodland Circle
Jackson, MS 39216

William R. &
Gloria R. Rollo Rev Trust
P O Box 894
Milton, FL 32572

Regions Bank,
Agent and AIF
NRRE Ops Group
PO Box 11566
Birmingham, AL 35202

Royalty Exploration, LLC
7112 W. Jefferson Ave
Suite 106
Lakewood, CO 80235

Rudman Family Trust
5910 North Central Expressway
Ste. 1662
Dallas, TX 75206

The Rudman Partnership
1700 Pacific Ave.
Suite 4700
Dallas, TX 75201

Tara Rudman Revocable Trust
5910 North Central Expressway
Ste. 1662
Dallas, TX 75206

Saglio LLC
124 One Madison Plaza
Suite 1500
Madison, MS 39110

William S. Schreier
62 McGregor Drive
Southampton, NY 11968

Simco Energy, LLC
2001 Kirby Dr, Ste 1110
Houston, TX 77019

Spanish Fort Royalty, LLC
P. O. Box 7429
Spanish Fort, AL 36577

Strago Petroleum Corporation
3209 Hamm Road
Pearland, TX 77581-5503

Super Rabbit, LLC
P.O. Box 200760
Dallas, TX 75320-0760

Tauber Exploration &
Production Co
55 Waugh Drive, Ste 600
Houston, TX 77007

Tensas Production Company, LLC
PO Box 78
St. Joseph, LA 71366

Tiembo Ltd.
P.O. Box 270415
Houston, TX 77277-0415

Tisdale Natural Resources, LLC
PO Box 281
Andalusia, AL 36420

Trek Exploration, L.L.C.
3839 McKinney Ave
Suite 155-269
Dallas TX 75204

Trimble Energy, LLC
11816 Inwood Road #11
Dallas,TX  75244

Trimble Energy, LLC
5855 Milton Street
Apt. 405
Dallas, TX  75244

TST Energy, LLC
3238 Barksdale Blvd
Bossier City LA 71112

Vickery Exploration, LLC
333 Summerville Drive
Madison, MS 39110

WAC Exploration Company, L.L.C.
333 Texas Street, Suite 2121
Shreveport LA 71111

Windancer Operating of
Alabama, LLC
330 Marshall Street
Suite 300
Shreveport, LA 71101