IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | CASE NO.: 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930 | CHAPTER 11 |
| Debtor. | |
| _____ | |
| SKLARCO, LLC<br>EIN: 72-1425432 | CASE NO.: 20-12380-EEB |
| | CHAPTER 11 |
| Debtor. | |

_____

**ANDERSON EXPLORATION ENERGY COMPANY, L.C., TCP COTTONWOOD, L.P., AEEC II, LLC, AND SUGAR OIL PROPERTIES, L.P.'S LIMITED OBJECTION TO THE AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION DATED DECEMBER 18, 2020 (DOC. NO. 1080)**

_____

Anderson Exploration Energy Company, L.C., TCP Cottonwood, L.P., AEEC II, LLC, and Sugar Oil Properties, L.P. (collectively, the "Anderson Parties") file this *Limited Objection to the Amended and Restated Joint Plan of Reorganization Dated December 18, 2020* (Doc. No. 1080) and any amendments thereto (the "Plan") and respectfully state as follows:

1. The Anderson Parties have had many communications over the last few weeks with counsel for the Debtors, the Unsecured Creditors Committee, East West Bank ("EWB"), and other creditors about the matters discussed below. Progress has been made, and the Anderson Parties understand that an amended plan will be filed soon that is likely to address at least some concerns. The Anderson Parties will continue participating

23019243_1

in discussions in hopes of an agreed resolution before the confirmation hearing. To preserve, their rights, however, the Anderson Parties file this objection to confirmation of the Plan.

2. The Anderson Parties' discussions with the Debtors and others have focused primarily on discharge, offset, recoupment, and the proposed transition schedule. The Debtors have agreed to resolve several concerns by plan amendment, so no ink will be used on those here.

### A. Recoupment Procedure – Section 8.16

3. The Anderson Parties object to the procedure set forth in Section 8.16 of the Plan that requires creditor and Court action just to preserve rights of offset and recoupment. A creditor typically asserts a right to recoupment or offset in response to a demand or lawsuit from its counter-party debtor. The amount to be recouped/offset typically depends on the amount of the claim being asserted by the counter party.

4. Until a claim is asserted by a reorganized debtor or the Trust, there is no reason to burden creditors or the Court with a recoupment analysis, motions, and a hearing about a hypothetical recoupment or offset. The Anderson Parties submit that Section 8.16 as currently drafted requires a creditor to ask this Court for an advisory opinion about the value of recoupment that may be used as an affirmative defense before a claim has been made against that creditor for which the affirmative defense would apply. The Anderson Parties ask the Court to reject any plan requiring creditors to request, and this Court to provide, advisory opinions about disputes before they are ripe.

### B. Unreasonable Transition Schedule

5. On February 26, 2021, the Debtors filed the current iteration of the Plan, which memorializes Sklar Exploration Company, LLC's ("SEC") decision to pursue a structured wind-down of its operations and to reject all of its joint operating agreements.

6. Soon thereafter, a chorus of Working Interest Owners and other parties in interest have been asking the Debtors to put SEC's key operating information in an organized data room or rooms so that new operators can evaluate if they want to make a proposal to take over a particular well/unit/project currently operated by SEC (collectively, the "Projects"). Getting data rooms set up is a first step for transitioning operation of the Projects from SEC to new operators.

7. As of today, there are no data rooms set up that contain operating information for any of the Projects, to the best of the Anderson Parties' knowledge.

8. The work of determining what documents and information should be in the data room for a particular Project or Projects has been done. The Debtors and the Ad Hoc Committee worked out a stipulated schedule of what will be in the data room for the Brooklyn Oil Units, and filed their agreed-upon schedule in the record of this case at Docket No. 1190. The Anderson Parties suggest that the list the Debtors deemed adequate for the Brooklyn Oil Units' data room should be the presumptive list of documents for every other Project's data room.

9. The Anderson Parties have reviewed a proposed transition schedule from the Debtors that proposes to set up data rooms in stages, on a state-by-state basis. The

23019243_1

state-by-state basis is fine, but the proposed timeline would maintain SEC as operator of some properties as late as January 2022, assuming everything runs on schedule.

10. The Anderson Parties suggest that the Court should not approve a plan with such a long transition schedule. It should not be difficult or expensive (in the context of this case) to bring in contractors to speed up the process of creating PDFs from existing records and putting them in a secure data room. The Anderson Parties suggest that the Resignation and Transition Schedule to be filed as a Plan Supplement Document should not be approved unless it requires SEC to create data rooms for at least 75% of the Projects it operates within 90 days of Effective Date, unless that deadline is extended by the Court for good cause shown.

11. The Anderson Parties incorporate by reference the objections filed by any other party in this case.

## **PRAYER**

WHEREFORE, the Anderson Parties request that the Court deny Confirmation of the Plan unless and until the deficiencies referenced above are corrected. The Anderson Parties also pray for all other and further relief to which they may be justly entitled.

23019243_1

Dated: May 7, 2021                                    Respectfully submitted:

                                                KEAN MILLER LLP
                                                */s/* J. Eric Lockridge_____
                                                J. Eric Lockridge
                                                (TX# 24013053, LA #30159)
                                                eric.lockridge@keanmiller.com
                                                KEAN MILLER LLP
                                                400 Convention Street, Suite 700
                                                P. O. Box 3513 (70821-3513)
                                                Baton Rouge, LA  70802
                                                Telephone:  (225) 387-0999
                                                Telecopier: (225) 388-9133

                                                ***Counsel for Anderson Exploration Energy Company, L.C., TCP Cottonwood, L.P., AEEC II, LLC, and Sugar Oil Properties, L.P.***


## CERTIFICATE OF SERVICE

       I hereby certify that on May 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in the case, including the following counsel for the United States Trustee and the Debtors:

| | |
|---|---|
| Paul Moss | Keri L. Riley |
| Byron G. Rogers Federal Building | 1660 Lincoln St., Ste.1850 |
| 1961 Stout St. | Denver, CO 80202 |
| Ste. 12-200 | 303-832-2400 |
| Denver, CO 80294 | Email: klr@kutnerlaw.com |
| Email: Paul.Moss@usdoj.gov | |

                                               /s/ J. Eric Lockridge_

23019243_1