## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SKLAR EXPLORATION COMPANY, LLC | ) | Case No. 20-12377-EEB |
| EIN: 72-1417930 | ) | |
| | ) | Chapter 11 |
| Debtor-in-Possession. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| SKLARCO, LLC | ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 | ) | |
| | ) | Chapter 11 |
| Debtor-in-Possession. | ) | |

### *AD HOC* COMMITTEE OF WORKING INTEREST OWNERS' OBJECTION TO DEBTORS' AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION DATED DECEMBER 18, 2020 (DOCKET NO. 1080)

**COMES NOW**, the *Ad Hoc* Committee of Working Interest Owners of Debtor Sklar Exploration Company, LLC (the "***Ad Hoc* Committee**"),[1] by and through their undersigned counsel, for their Objection (the "**Objection**") to the Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 (Docket No. 1080) (the "**Amended Plan**") proposed by SklarCo, LLC (**"SklarCo"**) and Sklar Exploration Company, LLC (**"SEC"** and together with SklarCo, the **"Debtors"**). In furtherance of the Objection, the *Ad Hoc* Committee states as follows:

### I.   Introduction

1.     As the Court is familiar, the *Ad Hoc* Committee and the Debtors agreed to a two-week extension of time to object to the Amended Plan to hopefully facilitate a consensual resolution of certain issues that the *Ad Hoc* Committee has raised regarding the Amended Plan.

---

[1] The members of the *Ad Hoc* Committee are identified in the *Supplemental Verified Statement Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure.* (Docket No. 721).

(Docket Nos. 1205 and 1214). Over the last two weeks, the *Ad Hoc* Committee has worked diligently and in good faith with the Debtors, East-West Bank, other working interest holders, and the Official Committee of Unsecured Creditors to resolve the multiple deficiencies existing within the Debtors' Amended Plan—with the proposed plan itself and with the proposed implementation of the plan. The parties have engaged in a number of phone calls and have exchanged redlines of documents in an effort to keep positive momentum to resolving issues. Many of the *Ad Hoc* Committee's objections to the Amended Plan have been heard and addressed through these substantive negotiations. And although the parties' discussions have been productive and meaningful over the last two weeks, not all issues have been fully resolved as of the date of this Objection. Accordingly, the *Ad Hoc* Committee files this Objection out of an abundance of caution and out of necessity to protect its rights.

2. The Debtors' Amended Plan as it pertains to SEC is centered around a liquidation of SEC in accordance with a Resignation and Transition Schedule (as such term is defined in the Amended Plan) over the course of the six (6) months following confirmation.[2] It cannot be overemphasized that the Resignation and Transition Schedule is "***the plan***" as it relates to the working interest owners electing competent successor operators and bringing the Debtors' assets into full production. However, since indicating SEC will liquidate, the Debtors have not populated a data room with basic information that will be critical to naming a successor operator transitioning operations under their Resignation and Transition Schedule. There remain practical challenges to

---

[2] Moreover, the Amended Plan is dependent on the cash flow resulting from both SklarCo and SEC. *See, e.g.*, Amended Plan at p. 3 § 1.6 (definition of "Available Cash" that inherently pools the cash of SklarCo and SEC to fund payment obligation under the Amended Plan) and at p. 5 § 1.29 (definition of "Creditor Trust Allocation", relying on the Amended Plan's pooling of "Available Cash" to fund payment obligations to general unsecured creditors); *see also* Amended Plan at p. 16 § 6.2 (providing for dividend to general unsecured creditors that is wholly dependent on pooling of Available Cash from SklarCo and SEC). This necessarily means that the deficiencies in the Amended Plan as it relates to SEC must be remedied in order for the Amended Plan as it relates to SklarCo to be confirmed. *See* 11 U.S.C. § 1129(a)(11).

what the Debtors hope to achieve in their Resignation and Transition Schedule. These challenges will be exacerbated in light of the Debtors' impending liquidation. As an illustrative example, the Debtors have not advanced the transition process in connection with the Brooklyn Oil Units—despite having a Court-ordered stipulation entered weeks ago. (*See* Docket Nos. 1190 and 1195).[3] Potential successor operators for the Brooklyn Oil Units, including Pruet Production Co. ("**Pruet**"), have been unable to review the Debtors' books, records and other documents to determine the extent of the rights, obligations and *status quo* of the Brooklyn Oil Units because no data room has been created. (*See* Docket No. 1190 at ¶ 2 "Upon entry of an order approving this Stipulation, SEC shall make a data room [] pertaining to the Brooklyn Oil Units accessible."). Thus, the voting process for electing a new operator for the Brooklyn Oil Units has not yet begun and it is unclear when the vote will occur.[4]

3. Rather than file a detailed objection regarding the numerous issues with respect to the Amended Plan that could potentially derail ongoing negotiations, the *Ad Hoc* Committee files this Objection to put the Court on notice of potential objections that may be raised at a contested confirmation hearing if the parties are unable to resolve their remaining issues. The *Ad Hoc* Committee has chosen not to assert objections to features of the Amended Plan which it believes have been understood to be resolved in negotiations between the parties. The *Ad Hoc* Committee remains willing to work with the Debtors, in good faith as it has done over the last six (6) weeks

---

[3] For additional perspective, the Debtors and *Ad Hoc* Committee had been discussing the terms of the transition and election of a successor operator for the Brooklyn Oil Units for weeks before the Court entered the order approving the stipulation on April 20, 2021. (*See* Docket Nos. 1137,1162, 1165, and 1167).

