# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11<br><br><br>**Jointly Administered Under**<br>**Case No. 20-12377 EEB** |

### NOTICE OF DEPOSITION BY THE RUDMAN PARTNERSHIP OF DEBTORS PURSUANT TO FED. R. BANKR. P. 7026, 7030, and 9014, and FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that The Rudman Partnership ("Rudman") intends to conduct the oral deposition of the individual(s) designated by Sklar Exploration Company, LLC, et al. (the "Debtors") pursuant to FED. R. BANKR. P. 7026, 7030, and 9014, and FED. R. CIV. P. 30(b)(6), including John Strausser and such other persons having knowledge of the topics listed in **Schedule A**, **beginning at 10:00 a.m. Mountain Time on June 10, 2021**. The examination will be conducted by Zoom (or a similar service) and a link will be forthcoming. The examination will be recorded stenographically and by videotape and will continue from day to day until completed.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, the Debtors must designate one or more officers,

directors, managing agents, or other persons who consent to testify on their behalf with respect to what is known or reasonably available to Debtors concerning each of the topics of examination set forth in the attached **Exhibit A**. You are invited to attend and cross-examine.

The Debtors shall further produce to counsel for Rudman in pdf format the documents and communications described in **Exhibit B on or before May 24, 2021 at 4:00 p.m. Mountain Time.**

Dated this 17th day of May, 2021.

Respectfully submitted,

**Maynes, Bradford, Shipps & Sheftel, LLP**

*/s/ Thomas H. Shipps*
Thomas H. Shipps
*/s/ Shay L. Denning*
Shay L. Denning
Maynes, Bradford, Shipps & Sheftel, LLP
835 E. Second Ave., Suite 123
Durango, CO  81301
Telephone: (970) 247-1755
Facsimile: (970) 247-8827
Email: tshipps@mbssllp.com;
       sdenning@mbssllp.com

and

*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.
Attorney at Law
815 Walker, Suite 1502
Houston, TX  77002
Telephone: (713) 516-7450
Facsimile: (713)659-8764
Email: barnetbjr@msn.com

Counsel for The Rudman Partnership

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that he conferred with counsel for Debtors regarding the subject matter of the discovery sought in the foregoing notice and the date and time thereof and documents to be produced was agreed.

*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 17, 2021 a true and correct copy of the Notice of Examination/Deposition Under Fed. R. Bankr. P. 7030, and Fed. R. Civ. P. 30(b)(6) of was electronically filed with the Clerk of the United States Bankruptcy Court for the District of Colorado, and was served upon the parties eligible to receive notice through the Court's ECF facilities by electronic mail.

*/s/ Barnet B. Skelton, Jr.*
Barnet B. Skelton, Jr.

## DEFINITIONS AND TOPICS FOR DEPOSITION

### A. Specific Terms Applicable to These Requests

1. "You" shall mean the Debtors in the above captioned cases.

2. "SEC" shall mean Sklar Exploration Company, LLC.

3. "Sklarco" shall mean "Sklarco, LLC.

4. "Abbyville Plant" shall mean the Abbyville Gas Plant and Escambia Gathering System ("Abbyville Plant") currently operated by SEC and located in Conecuh County, Alabama.

5. "Alabama gas plants" shall mean the Abbyville Gas Plant and the North Beach Gas Plant.

6. "Revenue account" shall mean SEC's account at East West Bank, having an account number ending in 8665.

7. "Revenue" shall mean the revenue or proceeds from the production of oil, gas and other minerals.

8. "WIO" shall mean working interest owner.

### B.    General Terms Applicable to These Requests

9. The terms "concerning," "concern," or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to, pertaining to, connected with, comprising, constituting, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, or constituting.

