UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SKLAR EXPLORATION COMPANY, LLC | ) | Case No. 20-12377-EEB |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
|    Debtor. | ) | |
| | ) | |
| | ) | |
| SKLARCO, LLC | ) | Case No. 20-12380-EEB |
| EIN:  72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**FIRST OMNIBUS OBJECTION TO
INCORRECTLY FILED CLAIMS
(Sklarco, LLC)**

The Debtors, Sklarco, LLC ("Sklarco" or "Debtor"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., moves the Court for entry of an Order disallowing and expunging claims incorrectly filed against Sklarco, and in support thereof, states as follows:

**BACKGROUND**

1.     Sklarco filed its voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date").  Sklarco remains a debtor-in-possession.

2.     Sklar Exploration Company, LLC ("SEC") filed its voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020.  SEC remains a debtor-in-possession.

3.     On April 2, 2020, the Court entered an *Order Granting Motion for Joint Administration* (Docket No. 8), pursuant to which Sklarco's case was jointly administered, but not substantively consolidated, with SEC's case under Case No. 20-12377-EEB.

4.     On July 23, 2020, the court entered an *Order Establishing Bar Date for the Filing of Proofs of Claim Pursuant to Bankruptcy Rule 3003(C)(3)* (Docket No. 493), establishing September 28, 2020 as the date by which creditors and parties in interest were required to file their Proofs of Claim.

5.     The following parties have filed Proofs of Claims identifying both SEC and Sklarco as the debtors against who they hold a claim:

| CLAIM NUMBER | CLAIM NAME | TOTAL CLAIM AMOUNT | EXHIBIT NO. |
|---|---|---|---|
| 200 | BABE DEVELOPMENT LLC | $24,419.35 | 1 |
| 227 | DBC RESOURCES II LP | $18,847.62 | 2 |
| 266 | DBC RESOURCES II LP | $0.00 | 2 |
| 226 | DBC RESOURCES LP | $84,908.51 | 3 |
| 265 | DBC RESOURCES LP | $0.00 | 3 |
| 253 | DON B SAUNDERS TRUST | $2,893.45 | 4 |
| 284 | DON B SAUNDERS TRUST | $2,893.45 | 4 |
| 230 | FOUR-D LLC | $4,495.03 | 5 |
| 270 | FOUR-D LLC | $0.00 | 5 |
| 232 | GJR INVESTMENTS INC | $2,893.45 | 6 |
| 272 | GJR INVESTMENTS INC | $0.00 | 6 |
| 234 | HANSON OPERATING COMPANY INC | $142,744.79 | 7 |
| 274 | HANSON OPERATING COMPANY INC | $0.00 | 7 |
| 235 | HUGHES 2000 CT LLC | $99,453.09 | 8 |
| 275 | HUGHES 2000 CT LLC | $0.00 | 8 |
| 201 | JOYCO INVESTMENTS LLC | $22,699.50 | 9 |
| 237 | PAM LIN CORPORATION | $8,428.09 | 10 |
| 277 | PAM LIN CORPORATION | $0.00 | 10 |
| 238 | PAULA W DENLEY LLC | $2,137.70 | 11 |
| 278 | PAULA WDENLEY LLC | $0.00 | 11 |
| 239 | PETROLEUM INVESTMENTS INC | $5,533.13 | 12 |
| 279 | PETROLEUM INVESTMENTS INC | $0.00 | 12 |
| 10093 | SUGAR OIL PROPERTIES LP | $229,099.24 | 13 |
| 10094 | SUGAR OIL PROPERTIES LP | $0.00 | 13 |
| 242 | WALLACE & WALLACE LC | $1,329.18 | 14 |
| 282 | WALLACE & WALLACE LLC | $0.00 | 14 |
| 70 | WHITE RESOURCES LLC | $43,283.82 | 15 |

(collectively the "Claims").

6.     The Claimants are working interest owners in properties operated by SEC.  Each of the Claims is based on unpaid revenue owed by SEC, and cash call advances paid to SEC.

7.     In each instance, while the caption of the Claims identifies SEC and Sklarco as the debtors, the summaries and documents attached to the Claims indicates that the claim is asserted solely against SEC.

8.     By way of example, the claim filed by Babe Development Resources states that the claim is for unpaid production revenue and cash call advances, and is supported by settlement statements issued by SEC.  *See* Ex. 1 at p. 2, 5.   Sklarco is not included anywhere in the document

and, as a working interest owner, Sklarco is not responsible for payment of production revenue, nor were cash call advances paid to Sklarco.

9.      Similarly, the claim filed by Hanson Operating Company, Inc. states that the claim is for unpaid production revenue and cash call advances.  The claim further states that "SEC was indebted to [Hanson Operating Company] in the amount of $10,219.32 for Cash Call Advances" and, "SEC was also indebted to [Hanson Operating Company] in the amount of $132,525.47 for revenues collected by SEC on behalf of [Hanson Operating Company.]"  Sklarco is not referenced in the claim, nor is Sklarco, as a working interest owner, responsible for payment of revenue or receipt of cash call advances.  Ex. 7 at p. 2, 5, 10.

10.     As set forth more fully herein, Sklarco seeks disallowance and expungement of the claims **only** as to Sklarco as incorrectly filed against Sklarco.

## RELIEF REQUESTED

11.     Pursuant to 11 U.S.C. § 502(a), a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a part in interest . . . objects."

12.     The creditor asserting a claim against a debtor has the ultimate burden of proof as to the validity and amount of its claim.  *In re Richter*, 478 B.R. 30, 40-41 (Bankr. D. Colo. 2012)(citing *Wilson v. Broadband Wireless Int'l (In re Broadband Wireless Int'l Corp.),* 295 B.R. 140, 145 (10th Cir. B.A.P. 2003)).

13.     The Claims, while using a joint caption, assert claims that are solely an obligation of SEC.  All of the Claims are based on unpaid revenue owed by SEC, as the operator of the respective properties, and for cash call advances that were paid to SEC.

14.     As such, because the Claims do not assert a claim as to Sklarco, the Claims must therefore be disallowed and expunged **only** as to Sklarco.

**[remainder of page intentionally left blank]**

WHEREFORE, Sklarco prays the Court make and enter an Order disallowing and expunging the Claims as to Sklarco, and for such further and additional relief as to the Court may appear just and proper.

DATED: May 21, 2021                          Respectfully submitted,

By: _/s/ Keri L. Riley_

Jeffrey S. Brinen, #20565
Keri L. Riley, #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
Email: klr@kutnerlaw.com

Exhibit 1

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000200

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

RECEIVED

SEP 2 5 2020

LEGAL SERVICES

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Babe Development, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Babe Development, LLC
Name

P. O. Box 758
Number          Street

Roswell                NM          88202-0758
City               State          ZIP Code

Contact phone 575-622-7330

Contact email shari_hoci@dfn.com

Where should payments to the creditor be sent? (if different)

Name _____

Number          Street

City               State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____24,419.35_. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production revenues ($21,848.53 ) and Cash Advances ($2,570.82 )

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/16/2020
                   MM / DD / YYYY

*Ray Willis*
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Ray Willis | | |
| | First name | Middle name | Last name |
| Title | Managing Member | | |
| Company | Babe Development, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P. O. Box 758 | | |
| | Number          Street | | |
| | Roswell | NM | 88202-0758 |
| | City | State | ZIP Code |
| Contact phone | 575-622-7330 | Email rayw@dfn.com | |

09/04/2020  11:06 am       Sklar Exploration Co., L.L.C.       Page   1
Company:00SEC

## Suspense Master Listing by Owner
## Print Detail by Owner-Property-Distribution Line
### Owner BABD01

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | | Gross$ | Taxes | Other | Net Amt | Susp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **BABD01** | | **Babe Development, LLC** (Pay code: 1 = $25.00 min) | | | | | | | | | | | |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 09/2019 | RSU06500 | 864.45 | 0.04143750 | W | 1,890.18 | 113.41- | 0.00 | 1,776.77 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 10/2019 | RSU06500 | 2,109.32 | 0.04143750 | W | 4,278.82 | 256.72- | 0.00 | 4,022.10 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 11/2019 | RSU06500 | 1,230.59 | 0.04143750 | W | 2,604.24 | 156.26- | 0.00 | 2,447.98 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 12/2019 | RSU06500 | 1,093.30 | 0.04143750 | W | 2,422.02 | 145.32- | 0.00 | 2,276.70 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 01/2020 | RSU06500 | 1,213.97 | 0.04143750 | W | 2,580.74 | 154.84- | 0.00 | 2,425.90 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 02/2020 | PLAM0320 | 1,725.34 | 0.04143750 | W | 3,368.21 | 202.09- | 0.00 | 3,166.12 | L15 |
| 1GAR01 | OIL | Garrett etal 4-7 #1 | | 12/2017 | 1GAR01-C | 167.07 | 0.03000000 | W | 293.08 | 23.45- | 0.00 | 269.63 | L14 |
| 1MCL01 | OIL | McLeod etal 30-11 #1 | | 01/2020 | RSU06500 | 163.82 | 0.03900000 | W | 327.77 | 19.66- | 0.00 | 308.11 | L14 |
| 1MCL01 | OIL | McLeod etal 30-11 #1 | | 02/2020 | PLAM0320 | 2,774.10 | 0.03900000 | W | 5,097.04 | 305.82- | 0.00 | 4,791.22 | L15 |
| | BABD01 | OWNER TOTAL: | | | | | 9 | | 22,862.10 | 1,377.57- | 0.00 | 21,484.53 | |

| Grand Total | | | | | | 11,341.96 | 9 | | 22,862.10 | 1,377.57- | 0.00 | 21,484.53 | |

Total by Owner Balance Being Negative/Positive:

| | | |
|---|---|---|
| Total Owner Positive Balance | 1 | 21,484.53 |
| Total Owner Negative Balance | 0 | 0.00 |

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# *Settlement Statement*

Babe Development, LLC
P. O. Box 758
Roswell, NM 88202

Account: BABD01

Date: 04/30/2020

**Prepaid Balance by Project:**

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1MCL01 | 300-W | McLeod et al 30-11 #1 Workover | 2,606.48 | 35.66 | 2,570.82 |

**Summary by LEASE:**

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|-----------|-------------|----------|------------------|---------|
| | Unpaid Previous Balance | | | 2,913.89 |
| 1FLE02 | Fleming etal 30-15 #1 | 354.18 | | 354.18 |
| 1MCL01 | McLeod etal 30-11 #1 | 867.96 | 35.66 | 832.30 |
| | Totals: | 1,222.14 | 35.66 | 4,100.37 |

## PLEASE PAY THIS AMOUNT ----------------------^

Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.

3

From:   Sklar Exploration Co., L.L.C.
To:   Babe Development, LLC

For Billing Dated 04/30/2020
Account: BABD01   Page   2

### LEASE: (1FLE02) Fleming etal 30-15 #1   County: CLARKE, MS

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Engineering & Supervision* | | | | | |
| EWJV0320 | East West Credit Card 3.2.20 Hotel, fuel & meals | 2 | 1,349.11 | 1,349.11 | 71.67 |
| *Instru/Monitoring & Automation* | | | | | |
| 91067704 | IHS Global, Inc. | 2 | 13.43 | | |
| BFT012594 | Bristol, Inc.- Ordering a Signal Fire power pack | 2 | 940.81 | 954.24 | 50.70 |
| *Chemicals* | | | | | |
| BOL1847591 | Coastal Chemical Co., LLC- Chemicals 4/17/20 | 2 | 948.03 | 948.03 | 50.36 |
| *Safety & H2S Training* | | | | | |
| 6186948-001 | Total Safety U.S., Inc.- Calibrations | 2 | 306.80 | | |
| 6186948-001 | Total Safety U.S., Inc.- Calibrations, April 2020 | 2 | 306.80 | 613.60 | 32.60 |
| *Contract Pumping/Gauging* | | | | | |
| 3629 | Heap Services LLC | 2 | 914.85 | 914.85 | 48.60 |
| *Salt Water Disposal* | | | | | |
| 151428 | Clarkco Oilfield Services, Inc.- 3/26/2020 | 2 | 246.10 | 246.10 | 13.07 |
| *Vacuum Truck* | | | | | |
| 151428 | Clarkco Oilfield Services, Inc.- 3/26/2020, Pulled cellar | 2 | 107.00 | 107.00 | 5.69 |
| *Regulatory Costs & Fees* | | | | | |
| 2020030026 | Brammer Engineering, Inc.- SPCC plans | 2 | 150.00 | 150.00 | 7.97 |
| *Maintenance Taxes* | | | | | |
| 20IN4910000 | Mississippi State Oil & Gas Board- 1/2020 | 2 | 42.49 | 42.49 | 2.25 |
| *COPAS Overhead* | | | | | |
| RBO38979 | Adm Overhead - Producing | 2 | 1,341.56 | 1,341.56 | 71.27 |
| **Total Lease Operating Expense** | | | | **6,666.98** | **354.18** |

| LEASE Summary: 1FLE02 | Wrk Int 0.05312500 | Expenses 354.18 | You Owe 354.18 |
|---|---|---|---|

### LEASE: (1MCL01) McLeod etal 30-11 #1   County: CLARKE, MS

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Engineering & Supervision* | | | | | |
| EWJV0320 | East West Credit Card 3.2.20 Meals, fuel, supplies & hotel | 1 | 800.12 | 800.12 | 40.01 |
| *Instru/Monitoring & Automation* | | | | | |
| 91067704 | IHS Global, Inc. | 1 | 13.44 | | |
| BARC018523 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | 1 | 99.00 | | |
| 2030020863 | SPL, Inc.- Gas thru Heptanes | 1 | 60.00 | 172.44 | 8.62 |
| *Chemicals* | | | | | |
| BOL1847578 | Coastal Chemical Co., LLC- Chemicals 4/17/20 | 1 | 1,106.54 | 1,106.54 | 55.33 |
| *Safety & H2S Training* | | | | | |
| 6038332-001 | Total Safety U.S., Inc.- Calibrations | 1 | 306.80 | | |
| 6038332-002 | Total Safety U.S., Inc.- Calibration, April 2020 | 1 | 306.80 | 613.60 | 30.68 |

3

From:  Sklar Exploration Co., L.L.C.
To:  Babe Development, LLC

For Billing Dated 04/30/2020
Account: BABD01   Page   3

**LEASE: (1MCL01)  McLeod etal 30-11 #1   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| *Contract Pumping/Gauging* | | | | | |
| 3629 | Heap Services LLC | 1 | 914.85 | 914.85 | 45.74 |
| *Salt Water Disposal* | | | | | |
| 151429 | Clarkco Oilfield Services, Inc. | 1 | 2,141.07 | | |
| 151426 | Clarkco Oilfield Services, Inc.- | 1 | 2,519.85 | | |
| 151478 | Clarkco Oilfield Services, Inc. | 1 | 2,182.80 | 6,843.72 | 342.18 |
| *Utilities* | | | | | |
| 08019-06123 | Mississippi Power- 2/21-3/24/2020 | 1 | 4,697.33 | 4,697.33 | 234.87 |
| *Regulatory Costs & Fees* | | | | | |
| 2020030026 | Brammer Engineering, Inc.- SPCC plans | 1 | 150.00 | 150.00 | 7.50 |
| *Maintenance Taxes* | | | | | |
| 20IN4910000 | Mississippi State Oil & Gas Board- 1/2020 | 1 | 5.74 | 5.74 | 0.29 |
| *COPAS Overhead* | | | | | |
| RBO38989 | Adm Overhead - Producing | 1 | 1,341.56 | 1,341.56 | 67.08 |
| | **Total Lease Operating Expense** | | | **16,645.90** | **832.30** |
| **Intangible Completion Costs** | | | | | |
| *Equipment Rentals* | | | | | |
| PN0027772 | Eastern Fishing & Rental Tools Inc- 1/29/2020 | 300-W-1 | 713.26 | 713.26 | 35.66 |
| | **Total Intangible Completion Costs** | | | **713.26** | **35.66** |
| | **Total Expenses for LEASE** | | | **17,359.16** | **867.96** |

| Billing Summary by Deck/AFE | | | | | |
|---|---|---|---|---|---|
| | Deck 1 | 1 | 0.05000000 | 16,645.90 | 832.30 |
| | Workover | 300-W-1 | 0.05000000 | 713.26 | 35.66 |

| LEASE Summary: 1MCL01 | Wrk Int 0.05000000 | | Expenses 867.96 | Pre-Pmt Applied 35.66 | You Owe 832.30 |
|---|---|---|---|---|---|

3

JOYCO Investments, LLC
P. O. Box 2104
Roswell, NM 88202-2104

CERTIFIED MAIL®

7014 2870 0001 9256 7012

UNITED STATES POSTAGE
PITNEY BOWES
02 1P  $ 008.00⁰
0001844778  SEP 22 2020
MAILED FROM ZIP CODE 88201

RECEIVED
SEP 2 5 2020
LEGAL SERVICES

**First Class Mail**

Sklar Exploration Company, LLC
Claims Processing Center
C/o Epiq Corporate Restructuring, LLC
P. O. Box 4421
Beaverton, OR 97076-4421

**Exhibit 2**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000227

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

DBC Resources II, LP
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

DBC Resources, LP
Name

Post Office Box 670725
Number     Street

Dallas          TX       75367
City             State     ZIP Code

Contact phone 214-906-4231

Contact email dlclark1@airmail.net

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**Where should payments to the creditor be sent? (if different)**

Name

Number     Street

City             State     ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? See Addendum

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**  $ _____ 18,847.62 . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production revenues ($17,318.39) and Cash Advances ($1,529.23)

See Attached Addendum

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $_____

Amount of the claim that is secured:  $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.  $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ **Yes.** *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/14/2020
                   MM / DD / YYYY

*Signature:* Donald L Clark

**Print the name of the person who is completing and signing this claim:**

| Name | Donald L. Clark | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Manager, DBC Management LLC, General Partner for Claimant | | |
| Company | DBC Resources II LP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | Post Office Box 670725 | | |
| | Number        Street | | |
| | Dallas | TX | 75367 |
| | City | State | ZIP Code |
| Contact phone | 214-906-4231 | Email | dlclark1@airmail.net |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim.

2.      The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.      Pursuant to these Operating Agreements, SEC made cash calls from time to time to Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose stated in the cash call (collectively, the "Cash Call Advances"). SEC failed to properly use, account for, and/or comply with the terms of the governing operating agreements as relates to the Cash Call Advances paid to it by Claimant.

4.      Also pursuant to the Operating Agreements, SEC collects revenues generated from the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues"). The Revenues collected by SEC are to be delivered by SEC to Claimant.

5.      As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the amount of $ 1,529.23 for Cash Call Advances paid by Claimant to SEC that were not used and/or accounted for by SEC as required by the terms of the governing operating agreements.

6.      As of the Petition Date, SEC also was indebted to Claimant in the amount of $17,318.39 for revenues collected by SEC on behalf of Claimant that were improperly withheld by SEC.

7.      In addition to the amounts stated above, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.  Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants claiming to be owed funds by SEC.

8.      Claimant continues to investigate its claims against SEC and reserves the right to amend or supplement its claim in this case.

9.      The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the SEC or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

10.     Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

11.     Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12.     Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):          DBC Resources II LP

Signature:

Title (If entity):                          Manager, DBC Management LLC, General Partner

4

Exhibit "A" to Addendum to Proof of Claim

Sklar Exploration Company, LLC -Debtor
Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | |
|---|---|---|
| AEH INVESTMENTS LLC | 0.01250000 | $ 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 | $ 368.13 |
| DBC RESOURCES LP | 0.07297000 | $ 2,686.21 |
| DCOD LLC | 0.06375000 | $ 2,346.80 |
| DEDE, LLC | 0.01000000 | $ 368.13 |
| PAULA W DENLEY LLC | 0.00367500 | $ 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 | $ 98.17 |
| Duncan Family Trust-William | 0.00266667 | $ 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 | $ 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 | $ 782.27 |
| LEANNE D FORD | 0.00220500 | $ 81.17 |
| FOUR D LLC | 0.00800000 | $ 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 | $ 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 | $ 828.28 |
| GJR INVESTMENTS INC | 0.00800000 | $ 294.50 |
| HALL AND HALL LLC | 0.00367500 | $ 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 | $ 368.13 |
| DARLENE K HALL | 0.01000000 | $ 368.13 |
| HANSON OPERATING CO INC | 0.08000000 | $ 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 | $ 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 | $ 4,423.85 |
| J & A HARRIS LP | 0.08097000 | $ 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 | $ 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 | $ 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 | $ 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 | $ 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 | $ 368.13 |
| PRUET PRODUCTION CO | 0.01000000 | $ 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 | $ 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 | $ 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 | $ 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 | $ 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 | $ 567.70 |
| SUMMIT LLC | 0.00367500 | $ 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 | $ 135.29 |
| LEONARD E WILLIAMS | 0.00800000 | $ 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 | $ 73.63 |
| TOM YOUNGBLOOD | 0.02000000 | $ 736.25 |
| | 1.00000000 | $ 36,812.50 |

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# *Settlement Statement*

DBC Resources II LP
PO Box 670725
Dallas, TX 75367

Account: DBCR02

Date: 04/30/2020

**Prepaid Balance by Project:**

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO05 | 308-18 | CCL&T 2-2 #1 | 1,186.54 | | 1,186.54 |
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 87.24 | | 87.24 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 255.45 | | 255.45 |
| | | **Prepaid Balance Totals:** | 1,529.23 | | 1,529.23 |

**Summary by LEASE:**

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|-----------|-------------|----------|------------------|---------|
| | Unpaid Previous Balance | | | 2,986.60 |
| 1BRO05 | Southwest Brooklyn Oil Unit | 1,748.28 | | 1,748.28 |
| | Totals: | 1,748.28 | | 4,734.88 |

## PLEASE PAY THIS AMOUNT ------------------^

Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.

6

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA  71101
(318)227-8668

# *Settlement Statement*

DBC Resources II LP
PO Box 670725
Dallas, TX  75367

Account:  DBCR02

Date:  03/31/2020

**Account: DBCR02 - Statement of Account:**

| Date | Reference | Description | Charges | Credits |
|------|-----------|-------------|---------|---------|
| 02/29/2020 | | Balance Forward | 934.41 | |
| 03/16/2020 | 10622 | Payment-Thank You! Ck# 9406 | 6,507.11 | |
| 03/16/2020 | 10622 | Partial Payment Ck# 9406 | | (2,671.97) |
| 03/16/2020 | 10622 | Partial Payment Ck# 9406 | | (1,158.81) |
| 03/16/2020 | 10622 | Partial Payment Ck# 9406 | | (3,610.74) |
| | | New Balance Forward | 0.00 | |

**Prepaid Balance by Project:**

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO05 | 308-18 | CCL&T 2-2 #1 | 1,186.54 | | 1,186.54 |
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 87.24 | | 87.24 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 255.45 | | 255.45 |
| | | Prepaid Balance Totals: | 1,529.23 | | 1,529.23 |

**Summary by LEASE:**

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|-----------|-------------|----------|------------------|---------|
| 1BRO05 | Southwest Brooklyn Oil Unit | 2,986.60 | | 2,986.60 |
| | Totals: | 2,986.60 | | 2,986.60 |

## PLEASE PAY THIS AMOUNT ----------------------^

**Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.**

7

09/02/2020 05:45 pm
Company:00SEC

Page 1

## Sklar Exploration Co., L.L.C.
### Suspense Master Listing by Owner
### Print Detail by Owner-Property-Distribution Line
#### Owner DBCR02

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | | Gross$ | Texas | Other | Net Amt | Susp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DBCR02 | | DBC Resources II LP | (Pay code 2 = $50.00 min) | | | | | | | | | | |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 12/2019 | RSU06366 | 18.33 | 0.00607479 | W | 0.78 | 0.07- | 0.00 | 0.71 | L14 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 01/2020 | RSU06366 | 972.91 | 0.00607479 | W | 303.01 | 20.54- | 46.23- | 236.24 | L14 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 978.02 | 0.00607479 | W | 196.00 | 12.39- | 41.11- | 142.50 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 12/2019 | RSU06366 | 214.00 | 0.00607479 | W | 3.00 | 0.24- | 0.00 | 2.76 | L14 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 01/2020 | RSU06366 | 79,454.00 | 0.00607479 | W | 957.96 | 76.64- | 0.00 | 881.32 | L14 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,956.00 | 0.00607479 | W | 641.96 | 51.36- | 0.00 | 590.60 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 01/2020 | RSU06366 | 23,369.58 | 0.00607479 | W | 8,441.73 | 649.22- | 326.52- | 7,465.99 | L14 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 01/2020 | RSU06366 | 3,064.34 | 0.00607479 | W | 1,067.82 | 85.42- | 0.00 | 982.40 | L14 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.00607479 | W | 7,376.51 | 564.15- | 324.63- | 6,487.73 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | PLAM0320 | 2,076.21 | 0.00607479 | W | 632.67 | 50.81- | 0.00 | 582.06 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 12/2019 | RSU06366 | 9,038.00 | 0.00607479 | W | 5.94 | 0.47- | 0.00 | 5.47 | L14 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 01/2020 | RSU06366 | 417,725.00 | 0.00607479 | W | 85.10 | 6.81- | 0.00 | 78.29 | L14 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.00607479 | W | 137.68- | 0.00 | 0.00 | 137.68- | L15 |
| | DBCR02 | OWNER TOTAL: | | | | | 13 | | 19,574.80 | 1,517.92- | 738.49- | 17,318.39 | |
| Grand Total | | | | | | 982,775.12 | 13 | | 19,574.80 | 1,517.92- | 738.49- | 17,318.39 | |

Total by Owner Balance Being Negative/Positive:

| | | | | |
|---|---|---|---|---|
| Total Owner Positive Balance | 1 | | | 17,318.39 |
| Total Owner Negative Balance | 0 | | | 0.00 |

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 90-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000266

**RECEIVED**

SEP 2 3, 2020

**LEGAL SERVICES**

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Sklarco, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco Exploration Company, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12380 |

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

DBC Resources II, LP
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

DBC Resources, LP
Name

Post Office Box 670725
Number    Street

Dallas              TX        75367
City                State      ZIP Code

Contact phone  214-906-4231

Contact email  dlclark1@airmail.net

**Where should payments to the creditor be sent? (if different)**

_____
Name

_____
Number    Street

_____
City                State      ZIP Code

Contact phone  _____

Contact email  _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $_____. Does this amount include interest or other charges?

Unliquidated; see Addendum

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production Revenues, Cash Advance and Unliquidated damages

See Attached Addendum

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                     Proof of Claim                     page 2

| | |
|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No |
| | ☐ Yes. *Check one:* |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/14/2020
                   MM / DD / YYYY

*Signature*

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Donald L. Clark |
| | First name     Middle name     Last name |
| Title | Manager, DBC Management LLC, General Partner for Claimant |
| Company | DBC Resources II LP |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | Post Office Box 670725 |
| | Number     Street |
| | Dallas                    TX     75367 |
| | City                      State   ZIP Code |
| Contact phone | 214-906-4231 |
| | Email dlclark1@airmail.net |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |

| | |
|---|---|
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

**ADDENDUM TO PROOF OF CLAIM**

1.  This Addendum is incorporated into and made a part of the Proof of Claim.

2.  The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.  Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC. Based upon information and belief, on multiple occasions SEC either did not make cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco
for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4.      Based upon further information and belief, SEC and Sklarco have made various
improper transfers of funds among them and with third party affiliates. Investigations are ongoing
into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim
against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5.      In addition, Claimant also claims all interest, costs, and fees to which it is entitled
as well as all other amounts to which Claimant is entitled from Sklarco, including any and all
contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising
at any time prior to the Petition Date.

6.      Claimant continues to investigate its claims against Sklarco and reserves the right
to amend or supplement its claim in this case.

7.      The filing of this Proof of Claim is not and shall not be deemed or construed as (i)
a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by
Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case
involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any
proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in
any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have
any and all final orders in any and all non-core matters or proceedings entered only after *de novo*
review by a United States District Court; (vi) a waiver of the right to withdraw the reference with
respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding
which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

2

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the Sklarco or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.      Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

9.      Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against Sklarco (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

9406003.1

3

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.     Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):          DBC Resources II LP

Signature:

Title (If entity):          Manager, DBC Management LLC, General Partner

9406003.1

C
O
U
R
T

D
O
C
K
E
T

| 20-12380 | 7-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

‖‖‖‖‖‖‖‖‖‖‖‖ 0000000226

**RECEIVED**

SEP 2 3 2020    **Exhibit 3**

**LEGAL SERVICES**

## Official Form 410

# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

**1. Who is the current creditor?**

DBC Resources, LP
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

DBC Resources, LP
Name

Post Office Box 670725
Number    Street

Dallas          TX        75367
City            State      ZIP Code

Contact phone  214-906-4231

Contact email  dlclark1@airmail.net

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number    Street

_____
City            State      ZIP Code

Contact phone  _____

Contact email  _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?  See Addendum

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. **How much is the claim?** | $ _____84,908.51_ . **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Production revenues ($ 81,606.37) and Cash Advances ($3302.14)<br>See Attached Addendum |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410      **Proof of Claim**      page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
|---|---|

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/14/2020
                   MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

Name   Donald L. Clark
       First name        Middle name        Last name

Title   Manager, DBC Management LLC, General Partner for Claimant

Company   DBC Resources LP
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   Post Office Box 670725
          Number     Street
          Dallas                         TX      75367
          City                           State   ZIP Code

Contact phone   214-906-4231          Email  dlclark1@airmail.net

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under
Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.     This Addendum is incorporated into and made a part of the Proof of Claim.

2.     The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.     Pursuant to these Operating Agreements, SEC made cash calls from time to time to Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose stated in the cash call (collectively, the "Cash Call Advances"). SEC failed to properly use, account for, and/or comply with the terms of the governing operating agreements as relates to the Cash Call Advances paid to it by Claimant.

4.     Also pursuant to the Operating Agreements, SEC collects revenues generated from the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues"). The Revenues collected by SEC are to be delivered by SEC to Claimant.

5.    As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the amount of $ 3,302.14 for Cash Call Advances paid by Claimant to SEC that were not used and/or accounted for by SEC as required by the terms of the governing operating agreements.

6.    As of the Petition Date, SEC also was indebted to Claimant in the amount of $81,606.37 for revenues collected by SEC on behalf of Claimant that were improperly withheld by SEC.  Such sum of $81,606.37 is composed of the following amounts: (a) the sum of $78,920.16 for unpaid revenues for production prior to the Petition Date attributable to the interest of Claimant, and (b) the sum of $2,686.21 for revenues not paid by Sklar to Pruet Production Co. ("Pruet") attributable to the interest of Claimant in the SEC operated LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11 properties (the" SEC Agency Properties"), with Pruet serving as the agent for this Claimant for purposes of receiving revenues for production in the SEC Agency Properties. To the extent Pruet's proof of claim includes Revenues owed to Claimant attributable to the SEC Agency Properties, the inclusion of the Revenues in the claims of both Claimant and Pruet is not intended to be duplicative, but instead is included out of an abundance of caution. To such extent, the claims of Pruet as to the SEC Agency Properties should be recognized.

7.    In addition to the amounts stated above, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date. Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants

claiming to be owed funds by SEC.

8.     Claimant continues to investigate its claims against SEC and reserves the right to

amend or supplement its claim in this case.

9.     The filing of this Proof of Claim is not and shall not be deemed or construed as (i)

a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by

Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case

involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any

proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in

any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have

any and all final orders in any and all non-core matters or proceedings entered only after *de novo*

review by a United States District Court; (vi) a waiver of the right to withdraw the reference with

respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding

which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by

the SEC or any other debtor captioned above or any of those debtors' and including but not limited

to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any

trusts, partnerships, corporations, or other legal entity related to those parties.

10.     Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim

or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs,

expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim,

including without limitation (a) claims for post-petition interest, legal fees, and related expenses

that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of

transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

11.   Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12.   Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):        DBC Resources LP
                                          _____

Signature:                                _Darrell L. Weal_

Title (If entity):                        Manager, DBC Management LLC, General Partner
                                          _____

4

Exhibit "A" to Addendum to Proof of Claim

Sklar Exploration Company, LLC -Debtor
Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | |
|---|---|---:|
| AEH INVESTMENTS LLC | 0.01250000 $ | 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 $ | 368.13 |
| DBC RESOURCES LP | 0.07297000 $ | 2,686.21 |
| DCOD LLC | 0.06375000 $ | 2,346.80 |
| DEDE, LLC | 0.01000000 $ | 368.13 |
| PAULA W DENLEY LLC | 0.00367500 $ | 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 $ | 98.17 |
| Duncan Family Trust-William | 0.00266667 $ | 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 $ | 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 $ | 782.27 |
| LEANNE D FORD | 0.00220500 $ | 81.17 |
| FOUR D LLC | 0.00800000 $ | 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 $ | 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 $ | 828.28 |
| GJR INVESTMENTS INC | 0.00800000 $ | 294.50 |
| HALL AND HALL LLC | 0.00367500 $ | 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 $ | 368.13 |
| DARLENE K HALL | 0.01000000 $ | 368.13 |
| HANSON OPERATING CO INC | 0.08000000 $ | 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 $ | 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 $ | 4,423.85 |
| J & A HARRIS LP | 0.08097000 $ | 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 $ | 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 $ | 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 $ | 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 $ | 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 $ | 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 $ | 368.13 |
| PRUET PRODUCTION CO | 0.01000000 $ | 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 $ | 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 $ | 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 $ | 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 $ | 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 $ | 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 $ | 567.70 |
| SUMMIT LLC | 0.00367500 $ | 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 $ | 135.29 |
| LEONARD E WILLIAMS | 0.00800000 $ | 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 $ | 73.63 |
| TOM YOUNGBLOOD | 0.02000000 $ | 736.25 |
| | 1.00000000 $ | 36,812.50 |

Case 20-12377-EEB    Claim 89-1    Filed 09/23/20    Desc Main Document      Page 9 of 11

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# *Settlement Statement*

DBC Resources LP
PO Box 670725
Dallas, TX 75367

Account: DBCR01

Date: 04/30/2020

**Prepaid Balance by Project:**

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO04 | 309-W5 | CCL&T 4-1 #1 WI (R13E) | 705.73 | | 705.73 |
| 1BRO04 | 309-W6 | Thomasson 33-12 #1 | 200.47 | 200.47 | 0.00 |
| 1BRO04 | 309-W7 | CCL&T 35-13 #1 | 95.57 | 95.57 | 0.00 |
| 1BRO05 | 308-18 | CCL&T 2-2 #1 | 1,784.85 | | 1,784.85 |
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 131.31 | | 131.31 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 384.21 | | 384.21 |
| | | **Prepaid Balance Totals:** | 3,302.14 | 296.04 | 3,006.10 |

**Summary by LEASE:**

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|-----------|-------------|----------|------------------|---------|
| | Unpaid Previous Balance | | | 10,603.30 |
| 1BRO04 | Southeast Brooklyn Oil Unit | 5,146.26 | 296.04 | 4,850.22 |
| 1BRO05 | Southwest Brooklyn Oil Unit | 2,629.85 | | 2,629.85 |
| | **Totals:** | 7,776.11 | 296.04 | 18,083.37 |

### PLEASE PAY THIS AMOUNT ----------------------^

Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.

8

Case 20-12377-EEB    Claim 89-1    Filed 09/23/20    Desc Main Document    Page 10 of 11

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# *Settlement Statement*

DBC Resources LP
PO Box 670725
Dallas, TX 75367

Account: DBCR01

Date: 03/31/2020

## Account: DBCR01 - Statement of Account:

| Date | Reference | Description | Charges | Credits |
|------|-----------|-------------|---------|---------|
| 02/29/2020 | | Balance Forward | 11,454.92 | |
| 03/16/2020 | 10622 | Payment-Thank You! Ck# 9405 | | (5,836.86) |
| 03/16/2020 | 10622 | Partial Payment Ck# 9405 | | (5,618.06) |
| | | New Balance Forward | 0.00 | |

## Prepaid Balance by Project:

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO04 | 309-W5 | CCL&T 4-1 #1 WI (R13E) | 756.28 | 50.55 | 705.73 |
| 1BRO04 | 309-W6 | Thomasson 33-12 #1 | 3,398.33 | 3,197.86 | 200.47 |
| 1BRO04 | 309-W7 | CCL&T 35-13 #1 | 3,546.96 | 3,451.39 | 95.57 |
| 1BRO05 | 308-18 | CCL&T 2-2 #1 | 1,784.85 | | 1,784.85 |
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 131.31 | | 131.31 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 384.21 | | 384.21 |
| | | **Prepaid Balance Totals:** | **10,001.94** | **6,699.80** | **3,302.14** |

## Summary by LEASE:

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|-----------|-------------|----------|------------------|---------|
| 1BRO04 | Southeast Brooklyn Oil Unit | 12,810.50 | 6,699.80 | 6,110.70 |
| 1BRO05 | Southwest Brooklyn Oil Unit | 4,492.60 | | 4,492.60 |
| | **Totals:** | **17,303.10** | **6,699.80** | **10,603.30** |

### PLEASE PAY THIS AMOUNT ----------------------^

Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.

11

Case 20-12377-EEB    Claim 89-1    Filed 09/23/20    Desc Main Document    Page 11 of 11

| 09/02/2020  05:45 pm | | | | | | | | Sklar Exploration Co., L.L.C. | | | | Page   1 |
| Company:00SEC | | | | | | | | | | | | |

**Sklar Exploration Co., L.L.C.**
**Suspense Master Listing by Owner**
**Print Detail by Owner-Property-Distribution Line**

Owner DBCR01

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | | Gross$ | Taxes | Other | Net Amt | Susp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DBCR01 | | DBC Resources LP | (Pay code: 2 = $50.00 min) | | | | | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 12/2019 | RSU06341 | 112.00 | 0.02535412 | W | 19.77 | 1.58- | 0.00 | 18.19 | L14 |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 01/2020 | RSU06341 | 81.34 | 0.02535412 | W | 105.73 | 7.17- | 16.13- | 82.43 | L14 |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.39 | 0.02535412 | W | 137.36 | 8.69- | 28.80- | 99.87 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 12/2019 | RSU06341 | 3,620.00 | 0.02535412 | W | 211.58 | 12.70- | 0.00 | 198.88 | L14 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 01/2020 | RSU06341 | 5,195.00 | 0.02535412 | W | 261.43 | 15.69- | 0.00 | 245.74 | L14 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.02535412 | W | 189.11 | 11.34- | 0.00 | 177.77 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 01/2020 | RSU06341 | 19,417.82 | 0.02535412 | W | 29,275.12 | 2,251.42- | 1,132.34- | 25,891.36 | L14 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 01/2020 | RSU06341 | 1,892.92 | 0.02535412 | W | 2,753.04 | 220.24- | 0.00 | 2,532.80 | L14 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.02535412 | W | 24,798.99 | 1,896.61- | 1,091.39- | 21,810.99 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.02535412 | W | 1,721.77 | 137.74- | 0.00 | 1,584.03 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 12/2019 | RSU06341 | 35,158.00 | 0.02535412 | W | 151.52 | 9.09- | 0.00 | 142.43 | L14 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 01/2020 | RSU06341 | 28,887.00 | 0.02535412 | W | 54.78 | 3.29- | 0.00 | 51.49 | L14 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.02535412 | W | 35.13 | 2.11- | 0.00 | 33.02 | L15 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 12/2019 | RSU06341 | 18.33 | 0.00913800 | W | 1.17 | 0.10- | 0.00 | 1.07 | L14 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 01/2020 | RSU06341 | 972.91 | 0.00913800 | W | 455.80 | 30.90- | 69.54- | 355.36 | L14 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 979.02 | 0.00913800 | W | 294.84 | 18.64- | 61.84- | 214.36 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 12/2019 | RSU06341 | 214.00 | 0.00913800 | W | 4.51 | 0.36- | 0.00 | 4.15 | L14 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 01/2020 | RSU06341 | 79,454.00 | 0.00913800 | W | 1,441.01 | 115.28- | 0.00 | 1,325.73 | L14 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,956.00 | 0.00913800 | W | 965.66 | 77.25- | 0.00 | 888.41 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 01/2020 | RSU08341 | 23,369.56 | 0.00913800 | W | 12,698.47 | 976.58- | 491.17- | 11,230.72 | L14 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 01/2020 | RSU06341 | 3,064.34 | 0.00913800 | W | 1,606.27 | 128.50- | 0.00 | 1,477.77 | L14 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.00913800 | W | 11,096.12 | 848.63- | 488.33- | 9,759.16 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | PLAM0320 | 2,076.21 | 0.00913800 | W | 951.69 | 76.13- | 0.00 | 875.56 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 12/2019 | RSU06341 | 9,038.00 | 0.00913800 | W | 8.94 | 0.72- | 0.00 | 8.22 | L14 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 01/2020 | RSU06341 | 417,725.00 | 0.00913800 | W | 128.00 | 10.24- | 0.00 | 117.76 | L14 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.00913800 | W | 207.11- | 0.00 | 0.00 | 207.11- | L15 |
| | DBCR01 | | OWNER TOTAL: | | | | 26 | | 89,160.70 | 6,861.00- | 3,379.54- | 78,920.16 | |

| Grand Total | | | | | | 1,132,914.97 | 26 | | 89,160.70 | 6,861.00- | 3,379.54- | 78,920.16 | |

Total by Owner Balance Being Negative/Positive:

| | | |
|---|---|---|
| Total Owner Positive Balance | 1 | 78,920.16 |
| Total Owner Negative Balance | 0 | 0.00 |

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 89-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

<table>
<tr><td colspan="2">

Fill in this information to identify the case.

| | |
|---|---|
| Debtor 1 | Sklarco, LLC |
| Debtor 2 (Spouse, if filing) | Sklar Exploration Company, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12380 — |

</td><td>

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

|||||||||||||
0000000265

</td></tr>
</table>

**Official Form 410**

# Proof of Claim

RECEIVED

SEP 2 3 2020

**LEGAL SERVICES**

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

DBC Resources, LP
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

DBC Resources, LP
Name

Post Office Box 670725
Number        Street

Dallas              TX          75367
City                State        ZIP Code

Contact phone 214-906-4231

Contact email dlclark1@airmail.net

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City                State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | |
|---|---|
| 7. How much is the claim? | $ _____ Does this amount include interest or other charges?<br>**Unliquidated; see Addendum**<br> ☑ No<br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Production Revenues, Cash Advance and Unliquidated damages<br>See Attached Addendum |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate (when case was filed)** _____ %<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/14/2020
                   MM / DD / YYYY

_Donald L Clark (signature)_

Signature

Print the name of the person who is completing and signing this claim:

| Name | Donald L. Clark | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Manager, DBC Management LLC, General Partner for Claimant | | |
| Company | DBC Resources LP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | Post Office Box 670725 | | |
| | Number        Street | | |
| | Dallas | TX | 75367 |
| | City | State | ZIP Code |
| Contact phone | 214-906-4231 | Email | dlclark1@airmail.net |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.    This Addendum is incorporated into and made a part of the Proof of Claim.

2.    The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.    Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC.  Based upon information and belief, on multiple occasions SEC either did not make cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4. Based upon further information and belief, SEC and Sklarco have made various improper transfers of funds among them and with third party affiliates. Investigations are ongoing into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5. In addition, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled from Sklarco, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.

6. Claimant continues to investigate its claims against Sklarco and reserves the right to amend or supplement its claim in this case.

7. The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

2

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by

the Sklarco or any other debtor captioned above or any of those debtors' and including but not

limited to their principals, owners, agents, officers, directors, assigns, investors, representatives,

and any trusts, partnerships, corporations, or other legal entity related to those parties.

       8.     Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim

or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs,

expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim,

including without limitation (a) claims for post-petition interest, legal fees, and related expenses

that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of

transfers (if any) made to Claimant or any other entity, including without limitation any payments

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of

any executory contracts or unexpired leases, and (d) any other claims arising from, among others,

sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of

Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any

way, the assertion of any claim(s) made in other jurisdictions.

       9.     Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is

filed without prejudice to the right of Claimant to request payment of any administrative expense

claims that it may have against Sklarco (including, without limitation, administrative expenses not

described in the claim), and Claimant reserves the right to request payment of such administrative

expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other

applicable law. Claimant further reserves any and all rights to assert claims arising from the

Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

3

9406003.1

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.      Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):          DBC Resources LP

Signature:

Title (If entity):          Manager, DBC Management LLC, General Partner

9406003.1

C
O
U
R
T

D
O
C
K
E
T

| 20-12380 | 6-1 | 9/29/2020 | D. GERTH |
|----------|-----|-----------|----------|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

**Exhibit 4**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000253

**RECEIVED**

SEP 2 8 2020

**LEGAL SERVICES**

## Official Form 410
# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

**1. Who is the current creditor?**
Don B Saunders Trust
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Don Saunders
Name
340 Cherokee Ln
Number    Street
Winter Park    Fl    32789
City    State    ZIP Code

Contact phone 4079201211
Contact email dbsaunders@cfl.rr.com

Where should payments to the creditor be sent? (if different)

Name
Number    Street
City    State    ZIP Code

Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.  Who made the earlier filing?  See Addendum .

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. How much is the claim? | $_____2,893.45 . Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Production revenues ($ ) and Cash Advances ($ )<br>See Attached Addendum |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____2,893.45 (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $___ 2,893.45<br><br>**Annual Interest Rate (when case was filed)** 3.50 %<br>☑ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies.   $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    09/07/2020    .
                   MM / DD / YYYY

*Don Saunders*
Signature

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Don | B | Saunders |
| | First name | Middle name | Last name |
| Title | Trustee | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 340 Cherokee Ln | | |
| | Number   Street | | |
| | Winter Park | Fl | 32789 |
| | City | State | ZIP Code |
| Contact phone | 4079201211 | Email | dbsaunders@cfl.rr.com |

[ Print ]   [ Save As... ]   [ Add Attachment ]        [ Reset ]

Official Form 410                 Proof of Claim                 page 3

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |

| | |
|---|---|
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

## ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim.

2.      The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.      Pursuant to these Operating Agreements, SEC made cash calls from time to time to Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose stated in the cash call (collectively, the "Cash Call Advances"). SEC failed to properly use, account for, and/or comply with the terms of the governing operating agreements as relates to the Cash Call Advances paid to it by Claimant.

4.      Also pursuant to the Operating Agreements, SEC collects revenues generated from the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues"). The Revenues collected by SEC are to be delivered by SEC to Claimant.

5.      As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the

amount of $ 0.00         for Cash Call Advances paid by Claimant to SEC that were not used and/or

accounted for by SEC as required by the terms of the governing operating agreements.

6.      As of the Petition Date, SEC also was indebted to Claimant in the amount of

$ 2,893.45       for revenues collected by SEC on behalf of Claimant that were improperly withheld

by SEC. Such sum of $ 2,893.45         is composed of the following amounts: (a) the sum of

$ 2,598.95         for unpaid revenues for production prior to the Petition Date attributable to the

interest of Claimant, and (b) the sum of $ 294.50           for revenues not paid by Sklar to Pruet

Production Co. ("Pruet") attributable to the interest of Claimant in the SEC operated LCC Oil Unit

II, Craft Mack 17-4 and Craft Hamiter 20-11 properties (the" SEC Agency Properties"), with Pruet

serving as the agent for this Claimant for purposes of receiving revenues for production in the SEC

Agency Properties. To the extent Pruet's proof of claim includes Revenues owed to Claimant

attributable to the SEC Agency Properties, the inclusion of the Revenues in the claims of both

Claimant and Pruet is not intended to be duplicative, but instead is included out of an abundance

of caution. To such extent, the claims of Pruet as to the SEC Agency Properties should be

recognized.

7.      In addition to the amounts stated above, Claimant also claims all interest, costs, and

fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of

SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and

unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition

Date. Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the

lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter

Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants claiming to be owed funds by SEC.

8.      Claimant continues to investigate its claims against SEC and reserves the right to amend or supplement its claim in this case.

9.      The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the SEC or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

10.     Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

11. Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12. Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print): Don B. Saunders Trust

Signature: *Don Saunders*

Title (If entity): Trustee

4

Exhibit "A" to Addendum to Proof of Claim

Sklar Exploration Company, LLC -Debtor
Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | |
|---|---|---|
| AEH INVESTMENTS LLC | 0.01250000 | $ 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 | $ 368.13 |
| DBC RESOURCES LP | 0.07297000 | $ 2,686.21 |
| DCOD LLC | 0.06375000 | $ 2,346.80 |
| DEDE, LLC | 0.01000000 | $ 368.13 |
| PAULA W DENLEY LLC | 0.00367500 | $ 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 | $ 98.17 |
| Duncan Family Trust-William | 0.00266667 | $ 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 | $ 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 | $ 782.27 |
| LEANNE D FORD | 0.00220500 | $ 81.17 |
| FOUR D LLC | 0.00800000 | $ 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 | $ 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 | $ 828.28 |
| GJR INVESTMENTS INC | 0.00800000 | $ 294.50 |
| HALL AND HALL LLC | 0.00367500 | $ 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 | $ 368.13 |
| DARLENE K HALL | 0.01000000 | $ 368.13 |
| HANSON OPERATING CO INC | 0.08000000 | $ 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 | $ 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 | $ 4,423.85 |
| J & A HARRIS LP | 0.08097000 | $ 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 | $ 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 | $ 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 | $ 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 | $ 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 | $ 368.13 |
| PRUET PRODUCTION CO | 0.01000000 | $ 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 | $ 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 | $ 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 | $ 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 | $ 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 | $ 567.70 |
| SUMMIT LLC | 0.00367500 | $ 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 | $ 135.29 |
| LEONARD E WILLIAMS | 0.00800000 | $ 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 | $ 73.63 |
| TOM YOUNGBLOOD | 0.02000000 | $ 736.25 |
| | 1.00000000 | $ 36,812.50 |

09/02/2020 05:45 pm
Company:00SEC

**Sklar Exploration Co., L.L.C.**
**Suspense Master Listing by Owner**
**Print Detail by Owner-Property-Distribution Line**
Owner DONS01

Page 1

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | | Gross$ | Taxes | Other | Net Amt | Susp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DONS01 | | Don B. Saunders Trust:Trustee: Don B. Saunders | | | | | (tax code: 2 = $50.00 min) | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 184.39 | 0.00277988 | W | 15.08 | 0.95- | 3.18- | 10.95 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00277988 | W | 20.73 | 1.24- | 0.00 | 19.49 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00277988 | W | 2,718.82 | 207.93- | 119.68- | 2,391.23 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.00277988 | W | 188.76 | 15.10- | 0.00 | 173.66 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.00277988 | W | 3.85 | 0.23- | 0.00 | 3.62 | L15 |
| DONS01 | | OWNER TOTAL: | | | | | 5 | | 2,947.22 | 225.45- | 122.82- | 2,598.95 | |
| Grand Total | | | | | | 55,797.77 | 5 | | 2,947.22 | 225.45- | 122.82- | 2,598.95 | |

Total by Owner Balance Being Negative/Positive:

| | | |
|---|---|---|
| Total Owner Positive Balance | 1 | 2,598.95 |
| Total Owner Negative Balance | 0 | 0.00 |

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 115-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

**Fill in this information to identify the case:**

Debtor 1      Sklarco, LLC

Debtor 2      Sklarco Exploration Company, LLC
(Spouse, if filing)

United States Bankruptcy Court for the:   District of Colorado

Case number 20-12380

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000284

RECEIVED

SEP 2 8 2020

LEGAL SERVICES

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Don B. Saunders Trust
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Don Saunders
Name

340 Cherokee Lane
Number    Street

Winter Park          FL          32789
City               State         ZIP Code

Contact phone 407-920-1211

Contact email dbsaunders@cfl.rr.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City               State         ZIP Code

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
              MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:**   Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. How much is the claim? | $_____ 2,893.45 . Does this amount include interest or other charges?<br>Unliquidated; see Addendum<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Production Revenues, Cash Advance and Unliquidated damages<br>See Attached Addendum |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>Nature of property:<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>Basis for perfection: _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:  $_____<br>Amount of the claim that is secured:  $_____<br><br>Amount of the claim that is unsecured:  $_____ 2,893.45 (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:  $_____ 2,893.45<br><br>Annual Interest Rate (when case was filed) 3.50 %<br>☑ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.  $_____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? |  |
|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No |

Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    09/07/2020
                    MM / DD / YYYY

*Don Saunders*
Signature

Print the name of the person who is completing and signing this claim:

| Name | Don | B. | Saunders |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Trustee |
|---|---|

| Company | |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 340 Cherokee Lane | | |
|---|---|---|---|
| | Number    Street | | |
| | Winter Park | FL | 32789 |
| | City | State | ZIP Code |

| Contact phone | 407-920-1211 | Email | dbsaunders@cfl.rr.com |
|---|---|---|---|

| Print | Save As... | Add Attachment | Reset |
|---|---|---|---|

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |

| | |
|---|---|
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.   This Addendum is incorporated into and made a part of the Proof of Claim.

2.   The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.   Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC. Based upon information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4.       Based upon further information and belief, SEC and Sklarco have made various improper transfers of funds among them and with third party affiliates. Investigations are ongoing into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5.       In addition, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled from Sklarco, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.

6.       Claimant continues to investigate its claims against Sklarco and reserves the right to amend or supplement its claim in this case.

7.       The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii)an

2

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the Sklarco or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.      Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

9.      Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against Sklarco (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.     Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):        Don B. Saunders Trust

Signature:                                *Don Saunders*

Title (If entity):                        Trustee

9406003.1

C
O
U
R
T

D
O
C
K
E
T

| 20-12380 | 25-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

| Fill in this information to identify the case: |
|---|

| Debtor 1 | Sklar Exploration Company, LLC |
|---|---|
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |

United States Bankruptcy Court for the:   District of Colorado

Case number   20-12377

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000230

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

<span style="color:red">Exhibit 5</span>

## Official Form 410

# Proof of Claim                                             04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

| Who is the current creditor? | four-d  llc |
|---|---|
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |

| Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? |
|---|---|

| Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>four-d  llc<br>Name<br>488 tucker lane<br>Number        Street<br>bayfield,co   81122<br>City                    State               ZIP Code<br><br>Contact phone 970-759-1246<br><br>Contact email dougfour711@hotmail.com | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number        Street<br><br>City                    State               ZIP Code<br><br>Contact phone<br><br>Contact email |
|---|---|---|
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____ | Filed on ___ / ___ / ____<br>                MM  /  DD  /  YYYY |
|---|---|---|

| Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing?  See Addendum |
|---|---|

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____ |

7. How much is the claim?    $ _____ 4,495.03 . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production revenues ($4426.49 ) and Cash Advances ($ 68.54)

See Attached Addendum

9. Is all or part of the claim secured?

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $ _____

Amount of the claim that is secured:    $ _____

Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $ _____

Annual Interest Rate (when case was filed) _____ %

☐ Fixed

☐ Variable

10. Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $ _____

11. Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
| | ☐ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09 / 10 / 2020
                  MM / DD / YYYY

chris s. doglass
Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | chris  scott  douglass |
| | First name         Middle name         Last name |
| Title | managing member |
| Company | four-d  llc |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 488 tucker lane |
| | Number      Street |
| | bayfield,co  81122 |
| | City        State    ZIP Code |
| Contact phone | 970-759-1246 |
| | Email herefishyfishy39@gmail.com |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |

| | |
|---|---|
| In re:, | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim.

2.      The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.      Pursuant to these Operating Agreements, SEC made cash calls from time to time to Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose stated in the cash call (collectively, the "Cash Call Advances"). SEC failed to properly use, account for, and/or comply with the terms of the governing operating agreements as relates to the Cash Call Advances paid to it by Claimant.

4.      Also pursuant to the Operating Agreements, SEC collects revenues generated from the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues"). The Revenues collected by SEC are to be delivered by SEC to Claimant.

5.      As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the amount of $ _68.54_ for Cash Call Advances paid by Claimant to SEC that were not used and/or accounted for by SEC as required by the terms of the governing operating agreements.

6.      As of the Petition Date, SEC also was indebted to Claimant in the amount of $ _4426 49_ for revenues collected by SEC on behalf of Claimant that were improperly withheld by SEC. Such sum of $ _4426 49_ is composed of the following amounts: (a) the sum of $ _4131 99_ for unpaid revenues for production prior to the Petition Date attributable to the interest of Claimant, and (b) the sum of $ _294 50_ for revenues not paid by Sklar to Pruet Production Co. ("Pruet") attributable to the interest of Claimant in the SEC operated LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11 properties (the" SEC Agency Properties"), with Pruet serving as the agent for this Claimant for purposes of receiving revenues for production in the SEC Agency Properties. To the extent Pruet's proof of claim includes Revenues owed to Claimant attributable to the SEC Agency Properties, the inclusion of the Revenues in the claims of both Claimant and Pruet is not intended to be duplicative, but instead is included out of an abundance of caution. To such extent, the claims of Pruet as to the SEC Agency Properties should be recognized.

7.      In addition to the amounts stated above, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date. Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants

claiming to be owed funds by SEC.

8.      Claimant continues to investigate its claims against SEC and reserves the right to

amend or supplement its claim in this case.

9.      The filing of this Proof of Claim is not and shall not be deemed or construed as (i)

a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by

Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case

involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any

proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in

any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have

any and all final orders in any and all non-core matters or proceedings entered only after *de novo*

review by a United States District Court; (vi) a waiver of the right to withdraw the reference with

respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding

which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by

the SEC or any other debtor captioned above or any of those debtors' and including but not limited

to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any

trusts, partnerships, corporations, or other legal entity related to those parties.

10.     Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim

or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs,

expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim,

including without limitation (a) claims for post-petition interest, legal fees, and related expenses

that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of

transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

      11.    Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12.    Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):      *Four-D, LLC*

Signature:

Title (If entity):      *MANAging member*

*Chris S. Douglass*

4

Exhibit "A" to Addendum to Proof of Claim

Sklar Exploration Company, LLC -Debtor
Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | |
|---|---|---|
| AEH INVESTMENTS LLC | 0.01250000 $ | 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 $ | 368.13 |
| DBC RESOURCES LP | 0.07297000 $ | 2,686.21 |
| DCOD LLC | 0.06375000 $ | 2,346.80 |
| DEDE, LLC | 0.01000000 $ | 368.13 |
| PAULA W DENLEY LLC | 0.00367500 $ | 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 $ | 98.17 |
| Duncan Family Trust-William | 0.00266667 $ | 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 $ | 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 $ | 782.27 |
| LEANNE D FORD | 0.00220500 $ | 81.17 |
| FOUR D LLC | 0.00800000 $ | 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 $ | 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 $ | 828.28 |
| GJR INVESTMENTS INC | 0.00800000 $ | 294.50 |
| HALL AND HALL LLC | 0.00367500 $ | 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 $ | 368.13 |
| DARLENE K HALL | 0.01000000 $ | 368.13 |
| HANSON OPERATING CO INC | 0.08000000 $ | 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 $ | 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 $ | 4,423.85 |
| J & A HARRIS LP | 0.08097000 $ | 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 $ | 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 $ | 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 $ | 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 $ | 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 $ | 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 $ | 368.13 |
| PRUET PRODUCTION CO | 0.01000000 $ | 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 $ | 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 $ | 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 $ | 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 $ | 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 $ | 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 $ | 567.70 |
| SUMMIT LLC | 0.00367500 $ | 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 $ | 135.29 |
| LEONARD E WILLIAMS | 0.00800000 $ | 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 $ | 73.63 |
| TOM YOUNGBLOOD | 0.02000000 $ | 736.25 |
| | 1.00000000 $ | 36,812.50 |

Case 20-12377-EEB   Claim 93-1   Filed 09/23/20   Desc Main Document   Page 9 of 10

09/02/2020 05:45 pm
Company:00SEC

Sklar Exploration Co., L.L.C.
Suspense Master Listing by Owner
Print Detail by Owner-Property-Distribution Line

Page   1

Owner FOUD01

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | | Gross$ | Taxes | Other | Net Amt | Susp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FOUD01 | | Four D LLC c/o R.E. Douglass (Pay code: 2 = $50.00 min) | | | | | | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.39 | 0.00277968 | W | 15.06 | 0.95- | 3.16- | 10.95 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00277968 | W | 20.73 | 1.24- | 0.00 | 19.49 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00277968 | W | 2,718.82 | 207.93- | 119.66- | 2,391.23 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.00277968 | W | 188.76 | 15.10- | 0.00 | 173.66 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.00277968 | W | 3.85 | 0.23- | 0.00 | 3.62 | L15 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 979.02 | 0.00121496 | W | 39.20 | 2.48- | 8.22- | 28.50 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,956.00 | 0.00121496 | W | 128.39 | 10.27- | 0.00 | 118.12 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.00121496 | W | 1,475.31 | 112.84- | 64.92- | 1,297.55 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | PLAM0320 | 2,078.21 | 0.00121496 | W | 126.53 | 10.12- | 0.00 | 116.41 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.00121496 | W | 27.54 | 0.00 | 0.00 | 27.54- | L15 |
| FOUD01 | | OWNER TOTAL: | | | | | 10 | | 4,689.11 | 361.16- | 195.96- | 4,131.99 | |

| Grand Total | | | | | | 504,716.75 | 10 | | 4,689.11 | 361.16- | 195.96- | 4,131.99 | |

Total by Owner Balance Being Negative/Positive:

| | | |
|---|---|---|
| Total Owner Positive Balance | 1 | 4,131.99 |
| Total Owner Negative Balance | 0 | 0.00 |

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# *Settlement Statement*

Four D LLC
c/o R.E. Douglass
PO Box 2173
Durango, CO 81302-2173

Account: FOUD01

Date: 03/31/2020

## Account: FOUD01 - Statement of Account:

| Date | Reference | Description | Charges | Credits |
|------|-----------|-------------|---------|---------|
| 02/29/2020 | | Balance Forward | 1,578.89 | |
| 03/16/2020 | 10621 | Payment-Thank You! Ck# 1675 | | (1,578.89) |
| | | New Balance Forward | 0.00 | |

### Prepaid Balance by Project:

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 17.44 | | 17.44 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 51.10 | | 51.10 |
| | | **Prepaid Balance Totals:** | 68.54 | | 68.54 |

## Summary by LEASE:

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|-----------|-------------|----------|------------------|---------|
| 1BRO04 | Southeast Brooklyn Oil Unit | 1,404.47 | | 1,404.47 |
| 1BRO05 | Southwest Brooklyn Oil Unit | 597.32 | | 597.32 |
| | Totals: | 2,001.79 | | 2,001.79 |

### PLEASE PAY THIS AMOUNT ----------------------^

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 93-1 | 9/29/2020 | D. GERTH |
|----------|------|-----------|----------|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000270



**Fill in this information to identify the case:**

Debtor 1   Sklarco, LLC

Debtor 2   Sklarco Exploration Company, LLC
(Spouse, if filing)

United States Bankruptcy Court for the:   District of Colorado

Case number   20-12380

## Official Form 410

# Proof of Claim

RECEIVED

SEP 2 3 2020

LEGAL SERVICES

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

**Part 1:**   **Identify the Claim**

| | |
|---|---|
| **1. Who is the current creditor?** | four-d  llc |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

four-d  llc
Name

488 tucker lane
Number     Street

bayfield,co  81122
City          State          ZIP Code

Contact phone 970-759-1246

Contact email dougfour711@hotmail.com

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City          State          ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.  Claim number on court claims registry (if known) _____     Filed on _____
                                                                    MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.  Who made the earlier filing? _____

---

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____ |

| | |
|---|---|
| **7. How much is the claim?** | $ _____.<br>Unliquidated; see Addendum | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Production Revenues, Cash Advance and Unliquidated damages<br><br>See Attached Addendum |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ _____<br>**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| **10. Is this claim based on a lease?** | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410        Proof of Claim        page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | Check the appropriate box: |
|---|---|

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   **09 - 10 - 2020**
                    MM / DD / YYYY

_chris s. douglass_
Signature

Print the name of the person who is completing and signing this claim:

| Name | chris scott douglass | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | managing member | | |
| Company | four-d llc | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 488 tucker lane | | |
| | Number   Street | | |
| | bayfield,co 81122 | | |
| | City | State   ZIP Code | |
| Contact phone | 970-759-1246 | Email herefishyfishy39@gmail.com | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim.

2.      The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.      Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC. Based upon information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4. Based upon further information and belief, SEC and Sklarco have made various improper transfers of funds among them and with third party affiliates. Investigations are ongoing into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5. In addition, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled from Sklarco, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.

6. Claimant continues to investigate its claims against Sklarco and reserves the right to amend or supplement its claim in this case.

7. The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

2

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the Sklarco or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.     Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

9.     Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against Sklarco (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

3

9406003.1

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.    Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):    _Four D. LLC - Chris S. Douglass_

Signature:    _[signature]_

Title (If entity):    _Managing member_

9406003.1

C

O

U

R

T

D

O

C

K

E

T

| 20-12380 | 11-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

**Exhibit 6**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000232

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

## Official Form 410
# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**

GJR Investments, Inc
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

GJR Investments, Inc
Name

304 Santiago Dr
Number    Street

Winter Park         FL        32789
City            State          ZIP Code

Contact phone 407-247-1323

Contact email gol4r@aol.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City            State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
            MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?  See Addendum

---

Official Form 410

Proof of Claim

page 1

**Part 2:  Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ · ____ ____ |

**7. How much is the claim?**   $_____ 2,893.45 . Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production revenues ($ ) and Cash Advances ($ ) _____

See Attached Addendum

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                    $_____

Amount of the claim that is secured:      $_____

Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:      $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.      $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ **No**

☐ **Yes. Check one:**

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Check the appropriate box:**

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 09/08/2020
MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Grady M Cooksey Jr | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | President | | |
| Company | GJR Investments, Inc. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 304 Santiago Dr | | |
| | Number Street | | |
| | Winter Park | FL | 32789 |
| | City | State | ZIP Code |
| Contact phone | 407-247-1323 | Email gol4r@aol.com | |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.       This Addendum is incorporated into and made a part of the Proof of Claim.

2.       The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.       Pursuant to these Operating Agreements, SEC made cash calls from time to time to Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose stated in the cash call (collectively, the "Cash Call Advances"). SEC failed to properly use, account for, and/or comply with the terms of the governing operating agreements as relates to the Cash Call Advances paid to it by Claimant.

4.       Also pursuant to the Operating Agreements, SEC collects revenues generated from the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues"). The Revenues collected by SEC are to be delivered by SEC to Claimant.

5.    As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the amount of $ _O. OO_ for Cash Call Advances paid by Claimant to SEC that were not used and/or accounted for by SEC as required by the terms of the governing operating agreements.

6.    As of the Petition Date, SEC also was indebted to Claimant in the amount of $ _2893.45_ for revenues collected by SEC on behalf of Claimant that were improperly withheld by SEC.  Such sum of $ _2893.45_ is composed of the following amounts: (a) the sum of $ _2598.95_ for unpaid revenues for production prior to the Petition Date attributable to the interest of Claimant, and (b) the sum of $ _294.50_ for revenues not paid by Sklar to Pruet Production Co. ("Pruet") attributable to the interest of Claimant in the SEC operated LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11 properties (the" SEC Agency Properties"), with Pruet serving as the agent for this Claimant for purposes of receiving revenues for production in the SEC Agency Properties. To the extent Pruet's proof of claim includes Revenues owed to Claimant attributable to the SEC Agency Properties, the inclusion of the Revenues in the claims of both Claimant and Pruet is not intended to be duplicative, but instead is included out of an abundance of caution. To such extent, the claims of Pruet as to the SEC Agency Properties should be recognized.

7.    In addition to the amounts stated above, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.  Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants claiming to be owed funds by SEC.

8.     Claimant continues to investigate its claims against SEC and reserves the right to amend or supplement its claim in this case.

9.     The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the SEC or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

10.     Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

11.     Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12.     Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):          *G-JR Investments, Inc.*

Signature:                                  *[signature]*

Title (If entity):                          *President*

4

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 95-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000272

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sklarco, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco Exploration Company, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12380 |

**RECEIVED**

SEP 2 3 2020

LEGAL SERVICES

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

GJR Investments, Inc
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

GJR Investments, Inc.
Name

304 Santiago Dr
Number     Street

Winter Park          FL          32789
City                 State       ZIP Code

Contact phone 407-247-1323

Contact email gol4r@aol.com

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City                 State       ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on ____/____/____
         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $_____ Unliquidated; see Addendum

Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production Revenues, Cash Advance and Unliquidated damages

See Attached Addendum

**9. Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____
Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | Amount entitled to priority |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). * | | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/08/2020
                   MM / DD / YYYY

Signature _____

Print the name of the person who is completing and signing this claim:

| Name | Grady M Cooksey Jr | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | President | | |
| Company | GJR Investments, Inc | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 304 Santiago Dr | | |
| | Number     Street | | |
| | Winter Park | FL | 32789 |
| | City | State | ZIP Code |
| Contact phone | 407-247-1323 | Email | goi4r@aol.com |

Official Form 410                           Proof of Claim                           page 3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |

| | |
|---|---|
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.  This Addendum is incorporated into and made a part of the Proof of Claim.

2.  The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.  Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC. Based upon information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4. Based upon further information and belief, SEC and Sklarco have made various improper transfers of funds among them and with third party affiliates. Investigations are ongoing into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5. In addition, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled from Sklarco, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.

6. Claimant continues to investigate its claims against Sklarco and reserves the right to amend or supplement its claim in this case.

7. The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

9406003.1

2

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by
the Sklarco or any other debtor captioned above or any of those debtors' and including but not
limited to their principals, owners, agents, officers, directors, assigns, investors, representatives,
and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.      Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim
or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs,
expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim,
including without limitation (a) claims for post-petition interest, legal fees, and related expenses
that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of
transfers (if any) made to Claimant or any other entity, including without limitation any payments
on the claim described in this Addendum, (c) claims arising from the assumption or rejection of
any executory contracts or unexpired leases, and (d) any other claims arising from, among others,
sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of
Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any
way, the assertion of any claim(s) made in other jurisdictions.

9.      Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is
filed without prejudice to the right of Claimant to request payment of any administrative expense
claims that it may have against Sklarco (including, without limitation, administrative expenses not
described in the claim), and Claimant reserves the right to request payment of such administrative
expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other
applicable law. Claimant further reserves any and all rights to assert claims arising from the
Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

3

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.    Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print): _____ G J R Investments, Inc._____

Signature: _____ _____

Title (If entity): _____ President _____

Exhibit "A" to Addendum to Proof of Claim                    Sklar Exploration Company, LLC -Debtor
                                                            Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | |
|---|---|---|
| AEH INVESTMENTS LLC | 0.01250000 | $ 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 | $ 368.13 |
| DBC RESOURCES LP | 0.07297000 | $ 2,686.21 |
| DCOD LLC | 0.06375000 | $ 2,346.80 |
| DEDE, LLC | 0.01000000 | $ 368.13 |
| PAULA W DENLEY LLC | 0.00367500 | $ 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 | $ 98.17 |
| Duncan Family Trust-William | 0.00266667 | $ 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 | $ 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 | $ 782.27 |
| LEANNE D FORD | 0.00220500 | $ 81.17 |
| FOUR D LLC | 0.00800000 | $ 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 | $ 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 | $ 828.28 |
| GJR INVESTMENTS INC | 0.00800000 | $ 294.50 |
| HALL AND HALL LLC | 0.00367500 | $ 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 | $ 368.13 |
| DARLENE K HALL | 0.01000000 | $ 368.13 |
| HANSON OPERATING CO INC | 0.08000000 | $ 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 | $ 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 | $ 4,423.85 |
| J & A HARRIS LP | 0.08097000 | $ 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 | $ 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 | $ 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 | $ 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 | $ 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 | $ 368.13 |
| PRUET PRODUCTION CO | 0.01000000 | $ 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 | $ 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 | $ 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 | $ 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 | $ 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 | $ 567.70 |
| SUMMIT LLC | 0.00367500 | $ 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 | $ 135.29 |
| LEONARD E WILLIAMS | 0.00800000 | $ 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 | $ 73.63 |
| TOM YOUNGBLOOD | 0.02000000 | $ 736.25 |
| | 1.00000000 | $ 36,812.50 |

09/02/2020 05:45 pm                                                                                      Page   1
Company:00SEC

Sklar Exploration Co., L.L.C.
Suspense Master Listing by Owner
Print Detail by Owner-Property-Distribution Line
Owner GJRI01

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | Gross$ | Taxes | Other | Net Amt | Susp |
|----------|-----|---------------|------|----------|--------|---------|----------|--------|-------|-------|---------|------|
| GJRI01 | | GJR Investments Inc (inv code 1 # $25.00 min) | | | | | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 184.39 | 0.00277868 W | 15.06 | 0.95- | 3.16- | 10.95 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00277868 W | 20.73 | 1.24- | 0.00 | 19.49 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00277868 W | 2,718.82 | 207.93- | 119.66- | 2,391.23 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.00277868 W | 188.76 | 15.10- | 0.00 | 173.66 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,615.00 | 0.00277868 W | 3.85 | 0.23- | 0.00 | 3.62 | L15 |
| GJRI01 | | OWNER TOTAL: | | | | | 5 | 2,947.22 | 225.45- | 122.82- | 2,598.95 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grand Total | | | | | | 55,797.77 | 5 | 2,947.22 | 225.45- | 122.82- | 2,598.95 | |

Total by Owner Balance Being Negative/Positive:
Total Owner Positive Balance                1                                          2,598.95
Total Owner Negative Balance                0                                             0.00

C
O
U
R
T

D
O
C
K
E
T

| 20-12380 | 13-1 | 9/29/2020 | D. GERTH |
|-----------|------|-----------|----------|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

# Exhibit 7

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**



0000000234

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:   Identify the Claim

**1. Who is the current creditor?**
Hanson Operating Company, Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Hanson Operating Company, Inc.
Name

P. O. Box 1515
Number     Street

Roswell          NM       88202-1515
City             State    ZIP Code

Contact phone 575-622-7330

Contact email shari_hoci@dfn.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City             State    ZIP Code

Contact phone

Contact email

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.   Claim number on court claims registry (if known) _____
Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No
☐ Yes. Who made the earlier filing?  See Addendum

---

Official Form 410                    Proof of Claim                    page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ _____142,744.79_____ Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production revenues ($132,525.47) and Cash Advances ($10,219.32)

See Attached Addendum

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____

Amount of the claim that is secured: $ _____

Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*                                                    Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under
11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                                     $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for
personal, family, or household use. 11 U.S.C. § 507(a)(7).                 $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the
bankruptcy petition is filed or the debtor's business ends, whichever is earlier.
11 U.S.C. § 507(a)(4).                                                     $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).       $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.       $_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it.
FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9 / 15 / 2020
                  MM / DD / YYYY

Signature   *Ray Willis*

Print the name of the person who is completing and signing this claim:

| | | |
|---|---|---|
| Name | Ray Willis | |
| | First name          Middle name          Last name | |
| Title | President | |
| Company | Hanson Operating Company, Inc. | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | P. O. Box 1515 | |
| | Number       Street | |
| | Roswell | NM       88202-1515 |
| | City | State     ZIP Code |
| Contact phone | 575-622-7330 | Email rayw@dfn.com |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC; | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under**<br>**Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim.

2.      The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC
("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which
SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.      Pursuant to these Operating Agreements, SEC made cash calls from time to time to
Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose
stated in the cash call (collectively, the "Cash Call Advances").  SEC failed to properly use,
account for, and/or comply with the terms of the governing operating agreements as relates to the
Cash Call Advances paid to it by Claimant.

4.      Also pursuant to the Operating Agreements, SEC collects revenues generated from
the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues").
The Revenues collected by SEC are to be delivered by SEC to Claimant.

5. As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the amount of $16,219.32 for Cash Call Advances paid by Claimant to SEC that were not used and/or accounted for by SEC as required by the terms of the governing operating agreements.

6. As of the Petition Date, SEC also was indebted to Claimant in the amount of $132,525.47 for revenues collected by SEC on behalf of Claimant that were improperly withheld by SEC. Such sum of $132,525.47 is composed of the following amounts: (a) the sum of $129,580.47 for unpaid revenues for production prior to the Petition Date attributable to the interest of Claimant, and (b) the sum of $2,945.00 for revenues not paid by Sklar to Pruet Production Co. ("Pruet") attributable to the interest of Claimant in the SEC operated LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11 properties (the" SEC Agency Properties"), with Pruet serving as the agent for this Claimant for purposes of receiving revenues for production in the SEC Agency Properties. To the extent Pruet's proof of claim includes Revenues owed to Claimant attributable to the SEC Agency Properties, the inclusion of the Revenues in the claims of both Claimant and Pruet is not intended to be duplicative, but instead is included out of an abundance of caution. To such extent, the claims of Pruet as to the SEC Agency Properties should be recognized.

7. In addition to the amounts stated above, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date. Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants claiming to be owed funds by SEC.

8.     Claimant continues to investigate its claims against SEC and reserves the right to amend or supplement its claim in this case.

9.     The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the SEC or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

10.    Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

11.     Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12.     Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):          **HANSON OPERATING COMPANY, INC.**

Signature:                                  *Ray Wills*

Title (If entity):                          President

4

Exhibit "A" to Addendum to Proof of Claim                    Sklar Exploration Company, LLC -Debtor
                                                             Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | |
|---|---|---|
| AEH INVESTMENTS LLC | 0.01250000 | $ 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 | $ 368.13 |
| DBC RESOURCES LP | 0.07297000 | $ 2,686.21 |
| DCOD LLC | 0.06375000 | $ 2,346.80 |
| DEDE, LLC | 0.01000000 | $ 368.13 |
| PAULA W DENLEY LLC | 0.00367500 | $ 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 | $ 98.17 |
| Duncan Family Trust-William | 0.00266667 | $ 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 | $ 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 | $ 782.27 |
| LEANNE D FORD | 0.00220500 | $ 81.17 |
| FOUR D LLC | 0.00800000 | $ 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 | $ 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 | $ 828.28 |
| GJR INVESTMENTS INC | 0.00800000 | $ 294.50 |
| HALL AND HALL LLC | 0.00367500 | $ 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 | $ 368.13 |
| DARLENE K HALL | 0.01000000 | $ 368.13 |
| HANSON OPERATING CO INC | 0.08000000 | $ 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 | $ 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 | $ 4,423.85 |
| J & A HARRIS LP | 0.08097000 | $ 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 | $ 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 | $ 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 | $ 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 | $ 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 | $ 368.13 |
| PRUET PRODUCTION CO | 0.01000000 | $ 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 | $ 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 | $ 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 | $ 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 | $ 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 | $ 567.70 |
| SUMMIT LLC | 0.00367500 | $ 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 | $ 135.29 |
| LEONARD E WILLIAMS | 0.00800000 | $ 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 | $ 73.63 |
| TOM YOUNGBLOOD | 0.02000000 | $ 736.25 |
| | 1.00000000 | $ 36,812.50 |

09/04/2020 11:06 am
Company:00SEC

**Sklar Exploration Co., L.L.C.**
**Suspense Master Listing by Owner**
Print Detail by Owner-Property-Distribution Line
Owner HANO01

Page   1

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | | Gross$ | Taxes | Other | Net Amt | Susp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HANO01 | | Hanson Operating Co. Inc.;Attn: B. Ray Willis (Pay code: 2 = $50.00 min) | | | | | | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 12/2019 | RSU06346 | 112.00 | 0.02605168 | W | 20.32 | 1 63- | 0.00 | 18.69 | L14 |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 01/2020 | RSU06346 | 81.34 | 0.02605168 | W | 108.84 | 7 37- | 10.57- | 84.70 | L14 |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.38 | 0.02605168 | W | 141.14 | 8 63- | 29.60- | 102.61 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 12/2019 | RSU06346 | 3,820.00 | 0.02605168 | W | 217.40 | 13.05- | 0.00 | 204.35 | L14 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 01/2020 | RSU06346 | 5,195.00 | 0.02605168 | W | 268.62 | 16.12- | 0.00 | 252.50 | L14 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.02605168 | W | 194.32 | 11.66- | 0.00 | 182.66 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 01/2020 | RSU06346 | 19,417.62 | 0.02605168 | W | 30,080.56 | 2,313 30- | 1,163.50- | 26,603.70 | L14 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 01/2020 | RSU0634#h | 1,892.92 | 0.02805168 | W | 2,828.78 | 228 30- | 0.00 | 2,602.48 | L14 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 16,715.59 | 0.02605169 | W | 25,481.28 | 1,948 79- | 1,121.42- | 22,411.07 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 12/2019 | RSU06346 | 35,156.00 | 0.02605168 | W | 155.89 | 9 34- | 0.00 | 146.35 | L14 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 01/2020 | RSU06346 | 26,867.00 | 0.02605168 | W | 50.28 | 3 37- | 0.00 | 52.91 | L14 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.02605168 | W | 36.10 | 2 17- | 0.00 | 33.93 | L15 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 12/2019 | RSU06346 | 18.33 | 0.01137293 | W | 1.45 | 0 11- | 0.00 | 1.34 | L14 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 01/2020 | RSU06346 | 972.91 | 0.01137293 | W | 567.28 | 38 46- | 86.55- | 442.27 | L14 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 979.02 | 0.01137293 | W | 365.95 | 23 20- | 76.95- | 265.79 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 12/2019 | RSU06346 | 214.00 | 0.01137293 | W | 5.82 | 0 45- | 0.00 | 5.17 | L14 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 01/2020 | RSU06346 | 79,454.00 | 0.01137293 | W | 1,793.44 | 143 47- | 0.00 | 1,649.97 | L14 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,956.00 | 0.01137293 | W | 1,201.84 | 96 15- | 0.00 | 1,105.69 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 01/2020 | RSU06346 | 23,369.56 | 0.01137293 | W | 15,804.20 | 1,215 43- | 611.29- | 13,977.48 | L14 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 01/2020 | RSU06346 | 3,084.34 | 0.01137293 | W | 1,999.13 | 159 93- | 0.00 | 1,839.20 | L14 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.01137293 | W | 13,809.95 | 1,056 17- | 607.77- | 12,146.01 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 12/2019 | RSU06346 | 9,036.00 | 0.01137293 | W | 11.12 | 0 89- | 0.00 | 10.23 | L14 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 01/2020 | RSU06346 | 417,725.00 | 0.01137293 | W | 159.31 | 12 74- | 0.00 | 146.57 | L14 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.01137293 | W | 257.76- | 0.00 | 0.00 | 257.76- | L15 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 09/2019 | RSU06346 | 864.45 | 0.08287500 | W | 3,780.37 | 226 82- | 0.00 | 3,553.55 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 10/2019 | RSU06346 | 2,109.32 | 0.08287500 | W | 8,557.65 | 513 46- | 0.00 | 8,044.19 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 11/2019 | RSU06346 | 1,230.59 | 0.08287500 | W | 5,208.49 | 312 51- | 0.00 | 4,895.98 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 12/2019 | RSU06346 | 1,093.30 | 0.08287500 | W | 4,844.05 | 290 64- | 0.00 | 4,553.41 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 01/2020 | RSU06346 | 1,213.97 | 0.08287500 | W | 5,161.48 | 309 69- | 0.00 | 4,851.79 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 02/2020 | PLAM0320 | 1,725.34 | 0.08287500 | W | 6,736.43 | 404 19- | 0.00 | 6,332.24 | L15 |
| 1GAR01 | OIL | Garrett etal 4-7 #1 | | 12/2017 | 1GAR01-C | 167.07 | 0.04500000 | W | 439.81 | 35 17- | 0.00 | 404.44 | L14 |
| 1MCL01 | OIL | McLeod etal 30-11 #1 | | 01/2020 | RSU06346 | 163.62 | 0.07800000 | W | 855.55 | 39 34- | 0.00 | 816.21 | L14 |
| 1MCL01 | OIL | McLeod etal 30-11 #1 | | 02/2020 | PLAM0320 | 2,774.10 | 0.07800000 | W | 10,184.09 | 611 65- | 0.00 | 9,582.44 | L15 |
| HANO01 | | **OWNER TOTAL:** | | | | | 35 | | 143,582.97 | 10,288 84- | 3,713.66- | 129,580.47 | |

| Grand Total | | | | | | 1,144,256.93 | 35 | | 143,582.97 | 10,288 84- | 3,713.66- | 129,580.47 | |

Total by Owner Balance Being Negative/Positive

| | | |
|---|---|---|
| Total Owner Positive Balance | 1 | 129,580.47 |
| Total Owner Negative Balance | 0 | 0.00 |

Sklar Exploration Co., L.L.C.
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# *Settlement Statement*

Hanson Operating Co. Inc.
Attn: B. Ray Willis
P.O. Box 1515
Roswell, NM 88202-1515



Account: HAN001

Date: 04/30/2020

**Prepaid Balance by Project:**

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|---|---|---|---|---|---|
| 1BRO04 | 309-W5 | CCL&T 4-1 #1 WI (R13E) | 773.74 | | 773.74 |
| 1BRO04 | 309-W6 | Thomasson 33-12 #1 | 219.76 | 219.76 | 0.00 |
| 1BRO04 | 309-W7 | CCL&T 35-13 #1 | 104.78 | 104.78 | 0.00 |
| 1BRO05 | 308-17 | CCL&T 2-4 #1 | 816.49 | | 816.49 |
| 1BRO05 | 308-18 | CCL&T 2-2 #1 | 2,371.88 | | 2,371.88 |
| 1BRO05 | 308-19 | CCL&T 3-2 #1 WI | 430.53 | | 430.53 |
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 174.47 | | 174.47 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 510.60 | | 510.60 |
| 1MCL01 | 300-W | McLeod et al 30-11 #1 Workover | 5,212.94 | 71.33 | 5,141.61 |
| | | **Prepaid Balance Totals:** | 10,615.19 | 395.87 | 10,219.32 |

**Summary by LEASE:**

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|---|---|---|---|---|
| | Unpaid Previous Balance | | | 18,448.87 |
| 1BRO04 | Southeast Brooklyn Oil Unit | 5,642.05 | 324.54 | 5,317.51 |
| 1BRO05 | Southwest Brooklyn Oil Unit | 3,494.78 | | 3,494.78 |
| 1FLE02 | Fleming etal 30-15 #1 | 708.37 | | 708.37 |
| 1MCL01 | McLeod etal 30-11 #1 | 1,735.92 | 71.33 | 1,664.59 |
| | Totals: | 11,581.12 | 395.87 | 29,634.12 |

PLEASE PAY THIS AMOUNT -------------------------^

Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.

From: Sklar Exploration Co., L.L.C.
To: Hanson Operating Co. Inc.

For Billing Dated 04/30/2020
Account: HANO01 Page 2

### LEASE: (1BRO04) Southeast Brooklyn Oil Unit County: CONECUH, AL

**Expenses:**

| Reference Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|
| **Lease Operating Expense** | | | | |
| *Location Preparation/Dirt Work* | | | | |
| 12220 H&H Construction, LLC- Fab, install & paint pipe gate & fence on lease road, Logan 5-7 | 1 | 2,232.00 | | |
| 12420 H&H Construction, LLC- Fab, install & paint pipe gate & fence on lease road, CCLT 3-7 | 1 | 4,500.00 | | |
| 12520 H&H Construction, LLC- Fab, install & paint pipe gate & fence on lease road, CCLT 35-13 | 1 | 7,500.00 | 14,232.00 | 527.08 |
| *Location Clean Up/Pit Closure* | | | | |
| 0808-000662 Republic Services #808 | 1 | 47.02 | | |
| 0484-000551 Republic Services #808 | 1 | 36.98 | | |
| 0808-000882 Republic Services #808 | 1 | 14.08 | 98.08 | 3.63 |
| *Engineering & Supervision* | | | | |
| EWEV0320 East West Credit Card 3.2.20 rent | 1 | 78.95 | 78.95 | 2.93 |
| *Instru/Monitoring & Automation* | | | | |
| BFT012589 Bristol, Inc.- Re-establishing comms onto Access | 1 | 4,121.91 | | |
| BFT012590 Bristol, Inc.- Correcting tank & turbine meter values | 1 | 472.50 | | |
| BFT012571 Bristol, Inc.- Replaced & programmed tank device on water tank | 1 | 390.00 | | |
| 91067704 IHS Global, Inc. | 1 | 161.36 | | |
| BARC018491 Bristol, Inc.- Zedi Access Monitoring, 3/2020 | 1 | 99.00 | | |
| BARC018503 Bristol, Inc.- Zedi Access Monitoring, 3/2020 | 1 | 99.00 | | |
| BARC018504 Bristol, Inc.- Zedi Access Monitoring, 3/2020 | 1 | 99.00 | | |
| BARC018507 Bristol, Inc.- Zedi Access Monitoring, 3/2020 | 1 | 99.00 | | |
| BARC018521 Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | 1 | 99.00 | | |
| BARC018530 Bristol, Inc.- Zedi Access Monthly Fee. 3/2020 | 1 | 99.00 | | |
| BARC018531 Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | 1 | 99.00 | | |
| BARC018533 Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | 1 | 99.00 | | |
| BARC018542 Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | 1 | 99.00 | | |
| 515703 SPL, Inc.- Troubleshoot flare meter display, CCLT 3-7 | 1 | 172.50 | | |
| 521508 SPL, Inc.- Gas sample procurement & H2S determination, 3/5/2020 | 1 | 334.10 | | |
| 515711 SPL, Inc.- Moved sales meter to flare, CCLT 35-13 | 1 | 172.50 | | |
| 515716 SPL, Inc.- Changed out orifice plate in flare, CCLT 35-13 | 1 | 360.00 | | |
| 2030020861 SPL, Inc.- Gas thru Heptanes | 1 | 365.91 | 7,441.78 | 275.60 |
| *Chemicals* | | | | |
| 910938114 Baker Hughes, a GE Company, LLC- Paraffin Inhibitor | 1 | 1,304.17 | 1,304.17 | 48.30 |
| *Company Pumping - Gauging* | | | | |
| ALPU0420 Pumper Time & Mileage-Davis/Hester/Hart/Moye/Kinsey/Hoomes/Blackman/Hinote | 1 | 19,561.26 | | |

10

From: Sklar Exploration Co., L.L.C.
To: Hanson Operating Co. Inc.

For Billing Dated 04/30/2020
Account: HANO01 Page 3

**LEASE: (1BRO04) Southeast Brooklyn Oil Unit (Continued)**
**Expenses: (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| CKTM0120 | 01-20 Pumper Time- Chris Kinsey | 1 | 1,447.05 | | |
| CKTM0220 | 02-20 Pumper Time- Chris Kinsey | 1 | 1,494.72 | | |
| CKTM0320 | 03-20 Pumper Time - Chris Kinsey | 1 | 1,521.72 | 24,024.75 | 889.76 |
| **Equipment Rentals** | | | | | |
| 1501353246 | Thompson Gas- Tank rent | 1 | 5.20 | 5.20 | 0.19 |
| **Telephone & Communications** | | | | | |
| 200310051 | Your Message Center, Inc. | 1 | 11.99 | 11.99 | 0.45 |
| **Installation of Equipment** | | | | | |
| 11820 | H&H Construction, LLC- Install of 3-phase seaparator | 1 | 670.00 | 670.00 | 24.81 |
| **Pipeline Expense** | | | | | |
| 10920 | H&H Construction, LLC- Pig pipeline | 1 | 832.00 | | |
| 11220 | H&H Construction, LLC- Pig pipelines | 1 | 728.00 | 1,560.00 | 57.77 |
| **Repairs & Maint-Surface Equip** | | | | | |
| EWCK0320 | East West Credit Card 3.2.20 Tools, oil filter | 1 | 116.16 | | |
| 143541 | Pro-Tek Field Services LLC- Level controller | 1 | 4,285.70 | | |
| 137948 | Union Oilfield Supply, Inc.- Pigs for pipeline | 1 | 119.32 | | |
| 137950 | Union Oilfield Supply, Inc.- Back pressure flare valve | 1 | 749.16 | | |
| 138037 | Union Oilfield Supply, Inc.- Back pressure valve, Flare regulator | 1 | 486.20 | | |
| 23730 | Carnley Electric Inc- Drive repair | 1 | 180.00 | | |
| 138050 | Union Oilfield Supply, Inc.- Back pressure flare regulator | 1 | 1,172.79 | | |
| 138073 | Union Oilfield Supply, Inc.- Oil filters | 1 | 178.62 | | |
| 138074 | Union Oilfield Supply, Inc.- Oil filters for VRU's | 1 | 178.62 | | |
| 98-24688 | Jimco Pumps- Parts for triplex repair | 1 | 95.40 | | |
| 23748 | Carnley Electric Inc- Adjusted casing transmitter reading | 1 | 180.00 | | |
| 774337 | The McPherson Companies, Inc.- Gear oil | 1 | 167.41 | | |
| 23768 | Carnley Electric Inc- VRU repairs, CCLT 32-9 (r13E), 4/1/20 | 1 | 180.00 | | |
| 98-24735 | Jimco Pumps- Parts to repair triplex pump, CCLT 4-1 | 1 | 723.98 | | |
| 98-24738 | Jimco Pumps- Parts to repair triplex pump, Thomasson 33-12 | 1 | 483.36 | | |
| 98-24741 | Jimco Pumps- Part to rebuild wilden pump, CCLT 3-7 | 1 | 254.40 | | |
| 23770 | Carnley Electric Inc- Tank gauge repair, CCLT 35-13, 4/2/2020 | 1 | 360.00 | | |
| WMR20-3571 | Whirlwind Methane Recovery Systems, LLC- VRU | 1 | 759.07 | | |
| 98-24759 | Jimco Pumps- Parts to repair triplex pump, Thomasson 33-12 | 1 | 1,602.72 | 12,272.91 | 454.53 |
| **Repairs & Maint/Sub-Surface Eq** | | | | | |
| 98-24732 | Jimco Pumps- Parts to repair jet pump after acid job, CCLT 35-13 | 1 | 1,515.80 | 1,515.80 | 56.14 |
| **Salt Water Disposal** | | | | | |
| 2020-03-010 | Wastewater Disposal Services, Inc.- 3/16-31/2020 | 1 | 432.00 | | |
| 80399 | S&S Construction, LLC | 1 | 540.00 | | |
| 80398 | S&S Construction, LLC | 1 | 360.00 | | |
| 80425 | S&S Construction, LLC | 1 | 380.00 | | |
| 45218 | American Remediation & | 1 | 360.00 | | |

10

From: Sklar Exploration Co., L.L.C.
To: Hanson Operating Co. Inc.

For Billing Dated 04/30/2020
Account: HANO01 Page 4

**LEASE: (1BRO04) Southeast Brooklyn Oil Unit (Continued)**
**Expenses: (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| | Environmental Inc- 3/26/2020 | | | | |
| 80417 | S&S Construction, LLC | | 630.00 | | |
| 80453 | S&S Construction, LLC- 3/30/2020 | | 540.00 | | |
| 45242 | American Remediation & Environmental Inc- 4/8/2020 | | 90.00 | | |
| 80465 | S&S Construction, LLC- CCLT 32-9 (r13) | | 360.00 | 3,672.00 | 135.99 |
| *Utilities* | | | | | |
| 613710006 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 522.50 | | |
| 613710046 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 5,150.48 | | |
| 613710050 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 5,138.22 | | |
| 613710057 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 6,217.75 | | |
| 613710063 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 429.65 | | |
| 613710064 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 6,105.68 | | |
| 613710075 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 5,720.19 | | |
| 613710076 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 4,134.70 | | |
| 613710077 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 4,866.32 | | |
| 613710078 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 5,300.94 | | |
| 613710080 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | | 380.41 | 43,966.84 | 1,628.31 |
| *Vacuum Truck* | | | | | |
| 44874 | American Remediation & Environmental Inc- Pulled tank bottoms | | 90.00 | | |
| 45218 | American Remediation & Environmental Inc- 3/26/2020 | | 90.00 | | |
| 45218 | American Remediation & Environmental Inc- 3/28/2020 | 1 | 270.00 | | |
| 80418 | S&S Construction, LLC- Clean up oil at well head | 1 | 270.00 | | |
| 80454 | S&S Construction, LLC- Clean up oil at wellhead, 4/1/20 | 1 | 180.00 | 900.00 | 33.33 |
| *Other Revenue Deductions* | | | | | |
| 0220TRAN | 02-20 Transportation Fee on 7.049 mcf @ $.50/mcf | | 3,524.50 | 3,524.50 | 130.53 |
| *COPAS Overhead* | | | | | |
| RBO38959 | Adm Overhead - Producing | 1 | 20,394.36 | 20,394.36 | 755.31 |
| | **Total Lease Operating Expense** | | | **135,673.33** | **5,024.66** |
| **Intangible Completion Costs** | | | | | |
| *Engineering & Supervision Svcs* | | | | | |
| 030420 | Kenny Copeland- Wellsite supervision, mileage | 309-W7-1 | 292.10 | 292.10 | 10.82 |
| 030420 | Kenny Copeland- Wellsite supervision, mileage | 309-W6-1 | 626.18 | 626.18 | 23.19 |
| *Transportation & Trucking* | | | | | |
| 499 | Slickline South, LLC- Crane truck | 309-W7-1 | 660.00 | 660.00 | 24.44 |
| 500 | Slickline South, LLC- Crane truck | 309-W6-1 | 660.00 | 660.00 | 24.44 |
| 501 | Slickline South, LLC- Crane truck | 309-W7-1 | 880.00 | 880.00 | 32.59 |
| 503 | Slickline South, LLC- Crane truck | 309-W6-1 | 660.00 | 660.00 | 24.45 |

From: Sklar Exploration Co., L.L.C.  
To: Hanson Operating Co. Inc.

For Billing Dated 04/30/2020  
Account: HANO01 Page 5

**LEASE: (1BRO04) Southeast Brooklyn Oil Unit (Continued)**
**Expenses: (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Logging & Wireline** | | | | | |
| 497 | Slickline South, LLC | 309-W7-1 | 5,266.40 | 5,266.40 | 195.04 |
| 498 | Slickline South, LLC | 309-W6-1 | 4,082.40 | | |
| 502 | Slickline South, LLC | 309-W6-1 | 2,220.00 | 6,302.40 | 233.41 |
| **Repairs & Maint-Surface Equip** | | | | | |
| 11620 | H&H Construction, LLC- Installing new valves | 309-W7-1 | 536.00 | 536.00 | 19.85 |
| **Vacuum Truck** | | | | | |
| 57065 | Kelley Brothers Contractors, Inc.- Transfer s/w & oil | 309-W7-1 | 427.50 | 427.50 | 15.83 |
| 80402 | S&S Construction, LLC- Pull water & oil from test tanks | 309-W6-1 | 360.00 | 360.00 | 13.33 |
| | **Total Intangible Completion Costs** | | | 16,670.58 | 617.39 |
| | **Total Expenses for LEASE** | | | 152,343.91 | 5,642.05 |

| Billing Summary by Deck/AFE | Deck 1 | 1 | 0 03703498 | 135,673.33 | 5,024.66 |
|---|---|---|---|---|---|
| | Workover | 309-W6-1 | 0 03703498 | 8,608.58 | 318.82 |
| | Workover | 309-W7-1 | 0 03703498 | 8,062.00 | 298.57 |

| LEASE Summary: | | Wrk Int | | Expenses Pre-Pmt Applied | You Owe |
|---|---|---|---|---|---|
| 1BRO04 | | 0.03703498 | | 5,642.05    324.54 | 5,317.51 |

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL**
**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| **Location Clean Up/Pit Closure** | | | | | |
| 0808-000662 | Republic Services #808 | 1 | 70.07 | | |
| 0484-000551 | Republic Services #808 | 1 | 55.11 | | |
| 0808-000662 | Republic Services #808 | 1 | 20.98 | 146.16 | 2.35 |
| **Engineering & Supervision** | | | | | |
| EWCK0320 | East West Credit Card 3.2.20 Meal | 1 | 128.26 | | |
| EWJD0320 | East West Credit Card 3.2.20 Meal | 1 | 21.37 | | |
| TM0420HD | Production Superintendent Time & Mileage - DeLeon | 1 | 4,561.67 | 4,711.30 | 75.76 |
| **Instru/Monitoring & Automation** | | | | | |
| BFT012591 | Bristol, Inc.- Troubleshoot incorrect lank value | 1 | 377.50 | | |
| BFT012572 | Bristol, Inc.- Replaced hart sentinel for tank device | 1 | 295.00 | | |
| 91067704 | IHS Global, Inc. | 1 | 322.72 | | |
| BARC018490 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | 1 | 99.00 | | |
| BARC018498 | Bristol, Inc.- Zedi Access Monitoring, 3/2020 | 1 | 99.00 | | |
| BARC018499 | Bristol, Inc.- Zedi Access Monitoring, 3/2020 | 1 | 99.00 | | |
| BARC018500 | Bristol, Inc.- Zedi Access Monitoring, 3/2020 | 1 | 693.00 | | |
| BARC018501 | Bristol, Inc.- Zedi Access Monitoring, 3/2020 | 1 | 99.00 | | |
| BARC018505 | Bristol, Inc.- Zedi Access Monitoring, 3/2020 | 1 | 99.00 | | |
| BARC018510 | Bristol, Inc.- Zedi Access Monitoring, 3/2020 | 1 | 99.00 | | |
| BARC018528 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | 1 | 99.00 | | |
| BARC018529 | Bristol, Inc.- Zedi Access Monthly Fee, | 1 | 99.00 | | |

From:  Sklar Exploration Co., L.L.C.
To:  Hanson Operating Co. Inc.

For Billing Dated 04/30/2020
Account: HANO01   Page   6

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt. | Total | Your Share |
|---|---|---|---|---|---|
| | 3/2020 | | | | |
| BARC018532 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | | 99.00 | | |
| BARC018535 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | | 99.00 | | |
| BARC018536 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | | 99.00 | | |
| BARC018537 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | | 99.00 | | |
| BARC018538 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | | 99.00 | | |
| BARC018539 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | | 99.00 | | |
| BARC018540 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | | 99.00 | | |
| BARC018541 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | | 99.00 | | |
| 521508 | SPL, Inc.- Gas sample procurement & H2S determination, 3/5/2020 | 1 | 334.05 | | |
| BFT012593 | Bristol, Inc.- Troubleshooting tank devices | 1 | 402.50 | | |
| 521509 | SPL, Inc.- Gas sample procurement & H2S determination, 3/6/2020 | 1 | 1,097.00 | | |
| 515705 | SPL, Inc.- Troubleshoot wellhead turbine. CCLT 2-4 | 1 | 227.50 | | |
| 2030020861 | SPL, Inc.- Gas thru Heptanes | 1 | 853.58 | | |
| 521510 | SPL, Inc.- Calibrated/inspected Total Flow computers | 1 | 470.00 | | |
| 521512 | SPL, Inc.- Calibrated/inspected Total Flow computers | 1 | 415.00 | 7,071.85 | 113.72 |
| **Chemicals** | | | | | |
| 910938113 | Baker Hughes, a GE Company, LLC- Petrosweet Scavenger | | 1,515.60 | | |
| 110374676 | Baker Hughes, a GE Company, LLC- Petrosweet | 1 | 6,477.68 | 7,993.48 | 128.54 |
| **Company Pumping - Gauging** | | | | | |
| ALPU0420 | Pumper Time & Mileage-Davis/Hester/Hart/Moye/Kinsey/Hoomes/Blackman/Hinote | 1 | 31,725.42 | | |
| CKTM0120 | 01-20 Pumper Time- Chris Kinsey | | 2,328.45 | | |
| CKTM0220 | 02-20 Pumper Time- Chris Kinsey | | 2,453.82 | | |
| CKTM0320 | 03-20 Pumper Time - Chris Kinsey | | 2,498.13 | 39,005.82 | 627.25 |
| **Telephone & Communications** | | | | | |
| 200310051 | Your Message Center, Inc. | 1 | 24.37 | 24.37 | 0.39 |
| **Safety & H2S Training** | | | | | |
| 10068419 | Secorp Industries- Calibrations | 1 | 723.16 | 723.16 | 11.63 |
| **Compression** | | | | | |
| 20040319 | Kodiak Gas Services, LLC- Unit terminated 4/22/2020 | | 1,178.64- | | |
| 20040322 | Kodiak Gas Services, LLC- Unit terminated 4/22/2020 | 1 | 1,406.61- | 2,585.25- | 41.58- |
| **Repairs & Maint-Surface Equip** | | | | | |
| EWCK0320 | East West Credit Card 3.2.20 Oil filter | | 18.52 | | |
| 143539 | Pro-Tek Field Services LLC- Level controller | | 4,259.54 | | |
| 137686 | Union Oilfield Supply, Inc.- Gauges & bushing | | 481.08 | | |
| 137687 | Union Oilfield Supply, Inc.- Gauges | | 179.39 | | |
| 11320 | H&H Construction, LLC- Replace bad | | 164.00 | | |

10

From: Sklar Exploration Co., L.L.C.
To: Hanson Operating Co. Inc.

For Billing Dated 04/30/2020
Account: HANO01 Page 7

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit (Continued)**
**Expenses: (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| | hammer union, 2" | | | | |
| 11420 | H&H Construction, LLC- Heater treater repairs | 1 | 536.00 | | |
| 137980 | Union Oilfield Supply, Inc.- Repairs to heater treater | 1 | 1,645.45 | | |
| 23729 | Carnley Electric Inc- Drive repair | 1 | 204.75 | | |
| 138073 | Union Oilfield Supply, Inc.- Oil filters | 1 | 302.20 | | |
| 138074 | Union Oilfield Supply, Inc.- Oil filters for VRU's | 1 | 302.20 | | |
| 98-24689 | Jimco Pumps- Parts to repair wilden pump, CCLT 34-14 | 1 | 413.40 | | |
| 23750 | Carnley Electric Inc- Repair oil level switch on triplex pump | 1 | 180.00 | | |
| 23785 | Carnley Electric Inc- Wise guy repair, CCLT 35-11, 3/29/2020 | 1 | 360.00 | | |
| 774337 | The McPherson Companies, Inc.- Gear oil | 1 | 435.26 | | |
| 0939-511401 | Consolidated Electrical Distributors Inc- Casing transmitter for electronic drive | 1 | 1,026.40 | | |
| 23767 | Carnley Electric Inc- VRU repairs, CCLT 4-2, 3/31/2020 | 1 | 360.00 | | |
| 98-24737 | Jimco Pumps- Parts to repair jet pump, Holley 1-4 | 1 | 1,593.18 | | |
| WMR20-3671 | Whirlwind Methane Recovery Systems, LLC- VRU | 1 | 1,518.15 | 13,979.52 | 224.80 |
| **Repairs & Maint/Sub-Surface Eq** | | | | | |
| 98-24734 | Jimco Pumps- Parts to repair triplex pump, CCLT 32-9 (R12e) | 1 | 793.94 | | |
| 98-24742 | Jimco Pumps- Parts to repair jet pump, CCLT 3-4 (R12e) | 1 | 254.40 | 1,048.34 | 16.86 |
| **Salt Water Disposal** | | | | | |
| 2020-03-010 | Wastewater Disposal Services, inc.- 3/16-31/2020 | 1 | 670.00 | | |
| 80395 | S&S Construction, LLC | 1 | 360.00 | | |
| 80393 | S&S Construction, LLC | 1 | 450.00 | | |
| 80422 | S&S Construction, LLC | 1 | 360.00 | | |
| 80420 | S&S Construction, LLC | 1 | 360.00 | | |
| 2020-04-005 | Wastewater Disposal Services, Inc.- 4/1-15/2020 | 1 | 337.50 | | |
| 80450 | S&S Construction, LLC- 4/3/20 | 1 | 360.00 | | |
| 45242 | American Remediation & Environmental Inc- 4/6/2020 | 1 | 360.00 | | |
| 80449 | S&S Construction, LLC- 4/5/20 | 1 | 360.00 | | |
| 80451 | S&S Construction, LLC- 4/6-7/2020 | 1 | 630.00 | | |
| 80466 | S&S Construction, LLC- CCLT 4-2 | 1 | 450.00 | | |
| 80464 | S&S Construction, LLC- 4/17-18/2020, CCLT 3-4 (r12e) | 1 | 810.00 | | |
| 80469 | S&S Construction, LLC- CCLT 33-10 (R12) | 1 | 360.00 | 5,867.50 | 94.36 |
| **Utilities** | | | | | |
| 613710033 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | 1 | 396.68 | | |
| 613710034 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | 1 | 6,252.81 | | |
| 613710036 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | 1 | 492.60 | | |
| 613710037 | Southern Pine Electric Cooperative- 2/27-3/30/2020 | 1 | 1,253.57 | | |
| 613710038 | Southern Pine Electric Cooperative- | 1 | 4,679.78 | | |

From: Sklar Exploration Co., L.L.C,.
To: Hanson Operating Co. Inc,

For Billing Dated 04/30/2020
Account: HANO01 Page 8

## LEASE: (1BRO05) Southwest Brooklyn Oil Unit (Continued)
## Expenses: (Continued)

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|-----------|-------------|----------|-------------|-------|------------|
| | 2/27-3/30/2020 | | | | |
| 613710039 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 263.20 | | |
| 613710040 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 559.63 | | |
| 613710041 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 4,828.61 | | |
| 613710042 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 623.01 | | |
| 613710043 | Southern Pine Eiectric Cooperative-2/27-3/30/2020 | 1 | 1,205.86 | | |
| 613710044 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 786.53 | | |
| 613710045 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 4,572.11 | | |
| 613710054 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 5,362.03 | | |
| 613710058 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 576.87 | | |
| 613710067 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 5,072.99 | | |
| 613710070 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 922.86 | | |
| 613710071 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 436.76 | | |
| 613710072 | Southern Pine Electric Cooperative-2/27-3/30/2020 | 1 | 6,826.83 | | |
| 613710073 | Southern Pine Eiectric Cooperative-2/27-3/30/2020 | 1 | 1,286.31 | | |
| 613710074 | Southern Pine Eiectric Cooperative-2/27-3/30/2020 | 1 | 3,173.08 | 49,572.12 | 797.15 |
| ***Vacuum Truck*** | | | | | |
| 44872 | American Remediation & Environmental Inc- Clean out bs&w lines on back of production tanks | 1 | 270.00 | | |
| 44872 | American Remediation & Environmental Inc- Transfer oil to stock tank from swt | 1 | 180.00 | | |
| 80424 | S&S Construction, LLC- Haul f/w to POT | 1 | 270.00 | | |
| 80452 | S&S Construction, LLC- Recover oil from swt, 3/28/20 | 1 | 360.00 | | |
| 45328 | American Remediation & Environmental Inc- Transfer oil to stock tanks, CCLT 35-5 | 1 | 270.00 | | |
| 80445 | S&S Construction, LLC- Haul f/w to pot 4/8/20 | 1 | 180.00 | | |
| 80446 | S&S Construction, LLC- Haul f/w to pot 4/8 | 1 | 270.00 | 1,800.00 | 28.95 |
| ***Other Revenue Deductions*** | | | | | |
| 0220TRAN | 02-20 Transportation Fee on 107,956 mcf @ $.50/mcf | 1 | 53,978.00 | 53,978.00 | 868.00 |
| ***COPAS Overhead*** | | | | | |
| RBO38960 | Adm Overhead - Producing | 1 | 33,990.60 | 33,990.60 | 546.60 |
| | **Total Lease Operating Expense** | | | 217,326.97 | 3,494.78 |

| LEASE Summary: | Wrk Int | Expenses: | You Owe |
|----------------|---------|-----------|---------|
| 1BRO05 | 0.01608073 | 3,494.78 | 3,494.78 |

From: Sklar Exploration Co., L.L.C.
To: Hanson Operating Co. Inc.

For Billing Dated 04/30/2020
Account: HANO01 Page 9

### LEASE: (1FLE02) Fleming etal 30-15 #1  County: CLARKE, MS

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Engineering & Supervision* | | | | | |
| EWJV0320 | East West Credit Card 3.2.20 Hotel, fuel & meals | 2 | 1,349.11 | 1,349.11 | 143.34 |
| *Instru/Monitoring & Automation* | | | | | |
| 91067704 | IHS Global, Inc. | 2 | 13.43 | | |
| BFT012594 | Bristol, Inc,- Ordering a Signal Fire power pack | 2 | 940.81 | 954.24 | 101.39 |
| *Chemicals* | | | | | |
| BOL1847591 | Coastal Chemical Co., LLC- Chemicals 4/17/20 | 2 | 948.03 | 948.03 | 100.73 |
| *Safety & H2S Training* | | | | | |
| 6186948-001 | Total Safety U.S., Inc.- Calibrations | 2 | 306.80 | | |
| 6186948-001 | Total Safety U.S., Inc.- Calibrations, April 2020 | 2 | 306.80 | 613.60 | 65.19 |
| *Contract Pumping/Gauging* | | | | | |
| 3629 | Heap Services LLC | 2 | 914.85 | 914.85 | 97.21 |
| *Salt Water Disposal* | | | | | |
| 151428 | Clarkco Oilfield Services, Inc.- 3/26/2020 | 2 | 246.10 | 246.10 | 26.15 |
| *Vacuum Truck* | | | | | |
| 151428 | Clarkco Oilfield Services, Inc.- 3/26/2020, Pulled cellar | 2 | 107.00 | 107.00 | 11.36 |
| *Regulatory Costs & Fees* | | | | | |
| 2020030026 | Brammer Engineering, Inc.- SPCC plans | 2 | 150.00 | 150.00 | 15.94 |
| *Maintenance Taxes* | | | | | |
| 20IN4910000 | Mississippi State Oil & Gas Board- 1/2020 | 2 | 42.49 | 42.49 | 4.52 |
| *COPAS Overhead* | | | | | |
| RBO38979 | Adm Overhead - Producing | 2 | 1,341.56 | 1,341.56 | 142.54 |
| | **Total Lease Operating Expense** | | | **6,666.98** | **708.37** |

| LEASE Summary: 1FLE02 | Wrk Int 0.10625000 | | Expenses 708.37 | You Owe 708.37 |
|---|---|---|---|---|

### LEASE: (1MCL01) McLeod etal 30-11 #1  County: CLARKE, MS

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Engineering & Supervision* | | | | | |
| EWJV0320 | East West Credit Card 3.2.20 Meals, fuel, supplies & hotel | 1 | 800.12 | 800.12 | 80.01 |
| *Instru/Monitoring & Automation* | | | | | |
| 91067704 | IHS Global, Inc. | 1 | 13.44 | | |
| BARC018523 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | 1 | 99.00 | | |
| 2030020863 | SPL, Inc.- Gas thru Heptanes | 1 | 60.00 | 172.44 | 17.25 |
| *Chemicals* | | | | | |
| BOL1847576 | Coastal Chemical Co., LLC- Chemicals 4/17/2020 | 1 | 1,106.54 | 1,106.54 | 110.65 |
| *Safety & H2S Training* | | | | | |
| 6038332-001 | Total Safety U.S., Inc.- Calibrations | 1 | 306.80 | | |
| 6038332-002 | Total Safety U.S., Inc.- Calibration, April 2020 | 1 | 306.80 | 613.60 | 61.36 |

From: Sklar Exploration Co., L.L.C.
To: Hanson Operating Co, Inc.

For Billing Dated 04/30/2020
Account: HANO01 Page 10

**LEASE: (1MCL01) McLeod etal 30-11 #1 (Continued)**
**Expenses: (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Contract Pumping/Gauging** | | | | | |
| 3629 | Heap Services LLC | 1 | 914.85 | 914.85 | 91.49 |
| **Salt Water Disposal** | | | | | |
| 151429 | Clarkco Oilfield Services, Inc. | 1 | 2,141.07 | | |
| 151426 | Clarkco Oilfield Services, Inc.- | 1 | 2,519.85 | | |
| 151478 | Clarkco Oilfield Services, Inc. | 1 | 2,182.80 | 6,843.72 | 684.37 |
| **Utilities** | | | | | |
| 08019-08123 | Mississippi Power- 2/21-3/24/2020 | 1 | 4,697.33 | 4,697.33 | 469.73 |
| **Regulatory Costs & Fees** | | | | | |
| 2020030026 | Brammer Engineering, Inc.- SPCC plans | 1 | 150.00 | 150.00 | 15.00 |
| **Maintenance Taxes** | | | | | |
| 20IN4910000 | Mississippi State Oil & Gas Board- 1/2020 | 1 | 5.74 | 5.74 | 0.57 |
| **COPAS Overhead** | | | | | |
| RBO38989 | Adm Overhead - Producing | 1 | 1,341.56 | 1,341.56 | 134.16 |
| | **Total Lease Operating Expense** | | | 16,645.90 | 1,664.59 |
| **Intangible Completion Costs** | | | | | |
| **Equipment Rentals** | | | | | |
| PN0027772 | Eastern Fishing & Rental Tools Inc- 1/29/2020 | 300-W-1 | 713.26 | 713.26 | 71.33 |
| | **Total Intangible Completion Costs** | | | 713.26 | 71.33 |
| | **Total Expenses for LEASE** | | | 17,359.16 | 1,735.92 |

| Billing Summary by Deck/AFE | | | | | |
|---|---|---|---|---|---|
| Deck 1 | | 1 | 0.10000000 | 16,645.90 | 1,664.59 |
| Workover | | 300-W-1 | 0.10000000 | 713.26 | 71.33 |

LEASE Summary:

| | Wrk Int | | Expenses | Pre-Pmt Applied | You Owe |
|---|---|---|---|---|---|
| 1MCL01 | 0.10000000 | | 1,735.92 | 71.33 | 1,664.59 |

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 97-1 | 9/29/2020 | D. GERTH |
|----------|------|-----------|----------|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000274

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Sklarco, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco Exploration Company, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12380 |

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. | Who is the current creditor? | Hanson Operating Company, Inc. |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |
| 2. | Has this claim been acquired from someone else? | ☒ No  ☐ Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** Hanson Operating Company, Inc. Name P. O. Box 1515 Number    Street Roswell          NM          88202-1515 City               State          ZIP Code Contact phone 575-622-7330 Contact email shari_hoci@dfn.com Uniform claim identifier for electronic payments in chapter 13 (if you use one): _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | **Where should payments to the creditor be sent? (if different)** Name Number    Street City               State          ZIP Code Contact phone Contact email |
| 4. | Does this claim amend one already filed? | ☒ No  ☐ Yes. Claim number on court claims registry (if known) _____   Filed on ____/____/____ MM / DD / YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☒ No  ☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$_____.    Does this amount include interest or other charges?

Unliquidated; see Addendum

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production Revenues, Cash Advance and Unliquidated damages

See Attached Addendum

**9. Is all or part of the claim secured?**

☑ No
☐ Yes.  The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                  $_____
Amount of the claim that is secured:              $_____

Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:     $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.      $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.

$ _____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  9/15/2020
                  MM / DD / YYYY

Signature  *Ray Willis*

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Ray Willis |
| | First name      Middle name      Last name |
| Title | President |
| Company | Hanson Operating Company, Inc., |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | P. O. Box 1515 |
| | Number     Street |
| | Roswell     NM     88202-1515 |
| | City     State     ZIP Code |
| Contact phone | 575-622-7330     Email rayw@dfn.com |

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.     This Addendum is incorporated into and made a part of the Proof of Claim.

2.     The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.     Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC. Based upon information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4.    Based upon further information and belief, SEC and Sklarco have made various improper transfers of funds among them and with third party affiliates. Investigations are ongoing into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5.    In addition, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled from Sklarco, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.

6.    Claimant continues to investigate its claims against Sklarco and reserves the right to amend or supplement its claim in this case.

7.    The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the Sklarco or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.    Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

9.    Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against Sklarco (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

9406003.1

3

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10. Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):     HANSON OPERATING COMPANY, INC.

Signature:     *Ray Will*

Title (If entity):     President

9406003.1

C
O
U
R
T

D
O
C
K
E
T

| 20-12380 | 15-1 | 9/29/2020 | D. GERTH |
|----------|------|-----------|----------|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

<span style="color:red">Exhibit 8</span>

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000235

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

**Official Form 410**

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Hughes 2000 CT LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Pamela A Kynerd
Name

304 Thorngate Drive
Number        Street

Brandon                MS          39042
City                   State       ZIP Code

Contact phone 801-209-3786

Contact email pkynerd@hughesnorth.com

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number        Street

_____
City            State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____
Filed on ____/____/____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? See Addendum

Official Form 410                     Proof of Claim                     page 1

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. How much is the claim? | $ _____ 99,453.09 . Does this amount include interest or other charges? <br> ☑ No <br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br> Limit disclosing information that is entitled to privacy, such as health care information. <br><br> Production revenues ($88,408.03) & Cash Advances ($11,045.06 ) <br><br> See Attached Addendum |
| 9. Is all or part of the claim secured? | ☑ No <br> ☐ Yes. The claim is secured by a lien on property. <br><br> **Nature of property:** <br><br> ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* <br> ☐ Motor vehicle <br> ☐ Other. Describe: _____ <br><br> **Basis for perfection:** _____ <br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) <br><br> Value of property: $ _____ <br> Amount of the claim that is secured: $ _____ <br><br> Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> Amount necessary to cure any default as of the date of the petition: $ _____ <br><br> Annual Interest Rate (when case was filed) _____ % <br> ☐ Fixed <br> ☐ Variable |
| 10. Is this claim based on a lease? | ☑ No <br> ☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No <br> ☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No | |
| | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier, 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment | |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/15/2020
                   MM / DD / YYYY

*Pamela A. Kynerd*
Signature

Print the name of the person who is completing and signing this claim:

| Name | Pamela A. Kynerd | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Vice President, Hughes North LLC, Manager of Claimant | | |
| Company | Hughes 2000 CT LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer | | |
| Address | 304 Thorngate Drive | | |
| | Number      Street | | |
| | Brandon | MS | 39042 |
| | City | State | ZIP Code |
| Contact phone | 601-209-3786 | Email pkynerd@hughesnorth.com | |

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

In re:                                                    Case No. 20-12377-EEB

SKLAR EXPLORATION COMPANY, LLC,

Debtor.                                                   Chapter 11

_____

In re:                                                    Case No. 20-12380-EEB

SKLARCO, LLC

Debtor.                                                   Chapter 11

                                                          **Jointly Administered Under
                                                          Case No. 20-12377-EEB**

### ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim.

2.      The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.      Pursuant to these Operating Agreements, SEC made cash calls from time to time to Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose stated in the cash call (collectively, the "Cash Call Advances"). SEC failed to properly use, account for, and/or comply with the terms of the governing operating agreements as relates to the Cash Call Advances paid to it by Claimant.

4.      Also pursuant to the Operating Agreements, SEC collects revenues generated from the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues"). The Revenues collected by SEC are to be delivered by SEC to Claimant.

5.      As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the amount of $11,045.06 for Cash Call Advances paid by Claimant to SEC that were not used and/or accounted for by SEC as required by the terms of the governing operating agreements.

6.      As of the Petition Date, SEC also was indebted to Claimant in the amount of $ 88,408.03 for revenues collected by SEC on behalf of Claimant that were improperly withheld by SEC.   Such sum of $ 88,408.03 is composed of the following amounts: (a) the sum of $ 82,631.32 for unpaid revenues for production prior to the Petition Date attributable to the interest of Claimant, and (b) the sum of $ 5,776.71 for revenues not paid by Sklar to Pruet Production Co. ("Pruet") attributable to the interest of Claimant in the SEC operated LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11 properties (the" SEC Agency Properties"), with Pruet serving as the agent for this Claimant for purposes of receiving revenues for production in the SEC Agency Properties. To the extent Pruet's proof of claim includes Revenues owed to Claimant attributable to the SEC Agency Properties, the inclusion of the Revenues in the claims of both Claimant and Pruet is not intended to be duplicative, but instead is included out of an abundance of caution. To such extent, the claims of Pruet as to the SEC Agency Properties should be recognized.

7.      In addition to the amounts stated above, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.  Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants

claiming to be owed funds by SEC.

8.     Claimant continues to investigate its claims against SEC and reserves the right to

amend or supplement its claim in this case.

9.     The filing of this Proof of Claim is not and shall not be deemed or construed as (i)

a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by

Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case

involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any

proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in

any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have

any and all final orders in any and all non-core matters or proceedings entered only after *de novo*

review by a United States District Court; (vi) a waiver of the right to withdraw the reference with

respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding

which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by

the SEC or any other debtor captioned above or any of those debtors' and including but not limited

to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any

trusts, partnerships, corporations, or other legal entity related to those parties.

10.    Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim

or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs,

expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim,

including without limitation (a) claims for post-petition interest, legal fees, and related expenses

that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of

transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

11.     Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12.     Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):          Hughes 2000 CT LLC

Signature:                                  *Pamela A. Kjneid*

Title (If entity):                          Vice President, Hughes North LLC, Manager of Hughes 2000 CT LLC

4

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 98-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |



Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Sklarco, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco Exploration Company, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12380 |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000275

**RECEIVED**

SEP 2 4 2020

LEGAL SERVICES

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **Hughes 2000 CT LLC**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Pamela A Kynerd<br>Name<br>304 Thorngate Drive<br>Number      Street<br>Brandon          MS          39042<br>City          State          ZIP Code<br><br>Contact phone 601-209-3786<br>Contact email pkynerd@hughesnorth.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>___ ___ ___ ___ ___ ___ ___ ___ ___ ___ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br>Number      Street<br>City          State          ZIP Code<br><br>Contact phone _____<br>Contact email _____ |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____          Filed on _____<br>                                                                                        MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. How much is the claim? | $_____   **Does this amount include interest or other charges?**<br>**Unliquidated; see Addendum**   ☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Production Revenues, Cash Advance and Unliquidated damages<br>See Attached Addendum |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**   $_____<br>**Amount of the claim that is secured:**   $_____<br>**Amount of the claim that is unsecured:**   $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $_____<br><br>**Annual Interest Rate (when case was filed)**_____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C § 507(a)(1)(A) or (a)(1)(B).                                    $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).          $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier, 11 U.S.C. § 507(a)(4).                                                     $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).         $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).            $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.            $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct

Executed on date   09/15/2020
                   MM / DD / YYYY

*Pamela A. Kynerd*
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Pamela A Kynerd | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Vice President, Hughes North LLC, Manager of Claimant |
|---|---|

| Company | Hughes North 2000 LLC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 304 Thorngate Drive | | |
|---|---|---|---|
| | Number      Street | | |
| | Brandon | MS | 39042 |
| | City | State | ZIP Code |

| Contact phone | 601-209-3786 | Email | pkynerd@hughesnorth.com |
|---|---|---|---|

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:                                                    Case No. 20-12377-EEB

SKLAR EXPLORATION COMPANY, LLC,

Debtor.                                                   Chapter 11

In re:                                                    Case No. 20-12380-EEB

SKLARCO, LLC

Debtor.                                                   Chapter 11

                                                          **Jointly Administered Under**
                                                          **Case No. 20-12377-EEB**

### ADDENDUM TO PROOF OF CLAIM

1.    This Addendum is incorporated into and made a part of the Proof of Claim.

2.    The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.    Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC. Based upon information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4.      Based upon further information and belief, SEC and Sklarco have made various improper transfers of funds among them and with third party affiliates. Investigations are ongoing into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5.      In addition, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled from Sklarco, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.

6.      Claimant continues to investigate its claims against Sklarco and reserves the right to amend or supplement its claim in this case.

7.      The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

2

9406003.1

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by

the Sklarco or any other debtor captioned above or any of those debtors' and including but not

limited to their principals, owners, agents, officers, directors, assigns, investors, representatives,

and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.     Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim

or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs,

expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim,

including without limitation (a) claims for post-petition interest, legal fees, and related expenses

that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of

transfers (if any) made to Claimant or any other entity, including without limitation any payments

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of

any executory contracts or unexpired leases, and (d) any other claims arising from, among others,

sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of

Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any

way, the assertion of any claim(s) made in other jurisdictions.

9.     Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is

filed without prejudice to the right of Claimant to request payment of any administrative expense

claims that it may have against Sklarco (including, without limitation, administrative expenses not

described in the claim), and Claimant reserves the right to request payment of such administrative

expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other

applicable law. Claimant further reserves any and all rights to assert claims arising from the

Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

3

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.     Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):         Hughes 2000 CT LLC

Signature:                                 *Pamela A. Kynerd*

Title (If entity):                         Vice President, Hughes North LLC, Manager for Hughes
                                           2000 CT LLC

Exhibit "A" to Addendum to Proof of Claim

Sklar Exploration Company, LLC -Debtor
Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | |
|---|---|---|
| AEH INVESTMENTS LLC | 0.01250000 | $ 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 | $ 368.13 |
| DBC RESOURCES LP | 0.07297000 | $ 2,686.21 |
| DCOD LLC | 0.06375000 | $ 2,346.80 |
| DEDE, LLC | 0.01000000 | $ 368.13 |
| PAULA W DENLEY LLC | 0.00367500 | $ 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 | $ 98.17 |
| Duncan Family Trust-William | 0.00266667 | $ 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 | $ 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 | $ 782.27 |
| LEANNE D FORD | 0.00220500 | $ 81.17 |
| FOUR D LLC | 0.00800000 | $ 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 | $ 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 | $ 828.28 |
| GJR INVESTMENTS INC | 0.00800000 | $ 294.50 |
| HALL AND HALL LLC | 0.00367500 | $ 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 | $ 368.13 |
| DARLENE K HALL | 0.01000000 | $ 368.13 |
| HANSON OPERATING CO INC | 0.08000000 | $ 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 | $ 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 | $ 4,423.85 |
| J & A HARRIS LP | 0.08097000 | $ 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 | $ 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 | $ 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 | $ 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 | $ 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 | $ 368.13 |
| PRUET PRODUCTION CO | 0.01000000 | $ 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 | $ 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 | $ 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 | $ 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 | $ 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 | $ 567.70 |
| SUMMIT LLC | 0.00367500 | $ 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 | $ 135.29 |
| LEONARD E WILLIAMS | 0.00800000 | $ 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 | $ 73.63 |
| TOM YOUNGBLOOD | 0.02000000 | $ 736.25 |
| | 1.00000000 | $ 36,812.50 |

09/02/2020 05:45 pm
Company:00SEC

**Sklar Exploration Co., L.L.C.**
**Suspense Master Listing by Owner**
**Print Detail by Owner-Property-Distribution Line**
Owner HUG201

Page   1

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | Gross$ | Taxes | Other | Net Amt | Susp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **HUG201** | | Hughes 2000 CT-LLC (Pmt code: 2 = $50.00 min) | | | | | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.39 | 0.05452420 W | 295.39 | 16.67- | 61.96- | 214.76 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.05452420 W | 406.69 | 24.40- | 0.00 | 382.29 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.05452420 W | 53,330.39 | 4,078.67- | 2,347.04- | 46,904.68 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.05452420 W | 3,702.67 | 296.21- | 0.00 | 3,406.46 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.05452420 W | 75.55 | 4.54- | 0.00 | 71.01 | L15 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 979.02 | 0.02508478 W | 809.36 | 51.17- | 169.75- | 588.44 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,958.00 | 0.02508478 W | 2,650.84 | 212.06- | 0.00 | 2,438.78 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.02508478 W | 30,460.02 | 2,329.56- | 1,340.53- | 26,789.93 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | PLAM0320 | 2,076.21 | 0.02508478 W | 2,612.50 | 209.00- | 0.00 | 2,403.50 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.02508478 W | 568.53- | 0.00 | 0.00 | 568.53- | L15 |
| | HUG201 | OWNER TOTAL: | | | | | 10 | 93,774.88 | 7,224.28- | 3,919.28- | 82,631.32 | |
| **Grand Total** | | | | | | 504,716.75 | 10 | 93,774.88 | 7,224.28- | 3,919.28- | 82,631.32 | |

Total by Owner Balance Being Negative/Positive:

| | | | |
|---|---|---|---|
| Total Owner Positive Balance | 1 | | 82,631.32 |
| Total Owner Negative Balance | 0 | | 0.00 |

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# Settlement Statement

Hughes 2000 CT LLC
PO Box 1868
Brandon, MS 39043-1868

Account: HUG201

Date: 03/31/2020

## Account: HUG201 - Statement of Account:

| Date | Reference | Description | Charges | Credits |
|------|-----------|-------------|---------|---------|
| 02/29/2020 | | Balance Forward | 14,870.75 | |
| 03/09/2020 | 10611 | Partial Payment Ck# 1269 | | (11,936.83) |
| 03/09/2020 | 10611 | Partial Payment Ck# 1269 | | (10,517.63) |
| 03/09/2020 | 10611 | Payment-Thank You! Ck# 1269 | 7,583.71 | |
| | | New Balance Forward | 0.00 | |

## Prepaid Balance by Project:

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO04 | 309-W5 | CCL&T 4-1 #1 WI (R13E) | 1,626.42 | 108.69 | 1,517.73 |
| 1BRO04 | 309-W6 | Thomasson 33-12 #1 | 7,308.12 | 6,877.02 | 431.10 |
| 1BRO04 | 309-W7 | CCL&T 35-13 #1 | 7,627.75 | 7,422.24 | 205.51 |
| 1BRO05 | 308-17 | CCL&T 2-4 #1 | 1,764.89 | 78.27 | 1,686.62 |
| 1BRO05 | 308-18 | CCL&T 2-2 #1 | 4,899.60 | | 4,899.60 |
| 1BRO05 | 308-19 | CCL&T 3-2 #1 WI | 911.32 | 21.94 | 889.38 |
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 360.39 | | 360.39 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 1,054.73 | | 1,054.73 |
| | | Prepaid Balance Totals: | 25,553.22 | 14,508.16 | 11,045.06 |

## Summary by LEASE:

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|-----------|-------------|----------|------------------|---------|
| 1BRO04 | Southeast Brooklyn Oil Unit | 27,549.06 | 14,407.95 | 13,141.11 |
| 1BRO05 | Southwest Brooklyn Oil Unit | 12,332.66 | 100.21 | 12,232.45 |
| | Totals: | 39,881.72 | 14,508.16 | 25,373.56 |

**PLEASE PAY THIS AMOUNT:**

**Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.**

From:  Sklar Exploration Co., L.L.C.
To:  Hughes 2000 CT LLC

For Billing Dated 03/31/2020
Account: HUG201  Page  2

### LEASE: (1BRO04) Southeast Brooklyn Oil Unit  County: CONECUH, AL

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| ***Survey, DOC Hearings, Permits*** | | | | | |
| 021020396 | Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 989.05 | | |
| 021020396 | Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 3,923.00 | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 1,101.97 | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 1,218.52 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 759.17 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 2,384.77 | 10,376.48 | 753.80 |
| ***Location Clean Up/Pit Closure*** | | | | | |
| 0608-000658 | Republic Services #808 | 1 | 47.10 | | |
| 0484-000545 | Republic Services #808 | 1 | 37.01 | | |
| 0608-000658 | Republic Services #808 | 1 | 14.09 | 98.20 | 7.14 |
| ***Engineering & Supervision*** | | | | | |
| TM0320HD | Production Superintendent Time and Mileage- DeLeon | 1 | 1,462.55 | 1,462.55 | 106.24 |
| ***Instru/Monitoring & Automation*** | | | | | |
| 2030020478 | SPL, Inc.- Gas thru Heptanes | 1 | 581.13 | | |
| 91037201 | IHS Global, Inc. | 1 | 160.20 | | |
| BARC017572 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017584 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017585 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017588 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017602 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017611 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017612 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017614 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017623 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| 4540 | BTech Service & Supply Inc.- Instrument technician to location to install pneumatic safety shutdown system | 1 | 4,178.61 | | |
| 91347883 | Lufkin Industries, Inc.- Replaced LWM board & loadcell cable to fix load issue on the VSD | 1 | 3,727.86 | 9,538.80 | 692.95 |
| ***Company Pumping - Gauging*** | | | | | |
| ALPU0320 | Pumper Time & Mileage 03/20 Kinsey/Hester/Hoomes/Hart/Moye/Blackman/Davis/Kinsey/Hinote | 1 | 17,400.07 | 17,400.07 | 1,284.03 |

From:  Sklar Exploration Co., L.L.C.                                    For Billing Dated 03/31/2020
To:    Hughes 2000 CT LLC                                              Account: HUG201   Page   3

**LEASE: (1BRO04) Southeast Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Telephone & Communications** | | | | | |
| 200200045 | Your Message Center, Inc. | 1 | 12.93 | 12.93 | 0.94 |
| **Installation of Equipment** | | | | | |
| 10820 | H&H Construction, LLC- Install 3-phase separator | 1 | 14,165.00 | 14,165.00 | 1,029.02 |
| **Repairs & Maint-Surface Equip** | | | | | |
| 136989 | Union Oilfield Supply, Inc.- For rust inhibitor for valves before insulating | 1 | 128.16 | | |
| 23633 | Carnley Electric Inc- Repaired wire & replaced flex to murphy | 1 | 180.00 | | |
| 23634 | Carnley Electric Inc- Replaced pressure switch on power oil pump, recalibrated transmitter at well head | 1 | 402.75 | | |
| 23635 | Carnley Electric Inc- Replaced battery on flare igniter | 1 | 386.25 | | |
| 23636 | Carnley Electric Inc- Replaced coil on flare igniter | 1 | 180.00 | | |
| 10920 | H&H Construction, LLC- Firewall built around wellhead | 1 | 1,428.00 | | |
| 137775 | Union Oilfield Supply, Inc.- Gauges for well head | 1 | 258.46 | | |
| 23694 | Carnley Electric Inc- Tank gauge repair | 1 | 180.00 | | |
| 23697 | Carnley Electric Inc- Flare igniter repair | 1 | 180.00 | | |
| 137868 | Union Oilfield Supply, Inc.- Pipeline regulators | 1 | 2,679.47 | | |
| 137890 | Union Oilfield Supply, Inc.- Redi mix cement | 1 | 169.43 | | |
| 137891 | Union Oilfield Supply, Inc.- Redi mix cement | 1 | 170.23 | | |
| I0068272 | Secorp Industries- Tubes- Nitrogen Oxide | 1 | 280.90 | | |
| 137990 | Union Oilfield Supply, Inc.- Redi Mix cement | 1 | 84.72 | | |
| 137995 | Union Oilfield Supply, Inc.- Redi Mix cement | 1 | 43.56 | | |
| 23726 | Carnley Electric Inc- Repaired igniter on flare stack | 1 | 416.45 | | |
| 0939-511316 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 0939-511321 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 515381 | SPL, Inc.- RAE pump kit | 1 | 382.87 | 7,890.05 | 573.18 |
| **Supplies** | | | | | |
| 137895 | Union Oilfield Supply, Inc.- Tape, Oil | 1 | 130.27 | | |
| 21840 | Arcadia Oilfield Supply, Inc.- Gloves, drum liners, wasp spray | 1 | 35.77 | | |
| 137993 | Union Oilfield Supply, Inc.- Gallon safety yellow, 3" paint brush | 1 | 63.20 | 229.24 | 16.65 |
| **Salt Water Disposal** | | | | | |
| 44637 | American Remediation & Environmental Inc | 1 | 360.00 | | |
| 80302 | S&S Construction, LLC | 1 | 360.00 | | |
| 80303 | S&S Construction, LLC | 1 | 360.00 | | |
| 80376 | S&S Construction, LLC | 1 | 450.00 | 1,530.00 | 111.15 |
| **Utilities** | | | | | |
| 613710006 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 485.46 | | |
| 613710046 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,483.50 | | |

From:  Sklar Exploration Co., L.L.C.  
To:  Hughes 2000 CT LLC

For Billing Dated 03/31/2020  
Account: HUG201  Page  4

**LEASE: (1BRO04) Southeast Brooklyn Oil Unit  (Continued)**  
**Expenses:  (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| 613710050 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 5,358.38 | | |
| 613710057 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 6,084.42 | | |
| 613710083 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 419.72 | | |
| 613710064 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 5,443.67 | | |
| 613710075 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 5,483.50 | | |
| 613710076 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 4,080.67 | | |
| 613710077 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 4,479.26 | | |
| 613710078 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 4,811.12 | | |
| 613710080 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 404.00 | 41,533.70 | 3,017.23 |
| **Vacuum Truck** | | | | | |
| 44582 | American Remediation & Environmental Inc | 1 | 90.00 | | |
| 44634 | American Remediation & Environmental Inc- Pulled tank bottoms | 1 | 450.00 | | |
| 44637 | American Remediation & Environmental Inc- Cleaned up oil | 1 | 180.00 | | |
| 44637 | American Remediation & Environmental Inc- Pull sump | 1 | 180.00 | | |
| 44638 | American Remediation & Environmental Inc- Pulled T/B on stock tanks, put in SWT | 1 | 90.00 | | |
| 80312 | S&S Construction, LLC- fresh water | 1 | 270.00 | | |
| 44791 | American Remediation & Environmental Inc- pulled cellar | 1 | 90.00 | | |
| 80378 | S&S Construction, LLC | 1 | 540.00 | | |
| 80372 | S&S Construction, LLC | 1 | 630.00 | 2,520.00 | 183.06 |
| **Other Revenue Deductions** | | | | | |
| CP04025883 | Pruet Production Co    12-19 | 1 | 3,749.00 | | |
| TRAN0120 | 01-20 Transportation Fee on 9,051 mcf@.50/mcf | 1 | 4,625.50 | 8,374.50 | 608.37 |
| **COPAS Overhead** | | | | | |
| RBO38905 | Adm Overhead - Producing | 1 | 19,386.24 | 19,386.24 | 1,408.32 |
| | **Total Lease Operating Expense** | | | **134,517.76** | **9,772.08** |
| **Intangible Completion Costs** | | | | | |
| **Engineering & Supervision Svcs** | | | | | |
| TM0320KC | Operations Engineer Time & Mileage- Copeland | 309-W6-1 | 3,548.03 | 3,548.03 | 257.75 |
| TM0320KC | Operations Engineer Time & Mileage- Copeland | 309-W7-1 | 8,681.35 | 8,681.35 | 630.65 |
| **Coil Tubing Unit** | | | | | |
| 90079456 | NexTier Completion Solutions, Inc. | 309-W7-1 | 57,208.66 | 57,208.66 | 4,155.80 |
| 90081582 | NexTier Completion Solutions, Inc. | 309-W6-1 | 62,365.06 | 62,365.06 | 4,530.52 |
| **Equipment Rentals** | | | | | |
| PN0026832 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 309-W5-1 | 840.00 | | |
| PN0027604 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 309-W5-1 | 624.00 | 1,464.00 | 106.36 |
| PN0027605 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 309-W4-1 | 624.00 | 624.00 | 45.33 |
| 3165021 | Oil States Energy Services, LLC | 309-W7-1 | 805.71 | 805.71 | 58.53 |

From: Sklar Exploration Co., L.L.C.
To: Hughes 2000 CT LLC

For Billing Dated 03/31/2020
Account: HUG201   Page   5

**LEASE: (1BRO04) Southeast Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| 3165022 | Oil States Energy Services, LLC | 1 | 875.26 | 875.26 | 63.58 |
| **Production Testing** | | | | | |
| PN0027602 | Eastern Fishing & Rental Tools Inc- Well test 3/11-13/2020 | 309-W7-1 | 26,079.12 | 26,079.12 | 1,894.53 |
| PN0027643 | Eastern Fishing & Rental Tools Inc- Well test | 309-W6-1 | 21,024.58 | 21,024.58 | 1,527.33 |
| **Installation of Well Equipment** | | | | | |
| 910627362 | Baker Hughes, a GE Company, LLC- DST | 309-2 | 2,147.00 | 2,147.00 | 155.97 |
| **Swabbing Unit** | | | | | |
| 18287 | Pitts Swabbing Service, Inc.- 3/12-14/2020 | 309-W7-1 | 5,870.00 | 5,870.00 | 426.43 |
| 18286 | Pitts Swabbing Service, Inc.- 3/14-15/2020 | 309-W6-1 | 4,470.00 | 4,470.00 | 324.72 |
| **Vacuum Truck** | | | | | |
| 80377 | S&S Construction, LLC- f/w for coil tubing job | 309-W7-1 | 990.00 | 990.00 | 71.92 |
| 80369 | S&S Construction, LLC- f/w for coil tubing job | 309-W6-1 | 720.00 | 720.00 | 52.31 |
| **Sales/Use Tax** | | | | | |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 309-W5-1 | 32.13 | 32.13 | 2.33 |
| **COPAS Overhead** | | | | | |
| ROL0320 | Rig on location - Thomasson 33-12 #1 | 309-W6-1 | 2,538.16 | 2,538.16 | 184.39 |
| ROL0320 | Rig on location - CCL&T 35-13 #1 | 309-W7-1 | 2,538.16 | 2,538.16 | 184.38 |
| | **Total Intangible Completion Costs** | | | 201,979.22 | 14,672.83 |
| **Tangible Completion Costs** | | | | | |
| **Surface Artificial Lift Equip** | | | | | |
| RW1063 | Transfer one SPOC Automation Jet Pump Package from Inventory to SEB OU (CCL&T 4-1 #1, R13E) | 1 | 26,227.33 | 26,227.33 | 1,905.29 |
| **Surface Production Equipment** | | | | | |
| 143321 | Pro-Tek Field Services LLC- Vertical Separator | 1 | 10,084.75 | 10,084.75 | 732.61 |
| **Flowlines, Fittings, Connects** | | | | | |
| 137759 | Union Oilfield Supply, Inc.- Non-controlled | 1 | 6,418.12 | 6,418.12 | 466.25 |
| | **Total Tangible Completion Costs** | | | 42,730.20 | 3,104.15 |

| | | | | Total Expenses for LEASE | 379,227.18 | 27,549.06 |
|---|---|---|---|---|---|---|

| Billing Summary by Deck/AFE | | | | | |
|---|---|---|---|---|---|
| Billing Summary by Deck/AFE | Deck 1 | 1 | 0.07264526 | 178,123.22 | 12,939.81 |
| | ACP | 309-2 | 0.07264526 | 2,147.00 | 155.97 |
| | Workover | 309-W4-1 | 0.07264526 | 624.00 | 45.33 |
| | Workover | 309-W5-1 | 0.07264526 | 1,496.13 | 108.69 |
| | Workover | 309-W6-1 | 0.07264526 | 94,665.83 | 6,877.02 |
| | Workover | 309-W7-1 | 0.07264526 | 102,171.00 | 7,422.24 |

| LEASE Summary: | Wrk Int | | Expenses | Pre-Pmt Applied | You Owe |
|---|---|---|---|---|---|
| 1BRO04 | 0.07264526 | | 27,549.06 | 14,407.95 | 13,141.11 |

From: Sklar Exploration Co., L.L.C.
To: Hughes 2000 CT LLC

For Billing Dated 03/31/2020
Account: HUG201  Page  6

### LEASE: (1BRO05) Southwest Brooklyn Oil Unit  County: CONECUH, AL

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Survey, DOC Hearings, Permits* | | | | | |
| 021020396 | Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 3,997.63 | | |
| 021020396 | Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 802.53 | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 4,679.53 | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 492.21 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 3,082.89 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 824.80 | 13,879.59 | 461.06 |
| *Location Preparation/Dirt Work* | | | | | |
| 23720 | Camley Electric Inc- Installation of electrical gate | 1 | 2,200.00 | 2,200.00 | 73.08 |
| *Location Clean Up/Pit Closure* | | | | | |
| 0808-000658 | Republic Services #808 | 1 | 68.82 | | |
| 0484-000545 | Republic Services #808 | 1 | 54.21 | | |
| 0808-000658 | Republic Services #808 | 1 | 20.64 | 143.67 | 4.77 |
| **Engineering & Supervision** | | | | | |
| TM0320HD | Production Superintendent Time and Mileage- DeLeon | 1 | 2,870.27 | | |
| TM0320RW | Engineer Time - West | 1 | 240.96 | 3,111.23 | 103.35 |
| **Instru/Monitoring & Automation** | | | | | |
| 2030020478 | SPL, Inc.- Gas thru Heptanes | 1 | 1,549.51 | | |
| 91037201 | IHS Global, Inc. | 1 | 320.40 | | |
| BARC017571 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017577 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017580 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017581 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 693.00 | | |
| BARC017582 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017586 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017591 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017609 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017610 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017613 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017616 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017617 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017618 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017619 | Bristol, Inc.- Zedi Access Monthly Fee | 1 | 99.00 | | |

From: Sklar Exploration Co., L.L.C.
To:    Hughes 2000 CT LLC

For Billing Dated 03/31/2020
Account: HUG201   Page   7

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| | 2/2020 | | | | |
| BARC017820 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017821 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017822 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| 510651 | SPL, Inc.- Install Total Flow on flare | 1 | 227.50 | | |
| 510652 | SPL, Inc.- Troubleshoot flare meter | 1 | 360.00 | | |
| 510655 | SPL, Inc.- Calibrated Total Flows | 1 | 447.50 | 5,181.91 | 172.13 |
| **Chemicals** | | | | | |
| 910862879 | Baker Hughes, a GE Company, LLC- Petrosweet Scavenger | 1 | 2,273.70 | | |
| 910864464 | Baker Hughes, a GE Company, LLC- Corrosion Inhibitor, Petrosweet Scavenger | 1 | 1,471.93 | | |
| 910864490 | Baker Hughes, a GE Company, LLC- Paraffin Inhibitor | 1 | 1,341.08 | | |
| 910904963 | Baker Hughes, a GE Company, LLC- Corrosion Inhibitor, Petrosweet Scavenger | 1 | 3,718.37 | | |
| 910904965 | Baker Hughes, a GE Company, LLC- Petrosweet Scavenger | 1 | 772.20 | 9,577.28 | 318.14 |
| **Company Pumping - Gauging** | | | | | |
| ALPU0320 | Pumper Time & Mileage 03/20 Kinsey/Hester/Hoomes/Hart/Moye/Blackman/Davis/Kinsey/Hinote | 1 | 28,565.14 | 28,565.14 | 948.88 |
| **Telephone & Communications** | | | | | |
| 200200045 | Your Message Center, Inc. | 1 | 24.39 | 24.39 | 0.81 |
| **Safety & H2S Training** | | | | | |
| I0067982 | Secorp Industries- Calibrations | 1 | 636.16 | 636.16 | 21.14 |
| **Compression** | | | | | |
| 20030149 | Kodiak Gas Services, LLC- 4/2020 | 1 | 3,981.03 | 3,981.03 | 132.24 |
| **Repairs & Maint-Surface Equip** | | | | | |
| 137353 | Union Oilfield Supply, Inc.- Ball valves, nipples | 1 | 266.31 | | |
| 23632 | Carnley Electric Inc- Installed auto restart of triplex pump on high low discharge pressure & hooked up | 1 | 360.00 | | |
| 137611 | Union Oilfield Supply, Inc.- Hammer unions, nipples | 1 | 138.61 | | |
| 23660 | Carnley Electric Inc- Replaced blown fuse on power board | 1 | 360.00 | | |
| 98-24560 | Jimco Pumps- Parts for Triplex repairs | 1 | 1,876.20 | | |
| 137700 | Union Oilfield Supply, Inc.- Drager tubes for H2S | 1 | 1,195.15 | | |
| 137708 | Union Oilfield Supply, Inc.- Oil dump repair kits | 1 | 257.11 | | |
| 23700 | Carnley Electric Inc- Assisted w/ repair of reader pump, power board, blown fuse | 1 | 360.00 | | |
| 137774 | Union Oilfield Supply, Inc.- Parts for Triplex | 1 | 65.32 | | |
| 23693 | Carnley Electric Inc- Tank gauge repair | 1 | 180.00 | | |
| 0939-511022 | Consolidated Electrical Distributors Inc- Tank batteries | 1 | 169.40 | | |
| 137825 | Union Oilfield Supply, Inc.- Nipples & valves for production equipment | 1 | 207.93 | | |
| 23695 | Carnley Electric Inc- VRU repair | 1 | 180.00 | | |

From: Sklar Exploration Co., L.L.C.  
To: Hughes 2000 CT LLC

For Billing Dated 03/31/2020  
Account: HUG201 Page 8

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit (Continued)**  
**Expenses: (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| 151227 | Process Piping Materials, Inc.- Enardo ES 900 Stack Vent 4" | 1 | 14,212.70 | | |
| 0939-511208 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 0939-511209 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 0939-511210 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 0939-511211 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 23707 | Carnley Electric Inc- Replaced transmitter, pressure switch | 1 | 438.75 | | |
| 0939-511263 | Consolidated Electrical Distributors Inc- Parts for electrical gate | 1 | 536.24 | | |
| 0939-511319 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 23722 | Carnley Electric Inc- Repaired VRU | 1 | 180.00 | | |
| 23723 | Carnley Electric Inc- VRU | 1 | 180.00 | | |
| 0939-511320 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 515381 | SPL, Inc.- RAE pump kit | 1 | 765.75 | 22,605.07 | 750.90 |
| **Repairs & Maint/Sub-Surface Eq** | | | | | |
| 910865125 | Baker Hughes, a GE Company, LLC- DST | 1 | 6,067.48 | 6,067.48 | 201.55 |
| **Supplies** | | | | | |
| 21840 | Arcadia Oilfield Supply, Inc.- Gloves, drum liners, wasp spray | 1 | 52.44 | 52.44 | 1.74 |
| **Salt Water Disposal** | | | | | |
| 44637 | American Remediation & Environmental Inc | 1 | 360.00 | | |
| 2020-02-006 | Wastewater Disposal Services, Inc.- 2/16-29/2020 | 1 | 665.00 | | |
| 80309 | S&S Construction, LLC | 1 | 810.00 | | |
| 80305 | S&S Construction, LLC | 1 | 360.00 | | |
| 80299 | S&S Construction, LLC | 1 | 380.00 | | |
| 2020-03-005 | Wastewater Disposal Services, Inc.- 3/1-15/2020 | 1 | 955.00 | | |
| 80305 | S&S Construction, LLC | 1 | 360.00 | | |
| 80307 | S&S Construction, LLC | 1 | 360.00 | | |
| 80310 | S&S Construction, LLC | 1 | 540.00 | | |
| 80374 | S&S Construction, LLC | 1 | 360.00 | | |
| 80371 | S&S Construction, LLC | 1 | 360.00 | 5,490.00 | 182.37 |
| **Utilities** | | | | | |
| 613710033 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 220.33 | | |
| 613710034 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 5,859.63 | | |
| 613710036 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 525.27 | | |
| 613710037 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 1,254.22 | | |
| 613710038 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,234.43 | | |
| 613710039 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 270.41 | | |
| 613710040 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 574.16 | | |
| 613710041 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,303.59 | | |

From: Sklar Exploration Co., L.L.C.  
To: Hughes 2000 CT LLC

For Billing Dated 03/31/2020  
Account: HUG201   Page   9

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit   (Continued)**  
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| 613710042 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 648.67 | | |
| 613710043 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 838.00 | | |
| 613710044 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 645.33 | | |
| 613710045 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,009.81 | | |
| 613710054 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,576.36 | | |
| 613710058 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 369.51 | | |
| 613710067 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,456.52 | | |
| 613710070 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 956.68 | | |
| 613710071 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 699.16 | | |
| 613710072 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 6,109.45 | | |
| 613710073 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 649.03 | | |
| 613710074 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 2,834.37 | 44,034.93 | 1,462.76 |
| **Vacuum Truck** | | | | | |
| 44634 | American Remediation & Environmental Inc- f/w | 1 | 360.00 | | |
| 80308 | S&S Construction, LLC- Transfer oil | 1 | 180.00 | | |
| 80304 | S&S Construction, LLC- Pulled sump | 1 | 180.00 | | |
| 44639 | American Remediation & Environmental Inc- pulled sump, cleaned slab | 1 | 90.00 | | |
| 44790 | American Remediation & Environmental Inc- Clean slab | 1 | 180.00 | | |
| 44790 | American Remediation & Environmental Inc- Clean slab | 1 | 90.00 | | |
| 80304 | S&S Construction, LLC- Pulled sump, washed down slab | 1 | 270.00 | | |
| 44791 | American Remediation & Environmental Inc- pulled h/t for valve replacement | 1 | 270.00 | | |
| 80370 | S&S Construction, LLC- Pulled bottoms | 1 | 90.00 | 1,710.00 | 56.80 |
| **Other Revenue Deductions** | | | | | |
| CP04025687 | Pruet Production Co     12-19 | 1 | 297.50 | | |
| TRAN0120 | 01-20 Transportation Fee on 136,551 mcf@.50/mcf | 1 | 68,275.50 | 68,573.00 | 2,277.88 |
| **COPAS Overhead** | | | | | |
| RBO38906 | Adm Overhead - Producing | 1 | 32,310.40 | 32,310.40 | 1,073.29 |
| | **Total Lease Operating Expense** | | | **248,143.72** | **8,242.89** |
| **Intangible Completion Costs** | | | | | |
| **Location Clean Up** | | | | | |
| TM0320RW | Engineer Time - West | 1 | 481.92 | 481.92 | 16.01 |
| **Equipment Rentals** | | | | | |
| PN0027603 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 308-16-1 | 1,040.00 | 1,040.00 | 34.55 |
| PN0027606 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 308-19-1 | 624.00 | 624.00 | 20.72 |
| PN0027607 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 308-17-1 | 624.00 | 624.00 | 20.73 |

From: Sklar Exploration Co., L.L.C.
To: Hughes 2000 CT LLC

For Billing Dated 03/31/2020
Account: HUG201 Page 10

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit (Continued)**
**Expenses: (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| *Transportation & Trucking* | | | | | |
| 3912 | Davis Hot Shot Service, LLC- Hauled equipment | 308-17-1 | 1,700.00 | 1,700.00 | 58.47 |
| *Sales/Use Tax* | | | | | |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 308-16-1 | 48.20 | 48.20 | 1.60 |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 308-19-1 | 36.69 | 36.69 | 1.22 |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 308-17-1 | 32.12 | 32.12 | 1.07 |
| | **Total Intangible Completion Costs** | | | 4,586.93 | 152.37 |
| **Tangible Completion Costs** | | | | | |
| *Surface Production Equipment* | | | | | |
| RW1062 | Transfer 24" x 7'6" 125# 2 phase separator from inventory to SWB OU (CCL&T 33-10 #1) | 1 | 12,663.27 | | * |
| RW1062 | Transfer one 6' x 20' 125# vertical heater treater from inventory to SWB OU (CCL&T 33-10 #1) | 1 | 44,100.76 | | |
| RW1080 | Transfer one Oilfield Service & Supply 20" Flare Separator from inventory to SWB OU (CCL&T 3-4 #1, R12E) | 1 | 4,653.00 | | |
| RW1081 | Transfer one Oilfield Service & Supply 20" Flare Separator from inventory to SWB OU (CCL&T 4-2 #1) | 1 | 4,653.00 | 66,070.03 | 2,194.73 |
| *Tank Battery InstallationCosts* | | | | | |
| RW1078 | Transfer one 500 bbl Welded Steel Power Oil Tank from inventory to SWB OU (CCL&T 35-15 #1) | 1 | 20,395.76 | 20,395.76 | 677.51 |
| *Flowlines, Fittings, Connects* | | | | | |
| RW1074 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 33-6 #1) | 1 | 1,635.87 | | |
| RW1075 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 33-12 #1) | 1 | 1,635.87 | | |
| RW1076 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 4-2 #1) | 1 | 1,635.87 | | |
| RW1077 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 34-14 #1) | 1 | 1,635.86 | 6,543.47 | 217.36 |
| *Electrical & Control Systems* | | | | | |
| RW1072 | Transfer one 12 Volt Solar Panel Kit w/50' LP Hose from inventory to SWBOU (CCL&T 33-6 #1) | 1 | 12,761.06 | | |
| RW1073 | Transfer one 12 Volt Solar Panel Kit w/50' LP Hose from inventory to SWBOU (CCL&T 33-12 #1) | 1 | 12,761.05 | 25,522.11 | 847.80 |
| | **Total Tangible Completion Costs** | | | 118,531.37 | 3,937.40 |
| | **Total Expenses for LEASE** | | | 371,262.02 | 12,332.66 |

| From: | Sklar Exploration Co., L.L.C. | | | | For Billing Dated 03/31/2020 |
|---|---|---|---|---|---|
| To: | Hughes 2000 CT LLC | | | | Account: HUG201   Page   11 |

**LEASE: (1BRO05)  Southwest Brooklyn Oil Unit   (Continued)**

| Billing Summary | Deck 1 | | 1 | 0.03321821 | 367,157.01 | 12,196.30 |
|---|---|---|---|---|---|---|
| by Deck/AFE | Workover | | 308-16-1 | 0.03321821 | 1,088.20 | 36.15 |
| | Workover | | 308-17-1 | 0.03321821 | 2,356.12 | 78.27 |
| | Workover | | 308-19-1 | 0.03321821 | 680.69 | 21.94 |

| LEASE Summary: | | Wrk Int | | | Expenses | Pre-Pmt Applied | You Owe |
|---|---|---|---|---|---|---|---|
| 1BRO05 | | 0.03321821 | | | 12,332.66 | 100.21 | 12,232.45 |

C

O

U

R

T

D

O

C

K

E

T

| 20-12380 | 16-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

Exhibit 9

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000201

RECEIVED

SEP 2 5 2020

LEGAL SERVICES

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Joyco Investments, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Joyco Investments, LLC
Name

P. O. Box 2104
Number     Street

Roswell          NM     88202-2104
City       State     ZIP Code

Contact phone 575-622-7330

Contact email shari_hoci@dfn.com

Where should payments to the creditor be sent? (if different)

Name _____

Number     Street _____

City       State     ZIP Code _____

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?** $_____ 22,699.50 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production revenues ($21,214.89) and Cash Advances ($1,484.61)

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:**

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/16/2020
                   MM / DD / YYYY

*Ray Willis*
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Ray Willis | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | President, Hanson Operating Company, Inc. as Managing Member | | |
| Company | Joyco Investments, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P. O. Box 2104 | | |
| | Number          Street | | |
| | Roswell | NM | 88202-2104 |
| | City | State | ZIP Code |
| Contact phone | 575-622-7330 | Email  rayw@dfn.com | |

Official Form 410                    Proof of Claim                    page 3

09/04/2020  11:06 am
Company:00SEC

Sklar Exploration Co., L.L.C.
Suspense Master Listing by Owner
Print Detail by Owner-Property-Distribution Line
Owner JOYI01

Page    1

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | | Gross$ | Taxes | Other | Net Amt | Susp |
|----------|-----|---------------|------|----------|--------|---------|----------|--|--------|-------|-------|---------|------|
| **JOYI01** | | **JOYCO Investments, LLC** (Pay code: 1 = $25.00 min) | | | | | | | | | | | |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 09/2019 | RSU06345 | 864.45 | 0.04143750 | W | 1,890.19 | 113.42- | 0.00 | 1,776.77 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 10/2019 | RSU06345 | 2,109.32 | 0.04143750 | W | 4,278.82 | 256.73- | 0.00 | 4,022.09 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 11/2019 | RSU06345 | 1,230.59 | 0.04143750 | W | 2,604.24 | 156.26- | 0.00 | 2,447.98 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 12/2019 | RSU06345 | 1,093.30 | 0.04143750 | W | 2,422.02 | 145.32- | 0.00 | 2,276.70 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 01/2020 | RSU06345 | 1,213.97 | 0.04143750 | W | 2,580.74 | 154.84- | 0.00 | 2,425.90 | L14 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 02/2020 | PLAM0320 | 1,725.34 | 0.04143750 | W | 3,368.21 | 202.09- | 0.00 | 3,166.12 | L15 |
| 1MCL01 | OIL | McLeod etal 30-11 #1 | | 01/2020 | RSU06345 | 163.82 | 0.03900000 | W | 327.77 | 19.66- | 0.00 | 308.11 | L15 |
| 1MCL01 | OIL | McLeod etal 30-11 #1 | | 02/2020 | PLAM0320 | 2,774.10 | 0.03900000 | W | 5,097.04 | 305.82- | 0.00 | 4,791.22 | L15 |
| | | JOYI01 | | OWNER TOTAL: | | | 8 | | 22,569.03 | 1,354.14- | 0.00 | 21,214.89 | |

| Grand Total | 11,174.89 | 8 | 22,569.03 | 1,354.14- | 0.00 | 21,214.89 |
|-------------|-----------|---|-----------|-----------|------|-----------|

Total by Owner Balance Being Negative/Positive:

| | | | | |
|--|--|--|--|--|
| Total Owner Positive Balance | 1 | | 21,214.89 |
| Total Owner Negative Balance | 0 | | 0.00 |

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# *Settlement Statement*

JOYCO Investments, LLC
P. O. Box 2104
Roswell, NM 88202

Account: JOYI01

Date: 04/30/2020

**Prepaid Balance by Project:**

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1MCL01 | 300-W | McLeod et al 30-11 #1 Workover | 1,520.27 | 35.66 | 1,484.61 |

**Summary by LEASE:**

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|-----------|-------------|----------|------------------|---------|
| | Unpaid Previous Balance | | | 2,913.89 |
| 1FLE02 | Fleming etal 30-15 #1 | 354.18 | | 354.18 |
| 1MCL01 | McLeod etal 30-11 #1 | 867.96 | 35.66 | 832.30 |
| | Totals: | 1,222.14 | 35.66 | 4,100.37 |

**PLEASE PAY THIS AMOUNT ----------------------^**

Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.

3

From:   Sklar Exploration Co., L.L.C.
To:   JOYCO Investments, LLC

For Billing Dated 04/30/2020
Account: JOYI01   Page   2

## LEASE: (1FLE02)  Fleming etal 30-15 #1   County: CLARKE, MS

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Engineering & Supervision* | | | | | |
| EWJV0320 | East West Credit Card 3.2.20 Hotel, fuel & meals | 2 | 1,349.11 | 1,349.11 | 71.67 |
| *Instru/Monitoring & Automation* | | | | | |
| 91067704 | IHS Global, Inc. | 2 | 13.43 | | |
| BFT012594 | Bristol, Inc.- Ordering a Signal Fire power pack | 2 | 940.81 | 954.24 | 50.70 |
| *Chemicals* | | | | | |
| BOL1847591 | Coastal Chemical Co., LLC- Chemicals 4/17/20 | 2 | 948.03 | 948.03 | 50.36 |
| *Safety & H2S Training* | | | | | |
| 6186948-001 | Total Safety U.S., Inc.- Calibrations | 2 | 306.80 | | |
| 6186948-001 | Total Safety U.S., Inc.- Calibrations, April 2020 | 2 | 306.80 | 613.60 | 32.60 |
| *Contract Pumping/Gauging* | | | | | |
| 3629 | Heap Services LLC | 2 | 914.85 | 914.85 | 48.60 |
| *Salt Water Disposal* | | | | | |
| 151428 | Clarkco Oilfield Services, Inc.- 3/26/2020 | 2 | 246.10 | 246.10 | 13.07 |
| *Vacuum Truck* | | | | | |
| 151428 | Clarkco Oilfield Services, Inc.- 3/26/2020, Pulled cellar | 2 | 107.00 | 107.00 | 5.69 |
| *Regulatory Costs & Fees* | | | | | |
| 2020030026 | Brammer Engineering, Inc.- SPCC plans | 2 | 150.00 | 150.00 | 7.97 |
| *Maintenance Taxes* | | | | | |
| 20IN4910000 | Mississippi State Oil & Gas Board- 1/2020 | 2 | 42.49 | 42.49 | 2.25 |
| *COPAS Overhead* | | | | | |
| RBO38979 | Adm Overhead - Producing | 2 | 1,341.56 | 1,341.56 | 71.27 |
| **Total Lease Operating Expense** | | | | **6,666.98** | **354.18** |

| LEASE Summary:<br>1FLE02 | Wrk Int<br>0.05312500 | Expenses<br>354.18 | You Owe<br>354.18 |
|---|---|---|---|

## LEASE: (1MCL01)  McLeod etal 30-11 #1   County: CLARKE, MS

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Engineering & Supervision* | | | | | |
| EWJV0320 | East West Credit Card 3.2.20 Meals, fuel, supplies & hotel | 1 | 800.12 | 800.12 | 40.01 |
| *Instru/Monitoring & Automation* | | | | | |
| 91067704 | IHS Global, Inc. | 1 | 13.44 | | |
| BARC018523 | Bristol, Inc.- Zedi Access Monthly Fee, 3/2020 | 1 | 99.00 | | |
| 2030020863 | SPL, Inc.- Gas thru Heptanes | 1 | 60.00 | 172.44 | 8.62 |
| *Chemicals* | | | | | |
| BOL1847578 | Coastal Chemical Co., LLC- Chemicals 4/17/20 | 1 | 1,106.54 | 1,106.54 | 55.33 |
| *Safety & H2S Training* | | | | | |
| 6038332-001 | Total Safety U.S., Inc.- Calibrations | 1 | 306.80 | | |
| 6038332-002 | Total Safety U.S., Inc.- Calibration, April 2020 | 1 | 306.80 | 613.60 | 30.68 |

3

From:  Sklar Exploration Co., L.L.C.
To:    JOYCO Investments, LLC

For Billing Dated 04/30/2020
Account: JOYI01    Page    3

**LEASE: (1MCL01)  McLeod etal 30-11 #1    (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Contract Pumping/Gauging** | | | | | |
| 3629 | Heap Services LLC | 1 | 914.85 | 914.85 | 45.74 |
| **Salt Water Disposal** | | | | | |
| 151429 | Clarkco Oilfield Services, Inc. | 1 | 2,141.07 | | |
| 151426 | Clarkco Oilfield Services, Inc.- | 1 | 2,519.85 | | |
| 151478 | Clarkco Oilfield Services, Inc. | 1 | 2,182.80 | 6,843.72 | 342.18 |
| **Utilities** | | | | | |
| 08019-06123 | Mississippi Power- 2/21-3/24/2020 | 1 | 4,697.33 | 4,697.33 | 234.87 |
| **Regulatory Costs & Fees** | | | | | |
| 2020030026 | Brammer Engineering, Inc.- SPCC plans | 1 | 150.00 | 150.00 | 7.50 |
| **Maintenance Taxes** | | | | | |
| 20IN4910000 | Mississippi State Oil & Gas Board- 1/2020 | 1 | 5.74 | 5.74 | 0.29 |
| **COPAS Overhead** | | | | | |
| RBO38989 | Adm Overhead - Producing | 1 | 1,341.56 | 1,341.56 | 67.08 |
| | **Total Lease Operating Expense** | | | 16,645.90 | 832.30 |
| **Intangible Completion Costs** | | | | | |
| **Equipment Rentals** | | | | | |
| PN0027772 | Eastern Fishing & Rental Tools Inc- 1/29/2020 | 300-W-1 | 713.26 | 713.26 | 35.66 |
| | **Total Intangible Completion Costs** | | | 713.26 | 35.66 |
| | **Total Expenses for LEASE** | | | 17,359.16 | 867.96 |

| Billing Summary by Deck/AFE | | | | | |
|---|---|---|---|---|---|
| | Deck 1 | 1 | 0.05000000 | 16,645.90 | 832.30 |
| | Workover | 300-W-1 | 0.05000000 | 713.26 | 35.66 |

| LEASE Summary: 1MCL01 | Wrk Int 0.05000000 | | Expenses 867.96 | Pre-Pmt Applied 35.66 | You Owe 832.30 |
|---|---|---|---|---|---|

3



JOYCO Investments, LLC
P. O. Box 2104
Roswell, NM 88202-2104



CERTIFIED MAIL

7014 2870 0001 9256 7012



UNITED STATES POSTAGE

$ 008.00⁰

PITNEY BOWES

02 1P
0001844778   SEP 22 2020
MAILED FROM ZIP CODE 88201

RECEIVED

SEP 2 5 2020

LEGAL SERVICES

**First Class Mail**

Sklar Exploration Company, LLC
Claims Processing Center
C/o Epiq Corporate Restructuring, LLC
P. O. Box 4421
Beaverton, OR 97076-4421



**COPY**

**Document Control**

**Exhibit 10**

Fill in this information to identify the case:

Debtor 1    Sklar Exploration Company, LLC

Debtor 2    Sklarco, LLC
(Spouse, if filing)

United States Bankruptcy Court for the:    District of Colorado

Case number    20-12377

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR            0000000237

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

## Official Form 410
# Proof of Claim                                                                04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to
make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any
documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments,
mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available,
explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

**1. Who is the current creditor?**    Pam Lin Corporation
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**    ☑ No
☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name    Pam Lin Corporation

Number    Street    PO Box 50635

City    Midland    State    TX    ZIP Code    79710

Contact phone    214-697-5436

Contact email    cclark@crownquest.com

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City    State    ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**    ☑ No
☐ Yes.  Claim number on court claims registry (if known) _____
Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**    ☑ No
☐ Yes.  Who made the earlier filing?  See Addendum

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $_____8,428.09. Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production revenues ($8,299.66) and Cash Advances ($ 128.43)

See Attached Addendum

**9. Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/15/2020
                   MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Michael Craig Clark |
| | First name            Middle name            Last name |
| Title | President |
| Company | Pam Lin Corporation |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | PO Box 50635 |
| | Number      Street |
| | Midland                          TX         79710 |
| | City                             State      ZIP Code |
| Contact phone | 214-697-5436 | Email | cclark@crownquest.com |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |

| | |
|---|---|
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.   This Addendum is incorporated into and made a part of the Proof of Claim.

2.   The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.   Pursuant to these Operating Agreements, SEC made cash calls from time to time to Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose stated in the cash call (collectively, the "Cash Call Advances"). SEC failed to properly use, account for, and/or comply with the terms of the governing operating agreements as relates to the Cash Call Advances paid to it by Claimant.

4.   Also pursuant to the Operating Agreements, SEC collects revenues generated from the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues"). The Revenues collected by SEC are to be delivered by SEC to Claimant.

5.    As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the

amount of $ 120.43 for Cash Call Advances paid by Claimant to SEC that were not used and/or

accounted for by SEC as required by the terms of the governing operating agreements.

6.    As of the Petition Date, SEC also was indebted to Claimant in the amount of

$ 8,299.66 for revenues collected by SEC on behalf of Claimant that were improperly withheld

by SEC. Such sum of $ 8,299.66 is composed of the following amounts: (a) the sum of

$ 7,747.47 for unpaid revenues for production prior to the Petition Date attributable to the

interest of Claimant, and (b) the sum of $ 552.19 for revenues not paid by Sklar to Pruet

Production Co. ("Pruet") attributable to the interest of Claimant in the SEC operated LCC Oil Unit

II, Craft Mack 17-4 and Craft Hamiter 20-11 properties (the" SEC Agency Properties"), with Pruet

serving as the agent for this Claimant for purposes of receiving revenues for production in the SEC

Agency Properties. To the extent Pruet's proof of claim includes Revenues owed to Claimant

attributable to the SEC Agency Properties, the inclusion of the Revenues in the claims of both

Claimant and Pruet is not intended to be duplicative, but instead is included out of an abundance

of caution. To such extent, the claims of Pruet as to the SEC Agency Properties should be

recognized.

7.    In addition to the amounts stated above, Claimant also claims all interest, costs, and

fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of

SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and

unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition

Date. Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the

lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter

Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants claiming to be owed funds by SEC.

8.    Claimant continues to investigate its claims against SEC and reserves the right to amend or supplement its claim in this case.

9.    The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the SEC or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

10.    Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

11.     Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12.     Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):     Pam Lin Corporation

Signature:

Title (If entity):     President

4

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# Settlement Statement

Pam Lin Corporation
PO Box 50635
Midland, TX 79710-0635



Account: PAML01

Date: 03/31/2020

### Account: PAML01 - Statement of Account:

| Date | Reference | Description | Charges | Credits |
|------|-----------|-------------|---------|---------|
| 02/29/2020 | | Balance Forward | 2,960.44 | |
| 03/13/2020 | 10619 | Payment-Thank You! Ck# 7407 | | (2,960.44) |
| | | New Balance Forward | 0.00 | |

### Prepaid Balance by Project:

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 32.67 | | 32.67 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 95.76 | | 95.76 |
| | | **Prepaid Balance Totals:** | **128.43** | | **128.43** |

### Summary by LEASE:

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|-----------|-------------|----------|------------------|---------|
| 1BRO04 | Southeast Brooklyn Oil Unit | 2,633.38 | | 2,633.38 |
| 1BRO05 | Southwest Brooklyn Oil Unit | 1,119.97 | | 1,119.97 |
| | **Totals:** | **3,753.35** | | **3,753.35** |

PLEASE PAY THIS AMOUNT ------------------^

Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.

Exhibit "A" to Addendum to Proof of Claim

Sklar Exploration Company, LLC -Debtor
Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | | |
|---|---|---|---|
| AEH INVESTMENTS LLC | 0.01250000 | $ | 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 | $ | 368.13 |
| DBC RESOURCES LP | 0.07297000 | $ | 2,686.21 |
| DCOD LLC | 0.06375000 | $ | 2,346.80 |
| DEDE, LLC | 0.01000000 | $ | 368.13 |
| PAULA W DENLEY LLC | 0.00367500 | $ | 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 | $ | 98.17 |
| Duncan Family Trust-William | 0.00266667 | $ | 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 | $ | 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 | $ | 782.27 |
| LEANNE D FORD | 0.00220500 | $ | 81.17 |
| FOUR D LLC | 0.00800000 | $ | 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 | $ | 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 | $ | 828.28 |
| GJR INVESTMENTS INC | 0.00800000 | $ | 294.50 |
| HALL AND HALL LLC | 0.00367500 | $ | 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 | $ | 368.13 |
| DARLENE K HALL | 0.01000000 | $ | 368.13 |
| HANSON OPERATING CO INC | 0.08000000 | $ | 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 | $ | 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 | $ | 4,423.85 |
| J & A HARRIS LP | 0.08097000 | $ | 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 | $ | 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 | $ | 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 | $ | 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 | $ | 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 | $ | 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 | $ | 368.13 |
| PRUET PRODUCTION CO | 0.01000000 | $ | 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 | $ | 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 | $ | 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 | $ | 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 | $ | 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 | $ | 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 | $ | 567.70 |
| SUMMIT LLC | 0.00367500 | $ | 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 | $ | 135.29 |
| LEONARD E WILLIAMS | 0.00800000 | $ | 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 | $ | 73.63 |
| TOM YOUNGBLOOD | 0.02000000 | $ | 736.25 |
| | 1.00000000 | $ | 36,812.50 |

09/02/2020 05:45 pm
Company:00SEC

Sklar Exploration Co., L.L.C.
Suspense Master Listing by Owner
Print Detail by Owner-Property-Distribution Line
Owner PAML01

Page 1

| Property | Prd | Property Name | Deck | Run Date | Ref## | BBL/MCF | Revenue% | | Gross$ | Taxes | Other | Net Amt | Susp |
|----------|-----|---------------|------|----------|-------|---------|----------|--|--------|-------|-------|---------|------|
| PAML01 | | Pam L In Corporation | Pre pond. 2 = $50.00 mth | | | | | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.39 | 0.00521189 | W | 29.24 | 1.79- | 5.92- | 20.53 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00521189 | W | 38.88 | 2.34- | 0.00 | 36.54 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00521189 | W | 5,097.78 | 389.88- | 224.35- | 4,483.55 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.00521189 | W | 353.93 | 28.31- | 0.00 | 325.62 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.00521189 | W | 7.22 | 0.43- | 0.00 | 6.79 | L15 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 879.02 | 0.00227804 | W | 73.50 | 4.65- | 15.41- | 53.44 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,956.00 | 0.00227804 | W | 240.73 | 19.26- | 0.00 | 221.47 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.00227804 | W | 2,766.18 | 211.55- | 121.74- | 2,432.89 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | PLAM0320 | 2,076.21 | 0.00227804 | W | 237.25 | 18.98- | 0.00 | 218.27 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.00227804 | W | 51.63- | 0.00 | 0.00 | 51.63- | L15 |
| | PAML01 | OWNER TOTAL: | | | | | 10 | | 8,792.08 | 677.19- | 367.42- | 7,747.47 | |
| Grand Total | | | | | | 504,716.75 | 10 | | 8,792.08 | 677.19- | 367.42- | 7,747.47 | |

Total by Owner Balance Being Negative/Positive:

| | | | | |
|---|---|---|---|---|
| Total Owner Positive Balance | 1 | | | 7,747.47 |
| Total Owner Negative Balance | 0 | | | 0.00 |

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 100-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000277

Fill in this information to identify the case:

Debtor 1    Sklarco, LLC

Debtor 2    Sklarco Exploration Company, LLC
(Spouse, if filing)

United States Bankruptcy Court for the:   District of Colorado

Case number   20-12380

**RECEIVED**

SEP 2 4 2020

**LEGAL SERVICES**

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Pam Lin Corporation
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Pam Lin Corporation
Name

PO Box 50635
Number      Street

Midland          TX       79710
City            State     ZIP Code

Contact phone  214-697-5436

Contact email  cclark@crownquest.com.

Where should payments to the creditor be sent? (if different)

Name

Number      Street

City            State     ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____      Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

**6.** Do you have any number you use to identify the debtor?

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7.** How much is the claim?   $_____

Unliquidated; see Addendum

Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production Revenues, Cash Advance and Unliquidated damages

See Attached Addendum

**9.** Is all or part of the claim secured?

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured:   $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10.** Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11.** Is this claim subject to a right of setoff?

☑ No

☐ Yes; Identify the property: _____

Official Form 410                                 Proof of Claim                                 page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/15/2020
                 MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| | | |
|---|---|---|
| Name | Michael Craig Clark | |
| | First name      Middle name      Last name | |
| Title | President | |
| Company | Pam Lin Corporation | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | PO Box 50635 | |
| | Number      Street | |
| | Midland                                    TX        79710 | |
| | City                                       State     ZIP Code | |
| Contact phone | 214-697-5436 | Email  cclark@crownquest.com |

Official Form 410                              Proof of Claim                              page 3

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under** **Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.     This Addendum is incorporated into and made a part of the Proof of Claim.

2.     The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.     Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC. Based upon information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco

for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4. Based upon further information and belief, SEC and Sklarco have made various

improper transfers of funds among them and with third party affiliates. Investigations are ongoing

into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim

against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5. In addition, Claimant also claims all interest, costs, and fees to which it is entitled

as well as all other amounts to which Claimant is entitled from Sklarco, including any and all

contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising

at any time prior to the Petition Date.

6. Claimant continues to investigate its claims against Sklarco and reserves the right

to amend or supplement its claim in this case.

7. The filing of this Proof of Claim is not and shall not be deemed or construed as (i)

a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by

Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case

involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any

proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in

any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have

any and all final orders in any and all non-core matters or proceedings entered only after *de novo*

review by a United States District Court; (vi) a waiver of the right to withdraw the reference with

respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding

which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

2

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the Sklarco or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.      Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

9.      Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against Sklarco (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

9406003.1

3.

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.    Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):    Pam Lin Coaporation

Signature:

Title (If entity):    President

C
O
U
R
T

D
O
C
K
E
T

| 20-12380 | 18-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

**Fill in this information to identify the case:**

Debtor 1    Sklar Exploration Company, LLC

Debtor 2    Sklarco, LLC
(Spouse, if filing)

United States Bankruptcy Court for the: District of Colorado

Case number   20-12377

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**



0000000238

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

## Exhibit 11

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

**Part 1:**   **Identify the Claim**

**1. Who is the current creditor?**

Paula W. Denley LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Paula W. Denley LLC
Name

PO Box 720548
Number   Street

Byram     MS     39272
City     State     ZIP Code

Contact phone 601-878-0508

Contact email pnrdenley@gmail.com

**Where should payments to the creditor be sent? (if different)**

_____
Name

_____
Number   Street

_____
City     State     ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? See Addendum _____

---

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

**7. How much is the claim?** $_____2,137.70__. Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production revenues ($2,103.08 ) and Cash Advances ($34.62 )

See Attached Addendum

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

    ☐ Motor vehicle

    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:** $_____

    **Amount of the claim that is secured:** $_____

    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:** $_____

    **Annual Interest Rate** (when case was filed) _____%

    ☐ Fixed

    ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check one:

|  | | Amount entitled to priority |
|---|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $ _____ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/12/2020
                   MM / DD / YYYY

_Paula W. Denley_
Signature

Print the name of the person who is completing and signing this claim:

| Name | Paula W. Denley |
|---|---|
| | First name    Middle name    Last name |
| Title | Manager |
| Company | Paula W. Denley LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | PO Box 720548 |
| | Number    Street |
| | Byram                MS        39272 |
| | City                 State     ZIP Code |
| Contact phone | 601-878-0508 |
| | Email  pnrdenley@gmail.com |

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.     This Addendum is incorporated into and made a part of the Proof of Claim.

2.     The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.     Pursuant to these Operating Agreements, SEC made cash calls from time to time to Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose stated in the cash call (collectively, the "Cash Call Advances"). SEC failed to properly use, account for, and/or comply with the terms of the governing operating agreements as relates to the Cash Call Advances paid to it by Claimant.

4.     Also pursuant to the Operating Agreements, SEC collects revenues generated from the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues"). The Revenues collected by SEC are to be delivered by SEC to Claimant.

5.    As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the amount of $ _34.62_ for Cash Call Advances paid by Claimant to SEC that were not used and/or accounted for by SEC as required by the terms of the governing operating agreements.

6.    As of the Petition Date, SEC also was indebted to Claimant in the amount of $ _2103.08_ for revenues collected by SEC on behalf of Claimant that were improperly withheld by SEC. Such sum of $ _2103.08_ is composed of the following amounts: (a) the sum of $ _1967.79_ for unpaid revenues for production prior to the Petition Date attributable to the interest of Claimant, and (b) the sum of $ _135.29_ for revenues not paid by Sklar to Pruet Production Co. ("Pruet") attributable to the interest of Claimant in the SEC operated LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11 properties (the" SEC Agency Properties"), with Pruet serving as the agent for this Claimant for purposes of receiving revenues for production in the SEC Agency Properties. To the extent Pruet's proof of claim includes Revenues owed to Claimant attributable to the SEC Agency Properties, the inclusion of the Revenues in the claims of both Claimant and Pruet is not intended to be duplicative, but instead is included out of an abundance of caution. To such extent, the claims of Pruet as to the SEC Agency Properties should be recognized.

7.    In addition to the amounts stated above, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date. Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants claiming to be owed funds by SEC.

8.    Claimant continues to investigate its claims against SEC and reserves the right to amend or supplement its claim in this case.

9.    The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the SEC or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

10.    Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

11.    Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12.    Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):     *PAULA W. DENLEY LLC*

Signature:     *Paula W. Denley*

Title (If entity):     *MANAGER*

4

Exhibit "A" to Addendum to Proof of Claim

Sklar Exploration Company, LLC - Debtor
Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | |
|---|---|---:|
| AEH INVESTMENTS LLC | 0.01250000 $ | 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 $ | 368.13 |
| DBC RESOURCES LP | 0.07297000 $ | 2,686.21 |
| DCOD LLC | 0.06375000 $ | 2,346.80 |
| DEDE, LLC | 0.01000000 $ | 368.13 |
| PAULA W DENLEY LLC | 0.00367500 $ | 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 $ | 98.17 |
| Duncan Family Trust-William | 0.00266667 $ | 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 $ | 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 $ | 782.27 |
| LEANNE D FORD | 0.00220500 $ | 81.17 |
| FOUR D LLC | 0.00800000 $ | 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 $ | 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 $ | 828.28 |
| GJR INVESTMENTS INC | 0.00800000 $ | 294.50 |
| HALL AND HALL LLC | 0.00367500 $ | 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 $ | 368.13 |
| DARLENE K HALL | 0.01000000 $ | 368.13 |
| HANSON OPERATING CO INC | 0.08000000 $ | 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 $ | 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 $ | 4,423.85 |
| J & A HARRIS LP | 0.08097000 $ | 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 $ | 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 $ | 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 $ | 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 $ | 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 $ | 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 $ | 368.13 |
| PRUET PRODUCTION CO | 0.01000000 $ | 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 $ | 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 $ | 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 $ | 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 $ | 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 $ | 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 $ | 567.70 |
| SUMMIT LLC | 0.00367500 $ | 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 $ | 135.29 |
| LEONARD E WILLIAMS | 0.00800000 $ | 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 $ | 73.63 |
| TOM YOUNGBLOOD | 0.02000000 $ | 736.25 |
| | 1.00000000 $ | 36,812.50 |

Case 20-12377-EEB Claim 101-1 Filed 09/23/20 Desc Main Document Page 9 of 20

Sklar Exploration Co., L.L.C.

09/02/2020 05:45 pm       Page 1
Company:00SEC

Suspense Master Listing by Owner

Print Detail by Owner-Property-Distribution Line

Owner PAUD01

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | | Gross$ | Taxes | Other | Net Amt | Susp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PAUD01 | | Paula W. Donlay LLC | (Pay code: 2 = $50.00/min) | | | | | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.39 | 0.00127891 | W | 6.92 | 0.44- | 1.45- | 5.03 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00127891 | W | 9.52 | 0.57- | 0.00 | 8.95 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00127891 | W | 1,248.95 | 95.52- | 54.96- | 1,098.47 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.00127891 | W | 86.71 | 6.93- | 0.00 | 79.78 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.00127891 | W | 1.77 | 0.11- | 0.00 | 1.66 | L15 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 979.02 | 0.00061332 | W | 19.79 | 1.25- | 4.15- | 14.39 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,956.00 | 0.00061332 | W | 64.81 | 5.18- | 0.00 | 59.63 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.00061332 | W | 744.74 | 56.95- | 32.78- | 655.01 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | PLAM0320 | 2,076.21 | 0.00061332 | W | 63.88 | 5.11- | 0.00 | 58.77 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.00061332 | W | 13.90- | 0.00 | 0.00 | 13.90- | L15 |
| | PAUD01 | OWNER TOTAL: | | | | | 10 | | 2,233.19 | 172.06- | 93.34- | 1,967.79 | |
| Grand Total | | | | | | 504,716.75 | 10 | | 2,233.19 | 172.06- | 93.34- | 1,967.79 | |

Total by Owner Balance Being Negative/Positive:

| | | |
|---|---|---|
| Total Owner Positive Balance | 1 | 1,967.79 |
| Total Owner Negative Balance | 0 | 0.00 |

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA  71101
(318)227-8668

# Settlement Statement

Paula W. Denley LLC                                    Account:  PAUD01
PO Box 720548
Byram, MS  39272-0548                                 Date: 03/31/2020

**Account: PAUD01 - Statement of Account:**

| Date | Reference: | Description | Charges | Credits |
|------|-----------|-------------|---------|---------|
| 02/29/2020 | | Balance Forward | 760.56 | |
| 03/18/2020 | 10625 | Payment-Thank You! Ck# 1298 | | (760.56) |
| | | New Balance Forward | 0.00 | |

**Prepaid Balance by Project:**

| Property#. | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 8.82 | | 8.82 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 25.80 | | 25.80 |
| | | **Prepaid Balance Totals:** | **34.62** | | **34.62** |

**Summary by LEASE:**

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe: |
|-----------|-------------|----------|------------------|----------|
| 1BRO04 | Southeast Brooklyn Oil Unit | 645.18 | | 645.18 |
| 1BRO05 | Southwest Brooklyn Oil Unit | 301.53 | | 301.53 |
| | **Totals:** | **946.71** | | **946.71** |

**PLEASE PAY THIS AMOUNT** ------------------------^

*04/13/20*
*#1301*

Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.

From: Sklar Exploration Co., L.L.C.
To: Paula W. Denley LLC

For Billing Dated 03/31/2020
Account: PAUD01 Page 2

### LEASE: (1BRO04) Southeast Brooklyn Oil Unit County: CONECUH, AL

**Expenses:**

| Reference. Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|
| **Lease Operating Expense** | | | | |
| ***Survey, DOC Hearings, Permits*** | | | | |
| 021020396 Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 989.05 | | |
| 021020396 Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 3,923.00 | | |
| 021420396 Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 1,101.97 | | |
| 021420396 Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 1,218.52 | | |
| 022520396 Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 759.17 | | |
| 022520396 Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 2,384.77 | 10,376.48 | 17.65 |
| ***Location Clean Up/Pit Closure*** | | | | |
| 0808-000550 Republic Services #808 | 1 | 47.10 | | |
| 0484-000545 Republic Services #808 | 1 | 37.01 | | |
| 0808-000558 Republic Services #808 | 1 | 14.09 | 98.20 | 0.17 |
| ***Engineering & Supervision*** | | | | |
| TM0320HD Production Superintendent Time and Mileage- DeLeon | 1 | 1,462.55 | 1,462.55 | 2.49 |
| ***Instru/Monitoring & Automation*** | | | | |
| 2030020476 SPL, Inc.- Gas thru Heptanes | 1 | 581.13 | | |
| 91037201 IHS Global, Inc. | 1 | 160.20 | | |
| BARC017572 Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017584 Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017585 Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017588 Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017602 Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017611 Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017612 Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017614 Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017623 Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| 4540 BTech Service & Supply Inc.- Instrument technician to location to install pneumatic safety shurdown system | 1 | 4,178.61 | | |
| 91347883 Lufkin Industries, Inc.- Replaced LWM board & loadcell cable to fix load issue on the VSD | 1 | 3,727.86 | 9,538.80 | 16.23 |
| ***Company Pumping - Gauging*** | | | | |
| ALPU0320 Pumper Time & Mileage 03/20 Kinsey/Hester/Hoomes/Hart/Moye/Blackman/Davis/Kinsey/Hinote | 1 | 17,400.07 | 17,400.07 | 29.60 |

From:  Sklar Exploration Co., L.L.C.
To:   Paula W. Denley LLC

For Billing Dated 03/31/2020
Account: PAUD01   Page   3

**LEASE: (1BRO04) Southeast Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|-----------|-------------|----------|-------------|-------|------------|
| **Telephone & Communications** | | | | | |
| 200200045 | Your Message Center, Inc. | 1 | 12.93 | 12.93 | 0.02 |
| **Installation of Equipment** | | | | | |
| 10820 | H&H Construction, LLC- Install 3-phase separator | 1 | 14,165.00 | 14,165.00 | 24.10 |
| **Repairs & Maint-Surface Equip** | | | | | |
| 136989 | Union Oilfield Supply, Inc.- For rust inhibitor for valves before insulating | 1 | 128.16 | | |
| 23633 | Carnley Electric Inc- Repaired wire & replaced flex to murphy | 1 | 180.00 | | |
| 23634 | Carnley Electric Inc- Replaced pressure switch on power oil pump, recalibrated transmitter at well head | 1 | 402.75 | | |
| 23635 | Carnley Electric Inc- Replaced battery on flare igniter | 1 | 386.25 | | |
| 23636 | Carnley Electric Inc- Replaced coil on flare igniter | 1 | 180.00 | | |
| 10920 | H&H Construction, LLC- Firewall built around wellhead | 1 | 1,428.00 | | |
| 137775 | Union Oilfield Supply, Inc.- Gauges for well head | 1 | 258.46 | | |
| 23694 | Carnley Electric Inc- Tank gauge repair | 1 | 180.00 | | |
| 23697 | Carnley Electric Inc- Flare igniter repair | 1 | 180.00 | | |
| 137868 | Union Oilfield Supply, Inc.- Pipeline regulators | 1 | 2,679.47 | | |
| 137890 | Union Oilfield Supply, Inc.- Redi mix cement | 1 | 169.43 | | |
| 137891 | Union Oilfield Supply, Inc.- Redi mix cement | 1 | 170.23 | | |
| I0068272 | Secorp Industries- Tubes- Nitrogen Oxide | 1 | 280.90 | | |
| 137990 | Union Oilfield Supply, Inc.- Redi Mix cement | 1 | 84.72 | | |
| 137995 | Union Oilfield Supply, Inc.- Redi Mix cement | 1 | 43.56 | | |
| 23728 | Carnley Electric Inc- Repaired igniter on flare stack | 1 | 416.45 | | |
| 0939-511318 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 0939-511321 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 515381 | SPL, Inc.- RAE pump kit | 1 | 382.87 | 7,890.05 | 13.42 |
| **Supplies** | | | | | |
| 137695 | Union Oilfield Supply, Inc.- Tape, Oil | 1 | 130.27 | | |
| 21840 | Arcadia Oilfield Supply, Inc.- Gloves, drum liners, wasp spray | 1 | 35.77 | | |
| 137993 | Union Oilfield Supply, Inc.- Gallon safety yellow, 3" paint brush | 1 | 63.20 | 229.24 | 0.39 |
| **Salt Water Disposal** | | | | | |
| 44637 | American Remediation & Environmental Inc | 1 | 360.00 | | |
| 80302 | S&S Construction, LLC | 1 | 360.00 | | |
| 80303 | S&S Construction, LLC | 1 | 360.00 | | |
| 80376 | S&S Construction, LLC | 1 | 450.00 | 1,530.00 | 2.61 |
| **Utilities** | | | | | |
| 613710006 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 485.46 | | |
| 613710046 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,483.50 | | |

From:  Sklar Exploration Co., L.L.C.
To:    Paula W. Denley LLC

For Billing Dated 03/31/2020
Account: PAUD01   Page   4

**LEASE: (1BRO04) Southeast Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| 613710050 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 5,358.38 | | |
| 613710057 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 6,084.42 | | |
| 613710063 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 419.72 | | |
| 613710064 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 5,443.67 | | |
| 613710075 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 5,483.50 | | |
| 613710076 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 4,080.67 | | |
| 613710077 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 4,479.26 | | |
| 613710078 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 4,811.12 | | |
| 613710080 | Southern Pine Electric Cooperative-1/30-2/27/2020 | 1 | 404.00 | 41,533.70 | 70.66 |
| *Vacuum Truck* | | | | | |
| 44582 | American Remediation & Environmental Inc | 1 | 90.00 | | |
| 44634 | American Remediation & Environmental Inc- Pulled tank bottoms | 1 | 450.00 | | |
| 44637 | American Remediation & Environmental Inc- Cleaned up oil | 1 | 180.00 | | |
| 44637 | American Remediation & Environmental Inc- Pull sump | 1 | 180.00 | | |
| 44638 | American Remediation & Environmental Inc- Pulled T/B on stock tanks, put in SWT | 1 | 90.00 | | |
| 80312 | S&S Construction, LLC- fresh water | 1 | 270.00 | | |
| 44791 | American Remediation & Environmental Inc- pulled cellar | 1 | 90.00 | | |
| 80378 | S&S Construction, LLC | 1 | 540.00 | | |
| 80372 | S&S Construction, LLC | 1 | 630.00 | 2,520.00 | 4.28 |
| *Other Revenue Deductions* | | | | | |
| CP04025883 | Pruet Production Co    12-19 | 1 | 3,749.00 | | |
| TRAN0120 | 01-20 Transportation Fee on 9,051 mcf@.50/mcf | 1 | 4,625.50 | 8,374.50 | 14.25 |
| *COPAS Overhead* | | | | | |
| RBO38905 | Adm Overhead - Producing | 1 | 19,386.24 | 19,386.24 | 32.98 |
| | **Total Lease Operating Expense** | | | **134,517.76** | **228.85** |
| **Intangible Completion Costs** | | | | | |
| *Engineering & Supervision Svcs* | | | | | |
| TM0320KC | Operations Engineer Time & Mileage-Copeland | 309-W6-1 | 3,548.03 | 3,548.03 | 6.04 |
| TM0320KC | Operations Engineer Time & Mileage-Copeland | 309-W7-1 | 8,681.35 | 8,681.35 | 14.77 |
| *Coil Tubing Unit* | | | | | |
| 90079456 | NexTier Completion Solutions, Inc. | 309-W7-1 | 57,206.66 | 57,206.66 | 97.32 |
| 90081582 | NexTier Completion Solutions, Inc. | 309-W6-1 | 62,365.06 | 62,365.06 | 106.11 |
| *Equipment Rentals* | | | | | |
| PN0026832 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 309-W5-1 | 840.00 | | |
| PN0027604 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 309-W5-1 | 624.00 | 1,464.00 | 2.49 |
| PN0027605 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 309-W4-1 | 624.00 | 624.00 | 1.06 |
| 3165021 | Oil States Energy Services, LLC | 309-W7-1 | 805.71 | 805.71 | 1.37 |

From:   Sklar Exploration Co., L.L.C.
To:     Paula W. Denley LLC

For Billing Dated 03/31/2020
Account: PAUD01   Page   5

**LEASE: (1BRO04)  Southeast Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| 3185022 | Oil States Energy Services, LLC | 1 | 875.26 | 875.26 | 1.49 |
| **Production Testing** | | | | | |
| PN0027602 | Eastern Fishing & Rental Tools Inc- Well test 3/11-13/2020 | 309-W7-1 | 26,079.12 | 26,079.12 | 44.37 |
| PN0027643 | Eastern Fishing & Rental Tools Inc- Well test | 309-W6-1 | 21,024.58 | 21,024.58 | 35.76 |
| **Installation of Well Equipment** | | | | | |
| 910627362 | Baker Hughes, a GE Company, LLC- DST | 309-2 | 2,147.00 | 2,147.00 | 3.66 |
| **Swabbing Unit** | | | | | |
| 18287 | Pitts Swabbing Service, Inc.- 3/12-14/2020 | 309-W7-1 | 5,870.00 | 5,870.00 | 9.98 |
| 18286 | Pitts Swabbing Service, Inc.- 3/14-15/2020 | 309-W6-1 | 4,470.00 | 4,470.00 | 7.61 |
| **Vacuum Truck** | | | | | |
| 80377 | S&S Construction, LLC- f/w for coil tubing job | 309-W7-1 | 990.00 | 990.00 | 1.68 |
| 80369 | S&S Construction, LLC- f/w for coil tubing job | 309-W6-1 | 720.00 | 720.00 | 1.23 |
| **Sales/Use Tax** | | | | | |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 309-W5-1 | 32.13 | 32.13 | 0.05 |
| **COPAS Overhead** | | | | | |
| ROL0320 | Rig on location - Thomasson 33-12 #1 | 309-W6-1 | 2,538.16 | 2,538.16 | 4.32 |
| ROL0320 | Rig on location - CCL&T 35-13 #1 | 309-W7-1 | 2,538.16 | 2,538.16 | 4.32 |
| | **Total Intangible Completion Costs** | | | 201,979.22 | 343.63 |
| **Tangible Completion Costs** | | | | | |
| **Surface Artificial Lift Equip** | | | | | |
| RW1063 | Transfer one SPOC Automation Jet Pump Package from inventory to SEB OU (CCL&T 4-1 #1, R13E) | 1 | 26,227.33 | 26,227.33 | 44.62 |
| **Surface Production Equipment** | | | | | |
| 143321 | Pro-Tek Field Services LLC- Vertical Separator | 1 | 10,084.75 | 10,084.75 | 17.16 |
| **Flowlines, Fittings, Connects** | | | | | |
| 137759 | Union Oilfield Supply, Inc.- Non-controlled | 1 | 6,418.12 | 6,418.12 | 10.92 |
| | **Total Tangible Completion Costs** | | | 42,730.20 | 72.70 |
| | **Total Expenses for LEASE** | | | 379,227.18 | 645.18 |

| Billing Summary | Deck 1 | 1 | 0.00170129 | 178,123.22 | 303.04 |
|---|---|---|---|---|---|
| by Deck/AFE | ACP | 309-2 | 0.00170129 | 2,147.00 | 3.66 |
| | Workover | 309-W4-1 | 0.00170129 | 624.00 | 1.06 |
| | Workover | 309-W5-1 | 0.00170129 | 1,496.13 | 2.54 |
| | Workover | 309-W6-1 | 0.00170129 | 94,665.83 | 161.07 |
| | Workover | 309-W7-1 | 0.00170129 | 102,171.00 | 173.81 |

| LEASE Summary: | Wrk Int | Expenses | You Owe |
|---|---|---|---|
| 1BRO04 | 0.00170129 | 645.18 | 645.18 |

From: Sklar Exploration Co., L.L.C.
To: Paula W. Denley LLC

For Billing Dated 03/31/2020
Account: PAUD01 Page 6

### LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL

Expenses:

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| **Survey, DOC Hearings, Permits** | | | | | |
| 021020396 | Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 3,997.63 | | |
| 021020396 | Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 802.53 | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 4,679.53 | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 492.21 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 3,082.89 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 824.80 | 13,879.59 | 11.27 |
| **Location Preparation/Dirt Work** | | | | | |
| 23720 | Carnley Electric Inc- Installation of electrical gate | 1 | 2,200.00 | 2,200.00 | 1.79 |
| **Location Clean Up/Pit Closure** | | | | | |
| 0808-000658 | Republic Services #808 | 1 | 68.82 | | |
| 0484-000545 | Republic Services #808 | 1 | 54.21 | | |
| 0808-000658 | Republic Services #808 | 1 | 20.64 | 143.67 | 0.12 |
| **Engineering & Supervision** | | | | | |
| TM0320HD | Production Superintendent Time and Mileage- DeLeon | 1 | 2,870.27 | | |
| TM0320RW | Engineer Time - West | 1 | 240.96 | 3,111.23 | 2.52 |
| **Instru/Monitoring & Automation** | | | | | |
| 2030020478 | SPL, Inc.- Gas thru Heptanes | 1 | 1,549.51 | | |
| 91037201 | IHS Global, Inc. | 1 | 320.40 | | |
| BARC017571 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017577 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017580 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017581 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 693.00 | | |
| BARC017582 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017585 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017591 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017609 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017610 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017613 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017616 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017617 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017618 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017619 | Bristol, Inc.- Zedi Access Monthly Fee | 1 | 99.00 | | |

From: Sklar Exploration Co., L.L.C.,
To: Paula W. Denley LLC

For Billing Dated 03/31/2020
Account: PAUD01 Page 7

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit (Continued)**
**Expenses: (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| | 2/2020 | | | | |
| BARC017620 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | | 99.00 | | |
| BARC017621 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | | 99.00 | | |
| BARC017622 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | | 99.00 | | |
| 510651 | SPL, Inc.- Install Total Flow on flare | | 227.50 | | |
| 510652 | SPL, Inc.- Troubleshoot flare meter | | 360.00 | | |
| 510655 | SPL, Inc.- Calibrated Total Flows | | 447.50 | 5,181.91 | 4.21 |
| **Chemicals** | | | | | |
| 910862879 | Baker Hughes, a GE Company, LLC- Petrosweet Scavenger | | 2,273.70 | | |
| 910864464 | Baker Hughes, a GE Company, LLC- Corrosion Inhibitor, Petrosweet Scavenger | | 1,471.93 | | |
| 910864490 | Baker Hughes, a GE Company, LLC- Paraffin Inhibitor | | 1,341.08 | | |
| 910904963 | Baker Hughes, a GE Company, LLC- Corrosion Inhibitor, Petrosweet Scavenger | | 3,718.37 | | |
| 910904965 | Baker Hughes, a GE Company, LLC- Petrosweet Scavenger | | 772.20 | 9,577.28 | 7.78 |
| **Company Pumping - Gauging** | | | | | |
| ALPU0320 | Pumper Time & Mileage 03/20 Kinsey/Hester/Hoomes/Hart/Moye/Blackman/Davis/Kinsey/Hinote | | 28,565.14 | 28,565.14 | 23.20 |
| **Telephone & Communications** | | | | | |
| 200200045 | Your Message Center, Inc. | | 24.39 | 24.39 | 0.02 |
| **Safety & H2S Training** | | | | | |
| I0067982 | Secorp Industries- Calibrations | | 636.16 | 636.16 | 0.52 |
| **Compression** | | | | | |
| 20030149 | Kodiak Gas Services, LLC- 4/2020 | | 3,981.03 | 3,981.03 | 3.23 |
| **Repairs & Maint-Surface Equip** | | | | | |
| 137353 | Union Oilfield Supply, Inc.- Ball valves, nipples | | 266.31 | | |
| 23632 | Carnley Electric Inc- Installed auto restart of triplex pump on high low discharge pressure & hooked up | | 360.00 | | |
| 137611 | Union Oilfield Supply, Inc.- Hammer unions, nipples | | 136.61 | | |
| 23660 | Carnley Electric Inc- Replaced blown fuse on power board | | 360.00 | | |
| 98-24560 | Jimco Pumps- Parts for Triplex repairs | | 1,876.20 | | |
| 137700 | Union Oilfield Supply, Inc.- Drager tubes for H2S | | 1,195.15 | | |
| 137708 | Union Oilfield Supply, Inc.- Oil dump repair kits | | 257.11 | | |
| 23700 | Carnley Electric Inc- Assisted w/ repair of reader pump, power board, blown fuse | | 360.00 | | |
| 137774 | Union Oilfield Supply, Inc.- Parts for Triplex | | 65.32 | | |
| 23693 | Carnley Electric Inc- Tank gauge repair | | 180.00 | | |
| 0939-511022 | Consolidated Electrical Distributors Inc- Tank batteries | | 169.40 | | |
| 137825 | Union Oilfield Supply, Inc.- Nipples & valves for production equipment | | 207.93 | | |
| 23695 | Carnley Electric Inc- VRU repair | | 180.00 | | |

From:  Sklar Exploration Co., L.L.C.,  
To:  Paula W. Denley LLC

For Billing Dated 03/31/2020  
Account: PAUD01   Page    8

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit   (Continued)**  
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|-----------|-------------|----------|-------------|-------|------------|
| 151227 | Process Piping Materials, Inc.- Enardo ES 900 Stack Vent 4" | 1 | 14,212.70 | | |
| 0939-511208 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 0939-511209 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 0939-511210 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 0939-511211 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 23707 | Carnley Electric Inc- Replaced transmitter, pressure switch | 1 | 438.75 | | |
| 0939-511263 | Consolidated Electrical Distributors Inc- Parts for electrical gate | 1 | 536.24 | | |
| 0939-511319 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 23722 | Carnley Electric Inc- Repaired VRU | 1 | 180.00 | | |
| 23723 | Carnley Electric Inc- VRU | 1 | 180.00 | | |
| 0939-511320 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 515381 | SPL, Inc.- RAE pump kit | 1 | 765.75 | 22,605.07 | 18.38 |
| **Repairs & Maint/Sub-Surface Eq** | | | | | |
| 910865125 | Baker Hughes, a GE Company, LLC- DST | 1 | 6,067.48 | 6,067.48 | 4.93 |
| **Supplies** | | | | | |
| 21840 | Arcadia Oilfield Supply, Inc.- Gloves, drum liners, wasp spray | 1 | 52.44 | 52.44 | 0.04 |
| **Salt Water Disposal** | | | | | |
| 44637 | American Remediation & Environmental Inc | 1 | 360.00 | | |
| 2020-02-008 | Wastewater Disposal Services, Inc.- 2/16-29/2020 | 1 | 665.00 | | |
| 80309 | S&S Construction, LLC | 1 | 810.00 | | |
| 80305 | S&S Construction, LLC | 1 | 360.00 | | |
| 80299 | S&S Construction, LLC | 1 | 360.00 | | |
| 2020-03-005 | Wastewater Disposal Services, Inc.- 3/1-15/2020 | 1 | 955.00 | | |
| 80305 | S&S Construction, LLC | 1 | 360.00 | | |
| 80307 | S&S Construction, LLC | 1 | 360.00 | | |
| 80310 | S&S Construction, LLC | 1 | 540.00 | | |
| 80374 | S&S Construction, LLC | 1 | 360.00 | | |
| 80371 | S&S Construction, LLC | 1 | 360.00 | 5,490.00 | 4.46 |
| **Utilities** | | | | | |
| 613710033 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 220.33 | | |
| 613710034 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 5,859.63 | | |
| 613710036 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 525.27 | | |
| 613710037 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 1,254.22 | | |
| 613710038 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,234.43 | | |
| 613710039 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 270.41 | | |
| 613710040 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 574.16 | | |
| 613710041 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,303.59 | | |

From:  Sklar Exploration Co., L.L.C.                          For Billing Dated 03/31/2020
To:    Paula W. Denley LLC                                    Account: PAUD01   Page   9

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| 613710042 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 648.67 | | |
| 613710043 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 838.00 | | |
| 613710044 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 645.33 | | |
| 613710045 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,009.81 | | |
| 613710054 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,576.36 | | |
| 613710058 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 369.51 | | |
| 613710067 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,456.52 | | |
| 613710070 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 956.68 | | |
| 613710071 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 699.16 | | |
| 613710072 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 6,109.45 | | |
| 613710073 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 649.03 | | |
| 613710074 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 2,834.37 | 44,034.93 | 35.76 |
| **Vacuum Truck** | | | | | |
| 44634 | American Remediation & Environmental Inc- f/w | 1 | 360.00 | | |
| 80308 | S&S Construction, LLC- Transfer oil | 1 | 180.00 | | |
| 80304 | S&S Construction, LLC- Pulled sump | 1 | 180.00 | | |
| 44639 | American Remediation & Environmental Inc- pulled sump, cleaned slab | 1 | 90.00 | | |
| 44790 | American Remediation & Environmental Inc- Clean slab | 1 | 180.00 | | |
| 44790 | American Remediation & Environmental Inc- Clean slab | 1 | 90.00 | | |
| 80304 | S&S Construction, LLC- Pulled sump, washed down slab | 1 | 270.00 | | |
| 44791 | American Remediation & Environmental Inc- pulled h/t for valve replacement | 1 | 270.00 | | |
| 80370 | S&S Construction, LLC- Pulled bottoms | 1 | 90.00 | 1,710.00 | 1.39 |
| **Other Revenue Deductions** | | | | | |
| CP04025887 | Pruet Production Co   12-19 | 1 | 297.50 | | |
| TRAN0120 | 01-20 Transportation Fee on 136,551 mcf@.50/mcf | 1 | 68,275.50 | 68,573.00 | 55.70 |
| **COPAS Overhead** | | | | | |
| RBO38906 | Adm Overhead - Producing | 1 | 32,310.40 | 32,310.40 | 26.24 |
| | **Total Lease Operating Expense** | | | **248,143.72** | **201.54** |
| **Intangible Completion Costs** | | | | | |
| **Location Clean Up** | | | | | |
| TM0320RW | Engineer Time - West | 1 | 481.92 | 481.92 | 0.39 |
| **Equipment Rentals** | | | | | |
| PN0027603 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 308-16-1 | 1,040.00 | 1,040.00 | 0.84 |
| PN0027606 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 308-19-1 | 624.00 | 624.00 | 0.51 |
| PN0027607 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 308-17-1 | 624.00 | 624.00 | 0.51 |

From:  Sklar Exploration Co., L.L.C.  
To:    Paula W. Denley LLC

For Billing Dated 03/31/2020  
Account: PAUD01   Page   10

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit   (Continued)**  
Expenses:   (Continued)

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Transportation & Trucking** | | | | | |
| 3912 | Davis Hot Shot Service, LLC- Hauled equipment | 308-17-1 | 1,700.00 | 1,700.00 | 1.38 |
| **Sales/Use Tax** | | | | | |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 308-16-1 | 48.20 | 48.20 | 0.04 |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 308-19-1 | 36.69 | 36.69 | 0.03 |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 308-17-1 | 32.12 | 32.12 | 0.02 |
| | **Total Intangible Completion Costs** | | | 4,586.93 | 3.72 |
| **Tangible Completion Costs** | | | | | |
| **Surface Production Equipment** | | | | | |
| RW1062 | Transfer 24" x 7'6" 125# 2 phase separator from inventory to SWB OU (CCL&T 33-10 #1) | 1 | 12,663.27 | | |
| RW1062 | Transfer one 6' x 20' 125# vertical heater treater from inventory to SWB OU (CCL&T 33-10 #1) | 1 | 44,100.76 | | |
| RW1080 | Transfer one Oilfield Service & Supply 20" Flare Separator from inventory to SWB OU (CCL&T 3-4 #1, R12E) | 1 | 4,653.00 | | |
| RW1081 | Transfer one Oilfield Service & Supply 20" Flare Separator from inventory to SWB OU (CCL&T 4-2 #1) | 1 | 4,653.00 | 66,070.03 | 53.66 |
| **Tank Battery InstallationCosts** | | | | | |
| RW1078 | Transfer one 500 bbl Welded Steel Power Oil Tank from inventory to SWB OU (CCL&T 35-15 #1) | 1 | 20,395.76 | 20,395.76 | 16.57 |
| **Flowlines, Fittings, Connects** | | | | | |
| RW1074 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 33-6 #1) | 1 | 1,635.87 | | |
| RW1075 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 33-12 #1) | 1 | 1,635.87 | | |
| RW1076 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 4-2 #1) | 1 | 1,635.87 | | |
| RW1077 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 34-14 #1) | 1 | 1,635.86 | 6,543.47 | 5.31 |
| **Electrical & Control Systems** | | | | | |
| RW1072 | Transfer one 12 Volt Solar Panel Kit w/50' LP Hose from inventory to SWBOU (CCL&T 33-6 #1) | 1 | 12,761.06 | | |
| RW1073 | Transfer one 12 Volt Solar Panel Kit w/50' LP Hose from inventory to SWBOU (CCL&T 33-12 #1) | 1 | 12,761.05 | 25,522.11 | 20.73 |
| | **Total Tangible Completion Costs** | | | 118,531.37 | 96.27 |
| | **Total Expenses for LEASE** | | | 371,262.02 | 301.53 |

From:   Sklar Exploration Co., L.L.C.
To:   Paula W. Denley LLC

For Billing Dated 03/31/2020
Account: PAUD01   Page   11

**LEASE: (1BRO05) Southwest Brooklyn Oil Unit   (Continued)**

| Billing Summary | Deck 1 | | | | | |
|---|---|---|---|---|---|---|
| by Deck/AFE | Workover | | 1 | 0.00081218 | 367,157.01 | 298.20 |
| | Workover | | 308-16-1 | 0.00081218 | 1,088.20 | 0.88 |
| | Workover | | 308-17-1 | 0.00081218 | 2,356.12 | 1.91 |
| | Workover | | 308-19-1 | 0.00081218 | 660.69 | 0.54 |

| LEASE Summary: | Wrk Int | Expenses | You Owe |
|---|---|---|---|
| 1BRO05 | 0.00081218 | 301.53 | 301.53 |

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 101-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sklarco, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco Exploration Company, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12380 |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000278

**RECEIVED**

SEP 2 4 2020

**LEGAL SERVICES**

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Paula W. Denley LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Paula W. Denley LLC
Name

PO Box 720548
Number     Street

Byram               MS          39272
City                State       ZIP Code

Contact phone 601-878-0508

Contact email pnrdenley@gmail.com

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number     Street

_____
City                State       ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410

Proof of Claim

page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**    $_____    Does this amount include interest or other charges?
Unliquidated; see Addendum
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production Revenues, Cash Advance and Unliquidated damages

See Attached Addendum

**9. Is all or part of the claim secured?**
☑ No
☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                      $_____
Amount of the claim that is secured:    $_____
Amount of the claim that is unsecured: $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check one:

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.   $_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/12/2020
                   MM / DD / YYYY

*Paula W Denley*
Signature

Print the name of the person who is completing and signing this claim:

| Name | Paula W. Denley |
| | First name    Middle name    Last name |

| Title | Manager |

| Company | Paula W. Denley LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | PO Box 720548 |
| | Number    Street |
| | Byram         MS    39272 |
| | City          State  ZIP Code |

| Contact phone | 601-878-0508 | Email pnrdenley@gmail.com |

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under
Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim.

2.      The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.      Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC. Based upon information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco

for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4.       Based upon further information and belief, SEC and Sklarco have made various

improper transfers of funds among them and with third party affiliates. Investigations are ongoing

into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim

against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5.       In addition, Claimant also claims all interest, costs, and fees to which it is entitled

as well as all other amounts to which Claimant is entitled from Sklarco, including any and all

contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising

at any time prior to the Petition Date.

6.       Claimant continues to investigate its claims against Sklarco and reserves the right

to amend or supplement its claim in this case.

7.       The filing of this Proof of Claim is not and shall not be deemed or construed as (i)

a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by

Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case

involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any

proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in

any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have

any and all final orders in any and all non-core matters or proceedings entered only after *de novo*

review by a United States District Court; (vi) a waiver of the right to withdraw the reference with

respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding

which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

2

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the Sklarco or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.      Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

9.      Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against Sklarco (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.    Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):    *Paula W. Denley LLC*

Signature:    *Paula W Denley*

Title (If entity):    *Manager*

C
O
U
R
T

D
O
C
K
E
T

| 20-12380 | 19-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

# Exhibit 12

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**



0000000239

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:   Identify the Claim

**1. Who is the current creditor?**

Petroleum Investments Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Petroleum Investments Inc.
Name

416 Travis St. Suite 612
Number        Street

Shreveport        La        71101
City        State        ZIP Code

Contact phone 318 2216143

Contact email cvinc@bellsouth.net

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City        State        ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing?  See Addendum

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:   ____  ____  ____  ____

**7. How much is the claim?**   $_____5,533.13 .  Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production revenues ($ 5533.13) and Cash Advances ($0.0 )

See Attached Addendum

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:   _____

**Basis for perfection:**   _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured:   $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:   _____

Official Form 410                    **Proof of Claim**                         page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | · $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/09/2020
                   MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Braden Conrad Despot | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | President | | |
| Company | Petroleum Investments Inc. | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 416 Travis St. Suite 612 | | |
| | Number      Street | | |
| | Shreveport | La | 71101 |
| | City | State | ZIP Code |
| Contact phone | 337 2216143 | Email  cvinc@bellsouth.net | |



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY. LLC, | |
| Debtor. | Chapter 11 |
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim.

2.      The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.      Pursuant to these Operating Agreements, SEC made cash calls from time to time to Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose stated in the cash call (collectively, the "Cash Call Advances"). SEC failed to properly use, account for, and/or comply with the terms of the governing operating agreements as relates to the Cash Call Advances paid to it by Claimant.

4.      Also pursuant to the Operating Agreements, SEC collects revenues generated from the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues"). The Revenues collected by SEC are to be delivered by SEC to Claimant.

5.     As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the amount of $ _0-0_ for Cash Call Advances paid by Claimant to SEC that were not used and/or accounted for by SEC as required by the terms of the governing operating agreements.

6.     As of the Petition Date, SEC also was indebted to Claimant in the amount of $ _5,533.13_ for revenues collected by SEC on behalf of Claimant that were improperly withheld by SEC. Such sum of $ _5533.13_ is composed of the following amounts: (a) the sum of $ _5165.00_ for unpaid revenues for production prior to the Petition Date attributable to the interest of Claimant, and (b) the sum of $ _368.13_ for revenues not paid by Sklar to Pruet Production Co. ("Pruet") attributable to the interest of Claimant in the SEC operated LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11 properties (the" SEC Agency Properties"), with Pruet serving as the agent for this Claimant for purposes of receiving revenues for production in the SEC Agency Properties. To the extent Pruet's proof of claim includes Revenues owed to Claimant attributable to the SEC Agency Properties, the inclusion of the Revenues in the claims of both Claimant and Pruet is not intended to be duplicative, but instead is included out of an abundance of caution. To such extent, the claims of Pruet as to the SEC Agency Properties should be recognized.

7.     In addition to the amounts stated above, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date. Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants claiming to be owed funds by SEC.

8.      Claimant continues to investigate its claims against SEC and reserves the right to amend or supplement its claim in this case.

9.      The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the SEC or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

10.      Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

11. Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12. Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print):   PETROLEUM Investment Inc.

Signature:

Title (If entity):   President

4

Exhibit "A" to Addendum to Proof of Claim

Sklar Exploration Company, LLC -Debtor
Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | |
|---|---|---|
| AEH INVESTMENTS LLC | 0.01250000 | $ 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 | $ 368.13 |
| DBC RESOURCES LP | 0.07297000 | $ 2,686.21 |
| DCOD LLC | 0.06375000 | $ 2,346.80 |
| DEDE, LLC | 0.01000000 | $ 368.13 |
| PAULA W DENLEY LLC | 0.00367500 | $ 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 | $ 98.17 |
| Duncan Family Trust-William | 0.00266667 | $ 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 | $ 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 | $ 782.27 |
| LEANNE D FORD | 0.00220500 | $ 81.17 |
| FOUR D LLC | 0.00800000 | $ 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 | $ 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 | $ 828.28 |
| GJR INVESTMENTS INC | 0.00800000 | $ 294.50 |
| HALL AND HALL LLC | 0.00367500 | $ 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 | $ 368.13 |
| DARLENE K HALL | 0.01000000 | $ 368.13 |
| HANSON OPERATING CO INC | 0.08000000 | $ 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 | $ 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 | $ 4,423.85 |
| J & A HARRIS LP | 0.08097000 | $ 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 | $ 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 | $ 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 | $ 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 | $ 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 | $ 368.13 |
| PRUET PRODUCTION CO | 0.01000000 | $ 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 | $ 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 | $ 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 | $ 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 | $ 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 | $ 567.70 |
| SUMMIT LLC | 0.00367500 | $ 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 | $ 135.29 |
| LEONARD E WILLIAMS | 0.00800000 | $ 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 | $ 73.63 |
| TOM YOUNGBLOOD | 0.02000000 | $ 736.25 |
| | 1.00000000 | $ 36,812.50 |

Case 20-12377-EEB   Claim 102-1   Filed 09/23/20   Desc Main Document   Page 9 of 9

09/02/2020 05:45 pm
Company:00SEC

**Sklar Exploration Co., L.L.C.**
**Suspense Master Listing by Owner**
**Print Detail by Owner-Property-Distribution Line**
Owner PETI01

Page   1

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | Gross$ | Taxes | Other | Net Amt | Susp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PETI01 | | Petroleum Investments Inc | | (Pay code: 2 = $50.00 min) | | | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 184.39 | 0.00347460 W | 18.82 | 1.19- | 3.94- | 13.69 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00347460 W | 25.92 | 1.56- | 0.00 | 24.36 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00347460 W | 3,398.52 | 259.91- | 149.57- | 2,989.04 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.78 | 0.00347460 W | 235.96 | 18.88- | 0.00 | 217.08 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.00347460 W | 4.81 | 0.28- | 0.00 | 4.53 | L15 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 979.02 | 0.00151870 W | 48.00 | 3.10- | 10.27- | 35.63 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,956.00 | 0.00151870 W | 160.49 | 12.84- | 0.00 | 147.65 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.00151870 W | 1,844.13 | 141.04- | 81.16- | 1,621.93 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | PLAM0320 | 2,076.21 | 0.00151870 W | 158.17 | 12.66- | 0.00 | 145.51 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.00151870 W | 34.42- | 0.00 | 0.00 | 34.42- | L15 |
| PETI01 | | OWNER TOTAL: | | | | | 10 | 5,861.40 | 451.48- | 244.94- | 5,165.00 | |
| Grand Total | | | | | | 504,716.75 | 10 | 5,861.40 | 451.48- | 244.94- | 5,165.00 | |

Total by Owner Balance Being Negative/Positive:

| | | |
|---|---|---|
| Total Owner Positive Balance | 1 | 5,165.00 |
| Total Owner Negative Balance | 0 | 0.00 |

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 102-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000279

**RECEIVED**

SEP 2 4 2020

**LEGAL SERVICES**

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Sklarco, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco Exploration Company, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12380 |

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

**Part 1:** **Identify the Claim**

1. **Who is the current creditor?**

Petroleum Investments Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Petroleum Investments Inc.
Name

416 Travis St. Suite 612
Number     Street

Shreveport          La          71101
City          State          ZIP Code

Contact phone 318 221 6143

Contact email cvinc@bellsouth.net

Where should payments to the creditor be sent? (if different)

Name _____

Number     Street

City          State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

4. **Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on ____ / ____ / _____
            MM   /  DD   / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?** $ _____  *Unliquidated; see Addendum*

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production Revenues, Cash Advance and Unliquidated damages

See Attached Addendum

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $ _____

Amount of the claim that is secured: $ _____

Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ _____

Annual Interest Rate (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410          Proof of Claim          page 2

Case 20-12380-EEB   Claim 20-1   Filed 09/24/20   Desc Main Document     Page 3 of 7

---

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check one:                                                           Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under
   11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                                    $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for
   personal, family, or household use. 11 U.S.C. § 507(a)(7).               $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the
   bankruptcy petition is filed or the debtor's business ends, whichever is earlier.
   11 U.S.C. § 507(a)(4).                                                    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).         $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.        $_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/09/2020
                   MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

Name      Braden Conrad Despot
          First name          Middle name              Last name

Title     President

Company   Petroleum Investments Inc
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   416 Travis St. Suite 612
          Number      Street

          Shreveport                        La         71101
          City                              State      ZIP Code

Contact phone   318 2216143          Email cvinc@bellsouth.net

---

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

| In re: | Case No. 20-12377-EEB |
|---|---|
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |

| In re: | Case No. 20-12380-EEB |
|---|---|
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.    This Addendum is incorporated into and made a part of the Proof of Claim.

2.    The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.    Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC. Based upon information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco
for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4. Based upon further information and belief, SEC and Sklarco have made various
improper transfers of funds among them and with third party affiliates. Investigations are ongoing
into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim
against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5. In addition, Claimant also claims all interest, costs, and fees to which it is entitled
as well as all other amounts to which Claimant is entitled from Sklarco, including any and all
contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising
at any time prior to the Petition Date.

6. Claimant continues to investigate its claims against Sklarco and reserves the right
to amend or supplement its claim in this case.

7. The filing of this Proof of Claim is not and shall not be deemed or construed as (i)
a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by
Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case
involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any
proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in
any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have
any and all final orders in any and all non-core matters or proceedings entered only after *de novo*
review by a United States District Court; (vi) a waiver of the right to withdraw the reference with
respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding
which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by the Sklarco or any other debtor captioned above or any of those debtors' and including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.     Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Claimant or any other entity; including without limitation any payments on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

9.     Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against Sklarco (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.    Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Name-Entity or Individual (Print): _____

Signature: _____

Title (If entity): _____

4

C
O
U
R
T

D
O
C
K
E
T

| 20-12380 | 20-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

Exhibit 13

| United States Bankruptcy Court for the District of Colorado | |
|---|---|
| **Name of Debtor:**  Sklar Exploration Company, LLC | **For Court Use Only** |
| **Case Number:**   20-12377 | Claim Number:   0000010093<br>File Date:   09/24/2020 12:59:16 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**
**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

---

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):        Sugar Oil Properties, L.P.

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☑ No  ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name     Sugar Oil Properties, L.P. | Name     Sugar Oil Properties, L.P. |
| Address   Kean Miller LLP ATTN: J. Eric Lockridge | Address   625 Market Street, Suite 100 |
|          400 Convention Street, Suite 700 | |
| City     Baton Rouge | City     Shreveport |
| State     LA          ZIP Code  70802 | State     LA          ZIP Code  71101 |
| Country (if International): | Country (if International): |
| Phone:    225-389-3756 | Phone:    318-222-4316 |
| Email:    eric.lockridge@keanmiller.com | Email:    mickey@sugaroilproperties.com |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>         MM / DD / YYYY | _____ |

Page 1 of 3

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7. How much is the claim?**

$ 229,099.24                    unliquidated

**Does this amount include interest or other charges?**

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Production Revenues and Cash Advances

---

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                        $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____%
                                    ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☒ Yes. Identify the property:

JIBs/requests for payment(Sec 362)
_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
$_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).
$_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).
$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).
$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).
$_____

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.
$_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:** **Sign Below**

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

- ☑ I am the creditor.
- ☐ I am the creditor's attorney or authorized agent.
- ☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.
- ☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Mickey Quinlan*                                                    09/24/2020 12:59:16

Signature                                                          Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Mickey Quinlan

Address     625 Market Street, Suite 100

City        Shreveport

State       LA                                    Zip    71101

Country (in international)

Phone       318-222-4316

Email       mickey@sugaroilproperties.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

IN RE:                                             CASE NO.:  20-12377-EEB

**SKLAR EXPLORATION COMPANY, LLC**                 CHAPTER 11
        Debtor

IN RE:                                             CASE NO.:  20-12380-EEB

**SKLARCO, LLC**                                   CHAPTER 11
        Debtor

                                                   **JOINTLY
                                                   ADMINISTERED UNDER
                                                   CASE NO. 20-12377-EEB**

### ADDENDUM TO PROOF OF CLAIM

1.     This Addendum is incorporated into and made a part of the Proof of Claim filed on behalf of Sugar Oil Properties, L.P. ("Sugar Oil").

2.     Sugar Oil and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Sugar Oil holds ownership interests.

3.     Pursuant to the Operating Agreements, SEC made cash calls from time to time to Sugar Oil and Sugar Oil advanced cash to SEC which was to be used by SEC solely for the purposes stated in the cash call (collectively, the "Cash Call Advances").  SEC

failed to properly use, account for, and/or comply with the terms of the governing Operating Agreements as related to the Cash Call Advances paid to it by Sugar Oil.

4.      Also pursuant to the Operating Agreements, SEC collects revenue (the "Revenues") generated from the sale of oil and gas from the wells operated by SEC on behalf of Sugar Oil (the "Assets"). The Revenues collected by SEC are to be delivered by SEC to Sugar Oil.

5.      As of April 1, 2020 (the "Petition Date"), SEC was indebted to Sugar Oil in the amount of at least $184,934.22 for Cash Call Advances paid by Sugar Oil to SEC that were not used and/or accounted for by SEC, as required by the terms of the governing Operating Agreements. As part of its normal course of business, SEC provides monthly joint interest billing statements ("JIBs") regarding the Cash Call Advances to all working interest owners, including Sugar Oil. Sugar Oil is informed and believes that its Cash Call Advances may have gone down during the normal course of operations, but investigation of the exact amount is ongoing.

6.      As of the Petition Date, SEC also was indebted to Sugar Oil in the amount of $45,549.86 for the Revenues collected by SEC on behalf of Sugar Oil that were improperly withheld by SEC. The Revenues are owed from the following Assets:

| Asset | Revenue Due |
|---|---|
| Bates 2-2 #1 | $20,834.13 |
| Southeast Brooklyn Oil Unit | $7,965.18 |

| | |
|---|---:|
| Fleming et al 30-15 #1 | $3,166.12 |
| McLeod et al 30-11 #1 | $4,791.22 |
| Polk Estate et al 15-5 #1 | $8,793.21 |
| **Total:** | **$45,549.86** |

7.      SEC was also indebted to Sugar Oil in the amount of $567.70 as of the Petition Date for Revenues owed by SEC to Sugar Oil as a working interest owner in the SEC Operated LCC Unit II, Craft Mack 17-4, and Craft Hamiter 20-11 properties (collectively, the "SEC Agency Properties").  Pruet Production Co. ("Pruet") serves as Sugar Oil's agent for purposes of receiving revenues for production in the SEC Agency Properties. To the extent this amount is also included in Pruet's Proof of Claim, such claim is not intended to be duplicative, but is included out of an abundance of caution.

8.      Sugar Oil has a currently unliquidated claim against SEC for expenses incurred in connection with certain JIBs.  SEC sent JIBs to Sugar Oil (among other working interest owners) to reflect Sugar Oil's proportionate share of expenses of operations for particular Assets in which Sugar Oil owns an interest.  Sugar Oil paid all JIBs properly billed to and payable by Sugar Oil.  It has come to Sugar Oil's attention that, in some instances, not all expenses for which a working interest owner was billed were actually paid by SEC.  As a result, Sugar Oil has a currently unliquidated claim against SEC for (1) recovery of what it paid for expenses SEC did not actually pay, and (2) recovery of any

payments that Sugar Oil may have to make directly to vendors for as a result of SEC's failure to pay those vendors.

9.      Sugar Oil's claims are secured, in part, by a right of offset against future cash calls made by SEC and/or JIBs sent by the Debtor.  Sugar Oil's right of offset is currently stayed by 11 U.S.C. § 362(a).

10.     In addition to the amounts stated above, Sugar Oil also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Sugar Oil is entitled as a result of SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.

11.     Sugar Oil continues to investigate its claims against SEC and reserves the right to amend or supplement its claim in this case.

12.     The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Sugar Oil's rights against any person, entity or property; (ii) a consent by Sugar Oil as to the jurisdiction of any court with respect to proceedings commenced in any case involving Sugar Oil; (iii) a waiver or release of Sugar Oil's rights to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Sugar Oil to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Sugar Oil's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any object thereto or other proceeding which has been or may be

commenced in these cases or otherwise involving Sugar Oil; (vii) an election of remedies; or (viii) a waiver of any right with respect to property of Sugar Oil held by SEC or any other debtor captioned above or any of those debtors' affiliates, including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

13.    Sugar Oil reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Sugar Oil and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Sugar Oil or any other entity, including without limitation any payments on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, Sections 365, 547, 548, and 550 of the Bankruptcy Code.  In addition, the assertion of this Proof of Claim by Sugar Oil is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

14.    Sugar Oil reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Sugar Oil to request payment of any administrative expense claims that it may have against SEC (including, without limitation, administrative expenses not described in the claim), and Sugar Oil reserves the right to request payment of such administrative expenses at a later date or when required by the

Bankruptcy Court, the Bankruptcy Code, or other applicable law.  Sugar Oil further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a Chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

15.    Sugar Oil further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# *Settlement Statement*

Sugar Oil Properties, L.P.
Attn: Mr. Mickey Quinlan, President
625 Market Street, Suite 100
Shreveport, LA 71101

Account: SUGO02

Date: 03/31/2020

### Account: SUGO02 - Statement of Account:

| Date | Reference | Description | Charges | Credits |
|------|-----------|-------------|---------|---------|
| 02/29/2020 | | Balance Forward | 45,275.87 | |
| 03/13/2020 | 10619 | Partial Payment Ck# 2839 | | (1,039.23) |
| 03/13/2020 | 10619 | Payment-Thank You! Ck# 2839 | | (42,878.17) |
| 03/13/2020 | 10619 | Partial Payment Ck# 2839 | | (1,358.47) |
| | | New Balance Forward | 0.00 | |

### Prepaid Balance by Project:

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 15.82 | | 15.82 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 80.51 | | 80.51 |
| 1MCL01 | 300-W | McLeod et al 30-11 #1 Workover | 1,520.27 | | 1,520.27 |
| 1PIT02 | 311-PL | Pitnic Ltd. 16-3 #1 Pipeline | 211,726.57 | 28,408.95 | 183,317.62 |
| | | **Prepaid Balance Totals:** | **213,343.17** | **28,408.95** | **184,934.22** |

### Summary by LEASE:

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe | |
|-----------|-------------|----------|------------------|---------|---|
| 1BAT03 | Bates 2-2 #1 | 10,538.38 | | 10,538.38 | |
| 1BRO04 | Southeast Brooklyn Oil Unit | 2,707.37 | | 2,707.37 | |
| 1BRO05 | Southwest Brooklyn Oil Unit | 1,151.45 | | 1,151.45 | |
| 1CAR04 | Mt. Carmel Prospect | 297.95 | | 297.95 | |
| 1FLE02 | Fleming etal 30-15 #1 | 1,990.14 | | 1,990.14 | |
| 1MCL01 | McLeod etal 30-11 #1 | 923.75 | | 923.75 | |
| 1PER02 | Perry Ranch 30-7 #1 | 240.39 | | 240.39 | |
| 1PIT01 | Pitnic Limited 16-3 #1 | 11,049.84 | | 11,049.84 | |
| 1PIT02 | Pitnic Limited 16-3#1 Pipeline | 28,408.95 | 28,408.95 | | |
| 1POL02 | Polk Estate etal 13-5 #1 | 4,701.32 | | 4,701.32 | |
| 1SPR01 | Spring Lake Prospect | 18.71 | | 18.71 | |
| | **Totals:** | **62,028.25** | **28,408.95** | **33,619.30** | |

## PLEASE PAY THIS AMOUNT -----------------------^

**Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.**

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   2

### LEASE: (1BAT03)  Bates 2-2 #1   County: SANTA ROSA, FL

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| ***Survey, DOC Hearings, Permits*** | | | | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 271.65 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 46.20 | 317.85 | 15.89 |
| ***Instru/Monitoring & Automation*** | | | | | |
| 2030020478 | SPL, Inc.- Gas thru Heptanes | 1 | 129.14 | | |
| 2030020507 | SPL, Inc.- Gas thru Heptanes | 1 | 120.00 | | |
| 91037201 | IHS Global, Inc. | 1 | 26.70 | | |
| BARC017608 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| 2030020638 | SPL, Inc.- Gas thru Heptanes | 1 | 265.00 | | |
| 510656 | SPL, Inc.- Troubleshoot faulty meter reading | 1 | 470.00 | | |
| 510657 | SPL, Inc.- Replaced transmitter | 1 | 525.00 | | |
| 515380 | SPL, Inc.- G5, IMV, 6213 800x1500 PSIA | 1 | 2,221.76 | 3,856.60 | 192.83 |
| ***Chemicals*** | | | | | |
| 910864155 | Baker Hughes, a GE Company, LLC- Paraffin Inhibitor | 1 | 2,694.16 | | |
| 910904960 | Baker Hughes, a GE Company, LLC- Tretolite | 1 | 1,447.13 | 4,141.29 | 207.07 |
| ***Company Pumping - Gauging*** | | | | | |
| ALPU0320 | Pumper Time & Mileage 03/20 Kinsey/Hester/Hoomes/Hart/Moye/Blackman/Davis/Kinsey/Hinote | 1 | 1,305.01 | 1,305.01 | 65.25 |
| ***Installation of Equipment*** | | | | | |
| 10620 | H&H Construction, LLC- Install 3-phase spearator | 1 | 14,165.00 | 14,165.00 | 708.25 |
| ***Repairs & Maint-Surface Equip*** | | | | | |
| 11120 | H&H Construction, LLC- Changed out oil dump & back pressure valve on meter run | 1 | 1,025.00 | | |
| 0939-511195 | Consolidated Electrical Distributors Inc- Parts for Power Oil | 1 | 777.66 | | |
| 20252530 | GE Oil & Gas- Choke part | 1 | 2,330.76 | | |
| 0939-511196 | Consolidated Electrical Distributors Inc- Parts for electrical shed | 1 | 688.15 | 4,821.57 | 241.08 |
| ***Salt Water Disposal*** | | | | | |
| 2020-02-006 | Wastewater Disposal Services, Inc.- 2/16-29/2020 | 1 | 1,010.00 | | |
| 2020-03-005 | Wastewater Disposal Services, Inc.- 3/1-15/2020 | 1 | 1,420.00 | | |
| 80315 | S&S Construction, LLC | 1 | 360.00 | 2,790.00 | 139.50 |
| ***Utilities*** | | | | | |
| 319446003 | Escambia River Electric Cooperative, Inc- 2/8-3/8/2020 | 1 | 152.91 | 152.91 | 7.64 |
| ***Sales/Use Tax*** | | | | | |
| 031820 | State of Florida- Sales/use tax not paid by vendor 2/2020 | 1 | 422.17 | 422.17 | 21.11 |
| ***Regulatory Costs & Fees*** | | | | | |
| EWKA0320 | EWB credit card 3/2020 Kim Anderson- Tier Two 2019 FL Division of Emergency | 1 | 29.17 | 29.17 | 1.46 |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   3

**LEASE: (1BAT03)  Bates 2-2 #1    (Continued)**
**Expenses:    (Continued)**

| | Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|---|
| *COPAS Overhead* | | | | | | |
| | RBO38903 | Adm Overhead - Producing | 1 | 1,302.33 | 1,302.33 | 65.12 |
| | | **Total Lease Operating Expense** | | | **33,303.90** | **1,665.20** |
| **Leasehold Costs** | | | | | | |
| *Brokerage Costs* | | | | | | |
| | 022920 | Vincent A. Zito- Title/Curative/Lease Acquisition, 2/16-29/2020 | 1 | 830.00 | | |
| | 022920 | Robin USA, Inc- Title/Land/Curative, 2/16-29/2020 | 1 | 1,590.43 | 2,420.43 | 121.02 |
| | | **Total Leasehold Costs** | | | **2,420.43** | **121.02** |
| **Intangible Completion Costs** | | | | | | |
| *Instru/Monitoring & Automation* | | | | | | |
| | 4539 | BTech Service & Supply Inc.- Instrument technician to location to install pneumatic safety shurdown system | 304-W-1 | 4,716.51 | 4,716.51 | 235.82 |
| *Installation of Well Equipment* | | | | | | |
| | 10120 | H&H Construction, LLC- Power Oil Hookup | 304-W-1 | 47,820.00 | 47,820.00 | 2,391.00 |
| *Repairs & Maint-Surface Equip* | | | | | | |
| | 0939-511005 | Consolidated Electrical Distributors Inc- Parts for Power Oil | 304-W-1 | 6,621.55 | | |
| | 0939-511008 | Consolidated Electrical Distributors Inc- Parts for Power Oil | 304-W-1 | 1,977.11 | | |
| | 0939-511009 | Consolidated Electrical Distributors Inc- Parts for Power Oil | 304-W-1 | 711.36 | | |
| | 0939-511141 | Consolidated Electrical Distributors Inc- Parts for Power Oil | 304-W-1 | 456.12 | | |
| | 0939-511175 | Consolidated Electrical Distributors Inc- Parts for Power Oil | 304-W-1 | 2,786.12 | | |
| | 0939-511182 | Consolidated Electrical Distributors Inc- Parts for Power Oil | 304-W-1 | 1,435.05 | 13,987.31 | 699.37 |
| | | **Total Intangible Completion Costs** | | | **66,523.82** | **3,326.19** |
| **Tangible Completion Costs** | | | | | | |
| *Surface Production Equipment* | | | | | | |
| | RW1060 | Transfer one 8' x 27' 125# vertical heater treater from Fishpond OU to Bates 2-2 #1 | 304-W-1 | 35,660.45 | | |
| | 143320 | Pro-Tek Field Services LLC- Vertical Separator | 304-W-1 | 10,084.75 | 45,745.20 | 2,287.26 |
| *Tank Battery InstallationCosts* | | | | | | |
| | RW1051 | Transfer one 400 bbl welded steel, internally coated tank from inventory to Bates 2-2 #1 | 304-W-1 | 2,650.00 | 2,650.00 | 132.50 |
| *Flowlines, Fittings, Connects* | | | | | | |
| | 137658 | Union Oilfield Supply, Inc.- Non-controlled | 304-W-1 | 8,258.78 | | |
| | 137660 | Union Oilfield Supply, Inc.- Non-controlled | 304-W-1 | 21,410.60 | | |
| | 137944 | Union Oilfield Supply, Inc.- Non-controlled | 304-W-1 | 1,441.33 | 31,110.71 | 1,555.53 |
| *Electrical & Control Systems* | | | | | | |
| | RW1070 | Transfer three 10K Pressure Transmitter w/ needle valves, three 2051 Batteries, three 3-100 psig Dual Channel Digital Input with three 702 Batteries from inventory to Bates 2-2 #1 | 304-W-1 | 8,660.79 | | |

From:  Sklar Exploration Co., L.L.C.
To:    Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02    Page    4

## LEASE: (1BAT03)  Bates 2-2 #1    (Continued)
### Expenses:    (Continued)

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|-----------|-------------|----------|-------------|-------|------------|
| 23692 | Carnley Electric Inc- Electrical install | 304-W-1 | 12,742.18 | | |
| 23708 | Carnley Electric Inc- Electrical install | 304-W-1 | 3,780.00 | | |
| 23718 | Carnley Electric Inc- Power Oil installation | 304-W-1 | 3,830.56 | 29,013.53 | 1,450.68 |
| | **Total Tangible Completion Costs** | | | **108,519.44** | **5,425.97** |
| | | | | | |
| | **Total Expenses for LEASE** | | | **210,767.59** | **10,538.38** |
| Billing Summary | Deck 1 | 1 | 0.05000000 | 35,724.33 | 1,786.22 |
| by Deck/AFE | Workover | 304-W-1 | 0.05000000 | 175,043.26 | 8,752.16 |

| LEASE Summary: | Wrk Int | | Expenses | You Owe |
|----------------|---------|--|----------|---------|
| 1BAT03 | 0.05000000 | | 10,538.38 | 10,538.38 |


## LEASE: (1BRO04)  Southeast Brooklyn Oil Unit    County: CONECUH, AL
### Expenses:

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|-----------|-------------|----------|-------------|-------|------------|
| **Lease Operating Expense** | | | | | |
| ***Survey, DOC Hearings, Permits*** | | | | | |
| 021020396 | Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 989.05 | | |
| 021020396 | Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 3,923.00 | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 1,101.97 | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 1,218.52 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 759.17 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 2,384.77 | 10,376.48 | 74.08 |
| ***Location Clean Up/Pit Closure*** | | | | | |
| 0808-000658 | Republic Services #808 | 1 | 47.10 | | |
| 0484-000545 | Republic Services #808 | 1 | 37.01 | | |
| 0808-000658 | Republic Services #808 | 1 | 14.09 | 98.20 | 0.70 |
| ***Engineering & Supervision*** | | | | | |
| TM0320HD | Production Superintendent Time and Mileage- DeLeon | 1 | 1,462.55 | 1,462.55 | 10.44 |
| ***Instru/Monitoring & Automation*** | | | | | |
| 2030020478 | SPL, Inc.- Gas thru Heptanes | 1 | 581.13 | | |
| 91037201 | IHS Global, Inc. | 1 | 160.20 | | |
| BARC017572 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017584 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017585 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017588 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017602 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017611 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017612 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |

From:   Sklar Exploration Co., L.L.C.

To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020

Account: SUGO02   Page   5

## LEASE: (1BRO04) Southeast Brooklyn Oil Unit   (Continued)

**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| BARC017614 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017623 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| 4540 | BTech Service & Supply Inc.- Instrument technician to location to install pneumatic safety shurdown system | 1 | 4,178.61 | | |
| 91347883 | Lufkin Industries, Inc.- Replaced LWM board & loadcell cable to fix load issue on the VSD | 1 | 3,727.86 | 9,538.80 | 68.10 |
| **Company Pumping - Gauging** | | | | | |
| ALPU0320 | Pumper Time & Mileage 03/20 Kinsey/Hester/Hoomes/Hart/Moye/Blackman/Davis/Kinsey/Hinote | 1 | 17,400.07 | 17,400.07 | 124.22 |
| **Telephone & Communications** | | | | | |
| 200200045 | Your Message Center, Inc. | 1 | 12.93 | 12.93 | 0.10 |
| **Installation of Equipment** | | | | | |
| 10820 | H&H Construction, LLC- Install 3-phase separator | 1 | 14,165.00 | 14,165.00 | 101.12 |
| **Repairs & Maint-Surface Equip** | | | | | |
| 136989 | Union Oilfield Supply, Inc.- For rust inhibitor for valves before insulating | 1 | 128.16 | | |
| 23633 | Carnley Electric Inc- Repaired wire & replaced flex to murphy | 1 | 180.00 | | |
| 23634 | Carnley Electric Inc- Replaced pressure switch on power oil pump, recalibrated transmitter at well head | 1 | 402.75 | | |
| 23635 | Carnley Electric Inc- Replaced battery on flare igniter | 1 | 386.25 | | |
| 23636 | Carnley Electric Inc- Replaced coil on flare igniter | 1 | 180.00 | | |
| 10920 | H&H Construction, LLC- Firewall built around wellhead | 1 | 1,428.00 | | |
| 137775 | Union Oilfield Supply, Inc.- Gauges for well head | 1 | 258.46 | | |
| 23694 | Carnley Electric Inc- Tank gauge repair | 1 | 180.00 | | |
| 23697 | Carnley Electric Inc- Flare igniter repair | 1 | 180.00 | | |
| 137868 | Union Oilfield Supply, Inc.- Pipeline regulators | 1 | 2,679.47 | | |
| 137890 | Union Oilfield Supply, Inc.- Redi mix cement | 1 | 169.43 | | |
| 137891 | Union Oilfield Supply, Inc.- Redi mix cement | 1 | 170.23 | | |
| I0068272 | Secorp Industries- Tubes- Nitrogen Oxide | 1 | 280.90 | | |
| 137990 | Union Oilfield Supply, Inc.- Redi Mix cement | 1 | 84.72 | | |
| 137995 | Union Oilfield Supply, Inc.- Redi Mix cement | 1 | 43.56 | | |
| 23726 | Carnley Electric Inc- Repaired igniter on flare stack | 1 | 416.45 | | |
| 0939-511318 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 0939-511321 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 515381 | SPL, Inc.- RAE pump kit | 1 | 382.87 | 7,890.05 | 56.33 |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   6

## LEASE: (1BRO04)  Southeast Brooklyn Oil Unit   (Continued)
### Expenses:   (Continued)

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Supplies** | | | | | |
| 137695 | Union Oilfield Supply, Inc.- Tape, Oil | 1 | 130.27 | | |
| 21840 | Arcadia Oilfield Supply, Inc.- Gloves, drum liners, wasp spray | 1 | 35.77 | | |
| 137993 | Union Oilfield Supply, Inc.- Gallon safety yellow, 3" paint brush | 1 | 63.20 | 229.24 | 1.64 |
| **Salt Water Disposal** | | | | | |
| 44637 | American Remediation & Environmental Inc | 1 | 360.00 | | |
| 80302 | S&S Construction, LLC | 1 | 360.00 | | |
| 80303 | S&S Construction, LLC | 1 | 360.00 | | |
| 80376 | S&S Construction, LLC | 1 | 450.00 | 1,530.00 | 10.92 |
| **Utilities** | | | | | |
| 613710006 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 485.46 | | |
| 613710046 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,483.50 | | |
| 613710050 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 5,358.38 | | |
| 613710057 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 6,084.42 | | |
| 613710063 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 419.72 | | |
| 613710064 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 5,443.67 | | |
| 613710075 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 5,483.50 | | |
| 613710076 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,080.67 | | |
| 613710077 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,479.26 | | |
| 613710078 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,811.12 | | |
| 613710080 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 404.00 | 41,533.70 | 296.52 |
| **Vacuum Truck** | | | | | |
| 44582 | American Remediation & Environmental Inc | 1 | 90.00 | | |
| 44634 | American Remediation & Environmental Inc- Pulled tank bottoms | 1 | 450.00 | | |
| 44637 | American Remediation & Environmental Inc- Cleaned up oil | 1 | 180.00 | | |
| 44637 | American Remediation & Environmental Inc- Pull sump | 1 | 180.00 | | |
| 44638 | American Remediation & Environmental Inc- Pulled T/B on stock tanks, put in SWT | 1 | 90.00 | | |
| 80312 | S&S Construction, LLC- fresh water | 1 | 270.00 | | |
| 44791 | American Remediation & Environmental Inc- pulled cellar | 1 | 90.00 | | |
| 80378 | S&S Construction, LLC | 1 | 540.00 | | |
| 80372 | S&S Construction, LLC | 1 | 630.00 | 2,520.00 | 17.99 |
| **Other Revenue Deductions** | | | | | |
| CP04025883 | Pruet Production Co     12-19 | 1 | 3,749.00 | | |
| TRAN0120 | 01-20 Transportation Fee on 9,051 mcf@.50/mcf | 1 | 4,625.50 | 8,374.50 | 59.79 |
| **COPAS Overhead** | | | | | |
| RBO38905 | Adm Overhead - Producing | 1 | 19,386.24 | 19,386.24 | 138.40 |
| | **Total Lease Operating Expense** | | | **134,517.76** | **960.35** |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   7

**LEASE: (1BRO04) Southeast Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Intangible Completion Costs** | | | | | |
| ***Engineering & Supervision Svcs*** | | | | | |
| TM0320KC | Operations Engineer Time & Mileage-Copeland | 309-W6-1 | 3,548.03 | 3,548.03 | 25.33 |
| TM0320KC | Operations Engineer Time & Mileage-Copeland | 309-W7-1 | 8,681.35 | 8,681.35 | 61.98 |
| ***Coil Tubing Unit*** | | | | | |
| 90079456 | NexTier Completion Solutions, Inc. | 309-W7-1 | 57,206.66 | 57,206.66 | 408.40 |
| 90081582 | NexTier Completion Solutions, Inc. | 309-W6-1 | 62,365.06 | 62,365.06 | 445.24 |
| ***Equipment Rentals*** | | | | | |
| PN0026832 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 309-W5-1 | 840.00 | | |
| PN0027604 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 309-W5-1 | 624.00 | 1,464.00 | 10.45 |
| PN0027605 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 309-W4-1 | 624.00 | 624.00 | 4.46 |
| 3165021 | Oil States Energy Services, LLC | 309-W7-1 | 805.71 | 805.71 | 5.75 |
| 3165022 | Oil States Energy Services, LLC | 1 | 875.26 | 875.26 | 6.25 |
| ***Production Testing*** | | | | | |
| PN0027602 | Eastern Fishing & Rental Tools Inc- Well test 3/11-13/2020 | 309-W7-1 | 26,079.12 | 26,079.12 | 186.18 |
| PN0027643 | Eastern Fishing & Rental Tools Inc- Well test | 309-W6-1 | 21,024.58 | 21,024.58 | 150.10 |
| ***Installation of Well Equipment*** | | | | | |
| 910627362 | Baker Hughes, a GE Company, LLC- DST | 309-2 | 2,147.00 | 2,147.00 | 15.33 |
| ***Swabbing Unit*** | | | | | |
| 18287 | Pitts Swabbing Service, Inc.- 3/12-14/2020 | 309-W7-1 | 5,870.00 | 5,870.00 | 41.91 |
| 18286 | Pitts Swabbing Service, Inc.- 3/14-15/2020 | 309-W6-1 | 4,470.00 | 4,470.00 | 31.91 |
| ***Vacuum Truck*** | | | | | |
| 80377 | S&S Construction, LLC- f/w for coil tubing job | 309-W7-1 | 990.00 | 990.00 | 7.07 |
| 80369 | S&S Construction, LLC- f/w for coil tubing job | 309-W6-1 | 720.00 | 720.00 | 5.14 |
| ***Sales/Use Tax*** | | | | | |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 309-W5-1 | 32.13 | 32.13 | 0.23 |
| ***COPAS Overhead*** | | | | | |
| ROL0320 | Rig on location - Thomasson 33-12 #1 | 309-W6-1 | 2,538.16 | 2,538.16 | 18.12 |
| ROL0320 | Rig on location - CCL&T 35-13 #1 | 309-W7-1 | 2,538.16 | 2,538.16 | 18.12 |
| | **Total Intangible Completion Costs** | | | **201,979.22** | **1,441.97** |
| **Tangible Completion Costs** | | | | | |
| ***Surface Artificial Lift Equip*** | | | | | |
| RW1063 | Transfer one SPOC Automation Jet Pump Package from inventory to SEB OU (CCL&T 4-1 #1, R13E) | 1 | 26,227.33 | 26,227.33 | 187.24 |
| ***Surface Production Equipment*** | | | | | |
| 143321 | Pro-Tek Field Services LLC- Vertical Separator | 1 | 10,084.75 | 10,084.75 | 71.99 |
| ***Flowlines, Fittings, Connects*** | | | | | |
| 137759 | Union Oilfield Supply, Inc.- Non-controlled | 1 | 6,418.12 | 6,418.12 | 45.82 |
| | **Total Tangible Completion Costs** | | | **42,730.20** | **305.05** |

|  | **Total Expenses for LEASE** | | | **379,227.18** | **2,707.37** |

From:   Sklar Exploration Co., L.L.C.                                   For Billing Dated 03/31/2020
To:     Sugar Oil Properties, L.P.                                      Account: SUGO02   Page   8

## LEASE: (1BRO04)  Southeast Brooklyn Oil Unit    (Continued)

| Billing Summary | Deck 1 | 1 | 0.00713919 | 178,123.22 | 1,271.65 |
|---|---|---|---|---|---|
| by Deck/AFE | ACP | 309-2 | 0.00713919 | 2,147.00 | 15.33 |
| | Workover | 309-W4-1 | 0.00713919 | 624.00 | 4.46 |
| | Workover | 309-W5-1 | 0.00713919 | 1,496.13 | 10.68 |
| | Workover | 309-W6-1 | 0.00713919 | 94,665.83 | 675.84 |
| | Workover | 309-W7-1 | 0.00713919 | 102,171.00 | 729.41 |

| LEASE Summary: | Wrk Int | | Expenses | You Owe |
|---|---|---|---|---|
| 1BRO04 | 0.00713919 | | 2,707.37 | 2,707.37 |

### LEASE: (1BRO05)  Southwest Brooklyn Oil Unit    County: CONECUH, AL

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| ***Survey, DOC Hearings, Permits*** | | | | | |
| 021020396 | Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 3,997.63 | | |
| 021020396 | Tom Joiner & Associates Inc.- Air Permits, Nov 2019 | 1 | 802.53 | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 4,679.53 | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 492.21 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 3,082.89 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 824.80 | 13,879.59 | 43.05 |
| ***Location Preparation/Dirt Work*** | | | | | |
| 23720 | Carnley Electric Inc- Installation of electrical gate | 1 | 2,200.00 | 2,200.00 | 6.82 |
| ***Location Clean Up/Pit Closure*** | | | | | |
| 0808-000658 | Republic Services #808 | 1 | 68.82 | | |
| 0484-000545 | Republic Services #808 | 1 | 54.21 | | |
| 0808-000658 | Republic Services #808 | 1 | 20.64 | 143.67 | 0.45 |
| ***Engineering & Supervision*** | | | | | |
| TM0320HD | Production Superintendent Time and Mileage- DeLeon | 1 | 2,870.27 | | |
| TM0320RW | Engineer Time - West | 1 | 240.96 | 3,111.23 | 9.64 |
| ***Instru/Monitoring & Automation*** | | | | | |
| 2030020478 | SPL, Inc.- Gas thru Heptanes | 1 | 1,549.51 | | |
| 91037201 | IHS Global, Inc. | 1 | 320.40 | | |
| BARC017571 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017577 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017580 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017581 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 693.00 | | |
| BARC017582 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017586 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017591 | Bristol, Inc.- Zedi Access Monitoring 2/2020 | 1 | 99.00 | | |
| BARC017609 | Bristol, Inc.- Zedi Access Monthly Fee | 1 | 99.00 | | |

From:   Sklar Exploration Co., L.L.C.

For Billing Dated 03/31/2020

To:   Sugar Oil Properties, L.P.

Account: SUGO02   Page   9

**LEASE: (1BRO05)  Southwest Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| | 2/2020 | | | | |
| BARC017610 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017613 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017616 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017617 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017618 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017619 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017620 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017621 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| BARC017622 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| 510651 | SPL, Inc.- Install Total Flow on flare | 1 | 227.50 | | |
| 510652 | SPL, Inc.- Troubleshoot flare meter | 1 | 360.00 | | |
| 510655 | SPL, Inc.- Calibrated Total Flows | 1 | 447.50 | 5,181.91 | 16.08 |
| **Chemicals** | | | | | |
| 910862879 | Baker Hughes, a GE Company, LLC- Petrosweet Scavenger | 1 | 2,273.70 | | |
| 910864464 | Baker Hughes, a GE Company, LLC- Corrosion Inhibitor, Petrosweet Scavenger | 1 | 1,471.93 | | |
| 910864490 | Baker Hughes, a GE Company, LLC- Paraffin Inhibitor | 1 | 1,341.08 | | |
| 910904963 | Baker Hughes, a GE Company, LLC- Corrosion Inhibitor, Petrosweet Scavenger | 1 | 3,718.37 | | |
| 910904965 | Baker Hughes, a GE Company, LLC- Petrosweet Scavenger | 1 | 772.20 | 9,577.28 | 29.70 |
| **Company Pumping - Gauging** | | | | | |
| ALPU0320 | Pumper Time & Mileage 03/20 Kinsey/Hester/Hoomes/Hart/Moye/Blackman/Davis/Kinsey/Hinote | 1 | 28,565.14 | 28,565.14 | 88.59 |
| **Telephone & Communications** | | | | | |
| 200200045 | Your Message Center, Inc. | 1 | 24.39 | 24.39 | 0.08 |
| **Safety & H2S Training** | | | | | |
| I0067982 | Secorp Industries- Calibrations | 1 | 636.16 | 636.16 | 1.97 |
| **Compression** | | | | | |
| 20030149 | Kodiak Gas Services, LLC- 4/2020 | 1 | 3,981.03 | 3,981.03 | 12.35 |
| **Repairs & Maint-Surface Equip** | | | | | |
| 137353 | Union Oilfield Supply, Inc.- Ball valves, nipples | 1 | 266.31 | | |
| 23632 | Carnley Electric Inc- Installed auto restart of triplex pump on high low discharge pressure & hooked up | 1 | 360.00 | | |
| 137611 | Union Oilfield Supply, Inc.- Hammer unions, nipples | 1 | 136.61 | | |
| 23660 | Carnley Electric Inc- Replaced blown fuse on power board | 1 | 360.00 | | |
| 98-24560 | Jimco Pumps- Parts for Triplex repairs | 1 | 1,876.20 | | |
| 137700 | Union Oilfield Supply, Inc.- Drager tubes for H2S | 1 | 1,195.15 | | |
| 137708 | Union Oilfield Supply, Inc.- Oil dump | 1 | 257.11 | | |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   10

## LEASE: (1BRO05)  Southwest Brooklyn Oil Unit   (Continued)
## Expenses:   (Continued)

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| | repair kits | | | | |
| 23700 | Carnley Electric Inc- Assisted w/ repair of reader pump, power board, blown fuse | 1 | 360.00 | | |
| 137774 | Union Oilfield Supply, Inc.- Parts for Triplex | 1 | 65.32 | | |
| 23693 | Carnley Electric Inc- Tank gauge repair | 1 | 180.00 | | |
| 0939-511022 | Consolidated Electrical Distributors Inc- Tank batteries | 1 | 169.40 | | |
| 137825 | Union Oilfield Supply, Inc.- Nipples & valves for production equipment | 1 | 207.93 | | |
| 23695 | Carnley Electric Inc- VRU repair | 1 | 180.00 | | |
| 151227 | Process Piping Materials, Inc.- Enardo ES 900 Stack Vent 4" | 1 | 14,212.70 | | |
| 0939-511208 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 0939-511209 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 0939-511210 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 0939-511211 | Consolidated Electrical Distributors Inc- Tank gauge battery | 1 | 84.70 | | |
| 23707 | Carnley Electric Inc- Replaced transmitter, pressure switch | 1 | 438.75 | | |
| 0939-511263 | Consolidated Electrical Distributors Inc- Parts for electrical gate | 1 | 536.24 | | |
| 0939-511319 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 23722 | Carnley Electric Inc- Repaired VRU | 1 | 180.00 | | |
| 23723 | Carnley Electric Inc- VRU | 1 | 180.00 | | |
| 0939-511320 | Consolidated Electrical Distributors Inc- Batteries for tank level gauges | 1 | 169.40 | | |
| 515381 | SPL, Inc.- RAE pump kit | 1 | 765.75 | 22,605.07 | 70.11 |
| **Repairs & Maint/Sub-Surface Eq** | | | | | |
| 910865125 | Baker Hughes, a GE Company, LLC- DST | 1 | 6,067.48 | 6,067.48 | 18.81 |
| **Supplies** | | | | | |
| 21840 | Arcadia Oilfield Supply, Inc.- Gloves, drum liners, wasp spray | 1 | 52.44 | 52.44 | 0.17 |
| **Salt Water Disposal** | | | | | |
| 44637 | American Remediation & Environmental Inc | 1 | 360.00 | | |
| 2020-02-006 | Wastewater Disposal Services, Inc.- 2/16-29/2020 | 1 | 665.00 | | |
| 80309 | S&S Construction, LLC | 1 | 810.00 | | |
| 80305 | S&S Construction, LLC | 1 | 360.00 | | |
| 80299 | S&S Construction, LLC | 1 | 360.00 | | |
| 2020-03-005 | Wastewater Disposal Services, Inc.- 3/1-15/2020 | 1 | 955.00 | | |
| 80305 | S&S Construction, LLC | 1 | 360.00 | | |
| 80307 | S&S Construction, LLC | 1 | 360.00 | | |
| 80310 | S&S Construction, LLC | 1 | 540.00 | | |
| 80374 | S&S Construction, LLC | 1 | 360.00 | | |
| 80371 | S&S Construction, LLC | 1 | 360.00 | 5,490.00 | 17.02 |
| **Utilities** | | | | | |
| 613710033 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 220.33 | | |
| 613710034 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 5,859.63 | | |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   11

**LEASE: (1BRO05)  Southwest Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| 613710036 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 525.27 | | |
| 613710037 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 1,254.22 | | |
| 613710038 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,234.43 | | |
| 613710039 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 270.41 | | |
| 613710040 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 574.16 | | |
| 613710041 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,303.59 | | |
| 613710042 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 648.67 | | |
| 613710043 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 838.00 | | |
| 613710044 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 645.33 | | |
| 613710045 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,009.81 | | |
| 613710054 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,576.36 | | |
| 613710058 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 369.51 | | |
| 613710067 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 4,456.52 | | |
| 613710070 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 956.68 | | |
| 613710071 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 699.16 | | |
| 613710072 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 6,109.45 | | |
| 613710073 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 649.03 | | |
| 613710074 | Southern Pine Electric Cooperative- 1/30-2/27/2020 | 1 | 2,834.37 | 44,034.93 | 136.58 |
| **Vacuum Truck** | | | | | |
| 44634 | American Remediation & Environmental Inc- f/w | 1 | 360.00 | | |
| 80308 | S&S Construction, LLC- Transfer oil | 1 | 180.00 | | |
| 80304 | S&S Construction, LLC- Pulled sump | 1 | 180.00 | | |
| 44639 | American Remediation & Environmental Inc- pulled sump, cleaned slab | 1 | 90.00 | | |
| 44790 | American Remediation & Environmental Inc- Clean slab | 1 | 180.00 | | |
| 44790 | American Remediation & Environmental Inc- Clean slab | 1 | 90.00 | | |
| 80304 | S&S Construction, LLC- Pulled sump, washed down slab | 1 | 270.00 | | |
| 44791 | American Remediation & Environmental Inc- pulled h/t for valve replacement | 1 | 270.00 | | |
| 80370 | S&S Construction, LLC- Pulled bottoms | 1 | 90.00 | 1,710.00 | 5.30 |
| **Other Revenue Deductions** | | | | | |
| CP04025887 | Pruet Production Co    12-19 | 1 | 297.50 | | |
| TRAN0120 | 01-20 Transportation Fee on 136,551 mcf@ .50/mcf | 1 | 68,275.50 | 68,573.00 | 212.67 |

From:   Sklar Exploration Co., L.L.C.

To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020

Account: SUGO02   Page   12

**LEASE: (1BRO05)  Southwest Brooklyn Oil Unit   (Continued)**

**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|-----------|-------------|----------|-------------|-------|------------|
| *COPAS Overhead* | | | | | |
| RBO38906 | Adm Overhead - Producing | 1 | 32,310.40 | 32,310.40 | 100.21 |
| | **Total Lease Operating Expense** | | | **248,143.72** | **769.60** |
| **Intangible Completion Costs** | | | | | |
| *Location Clean Up* | | | | | |
| TM0320RW | Engineer Time - West | 1 | 481.92 | 481.92 | 1.50 |
| *Equipment Rentals* | | | | | |
| PN0027603 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 308-16-1 | 1,040.00 | 1,040.00 | 3.22 |
| PN0027606 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 308-19-1 | 624.00 | 624.00 | 1.94 |
| PN0027607 | Eastern Fishing & Rental Tools Inc- 10K extendable boom forklift | 308-17-1 | 624.00 | 624.00 | 1.93 |
| *Transportation & Trucking* | | | | | |
| 3912 | Davis Hot Shot Service, LLC- Hauled equipment | 308-17-1 | 1,700.00 | 1,700.00 | 5.28 |
| *Sales/Use Tax* | | | | | |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 308-16-1 | 48.20 | 48.20 | 0.15 |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 308-19-1 | 36.69 | 36.69 | 0.11 |
| SALES/USE | Alabama Department of Revenue- AL sales/use tax not paid by vendor 2/2020 | 308-17-1 | 32.12 | 32.12 | 0.10 |
| | **Total Intangible Completion Costs** | | | **4,586.93** | **14.23** |
| **Tangible Completion Costs** | | | | | |
| *Surface Production Equipment* | | | | | |
| RW1062 | Transfer 24" x 7'6" 125# 2 phase separator from inventory to SWB OU (CCL&T 33-10 #1) | 1 | 12,663.27 | | |
| RW1062 | Transfer one 6' x 20' 125# vertical heater treater from inventory to SWB OU (CCL&T 33-10 #1) | 1 | 44,100.76 | | |
| RW1080 | Transfer one Oilfield Service & Supply 20" Flare Separator from inventory to SWB OU (CCL&T 3-4 #1, R12E) | 1 | 4,653.00 | | |
| RW1081 | Transfer one Oilfield Service & Supply 20" Flare Separator from inventory to SWB OU (CCL&T 4-2 #1) | 1 | 4,653.00 | 66,070.03 | 204.91 |
| *Tank Battery InstallationCosts* | | | | | |
| RW1078 | Transfer one 500 bbl Welded Steel Power Oil Tank from inventory to SWB OU (CCL&T 35-15 #1) | 1 | 20,395.76 | 20,395.76 | 63.26 |
| *Flowlines, Fittings, Connects* | | | | | |
| RW1074 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 33-6 #1) | 1 | 1,635.87 | | |
| RW1075 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 33-12 #1) | 1 | 1,635.87 | | |
| RW1076 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 4-2 #1) | 1 | 1,635.87 | | |
| RW1077 | Transfer two Kimray back pressure valves from inventory to SWB OU (CCL&T 34-14 #1) | 1 | 1,635.86 | 6,543.47 | 20.29 |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   13

## LEASE: (1BRO05)  Southwest Brooklyn Oil Unit   (Continued)
**Expenses:   (Continued)**

| | Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|---|
| ***Electrical & Control Systems*** | | | | | | |
| | RW1072 | Transfer one 12 Volt Solar Panel Kit w/50' LP Hose from inventory to SWBOU (CCL&T 33-6 #1) | 1 | 12,761.06 | | |
| | RW1073 | Transfer one 12 Volt Solar Panel Kit w/50' LP Hose from inventory to SWBOU (CCL&T 33-12 #1) | 1 | 12,761.05 | 25,522.11 | 79.16 |
| | | **Total Tangible Completion Costs** | | | **118,531.37** | **367.62** |
| | | **Total Expenses for LEASE** | | | **371,262.02** | **1,151.45** |

| Billing Summary by Deck/AFE | | | | | |
|---|---|---|---|---|---|
| Deck 1 | 1 | 0.00310144 | 367,157.01 | 1,138.72 |
| Workover | 308-16-1 | 0.00310144 | 1,088.20 | 3.37 |
| Workover | 308-17-1 | 0.00310144 | 2,356.12 | 7.31 |
| Workover | 308-19-1 | 0.00310144 | 660.69 | 2.05 |

| LEASE Summary: | Wrk Int | Expenses | You Owe |
|---|---|---|---|
| **1BRO05** | **0.00310144** | **1,151.45** | **1,151.45** |

## LEASE: (1CAR04)  Mt. Carmel Prospect   County: SANTA ROSA, FL
**Expenses:**

| | Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | | |
| ***Miscellaneous*** | | | | | | |
| | 1016839255 | Unishippers FRT- Mailings | 1 | 29.37 | 29.37 | 1.47 |
| | | **Total Lease Operating Expense** | | | **29.37** | **1.47** |
| **Leasehold Costs** | | | | | | |
| ***Legal Fees*** | | | | | | |
| | 113230 | Hopping Green & Sams, P.A.- Legislative Representation & State Permitting | 1 | 2,500.00 | 2,500.00 | 125.00 |
| ***Lease Bonus*** | | | | | | |
| | 1CAR040302 | Sklarco LLC- Bennie Elizabeth Kothmann, L085 Partial Extension | 1 | 444.44 | | |
| | 1CAR040302 | Sklarco LLC- William M. Franklin, L087 Partial Extension | 1 | 444.44 | | |
| | 1CAR040302 | Sklarco LLC- Rebecca Lynn Priest, L126 Partial Extension | 1 | 222.22 | | |
| | 1CAR040302 | Sklarco LLC- Ruby O'Bannon Wallinger, L078 Partial Extension | 1 | 222.22 | | |
| | 1CAR040302 | Sklarco LLC- Cornelia Derendinger, L075 Partial Extension | 1 | 888.88 | | |
| | 1CAR040302 | Sklarco LLC- Mary Effie Sumrall, L089 Partial Extension | 1 | 222.22 | | |
| | 1CAR040319 | Sklarco LLC- William Ashton Martin, L093, Partial Extension | 1 | 444.44 | 2,888.86 | 144.44 |
| ***Brokerage Costs*** | | | | | | |
| | 022920 | Gulf Coast Land Services, Inc.- Title/Land/Curative, 2/16-29/2020 | 1 | 540.85 | 540.85 | 27.04 |
| | | **Total Leasehold Costs** | | | **5,929.71** | **296.48** |
| | | **Total Expenses for LEASE** | | | **5,959.08** | **297.95** |

| LEASE Summary: | Wrk Int | Expenses | You Owe |
|---|---|---|---|
| **1CAR04** | **0.05000000** | **297.95** | **297.95** |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   14

### LEASE: (1FLE02)  Fleming etal 30-15 #1   County: CLARKE, MS

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Engineering & Supervision* | | | | | |
| 3565 | Heap Services LLC- Production tech | 2 | 2,600.10 | 2,600.10 | 138.13 |
| *Instru/Monitoring & Automation* | | | | | |
| 91037201 | IHS Global, Inc. | 2 | 13.34 | | |
| 512848 | SPL, Inc.- Standard inspection | 2 | 270.00 | 283.34 | 15.05 |
| *Chemicals* | | | | | |
| CCI20-83431 | Coastal Chemical Co., LLC- Emulsion Breaker, Paraffin Dispersant | 2 | 1,891.27 | | |
| CCI20-39166 | Coastal Chemical Co., LLC- Emulsion Breaker | 2 | 1,530.32- | | |
| CCI20-83887 | Coastal Chemical Co., LLC- Emulsion Breaker | 2 | 966.99 | 1,327.94 | 70.55 |
| *Fuel* | | | | | |
| 1951 | Herring Gas Company, Inc.- Propane | 2 | 286.14 | | |
| 2065 | Herring Gas Company, Inc.- Propane | 2 | 707.26 | 993.40 | 52.77 |
| *Safety & H2S Training* | | | | | |
| 6186948-000 | Total Safety U.S., Inc.- Calibration | 2 | 425.68 | 425.68 | 22.62 |
| *Contract Pumping/Gauging* | | | | | |
| 3590 | Heap Services LLC | 2 | 1,016.50 | 1,016.50 | 54.00 |
| *Repairs & Maint-Surface Equip* | | | | | |
| 4498 | BTech Service & Supply Inc.- Service call to replace murphy gauge on casing | 2 | 842.80 | | |
| 98-24536 | Jimco Pumps- Repairs to leaking plungers on power oil triplex | 2 | 3,387.62 | | |
| 4535 | BTech Service & Supply Inc.- Service call to check batteries on field monitor | 2 | 457.96 | | |
| 98-24537 | Jimco Pumps- Repairs to flare sump pump | 2 | 370.49 | 5,058.87 | 268.75 |
| *Salt Water Disposal* | | | | | |
| 151138 | Clarkco Oilfield Services, Inc. | 2 | 426.93 | | |
| 151152 | Clarkco Oilfield Services, Inc. | 2 | 999.38 | 1,426.31 | 75.77 |
| *Utilities* | | | | | |
| 22683-76014 | Mississippi Power- 2/21-3/24/2020 | 2 | 5,084.08 | 5,084.08 | 270.10 |
| *Regulatory Costs & Fees* | | | | | |
| 35949 | HLP Engineering, Inc.- Fugitive emissions monitoring | 2 | 1,337.50 | 1,337.50 | 71.05 |
| *Maintenance Taxes* | | | | | |
| 20IN4910000 | Mississippi State Oil & Gas Board- 12/2019 | 2 | 38.26 | 38.26 | 2.03 |
| *COPAS Overhead* | | | | | |
| RBO38925 | Adm Overhead - Producing | 2 | 1,275.25 | 1,275.25 | 67.75 |
| | **Total Lease Operating Expense** | | | **20,867.23** | **1,108.57** |
| **Leasehold Costs** | | | | | |
| *Legal Fees* | | | | | |
| SK8241-027 | McDavid, Noblin & West PLLC- DOTO | 2 | 5,750.00 | 5,750.00 | 305.47 |
| | **Total Leasehold Costs** | | | **5,750.00** | **305.47** |
| **Intangible Completion Costs** | | | | | |
| *Transportation & Trucking* | | | | | |
| 3904 | Davis Hot Shot Service, LLC- Hauled equipment | 306-W-1 | 700.00 | 700.00 | 37.19 |
| *Swabbing Unit* | | | | | |
| 18279 | Pitts Swabbing Service, Inc. | 306-W-1 | 1,701.30 | 1,701.30 | 90.38 |
| | **Total Intangible Completion Costs** | | | **2,401.30** | **127.57** |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   15

## LEASE: (1FLE02)  Fleming etal 30-15 #1   (Continued)
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Tangible Completion Costs** | | | | | |
| *Electrical & Control Systems* | | | | | |
| RW1065 | Transfer one 125 HP CT 480 V, VFD from inventory to Fleming 30-15 #1 | 2 | 8,442.98 | 8,442.98 | 448.53 |
| | **Total Tangible Completion Costs** | | | **8,442.98** | **448.53** |
| | **Total Expenses for LEASE** | | | **37,461.51** | **1,990.14** |
| Billing Summary | ACP Deck | 2 | 0.05312500 | 35,060.21 | 1,862.57 |
| by Deck/AFE | Workover | 306-W-1 | 0.05312500 | 2,401.30 | 127.57 |

| LEASE Summary: | Wrk Int | | Expenses | You Owe |
|---|---|---|---|---|
| **1FLE02** | **0.05312500** | | **1,990.14** | **1,990.14** |

## LEASE: (1MCL01)  McLeod etal 30-11 #1   County: CLARKE, MS
**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Location Clean Up/Pit Closure* | | | | | |
| 150866 | Clarkco Oilfield Services, Inc.- Truck/tools/pusher | 1 | 1,284.00 | 1,284.00 | 64.20 |
| *Engineering & Supervision* | | | | | |
| TM0320HD | Production Superintendent Time and Mileage- DeLeon | 1 | 562.56 | | |
| 3567 | Heap Services LLC- Production tech | 1 | 1,679.90 | 2,242.46 | 112.12 |
| *Instru/Monitoring & Automation* | | | | | |
| 91037201 | IHS Global, Inc. | 1 | 13.34 | | |
| BARC017604 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 99.00 | | |
| 512848 | SPL, Inc.- Standard inspection | 1 | 315.00 | 427.34 | 21.37 |
| *Chemicals* | | | | | |
| CCI20-83481 | Coastal Chemical Co., LLC- Emulsion Breaker, Water Treat | 1 | 3,122.53 | 3,122.53 | 156.13 |
| *Safety & H2S Training* | | | | | |
| 6038332-001 | Total Safety U.S., Inc.- Calibration | 1 | 331.80 | 331.80 | 16.59 |
| *Contract Pumping/Gauging* | | | | | |
| 3590 | Heap Services LLC | 1 | 1,016.50 | 1,016.50 | 50.82 |
| *Repairs & Maint-Surface Equip* | | | | | |
| 4502 | BTech Service & Supply Inc.- Service call to hook up pressure switch on casing & install new battery on flare igniter | 1 | 727.59 | | |
| 4499 | BTech Service & Supply Inc.- Service call to replace murphy gauge on casing | 1 | 842.80 | | |
| 137710 | Union Oilfield Supply, Inc.- 8" carbon stell body with 304 stainless steel cell element only (enardo replacement) use tube) | 1 | 1,163.97 | | |
| 137871 | Union Oilfield Supply, Inc.- Non controlled fittings/connects | 1 | 216.32 | | |
| 151121 | Clarkco Oilfield Services, Inc.- Picked up PVC pipe, extended drain on 4" vent line on tanks | 1 | 401.25 | | |
| 137979 | Union Oilfield Supply, Inc.- Enardo 660 Buna Thief Hatch Center Assembly Exhange | 1 | 212.95 | 3,564.88 | 178.25 |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   16

## LEASE: (1MCL01)  McLeod etal 30-11 #1   (Continued)
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| ***Salt Water Disposal*** | | | | | |
| 150865 | Clarkco Oilfield Services, Inc. | 1 | 319.93 | | |
| 151137 | Clarkco Oilfield Services, Inc. | 1 | 2,165.68 | | |
| 151151 | Clarkco Oilfield Services, Inc. | 1 | 746.86 | 3,232.47 | 161.62 |
| ***Regulatory Costs & Fees*** | | | | | |
| 35949 | HLP Engineering, Inc.- Fugitive emissions monitoring | 1 | 1,337.50 | 1,337.50 | 66.87 |
| ***Maintenance Taxes*** | | | | | |
| 20IN4910000 | Mississippi State Oil & Gas Board- 12/2019 | 1 | 25.26 | 25.26 | 1.27 |
| ***COPAS Overhead*** | | | | | |
| RBO38935 | Adm Overhead - Producing | 1 | 1,275.25 | 1,275.25 | 63.76 |
| | **Total Lease Operating Expense** | | | **17,859.99** | **893.00** |
| **Leasehold Costs** | | | | | |
| ***Legal Fees*** | | | | | |
| SK8241-025 | McDavid, Noblin & West PLLC- Curative pertaining to various suspended interests | 1 | 615.00 | 615.00 | 30.75 |
| | **Total Leasehold Costs** | | | **615.00** | **30.75** |
| | **Total Expenses for LEASE** | | | 18,474.99 | 923.75 |

| LEASE Summary: | Wrk Int | Expenses | You Owe |
|---|---|---|---|
| **1MCL01** | **0.05000000** | **923.75** | **923.75** |

## LEASE: (1PER02)  Perry Ranch 30-7 #1   County: NIOBRARA, WY
API: 4902726969
**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| ***Telephone & Communications*** | | | | | |
| 200200045 | Your Message Center, Inc. | 1 | 1.11 | 1.11 | 0.05 |
| ***Regulatory Costs & Fees*** | | | | | |
| 170700028 | Western Water Consultants, Inc.- 12/1/2019-2/29/2020 | 1 | 119.00 | 119.00 | 5.35 |
| | **Total Lease Operating Expense** | | | **120.11** | **5.40** |
| **Tangible Completion Costs** | | | | | |
| ***Production Casing & Liners*** | | | | | |
| RW1054 | Transfer inspection and re-thread casing from inventory to Perry Ranch 30-7 #1 (06-08-18) | 1 | 5,221.86 | 5,221.86 | 234.99 |
| | **Total Tangible Completion Costs** | | | **5,221.86** | **234.99** |
| | **Total Expenses for LEASE** | | | 5,341.97 | 240.39 |

| LEASE Summary: | Wrk Int | Expenses | You Owe |
|---|---|---|---|
| **1PER02** | **0.04500000** | **240.39** | **240.39** |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   17

### LEASE: (1PIT01)  Pitnic Limited 16-3 #1    County: SANTA ROSA, FL

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Instru/Monitoring & Automation* | | | | | |
| 91037201 | IHS Global, Inc. | 1 | 13.34 | 13.34 | 0.69 |
| *Installation of Equipment* | | | | | |
| 0939-511381 | Consolidated Electrical Distributors Inc- Parts for well installation | 1 | 1,222.88 | 1,222.88 | 62.84 |
| *Repairs & Maint-Surface Equip* | | | | | |
| 10481461 | Tool Pushers Supply Co.- Gate valve | 1 | 4,554.78 | 4,554.78 | 234.09 |
| *Regulatory Costs & Fees* | | | | | |
| EWKA0320 | EWB credit card 3/2020 Kim Anderson- Tier Two 2019 FL Division of Emergency | 1 | 29.17 | 29.17 | 1.50 |
| | **Total Lease Operating Expense** | | | **5,820.17** | **299.12** |
| **Leasehold Costs** | | | | | |
| *Legal Fees* | | | | | |
| 001274676 | Kleinfelder, Inc.- Pitnic well pad to Maverick facility pipeline | 1 | 1,559.00 | | |
| 113236 | Hopping Green & Sams, P.A.- Air Permitting, FDEP matters | 1 | 25,699.36 | | |
| 001275835 | Kleinfelder, Inc.- PSD Air Permit & Air Dispersion modeling | 1 | 20,111.00 | 47,369.36 | 2,434.46 |
| *Brokerage Costs* | | | | | |
| 022920 | Robin USA, Inc- Title/Land/Curative, 2/16-29/2020 | 1 | 527.48 | 527.48 | 27.11 |
| | **Total Leasehold Costs** | | | **47,896.84** | **2,461.57** |
| **Intangible Completion Costs** | | | | | |
| *Survey, DOC Hearings, Permits* | | | | | |
| 20-0152 | Rowe Engineering & Surveying, Inc.- Revised well plat | 311-2 | 632.50 | | |
| 20-0162 | Rowe Engineering & Surveying, Inc.- Stake power line easement, locate property corners, research deeds | 311-2 | 11,355.75 | 11,988.25 | 616.11 |
| *Location Clean Up* | | | | | |
| 56941 | Kelley Brothers Contractors, Inc.- Picked up roll off box on location, took to landfill, emptied box | 311-2 | 521.50 | 521.50 | 26.80 |
| *Engineering & Supervision Svcs* | | | | | |
| TM0320HD | Production Superintendent Time and Mileage- DeLeon | 311-2 | 1,148.90 | | |
| TM0320EV | Field Supervisor Time & Mileage- Vines | 311-2 | 907.53 | | |
| TM0320EV | Field Supervisor Time & Mileage- Vines | 311-2 | 2,000.84 | 4,057.27 | 208.52 |
| *Chemicals* | | | | | |
| 910904952 | Baker Hughes, a GE Company, LLC- 1500 Chemical Pump Assy | 311-2 | 4,060.58 | 4,060.58 | 208.69 |
| *Equipment Rentals* | | | | | |
| 1939 | Casey Septic Tank Co., Inc.- Portable bathroom | 311-2 | 132.50 | | |
| 179180621-0 | United Rentals (North America) Inc.- Pump 3" Trash | 311-2 | 885.36 | | |
| 1972 | Casey Septic Tank Co., Inc.- Portable bathroom | 311-2 | 132.50 | 1,150.36 | 59.12 |
| *Safety & H2S Training* | | | | | |
| I0067977 | Secorp Industries- Building Contingency Plans | 311-2 | 544.36 | 544.36 | 27.97 |

From:  Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   18

**LEASE: (1PIT01)  Pitnic Limited 16-3 #1   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| ***Installation of Well Equipment*** | | | | | |
| 23721 | Carnley Electric Inc- Installation of flare stack | 311-2 | 1,555.94 | | |
| 0939-511385 | Consolidated Electrical Distributors Inc- Parts for well installation | 311-2 | 378.90 | | |
| 0939-511410 | Consolidated Electrical Distributors Inc- Electrical parts for hookup | 311-2 | 240.23 | 2,175.07 | 111.79 |
| ***Utilities*** | | | | | |
| 319446004 | Escambia River Electric Cooperative, Inc- 2/8-3/8/2020 | 311-2 | 81.41 | 81.41 | 4.18 |
| | **Total Intangible Completion Costs** | | | 24,578.80 | 1,263.18 |
| **Tangible Completion Costs** | | | | | |
| ***Surface Production Equipment*** | | | | | |
| 143319 | Pro-Tek Field Services LLC- Air Assist Flare | 311-2 | 51,039.00 | | |
| 143590 | Pro-Tek Field Services LLC- Scrubber, Vent, Vertical | 311-2 | 11,132.00 | 62,171.00 | 3,195.17 |
| ***Tank Battery InstallationCosts*** | | | | | |
| 10220 | H&H Construction, LLC- Flare install | 311-2 | 45,460.00 | | |
| 10320 | H&H Construction, LLC- Mix to pour flare base | 311-2 | 1,520.00 | 46,980.00 | 2,414.45 |
| ***Flowlines, Fittings, Connects*** | | | | | |
| 137998 | Union Oilfield Supply, Inc.- Non-controlled | 311-2 | 9,274.91 | | |
| 137915 | Union Oilfield Supply, Inc.- Non-controlled | 311-2 | 6,979.37 | | |
| 137913 | Union Oilfield Supply, Inc.- Non-controlled | 311-2 | 599.49 | | |
| 137960 | Union Oilfield Supply, Inc.- Non-controlled | 311-2 | 158.18 | 17,011.95 | 874.30 |
| ***Electrical & Control Systems*** | | | | | |
| RW1071 | Transfer three 10K Pressure Transmitter w/ needle valves, three 2051 Batteries, three 3-100 psig Dual Channel Digital Input with three 702 Batteries from inventory to Picnic 16-3 #1 | 311-2 | 8,660.79 | | |
| 0939-511301 | Consolidated Electrical Distributors Inc- Parts for electrical to flare stack | 311-2 | 1,886.45 | 10,547.24 | 542.05 |
| | **Total Tangible Completion Costs** | | | 136,710.19 | 7,025.97 |
| | **Total Expenses for LEASE** | | | 215,006.00 | 11,049.84 |
| Billing Summary by Deck/AFE | Deck 1 | 1 | 0.05139319 | 53,717.01 | 2,760.69 |
| | ACP | 311-2 | 0.05139319 | 161,288.99 | 8,289.15 |

| LEASE Summary: | Wrk Int | | Expenses | You Owe |
|---|---|---|---|---|
| **1PIT01** | **0.05139319** | | **11,049.84** | **11,049.84** |

From:   Sklar Exploration Co., L.L.C.

To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020

Account: SUGO02   Page   19

### LEASE: (1PIT02)  Pitnic Limited 16-3#1 Pipeline   County: SANTA ROSA, FL

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Leasehold Costs** | | | | | |
| ***Brokerage Costs*** | | | | | |
| 022920 | Gulf Coast Land Services, Inc.- Title/Land/Curative, 2/16-29/2020 | 311-PL-2 | 1,947.75 | | |
| 022920 | Robin USA, Inc- Title/Land/Curative, 2/16-29/2020 | 311-PL-2 | 2,569.37 | 4,517.12 | 265.31 |
| | **Total Leasehold Costs** | | | **4,517.12** | **265.31** |
| **Intangible Completion Costs** | | | | | |
| ***Engineering & Supervision Svcs*** | | | | | |
| TM0320HD | Production Superintendent Time and Mileage- DeLeon | 311-PL-2 | 603.92 | | |
| TM0320EV | Field Supervisor Time & Mileage- Vines | 311-PL-2 | 798.98 | | |
| 566 | FOS Engineering & Consulting, LLC- 2/17-24/2020 | 311-PL-2 | 3,040.00 | | |
| 583 | FOS Engineering & Consulting, LLC- 3/3-14/2020 | 311-PL-2 | 690.00 | 5,132.90 | 301.48 |
| | **Total Intangible Completion Costs** | | | **5,132.90** | **301.48** |
| **Tangible Completion Costs** | | | | | |
| ***Pipeline/Gas Gathering Systems*** | | | | | |
| 68-93389 | JD Fields & Company, Inc.- 6" OD x .432" Wall Import Boly Seamless API5L GR X42 PSL-1 NACE MR-1075/ISO 15156 FBE 14-16 MILS DRL | 311-PL-2 | 474,029.54 | 474,029.54 | 27,842.16 |
| | **Total Tangible Completion Costs** | | | **474,029.54** | **27,842.16** |
| | **Total Expenses for LEASE** | | | **483,679.56** | **28,408.95** |

| LEASE Summary: | Wrk Int | | Expenses | Pre-Pmt Applied | You Owe |
|---|---|---|---|---|---|
| **1PIT02** | **0.05873507** | | **28,408.95** | **28,408.95** | **0.00** |

### LEASE: (1POL02)  Polk Estate etal 13-5 #1   County: SANTA ROSA, FL

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| ***Survey, DOC Hearings, Permits*** | | | | | |
| 021420396 | Tom Joiner & Associates Inc.- Air Permits, Dec 2019, LDAR, NOV Response | 1 | 271.65 | | |
| 022520396 | Tom Joiner & Associates Inc.- Air Permits, Jan 2020, NOV Response, LIDAR Report | 1 | 46.20 | 317.85 | 15.89 |
| ***Instru/Monitoring & Automation*** | | | | | |
| 2030020478 | SPL, Inc.- Gas thru Heptanes | 1 | 129.14 | | |
| 2030020507 | SPL, Inc.- Gas thru Heptanes | 1 | 120.00 | | |
| 91037201 | IHS Global, Inc. | 1 | 13.34 | | |
| BARC017607 | Bristol, Inc.- Zedi Access Monthly Fee 2/2020 | 1 | 198.00 | | |
| 2030020638 | SPL, Inc.- Gas thru Heptanes | 1 | 265.00 | | |
| 4574 | BTech Service & Supply Inc.- Repair LSH on heater treater | 1 | 642.00 | 1,367.48 | 68.38 |
| ***Chemicals*** | | | | | |
| 910904955 | Baker Hughes, a GE Company, LLC- Scale Inhibitor | 1 | 2,946.04 | 2,946.04 | 147.30 |

From:   Sklar Exploration Co., L.L.C.

To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020

Account: SUGO02   Page   20

## LEASE: (1POL02) Polk Estate etal 13-5 #1   (Continued)
### Expenses:   (Continued)

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Company Pumping - Gauging** | | | | | |
| ALPU0320 | Pumper Time & Mileage 03/20 Kinsey/Hester/Hoomes/Hart/Moye/Blackman/Davis/Kinsey/Hinote | 1 | 1,450.01 | 1,450.01 | 72.50 |
| **Installation of Equipment** | | | | | |
| 23727 | Carnley Electric Inc- Installation of water injection | 1 | 1,375.85 | 1,375.85 | 68.79 |
| **Repairs & Maint-Surface Equip** | | | | | |
| 137746 | Union Oilfield Supply, Inc.- Parts for water injection | 1 | 1,780.43 | | |
| 11420 | H&H Construction, LLC- Changed out 3" dump valve on treater | 1 | 536.00 | | |
| 143591 | Pro-Tek Field Services LLC- Treater dump valve, Kimray 4" | 1 | 2,979.50 | 5,295.93 | 264.80 |
| **Salt Water Disposal** | | | | | |
| 2020-02-006 | Wastewater Disposal Services, Inc.- 2/16-29/2020 | 1 | 4,290.00 | | |
| 2020-03-005 | Wastewater Disposal Services, Inc.- 3/1-15/2020 | 1 | 4,940.00 | 9,230.00 | 461.50 |
| **Utilities** | | | | | |
| 319446002 | Escambia River Electric Cooperative, Inc- 2/1-3/1/2020 | 1 | 6,249.11 | 6,249.11 | 312.45 |
| **Sales/Use Tax** | | | | | |
| 031820 | State of Florida- Sales/use tax not paid by vendor 2/2020 | 1 | 13.86 | 13.86 | 0.70 |
| **Regulatory Costs & Fees** | | | | | |
| EWKA0320 | EWB credit card 3/2020 Kim Anderson- Tier Two 2019 FL Division of Emergency | 1 | 29.16 | 29.16 | 1.45 |
| **COPAS Overhead** | | | | | |
| RBO38939 | Adm Overhead - Producing | 1 | 1,302.33 | 1,302.33 | 65.12 |
| | **Total Lease Operating Expense** | | | **29,577.62** | **1,478.88** |
| **Tangible Completion Costs** | | | | | |
| **Surface Production Equipment** | | | | | |
| RW1056 | Transfer one 24' x 7'6" 125# 2 phase separator from inventory to Polk Estates 13-5 #1 | 1 | 10,491.70 | | |
| RW1056 | Transfer one 6' x 20' 125# vertical heater treater from inventory to Polk Estates 13-5 #1 | 1 | 37,603.30 | 48,095.00 | 2,404.75 |
| **Tank Battery InstallationCosts** | | | | | |
| RW1052 | Transfer two 400 bbl welded steel, internally coated tank from inventory to Polk Estates 13-5 #1 | 1 | 5,300.00 | | |
| RW1064 | Transfer eight 12' Tankguard tank pads, tan from inventory to Polk Estates 13-5 #1 | 1 | 6,757.54 | 12,057.54 | 602.88 |
| **Electrical & Control Systems** | | | | | |
| RW1069 | Transfer one 10K Pressure Transmitter w/needle valves, one 2051 Battery, two 3-100 psig Dual Channel Digital Input, two Batteries from inventory to Polk 13-5 #1 | 1 | 4,296.23 | 4,296.23 | 214.81 |
| | **Total Tangible Completion Costs** | | | **64,448.77** | **3,222.44** |
| | **Total Expenses for LEASE** | | | **94,026.39** | **4,701.32** |

From:   Sklar Exploration Co., L.L.C.
To:   Sugar Oil Properties, L.P.

For Billing Dated 03/31/2020
Account: SUGO02   Page   21

**LEASE: (1POL02)  Polk Estate etal 13-5 #1    (Continued)**

| LEASE Summary: | Wrk Int | | Expenses | You Owe |
|---|---|---|---|---|
| 1POL02 | 0.05000000 | | 4,701.32 | 4,701.32 |

### LEASE: (1SPR01)  Spring Lake Prospect   County: SMITH, TX

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Leasehold Costs** | | | | | |
| *Brokerage Costs* | | | | | |
| 20-0301-012 | Eiche, Mapes, and Company, Inc-Energy land services, 2/17-3/1/2020 | 1 | 125.50 | | |
| 20-0302-020 | Eiche, Mapes, and Company, Inc-Energy Land Services 3/2-15/2020 | 1 | 237.50 | 363.00 | 18.71 |
| | **Total Leasehold Costs** | | | **363.00** | **18.71** |

| LEASE Summary: | Wrk Int | | Expenses | You Owe |
|---|---|---|---|---|
| 1SPR01 | 0.05154639 | | 18.71 | 18.71 |

09/02/2020  05:45 pm
Company:00SEC

Sklar Exploration Co., L.L.C.
Suspense Master Listing by Owner
Print Detail by Owner-Property-Distribution Line
Owner SUGO02

Page   1

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | Gross$ | Taxes | Other | Net Amt | Susp |
|----------|-----|---------------|------|----------|--------|---------|----------|--------|-------|-------|---------|------|
| **SUGO02** | | **Sugar Oil Properties, L.P.;Attn: Mr. Mickey Quinlan, President** | | | | | code: 1 = $25.00  min) | | | | | |
| 1BAT03 | OIL | Bates 2-2 #1 | | 02/2020 | GOOD0320 | 10,674.16 | 0.03920973 W | 21,873.05 | 222.78- | 816.14- | 20,834.13 | L15 |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.39 | 0.00535835 W | 29.03 | 1.84- | 6.08- | 21.11 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00535835 W | 39.97 | 2.40- | 0.00 | 37.57 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00535835 W | 5,241.03 | 400.83- | 230.66- | 4,609.54 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.00535835 W | 363.88 | 29.11- | 0.00 | 334.77 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.00535835 W | 7.42 | 0.44- | 0.00 | 6.98 | L15 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 979.02 | 0.00234205 W | 75.57 | 4.78- | 15.85- | 54.94 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,956.00 | 0.00234205 W | 247.50 | 19.80- | 0.00 | 227.70 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.00234205 W | 2,843.91 | 217.50- | 125.16- | 2,501.25 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | PLAM0320 | 2,076.21 | 0.00234205 W | 243.92 | 19.52- | 0.00 | 224.40 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.00234205 W | 53.08- | 0.00 | 0.00 | 53.08- | L15 |
| 1FLE02 | OIL | Fleming etal 30-15 #1 | | 02/2020 | PLAM0320 | 1,725.34 | 0.04143750 W | 3,368.21 | 202.09- | 0.00 | 3,166.12 | L15 |
| 1MCL01 | OIL | McLeod etal 30-11 #1 | | 02/2020 | PLAM0320 | 2,774.10 | 0.03900000 W | 5,097.04 | 305.82- | 0.00 | 4,791.22 | L15 |
| 1POL02 | OIL | Polk Estate etal 13-5 #1 | | 02/2020 | GOOD0320 | 4,348.24 | 0.03885754 W | 8,830.20 | 89.94- | 329.47- | 8,410.79 | L15 |
| 1POL02 | OIL | Polk Estate etal 13-5 #1 | | 02/2020 | PLAM0320 | 194.00 | 0.03885754 W | 386.43 | 4.01- | 0.00 | 382.42 | L15 |
| | | SUGO02 | OWNER TOTAL: | | | | 15 | 48,594.08 | 1,520.86- | 1,523.36- | 45,549.86 | |

| | | | | | |
|--|--|--|--|--|--|
| Grand Total | | | 524,432.59 | 15 | 48,594.08 | 1,520.86- | 1,523.36- | 45,549.86 |

Total by Owner Balance Being Negative/Positive:

|  |  |  |
|--|--|--|
| Total Owner Positive Balance | 1 | 45,549.86 |
| Total Owner Negative Balance | 0 | 0.00 |

Sklar Exploration Company, LLC -Debtor

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | | |
|---|---|---|---|
| AEH INVESTMENTS LLC | 0.01250000 | $ | 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 | $ | 368.13 |
| DBC RESOURCES LP | 0.07297000 | $ | 2,686.21 |
| DCOD LLC | 0.06375000 | $ | 2,346.80 |
| DEDE, LLC | 0.01000000 | $ | 368.13 |
| PAULA W DENLEY LLC | 0.00367500 | $ | 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 | $ | 98.17 |
| Duncan Family Trust-William | 0.00266667 | $ | 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 | $ | 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 | $ | 782.27 |
| LEANNE D FORD | 0.00220500 | $ | 81.17 |
| FOUR D LLC | 0.00800000 | $ | 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 | $ | 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 | $ | 828.28 |
| GJR INVESTMENTS INC | 0.00800000 | $ | 294.50 |
| HALL AND HALL LLC | 0.00367500 | $ | 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 | $ | 368.13 |
| DARLENE K HALL | 0.01000000 | $ | 368.13 |
| HANSON OPERATING CO INC | 0.08000000 | $ | 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 | $ | 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 | $ | 4,423.85 |
| J & A HARRIS LP | 0.08097000 | $ | 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 | $ | 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 | $ | 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 | $ | 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 | $ | 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 | $ | 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 | $ | 368.13 |
| PRUET PRODUCTION CO | 0.01000000 | $ | 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 | $ | 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 | $ | 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 | $ | 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 | $ | 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 | $ | 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 | $ | 567.70 |
| SUMMIT LLC | 0.00367500 | $ | 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 | $ | 135.29 |
| LEONARD E WILLIAMS | 0.00800000 | $ | 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 | $ | 73.63 |
| TOM YOUNGBLOOD | 0.02000000 | $ | 736.25 |
| | 1.00000000 | $ | 36,812.50 |

| | |
|---|---|
| United States Bankruptcy Court for the District of Colorado | |
| **Name of Debtor:** Sklarco, LLC | **For Court Use Only** |
| **Case Number:** 20-12380 | Claim Number: 0000010094 |
| | File Date: 09/24/2020 13:03:37 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):  Sugar Oil Properties, L.P.

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**   ☑ No  ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name  Sugar Oil Properties, L.P. | Name  Sugar Oil Properties, L.P. |
| Address  Kean Miller LLP ATTN: J. Eric Lockridge | Address  625 Market Street, Suite 100 |
| 400 Convention Street, Suite 700 | |
| City  Baton Rouge | City  Shreveport |
| State  LA          ZIP Code  70802 | State  LA          ZIP Code  71101 |
| Country (if International): | Country (if International): |
| Phone:  225-389-3756 | Phone:  318-222-4316 |
| Email:  eric.lockridge@keanmiller.com | Email:  mickey@sugaroilproperties.com |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>          MM / DD / YYYY | _____ |

Page 1 of 3

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____  _____  _____  _____

**7. How much is the claim?**

$ _underdetermined_

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Prod.Revenues/Cash Advances/Unliq.Damage

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____%
                                  ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:**   Sign Below

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Mickey Quinlan*                                          09/24/2020 13:03:37
_____          _____
Signature                                                          Date

**Provide the name and contact information of the person completing and signing this claim:**

Name      Mickey Quinlan
_____

Address   625 Market Street, Suite 100
_____

_____

_____

City        Shreveport
_____

State       LA                                              Zip   71101
_____

Country (in international)  _____

Phone     318-222-4316
_____

Email      mickey@sugaroilproperties.com
_____

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF COLORADO

IN RE:                                          CASE NO.:  20-12377-EEB

SKLAR EXPLORATION COMPANY, LLC                  CHAPTER 11
     Debtor

IN RE:                                          CASE NO.:  20-12380-EEB

SKLARCO, LLC                                    CHAPTER 11
     Debtor

                                            JOINTLY
                                            ADMINISTERED UNDER
                                            CASE NO. 20-12377-EEB

## ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim filed on behalf of Sugar Oil Properties, L.P. ("Sugar Oil").

2.      Sugar Oil and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Sugar Oil holds ownership interests.  Sklarco, LLC ("Sklarco") also is a party to the Operating Agreements in its capacity as holder of ownership interest in oil and gas properties similar to Sugar Oil.

3.      Pursuant to the Operating Agreements, SEC made cash calls from time to time on Sugar Oil and other similarly situated interest owners and Sugar Oil advanced cash

1

to SEC. Based on information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to Sugar Oil or Sklarco never paid the cash call advances made to it.  Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of the Operating Agreements.  Sugar Oil files this Proof of Claim to preserve any claim against Sklarco for such amounts of cash calls Sklarco failed to properly advance that Sugar Oil may hold.

4.    Based on further information and belief, SEC and Sklarco have made various improper transfers of funds among them and with third party affiliates.  Investigations are ongoing into the exact amount of these transfers.  Sugar Oil files it Proof of Claim against Sklarco to preserve any claim against Sklarco for such amounts that were improperly transferred that Sugar Oil may hold.

5.    In addition, Sugar Oil also claims all interest, costs, and fees to which it is entitled, as well as all other amounts to which Sugar Oil is entitled from Sklarco, including any and all contingent, unliquidated, and unmatured claims and damages of any nature and amount, arising at any time prior to the Petition Date.

6.    Sugar Oil continues to investigate its claims against Sklarco and reserves the right to amend or supplement its claim in this case.

7.    The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Sugar Oil's rights against any person, entity or property; (ii) a consent by Sugar Oil as to the jurisdiction of any court with respect to proceedings commenced in any case involving Sugar Oil; (iii) a waiver or release of Sugar Oil's rights to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a

2

consent by Sugar Oil to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Sugar Oil's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any object thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Sugar Oil; (vii) an election of remedies; or (viii) a waiver of any right with respect to property of Sugar Oil held by Sklarco or any other debtor captioned above or any of those debtors' affiliates, including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.    Sugar Oil reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by Sugar Oil and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to Sugar Oil or any other entity, including without limitation any payments on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, Sections 365, 547, 548, and 550 of the Bankruptcy Code.  In addition, the assertion of this Proof of Claim by Sugar Oil is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

9.     Sugar Oil reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Sugar Oil to request payment of any administrative expense claims that it may have against Sklarco (including, without limitation, administrative expenses not described in the claim), and Sugar Oil reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law.  Sugar Oil further reserves any and all rights to assert claims arising from the Operating Agreements after Sklarco's confirmation of a Chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.    Sugar Oil further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

# Exhibit 14

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000242

## RECEIVED

### SEP 2 3 2020

### LEGAL SERVICES

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | Sklarco, LLC |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

**1. Who is the current creditor?**
Wallace & Wallace, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Wallace & Wallace, LLC
Name

6163 Kay Brook Drive
Number      Street

Byram          MS      39272
City            State      ZIP Code

Contact phone 601-372-1752

Contact email jrwwallace@comcast.net

Where should payments to the creditor be sent? (if different)

Name

Number      Street

City            State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.  Who made the earlier filing?  See Addendum

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. How much is the claim? | $ _____1,329.18 . Does this amount include interest or other charges?<br> ☑ No<br> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Production revenues ($ ) and Cash Advances ($ ) _____<br>See Attached Addendum |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property: $_____<br>Amount of the claim that is secured: $_____<br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition: $_____<br><br>Annual Interest Rate (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09 / 14 / 2020
MM / DD / YYYY

Signature: *Ruth H. Wallace*

Print the name of the person who is completing and signing this claim:

| Name | Ruth H. Wallace | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Member | | |
| Company | Wallace & Wallace, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6163 Kay Brook Drive | | |
| | Number        Street | | |
| | Byram | MS | 39272 |
| | City | State | ZIP Code |
| Contact phone | 601-372-1752 | Email | jrwwallace@comcast.net |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |

| | |
|---|---|
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim.

2.      The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests.

3.      Pursuant to these Operating Agreements, SEC made cash calls from time to time to Claimant and Claimant advanced cash to SEC which was to be used by SEC solely for the purpose stated in the cash call (collectively, the "Cash Call Advances"). SEC failed to properly use, account for, and/or comply with the terms of the governing operating agreements as relates to the Cash Call Advances paid to it by Claimant.

4.      Also pursuant to the Operating Agreements, SEC collects revenues generated from the sale of oil and gas from the wells operated by SEC on behalf of Claimant (the "Revenues"). The Revenues collected by SEC are to be delivered by SEC to Claimant.

5. As of April 1, 2020 (the "Petition Date"), SEC was indebted to Claimant in the amount of $ 0.00 for Cash Call Advances paid by Claimant to SEC that were not used and/or accounted for by SEC as required by the terms of the governing operating agreements.

6. As of the Petition Date, SEC also was indebted to Claimant in the amount of $ 1,329.18 for revenues collected by SEC on behalf of Claimant that were improperly withheld by SEC. Such sum of $ 1,329.18 is composed of the following amounts: (a) the sum of $ 1,193.89 for unpaid revenues for production prior to the Petition Date attributable to the interest of Claimant, and (b) the sum of $ 135.29 for revenues not paid by Sklar to Pruet Production Co. ("Pruet") attributable to the interest of Claimant in the SEC operated LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11 properties (the" SEC Agency Properties"), with Pruet serving as the agent for this Claimant for purposes of receiving revenues for production in the SEC Agency Properties. To the extent Pruet's proof of claim includes Revenues owed to Claimant attributable to the SEC Agency Properties, the inclusion of the Revenues in the claims of both Claimant and Pruet is not intended to be duplicative, but instead is included out of an abundance of caution. To such extent, the claims of Pruet as to the SEC Agency Properties should be recognized.

7. In addition to the amounts stated above, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled as a result of SEC's breach of the Operating Agreements, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date. Such amounts include, but are not limited to: (a) unpaid suspended revenues related to the lawsuit styled Cedar Creek Land & Timber, Inc. and Pruet Production Co., Plaintiffs v N. Hunter Guy, Jr., Commissioner, Defendant, CV-2014-900113.00; and (b) amounts Claimant is require to

2

spend to satisfy liens filed on its ownership interests in oil and gas properties filed by lien claimants

claiming to be owed funds by SEC.

8.      Claimant continues to investigate its claims against SEC and reserves the right to

amend or supplement its claim in this case.

9.      The filing of this Proof of Claim is not and shall not be deemed or construed as (i)

a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by

Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case

involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any

proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in

any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have

any and all final orders in any and all non-core matters or proceedings entered only after *de novo*

review by a United States District Court; (vi) a waiver of the right to withdraw the reference with

respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding

which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by

the SEC or any other debtor captioned above or any of those debtors' and including but not limited

to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any

trusts, partnerships, corporations, or other legal entity related to those parties.

10.     Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim

or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs,

expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim,

including without limitation (a) claims for post-petition interest, legal fees, and related expenses

that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of

transfers (if any) made to Claimant or any other entity, including without limitation any payments

3

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

11.    Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of Claimant to request payment of any administrative expense claims that it may have against the SEC (including, without limitation, administrative expenses not described in the claim), and Claimant reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law. Claimant further reserves any and all rights to assert claims arising from the Operating Agreements after SEC's confirmation of a chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of SEC with any other debtor captioned above and/or any non-debtor party or parties.

12.    Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant                                    **Wallace & Wallace, LLC**

Name-Entity or Individual (Print):          **Ruth H. Wallace**

Signature:                                  *Ruth H. Wallace*

Title (If entity):                          **Member**

4

Exhibit "A" to Addendum to Proof of Claim

Sklar Exploration Company, LLC -Debtor
Pruet Production Co.-Claimant

Allocation of Unpaid Revenues for January and February 2020 Production
LCC Oil Unit II, Craft Mack 17-4 and Craft Hamiter 20-11

| | | |
|---|---|---|
| AEH INVESTMENTS LLC | 0.01250000 | $ 460.16 |
| THE COLEMAN REVOC LIVING TRUST | 0.01000000 | $ 368.13 |
| DBC RESOURCES LP | 0.07297000 | $ 2,686.21 |
| DCOD LLC | 0.06375000 | $ 2,346.80 |
| DEDE, LLC | 0.01000000 | $ 368.13 |
| PAULA W DENLEY LLC | 0.00367500 | $ 135.29 |
| Duncan Family Trust-Melissa | 0.00266667 | $ 98.17 |
| Duncan Family Trust-William | 0.00266667 | $ 98.17 |
| Duncan Family Trust-Katherine | 0.00266667 | $ 98.17 |
| FIDDLER INVESTMENTS | 0.02125000 | $ 782.27 |
| LEANNE D FORD | 0.00220500 | $ 81.17 |
| FOUR D LLC | 0.00800000 | $ 294.50 |
| FRANKS EXPLORATION CO LLC | 0.09800000 | $ 3,607.63 |
| GASTON OIL COMPANY INC | 0.02250000 | $ 828.28 |
| GJR INVESTMENTS INC | 0.00800000 | $ 294.50 |
| HALL AND HALL LLC | 0.00367500 | $ 135.29 |
| HALL MANAGEMENT LLC | 0.01000000 | $ 368.13 |
| DARLENE K HALL | 0.01000000 | $ 368.13 |
| HANSON OPERATING CO INC | 0.08000000 | $ 2,945.00 |
| HUGHES 2000 CT LLC | 0.15692250 | $ 5,776.71 |
| HUGHES OIL SOUTH, LLC | 0.12017250 | $ 4,423.85 |
| J & A HARRIS LP | 0.08097000 | $ 2,980.71 |
| JMS OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| JCE GALBRAITH OIL & GAS LLC | 0.01000000 | $ 368.13 |
| M JOHNSON INVESTMENT PTN I | 0.00800000 | $ 294.50 |
| KMR INVESTMENTS LLC | 0.02940000 | $ 1,082.29 |
| PAM LIN CORPORATION | 0.01500000 | $ 552.19 |
| PETROLEUM INVESTMENTS INC | 0.01000000 | $ 368.13 |
| PRUET PRODUCTION CO | 0.01000000 | $ 368.13 |
| RAB OIL & GAS HOLDINGS LLC | 0.00400000 | $ 147.25 |
| RYCO EXPLORATION LLC | 0.01166000 | $ 429.23 |
| DON B SAUNDERS TRUST | 0.00800000 | $ 294.50 |
| SAWYER DRILLING & SERVICE INC | 0.02000000 | $ 736.25 |
| ESTATE OF BARBARA M SUGAR | 0.01457850 | $ 536.67 |
| SUGAR OIL PROPERTIES LP | 0.01542150 | $ 567.70 |
| SUMMIT LLC | 0.00367500 | $ 135.29 |
| WALLACE & WALLACE LLC | 0.00367500 | $ 135.29 |
| LEONARD E WILLIAMS | 0.00800000 | $ 294.50 |
| EDWARD L YARBROUGH JR | 0.00200000 | $ 73.63 |
| TOM YOUNGBLOOD | 0.02000000 | $ 736.25 |
| | 1.00000000 | $ 36,812.50 |

09/02/2020  05:45 pm
Company:00SEC

**Sklar Exploration Co., L.L.C.**
**Suspense Master Listing by Owner**
**Print Detail by Owner-Property-Distribution Line**
Owner WALW07

Page   1

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | | Gross$ | Taxes | Other | Net Amt | Susp |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **WALW07** | | **Wallace & Wallace LLC** (Phy code: 2 = 550.00 mtn) , | | | | | | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.39 | 0.00127691 | W | 6.92 | 0.44- | 1.45- | 5.03 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00127691 | W | 9.52 | 0.57- | 0.00 | 8.95 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00127691 | W | 1,248.95 | 95.52- | 54.96- | 1,098.47 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.00127691 | W | 86.71 | 6.93- | 0.00 | 79.78 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.00127691 | W | 1.77 | 0.11- | 0.00 | 1.66 | L15 |
| | WALW07 | OWNER TOTAL: | | | | | 5 | | 1,353.87 | 103.57- | 56.41- | 1,193.89 | |
| Grand Total | | | | | | 55,797.77 | 5 | | 1,353.87 | 103.57- | 56.41- | 1,193.89 | |

Total by Owner Balance Being Negative/Positive:

| | | | |
|---|---|---|---|
| Total Owner Positive Balance | 1 | | 1,193.89 |
| Total Owner Negative Balance | 0 | | 0.00 |

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 105-1 | 9/29/2020 | D. GERTH |
|:---:|:---:|:---:|:---:|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

| | |
|---|---|
| **Fill in this information to identify the case:** | Filed: USBC - District of Colorado<br>Sklar Exploration Company, LLC, et al (B10)<br>20-12377 (EEB) |
| Debtor 1 Sklarco, LLC | **SKR** 0000000282 |
| Debtor 2 Sklarco Exploration Company, LLC<br>(Spouse, if filing) | |
| United States Bankruptcy Court for the: District of Colorado | **RECEIVED** |
| Case number 20-12380 | SEP 2 4 2020 |
| | **LEGAL SERVICES** |

## Official Form 410

# Proof of Claim
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Wallace & Wallace, LLC<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |
| **3. Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Wallace & Wallace, LLC<br>Name<br>6163 Kay Brook Drive<br>Number Street<br>Byram MS 39272<br>City State ZIP Code<br><br>Contact phone 601-372-1752<br>Contact email jrwwallace@comcast.net<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_____ | **Where should payments to the creditor be sent? (if different)**<br><br>Name<br><br>Number Street<br><br>City State ZIP Code<br><br>Contact phone _____<br>Contact email _____ |
| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____  Filed on __/__/____  MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** ;$_____ . Does this amount include interest or other charges?

Unliquidated; see Addendum

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Production Revenues, Cash Advance and Unliquidated damages

See Attached Addendum

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  '$_____

Amount of the claim that is secured:  $_____

Amount of the claim that is unsecured: ;$_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.  $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 09 14 2020
MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Ruth H. Wallace | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Member | | |
| Company | Wallace & Wallace, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 6163 Kay Brook Drive | | |
| | Number   Street | | |
| | Byram | MS | 39272 |
| | City | State | ZIP Code |
| Contact phone | 601-372-1752 | Email | jrwwallace@comcast.net |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, | |
| Debtor. | Chapter 11 |

| | |
|---|---|
| In re: | Case No. 20-12380-EEB |
| SKLARCO, LLC | |
| Debtor. | Chapter 11 |
| | **Jointly Administered Under Case No. 20-12377-EEB** |

### ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim.

2.      The undersigned claimant ("Claimant") and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which Claimant holds ownership interests. Sklarco, LLC ("Sklarco") also is a party to these Operating Agreements in its capacity a holder of ownership interests in oil and gas properties similar to Claimant.

3.      Pursuant to the Operating Agreements, SEC made cash calls from time to time to Claimant and other similarly situated interest owners and Claimant advanced cash to SEC. Based upon information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to Claimant or Sklarco never paid the cash call advances made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of

9406003.1

the Operating Agreements. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts of cash calls Sklarco failed to properly advance that Claimant may hold.

4. Based upon further information and belief, SEC and Sklarco have made various improper transfers of funds among them and with third party affiliates. Investigations are ongoing into the exact amount of these transfers. Claimant files its Proof of Claim to preserve any claim against Sklarco for such amounts that were improperly transferred that Claimant may hold.

5. In addition, Claimant also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which Claimant is entitled from Sklarco, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.

6. Claimant continues to investigate its claims against Sklarco and reserves the right to amend or supplement its claim in this case.

7. The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant as to the jurisdiction of any court with respect to proceedings commenced in any case involving Claimant; (iii) a waiver or release of Claimant's right to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by Claimant to a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which has been or may be commenced in these cases or otherwise involving Claimant; (vii) an

2

election of remedies, or (viii) a waiver of any right with respect to property of Claimant held by

the Sklarco or any other debtor captioned above or any of those debtors' and including but not

limited to their principals, owners, agents, officers, directors, assigns, investors, representatives,

and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.      Claimant reserves its rights to withdraw, amend, or supplement this Proof of Claim

or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs,

expenses, and other charges or claims incurred by Claimant and to file additional proofs of claim,

including without limitation (a) claims for post-petition interest, legal fees, and related expenses

that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of

transfers (if any) made to Claimant or any other entity, including without limitation any payments

on the claim described in this Addendum, (c) claims arising from the assumption or rejection of

any executory contracts or unexpired leases, and (d) any other claims arising from, among others,

sections 365, 547, 548, and 550 of the Bankruptcy Code. In addition, the assertion of this Proof of

Claim by Claimant is in addition to, not in place of, and does not amend, alter, or affect in any

way, the assertion of any claim(s) made in other jurisdictions.

9.      Claimant reserves all rights of recoupment and setoff, and this Proof of Claim is

filed without prejudice to the right of Claimant to request payment of any administrative expense

claims that it may have against Sklarco (including, without limitation, administrative expenses not

described in the claim), and Claimant reserves the right to request payment of such administrative

expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other

applicable law. Claimant further reserves any and all rights to assert claims arising from the

Operating Agreements after Sklarco's confirmation of a chapter 11 plan, dismissal of this

Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.    Claimant further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

Claimant

Wallace & Wallace, LLC

Name-Entity or Individual (Print):

Ruth H. Wallace

Signature:

Title (If entity):

Member

C
O
U
R
T

D
O
C
K
E
T

| 20-12380 | 23-1 | 9/29/2020 | D. GERTH |
|:---:|:---:|:---:|:---:|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

**Fill in this information to identify the case:**

Debtor 1    Sklar Exploration Company, LLC

Debtor 2    Sklarco, LLC
(Spouse, if filing)

United States Bankruptcy Court    **District of Colorado**

Case number: **20-12377**

**FILED**

**U.S. Bankruptcy Court**
**District of Colorado**

5/26/2020

**Kenneth S. Gardner, Clerk**

## Exhibit 15

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

**0000000070**

Official Form 410

**Proof of Claim**      04/19

Read the instructions before filling out this form. This form is for making a clai~~m~~ ... ~~fo~~rm to
make a request for payment of an administrative expense. Make such a reques~~t~~ ...

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | White Resources, LLC |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor    Danny Hankins |
| **2. Has this claim been acquired from someone else?** | ☑ No ☐ Yes. From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| White Resources, LLC | P O Box 17875 |
| Name | Name |
| P O Box 1286 | 106 S Wall Street |
| 106 S Wall Street | |
| Natchez, MS 39121 | Natchez, MS 39122-7875 |
| Contact phone   601 445 8899 | Contact phone   6014458899 |
| Contact email   jacklaz@cableone.net | Contact email   jacklaz@cableone.net |
| Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No ☐ Yes. Claim number on court claims registry (if known)       Filed on     MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No ☐ Yes. Who made the earlier filing? |

Official Form 410          Proof of Claim          page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |

**7. How much is the claim?**   $ 43283.82

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Services rendered within 90 days of filing

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.
**Nature of property:**
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $ _____

**Amount of the claim that is secured:**   $ _____

**Amount of the claim that is unsecured:**   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ _____

**Annual Interest Rate** (when case was filed)   _____ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410                    Proof of Claim                    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date ___5/26/2020___
MM / DD / YYYY

/s/ L. Jackson Lazarus

Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | L. Jackson Lazarus |
| | First name  Middle name  Last name |
| Title | Attorney |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | P O Box 1286 |
| | Number  Street |
| | Natchez, MS 39121−1286 |
| | City  State  ZIP Code |
| Contact phone | 6014458899  Email  jacklaz@cableone.net |

Official Form 410  Proof of Claim  page 3