**EXHIBIT 1**

**Document Requests and Topics for Deposition**

**<u>DEFINITIONS</u>**

1.      "SEC" means Sklar Exploration Company, LLC.

2.      "Sklarco" means Sklarco, LLC.

3.      "Debtors" means collectively SEC and Sklarco, along with their employees, agents, managers, members, affiliates, representatives (including advisors), consultants, attorneys and all Persons acting or purporting to act on his behalf.

4.      "Bankruptcy Cases" means the jointly administered bankruptcy cases pending in the United States Bankruptcy Court for the District of Colorado, Case No. 20-12377-EEB and Case No. 20-12380-EEB.

5.      "Bankruptcy Court" means the United States Bankruptcy Court for the District of Colorado in which the Bankruptcy Cases are pending.

6.      "Petition Date" means April 1, 2020.

7.      "*Ad Hoc* Committee" means the *Ad Hoc* Committee of Sklar Exploration Company, LLC, and Sklarco, LLC whose members presently are (i) Pruet Production Co.; (ii) JF Howell Interests, LP; and (iii) McCombs Energy, Ltd.

8.      "Brooklyn Agreements" collectively means: (i) Southwest Brooklyn Oil Unit Agreement; (ii) Southwest Brooklyn Oil Unit Operating Agreement; (iii) Southeast Brooklyn Oil Unit Agreement; and (iv) Southeast Brooklyn Oil Unit Operating Agreement, each dated November 1, 2018, along with all exhibits, amendments, substitutions, replacements, addendums or any ancillary documents referenced therein.

9.      "Brooklyn Oil Unit" mean the Unit Areas as such terms are defined in the Brooklyn Agreements.

10.      "Mr. Jones" means Mr. Marshall Jones.

11.      "Plants" mean those certain processing plants situated in Conecuh County, Alabama commonly referred to as the North Beach Plant and the Abbyville Plant, and all equipment associated with those facilities.

12.      "CRO" means Mr. James Katchadurian.

13.      "Fletcher" means Fletcher Petroleum.

14.     "Brammer" means Brammer Engineering, Inc.

15.     "Person" means, without limitation, natural persons and individuals; sole proprietorships; limited liability companies; general and limited partnerships; profit and nonprofit corporations; unincorporated associations; or any other legal or governmental entity, organization or body of any type whatsoever; as well as agents, employees, or instrumentalities of such entities.

16.     "Agreement" means all oral or written understandings, formal or informal, binding or nonbinding, between more than one party, including written contracts, letter agreements, side agreements, addenda to agreements and any other such understandings however reflected.

17.     "Document" and/or "documents" means any writing or other form of record (including any writing or data stored on electronic storage devices) within the scope of the word "document" as that term is used in Rules 26 and 34 of the Federal Rules of Civil Procedure (as incorporated by FER. R. BANKR. P. 7026 and 7034) and includes (without limitation) all types of written, typed, printed, recorded or graphic material, however produced or reproduced, of any kind and description, and whether an original, master, duplicate or copy, including (but not limited to) papers, notes of conversations, contracts, electronic mail, computer files, agreements, drawings, telegrams, tape recordings, communications, letters, memoranda, handwritten notes, reports, studies, working papers, corporate records, minutes of meetings (including board or committee meetings), notebooks, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations or negotiations, notes or records of meetings or conferences, or things similar to any of the foregoing, including any data, information or statistics contained within any data storage modules, tapes, discs, or other memory device, or other information retrievable from storage systems, including (but not limited) to computer generated reports and print-outs or data compilations from which information can be obtained and translated, if necessary. Any copy containing (or having attached) any alterations, notes, comments, or other materials not included in the originals or copies referred to in the preceding sentence shall be deemed a separate document within the foregoing definition.

18.     "Relating to" or "relate to" means discussing, describing, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in conjunction with, evidencing, setting forth, considering, recommending, or constituting, in whole or in part.

19.     The term "Communication" means, without limitation, any correspondence, memoranda, voice mail, e-mail, contact, discussion, or other kind of written, oral, or electronic exchange between two or more persons, including, but not limited to, all telephone conversations, face-to-face conversations, meetings, visits, and conferences.

## INSTRUCTIONS

A.      Each request shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. Any request propounded in the singular shall also be

read as if propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense and *vice versa*.

B.        The documents responsive to these requests shall be produced as they have been kept in the usual course of business or shall be organized and labeled to correspond with the enumerated categories in this request. If produced as kept in the usual course of business, all documents (other than electronically stored information) shall be produced with a copy of the file folder (if any) in which the documents are kept or maintained.

C.        If you object to the production of any document sought by these document requests, whether in whole or in part, on the grounds of the attorney-client privilege, work product immunity, or other privilege or immunity, as much of the document concerned as to which no claim of privilege or immunity is made shall be produced. With respect to documents or portions of documents for which a claim of privilege or immunity is made, state the following for each document:

> (i) a description of the type of document withheld from production (*e.g.*, memorandum, letter, e-mail);
>
> (ii) the date shown on the document;
>
> (iii) the author of the document and, if applicable, the name of the person(s) to whom it was addressed and/or to whom it was copied;
>
> (iv) a general description of the subject matter of the document that is sufficiently specific to permit a fair evaluation of the merits of Recovery Energy's reasons for not producing the document; and
>
> (v) the reason the document was withheld from production.

D.        If any document responsive to these requests has been lost, destroyed, or otherwise disposed of, such document is to be identified as completely as possible, including the following information: contents; author(s); recipient(s); sender(s); copied recipient(s) (indicated or blind); date prepared and received; date of disposal; manner of disposition; person(s) last in possession of the document; and person(s) disposing of the document.

E.        Unless otherwise specified in an individual document request, the scope of the documents requested herein shall be limited to 3 years preceding the Petition Date.

## DOCUMENT REQUESTS

**Request No. 1**: All Documents and Communications between Mr. Jones and any Person who is not employed by the Debtors regarding SEC's transition of operations in the Brooklyn Oil Unit since January 1, 2021.

**Request No. 2**: All Documents and Communications between Mr. Jones and Fletcher since January 1, 2021.

**Request No. 3**: All Documents and Communications between Mr. Jones and Brammer since January 1, 2021.

**Request No. 4**: All Documents and Communications between Mr. Jones and the CRO regarding SEC's transition of operations in the Brooklyn Oil Unit since January 1, 2021.

**Request No. 5**: All Documents and Communications of Mr. Jones that reference the *Ad Hoc* Committee or any of its members since March 1, 2021.

**Request No. 6**: All Documents and Communications of Mr. Jones and any Person who is not employed by the Debtors regarding SEC's transition of operations of the Plants.

**Request No. 7**: All Documents and Communications between Mr. Jones and the CRO regarding SEC's transition of operations of the Plants since January 1, 2021.

## <u>TOPICS</u>

**Topic No. 1**: SEC's transition of operations to a successor operator in the Brooklyn Oil Unit.

**Topic No. 2**: Mr. Jones' communications with Fletcher and Brammer regarding the transition of operations in the Brooklyn Oil Unit.

**Topic No. 3**: Mr. Jones' communications with any Person regarding SEC's transition of operations to a successor operator of the Plants.

**Topic No. 4**: Mr. Jones' unwillingness to cooperate in the transition of operations in the Brooklyn Oil Unit.