# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930<br><br>　　　　Debtor-in-Possession. | )<br>)<br>)   Case No. 20-12377-EEB<br>)<br>)   Chapter 11<br>)<br>)<br>) |
| IN RE:<br><br>SKLARCO, LLC<br>EIN: 72-1425432<br><br><br><br>　　　　Debtor-in-Possession. | )<br>)<br>)<br>)   Case No. 20-12380-EEB<br>)<br>)   Chapter 11<br>)<br>)<br>)<br>) |

## *AD HOC* COMMITTEE OF WORKING INTEREST OWNERS' *EX PARTE* MOTION FOR A RULE 2004 EXAM OF DEBTORS' LANDMAN SUTTON LLOYD

**COMES NOW**, the *Ad Hoc* Committee of Working Interest Owners of Debtors Sklar Exploration Company, LLC, and Sklarco, LLC (the "***Ad Hoc* Committee**"), by and through their undersigned counsel, for their *Ex Parte* Motion (the "**Motion**") for a Rule 2004 Exam of Debtors' Landman Sutton Lloyd. In support of the Motion, the *Ad Hoc* Committee states as follows:

### Jurisdiction and Venue

1.　　This Court has jurisdiction over these Chapter 11 cases pursuant to 28 U.S.C. §§ 157(a) and (b), and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) as this matter concerns the administration of the Debtor's estate. The rule-based predicate for relief in this Motion is Rule 2004 of the Bankruptcy Rules and L.B.R. 2014-1. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**Background**

A.  **Background Regarding the *Ad Hoc* Committee's Interests.**

2.  The members of the *Ad Hoc* Committee are identified in the *Supplemental Verified Statement Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure*. (Docket No. 721).

3.  Each of the members of the *Ad Hoc* Committee own working interests in both the Southwest Brooklyn Oil Unit and the Southeast Brooklyn Oil Unit (collectively, the "**Brooklyn Oil Unit**").

4.  Debtor Sklar Exploration Company, LLC ("**SEC**") is the operator for the assets located within the Brooklyn Oil Unit and Debtor Sklarco, LLC ("**SKC**") also holds a working interest in the Brooklyn Oil Unit.

B.  **Background Regarding these Bankruptcy Cases.**

5.  On April 1, 2020 (the "**Petition Date**"), the Debtors commenced these Chapter 11 cases when they filed their voluntary petitions. (Docket No. 1).

6.  On April 20, 2021, the Court entered its Order approving the *Stipulation to Relief From Stay to Proceed with the Transition of Successor Operator for the Brooklyn Oil Units* (the "**Stipulation**"). (*See* Docket Nos. 1190 and 1195). The purpose of the Stipulation is to facilitate a transition of operations over the Brooklyn Oil Unit to other successor operators, in accordance with the Unit Operating Agreements, since SEC has resigned its position as operator. The Unit Operating Agreements governing the Brooklyn Oil Unit require that, upon resignation by an existing operator, that the working interest owners therein elect a new successor operator.

7.  To facilitate a transition to a future successor operator, the Stipulation required that "[u]pon entry of an order approving this Stipulation, SEC shall make a data room [] pertaining to

the Brooklyn Oil Units accessible." (Docket No. 1190 at ¶ 2). The Stipulation also required that the Debtors populate the data room with the materials identified on Exhibit 1 thereto. The purpose of the data room is to allow future successor operators to conduct due diligence as to whether they want to become the successor operator of the Brooklyn Oil Unit.

8. On May 18, 2021, twenty-eight (28) days after entry of the order approving the Stipulation, the Debtors opened up the data room required by the Stipulation for potential successor operators. The documents and materials populated into the data room were woefully deficient and did not contain the complete items identified on Exhibit 1 to the Stipulation. As of the date of this Motion, the data room remains incomplete.

9. On May 28, 2021, the Court held a hearing (the "**Confirmation Hearing**") on confirmation of *the Debtors' Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020* (Docket No. 1251).

10. Prior to the Confirmation Hearing, the *Ad Hoc* Committee learned from the Debtors' Chief Restructuring Officer that certain employees of the Debtors, including their Landman Mr. Sutton Lloyd, are unwilling to communicate and cooperate with certain members of the *Ad Hoc* Committee regarding facilitating a transition of the operations of the Brooklyn Oil Unit pursuant to the Stipulation. Since the Confirmation Hearing, some of the Debtors' employees, including Mr. Lloyd, have begun to communicate with the *Ad Hoc* Committee regarding the transition.

11. At the Confirmation Hearing, the Debtors represented that only two parties had been granted access to the data room for the Brooklyn Oil Units notwithstanding the data room itself shows that there are at least three (3) parties who have been granted access thereto and are

3

interested in becoming successor operator of the Brooklyn Oil Unit: (a) Pruet Production Co. ("**Pruet**"), (b) Brammer Engineering, Inc. ("**Brammer**"), and (c) Fletcher Petroleum ("**Fletcher**").

12. Upon information and belief, the *Ad Hoc* Committee believes that Mr. Lloyd has been engaged in substantive communications with Fletcher and Brammer regarding the transition of operations of the Brooklyn Oil Unit. Prior to the Confirmation Hearing, Mr. Lloyd did not communicate with Pruet, a member of the *Ad Hoc* Committee, regarding the transition of operations of the Brooklyn Oil Unit notwithstanding receiving no less than five (5) separate emails from Pruet's businesspersons.

