# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SKLAR EXPLORATION COMPANY, LLC ) | Case No. 20-12377-EEB |
| EIN: 72-1417930 ) | |
| ) | Chapter 11 |
| Debtor-in-Possession. ) | |
| ) | |
| IN RE: ) | |
| ) | |
| SKLARCO, LLC ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 ) | |
| ) | Chapter 11 |
| ) | |
| Debtor-in-Possession. ) | |

## *EX PARTE* MOTION FOR A RULE 2004 EXAM OF SUTTON LLOYD, LAND MANAGER

**COMES NOW**, JF Howell Interests, LP, by and through its undersigned counsel, and files this *Ex Parte* Motion (the "Motion") for a Rule 2004 Exam of Sutton Lloyd, the Land Manager of Sklar Exploration Company, LLC ("SEC" or "Debtor"). In support of the Motion, JF Howell Interests, LP states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over these Chapter 11 cases pursuant to 28 U.S.C. §§ 157(a) and (b), and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) as this matter concerns the administration of the Debtor's estate. The rule-based predicate for relief in this Motion is Rule 2004 of the Bankruptcy Rules and L.B.R. 2014-1. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## Background

2. JF Howell Interests, LP is one of the working interest owners which has participated in these proceedings and is a member of the Ad Hoc Committee. (Docket No. 721).

3. Each of the members of the *Ad Hoc* Committee, including JF Howell Interests, LP, own working interests in both the Southwest Brooklyn Oil Unit and the Southeast Brooklyn Oil Unit located in the State of Alabama, which wells and units are currently operated by SEC. The efforts of the Ad Hoc Committee on behalf of its members relating to the Alabama Brooklyn units is well known to the Court. However, JF Howell Interests, LP also owns interests in several other wells and units located in the States of Louisiana and Texas which are also operated by SEC but as to which SEC has rejected the governing operating agreements thus necessitating the selection of a suitable successor operator for each of those wells and units.

4. This Motion relates to the SEC operated properties in Texas and Louisiana in which JF Howell Interests, LP is a working interest owner as set forth on the Exhibit 1 hereto.

5. On April 1, 2020 the Sklar Exploration Company, LLC and Sklarco, LLC ("Debtors") commenced these Chapter 11 cases when they filed their voluntary petitions. (Docket No. 1).

6. On April 20, 2021, the Court entered its Order approving the *Stipulation to Relief From Stay to Proceed with the Transition of Successor Operator for the Brooklyn Oil Units* (the "Stipulation"). (*See* Docket Nos. 1190 and 1195). The purpose of the Stipulation is to facilitate a transition of operations over the Brooklyn Oil Unit to other successor operators, in accordance with the Unit Operating Agreements, since SEC has resigned its position as operator. However, the parties did envision that the general process developed for use on the Brooklyn Oil Units

would serve, when and as appropriate, as a sort of model for transitioning operations from SEC to a replacement operator in other units.

7. To facilitate a transition to a future successor operator, the Stipulation required that SEC set up a data room with the relevant documents, a list of which is set forth on the Exhibit 1 attached to the Stipulation (Docket No. 1190 at ¶ 2).

8. As of this date, SEC has not yet initiated a data room pertaining to the SEC operated wells and units in Texas and Louisiana.  JF Howell Interests, LP believes, and alleges upon information and belief, that the documents needed to populate a data room for review by potential successor operators will likely be less voluminous and easier to assemble and provide than has been, apparently, the case with the Brooklyn Oil Units.

9. On May 28, 2021, the Court held a hearing on confirmation of *the Debtors' Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020* (Docket No. 1251).  At that hearing, Mr. Katchadurian, the Chief Restructuring Officer for SEC, stated that the process of identifying the relevant documents (as to the Brooklyn Oil Units) was not one that could be done more quickly with more people (i.e., a "brute force" effort as he termed it) but required a skilled analysis and effort and was thus time consuming.

