IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: § § § Chapter 11 § SKLAR EXPLORATION COMPANY, § LLC, *et al.*,[1] § Case No. 20-12377-EEB § § § Debtors. § (Jointly Administered) | |

### *EX PARTE* MOTION FOR EXAMINATION OF HOWARD SKLAR PURSUANT TO FED. R. BANKR. P. 2004 AND LOCAL BANKR. R. 2004-1

The Official Committee of Unsecured Creditors (the "Committee") of Sklar Exploration Company, LLC, ("SEC"), appointed in the above-captioned, jointly-administered bankruptcy cases (the "Cases"), of SEC and Sklarco, LLC ("Sklarco", and collectively with SEC, the "Debtors"), files this *Ex Parte Motion for Examination of Howard Sklar Pursuant to Fed. R. Bankr. P. 2004 and Local Bankr. R. 2004-1* (the "2004 Motion") and respectfully requests entry of an order requiring the Committee to examine Howard Sklar, individually, regarding the process for selection of a successor operator for SEC, and any offers to Howard Sklar by a potential successor operator, including Fletcher Petroleum, of potential future employment, partnership, joint venture or similar opportunities, or any other form of compensation , since March 1, 2021.

### BACKGROUND

1. On April 1, 2020, each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court, and by order of this Court, their corresponding bankruptcy Cases are jointly administered under Chapter 11 Case No. 20-12377. [Dkt. No. 8].

2. On April 16, 2020, the undersigned counsel was retained by the Committee. Since

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are as follows: Sklar Exploration Company, LLC (7930) and Sklarco, LLC (5432).

1

4821-1926-8593v.3

the Committee's retention, the Committee has been in extensive discussion with counsel for the Debtors regarding, among other things, the use of cash collateral, plans of reorganization, and Howard Sklar.

3. On June 1, 2021, the *Ad Hoc* Committees of Working Interest Owners ("<u>Ad Hoc Committee</u>"), filed there *Ex Parte Motion for Rule 2004 Examination of Debtors' Chief Operating Officer Marshall Jones* [Dkt. No. 1277], requesting the production of documents and emails relating to SEC's transition to successor operators or communications with potential successor operators ("<u>Discovery Request</u>").

4. On June 24, 2021, the Debtors produced over a hundred emails in response to the *Ad Hoc Committees*' Discovery Request.

5. On July 1, 2021, the Debtors informed the Committee that the Ad Hoc Committee had identified several emails that they believed indicated Marshall Jones or Howard Sklar may have engaged in improper conduct. Those emails include communications between Marshall Jones and Richard Fletcher, the Chief Operating Officer of Fletcher Petroleum ("<u>Fletcher</u>").

6. On July 1, 2021, the Court filed its *Notice and Order Setting Non-Evidentiary Zoom Status Conference* for July 15, 2021 at 10:00 a.m. (the "<u>Status Conference</u>") [Dkt. No. 1327].

7. Accordingly, the Committee respectfully requests authority to examine Howard Sklar, individually, with respect to the process for selection of a successor operator for SEC, and any offers to Howard Sklar by a potential successor operator, including Fletcher Petroleum, of potential future employment, partnership, joint venture or similar opportunities, or any other form of compensation , since March 1, 2021, and in conjunction with the same, serve the request for documents substantially in the form attached hereto as **Exhibit A**

4821-1926-8593v.3

**BASIS FOR RELIEF**

8. Federal Rule of Bankruptcy Procedure 2004 and Local Rule of Bankruptcy Procedure 2004-1 permit the examination of any entity with respect to "discovering assets examining transactions, and determining whether wrongdoing has occurred." Fed. R. Bankr. P. 2004; L.R.B.P. 2004-1. "The purpose of a Rule 2004 examination is to determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors." *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

9. A party in interest therefore "may use Rule 2004 to determine the nature and extent of a bankruptcy estate and to ascertain whether wrongdoing has occurred." *In re Hilsen*, 2008 WL 2945996, at *4 (Bankr. S.D.N.Y. Jul. 25, 2008); *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred."). "Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004).

10. The scope of a Rule 2004 examination is "extremely broad," and has even been likened by some courts to a "lawful 'fishing expedition.'" *Id*. (*quoting Bank One, Columbus, N.A. v. Hammond (In re Hammond)*, 140 B.R. 197, 201 (S.D. Ohio 1992)). "The scope of a [ ] Rule 2004 examination is 'unfettered and broad.' Its purpose is to facilitate the discovery of assets and the unearthing of frauds and has been likened to a quick 'fishing expedition' into general matters and issues regarding the administration of the bankruptcy case." *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (quoting *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983). The standard for granting a Rule 2004 examination is whether the movant has established "good cause." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992).

11. Rule 2004 examinations are an appropriate tool for investigating fraudulent transfer claims in particular. *See Rhodes v. Litig. Trust of the Rhodes Cos., LLC (In re Rhodes Cos., LLC)*, 475 B.R. 733 (D. Nev. 2012) ("the subpoenas were an appropriate method of investigating potential fraudulent transfer claims"); *Kirschner v. Agoglia (In re Refco Inc.)*, 461 B.R. 181, 187 (Bankr. S.D.N.Y. 2011) (listing rule 2004 as one of the "several sections of the Bankruptcy Code … [that] govern the trustee or debtor in possession's unique role in investigating … fraudulent transfer claims ….").

## RESERVATION OF RIGHTS

12. The Committee reserves the right to seek additional discovery as appropriate.

## PRAYER

13. For the reasons set forth herein, the Committee respectfully requests that this Court enter an order requiring the production of documents identified in Exhibit A and the examination of Howard Sklar, individually, on the issues raised herein and related to this case prior to the Status Conference or at a date mutually agreed upon by the parties.

[*Remainder of page intentionally left blank*]

4821-1926-8593v.3

Respectfully submitted this 6th day of July, 2021

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Christopher D. Johnson*
Christopher D. Johnson
Texas Bar No. 24012913
John D. Cornwell
Texas Bar No. 24050450
Grant M. Beiner
Texas Bar No. 24116090
700 Milam Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 222-1470
Facsimile: (713) 222-1475
cjohnson@munsch.com
jcornwell@munsch.com
gbeiner@munsch.com

**COUNSEL FOR
THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document was forwarded by electronic transmission to all registered ECF users appearing in the case on July 6, 2021.

*/s/ Grant M. Beiner*
Grant M. Beiner

4821-1926-8593v.3