# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC,<br>EIN:  72-1417930<br><br>    Debtor. | Case No. 20-12377-EEB<br><br>Chapter 11 |
| SKLARCO, LLC,<br>EIN:  72-1425432<br><br>    Debtor. | Case No. 20-12380-EEB<br><br>Chapter 11 |

**EAST WEST BANK'S JOINDER IN BRIEF IN SUPPORT OF CONFIRMATION OF SECOND AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION**

Secured creditor, East West Bank, a California state banking corporation ("EWB"), in its capacity as a lender and the administrative agent under the Credit Agreement dated June 15, 2018 with Sklar Exploration Company LLC ("SEC") and Sklarco LLC ("Sklarco") (collectively, the "Debtors"), through counsel, hereby joins in the *Brief in Support of Confirmation of Second Amended and Restated Joint Plan of Reorganization*, filed jointly by the Debtors and the Official Committee of Unsecured Creditors on July 9, 2021 [ECF No. 1338] (the "Confirmation Brief"), and further submits as follows:

1. The Debtors' bankruptcy cases have been pending since April 1, 2020. Over the course of last fourteen months, the parties have engaged in protracted, difficult negotiations over multiple complex issues. As the Court will recall, that process included a multi-day mediation and several iterations of a plan of reorganization that incorporates the parties' settlements of such issues.

2. The process culminating in the Plan has come at extraordinary expense and significant risk, particularly for EWB.  To be sure, there have been numerous unnecessary

4810-8677-7328

delays by various parties along the way, unnecessary and costly discovery and litigation, and multiple continuance requests by parties on cut-and-dry matters. EWB has urged timely action throughout these cases, as the Debtors' mineral assets, which constitute EWB's collateral, diminish with time.

3. Also during this time, SEC has used Sklarco revenues (the bank's cash collateral) to fund its operational shortfalls, which became more pronounced when certain working interest holders began unilaterally and improperly withholding joint interest billing payments owed to SEC. The working interest holders have directly and substantially benefitted from SEC's ongoing operations, with the bank footing a disproportionate share of the bill while it negotiated in good faith for a fair and efficient resolution of these cases through a plan.

4. Although creditors overwhelmingly voted in favor of the Plan (there is no dissenting impaired class), a small but extremely vocal minority of working interest holders continue to seek to hold these cases hostage unless their pre-petition claims are paid ahead of all other creditors, including the senior secured lender EWB.

5. As expense and risk continue to mount, the bank's willingness to continue suffering collateral diminution is at its end. To put a finer point on the expense burden of these cases, estate professionals have incurred more than $4 million in fees and expenses in the aggregate through May 2021. Of that aggregate amount, the CRO's firm is responsible for an astonishing $1.8+ million in fees and expenses in the eleven months since its retention. Between the Debtors' operating expenses and the professional fees, the "burn rate" is $300-500,000 per month to remain in chapter 11. An additional delay of even 60 days could cost the estates more than a million dollars, especially if (unnecessary) litigation over Plan confirmation begins in earnest.

6. In short, the Plan, which represents the fairest and most efficient resolution of these cases, requires prompt confirmation before these cases fall off a cliff into chapter 7, where, following years of expensive and time-consuming litigation, the pre-petition

claims of working interest holders and unsecured creditors stand little chance of any repayment.[1]

7. Prompt confirmation of the Plan, on the other hand, would resolve the outstanding issues in these cases without the need for protracted litigation, while preserving all claims against insiders and insurance policies for the benefit of unsecured creditors. Confirmation also would bring an orderly process for the satisfaction of of creditor claims through independent third parties—an independent manager for the reorganized debtor and a trustee for the creditor trust.

8. The Plan is the product of more than a year's effort by the parties and is widely supported by all creditors, save a small group of working interest holders whose rights are not prejudiced by the Plan. The provocative, but ultimately empty, objections of that handful of strident working interest holders should be summarily overruled, and the Plan should be confirmed as expeditiously as possible.

///

///

///

---

[1] To receive payment on their claims in chapter 7, a perfect confluence of unlikely litigation outcomes favorable to working interest holders would have to occur. Two dueling chapter 7 trustees would have to litigate purported inter-company claims, which clearly favor Sklarco, and/or substantive consolidation issues in favor of SEC. Both matters would be hotly contested by parties in interest and likely appealed by the losing side. In addition, the Sklarco trustee would have to avoid the bank's lien on Sklarco assets, despite having no standing to do so, as the lien challenge right has expired for all parties except the Committee. The Sklarco trustee also would have to overcome the bank's superpriority administrative expense claim somehow. The law and the merits clearly favor EWB, which is confident it would prevail with respect to such matters. Confirmation of the Plan avoids the time, expense, and uncertainty of such litigation, while providing an enhanced recovery to unsecured creditors and delivering a similar consolidation of assets for the payment of creditor claims. When the alternative to confirmation of a widely supported Plan is merely more litigation, expense, and uncertainty, the objections to confirmation ought to be viewed with particularly skeptical eyes.

4810-8677-7328

9. For all the foregoing reasons, EWB joins in the Confirmation Brief and urges the prompt entry of an order confirming the Plan.

DATED this 9th day of July, 2021.

SNELL & WILMER L.L.P.

By: /s/ Bryce A. Suzuki
Bryce A. Suzuki
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Phone: 602-382-6000
Email: bsuzuki@swlaw.com

Stephanie A. Kanan
1200 17th Street, Suite 1900
Denver, Colorado 80202
Phone: (303) 634-2086
Email: skanan@swlaw.com

4810-8677-7328

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this 9th day of July 2021, a copy of the foregoing document was filed via ECF and was served by electronic transmission to all registered ECF users appearing in this case.

                                                                                             */s/    Bryce A. Suzuki*

4810-8677-7328