UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**DEBTORS' REPLY IN SUPPORT OF AMENDED SCHEDULES OF SKLARCO, LLC AND HOWARD SKLAR'S REPLY TO OBJECTION OF RUDMAN PARTNERSHIP AND MER ENERGY, LTD. TO VERIFIED STATEMENT OF HOWARD SKLAR**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together, "Debtors"), by and through their attorneys, Kutner Brinen Dickey Riley, P.C., and Howard Sklar, by and through his attorneys, Davis Graham & Stubbs, state their response to the Objection of Rudman Partnership ("Rudman") and MER Energy, Ltd. ("MER," and together with Rudman, the "Rudman Group") to Verified Statement of Howard Sklar (Docket No. 1347) (the "Rudman Pleading"), as follows:

## Introduction

1.   The Rudman Pleading is the Rudman Group's latest attempt to delay confirmation of the Debtors' Second Amended and Restated Plan of Reorganization ("Plan") to the detriment of the Debtors, East West Bank, and the unsecured creditors in these cases – all of whom have overwhelmingly voted to accept the Plan.  Rather than presenting actual, relevant facts or a cognizable legal argument that bear on confirmation, the Rudman Group has decided to create confusion through mere allegation, ignoring verified facts that have been put before this Court by parties with actual and direct knowledge of such facts and a serious interest in seeing the Debtors emerge from these chapter 11 cases and repay their creditors.  The Court should disregard the

1

Rudman Group's attempts to cast doubt on both the Amended Schedules filed by Sklarco and the verified statement of Howard Sklar because the bases for this doubt are simply wrong.

### **Sklarco Owns the Scheduled Assets and is not Merely a Manager**

2.  The Rudman Group's renewed allegations that Sklarco is not the owner of its oil and gas interests willfully and intentionally ignore the undisputed facts before this Court. <u>Sklarco owns the oil and gas interests.</u> This fact has been verified multiple times throughout this chapter 11 case in each of the schedules that Sklarco has filed and in the *Verification Pursuant to Minute Order for May 28, 2021 Hearing* (Docket No. 1326), filed by Howard Sklar at this Court's direction, in which Mr. Sklar states, unequivocally:

> "The Scheduled Assets are actually owned by Sklarco and not merely managed by Sklarco on behalf of the Sklar family trusts and/or others."

3.  The Rudman Group attempts to undermine Skalrco's ownership of its mineral interests by arguing that the Agency Services Agreement (the "ASA") limits Sklarco's ownership rights when it in fact *validates* those rights. In that regard, the Rudman Group intentionally ignores the reality of what the ASA is and what it does to further their own narrative. The ASA is a governing document for an investment vehicle that allows for the allocation of expenses and income from assets <u>owned by Sklarco</u> across the various subaccounts attributable to certain family trust and estates.

4.  Rather that credibly cite to the specific provisions of the ASA that validate Sklarco's ownership of the mineral interests devoted to paying off creditors under the Plan, the Rudman Group invents a falsehood that the ASA improperly limits Sklarco's ownership of these assets. In doing so, the Rudman Group intentionally omits key provisions of the ASA that provides Sklarco with the asset ownership that the Debtors and Howard Sklar have verified to the Court, and ensure the success of the Plan. To that end, Section 1.1 of the ASA provides (in addition to the provisions that the Rudman Pleading selectively quotes):

> To facilitate Sklarco's management of the Property each of the Principals does hereby make Sklarco its true and lawful agent and attorney in fact, for each Principal, in his name, place and stead, **to do any and every act and to exercise any and every power that each of the Principals might or could do or exercise through any other person with respect to the Property**, **including not only all matters of administration but also all acts of ownership** and the doing of whatever may appear to Sklarco to be conducive to the interests of each of the Principals.

2

(ASA § 1.1. (emphasis added).)

