

# AGREEMENT FOR CONSULTING SERVICES

1. **Parties**:   Sklarco, LLC and Sklar Exploration Company, LLC (collectively "Sklar", "Company")

    Stone Tower Advisors, Inc. ("StoneTower")

2. **Effective Date:**   July [●], 2021

3. **Scope of Work.**  Pursuant to this letter agreement (this "Agreement"), Sklarco, LLC and Sklar Exploration Company, LLC, collectively "Sklar" and "Company", hereby engages Brad Walker of Stone Tower Advisors, Inc. as the Chief Operating Advisor.  In that regard, StoneTower shall perform advisory services for Mr. Walker and the Company or on behalf of the Company for its members, shareholders, working interest and royalty owners, creditors and others, as appropriate (the "Key Stakeholders").  This document is a general summary of the terms and conditions under which services are to be performed.  This Agreement for Consulting Services ("Agreement") is not an authorization to execute any work or to incur any fees billable to the Company.  Such authorization must come directly from the Company in written form ("Authorization").  That Authorization may modify any or all of the terms of this Agreement.  If the Authorization does not cover the terms and conditions detailed herein, the terms and conditions of this Agreement will control.  All Authorizations must be accepted in writing by StoneTower to be binding on StoneTower.  Attached hereto as **Exhibit A** is the initial Work Authorization.

4. **Compensation.** StoneTower will bill weekly for hourly Chief Operating Advisor and Restructuring advisory services performed hereunder and payment shall be due upon presentation of the invoice.  Company shall retain StoneTower at the following rates:

    **Independent Manager Hourly Rate:**
    Brad Walker                  $ 425 / hour

    **Restructuring and Advisory Hourly Rate:**
    Managing Directors           $ 425 / hour
    Directors                    $ 250 / hour
    Associates                   $ 175 / hour

5. **Reimbursement of Expenses.**  Company agrees to reimburse StoneTower for all expenses incurred directly relating to any work undertaken hereunder.  Such expenses include but are not limited to: travel, lodging, meals, equipment rental and vehicle rental.  StoneTower shall additionally be entitled to reimbursement of pre-approved reasonable legal expenses associated with the court approval of this Contract or enforcement of Contract provisions, including fee applications.  Company shall reimburse StoneTower for all such expenses upon presentation of the invoice for the same supported by appropriate documentation.



6.      **Support Services.**  Company agrees to provide StoneTower with duplicating, secretarial and other support services at Company's office as are reasonably necessary to complete the work.

7.      **Rights to Work Output.** Company shall retain exclusive rights to ownership of all Work Output, as defined herein.  Work output includes but is not limited to reports, contracts, presentations, memoranda, proposals, budgets, marketing materials, models, recordings and other documents created pursuant to any Authorization ("Work Output"); provided that StoneTower may maintain, subject to paragraph 12, any copies of working papers, including but not limited to any correspondence, memoranda, calculations, notes, etc. that StoneTower may have used in the development of any Work Output or in the performance of any work covered by a Authorization.

8.      **Reports and Advice.** Company acknowledges that no reliance shall be placed on draft reports, conclusions or advice, whether oral or written, issued by StoneTower as the same may be subject to further work, revision and other factors which may result in such drafts being substantially different from any final report or advice issued.  StoneTower's performance is dependent upon Company providing StoneTower with such information and assistance as StoneTower may reasonably require from time to time.  Company is responsible for ensuring that all information StoneTower may reasonably require is provided on a timely basis and is accurate and complete.  Company shall notify StoneTower if when provided, or the Company subsequently learns that the information provided cannot be verified as accurate or complete or is materially incorrect or materially inaccurate or otherwise should not be relied upon.  Any reports issued or conclusions reached by StoneTower may be based upon information provided by Company.

9.      **Cancellation.** Either party hereto may terminate this Agreement prior to the completion of any project or work authorized hereunder by giving written notice to the other party, which termination will be effective upon the non-terminating party's receipt of such notice.  Upon such termination of this Agreement, Company will pay StoneTower for all man-hours worked in accordance with Paragraph 4 hereof up to the time of any such termination plus all outstanding and un-reimbursed expenses.  Notwithstanding termination, all transaction and Bonus obligations shall continue to be due and owing in accordance with the conditions identified in Paragraph 4 hereof.

10.     **Personnel.** Each party hereto agrees that it will not employ personnel or representatives of the other party hereto during the period of work provided for hereunder and for a period of one (1) year after the termination of this Agreement or completion of the project or work contemplated hereunder without the written agreement of the other party.

