# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | Chapter 11 |
| SKLAR EXPLORATION COMPANY, LLC | Case No. 20-12377-EEB |
| | |
| SKLARCO, LLC | Case No. 20-12380-EEB |
| *Debtors* | (Jointly Administered) |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY, TO PERMIT FLETCHER PETROLEUM CORP. TO PURSUE ESTABLISHMENT OF A PARTIAL FIELD-WIDE UNIT TO BE KNOWN AS BROOKLYN OIL UNIT II

Fletcher Petroleum Corp. ("Fletcher") files this Motion under 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001, and L.B.R. 4001-1, requesting relief from the automatic stay so that Fletcher may file petitions before the State Oil and Gas Board of Alabama (the "Board") to (a) establish a partial field-wide Unit in a part of the Brooklyn Field of Escambia and Conecuh Counties, Alabama, to be known as the "Brooklyn Oil Unit II," to be comprised of lands located in Conecuh County, Alabama, (b) approve the Unit Agreement and Unit Operating Agreement for the proposed Brooklyn Oil Unit II, and (c) approve amendments to the Special Field Rules for the Brooklyn Field, as follows:

1. Fletcher is the operator on behalf of owners of working interests in certain oil-and-gas leases and oil-and-gas wells concerning the following lands located in Conecuh County, Alabama, containing approximately 1,880 acres, more or less, and referred to collectively as the "Proposed Unit Area:"

**Township 3 North, Range 13 East**
Section 2:   The Northwest Quarter; The West Half of the Northeast Quarter; The Southwest Quarter; the Southeast Quarter
Section 3:   The Southeast Quarter
Section 10:  The Northeast Quarter; The Northeast Quarter of the Southeast Quarter
Section 11:  The Northwest Quarter; The Northeast Quarter; The Southwest Quarter; The Southeast Quarter
Section 12:  The Northwest Quarter; The Southwest Quarter

2. The proposed "Unitized Formation" (sometimes referred to as the "Unitized Interval") within the Proposed Unit Area would include the subsurface portion of the Proposed Unit Area productive of hydrocarbons in the interval between 11,739 feet measured depth (MD) and 11,781 feet measured depth (MD) in the Pate 11-3 #1 Well, Permit No. 17273-B, with a surface location 666 feet FNL and 1,780 feet FWL of Section 11, Township 3, North, Range 13 East, Conecuh County, Alabama, as defined by the Platform Express/Borehole Compensated Sonic/Array Induction/GR/SP/Caliper log for said well, and including those strata underlying the Proposed Unit Area that can be correlated therewith, and all zones in communication therewith, and all productive extensions thereof.

3. Fletcher desires to unitize and operate the Unitized Formation underlying the Proposed Unit Area as a partial field-wide Unit to prevent waste, to increase the recovery of Unitized Substances by enhanced recovery methods, to avoid the drilling of unnecessary wells, and to protect the correlative rights of all owners and interested parties.

4. Of the lands that are proposed to be included within the Proposed Unit Area, the following lands are not currently included within the field limits for the existing Brooklyn Field:

**Township 3 North, Range 13 East**
Section 2: The West Half of the Northeast Quarter
Section 10: The Northeast Quarter of the Southeast Quarter
Section 12: The Northwest Quarter

Therefore, as part of filing to establish the proposed Brooklyn Oil Unit II, the Special Field Rules for the Brooklyn Field would need to be amended to add these lands to the field limits for the existing Brooklyn Field, and in certain other respects.

5. In addition to Board approval, Fletcher must also secure approval of the proposed Unit Agreement by the owners of at least sixty-six and two-thirds percent (66 2/3%)

in interest as costs are shared under the terms of the allocation formula set forth in the proposed Unit Agreement and Unit Operating Agreement, and by at least sixty-six and two-thirds percent (66 2/3%) in interest of the royalty owners in the Proposed Unit Area as revenues are distributed under the terms of the allocation formula set forth in the proposed Unit Agreement.[1]

      6.      In connection with this, and as required by Alabama law, Fletcher desires to petition the Board to:

    a. Approve and establish the Brooklyn Oil Unit II as underlain by the Unitized Formation as a partial field-wide Unit for the production of Unitized Substances;

    b. Approve proposed amendments to the Special Field Rules for the Brooklyn Field;

    c. Approve the Unit Agreement and the Unit Operating Agreement for the proposed Brooklyn Oil Unit II, and require operation of the Unit Area in accordance with the terms thereof;

    d. Require all owners or claimants, whether known or unknown, to the oil, gas and other minerals in and under the Proposed Unit Area to pool, integrate, and unitize their separately owned interests and tracts in the Unitized Interval underlying the Proposed Unit Area, and to develop their interests and tracts as a Unit;

---

[1] Ala. Code Ann. § 9-17-84.

    e. Name Fletcher as the initial Unit Operator of the Brooklyn Oil Unit II in accordance with the terms and provisions of the Unit Agreement and Unit Operating Agreement; and

    f. Issue additional possible orders and make additional possible findings consistent with the foregoing.

