# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>**Sklar Exploration Company, LLC,**<br><br>    Debtor. | Case No. 20-12377-EEB<br>Chapter 11 |
| In re:<br><br>**Sklarco, LLC,**<br><br>    Debtor. | Case No. 20-12380-EEB<br>Chapter 11<br><br>**Jointly Administered Under<br>Case No. 20-12377-EEB** |

## STIPULATED PROTECTIVE ORDER

Howard F. Sklar, (i) for himself; (ii) as trustee for the (x) Howard Trust (TIN: 72-6094620), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana, (y) Alan Grantor Trust (TIN: 72-6157679), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana, and (z) the Jacob Grantor Trust (TIN: 72-6094619), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana; and (iii) as the duly appointed Independent Executor of the Succession of Miriam Mandel Sklar (TIN: 27-6579529) pursuant to that certain order dated April 21, 2010, of the First Judicial District Court, Caddo Parish, Louisiana, Suit No. 540336-B (in each such capacity, "HFS"), and the Rudman Partnership, MER Energy, LLC and CTM 2005, Ltd. (collectively, the "Examiners," and together with HFS, the "Parties") stipulate, and the Court finds, that disclosure and discovery activity related to Examiners' examination of the HFS pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1 (the "Examination") is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than the Examination are warranted. Accordingly, the Parties stipulate, and the Court orders, as follows:

1. As used in this Stipulated Protective Order, the following terms shall have the meanings described below:

(a) "Attorneys" means counsel of record, any lawyer regularly employed by a Party, and any such lawyer's staff.

(b) "Bankruptcy Court" means the United States Bankruptcy Court for the District of Colorado.

(c) "Chapter 11 Cases" means the above-captioned cases, pending under chapter 11 of the U.S. Bankruptcy Code.

(d) "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, containing confidential information in the Examination, but not including the "Ownership Deck" previously produced by HFS, marked as HFS 00001-614, and any supplements, amendments or revisions thereto, or any other documents produced by HFS in these Chapter 11 Cases to any party in interest prior to July 23, 2021, to the extent not covered by a previously entered protective order in the Chapter 11 Cases.

(e) "Examination" refers to Examiners' examination of HFS pursuant to Fed. R. Bankr. P. 2004 in the Chapter 11 Cases.

(f) "Outside Vendor" means any provider of messenger, copying, coding, or other clerical-services that is not employed by a Party or its Attorneys.

(g) "Written Assurance" means an executed document in the form attached as **Exhibit A**.

2. Documents that contain Confidential Information shall be stamped or labeled "CONFIDENTIAL." Deposition testimony that contains Confidential Information may be

designated as such if counsel, the witness, or the Party or non-party whose Confidential Information is to be or was disclosed, states on the record that the portion of the deposition is to be treated as Confidential Information.

3. Confidential Information shall not be used, transferred, disclosed, or communicated in any way to any person or entity other than:

    a) the Bankruptcy Court and its staff;

    b) Attorneys, their law firms, and their Outside Vendors;

    c) persons shown on the face of a document containing Confidential Information to have authored or received it;

    d) court reporters retained to transcribe testimony;

    e) the Parties;

    f) persons who are retained by the Parties, a Party, or Attorney to furnish consulting, technical, or expert services; and

    g) any other person executing and delivering a Written Assurance.

4. All Confidential Information produced or disclosed in the Examination shall be used solely for the purposes of the Chapter 11 Cases or any chapter 7 proceedings resulting from the conversion of the Chapter 11 Cases, including any appeals of final orders therefrom, and shall not be used for any other purpose.

5. Nothing in this Stipulated Protective Order shall restrict the right of a Party to use or disclose its own Confidential Information for any purpose.

6. Each person appropriately designated pursuant to paragraph 3 to receive Confidential Information shall execute a "Written Assurance" in the form attached as **Exhibit A**.

7. Any Party who inadvertently fails to designate Confidential Information as "CONFIDENTIAL" shall promptly provide written notice of the error and substitute appropriately-designated Confidential Information. Any Party receiving such improperly-designated Confidential Information shall take immediate steps to retrieve such Confidential Information from any persons not entitled to receive that Confidential Information under Paragraph 3 of this Stipulated Protective Order, and, upon receipt, shall return or destroy the improperly-designated Confidential Information.

8. If a Party wishes to file with the Court any document or information designated by another Party or a non-party as "CONFIDENTIAL," the document or information must be filed under seal in accord with the rules of the Bankruptcy Court.

