UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|     Debtor. ) | |
| ) | |
| _____ ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
|     Debtor. ) | |

**AMENDMENT TO SECOND AMENDED AND RESTATED JOINT PLAN OF REORGANIZATION DATED DECEMBER 18, 2020**

The Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together, "Debtors"), by and through their attorneys, Kutner Brinen Dickey Riley, P.C., hereby submits their amendment to their Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 ("Plan") as follows:

1. Paragraph 8.3 is hereby amended to read as follows:

**8.3 -Management Fees and Costs.**
The Reorganized Debtors shall be entitled to compensate their managers, officers and directors with reasonable compensation for services following confirmation of the Plan. Funding for such fees will be derived from the operation of the Debtors' business and working capital. The Independent Manager shall have discretion to retain and compensate those employees and managers as reasonably necessary to continue operations of the Reorganized Debtors, including operation of SEC through completion of an orderly transition and wind down. ~~Such management personnel may include: 1) J. Marshall Jones, VP & COO of SEC, annual salary of apx. $192,500; and 2) John Strausser, VP & CFO of SEC, annual salary of apx. $185,000.~~ Following the Effective Date of the Plan, Howard Sklar shall not be engaged as a manager or otherwise responsible for day to day operations of the Reorganized Debtors. Notwithstanding the foregoing, nothing contained herein shall in any way limit, restrict, or otherwise impair the Independent Manager's ability to consult with and compensate those parties he deems necessary for the effective management of the Reorganized Debtors including, without limitation, existing employees of the Debtors.

2. Paragraph 8.4 is hereby amended to read as follows:

**8.4- Establishment and Funding Of Creditor Trust.**

On the Effective Date of the Plan, the Creditor Trust shall be established for the primary purpose of: (1) receiving and pursuing claims and Causes of Action, and distributing the proceeds of such claims and Causes of Action; and (2) receiving funds and using and distributing funds in accordance with this Plan and the Creditor Trust Agreement. The specific terms of Creditor Trust shall be set forth in the Creditor Trust Agreement. The Creditor Trust will be controlled and administered by the Creditor Trustee, which Trustee shall be selected by the Committee.

The Creditor Trustee shall pay all expenses incurred by the Creditor Trust after the Effective Date, including professional fees, disbursements, expenses, or related support services. <u>All such payments and disbursements shall be made with disclosure to the Bankruptcy Court, but may be made without further application to the Bankruptcy Court.</u> The Creditor Trust is also permitted to engage such professionals as it deems reasonable and necessary without application to the Bankruptcy Court. The Creditor Trust shall be funded with $250,000 ("Trust Administration Funds"). The Trust Administration Funds shall be paid in installments of $50,000 per month or as otherwise agreed to by the Committee and the Debtors prior to the Effective Date.

3. Paragraph 10.4 is hereby amended to read as follows:

**10.4 - Discharge of Debtors.**

<u>Sklarco shall receive a discharge on the Effective Date of the Plan pursuant to Section 1141(d).</u> Confirmation of the Plan and the occurrence of the Effective Date of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date. This provision shall be operable regardless of whether the Plan provides for any obligation to be evidenced by a rewritten loan or security document following confirmation of the Plan. <u>SEC shall not receive a discharge on or after the Effective Date of the Plan in accordance with Section 1141(d)(3).</u> Notwithstanding the foregoing, the discharge granted on the Effective Date does not discharge any rights of setoff or recoupment held by a Revenue Party, subject to Section 8.16.

4. Paragraph 10.5 is hereby amended to read as follows:

**10.5 - Exculpation**

**Except as set forth in this Plan, neither the Debtors, the Creditors' Committee, the CRO, nor any of their agents, representatives, attorneys, accountants or advisors shall have or incur any liability in connection with, or related to formulating, negotiating, soliciting, preparing, disseminating, confirming the Plan, or any contract, instrument, release or other agreement, or document created or entered into in connection with the Plan or any other act taken or omitted to be taken**

**in connection with the restructuring of the Debtors pursuant to the Plan during the pendency of the Debtors' Chapter 11 Cases and through the date of confirmation of the Plan; provided that the foregoing shall have no effect on the liability for a breach of the Plan or any other document, instrument, or agreement executed and delivered in connection with the Plan, or that otherwise results from any act or omission that is determined in a Final Order to have constituted gross negligence, bad faith, or willful misconduct; provided further that nothing in this Plan shall limit the liability of any retained attorney in violation of Rule 1.8(h)(1) of the Colorado Rules of Professional Conduct. For the avoidance of a doubt, there shall be no liability limitation for the Debtors and their Insiders, for their actions or omissions occurring before the Petition Date,** *or after the Confirmation Date***, or their actions or omissions after the Petition Date that are not official actions made in good faith, nor shall it release the Debtor from any obligations arising under contracts entered into on a post-petition basis. At this time, and without waiving any rights or claims, the Debtors and the Committee are not aware of the existence of any claims that would be subject to this provision, however, for the avoidance of a doubt, Howard Sklar <u>and J. Marshall Jones are not Exculpated Parties</u> and shall not be subject to this provision.**

DATED: August 2, 2021			Respectfully submitted,

			By: */s/ Keri L. Riley*
			Keri L. Riley, #47605
			**KUTNER BRINEN DICKEY RILEY, P.C.**
			1660 Lincoln St., Suite 1720
			Denver, CO 80264
			Telephone: (303) 832-2910
			E-Mail: klr@kutnerlaw.com