Exhibit RUD-NNN

| | |
|---|---|
| **HOWARD FRED SKLAR** | **NUMBER: 561,139 "F"** |
| **VERSUS** | **1st JUDICIAL DISTRICT COURT** |
| **JANE BELSER SKLAR** | **CADDO PARISH, LOUISIANA** |

### CONSENT JUDGMENT

THIS MATTER having come before the Court on the Rule Nisi of the JANE BELSER SKLAR ("Ms. Sklar"), appearing herein with her attorney of record, Kenneth P. Haines of the law firm of Weems, Schimpf, Haines, Shemwell & Moore (APLC) and the petition to annul of HOWARD FRED SKLAR ("Mr. Sklar") appearing herein with his attorney of record, Clinton Bowers of the Bowers Law Firm; and the Court considering the law, evidence, argument of counsel, and stipulations of the parties to be in favor thereof and for reasons this day orally assigned:

**IT IS ORDERED, ADJUDGED AND DECREED** that the Community Property Settlement and Agreement (CPSA) entered between the parties on March 22, 2013 is determined to be a valid and enforceable contract, which did not violate public policy; and THEREFORE, Mr. Sklar's action seeking to have the contract declared null be and is hereby denied and dismissed, with prejudice, at Mr. Sklar's sole costs.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that there be and is Judgment rendered in favor of **Jane Belser Sklar** and against **Howard Fred Sklar** accruing and making executory through March 31, 2021 past due contractual spousal support in the amount of Three Hundred Ninety Thousand and No/100 dollars ($390,000.00), together with legal interest, from date of judicial demand, July 21, 2020, until paid in full.





RUD003713

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that there be and is Judgment in favor of Ms. Sklar maintaining the obligation of Mr. Sklar to pay her contractual spousal in accordance with the March 22, 2013 Community Property Settlement and Agreement. Per the stipulation of the parties, beginning April 1, 2021 and continuing for twelve consecutive months or until Sklar Exploration Company and Sklarco emerge from Chapter 11 bankruptcy protection or the company bankruptcy proceedings are resolved (whichever occurs first), Mr. Sklar shall pay Ms. Sklar the minimum sum of $5,000.00 per month toward his contractual spousal support obligation. Additionally, after the occurrence of a "monetizing event" as defined in the Joint Plan of Reorganization from the company bankruptcy proceedings, Mr. Sklar shall pay unto Ms. Sklar 20% of the "Howard Sklar Trust Allocation," as defined in the Joint Plan of Reorganization from the company bankruptcy proceedings. Should the payment to Ms. Sklar from the bankruptcy allocation exceed $30,000 in any given month, then the excess shall be applied first to the accrued past due spousal support and if paid in full to any accruing past due spousal support.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that beginning April 1, 2022 and for twelve consecutive months or until Sklar Exploration Company and Sklarco emerge from Chapter 11 bankruptcy protection or the company bankruptcy proceedings are resolved (whichever occurs last), Mr. Sklar shall pay Ms. Sklar the minimum sum of $7,500.00 per month toward his contractual spousal support obligation. Additionally, after the occurrence of a "monetizing event" as defined in the Joint Plan of Reorganization from the company bankruptcy

proceedings, Mr. Sklar shall pay unto Ms. Sklar 20% of the "Howard Sklar Trust Allocation," as defined in the Joint Plan of Reorganization from the company bankruptcy proceedings. Should the payment to Ms. Sklar from the bankruptcy allocation exceed $30,000 in any given month, then the excess shall be applied first to the accrued past due spousal support and if paid in full to any accruing past due contractual spousal support.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that Mr. Sklar shall cause the "Independent Manager" from the company bankruptcy proceeding to report monthly to Ms. Sklar any amounts being distributed pursuant to the "Howard Sklar Trust Allocation," as defined in the Joint Plan of Reorganization from the company bankruptcy proceedings. Mr. Sklar shall continue to pay Ms. Sklar the sums due as outlined above until his companies emerge from bankruptcy or the bankruptcy ends and Ms. Sklar reserves the right to return to court and seek additional funding pursuant to the contractual spousal support obligation should the companies not emerge from bankruptcy or the bankruptcy proceedings not be concluded before April 1, 2023.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that the $30,000.00 per month contractual spousal support continue to accrue during the bankruptcy proceedings and that Mr. Sklar shall receive a dollar for dollar credit for any amounts paid Ms. Sklar, pursuant to the accrued judgment or accruing monthly obligation or during the times set forth in this Judgment above.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that Mr. Sklar's pending claim of impossibility of performance under the contract be and is

