# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: <br><br> SKLAR EXPLORATION COMPANY, LLC, <br><br> Debtor. | Case No. 20-12377-EEB <br><br> Chapter 11 |
| In re: <br><br> SKLARCO, LLC <br><br> Debtor. | Case No. 20-12380-EEB <br><br> Chapter 11 <br><br> **Jointly Administered Under Case No. 20-12377-EEB** |

**LIMITED RESPONSE AND RESERVATION OF RIGHTS BY PRUET PRODUCTION CO. TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT FLETCHER PETROLEUM CORP. TO PURSUE ESTABLISHMENT OF A PARTIAL FIELD-WIDE UNIT TO BE KNOWN AS BROOKLYN OIL UNIT II**

Comes now, Pruet Production Co. ("Pruet") both in its individual capacity and as agent for certain owners of working interests (the "Owners," and together with Pruet, the "Pruet Parties"),[1] parties in interest, and files this limited response and reservation of rights (the "Response") to the Motion for Relief from the Automatic Stay to Permit Fletcher Petroleum Corp. to Pursue Establishment of a Partial Field-Wide Unit to Be Known as Brooklyn Oil Unit II [Doc. 1369] (the "Motion") filed by Fletcher Petroleum Corp. ("Fletcher"). In support, the Pruet Parties state the following:

1. Fletcher intends to seek authority from the Alabama Oil and Gas Board (the "Board") to unitize the Proposed Unit Area (as defined in the Motion). The Proposed Unit Area

---

[1] A list of the Owners is included in the Verified Rule 2019 Statement of Multiple Representation filed at Docket No. 162 as amended by Docket No. 211.

17210879_v1

is near the Southeast and Southwest Brooklyn Units in which the Pruet Parties hold working interests. In addition, Pruet has been elected successor operator to the Southeast and Southwest Brooklyn Units (though Pruet has not yet taken over operations). As a result, the Pruet Parties are parties in interest to Fletcher's efforts to unitize the Proposed Unit Area.

2. Fletcher states in the Motion that it seeks to lift the automatic stay to "file petitions, request hearings, and take any other such actions before the Board" so that it may proceed with efforts to unitize the Proposed Unit Area.

3. The Pruet Parties do not oppose, in general, lifting the stay to permit Fletcher to take actions required by non-bankruptcy law to seek to unitize the Proposed Unit Area. However, as parties in interest to proposed unitization, the Pruet Parties may have reason to be heard before the Board with respect to Fletcher's efforts.

4. The Pruet Parties file this Response out of an abundance of caution in order to (a) reserve the Pruet Parties' (and any other party interest's) rights to be heard by the Board regarding Fletcher's efforts to unitize the Proposed Unit Area and on those and any other matters raised by Fletcher before the Board or any other applicable agency or committee in connection with the relief sought by the Motion; and (b) ensure that entry of any order granting the Motion is in no way construed as a finding that Fletcher is entitled to unitize the Proposed Unit Area or construed to limit or affect any of the Pruet Parties' rights under any leases, wells, and agreements associated with the proposed unitization.

## **RESERVATION OF RIGHTS**

The Pruet Parties make no admission of fact or law and reserves any and all rights, claims, objections, and defenses that may be available to them before this Court and any other court with competent jurisdiction over the parties and the matters at issue, including in connection with the

Motion or any other related motions, pleadings, or orders, asserted liens and interests, and any other matters involving the administration of this case, the estate, and the interest of the Pruet Parties, any and all rights available to them under the Bankruptcy Code and applicable non-bankruptcy law. The Pruet Parties reserve any and all rights to supplement or amend this Response at any time, including at any hearing.

## JOINDER

The Pruet Parties join the responses of all other parties to the Motion to the extent such responses are not inconsistent with this Response.

## CONCLUSION

The Pruet Parties request that to the extent the Motion is granted, it be conditioned upon a ruling that (i) the Pruet Parties' (and any other party interest's) rights to be heard by the Board regarding Fletcher's efforts to unitize the Proposed Unit Area and on those and any other matters raised by Fletcher before the Board or any other applicable agency or committee in connection with the relief sought by the Motion are reserved and unaffected by entry of an order granting the Motion; and (ii) that granting of the Motion shall in no way be construed as a finding that Fletcher is entitled to unitize the Proposed Unit Area or construed to limit or affect any of the Pruet Parties' rights under any leases, wells, and agreements associated with the proposed unitization.  The Pruet Parties seek such other and different relief as the Court deems proper and just.

Dated:  August 11, 2021

/s/ Matthew J. Ochs
Matthew J. Ochs
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO  80201-8749
Telephone: (303) 295-8299
Facsimile: (303) 416-8951
Email: mjochs@hollandhart.com

17210879_v1

-and-

/s/ *Jeremy L. Retherford*
Jeremy L. Retherford
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203-4642
Telephone: (205) 226-3479
Facsimile: (205) 488-5693
Email: jretherford@balch.com

***Attorneys for Pruet Oil Company, LLC and Pruet Production Co. in its individual capacity and as agent of the Owners***

4

17210879_v1

## CERTIFICATE OF SERVICE

I certify that on August 11, 2021, the foregoing was electronically filed with the Court via the CM/ECF system. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing.

/s/ <i>Matthew J. Ochs</i>

17210879_v1