UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
|   Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN:  72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**ORDER CONFIRMING  SECOND AMENDED AND RESTATED
PLAN OF REORGANIZATION DATED DECEMBER 18, 2020, AS AMENDED**

The *Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020* (Docket No. 1251) ("Plan") under Chapter 11 of the Bankruptcy Code filed by Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together, "Debtors") having come before the Court for confirmation, all objections to confirmation of the Plan having been withdrawn, the Court having considered the Declaration of James Katchadurian in Support of Confirmation of the Plan (Docket No. 1417), the Court having reviewed the file, and based on the representations of the Debtors, finds and Orders as follows:

1. That the Debtors have complied with all applicable provisions of Chapter 11 of the Bankruptcy Code, the Plan meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code, and the Debtors have complied with Section 1125 of the Bankruptcy Code.

2. The provisions of Chapter 11 of the Bankruptcy Code have been complied with, in that the Plan has been proposed in good faith and not by any means forbidden by law.

3. That all insiders involved in the Debtors' post-confirmation activities are disclosed in the Plan and in the *Amended Disclosure Statement to Accompany Amended and Restated Joint Plan Dated December 18, 2020* (Docket No. 1101) along with any relationships to the Debtors.

4. That the Debtors have disclosed the identity and affiliations of any individuals proposed to serve, after confirmation of the Plan, as officers, directors, or other managers of the Debtors and their continuance or appointment as such is consistent with the interests of creditors;

5. That there exists no governmental regulatory commission having jurisdiction over the Debtors on setting rates and fees.

6. That each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan[1], that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

7. That all payments made or promised by the Debtors under the Plan or by any other person for services or costs and expenses in or in connection with the Plan or incident to the case have been fully disclosed to the Court and are reasonable or if to be fixed after confirmation of the Plan will be subject to approval of the Court.

8. That all of attorney fees incurred pre-confirmation shall be subject to Court approval as to reasonableness pursuant to the applicable provisions of the Bankruptcy Code.

9. That the Debtors have filed a *Declaration of Emily Young of Epiq Corporate Restructuring, LLC Regarding Voting and Tabulation of Ballots Case on Amended and Restated Joint Plan of Reorganization* (Docket No. 1261) that provides that all classes of creditors have either voted to accept the Plan or are unimpaired and are deemed to have accepted the Plan.

9. That on the Effective Date of the Plan, all property of the estate will revest in the Debtors free and clear of all liens and claims, except as otherwise provided in the Plan, any applicable Stipulation, or this Order.

10. That, subject to Section 10.4 of the Plan, Sklarco shall receive a discharge pursuant to Section 1141(d) upon the Effective Date of the Plan of all claims. Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date.

11. That SEC shall not receive a discharge on the Effective Date of the Plan pursuant to Section 1141(d)(3).

12. That any objections to confirmation of the Plan having been withdrawn, resolved, or overruled.

13. The Plan otherwise meets the requirements for confirmation specified under 11 U.S.C. §1129.

IT IS HEREBY ORDERED

*That the Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020* (Docket No. 1251), filed by the Debtors on May 14, 2021, as amended by the *Amendment to Second Amended and Restated Joint Plan of Reorganization* (Docket No. 1385) filed on August 2, 2021, and by this Order is hereby CONFIRMED.

---

[1] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Plan.

*That notwithstanding* any other provision in the Plan, on and after the Effective Date, Revenue Parties shall retain all royalty and working interests, to the extent applicable, in full force and effect in accordance with the terms of the granting instruments or other governing documents applicable to such Revenue Parties. Revenue Parties' rights shall not be modified, affected or impaired in any manner by any provision of the Plan or this Confirmation Order, including but not limited to any injunctive or stay relief, and the legal and equitable rights, interests, defenses, and obligations of Revenue Parties shall not be modified, affected or impaired in any manner by the provisions of the Plan or this Confirmation Order, except that the Bankruptcy Court shall make any determination as to any administrative claim, rejection damages claim, or the cure amount in the event of a dispute. Nor shall the Plan or this Confirmation Order modify, affect or impair the rights and defenses of the Debtors, Reorganized Debtors, and Creditor Trust with respect to claims or interests related to the Revenue Parties, and the Debtors', Reorganized Debtors', and Creditor Trust's right to dispute the amounts owing on account of the Revenue Parties, and the right to assert any claims, defenses, or challenge ownership as to any Disputed Assets are expressly preserved and reserved.

*That* any and all Administrative Expense Claims shall be filed not later than forty-five (45) days following the Effective Date of the Plan.

DATED this 24th day of August, 2021

BY THE COURT:

_____
Elizabeth E. Brown, Bankruptcy