## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | | |
|---|---|---|
| In re: | : | |
| | | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, L.L.C. | : | |
| EIN: 72-1417930 | | Chapter 11 |
| | : | |
| Debtor. | | |
| | : | |

| | | |
|---|---|---|
| In re: | : | |
| | | |
| SKLARCO, L.L.C. | | Case No. 20-12380-EEB |
| EIN: 72-1425432 | : | |
| | | Chapter 11 |
| Debtor. | : | |

**Joint Administered Under
Case No. 20-12377 EEB**

### RESPONSE BY J. MARSHALL JONES, III
### TO DEBTOR'S PERSONNEL MATTERS STATUS REPORT

**NOW INTO COURT**, in proper person, comes J. Marshall Jones, III ("Jones"), who files this response to the "Status Report Regarding Personnel Matters at Sklar Exploration Company, L.L.C. [Doc# 1328]" (the "Status Report") filed herein by Keri L. Riley, counsel for Sklar Exploration Company, L.L.C. ("SEC") on July 2, 2021 in these jointly-administered bankruptcy cases of SEC and Sklarco, L.L.C. (collectively the "Debtors"), and respectfully submits the following

-1-

response to set the record straight.

First and foremost, I wish to state that I have great appreciation for the employees of SEC with whom I enjoyed working during my tenure at SEC. A main reason for staying on with SEC after the Debtors' bankruptcy filing was not for my personal benefit but was so I could assist, under the direction of the court-appointed entity CR3 Partners, with SEC's transition through bankruptcy. But for my concern for the best interests of the company employees, I would likely have done what other members of the management team did, and depart early on to pursue other opportunities. I had those options, but chose to stay to try to assist CR3, my fellow employees, and other interested parties.

Secondly, the Status Report prepared and filed by Ms. Riley for the Debtors states that the "non-disclosure" by me of communications "originated by Fletcher with limited response from Mr. Jones" gave rise to concerns about the "appearance of potential impropriety." Ms. Riley clearly implies that the discussions that were initiated by Fletcher Petroleum with me were had without the knowledge, consent and participation of both Ms. Riley, the Debtors' counsel, and James Katchadurian of CR3 Partners, the court-appointed CRO for the Debtors. Such statements and/or implications by Ms. Riley are false and inaccurate. Additionally, although Mr. Katchadurian was rarely on-site at the

Debtors' office, all communications, whether electronic, written and/or oral, with any of the various potential successor operators (including, but not limited to, Fletcher Petroleum Corp., Brammer Engineering Co., and Pruet Production Company) were transparent and timely made aware to all of the Debtors' management team including Ms. Riley and Mr. Katchadurian, and were promptly discussed with either Mr. Katchadurian and/or Ms. Riley, or both.

Additionally, of particular significance in connection with the Status Report prepared and filed by Ms. Riley and Ms. Riley's mention of "communications with Fletcher Petroleum" is the fact that CR3 Partners, acting through both Mr. Katchadurian, CRO, and Mr. Todd Bearup, a Director of CR3 Partners in its Los Angeles office, specifically instructed me to communicate with Fletcher Petroleum regarding CR3 Partners' desire to have Fletcher offset $\pm$ $220,000 of revenue against Sklarco debt, as evidenced by CR3 Partners' electronic communications to me that concluded with an email from Todd Bearup of CR3 Partners dated June 29, 2021, requesting information regarding "Fletcher and its commitment to pay the $220K that they owe us." Any and all communications I had with Fletcher was done pursuant to the specific instructions and actual knowledge of Mr. Katchadurian and Mr. Todd Bearup of CR3 Partners.

Thirdly, as I was specifically advised by the Mr. Katchadurian of CR3 Partners at the inception of the bankruptcy proceeding, I had no authority to negotiate or make any agreements with anyone on behalf of either of the Debtors. I scrupulously followed Mr. Katchadurian's stated mandate that he was the sole decision maker. Pursuant to the instructions of Mr. Katchadurian, he was kept timely informed of all day-to-day business activities of the Debtors' by the various employees of the Debtors.

Finally, in further response to Ms. Riley's Status Report, I want it known that under no circumstances did I undertake to attempt to negotiate any arrangement or agreement with Fletcher Petroleum, Brammer Engineering, or any other entity that included future employment for myself or which would benefit me personally. None.

Without malice or ill will to anyone, I respectfully request that this Response be made a part of the record of this matter.

Dated: August ___, 2021

Respectfully submitted,

_____
J. Marshall Jones, III

-4-

United States Bankruptcy Court - District of Colorado
Online Filing Tool Submission

Submitted: 8/27/2021 3:34:09 PM

User Information

James M. Jones
920 Arapahoe
Louisville
CO
80027

jamajoiii@yahoo.com
318-401-1773