

**Joseph E. Bain**
D:  713.437.1820
F:  713.437.1917
jbain@joneswalker.com

September 1, 2021

**Via E-mail (klr@kutnerlaw.com); (bsuzuki@swlaw.com)**

Sklar Exploration Company, LLC
c/o Keri L. Riley
KUTNER BRINEN DICKEY RILEY, P.C.
1660 Lincoln Street
Suite 1720
Denver, Colorado 80264

East West Bank
c/o Bryce A. Suzuki
SNELL & WILMER L.L.P.
400 E Van Buren, Suite 1900
Phoenix, Arizona 85004

Re:     Notice of Recoupment; *In re Sklar Exploration Company, LLC*; Case No. 20-12377; United
        States Bankruptcy Court for the District of Colorado

To Whom it May Concern:

As you are aware, this firm represents FPCC USA, LLC (**"FPCC"**) in relation to, among other things, the
above-captioned Chapter 11 bankruptcy proceeding (the **"Bankruptcy Case"**). FPCC is an affiliate of
Formosa Petrochemical Corporation, a Taiwan-based company engaged in the refining and distribution
of oil products.

Debtor Sklar Exploration Company, LLC (**"SEC"**) and FPCC are parties to several Joint Operating
Agreements (**"JOAs"** and each a **"JOA"**), pursuant to which SEC serves as operator of certain oil and
gas properties; FPCC holds a working interest ownership (**"Working Interests"**) in those properties.  As
an owner of Working Interests, FPCC is entitled to revenues on oil and gas production and shares in
operational expenses in proportion to its ownership interest.[1]

---

[1] A further description of FPCC's Working Interests is contained within Claim No. 87 (including the supporting
documentation attached thereto, FPCC's **"POC"**) that FPCC duly filed against SEC on September 18, 2020.
FPCC's POC is incorporated by reference herein as if fully set forth herein.

{HD116732.4}

As of the filing of the Bankruptcy Case on April 1, 2020 (the **"Petition Date"**), SEC owed FPCC no less than $176,064.08 in unpaid revenues related to the February 2020 production (the **"Unpaid Revenues"**).

Since the Petition Date, SEC has continued to issue joint interest billing statements (**"JIBs"**) to the working interest owners, including FPCC.

On January 25, 2021, the Bankruptcy Court, by minute entry, ordered working interest owners to pay outstanding JIBs owed to SEC "to the extent that the total amount of JIBs owed by any particular working interest owner *exceeds the amount of that working interest owner's pre- and postpetition claim (excluding outstanding cash call advances) against Sklar Exploration Co.*" *See* Docket No. 824 at page 10 of 10 (emphasis added).  In so ruling, the Bankruptcy Court held that a working interest owner may continue to withhold JIBs in the amount of such "working interest owner's pre- and postpetition claim (excluding outstanding cash call advances)" so as to preserve such working interest owner's right to assert a right to recoup any unpaid revenues owing to production.

Consistent with the Bankruptcy Court's January 25, 2021 ruling, FPCC has continued to withhold the Unpaid Revenues in the amount of $176,064.08.

**Please be advised that this correspondence serves as notice, required by § 8.16 – Recoupment, of the Second Amended and Restated Joint Plan of Reorganization dated December 18, 2020 [Docket No. 1251] (as amended by Docket No. 1385 and as confirmed pursuant to the Court's Order entered at Docket No. 1433, the "Plan"), of FPCC's intention to recoup no less than $176,064.08 in unpaid revenues due to FPCC against any account receivable or JIB purportedly owed by FPCC to SEC.**[2]

The doctrine of recoupment permits a creditor to defend against a debtor's claim or cause of action by resorting to matters arising from the same transaction. *See In re Adamic*, 291 B.R. 175, 181 (Bankr. D. Colo. 2003) (citing *Conoco, Inc. v. Styler (In re Peterson Distributing, Inc.)*, 82 F.3d 956, 959 (10th Cir. 1996)). At its core, the doctrine of recoupment allows one party to "withhold funds due the other party, as long as both debts arise out of the same transaction." *Id.* at, 181-82 (quoting *In re Healthback, LLC*, 226 B.R. 464, 475 (Bankr. W.D. Okla. 1998)).

"In the modern bankruptcy setting, this rule [of recoupment] has evolved to permit a creditor to offset a claim that arises from the same transaction as the debtor's claim without reliance on the setoff provisions and limitations of section 553, because the creditor's claim in this circumstance is essentially a defense to the debtor's claim against the creditor rather than a mutual obligation, and application of the limitations on setoff in bankruptcy would be inequitable." *In re Davidovich,* 901 F.2d 1533, 1537 (10th Cir. 1990) (quoting *Lee v. Schweiker,* 739 F.2d 870, 875 (3d Cir. 1984)) (internal quotations omitted). The doctrine of recoupment "allows a creditor to recover a pre-petition debt out of payments owed to the debtor post-petition." *City of Fort Collins v. Gonzales (In re Gonzales),* 298 B.R. 771, 773 (Bankr. D. Colo. 2003).

---

[2] Section 8.16 – Recoupment (the "**Recoupment Procedure**") provides that "in no event shall any Revenue Party be entitled to recoup or assert any rights of setoff against any account receivable or JIB, including any joint interest billing obligations arising after the Effective Date, owed or allegedly owed to the Debtors and/or the Reorganized Debtors unless: (a) such Revenue Party actually provides notice thereof in writing to the Debtors and EWB of its intent to perform a recoupment or setoff no later than fourteen (14) days following the Confirmation Date; (b) such notice includes the amount to be recouped or setoff by the holder of the Claim or Interest and a specific description of the basis for the recoupment or setoff; and (c) the Debtors and EWB consent to a recoupment or setoff within ten (10) days of receipt of the Notice."

