

## ROSENTHAL PAUERSTEIN SANDOLOSKI AGATHER LLP

755 East Mulberry, Suite 200 • San Antonio, TX 78212
Tel 210.225.5000 • Fax 210.354.4034 • www.rpsalaw.com

September 7, 2021

*Via Email*
Sklar Exploration Company, LLC
c/o Brad Walker
bwalker@riverbendssg.com
(with copy to counsel as set forth below)

*Via FedEx Overnight*
East West Bank
ATTN: Stuart Bonomo
135 N. Los Robles Ave., 6th Floor
Pasadena, CA 91101
(with copy to counsel as set forth below)

East West Bank
ATTN: Mary Lou Allen
9090 Katy Freeway; 3rd Floor
Houston, TX 77024
(with copy to counsel as set forth below)

Re: Notice of Recoupment; *In re Sklar Exploration Company, LLC*, Case No. 20-12377, pending in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Case")

Mr. Walker and others concerned:

This law firm represents McCombs Energy, Ltd. and McCombs Exploration, LLC (together, "McCombs") in the Bankruptcy Case. Please be advised that this letter serves as McCombs' notice of recoupment as set forth below.

Debtor Sklar Exploration Company, LLC ("SEC") and McCombs are parties to several Joint Operating Agreements ("JOAs" and each a "JOA"), pursuant to which SEC serves as operator of certain oil and gas properties. McCombs holds a working interest ownership ("Working Interests") in those properties. As an owner of Working Interests, McCombs is entitled to revenues on oil and gas production and shares in operational expenses in proportion to its ownership interest.

As of the filing of the Bankruptcy Case, SEC owed McCombs no less than $431,957.00 in unpaid revenues (the "Unpaid Revenues") related to the February 2020 production.[1]

**McCombs hereby provides notice, as required by section 8.16 of the Second Amended and Restated Joint Plan of Reorganization dated December 18, 2020 [Docket No. 1251] (as amended by Docket No. 1385 and as confirmed pursuant to the Court's Order entered at Docket No. 1433, the "Plan"), of McCombs' intention to recoup and/or setoff against any receivable or JIB, including any joint interest billing obligations arising after the Effective Date of the Plan, no less than the full amount of the Unpaid Revenues.**

The doctrine of recoupment permits a creditor to defend against a debtor's claim or cause of action by resorting to matters arising from the same transaction. *See In re Adamic*, 291 B.R. 175, 181 (Bankr. D. Colo. 2003) (citing *Conoco, Inc. v. Styler (In re Peterson Distributing, Inc.)*, 82 F.3d 956, 959 (10th Cir. 1996)). At its core, the doctrine of recoupment allows one party to "withhold funds due the other party, as long as both debts arise out of the same transaction." *Id*. at, 181-82 (quoting *In re Healthback, LLC*, 226 B.R. 464, 475 (Bankr. W.D. Okla. 1998)). This doctrine "allows a creditor to recover a pre-petition debt out of payments owed to the debtor post-petition." *City of Fort Collins v. Gonzales (In re Gonzales)*, 298 B.R. 771, 773 (Bankr. D. Colo. 2003).

Three elements must be satisfied for recoupment to apply: (1) the two claims must arise from the same transaction or occurrence; (2) both claims must seek the same type of relief; and (3) the claimant seeking to recoup must not seek an amount in excess of the counter-claimant's claim. *Fed. Deposit Ins. Corp. v. Hulsey*, 22 F.3d 1472, 1487 (10th Cir. 1994).

The three elements of recoupment are present in this case. First, SEC seeks cash payment from McCombs for the JIB obligations, and McCombs seeks cash payment from SEC for the Unpaid Revenues. Additionally, McCombs only seeks to recoup up to the amount of the Unpaid Revenues owed. The doctrine of recoupment

---

[1] The Unpaid Revenues owed to McCombs Energy, Ltd. equal approximately $348,539.00, and the Unpaid Revenues owed to McCombs Exploration, LLC equal approximately $83,418.00. A further description of McCombs' Working Interests is contained within Claim Nos. 107 and 108 (including the supporting documentation attached thereto) that McCombs duly filed on September 23, 2020.

thus allows McCombs to apply a claim for the Unpaid Revenues to a claim asserted by SEC for JIBs to the extent that both claims are based on the same transaction, as they are here. Accordingly, McCombs is entitled to recoup the Unpaid Revenues owed to McCombs by SEC against the JIBs owed by McCombs to SEC.

Should SEC and East West Bank ("EWB") not consent to this recoupment, please be advised that McCombs intends to assert such claim in the Bankruptcy Court by motion no later than twenty-one (21) days following the Debtors' and EWB's rejection of the recoupment, as prescribed by the Recoupment Procedure.

McCombs reserves all rights available to it at law and in equity.

Very truly yours,

*/s/ Stephen K. Lecholop*

Stephen K. Lecholop II

CC:

Keri L. Riley (*by email*)
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln Street, Suite 1720
Denver, CO 80264
klr@kutnerlaw.com

Bryce A. Suzuki (*by email*)
Jill H. Perrella (*by email*)
Snell & Wilmer L.L.P.
One Arizona Center
400 E. Van Buren Street Phoenix, AZ 85004-2202
bsuzuki@swlaw.com
jperrella@swlaw.com