# WILLKIE FARR & GALLAGHER LLP

600 Travis Street
Suite 2100
Houston, TX 77002
Tel: 713 510 1700
Fax: 713 510 1799

September 7, 2021

*Via Email*

Kutner Brinen Dickey Riley, P.C.
1660 Lincoln St, Suite 1720
Denver, CO 80264
Attn:   Jeffrey S. Brinen
        Keri L. Riley
Email: jsb@kutnerlaw.com
       klr@kutnerlaw.com

Snell & Wilmer L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004
Attn:   Bryce A. Suzuki
        Stephanie A. Kanan
Email: bsuzuki@swlaw.com
       skanan@swlaw.com

**Re:**     *In re* **Sklar Exploration Company, LLC and Sklarco, LLC – Recoupment Notice**

Dear Counsel,

On behalf of JJS Interests Escambia, LLC, JJS Interests Steele Kings, LLC, JJS Working Interests, LLC, JJS Interests North Beach LLC and JJS Interests West Arcadia LLC (collectively, "***JJS***" and each, a "***JJS Entity***"), we write, pursuant to Section 8.16 of the Second Amended and Restated Plan of Reorganization, dated December 18, 2020 [Docket No. 1251] (as amended by Docket No. 1385 and as confirmed pursuant to the Bankruptcy Court's Order entered at Docket No. 1433, the "***Plan***"), to provide notice to Sklar Exploration Company, LLC ("***SEC***"), Sklarco, LLC (together with SEC, "***Debtors***") and East West Bank ("***EWB***") of JJS's intent to recoup no less than $237,609.38 in unpaid working interest owner revenue ("***WIO Revenue***") owed by Debtor SEC to JJS against any joint interest billings ("***JIBs***") purportedly owed by JJS to Debtor SEC, in each case, arising out of certain joint operating agreements and participation agreements through which JJS is a holder of working interests in wells operated by SEC (collectively, the "***Oil and Gas Agreements***").  The table attached hereto as Annex A sets forth the minimum amount of WIO Revenue currently owed by SEC to each JJS Entity.

On January 25, 2021, the Bankruptcy Court, by minute entry, ordered working interest owners to pay outstanding JIBs owed to SEC "to the extent that the total amount of JIBs owed by any particular working interest owner ***exceeds the amount of that working interest owner's pre- and postpetition claim (excluding outstanding cash call advances) against Sklar Exploration Co.***" *See* Docket No. 824, pg. 10. In so ruling, the Bankruptcy Court held that a working interest owner may continue to withhold JIBs in the amount of such "working interest owner's pre- and

postpetition claim (excluding outstanding cash call advances)" so as to preserve such working interest owner's ability to assert a right to recoup any unpaid revenues owing to production.

On February 10, 2021, Debtors and JJS entered into that certain Stipulation Resolving Objection to Motion for Clarification of Orders and to Authorize Immediate Offset of Joint Interest Billing Obligations (Doc. No. 569) [Docket No. 816] (as approved by the Bankruptcy Court's Order entered at Docket No. 823, the "***JJS Stipulation***"), pursuant to which, among other things, (a) JJS's recoupment rights with respect to non-payment of JIBs were preserved for hearing on confirmation of the Plan and (b) JJS agreed to pay future post-petition JIBs following the date of the JJS Stipulation.

The equitable remedy of recoupment is available to a creditor when the creditor's and debtor's claims "arise out of a single integrated transaction" and "are so closely intertwined that allowing the debtor to escape its obligations would be inequitable." *See In re Beaumont*, 586 F.3d 776, 781 (10th Cir. 2009) (citing *In re Peterson Distributing, Inc.*, 82 F.3d 956, 960 (10th Cir. 1996)). In addition, (a) both the creditor and debtor must seek the same type of relief (e.g., monetary relief) and (b) the creditor must not seek to recoup an amount in excess of the debtor's claim against the creditor. *See* Fed. Deposit Ins. Corp. v. Hulsey, 22 F.3d 1472, 1487 (10th Cir. 1994).

The elements of recoupment are present here. First, the claims of Debtors for postpetition JIBs, on the one hand, relating to expenses for wells, and the claims of JJS, on the other hand, for WIO Revenue relating to the production *of the very same wells* under the *very same Oil and Gas Agreements,* are closely intertwined and arise from the same transaction. *See, e.g.*, *In re Peterson Distributing, Inc.*, 82 F.3d at 960 (the same transaction requirement is generally satisfied where "the debts to be offset arise out of a single, integrated contract or similar transaction") (citing *In re Davidovich*, 901 F.2d 1533, 1538 (10th Cir, 1990)). Second, it would be fundamentally unfair and inequitable to permit Debtors to circumvent the equitable and contractual rights of JJS under the Oil and Gas Agreements while at the same time compelling JJS and the other working interest holders to comply with their obligations under the same Oil and Gas Agreements. Third, Debtors and JJS, respectively, seek cash payment from the other in respect of the unpaid JIBs and WIO Revenue, as applicable, and JJS only seeks to recoup up to the amount of the unpaid WIO Revenue owed by Debtors to JJS.

In accordance with Section 8.16 of the Plan, JJS requests that Debtors and EWB provide notice of their consent to the recoupment claim specified herein within ten (10) days following receipt of this written notice. If Debtors and EWB fail to provide such consent, JJS intends to assert its recoupment claim in the Bankruptcy Court by motion no later than twenty-one (21) days following Debtors' and EWB's rejection (or deemed rejection) of JJS's recoupment claim, as prescribed by Section 8.16 of the Plan.

JJS is aware that the Bankruptcy Court has entered an Order Declaring Rights to Recoupment and Setoff in the adversary proceeding captioned as *Pruet Production Co. v. Sklar Exploration Company, LLC*, Adv. Proc. No. 12-01052 (the "***Pruet Adversary Proceeding***"), which proceeding is currently pending on appeal to the United States District Court for the District of

45295344.4

Colorado.  JJS was never a party to the Pruet Adversary Proceeding and is therefore still entitled to its day in court on its recoupment claim.

Accordingly, JJS reserves the right to seek an order from the Bankruptcy Court pursuant to 11 U.S.C. § 105(a) seeking a stay of any determination of JJS's right to recoup any unpaid WIO Revenue until the United States District Court for the District of Colorado has an opportunity to render its opinion in the Pruet Adversary Proceeding.  Such relief is necessary to avoid inconsistent results.

Sincerely,

WILLKIE FARR & GALLAGHER LLP


By:  /s/  Jennifer J. Hardy
Jennifer J. Hardy (Texas Bar No. 24096068)
600 Travis Street
Houston, Texas 77002
Telephone:  713-510-1700
Facsimile:  713-510-1799
Email:  jhardy2@willkie.com


*Counsel to JJS Interests Escambia, LLC, JJS Interests Steele Kings, LLC, JJS Working Interests, LLC, JJS Interests North Beach LLC and JJS Interests West Arcadia LLC*

45295344.4

## ANNEX A

| JJS Entity | WIO Revenue in Suspense (No less than) |
|---|---|
| JJS Interests Escambia, LLC | $133,036.58 |
| JJS Interests Steele Kings, LLC | $4,288.62 |
| JJS Working Interests, LLC | $75,312.84 |
| JJS Interests North Beach LLC | $24,804.00 |
| JJS Interests West Arcadia LLC | $167.34 |
| **Total:** | **$237,609.38** |

45295344.4