

**J. ERIC LOCKRIDGE, PARTNER**
PH 225.389.3756 DIRECT FAX 225.215.4162
ERIC.LOCKRIDGE@KEANMILLER.COM

September 7, 2021

Sklar Exploration Company, LLC  **VIA EMAIL: klr@kutnerlaw.com**
c/o Keri L. Riley
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln Street
Suite 1720
Denver, Colorado 80264

East West Bank  **VIA EMAIL: bsuzuki@swlaw.com**
c/o Bryce A. Suzuki
Snell &Wilmer L.L.P.
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004

      Re:    Notice of Recoupment; *In re Sklar Exploration Company, LLC*; Case No. 20-12377; United States Bankruptcy Court for the District of Colorado
             File No. 21943.2

Dear Keri and Bryce:

      As you are aware, I represent AEEC II, LLC ("AEEC"), Anderson Exploration Energy Co., L.C. ("Anderson Exploration"), and TCP Cottonwood, L.P. ("TCP", and collectively with AEEC and Anderson Exploration, the "Anderson Entities") in relation to the above-captioned Chapter 11 bankruptcy proceeding (the "Bankruptcy Case"). The Debtor, Sklar Exploration Company, LLC ("the Debtor") and the Anderson Entities are parties to several Joint Operating Agreements (the "JOAs", and each a "JOA"), pursuant to which the Debtor serves as operator of certain oil and gas properties. The Anderson Entities hold a working interest ownership in those properties (the "WIs"). As owner of the WIs, the Anderson Entities are entitled to revenues on oil and gas production and shares in operational expenses in proportion to its ownership interest and are obligated to pay certain shares of operating expenses.

      As of April 1, 2020, when the Bankruptcy Case was filed (the "Petition Date"), the Debtor owed AEEC no less than $121,694.23 in unpaid revenues related to production (the "Unpaid Revenues"). As of the Petition Date, the Debtor owed Anderson Exploration no less than $6,455.07 in Unpaid Revenues and TCP no less than $338,379.21 in Unpaid Revenues.

      Pursuant to the JOAs, the Debtor made cash calls from time to time to the Anderson Entities and the Anderson Entities advanced cash to the Debtor to be used solely for the purposes stated in the cash call (collectively, the "Cash Call Advances"). As of the Petition Date, the Debtor owed AEEC no less than

T 225.387.0999 | F 225.388.9133
II City Plaza | 400 Convention Street Suite 700 | Baton Rouge, LA 70802
Post Office Box 3513 | Baton Rouge, LA 70821
keanmiller.com

EXHIBIT 10

4838-9358-6426 v1

September 7, 2021
Page 2

$264,355.38 for Cash Call Advances paid by AEEC to the Debtor that were not used and/or accounted for as required by the JOAs. Similarly, as of the Petition Date, the Debtor owed TCP no less than $332,395.72 for Cash Call Advances paid by TCP to the Debtor that were not used and/or accounted for as required by the JOAs.

Since the Petition Date, the Debtor has continued to issue joint interest billing statements ("JIBs") to the working interest owners, including the Anderson Entities.

This letter serves as notice, required by § 8.16 – Recoupment of the Second Amended and Restated Joint Plan of Reorganization dated December 18, 2020 [Docket No. 1251] (as amended by Docket No. 1385 and as confirmed pursuant to the Court's Order dated August 24, 2021 at Docket No. 1433, the "Plan"), of each Anderson Entity's intention to recoup the Unpaid Revenues and Cash Call Advances described above against the open account receivable or JIBs purportedly owed by the Anderson Entities to the Debtor. The amount of outstanding JIBs is a fraction of the total amount available for recoupment, $1,063,279.61.

The Plan provides that a Revenue Party, such as the Anderson Entities, shall not be entitled to recoup or assert any right of setoff unless the party provides written notice to the Debtor and East West Bank of the party's intention to perform a recoupment or setoff "no later than fourteen (14) days following the Confirmation Date." The notice must include the amount to be recouped or setoff, and a description of the basis for recoupment or setoff. *See* Plan, § 8.16.

The Court has recently considered the doctrines of setoff and recoupment in this case, in an adversary proceeding involving Pruett Production Co. *See* Docket No. 50 in 21-AP-1052. As the Court noted, under Tenth Circuit precedent, recoupment requires that the claims of the parties arise from the "same transaction." Looking to binding Tenth Circuit precedent (*In re B & L Oil Co.*, 782 F.2d 155 (10th Cir. 1986); *Conoco, Inc. v. Styler (In re Peterson Distributing, Inc.)*, 82 F.3d 956 (10th Cir. 1996)), the Court determined that there are "three interrelated inquiries that guide a recoupment analysis in a case involving a contract." First, the claims must be so closely intertwined that they constitute a single integrated transaction. Second, the claim asserted by the creditor should be more like a defense to the debtor's claim than a separate, independent claim. Finally, the court should consider the equities of the case.

Recoupment is proper here. The Debtor seeks payment from the Anderson Entities for JIBs due under certain JOAs, while the Anderson Entities seek payment from the Debtor for Unpaid Revenues and recovery of Cash Call Advances under the same JOAs. The Anderson Entities seek to recoup less than the amounts owed by the Debtor for the Unpaid Revenues and Cash Call Advances.

These claims arise out of the same transaction. The JOAs discuss in detail the expenses the Debtor may charge to the WIs, including the Anderson Entities, how those expenses are to be billed, and the Debtor's collection rights if the expenses are not paid. Further, the JOAs give the Debtor the right to offset revenues against unpaid JIBs should an interest owner not pay amounts owed.

September 7, 2021
Page 3

      The Anderson Entities made the Cash Call Advances to the Debtor for operational expenses on certain properties. However, the Debtor failed to properly use those funds and/or account of the use of those funds. Now, the Debtor has issued post-petition JIBs seeking operational expenses on the properties from the Anderson entities and other interest owners without payment of the Unpaid Revenues. The Anderson Entities are entitled to recoup the amounts already advanced with the Cash Call Advances and amounts owed for Unpaid Revenues against the post-petition JIBs.

      Further, the equities favor the Anderson Entities' position. The Anderson Entities paid pre-petition Cash Call Advances for operational expenses on the properties, yet did not receive the revenues they were entitled to. However, the Debtor still seeks post-petition JIBs without paying or crediting the amounts owed to the Anderson Entities.

      Please be aware that if the Debtor and East West Bank do not consent to the Anderson Entities' recoupment, and if the parties do not reach an amicable settlement, the Anderson Entities intend to assert such claim in the Bankruptcy Court by motion no later than twenty-one (21) days following the Debtor's and EWB's rejection of the recoupment, as detailed in § 8.16 of the Plan.

      Very truly yours,

      J. Eric Lockridge

JEL