UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | | |

### MAREN SILBERSTEIN REVOCABLE TRUST'S APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM AND CURE CLAIM

The Maren Silberstein Revocable Trust ("Trust") files this Application for Allowance and Payment of Administrative Claims and Cure Claim under 11 U.S.C. §§ 503(a) and 365 (the "Application"), and would show this Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicate for relief is 11 U.S.C. §§ 105, 365, and 503(a).

3. This Court has constitutional authority to enter a final order regarding this matter. See *Stern v. Marshall*, 564 U.S. 462 (2011).

## FACTUAL AND PROCEDURAL BACKGROUND

4. The Debtors filed their Chapter 11 Case on April 1, 2020 (the "Petition Date"). The Debtors maintained possession of their property and management of their financial affairs pursuant to 11 U.S.C. §§ 1107 and 1108 as debtor in possession.

5. Sklarco is a Louisiana limited liability company engaged in business as the owner of certain oil and gas leases and property interests in East Texas, North Louisiana, South Mississippi, South Alabama, the Florida panhandle, and the western United States.

6. Sklar Exploration Company ("SEC") was engaged in business as an independent exploration and production company in the oil and gas industry. SEC is an operating company and does not own oil or gas properties. SEC had its principal business office in Boulder, Colorado and has additional offices in Shreveport, Louisiana and Brewton, Alabama. SEC's exploration and production activities were primarily located in East Texas, North Louisiana, South Mississippi, South Alabama and the Florida Panhandle.

7. The Trust is a royalty and working interests which are the subject of an Agency Services Agreement ("ASA"), executory contract, which the Debtors are also parties. The Trust is also referred to in the records provided by the Debtor as the Judy Trust fbo Maren Silberstein or "JUD" or "101 JUD".

8. The Debtors' Second Amended and Restated Plan was confirmed. ECF 1385 and 1433. The Plan became effective on September 7, 2021 (the "Effective Date"). ECF 1457. Administrative claims are due October 22, 2021, but there is no deadline for cure claims. Out of an abundance of caution, this claim is being filed given a cure claim overlaps with an administrative claim.

9. In 2020 with the Trust having no notice of the bankruptcy and no notice of the questionable financial controls and practices of SklarCo had over $197,611.34 deducted from the Trust's account. The largest portion of that amount being administrative fees and the remainder being expenses. Given the testimony of the former CFO Mr. Strausser on October 13, 2021, significant concern exists with how funds were treated and whether expenses were properly charged.

10. The Testimony of Mr. Strausser suggests a full accounting and reconciliation would need to be done to decipher the total cure amount. At a minimum, the Trust has a claim requesting repayment of any funds paid for cash calls and administrative fees due to the improper financial management strategies used by and between the Debtors over the years.

11. Sklarco was supposed to be looking out for the Trust's best interests as its agent. The testimony of Mr. Strausser suggests Sklarco and SEC were using royalty and working interest owners' property as their own and then charging improper expenses to them as well.

12. In or around Summer 2021, the Trust learned of the bankruptcy from a creditor not from its agent – the Chapter 11 Debtor – Sklarco.

13. As of June 30, 2021, the Trust had deducted a total of $137,600.26 from the Trust's account. Sklarco's mismanagement is highlighted by the fact that it was the Trust's agent and still failed to provide the Trust notice of the Chapter 11 Bankruptcy.

14. The Trust has received no royalty or working in interest payments since before the filing of the Bankruptcy.

15. For the period from the filing in April 2020 to the end of 2020, the Trust was charged deductions of $123,479.49. Adding insult to injury, the Trust also remitted payments to the Debtor via check.

16. Conversely, Sklarco provided the Trust 1099s reflecting substantial income from the royalty and working interests during the period 2014 to 2018.

17. The Confirmation Order preserved the rights of the royalty interests and provides:

> That notwithstanding any other provision in the Plan, on and after the Effective Date, Revenue Parties shall retain all royalty and working interests, to the extent applicable, in full force and effect in accordance with the terms of the granting instruments or other governing documents applicable to such Revenue Parties. **Revenue Parties' rights shall not be modified, affected or impaired in any manner by any provision of the Plan or this Confirmation Order,** including but not limited to any injunctive or stay relief, and the legal and equitable rights, interests, defenses, and obligations of Revenue Parties shall not be modified, affected or impaired in any manner by the provisions of the Plan or this Confirmation Order, except that the Bankruptcy Court shall make any determination as to any administrative claim, rejection damages claim, or the cure amount in the event of a dispute. Nor shall the Plan or this Confirmation Order modify, affect or impair the rights and defenses of the Debtors, Reorganized Debtors, and Creditor Trust with respect to claims or interests related to the Revenue Parties, and the Debtors', Reorganized Debtors', and Creditor Trust's right to dispute the amounts owing on account of the Revenue Parties, and the right to assert any claims, defenses, or challenge ownership as to any Disputed Assets are expressly preserved and reserved.

