## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 20-12377-EEB |
| Sklar Exploration Company, LLC, | Chapter 11 |
| Reorganized Debtor. | |
| In re: | Case No. 20-12380-EEB |
| Sklarco, LLC, | Chapter 11 |
| Reorganized Debtor. | Jointly Administered Under Case No. 20-12377-EEB |

**LIMITED RESPONSE OF HOWARD F. SKLAR, INDIVIDUALLY AND AS TRUSTEE AND EXECUTOR, TO APPLICATION OF THE RUDMAN PARTNERSHIP, CTM 2005 LTD., AND MER ENERGY, LTD FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES UNDER 11 USC 503(b)(3)(D) FOR SUBSTANTIAL CONTRIBUTION TO THESE CHAPTER 11 CASES [DOCKET NO. 1493]**

Howard F. Sklar, (i) for himself; (ii) as trustee for the (x) Howard Trust (TIN: 72-6094620), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana, (y) Alan Grantor Trust (TIN: 72-6157679), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana, and (z) the Jacob Grantor Trust (TIN: 72-6094619), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana; and (iii) as the duly appointed Independent Executor of the Succession of Miriam Mandel Sklar (TIN: 27-6579529) pursuant to that certain order dated April 21, 2010, of the First Judicial District Court, Caddo Parish, Louisiana, Suit No. 540336-B, submits this limited response to the application for allowance of administrative expenses filed by the Rudman Partnership; CTM 2005, Ltd.; and MER Energy, Ltd. (collectively, the "Applicants") on October 22, 2021 [Docket No. 1493] (the "Application"), as follows:

## LIMITED RESPONSE

1. The Applicants assert they are entitled to payment of administrative expenses under 11 U.S.C. § 503(b)(3) in the amount of $101,183.16, consisting of attorneys' fees and expenses. (Application, ¶ 5.) In addition to requesting that their attorneys' fees be reimbursed under § 503(b)(3), Applicants make unsubstantiated, false, incomplete, irrelevant, and inflammatory allegations and conclusions concerning Mr. Sklar and the trusts and estates he oversees.

2. None of these allegations and conclusive statements is necessary to consideration of the Application. Instead, the allegations pertain to potential avoidance actions and other claims that the creditor trust may attempt to assert against Mr. Sklar at another time pursuant to section 8.4 of the reorganized debtors' confirmed plan, specifically vesting all of these claims in the creditor trust.

3. No adversary suit or other litigation properly teeing up the allegations against Mr. Sklar in the Application has been commenced to date by any party with proper standing to do so. Because the allegations and conclusions asserted by Applicants with respect to Mr. Sklar and the trusts and estates he oversees may be the subject of future litigation and resolution of those issues has no bearing on resolution of the Application, for purposes of this response Mr. Sklar denies the Application's allegations against him and the trusts and estates he oversees. Further, director and officer insurance is in place and may cover certain claims in connection with the Applicants' allegations in the Application. Mr. Sklar does not wish to prejudice any claims that may be made under the insurance policies by prematurely responding to them here. Mr. Sklar will vigorously defend any claim against him if properly asserted at the appropriate

time by the appropriate party. The Application is simply not the proper vehicle to litigate these claims.

## RESERVATION OF RIGHTS

4. Mr. Sklar submits this response to the Application to respond generally to Applicant's allegations and preclude any argument that he waived any rights by failing to do so. Mr. Sklar thus reserves all rights and defenses in connection with any litigation that may be brought against him and does not waive any right, defense, or presentation of facts by failing to address them here. Mr. Sklar will fully defend himself to the extent that any litigation is properly commenced against him. This is simply not the appropriate time or place to litigate any such claims or allegations, and Mr. Sklar defers such litigation to a properly asserted adversary proceeding, contested matter, or other action. To the extent that the allegations and issues raised in the Application pertaining to Mr. Sklar and the trusts he oversees do somehow become the subject of litigation in connection with consideration of the Application, Mr. Sklar reserves all rights (and does not waive any rights) to respond to, contest, and defend against those allegations fully. The submission of this response is not intended to be nor should it be construed as an admission or acknowledgment of any kind. Instead, this response is submitted to reserve any rights that Mr. Sklar may have in this or any subsequent litigation and avoid a waiver of any right by failure to respond.

Dated:  November 12, 2021

By: */s/ Adam L. Hirsch*
Adam L. Hirsch, Reg. No. 44306
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone:  303.892.9400
Facsimile:  303.893.1379
Email: adam.hirsch@dgslaw.com

*Counsel to Howard F. Sklar in the Capacities Listed Above*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 12, 2021, the foregoing **LIMITED RESPONSE OF HOWARD F. SKLAR, INDIVIDUALLY AND AS TRUSTEE AND EXECUTOR, TO APPLICATION OF THE RUDMAN PARTNERSHIP, CTM 2005 LTD., AND MER ENERGY, LTD FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES UNDER 11 USC 503(b)(3)(D) FOR SUBSTANTIAL CONTRIBUTION TO THESE CHAPTER 11 CASES** was filed on the Court's electronic filing system CM/ECF and was electronically served upon all parties receiving electronic notice.

*/s/ Robin E. Anderson*
Robin E. Anderson