UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
|   Debtor. | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
|   Debtor. | ) | |

**OBJECTION TO NEXTIER COMPLETION SERVICES INC.'S MOTION FOR ORDER ALLOWING ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. § 503(b)(9)**

The Reorganized Debtor, Sklar Exploration Company, LLC ("SEC" or "Debtor"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., states its Objection to *NexTier Completion Services Inc.'s Motion for Order Allowing Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9)* ("NexTier Motion") (Docket No. 1479) as follows:

1. SEC filed its voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020. SEC's *Second Amended and Restated Joint Plan of Reorganization* ("Plan") (Docket No. 1251) was confirmed on August 24, 2021 and became effective on September 7, 2021.

2. Prior to confirmation of the Plan, on July 23, 2020, the Court entered an Order establishing September 28, 2020 as the date by which creditors and parties in interest were required to file proofs of claim.

3. On September 28, 2020, NexTier Complete Solutions, Inc. ("NexTier") filed Proofs of Claim Nos. 219, 220, and 221 asserting general unsecured claims. NexTier did not assert a 503(b)(9) claim at the time of filing their Proofs of Claim, nor did they file a motion seeking allowance of its claims or any portion thereof as a 503(b)(9) claim.

4. On October 21, 2021, over a year after the claims bar date, NexTier filed their Motion, seeking allowance and approval of a portion of its claim as an administrative expense claim pursuant to 11 U.S.C. § 503(b)(9).

5. The Debtor objects to the allowance of the NexTier claim as an administrative

expense claim on the basis that the claim is time barred and on the basis that the claim is not for "goods" as required in section 503(b)(9).

6. Section 503(b)(9) grants an administrative priority claim to vendors for "the value of any *goods* received by the debtor within 20 days before the commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

7. As demonstrated by the invoices attached the NexTier Motion, NexTier was supplying services to SEC, not goods. A majority of the invoices submitted in support of the NexTier Motion demonstrate that a majority of the charges incurred were for services provided to the Debtor, including charges for hotshot services and hauling service.

8. Any additional charges to the Debtor were ancillary to the services for which the Debtor contracted and that were provided to the Debtor.

9. Accordingly, no "goods" were sold or delivered to the Debtor in the 20 days prior to filing in the ordinary course of business, and therefore NexTier us not entitled to an administrative expense claim pursuant to 11 U.S.C. § 503(b)(9).

WHEREFORE, the Debtor prays the Court make and enter an Order denying *NexTier Completion Services Inc.'s Motion for Order Allowing Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9)*, and for such further and additional relief as to the Court may appear just and proper.

Dated: November 4, 2021            Respectfully submitted,

By:     */s/ Keri L. Riley*
Keri L. Riley, #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln St., Suite 1850
Denver, CO   80264
Tel: 303-832-2400
E-mail: klr@kutnerlaw.com
*Counsel for the Debtors*