UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
|   Debtor. | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
|   Debtor. | ) | |

**OBJECTION TO MAREN SILBERSTEIN REVOCABLE TRUST'S APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS AND CURE CLAIMS**

The Reorganized Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together "Debtors"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., states its Objection to *Maren Silberstein Revocable Trust's Application for Allowance of Administrative Claim and Cure Claim* (Docket No. 1495) as follows:

## BACKGROUND

1. SEC and Sklarco filed their voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020. The Debtors' *Second Amended and Restated Joint Plan of Reorganization* ("Plan") (Docket No. 1251) was confirmed on August 24, 2021 and became effective on September 7, 2021.

2. Pre-petition, on or about April 14, 2008, Sklarco entered into an Agency Services Agreement with the Maren Silberstein Revocable Trust ("Maren Trust"). A copy of the Agency Services Agreement ("ASA") is attached hereto as Exhibit A.

3. Pursuant to the ASA, Sklarco holds title to and maintains interests in certain oil and gas properties on behalf of the Maren Trust and in exchange for the management of the properties, assessed a $15,000 management fee on a monthly basis. *See* Ex. A at ¶ 1.1, 2.2. Sklarco is further required to account for each property and provide a statement showing income and expenses for each property, and may deduct expenses from income. Ex. A at § 2.1. A copy of the most recent billing statement for the Maren Trust is attached hereto as Exhibit B.

4. At all times relevant hereto, the Debtors have sent the Maren Trust billing

statements, such as the statement attached as Exhibit B, on a monthly basis that include comprehensive information for all properties attributed to the Maren Trust, including income for interest in each of the properties and the lease operating expenses assessed to the interests in the various properties.

5. On both a pre- and post-petition basis, the income generated from the various wells was frequently insufficient to pay the expenses associated with the various wells and/or the administrative fee assessed in accordance with the ASA. As a result, on September 30, 2021, the Maren Trust had an outstanding balance owed to the Debtors of $138,312.11.

6. Post-petition, the Debtors inadvertently omitted the ASA with the Maren Trust from its schedules while amending to include similar agreements with other parties. Despite the inadvertent omission, Maren Silberstein, the beneficiary of the revocable trust and one of the trustees, has had actual knowledge of the Debtors' bankruptcy cases since at least January 2021, and has taken no action to assert a pre- or post-petition claim against the Debtors.

7. Now, almost one year after learning of the pendency of the case, and despite the outstanding balance owed to the Debtors, the Maren Trust now asserts, without any supporting evidence, that the Debtors have mismanaged funds and/or improper expenses against the interests associated with the Maren Trust. Notably, the Maren Trust has failed to identify a single charge that it believes it was improper despite having years of billing statements detailing the lease operating expenses, and further failed to attach any evidence of mismanagement of funds, despite referencing a deposition of Mr. Strausser numerous times.

8. Despite the complete lack of evidence or identification of allegedly improper charges, the Maren Trust now asserts that is entitled to either a cure claim associated with the ASA or, in the alternative, an administrative expense claim for any post-petition amounts allegedly owed. As set forth more fully herein, the Maren Trust has failed to establish a default under the ASA and has failed to identify any amounts that it is owed, and therefore is not entitled to a cure claim, nor is it entitled to an administrative expense claim.

## ARGUMENT

### A. No Default Exists Under the ASA

9. Pursuant to 11 U.S.C. § 365(a), the debtor may, subject to court approval, assume or reject any executory contract. Section 365(b) further provides that if there has been a default in

such contract, the debtor must cure the alleged default to assume the contract. *See* 11 U.S.C. § 365(b). "Congress's intent in imposing these conditions on the ability of the debtor to assume the contract was 'to insure that the contracting parties receive the full benefit of their bargain fi they are forced to continue performance.'" *Eastern Air Lines, Inc. v. The Ins. Co. (In re Ionosphere Clubs, Inc.)*, 85 F.3d 992, 999 (2d. Cir. 1996).

10. The Maren Trust broadly asserts that Sklarco has an obligation to cure the ASA, but fails to identify any event of default or basis to assert a default under the ASA. Instead, without providing any factual basis to do, the Maren Trust asserts that the administrative fee assessed in accordance with the ASA should be refunded to the Maren Trust as a result of Sklarco "not performing its duties."

11. Contrary to the Maren Trust's assertions, Sklarco has, at all times, complied with the provisions of the ASA. The Debtors have continued to manage the assets, and have, through monthly billing statements, continued to provide ongoing information to the Maren Trust regarding the income derived from the assets, and the expenses assessed against the assets. Ex. B at ¶¶ 1.2(1)-(15), 2.1. As a result, the Debtors have continued to assess the Agency Service Fee to the Maren Trust in accordance with paragraph 2.2 of the ASA.

12. The Maren Trust has not identified any action that Sklarco has taken in violation of the ASA, nor basis to assert mismanagement of the assets subject to the ASA. Instead, the Maren Trust appears to complain that they have not received any payments for a significant period of time.

13. At all times relevant hereto, and as of the date of filing this objection, the Maren Trust has a balance owed to the Debtors in excess of $100,000, and the Maren Trust has made no effort to settle the balance. Indeed, since the filing of the Debtor's bankruptcy case, despite owing over $100,000, the Maren Trust has made only one payment in May 4, 2020 for $12,880.80. The Debtors have done nothing more than exercise their rights under the ASA to net the amounts owed by the Maren Trust against its income to ensure that it received payment, particularly in light of the Maren Trust's repeated failure to pay the outstanding amounts owed. *See* Ex. B at 2.1.

14. To the extent the Maren Trust asserts that the Agency Service Fee was improperly assessed, there is no basis to make this assertion, as Sklarco has fully complied with its obligations under the ASA.

15. Nor does the Maren Trust have a basis to assert that lease operating expenses

("LOEs") were improperly assessed against the properties attributed to the Maren Trust. All LOEs are detailed on the billing statements and sent to the Maren Trust. The trustee could have reviewed and questioned the expenses at any time under the ASA. Having failed to do so, after one (1) year, the Maren Trust is deemed to have accepted all LOE's assessed against the interests. *See* Ex. B at ¶ 2.6.

16. Accordingly, the Maren Trust has failed to establish that a default of the ASA has occurred. Absent a default under the contract, the Maren Trust has no ability to assert a cure claim, nor an administrative expense claim.

WHEREFORE, the Debtors pray the Court make and enter an Order denying the *Maren Silberstein Revocable Trust's Application for Allowance of Administrative Claim and Cure Claim* (Docket No. 1495) and for such further and additional relief as to the Court may appear just and proper.

Dated: November 4, 2021                    Respectfully submitted,

By: ___/s/ Keri L. Riley_____
Keri L. Riley, #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln St., Suite 1720
Denver, CO   80264
Tel: 303-832-2910
E-mail: klr@kutnerlaw.com
*Counsel for the Debtors*