## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | Case No. 20-12377-EEB |
| ) | |
| ) | |
| SKLAR EXPLORATION COMPANY, LLC, ) | Chapter 11 |
| ) | |
| Debtor-in-Possession. ) | |
| ) | |
| ) | |
| IN RE: ) | Case No. 20-12380-EEB |
| ) | |
| SKLARCO, LLC ) | Chapter 11 |
| ) | |
| Debtor-in-Possession. ) | |

## AMENDMENT TO NEXTIER COMPLETION SOLUTIONS INC.'S MOTION FOR ORDER ALLOWING ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. § 503(b)(9)

NexTier Completion Solutions Inc.[1] ("NexTier") hereby moves the Court for entry of an order, pursuant to section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"), allowing its administrative expenses for goods delivered to Sklar Exploration Company, LLC (the "Debtor") during the 20-day period (the "503(b)(9) Period") immediately preceding April 1, 2020 (the "Petition Date") in the amount of $62,693.34 (the "503(b)(9) Claim"). In support hereof, NexTier states as follows:

### I. BACKGROUND

1. NexTier provides goods and services for the oil and gas industry. NexTier provided goods and services to the Debtor in the year leading up to Debtor's chapter 11 filing, including numerous goods and services during the 503(b)(9) Period. The goods provided to Debtor during

---

[1] **NexTier files this Amendment to its Motion (doc. 1479) solely to correct a typo to its name. In the Motion, "NexTier Completion Services Inc." should have been "NexTier Completion Solutions Inc."**

the 503(b)(9) Period include sand, acid, nitrogen, and other chemicals used to stimulate production in oil wells operated and/or owned by the Debtor.

2. NexTier's services and goods delivered to Debtor during the 503(b)(9) Period are documented in the invoices and field tickets previously provided to Debtor and attached hereto as Exhibit A. *See also* NexTier's Proofs of Claim 219, 220, and 221 (invoices and field tickets are attached). Debtor's authorized agent appears to have signed the field tickets, further documenting Debtor's receipt of the goods and services. *See* Exh. A.

3. As of the Petition Date, Debtor owed NexTier $643,512.55 for goods and services provided by NexTier to the Debtor prior to the Petition Date. NexTier filed its proofs of claim on September 28, 2020. *See* NexTier's Proofs of Claim 219, 220, and 221 (the "POCs"). While NexTier did not check the box for 503(b)(9) in its POCs, no bar date was ever established for 503(b)(9) claims and motions for such claims should be allowed pursuant to the general administrative claim bar date set for October 22, 2021.[2] NexTier provided goods received by Debtor during the 503(b)(9) Period in the amount of $62,693.34. The specific goods provided during the 503(b)(9) Period are highlighted in a second copy of the invoices attached hereto as Exhibit B.

## II. ARGUMENT

---

[2] No references to 11 U.S.C. 503(b)(9) were made in the Amended Motion to Set Bar Date for Filing Proofs of Claim (480) or in the Order Establishing Bar Date for the Filing of Proofs of Claim (493) (the "Bar Date Order"). Only the Amended Disclosure Statement (1101) references 503(b)(9), asserting that "On July 23, 2020, the Court entered an Order establishing September 28, 2020 as the as the last day: a) for filing of any Proof of Claim for a pre-petition claim or interest; and b) by which motions or requests for allowance of administrative expense claims pursuant to 11 U.S.C. §503(b)(9) must be filed ("Bar Date")." Yet, the Bar Date Order contains no such deadline, nor does it even mention filing motions for allowance of administrative claims pursuant to 11 U.S.C. 503(b)(9). Accordingly, like other 503 claims, the deadline for filing motions for allowance of administrative claims pursuant to 11 U.S.C. 503(b)(9) should be October 22, 2021. *See* Notice of Occurrence of Effective Date and Certain Related Deadlines (1457).

4. Section 503(b)(9) of the Bankruptcy Code states:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including . . . the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9). There are four elements for a claim made pursuant to Section 503(b)(9): (1) the expense must be for goods sold to the debtor; (2) in the ordinary course of the debtor's business; (3) received by the debtor within 20 days prior to the petition date; and (4) the allowed expense is only for the value of the goods received by the debtor during this period. As evidenced by the invoices and tickets attached to the POCs and to this Motion, NexTier meets all four elements of its 503(b)(9) claim.

5. First, NexTier sold goods to the Debtor, including sand, acid, nitrogen, and other chemicals used to stimulate production in oil wells operated and/or owned by the Debtor (the "Goods"). *See* Exh. B. For purposes of 503(b)(9), courts usually apply the Uniform Commercial Code's definition of "goods." Article 2 of the U.C.C. defines "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale." U.C.C. § 2-105(1). The contract for sale includes NexTier's invoices and signed field tickets. *See* Exh. A. The sand, acid, nitrogen, and other chemicals used to stimulate production in Debtor's wells were movable at the time of identification, as further shown by the fact that NexTier delivered such goods to the well sites. *See id.* Moreover, other courts have determined that such materials are goods.[3] Finally, while NexTier provided services to the Debtor in addition to the

