| Fill in this information to identify your case | | | | | |
|---|---|---|---|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO | | | | | |
| Debtor 1: | SKLAR EXPLORATION COMPANY, LLC | | | Case #: | 20-12377-EEB |
| | First Name | Middle Name | Last Name | | 20-12380-EEB |
| Debtor 2: | SKLARCO, LLC | | | Chapter: | 11 |
| | First Name | Middle Name | Last Name | | |

Local Bankruptcy Form 9013-1.4
**Movant's Certificate of Contested Matter and Request for Hearing**

**Complete applicable sections.**

| Part 1 | **Certificate and Request for Hearing** |
|---|---|

On October 21, 2021, NexTier Completion Solutions Inc. (the "Movant"), filed a motion or application pursuant to L.B.R. 2002-1 or 9013-1 entitled, NexTier Completion Services Inc.'s Motion for Order Allowing Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9) (the "Motion").  On November 18, 2021, Movant amended its motion to correct a typo with its name so that "NexTier Completion Services, Inc." was changed to "NexTier Completion Solutions Inc." (the "Amended Motion"). The Amended Motion was filed at docket no. 1538.  Movant hereby certifies that the following is true and correct:

1. Service of the Motion, Notice, and Proposed Order were timely made on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Federal Rules of Bankruptcy Procedure and the Court's Loal Rules as is shown on the Certificate of Service, L.B.F. 9013-1.2, previously filed with the Motion on October 21, 2021 and filed with the Amended Motion on November 18, 2021.
2. Mailing or other service of the Notice was timely made on all other creditors and parties in interest pursuant to L.B.R. 2002-1 and 9013-1 (or in the manner permitted by Court order, a copy of which is attached), as is shown on the Certificate of Service, L.B.F. 9013-1.2, previously filed with the Notice on October 21, 2021 and again on November 18, 2021.
3. Objections and requests for hearing on the motion/application have been filed by the following party/parties:
    a. Sklar Exploration Company, LLC, docket no., 1530.
4. The docket numbers for each of the following relevant documents are:
    a. the Motion and all documents attached thereto and served therewith, docket no. 1479;
    b. the Notice, docket no., 1480;
    c. the Certificate of Service of the Motion and the Notice, docket no., 1481;
    d. the Proposed Order, docket no., 1479-3, exh. C;
    e. the attached invoices/work tickets, docket no. 1479-1 and 1479-2;
    f. the Amended Motion and all documents attached thereto and served therewith, docket no. 1538;
    g. the Notice for the Amended Motion, docket no. 1539;
    h. the Certificate of Service for the Amended Motion, docket no. 1540;
    i. the Proposed Order for the Amended Motion, docket no. 1538-3;
    j. the attached invoices/work tickets, docket no. 1538-1 and 1538-2;
    k. the objection filed by Sklar Exploration Company, LLC, docket no. 1530;
    l. the Amended Motion to Set Bar Date for Filing Proofs of Claim, docket no. 480;
    m. the Order Establishing Bar Date for the Filing of Proofs of Claim, docket no. 493; and
    n. the Notice of Occurrence of Effective Date and Certain Related Deadlines, docket no. 1457.
5. Movant made a good faith effort to resolve this matter without the necessity of a hearing in the following manner: email correspondence with Keri Riley, counsel for Sklar Exploration Company, LLC (the "Debtor")  on November 18, 2021 and phone conference with Keri Riley on December 13, 2021.
6. Resolution of this contested matter may benefit from a preliminary hearing to resolve the following disputed legal issues: the parties generally agree that the two legal issues to be decided are whether the Motion should be time barred pursuant to the general bar date AND whether a vendor who supplies services/goods can still be granted a

    503b9 administrative claim for goods supplied. The parties believe these legal issues (and any factual issues) can be resolved in a single hearing.

7. Resolution of this contested matter may require an evidentiary hearing. Movant estimates the hearing will proceed as follows: the only potential factual issue relates to whether the services and goods were delivered in the manner stated in the invoices and work tickets attached to the Motion. The parties intend to make a good faith effort to resolve this factual issue ahead of the hearing, and if the issue cannot be resolved completely, then a stipulation of facts will be entered concerning the facts agreed to. The parties believe the legal issues (and any factual issues) can be resolved in a single hearing.
    a. **Summary of factual issues:** whether the goods/services were performed as stated in the invoices/work tickets;
    b. **Time required for hearing:** maximum of two hours.
    c. **Number of witnesses anticipated:** one or two concerning possible factual issue referenced above.
    d. **Expert witness testimony requirements:** neither party plans to use experts or present expert testimony; and
    e. **Necessary discovery and, the nature of, and time required for, discovery:** none.

Accordingly, Movant requests that the Court set this matter for hearing pursuant to L.B.R. 9013-1. Movant and Debtor's counsel request to have the matter heard via the Zoom webcast platform or a similar video conferencing platform if permitted by the Court.

| Part 2 | **Signature of Movant's Attorney or Movant (if unpresented)** |
|---|---|

Dated: December 22, 2021.   By: /s/ Mario Lamar

                                                    Mario A. Lamar, Esq., TX Bar # 24095729
                                                  ALLEN BRYSON, PLLC
                                                  1920 McKinney Avenue, 7th Floor
                                                  Dallas, TX 75201
                                                  Tel:    (214) 586-0722
                                                  E-mail:  mlamar@allenbrysonlaw.com

                                                  ***Counsel for NexTier Completion Solutions Inc.***