UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|   Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
|   Debtor. ) | |

**LOCAL BANKRUPTCY RULE 9013-1.4: MOVANT'S CERTIFICATE OF CONTESTED MATTER AND RELATED HEARING FILED BY THE RUDMAN PARTNERSHIP RESPECTING DOCKET NO. 1148**

**Part 1: Certificate and Request for Hearing**

On March 22, 2021, The Rudman Partnership ("Movant") filed the *Application for Administrative Expense Priority Claim Pursuant to 11 U.S.C. § 503(b)* (Docket No. 1148) ("Rudman Admin Claim Motion") seeking an allowed administrative expense claim for the funds held in suspense for the gas plant management fee ("Gas Plant Claim") and for its unpaid pre-petition revenue ("Revenue Claim"). Movant hereby certifies that the following is true and correct:

1. Service of the Rudman Admin Claim Motion, the Notice, and Proposed Order were timely made on all parties against whom relief is sought and those otherwise entitled to service pursuant to the Federal Rules of Bankruptcy Procedure and the Court's Local Rules as is shown on the Certificate of Service, L.B.R. 9013-1.2, previously filed with the Motion on March 22, 2021.

2. The Debtors and East West Bank timely filed objections to the Rudman Admin Claim Motion on April 5, 2021 (Docket Nos. 1173 and 1170, respectively), to which the Committee of Unsecured Creditors joined (Docket No. 1172).

3. The docket numbers for each of the following relevant documents are:

    a. The Rudman Admin Claim Motion and all documents served therewith at Docket No. 1148.

    b. The Notice, Docket No. 1149.

   c.  The Certificate of Service of the Motion and the Notice, Docket Nos. 1148 and 1149.

   d.  The Proposed Order, Docket No. 1149.

   e.  The Stipulation Partially Resolving Administrative Claim (Dkt. No. 1408, between The Rudman Partnership, Debtors, East West Bank and the Committee; approved at Dkt. No. 1413). Pursuant to the Stipulation, the Gas Plant Claim was resolved, but The Rudman Admin Claim Motion is still pending before the Court as to the Revenue Claim.

  4.  Movant, The Rudman Partnership, made a good faith attempt to resolve this matter without the necessity of a hearing in the following manner: Movant contacted all objecting parties by email and proposed that settlement negotiations take place. The objecting parties replied stating that Movant should make a settlement offer, and Movant did make a written settlement offer on November 17, 2021. The Debtor replied with a counteroffer said to be on behalf of the objecting parties, which was done by email on November 22, 2021. The Rudman Partnership rejected the counteroffer on November 29, 2021. Further discussions and emails did not result in any agreement. While remaining open to entertain further settlement negotiations, at this time, The Rudman Partnership has concluded that a contested hearing is required.

  5.  Resolution of this contested matter may benefit from a preliminary hearing to resolve the following legal issues:

> Whether this contested matter should be converted to an adversary proceeding, as contended by East West Bank. The alleged basis for this contention is that proof of the Rudman Admin Claim will require the determination of ownership of funds in the Revenue Account at East West Bank, into which all proceeds of oil and gas production of the working interest owners were deposited. Rudman does not believe there is any genuine issue of ownership to be determined because (a) Debtors have judicially admitted that all funds deposited into the Revenue Account are owned by the working interest owners, SEC being a mere bailee; (b) <u>all</u> of the JOA's and Unit Operating Agreements governing Rudman's production proceeds provide that such proceeds shall remain the property of the non-operator working interest owners; and (c) SEC's records detail precisely how much of the funds in the Revenue Account belonged to, and should have been remitted to, The Rudman Partnership. Should the Court rule that an adversary proceeding is required, then Movant proposes to move to convert the Rudman Admin Claim Motion to an adversary proceeding and then replead as a complaint. Since significant discovery has already occurred, little delay should occur in preparing the case for trial.

  6.  Resolution of this contested matter will require an evidentiary hearing. Movant estimates the hearing will proceed as follows:

      **a.**    **Summary of fact issues to be tried:**

      i. Whether The Rudman Partnership's production revenues that were either in the SEC Revenue Account at East West Bank ("EWB") on the Petition Date or thereafter deposited in the Revenue Account, were used by Debtors to pay expenses of administration of the bankruptcy estate or otherwise wrongfully appropriated by Debtors.

      ii. Whether The Rudman Partnership has been injured by Debtor's wrongful acts in the administration of the estate by appropriating, withholding, or using Rudman's production revenues, whether by tort or other wrongdoing.

      iii. The amount of Movant's production revenues so used as shown under i or ii, above.

      iv. Should the Court determine there is any genuine issue of material fact as to The Rudman Partnership's ownership or right to payment of the funds attributable to its interest on the Petition Date or thereafter deposited in the Revenue Account, then such issue should also be tried.

      **b.**    Movant estimates the matter can be tried in one day.

      **c.**    Movant anticipates up to 3 witnesses at this time.

      **d.**    An expert in COPAS and forensic accounting may be designated by Movant.

    **e.**    Movant anticipates additional depositions of one or more members of Debtors' accounting staff and a designated representative of East West Bank with knowledge of its contentions and defenses and any designated experts. Interrogatories, requests for production, and requests for admission may also be served. Movant anticipates discovery can be completed by March 1, 2022.

Accordingly, The Rudman Partnership requests that the Court set a preliminary hearing and final trial on this matter pursuant to L.B.R. 9013-1.

Part 2: <u>Signature of Movant's Attorneys</u>

DATED: January 7, 2022

        Respectfully submitted,

        **Maynes, Bradford, Shipps & Sheftel, LLP**

        */s/ Thomas H. Shipps*
        Thomas H. Shipps
        Maynes, Bradford, Shipps & Sheftel, LLP
        835 E. Second Ave., Suite 123
        Durango, CO 81301
        Telephone: (970) 247-1755
        Cell: (970)749-1479; (970) 946-0846
        Facsimile: (970) 247-8827
        Email: tshipps@mbssllp.com;

        and

        */s/ Barnet B. Skelton, Jr.*
        Barnet B. Skelton, Jr.
        815 Walker, Suite 1502
        Houston, TX 77002
        Telephone: (713) 516-7450
        Facsimile: (713) 659-8764
        Email: barnetbjr@msn.com

        Counsel to The Rudman Partnership

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on January 7, 2021, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing.

        /s/ *Barnet B. Skelton, Jr.*
          Barnet B. Skelton, Jr.