IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>**Sklar Exploration Company, LLC,**<br><br>　　　Reorganized Debtor. | Case No. 20-12377-EEB<br><br>Chapter 11 |
| In re:<br><br>**Sklarco, LLC,**<br><br>　　　Reorganized Debtor. | Case No. 20-12380-EEB<br><br>Chapter 11<br><br>**Jointly Administered Under**<br>**Case No. 20-12377-EEB** |

**MOTION OF HOWARD F. SKLAR FOR ALLOWANCE AND**
**PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO**
**11 U.S.C. §§ 503(a), (b)(1)(A), AND (b)(3)(D)**

Howard F. Sklar, (i) for himself; and (ii) as trustee for the (x) Howard Trust (TIN: 72-6094620), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana (the "Howard Trust"), (y) Alan Grantor Trust (TIN: 72-6157679), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana (the "Alan Grantor Trust"), and (z) the Jacob Grantor Trust (TIN: 72-6094619), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana (the "Jacob Grantor Trust" and collectively with the Howard Trust and the Alan Grantor Trust, the "Family Trusts") (in each such capacity, "HFS"), submits this motion for allowance and payment of administrative expenses pursuant to 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D), as follows:

**I.　　FACTUAL BACKGROUND**

**A.　The Family Trusts' Outside Equity Investments**

1.　The Family Trusts own or have an interest in certain equity interests as outside investments in various non-public entities that are unaffiliated with Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together with SEC, the "Reorganized Debtors")

and whose businesses are completely unrelated to the Reorganized Debtors' businesses. These outside investments include equity interests in Boulders on Fern, L.L.C. ("Boulders on Fern"); LTP Opportunity Fund I, LP ("LTP Opportunity Fund"); LTP Timberquest Fund, LP ("Timberquest"); and Trout Creek Ventures, LP ("Trout Creek" and collectively, the "Outside Investments"). The Family Trusts' interests in the Outside investments break out as follows:

(a) Boulders on Fern: The Alan Grantor Trust owns or has an interest in approximately 10.4% of the equity in Boulders on Fern, and the Jacob Grantor Trust owns or has an interest in approximately 10.4% of the equity in Boulders on Fern.

(b) LTP Opportunity Fund: The Howard Trust owns or has an interest in approximately 1% of the equity in LTP Opportunity Fund, the Alan Grantor Trust owns or has an interest in approximately 0.1% of the equity in LTP Opportunity Fund, and the Jacob Grantor Trust owns or has an interest in approximately 0.1% of the equity in LTP Opportunity Fund.

(c) Timberquest: The Alan Grantor Trust owns or has an interest in approximately 0.81% of the equity in Timberquest, and the Jacob Grantor Trust owns or has an interest in approximately 0.81% of the equity in Timberquest.

(d) Trout Creek: The Howard Trust owns or has an interest in approximately 22.2% of the equity in Trout Creek.

2. The Family Trusts' interests in each of the Outside Investments are held by Sklarco as agent and nominee pursuant to the Agency Services Agreement, effective as of May 1, 2010, among Sklarco, SEC, and HFS, as manager of Miriam Sklar L.C., as trustee of the Howard Trust, the Alan Grantor Trust, and Jacob Grantor Trust, and as independent executor of the Succession of Miriam Mandel Sklar (as amended, the "ASA").

3. All of the Family Trusts' interests in the Outside Investments were acquired long before the Petition Date, and the Outside Investments have nothing to do with the Reorganized Debtors' oil and gas business.

**B. The Chapter 11 Cases**

4. The Reorganized Debtors each commenced a chapter 11 case on April 1, 2020 (the "Petition Date"). The Reorganized Debtors' chapter 11 cases are jointly administered solely for procedural purposes pursuant to Fed. R. Bankr. P. 1015(b), L.B.R. 1015-1, and the Order Granting Motion for Joint Administration [Docket No. 8]. The Reorganized Debtors' estates have not been substantively consolidated.

5. When Sklarco commenced its chapter 11 case, it continued to hold the Outside Investments as agent for the Family Trusts pursuant to the ASA.

6. The Court entered an order on June 15, 2020, appointing CR3 Partners, LLC to serve as the Reorganized Debtors' Chief Restructuring Officer (the "CRO"), effective as of May 21, 2020 [SEC Case Docket No. 429].

