# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re | ) Case No. 20-12377-EEB |
| | ) |
| Sklar Exploration Company, LLC and Sklarco, LLC, | ) Chapter 11 |
| | ) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) |
| | ) |
| Howard F. Sklar, for himself and as trustee, | ) Adversary Proceeding No. |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Sklar Exploration Company, LLC; Sklarco, LLC; East West Bank; and Thomas H. Kim, as trustee of the creditor trust formed pursuant to the Reorganized Debtors' confirmed plan, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Howard F. Sklar, (i) for himself; and (ii) as trustee for the (x) Howard Trust (TIN: 72-6094620), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana (the "Howard Trust"), (y) Alan Grantor Trust (TIN: 72-6157679), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana (the "Alan Grantor Trust"), and (z) the Jacob Grantor Trust (TIN: 72-6094619), an irrevocable *inter vivos* trust created under the laws of the State of Louisiana (the "Jacob Grantor Trust" and collectively with the Howard Trust and the Alan Grantor Trust, the "Family Trusts") (in each such capacity, "HFS"), submits this Complaint, stating and alleging as follows:

## JURISDICTION AND VENUE

1. Sklar Exploration Company, LLC filed a voluntary petition commencing a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Colorado (the "Court") on April 1, 2020 (the "Petition Date"), Case No. 20-12377-EEB (the "SEC Case").

2. Sklarco, LLC ("Sklarco" and together with SEC, the "Reorganized Debtors") filed a voluntary petition commencing a case under chapter 11 of the Bankruptcy Code in the Court on the Petition Date, Case No. 20-12380-EEB (the "Sklarco Case").

3. The Reorganized Debtors' chapter 11 cases are jointly administered solely for procedural purposes pursuant to Fed. R. Bankr. P. 1015(b), L.B.R. 1015-1, and the Order Granting Motion for Joint Administration [SEC Case Docket No. 8]. The Reorganized Debtors' estates have not been substantively consolidated.

4. The Court entered an order on April 24, 2021, confirming the Reorganized Debtors' Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 [SEC Case Docket No. 1251] (the "Plan") [SEC Case Docket No. 1433] (the "Confirmation Order").

5. This adversary proceeding is commenced pursuant to Rule 7001(1), (2), and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) and (b) and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado under D.C.COLO.LCivR 84.1.

7. This adversary proceeding is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

8. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409(a).

## THE PARTIES

9. Plaintiff, HFS is an individual residing in Boulder, Colorado.

10. Plaintiff, HFS is the trustee for Howard Trust.

11. Plaintiff, HFS is the trustee for the Alan Grantor Trust.

12. Plaintiff, HFS is the trustee for the Jacob Grantor Trust.

13. Defendant SEC is limited liability company organized under the laws of Louisiana with its principal place of business in Boulder, Colorado. The Howard Trust directly owns 100% of the equity interests in SEC. SEC is a reorganized debtor in SEC Case.

14. Defendant Sklarco is a limited liability company organized under the laws of Louisiana with its principal place of business in Boulder, Colorado. The Howard Trust directly owns 100% of the equity interests in Sklarco. Sklarco is a reorganized debtor in the Sklarco Case.

15. Defendant East West Bank ("EWB") is a California state-chartered banking corporation.

16. Defendant Thomas H. Kim is the duly appointed trustee for the creditor trust formed pursuant to Section 8.4 of the Plan (the "Creditors' Trustee"). The Creditors' Trustee maintains his principal place of business in Denver, Colorado.

## GENERAL ALLEGATIONS

I. **The Family Trusts' Outside Equity Investments**

17. The Family Trusts own or have an interest in certain equity interests as outside investments in various non-public entities that are unaffiliated with the Reorganized Debtors and whose businesses are completely unrelated to the Reorganized Debtors' businesses.

18. These outside investments include equity interests in Boulders on Fern, L.L.C. ("Boulders on Fern"); LTP Opportunity Fund I, LP ("LTP Opportunity Fund"); LTP Timberquest Fund, LP ("Timberquest"); and Trout Creek Ventures, LP ("Trout Creek" and collectively, the "Outside Investments").

19. The Family Trusts' interests in each of the Outside Investments are held by Sklarco as agent and nominee pursuant to the Agency Services Agreement, effective as of May 1, 2010, among Sklarco, SEC, and HFS, as manager of Miriam Sklar L.C., as trustee of the Howard Trust, the Alan Grantor Trust, and Jacob Grantor Trust, and as independent executor of the Succession of Miriam Mandel Sklar (as amended, the "ASA").

20. The Alan Grantor Trust owns or has an interest in approximately 10.4% of the equity in Boulders on Fern, and the Jacob Grantor Trust owns or has an interest in approximately 10.4% of the equity in Boulders on Fern.

