UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930<br><br>   Debtor.<br><br>────────────────────────────<br><br>SKLARCO, LLC<br>EIN:  72-1425432<br>   Debtor. | Case No. 20-12377-EEB<br><br>Chapter 11<br><br><br><br><br><br>Case No. 20-12380-EEB<br><br>Chapter 11 |

**MOTION FOR SUMMARY JUDGMENT ON OBJECTION TO OBJECTION TO NEXTIER COMPLETION SERVICES INC.'S MOTION FOR ORDER ALLOWING ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. § 503(b)(9)**

     The Debtor, Sklar Exploration Company, LLC ("SEC" or "Debtor"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., moves this Court for entry of an Order granting summary judgment in favor of SEC and against NexTier Completion Services, Inc. with respect to *NexTier Completion Services Inc.'s Motion for Order Allowing Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9)* ("NexTier Motion") (Docket No. 1479)  pursuant to Fed. R. Civ. P. 56, Fed. R. Bankr. P. 7056, and L.B.R. 7056-1.

     As set forth in greater detail in the Memorandum Brief in Support of Motion for Summary Judgment, there are no genuine issues of material facts in dispute, and the Defendant is entitled to summary judgment as a matter of law in accordance with Rule 7056 of the Federal Rules of Bankruptcy Procedure.

DATED:  February 9, 2022          Respectfully Submitted,

                                       By: *s/ Keri L. Riley*
                                          Keri L. Riley, #47605
                                          **KUTNER BRINEN DICKEY RILEY, P.C.**
                                          1660 Lincoln Street, Suite 1850
                                          Denver, CO 80264
                                          Telephone:  (303) 832-2400
                                          Email: klr@kutnerlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|   Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
|   Debtor. ) | |

**MEMORANDUM BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

The Reorganized Debtor, Sklar Exploration Company, LLC ("SEC" or "Debtor"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., states its Memorandum Brief in Support of its Motion for Summary Judgment as follows:

### I.  Introduction

The sole issue at bar in this Motion for Summary Judgment is whether NexTier may seek an administrative expense claim for services provided on a pre-petition basis under section 503(b)(9). While Section 503(b)(9) allows vendors to seek an administrative priority claim for goods sold to a debtor in the 20 days prior to filing, no similar treatment is given to service providers who have provided services to the debtor in the 20 days prior to filing. As set forth more fully herein, NexTier's application for administrative priority claim should be denied, as the primary purpose of the contract between NexTier and the Debtor was to provide services, and the materials used by NexTier were only in furtherance of providing those services, and were not a sale of goods to the Debtor.

### II.  Burden of Proof

Summary judgment is appropriate when the moving party demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056. The moving party bears the burden of establishing that the evidence, even when viewed in the light most favorable to the non-moving party, demonstrates the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

1

*Koch v. Koch Indus.*, 203 F.3d 1202, 1212 (10th Cir. 2000); *Thalos v. Dillon Companies, Inc.*, 86 F. Supp. 2d 1079, 1082 (D. Colo. 2000). The non-moving party has the burden of establishing that there are material issues of fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party claiming entitlement to an administrative expense priority has the burden of proof with respect to its claim. *In re Mid-Region Petroleum*, 1 F.3d 1130, 1132 (1993).

### III.   Statement of Undisputed Material Facts

The following facts are undisputed:

1. SEC filed its voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on April 1, 2020 ("Petition Date").

2. SEC is engaged in business as an independent exploration and production company in the oil and gas industry with its principal business offices in Boulder, Colorado. SEC also maintains offices in Shreveport, Louisiana and Brewton, Alabama.

3. Pre-petition, SEC retained NexTier Completion Solutions, Inc. ("NexTier") to provide oil and gas well services for wells operated by SEC.

4. To date, the Debtor has not disputed the amounts charged by NexTier, nor has the Debtor contested the dates on which NexTier provided its services.

5. As evidenced by the invoices attached to the NexTier Motion as Exhibit 2, NexTier was engaged in primarily providing acidizing services, a process used to improve the productivity of an oil and gas well, and other related services to the Debtor. An example of one such invoice is attached hereto as Exhibit A.

6. As set forth on the invoice, NexTier was engaged to provide acidizing services on the "Thomasson 33-12 #1-1" lease in Conecuh County, Alabama. Of the 33 line items on the invoices, approximately one-third are materials used by NexTier in completing the work for which SEC had contracted.

7. Similarly, another example of an invoice attached hereto as Exhibit B evidences that of the 36 line items on the invoice for acidizing services provided on the Cedar Creek Land and Timber 3 Lease, only one-third are for materials used by NexTier in completing the services provided to SEC.

8. Post-petition, prior to confirmation of the Plan, on July 23, 2020, the Court entered an Order establishing September 28, 2020 as the date by which creditors and parties in interest

were required to file proofs of claim. On or before July 29, 2020, SEC served the Notice of Bar Date on all creditors and parties in interest. The Notice of Bar Date did not include a deadline by which Section 503(b)(9) claims were required to be filed.

9. NexTier filed the NexTier Motion on October 21, 2021. SEC timely filed its response November 4, 2021.

### IV. Elements of Claim Asserted

Pursuant to 11 U.S.C. § 503(b)(9), a creditor may assert an administrative priority claim for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which goods have been sold to the debtor in the ordinary course of such debtor's business." "Consistent with the plain language of the statute, allowed administrative expenses under § 503(b)(9) should only be for claims arising from the sale and delivery of goods to the Debtors, not from the provision of services." *In re Circuit City Stores, Inc.*, 416 B.R. 521, 534 (Bankr. E.D. Va. 2009).

### V. Statement of Calculation of Damages

SEC has not asserted any claim for damages.

