UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 20-12377-EEB |
| | ) | |
| SKLAR EXPLORATION COMPANY, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession. | ) | |
| | ) | |
| IN RE: | ) | Case No. 20-12380-EEB |
| | ) | |
| SKLARCO, LLC | ) | Chapter 11 |
| | ) | |
| Debtor-in-Possession. | ) | |

**NEXTIER COMPLETION SOLUTIONS INC.'S RESPONSE TO
DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

Creditor, NexTier Completion Solutions Inc. ("NexTier"), having filed its Motion for Summary Judgment seeking an order granting its Amended Motion for Order Allowing Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9) as a matter of law (the "NexTier Motion"), now files this Response (the "Response") to Sklar Exploration Company, LLC's (the "Debtor" and "Sklar") Motion for Summary Judgment on its Objection to NexTier's Motion for Order Allowing for Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9) (the "Sklar Motion"). In support hereof, NexTier states as follows:

## I. Introduction

This Response addresses the caselaw that Sklar claims supports the predominant purpose test's application to §503(b)(9); Sklar's assertion that NexTier did not sell Sklar goods; Sklar's assertion that NexTier controlled the goods; and Sklar's position that adopting the apportionment test for §503(b)(9) would impermissibly expand the statute. For the reasons set forth below,

nothing in Sklar's Motion raises a fact question and NexTier's Motion should be granted as a matter of law.

## II. Burden of Proof in Sklar Motion

NexTier does not contest the burden of proof as asserted in Sklar's Motion.

## III. Statement of Material Facts in Sklar Motion

1. NexTier agrees to the facts in this paragraph.

2. NexTier agrees to the facts in this paragraph.

3. NexTier agrees to the facts in this paragraph.

4. NexTier agrees to the facts in this paragraph.

5. NexTier agrees that it was engaged in primarily providing acidizing services to Sklar (aka an acid job), of which the sale of acid and other chemicals to Sklar was necessary. NexTier opposes Sklar's statement in this paragraph regarding Exhibit A because no exhibits appear to be attached to Sklar's Motion.

6. NexTier opposes Sklar's statement in this paragraph regarding Exhibit A because no exhibits appear to be attached to the Sklar Motion.

7. NexTier opposes Sklar's statement in this paragraph regarding Exhibit B because no exhibits appear to be attached to the Sklar Motion.

8. NexTier agrees to the facts in this paragraph.

9. NexTier agrees to the facts in this paragraph.

## IV. Statement of Additional Facts

10. NexTier contends that there are no material facts disputed between the parties.

## V. Statement of Calculation of Damages

11. NexTier asserts it is entitled to a §503(b)(9) claim for goods sold to Sklar during the 20-day period immediately preceding April 1, 2020 (the "Petition Date") in the amount of $62,693.34 (the "503(b)(9) Claim"). The goods sold are itemized in true and correct copies of NexTier's invoices and field tickets signed by Sklar's representative and attached to the NexTier Motion as Exhibit A. The goods sold are further highlighted in true and correct copies of the invoices attached to the NexTier Motion as Exhibit B. The goods sold to Sklar are further supported by the affidavit of Dipo Iluyomade, NexTier's Chief Accounting Officer and Treasurer, attached to the NexTier Motion as Exhibit D. Further, Sklar does not dispute the amounts in the invoices, nor the contents thereof. A true and correct copy of the parties' Joint Statement of Stipulated Facts is attached to the NexTier Motion as Exhibit C.

12. Sklar has not sought any damages.

### VI. Legal Argument in Response to the Sklar Motion
#### A. Most courts reject the predominate purpose test for §503(b)(9) in favor of the apportionment test.

13. Sklar's Motion states that a number of courts have adopted the predominate purpose test for §503(b)(9). *See* Sklar Motion at p. 4. Of the three cases cited by Sklar for this point, only the court in *Circuit City* examines this issue and determines that the predominate purpose test should apply. *See In re Circuit City Stores, Inc.*, 416 B.R. 531, 537-38 (Bankr. E.D. Va. 2009). The court in *SRC* analyzes whether goods were received, not whether the predominate purpose test should or should not apply. *See In re SRC Liquidation, LLC*, 573 B.R. 537, 542 n.3 (Bankr. D. Del. 2017). The only mention of the predominate purpose test in that case is in a footnote that does not analyze the predominate purpose test's application to §503(b)(9) but discusses whether shipping charges fall within the definition of goods. *See id.* at n. 3. The other case, *Honeywell*,

does not even involve a §503(b)(9) claim. *See Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737, 742 (2d Cir. 1979).

14. The court in *Circuit City* still appears to be the only court to adopt the predominate purpose test for §503(b)(9). After the decision in *Circuity City*, at least four courts have addressed this issue. These courts all disagreed with the reasoning in *Circuit City* and found that the predominate purpose test should not apply to §503b9. *See* the NexTier Motion at note 2. A fifth court made a similar determination in favor of an apportionment test shortly before the decision in *Circuit City*. *See In re Pilgrim's Pride Corp., 421 B.R.* at 237 *(Bankr. N.D. Tex. 2009)*. These courts looked at legislative intent and the language in the statute. They found that congressional intent did not support use of the predominate purpose test to §503(b)(9). *See id.* (finding "Congress, in section 503(b)(9), did not provide any basis for excluding from the section's scope goods delivered pursuant to a contract the primary thrust of which is provision of services") (other citations omitted). Accordingly, most courts to address this issue reject the predominate purpose test for §503(b)(9) in favor of the apportionment test.

