UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| Debtor. ) | |

**CHAPTER 11 FINAL REPORT AND MOTION FOR FINAL DECREE**

Comes now the Reorganized Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco LLC ("Sklarco" and together "Debtors"), by and through their undersigned attorneys, and pursuant to the provisions of 11 U.S.C. § 1106(a)(7) as ordered by this court, and submits that the estate herein is fully administered and that the *Second Amended and Restated Joint Plan of Reorganization* ("Confirmed Plan") has been substantially consummated as follows:

1. That the order confirming the plan has become final;

2. That the deposits required by the plan have been distributed in accordance with the provisions of the plan as shown in Schedule A attached hereto;

3. That substantially all of the property of the debtor has been transferred according to the provisions of the plan as shown in Schedule B attached hereto;

4. That the debtor or the successor has assumed the business or the management of the property dealt with by the plan as applicable;

5. That distribution has been commenced under the plan, and that payments to creditors and other interested parties have been undertaken as shown in Schedule C attached hereto;

6. That all motions, contested matters, and adversary proceedings have been finally resolved, except for the following:

   A. *NexTier Completion Solutions, Inc.'s Motion for Order Allowing Administrative Expense Pursuant to 11 U.S.C. § 503(b)(9)* and the Debtors' Objection thereto;

  B. *Application of the Rudman Partnership, CTM 2005, LTD, and MER Energy, LRD for Allowance of Administrative Expenses Under 11 U.S.C. § 503(b)(3)(D) for Substantial Contribution to These Chapter 11 Cases* and Objections thereto;

  C. *Maren Silverstein Revocable Trust's Application for Allowance of Administrative Claim and Cure Claim* and Objections thereto;

  D. *Motion of Howard F. Sklar for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D)* and any Objections filed thereto;

  E. *The Rudman Partnership v. Sklar Exploration Company, LLC, et al.*, Adversary Proceeding No. 22-01020-EEB;

  F. *Howard Sklar v. Sklar Exploration Company, LLC, et al.*, Adversary Proceeding No. 22-01022-EEB;

  G. Claim Objections filed by the Debtor; and

  H. Any avoidance actions commenced on or before April 1, 2022 by the Post-Confirmation Trust;

(collectively, the "Contested Matters")

 7. That the Debtor requests entry of a final decree subject to this Court retaining jurisdiction over Contested Matters. This Court retains jurisdiction to determine the Contested Matters. *See* Confirmed Plan, ¶ 11.2; and

 8. That the pending Contested Matters should not delay the closing of the case. The Federal Rules of Bankruptcy Procedure 3022 provides: "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on a motion of a party in interest, shall enter a final decree closing the case." The definition of "fully administered" does not appear in the Bankruptcy Code or Bankruptcy Rules, however, the 1991 Advisory Committee Note lists the following factors:

> Entry of a final decree *closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed.* Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments

under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

*In re Union Home and Industrial, Inc.*, 375 B.R. 912, 916-17 (B.A.P. 10th Cir. 2007)(emphasis added). Bankruptcy Courts should review each request for entry of a final decree on a case by case basis. *Id.* at 917. "Entry of a final decree is primarily administrative." *Id.* at 918. All six of the requirements need not be met before the case can be considered fully administered. Instead, the court has "flexibility" to determine whether an estate is fully administered by considering the six factors, together with any other relevant factor. *Nesselrode v. Provident Financial, Inc. (In re Nesselrode)*, 2010 Bankr. LEXIS 5047, *26 (B.A.P. 9th Cir. Oct. 12, 2010). Further, this Court has the authority to issue final decree even though an adversary proceeding against a creditor is still pending where the debtor requested that the Court retain jurisdiction of the adversary proceeding. *JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998). The existence of a pending matter does not preclude the closing of a chapter 11 bankruptcy case. *In re Valence Tech., Inc.*, 2014 Bankr. LEXIS 4429, *8-9, Case N0. 12-11580-CAG, (Bankr. W.D. Texas October 17, 2014) (finding it "well-established" that a pending adversary proceeding is not sufficient to prevent a case from being considered fully administered). The Court in *Valence* issued a final decree and noted that because the confirmed plan provided a mechanism for the payment of the remaining and pending fee applications currently on appeal, there was no risk that funds would unavailable. *Id.* at *9-10. The Bankruptcy rules permit the entry of a final decree closing the case once a case is fully administered, "which is not necessarily contingent upon the resolution of a stand-alone adversary proceeding." Fed. R. Bankr. P. 3022; *McClelland v. Grubb & Ellis Consulting Servs. Co. (In re McClelland)*, 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007).

