# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br>Sklar Exploration Company, LLC,<br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br>Sklarco, LLC,<br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11<br><br>**Jointly Administered Under**<br>**Case No. 20-12377 EEB** |

## ORDER DENYING ENTRY OF FINAL DECREE WITHOUT PREJUDICE

THIS MATTER comes before the Court on the Final Report and Motion Final Decree ("Motion") filed by Debtors. The Motion requests entry of a final decree and closure of the Debtors' jointly administered bankruptcy cases.

Entry of a final decree is governed by 11 U.S.C. § 350(a), which provides that "[a]fter an estate is fully administered, and the court has discharged the trustee, the court shall close the case." Similarly, Federal Rule of Bankruptcy Procedure 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on a motion of a party in interest, shall enter a final decree closing the case." The Code does not define the term "fully administered" and this Court has discretion to make that determination on a case-by-case basis, considering a non-exhaustive list of factors set forth in the Advisory Committee Notes to Rule 3022. *In re Union Home and Indus., Inc.*, 375 B.R. 912, 917 (10th Cir. BAP 2007). Those factors are: "(1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved." Fed. R. Bankr. P. 3022 advisory committee's note (1991).

It is the sixth factor that presents a concern to the Court. At this time, there are several contested matters pending in Debtors' main bankruptcy case as well as at least

two adversary proceedings. The adversary proceedings can proceed regardless of the status of Debtors' main bankruptcy case. However, the pending contested matters prevent effective closure of the main case at this time. Entry of a final decree must await resolution of the contested matters. Accordingly, it is hereby

ORDERED that the Debtors' Motion is DENIED without prejudice to the Debtors seeking entry of a final decree after resolution of all pending contested matters.

DATED this 4th day of March, 2021.               BY THE COURT:

_____
Elizabeth E. Brown, Bankruptcy Judge