# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) <br> ) <br> SKLAR EXPLORATION COMPANY, LLC ) <br> EIN: 72-1417930 ) <br> ) <br> Debtor. ) <br> ) <br> In re: ) <br> ) <br> SKLARCO, LLC ) <br> EIN: 72-1425432 ) <br> ) <br> Debtor. ) | Case No. 20-12377 EEB <br> Chapter 11 <br><br><br><br><br> Case No. 20-12380 EEB <br> Chapter 11 <br><br> **Jointly Administered** |

## NOTICE OF DEFAULT PURSUANT TO §§ 8.17 AND 11.2
## OF CONFIRMED CHAPTER 11 PLAN

Louisiana Tower Operating LLC ("LTO"), by and through its undersigned counsel, hereby gives Notice of Default Pursuant to §§ 8.17 and 11.2 of Confirmed Chapter 11 Plan (this "Notice"). Pursuant to this Notice, payment of **$64,719.56** in administrative expenses are immediately due and payable, and in any event no later than ten (10) days from the date of this Notice, **March 17, 2022**.

### I. BACKGROUND

1. On April 1, 2020 (the "Petition Date"), Sklar Exploration Company, LLC and Sklarco, LLC (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned jointly administered chapter 11 cases.

2. On August 24, 2021, the Court confirmed the Debtors' Second Amended and Restated Plan of Reorganization Dated December 18, 2020, as Amended (the "Plan"). Dkt. #1385; #1433.

3. The Plan became effective on September 7, 2021 (the "Effective Date"). *See* Dkt. #1457.

4. Before the Petition Date, LTO's predecessor in interest and Sklar Exploration Company, LLC ("SEC") entered into a lease dated February 8, 1999 (the "Original Lease") for certain space known as Suite 1601, located on the 16th floor of the building known as Louisiana Tower, the address of which is 401 Edwards Street, Shreveport, Louisiana, 71101 (the "Louisiana Office").

5. The Original Lease was amended by: that certain Lease Amendment No. 1 dated April 3, 2000; that certain Lease Amendment No. 2 dated October 17, 2000; that certain Third Amendment to Lease dated March 30, 2001; that certain Fourth Amendment to Lease dated July 19, 2004; that certain Fifth Amendment to Lease dated March 12, 2006; that certain Sixth Amendment to Lease dated November 21, 2007; that certain Seventh Amendment to Lease dated April 18, 2008; that certain Eighth Amendment to Lease dated May 26, 2011; that certain Ninth Amendment to Lease dated September 16, 2016; and that certain Tenth Amendment to Lease dated January 30, 2019 (collectively with the Original Lease, the "LTO Lease"). *See* Dkt. #1482-1.

6. On October 21, 2021, LTO filed its Motion for Administrative Expense Claim. Dkt. #1482. On November 19, 2021, the Court entered its Order Granting Motion to Allow Administrative Expense Claim (Louisiana Tower Operating LLC) (Dkt. #1542, the "Administrative Expense Order"), granting LTO an allowed administrative expense claim of $41,131.50 plus interest at 12%, or in such greater amount as proven at trial and as accruing until the Debtors (specifically lessee, SEC) vacate the Louisiana Office and surrender possession.

7. Section 3.1 of the Plan provides for payment of administrative expense claims "on the latest of (i) the Effective Date, (ii) the date that is five (5) Business Days after the date an

Administrative Claim becomes an Allowed Administrative Claim, or (iii) the date that is five (5) Business Days after the date an Allowed Administrative Claim becomes payable pursuant to any agreement between the applicable Debtor, as the case may be, and the Holder of such Administrative Claim."

8. Notwithstanding the Administrative Expense Order, the deadlines contemplated by the Plan, and LTO's repeated requests through counsel, the Debtors have failed to pay LTO's administrative expense claim, and have failed to respond in any meaningful way to repeated requests.

9. Furthermore, SEC remained in possession and occupied the Louisiana Office through at least December 29, 2021,[1] incurring additional rent and charges as a holdover tenant under the LTO Lease as follows:

| | |
|---|---:|
| November 2021 rent at holdover rate of 150% | $11,096.07 |
| December 2021 rent for 28 days at holdover rate of 150% | $10,022.25 |
| Late fees for November and December 2021 | $400.00 |
| **Total** | **$21,518.32** |

10. Pursuant to the LTO Lease and the Administrative Expense Order, LTO is also entitled to payment of attorneys' fees incurred (and continuing to accrue) in connection with this Notice. *See, e.g.*, *Travelers Cas. & Su. Co. of Am. v. Pacific Gas and El. Co.*, 549 U.S. 443, 448 (2007) (holding that a party is entitled to be reimbursed for its attorneys' fees when there exists an "enforceable contract allocating attorneys' fees"); *In re Exchange Resources, Inc.*, 214 B.R. 366, 371 (Bankr. D. Minn. 1997) (legal fees incurred by landlord in collecting post-petition rent "give(s) rise to a priority administrative-expense claim allowable and payable now").

