United States Bankruptcy Court
District of Colorado

In re:   Case No. 20-12377-EEB
Sklar Exploration Company, LLC   Chapter 11
Sklarco, LLC
    Debtors

# CERTIFICATE OF NOTICE

District/off: 1082-1    User: admin    Page 1 of 10
Date Rcvd: Mar 14, 2022    Form ID: pdf904    Total Noticed: 50

The following symbols are used throughout this certificate:
**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

\#    Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

\#\#    Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 16, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/db | + | Sklar Exploration Company, LLC, Sklarco, LLC, 5395 Pearl Parkway, Suite 200, Boulder, CO 80301-2541 |
| aty | + | Benjamin Y. Ford, RSA Tower, 27th Floor, 11 North Water Street, Mobile, AL 36602-3809 |
| aty | + | Cook, Yancey, King & Galloway, APLC, 333 Texas Street, Suite 1700, P.O. Box 22260, Shreveport, LA 71120-2260 |
| cr | + | AEEC II, LLC, 333 Texas Street, #2020, Shreveport, LA 71101-3680 |
| cr | + | AEH Investments, LLC, 333 Texas Street, Suite 1414, Shreveport, LA 71101-3678 |
| cr | + | Anderson Exploration Energy Company, LC, 333 Texas Street, #2020, Shreveport, LA 71101-3680 |
| cr | + | Baker Hughes Holdings, LLC FKA Baker Hughes, a GE, C/O Christopher J. Ryan, 17021 Aldine Westfield Road, Houston, TX 77073-5101 |
| cr | + | Barbara P Lawrence, 55 Hill Circle, Evergreen, CO 80439-4618 |
| cr | + | Barnette & Benefield, Inc., PO Box 550, Haynesville, LA 71038-0550 |
| cr | + | Bundero Investment Company, LLC, 401 Edwards Street, Suite 820, Shreveport, LA 71101-5521 |
| cr | + | Colorado Department Of Revenue, 1881 Pierce St., Bankruptcy Unit, Room 104, Lakewood, CO 80214-3503 |
| cr | + | Estate of Pamela Page, Deceased, P.O. Box 374, Evergreen, CO 80437-0374 |
| cr | + | Foote Oil and Gas Properties, LLC, 1655 Prudential Drive, #161B, Jacksonville, FL 32207-8105 |
| cr | + | Franks Exploration Company, LLC, P.O. Box 7655, Shreveport, LA 71137-7655 |
| cr | + | Hughes Oil South, LLC, P.O. Box 608, Oxford, MS 38655-0608 |
| cr | + | I & L Miss I, LP, 4761 Frank Luck Dr, Addison, TX 75001-3202 |
| cr | + | J&A Harris, LP, 333 Texas Street, Suite 1414, Shreveport, LA 71101-3678 |
| intp | #+ | J. Marshall Jones, 920 Arapahoe, Louisville, CO 80027-1092 |
| cr | + | John H. Smith, c/o Quitman Tank Solutions, LLC, PO Box 90, Quitman, MS 39355-0090 |
| cr | + | KMR Investments, LLC, P.O. Box 417, Homer, LA 71040-0417 |
| cr | + | Kingston, LLC, 2790 South Thompson Street, Suite 102, Springdale, AR 72764-6303 |
| cr | + | Kodiak Gas Services, LLC, 15320 Hwy. 105, Suite 210, Montgomery, TX 77356-2602 |
| cr | + | NexTier Completion Solutions, Inc., c/o Allen Bryson, PLLC, 211 N. Center St., Longview, TX 75601-7221 |
| cr | + | Pearl Parkway, LLC, 2595 Canyon Blvd., Ste 230, Boulder, CO 80302-6737 |
| cr | + | Pickens Financial Group, LLC, 10100 N. Central Expressway, Suite 200, Dallas, TX 75231-4169 |
| cr | + | Stoneham Drilling Corporation, c/o Bradley, Attn: James B. Bailey, 1819 Fifth Avenue North, Birmingham, AL 35203-2120 |
| cr | + | Sugar Oil Properties, L.P., 625 Market Street, Suite 100, Shreveport, LA 71101-5392 |
| cr | + | TCP Cottonwood, L.P., 333 Texas Street, #2020, Shreveport, LA 71101-3680 |
| cr | + | Tauber Exploration & Production Company, 55 Waugh Drive, Suite 700, Houston, TX 77007-5837 |
| intp | | The Juneau Group, 2386A Rice Blvd. #232, Houston, TX 77005 |
| 18754408 | + | Anderson Investment Holdings, LP, AEEC II, LLC, 333 Texas Street, Suite 2020, Shreveport, LA 71101-3680 |
| 18754411 | + | Apple River Investments, L.L.C., Attn Robert M. Boeve, President, 1503 Garfield Road North, Traverse City, MI 49696-1111 |
| 18754484 | + | East West Bank Treasury Department, 135 North Los Robles Avenue, Suite 600, ATTN Linda Cox, Pasadena, CA 91101-4549 |
| 18754497 | + | Fant Energy Limited, P.O. Box 55205, Houston, TX 77255-5205 |
| 18754529 | + | H&H Construction, LLC, Ladon E. Hall, Sole Manager, P.O. Box 850, Flomaton, AL 36441-0850 |
| 18754560 | | JD Fields & Company, Inc., P.O. Box 134401, Houston, TX 77219-4401 |
| 18754567 | + | JJS Working Interest LLC, 2001 Kirby Dr, Suite 1110, Houston, TX 77019-6081 |
| 18754578 | + | Kelley Brothers Contractors, Inc., P.O. Drawer 1079, Waynesboro, MS 39367-1079 |
| 18754588 | + | Kudzu Oil Properties, LLC, 300 Concourse Blvd, Suite 101, Ridgeland, MS 39157-2091 |
| 18754612 | + | Meritage Energy, Ltd., C/O BKD, LLP, 2700 Post Oak Blvd, Ste 1500, Houston, TX 77056-5829 |

| District/off: 1082-1 | User: admin | Page 2 of 10 |
|---|---|---|
| Date Rcvd: Mar 14, 2022 | Form ID: pdf904 | Total Noticed: 50 |

| | | |
|---|---|---|
| 18754613 | | Mesa Fluids, LLC, c/o Juno Financial, P.O. Box 173928, Denver, CO 80217-3928 |
| 18754664 | | Pro-Tek Field Services, LLC, P.O. Box 919269, Dallas, TX 75391-9269 |
| 18754666 | + | Pruet Oil Company, LLC, 217 West Capitol St. Ste 201, Jackson, MS 39201-2099 |
| 18754673 | + | Rapad Well Service Co., Inc., 217 West Capitol Street, Jackson, MS 39201-2004 |
| 18754735 | + | TCP Cottonwood, L.P., 333 Texas Street, Suite 2020, Shreveport, LA 71101-3680 |
| 18754760 | + | Union Oilfield Supply, Inc., 12 John Dykes Road, Waynesboro, MS 39367-8371 |

