UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|   Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN:  72-1425432 ) | Chapter 11 |
|   Debtor. ) | |

## RESPONSE OF THE RUDMAN PARTNERSHIP, CTM 2005, LTD., AND MER ENERGY, LTD TO MINUTE ORDER REGARDING THE FILING OF REVISED INVOICES

The Rudman Partnership, CTM 2005, Ltd. and MER Energy, Ltd. (collectively "Rudman Parties"), by and through their undersigned attorneys, file this Response to the Court's Minute Order Regarding the Filing of Revised Invoices [Docket No. 1644] in support of their Motion for Allowance of Administrative Expenses under 11 USC § 503(b)(3)(D) for Substantial Contribution to These Chapter 11 Cases [Docket No. 1493] ("Application"), and respectfully represent as follows:

1. During a preliminary hearing held March 1, 2022 on the Rudman Parties' Application, counsel for East West Bank noted that the billing records filed in support of the Application contained block billing entries and were not stated in 0.10/hour increments. Counsel for the Rudman Parties, Mr. Skelton, stated that he and Mr. Shipps would review and attempt to revise their billing records accordingly.

2. The Court entered a Minute Order on March 1, 2022 (Docket No. 1644) providing in part as follows: "On or before **March 18, 2022**, the Rudman Parties shall supplement their Application with revised billing records."

3. Upon review of their respective billing records submitted with the Application, counsel for the Rudman Parties have concluded that they cannot significantly revise their invoices to 0.10/hour increments as their time entries were not recorded in that manner. Revising the invoices now would be a speculative enterprise at best and could not be accomplished despite good faith investigation of the matter, which included review of source data such as phone records emails and document drafts.

4. During the hearing Mr. Skelton was under the impression that the Local Rules required billing records in support of the Application to be in conformity with the same format as mandated for estate and committee professionals and trustees. However, it does not appear that Local Rule 2016-1 governs an application for administrative expenses on the basis of substantial contribution, since it is not filed under Bankruptcy Code Sections 330 or 331. *See* L.B.R. 2016-1(a).

5. The Rudman Parties submit that to the extent that the supporting invoices contain block or lumped entries, they are not per se invalid. *In re Threadneedle St., LLC*, 2012 Bankr. LEXIS 249, at *16-17 (Bankr. D. Colo. Jan. 25, 2012) (Judge Brown).[1] Although block billing is discouraged, the Tenth Circuit has not adopted a per se rule mandating reduction or denial of a fee request if the party demanding fees has submitted records which reflect block billing. *Cadena v.*

---

[1] Indeed, nothing in the Bankruptcy Code "specifies the amount of detail required in a fee application ." *In re Pan Am. Gen. Hosp.*, 385 B.R. 855, 875 (Bankr. W.D. Tex. 2008). Thus, even though the billing records in that case had "lumped" some time entries, the "lack of detail itself [did] not make the fees unreasonable." *Id.* Judge Leif Clark reviewed the time records based on "the circumstances surrounding [the] case" and "conclude[d] that the services performed and the time allocation were reasonable." *Id.*

*Pacesetter Corp.*, 224 F.3d 1203, 1214-15 (10th Cir. 2000). In its discretion, the Court may account for the difficulty which block billing causes by applying a general reduction to the requested fees. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

6. What counsel have done is to revise the invoices by summarizing on each statement the categories of work performed that support the substantial contribution claim and an abbreviation for each which is inserted for each entry:

**Trustee Motion = TM**

**Cash Collateral = CC**

**Sklar Trusts = ST**

**Substantive Consolidation = SC**

The amount billed for s category is shown on each invoice. But it should be understood that the Rudman Parties contend that all of these categories are interrelated. For instance, it was the fact research for and testimony elicited at the cash collateral hearings that led counsel for the Rudman Parties to conclude that a Trustee must be appointed since Howard Sklar could not be trusted to run the Debtors, there were serious conflicts of interest involved in his position as trustee of the Sklar Trusts, and there were justifiable concerns that the Debtors might hold only bare legal title to their assets.

7. The invoices have also been reviewed and revised for any math errors[2] or typographical errors and, when found, those entries have been corrected. As such, the Rudman Parties hereby submit the attached revised fee and expense statements of their counsel in support of the Application.

---

[2] The total fees and expenses for each firm are: Barnet B. Skelton, Jr.- $67,397.14; Maynes, Bradford, Shipps & Sheftel- $36,366.53. The combined fees and expenses are $103,763.67.

## CONCLUSION

For the foregoing reasons, the Rudman Parties respectfully requests that the Court grant the Application and such other relief as is just and proper.

Dated: March 18, 2022

        Respectfully submitted,

        **Maynes, Bradford, Shipps & Sheftel, LLP**
        */s/ Thomas H. Shipps*
        Thomas H. Shipps
        Maynes, Bradford, Shipps & Sheftel, LLP
        835 E. Second Ave., Suite 123
        Durango, CO  81301
        Telephone: (970) 247-1755
        Cell: (970)749-1479; (970) 946-0846
        Facsimile: (970) 247-8827
        Email: tshipps@mbssllp.com;

        and

        **Barnet B. Skelton, Jr.**
        */s/ Barnet B. Skelton, Jr.*
        Barnet B. Skelton, Jr.
        815 Walker, Suite 1502
        Houston, TX  77002
        Telephone: (713) 516-7450
        Facsimile: (713) 659-8764
        Email: barnetbjr@msn.com

        Counsel to The Rudman Partnership, MER Energy, Ltd. and CTM 2005, Ltd.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 18, 2022, the foregoing instrument was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1. All attorneys and parties identified with the Court for electronic service on the record in this case were served by electronic service in accordance with the CM/ECF system on the date of filing.

        */s/ Barnet B. Skelton, Jr.*
        Barnet B. Skelton, Jr.