# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **SKLAR EXPLORATION COMPANY, LLC**, *et al.*,[1] | § § | **Case No. 20-12377-EEB** |
| | § | |
| Debtors. | § | **(Jointly Administered)** |
| | § | |
| **THOMAS M. KIM, CREDITOR TRUSTEE,** | § § § | |
| Plaintiff, | § | |
| | § | **Adv. Proc. No. _____** |
| v. | § | |
| | § | |
| **QUALITY DRILLING FLUIDS, INC.** | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Thomas M. Kim, solely in his capacity as the duly-appointed trustee (the "Creditor Trustee") for the post-confirmation trust (the "Creditor Trust") in the above-captioned jointly-administered bankruptcy cases (the "Bankruptcy Cases") of Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco," and together with SEC, the "Debtors"), and would respectfully show as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Sklar Exploration Company, LLC (7930) and Sklarco, LLC (5432).

**ORIGINAL COMPLAINT**   Page **1** of **6**

## I. INTRODUCTION

1. The Creditor Trustee seeks to avoid and recover from Quality Drilling Fluids, Inc. payments received from SEC, which occurred within the ninety-day period prior to filing the Bankruptcy Cases.

## II. PARTIES

2. On April 1, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions under chapter 11 of title 11, United States Code, §§ 101 *et seq.* (as amended, the "Bankruptcy Code"). On August 24, 2021, the Court entered its *Order Confirming Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020, As Amended* [Docket Nos. 1251 and 1433] (respectively, the "Plan" and the "Confirmation Order").

3. The Plan provides for the establishment of the Creditor Trust to, among other things, pursue any causes of action held by the Debtors' bankruptcy estates to avoid and recover preferential payments made by the Debtors prior to the Bankruptcy Cases. The Creditor Trustee is the duly-appointed trustee of the Creditor Trust and has the sole power to prosecute and settle all such claims and causes of action.

4. Quality Drilling Fluids, Inc. is the Defendant herein and may be served with process pursuant to Fed. R. Bankr. P. 7004(b) by mailing a copy of this *Original Complaint* and the duly-issued *Summons in an Adversary Proceeding* via U.S. first class mail, postage prepaid, addressed to any officer, Quality Drilling Fluids, Inc., #2 Neil Gunn Road, PO Box 128, Ellisville, MS 39437-0128, and/or its registered agent, Audrey McCay, #2 Neil Gunn Road, PO Box 128, Ellisville, MS 39437-0128.

### III. JURISDICTION

5. The United States Bankruptcy Court for the District of Colorado (the "Court") has subject matter jurisdiction over the Bankruptcy Cases and this proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. § 1334.

6. The Adversary Proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The claims and causes of action set forth herein concern the determination, allowance, disallowance, avoidance, recovery, and liquidation of claims under 11 U.S.C. §§ 502, 547, and 550. To the extent that any matter herein is non-core, the Creditor Trustee hereby consents to the Court's entry of a final judgment resolving this Adversary Proceeding.

7. Venue of the Adversary Proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV. FACTUAL BACKGROUND

8. Prior to the Petition Date, SEC was an independent oil and gas exploration and production company and Sklarco was the holder of oil and gas leases and interests in properties operated by SEC and by third party operators.

9. On or within the ninety (90) days prior to the Petition Date (the "Preference Period"), SEC transferred, or caused to be transferred, property to Quality Drilling Fluids, Inc. in the form of at least the following check(s) and/or wire transfer(s) (the "Payments"):

| Check Date | Check Amount | Check Clear Date |
|---|---|---|
| 12/20/2019 | $19,766.11 | 01/02/2020 |
| 12/31/2019 | $250,112.00 | 01/08/2020 |
| 01/10/2020 | $25,999.62 | 01/22/2020 |
| **TOTAL** | $295,877.73 | |

10. On February 9, 2022, the Creditor Trustee's counsel made written demand on Quality Drilling Fluids, Inc. to return the Payments that Quality Drilling Fluids, Inc. received from SEC during the Preference Period.

