# Exhibit 2

| | |
|---|---|
| **From:** | Hartl, Theodore J. (Denv) <hartlt@ballardspahr.com> |
| **Sent:** | Tuesday, August 31, 2021 5:00 PM |
| **To:** | Keri Riley |
| **Cc:** | Schuster, Michael (Denv) |
| **Subject:** | Sklar; Louisiana Tower rent and possession |

Keri:

You'll recall that we represent the landlord for the Louisiana Tower office in the Sklar cases. August rent was not paid - it was due on the first - so the total due at this time is $8,137.12, consisting of base rent of $7,397.38 and a late fee of $739.74.

As I read your plan and confirmation order, the effective date will be September 8 at the earliest (assuming that all conditions precedent occur by then), so rent will be due for at least the first week of September depending on when rejection becomes effective with the plan, and depending upon when the debtor vacates the space and surrenders possession.

As to the post-petition, pre-rejection lease amounts due, we can either submit them as an administrative expense claim in accordance with the plan and confirmation order or, as you've teed up in the plan, agree that the debtor will pay them as so-called "ordinary course" administrative expenses. Either way would most likely be fine with the landlord, provided that the amounts are acceptable and paid in full (not necessarily including the separate lease rejection damage claims which we expect to file as an amendment to the proof of claim within the time provided in the plan). A stipulation as to those administrative rent amounts and a date for possession might make sense -- putting hurricanes aside for the moment I suppose.

Let us know the debtor's preference on finalizing the administrative claim and possession issues for the Louisiana office space when you can please. Thank you.

Ted

**Theodore J. Hartl**

**Ballard Spahr** LLP

1225 17th Street, Suite 2300
Denver, CO 80202-5596
303.454.0528 DIRECT
303.296.3956 FAX

hartlt@ballardspahr.com
VCARD

-------------------------------
www.ballardspahr.com

1

| | |
|---|---|
| **From:** | Keri Riley <klr@kutnerlaw.com> |
| **Sent:** | Thursday, September 2, 2021 10:52 AM |
| **To:** | Hartl, Theodore J. (Denv) |
| **Cc:** | Schuster, Michael (Denv) |
| **Subject:** | RE: Sklar; Louisiana Tower rent and possession |

⚠ **EXTERNAL**

Ted,

We are looking into this, and both the new independent manager and I were surprised to learn that the rent had not been paid. We got sidetracked on a few other things in this case this week, but I will raise this with him again today. SEC will likely pay both the August rent and the September rent as an ordinary course expense, and then come up with a game plan for when to vacate the space.

Thanks,

Keri L. Riley, Esq.
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln St., Suite 1720
Denver, CO  80264
303-832-2910 Direct
303-832-2400 Main



E-MAIL CONFIDENTIALITY NOTICE:
The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying, or storage of this message or any attachment is strictly prohibited.

**From:** Hartl, Theodore J. <hartlt@ballardspahr.com>
**Sent:** Tuesday, August 31, 2021 5:00 PM
**To:** Keri Riley <klr@kutnerlaw.com>
**Cc:** Schuster, Michael <schusterm@ballardspahr.com>
**Subject:** Sklar; Louisiana Tower rent and possession

Keri:

You'll recall that we represent the landlord for the Louisiana Tower office in the Sklar cases. August rent was not paid - it was due on the first - so the total due at this time is $8,137.12, consisting of base rent of $7,397.38 and a late fee of $739.74.

As I read your plan and confirmation order, the effective date will be September 8 at the earliest (assuming that all conditions precedent occur by then), so rent will be due for at least the first week of September depending on when rejection becomes effective with the plan, and depending upon when the debtor vacates the space and surrenders possession.

As to the post-petition, pre-rejection lease amounts due, we can either submit them as an administrative expense claim in accordance with the plan and confirmation order or, as you've teed up in the plan, agree that the debtor will pay them as so-called "ordinary course" administrative expenses. Either way would most likely be fine with the landlord, provided that the amounts are acceptable and paid in full (not necessarily including the separate lease rejection damage claims which we expect to file as an amendment to the proof of claim within the time provided in the plan). A stipulation as to those administrative rent amounts and a date for possession might make sense -- putting hurricanes aside for the moment I suppose.

Let us know the debtor's preference on finalizing the administrative claim and possession issues for the Louisiana office space when you can please. Thank you.

Ted

**Theodore J. Hartl**

**Ballard Spahr** LLP

1225 17th Street, Suite 2300
Denver, CO 80202-5596
303.454.0528 DIRECT
303.296.3956 FAX

hartlt@ballardspahr.com
VCARD

--------------------------------
www.ballardspahr.com