# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| **Sklar Exploration Company, LLC,** *et al.* | ) Case No. 20-12377-EEB |
| | ) |
| | ) Chapter 11 |
| **Debtors** | ) |
| | ) Jointly Administered |
| | ) |
| **Thomas M. Kim, Creditor Trustee,** | ) |
| **Plaintiff,** | ) |
| | ) Adv. Proc. No. |
| v. | ) |
| | ) |
| **Baker Hughes Company f/k/a Baker Hughes** | ) |
| **a GE company and Baker Hughes Oilfield** | ) |
| **Operations, LLC,** | ) |
| **Defendants** | ) |

## Complaint

Thomas M. Kim, solely in his capacity as the creditor trustee ("Creditor Trustee") of the post-confirmation Sklarco Creditor Trust ("Creditor Trust") in this jointly administered Chapter 11 bankruptcy of Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and jointly with SEC "Debtors"), states:

### I. INTRODUCTION

1. Pursuant to 11 U.S.C. § 547(b) the Creditor Trustee seeks to avoid and recover from Baker Hughes Company f/k/a Baker Hughes a GE company and Baker Hughes Oilfield Operations, LLC ("Defendants") payments received from SEC during the 90-day period prior to the filing of Debtors' petitions.

2.  Pursuant to 11 U.S.C. § 502(d) the Creditor Trustee seeks to disallow the proof of claim filed by Defendants Baker Hughes Oilfield Operations, LLC based on Defendants being a transferee of an avoidable transfer.

3.  On April 1, 2020 ("Petition Date"), each Debtor filed a voluntary petition under Chapter 11 of Title 11, U.S.C. §§ 101 *et seq.*, as amended ("Bankruptcy Code").

4.  On August 24, 2021, the Court entered its Order Confirming Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 as Amended. The Plan is Doc#:1251 and the Confirmation Order is Doc#:1433.

5.  Section 8.4 of the Plan states:

On the Effective Date of the Plan, the Creditor Trust shall be established for the primary purpose of: (1) receiving and pursuing claims and Causes of Action, and distributing the proceeds of such claims and Causes of Action; and (2) receiving funds and using and distributing funds in accordance with this Plan and the Creditor Trust Agreement. The specific terms of Creditor Trust shall be set forth in the Creditor Trust Agreement. The Creditor Trust will be controlled and administered by the Creditor Trustee, which Trustee shall be selected by the Committee.

6.  In connection with the administration of the Creditor Trust, the Creditor Trustee is authorized to perform any and all acts necessary and desirable to accomplish the purposes of the Creditor Trust. The Creditor Trustee is authorized to act for the Creditor Trust, the Debtors and the Estates, subject to the provisions of the Plan, the Confirmation Order and this Creditor Trust Agreement. On the Effective Date, the Creditor Trustee succeeded to all rights of the Debtors and the Estates with respect to the Trust Assets necessary to protect, conserve and liquidate all the Trust Assets. Without limiting, but subject to, the foregoing, the Creditor Trustee is expressly authorized to, among other things:

2

(a) prosecute, collect, compromise, settle, or abandon any Cause of Action and Avoidance Action without further approval of or application to the Bankruptcy Court ( except to the extent required by this Creditor Trust Agreement, the Plan, or the Confirmation Order);

(b) appear and have standing in the Bankruptcy Court (or any other court having jurisdiction over the Creditor Trust Assets) to be heard with regard to the Causes of Action (including Avoidance Actions), object to Claims, and other matters that may affect or relate to the Trust Assets;

( c) act on behalf of the Debtors, the Estates or the Creditor Trust in prosecuting, compromising, settling, or defending any Cause of Action, Avoidance Action, or rights (whether legal or equitable) pertaining to a Creditor Trust Asset that exist as of the Effective Date or could arise at any time thereafter, whether under the Bankruptcy Code or other applicable law, including in all adversary proceedings and contested matters then pending (whether or not originally asserted in the name of the Debtors, the Estates, or the Creditor Trust, or any other authorized representative of the Estates, such as the Creditors' Committee) or that can be commenced in the Bankruptcy Court and in all actions and proceedings that may be pending (whether or not originally asserted in the name of the Debtors, the Estates, or the Creditor Trust, or any other authorized representative of the Estates, such as the Creditors' Committee) or that can be commenced elsewhere;

7.     Defendants Baker Hughes Oilfield Operations, LLC filed a proof of claim in this jointly administered bankruptcy and may be served with process pursuant to Fed. R. Bankr. P. 7004(b) by mailing a copy of this Complaint and a properly issued Summons in an Adversary Proceeding via U.S. first class mail, postage prepaid, addressed to any officer at 17021 Aldine Westfield Road, Houston, TX 77073.