[4] Members of the *Ad Hoc* Committee hold substantial working interests in a number of the properties where SEC will transition operations to a successor operator. Regarding the Brooklyn Oil Units, the members of the *Ad Hoc* Committee represent no less than approximately 45% of the working interests in each of the Southwest and Southeast Brooklyn Oil Units. After independent evaluations by each member of the *Ad Hoc* Committee, the *Ad Hoc* Committee members have identified Pruet as the most suitable operator for the properties currently operated by SEC in Alabama, Mississippi, and Florida. Moreover, the *Ad Hoc* Committee members fully support the election of Pruet as replacement operator of these properties.

on other issues, in an effort to ensure that a smooth transition of operations occur, and that this Objection may be ultimately withdrawn.

## II.     Objections to the Amended Plan

4.      As an initial matter, it is axiomatic that a plan proponent—here the Debtors—carries the burden of demonstrating that each element of section 1129 of the Bankruptcy Code has been satisfied before a Court will confirm a Chapter 11 plan.

5.      Section 1129(a)(1).  The Amended Plan cannot be confirmed because it does not adequately administer all assets of the Debtors—namely the real property underlying the North Beach and Abbyville Gas Plants which are critical to the successful transition and operation of the Brooklyn Oil Units.[5]  See 11 U.S.C. 1123(a)(5)(A)-(B).  Furthermore, the Resignation and Transition Schedule is incomplete and does not provide adequate means for its own implementation.  11 U.S.C. § 1123(a)(5).  The proposed recoupment procedures in the Amended Plan deprive working interest owners adequate due process to protect and/or assert their rights in an unreasonably expeditious manner.  Finally, the Amended Plan is ambiguous as to whether Howard Sklar is an exculpated party and the Debtors have not set forth any justification, consistent with *In re Midway Gold US, Inc.*, 575 B.R. 475, 503 (Bankr. D. Colo. 2017), as to why Mr. Sklar should be an exculpated party.  To the extent that Mr. Sklar is an exculpated party, the *Ad Hoc* Committee objects.

6.      Section 1129(a)(3).  The Amended Plan cannot be confirmed because it is not proposed in good faith and fails to comply with applicable non-bankruptcy law.  First, the Resignation and Transition Schedule does not comply with applicable non-bankruptcy law. Second, the Debtors' conduct in these cases, by initially proposing a patently unconfirmable plan

---

[5] The Debtors' schedules, even as amended, do not identify any interest in the real property on which the Gas Plants are located notwithstanding the real property is titled in the name of SEC. (Docket Nos. 104 and 560).

4

that was entirely dependent upon working interest owners agreeing to compromise their cure rights under Section 365, demonstrates that this most recent version of the plan is not proposed in good faith as it should have been proposed much sooner than nearly the one (1) year anniversary of these cases. Third, the exculpation inappropriately includes Howard Sklar and such inclusion is indicative, on account of Mr. Sklar's acknowledged conduct, that the Amended Plan is not proposed in good faith.[6]

7. Section 1129(a)(11). The Amended Plan is not feasible because the Debtors appear to be unwilling or unable to timely and adequately carry out their Resignation and Transition Schedule. As is evidenced by the Debtors' present inability to get the data room up and running so that the working interest owners in the Brooklyn Oil Units may elect their successor operator—as ordered by the Court—the Amended Plan does not provide the Debtors sufficient resources to carry out the Resignation and Transition Schedule. Furthermore, the Amended Plan summarily rejects all executory contracts which is counterintuitive to facilitating a successful transition to a newly elected operator who may find value in retaining certain executory contracts, *e.g.*, rights of way, compression agreements *etc.*, to operate particular wells with minimal interruption during the transition.

8. 1129(b)(2)(c)(ii). The Amended Plan violates the absolute priority rule on account of Howard Sklar's retention of his equity interests in the Debtors.

### III. Joinder

9. The *Ad Hoc* Committee joins in all other objections filed in opposition to the Amended Plan to the extent not inconsistent herewith.

---

[6] *See, e.g.,* 5.12.2020 Hr'g Tr. at 230:24-231:23 (Court's admonishment of Mr. Sklar for treating companies as his "personal piggy bank").

## IV. Reservation of Rights

10. Again, the *Ad Hoc* Committee remains committed to working through these remaining objections to the Amended Plan but felt compelled to file this Objection in order to preserve its rights.

11. The *Ad Hoc* Committee makes no admission of fact or law and reserves any rights, claims, objections, and defenses, that may be available to it before this Court and any other court with competent jurisdiction over the parties and the matters at issue and any other matters involving the administration of this case, the estate, and the merits of the working interest owners. Furthermore, the *Ad Hoc* Committee reserves the right to proffer evidence, either though documentation or live testimony, as to the issues identified herein. Nothing in this Objection constitutes a waiver or release of any rights, claims, or defenses of the *Ad Hoc* Committee in this case or any other case or proceeding. The *Ad Hoc* Committee reserves the right to further oppose the Amended Plan.

Dated: May 7, 2021.　　　　　　　　　Respectfully submitted,

**AD HOC COMMITTEE OF WORKING INTEREST HOLDERS OF SKLAR EXPLORATION COMPANY, LLC, AND SKLARCO, LLC**

By: */s/Timothy M. Swanson*
Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street
6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

--and--

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 7, 2021, the foregoing ***AD HOC COMMITTEE OF WORKING INTEREST OWNERS' OBJECTION TO DEBTORS' AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION DATED DECEMBER 18, 2020 (DOCKET NO. 1080)*** was filed on the Court's electronic filing system CM/ECF and was electronically served upon all parties receiving electronic notice.

/s/*Timothy M. Swanson*
Timothy M. Swanson