10. "Document" or "documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, and shall include, without limitation: accounting books or records; accounts; affidavits; agendas; agreements; analyses; applications; appointment books; audio tapes; balance sheets; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; e-mail communications; evaluations; experiments; faxes; facsimiles; films; financial statements; flash memory; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements;  instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings; magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers; newspaper articles; notations; notebooks; notes; objects;

opinions; papers; photographs; policies; procedures; profit and loss statements; prospectuses; receipts; recordings; releases; reports; schedules; sound recordings; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these discovery requests. Any document identified or described in a discovery request, or which contains information or is otherwise related to the substance of a discovery request, will include any document, in draft or final form, either sent or received by the Debtors. This term also includes any documents now or ever in the Debtors' possession, custody or control, or available to the Debtors, the Debtors' attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

      11.      The term "communication" refers to any oral conversation, transaction, or interaction (including telephone calls), and any written transaction or interaction (including letters, memoranda, notes, telecopies, facsimiles, telex, emails, electronic transmission of information, or other transfer of documents), as well as the transfer of any document or tangible thing between persons.

      12.      The term "person" or "entity" shall mean any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

      13.      The term "information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

      14.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

      15.      The words "any," "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

      16.      The use of the singular form of any word includes the plural and vice versa.

      17.      The use of the masculine form of any word includes the feminine form and the neuter form, and vice versa.

      18.      The term "including" shall mean "including without limitation."

      19.      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

## Exhibit A

## Subjects of Examination

1. All revenues owed or payable to The Rudman Partnership from production revenues for the <u>production</u> months of January – April 2020.

2. All <u>unpaid</u> revenues owed or payable to The Rudman Partnership from production revenues for the <u>production</u> months of January – April 2020.

3. The use and disposition by Debtors on or After April 1, 2020 of any <u>unpaid</u> revenues owed or payable to The Rudman Partnership from production revenues for the <u>production</u> months of January – April 2020.

4. All payments owed or otherwise not paid by SEC to The Rudman Partnership arising from production revenues that accrued but were not paid before April 1, 2021.

5. All payments owed or otherwise not paid by SEC to The Rudman Partnership arising from production revenues that accrued but were not paid on or after April 1, 2021.

6. The errors made by SEC and its contractor Exigent in calculating and charging the management fees for the Alabama gas plants or other Alabama Gas Plant charges alleged to have been owed by Escambia or North Beach WIOs that were adjusted following the deposition of James Katchadurian on December 10, 2020.

7. Any credits or offsets made by SEC to correct its errors in calculating and charging the management fees and other amounts alleged to be owed by Escambia and North Beach WIO's, or other WIO's whose gas was processed in the Abbyville or North Beach Gas Plants.

8. The facts and issues raised in the Application of The Rudman Partnership for Administrative Expense Priority (Dkt. No. 1148) filed on March 22, 2021, and Debtors' Objection thereto (Dkt. No. 1173), filed on April 5, 2021.

9. The documents and communications described on Exhibit B.

**Exhibit B**

**Documents to Be Produced**

1. Documents depicting all revenues owed or payable to The Rudman Partnership from production revenues for the <u>production</u> months of January – April 2020.

2. Documents depicting all <u>unpaid</u> revenues owed or payable to The Rudman Partnership from production revenues for the <u>production</u> months of January – April 2020.

3. Documents depicting the use and disposition by Debtors on or After April 1, 2020 of any <u>unpaid</u> revenues owed or payable to The Rudman Partnership from production revenues for the <u>production</u> months of January – April 2020.

4. Documents depicting all payments owed or otherwise not paid by SEC to The Rudman Partnership arising from production revenues that accrued but were not paid before April 1, 2021.

5. Documents depicting all payments owed or otherwise not paid by SEC to The Rudman Partnership arising from production revenues that accrued but were not paid on or after April 1, 2021.

6. Documents acknowledging, describing, and/or correcting the errors made by SEC and its contractor Exigent in calculating and charging the management fees for the Alabama gas plants or other Alabama Gas Plant charges alleged to have been owed by Escambia or North Beach WIOs that were adjusted shortly following the deposition of James Katchadurian on December 10, 2020.

7. Documents depicting any credits or offsets made by SEC to correct its errors in calculating and charging the management fees and other amounts alleged to be owed by Escambia and North Beach WIO's and other WIO's whose gas was processed in the Abbyville and North Beach Gas Plants.