13. The free flow of information regarding SEC's operations over the Brooklyn Oil Unit is critically important to ensuring an efficient and effective transition of operations to a successor operator. An inefficient transition undoubtedly impacts the value of the working interest in the Brooklyn Oil Unit. Furthermore, SEC, as the outgoing operator over the Brooklyn Oil Unit, must ensure that the election of a successor operator is fair, transparent and that all information is being shared equally among all interested parties who desire to be elected as successor operators. As suggested by the Court, to the extent certain employees of the Debtors are unwilling to communicate with the *Ad Hoc* Committee, then such communication may be compelled through Rule 2004.

## Relief Requested

14. Pursuant to Rule 2004 of the Bankruptcy Rules, good cause exists for the *Ad Hoc* Committee to request and obtain specific documents from the Debtors as set forth on <u>Exhibit 1</u> hereto and testimony from Mr. Sutton Lloyd relating to the topics set forth on <u>Exhibit 1</u> in order to take a Rule 2004 Exam. Pursuant to L.B.R. 2014-1(b), the *Ad Hoc* Committee requests that the

Court order the production of documents to be made be received be no later than the date that is seven (7) days after service following entry of an order granting this Motion.

## Argument

15. Rule 2004(a) states that "[o]n motion of any party in interest, the court may order the examination of any entity." The discovery requested by the *Ad Hoc* Committee is well within the scope of examination permitted under Bankruptcy Rule 2004, which includes:

> ***the acts, conduct, or property*** or . . . the liabilities and financial condition of the debtor, or . . . ***any matter which may affect the administration of the debtor's estate***, or to the debtor's right to a discharge. In a . . . reorganization case under chapter 11 of the Code, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. P. 2004(b) (Scope of Examination) (emphasis added).

16. Rule 2004 "is a basic discovery device used in bankruptcy cases." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 275 (D. Colo. 1991). Rule 2004 permits the party invoking it to undertake a broad inquiry of the examinee and has been likened to a "fishing expedition," although its use is not unlimited. *See Blinder*, 127 B.R. at 274; *see also In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (E.D. Pa. 1990) ("The scope of a [Rule] 2004 examination is even broader than that of discovery permitted under the F.R.CIV.P., which themselves contemplate broad, easy access to discovery.").

17. "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and its whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509,

5

514 (Bankr. E.D.N.Y. 1991) (quoting *Cameron v. United States*, 231 U.S. 710, 717 (1914)). The scope of inquiry permitted in a Rule 2004 examination is extremely broad. *See, e.g., In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y.); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

18. Here, good cause exists for the production of documents from the Debtors in order to ensure a smooth transition to a new successor operator in the Brooklyn Oil Unit. The Debtor and its employees, including Mr. Lloyd, must cooperate with the transition to a new successor operator. Furthermore, it is imperative that the election for a new successor operator be fair among ***all*** potential successor operators. To the extent Mr. Lloyd has been sharing information, either orally or through informal sharing of documents, with some but not all potential successors the integrity of the forthcoming elections has been compromised. Additionally, to the extent there have been any understandings, promises, or other agreements between Mr. Lloyd and any potential successor regarding offers of future employment or other consideration such information is material to the integrity of the transition process. The *Ad Hoc* Committee members each hold working interests in the Brooklyn Oil Unit and must be assured that the transition occurs smoothly, efficiently and that the future elections among successor operators is fair and not compromised. *See In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992) ("Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests."). Accordingly, for the reasons set forth herein, the *Ad Hoc* Committee respectfully requests that this Court enter an order authorizing the production of documents identified in <u>Exhibit 1</u> on no less than seven (7) days' notice as permitted under L.B.R. 2014-1(b) and that it be permitted to examine Mr. Lloyd under oath regarding his involvement, on behalf of the Debtors, in connection with the transition of operations.

**Reservation of Rights**

The *Ad Hoc* Committee reserves the right to conduct further discovery in these Chapter 11 cases from of any other creditor, party in interest, or insider at any time in connection with this Bankruptcy Case, any proceeding or contested matter in this Bankruptcy Case, or any other case or proceeding in a court of competent jurisdiction.

## Conclusion

WHEREFORE, the *Ad Hoc* Committee respectfully requests that the Court enter an order granting the Motion which authorizes the *Ad Hoc* Committee to request and obtain specific documents from the Debtors as set forth on Exhibit 1 hereto and to examine Mr. Lloyd regarding the topics identified on Exhibit 1, and for all such other and further relief this Court deems fair and equitable under the circumstances.

**[INTENTIONAL PAGE BREAK – SIGNATURE PAGE FOLLOWS]**

Dated: June 1, 2021.                    Respectfully submitted,

**AD HOC COMMITTEE OF WORKING INTEREST HOLDERS OF SKLAR EXPLORATION COMPANY, LLC, AND SKLARCO, LLC**

By: /s/Timothy M. Swanson
Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street
6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

--and--

Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to the Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company, LLC, and Sklarco, LLC*

8

**Certificate of Service**

I hereby certify that on this 1st day of June 2021, I caused the foregoing *Ad Hoc Committee of Working Interest Owners' Ex Parte Motion for a Rule 2004 Exam of Debtors' Landman Sutton Lloyd* to be served *via* CM/ECF to all parties that have filed electronic appearances and requested service in this case.

*s/Timothy M. Swanson*
Timothy M. Swanson