10. With respect to the SEC operated wells and units set forth on Exhibit 1, JF Howell Interests, LP does not understand why the effort is not a simple one that can be easily completed by the staff of SEC who work with the various units and wells on a daily basis.  JF Howell Interests, LP believes, and alleges upon information and belief, that it is important to begin the process of transitioning operations away from SEC to a future operator of the Texas and Louisiana properties.

11. JF Howell Interests, LP believes that the documents and information needed for a review by potential successor operators as to at least the Louisiana and Texas properties operated by SEC consist (or should consist) of easily segregable electronic files on the SEC "Wolfepak" accounting platform and discrete well and engineering files.

12. Upon information and belief, JF Howell Interests, LP believes that Mr. Lloyd, Land Manager, will be able to explain where the relevant land files are kept and the ease or difficulty with which those can be pulled and made available in a data room for review by potential successor operators.

## Relief Requested

13. Pursuant to Rule 2004 of the Bankruptcy Rules, good cause exists for JF Howell Interests, LP to obtain testimony from Mr. Sutton Lloyd relating to the topics set forth on Exhibit 2 hereto in order to take a Rule 2004 Exam.

## Argument

14. Rule 2004(a) states that "[o]n motion of any party in interest, the court may order the examination of any entity." The discovery requested by the *Ad Hoc* Committee is well within the scope of examination permitted under Bankruptcy Rule 2004, which includes:

> **the acts, conduct, or property** or . . . the liabilities and financial condition of the debtor, or . . . **any matter which may affect the administration of the debtor's estate**, or to the debtor's right to a discharge. In a . . . reorganization case under chapter 11 of the Code, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. P. 2004(b) (Scope of Examination) (emphasis added).

15.     Rule 2004 "is a basic discovery device used in bankruptcy cases." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 275 (D. Colo. 1991). Rule 2004 permits the party invoking it to undertake a broad inquiry of the examinee and has been likened to a "fishing expedition," although its use is not unlimited. *See Blinder*, 127 B.R. at 274; *see also In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (E.D. Pa. 1990) ("The scope of a [Rule] 2004 examination is even broader than that of discovery permitted under the F.R.CIV.P., which themselves contemplate broad, easy access to discovery.").

16.     "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and its whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (quoting *Cameron v. United States*, 231 U.S. 710, 717 (1914)). The scope of inquiry permitted in a Rule 2004 examination is extremely broad. *See, e.g., In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y.); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

17.     Here, good cause exists for JF Howell Interests, LP to take the testimony of Mr. Lloyd to learn the location and accessibility of the documents and information relevant to the wells and units set forth on Exhibit 1 hereto.

## Reservation of Rights

JF Howell Interests, LP reserves the right to conduct further discovery in these Chapter 11 cases from of any other creditor, party in interest, or insider at any time in connection with this Bankruptcy Case, any proceeding or contested matter in this Bankruptcy Case, or any other case or proceeding in a court of competent jurisdiction.

## Conclusion

WHEREFORE, JF Howell Interests, LP respectfully requests that the Court enter an order granting the Motion and authorizing it to examine Mr. Lloyd regarding the topics identified on Exhibit 2 as they relate to the SEC operated properties in Texas and Louisiana as set forth on Exhibit 1, and for all such other and further relief this Court deems fair and equitable under the circumstances.

**[INTENTIONAL PAGE BREAK – SIGNATURE PAGE FOLLOWS]**

Dated: June 4, 2021.				Respectfully submitted,

						BRADLEY MURCHISON KELLY & SHEA LLC


						By:   /s/ David R. Taggart
						David R. Taggart (Texas Bar # 00793102)
						401 Edwards Street, Suite 1000
						Shreveport, Louisiana 71101
						Telephone: (318) 227-1131
						Facsimile: (318) 227-1141
						Email: dtaggart@bradleyfirm.com

						  - -   **Attorneys for JF Howell Interests, LP**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed on June 4, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                  /s/ David R. Taggart
                                        OF COUNSEL