5. The ASA then lists *without limitation* no less than 20 itemized things that Sklarco may do as owner of the property – all without notice to, consultation with, or consent of, any principal. These rights include (among other enumerated tasks in the attached ASA):

- Granting liens on the property. (ASA, § 1.2(2)(a).)
- Subjecting the property to options, easements or servitudes, mineral or otherwise. (ASA, § 1.2(2)(b).)
- Granting royalty interests affecting the property (ASA, § 1.2(2)(c).)
- Granting mineral leases and subleases (ASA, § 1.2(2)(d).)
- Using, administering, building upon, or otherwise improving, repairing, demolishing, portioning, dividing, or subdividing the property in any manner. (ASA, § 1.2(2)(e).)
- Exchanging, selling, conveying, assigning or otherwise disposing of the property, in whole or in part, in any manner which Sklarco deems advisable. (ASA, § 1.2(2)(f).)
- Making and assigning all kinds of agreements pertaining to the property, including, without limitation, assignments, farmout agreements, operating agreements, gas purchase agreements, pooling agreements, unitization agreements, division orders and transfer orders. (ASA, § 1.2(2)(g).)
- Borrowing money, acknowledging debts, issuing guaranties, and making or accepting all kinds of bills of exchange. (ASA, § 1.2(3).)
- **Doing and performing all and every act and thing whatsoever requisite and necessary to be done in the premises, as fully and to all intents and purposes as each principal might or could do if personally present.** (ASA, § 1.2(15) (emphasis added).)

6. Each of the principals under the ASA also confirmed and ratified all acts that Sklarco may do with respect to its assets including any contract or agreement Sklarco may enter into in its name, regardless of any such principals knowledge of the contract or agreement:

> Each of the Principals hereby ratifies and confirms, and promises that at all times to ratify and confirm, all and whatsoever Sklarco has done, **or shall lawfully do or cause to be done under this Agreement**, including anything which shall be done between the expiration or revocation of this Agreement and notice of such expiration or revocation reaching Sklarco, and each of the Principals does hereby declare that, as against each Principal and all persons claiming under such Principal, everything which Sklarco shall do or cause to be done in pursuance hereof after such expiration or revocation shall be **valid,**

**binding, enforceable and effectual** in favor of any person claiming the benefit thereof who before the doing thereof shall not have had actual or constructive notice of such expiration or revocation. (ASA, § 1.3 (emphasis added).)

Notwithstanding anything herein to the contrary, in the event that Sklarco on behalf of any of the Principals, in its exercise of the powers and authority herein granted to Sklarco by such Principal, enters into a contract with another party and this Agreement expires or is revoked by such Principal during the term of such contract, then each such Principal does hereby declare that as against such Principal and all persons claiming under such Principal, such contract shall remain **in full force and effect** for the remainder of the term of such contract. In all of the instances addressed by this Section 1.4 of this Agreement, **everything which Sklarco shall do or cause to be done in compliance with the obligations of such contracts prior to the termination hereof, shall be valid, binding, enforceable and effectual in favor of any person claiming the benefit thereof.** (ASA, § 1.4 (emphasis added).)

7. While attaching the 614 pages of data supporting the Amended Schedules (the "Subaccount Document"), the Rudman Group intentionally omits the 14-page ASA containing these key provisions, and even fails to reference in their pleading which recitals and provisions of the ASA they quote. Doing so would undermine their obfuscation.

8. Sklarco's ownership of the assets is further supported by the Subaccount Document. The Subaccount Document was generated by the Debtors from their books and records in response to the 2004 Examination of Howard Sklar requested by the Rudman Group. The third column of each page of the Subaccount Document its titled "SKC Ownership %" and sets forth the percentage ownership interest ***owned by Sklarco*** in the applicable well. The Rudman Group declines to tell the Court about Sklarco's ownership interest column even while attaching the document to the Rudman Pleading. The fact remains that Sklarco owns the oil and gas interests listed on its Amended Schedule A/B, and no facts to the contrary have been presented to the Court.

9. The Debtors and Howard Sklar stand by the schedules filed with the Court and Mr. Sklar's verification of those schedules: The Scheduled Assets are actually owned by Sklarco and not merely managed by Sklarco on behalf of the Sklar family trusts and/or others, and Sklarco's ownership of the Scheduled Assts is as set forth in the ASA.

**Sklarco has Full Authority to Consummate the Plan**

10. There is no question that Sklarco has full authority to do everything it purports to do with Sklarco's assets, and in this case, that means that all assets have been dedicated to the Debtors' Plan until creditors, including creditors of SEC, are paid in full or up to $22 million or the assets are sold.