11.     **Independent Contractor.** Neither StoneTower nor any of its personnel performing work or services hereunder shall be deemed to be an agent or employee of Company, but shall be deemed to be an independent contractor of Company, except that any personnel of StoneTower who serves as an elected corporate officer of Company or as an executive or other employee of Company shall be considered an agent or employee of Company.



12. **Confidentiality.** Except as contemplated by the terms hereof or as required by applicable law or legal process, StoneTower will maintain in strict confidence any and all information of a non-public nature relating to Company or its business that it may gain or develop in the course of its engagement by Company (including, without limitation, any Work Output and advice to Company), and will not disclose any such information to any person during or after its engagement by Company except with the written consent of Company, as permitted by law or as required by court order. The Company understands that StoneTower may need to communicate with the Company's stakeholders and their respective professionals as to the status of operations and the plans for the Company and, notwithstanding the foregoing, such communications shall not be limited be the provisions of this Section 12; it being acknowledged and agreed that the Company shall be given an opportunity to participate in any such communications. Upon termination of this Agreement, StoneTower will return to Company all materials of a non-public nature received from Company in the course of its engagement, and will either deliver to Company or destroy any copies thereof that it may have made or received.

**Limitation of Liability.** Company agrees that StoneTower, its affiliates and its respective directors, officers, agents, employees and controlling persons, or any of their respective successors or assigns ("Covered Persons") shall not have any liability to the Company for or in connection with this engagement or any transactions or conduct in connection therewith except for losses, claims, damages, liabilities or expenses incurred by the Company which are finally judicially determined to have resulted primarily from the bad faith, willful misconduct, dishonesty, fraudulent act or omission, or gross negligence of such Covered Persons.

13. **Indemnification of Brad Walker.** The Company agrees to provide indemnification to Mr. Walker on the same terms and to the same extent as provided to the Debtors' other officers and directors, including without limitation its Chief Restructuring Officer, under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy.

14. **Representations and Warranties.** Company hereby represents and warrants to StoneTower that: (i) Company is a validly existing entity and in good standing under the laws of its jurisdiction; (ii) Company has the relevant entity authority to execute and deliver this Agreement and to perform its obligations under this Agreement; (iii) Company has taken all action necessary to authorize the execution and delivery of this Agreement and the performance of its obligations under this Agreement; and (iv) this Agreement has been duly authorized, executed and delivered by, and is enforceable against, Company.

15. **Warranty.** StoneTower cannot warranty or guarantee the results or outcome of the engagement. Additionally, StoneTower will rely on data obtained from the Company and will not perform an audit and verify that data complies with general accepted accounting principles. Reports will be given based on the scope of the engagement.

16. **No Third Party Beneficiaries; Assignment.** Except as otherwise expressly set forth herein, there shall be no third party beneficiaries to this Agreement and no other party who relies



or purports to rely on this Agreement may assert any claim hereunder against StoneTower, its affiliates and respective directors, officers, agents, employees and controlling persons in contravention of Section 13 hereto. Neither party hereto may assign this Agreement without the written consent of the other party.

17. **Entire Agreement.** This Agreement, together with the Confidentiality Agreement entered into between the Company and StoneTower on July [●], 2021, is the complete and exclusive statement of the entire understanding of the parties regarding the subject matter hereof, and supersedes all previous agreements or understandings regarding the same, whether written or oral.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first above written.

Sklar Exploration Company, LLC:

By:_____
Name:_____
Title:_____

Sklarco, LLC:

By:_____
Name:_____
Title:_____

Stone Tower Advisors, Inc.:

Brad Walker
Managing Director

_____



# EXHIBIT A

## Work Authorization

In accordance with this Agreement for Consulting Services dated July [], 2021, the undersigned Company authorizes StoneTower to undertake the following work.

<u>Chief Operating Advisor</u>
- Advise the company on operation matters of Sklar Exploration Company
- Advise the company on operation matters of Sklarco
- Advise the company on matters involving transition of operations to successor operating entities
- Work on other general operating matters as determined by the Chief Restructuring Officer


Dated: _____

| | |
|---|---|
| Stone Tower Advisors, Inc.<br>Brad Walker<br>Managing Director | SKLAR EXPLORATION COMPANY, LLC:<br><br>By:_____<br><br>Its:_____<br><br>SKLARCO, LLC:<br><br>By:_____<br><br>Its:_____ |

_____

Sklar  5