7. Debtor Sklar Exploration Company, LLC ("SEC") and Debtor Sklarco, LLC ("Sklarco") initiated the above-referenced jointly administered bankruptcy cases on April 1, 2020 (the "Petition Date").

8. SEC is the operator of (a) an oil and gas well (the "CCL&T 2-15 No. 1 Well") that is located within the proposed Brooklyn Oil Unit II, and (b) certain well equipment associated with the CCL&T 2-15 No. 1 Well. Fletcher believes that equitable title to the well equipment is held by the working-interest owners, and not by SEC. Fletcher does not know whether SEC holds legal title to any of the well equipment, but if it does, such title vests SEC with no interests or rights except the power to operate the CCL&T 2-15 No. 1 Well and well equipment solely for the benefit of the working-interest owners. Accordingly, Fletcher submits that the CCL&T 2-15 No. 1 Well and well equipment are not property of SEC's Chapter 11 bankruptcy estate, under 11 U.S.C. §§ 541(b)(1) and (d).

9. Sklarco owns working interests in and to some of the lands to be included in the Proposed Unit Area.

10. If Fletcher is permitted to petition the Board as requested herein, and if the Board approves the petitions, and if Fletcher secures the required approvals of interest holders as set forth in Paragraph no. 6, above, then all owners or claimants to the oil, gas and other minerals in and under the Proposed Unit Area will be required to pool, integrate, and unitize their separately owned interests and tracts in the Unitized Interval underlying the Proposed

4

Unit Area, and to develop their interests and tracts as a Unit, even if such owner or claimant does not vote in favor of the proposed unitization. Additionally, Fletcher would become operator of the CCL&T 2-15 No. 1 Well and well equipment that SEC operates on behalf of the working-interest owners.

11. On information and belief, the Debtors support the proposed unitization of Brooklyn Oil Unit II.

12. To the best of Fletcher's knowledge, the proposed unitization of Brooklyn Oil Unit II is not inconsistent with the terms of the *Second Amended and Restated Joint Plan of Reorganization* (Dkt. # 1251, the "Plan"). Thus, if the Plan were confirmed as presented, nothing in the Plan would prohibit Fletcher from filing or pursuing the above-described petitions before the Board.

13. A hearing in this Court regarding confirmation of the Plan is currently scheduled for August 16–17, 2021.[2]

14. Fletcher must file its petitions with the Board no later than August 20, 2021 in order for the petitions to be heard at the Board's September 2021 meeting.

15. Thus, Fletcher files this Motion out of an abundance of caution, and to provide notice to all creditors and parties-in-interest.

## Discussion

11 U.S.C. § 362(a)(3) prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."[3] Fletcher is not proposing to take any action to obtain possession of any property of or from the estates of either Debtor, unless the CCL&T 2-15 No. 1 Well and well equipment are determined to

---

[2] *See* Dkt. # 1359.
[3] 11 U.S.C. § 362(a)(3).

constitute property of SEC's estate. However, if Fletcher's proposed unitization of Brooklyn Oil Field II as described above would have the effect of altering the nature of any property interests the estates may hold in the lands and well equipment included within the Proposed Unit Area, and if this could be construed as an act to "exercise control" over property of the estate, then, and out of an abundance of caution, Fletcher respectfully requests that this Court enter an Order granting Fletcher relief from the automatic stay to pursue the unitization of Brooklyn Oil Field II as set forth herein.

Under 11 U.S.C. § 362(d)(1), this Court may grant Fletcher relief from the automatic stay for "cause." The Bankruptcy Appellate Panel for the Tenth Circuit has held that "cause" is not limited to situations involving a lack of adequate protection, and that "relief from stay for cause is a discretionary determination made on a case by case basis."[4]

For example, courts generally recognize that relief from the stay may be appropriate to "permit pending litigation involving the debtor to continue in a nonbankruptcy forum,"[5] based on an analysis of the so-called "*Curtis* factors:"

(1) Whether the relief will result in a partial or complete resolution of the issues.

(2) The lack of any connection with or interference with the bankruptcy case.

(3) Whether the foreign proceeding involves the debtor as a fiduciary.