9. Any Party may challenge the designation of any document or information as Confidential Information by providing written notice identifying the specific document or information to which the objection is made, and the specific basis for such objection. Any such document or information shall be treated as Confidential Information until the designation is withdrawn or the Court determines that the document or information is not confidential. If the requested change in designation is not agreed to within fourteen (14) days of the notice being received, the Party seeking to remove the designation may move the Court for appropriate relief in accordance with applicable procedures for resolving discovery disputes, providing notice to any non-party whose Confidential Information may be affected.

10. If a Party inadvertently discloses a document or information that contains privileged information, or information otherwise immune from discovery, that Party shall promptly advise the receiving Party, and request that the document or information be returned or destroyed. The receiving Party shall return or destroy such inadvertently produced document or

information, including any copies, within seven (7) days of receiving such written request. The Party returning or destroying such inadvertently produced document or information may thereafter seek re-production of the document or information pursuant to applicable law. Further, if a Party receives documents or information it reasonably believes to be privileged, it will notify the producing Party in writing within seven (7) days to determine whether a claim of privilege will be asserted.

11. Pursuant to F.R.E. 502(d), a Party's inadvertent disclosure or production of any privileged document or information shall not, for the purposes of these Chapter 11 Cases or any other proceeding in any other court, constitute a waiver by that Party of any privilege or protection applicable to the document or information, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law.

12. Within sixty (60) days of the closure of the Chapter 11 Cases, each Party shall either destroy or return to the producing Party all documents and information designated as Confidential Information, and any copies of such documents or information, and shall destroy all extracts and/or data containing Confidential Information. Each Party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the Examination and the Chapter 11 Cases.

13. Any Party may apply to the Court for a modification of this Stipulated Protective Order, and nothing in this Stipulated Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. No action taken in accordance with this Stipulated Protective Order shall be construed as a waiver of any claim or defense in the Examination and the Chapter 11 Case or of any position as to discoverability or admissibility of evidence.

15. By entering this order and limiting the disclosure of Confidential Information in the Examination, the Court does not intend to preclude another court from finding that documents or information designated as Confidential Information in this Examination may be relevant and subject to disclosure in another case. Any person or Party subject to this Stipulated Protective Order who becomes subject to a motion or order to disclose another Party's or a non-party's Confidential Information subject to this Stipulated Protective Order shall promptly notify that Party or non-party of the motion or order so that the Party or non-party may have an opportunity to appear and be heard on whether the Confidential Information should be disclosed.

16. The obligations imposed by this Stipulated Protective Order shall survive the termination of the Examination and the Chapter 11 Cases.


**STIPULATED AND AGREED:**

By: */s/ Adam L. Hirsch*  
    Adam L. Hirsch, Reg. No. 44306  
    Davis Graham & Stubbs LLP  
    1550 17th Street, Suite 500  
    Denver, Colorado 80202  
    Telephone:  303.892.9400  
    Facsimile:  303.893.1379  
    Email: adam.hirsch@dgslaw.com

*Counsel to Howard F. Sklar*

By: */s/ Barnet B. Skelton, Jr.*  
    Barnet B. Skelton, Jr.  
    Attorney at Law  
    815 Walker, Suite 1502  
    Houston, Texas 77002  
    Telephone:  713.516.7450  
    Facsimile:  713.659.8764  
    Email: barnetbjr@msn.com

and

    Maynes, Bradford, Shipps & Sheftel, LLP  
    Thomas H. Shipps  
    Shay L. Denning  
    835 E. Second Ave., Suite 123  
    Durango, Colorado 81301  
    Telephone:  970.247.1755  
    Facsimile:  970.247.8827  
    Email: tshipps@mbssllp.com  
          sdenning@mbssllp.com

*Counsel to the Rudman Partnership, MER Energy, LLC and CTM 2005, Ltd.*

**IT IS SO ORDERED.**

Dated: _____, 2021

    _____  
    United States Bankruptcy Judge

# EXHIBIT A

## Written Assurance

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Stipulated Protective Order dated _____, filed in Case No. 20-12377-EEB, pending in the United States Bankruptcy Court for the District of Colorado. I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order may subject me to sanctions by the Court.

    I shall not divulge any information, documents, or copies of documents, designated as "CONFIDENTIAL" under the Stipulated Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or use such Confidential Information except for the purposes of the above-referenced Examination and under the terms of the Stipulated Protective Order.

    As soon as practical, but no later than twenty-eight (28) days after final termination of the Examination, I shall return to the attorney from whom I have received them, any documents or information in my possession designated as "CONFIDENTIAL," including any copies, excerpts, summaries, notes, digests, abstracts, or indices reflecting such Confidential Information.

    I submit myself to the jurisdiction of the United States Bankruptcy Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Stipulated Protective Order.

Executed on_____
              (Date)

                                            _____
                                                          (Signature)