hereby dismissed, with prejudice, at his sole costs.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that the parties are reserved the right to return to court at the conclusion of the company bankruptcy proceedings or after April 1, 2023 (whichever occurs first) to determine the full amount of accrued arrearage, payments or otherwise seek disposition of Ms. Sklar's contractual spousal support claims.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that this Judgment is rendered by consent of the parties and is therefore not subject to appeal by either party. Further, Ms. Sklar waives her right to appeal the court's previous interlocutory judgment granting Mr. Sklar's Exception of No Right of Action and Mr. Sklar waives his right to appeal the court's previous interlocutory judgment denying his Exception of No Cause of Action.

JUDGMENT RENDERED in open court this 22nd day of March, 2021.

JUDGMENT READ, SIGNED and FILED on this 14th day of April, 2021, at Shreveport, Caddo Parish, Louisiana.

DISTRICT JUDGE
JUDGE BRADY O'CALLAGHAN
FIRST JUDICIAL DISTRICT COURT

RUD003716

**PREPARED BY:**

WEEMS, SCHIMPF, HAINES,
SHEMWELL & MOORE
(A Professional Law Corporation)

By: _____
Kenneth P. Haines
La. Bar Roll No.19607

912 Kings Highway
Shreveport, Louisiana 71104
(318) 222-2100 Telephone
(318) 226-5100 Facsimile

Attorneys for Ms. Sklar

_____
Jane Belser Sklar

**APPROVED BY:**

BOWERS LAW FIRM, LLC

By: _____
Clinton Bowers
La. Bar Roll No. 32355

7600 Fern Ave. Suite 100
Shreveport, Louisiana 71105
(318) 798-2540 Telephone
(318) 798-2530 Facsimile

Attorneys for Mr. Sklar

*Howard Fred Sklar*
Howard Fred Sklar (Apr 7, 2021 13:04 MDT)

Howard Fred Sklar

**Howard Fred Sklar**
E-signed 2021-04-07 01:04PM MDT
hfsklar@gmail.com

# Certificate of Notice of Judgment

SKLAR,HOWARD FRED
v.s.
SKLAR,JANE BESLER

NO. 561139 – F
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

## I HEREBY CERTIFY THAT ON THIS DAY A NOTICE OF THE ATTACHED JUDGMENT WAS MAILED BY ME, WITH SUFFICIENT POSTAGE TO:

CLINTON BOWERS
P.O. BOX 52866
SHREVEPORT, LA 71135-2866

**DONE AND SIGNED ON April 15, 2021.**

Tanya Bickham
**DEPUTY CLERK**

RUD003718

# Certificate of Notice of Judgment

SKLAR, HOWARD FRED
v.s.
SKLAR, JANE BESLER

NO. 561139 – F
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

## I HEREBY CERTIFY THAT ON THIS DAY A NOTICE OF THE ATTACHED JUDGMENT WAS MAILED BY ME, WITH SUFFICIENT POSTAGE TO:

WEEMS SCHIMPF HAINES MOORE & SHEMWELL
912 KINGS HWY
SHREVEPORT, LA 71104

**DONE AND SIGNED ON April 15, 2021.**

*Tammy Bickham*
DEPUTY CLERK