{HD116732.4}

The following three elements must be satisfied in order for recoupment to apply: (1) the two claims must arise from the same transaction or occurrence; (2) both claims must seek the same type of relief (e.g., monetary relief); and (3) the claimant seeking to recoup must not seek an amount in excess of the counter-claimant's claim. *Fed. Deposit Ins. Corp. v. Hulsey*, 22 F.3d 1472, 1487 (10th Cir. 1994).

Per the first element, recoupment only applies when considering claims relating to the "same transaction":

> Recoupment allows a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff which arose out of the same transaction to arrive at a just and proper liability on the plaintiff's claim. . . . In contrast, setoff involves a claim of the defendant against the plaintiff which arises out of a transaction which is different from that on which the plaintiff's claim is based.

*In re Holford*, 896 F.2d 176, 178 (5th Cir. 1990) (internal quotation marks omitted).

The "same transaction" requirement is satisfied when the debts to be offset arise out of a single, integrated contract or similar transaction. *See In re B & L Oil Co.,* 782 F.2d 155, 157–58 (10th Cir. 1986); *see also In re Sharoff Food Serv., Inc.,* 179 B.R. 669, 679 (Bankr. D. Colo. 1995). In a 2015 unpublished opinion, the U.S. District Court for the District of Colorado found that the "same transaction" requirement is satisfied if the creditor's claim would constitute a compulsory counterclaim under Federal Rule of Bankruptcy Procedure 13(a). *See XY, LLC v. Trans Ova Genetics, LC,* No. 13-cv-0876, 2015 U.S. Dist. LEXIS 172885, at *8 (Dist. Colo. Dec. 20, 2015) (citing *FDIC v. Hulsey,* 22 F.3d 1472, 1487 (10th Cir. 1994)). "Ultimately, in considering whether a creditor's claim arises from the 'same transaction,' the Court must examine the equities of the case." *Adamic,* 291 B.R. at 182. In examining those equities, a key question is whether the creditor's claim against the debtor arose as a result of willful wrongdoing by the debtor. *See id.* at 185.

The three elements of recoupment are present here. First, SEC seeks cash payment from FPCC for the JIB obligations, and FPCC seeks cash payment from SEC for the Unpaid Revenues. Additionally, FPCC only seeks to recoup up to the amount of the Unpaid Revenues owed.

Lastly, recoupment allows FPCC to apply a claim for the Unpaid Revenues to a claim asserted by SEC for JIBs to the extent that both claims are based on the same transaction, as they are here. FPCC is entitled to recoup the Unpaid Revenues owed to FPCC by SEC against the JIBs owed by FPCC to SEC. As indicated above, the pivotal question when deciding if recoupment applies is whether the two obligations arose out of the same agreement and transaction. SEC's obligation to pay revenues to FPCC arises out of the same transaction and under the same agreements by which FPCC's obligations to pay the JIBs to SEC arise – the JOAs. The fact that the Unpaid Revenues were due in early 2020 while the JIBs against which FPCC seeks to recoup against arise now does not separate the transactions. This is particularly true because everyone operated throughout this case on the reasonable assumption (until recently) that the unpaid revenues would be paid as part of the cure payments.

Please be advised that if SEC and East West Bank ("**EWB**") do not consent to this recoupment, FPCC intends to assert such claim in the Bankruptcy Court by motion no later than twenty-one (21) days following the Debtors' and EWB's rejection of the recoupment, as prescribed by the Recoupment Procedure.

{HD116732.4}

FPCC understands that the Bankruptcy Court has entered an Order Declaring Rights to Recoupment and Setoff in the adversary proceeding captioned as *Pruet Production Co. v. Sklar Exploration Company, LLC, et al.*, Adv. Proc. No. 12-01052 (such proceeding being the "**Pruet Adversary Proceeding**"). However, FPCC further understands that the Pruet Adversary Proceeding is currently pending on appeal to the United States District Court for the District of Colorado. Moreover, FPCC was never a party to the Pruet Adversary Proceeding and is still entitled to its day in Court on this issue.

Please note that FPCC reserves the right to seek an order from the Bankruptcy Court pursuant to 11 U.S.C. § 105(a) seeking a stay of any determination of FPCC's right to recoup the Unpaid Revenues until the United States District Court for the District of Colorado has an opportunity to render its opinion in the Pruet Adversary Proceeding.[3] Such relief is necessary to avoid inconsistent results.

Finally, please note that I am aware that SEC has unilaterally sought to recover the Unpaid Revenues by seeking to collect these amounts from subsequent revenue payments.  Such actions are outside the scope of the Plan and are not consistent with the Bankruptcy Court's January 25, 2021 ruling.[4]  FPCC reserves any and all rights in this regard and expects such unilateral action to be corrected immediately.[5]

Sincerely,

Joseph E. Bain

---

[3] Given the juxtaposition of the appeal of the Pruet Adversary Proceeding, FPCC is further considering whether a motion to withdraw the reference pursuant to 28 U.S.C. § 157(d) may be appropriate as it relates to a determination of FPCC's rights as described in this letter.  FPCC reserves all rights in this regard.

[4] *But see Knapp v. Seligson (In re Ira Haupt)*, 361 F.2d 164, 168 (2d Cir. 1966) (Friendly, J.) ("The conduct of bankruptcy [cases] not only should be right but must seem right.").

[5] *E.g., In re Cherry*, 247 B.R. 176, 190-91 (Bankr. E.D. Va. 2000) (awarding attorney's fees to affected party when party acted outside express terms of confirmed chapter 11 plan).

{HD116732.4}