18. The Plan provides that Sklarco shall be deemed to assume all contracts subject to parties rights to seek cure payments.

19. Despite Sklarco'se knowing mismanagement, Sklarco reflects the Trust owing a balance on the Statement of Account it provides to the Trust. As part of any cure, any administrative fees charged while woefully mismanaging the Debtor and accounts should be deducted from the Trust's statement of account and the net positive amount owing once there is a reconciliation paid to the Trust.

20. The working interests and royalty interests of the Trust are not property of the estate and to the extent that there was a misappropriation of any such funds, the property was not property

of the Debtors and should be refunded. The Trust reserves the right to assert or modify a claim related to its property being mishandled and supplement after further discovery is completed.

## ARGUMENT AND AUTHORITIES

**A. Sklarco has a duty to cure.**

21. Under the Bankruptcy Code, the Debtor may not assume executory contracts or unexpired leases unless accepting both the benefits and burdens in full. See 11 U.S.C. § 365(b); *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531-32 (1984) (holding that, "[s]hould the debtor-in-possession elect to assume the executory contract, however, it assumes the contract cum onere . . . and the expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate"). See In re Fleming Cos., 499 F.3d 300, 308 (3d Cir. 2007) (if the debtor "accepts the contract he accepts it cum onere. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.").

22. In order for a debtor to assume and assign a contract, "a debtor must (1) cure the default, or provide adequate assurance that it will promptly cure it; (2) compensate, or provide adequate assurance that the trustee will promptly compensate, the non-debtor party to the contract for any actual monetary loss caused by the debtor's default; and (3) provide adequate assurance of future performance under the contract." *In re Wireless Data, Inc.*, 547 F.3d 484, 489 (2d Cir. 2008) citing 11 U.S.C. § 365(b)(1)(A)-(C). "The purpose of § 365(b)(1) is 'to restore the debtor-creditor relationship … to pre-default conditions …'' *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009).

23. Sklarco should be required to provide sufficient information to do a complete reconciliation of the Trust's account including the backup documentation to show expeses were properly assessed to the Trust. At a minimum, the administrative fee being charged by Skarlco

under the ASA while not properly performing its duties should be deducted and written off with all amounts paid by the Trust for such administrative fees or over stated expenses refunded to the Trust.

**B. To the extent amounts alleged owing to the Trust arise post-petition, such claim could be deemed to give rise to an administrative claim.**

24. Pursuant to 11 U.S.C. § 507, administrative expenses under 11 U.S.C. § 503(b) are entitled to priority. 11 U.S.C. § 507(a). Administrative expenses include "the actual, necessary costs and expenses of preserving the estate including . . . wages, salaries, and commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A)(i).

25. "A prima facie case under § 503(b)(1) may be established by evidence that the claim '(1) arise[s] from a transaction with the debtor-in-possession and (2) is beneficial to the debtor-in-possession in the operation of the business.'" *In re ATP Oil & Gas Corp.*, Case No. 12–36187, 2014 WL 1047818, *3 (Bankr. S.D. Tex. March 18, 2014) (*citing In re Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir.1984)).

26. Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense or may tardily file such request if permitted by the Court for cause." Section 503(b)(1) states that, "after notice and hearing, there shall be allowed administrative expenses ... including the actual, necessary costs and expenses of preserving the estate, including wages, salaries, and commissions for services rendered after the commencement of this case."

27. For a claim to qualify for administrative priority, an expense must arise from a post-petition transaction between the claimant and the debtor in possession, and the consideration supporting the right to payment must have been supplied to and beneficial to the debtor-in-

6

possession in the operation of its business. In re Hostess Brand, Inc., 499 B.R. 406, 411 (S.D.N.Y. 2013).