---

[3] *See Royster-Clark, Inc. v. Olsen's Mill, Inc.,* 2006 WI 46, ¶17 (finding that contract for sale of nitrogen was contract for goods and subject to the UCC); *see also Salt Lake City Corp. v. Kasler Corp.,* 855 F. Supp. 1560, 1564 (D. Utah 1994) (finding sand, gravel, and other aggregates are goods); *See also Cook Assocs. v. PCS Sales (USA), Inc.,* 271 F. Supp. 2d 1343, 1349 (D. Utah 2003) (finding that various chemicals were goods and subject to UCC) (other cites omitted).

goods, no administrative claim is being made for NexTier's services. This Court has previously allowed 503(b)(9) claims for goods where the goods were provided alongside services. *See In re Escalera Res. Co.*, 563 B.R. 336, 371-72 (Bankr. D. Colo. 2017) (finding electricity is a good for purposes of §503(b)(9) and electricity provider was entitled to §503(b)(9) administrative claim even though the provider also provided services with the goods and the contract included services). The majority of district and circuit courts that have examined this issue allow §503(b)(9) claims for goods even where the creditor also provided services.[4]

6.   Second, the Goods sold to Debtor during the 503(b)(9) Period were sold to Debtor in the ordinary course of Debtor's business. Debtor operates oil and gas wells. *See* Debtor's Amended Disclosure Statement (1101) at p. 9. As an oil and gas operator, Debtor was responsible for hiring energy service companies to provide goods and services to maintain and improve its wells. This is evident in Debtor's Amended Schedules (560) where Debtor incurred a significant portion of its debts by hiring energy services companies, such as NexTier, for work on its wells. Moreover, prior to the 503(b)(9) Period, Debtor had hired NexTier to provide goods and services to help maintain and improve its wells. *See* POCs. The invoices and field tickets further show

---

[4] *GFI Wis., Inc. v. Reedsburg Util. Comm'n*, No. 10-cv-388-bbc, 2010 U.S. Dist. LEXIS 122681, at *1 (W.D. Wis. 2010) (rejecting use of UCC's predominate purpose test for §503(b)(9), thereby finding that creditor can have §503(b)(9) claim for goods even when goods are provided with services and under a contract for services); *see also In re Plastech Engineered Prods.*, 397 B.R. 828, 837 (Bankr. E.D. Mich. 2008) (finding that §503(b)(9) claim can apply to goods even where services also were provided because "there is nothing in § 503(b)(9) that dictates the use of a 'winner take all' approach"); *see also In re Erving Indus., Inc.*, 432 B.R. 354, 372 (Bankr. D. Mass. 2010) (quoting *In re Platech* for proposition that the "only relevant determination under § 503(b)(9) is the value of the 'goods' that were delivered, irrespective of whether the contract also called for the delivery and sale of services"); *See also In re Pilgrim's Pride Corp., 421 B.R. 231, 241-42 (Bankr. N.D. Tex. 2009)* (finding that §503(b)(9) applied to City's supply of water, a good, even though water was supplied with sewage and garbage removal, which are services); *See also In re NE OPCO, Inc.*, 501 B.R. 233, 258 n.8989 (Bankr. D. Del. 2013) (finding that natural gas was good and §503(b)(9) applies to goods delivered even though contract also included services) (other citations omitted).

that Debtor hired NexTier to deliver the Goods for use in Debtor's wells and Debtor received the Goods during the 503(b)(9) Period. *See* Exh. A; *see also* POCs. Accordingly, the Goods sold to Debtor during the 503(b)(9) Period were sold in the ordinary course of Debtor's business.

7.  Third, the Goods sold to Debtor were received by Debtor within twenty days prior to the Petition Date. The invoices and field tickets filed with the POCs and attached hereto identify the goods delivered and charged to Debtor during the 503(b)(9) Period for which the Debtor has not paid. *See* Exh. A; *see also* POCs. The service dates in said invoices and field tickets, which include the date Goods were delivered, show that NexTier provided the Goods and services to Debtor within the 503(b)(9) Period. *See id.* Moreover, Debtor's authorized representatives' signatures on the field tickets further show that Debtor received the Goods within the 503(b)(9) Period. *See id.*

8.  Fourth, NexTier is only entitled to an allowed administrative expense for the value of the goods received by the Debtor during the 503(b)(9) Period. As such, charges for services received by the Debtor during the 503(b)(9) Period cannot be included in the request for an allowed administrative expense. As shown in Exhibit B hereto, NexTier does not seek an administrative claim for its services, but only for the value of the Goods received by Debtor during the 503(b)(9) Period.

9.  NexTier reserves the right to offer additional evidence as to the above elements related to the Goods delivered by NexTier and received by the Debtor during the 503(b)(9) Period.

### III. CONCLUSION

For the reasons set forth herein and as further evidenced in the documents attached hereto and in the POCs, NexTier respectfully requests that this Court enter an order (substantially in the form attached hereto as Exhibit C) allowing NexTier's 503(b)(9) claim.

DATED: November 18, 2021

*/s/ Mario Lamar*

By: _____
**Mario A. Lamar**
State Bar No. 24095729
Email: mlamar@allenbrysonlaw.com


ALLEN BRYSON, PLLC
211 N. Center St.
Longview, Texas 75601
Phone: 903-212-9300
Fax:    903-212-9301


**ATTORNEY FOR NEXTIER COMPLETION SOLUTIONS, INC.**