7. Before the Petition Date, Sklarco distributed proceeds of the Outside Investments to the Family Trusts in proportion to their respective ownership interests. But on information and belief, after the Petition Date the CRO allocated distributions or other proceeds from the Outside Investments to pay for various expenses of the Reorganized Debtors incurred during their chapter 11 cases – primarily expenses benefitting SEC and its creditors. The Family Trusts did not receive any distributions or other proceeds from the Outside Investments during the Reorganized Debtors' chapter 11 cases.

8. On May 14, 2021, the Reorganized Debtors filed their Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 [SEC Case Docket No. 1251] (the "Plan"). The Court entered an order confirming the Plan on August 24, 2021 [SEC Case

3

Docket No. 1433] (the "Confirmation Order"). On September 8, 2021, the Reorganized Debtors filed a notice advising that the effective date of the Plan occurred on September 7, 2021 (the "Plan Effective Date") [SEC Case Docket No. 1457]. The Plan provided for the formation of a creditor trust for the benefit of SEC's creditors (the "Creditor Trust"). (Plan, § 8.4.)

9. Even though the Family Trusts maintain their interests in the Outside Investments, various parties were unwilling to concede these interests when the Plan was confirmed. Without a resolution at Plan confirmation, HFS and the various parties sought to continue negotiating to resolve any disputes as to the ownership of the Outside Investments while reserving rights to litigate their respective interests in and rights to the Outside Investments. As a result, the Plan provides:

> The parties shall cooperate to resolve their disputes with respect to the [Outside Investments], and any resolution shall be subject to the [sic] Section 8.13 of this Plan if not sooner resolved in accordance with Bankruptcy Rule 9019. Notwithstanding Section 10.2 of this Plan and Section 1141(b) of the Bankruptcy Code, all parties' rights with respect to the [Outside Investments] are reserved (and not waived), including, without limitation, the right to commence an adversary proceeding to determine any party's rights with respect to the [Outside Investments].

(Plan, § 7.2.)

10. The Family Trusts continue to maintain their interests in the Outside Investments held by Sklarco and have continued to pay taxes and associated preparation fees attributable to the Outside Investments during the Reorganized Debtors' chapter 11 cases. East West Bank ("EWB"), the Reorganized Debtors' secured lender, does not have a lien on or security interest in the Outside Investments, and, on information and belief, no other person or entity has a lien on or security interest in the Outside Investments. Moreover, because the Outside Investments are held by Sklarco, SEC, its creditors, and the Creditor Trust have no interest in the Outside Investments.

## II. JURISDICTION AND VENUE

11. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## III. REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES[1]

12. After notice and a hearing, parties in interest are entitled to an allowance and payment of administrative expenses for "the actual, necessary costs and expenses of preserving the estate" and "the actual necessary expenses . . . incurred by a creditor . . . [or] an equity security holder . . . in making a substantial contribution in a case under chapter 9 or 11 of [title 11]." 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D). A party makes a substantial contribution in a case when "'the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the creditors.'" *In re 9085 E. Mineral Office Building, Ltd.*, 119 B.R. 246, 250 (Bankr. D. Colo. 1990).

13. Consistent with 11 U.S.C. § 1129(a)(9)(A), the Plan provides that holders of allowed administrative expenses will be paid cash equal to the allowed amount of their administrative expenses. (Plan, § 3.1.) It also provides that the Confirmation Order will establish a deadline for submitting requests for allowance and payment of administrative expenses, including administrative expenses under 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D). (*Id.*) The Confirmation Order provides that any and all requests for payment of administrative expenses must be filed not later than 45 days following the Plan Effective Date. HFS, the

---

[1] Contemporaneously with this motion, HFS is filing and serving a complaint commencing an adversary proceeding seeking a declaratory judgment as to the Family Trusts' ownership and other interests in the Outside Investments (the "Complaint"). The Complaint also seeks allowance and payment of the administrative expenses sought in this motion given the extent to which the declaratory judgment claim and request for allowance and payment of administrative expenses arise out of the same facts. If opposed, HFS proposes to litigate and determine this motion and the adversary proceeding at the same time for the sake of efficiency.

5

Reorganized Debtors, and the trustee for the Creditor Trust entered into stipulations extending the deadline for HFS to file his request for allowance and payment of administrative expenses to and including January 31, 2022 [Docket Nos. 1487, 1552, 1565] (the "Stipulations"). The Court entered orders approving each of the Stipulations [Docket No. 1500, 1553, 1567].[2]

14. The Family Trusts, through HFS as their trustee, have actually and demonstrably benefitted the Reorganized Debtors' estates and their creditors through their contributions of distributions and other proceeds from the Outside Investments since the Petition Date. The Outside Investments are held in Sklarco for the benefit of the Family Trusts and are wholly unrelated to the Reorganized Debtors' oil and gas business. EWB has no lien on or security interest in the Outside Investments. As a result, EWB, SEC, SEC's creditors, and the Creditor Trust have no interest in or claim to the Outside Investments.

15. Nevertheless, the CRO allocated distributions or other proceeds of the Outside Investments from the Family Trusts and Sklarco to pay the Reorganized Debtors' expenses during their chapter 11 cases – primarily expenses benefitting SEC and its creditors. These contributions to cover the Reorganized Debtors' expenses helped enable them to confirm the Plan for the benefit of their estates and SEC's creditors. Meanwhile, the Family Trusts did not

---

[2] As anticipated by the Plan, the Reorganized Debtors, the trustee for the Creditor Trust, and HFS have worked to discuss and resolve any disputes concerning HFS's entitlement to allowance and payment of administrative expenses. As of the date of this motion, those discussions and exchange of information remained ongoing among the parties and their counsel, and the Reorganized Debtors, the trustee for the Creditor Trust, and HFS entered into an additional stipulation to extend HFS's deadline to submit this motion to February 28, 2022 [SEC Case Docket No. 1597] (the "January Stipulation"). As stated in the January Stipulation, any resolution would be presented to the Court for approval so all parties in interest would have a chance to review and object to the resolution or, absent a resolution, HFS's request for allowance and payment of administrative expenses. Nevertheless, the Rudman Partnership objected to the January Stipulation. HFS files this motion to avoid losing his rights to reimbursement of administrative expenses by virtue of the January 31 deadline lapsing notwithstanding the cooperation to date among the Reorganized Debtors, the trustee of the Creditor Trust, HFS, and their counsel toward finding a resolution without litigation. The Rudman Partnership's objection thus threatens to increase the costs of these chapter 11 cases.

receive any distributions or other proceeds from the Outside Investments during the chapter 11 cases.

16. HFS, as trustee for the Family Trusts, is thus entitled to allowance and payment of administrative expenses pursuant to 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D) and the Plan in an amount equal to the amount of distributions and other proceeds of the Outside Investments contributed to pay the Reorganized Debtors' costs and expenses during their chapter 11 cases and after the Plan Effective Date, plus all taxes and associated tax preparation fees paid on account of the Outside Investments to the extent accruing during the Reorganized Debtors' chapter 11 cases and after the Plan Effective Date.

## IV. RESERVATION OF RIGHTS

17. As noted above, the parties continue to exchange information, including, among other things, the specific amount of the Family Trust's contributions to the Reorganized Debtors' estates and their creditors. HFS accordingly reserves all rights (and does not waive any rights) to amend this motion as appropriate upon further discovery.

WHEREFORE, HFS, as trustee for the Family Trusts, respectfully requests that the Court enter an order allowing and directing payment of administrative expenses pursuant to 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D) and the Plan in an amount equal to the amount of distributions and other proceeds of the Outside Investments contributed to pay the Reorganized Debtors' costs and expenses during their chapter 11 cases and after the Plan Effective Date, plus all taxes and associated tax preparation fees paid on account of the Outside Investments to the extent accruing during the Reorganized Debtors' chapter 11 cases and after the Plan Effective Date.

Dated: January 31, 2022

By: */s/ Adam L. Hirsch*
Adam L. Hirsch, Reg. No. 44306
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: adam.hirsch@dgslaw.com

*Counsel to Howard F. Sklar*
*in the capacities listed above*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 31, 2022, the foregoing **MOTION OF HOWARD F. SKLAR FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. §§ 503(a), (b)(1)(A), AND (b)(3)(D)** was filed on the Court's electronic filing system CM/ECF and was electronically served upon all parties receiving electronic notice.

                                                                       */s/ Adam L. Hirsch*
                                                                        Adam L. Hirsch