21. The Howard Trust owns or has an interest in approximately 1% of the equity in LTP Opportunity Fund, the Alan Grantor Trust owns or has an interest in approximately 0.1% of the equity in LTP Opportunity Fund, and the Jacob Grantor Trust owns or has an interest in approximately 0.1% of the equity in LTP Opportunity Fund.

22. The Alan Grantor Trust owns or has an interest in approximately 0.81% of the equity in Timberquest, and the Jacob Grantor Trust owns or has an interest in approximately 0.81% of the equity in Timberquest.

23. The Howard Trust owns or has an interest in approximately 22.2% of the equity in Trout Creek.

24. All of the Family Trusts' interests in the Outside Investments were acquired long before the Petition Date, and the Outside Investments have nothing to do with the Reorganized Debtors' oil and gas business.

25. EWB's collateral does not include the Outside Investments, and the Outside Investments are completely unencumbered by EWB's liens and security interests.

26. On information and belief, no person or entity has a lien on or security interest in the Outside Investments.

27. SEC, its creditors, and the Creditors' Trustee have no interest in the Outside Investments.

## II. The Chapter 11 Cases

28. The Reorganized Debtors each commenced a chapter 11 case on the Petition Date.

29. When Sklarco commenced the Sklarco Case, it continued to hold the Outside Investments as agent for the Family Trusts pursuant to the ASA.

30. The Court entered an order on June 15, 2020, appointing CR3 Partners, LLC to serve as the Reorganized Debtors' Chief Restructuring Officer (the "CRO"), effective as of May 21, 2020 [SEC Case Docket No. 429].

31. Before the Petition Date, Sklarco distributed proceeds of the Outside Investments to the Family Trusts in proportion to their respective ownership interests. But on information and belief, after the Petition Date the CRO allocated distributions or other proceeds from the Outside Investments to pay for various expenses of the Reorganized Debtors incurred during their chapter 11 cases – primarily expenses benefitting SEC and its creditors. The Family Trusts did not receive any distributions or other proceeds from the Outside Investments during the Reorganized Debtors' chapter 11 cases.

32. The Reorganized Debtors filed the Plan on May 14, 2021, and the Court entered the Confirmation Order on August 24, 2021, confirming the Plan [SEC Case Docket No. 1433].

33. On September 8, 2021, the Reorganized Debtors filed a notice advising that the effective date of the Plan occurred on September 7, 2021 (the "Plan Effective Date") [SEC Case Docket No. 1457].

34. Even though the Family Trusts maintain their interests in the Outside Investments, various parties were unwilling to concede these interests when the Plan was confirmed. Without a resolution at Plan confirmation, HFS and the various parties sought to continue negotiating to resolve any disputes as to the ownership of the Outside Investments while reserving rights to litigate their respective interests in and rights to the Outside Investments. As a result, the Plan provides:

> The parties shall cooperate to resolve their disputes with respect to the [Outside Investments], and any resolution shall be subject to the [sic] Section 8.13 of this Plan if not sooner resolved in accordance with Bankruptcy Rule 9019. Notwithstanding Section 10.2 of this Plan and Section 1141(b) of the Bankruptcy Code, all parties' rights with respect to the [Outside Investments] are reserved (and not waived), including, without limitation, the right to commence an adversary proceeding to determine any party's rights with respect to the [Outside Investments].

(Plan, § 7.2.)

35. The Family Trusts continue to maintain their interests in the Outside Investments held by Sklarco and have continued to pay taxes and associated preparation fees attributable to the Outside Investments during the Reorganized Debtors' chapter 11 cases.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

36. HFS incorporates the preceding allegations.

37. A real, justiciable controversy exists among HFS, each of the Reorganized Debtors, EWB, and the Creditors' Trustee concerning the Family Trusts' ownership and other interests in the Outside Investments and distributions and any other proceeds realized on account of the Outside Investments.

38. HFS, each of the Reorganized Debtors, EWB, and the Creditors' Trustee have adverse interests with respect to the controversy.

39. HFS has a legal interest in the controversy.

40. The issues involved in the controversy are ripe for judicial determination.

41. Accordingly, HFS is entitled to a declaratory judgment that (a) (i) each of the Outside Investments and all distributions and other proceeds of the Outside Investments are owned by the Family Trusts in the percentages set forth in paragraphs 20-23 of this Complaint, or alternatively, (ii) each of the Outside Investments and all distributions and other proceeds of the Outside Investments are owned by Sklarco with each of the Family Trusts having an interest in the Outside Investments in the percentages set forth in paragraphs 20-23 of this Complaint; (b) SEC, its creditors, and the Creditors' Trustee have no interest in the Outside Investments or any distributions or other proceeds of the Outside Investments; (c) neither EWB nor any other person or entity has a lien on or security interest in the Outside Investments or any distributions or other proceeds of the Outside Investments; (d) the Plan shall not provide any recovery on account of the Outside Investments or the distributions or other proceeds of the Outside Investments to the Creditors' Trustee, SEC's creditors, SEC, or EWB; and (e) Sklarco may distribute any distributions or other proceeds received on account of the Outside Investments to the Family Trusts in proportion to their respective interests in the Outside Investments.

## SECOND CLAIM FOR RELIEF
(Allowance and Payment of Administrative Expenses
Pursuant to 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D) and the Plan)

42. HFS incorporates the preceding allegations.

43. The Family Trusts own or have an interest in the Outside Investments and all distributions and other proceeds on account of the Outside Investments in the percentages set forth in paragraphs 20-23 of this Complaint.

44. On information and belief, after the Petition Date the CRO allocated distributions from the Outside Investments to pay for various expenses of the Reorganized Debtors – primarily SEC – incurred during their chapter 11 cases.

45. Neither SEC nor its creditors have an interest in the Outside Investments or any distributions or proceeds of the Outside Investments.

46. The Family Trusts did not receive any distributions or other benefit from the Outside Investments during the Reorganized Debtors' chapter 11 cases.

47. One or more of the Family Trusts paid taxes and associated tax preparation fees attributable to the Outside Investments accruing during the Reorganized Debtors' chapter 11 cases.

48. By forgoing receipt of their distributions and receipt of other proceeds and contributing them to cover various expenses of the Reorganized Debtors – primarily SEC – the Family Trusts made a substantial contribution in the Reorganized Debtors' chapter 11 cases, entitling them to allowance and payment of an administrative expenses pursuant to 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D) and the Plan in an amount equal to the amount of distributions and other proceeds of the Outside Investments contributed to pay the Reorganized Debtors' costs and expenses during their chapter 11 cases and after the Plan Effective Date, plus all taxes and

associated tax preparation fees paid on account of the Outside Investments to the extent accruing during the Reorganized Debtors' chapter 11 cases and after the Plan Effective Date.[1]

WHEREFORE, HFS respectfully requests that the Court enter judgment in his favor and against all Defendants as follows:

(a) declaring that (i) (x) each of the Outside Investments and the distributions and other proceeds of the Outside Investments are owned by the Family Trusts in the percentages set forth in paragraphs 20-23 of this Complaint, or alternatively (y) each of the Outside Investments and the distributions and other proceeds of the Outside Investments are owned by Sklarco with each of the Family Trusts having an interest in the Outside Investments and the distributions and other proceeds of the Outside Investments in the percentages set forth in paragraphs 20-23 of this Complaint; (ii) SEC, its creditors, and the Creditors' Trustee have no interest in the Outside Investments or any distributions or other proceeds of the Outside Investments; (iii) neither EWB nor any other person or entity has a lien on or security interest in the Outside Investments or the distributions and other proceeds of the Outside Investments; (iv) the Plan shall not provide any recovery on account of the Outside Investments or any distributions or other proceeds of the Outside Investments to SEC, SEC's creditors, the Creditors' Trustee, or EWB; and (v) Sklarco may distribute any distributions or other proceeds received on account of the Outside Investments to the Family Trusts in proportion to their respective interests in the Outside Investments;

---

[1] Contemporaneously with this Complaint, HFS is filing and serving a motion for allowance and payment of administrative expenses, seeking the same relief sought in this claim (the "Motion for Allowance of Administrative Expenses"), in the event that the Court determines that allowance and payment of an administrative expense is not properly brought pursuant to Bankruptcy Rule 7001. Because the declaratory relief sought in this adversary proceeding and the Motion for Allowance of Administrative Expenses are related and arise out of common facts, HFS proposes to litigate and determine both issues at the same time.

(b) allowing and directing payment of administrative expenses to the Family Trusts pursuant to 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D) and the Plan in an amount equal to the amount of distributions and other proceeds of the Outside Investments contributed to pay the Reorganized Debtors' costs and expenses during their chapter 11 cases and after the Plan Effective Date, plus all taxes and associated tax preparation fees paid on account of the Outside Investments to the extent accruing during the Reorganized Debtors' chapter 11 cases and after the Plan Effective Date; and

(c) granting such other relief as is just and equitable.

Dated: January 31, 2022.                    **DAVIS GRAHAM & STUBBS LLP**

By: */s/ Adam L. Hirsch*
Adam L. Hirsch, Reg. No. 44306
Davis Graham & Stubbs LLP
Denver, Colorado 80202
Telephone:  303.892.9400
Facsimile:  303.893.1379
adam.hirsch@dgslaw.com

*Attorneys for Howard F. Sklar
in the capacities listed above*