### VI. Citations of Law in Support of Summary Judgment

At issues is the ability of NexTier to seek an administrative expense claim for services provided to the Debtor on a pre-petition basis. There is no contested factual issue as to the services provided by NexTier, nor the date on which the services were provided. Rather the sole issue is whether NexTier can seek an allowed administrative expense priority claim when the Debtor contracted with NexTier for oil well services, NexTier provided such services, and the Debtor did not purchase good from NexTier, but rather NexTier used materials in providing services. As set forth more fully herein, the plain language of the statue contemplates a sale of goods, not services, and because the predominate purpose of NexTier's claim was the provisioning of services, NexTier's administrative expense priority claim should be denied.

Pursuant to section 503(b)(9), creditors may seek an allowed administrative priority claim for the "value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which goods have been sold to the debtor in the ordinary course of such debtor's business[.]" 11 U.S.C. § 503(b)(9). When interpreting a statute, the primary goal of the court is to "ascertain congressional intent and give effect to the legislative will. *Ribas v. Mukasey*, 545 F.3d 922, 929 (10th Cir. 2008) (quoting *Padilla-Caldera v. Gonzales*, 453

3

F.3d 1237, 1241 (10th Cir. 2005)).  The court will construe the language of the Bankruptcy Code according to its plain meaning.  *Standiferd v. United States (In re Standiferd)*, 641 F.3d 1209, 1213 (10th Cir. 2011).  If the language is clear and unambiguous, the plain meaning of the statute controls.  *Id.*

In giving intent to the statute, a number of courts have adopted the "predominant purpose" test, pursuant to which the court must evaluate to determine whether the predominant purpose of the contract between the debtor and the creditor is the sale of goods or the provisioning of services.  *Circuit City*, 461 B.R. at 537; *In re SRC Liquidation,* LLC, 573 B.R. 537, 542 n.3 (Bankr. D. Del. 2017); see *also Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737, 742 (2d Cir. 1979)(looking at the predominant purpose of the contract to determine if the contract was subject to the Uniform Commercial Code). In looking to the predominate purpose of the contract, court applying the predominant purpose test do so in order to apply the congressional intent of the statute in distinguishing between goods and services in determining which is entitled to administrative expenses priority.  *See Circuit City*, 461 B.R. at 537.

While the Tenth Circuit has not yet considered the application of the predominant purpose test, applying the predominate purpose test comports with the plain language of the statute. Congress, in enacting section 503(b)(9) included claims for the sale of goods in the 20 days prior to filing, but not for providing services.  Had Congress intended to allow service providers to seek an administrative expense claim for services provided on a pre-petition basis, it could have done so expressly.  But by limiting the statute solely to the sale of goods, its is evident that the intent was to exclude pre-petition service providers.

Looking to the invoices in support of NexTier's claim, it is evident that the predominant purpose of the Debtor's contract with NexTier was for services related to operation of the oil and gas well.  A majority of the line items on the various invoices are for the time provided by servicemen and NexTier's employees, shipping and hauling charges, and expenses associated with the provisioning and use of various pieces of equipment, including cranes.  Where materials are included on invoices, such invoices were used only in the furtherance of providing the contracted for services. Thus, the predominant purpose of the contracts between the Debtor and NexTier was for services, and not for the sale of goods.  Accordingly, NexTier's administrative priority claim should be denied.

In the NexTier Motion, NexTier relies primarily on *In re Escalera Resources, Inc.*, 563 B.R. 336 (Bankr. D. Colo. 2017). However, *Escalera* did not address the predominant purpose of the contract pursuant to which materials were supplied, but rather focused solely on the definition of "good" for the purpose of the statue. In evaluating whether an electricity provider was entitled to an administrative priority claim pursuant to Section 503(b)(9), the court in *Escalera* did not need to focus on the nature of the contract between the parties, but rather as to the fundamental nature of electricity itself. Because the bankruptcy court held that electricity was a moveable item that was sold to the debtor, the bankruptcy court held that electricity was a good, and therefore the electricity provider was entitled to a priority claim under section 503(b)(9).

In contrast, NexTier was not engaged for the sole purpose of providing items, whether raw materials, finished inventory, or electricity to the Debtor. Instead, NexTier was engaged to provided acidizing services for oil and gas wells operated by SEC. The materials used, including the quantity, nature, and types were not within the control of the Debtor. Rather it was up to NexTier to determine what materials were required in order to perform the services for which they were contracted. Allowing for an administrative priority claim for the materials used by NexTier would be to ignore the purpose of the statute in limiting administrative priority claims to creditors who sold goods to the debtor on a pre-petition basis, and instead would invite all vendors to attempt to assert an administrative priority claim, even when the debtor had solely contracted for services. Removing the limitations on section 503(b)(9) would be to take an impermissibly expansive view of the statue, and ignore the plain language of the statute itself.

The primary purpose of the Debtor's contract with NexTier was for services for oil and gas wells operated by SEC. Because the primary purpose of the contract was for services, and not for the purchase of goods, NexTier's *Motion for Order Allowing Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9)* should be denied.

WHEREFORE the Debtor prays that the Court enter an Order granting the Debtor's Motion for Summary Judgment, entering judgment against NexTier with respect to its *Motion for Order Allowing Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9)* and in favor of the Debtor, and for such further and additional relief as to the Court may appear proper.

DATED: February 9, 2022                  Respectfully Submitted,

By: *s/ Keri L. Riley*

5

Keri L. Riley, #47605  
**KUTNER BRINEN DICKEY RILEY, P.C.**  
1660 Lincoln Street, Suite 1720  
Denver, CO 80264  
Telephone:  (303) 832-2400  
Telephone: (303) 832-2910  
Email: klr@kutnerlaw.com

6