**B. Sklar hired NexTier for services and goods.**

15. The Sklar Motion claims NexTier was not engaged for the "sole purpose" of providing goods but was engaged to provide acidizing services.

16. First, Sklar's point that NexTier provided "acidizing services" more so than goods such as acid and chemicals only matters to the extent the Court finds that the predominate purpose test applies. If the Court follows the majority approach and applies the apportionment test, it does not matter what percentage of the contract was for goods versus services. The only question is whether the goods can be determined in the invoices so the Court can decide the amount of goods provided within the §503(b)(9) period.

17. Second, as with most mixed goods and services contracts, both the services and goods were a necessary element of what Sklar requested and purchased from NexTier. Sklar requested an acid job, for which acid and chemicals are a necessary component. Like other §503(b)(9) cases where creditors provide a mixture of goods and services, the goods are incomplete without the services and vice versa. For example, the debtor in *Plastech* wanted its facilities to be de-iced. *See In re Plastech Engineered Products*, 397 B.R. 828, 838 (Bankr. E.D. Mich. 2008). American Turf provided the trucking and plowing services necessary to remove snow and distribute the de-icing agent across the debtor's parking lots. *See id.* After rejecting the predominate purpose test for §503(b)(9), the court apportioned out the services, which were allowed as unsecured claims, and awarded American Turf their §503(b)(9) claim only as to the de-icing agent provided alongside its trucking services. *See id.* The debtor in *Plastech* could not have received the goods, de-icing agent, without the creditor's services and vice versa, the de-icing agent without the services would not have done the job. Accordingly, if the Court rejects the predominate purpose test, the fact that NexTier was not solely engaged in providing goods does not matter for the §503(b)(9) analysis, so long as NexTier sold goods to Sklar along with its services, and can demonstrate the value of the goods sold.

**C. Sklar's claim regarding control is not relevant for §503(b)(9).**

18. Sklar also claims the materials used, including the quantity, nature, and types were not within the control of Sklar.

19. Control is not an element for §503(b)(9). The relevant inquiries are whether the goods were sold to the debtor and received by the debtor. *See* 11 U.S.C. § 503(b)(9).

20. The goods were sold here regardless of whether Sklar controlled the exact quantity of acid and chemicals at issue, because Sklar approved through its representative's signature the

quantity of acid and chemicals that were purchased. *See* Exhibit A to the NexTier Motion. Once the Sklar signed for the goods provided, the goods had been sold.

21. As to its receipt of the goods, the goods were delivered per Sklar's request to the end location of Sklar's choice. This is similar to other cases referenced in the NexTier Motion. In each instance, the debtor wanted the goods delivered on or into debtor's property, whether it was the de-icing agent onto debtor's parking lot in *Plastech*, the natural gas into debtor's natural gas line in *NE Opco*, the bunker fuel into debtor's fuel tanks in *OW* Bunker, or the chemicals into wells operated by Sklar in this case. *See* the NexTier Motion at ¶¶ 41-45. In each of these cases, the debtor received the goods where requested and a §503(b)(9) claim was awarded for the goods supplied. *See id.* Here, Sklar even signed field tickets further confirming its receipt of the goods. *See* Exhibit A to the NexTier Motion. This was also stipulated to by the parties. *See* Exhibit C to the NexTier Motion. Thus, there is no question that Sklar purchased and received the goods.

### D. The Predominate Purpose Test applied to §503(b)(9) adds an extra element to the statute and distorts its meaning.

22. Sklar seems to make a policy argument that allowing NexTier's 503(b)(9) claim would invite all vendors to attempt to assert an administrative priority claim, even when the debtor had solely contracted for services.

23. First, this was not a contract solely for services. As shown in the invoices and signed field tickets, the contract was for both services and goods. *See* the NexTier Motion at Exhibit A.

24. Second, applying the apportionment test does not take an impermissibly expansive view of the statute. It applies the statute's plain language. Nothing in the statute suggests a §503(b) claim should be invalid simply because the contract under which eligible goods were sold also provides for the sale of services. The statute is only concerned with limiting administrative claims to goods sold, not limiting an administrative claim to goods sold pursuant to a contract

predominantly for the sale of goods. Moreover, under the apportionment test, vendors who provide a mix of goods and services are only entitled to a §503(b)(9) claim if they can meet all the elements of §503(b)(9) and can demonstrate the value of the goods sold within the §503(b)(9) period. Even then, the vendor will only be entitled to an administrative claim for the value of the goods sold. As the majority of courts to analyze this issue have found, the apportionment of goods from services does not impermissibly expand the statute, it applies the statute's plain language. Limiting §503(b)(9) to those with contracts primarily for goods would add an extra element to §503(b)(9) that does not exist in the statute.

### VII. Conclusion

As set forth above, the caselaw overwhelmingly supports NexTier's position that the predominate purpose test should not apply to §503(b)(9); the contract was for goods and services; NexTier sold, and Sklar received the goods; and application of the predominate purpose test to §503(b)(9) would add an additional element to the statute where none exists. For these reasons, and those in the NexTier Motion, NexTier's § 503(b)(9) claim should be granted as a matter of law.

Dated: February 23, 2022.

By: _____

Mario A. Lamar, Esq., TX Bar # 24095729
ALLEN BRYSON, PLLC
1920 McKinney Avenue, 7th Floor
Dallas, TX 75201
Tel: (214) 586-0722
E-mail: mlamar@allenbrysonlaw.com

**Counsel for NexTier Completion Solutions Inc.**