9. All of the factors listed in the 1991 Advisory Committee Note have been met, except for issues related to the pending Contested Matters: (1) The order confirming the Confirmed Plan has become final; (2) all deposits required by the Confirmed Plan have been distributed; (3) the Confirmed Plan did not require transfer of any property; (4) the Debtor has assumed its business operations and has continued to operate post-confirmation; (5) all payments under the Confirmed

Plan have commenced, with the exception of any administrative expense payments awarded following adjudication of the Contested Matters; and (6) all motions, contested matters, and adversary proceedings have been finally resolved, except for the Contested Matters;

10. Additional factors support the issues of a final decree in the case. The Debtors have completed the transition of operations from SEC to the duly selected replacement operators, and are paying creditors in accordance with the Plan. However, the Debtors continue to incur significant quarterly fees for the United States Trustee, which decrease the distributions to creditors. Closing the Debtors' bankruptcy cases will therefore allow the Debtors to continue to effectuate the Plan without the continued impact of the quarterly fees.

11. Even if the various administrative expense claims are allowed in full, the Debtors will have sufficient funds to satisfy the administrative expense claims. As a result, the Plan provides for the payment of any allowed claim. *See In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (finding that the term "fully administered" means that remaining claims have been provided for at least to the extent that assets exist to pay such claims).

12. Based on the foregoing, this Court should close the case and retain post-closing jurisdiction to finally determine the Contested Matters.

WHEREFORE the Debtor herein prays for the entry of the Final Decree pursuant to FED.R.BANKR.P. 3022, finding that the estate has been fully administered and, therefore, ordering the closing of the case.

Dated: March 1, 2022                    Respectfully submitted,

                                        By: /s/ Keri L. Riley
                                        Keri L. Riley, #47605
                                        **KUTNER BRINEN DICKEY RILEY, P.C.**
                                        1660 Lincoln St., Suite 1720
                                        Denver, CO   80264
                                        Tel: 303-832-2910
                                        E-mail: klr@kutnerlaw.com
                                        *Counsel for the Debtors*

Debtor: Sklar Exploration Company, LLC and Sklarco, LLC
Case Nos.: 20-12377-EEB & 20-12380-EEB

## SCHEDULE A

Nature and amount of deposits distributed in accordance with the provisions of the plan:

| Nature of Deposit | Amount | Distribution |
|---|---|---|
| | | |
| | | |

## SCHEDULE B

The following property of the debtor has been/will be transferred according to the provisions of the plan:

| Nature of Property | Value of Property | Transferred To | Date of Transfer (Actual or Estimated) |
|---|---|---|---|
| Funding for Post-Confirmation Trust | $250,000 | Post-Confirmation Trust | October - February |
| | | | |

Debtor: Sklar Exploration Company, LLC and Sklarco, LLC
Case Nos.: 20-12377-EEB & 20-12380-EEB

## SCHEDULE C

Payments completed under the provisions of the plan are as follows:

**Administrative Payments/Fees and Taxes:**

| | |
|---|---:|
| 1.  Trustee's Commissions and Expenses | $ 0.00 |
| 2.  Accountant's Fees | $ 0.00 |
| 3.  Auctioneer's Fees | $ 0.00 |
| 4.  Appraiser's Fees | $ 0.00 |
| 5.  Attorney's Fees | |
|     a.  for creditor's committee | $ 274,703.62 |
|     b.  for trustee | $ 0.00 |
|     c.  for debtor | $ 313,489.60 |
|     d.  other attorney's fees | $ |
| 6.  Taxes, Fines, Penalties, etc. (11 U.S.C. § 502(b)(1)(B) & (C)) | $ |
| 7.  Other Non-Operating Costs of Administration (Please itemize on attached sheets) | $ 0.00 |
|         US Trustee Quarterly Fees | $ 209,575.00 |
|         Experts hired in case | $ 0.00 |
|         Other administrative, reimbursements | $ 14,794.76 |
|     TOTAL Administrative Payments/Fees and Taxes: | **$ 812,562.98** |

**Other Priority Payments:**

| | |
|---|---:|
| 1.  Post Involuntary Petition/Pre-relief Claims | $ 0.00 |
| 2.  Wages, etc. | $ 0.00 |
| 3.  Contributions to Employee Benefit Plans | $ 0.00 |
| 4.  Deposits for Undelivered Service or Property | $ 0.00 |
| 5.  Taxes (11 U.S.C. § 507(a)(8)) | $ 0.00 |
| 6.  11 U.S.C § 503(b)(9) claims | $ 0.00 |
| TOTAL Other Priority Payments: | $ |

**Other Payments Completed Under the Plan:**

| | |
|---|---:|
| 1.  Payments to Secured Creditors | $ 2,353,408.00 |
| 2.  Payments to Unsecured Creditors | $ 207,000.00[1] |
| 3.  Payments to Equity Holders | $ 23,000.00 |
| 4.  Other Distributions | $ 0.00 |
| TOTAL Other Payments Completed Under the Plan: | **$ 2,583,408.00** |

---

[1] Paid to Post-Confirmation Trust in accordance with the Confirmed Plan