---

[1] LTO sold the Louisiana Tower building on December 29, 2021; the undersigned nevertheless is informed and understands that SEC remains in possession of the leasehold space to date, notwithstanding rejection of the lease under the Plan, as of the Effective Date.

3

11. LTO has incurred attorneys' fees of $178.50 for November 2021 and $476.00 for December 2021, totaling $654.50.

12. Under Article 16 of the LTO Lease and the Administrative Expense Order, interest is to accrue at the default rate of 12%, totaling $1,415.24 in interest for the time period of December 29, 2021, through March 7, 2022.

13. LTO's current administrative expense claim, with interest, thus totals **$64,719.56** as follows:

| | |
|---|---|
| Allowed administrative expense claim through October 18, 2021 | $41,131.50 |
| Rent and late fees for November and December 2021 | $21,518.32 |
| Attorneys' fees for November and December 2021 | $654.50 |
| Interest | $1,415.24 |
| **Total** | **$64,719.56** |

14. Section 8.17 of the Plan provides default remedies. Upon default, creditors may "enforce all rights and remedies . . . for breach of contract or as otherwise allowed under applicable State and Federal Law, including but not limited to seeking to enforce the terms of Plan in Bankruptcy Court pursuant to Section 11.2."

15. Section 11.2 provides for retention of jurisdiction and contains a notice provision, stating: "Any creditor claiming a breach by one or both of the Reorganized Debtors must provide written notice to the applicable Reorganized Debtor(s) of the claimed default, the notice must provide the applicable Reorganized Debtor(s) a ten (10) day period within which to cure the claimed default. Upon the Reorganized Debtor's failure to cure the default within such ten-day period, the creditor may proceed to exercise their rights and remedies."

4

16. Through this Notice, pursuant to Section 11.2 of the Plan, LTO hereby gives notice of default to the Debtors, and specifically to SEC and the Liquidating Trustee. Pursuant to the ten (10) day cure period under the Plan, **$64,719.56** is due and payable no later than **March 17, 2022**.[2]

17. Should Debtors fail to cure the default within such ten-day period, LTO may proceed to exercise their rights and remedies, which may include but is not limited to seeking dismissal or conversion of these cases pursuant to 11 U.S.C. § 1112(4)(E), (M), and/or (N).

WHEREFORE, for all of the foregoing reasons, Louisiana Tower Operating, LLC respectfully submits this Notice of default and demands immediate payment of LTO's full administrative expense claim of **$64,719.56**.

Dated: March 7, 2022.

**BALLARD SPAHR LLP**

By: */s/ Theodore J. Hartl*
Theodore J. Hartl , #32409
1225 17th Street, Suite 2300
Denver, CO, 80202-5596
Telephone: (303) 232-2400
Facsimile: (303) 296-3956
Email: hartlt@ballardspahr.com

*Attorneys for Louisiana Tower Operating LLC*

---

[2] Given LTO's sale of the Louisiana Tower building, electronic payments to LTO's lockbox are not possible, and payment must be delivered to the undersigned counsel, or to LTO c/o Jeffrey Scweitzer 545 E. John Carpenter Freeway, Suite 1650 Las Colinas, TX 75062.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 7, 2022, a true and correct copy of the foregoing **NOTICE OF DEFAULT PURSUANT TO §§ 8.17 AND 11.2 OF CONFIRMED CHAPTER 11 PLAN** was served electronically via the Court's CM/ECF notice system to all parties of record, and via U.S. Mail, first class postage prepaid, to the addresses listed below.

Sklar Exploration Company, LLC
5395 Pearl Parkway
Suite 200
Boulder, CO 80301

Sklarco, LLC
5395 Pearl Parkway
Suite 200
Boulder, CO 80301

Keri L. Riley
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln Street
Suite 1720
Denver, CO 80264

Thomas M. Kim
r2 advisors llc
1518 Blake Street
Denver, CO 80202-1322

Grant Matthew Beiner
John Cornwell
Munsch Hardt Kopf & Harr, PC
700 Milam Street
Suite 2700
Houston, TX 77002

Christopher D. Johnson
Diamond McCarthy LLP
909 Fannin Street, Suite 3700
Houston, Texas 77010

/s/ Brandon Blessing