TOTAL: 46

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: cmccord@mccordprod.com | Mar 14 2022 22:08:00 | CTM 2005, Ltd., 55 Waugh Drive, Suite 515, Houston, TX 77007-5840 |
| cr | + | Email/Text: bankruptcy@coag.gov | Mar 14 2022 22:08:00 | Colorado Department of Law, 1300 Broadway, 8th Floor, Denver, CO 80203-2104 |
| cr | | Email/Text: tim.swanson@moyewhite.com | Mar 14 2022 22:08:00 | Kudzu Oil Properties, LLC, c/o Timothy M. Swanson, Moye White LLP, 1400 16th Street, 6th Floor, Denver, CO 80202 |
| intp | + | Email/Text: aodonnell@r2llc.com | Mar 14 2022 22:08:00 | Thomas M. Kim, r2 advisors llc, 1518 Blake Street, Denver, CO 80202-1322 |

TOTAL: 4

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Hall Management, LLC, 4913 Oak Point Drive |
| 18754510 | ##+ | FPCC USA, Inc., 245 Commerce Green Blvd, Ste 250, Sugar Land, TX 77478-3760 |
| 18754598 | ## | Lucas Petroleum Group, Inc., 327 Congress Avenue, Suite 500, Austin, TX 78701-3656 |
| 18754720 | ##+ | Stoneham Drilling Corporation, 707 17th Street, Suite 3250, Denver, CO 80202-3433 |
| 18754721 | ## | Strago Petroleum Corporation, 3209 Hamm Road, Pearland, TX 77581-5503 |

TOTAL: 1 Undeliverable, 0 Duplicate, 4 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 16, 2022     Signature:     /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 14, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Adam L. Hirsch | on behalf of Interested Party Howard F. Sklar adam.hirsch@dgslaw.com robin.anderson@dgslaw.com |

| | | |
|---|---|---|
| District/off: 1082-1 | User: admin | Page 3 of 10 |
| Date Rcvd: Mar 14, 2022 | Form ID: pdf904 | Total Noticed: 50 |

Adam L. Hirsch
    on behalf of Interested Party Howard Sklar Trust adam.hirsch@dgslaw.com robin.anderson@dgslaw.com

Adam L. Hirsch
    on behalf of Plaintiff Howard F. Sklar adam.hirsch@dgslaw.com robin.anderson@dgslaw.com

Amy Vazquez
    on behalf of Creditor FPCC USA Inc. avazquez@joneswalker.com

Andrew James Shaver
    on behalf of Creditor Premium Oilfield Services LLC ashaver@bradley.com

Armistead Mason Long
    on behalf of Creditor Pine Island Chemical Solutions L.L.C. along@gamb.law

Barnet B Skelton, Jr
    on behalf of Plaintiff The Rudman Partnership barnetbjr@msn.com

Barnet B Skelton, Jr
    on behalf of Creditor Rudman Partnership barnetbjr@msn.com

Barnet B Skelton, Jr
    on behalf of Creditor MER Energy LTD barnetbjr@msn.com

Barnet B Skelton, Jr
    on behalf of Creditor MR Oil & Gas LLC barnetbjr@msn.com

Barnet B Skelton, Jr
    on behalf of Creditor I & L Miss I LP barnetbjr@msn.com

Barnet B Skelton, Jr
    on behalf of Creditor The Rudman Partnership barnetbjr@msn.com

Barnet B Skelton, Jr
    on behalf of Creditor CTM 2005 Ltd. barnetbjr@msn.com

Belinda Harrison
    belindapittsharrison@gmail.com belindapittsharrison@gmail.com

Benjamin Young Ford
    on behalf of Spec. Counsel Armbrecht Jackson LLP byf@ajlaw.com, chs@ajlaw.com

Brent R. Cohen
    on behalf of Creditor Fant Energy Limited bcohen@lewisroca.com brent-cohen-8759@ecf.pacerpro.com,jeastin@lrrc.com

Brian Rich
    on behalf of Creditor Fletcher Exploration LLC brich@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com

Brian Rich
    on behalf of Creditor Fletcher Petroleum Company LLC brich@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com

Brian Rich
    on behalf of Creditor Fletcher Petroleum Corp. brich@bergersingerman.com efile@bergersingerman.com;efile@ecf.inforuptcy.com

Bryce Suzuki
    on behalf of Creditor East-West Bank bsuzuki@swlaw.com tina.daniels@bclplaw.com

Bryce Suzuki
    on behalf of Defendant East West Bank bsuzuki@swlaw.com tina.daniels@bclplaw.com

Bryce Suzuki
    on behalf of Intervenor East West Bank bsuzuki@swlaw.com tina.daniels@bclplaw.com

Christopher Meredith
    on behalf of Creditor Coastal Exploration Inc. cmeredith@cctb.com, bankruptcy-group@cctb.com;CCTBbankruptcyteam@ecf.courtdrive.com

Christopher Meredith
    on behalf of Attorney Copeland Cook, Taylor & Bush, P.A. cmeredith@cctb.com, bankruptcy-group@cctb.com;CCTBbankruptcyteam@ecf.courtdrive.com

Christopher Meredith
    on behalf of Creditor Eastern Fishing & Rental Tool Company Inc. cmeredith@cctb.com, bankruptcy-group@cctb.com;CCTBbankruptcyteam@ecf.courtdrive.com

Christopher Meredith
    on behalf of Creditor Fletcher Petroleum Corp. cmeredith@cctb.com bankruptcy-group@cctb.com;CCTBbankruptcyteam@ecf.courtdrive.com

Christopher Meredith

| | | |
|---|---|---|
| District/off: 1082-1 | User: admin | Page 4 of 10 |
| Date Rcvd: Mar 14, 2022 | Form ID: pdf904 | Total Noticed: 50 |

| | |
|---|---|
| | on behalf of Creditor PAR Minerals Corporation cmeredith@cctb.com bankruptcy-group@cctb.com;CCTBbankruptcyteam@ecf.courtdrive.com |
| Christopher D. Johnson | |
| | on behalf of Creditor Committee The Official Committee of Unsecured Creditors chris.johnson@diamondmccarthy.com amanda.heydrick@diamondmccarthy.com |
| Christopher D. Johnson | |
| | on behalf of Interested Party Thomas M. Kim chris.johnson@diamondmccarthy.com amanda.heydrick@diamondmccarthy.com |
| Christopher D. Johnson | |
| | on behalf of Defendant Thomas Kim Trustee of the Sklar Creditors Trust chris.johnson@diamondmccarthy.com, amanda.heydrick@diamondmccarthy.com |
| Christopher M. Crowley | |
| | on behalf of Creditor Liquid Gold Well Service Inc. ccrowley@fncmlaw.com |
| Daniel L. Bray | |
| | on behalf of Creditor Weatherford U.S. L.P. daniel.bray@huschblackwell.com, ann.stolfa@huschblackwell.com;daniel-bray-5348@ecf.pacerpro.com |
| David M. Miller | |
| | on behalf of Creditor Bri-Chem Supply Corp. LLC dmiller@spencerfane.com, akarant@spencerfane.com |
| David R Taggart | |
| | on behalf of Creditor JH Howell Interests LP dtaggart@bradleyfirm.com, kburnley@bradleyfirm.com,nmobley@bradleyfirm.com |
| David R Taggart | |
| | on behalf of Creditor JF Howell Interests LP dtaggart@bradleyfirm.com, kburnley@bradleyfirm.com,nmobley@bradleyfirm.com |
| David R Taggart | |
| | on behalf of Interested Party JF Howell Interests LP dtaggart@bradleyfirm.com, kburnley@bradleyfirm.com,nmobley@bradleyfirm.com |
| David W. Drake | |
| | on behalf of Creditor Ford Motor Credit Company LLC co.ecf@bdfgroup.com |
| David W. Hall | |
| | davidwendallhall@gmail.com |
| Deanna L. Westfall | |
| | on behalf of Creditor Colorado Department Of Revenue deanna.westfall@coag.gov Robert.padjen@coag.gov;jade.darnell@coag.gov |
| Deirdre Carey Brown | |
| | on behalf of Creditor Maren Silberstein Revocable Trust dcb@dcbfirm.com |
| Duane Brescia | |
| | on behalf of Creditor Seitel Data Ltd. dbrescia@clarkhill.com, djaenike@clarkhill.com;ckclark@clarkhill.com |
| Duane Brescia | |
| | on behalf of Creditor Lucas Petroleum Group Inc. dbrescia@clarkhill.com, djaenike@clarkhill.com;ckclark@clarkhill.com |
| Duane Brescia | |
| | on behalf of Attorney Clark Hill Strasburger dbrescia@clarkhill.com djaenike@clarkhill.com;ckclark@clarkhill.com |
| Elizabeth Helen Weller | |
| | on behalf of Creditor McLeod ISD Dora.Casiano-Perez@lgbs.com dallas.bankruptcy@lgbs.com |
| Elizabeth Helen Weller | |
| | on behalf of Creditor Atlanta ISD Dora.Casiano-Perez@lgbs.com dallas.bankruptcy@lgbs.com |
| Elizabeth Helen Weller | |
| | on behalf of Creditor Linden-Kildare CISD Dora.Casiano-Perez@lgbs.com dallas.bankruptcy@lgbs.com |
| Epiq Systems | |
| | on behalf of Claims Agent Epiq Corporate Restructuring LLC rjacobs@ecf.epiqsystems.com |
| Florence Bonaccorso-Saenz | |
| | on behalf of Creditor Louisiana Department of Revenue florence.saenz@la.gov |
| Glenn Taylor | |
| | on behalf of Creditor Coastal Exploration Inc. gtaylor@cctb.com |
| Glenn Taylor | |
| | on behalf of Creditor PAR Minerals Corporation gtaylor@cctb.com |
| Glenn Taylor | |
| | on behalf of Creditor Eastern Fishing & Rental Tool Company Inc. gtaylor@cctb.com |
| Grant Matthew Beiner | |
| | on behalf of Creditor Committee The Official Committee of Unsecured Creditors gbeiner@munsch.com |

| | | |
|---|---|---|
| District/off: 1082-1 | User: admin | Page 5 of 10 |
| Date Rcvd: Mar 14, 2022 | Form ID: pdf904 | Total Noticed: 50 |

|  |  |
|---|---|
| | hvalentine@munsch.com,scurry@munsch.com |
| Grant Matthew Beiner | |
| | on behalf of Interested Party Thomas Kim gbeiner@munsch.com  hvalentine@munsch.com,scurry@munsch.com |
| J. Eric Lockridge | |
| | on behalf of Creditor Sugar Oil Properties  L.P. eric.lockridge@keanmiller.com, Stephanie.gray@keanmiller.com,3303634420@filings.docketbird.com |
| J. Eric Lockridge | |
| | on behalf of Creditor Anderson Exploration Energy Company  L.C. eric.lockridge@keanmiller.com, Stephanie.gray@keanmiller.com,3303634420@filings.docketbird.com |
| J. Eric Lockridge | |
| | on behalf of Creditor TCP Cottonwood  L.P. eric.lockridge@keanmiller.com, Stephanie.gray@keanmiller.com,3303634420@filings.docketbird.com |
| J. Eric Lockridge | |
| | on behalf of Creditor AEEC II  LLC eric.lockridge@keanmiller.com, Stephanie.gray@keanmiller.com,3303634420@filings.docketbird.com |
| J. Eric Lockridge | |
| | on behalf of Creditor Anderson Exploration Energy Company  LC eric.lockridge@keanmiller.com, Stephanie.gray@keanmiller.com,3303634420@filings.docketbird.com |
| James B. Bailey | |
| | on behalf of Creditor Stoneham Drilling Corporation jbailey@bradley.com  ashaver@bradley.com,jbailey@ecf.courtdrive.com |
| Jeffery Dayne Carruth | |
| | on behalf of Creditor Halliburton Energy Services  Inc. jcarruth@wkpz.com |
| Jeffrey R. Barber | |
| | on behalf of Creditor FPCC USA  Inc. jbarber@joneswalker.com, jmaxey@joneswalker.com;mgreen@joneswalker.com |
| Jeffrey S. Brinen | |
| | on behalf of Debtor Sklar Exploration Company  LLC jsb@kutnerlaw.com, vlm@kutnerlaw.com |
| Jeffrey S. Brinen | |
| | on behalf of Debtor Sklarco  LLC jsb@kutnerlaw.com, vlm@kutnerlaw.com |
| Jennifer Hardy | |
| | on behalf of Creditor JJS Interests Steele Kings  LLC jhardy2@willkie.com, mao@willkie.com |
| Jennifer Hardy | |
| | on behalf of Creditor JJS Working Interests  LLC jhardy2@willkie.com, mao@willkie.com |
| Jennifer Hardy | |
| | on behalf of Creditor JJS Interests North Beach  LLC jhardy2@willkie.com, mao@willkie.com |
| Jennifer Hardy | |
| | on behalf of Creditor JJS Interests Escambia  LLC jhardy2@willkie.com, mao@willkie.com |
| Jennifer Hardy | |
| | on behalf of Creditor JJS Interests West Arcadia  LLC jhardy2@willkie.com, mao@willkie.com |
| Jennifer Norris Soto | |
| | on behalf of Creditor Barnette & Benefield  Inc. jennifersoto@arklatexlaw.com, curtisshelton@arklatexlaw.com, |
| Jenny M.F. Fujii | |
| | on behalf of Defendant Sklar Exploration Company  LLC jmf@kutnerlaw.com, vlm@kutnerlaw.com |
| Jenny M.F. Fujii | |
| | on behalf of Debtor Sklar Exploration Company  LLC jmf@kutnerlaw.com, vlm@kutnerlaw.com |
| Jenny M.F. Fujii | |
| | on behalf of Cross-Claimant Sklar Exploration Company  LLC jmf@kutnerlaw.com, vlm@kutnerlaw.com |
| Jenny M.F. Fujii | |
| | on behalf of Debtor Sklarco  LLC jmf@kutnerlaw.com, vlm@kutnerlaw.com |
| Jeremy L Retherford | |
| | on behalf of Creditor RAPAD Well Service Co.  Inc. jretherford@balch.com, kskelton@balch.com,skynerd@pruet.com |
| Jeremy L Retherford | |
| | on behalf of Creditor Pruet Production Co. jretherford@balch.com  kskelton@balch.com,skynerd@pruet.com |
| Jeremy L Retherford | |
| | on behalf of Plaintiff Pruet Production Co. jretherford@balch.com  kskelton@balch.com,skynerd@pruet.com |
| Jeremy L Retherford | |
| | on behalf of Creditor Pruet Oil Company  LLC jretherford@balch.com, kskelton@balch.com,skynerd@pruet.com |
| Jeremy L Retherford | |

District/off: 1082-1 User: admin Page 6 of 10
Date Rcvd: Mar 14, 2022 Form ID: pdf904 Total Noticed: 50

| | |
|---|---|
| | on behalf of Interested Party Pruet Production Co. jretherford@balch.com kskelton@balch.com,skynerd@pruet.com |
| Jim F Spencer, Jr | |
| | on behalf of Creditor Landmark Exploration LLC jspencer@watkinseager.com, mryan@watkinseager.com |
| Jim F Spencer, Jr | |
| | on behalf of Creditor Lexington Investments LLC jspencer@watkinseager.com, mryan@watkinseager.com |
| Jim F Spencer, Jr | |
| | on behalf of Creditor Landmark Oil and Gas LLC jspencer@watkinseager.com, mryan@watkinseager.com |
| Jim F Spencer, Jr | |
| | on behalf of Creditor Stone Development LLC jspencer@watkinseager.com, mryan@watkinseager.com |
| John Cornwell | |
| | on behalf of Creditor Committee The Official Committee of Unsecured Creditors jcornwell@munsch.com hvalentine@munsch.com;john-cornwell-6088@ecf.pacerpro.com |
| John H Bernstein | |
| | on behalf of Creditor Pearl Parkway LLC john.bernstein@kutakrock.com, trina.rioux@kutakrock.com |
| John Thomas Oldham | |
| | on behalf of Creditor Kodiak Gas Services LLC joldham@okinadams.com, bmoore@okinadams.com |
| Jonathan Dickey | |
| | on behalf of Creditor Foote Oil & Gas Properties LLC jmd@kutnerlaw.com, vlm@kutnerlaw.com |
| Jordan B. Bird | |
| | on behalf of Creditor KMR Investments LLC jordan.bird@cookyancey.com |
| Jordan B. Bird | |
| | on behalf of Creditor Bundero Investment Company LLC jordan.bird@cookyancey.com |
| Jordan B. Bird | |
| | on behalf of Attorney Cook Yancey, King & Galloway, APLC jordan.bird@cookyancey.com |
| Jordan B. Bird | |
| | on behalf of Creditor J&A Harris LP jordan.bird@cookyancey.com |
| Jordan B. Bird | |
| | on behalf of Creditor Hughes Oil South LLC jordan.bird@cookyancey.com |
| Jordan B. Bird | |
| | on behalf of Creditor Franks Exploration Company LLC jordan.bird@cookyancey.com |
| Jordan B. Bird | |
| | on behalf of Creditor Hall Management LLC jordan.bird@cookyancey.com |
| Jordan B. Bird | |
| | on behalf of Creditor Kingston LLC jordan.bird@cookyancey.com |
| Jordan B. Bird | |
| | on behalf of Creditor AEH Investments LLC jordan.bird@cookyancey.com |
| Joseph D. DeGiorgio | |
| | on behalf of Creditor Ford Motor Credit Company LLC josephde@bdfgroup.com |
| Joseph Eric Bain | |
| | on behalf of Creditor FPCC USA Inc. jbain@joneswalker.com, kvrana@joneswalker.com;joseph-bain-8368@ecf.pacerpro.com |
| Katherine A Ross | |
| | on behalf of Creditor Bureau of Land Management katherine.ross@usdoj.gov USACO.ECFCivil@usdoj.gov;caseview.ecf@usdoj.gov;megan.ingebrigtsen@usdoj.gov |
| Katherine A Ross | |
| | on behalf of Creditor Office of Natural Resources Revenue katherine.ross@usdoj.gov USACO.ECFCivil@usdoj.gov;caseview.ecf@usdoj.gov;megan.ingebrigtsen@usdoj.gov |
| Katherine A Ross | |
| | on behalf of Creditor Internal Revenue Service katherine.ross@usdoj.gov USACO.ECFCivil@usdoj.gov;caseview.ecf@usdoj.gov;megan.ingebrigtsen@usdoj.gov |
| Katherine Guidry Douthitt | |
| | on behalf of Creditor Dickson Oil & Gas L.L.C. kdouthitt@bwor.com |
| Katherine Guidry Douthitt | |
| | on behalf of Creditor C. Bickham Dickson III kdouthitt@bwor.com |
| Keith D. Tooley | |
| | on behalf of Defendant Baker Hughes Oilfield Operations Inc. ktooley@wsmtlaw.com |
| Keith D. Tooley | |
| | on behalf of Defendant Kelley Brothers Contractors Inc. ktooley@wsmtlaw.com |

| | | |
|---|---|---|
| District/off: 1082-1 | User: admin | Page 7 of 10 |
| Date Rcvd: Mar 14, 2022 | Form ID: pdf904 | Total Noticed: 50 |

Keith D. Tooley
    on behalf of Defendant GE Oil & Gas Pressure Control LP ktooley@wsmtlaw.com

Keith D. Tooley
    on behalf of Defendant Sklar Exploration Company LLC ktooley@wsmtlaw.com

Keith D. Tooley
    on behalf of Plaintiff Southeast Alabama Gas District ktooley@wsmtlaw.com

Kelsey Jamie Buechler
    on behalf of Creditor Foote Oil and Gas Properties LLC jamie@kjblawoffice.com, Sharon@kjblawoffice.com

Kelsey Jamie Buechler
    on behalf of Creditor Foote Oil & Gas Properties LLC jamie@kjblawoffice.com, Sharon@kjblawoffice.com

Keri L. Riley
    on behalf of Defendant Sklar Exploration Company LLC klr@kutnerlaw.com, vlm@kutnerlaw.com

Keri L. Riley
    on behalf of Debtor Sklarco LLC klr@kutnerlaw.com, vlm@kutnerlaw.com

Keri L. Riley
    on behalf of Defendant Sklarco LLC klr@kutnerlaw.com, vlm@kutnerlaw.com

Keri L. Riley
    on behalf of Debtor Sklar Exploration Company LLC klr@kutnerlaw.com, vlm@kutnerlaw.com

Kevin S. Neiman
    on behalf of Creditor Plains Gas Solutions LLC kevin@ksnpc.com

Kevin S. Neiman
    on behalf of Plaintiff Plains Marketing L.P. kevin@ksnpc.com

Kevin S. Neiman
    on behalf of Counter-Defendant Plains Marketing L.P. kevin@ksnpc.com

Kevin S. Neiman
    on behalf of Creditor Plains Marketing L.P. kevin@ksnpc.com

Laurie Spindler
    on behalf of Creditor Rusk County laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor Smith County laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor Atlanta ISD laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor Franklin County laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor McLeod ISD laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor Beckville ISD laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor Gregg County laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor Wood County laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor Upshur County laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor Linden-Kildate CISD laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor Marion County laurie.spindler@lgbs.com
    Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

| | | |
|---|---|---|
| District/off: 1082-1 | User: admin | Page 8 of 10 |
| Date Rcvd: Mar 14, 2022 | Form ID: pdf904 | Total Noticed: 50 |

Laurie Spindler
    on behalf of Creditor Camp CAD laurie.spindler@lgbs.com Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie Spindler
    on behalf of Creditor Frankston ISD laurie.spindler@lgbs.com Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com;dallas.bankruptcy@lgbs.com

Lee M. Kutner
    on behalf of Debtor Sklar Exploration Company LLC vlm@kutnerlaw.com

Lee M. Kutner
    on behalf of Debtor Sklarco LLC vlm@kutnerlaw.com

Madison M. Tucker
    on behalf of Creditor FPCC USA Inc. mtucker@joneswalker.com, madison-tucker-7703@ecf.pacerpro.com

Mario A Lamar
    on behalf of Creditor NexTier Completion Solutions Inc. mlamar@allenbrysonlaw.com

Matthew Okin
    on behalf of Creditor Kodiak Gas Services LLC mokin@okinadams.com

Matthew J Ochs
    on behalf of Plaintiff Pruet Production Co. mjochs@hollandhart.com tldevlin@hollandhart.com

Matthew J Ochs
    on behalf of Creditor Pruet Production Co. mjochs@hollandhart.com tldevlin@hollandhart.com

Matthew J Ochs
    on behalf of Creditor Pruet Oil Company LLC mjochs@hollandhart.com, tldevlin@hollandhart.com

Matthew J Ochs
    on behalf of Debtor Sklarco LLC mjochs@hollandhart.com, tldevlin@hollandhart.com

Matthew J Ochs
    on behalf of Creditor RAPAD Well Service Co. Inc. mjochs@hollandhart.com, tldevlin@hollandhart.com

Michael Niles
    on behalf of Creditor Fletcher Exploration LLC mniles@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com

Michael Niles
    on behalf of Creditor Fletcher Petroleum Company LLC mniles@bergersingerman.com, efile@bergersingerman.com;efile@ecf.inforuptcy.com

Michael Niles
    on behalf of Creditor Fletcher Petroleum Corp. mniles@bergersingerman.com efile@bergersingerman.com;efile@ecf.inforuptcy.com

Michael Schuster
    on behalf of Interested Party Louisiana Tower Operating LLC schusterm@ballardspahr.com henningc@ballardspahr.com;LitDocket_West@ballardspahr.com

Michael D Rubenstein
    on behalf of Interested Party BPX Properties (NA) LP mdrubenstein@liskow.com

Michael D Rubenstein
    on behalf of Interested Party BP America Production Company mdrubenstein@liskow.com

Michael J. Guyerson
    on behalf of Creditor Estate of Pamela Page Deceased , Gabriel@kjblawoffice.com

Michael J. Guyerson
    on behalf of Creditor Barbara P Lawrence mike@kjblawoffice.com Gabriel@kjblawoffice.com

P. Matthew Cox
    on behalf of Creditor Ally Bank pmc@scmlaw.com mw@scmlaw.com

Paul Moss
    on behalf of U.S. Trustee US Trustee Paul.Moss@usdoj.gov

Robert Padjen
    on behalf of Creditor Colorado Department of Law Robert.padjen@coag.gov deanna.westfall@coag.gov

Robert L Paddock
    on behalf of Creditor Strago Petroleum Corporation rpaddock@buckkeenan.com myers@buckkeenan.com

Robert L Paddock
    on behalf of Creditor Gateway Exploration LLC rpaddock@buckkeenan.com, myers@buckkeenan.com

Robert L Paddock
    on behalf of Creditor Meritage Energy Ltd rpaddock@buckkeenan.com myers@buckkeenan.com

| | | |
|---|---|---|
| District/off: 1082-1 | User: admin | Page 9 of 10 |
| Date Rcvd: Mar 14, 2022 | Form ID: pdf904 | Total Noticed: 50 |

Robert L Paddock
    on behalf of Creditor Harvest Gas Management LLC rpaddock@buckkeenan.com, myers@buckkeenan.com

Robert L Paddock
    on behalf of Creditor GCREW Properties LLC rpaddock@buckkeenan.com, myers@buckkeenan.com

Ryan Lorenz
    on behalf of Creditor Juno Financial LLC RLorenz@ClarkHill.com

Ryan Seidemann
    on behalf of Creditor State of Louisiana Depatment of Natural Resources, Office of Mineral Resources seidemannr@ag.louisiana.gov

Ryco Exploration, LLC.
    rsmith.ryco@att.net

Shay L. Denning
    on behalf of Creditor Tauber Exploration & Production Company sdenning@axishealthsystem.org

Shay L. Denning
    on behalf of Creditor I & L Miss I LP sdenning@axishealthsystem.org

Shay L. Denning
    on behalf of Creditor CTM 2005 Ltd. sdenning@axishealthsystem.org

Shay L. Denning
    on behalf of Creditor Pickens Financial Group LLC sdenning@axishealthsystem.org

Stephen K. Lecholop, II
    on behalf of Creditor McCombs Energy Ltd. slecholop@rpsalaw.com, ecarrillo@rpsalaw.com;lchapa@rpsalaw.com

Stephen K. Lecholop, II
    on behalf of Creditor McCombs Exploration LLC slecholop@rpsalaw.com, ecarrillo@rpsalaw.com;lchapa@rpsalaw.com

Theodore J. Hartl
    on behalf of Interested Party Louisiana Tower Operating LLC hartlt@ballardspahr.com blessingb@ballardspahr.com

Thomas H Shipps
    on behalf of Creditor MER Energy LTD tshipps@mbssllp.com

Thomas H Shipps
    on behalf of Creditor I & L Miss I LP tshipps@mbssllp.com

Thomas H Shipps
    on behalf of Creditor The Rudman Partnership tshipps@mbssllp.com

Thomas H Shipps
    on behalf of Creditor CTM 2005 Ltd. tshipps@mbssllp.com

Thomas H Shipps
    on behalf of Creditor MR Oil & Gas LLC tshipps@mbssllp.com

Thomas H Shipps
    on behalf of Plaintiff The Rudman Partnership tshipps@mbssllp.com

Thomas H Shipps
    on behalf of Creditor Rudman Partnership tshipps@mbssllp.com

Timothy C. Mohan
    on behalf of Creditor Baker Hughes Holdings LLC FKA Baker Hughes, a GE Company LLC tmohan@foley.com, tim.mohan4@gmail.com

Timothy C. Mohan
    on behalf of Cross Defendant Kelley Brothers Contractors Inc. tmohan@foley.com, tim.mohan4@gmail.com

Timothy C. Mohan
    on behalf of Defendant Kelley Brothers Contractors Inc. tmohan@foley.com, tim.mohan4@gmail.com

Timothy C. Mohan
    on behalf of Creditor Lufkin Industries LLC tmohan@foley.com, tim.mohan4@gmail.com

Timothy C. Mohan
    on behalf of Defendant GE Oil & Gas Pressure Control LP tmohan@foley.com tim.mohan4@gmail.com

Timothy C. Mohan
    on behalf of Creditor Baker Petrolite LLC tmohan@foley.com tim.mohan4@gmail.com

Timothy C. Mohan
    on behalf of Creditor GE Oil & Gas Pressure Control US tmohan@foley.com tim.mohan4@gmail.com

Timothy C. Mohan
    on behalf of Creditor Baker Hughes Oilfield Operations LLC tmohan@foley.com tim.mohan4@gmail.com

Case:20-12377-MER   Doc#:1656   Filed:03/16/22   Entered:03/16/22 22:15:01   Page10 of 16

| | | |
|---|---|---|
| District/off: 1082-1 | User: admin | Page 10 of 10 |
| Date Rcvd: Mar 14, 2022 | Form ID: pdf904 | Total Noticed: 50 |

Timothy C. Mohan
    on behalf of Cross Defendant GE Oil & Gas Pressure Control LP tmohan@foley.com  tim.mohan4@gmail.com

Timothy C. Mohan
    on behalf of Defendant Baker Hughes Oilfield Operations  Inc. tmohan@foley.com, tim.mohan4@gmail.com

Timothy M. Swanson
    on behalf of Creditor Apple River Investments  LLC tim.swanson@moyewhite.com, rachael.cotner@moyewhite.com;elisabeth.mason@moyewhite.com;hope.stone@moyewhite.com;heather.otto@moyewhite.com

Timothy M. Swanson
    on behalf of Creditor Alabama Oil & Gas  LLC tim.swanson@moyewhite.com, rachael.cotner@moyewhite.com;elisabeth.mason@moyewhite.com;hope.stone@moyewhite.com;heather.otto@moyewhite.com

Timothy M. Swanson
    on behalf of Creditor Kudzu Oil Properties  LLC tim.swanson@moyewhite.com, rachael.cotner@moyewhite.com;elisabeth.mason@moyewhite.com;hope.stone@moyewhite.com;heather.otto@moyewhite.com

Timothy M. Swanson
    on behalf of Creditor Ad Hoc Committee of Working Interest Holders of Sklar Exploration Company  LLC and Sklarco, LLC tim.swanson@moyewhite.com, rachael.cotner@moyewhite.com;elisabeth.mason@moyewhite.com;hope.stone@moyewhite.com;heather.otto@moyewhite.com

Timothy M. Swanson
    on behalf of Creditor Alabama Oil Company tim.swanson@moyewhite.com rachael.cotner@moyewhite.com;elisabeth.mason@moyewhite.com;hope.stone@moyewhite.com;heather.otto@moyewhite.com

Timothy M. Swanson
    on behalf of Creditor Kudzo Oil Properties  LLC tim.swanson@moyewhite.com, rachael.cotner@moyewhite.com;elisabeth.mason@moyewhite.com;hope.stone@moyewhite.com;heather.otto@moyewhite.com

Timothy Michael Riley
    on behalf of Attorney Hopping Green & Sams triley@deanmead.com

Tyler Lee Weidlich
    on behalf of Creditor Pro-Tek Field Services  LLC tweidlich@bwenergylaw.com, efile@bwenergylaw.com

Tyler Lee Weidlich
    on behalf of Creditor Pioneer Wireline Services  LLC tweidlich@bwenergylaw.com, efile@bwenergylaw.com

US Trustee
    USTPRegion19.DV.ECF@usdoj.gov

TOTAL: 193

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>Sklar Exploration Company, LLC,<br><br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>Sklarco, LLC,<br><br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11<br><br>**Jointly Administered Under<br>Case No. 20-12377 EEB** |

**ORDER ALLOWING NEXTIER'S ADMINISTRATIVE EXPENSE CLAIM**

THIS MATTER is before the Court on the Amended Application for Administrative Expenses ("Application"), filed by NexTier Completion Solutions, Inc. ("NexTier") and the objection of Debtor Sklar Exploration Company, LLC ("Debtor"). In the twenty days prior to the petition date, NexTier provided "acidizing services" on the Debtor's oil and gas wells, which necessitated the use of certain chemicals, primarily nitrogen and acid. In its invoices, NexTier listed the costs of its services separately from the cost of the chemicals. The total cost of the chemicals in this twenty-day period was $62,693.34. The issue before the Court is whether NexTier may obtain a priority administrative expense claim pursuant to § 503(b)(9) for the cost of these "goods" sold to the Debtor or whether the Court should apply a "predominate purpose" test that would deny such a claim as the goods sold were merely incidental to what was predominately a service contract.

  A. **Section 503(b)(9) Claims**

Section 503(b)(9)[1] gives administrative expense priority to "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). Courts have parsed this language into a three-part test: (1) the claimant sold "goods" to the debtor; (2) the goods were received by the debtor within twenty days before the bankruptcy filing; and (3) the

---

[1] All references to "section" or "§" shall refer to Title 11, United States Code, unless expressly stated otherwise.

sale occurred in the ordinary course of business. *In re World Imports, Ltd.*, 862 F.3d 338, 341 (3d Cir. 2017). The claimant bears the burden of proof on all three elements. *Puerto Rico Elec. Power Auth. v. Rentas (In re PMC Marketing Corp.)*, 517 B.R. 386, 391 (1st Cir. BAP 2014).

The parties do not dispute the last two elements of this test—receipt within the twenty days prepetition and the ordinary course nature of the transaction. But the Debtor does deny that NexTier sold it "goods." The Bankruptcy Code does not itself define the term "goods." However, most courts interpreting "goods" in context of § 503(b)(9) have used the definition found in the Uniform Commercial Code ("U.C.C.") because that definition has been widely accepted and adopted for commercial transactions and is more useful than a general dictionary definition. *In re Escalera Resources Co.*, 563 B.R. 336, 350 (Bankr. D. Colo. 2017); 4 *Collier on Bankruptcy* ¶ 503.16[1] (Richard Levin & Henry J. Sommer eds., 16th ed.) (citing cases). In relevant part, that definition provides that "goods" are "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action." U.C.C. § 2-105. This Court agrees that the U.C.C. § 2-105 provides the most useful definition and will therefore apply it to NexTier's claim.

NexTier asserts that the chemicals it sold the Debtor fit within this U.C.C. definition. While the Debtor generally denies that NexTier sold it any "goods," it does not specifically address whether chemicals are goods within the U.C.C. definition. Certainly, chemicals are "movable" and, as demonstrated by NexTier's invoices, they were clearly identified and quantified. Moreover, other courts have determined that chemicals of various kinds meet the U.C.C. definition of "goods." *E.g.*, *In re Plastech Engineered Prods., Inc.*, 397 B.R. 828, 839 (Bankr. E.D. Mich. 2008) (concluding that salt and chloride de-icer were within the definition of "goods" in the U.C.C. and for purposes of § 503(b)(9)); *Olefins Trading, Inc. v. Han Yang Chem Corp.*, 9 F.3d 282, 287 (3d Cir. 1993) (concluding that ethylene is a "good" under the U.C.C.). With no arguments or evidence to the contrary, the Court concludes that the chemicals NexTier provided were "goods."

### B.     Hybrid Contracts & The Predominate Purpose Test

The Debtor argues that a related, but distinct, test applied in the U.C.C. context should also apply to determine if NexTier sold "goods" to it under § 503(b)(9). That test is called the "predominant purpose" test. It does not purport to determine whether a specific item is a "good." Rather, it is a test courts apply to determine whether Article 2 of the U.C.C. as a whole governs a particular transaction. By its terms, U.C.C. Article 2 only applies to "transactions in goods." U.C.C. § 2-102. To the extent Article 2 does apply, it displaces the common law of contracts. 1 *Hawkland UCC Series* § 2-102:1 (Carl S. Bjerre, ed. 2021). Thus, any court resolving a contract dispute must first determine which law applies. This is an either-or decision as both laws cannot govern. When a contract provides for both the sale of both goods and services, determining the applicable law may prove tricky. It is in this hybrid situation that courts apply the predominate purpose test, examining a variety of factors to conclude whether the sale

2

of goods or the service aspects of the contract predominate. *E.g.*, *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322, 1329-32 (11th Cir. 1998).

A majority of courts confronting hybrid contracts in the context of a § 503(b)(9) claim have held that the U.C.C.'s predominate purpose test should not apply. *In re Plastech Eng'rd Prod., Inc.*, 397 B.R. 828, 837 (Bankr. E.D. Mich. 2008); *GFI Wis., Inc. v. Reedsburg Utility Comm'n*, 440 B.R. 791, 803 (W.D. Wis. 2010); *In re Erving Industries, Inc.*, 432 B.R. 354, 372 (Bankr. D. Mass. 2010); *In re Pilgrim's Pride Corp.*, 421 B.R. 231, 237 (Bankr. N.D. Tex. 2009); *see also* 3 Norton Bankr. L. & Prac. 3d § 49:35 (2022 update) ("[T]he predominant purpose test applied by courts in other matters should not be applied in § 503(b)(9) cases."). The court in *In re Plastech Engineered Products* concluded that the whole reason for applying the predominate purpose test—to determine if the U.C.C. applies—is irrelevant in the § 503(b)(9) context.

> The only relevant determination under § 503(b)(9) is the value of the "goods" that were delivered, irrespective of whether the contract also called for the delivery and sale of services. The predominant purpose test does not inform the Court as to whether a particular thing that has been sold is or is not "goods." Therefore, the predominant purpose test is unnecessary. There is nothing in § 503(b)(9) that dictates the use of a "winner take all" approach.

*In re Plastech Eng'rd Prod., Inc.*, 397 B.R. at 837.

The only case going the other way, on which the Debtor relies, is *In re Circuit City Stores, Inc.*, 416 B.R. 531 (Bankr. E.D. Va. 2009). In that case, the court decided that the predominate purpose test was relevant to § 503(b)(9) because that section gives administrative priority "only for transactions in which '*goods have been sold to the debtor* in the ordinary course of such debtor's business.'" *Id*. at 538 (emphasis original) (citing § 503(b)(9)). Based on the emphasized language, the *Circuit City* court concluded that § 503(b)(9) only applies if the contract between the claimant and the debtor was predominantly a "sale of goods" as determined by the U.C.C.'s predominate purpose test. Given that the contract in question was predominantly a sale of services, the *Circuit City* court concluded that the claimant was only entitled to a nonpriority unsecured claim. In other words, the *Circuit City* court imported the limited scope of U.C.C. Article 2 into § 503(b)(9).

This Court disagrees with the *Circuit City* court's analysis. There is nothing in § 503(b)(9) that requires a claimant to prove its contract with the debtor falls within the "transaction in goods" limitation found in § 2-102 of the U.C.C. Indeed, § 503(b)(9) does not contain the phrase "transaction in goods" or even the word "transaction" at all. If Congress had intended to limit the scope of § 503(b)(9) in the same manner that Article 2 of the U.C.C. is limited, it seems highly likely that it would have specifically used that phrase.

3

There is a certain appeal to using the predominate purpose test because it seemingly provides a well-known method for distinguishing between sales of "goods" and sales of "services." Section 503(b)(9) requires this distinction in that administrative priority is given only for "goods" sold to a debtor, not for "services" sold to a debtor. *See In re Goody's Family Clothing Inc.*, 401 B.R. 131, 135 (Bankr. D. Del. 2009) (contract for services not entitled to § 503(b)(9) priority). But this is an oversimplification. The predominate purpose test necessarily has a wider focus. It looks at the characteristics of the parties' entire transaction because the purpose of the test is to decide what law to applies to the entire transaction. Section 503(b)(9) does not require this wider focus. Instead, when a hybrid contract provides for both the sale of goods and the sale of services, the court need only separate out the costs of each and give priority only to the cost of goods sold. Thus, the Court concludes that the predominate purpose test does not apply. As noted by the court in *In re Plastech*, "[t]here is nothing in § 503(b)(9) that somehow disqualifies a § 503(b)(9) claim just because the contract pursuant to which the goods were sold also provides for the sale of services." *In re Plastech Eng'rd Prod.*, 397 B.R. at 838.

The Debtor contends that the Congressional intent behind § 503(b)(9) was to provide a remedy to creditors with reclamation rights under the U.C.C. and that this supposed intent somehow requires application of the predominate purpose test. The Court disagrees. There is no Congressional history explaining § 503(b)(9) or its terminology when it was enacted as part of BAPCPA. *In re Escalera Res., Co.* 563 B.R. 336, 347 (Bankr. D. Colo. 2017) (noting complete lack of legislative history). As such, any reference to Congressional intent is dubious at best. Of course, the lack of legislative history has not stopped courts or commentators from speculating about the reason for Congress' adoption of § 503(b)(9). *See* Brendan M. Gage, *Should Congress Repeal Bankruptcy Code Section 503(B)(9)?*, 19 Am. Bankr. Inst. L. Rev. 215, 229 (2011) (listing four main theories courts have advanced as the intent behind § 503(b)(9)). One of the theories advanced is that Congress enacted § 503(b)(9) to fortify a creditor's right of reclamation under 11 U.S.C. § 546(c). *Id*. at 234. That section provides that a trustee's avoidance powers are subject to the rights of a creditor to reclaim goods sold to a debtor in the forty-five days prepetition if the debtor was insolvent at the time it received the goods and if the creditor meets certain notice requirements.

There are several problems with this theory. First, nothing in the actual text of § 503(b)(9) references § 546(c) or reclamation. The only link between the two statutes is a cross reference in § 546(c)(2), which states that "[i]f a seller of goods fails to provide notice in the manner described in paragraph [546(c)(1)], the seller still may assert the rights contained in section 503(b)(9)." This language seems to designate § 503(b)(9) as an alternative remedy to reclamation, rather than an enhancement of such rights. If § 503(b)(9) had been intended to strengthen reclamation rights, one would expect it to require a claimant to establish that the goods in question were reclaimable or that the creditor otherwise has a reclamation claim under § 546(c) or the U.C.C. That is not the case. *In re Plastech Eng'rd Prod., Inc.*, 397 B.R. 828, 838 (Bankr. E.D. Mich. 2008) ("Section 546 does not limit or control in any way the rights that claimant has under § 503(b)(9).").

Even assuming a link between reclamation rights in § 546(c) and § 503(b)(9), that link does not support application of the U.C.C.'s predominate purpose test. As discussed, the predominate purpose test is about applicability of U.C.C. Article 2 as a whole, not reclamation in particular. Generally speaking, reclamation is a concept developed at common law to give a seller of goods the right to "reclaim" goods he had been defrauded into delivering to an insolvent buyer. *See* Lawrence Ponoroff, *Reclaim This! Getting Credit Seller Rights in Bankruptcy Right*, 48 U. Rich. L. Rev. 733, 739 (2014). Reclamation rights were later codified in U.C.C. § 2-702, which allows a seller to take back goods delivered to an insolvent buyer under certain circumstances. Ponoroff, *supra*, at 742-44. The reclamation rights recognized in § 546(c) of the Bankruptcy Code are distinct from those provided in the U.C.C. *Id*. at 764 (noting differences between § 546(c) including a different look-back period and notice requirements). Indeed, some have speculated that § 546(c), as revised by BAPCPA, essentially created "a federal right of reclamation independent from and wholly disassociated from U.C.C. section 2-702(2)." *Id*. at 754 (citing *Davis v. Par Wholesale Auto, Inc. (In re Tucker)*, 329 B.R. 291, 398 n.8 (Bankr. D. Ariz. 2005)). That issue is not before this Court but it highlights the fact that the Bankruptcy Code significantly alters a creditor's U.C.C. reclamation rights. There is no wholesale adoption of U.C.C. reclamation principles into the Code. This undercuts the theory that § 503(b)(9) should be limited by U.C.C. reclamation provisions or more broadly by the predominate purpose test.

On a more practical level, the Debtor argues that its transaction with NexTier was something other than a sale of goods based on the fact that NexTier, and not the Debtor, allegedly controlled the quantity, nature, and types of chemicals NexTier used in performing services for the Debtor. However, nothing in the plain language of § 503(b)(9) requires proof that the Debtor placed an order for a specific amount or type of goods prior to those goods being provided. The Debtor admits it entered into a contract with NexTier for services that necessarily required the provision of chemicals and other goods. NexTier provided those goods to Debtor at the prices listed in the invoices. This is sufficient to establish a sale of goods for purposes of § 503(b)(9).

Lastly, Debtor argues that allowing NexTier an administrative claim would invite too many vendors to attempt to assert an administrative priority claim, even when the debtor had solely contracted for services. The Debtor gives an example of a debtor hiring a plumber who then asserts an administrative expense claim for pipes, fixtures, or other materials provided in performing services. In that scenario, however, the plumber is not solely providing services. Like NexTier, a plumber could conceivably provide both goods and services to a debtor. In such a scenario, the cost of the goods would be entitled to administrative expense priority under § 503(b)(9), so long as the plumber was able to separately identify the cost of those goods from the cost of services it provided in the twenty days prepetition. "That is the directive of § 503(b)(9)." *In re Plastech Eng'rd Prod., Inc*., 397 B.R. 828, 838 (Bankr. E.D. Mich. 2008). In this case, NexTier has adequately identified goods it sold to the Debtor in the twenty days prepetition.

The Debtor has advanced excellent arguments and admittedly this question is a close call. On balance, however, the Court finds nothing in the language of the statute

to suggest the more restrictive view espoused by the Debtor. As long as a claimant can show separately identified and quantified goods it has sold to a debtor in the relevant time period, that aspect of the contract falls within the purview of § 503(b)(9)'s coverage.

### C. Conclusion

For the reasons set forth above, the Debtor's Objection is OVERRULED and NexTier's Amended Application for Administrative Expenses is GRANTED. NexTier has an allowed administrative expense in the amount of $62,693.34.

DATED this 14th day of March, 2022.

BY THE COURT:

Elizabeth E. Brown, Bankruptcy Judge