11. Quality Drilling Fluids, Inc. did not file a proof of claim and is not listed on SEC's schedules.

12. The Creditor Trustee reserves its right to amend this *Original Complaint* if additional transfers are discovered and to assert objections to any claim filed by Quality Drilling Fluids, Inc. Likewise, by specifying the minimum amount believed to have been received by Quality Drilling Fluids, Inc., the Creditor Trustee does not waive his right to seek additional monies and/or assets from Quality Drilling Fluids, Inc. through this action. The Creditor Trustee specifically seeks to recover through this *Original Complaint* all voidable and unauthorized transfers received by Quality Drilling Fluids, Inc. from SEC.

### V. CAUSES OF ACTION

### Count 1: Avoidance of Preferential Payments – 11 U.S.C. § 547

13. The Creditor Trustee incorporates herein the above paragraphs for all intents and purposes.

14. Based on reasonable due diligence in the circumstances of the case and taking into account Quality Drilling Fluids, Inc.'s known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c), the Payments constitute avoidable preferential transfers pursuant to 11 U.S.C. § 547.

15. The Payments

   a. were made from property of SEC;

   b. were made to or for the benefit of Quality Drilling Fluids, Inc.;

   c. were for or on account of an antecedent debt owed by SEC to Quality Drilling Fluids, Inc. before such Payments were made;

   d. were made while SEC was insolvent; and

   e. enabled Quality Drilling Fluids, Inc. to receive more than Quality Drilling Fluids, Inc. would receive if (1) the SEC Bankruptcy Case

was a case under chapter 7 of the Bankruptcy Code; (2) the Payments had not been made; and (3) Quality Drilling Fluids, Inc. instead received payment of the debt associated with the Payments to the extent provided by applicable provisions of the Bankruptcy Code.

16. Based upon the foregoing, and pursuant to section 547(b) of the Bankruptcy Code, the Creditor Trustee hereby sues Quality Drilling Fluids, Inc. for avoidance of the Payments.

**Count 2: Recovery of Preferential Payments or Value of Such Payments – 11 U.S.C. § 550**

17. The Creditor Trustee incorporates herein the above paragraphs for all intents and purposes.

18. Quality Drilling Fluids, Inc. was the initial transferee of the Payments or the entity for whose benefit the Payments were made.

19. In the alternative, Quality Drilling Fluids, Inc. was the immediate or mediate transferee of the initial transferee of the Payments.

20. Pursuant to section 550(a) of the Bankruptcy Code, the Creditor Trustee hereby sues Quality Drilling Fluids, Inc. for recovery of the Payments or the full value of same, for the benefit of the Creditor Trust.

## VI.    PRAYER

WHEREFORE, PREMISES CONSIDERED, the Creditor Trustee, respectfully requests the Court to enter judgment against Quality Drilling Fluids, Inc. on account of each of the claims and causes asserted herein and specifically and expressly providing the following relief to the Creditor Trustee for the benefit of the Creditor Trust:

a. the avoidance of the Payments pursuant to 11 U.S.C. § 547(b);

b. the Creditor Trustee's recovery of the Payments from Quality Drilling Fluids, Inc. by way of money judgment, totaling $295,877.73, pursuant to 11 U.S.C. § 550;

c.  the Creditor Trustee's recovery from Quality Drilling Fluids, Inc. of pre- and post-judgment interest, at the highest level permitted by law, on all amounts awarded to the Creditor Trustee;

d.  the Creditor Trustee's recovery from Quality Drilling Fluids, Inc. of all costs and attorney's fees incurred in connection with the prosecution of this Adversary Proceeding; and

e.  all such other and further relief as to which Creditor Trustee may be justly entitled in law or in equity.

Dated: March 24, 2022

Respectfully submitted,
By: */s/ Christopher D. Johnson*
Christopher D. Johnson
Texas Bar No. 24012913
Stephen Loden
Texas Bar No. 24002489
909 Fannin St., 37th Floor
2 Houston Center
Houston, Texas 77010
Telephone: (713) 333-2100
Facsimile: (713) 333-5199
chris.johnson@diamondmccarthy.com
sloden@diamondmccarthy.com

**ATTORNEYS FOR THOMAS M. KIM, CREDITOR TRUSTEE**