## II. JURISDICTION

8.     This Court has subject matter jurisdiction over the Debtor's jointly administered Chapter 11 bankruptcy cases and this adversary proceeding pursuant to 28 U.S.C. § 1334.

9.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The claims and causes of action in this adversary proceeding concern the determination, allowance, disallowance, avoidance, recovery and liquidation of claims under 11 U.S.C. §§ 502, 547 and 550.

10. To the extent any claim or cause of action in this adversary proceeding is non-core, Creditor Trustee consents to the Court's entry of a final judgment in this adversary proceeding.

### III. FACTUAL BACKGROUND

11. Prior to the Petition Date, SEC was an independent oil and gas exploration and production company.

12. Prior to the Petition Date, Sklarco was the holder of oil and gas leases and interests in properties operated by SEC and by third party operators.

13. On or within 90 days before the Petition Date ("Preference Period"), SEC transferred property, or caused property to be transferred, to Defendants in the form of at least the following joint checks ("Payments"):

| Payment Date | Payment Number | Payment Amount | Clear Date |
|---|---|---|---|
| 12/31/19 | 7130-8657 | $50,929.63 | 01/03/20 |
| 01/10/20 | 7273-8657 | $2,186.85 | 01/14/20 |
| 01/16/20 | 7368-8657 | $14,935.54 | 01/21/20 |
| 01/23/20 | 7444-8657 | $93,616.80 | 01/27/20 |
| 02/14/20 | 7668-8657 | $94,058.67 | 02/19/20 |
| 02/20/20 | 7759-8657 | $124,589.38 | 02/24/20 |
| 02/27/20 | 7873-8657 | $57,350.44 | 03/04/20 |
|  |  | $437,667.31 |  |

14. On September 28, 2020, Defendants Baker Hughes Oilfield Operations LLC filed a proof of claim, assigned claim number 10140 (the "Claim") stating a secured claim in the amount of $267,097.33 against SEC.

### IV. CAUSES OF ACTION

#### A. Avoidance of Preferential Payments – 11 U.S.C. § 547

15. The Payments to Defendants were made by SEC from SEC's property.

16. The Payments to Defendants were made by SEC to or for the benefit of Defendants.

4

17. The Payments to Defendants were for or on account of an antecedent debt owed by SEC to the Defendants before the Payments were made.

18. The Payments were made to Defendants while SEC was insolvent.

19. The Payments enabled Defendants to receive more than Defendants would receive if (a) SEC had filed under Chapter 7 of the Bankruptcy Code; (b) SEC had not made the payments to Defendants; and (c) the Defendants received payment of the debt associated with the Payments to the extent provided by the provision of Title 11 of the United States Code.

20. Based on reasonable due diligence in the circumstances of the case and taking into account Defendants' known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c), the Payments constitute avoidable preferential transfers pursuant to 11 U.S.C. § 547.

### B. Recovery of Preferential Payments or the Value of Such Payments - 11 U.S.C. § 550

21. Defendants were the initial transferee of the Payments.

22. Alternatively, and if the facts so prove, the Defendants were the immediate or mediate transferees of the initial transferee of the Payments.

23. Pursuant to section 550(a) of the Bankruptcy Code, the Creditor Trustee is entitled to recover the Payments, or the full value of the Payments, from Defendants for the benefit of the Creditor Trust.

### C. Objection to Claim - 11 U.S.C. § 502

24. Creditor Trustee objects to Defendant Baker Hughes Oilfield Operations, LLC proof of claim pursuant to 11 U.S.C. § 502(d) based on Defendant being a transferee of one or more transfers avoidable under 11 U.S.C. § 547(b).

25. Creditor Trustee's objection is without prejudice to the right of Creditor Trustee or the Debtors to object to the claim on any other ground.

WHEREFORE, Creditor Trustee requests the Court to enter judgment in favor of Creditor Trustee and against Defendants Baker Hughes Company f/k/a Baker Hughes a GE company and Baker Hughes Oilfield Operations, LLC as follows:

a. Avoidance of the Payments in the amount of $437,667.31 pursuant to 11 U.S.C. § 547(b);

b. Entry of money judgment in favor of the Creditor Trustee and against Defendants in the amount of the Payments $437,667.31.

c. Entry of money judgment in favor of the Creditor Trustee and against Defendants for pre- and post-judgment interest until the judgment is paid;

d. Disallowance of Defendant Baker Hughes Oilfield Operations, LLC's claim;

e. For the recovery of all costs incurred in the prosecution of this adversary proceeding; and

f. For such other and further relief as the Court deems just and proper.

Dated: March 30, 2022
s/ Andrew M. Toft
Andrew M. Toft, *Of Counsel*, #12550
HOFFMAN NIES DAVE & MEYER LLP
5350 S. Roslyn St., Ste. 100
Greenwood Village, CO 80111
(303) 860-7140
atoft@hn-colaw.com