11. As set forth in the *Brief in Support of Confirmation of Second Amended and Restated Joint Plan of Reorganization* (Docket No. 1338) (the "Confirmation Brief"), the Plan incorporates settlements between the various parties, including settlement between the Debtors and the Committee, and the Committee and Howard Sklar. (Confirmation Brief, ¶¶ 3-5, 14-15.) As a result of these settlements, the "Plan provides for a settlement of the substantive consolidation claims that could have been brought by the Committee by substantively consolidating the two Debtors without significant litigation[,]" thereby allowing unsecured creditors of SEC to receive significantly more than they would otherwise receive in a chapter 7 case, where a substantive consolidation is less than certain. (*Id.*, ¶ 55.)

12. This is further supported by the terms of the Plan. The Plan creates a "joint and several obligation of the Reorganized Debtors to make one or more payments to the Creditor Trust in the total amount of $22,000,000." (Plan, §§ 1.30, 6.2). The Plan further requires the Debtors to pay a percentage of all net revenue of SEC *and Sklarco* to the Creditor Trust to be distributed to all unsecured creditors.

13. By virtue of these Plan provisions, not only is Sklarco fully liable for the obligations to *SEC's* unsecured creditors under the Plan after confirmation, but Sklarco is committed to paying its revenue to those creditors under the Plan until they are either paid in full up to $22 million, or until the assets are sold.

14. Indeed, even in the event of a sale of assets, the Plan allows unsecured creditors *of SEC* to share in the proceeds from the sale of Sklarco's assets after payment of the secured claim of East West Bank in addition to the proceeds from the sale of "any assets in which the Creditor Trust has been granted an interest."

15. Sklarco's ownership of the assets and subsequent contribution of its assets to fund a Plan thus provides a significant benefit to all creditors upon confirmation that creditors would be unable to achieve.

16. Instead of acknowledging Sklarco's ownership of the assets and the significant benefits provided under the Plan, the Rudman Group strangely alleges that the Debtors are not taking actions to avoid unrecorded interests under section 544, again willfully and intentionally ignoring facts and making broad allegations in furtherance of its own misguided narrative.

17. Bringing avoidance actions to unify the legal and equitable ownership of the assets is unnecessary because Sklarco owns the oil and gas interests, and has voluntarily agreed to contribute its oil and gas interests to pay creditors under the Plan upon confirmation. This is again supported by the *Verification Pursuant to Minute Order for May 28, 2021 Hearing* (Docket No. 1326) filed by Howard Sklar, and Howard Sklar's agreement to the settlements incorporated into the terms of the Plan. Howard Sklar and the various trusts have further agreed to amend the ASA in connection with its assumption and confirmation of the Plan to further ensure that creditors receive the full benefit of the Plan and further ensure that no conflict exists as between the Plan and the ASA.

18. Bringing avoidance actions to avoid unrecorded interests would create significant additional administrative expense claims, while providing unsecured creditors with nothing more than what they have already have: contribution of the oil and gas interests owned by Sklarco and listed on Sklarco's Amended Schedule A/B to the Plan for the benefit of creditors.

19. Furthermore, to the extent that there are any avoidance actions that can and should be brought, all such avoidance actions have been preserved to unsecured creditors under the Plan. Section 8.4 of the Plan states:

> On the Effective Date, all Causes of Action belonging to the Debtors or the Estates that are not ordinary-course collections under Section 8.6(f) herein, or that are not otherwise preserved to the Reorganized Debtors or released pursuant to the Plan, shall be vested in the Creditor Trust, including any derivative Causes of Action that could have been brought, or may be brought on behalf of the Debtors.

As a result, unsecured creditors will be able to pursue any avoidance actions that are warranted or that could have been brought by the Debtors, and will receive the full benefit of any avoidance actions that are brought by the Creditor Trust.

20. Put simply, the Rudman Pleading creates smoke to mislead the Court into believing that there is a fire, when in reality there is none. Indeed, the reality of this case is simple: 1) Sklarco owns the oil and gas interests listed on its Amended Schedule A/B; 2) the Subaccount Document simply shows the historic allocation of expenses and income to subaccounts in accordance with

the ASA; 3) all of the oil and gas assets of Sklarco are being contributed to the Plan upon confirmation and all avoidance actions are being preserved to unsecured creditors under the Plan.

21. Accordingly, the Rudman Pleading should be disregarded in its entirety, and a hearing set on confirmation of the Plan.

Respectfully submitted,

July 14, 2021

By: /s/ Keri L. Riley
Keri L. Riley, #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln St., Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com
*Counsel for Sklar Exploration Company, LLC and Sklarco, LLC*

By: */s/ Adam L. Hirsch*
Adam L. Hirsch, Reg. No. 44306
**Davis Graham & Stubbs LLP**
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: adam.hirsch@dgslaw.com
*Counsel to Howard F. Sklar*

## CERTIFICATE OF SERVICE

      I certify that on July 14, 2021, I served a complete copy of the foregoing **DEBTORS' REPLY IN SUPPORT OF AMENDED SCHEDULES OF SKLARCO, LLC AND HOWARD SKLAR'S REPLY TO OBJECTION OF RUDMAN PARTNERSHIP AND MER ENERGY, LTD. TO VERIFIED STATEMENT OF HOWARD SKLAR** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Craig K. Schuenemann, Esq.
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302

Bryce A. Suzuki, Esq.
Bryan Cave Leighton Paisner, LLP
Two North Central Avenue
Suite 2100
Phoenix, AZ 85004-4406

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos
Suite 700
Austin, TX 78701

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Robert L. Paddock, Esq.
Buck Keenan LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, Mississippi 39158-6020

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, Louisiana 71101

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, Louisiana 71120-2260

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, Mississippi 39205

John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Christopher D. Johnson, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street
Suite 2700
Houston, TX 77002

Michael J. Guyerson, Esq.
Buechler Law Office, LLC
999 18th Street
Suite 1230 South
Denver, CO 80202

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
Shreveport, Louisiana 71120-2260

Robert L. Paddock, Esq.
Buck Keenan, LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, Louisiana 70804-9005

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

10

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos Street
Suite 700
Austin, TX 78701

Andrew G. Edson, Esq.
Clark Hill Strasburger
901 Main Street
Suite 6000
Dallas, TX 75202

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Christopher H. Meredith, Esq.
Glenn Gates Taylor, Esq.
Copeland Cook Taylor & Bush, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine, LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, Louisiana 71166

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett
McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Brian G. Rich, Esq.
Michael J. Niles, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Katherine A. Ross, Esq.
U.S. Attorney's Office for the
  District of Colorado
Assistant United States Attorney
1801 California Street
Suite 1600
Denver, CO 80202

Ryco Exploration, LLC
401 Edwards Street
Suite 915
Shreveport, LA 71101
ATTN: M. Robin Smith

Ryco Exploration, LLC
40 Golf Club Drive
Haughton, LA 71037
ATTN: M. Robin Smith

Stephen K. Lecholop II, Esq.
Rosenthal Pauerstein, Esq.
Sandoloski Agather LLP
755 East Mulberry
Suite 200
San Antonio, TX 78212

Katherine Guidry Douthitt, Esq.
Blanchard Walker O'Quin & Roberts
P.O. Box 1126
Shreveport, Louisiana 71163

Andrew J. Shaver, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Theodore J. Hartl, Esq.
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596

John H. Smith
Quitman Tank Solutions, LLC
P.O. Box 90
Quitman, MS 39355

Belinda Harrison
58 County Road 5033
Heidelberg, MS 39439

Casey C. Breese, Esq.
Welborn Sullivan Meck & Tooley, P.C.
1125 17th Street
Suite 2200 South
Denver, CO 80202

Jeff Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
11 Greenway Plaza
Suite 1400
Houston, TX 77046

Michael E. Riddick, Esq.
Katherine Guidry Douthill, Esq.
Blanchard Walker O'Quin & Roberts, P.C.
333 Texas Street
Regions Tower
Suite 700
Shreveport, Louisiana 71101

Chris Crowley, Esq.
Feldmann Nagel Cantafio, PLLC
1875 Lawrence Street
Suite 730
Denver, CO 80202

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
Suite 600
Denver, CO 80206

Adam L. Hirsch, Esq.
Davis Graham & Stubbs LLP
1550 Seventeenth Street
Suite 500
Denver, CO 80202

Elizabeth Weller, Esq.
Linebarger Goggan Blair and Sampson, LLP
2777 North Stemmons Freeway
Suite 1000
Dallas, TX 75207

P. Matthew Cox, Esq.
Snow Christensen & Martineau
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, UT 84111

Michael L. Schuster, Esq.
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596

/s/Vicky Martina
**Vicky Martina**