(4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.

---

[4] *Busch v. Busch (In re Busch)*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003) (citing *Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987)).
[5] *Busch*, 294 B.R. at 141.

6

(7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).

(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

(12) The impact of the stay on the parties and the "balance of hurt."[6]

To be clear, Fletcher is not seeking to pursue litigation against the Debtors. So although the *Curtis* factors do not control in this situation, some of them may nevertheless be instructive. For example:

- Under factor (2), Fletcher's proposed unitization of Brooklyn Oil Field II has no connection or interference with this Bankruptcy Case.

- Under factor (4), the Board constitutes a specialized tribunal that has been established to hear the petitions Fletcher proposes to file, and the Board not only has the expertise to hear such matters, but it is the *only* tribunal that may do so as a matter of Alabama law.

- Under factor (7), no interests of other creditors, the creditors' committee, or other interested parties would be prejudiced by permitting Fletcher to pursue unitization of Brooklyn Oil Field II before the Board.

---

[6] *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984) (internal citations omitted).

- Under factor (10), lifting the stay to permit Fletcher to file its petitions with the Board by August 20, 2021 would promote expeditious and economical determination of the issues without further delay.

- Under factor (12), the automatic stay is equally detrimental to Fletcher and the Debtors to the extent it prevents Fletcher from pursuing the unitization of Brooklyn Oil Field II, because the proposed unitization would prevent waste, protect the correlative rights of all owners and interested parties, increase the ultimate recovery of Unitized Substances, and avoid the drilling of unnecessary wells, all of which would benefit the Debtors.

Accordingly, for these reasons, and for such other reasons as may be shown at any hearing on this Motion, Fletcher respectfully submits that there is sufficient "cause" under the circumstances to grant Fletcher relief from the automatic stay under 11 U.S.C. § 362(d)(1) to pursue the unitization of Brooklyn Oil Field II before the Board.

Moreover, due to Fletcher's desire to file the petitions with the Board by August 20, 2021, Fletcher further requests that this Court waive the 14-day stay of execution of Fed. R. Bankr. P. 4001(a)(3).

**WHEREFORE**, Fletcher respectfully requests that this Court grant this Motion and enter an Order that

a. lifts, terminates, and annuls the automatic stay of 11 U.S.C. § 362 as to the Debtors with respect to the Proposed Unit Area so as to permit Fletcher to file petitions, request hearings, and take any other such actions before the Board to seek the entry of an order or orders by the Board to:

    i. Approve and establish the Brooklyn Oil Unit II as underlain by the Unitized Formation as a partial field-wide Unit for the production of Unitized Substances;

    ii. Approve proposed amendments to the Special Field Rules for the Brooklyn Field;

    iii. Approve the Unit Agreement and the Unit Operating Agreement for the proposed Brooklyn Oil Unit II, and require operation of the Unit Area in accordance with the terms thereof;

    iv. Require all owners or claimants, whether known or unknown, to the oil, gas and other minerals in and under the Proposed Unit Area to pool, integrate, and unitize their separately owned interests and tracts in the Unitized Interval underlying the Proposed Unit Area, and to develop their interests and tracts as a Unit;

    v. Name Fletcher as the initial Unit Operator of the Brooklyn Oil Unit II in accordance with the terms and provisions of the Unit Agreement and Unit Operating Agreement; and

    vi. Issue additional possible orders and make additional possible findings consistent with the foregoing;

b. waives the fourteen (14) day stay of execution of Federal Rule of Bankruptcy Procedure 4001(a)(3); and

c. grants Fletcher general relief.

**THIS** the 21st day of July, 2021.

                                              Respectfully submitted,

                                              **FLETCHER PETROLEUM CORP.**

                                              By: /s/ Christopher H. Meredith
                                                    Glenn Gates Taylor, MSB No. 7453
                                                    Christopher H. Meredith, MSB No. 103656
                                                   Copeland, Cook, Taylor & Bush, P.A.
                                                   600 Concourse, Suite 200
                                                   1076 Highland Colony Parkway
                                                   Ridgeland, MS 39157
                                                   Telephone: (601) 856-7200
                                                   gtaylor@cctb.com
                                                   cmeredith@cctb.com
                                                   *Its Attorneys*

## CERTIFICATE OF SERVICE

Service provided via Notice of Electronic Filing through the Court's Electronic Filing System upon all parties signed up to receive such notices. Service will also be made upon all creditors and parties-in-interest via first-class mail, and an Amended Certificate of Service will be filed.

**THIS** the 21st day of July, 2021.

                                              /s/ Christopher H. Meredith
                                              Of Counsel