28. The Bankruptcy Code defines administrative expenses non-exclusively, to include "actual and necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). The Supreme Court further explained that administrative expenses should also include "costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible." Reading Co. v. Brown, 391 U.S. 471, 483 (1968). Whether a claimant is entitled to an administrative claim is determined by a two-part test: (1) there must be a post-petition transaction between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction. See, e.g., In re Jack/Wade Drilling, Inc., 258 F.3d 385, 387 (5th Cir. 2001); In re TransAmerican Nat. Gas Corp., 978 F.2d 1409, 1416 (5th Cir. 1992); In re O'Brien Environmental Energy, Inc., 181 F.3d 527, 532–33 (3d Cir. 1999); In re Mid-American Waste Sys., 228 B.R. 816 (Bankr. D. Del. 1999).

### C. Statutory claims related to Louisian working interests and royalty interests held by the Trust.

29. The Trust seeks the Court's approval of an cure and/or administrative priority claim in excess of $200,000 with the actual amount to be determined or may be shown to be owing from the Debtors' accounting and production revenue records, arising from Debtors' use of its funds to pay expenses of administration of the bankruptcy estate and from its improper deduction of management fees or other improper use of funds.

30. The Trust hereby asserts its rights under La. R.S. §31:137 and La. R.S. 31:140 (reasonable attorneys' fees in collection of this matter and double damages for failure to pay

royalty). This claim should be treated as notice under Articles 137 and 212.21 of the Louisiana Mineral Code.

## PRAYER

31. The Trust requests that it be provided a cure claim in the amount not less than $200,000 which provides a fair and equitable treatment of its account given the mismanagement by the Debtor and that the Debtor be required to provide a full reconciliation of the amounts charged since the ASA was entered into including but not limited to support for all expenses charged to the Trust.

## RESERVATION OF RIGHTS

The Trust reserves its right to modify and supplement this Application. This Application is being filed out of an abundance of caution given the Administrative Claim deadline. The cure amounts and administrative claim amounts overlap.

DATED: October 22, 2021

Respectfully submitted,

By: */s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN,pllc
FORSHEY & PROSTOK LLP
1990 Post Oak Blvd Suite 2400
Houston, Texas 77056
Telephone: 832.367.5722
dbrown@forsheyprostok.com

ATTORNEY FOR MAREN SILBERSTEIN REVOCABLE TRUST

## CERTIFICATE OF SERVICE

On October 22, 2021, pursuant to this Court's Order Granting Ex Part Motion for Entry of

Order Limiting Notice (ECF 263), the foregoing claim and the NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1 OF MOTION TO ALLOW ADMINISTRATIVE EXPENSE CLAIM were served electronically via the Court's CM/ECF notice system to all parties of record, and via U.S. Mail, first class postage prepaid, to the addresses on the attached list.

                                         */s/ Deirdre Carey Brown*
                                         DEIRDRE CAREY BROWN

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | | |

**NOTICE PURSUANT TO LOCAL BANKRUPTCY
RULE 9013-1 OF MOTION TO
<u>ALLOW ADMINISTRATIVE EXPENSE CLAIM</u>**

**OBJECTION DEADLINE: NOVEMBER 13**

NOTICE IS HEREBY GIVEN that the MAREN SILBERSTEIN REVOCABLE TRUST has filed its APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM AND CURE CLAIM (the "Application"). Through the Application, the Trust entry of an order allowing an administrative expense and cure claim after a full accounting to determine the proper amount to be refunded to the Trust. A copy of the Application is attached to this Notice. If you oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before the objection deadline stated above. The Court will not consider general objections. In the absence of a timely, substantiated objection and request for hearing by an interested party, the court may approve or grant the requested relief without any further notice to the creditors or other interested parties.

Dated: October 22, 2021.

Respectfully submitted,

By: */s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN, pllc
FORSHEY & PROSTOK LLP
1990 Post Oak Blvd Suite 2400
Houston, Texas 77056
Telephone: 832.367.5722
dbrown@forsheyprostok.com

ATTORNEY FOR MAREN SILBERSTEIN REVOCABLE TRUST

## CERTIFICATE OF SERVICE

On October 22, 2021, pursuant to this Court's Order Granting Ex Part Motion for Entry of Order Limiting Notice (ECF 263), the this NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1 OF MOTION TO ALLOW ADMINISTRATIVE EXPENSE CLAIM was served electronically via the Court's CM/ECF notice system to all parties of record, and via U.S. Mail, first class postage prepaid, to the addresses on the certificate of service attached to the Application for Administrative Claim or Cure Claim.

*/s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN