United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:
Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144154

BAR(23) MAILID *** 000172144154 ***
SKR (CREDITOR.DBF, CREDNUM)CREDNUM # 1000002898*****

DESOTO NATURAL RESOURCES, INC.
DAVID E. COMBS, PRESIDENT
P.O. BOX 2767
LONG BEACH, CA 90801

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

RECEIVED
AUG 13 2020
LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000007

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

Oil + Was Royaltios

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): DESoto Natural Resources

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name DESoto NR
Number Street P.O. Box 2767
City State ZIP Code Long Beach, CL 90801
Country (if International): USA
Contact phone: 562-618-7670
Contact email: _____

Where should payments to the creditor be sent? (if different)

Name Same
Number Street _____
City State ZIP Code _____
Country (if International): _____
Contact phone: _____
Contact email: _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____ MM /DD /YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☐ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
___ ___ ___ ___

**7. How much is the claim?**
$ ? ?
Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Unpaid Royalties

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _2/10/2020_
                  MM / DD / YYYY      Signature

Print the name of the person who is completing and signing this claim:

Name   _Dale      E      Combs_
       First name   Middle name   Last name

Title   _President_

Company  _De Soto National Assoc_
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number   Street

         _____
         City        State       ZIP Code

Contact Phone _____   Email _____



# TERMO
## OIL & GAS EXPLORATION

U.S. POSTAGE >> PITNEY BOWES

ZIP 90807
02 4W
0000331983 AUG. 10. 2020.

$ 000.50

**RECEIVED**

**AUG 13 2020**

**LEGAL SERVICES**

Sola Exploration Co LLC
c/o Epig Corp Restris LLC
P.O. Box 4421
Beaverton Oregon
97076—4421

97076$0421 B900

Independently Focused. Partnered in Discovery.

THE TERMO COMPANY
P.O. Box 2767
Long Beach, CA 90801
www.TERMOCO.com

United States Bankruptcy Court for the District of Colorado

Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:

Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172145585

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

BAR(23) MAILID *** 000172145585 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000003888******

PAUL RAY WIMBERLY
13918 KEEL AVENUE
CORPUS CHRISTI, TX 78418

**RECEIVED**

AUG 2 0 2020

LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000034

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *PAUL WIMBERLY*

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name *PAUL WIMBERLY* | Name _____ |
| Number  Street *13918 Keel Ave* | Number  Street _____ |
| City  State  ZIP Code *CORPUS CHRISTI TX 78418* | City  State  ZIP Code _____ |
| Country (if International): *USA* | Country (if International): _____ |
| Contact phone: *a d9 3337* | Contact phone: _____ |
| Contact email: *WIMBERLY.PAULE GMAIL.COM* | Contact email: _____ |

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____
         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ *unk*

**Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*mineral lease - Royalty payments Description attached*

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: PRODUCTION 2 wells- Description attached

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. Amount necessary to cure any default as of the date of petition. mineral lease
$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

**Part 3: Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 5/18/20
MM / DD / YYYY    Signature Paul Wimberly

Print the name of the person who is completing and signing this claim:

Name PAUL RAY WIMBERLY
First name    Middle name    Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address 3918 Juul Ave
Number    Street
Corpus Christi    TX    78411
City    State    ZIP Code

Contact Phone 361 949 7737  Email WIMBERLY.PAUL@GMAIL.com

From: Sklar Exploration Co., L.L.C.

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|---|---|---|---|---|---|---|
| LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX | | | | | | |
| 02/2014 | GAS | | /0.00 | Production Tax - Gas: | 2,251.95 | 6.51 |
| | Roy NRI: | 0.00289046 | | Net Income: | 2,251.95 | 6.51 |
| LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX | | | | | | |
| 01/2017 | GAS | $/MCF:3.10 | 3 /0.01 | Gas Sales: | 9.29 | 0.03 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 0.70- | 0.01- |
| | | | | Net Income: | 8.59 | 0.02 |
| LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX | | | | | | |
| 03/2017 | GAS | $/MCF:2.58 | 2 /0.01 | Gas Sales: | 5.15 | 0.01 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 0.39- | 0.00 |
| | | | | Net Income: | 4.76 | 0.01 |
| LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX | | | | | | |
| 04/2017 | GAS | $/MCF:2.76 | 8 /0.02 | Gas Sales: | 22.06 | 0.06 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 1.66- | 0.00 |
| | | | | Net Income: | 20.40 | 0.06 |
| LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX | | | | | | |
| 05/2017 | GAS | $/MCF:2.82 | 19 /0.05 | Gas Sales: | 53.66 | 0.16 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 4.03- | 0.02- |
| | | | | Net Income: | 49.63 | 0.14 |
| LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX | | | | | | |
| 10/2017 | GAS | $/MCF:2.50 | 19 /0.05 | Gas Sales: | 47.56 | 0.14 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 3.58- | 0.01- |
| | | | | Net Income: | 43.98 | 0.13 |
| LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX | | | | | | |
| 11/2017 | GAS | $/MCF:2.58 | 17 /0.05 | Gas Sales: | 43.88 | 0.13 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 3.30- | 0.01- |
| | | | | Net Income: | 40.58 | 0.12 |
| LEASE: (1PAR02) Parker GU #1-2   County: LIMESTONE, TX | | | | | | |
| 08/2016 | GAS | | /0.00 | Production Tax - Gas: | 66.83 | 0.29 |
| | Roy NRI: | 0.00427626 | | Net Income: | 66.83 | 0.29 |
| LEASE: (1PAR02) Parker GU #1-2   County: LIMESTONE, TX | | | | | | |
| 02/2017 | GAS | $/MCF:2.55 | 3 /0.01 | Gas Sales: | 7.65 | 0.03 |
| | Roy NRI: | 0.00427626 | | Production Tax - Gas: | 0.57- | 0.00 |
| | | | | Net Income: | 7.08 | 0.03 |

*NOTE: Checks are mailed on the 30th of each month.*
*Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.*

| Owner#: | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---|---|---|---|---|---|---|---|
| WIMP01 | 111165 | Check Totals: | | 0.56 | (6.75) | | 7.31 |
| | 01/25/2018 | 2018 Totals: | | 0.56 | (6.75) | | 7.31 |

1

THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS PORTION IS NON-NEGOTIABLE • THIS

From:  Sklar Exploration Co., L.L.C.
To:    Paul Ray Wimberly

For Checks Dated 03/24/2017
Account: WIMP01      Page   1

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|---|---|---|---|---|---|---|
| **LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX** | | | | | | |
| 02/2016 | GAS | $/MCF:1.80 | 854 /2.47 | Gas Sales: | 1,534.52 | 4.44 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 115.66- | 0.34- |
| | | | | Net Income: | 1,418.86 | 4.10 |
| **LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX** | | | | | | |
| 03/2016 | GAS | $/MCF:1.56 | 843 /2.44 | Gas Sales: | 1,318.22 | 3.81 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 99.43- | 0.29- |
| | | | | Net Income: | 1,218.79 | 3.52 |
| **LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX** | | | | | | |
| 04/2016 | GAS | $/MCF:1.73 | 524 /1.51 | Gas Sales: | 906.93 | 2.62 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 68.37- | 0.20- |
| | | | | Net Income: | 838.56 | 2.42 |
| **LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX** | | | | | | |
| 05/2016 | GAS | $/MCF:1.73 | 918 /2.65 | Gas Sales: | 1,585.20 | 4.58 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 119.50- | 0.34- |
| | | | | Net Income: | 1,465.70 | 4.24 |
| **LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX** | | | | | | |
| 06/2016 | GAS | $/MCF:2.41 | 864 /2.50 | Gas Sales: | 2,086.50 | 6.03 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 157.07- | 0.45- |
| | | | | Net Income: | 1,929.43 | 5.58 |
| **LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX** | | | | | | |
| 07/2016 | GAS | $/MCF:2.66 | 842 /2.43 | Gas Sales: | 2,241.42 | 6.48 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 168.67- | 0.49- |
| | | | | Net Income: | 2,072.75 | 5.99 |
| **LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX** | | | | | | |
| 08/2016 | GAS | $/MCF:2.64 | 31 /0.09 | Gas Sales: | 81.88 | 0.24 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 6.16- | 0.02- |
| | | | | Net Income: | 75.72 | 0.22 |
| **LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX** | | | | | | |
| 11/2016 | GAS | $/MCF:2.27 | 83 /0.24 | Gas Sales: | 188.24 | 0.54 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 14.18- | 0.04- |
| | | | | Net Income: | 174.06 | 0.50 |
| **LEASE: (1JAC01) Jackson #1   County: LIMESTONE, TX** | | | | | | |
| 12/2016 | GAS | $/MCF:3.58 | 8 /0.02 | Gas Sales: | 28.66 | 0.08 |
| | Roy NRI: | 0.00289046 | | Production Tax - Gas: | 2.16- | 0.00 |
| | | | | Net Income: | 26.50 | 0.08 |
| **LEASE: (1PAR02) Parker GU #1-2   County: LIMESTONE, TX** | | | | | | |
| 04/2016 | GAS | $/MCF:1.73 | 1 /0.00 | Gas Sales: | 1.73 | 0.01 |
| | Roy NRI: | 0.00427626 | | Production Tax - Gas: | 0.13- | 0.00 |
| | | | | Net Income: | 1.60 | 0.01 |

*NOTE:  Checks are mailed on the 30th of each month.*

| Owner#: | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---|---|---|---|---|---|---|---|
| WIMP01 | 104193 | Check Totals: | | 28.83 | 2.17 | | 26.66 |
| | 03/24/2017 | 2017 Totals: | | 28.83 | 2.17 | | 26.66 |

2

**DUNCAN NEBLETT, JR.**
ATTORNEY AT LAW

~~WELLS FARGO BANK TOWER, SUITE 630~~
~~615 N. UPPER BROADWAY, WF BOX 96~~
~~CORPUS CHRISTI, TEXAS 78401-0757~~

TX 784 1 L
14 AUG 2020 PM

FOREVER / USA

RECEIVED

AUG 2 0 2020

LEGAL SERVICES

9707830421

Sklar Exploration Co. L L C
Claims Processing Center
% Epiq Corporate Restructuring L L C
P. O. Box 4421
Beaverton, OR.
97076-4421

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:

Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172145464

BAR(23) MAILID *** 000172145464 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000002507******

NATHAN AND MYRA NELL WILLIAMS
27524 MILITARY RD
ANGIE, LA 70426

☐ Check box if
the address on
the envelope
sent to you by
the court needs
to be updated.
Identify your
replacement
address in Part 1
(Section 3)
below.

For Court Use Only

**RECEIVED**

**AUG 21 2020**

**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**                    0000000035

## Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☐ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name _____ | Name _____ |
| Number   Street _____ | Number   Street _____ |
| City              State              ZIP Code | City              State              ZIP Code |
| Country (if International): _____ | Country (if International): _____ |
| Contact phone: _____ | Contact phone: _____ |
| Contact email: _____ | Contact email: _____ |

**4. Does this claim amend one already filed?**

☐ No

☐ Yes. Claim number on court claims register (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7. How much is the claim?**

$_____.

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                        $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:**    **Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   8-16-1900
                   MM / DD / YYYY

Signature   *Myra Nell Williams*

Print the name of the person who is completing and signing this claim:

Name   MYRA   N.   WILLIAMS
       First name   Middle name   Last name

Title   NATHAN H. Williams   owners

Company   _____

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   27524   Military Road
          Number   Street

          Angie   LA.   70426
          City   State   ZIP Code

Contact Phone   985-750-2291   Email
                2291

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.
- Fill in the caption at the top of the form. The full list of debtors is provided under the general information section on the Claims Agent's website: https://dm.epiq11.com/SKR.
- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- Attach any supporting documents to this form.  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt.  In addition to the documents, a summary may be added.  Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- Do not attach original documents because attachments may be destroyed after scanning.
- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.
- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.  See Bankruptcy Rule 9037.
- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*.  See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed
To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/SKR) to view your filed form under "Claims."

### Where to File Proof of Claim Form

**First Class Mail:**
Sklar Exploration Company, LLC Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4419

**Hand Delivery or Overnight Mail:**
Sklar Exploration Company, LLC Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**Electronic Filing:**
By accessing the E-filing Claims link at https://dm.epiq11.com/SKR

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy.  11 U.S.C. §101 (5).  A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy.  11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim.  A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| Debtor. | ) | |

**NOTICE OF ORDER ESTABLISHING PROCEDURES AND
BAR DATE FOR THE FILING OF PROOFS OF CLAIM
PURSUANT TO FED. R. BANKR. P. 3003(c)(3)**

TO INDIVIDUALS AND ENTITIES WHO MAY BE CREDITORS OF DEBTORS:

Please take notice that the bankruptcy court has entered an order establishing procedures and a bar date for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3) as follows:

(a) All proofs of claim must be filed with Epiq Corporate Restructuring, LLC ("Claims Agent") by e-filing, by mail, or in person, such that they are received no later than **5:00 P.M. PREVAILING MOUNTAIN TIME ON OR BEFORE SEPTEMBER 28, 2020 (the "Bar Date")**, at the following address:

**If by First-Class Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

**If by Hand Delivery or Overnight Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**By e-filing at:** https://epiqworkflow.com/cases/SKR

**CLAIMS ARE NOT DEEMED FILED UNTIL ACTUALLY RECEIVED BY THE CLAIMS AGENT.**

(b) **ANY CLAIMS FILED AFTER THE BAR DATE WILL BE DISALLOWED.** Any individual or entity that is required to file a proof of claim by the Bar Date and that fails to do so will not be treated as a creditor for the purposes of voting or distribution, may not receive any further notices of mailings in this chapter 11 case and any claim of such individual or entity will be forever barred.

(c) Any creditor holding a claim arising prior to date of debtors' chapter 11 bankruptcy filings, **April 1, 2020**, must file a proof of claim with the court if the claim is: (i) not scheduled, (ii) scheduled as disputed, contingent, or unliquidated, or (iii) if such creditor disagrees with the amount of the scheduled claim.

(d) Following the Bar Date, a creditor will not be allowed to amend a claim deemed filed on its behalf pursuant to 11 U.S.C. § 1111(a) by virtue of the listing of such claim by debtors in their respective bankruptcy schedules.

(e) In order to assist in the review and reconciliation of proofs of claim, claims should include copies of any invoices, statements or other documents which evidence or support the amount and basis of the claim.

(f) CLAIMANTS WHO HAVE ALREADY FILED THEIR PROOFS OF CLAIM SHOULD NOT FILE A DUPLICATE CLAIM. Claimants who have filed a Proof of Claim MAY file an amended Proof of Claim by the Bar Date.

**ANY CLAIM NOT TIMELY FILED WITH THE CLAIMS AGENT WITHIN THE TIME SET FORTH ABOVE WILL BE FOREVER BARRED FROM SHARING IN THE ESTATE OR BEING TREATED AS A CLAIM FOR PURPOSES OF VOTING OR DISTRIBUTION.[1]**

DATED: July 29, 2020

Respectfully submitted,

By: ___*/s/ Keri L. Riley*___
Lee M. Kutner, #10966
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
E-mail: klr@kutnerlaw.com

---

[1] Subject to 11 U.S.C. § 726(a)(1) in the event of conversion.

N.H. Williams
M.S. Williams
27524 Military Road
Angie, LA 70426

NEW ORLEANS LA 700

18 AUG 2020 PM 2 L

RECEIVED
AUG 21 2020
LEGAL SERVICES

Sklar Exploration Company, LLC
Claims Processing Center
℅ Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor:

Case Number:

Your Mail ID is as follows: 172144946

BAR(23) MAILID *** 000172144946 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000003341******

JOSEPH B. BRAMLETTE
REGIONS MORGAN KEEGAN BANK - NRRE OPS
PO BOX 11566
BIRMINGHAM, AL 35202

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

**RECEIVED**

AUG 2 4 2020

**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000041

04/19

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _Joseph B. Bramlette Testamentary Trust_

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
_Joseph B Bramlette Test Trust_
_Regions Bank Trustee_
Name

_P. O Box 2020_
Number    Street

_Tyler    TX    75710_
City    State    ZIP Code

Country (if International): _____

Contact phone: _903. 535. 4262_

Contact email: _joey.haird@regions.com_

Where should payments to the creditor be sent?
(if different)

Name

Number    Street

City    State    ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**
☑ No

☐ Yes.  Claim number on court claims register (if known) _____

Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No

☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☑ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ _Unknown_

Does this amount include interest or other charges?
☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_Unpaid royalties, if any_

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe: _Mineral Proceeds_

Basis for perfection: _Section 9.343 of the Texas Business and Commerce Code_

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                                          $ _____

Amount of the claim that is secured:        $ _____

Amount of the claim that is unsecured: $ _____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $ _____

Annual Interest Rate (when case was filed)  _____ %

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. Amount necessary to cure any default as of the date of petition.

$ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $ _____

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _08/19/2020_          _Joseph E Hand Jr_
                  MM / DD / YYYY         Signature

Print the name of the person who is completing and signing this claim:

Name  _Joseph_                _E_                    _Hand Jr_
      First name             Middle name            Last name

Title  _Senior Vice President_

Company  _Regions Bank_
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _P. O. Box 2020_
         Number        Street

_Tyler_                              _TX_        _75710_
City                                State       ZIP Code

Contact Phone  _903.535.4266_       Email  _juey.hand@regions.com_

Natural Resources & Real Estate
100 E. Ferguson Street
P O Box 2020
Tyler, Texas 75710-2020

 REGIONS

NORTH TEXAS TX P&DC
DALLAS TX 750
20 AUG 2020 PM 9 L



RECEIVED

AUG 2 4 2020

LEGAL SERVICES

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring LLC
P. O. Box 4421
Beaverton, OR 97076-4421

97076-042121
5

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:

Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172146323

BAR(23) MAILID *** 000172146323 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001513******

WANDA S. LEE
3273 FOREST SERVICE ROAD 304 WEST
BROADDUS, TX 75929

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

**RECEIVED**

**AUG 2 4 2020**

**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000042

04/19

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): _Wanda S. Lee_

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _Wanda S Lee Service Road_

Number Street _3273 Forest Service Road 304 W_

City State ZIP Code _Broaddus TX 75929_

Country (if International): _____

Contact phone: _936 872 9356_

Contact email: _wanda.lee@windstream.net_

Where should payments to the creditor be sent? (if different)

Name _____

Number Street _____

City State ZIP Code _____

Country (if International): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**

☒ No

☐ Yes. Claim number on court claims register (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ _3/16ths of well prod_

Does this amount include interest or other charges?

☒ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

_...tion or release of lease_

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_Oil, gas & mineral lease_

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                  $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any**
**default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes. **Amount necessary to cure any default as of the date of petition.**

$ 3/16ths of well production or release of lease

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____**

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   8 / 13 / 2020      _Wanda S Lee_
                   MM / DD / YYYY       Signature

Print the name of the person who is completing and signing this claim:

Name    _Wanda_          _S_          _Lee_
        First name       Middle name    Last name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _3273 Forest Service Road 304 W_
        Number       Street

        _Broaddus_          _TX_        _75929_
        City               State       ZIP Code

Contact Phone _936 8729356_   Email _Wanda.Lee@windstream.net_

# W. KEVIN JEFFREYS

*Oil & Gas Exploration*

**POST OFFICE BOX 5344**

**BRANDON, MISSISSIPPI 39047**

*Mobile 601-214-6700   Email: wkjeff1@bellsouth.net*

September 26, 2017

Mrs. Wanda Lee
3273 Forest Service Road 304 West
Broaddus, Texas 75929

      Re:   Oil, Gas and Mineral Lease

Dear Mrs. Lee:

     In line with our telephone conversation I have enclosed an oil, gas and mineral lease for your review. Bessie Mae Holladay retained 50% of the minerals under 2.3 acres she sold in 1984. According to her Will she devised you 13/100ths of the remainder of her estate, which included this small mineral interest. Your mother was devised 18/100ths. Sklarco LLC will pay you $150.00 for a lease on your interest. The lease is for a primary term of 3 years and the royalty will be based on 3/16ths in the event we find oil.

     If this meets with your approval please sign the original lease where indicated and have your signature notarized. Complete the W-9 taxpayer information form. Return the original lease and the W-9 form to me using the enclosed envelope. Upon receipt of the properly executed documents I will request that Sklarco mail you a check in the amount of $150.00 as payment for the lease. Contact me if you have any questions.

                      Sincerely,

                      W. Kevin Jeffreys

Enclosures:



Instrument Prepared By: W. Kevin Jeffreys, CPL, P. O. Box 5344, Brandon, Mississippi 39047 (Tel: 601-214-6700)

Producers 88 - Paid Up
With Pooling Provision

# OIL, GAS AND MINERAL LEASE

THIS AGREEMENT made to be effective September 26, 2017, by and between, **WANDA S. LEE**, a married woman, lessor (whether one or more), and whose address is 3273 Forest Service Road 304 West, Broaddus, Texas 75929, and, lessee, **SKLARCO, L.L.C.**, whose address is **5395 Pearl Parkway, Suite 200, Boulder, Colorado 80301**, WITNESSETH:

1. Lessor, in consideration of TEN Dollars ($10.00) & Other Valuable Consideration, the receipt and sufficiency of which is hereby acknowledged, and the covenants and agreements of lessee hereinafter contained, does hereby grant, lease and let unto lessee the land covered hereby for the purposes and with the exclusive right of exploring, drilling, mining and operating for, producing and owning oil, gas, sulphur and all other minerals (whether or not similar to those mentioned), together with the right to make surveys on said land, lay pipe lines, establish and utilize facilities for surface or subsurface disposal of salt water, construct roads and bridges, dig canals, build tanks, power stations, power lines, telephone lines, employee houses and other structures on said land, necessary or useful in lessee's operations in exploring, drilling for, producing, treating, storing and transporting minerals produced from the land covered hereby or any other land adjacent thereto. The land covered hereby, herein called "said land", is located in the County of **Escambia**, State of **Alabama**, and is described as follows:

## TOWNSHIP 2 NORTH, RANGE 10 EAST

SECTION 3:    Lots 4, 5, 6, 7 and 8 in Block A of the L. T. Phillips Subdivision, a portion of the NE¼ NW¼ of said Section 3, as per plat of said subdivision recorded in Plat Book 5, page 35, in the Office of the Probate Judge of Escambia County, Alabama. Also, all interest in the street lying North of the above described property.

It is the intention of the lessor to lease and the lessor does hereby lease, let and demise exclusively to lessee all interest owned or claimed in the NW¼ of Section 3, Township 2 North, Range 10 East, whether properly described herein or not.

This lease is altered and amended to the extent that in each and every instance that the fraction one-eighth (1/8th) appears, the same is hereby changed to read three-sixteenths (3/16ths). The royalty on sulphur is also changed to read three-sixteenths (3/16ths)

This lease also covers and includes, in addition to that above described, all land, if any, contiguous or adjacent to or adjoining the land above described and (a) owned or claimed by lessor by limitation, prescription, possession, reversion or unrecorded instrument or (b) as to which lessor has a preference right of acquisition. Lessor agrees to execute any supplemental instrument requested by lessee for a more complete or accurate description of said land. For the purpose of determining the amount of any bonus or shut-in royalty payment hereunder, said land shall be deemed to contain -2.3- acres, whether actually containing more or less, and the above recital of acreage in any tract shall be deemed to be the true acreage thereof. Lessor accepts the bonus as lump sum consideration for this lease and all rights, and options hereunder.

2. Unless sooner terminated or longer kept in force under other provisions hereof, this lease shall remain in force for a term of **Three (3)** years from the effective date hereof, hereinafter called "primary term", and as long thereafter as operations, as hereinafter defined, are conducted upon said land with no cessation for more than ninety (90) consecutive days.

3. As royalty, lessee covenants and agrees: (a) To deliver to the credit of lessor, in the pipe line to which lessee may connect its wells, the equal one-eighth part of all oil produced and saved by lessee from said land, or from time to time, at the option of lessee, to pay lessor the average posted market price of such one-eighth part of such oil at the well as of the day it is run to the pipe line or storage tanks, lessor's interest, in either case, to bear one-eighth of the cost of treating oil to render it marketable pipe line oil; (b) To pay lessor on gas and casinghead gas produced from said land (1) when sold by lessee, one-eighth of the amount realized by lessee, computed at the mouth of the well, or (2) when used by lessee off said land or in the manufacture of gasoline or other products, the market value, at the mouth of the well, of one-eighth of such gas and casinghead gas, lessor's interest, in either case, to bear one-eighth of the cost of treating or processing gas to extract liquids or to render it marketable pipe line gas; (c) To pay lessor on all other minerals mined and marketed or utilized by lessee from said land, one-tenth either in kind or value at the well or mine at lessee's election, except that on sulphur mined and marketed the royalty shall be one dollar ($1.00) per long ton. If, at the expiration of the primary term or at any time or times thereafter, there is any well on said land or on lands with which said land or any portion thereof has been pooled, capable of producing gas or any other mineral covered hereby, and all such wells are shut-in, this lease shall, nevertheless, continue in force as though operations were being conducted on said land for so long as said wells are shut-in, and thereafter this lease may be continued in force as if no shut-in had occurred. Lessee covenants and agrees to use reasonable diligence to produce, utilize, or market the minerals capable of being produced from said wells, but in the exercise of such diligence, lessee shall not be obligated to install or furnish facilities other than well facilities and ordinary lease facilities of flow lines, separator, and lease tank, and shall not be required to settle labor trouble or to market gas upon terms unacceptable to lessee. If, at any time or times after the expiration of the primary term, all such wells are shut-in for a period of ninety consecutive days, and during such time there are no operations on said land, then at or before the expiration of said ninety day period, lessee shall pay or tender by check or draft of lessee, as royalty, a sum equal to one dollar ($1.00) for each acre of land then covered hereby. Lessee shall make like payments or tenders at or before the end of each anniversary of the expiration of said ninety day period if upon such anniversary this lease is being continued in force solely by reason of the provisions of this sub-paragraph. Each such payment or tender shall be made to the parties who at the time of payment would be entitled to receive the royalties which would be paid under this lease if the wells were producing or may be deposited to such parties credit in the **pay directly to the lessor at the above address** bank, or its successors which shall continue as the depositories regardless of changes in ownership of shut-in royalty. If at any time that lessee pays or tenders shut-in royalty, two or more parties are, or claim to be, entitled to receive same, lessee may in lieu of any other method of payment herein provided, pay or tender such shut-in royalty, in the manner above specified, either jointly to such parties or separately to each in accordance with their respective ownerships thereof, as lessee may elect.

cpiJd/g10041J

Any payment hereunder may be made by check or draft of lessee deposited in the mail or delivered to the party entitled to receive payment or to a depository bank provided for above on or before the last date for payment. Nothing herein shall impair lessee's right to release as provided in paragraph 5 hereof. In the event of assignment of this lease in whole or in part, liability for payment hereunder shall rest exclusively on the then owner or owners of this lease, severally as to acreage owned by each.

4. Lessee is hereby granted the right, at its option, to pool or unitize all or any part of said land and of this lease as to any or all minerals or horizons thereunder, with other lands, lease or leases, or portion or portions thereof, or mineral or horizon thereunder, so as to establish units containing not more than 160 surface acres plus 10% acreage tolerance; provided, however, a unit may be established or an existing unit may be enlarged to contain not more than 640 acres plus 10% acreage tolerance, if unitized only as to gas or only as to gas and liquid hydrocarbons (condensate) which are not a liquid in the subsurface reservoir. If larger units are permitted or required, under any governmental rule or order, for the drilling or operation of a well at a regular location, for obtaining maximum allowable from any well to be drilled, drilling or already drilled, or for any other lawful purpose, any such unit may be established or enlarged, to conform to the size permitted or required by such governmental order or rule. Lessee shall exercise said option as to each desired unit by either (1) filing a drilling permit application or other application or instrument with the state oil and gas board identifying such unit, provided that any requested permit or amended permit is issued within a reasonable time thereafter, (2) obtaining a force pooling order from the state oil and gas board for a unit including all or a portion of said land, or (3) filing for record in the public office in which this lease is recorded an instrument or plat identifying the unit, whichever shall first occur. Each of said options may be exercised by lessee from time to time, and whether before or after production has been established either on said land or on the portion of said land included in the unit or on other land unitized therewith and any such unit may include any well to be drilled, being drilled or already completed. A unit established hereunder shall be valid and effective for all purposes of this lease even though there may be land or mineral, royalty or leasehold interests in land within the unit which are not pooled or unitized. Any operations conducted on any part of such unitized land shall be considered, for all purposes, except the payment of royalty, operations conducted under this lease. There shall be allocated to the land covered by this lease included in any such unit that proportion of the total production of unitized minerals from wells, in the unit, after deducting any used in lease or unit operations, which the number of surface acres in the land covered by this lease included in the unit bears to the total number of surface acres in the unit. The production so allocated shall be considered for all purposes, including the payment or delivery of royalty, overriding royalty, and any other payments out of production, to be the entire production of unitized minerals from the portion of said land covered hereby and included in such unit in the same manner as though produced from said land under the terms of this lease. The owner of the reversionary estate of any term royalty or mineral estate agrees that the accrual of royalties pursuant to this paragraph or of shut-in royalties from a well on the unit shall satisfy any limitation of term requiring production of oil or gas. The formation of such unit shall not have the effect of changing the ownership of any shut-in production royalty which may become payable under this lease. Neither shall it impair the right of lessee to release from this lease all or any portion of said land, except that lessee may not so release as to lands within a unit while there are operations thereon for unitized minerals unless all pooled leases are released as to lands within the unit. Lessee may dissolve any unit established hereunder by filing for record in the public office where this lease is recorded a declaration to that effect, if at that time no operations are being conducted thereon for unitized minerals or if the unit is reformed by the State Oil and Gas Board of Alabama. Subject to the provisions of this paragraph 4, a unit once established hereunder shall remain in force so long as any lease subject thereto shall remain in force. A unit may be so established, modified, or dissolved during the life of this lease.

5. Lessee may at any time and from time to time execute and deliver to lessor or file for record a release or releases of this lease as to any part or all of said land or of any mineral or horizon thereunder, and thereby be relieved of all obligations as to the released acreage or interest.

6. This is a PAID-UP LEASE. In consideration of the down cash payment, Lessor agrees that Lessee shall not be obligated except as otherwise provided herein, to commence or continue any operations during the primary term. Whenever used in this lease the word "operations" shall mean operations for and any of the following: drilling, testing, completing, reworking, recompleting, deepening, plugging back or repairing of a well in search for or in an endeavor to obtain production of oil, gas, sulphur or other minerals, excavating a mine, or production of oil, gas, sulphur or other mineral, whether or not in paying quantities.

7. Lessee shall have the use, free from royalty of water, other than from lessor's water wells, and of oil and gas produced from said land in all operations hereunder. Lessee shall have the right at any time to remove all machinery and fixtures placed on said land, including the right to draw and remove casing. No well shall be drilled nearer than 200 feet to the house or barn now on said land without the consent of the lessor. Lessee shall pay for damages caused by its operations to growing crops and timber on said land.

8. The rights and estate of any party hereto may be assigned from time to time in whole or in part and as to any mineral or horizon. All of the covenants, obligations, and considerations of this lease shall extend to and be binding upon the parties hereto, their heirs, successors, assigns, and successive assigns. No change or division in the ownership of said land, royalties, or other moneys, or any part thereof, howsoever effected, shall increase the obligations or diminish the rights of lessee, including, but not limited to, the location and drilling of wells and the measurement of production. Notwithstanding any other actual or constructive knowledge or notice thereof of or to lessee, its successors or assigns, no change or division in the ownership of said land or of the royalties, or other moneys, or the right to receive the same, howsoever effected, shall be binding upon the then record owner of this lease until thirty (30) days after there has been furnished to such record owner at his or its principal place of business by lessor or lessor's heirs, successors, or assigns, notice of such change or division, supported by either originals or duly certified copies of the instruments which have been properly filed for record and which evidence such change or division, and of such court records and proceedings, transcripts, or other documents as shall be necessary in the opinion of such record owner to establish the validity of such change or division. If any such change in ownership occurs by reason of the death of the owner, lessee may, nevertheless, pay or tender such royalties, or other moneys, or part thereof, to the credit of the decedent in a depository bank or at the address provided for above.

9. In the event lessor considers that lessee has not complied with all its obligations hereunder, both express and implied, lessor shall notify lessee in writing, setting out specifically in what respects lessee has breached this contract. Lessee shall then have sixty (60) days after receipt of said notice within which to meet or commence to meet all or any part of the breaches alleged by lessor. The service of said notice shall be precedent to the bringing of any action by lessor on said lease for any cause, and no such action shall be brought until the lapse of sixty (60) days after service of such notice on lessee. Neither the service of said notice nor the doing of any acts by lessee aimed to meet all or any of the alleged breaches shall be deemed an admission or presumption that lessee has failed to perform all its obligations hereunder. Should it be asserted in any notice given to the lessee under the provisions of this paragraph that lessee has failed to comply with any implied obligation or covenant hereof, this lease shall not be subject to cancellation for any such cause except after final judicial ascertainment that such failure exists and lessee has then been afforded a reasonable time to prevent cancellation by complying with and discharging its obligations as to which lessee has been judicially determined to be in default. **In the event that any dispute relating to this lease or to the performance of lessee hereunder results in litigation, lessor and lessee each hereby waives his/her/its right to trial by jury in any such litigation.** If this lease is cancelled for any cause, it shall nevertheless remain in force and effect as to (1) sufficient acreage around each well as to which there are operations to constitute a drilling or maximum allowable unit under applicable government regulations (but in no event less than forty acres), such acreage to be designated by lessee as nearly as practicable in the form of a square centered at the well, or in such shape as then existing spacing rules permit or require; and (2) any part of said land included in a pooled unit on which there are operations. Lessee shall also have such easements on said land as are necessary to operations on the acreage so retained.

10. Lessor hereby warrants and agrees to defend title to said land against the claims of all persons whomsoever. Lessor's rights and interests hereunder shall be charged primarily with any mortgages, taxes or other liens, or interest and other charges on said land, but lessor agrees that lessee shall have the right at any time to pay or reduce same for lessor, either before or after maturity, and be subrogated to the rights of the holder thereof and to deduct amounts so paid from royalties or other payments payable or which may become payable to lessor and/or assigns under this lease. Lessee is hereby given the right to acquire for its own benefit, deeds, leases, or assignments covering any interest or claim in said land which lessee or any other party contends is outstanding and not covered hereby and even though such outstanding interest or claim be invalid or adverse to lessor. If this lease covers a less interest in the oil, gas, sulphur, or other minerals in all or any part of said land than the entire and undivided fee simple estate (whether lessor's interest is herein specified or not), or no interest therein, then the royalties, and other moneys accruing from any part as to which this lease covers less than such full interest, shall be paid only in the proportion which the interest therein, if any, covered by this lease, bears to the whole and undivided fee simple estate therein. All royalty interest covered by this lease (whether or not owned by lessor) shall be paid out of the royalty herein provided. This lease shall be binding upon each party who executes it without regard to whether it is executed by all those named herein as lessor.

11. If, while this lease is in force, at, or after the expiration of the primary term hereof, it is not being continued in force by reason of the shut-in well provisions of paragraph 3 hereof, and lessee is not conducting operations on said land by reason of (1) any law, order, rule or regulation, (whether or not subsequently determined to be invalid) or (2) any other cause, whether similar or dissimilar, (except financial), beyond the reasonable control of lessee, the primary term hereof shall be extended until the first anniversary date hereof occurring ninety (90) or more days following the removal of such delaying cause, and this lease may be extended thereafter by operations as if such delay had not occurred.

IN WITNESS WHEREOF, this instrument is executed to be effective on the date first above written.

_____
WANDA S. LEE

_____

## ACKNOWLEDGEMENT

STATE OF TEXAS

COUNTY OF _____

I, _____, a notary public in and for said County in said State, hereby certify that WANDA S. LEE, whose name is signed to the foregoing conveyance, and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, she executed the same voluntarily on the day the same bears date.

Given under my hand and official seal, this _____ day of _____, A.D., 2017.

(Affix Seal)

_____
Notary Public

My commission expires:

For recording purposes only, this lease covers less than 20 mineral acres and has a primary term of less than 10 years.



WANDA AND KEN LEE
3273 FSR 304 W
BROADDUS TX 75929

**RECEIVED**

AUG 2 4 2020

**LEGAL SERVICES**

Skylar Exploration Company LLC
Claims Processing Center
c/o Epiq Corporate Restructuring LLC
P.O. Box 4421
Beaverton OR 97076-4421

| Fill in this information to identify the case: |
| --- |
| Debtor 1   Sklar Exploration Company, LLC |
| Debtor 2   Sklarco, LLC |
| (Spouse, if filing) |
| United States Bankruptcy Court   **District of Colorado** |
| Case number: **20-12377** |

**FILED**

**U.S. Bankruptcy Court**
**District of Colorado**

5/13/2020

**Kenneth S. Gardner, Clerk**

## Official Form 410
## Proof of Claim

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000068

04/19

Read the instructions before filling out this form. This form is for making a claim ~~~~~~~~~~~~~~ ~~ to
make a request for payment of an administrative expense. Make such a request ~~~~~~~~~~~~~

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

| 1. Who is the current creditor? | Bodcaw 3–D, LLC |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |
| --- | --- |

| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Bodcaw 3–D, LLC<br><br>Name<br><br>P. O. Box 1689<br>Ruston, LA 71273–1689<br><br><br><br>Contact phone _____3182552400_____<br><br>Contact email<br>___steve@hunterenergycorp.com___<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>_____ | **Where should payments to the creditor be sent?** (if different)<br><br>Name<br><br><br><br><br><br><br>Contact phone _____<br><br>Contact email _____ |
| --- | --- | --- |

| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____<br>MM / DD / YYYY |
| --- | --- |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |
| --- | --- |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**

$ 0.00

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Bodcaw 3-D, LLC is a working interest owner with Sklar as operator and Sklar has not paid Bodcaw 3-D, LLC

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.
    **Nature of property:**
    ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
    ☐ Motor vehicle
    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:** $ _____

    **Amount of the claim that is secured:** $ _____

    **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:** $ _____

    **Annual Interest Rate** (when case was filed) _____ %

    ☐ Fixed
    ☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410          Proof of Claim          page 2

| 12.| Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ _____ |
| | | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  5/13/2020
                  MM / DD / YYYY

/s/ Stephen Otis Smith
Signature

Print the name of the person who is completing and signing this claim:

| Name | Stephen Otis Smith |
| | First name    Middle name    Last name |
| Title | Manager |
| Company | Bodcaw 3-D, LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 111 Killgore Road |
| | Number  Street |
| | Ruston, LA 71270-7127 |
| | City  State  ZIP Code |
| Contact phone | 3182432400    Email  steve@hunterenergycorp.com |

Official Form 410                Proof of Claim                page 3

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172145526

Name of Debtor: *SKLAR EXPLORATION COMPANY, LLC*
Case Number: *20-12377-EEB   SKLARCO, LLC*
*20-12380-EEB*

BAR(23) MAILID *** 000172145526 ***
SKR (CREDITOR.DBF, CREDNUM)CREDNUM # 1000001792******

OPAL ANNETTE SCOTT HENDRICKS
5909 HALL ROAD
JAY, FL 32565

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

**RECEIVED**
SEP 01 2020
**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**                                    0000000118

## Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *Opal Annette Scott Hendricks*

Other names the creditor used with the debtor:

**2. Has this claim been acquired from someone else?** ☒ No  ☐ Yes.   From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

*Opal Annette Scott Hendricks*
Name
*5909 Hall Rd*
Number    Street
*Jay        FL   32565*
City        State     ZIP Code

Country (if International): _____
Contact phone: *850-477-8579*
Contact email: *Opalshendricks@yahoo.com*

Where should payments to the creditor be sent? (if different)

Name
Number    Street
City        State     ZIP Code

Country (if International): _____
Contact phone: _____
Contact email: _____

**4. Does this claim amend one already filed?**
☒ No
☐ Yes.   Claim number on court claims register (if known) _____
Filed on _____
          MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes.  Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
*7930*
*5432*

**7. How much is the claim?**

$ _____

Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*lease and oil sold from two producing wells*

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

Basis for perfection: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed   ☐ Variable

**10.  Is this claim based on a lease?**

☐ No

☒ Yes.  Amount necessary to cure any default as of the date of petition.

$_____

**11.  Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes.  *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

$_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9) $_____

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _08/27/2020_   *Opal Annette Scott Hendrick*
                   MM / DD / YYYY        Signature

Print the name of the person who is completing and signing this claim:

Name   _Opal   Annette Scott   Hendricks_
       First name      Middle name      Last name

Title   _Trustee_

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _5909   Hall RD_
          Number      Street

          _Jay_                    _FL_      _32565_
          City                     State     ZIP Code

Contact Phone   _850-477-8599_      Email _opalshendricks@yahoo.com_

W. R. &Opal Scott Heard Jr.
5909 HALL RD
JAY, FL 32565

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**



UNITED STATES
POSTAL SERVICE®

U.S. POSTAGE PAID
FCM LETTER
PENSACOLA, FL
32504
AUG 28, 20
AMOUNT

**$4.10**
R2304H107678-18

7020 0090 0002 0467 2702

97005

1000

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

**RECEIVED**

SEP 0 1 2020

**LEGAL SERVICES**

97005-483300

United States Bankruptcy Court for the District of Colorado

Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

**Name of Debtor:** *SKLAR EXPLORATION COMPANY, LLC*

**Case Number:** *20-12377-EEB*
*SKLARCO, LLC 20-12380-EEB*

Your Mail ID is as follows: 172146311

BAR(23) MAILID *** 000172146311 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001841******

W.R. HENDRICKS, TRUSTEE AND
OPAL SCOTT HENDRICKS, AS TRUSTEE
5909 HALL RD
JAY, FL 32565

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Only**

**RECEIVED**

SEP 0 1 2020

LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000119

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): *W.R.Hendricks, Trustee and Opal Scott Hendricks, AS Trustee*

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name *W. R. Hendricks, Trustee*

Number Street *5909 Hall Rd*

City *Joy* State *FL* ZIP Code *32565*

Country (if International): _____

Contact phone: *850·490·0794*

Contact email: *opalshendricks@yahoo.com*

**Where should payments be sent?** (if different)

Name _____

Number Street _____

City _____ State _____ ZIP Code _____

Country (if International): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**

☒ No

☐ Yes. Claim number on court claims register (if known) _____

Filed on ___/___/_____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☒ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

*7930 &*
*5432*

**7. How much is the claim?**

$ _____

Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*lease and oil sold from producing well*

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____
_____

**Basis for perfection:** _____
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                          $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%
                                    ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes.  Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____
_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
|---------|------------|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Check the appropriate box:**

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08/27/2020   Signature  *W.R. Hendricks Trustee*
                 MM / DD / YYYY          *Opal Scott Hendricks, trustee*

Print the name of the person who is completing and signing this claim:

Name   *William         Robert        Hendricks and Opal Scott*
       First name       Middle name   Last name   *Hendricks*

Title  *Trustee*

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  *5909   Hall RD*
         Number    Street

        *Jay*                *FL*        *32565*
        City                 State       ZIP Code

Contact Phone  *850-490-0794*      Email *Opalshendricks@yahoo.com*

W. R. &Opal Scott Hendricks.
5909 HALL RD
JAY, FL 32565



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7020 0090 0002 0467 2702

U.S. POSTAGE PAID
FCM LETTER
PENSACOLA, FL
32504
AUG 28, 20
AMOUNT

**$4.10**

R2304H107678-18

97005

# COPY

**Document Control**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

**RECEIVED**

SEP 0 1 2020

**LEGAL SERVICES**

97005-483300

United States Bankruptcy Court for the District of Colorado

Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:

Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172143739

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

**RECEIVED**

SEP 01 2020

**LEGAL SERVICES**

BAR(23) MAILID *** 000172143739 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001659******

BILLY GARFIELD SCOTT
4309 HIGHWAY #4
JAY, FL 32565-0000

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000120

## Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): Billy Garfield Scott

Other names the creditor used with the debtor:

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name: Billy Garfield Scott

Number Street: 4309 Highway #4

City: Jay  State: FL  ZIP Code: 32565

Country (if International):

Contact phone: (850) 675 - 6784

Contact email:

Where should payments to the creditor be sent? (if different)

Name:

Number Street:

City  State  ZIP Code

Country (if International):

Contact phone:

Contact email:

**4. Does this claim amend one already filed?**

☑ No

☐ Yes. Claim number on court claims register (if known)

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No

☐ Yes. Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ Unpaid Royalties + Mineral Lease

Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Mineral Lease — Royalty Owner

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** *Recorded mineral lease*

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $ *100,000*

Amount of the claim that is secured:  $ *100,000*

Amount of the claim that is unsecured: $ *— 0 —*
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $ *— 0 —*

**Annual Interest Rate** (when case was filed)  _____%

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of petition.**

$ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☑ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $ _____

---

| **Part 3:** | **Sign Below** |
| --- | --- |

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   *8 24 2020*   Signature *Billy Garfield Scott*
            MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name   *Billy*         *Garfield*        *Scott*
        First name       Middle name        Last name

Title   *Mineral Lease Owner*

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   *4309*      *Highway  4*
          Number     Street

          *Jay*                *FL*        *32565*
          City                 State       ZIP Code

Contact Phone   *(850) 675-6784*         Email _____

Billy Scott
4309 Highway 4
Jay, FL 32565

$0.50

US POSTAGE
FIRST-CLASS
062S0009748545
32502

stamps.com

RECEIVED

SEP 0 1 2020

LEGAL SERVICES

Sklar Exploration Company, LLC Claims Proc. Cent.
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4419

United States Bankruptcy Court for the District of Colorado

**Sklar Exploration Company, LLC. Claims Processing Center**
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor: SKLAR EXPLORATION COMPANY, LLC
Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172146764

BAR(23) MAILID *** 00017146764 ***
SKR (MERGE2.DBF,SCHED_NO)   SCHEDULE #: 377002840*****

NORTHSTAR PRODUCING I, LTD.
TERRY STANISLAV
1681 RIVER ROAD APT. 3108
BOERNE, TX 78006-0000

☑ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

**RECEIVED**

SEP 0 8 2020

**LEGAL SERVICES**

Your claim is scheduled by the Debtor as:
$3,461.21 UNSECURED

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000125

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a ~~l~~
under 503(b)(9), do not use this form to make a request for payment of an administrative expense. ~~...~~

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): *Northstar Producing I, LTD*

Other names the creditor used with the debtor: *Northstar Producing I, LP*

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom?

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.   Claim number on court claims register (if known) _____
Filed on _____ MM / DD / YYYY

Where should notices to the creditor be sent?

Name: *Terry Stanislav*

Number   Street: *12 Granadilla*

City   State   ZIP Code: *Boerne, Tx  78006*

Country (if International): _____

Contact phone: *832-545-0259*

Contact email: *tstanislav@reagan.com*

Where should payments to the creditor be sent?
(if different)

Name: _____

Number   Street: _____

City   State   ZIP Code: _____

Country (if International): _____

Contact phone: _____

Contact email: _____

**5.  Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.  Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.  Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7.  How much is the claim?**

$ _____

Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property:

_____

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date **09/03/2020**
MM / DD / YYYY    Signature

Print the name of the person who is completing and signing this claim:

Name **Terry** _____ **Stanislav**
First name    Middle name    Last name

Title **Partner**

Company **Northstar Producing J, LTD**
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address **12 Granndilla**
Number    Street

**Boerne, Tx**        **TX**    **78006**
City    State    ZIP Code

Contact Phone **832-545-0259**    Email **tstanislav@reagan.com**

12 Granadilla
Boerne, Tx 78006

SAN ANTONIO TX 780
RIO GRANDE DISTRICT
05 SEP 2020 PM 3 L

FOREVER USA

Sklar Exploration Company, LLC Claims Processing Ctr
c/o Epiq Corporate Restructuring LLC
P.O. Box 4421
Beaverton, OR 97076-4419

**RECEIVED**

SEP 0 8 2020

LEGAL SERVICES

97076-042121

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | |

United States Bankruptcy Court for the: District of Colorado

Case number 20-12377

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000131

**RECEIVED**

SEP 0 3 2020

**LEGAL SERVICES**

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Seitel Data, Ltd.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Clark Hill Strasburger
Name

720 Brazos Street, Suite 700
Number    Street

Austin                    TX          78701
City                      State       ZIP Code

Contact phone 512.499.3647

Contact email dbrescia@clarkhill.com

Where should payments to the creditor be sent? (if different)

Seitel Data, Ltd. Attn: Legal Department
Name

10811 S. Westview Circle Dr., #100, Bldg. C
Number    Street

Houston                  TX          77043
City                     State       ZIP Code

Contact phone 713.881.2858

Contact email pparekh@seitel.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ____/____/____
                                                                         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

7. **How much is the claim?**   $_____ unliquidated___. Does this amount include interest or other charges?

   ☐ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   <u>Breach of Master Contract dated January 25, 2001 (attached), et al</u>

9. **Is all or part of the claim secured?**

   ☑ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                    $_____
   **Amount of the claim that is secured:**   $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $_____

   **Annual Interest Rate** (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**

    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition.   $_____

11. **Is this claim subject to a right of setoff?**

    ☑ No
    ☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                                                             $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).                          $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).                                                                          $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).                     $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).                          $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.                         $_____

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/02/2020
                  MM / DD / YYYY

*Puja Parekh*              Puja Parekh
                          Sep 2 2020 9:46 AM
Signature

Print the name of the person who is completing and signing this claim:

| Name | Puja | | Parekh |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Vice President - Legal |
|---|---|

| Company | Seitel Data, Ltd. |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 10811 S. Westview Circle Drive, Suite 100, Bldg. C |
|---|---|
| | Number    Street |

| | Houston | TX | 77043 |
|---|---|---|---|
| | City | State | ZIP Code |

| Contact phone | 713.881.2858 | Email | pparekh@seitel.com |
|---|---|---|---|

## 2D & 3D ONSHORE/OFFSHORE MASTER SEISMIC
## DATA PARTICIPATION AND LICENSING AGREEMENT

This Agreement ("Agreement") is effective as of January 25, 2001, by and between the following respective owner(s) or co-owner(s) of each data set licensed hereunder, as applicable, Seitel Data, Ltd., a Texas limited partnership, Seitel Data Corp., a Delaware corporation, Seitel Offshore Corp., a Delaware Corporation, or Olympic Seismic Ltd., an Alberta, Canada corporation acting as agent for SEIC Trust, hereinafter collectively or individually referred to as "Licensor", and Sklar Exploration Company LLC, a _____ corporation, hereinafter referred to as "Licensee."

Licensor agrees to acquire or has acquired, and grants a non-exclusive license to Licensee for the use of certain geophysical data delineated in various Supplemental Agreements to this Agreement which may be executed from time to time in the form attached hereto as Schedule "I" by either Line Number, Program Name, Mileage or Square Mileage, Kilometer, Block, or 3D Program Name, as well as all related support documentation (e.g., surveying data, surveyor's notes, driller's notes and observer's notes delivered to Licensee with the geophysical data), and all tape, electronic and paper/physical copies of all or any part of the geophysical data or related support documentation, regardless of source. Such geophysical data, related support documentation and copies are referred to collectively hereinafter as the "Data." LICENSOR HEREBY REPRESENTS AND WARRANTS THAT IT HAS THE EXCLUSIVE RIGHT AND AUTHORITY TO PROVIDE LICENSEE WITH THE DATA, AND THAT IT WILL IN NO WAY BREACH ANY OBLIGATION IT HAS TO ANY OTHER PERSON OR ENTITY BY PROVIDING THE DATA TO LICENSEE. LICENSOR AGREES TO DEFEND, INDEMNIFY AND HOLD HARMLESS LICENSEE FROM AND AGAINST ALL CLAIMS, DAMAGES, LIABILITIES, AND JUDGMENTS BASED UPON OR ARISING OUT OF ANY BREACH BY LICENSOR OF THE FOREGOING REPRESENTATION AND WARRANTY. This non-exclusive license to use the Data is made subject to the terms and conditions provided below.

I.

Licensee acknowledges that the Data includes trade secrets, copyright protected confidential and proprietary information of Licensor, and that Licensor's (and, as applicable, Licensor's co-owners') title to and ownership rights in the Data shall at all times remain vested in Licensor (and, as applicable, Licensor's co-owners). The Data may not be directly or indirectly, by operation of law or otherwise, transferred to, disclosed to, shown to, sold to, traded to, disposed of, or otherwise made available to, any other person or entity other than Licensee except as specifically provided below in Section III. Licensee agrees to take any and all actions necessary to insure that its employees, representatives or agents do not violate the terms and conditions of this Agreement including, but not limited to, the limitations on access to the Data provided below. In the event this Agreement is violated, Licensor will be entitled to all remedies available to it at law and in equity, including, but not limited to, the specific remedies set forth in Sections III and XI below. Licensee recognizes that Licensor, as owner or co-owner of the Data, may enter into agreements with other parties to license the Data provided to Licensee, and that Licensor is free to license, use, sell or in any other manner dispose of the Data upon such terms and conditions as Licensor may elect.

II.

LICENSEE AGREES THAT THIS LICENSE TRANSACTION IS MADE ON AN "AS IS, WHERE IS" BASIS. LICENSOR DOES NOT WARRANT THE ACCURACY OR QUALITY OF THE DATA, AND ANY ACTIONS TAKEN OR EXPENDITURES MADE BY LICENSEE AS A RESULT OF EXAMINATION, EVALUATION OR INTERPRETATION OF THE DATA SHALL BE AT THE SOLE RISK, RESPONSIBILITY AND LIABILITY OF LICENSEE, WITHOUT ANY RECOURSE TO LICENSOR. LICENSEE FURTHER AGREES THAT LICENSOR SHALL NOT BE LIABLE FOR ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, ANY WARRANTY OF *MERCHANTABILITY*, QUALITY OR FITNESS FOR A PARTICULAR PURPOSE, OR THAT THE DATA IS COMPLETE, WHOLLY ACCURATE, OR ERROR FREE. NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED HEREIN, LICENSOR SHALL IN NO EVENT BE LIABLE TO LICENSEE OR ANY THIRD PARTIES FOR PUNITIVE, INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES RESULTING FROM OR ARISING OUT OF THIS AGREEMENT OR THE USE BY LICENSEE OR ANY THIRD PARTIES OF THE DATA.

LICENSOR AGREES TO INDEMNIFY AND HOLD HARMLESS LICENSEE FROM AND AGAINST ALL CLAIMS, DAMAGES, LIABILITIES AND JUDGMENTS BASED UPON OR ARISING OUT OF FIELD OPERATIONS CONDUCTED BY LICENSOR OR ITS SUB-CONTRACTORS DURING THE DATA ACQUISITION PROCESS.

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 2

III.

Licensee agrees that this license is personal, that the Data shall be for Licensee's internal use only, and that the Data shall not be directly or indirectly, by operation of law or otherwise, transferred to, disclosed to, shown to, sold to, traded to, disposed of, or otherwise made available to, any person or entity other than Licensee, except under the following conditions:

A. The Data may be made available, shown, or a copy provided, to any person or entity solely for the purposes of reprocessing, analyzing, interpreting and/or creating derivative products for Licensee, subject to the following: (1) such person or entity is not itself engaged in the oil & gas exploration business; (2) such person or entity acknowledges and agrees, either generally or specifically, that the Data is the confidential, proprietary property, copyright and trade secret of Licensor and will not be transferred to, disclosed to, described to, shown to or used to benefit any other person or entity; (3) such person or entity agrees to be bound by the terms and conditions of this Agreement; (4) the period of time during which the person or entity has access to the Data is no longer than is reasonably necessary for it to perform the work undertaken for Licensee; and (5) Licensee provides reasonably detailed notice to Licensor of the provision and the return of any Data pursuant to this section (i.e., a description of the Data provided, and the identity and address of the person or entity to whom the Data is provided, such notice to be provided within ten (10) business days of that provision or return as the case may be. All derivative products and reprocessed Data will be owned by and will remain the property of Licensor and shall be included in the definition of "Data" as that term is used in this Agreement.

B. Such portions of the Data as are directly related, in the reasonable opinion of Licensee, to a specific drilling prospect generated by Licensee or to a leasehold interest which Licensee desires to offer for potential sale may be shown by Licensee to any person or entity, but not copied, separately analyzed or manipulated for or by such person or entity, in order to interest such person or entity to enter into an agreement with Licensee to explore, operate, develop or buy all or a portion of such drilling prospect or lease or for purposes of a "Change in Control" as defined in Article XI, but only if such person or entity acknowledges and agrees, either generally or specifically, that the Data is the confidential, proprietary property, copyright and trade secret of Licensor and will not be transferred to, disclosed to, described to, shown to or used to benefit any other person or entity. Licensor and Licensee intend that Licensee may show the applicable portions of the Data to any person or entity for the limited purpose described above only in connection with a specific drilling prospect of limited area or in connection with the potential sale of a specific leasehold interest or for the purposes of a Change of Control, but not to permit such person or entity to make a regional interpretation of the Data or any portion thereof, and only after such person or entity agrees that the Data is the confidential, proprietary property, copyright and trade secret of Licensor and will not be disclosed to, described to, shown to or used to benefit any other person or entity.

C. Notwithstanding the foregoing, such portions of the Data as are directly related, in the reasonable opinion of Licensee, to a specific drilling prospect or specific leasehold interest may be made available and a copy provided by Licensee to any person or entity that enters with Licensee into a co-venture of any kind with respect to that drilling prospect or leasehold interest, or to a buyer of that drilling prospect or leasehold interest conditioned upon (1) payment to Licensor of a fee to be determined in Licensor's sole discretion, but not to exceed 35% of the original license cost or ratable portion thereof for the Data or portions of the Data included, within 30 days after a copy of the Data or any portion of the Data is provided to that person or entity, and (2) the entry by that person or entity into an agreement similar in form and substance to this Agreement for the affected Data.

The intent of this Agreement is to allow the Data to be used solely by Licensee for the purposes of analysis and interpretation in Licensee's search for hydrocarbon reserves. Licensee shall take all measures necessary to safeguard the Data from unauthorized use or disclosure and, in any event, Licensee shall provide at least the same degree of care and control of the

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 3

Data as Licensee exercises toward its own trade secret, proprietary, confidential and copyright protected information. Other than as set out above, the Data shall remain in the physical possession of Licensee and will not be made available to any person or entity. At no time, under any circumstances, shall Licensee receive any fee or value from any person or entity for any use of the Data, nor shall the Data at any time be displayed on the Internet or any other publicly accessible media for any purpose. If this section of the Agreement is breached, in addition to all other remedies available to Licensor at law or in equity, Licensee shall pay to Licensor as liquidated damages, and not as a penalty, an amount equal to 150% of the original license fees paid for the Data (but not to exceed 100% of the total acquisition and processing costs for the data), within three (3) business days of a written demand from Licensor. Upon such payment there shall be delivered to any other party who has been given access to the Data an agreement similar in form and substance to this Agreement for the affected Data. Only upon full execution of that agreement shall the other party have any rights of use in and to the Data.

Licensee acknowledges, covenants and agrees that any breach of this Agreement by any consultant, agent, employee, representative, or other advisor of Licensee, or by any prospective venture participant or prospective purchaser, or any of their respective consultants, agents, employees, representatives or other advisors, shall be a breach of this Agreement by Licensee.

IV.

The geophysical data acquired by Licensor will be gathered and processed by reputable geophysical contractors (and competent and experienced sub-contractors) selected at Licensor's discretion, under the direction of Licensor, using personnel, instrumentation, parameters and techniques as are presently available. The standards of the industry will be followed regarding testing and calibration of instruments for accuracy and performance specifications.

Licensor agrees to make commercially reasonable efforts in locating the geophysical data as indicated on the specific map attached to each Supplemental Agreement for any particular line or program. However, Licensor reserves the right to make program changes, deemed necessary by Licensor, due to permit, terrain or obstructions, which may affect field operations. Original participants (as defined in Section V below) will be consulted regarding any major program change. In addition, acquisition of geophysical data (including, without limitation, the scheduling of commencement and completion of operations) is subject to change, delay or cancellation depending upon weather conditions, availability of permits, environmental considerations, action or inaction or other interference of governmental or other regulatory bodies, and any other condition beyond the sole, commercially reasonable control of Licensor, including, without limitation, riot, strike, war, insurrection, rebellion, civil disturbance, legal restraints, fire, flood, freezing, storm, hurricane, tornadoes or other action of the elements or acts of God, or any occurrence of force-majeure.

The geophysical data will be acquired using the parameters delineated in the specific parameter sheet attached to each Supplemental Agreement for any particular line or program, and generally processed using the processing sequence outlined in the specific parameter sheet attached to each Supplemental Agreement. Licensor will make such changes in both acquisition parameters and the processing sequence as it deems necessary or appropriate upon review of field tests and initial processing results to ensure the acquisition of quality data. Original participants will be notified of any significant changes made in the acquisition parameters or processing sequence and shall be allowed to review the tests and results of the proposed changes.

V.

Licensees committing prior to completion of acquisition on any program or those reserving the right to purchase a license as a condition of permit will be considered as Original participants in such program.

Delivery of the processed data sections and/or tapes will be made either simultaneously to Original participants at a convenient, pre-arranged location or by courier, hand delivery, or overnight delivery on the delivery date, if the participant so elects.

03/22/01 THU 12:25   FAX 227 9012 SKLAR EXPLORATION                    ☑005/014
MAR-22-2001  08:38                                                     P.05/14

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 4

The geophysical data may be delivered either in phases or as a complete program at Licensor's sole option. The data shall be delivered as designated on the specific map attached to each Supplemental Agreement for each particular line, square mile, kilometer, block or program, unless terrain, permit limitations, or obstructions alter the total line length or program area.

In the event of a work in progress, when Licensor either itself or through third parties is in the process of acquiring or has committed to expend and/or has expended monies and/or resources to acquire Data and License undergoes a Change of Control as defined in Section XI, below, before Licensor has acquired, processed or delivered the Data to Licensee under the terms of this Agreement, then Licensee agrees to pay Licensor any fees contemplated for the Data and a re-license fee of ▮▮▮▮ of the original license fee for the Data, and may not elect to return the Data pursuant to Section XI, below.

VI.

Licensor shall retain original field tapes and support information, or equivalent, for a period of two (2) years from the date of completion of data recording by Licensor. Licensee may purchase tape copies for data licensed hereunder at prevailing rates. Licensor shall deliver such tapes within thirty (30) days from the date of request and/or approval of quote outlining pricing and delivery.

VII.

Licensee will be invoiced, per the terms of Licensee's specific acquisition agreement, per surface mile, square mile, kilometer or block acquired for all data gathered during any particular phase at rates, which may include permits, access fees, customary operational damages, and data gathering and processing.

If Licensor, in Licensor's reasonable judgment and at its sole discretion, is able to complete only a portion of the data because of terrain, permit limitations or obstructions, Licensee will be invoiced only for that portion completed; except, if permit limitations cause the shots and receivers to be redistributed rather than deleted, Licensee shall be invoiced in full. Permits, access fees, and customary operational damages have been estimated at amounts as delineated in Licensee's acquisition agreement for any particular program. Should the program square mileage average for permits, access fees, and customary operational damages exceed this amount, the additional cost will be shared proportionately by the participants in that program. Excess costs for permits, access fees, and customary operational damages will be invoiced upon completion of each individual program.

As consideration for a license to the Data, Licensee agrees to pay to Licensor in U.S. Dollars (unless another currency is otherwise specified in the relevant Supplemental Agreement) no later than thirty (30) days from invoice date, the licensing fee delineated in the specific Supplemental Agreement for the Data, plus reproduction, tape copying and shipping charges. Licensee shall remit all payments to the appropriate one of the following:

Seitel Data, Ltd.
P. O. Box 297398
Houston, TX 77297-0398

or

Olympic Seismic Ltd.
1900, 407 2nd Street S.W.
Calgary, Alberta
Canada T2P 2Y3
Attention: Accounts Receivable

Any outstanding balance not paid within the specified time limits shall bear interest, payable immediately by Licensee to Licensor, at the maximum rate allowed by applicable law, from the invoice date until paid in full. In the event Licensor

03/22/01 THU 12:26    FAX 227 9012 SKLAR EXPLORATION                                    ☎0067014
MAR-22-2001  02:38                                                                       P.06/14

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 5

incurs costs or expenses in connection with the enforcement of this Agreement and collection of any amounts owing hereunder, Licensee hereby agrees to pay, in addition to any unpaid license fees and interest accruing thereon, all such costs and expenses of enforcement and collection, including, without limitation, attorneys' fees. Payment of any invoice shall not prejudice the right of Licensee to challenge, dispute, question or litigate any charges contained in any invoice regardless of whether such challenge, dispute, question or litigation arises before or after such payment; provided Licensee, within one (1) year following the date of such invoice, shall make and deliver to Licensor at the above address written notice of objections to any charge or charges. In the event no such written notice is received, the charges shall be conclusively deemed valid. Any challenge to such charge or charges shall be limited only to payment or non-payment for data not delivered by Licensor pursuant to its contractual obligations.

VIII.

Licensor and Licensee agree that there are no understandings or agreements relative to this Agreement that are not fully expressed herein or in the Supplemental Agreements. This Agreement shall replace and supercede all prior licensing agreements for data between Licensor and Licensee or its predecessors as of the date of this Agreement (the "Prior Data"). All such prior agreements and licenses are hereby replaced by and merged into this Agreement. Licensor hereby licenses to Licensee all Prior Data that is currently in the possession of Licensee and confirms that such Prior Data is validly licensed under and subject to the terms and conditions of this Agreement. Both Licensor and Licensee agree that Prior Data is expressly subject to the terms and conditions of this Agreement and, in the event of any conflict in terms between any prior agreements or licenses and this Agreement, the terms of this Agreement (including Supplemental Agreements) shall control without exception. No provision of this Agreement shall be construed to constitute Licensor as the agent, servant, or employee of Licensee. The relationship of Licensor to Licensee shall be that of independent contractor. Licensee shall not have the right to control or direct the details of the work performed by Licensor. Licensor shall furnish at its own expense, and risk, all labor, materials, equipment, tools, and transportation and other items necessary in performance of the work covered herein.

IX.

Licensor has taken the position that the licensing of Data pursuant to this Agreement does not constitute a transaction on which United States federal, state or local transaction taxes are imposed, including, but not limited to sales tax, use tax, or transfer tax. HOWEVER, IF ANY TYPE OF FEDERAL, STATE OR LOCAL TRANSACTION TAXES ARE IMPOSED ON THIS TRANSACTION AT ANY TIME, LICENSEE HEREBY AGREES TO INDEMNIFY, REIMBURSE AND HOLD HARMLESS LICENSOR FOR ANY LIABILITY FOR SUCH TAX, INCLUDING ANY INTEREST AND PENALTIES THEREON, OR ANY OTHER AMOUNTS DETERMINED TO BE DUE AND OWING.

X.

This Agreement, the Supplemental Agreements and the license to use the referenced Data shall terminate twenty (20) years from the execution date of this Agreement, but may be extended by written mutual agreement of the parties.

The license granted by this Agreement will, without notice, automatically terminate upon the Licensee: ceasing to carry on its business; making an assignment for the general benefit of its creditors; proposing any form of financial reorganization because of insolvency with creditors; becoming subject to any bankruptcy proceedings or any other proceedings or laws relating to its insolvency; or if a receiver, receiver and manager, trustee, custodian or similar agent is appointed or takes possession of all or substantially all of the property or business of the Licensee.

Immediately upon termination of the license granted by this Agreement, Licensee will return or cause to be returned to, or will destroy or cause to be destroyed, the Data. Return or destruction of the Data shall be attested to by execution of a Verification of Return/Destruction of Data form in the form attached as Exhibit A.

XI.

03/22/01 THU 12:27  FAX 227 9012 SKLAR EXPLORATION                                      ☑007/014
MAR-22-2001 08:59                                                                        P.07/14

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 6

Licensee may not sell, assign or otherwise transfer this Agreement, the Data, or the license or any other rights or obligations hereunder, in whole or in part, without the prior written approval of Licensor. A Change of Control (as defined below) constitutes such a transfer, notwithstanding that the Change of Control may constitute an otherwise legal and valid corporate sale, merger, reorganization, combination, consolidation, or amalgamation.

A "Change of Control" shall mean each of (a) the sale of all or substantially all of the stock or assets of Licensee (or its ultimate parent company), (b) any merger, reorganization, combination, consolidation or amalgamation of Licensee (or its ultimate parent company) with any other entity, and (c) the acquisition, directly or indirectly, by any person or entity, or by any group of persons or entities acting together, that are involved, directly or indirectly, in whole or in part, in the business of exploring for or producing oil, gas or other minerals, of the power to direct or cause the direction of the management and policies of Licensee (or its ultimate parent company), whether through the ownership of voting securities, by contract or otherwise, including, without limitation, the direct or indirect acquisition of 50% or more of the outstanding equity interests in Licensee (or its ultimate parent company). Licensee agrees to provide prompt written notice to Licensor at the appropriate address listed in Section XVII, below, in the event of a Change of Control or the entry by Licensee (or its ultimate parent company) into a publicly discloseable agreement that will cause a Change of Control. This section shall apply even if Licensee continues to exist subsequent to the Change of Control in essentially the same form in which it existed prior to the Change in Control. Upon entry by Licensee into a publicly discloseable agreement that will cause a change of Control, Licensee may either terminate the license granted under this Agreement and return the Data by the date of the Change of Control, or may pay to Licensor a re-license fee of ▮▮▮▮ of the original license fee for any Data not returned.

In the event the Data is to be returned, Licensor reserves the right to charge a daily fee payable by Licensee to Licensor based on a percentage of the total license fees for the Data for every day beyond the Change of Control that the Data or any portion of the Data is not returned, which in no event shall exceed one-half percent (.5%) per day of the total license fee(s) originally paid for the Data. If the Data has not been returned in accordance with these provisions within ten (10) days after the effective date of any Change of Control then, in addition to all other remedies available to Licensor at law and in equity, Licensee shall pay to Licensor as liquidated damages, and not as a penalty, an amount equal to 150% of the original license fees for the Data, within three (3) business days of a written demand from Licensor.

In the event the Data is to be returned, Licensee shall be required to execute a Verification of Return/Destruction of Data form in the form attached as Exhibit A; Licensor also shall have the right, at its sole option, to inspect Licensee's premises, computers, and workstations to ensure the return is complete. A Change of Control will not result in the termination of this Agreement or the charging of additional fees if, in the case of a merger between Licensee and second party, the second party to the merger held, immediately prior to the merger and pursuant to a separate license agreement between Licensor and the second party, a current license to the Data that is the subject of this Agreement.

This Section XI is specifically intended to supercede statutory provisions to the contrary, if any.

XII.

Data licensed hereunder may be conveyed to a service company for reprocessing or storage, provided a written confidentiality agreement is obtained from such company prior to conveyance. Licensee accepts full responsibility for insuring that any Data conveyed hereunder remains confidential and is not made available to any non-Licensee. Any print or film of any version of the Data must contain the following statement:

"This Data is owned by a Seitel entity and is licensed to Sklar Exploration Company LLC (Licensee) under terms and conditions of a 2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement which strictly limits the use of such Data. This Data shall be for Licensee's own internal use only, and shall not be shown, sold, traded, disposed of, or otherwise made available to any party except under certain specific conditions delineated in such licensing agreement. Any unauthorized use or possession of this Data by any party is strictly prohibited."

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 7

## XIII.

This terms of this Agreement shall be kept confidential by the parties hereto, and shall not be disclosed to any other person or entity, except as may be reasonably necessary to administer this Agreement (*e.g.*, disclosure in connection with permitted disclosures of the Data pursuant to Section III, above), or as otherwise may be required by law.

## XIV.

This Agreement, as applied to the licensing of Data concerning properties in the United States, Mexico and the territorial waters of those countries shall be construed in accordance with the laws of the State of Texas, and as applied to the licensing of Data concerning properties in Canada and its territorial waters shall be construed in accordance with the laws of The Province of Alberta; all without giving effect to principles of conflicts of law.

The parties agree that if, after the effective date of this Agreement, there are changes in laws or regulations (including the imposition of new laws) or in the interpretation or application of laws or regulations, which in the reasonable opinion of Licensor adversely affect the benefits, rights or protections afforded Licensor either pursuant to the terms of this Agreement or by operation of law then, at Licensor's sole request the parties shall enter into negotiations and execute an amendment to this Agreement that places Licensor in substantially the same position as before the change of law.

## XV.

The rights and remedies granted in this Agreement to Licensor in the event of default are cumulative and the exercise of any of those rights and remedies shall be without prejudice to the enforcement of any other right or remedy including, without limitation, injunctive relief, specific performance, and any other right or remedy available at law or in equity or authorized by this Agreement.

The rights of each party hereto, whether granted by this Agreement or by law or equity, may be exercised, from time to time, singularly or in combination, and the waiver of one or more of such rights shall not be deemed to be a waiver of such right in the future or any one or more of the other rights that the exercising party may have. Any right, and any breach of a term, provision or condition of this Agreement by one party shall not be deemed to have been waived by the other party unless the waiver is expressed in writing and signed by an authorized representative of the waiving party. The failure of either party to insist upon the strict performance of any term, provision or condition of this Agreement shall not be construed as a waiver or relinquishment in the future of the same or any other term, provision or condition.

The parties agree that any provision of this Agreement that is deemed to be or becomes void, illegal, invalid or unenforceable shall be severable herefrom and ineffective to the extent of such voidability, illegality, invalidity or unenforceability, and shall not invalidate, affect or impair the remaining provisions of this Agreement. If and to the extent any court or governmental authority of competent jurisdiction holds any provision of this Agreement to be invalid or unenforceable, the parties will negotiate in good faith to equitably adjust the provisions of this Agreement with a view toward effecting its intended purposes; any such holding shall not affect the validity or effectiveness of the other provisions of the Agreement, which will remain in full force and effect.

## XVI.

This Agreement including only any Supplemental Agreements sets forth the entire agreement between the parties and supersedes all prior agreements, prior data licenses, understandings, and communications between the parties, whether oral or written.

## XVII.

03/22/01 THU 12:28    FAX 227 9012 SKLAR EXPLORATION    ⓐ009/014
MAR-22-2001   03:40                                      P.09/14

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 8

All notices to be given pursuant to this Agreement shall be in writing and shall be deemed to be sufficiently given if delivered by overnight courier, in which case the notice shall be deemed to have been received on the next business day after sending, or if delivered by hand to the representative named below, in which case the notice shall be deemed to have been received on the date of delivery, or if sent by certified mail, return receipt request, in which case the notice shall be deemed to have been received on the date of receipt.  Until written notice of change of address given pursuant to this Section XVII, notices shall be addressed as follows:

    (a)    if to Seitel Data, Ltd., Seitel Data Corp. or Seitel Offshore Corp. at:
               50 Briar Hollow Lane
               7th Floor West
               Houston, Texas 77027
               Attention: Kevin S. Flur

               Phone: (713) 881-8900
               Fax: (713) 881-2813

    (b)    if to Olympic Seismic at:
               1900, 407 2nd Street S.W.
               Calgary, Alberta
               T2P 2Y3

               Attention: Suzanne Bowden

               Phone: (403) 515-2800
               Fax: (403) 515-2822

    (c)    if to Licensee, at:
               401 Edwards Street, Ste. 1601
                Shreveport, LA  71101
               Attention: Don Eustes
               Phone:
               Fax:

**ACCEPTED AND AGREED TO THIS 25TH DAY OF JANUARY, 2001.**

Seitel Data, Ltd.

By: _____
      Robert J. Simon
Title: _____Executive Vice President_____

Sklar Exploration Company LLC

By: _____

Title: __Geophysicist__

Please return one executed copy of this agreement to:    Seitel, Inc.
                                        50 Briar Hollow Lane West, 7th Floor
                                        Houston, TX  77027
                                        Attention: Marcia J. Nouis\

1/8/2001

**Exhibit A**
## VERIFICATION OF RETURN/DESTRUCTION OF DATA

Licensee, as defined in the 2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement ("Agreement") effective as of _____ hereby represents, warrants and verifies to Licensor, as defined in the Agreement, that all Data, as defined in the Agreement (including any Data provided to any other person or entity in accordance with the terms of the Agreement), has been returned to Licensor [destroyed]. Specifically, as of the date of this Verification, all Data has been completely removed from the computer systems, files, offices, warehouses, or other locations within the possession, custody or control of Licensee. In addition, all references to the Data have been [returned/destroyed], by permanently deleting or otherwise permanently eliminating them from all computers, files, storage facilities, and any and all other paper, electronic, digital or other forms of media within the possession, custody or control of Licensee.

Licensee acknowledges and agrees that Licensor is relying on this Verification of Return of Data as confirmation that Licensee is not retaining any Data in any form and, further, as Licensee's acknowledgment that retaining any Data would entitle Licensor to liquidated damages as provided in the Agreement as well as all other remedies available to Licensor at law or in equity.

Verified this _____ day of _____, 2001.

By: _____

Print Name: _____

Company and Title: _____

03/22/01 THU 12:29    FAX 227 9012 SKLAR EXPLORATION                                @011/014
MAR-22-2001  09:40                                                                  P.11/14

ONSHORE 3D

## SCHEDULE "1"

Supplemental Agreement to a
2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement
between
Seitel Data, Ltd.
and
Sklar Exploration Company LLC
Dated
1/25/01

Sklar Exploration Company LLC agrees to license _____ square miles of 3-D geophysical data acquired by Licensor as delineated by area and mileage and at rates as specified below, under terms and conditions of the 2D&3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement to which this supplemental agreement is attached and made a part thereof.

| Area | Committed Mileage | Cost/Sq Mile | Total Cost | Est. Permit, Access Fees and Customary Operational Damages Cost/Sq. Mile |
|------|-------------------|--------------|------------|--------------------------------------------------------------------------|
|      |                   |              |            |                                                                          |

(does not include normal and customary reproduction charges or field tape copy charges)

Product Format Requested

Raw Stacked Data Volume (SEG-Y tape)         _____
Raw Migrated Data Volume (SEG-Y tape)        _____
Filtered Migrated Data Volume (SEG-Y tape) _____
Velocity Data Card Image Tape                _____
Bincenter Coordinate Location Information Tape (UKOOA format)_____

Billing Address:        Sklar Exploration Company LLC
                        401 Edwards Street, Suite 1601
                        Shreveport, LA 71101

                        Attn: Mr. Don Eustes

Delivery Address: SAME

ACCEPTED AND AGREED TO THIS _____ DAY OF _____, 2001.

Seitel Data, Ltd.                        Sklar Exploration Company LLC

By:_____         By:_____
        Robert J. Simon

Title: _____Executive Vice President___  Title: _____

Please return one executed copy of this agreement to:    Seitel Data, Ltd.
                                                         50 Briar Hollow Lane West, 7th Floor
                                                         Houston, TX 77027
                                                         Attn: Marcia J. Nouis

03/22/01 THU 12:29   FAX 227 9012 SKLAR EXPLORATION                                   ⌐ 0127014
MAR-22-2001  08:40                                                                     P. 12/14

OFFSHORE 3D

## SCHEDULE "1"

Supplemental Agreement for 3-D Seismic Data Acquisition to a
2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement
between
Seitel Data, Ltd.
and
Sklar Exploration Company LLC
Dated
1/25/01

Sklar Exploration Company LLC agrees to license area of 3-D geophysical data to be acquired by Licensor as delineated by area and blocks and at rates as specified below, under terms and conditions of the 2D&3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement to which this supplemental agreement is attached and made a part thereof.

| Area | Committed Area | Total Cost |
|------|----------------|------------|
| Area | 00.000 Blocks | $ , . |

(does not include normal and customary reproduction charges or field tape copy charges)

Product Format Requested

Raw Stacked Data Volume (SEG-Y tape)         _____
Raw Migrated Data Volume (SEG-Y tape)        _____
Filtered Migrated Data Volume (SEG-Y tape)   _____
Velocity Data Card Image Tape
Bincenter Coordinate Location Information Tape (UKOOA format) _____

Billing Address:        Sklar Exploration Company LLC
                        401 Edwards Street, Suite 1601
                        Shreveport, LA  71101

                        Attn:  Mr. Don Eustes

**ACCEPTED AND AGREED TO THIS _____ DAY OF _____, 2001.**

Seitel Data, Ltd.                               **Sklar Exploration Company LLC**

By:_____             By:_____
            Robert J. Simon

Title:   Executive Vice President            Title: _____

Please return one executed copy of this agreement to:    Seitel Data, Ltd.
                                                          50 Briar Hollow Lane West, 7th Floor
                                                          Houston, TX  77027
                                                          Attn: Dianne Henderson

03/22/01 THU 12:30   FAX 227 9012 SKLAR EXPLORATION                                         ☒013/014
MAR-22-2001   08:40                                                                              P.13/14

**2D ONSHORE & OFFSHORE**

## SCHEDULE "1"

**Supplemental Agreement to a
2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement
between
Seitel Data, Ltd.
and
Sklar Exploration Company LLC
Dated
1-25-01**

Sklar Exploration Company LLC agrees to license 00.000 miles of data owned proprietarily by Licensor as delineated by Line Number and Station Number and at rates as specified below, under terms and conditions of the 2D&3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement to which this exhibit is attached and made a part thereof.

Program: Program Name

|  Line Number  |  Stations  |  Mileage  |
| --- | --- | --- |

**LICENSE COST**      $0000.00/mile x 00.000 miles = $

(does not include normal and customary reproduction charges or field tape copy charges)

Billing Address:          Sklar Exploration Company LLC
                         401 Edwards Street, Suite 1601
                         Shreveport, LA 71101

                         Attn: Mr. Don Eustes

Delivery Address:

Agreed and Accepted this _____ day of _____, 2001.

Seitel Data, Ltd.                              Sklar Exploration Company LLC

By: _____          By: _____
        Robert J. Simon

Title:   Executive Vice President          Title: _____

Please return one executed copy of this agreement to:      Seitel Data, Ltd.
                                                          50 Briar Hollow Lane West, 7th Floor
                                                          Houston, TX 77027
                                                          Attn: Marcia J. Nouls

03/22/01 THU 12:30  FAX 227 9012  SKLAR EXPLORATION                                      ☑014/014
MAR-22-2001  08:41                                                                        P.14/14

ONSHORE 3D

## SCHEDULE "1"

Supplemental Agreement to a
2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement
between
Seitel Data, Ltd.
and
Sklar Exploration Company LLC
Dated
1-25-01

Sklar Exploration Company LLC agrees to license _____ square miles of 3-D geophysical data acquired by Licensor as delineated by area and mileage and at rates as specified below, under terms and conditions of the 2D&3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement to which this supplemental agreement is attached and made a part thereof.

| Area | Commited Mileage | Cost/Sq Mile | Total Cost |
|------|------------------|--------------|------------|
|      |                  |              |            |

(does not include normal and customary reproduction charges or field tape copy charges)

Product Format Requested

Raw Stacked Data Volume (SEG-Y tape)        _____
Raw Migrated Data Volume (SEG-Y tape)       _____
Filtered Migrated Data Volume (SEG-Y tape)  _____
Velocity Data Card Image Tape               _____
Bincenter Coordinate Location Information Tape (UKOOA format)_____

Billing Address:       Sklar Exploration Company LLC
                       401 Edwards Street, Suite 1601
                       Shreveport, LA 71101

                       Attn: Mr. Don Eustes

Delivery Address: SAME

ACCEPTED AND AGREED TO THIS _____ DAY OF _____, 2001.

Seitel Data, Ltd.                          Sklar Exploration Company LLC

By:_____                    By:_____
        Robert J. Simon

Title:    Executive Vice President         Title:_____

Please return one executed copy of this agreement to:    Seitel Data, Ltd.
                                                         50 Briar Hollow Lane West, 7th Floor
                                                         Houston, TX 77027
                                                         Attn: Marcia J. Nouls

**Sklar Exploration Company, LLC – Active Contracts List**

2D&3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement dated
January 25, 2001 and the following supplemental and related agreements:

| Contract | Contract Reference | Contract Date |
|---|---|---|
| Library Card Agreement / Schedule 1 | 14-11-008 WAC | Nov-14-2014 |
| Schedule 1 Supplemental | 12-07-024 WAC | Jul-27-2012 Revised Jul-30-2012 |
| Schedule 1 Supplemental | 12-03-026 WAC | Jun-26-2012 |
| Schedule 1 Supplemental | 10-03-031 BRK | Apr-05-2010 |
| Schedule 1 Supplemental | 09-07-009 BRK | Jul-29-2009 |
| Data License Purchase Agreement w/Schedule 1 | 07-07-034 WAC | Jul-30-2007 |
| Data License Purchase Agreement w/Schedule 1 | 05-07-016 WAC | Jul-12-2005 |
| Schedule 1 Supplemental | 03-05-069 BRK | May-28-2003 |
| Schedule 1 Supplemental | 50-068 BRK | Mar-15-2001 |
| Schedule 1 Supplemental | 7916 BRK | Sept-28-1998 |

C
O
U
R
T

D
O
C
K
E
T

| 20-12377 | 82-1 | 9/10/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor:

Case Number:

Your Mail ID is as follows: 172145217

**RECEIVED**

BAR(23) MAILID *** 000172145217 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000000998******

MAE ADELE TAIT SHARP
PO BOX 64
OKAY, OK 74446-0000

☐ Check box if
the address on
the envelope
sent to you by
the court needs
to be updated.
Identify your
replacement
address in Part 1
(Section 3)
below.

For Court Use Only

SEP 1 4 2020

**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC. et al (B10)
20-12377 (EEB)

**SKR**

0000000132

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): MAE ADELE TAIT SHARP

Other names the creditor used with the debtor:

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

MAE ADELE TAIT SHARP
Name

10972 N. 59th ST. E.
Number     Street

WAGONER    OK    74467
City        State    ZIP Code

Country (if International):

Contact phone: 918-231-7967

Contact email: mzmaebb@att.net

Where should payments to the creditor be sent?
(if different)

Name

Number     Street

City        State    ZIP Code

Country (if International):

Contact phone:

Contact email:

**4. Does this claim amend one already filed?**
☒ No

☐ Yes. Claim number on court claims register (if known)

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No

☐ Yes. Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ UNKNOWN

Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

OIL FIELD LEASE & PAYMENT

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                          $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any
default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%
                            ☐ Fixed  ☐ Variable

**10.  Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure
any default as of the date of petition.**

$_____

**11.  Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

_____

**12.  Is all or part of the claim entitled to priority
under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   **9/9/20**            Signature  *Mae Adele Tait Sharp*
                   MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name   **MAE       ADELE   TAIT      SHARP**
       First name         Middle name        Last name

Title   _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  **10972 N. 59th St. E.**
         Number    Street

         **WAGONER                OK        74467**
         City                    State     ZIP Code

Contact Phone  **918-231-7967**      Email  **mzmaebb@att.net**

Mae Sharp
PO Box 64
Okay, OK 74446-0064

TULSA OK 740

9 SEP 2020 PM 2 L

RECEIVED

SEP 14 2020

Sklar Exploration Co. LEGAL SERVICES
Claims Processing Ctr.
C/o Equip Corp, Restructuring
P.O. Box 4421
Beaverton, OR 97076-4421

97076-042121

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor: *Sklar Exploration EIN 72-1417930*
Case Number: *20-12377-EEB*
*SE Blanco, LLC EIN 72-1425432*
*20-12380-EEB*

Your Mail ID is as follows: 172145235

**RECEIVED**

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

BAR(23) MAILID *** 000172145235 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001004******

MARGARET LONG
26214 GARRETT LANE
ORANGE BEACH, AL 33962-0000

For Court Use Only

SEP 1 4 2020

LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000134

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *Margaret Long*

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
*26214 Garrett Lane*
*Orange Beach, AL 36561*
Name *Margaret Long*
*26214 Garrett Lane*
Number     Street
*Orange Beach AL 36561*
City          State     ZIP Code
Country (if International): *US*
Contact phone: *251-981-4494 home*
*cell 251-454-5921*
Contact email: *cottonbaypugirl88@gmail.com*

Where should payments to the creditor be sent? (if different)
*Same*
Name _____
Number     Street _____
City          State     ZIP Code
Country (if International): _____
Contact phone: _____
Contact email: _____

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____
              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
*Phone 318-227-8668*

**7. How much is the claim?**
$ *Have no idea???*
Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.
*?*

*Have no idea how to answer some of this*

**9. Is all or part of the claim secured?**

☐ No

☒ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

_____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate (when case was filed)** _____% 
☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes. Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
|---------|------------|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/10/20
MM / DD / YYYY        Signature  *Margaret Long*

Print the name of the person who is completing and signing this claim:

Name  Margaret          Childress          Long
        First name        Middle name        Last name

Title  Royalty Interest Owner

Company  Sklar Exploration
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  401 Edwards St Ste 1601
         Number        Street

Shreveport, La 71101
City        State        ZIP Code

Contact Phone  318-227-8668   Email  jmjones@sklarexploration.com

## RATIFICATION OF UNIT AGREEMENT OR
## UNIT OPERATING AGREEMENT, OR BOTH

### SOUTHEAST BROOKLYN OIL UNIT
### BROOKLYN FIELD,
### CONECUH AND ESCAMBIA COUNTIES, ALABAMA

**KNOW ALL MEN BY THESE PRESENTS.**

**WHEREAS,** an agreement entitled "Unit Agreement, Southeast Brooklyn Oil Unit, Brooklyn Field, Conecuh and Escambia Counties, Alabama," dated as of April 1, 2018, provides that any owner of a Royalty Interest or Working Interest, or both, in and to any Tract identified therein may become a party to such agreement by signing an instrument ratifying the same; and

**WHEREAS,** a companion agreement entitled "Unit Operating Agreement, Southeast Brooklyn Oil Unit, Brooklyn Field, Conecuh and Escambia Counties, Alabama," dated as of April 1, 2018, likewise provides that any owner of a Working Interest in and to any Tract identified therein may become a party to such agreement by signing an instrument ratifying the same; and

**WHEREAS**, each of the undersigned represents that he/she/it is the owner of a Royalty Interest, Working Interest, or both, in and to one or more of the Tracts identified in said agreements; and

**WHEREAS,** Exhibit "A," attached to said Unit Agreement is a plat showing the boundary lines of the Unit Area and the boundary lines and designations of each Tract within the Unit Area; and Exhibit "B," attached to said Unit Agreement identifies each Tract in the Unit Area shown on Exhibit "A," describes the same and reflects for each such Tract its Tract Participation;

**NOW, THEREFORE,** the undersigned owners of Royalty Interest hereby ratify and adopt the Unit Agreement, and the undersigned owners of Working Interest, or owners of both Working Interest and Royalty Interest, hereby ratify and adopt both the Unit Agreement and the Unit Operating Agreement.

The undersigned owners of the Royalty Interest hereby acknowledge receipt of a full and true copy of the Unit Agreement and the undersigned owners of Working Interest hereby acknowledge receipt of full and true copies of both the Unit Agreement and the Unit Operating Agreement.

IN WITNESS WHEREOF, each of the undersigned has executed this instrument on the date set forth opposite his signature in the presence of the undersigned witness(es).

*[Individual]*

WITNESS _Irene ?by J?_  SIGNATURE* _Margaret Long_  DATE _3-22-18_

WITNESS _____  SIGNATURE* _____  DATE _____

*[Trustee]*

WITNESS _____  SIGNATURE* _____  DATE _____

As Trustee of the following trust:

WITNESS _____  SIGNATURE* _____  DATE _____

As Trustee of the following trust:

*[Legal entity]*  ENTITY NAME: _____

WITNESS/ATTEST

_____  By _____  DATE _____
Its _____

**\*PLEASE TYPE OR PRINT YOUR NAME HERE:**

_Margaret Long_

This Instrument Prepared by:

Conrad P. Armbrecht
ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama  36601

2

Margaret C. Long
26214 Garrett Ln.
Orange Beach, AL 36561-3505

10 SEP 2020 PM 2 L

FOREVER, / USA

RECEIVED

SEP 1 4 2020

LEGAL SERVICES

SKlaw Exploration Co LLC
Claims Processing Center
c/o Epiq Corporate Restructing LLC
P.O. Box 4421
Beaverton OR 97076-4421

97076-042121

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144588

**Name of Debtor:** Sklar Exploration Company LLC
**Case Number:** 20-12377-EEB

RECEIVED

BAR(23) MAILID *** 000172144588 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001730******

HENDRICKS LIVING TRUST DTD 9/3/2003
6093 FINLAY RD
JAY, FL 32565

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

SEP 14 2020

LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000136

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Donald Hendricks + Rachel Hendricks
Other names the creditor used with the debtor: None

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: Donald Hendricks + Rachel Hendricks
Number Street: 6093 Finlay Rd
City: Jay State: FL ZIP Code: 32565
Country (if International):
Contact phone: (850) 501-8280
Contact email: rhhendricks01@gmail.com

Where should payments to the creditor be sent? (if different)
Name:
Number Street:
City: State: ZIP Code:
Country (if International):
Contact phone:
Contact email:

**4. Does this claim amend one already filed?** ☒ No ☐ Yes. Claim number on court claims register (if known)
Filed on MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?** ☒ No ☐ Yes. Who made the earlier filing?

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No ☒ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor: 318 227 8668

**7. How much is the claim?** Amount of oil produced on our lease
$
Does this amount include interest or other charges? ☒ No ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.
As per our oil rights lease to Sklar Exploration Co LLC

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                     $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any**
**default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes.  Amount necessary to cure any default as of the date of petition.

$ Present + Future Production Value

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09 09 2020        *Rachel H. Hendricks*
                  MM / DD / YYYY       Signature

**Print the name of the person who is completing and signing this claim:**

Name   Rachel        Hoomes         Hendricks
       First name    Middle name    Last name

Title  _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  6093    Finlay    Rd
         Number   Street

         Jay                    FL        32565
         City                   State     ZIP Code

Contact Phone  (850) 501-8280        Email  rhhendricks01@gmail.com



Donald and Rachel Hendricks
6093 Finlay Rd.
Jay, FL 32569-3017

CERTIFIED MAIL®

PENSACOLA
FL 325
09 SEP '20
PM 1 1

7018 1130 0000 1291 5014

**RECEIVED**

SEP 1 4 2020

**LEGAL SERVICES**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

UNITED STATES
POSTAL SERVICE®

1000

97076

U.S. POSTAGE PAID
FCM LETTER
JAY, FL
32565
SEP 09, 20
AMOUNT
$4.10
R2305H128272-04

97076-042121

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor: **Sklar Exploration Company LLC**
Case Number: **20-12377-EEB**

Your Mail ID is as follows: 172144175

BAR(23) MAILID *** 000172144175 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001695******

DONALD R. HENDRICKS AND RACHEL HENDRICKS
6093 FINLAY ROAD
JAY, FL 32565-0000

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

**RECEIVED**

SEP 14 2020

**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000137

## Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): **Donald Hendricks + Rachel Hendricks**

Other names the creditor used with the debtor: **None**

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Name: **Donald Hendricks, Rachel Hendricks** | Name |
| Number Street: **6093 Finlay Rd.** | Number Street |
| City **Jay** State **FL** ZIP Code **32565** | City State ZIP Code |
| Country (if International): | Country (if International): |
| Contact phone: **(850) 501-8280** | Contact phone: |
| Contact email: **rhhendricks01@gmail.com** | Contact email: |

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims register (if known)
Filed on ___ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
**318 227 8668**

**7. How much is the claim?**
**Amount of oil Produced**
$ **on our lease**

Does this amount include interest or other charges?
☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

**As per our oil rights lease to Sklar Exploration Co LLC**

**9. Is all or part of the claim secured?**

☒ No

☐ ~~Yes.~~  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**            $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any
default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%
            ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes. Amount necessary to cure any default as of the date of petition.

$Present + Future Production Value
_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____
_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

---

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  Sept. 09 2020    Signature  *Rachel H. Hendricks*
            MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name  *Rachel*          *Hoomes*          *Hendricks*
      First name        Middle name        Last name

Title  _____

Company  _____
      Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  *6093 Finlay Rd*
      Number    Street

*Jay*                *FL*      *32565*
City              State      ZIP Code

Contact Phone  *(850) 501-8280*   Email  *rhhendricks0@gmail.com*

Donald and Rachel Hendricks
6093 Finlay Rd.
Jay, FL 32569-3017



CERTIFIED MAIL

PENSACOLA
FL 325
09 SEP '20
PM 11

7018 1130 0000 1291 5014

RECEIVED

SEP 14 2020

LEGAL SERVICES

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

U.S. POSTAGE PAID
FCM LETTER
JAY, FL
32566
SEP 09, 20
AMOUNT
$4.10
R2306H128272-04

97076-042121

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:
Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172143726

---

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

BAR(23) MAILID *** 000172143726 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001926******

BETTY SUMRALL
27590 MILITARY RD
ANGIE, LA 70426

For Court Use Only—

**RECEIVED**

SEP 1 8 2020

**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000152

04/19

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1.** Who is the current creditor?
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.** Has this claim been acquired from someone else? ☐ No ☐ Yes. From whom? _____

**3.** Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) | **4.** Does this claim amend one already filed? |
|---|---|---|
| Name _____ | Name _____ | ☐ No |
|  |  | ☐ Yes. Claim number on court claims register (if known) _____ |
| Number Street _____ | Number Street _____ | Filed on _____ MM / DD / YYYY |
| City State ZIP Code | City State ZIP Code | **5.** Do you know if anyone else has filed a proof of claim for this claim? |
| Country (if International): _____ | Country (if International): _____ | ☐ No |
| Contact phone: _____ | Contact phone: _____ | ☐ Yes. Who made the earlier filing? |
| Contact email: _____ | Contact email: _____ |  |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.** Do you have any number you use to identify the debtor?

☐ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7.** How much is the claim?

$_____

Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

_____

Basis for perfection: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:  $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property:

_____

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                MM / DD / YYYY       Signature _____

Print the name of the person who is completing and signing this claim:

Name    *Betty*          *Jo*          *SumRAll*
        First name       Middle name    Last name

Title   _____

Company  *Skþar Exploration Company LLC*
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address *27590 Military Rd*
        Number        Street

        *Angie,          La.          70426*
        City           State         ZIP Code

Contact Phone *985-732-3056*     Email _____

Betty Sumrall
27590 Military Rd.
Angie, LA 70426

NEW ORLEANS LA 700

15 SEP 2020  PM 1  L

**RECEIVED**

SEP 1 8 2020

LEGAL SERVICES

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporating Restructuring LLC
P.O. Box 4421
Beaverton, OR 97076-4421

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR
(

Use your Mail ID for ____

Your Mail ID is as follows: 172144297

Name of Debtor: SKLAR EXPLORATION COMPANY, LLC
Case Number: 20-12377-EEB

**RECEIVED**

SEP 21 2020

**LEGAL SERVICES**

BAR(23) MAILID *** 000172144297 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000000512******

ELLA RUTH HOLMES GANT
P.O. BOX 10766
PENSACOLA, FL 32524-0000

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**                    0000000154

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Ella Ruth Holmes Gant

Other names the creditor used with the debtor: NONE

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name: Ella Ruth Holmes Gant
Number Street: P.O. Box 10766
City: Pensacola   State: FL   ZIP Code: 32524
Country (if International): _____
Contact phone: 850-982-8389
Contact email: ellaRgant@gmail.com

Where should payments to the creditor be sent? (if different)

Name: SAME
Number   Street
City   State   ZIP Code
Country (if International): _____
Contact phone: _____
Contact email: _____

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____
        MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
7 9 3 0

**7. How much is the claim?**
$ undetermined

Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Environmental / lease / mineral rights / Royalty

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any
default as of the date of the petition:**  $_____

**Annual Interest Rate (when case was filed)** _____%
                    ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes. Amount necessary to cure any default as of the date of petition.

$_____ .00

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/12/2020     Signature  *Ella Ruth Holmes Gant*
                  MM /DD /YYYY

Print the name of the person who is completing and signing this claim:

Name   Ella        Ruth        Holmes Gant
       First name  Middle name  Last name

Title  MRS.

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address Post Office Box 10766
        Number        Street

        Pensacola            FL      32524
        City                 State   ZIP Code

Contact Phone 850-982-8389    Email ella.r.gant@gmail.com

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# ACH Payment

Ella Ruth Holmes Gant
P.O. Box 10766
Pensacola, FL 32524

Account: GANE01

From:   Sklar Exploration Co., L.L.C.
To:     Ella Ruth Holmes Gant

For Checks Dated 03/25/2020
Account: GANE01    Page   1

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|----------|------|-----------|--------------|-------------|--------------|------------|
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 01/2020 | CND | $/BBL:51.27 | 97.91 /0.06 | Condensate Sales: | 5,019.69 | 2.87 |
| | Roy NRI: | 0.00057273 | | Production Tax - Condensate: | 264.90- | 0.15- |
| | | | | Other Deducts - Condensate: | 604.63- | 0.34- |
| | | | | Net Income: | 4,150.16 | 2.38 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 01/2020 | GAS | $/MCF:1.98 | 6,651 /3.81 | Gas Sales: | 13,200.33 | 7.56 |
| | Roy NRI: | 0.00057273 | | Production Tax - Gas: | 792.02- | 0.45- |
| | | | | Net Income: | 12,408.31 | 7.11 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 01/2020 | OIL | $/BBL:59.46 | 3,509.77 /2.01 | Oil Sales: | 208,702.86 | 119.53 |
| | Roy NRI: | 0.00057273 | | Production Tax - Oil: | 12,037.82- | 6.89- |
| | | | | Other Deducts - Oil: | 8,072.47- | 4.63- |
| | | | | Net Income: | 188,592.57 | 108.01 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 01/2020 | OIL | $/BBL:57.36 | 651.36 /0.37 | Oil Sales: | 37,363.94 | 21.40 |
| | Roy NRI: | 0.00057273 | | Production Tax - Oil: | 2,989.12- | 1.71- |
| | | | | Net Income: | 34,374.82 | 19.69 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 01/2020 | PRG | $/GAL:1.66- | 30,436 /17.43 | Plant Products - Gals - Sales: | 50,513.09- | 28.93- |
| | Roy NRI: | 0.00057273 | | Net Income: | 50,513.09- | 28.93- |

Amount to be transferred to your account (xxxxxx2094)

*Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.*

| Owner#. | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---------|-------------|----------------|---------|---------|------------|-------------|------------|
| GANE01 | E000007753 | Check Totals: | | 122.43 | 14.17 | | 108.26 |
| | 03/25/2020 | 2020 Totals: | | 301.15 | 35.70 | | 265.45 |



Mrs. Ella Gant
PO Box 10766
Pensacola, FL  32524-0766

**CERTIFIED MAIL**

7019 1640 0001 2854 9104



U.S. POSTAGE
$7.10
FCML        0000
Orig: 32571
09/14/20
2000051726
R2305K134004        6W
02

RECEIVED

SEP 2 1 2020

LEGAL SERVICES

**If by Hand Delivery or Overnight Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor: Sklar Exploration Company, LLC.

Case Number: 20-12377-EEB

Your Mail ID is as follows: 172145002

**RECEIVED**

BAR(23) MAILID *** 000172145002 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000000902******

KATHERINE HOLMES STRAAUGHN
5003 DAMASCUS ROAD
BREWTON, AL 36426-0000

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

SEP 21 2020

LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000155

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): KATHERINE Holmes STRAUGHN

Other names the creditor used with the debtor: NONE

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

5003 DAMASCUS Rd.
BREWTON, AL 36426

Name KATHERINE STRAUGHN
5003 DAMASCUS Rd
Number   Street
BREWTON   AL   36426
City         State      ZIP Code

Country (if International): Escambia

Contact phone: 251-867-4411

Contact email: N/A

Where should payments to the creditor be sent? (if different)

SAME AS

Name
Number   Street
City         State      ZIP Code
Country (if International):
Contact phone:
Contact email:

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
7930

**7. How much is the claim?**
$ Undetermined
Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Environmental/mineral Rights/ Lease/Royalties

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $ _____

Amount of the claim that is secured:  $ _____

Amount of the claim that is unsecured: $ _____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes.  **Amount necessary to cure any default as of the date of petition.**

$ _____ ⌐00

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$ _____

$ _____

$ _____

$ _____

$ _____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $ _____

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08 31 2020        Signature  *Katherine H Straughn*
           MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name  *Katherine*  *Holmes*  *Straughn*
      First name    Middle name    Last name

Title  *Mrs.*

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  *5003  Damascus Rd*
         Number    Street

*Beewton*        *AL*     *36426*
City             State    ZIP Code

Contact Phone  *251-867-4411*    Email  *N/A*



From:  Sklar Exploration Co., L.L.C.
To:    Katherine Holmes Straughn

For Checks Dated 04/29/2020
Account: STRK01    Page  1

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|---|---|---|---|---|---|---|
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 01/2020 | CND | $/BBL:51.27 | 97.91 /0.06 | Condensate Sales: | 5,019.69 | 2.87 |
| | Roy NRI: | 0.00057273 | | Production Tax - Condensate: | 264.90- | 0.15- |
| | | | | Other Deducts - Condensate: | 604.63- | 0.34- |
| | | | | Net Income: | 4,150.16 | 2.38 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 02/2020 | CND | $/BBL:41.74 | 177.41 /0.10 | Condensate Sales: | 7,405.90 | 4.24 |
| | Roy NRI: | 0.00057273 | | Production Tax - Condensate: | 370.78- | 0.21- |
| | | | | Other Deducts - Condensate: | 1,226.25- | 0.70- |
| | | | | Net Income: | 5,808.87 | 3.33 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 01/2020 | GAS | $/MCF:1.98 | 6,651 /3.81 | Gas Sales: | 13,200.33 | 7.56 |
| | Roy NRI: | 0.00057273 | | Production Tax - Gas: | 792.02- | 0.45- |
| | | | | Net Income: | 12,408.31 | 7.11 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 02/2020 | GAS | $/MCF:1.17 | 8,870 /5.08 | Gas Sales: | 10,335.07 | 5.92 |
| | Roy NRI: | 0.00057273 | | Production Tax - Gas: | 620.11- | 0.36- |
| | | | | Net Income: | 9,714.96 | 5.56 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 01/2020 | OIL | $/BBL:59.46 | 3,509.77 /2.01 | Oil Sales: | 208,702.86 | 119.53 |
| | Roy NRI: | 0.00057273 | | Production Tax - Oil: | 12,037.82- | 6.89- |
| | | | | Other Deducts - Oil: | 8,072.47- | 4.63- |
| | | | | Net Income: | 188,592.57 | 108.01 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 01/2020 | OIL | $/BBL:57.36 | 651.36 /0.37 | Oil Sales: | 37,363.94 | 21.40 |
| | Roy NRI: | 0.00057273 | | Production Tax - Oil: | 2,989.12- | 1.71- |
| | | | | Net Income: | 34,374.82 | 19.69 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 02/2020 | OIL | $/BBL:52.26 | 2,556.24 /1.46 | Oil Sales: | 133,592.94 | 76.51 |
| | Roy NRI: | 0.00057273 | | Production Tax - Oil: | 7,662.82- | 4.39- |
| | | | | Other Deducts - Oil: | 5,879.35- | 3.36- |
| | | | | Net Income: | 120,050.77 | 68.76 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 02/2020 | OIL | $/BBL:50.16 | 1,414.32 /0.81 | Oil Sales: | 70,945.12 | 40.63 |
| | Roy NRI: | 0.00057273 | | Production Tax - Oil: | 5,675.62- | 3.25- |
| | | | | Net Income: | 65,269.50 | 37.38 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 01/2020 | PRG | $/GAL:1.66- | 30,436 /17.43 | Plant Products - Gals - Sales: | 50,513.09- | 28.93- |
| | Roy NRI: | 0.00057273 | | Net Income: | 50,513.09- | 28.93- |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2** | | | **County: CONECUH, AL** | | | |
| 02/2020 | PRG | $/GAL:1.47- | 39,112 /22.40 | Plant Products - Gals - Sales: | 57,507.34- | 32.94- |
| | Roy NRI: | 0.00057273 | | Net Income: | 57,507.34- | 32.94- |

| Owner#: | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---|---|---|---|---|---|---|---|
| STRK01 | 17729 | Check Totals: | | 216.79 | 26.44 | | 190.35 |
| | 04/29/2020 | 2020 Totals: | | 395.51 | 47.97 | | 347.54 |

2



Mrs. Ella Gant
PO Box 10766
Pensacola, FL 32524-0766



**CERTIFIED MAIL®**

7019 1640 0001 2854 9104



U.S. POSTAGE
**$7.10**
FCML          0000
Orig: 32571
09/14/20
2000051726

**RECEIVED**

SEP 2 1 2020

**LEGAL** SERVICES

If by Hand Delivery or Overnight Mail:

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172145728

**Name of Debtor:** *Sklar Exploration Company, LLC*
**Case Number:** *20-12377-EEB*

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

RECEIVED

SEP 21 2020

LEGAL SERVICES

BAR(23) MAILID *** 000172145728 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001200******

RICHARD D. HOLMES
1707 JOHNSONVILLE CIRCLE
CASTLEBERRY, AL 36432-0000

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000156

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *Richard D. Holmes*

Other names the creditor used with the debtor: *NONE*

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| *Richard D. Holmes*<br>Name | *Same*<br>Name |
| *1707 Johnsonville Circle*<br>Number   Street | <br>Number   Street |
| *Castleberry, AL 36432*<br>City   State   ZIP Code | <br>City   State   ZIP Code |
| Country (if International): _____ | Country (if International): _____ |
| Contact phone: *251-578-3853* | Contact phone: _____ |
| Contact email: *N/A* | Contact email: _____ |

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____
        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
*7930*

**7. How much is the claim?**
$ *Undetermined*

Does this amount include interest or other charges?
☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*Environmental/mineral Rights/Royalty/Lease*

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____
Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                         $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any
default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____•00

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/10/2020        *Richard D. Holmes*
                  MM / DD / YYYY      Signature

Print the name of the person who is completing and signing this claim:

Name    Richard          D.          Holmes
        First name        Middle name        Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  1707   Johnsonville  Circle
         Number        Street

         Castleberry          AL    36432
         City                 State  ZIP Code

Contact Phone  251-578-3853      Email    N/A

From:   Sklar Exploration Co., L.L.C.
To:     Richard D. Holmes

For Checks Dated 08/27/2020
Account: HOLR03     Page  2

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|----------|------|-----------|--------------|-------------|--------------|------------|
| **LEASE: (1LIT02)  Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 05/2020 | OIL | $/BBL:17.51 | 378.15 /0.36 | Oil Sales: | 6,621.78 | 6.36 |
| | Roy NRI: | 0.00096003 | | Production Tax - Oil: | 529.74- | 0.51- |
| | | | | Net Income: | 6,092.04 | 5.85 |
| **LEASE: (1LIT02)  Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 06/2020 | OIL | $/BBL:37.72 | 2,378.79 /2.28 | Oil Sales: | 89,721.54 | 86.14 |
| | Roy NRI: | 0.00096003 | | Production Tax - Oil: | 5,055.02- | 4.86- |
| | | | | Other Deducts - Oil: | 5,471.22- | 5.25- |
| | | | | Net Income: | 79,195.30 | 76.03 |
| **LEASE: (1LIT02)  Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 03/2020 | PRG | $/GAL:1.57- | 48,703.04 /46.76 | Plant Products - Gals - Sales: | 76,299.38- | 73.25- |
| | Roy NRI: | 0.00096003 | | Net Income: | 76,299.38- | 73.25- |
| **LEASE: (1LIT02)  Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 04/2020 | PRG | $/GAL:2.28- | 32,210.92 /30.92 | Plant Products - Gals - Sales: | 73,506.63- | 70.57- |
| | Roy NRI: | 0.00096003 | | Net Income: | 73,506.63- | 70.57- |
| **LEASE: (1LIT02)  Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 05/2020 | PRG | $/GAL:2.42- | 21,360.53 /20.51 | Plant Products - Gals - Sales: | 51,639.95- | 49.58- |
| | Roy NRI: | 0.00096003 | | Net Income: | 51,639.95- | 49.58- |
| **LEASE: (1LIT02)  Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 06/2020 | PRG | $/GAL:0.23 | 13,914.08 /13.36 | Plant Products - Gals - Sales: | 3,200.59 | 3.07 |
| | Roy NRI: | 0.00096003 | | Other Deducts - Plant - Gals: | 41,783.94- | 40.11- |
| | | | | Net Income: | 38,583.35- | 37.04- |

| Owner#: | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---------|-------------|----------------|---------|---------|------------|-------------|------------|
| HOLR03 | 19528 | Check Totals: | | 134.52 | 82.49 | | 52.03 |
| | 08/27/2020 | 2020 Totals: | | 797.50 | 162.92 | | 634.58 |

3



Mrs. Ella Gant
PO Box 10766
Pensacola, FL 32524-0766



CERTIFIED MAIL®

7019 1640 0001 2854 9104



U.S. POSTAGE
$7.10
FCML          0000
Orig: 32571
09/14/20
2000051726

**RECEIVED**

SEP 2 1 2020

**LEGAL** SERVICES

**If by Hand Delivery or Overnight Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor: **SKLAR Exploration co., LLC**
Case Number: **20-12377-EEB**

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: **172145714**

**RECEIVED**

SEP 21 2020

**LEGAL SERVICES**

BAR(23) MAILID *** 000172145714 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001194******

REELICE HOLMES
1520 EAST 124 STREET
LOS ANGELES, CA 90059-0000

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000157

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): **Reelice Holmes**

Other names the creditor used with the debtor: **None**

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name: **Reelice Holmes**

Number Street: **838 E.118th Place**

City State ZIP Code: **Los Angeles, CA 90059**

Country (if International): _____

Contact phone: **323-382-8224**

Contact email: **rasdholmes@gmail.com**

Where should payments to the creditor be sent? (if different)

Name: **Same**

Number Street: **Same**

City State ZIP Code: _____

Country (if International): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**

☑ No

☐ Yes. Claim number on court claims register (if known) _____

Filed on _____
　　　　　MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

**7 9 3 0**

**7. How much is the claim?**

$ **undetermined**

Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

**Environmental/Royalty/Mineral Rights**

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                          $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any**
**default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes.  **Amount necessary to cure any default as of the date of petition.**

$ .00

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/10/2020
                 MM / DD / YYYY        Signature

Print the name of the person who is completing and signing this claim:

Name     Reelice ———— Holmes
         First name        Middle name        Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  838 E. 118TH ST.
         Number        Street

         Los Angeles        CA        90059
         City               State     ZIP Code

Contact Phone  323-382-8224   Email  casdholmes@gmail.com

SKLAR EXPLORATION CO LLC
401 EDWARDS STREET, SUITE 1601
SHREVEPORT, LA 71101

Amounts shown may be subject to self-employment (SE) tax. If your net income from self-employment is $400 or more, you must file a return and compute your SE tax on Schedule SE (Form 1040). See Pub. 334 for more information. If no income or social security and Medicare taxes were withheld and you are still receiving these payments, see Form 1040-ES (or Form 1040-ES(NR)). Individuals must report these amounts as explained in the box 7 instructions on this page. Corporations, fiduciaries, or partnerships must report the amounts on the proper line of their tax returns.

**Form 1099-MISC incorrect?** If this form is incorrect or has been issued in error, contact the payer. If you cannot get this form corrected, attach an explanation to your tax return and report your income correctly.

**Box 2.** Report royalties from oil, gas, or mineral properties, copyrights, and patents on Schedule E (Form 1040). However, report payments for a working interest as explained in the box 7 instructions. For royalties on timber, coal, and iron ore, see Pub. 544.

**Future Developments.** For the latest information about developments related to Form 1099-MISC and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/form1099misc*.

---

## IMPORTANT TAX RETURN DOCUMENT ENCLOSED

Reelice Holmes
1520 East 124 Street
Los Angeles, CA  90059

---

### Instructions for Recipient

**Recipient's identification number (TIN).** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), or adoption taxpayer identification number (ATIN) or employed identification number (EIN)). However, the issuer has reported your complete TIN to the IRS.

**Account Number.** May show an account or other unique number the payer assigned to distinguish your account.

**FATCA filing requirement.** If the FATCA filing requirement box is checked, the payer is reporting on this Form 1099 to satisfy its chapter 4 account reporting requirement. You also may have a filing requirement.

---

## See reverse side for Supporting Schedule

---

CORRECTED (if checked)

| PAYER's name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | 1 Rents | OMB No. 1545-0115 | |
|---|---|---|---|
| SKLAR EXPLORATION CO LLC<br>401 EDWARDS STREET, SUITE 1601<br>SHREVEPORT, LA 71101<br>(318) 227-8668 | $ | **2018** | **Miscellaneous Income** |
| | 2 Royalties<br>$        3383.15 | Form **1099-MISC** | |
| | 3 Other income<br>$ | 4 Federal income tax withheld<br>$ | **Copy B**<br>**For Recipient** |
| PAYER'S TIN        RECIPIENT'S TIN<br>72-1417930        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 | 5 Fishing boat proceeds<br>$ | 6 Medical and health care payments<br>$ | |
| RECIPIENT'S name, address, ZIP/postal code & country<br>REELICE HOLMES<br>1520 EAST 124 STREET<br>LOS ANGELES, CA 90059 | 7 Nonemployee compensation<br>$ | 8 Substitute payments in lieu of dividends or interest<br>$ | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale | 10 Crop insurance proceeds<br>$ | |
| | 11 | 12 | |
| Account number (see instructions)        FATCA filing requirement<br>REV-HOLR04 | 13 Excess golden parachute payments<br>$ | 14 Gross proceeds paid to an attorney<br>$ | |
| 15a Section 409A deferrals<br>$ | 15b Section 409A income<br>$ | 16 State tax withheld<br>$<br>$ | 17 State/Payer's state no. | 18 State income<br>$<br>$ |

Form **1099-MISC**        (keep for your records)

Department of the Treasury - Internal Revenue Service

From: R. Holmes
838 E 118th Pl
Los Angeles CA 90059

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL**®

7019 2280 0000 4131 3973

RETURN RECEIPT
REQUESTED

**Ready P**o**st**®

Document Mailer

9707689421 B900

UNITED STATES
POSTAL SERVICE®

1000          97076

U.S. POSTAGE PAID
FCM LETTER
LOS ANGELES, CA
90061
SEP 11 20
AMOUNT
**$6.95**
R2304M110513-05

**FIRST CLASS**

SKLAR Exploration Co LLC
Claims Processing Center
C/O Epiq Corp. Restructuring, LLC

To: _____
P.O. Box 4421
Beaverton, OR 97076-4419
_____

RECEIVED

SEP 2 1 2020

LEGAL SERVICES

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

**RECEIVED**

SEP 21 2020

**LEGAL SERVICES**

Name of Debtor:  Sklar Exploration Company, L.L.C.
Case Number:  20-12377 EEB

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000158

## Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):  LCJ Resources, LLC

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☒ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Eric Terry Law, PLLC
Name

3511 Broadway
Number     Street

San Antonio          TX          78209
City               State        ZIP Code

Country (if International): _____

Contact phone: (210) 468-8274

Contact email: eric@ericterrylaw.com

Where should payments to the creditor be sent?
(if different)

LCJ Resources, LLC
Name

1250 N.E. Loop 410, Ste. 333
Number     Street

San Antonio          TX          78209
City               State        ZIP Code

Country (if International): _____

Contact phone: (210) 930-5141

Contact email: cwilde@gwm-sa.com

**4.   Does this claim amend one already filed?**

☒ No

☐ Yes.   Claim number on court claims register (if known) _____

Filed on _____
MM  / DD  / YYYY

**5.   Do you know if anyone else has filed a proof of claim for this claim?**

☒ No

☐ Yes.   Who made the earlier filing?

_____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6.   Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7.   How much is the claim?**

$  Unknown  .

Does this amount include interest or other charges?

☒ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.   What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Royalties and other amounts due and owing under oil, gas and mineral leases - Subject to confidentiality agreement

**9. Is all or part of the claim secured?**

☐ No

☒ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☒ Other.  Describe:  Oil, gas, minerals and their proceeds

**Basis for perfection:**  Subject to confidentiality agreement

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $ Unknown

**Amount of the claim that is secured:**  $ 100%

**Amount of the claim that is unsecured:** $ 0
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $ Unknown

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes.  **Amount necessary to cure any default as of the date of petition.**

$ Unknown

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/18/2020
               MM / DD / YYYY          Signature

Print the name of the person who is completing and signing this claim:

Name        Chris Wilde
            First name          Middle name          Last name

Title       Vice President

Company     LCJ Resources, LLC
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     1250 N.E. Loop 410
            Number          Street

            San Antonio                    TX          78209
            City                           State       ZIP Code

Contact Phone   (210) 930-5141             Email   cwilde@gwm-sa.com

## Exhibit A –

ADDENDUM TO PROOF OF CLAIM

Claimant's position is that its interests are not property of the estate. ACCORDINGLY, THIS PROOF OF CLAIM IS A CONTINGENT PROOF OF CLAIM THAT IS BEING FILED TO PRESERVE RIGHTS (BASED ON THE SET BAR DATE IN THE BANKRUPTCY CASE) AND NOT IN ANY WAY TO SUBMIT TO JURISDICTION OF THE BANKRUTPCY COURT OR OTHERWISE WAIVE ANY OF CLAIMANT'S RIGHTS

LCJ Resources, LLC potentially has claims and causes of action against Debtor Sklar Exploration Company, L.L.C. ("Debtor") pertaining to the following:

  a) Underpayments of royalties and/or overriding royalties and other amounts due and payable by the Debtor to LCJ Resources, LLC under or by virtue of any oil, gas and/or mineral leases;

  b) Amounts owed by the Debtor to LCJ Resources, LLC by virtue of any of the Debtor's breaches of any express or implied covenants or agreements pursuant to any oil, gas and/ or mineral leases; pooling or unitization agreements and/or any other contracts or agreements as well as any amounts owed by the Debtor to LCJ Resources, LLC under any law or at equity; and

  c) Amounts owed by the Debtor to LCJ Resources, LLCas the result of any claims or causes of action, including any claims or causes of action relating to: theft of oil, gas and/or other minerals and their proceeds, confusion of goods; commingling; amounts wrongfully held in suspense; amounts wrongfully deducted from royalty checks; moneys had and received; claims in equity; tort claims; unjust enrichment; fraud; negligence; gross negligence; conspiracy and/or RICO violations or claims.

After further discovery is completed, Claimant shall amend its claims appropriately.

Claimant is also preserving its rights considering the entry of any final order authorizing payment to interest holders and reserves its rights to the extent the Court finds that the interests are property of the estate.

Claimant's supporting documents are subject to a confidentiality agreement between Claimant and Sklar Exploration Company, L.L.C.

ORIGIN ID:SVZA     (210) 862-2060
ERIC TERRY

3511 BROADWAY

SAN ANTONIO, TX 78209
UNITED STATES US

SHIP DATE: 18SEP20
ACTWGT: 0.30 LB
CAD: 112019437/INET4280

BILL SENDER

TO  **EPIQ CORPORATE RESTRUCTURING, LLC**
**SKLAR EXPLORATION COMPANY, LLC**
**CLAIMS PROCESSING CENTER**  RECEIVED
**10300 SW ALLEN BLVD.**            SEP 21 2020
**BEAVERTON OR 97005**
(503) 350-5800        REF: LCJ RESOURCES    LEGAL SERVICES
INV:
PO:                          DEPT:



FedEx
Express

E

TUE - 22 SEP 4:30P
** 2DAY **

TRK#
0201   **7715 6571 5027**

**SH BNOA**                    **97005**
                      OR-US  **PDX**



FedEx Ship Manager - Print Your Label(s)

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.

https://www.fedex.com/shipping/shipAction.handle?method=doContinue

9/18/2020

1/2

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172146422

Name of Debtor:
Case Number: **20-12377-EEB**

BAR(23) MAILID *** 000172146422 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000002755******

WOODROW & MARY E BROWN FAMILY TRUST
JERRIE ANN CALHOUN, TRUSTEE
117 TIMBER RIDGE
LIBERTY, TX 77575

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

**RECEIVED**
SEP 2 3 2020
LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**
0000000175

## Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): **Jerrie Ann Calhoun**

Other names the creditor used with the debtor:

**2. Has this claim been acquired from someone else?** ☐ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: **Jerrie Calhoun**
Number Street: **117 TmbeRidge**
City State ZIP Code: **Liberty Tx 77575**
Country (if International):
Contact phone: **281-576-2754**
Contact email: **rspe1219@aol.com**

Where should payments to the creditor be sent? (if different)
Name:
Number Street:
City State ZIP Code:
Country (if International):
Contact phone:
Contact email:

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims register (if known)
Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No
☐ Yes. Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor: _ _ _ _

**7. How much is the claim?**
$ _____
Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

**lease - of land for**

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                          $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9 / 16 / 20            Signature  *Jerrie Ann Calhoun*
                   MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name   *Jerrie*         *Ann*          *Calhoun*
        First name       Middle name    Last name

Title   *trustee & daughter*

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
        Number        Street

        _____
        City          State       ZIP Code

Contact Phone _____  Email _____

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

| A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571 |
| --- |

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.
- **Fill in the caption at the top of the form.** The full list of debtors is provided under the general information section on the Claims Agent's website: https://dm.epiq11.com/SKR.
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt.  In addition to the documents, a summary may be added.  Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents** because attachments may be destroyed after scanning.
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**
- *A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.* See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).*  See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/SKR) to view your filed form under "Claims."

## Where to File Proof of Claim Form

**First Class Mail:**
Sklar Exploration Company, LLC Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4419

**Hand Delivery or Overnight Mail:**
Sklar Exploration Company, LLC Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**Electronic Filing:**
By accessing the E-filing Claims link at https://dm.epiq11.com/SKR

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.  11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy.  11 U.S.C. §101 (5).  A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy.  11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim.  A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| Debtor. | ) | |

**NOTICE OF ORDER ESTABLISHING PROCEDURES AND
BAR DATE FOR THE FILING OF PROOFS OF CLAIM
PURSUANT TO FED. R. BANKR. P. 3003(c)(3)**

TO INDIVIDUALS AND ENTITIES WHO MAY BE CREDITORS OF DEBTORS:

Please take notice that the bankruptcy court has entered an order establishing procedures and a bar date for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3) as follows:

(a) All proofs of claim must be filed with Epiq Corporate Restructuring, LLC ("Claims Agent") by e-filing, by mail, or in person, such that they are received no later than **5:00 P.M. PREVAILING MOUNTAIN TIME ON OR BEFORE SEPTEMBER 28, 2020 (the "Bar Date")**, at the following address:

> **If by First-Class Mail:**
>
> Sklar Exploration Company, LLC
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> P.O. Box 4421
> Beaverton, OR 97076-4421
>
> **If by Hand Delivery or Overnight Mail:**
>
> Sklar Exploration Company, LLC
> Claims Processing Center
> c/o Epiq Corporate Restructuring, LLC
> 10300 SW Allen Blvd.
> Beaverton, OR 97005
>
> **By e-filing at:** https://epiqworkflow.com/cases/SKR

**CLAIMS ARE NOT DEEMED FILED UNTIL ACTUALLY RECEIVED BY THE CLAIMS AGENT.**

(b) **ANY CLAIMS FILED AFTER THE BAR DATE WILL BE DISALLOWED.** Any individual or entity that is required to file a proof of claim by the Bar Date and that fails to do so will not be treated as a creditor for the purposes of voting or distribution, may not receive any further notices of mailings in this chapter 11 case and any claim of such individual or entity will be forever barred.

(c) Any creditor holding a claim arising prior to date of debtors' chapter 11 bankruptcy filings, **April 1, 2020**, must file a proof of claim with the court if the claim is: (i) not scheduled, (ii) scheduled as disputed, contingent, or unliquidated, or (iii) if such creditor disagrees with the amount of the scheduled claim.

(d) Following the Bar Date, a creditor will not be allowed to amend a claim deemed filed on its behalf pursuant to 11 U.S.C. § 1111(a) by virtue of the listing of such claim by debtors in their respective bankruptcy schedules.

(e) In order to assist in the review and reconciliation of proofs of claim, claims should include copies of any invoices, statements or other documents which evidence or support the amount and basis of the claim.

(f) CLAIMANTS WHO HAVE ALREADY FILED THEIR PROOFS OF CLAIM SHOULD NOT FILE A DUPLICATE CLAIM. Claimants who have filed a Proof of Claim MAY file an amended Proof of Claim by the Bar Date.

**ANY CLAIM NOT TIMELY FILED WITH THE CLAIMS AGENT WITHIN THE TIME SET FORTH ABOVE WILL BE FOREVER BARRED FROM SHARING IN THE ESTATE OR BEING TREATED AS A CLAIM FOR PURPOSES OF VOTING OR DISTRIBUTION.** [1]

DATED: July 29, 2020      Respectfully submitted,

By:   */s/ Keri L. Riley*
        Lee M. Kutner, #10966
        Keri L. Riley, #47605
        **KUTNER BRINEN, P.C.**
        1660 Lincoln Street, Suite 1850
        Denver, CO 80264
        Telephone: (303) 832-2400
        Telecopy: (303) 832-1510
        E-mail: klr@kutnerlaw.com

---

1 Subject to 11 U.S.C. § 726(a)(1) in the event of conversion.

## LEASE PURCHASE REPORT

LEASE NO.: 5

**LEASE DATE:** September 26, 2014          **TERM:** two (2) years

**LESSOR:** Woodrow J. Brown and Mary E. Brown Family Trust
Jerrie Ann Calhoun, Trustee
117 Timber Ridge
Liberty, TX 77575

**TAX I.D. NO.:** (See Below)          **TELEPHONE NO.:**
JAC; SS# 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

**LESSEE:** Hunter Energy Corporation

**GROSS ACRES:** 13.33          **NET ACRES:** 13.33

**LESSORS MIN. INT.:** 100%          **ROYALTY:** 1/4th

**PRICE PER ACRE:** $350.00          **TOTAL BONUS:** $4,665.50

**DESCRIPTION:** The South 13.33 acres of the NE/4 of NW/4, Section 1, T13N-R8W.

**COUNTY/PARISH:** Natchitoches          **STATE:** Louisiana

**RECORDING:** Registry # 372817, Bk. 326, Pg. 431

**PROSPECT:** Fin

**COMMENTS:** See Lease for Provisions.
*This lease shall be applicable only to the Hosston formation, being defined herein as the stratigraphic equivalent of that gas and condensate bearing interval encountered between the depths of 7,310 feet and 10,590 feet (ELM) in the J-W Operating Company-Davis Brothers 20 No. 1 Well, located in Section 20, Township 16 North, Range 4 West, in the Driscoll Field, Bienville Parish, Louisiana.

**BROKER:** Stephen O. Smith

**DATE TRANSMITTED:** November 7, 2014

    xx    **CERTIFIED COPY OF LEASE**
    xx    **COPY OF DRAFT (Check)**
    xx    **PLAT**

CERTIFICATION ON BACK

Bath Form Louisiana Spec. 14-BR1-2A-NL Paid up R2/99

# OIL, GAS AND MINERAL LEASE

THIS AGREEMENT made this ___26th___ day of ___September___ ___2014___ . between
**THE WOODROW J. BROWN & MARY E. BROWN FAMILY TRUST**, represented herein by Jerrie Ann Calhoun, Trustee,
as Lessor,

whose address for any purpose herein is: ___117 Timber Ridge, Liberty, TX 77575___

and ___HUNTER ENERGY CORPORATION___ ___Lessee.___
whose address is: a ___P. O. Box 1689, Ruston, LA 71273-1689___
WITNESSETH :

1. Lessor in consideration of One Hundred Dollars and Other Valuable Considerations ($100.00 & OVC), in hand paid, of the royalties herein provided, and of the agreement of Lessee herein contained, hereby grants, leases and lets unto Lessee, the exclusive right to enter upon and use the land hereinafter described for the exploration for and production of oil, gas, sulphur and all other minerals together with the use of the surface of the land for all purposes incident to the exploration for and production, ownership, possession and transportation of said minerals (either from said land or acreage pooled therewith), and the right to dispose of salt water, with the right of ingress and egress to and from said lands at all times for such purposes, including for operations hereunder or in connection with similar operations on adjoining land; the land to which this lease applies and which is affected hereby being situated in __Natchitoches Parish, Louisiana__, and described as follows, to-wit:

## SEE ATTACHED EXHIBIT "A"

This lease shall also extend and apply to any interest therein which Lessor may hereafter acquire, including, but not limited to, outstanding mineral rights acquired by reversion, prescription or otherwise, and includes batture, accretions, roads, highways, easements, right-of-ways and all land, if any, occupied or adjacent to, or adjoining the land particularly described above. Lessor agrees to execute any supplemental instrument requested by Lessee for a more complete or accurate description of said land. For the purposes of determining the amount of bonus and the shut-in royalty payment hereunder, said land shall be deemed to contain __13.33__ acres, whether actually containing more or less, and the above recital of acreage in any tract shall be deemed to be the true acreage thereof.

2. Subject to the other provisions herein contained, this lease shall be for a period of ___two (2)___ year(s) ( from the effective date hereof (called "primary term") and as long thereafter as (1) oil, gas, sulphur or other mineral is produced from said land hereunder or from land pooled therewith, or (2) it is maintained in force in any other manner herein provided.

3. For the consideration hereinabove recited, this lease shall remain in full force and effect during the primary term, without any additional payment and without Lessee being required to conduct any operations on the land (either before or after the discovery of minerals), except to drill such wells as might be necessary to protect the land from drainage, as hereinafter provided.

4. The royalties to be paid by Lessee are: (a) on oil, and other hydrocarbons which are produced at the well in liquid form by ordinary production methods, one-eighth of that produced and saved from said land, same to be delivered at the wells or to the credit of Lessor in the pipe line to which the wells may be connected; Lessor's interest in either case to bear its proportion of any expenses for treating the oil to make it marketable as crude; Lessee may from time to time purchase any royalty oil or other liquid hydrocarbons in its possession, paying the market price therefor prevailing for the field where produced on the date of purchase; (b) on gas, including casinghead gas, or other gaseous substance produced from said land and sold or used off the premises or for the extraction of gasoline or other products therefrom, the market value at the well of one-eighth of the gas so sold or used, provided that on gas sold at the wells the royalty shall be one-eighth of the amount realized from such sale; such gas, casinghead gas, residue gas, or gas of any other nature or description whatsoever, as may be disposed of for no consideration to Lessee, either through unavoidable waste or leakage, in order to recover oil or other liquid hydrocarbons, or returned to the ground, shall not be deemed to have been sold or used either on or off the premises within the meaning of this paragraph 4 hereof. (c ) on all other minerals mined and marketed, one-eighth, either in kind or value at the well or mine, at Lessee's election except that on sulphur the royalty shall be one dollar ($ 1.00) per long ton.

5. If Lessee during or after the primary term should drill a well capable of producing gas or gaseous substances in paying quantities, (or which although previously produced Lessee is unable to continue to produce) and should Lessee be unable to operate said well because of lack of market or marketing facilities or governmental restrictions, then Lessee's rights may be maintained beyond or after the primary term without production of minerals or further drilling operations by paying Lessor as royalty a sum equal to one dollar ($1.00) per acre of land covered hereby per year, the first payment being due, if said well should be completed or shut-in after the primary term, within ninety (90) days after the completion of such well or the cessation of production and such payment will extend Lessee's rights for one year from the date of such completion or cessation. If such a well should be completed during the primary term, the first payment, if made by Lessee, shall be due within 90 days after such well is shut-in, or before the expiration date of the primary term herein fixed, whichever is the later date. Thereafter Lessee's rights may be continued from year to year by making annual payments in the amount stated on or before the anniversary date beginning with the date of completion of said well (if completed after the primary term) or the end of the primary term (if completed prior thereto) as the case may be; each of such payments of several Lessees rights for one year. The annual payments herein provided for may be deposited to Lessor's credit in the ___Pay directly to Lessor___ Bank of _____, which bank/address shall be and remain Lessor's agent/address for such purpose regardless of any change or changes in the ownership of the land or mineral rights therein. The owners of the royalty as of the date of such payments shall be entitled thereto in proportion to their ownership of said royalty. The provisions of this paragraph shall be recurring at all times during the life of this lease. Should any well producing gas or gaseous substances be completed on a drilling unit which includes any part of the land herein leased, the provisions of this paragraph shall be subject to all other agreements herein contained allowing the pooling of the above described lands with other lands.

6. If within ninety (90) days prior to the end of the primary term, Lessee should complete or abandon a well on the lands described above or on land pooled therewith, or if production previously secured should cease from any cause, this lease shall continue in force and effect for ninety (90) days from such completion or abandonment or cessation of production. If at the expiration of the primary term or at the expiration of the ninety (90) day period provided for in the preceding sentence, oil, gas, sulphur or other mineral is not being produced on said land or on land pooled therewith, but Lessee is then engaged in operations for drilling, completion or reworking thereon, or operations to achieve or restore production, or if production previously secured should cease from any cause after the expiration of the primary term, this lease shall remain in force so long thereafter as Lessee either (a) is engaged in operations for drilling, completion or reworking, or operations to achieve or restore production, with no cessation between operations or between such cessation of production and additional operations of more than ninety (90) consecutive days; or (b) is producing oil, gas, sulphur or other mineral from said land hereunder or from land pooled therewith. If sulphur be encountered on said premises or on land pooled therewith, this lease shall continue in force and effect so long as Lessee is engaged with due diligence in explorations for and/or erecting a plant for the production of sulphur and thereafter subject to the foregoing provisions hereof so long as oil, gas, sulphur or other mineral is produced from said land hereunder or from land pooled therewith.

7. Lessee is hereby granted the right as to all or any part of the land described herein, without Lessors joinder, to combine, pool or unitize the acreage royalty or mineral interest covered by this lease, or any portion thereof, at any time during the life of this lease, with any other land, lease or leases, royalty or mineral interests in or under any other tract or tracts of land in the vicinity hereof, whether owned by Lessee or some other person, or corporation so as to create, by the combination of such lands and leases, one or more operating units, as to any and all mineral horizons, provided that no one operating unit shall, in the case of gas, including condensate, embrace more than six hundred forty (640) acres, and in the case of oil, including casinghead gas, embrace more than eighty (80) acres; and provided further, however, that if any spacing or other rules and regulations of the State or Federal Commission, Agency, or regulatory body having or claiming jurisdiction has heretofore or shall at any time hereafter permit or prescribe a drilling or operating unit or spacing rule in the case of gas, including condensate, greater than six hundred forty (640) acres, or in the case of oil or casinghead gas greater than eighty (80) acres, then the unit or units herein contemplated may have, or may be redesigned so as to have, as the case may be, the same surface content as, but not more than, the unit or the acreage in the spacing rule so permitted or permitted. However, it is further specifically understood and agreed, anything herein to the contrary notwithstanding, that the Lessee shall have the right to, and the benefit of an acreage tolerance of ten per cent in excess of any drilling or operating unit authorized herein. The commencement of operations for the drilling of a well, or the completion of a well to production of either oil, gas, casinghead gas, condensate or other minerals on any portion of an operating unit in which all or any part of the land described herein is embraced, or production of oil, gas, casinghead gas, condensate, or other minerals therefrom shall have the same effect under the terms of this lease as if a well were commenced, completed or producing oil, gas, casinghead gas, condensate, or other minerals in paying quantities on the land embraced by this lease. Lessee shall execute in writing and file for record in the records of the Parish in which the lands herein leased are located, an instrument identifying or describing the pooled acreage, or an instrument supplemental hereto redesignating same, as the case may be. Either prior to the securing of production from any unit created under the authority hereinabove granted, or after cessation of production therefrom Lessee shall have the right to dissolve the unit so created, without Lessor's joinder or further consent, by executing in writing and placing of record in the Parish or Parishes in which the lands making up such unit may be located, an instrument identifying and dissolving such unit. The provisions hereof shall be construed as a covenant running with the land and shall inure to the benefit of and be binding upon the parties hereto, their heirs, representatives, successors and assigns. In the event such operating unit or units is/are so created by Lessee, Lessor shall receive out of production or the proceeds from production from such operating unit or units or out of the shut-in royalty provided for above, such portion of the royalty or of the shut-in royalty specified herein as the number of acres (mineral acres) out of this lease placed in any such operating unit or units bears to the total number of acres included in such operating unit or units.

8. If Lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the payments herein provided shall be paid to Lessor only in the proportion which Lessors interest bears to the whole and undivided fee.

9. Lessee shall have the exclusive right to explore the land herein described by geological, geophysical or other methods, whether similar to those herein specified or not and whether now known or not, including the drilling of holes, use of torsion balance, seismograph explosions, magnetometer, or other geophysical or geological

instruments, test or procedures, for the purpose of securing geological and geophysical information. All information obtained by Lessee as a result of such activity shall be the exclusive property of Lessee, and Lessee may disseminate or sell such information without Lessor's consent, in exploring for, developing, producing and marketing oil, gas and other substances covered hereby on the leased premises or lands pooled or unitized therewith, in primary and/or enhanced recovery. Lessee shall have the right of ingress and egress along with the right to conduct such operations on the leased premises, or on any adjacent or adjoining lands, as may be reasonably necessary for such purpose, including but not limited to the drilling of wells, construction and use of roads, canals, pipelines, tanks, water wells, disposal wells, injection wells, pits, electric and telephone lines, power stations, and other facilities deemed necessary by Lessee to discover, produce, store, treat and/or transport oil, gas and other substances. Lessee shall have free use of oil, gas, casinghead gas, condensate, and water from said land, except water from Lessors wells, for all operations hereunder, including repressuring, pressure maintenance and recycling, and the royalty shall be computed after deducting any so used. Lessee shall have the right at any time during or after the expiration of this lease to remove all property and fixtures placed by Lessee on said land, including the right to draw and remove all casing. When required by Lessor, Lessee will bury all pipe lines below ordinary plow depth, and no well shall be drilled within two hundred feet of any residence or barn now on said land without Lessor's consent. In the event a well or wells, producing oil, gas, casinghead gas or condensate in paying quantities should be brought in on adjacent lands not owned by the Lessor and within one hundred fifty feet of and draining the leased premises, Lessee agrees to drill such offset well or wells as a reasonably prudent operator would drill under the same or similar circumstances.

10. The rights of either party hereunder may be assigned in whole or in part and the provisions hereof shall extend to the heirs, executors, administrators, successors and assigns, but no change or division in ownership of the land, or royalties, however accomplished shall operate to enlarge the obligations or diminish the rights of Lessee. No such change or division in the ownership of the land, or royalties shall be binding upon Lessee for any purpose until such person acquiring any interest has furnished Lessee, at its principal place of business, with a certified copy of the instrument or instruments, constituting his chain of title from the original Lessor. An assignment of this lease, in whole or in part, shall, to the extent of such assignment, relieve and discharge Lessee of any obligations hereunder to Lessor and, if Lessee or assignee of part or parts hereof shall fail to comply with any other provisions of the lease, such default shall not affect this lease insofar as it covers a part of said lands upon which Lessee or any assignee shall comply with the provisions of the lease. In addition, Lessee may at any time and from time to time execute and deliver to lessor or file for record a release or releases of this lease as to any part or all of said land or of any mineral or horizon thereunder, and thereby be relieved of all obligations as to the released acreage or interest.

11. In case of suit, adverse claim, dispute or question as to the ownership of the royalties (or some part thereof payable under this lease, Lessee shall not be held in default in payment of such royalties (or the part thereof in dispute), until such suit, claim, dispute or question has been finally disposed of, and Lessee shall have thirty (30) days after being furnished with a certified copy of the instrument or instruments disposing of such suit, claim or dispute, or after being furnished with proof sufficient, in Lessee's opinion, to settle such question, within which to make payment. Should the right or interest of Lessee hereunder be disputed by Lessor, or any other person, the time covered by the pendency of such dispute shall not be counted against Lessee either as affecting the term of the lease or for any other purpose, and Lessee may suspend all payments without interest until there is a final adjudication or other determination of such dispute.

12. In case of cancellation or termination of this lease from any cause, Lessee shall have the right to retain, under the terms hereof, around each well producing, being worked on, or drilling hereunder, the number of acres in the form allocated to each such well under spacing and proration rules issued by the Commissioner of Conservation of the State of Louisiana, or any other State or Federal authority having control of such matters; or any unit or units formed pursuant to paragraph 7 or, in the absence of such rulings, unit or units, forty (40) acres around each such well in as near a square form as practicable, and in the event Lessor considers that operations are not being conducted in compliance with this contract, Lessee shall be notified in writing of the facts relied upon as constituting a breach hereof and Lessee shall have sixty (60) days after receipt of such notice to comply with the obligations imposed by virtue of this instrument.

13. When drilling, reworking, production or other operations are delayed or interrupted by force majeure, that is, by storm, flood or other acts of God, fire, war, rebellion, insurrection, riot, strikes, differences with workmen, or failure of carriers to transport or furnish facilities for transportation, or as a result of some law, order, rule, regulation, requisition or necessity of government, Federal or State, or as a result of any cause whatsoever beyond the control of the Lessee, the time of such delay or interruption shall not be counted against Lessee, anything in this lease to the contrary notwithstanding, but this lease shall be extended for a period of time equal to that during which Lessee is so prevented from conducting such drilling or reworking operations on, or producing oil, gas, casinghead gas, condensate or other minerals from, the premises; provided that during any period that this lease is continued in force after its primary term solely by force majeure as herein provided, Lessee shall pay to the owners of the royalty hereunder the shut-in royalty provided in paragraph 5 hereof, and in the manner therein provided, without regard to whether or not there is a producing well shut in, located on said land or on land with which the lease premises or any part thereof has been pooled.

14. Lessee shall pay for actual damages caused by its operations to growing crops and timber on said land leased herein.

15. Notwithstanding the death of any party Lessor, or his successor in interest, the payment or tender of all sums accruing hereunder in the manner provided above shall be binding on the heirs, executors and administrators of such person.

16. Lessor hereby warrants and agrees to defend the title to the lands herein described, and agrees that the Lessee at its option shall have the right to redeem for Lessor, by payment, any mortgage, taxes or other liens on the above described lands, in the event of default of payment by Lessor, and be subrogated to the rights of the holder thereof. In case of payment of any such mortgage, taxes or other liens by Lessee, in addition to the right to subrogation herein granted, Lessee shall also have the right to retain any royalties which become due Lessor hereunder and to repay itself therefrom, and the retention of such royalties by Lessee shall have the same effect as if paid to the Lessor in whose behalf payment of any mortgage, taxes or other liens was made.

17. This lease shall be binding upon all who execute it, whether or not named in the body hereof as Lessor, and without regard to whether this same instrument, or any copy thereof, shall be executed by any other Lessor named above.

IN WITNESS WHEREOF, this instrument is executed as of the date first above written.

WITNESSES:

Rhonda Powell
Print Name:

Becky Welch
Print Name:

Print Name:

Print Name:

LESSOR (WHETHER ONE OR MORE)
The Woodrow J. Brown & Mary E. Brown Family Trust

Jerrie Ann Calhoun, Trustee
Jerrie Ann Calhoun, Trustee    TAX ID #

TAX ID #

STATE OF TEXAS
PARISH/ COUNTY OF Chambers

On this 30 day of Oct., 2014, before me, the undersigned authority, personally appeared

The Woodrow J. Brown & Mary E. Brown Family Trust, represented by Jerrie Ann Calhoun, Trustee

to me known to be the person(s) described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed.

My Commission expires 11-03-2016

Lisa Jacobson
NOTARY PUBLIC in and for Chambers County, Texas.

Lisa Jacobson
Notary Public, State of Texas
Commission Expires: 11/03/2016

STATE OF
PARISH/ COUNTY OF

Before me, the undersigned authority, personally came and appeared ______ who being first duly sworn deposes and says that he/she was one of the subscribing witnesses to the execution of the foregoing instrument by ______

who signed the same in his/her presence and that of the other subscribing witness(es) to such signature(s) whose name(s) (signatures) are affixed as such, and that he/she now recognizes all said signatures to be true and genuine.

Subscribing Witness

Sworn to and subscribed before me, notary, on this ______ day of ______, ______.

My Commission expires ______

NOTARY PUBLIC in and for Lincoln Parish, Louisiana

Exhibit "A"

This Exhibit "A" is attached to and made a part of that certain Oil, Gas and Mineral Lease dated September 26, 2014, by and between The Woodrow J. Brown & Mary E. Brown Family Trust, represented herein by Jerrie Ann Calhoune, Trustee, as Lessor, and Hunter Energy Corporation, as Lessee, and covering property located in Natchitoches Parish, Louisiana.

The parties hereto agree that nothing contained in the printed form to which this Rider is attached shall in any manner change the provisions of this Rider and if there is a conflict with provisions of the written lease and Rider, the terms of the rider shall prevail.

**LANDS SUBJECT TO THIS AGREEMENT:**

**Township 13 North – Range 8 West, Natchitoches Parish, Louisiana**

Section 1: The South 13.33 acres of the Northeast Quarter of the Northwest Quarter (S. 13.33 ac of NE/4 of NW/4).

It is the intention of the Lessor to lease all mineral acreage owned in Section 1, Township 13 North – Range 8 West, Natchitoches Parish, Louisiana.

18. **ROYALTY:** In every instance in where the fraction 1/8th appears, it shall be and is changed to the fraction 1/4th, so that this lease shall provide for a full 1/4th royalty. It is agreed between the Lessor and Lessee that, notwithstanding any language herein to the contrary, all oil, gas or other proceeds accruing to the Lessor under this lease or by state law shall be free and clear without deduction for the cost of transportation, producing, storing, separating, treating, dehydrating and processing the oil, gas and other products produced hereunder to transform the product into marketable form; however, any such costs which result in enhancing the value of the marketable oil, gas or other products to receive a better price may be deducted from Lessor's share of production so long as they are based on Lessee's actual cost of such enhancements. However, in no event shall Lessor receive a price that is less than the price received by Lessee.

19. **SHUT-IN GAS WELL ROYALTY:** Either during or after the primary term of this lease, where gas from a gas well is not sold or used because of no market or demand therefore, LESSEE may pay as shut-in royalty the sum of $25.00 per acre, per year payable quarterly, the first quarterly payment due no later than three months from the date of completion of shutting in each well, and upon such payment, it will be considered that gas is being produced within the meaning of this contract. The failure to timely pay the shut-in gas well royalty shall ipso facto terminate this lease without the necessity of notifying the LESSEE or placing LESSEE in default.

20. **SHUT-IN ROYALTY TIME LIMITATION:** Notwithstanding any wording in this lease to the contrary, the shut-in royalty provisions provided for in this lease shall not be effective, and LESSEE cannot hold this lease under the shut-in royalty provision for more than two (2) years beyond the primary term of this lease for wells drilled during the primary term of this lease and only for two (2) years beyond the completion of any well drilled on the leased premises after the primary term of the lease.

21. **LEASE COVERS ONLY OIL & GAS:** Notwithstanding any wording in this lease to the contrary, it is hereby agreed and understood between LESSOR and LESSEE that this lease covers only oil and gas in liquid, gaseous or vaporous forms or states, which can or may be produced through a bore of a well.

22. **NO DRILLING PROVISION:** There shall be no drilling operations on the leased premises without the express written consent of Lessor, with shall not be unreasonably withheld. If Lessor consents to such operation then the following Damage Clause shall apply.

23. **DAMAGE CLAUSE:**

(a)     LESSEE shall be responsible to LESSOR and to LESSOR'S tenants for all damages caused by LESSEE'S operations, including but not limited to, damages to the surface of the land, timber, crops, pastures, domestic animals, roads, canals, ditches, artificial or natural drains, fences, buildings, water wells and improvements on said land. LESSEE shall protect LESSOR and hold LESSOR harmless form any claim or claims by any person, firm, or corporation resulting from LESSEE'S operations hereunder regardless of the merit of such claim.

(b)     Within ninety (90) days after the completion or abandonment of each well, the land surrounding said well (the surface of which may have been harmed or disturbed by the operation hereunder) shall be restored by LESSEE to as near its condition prior to being so disturbed as is reasonably possible under the circumstances. If LESSEE fails to fulfill this obligation, LESSOR can have the necessary work done to accomplish this as LESSEE'S cost, even if this lease has otherwise terminated.

(c)     LESSEE shall be responsible to repair the surface to as near as reasonably possible the condition it was prior to the operations as those repairs relate to damages to the surface; such damage to include, rutting, drainage, damage to culverts, fences, buildings, water wells and other similar damages. Notwithstanding any provision hereof to the contrary, LESSOR specifically agrees that the obligations and liabilities of the LESSEE and its successors and assigns for reclamation, restoration, repair or maintenance of the surface or subsurface of the leased premises shall never exceed the fair market value, determined as of the date of the execution hereof, of the lands covered by this lease, or any portion thereof for which such reclamation, restoration, repair or maintenance is required.

(d)     If LESSEE conducts operations on the lands leased herein, LESSEE agrees to pay the surface owner of the leased premises prior to operations damages of Two Thousand Five Hundred and no/ 100 ($2,500.00) Dollars per utilized acre as liquidated damages for the property used as roads, rights-of-way, locations, pits or any other exploration or production purposes. LESSEE will pay the LESSOR the fair market value of any merchantable timber or pulpwood that is destroyed by LESSEE in its operations. In addition to these timber and pulpwood damages, if LESSEE destroys any pre-merchantable timber, LESSEE will pay a sum equal to the cost of reforestation, seeding, site preparation, replanting and herbiciding of the damaged land plus the value of the pre-merchantable timber according to its age. The value of any timber and/or pulpwood destroyed, and damages to any pre-merchantable timber, will be established by a qualified forester who is mutually acceptable to the LESSOR and LESSEE. If no qualified forester can be agreed upon, then values will be established by mediation or litigation. At the option of LESSOR, LESSEE will pay the actual value of the damages done to the lease premises in lieu of the liquidated damage set out. LESSOR specifically agrees that the obligations and liabilities of the LESSEE and its successors and assigns for reclamation, restoration, repair or maintenance of the surface or subsurface of the leased premises shall never exceed the fair market value (determined at the time that any damages may occur to the leased premises due to LESSEE's operations) of the lands covered by this lease, or the portion thereof, for which such reclamation, restoration, repair, or maintenance is required.

In regard to environmental damage, LESSEE shall clean the property to the satisfaction of the State of Louisiana Department of Natural Resources, Office of Conservation, and/or the State of Louisiana Department of Environmental Quality, and/or Environmental Protection Agency. LESSEE shall not be required to clean the environmental damage beyond the standards set forth by the preceding agencies. Environmental damage would be damages relating to the discharge and/or release of pollutants, wastes, and other such substances regulated by the aforementioned agencies that are released onto or into the land and/or ground water. These substances maybe hazardous, non-hazardous, toxic, or non-toxic as defined by the above agencies.

**24. PUGH CLAUSE:** Notwithstanding anything to the contrary contained herein, the commencement of operations for drilling, the drilling or reworking of a well, or the production of oil, gas or other minerals from any well situated on lands included within a unit embracing a portion of the leased premises and other lands not covered hereby shall only serve to maintain this lease in force as to that portion of the lease premises embraced in such unit; but during the primary term, the delay rentals payable hereunder shall be proportionately reduced and be payable on that portion of the leased premises not included in such unit.

**25. LIMITED TO THE HOSSTON FORMATION:** It is understood by Lessor and Lessee that this lease shall be applicable only to the Hosston formation, being defined herein as the stratigraphic equivalent of that gas and condensate bearing interval encountered between the depths of 7,310 feet and 10, 590 feet (ELM) in the J-W Operating Company – Davis Brothers 20 No. 1 Well, located in Section 20, Township 16 North, Range 4 West, in the Driscoll Field, Bienville Parish, Louisiana.

**26. WARRANTY:** Notwithstanding any of the provisions of this lease, it is executed without warranty whatsoever, not even for the return of the bonus price.

**27. EQUIPMENT AT END OF LEASE:** Any equipment including, but not limited to, piping, tubing, compressors, tanks, separators, pumping units, etc., left in the wells or on the property covered by this lease shall revert to the LESSOR, at LESSOR'S option, if not removed within 90 days from the termination of this lease.

**28. SALTWATER DISPOSAL:** LESSEE shall not have the right to dispose of saltwater produced from wells on the leased premises or any other lands without the express written consent of Lessor.

**29. ENVIRONMENTAL AND INDEMNIFICATION PROVISION:** LESSEE shall keep and maintain the lease premises in compliance with all applicable environmental laws and not cause or permit the lease premises or any activity conducted thereon to be in violation of any applicable environmental laws, including, but not limited to, those governing soil and ground water conditions. LESSEE shall not manufacture, dispose of or release any hazardous materials on, under or about the property, and shall not transport hazardous materials to or form the property in any manner which would violate any applicable environmental laws. LESSEE hereby agrees to indemnify LESSOR and hold LESSOR harmless from and against any and all claims, losses, damages, liabilities, fines, penalties, charges, administrative and judicial proceedings and orders, judgments, remedial action requirements and enforcement actions of any kind resulting from a violation of this paragraph including, but not limited to, reasonable attorney's fees and expenses resulting in whole or part therefrom.

**30. NO SEISMIC OPERATIONS:** This lease does not convey the right or option to the Lessee to conduct any type of reflection shooting or any seismic method upon any portion of the herein leased land.  Any and all such rights are reserved exclusively to Lessor.

**31. ASSIGNABILITY CLAUSE:** If this lease is assigned in whole or in part, Lessor consents to such transfer and releases Lessee hereunder from the performance of the conditions and covenants imposed upon Lessee herein as to the leased land or that portion thereof transferred. In the event of such assignment, all conditions and covenants imposed upon Lessee herein shall be assumed by Assignee.

Signed for Identification:

The Woodrow J. Brown & Mary E. Brown Family Trust

_Jerrie Ann Calhoun, Trustee_
Jerrie Ann Calhoun, Trustee

United Parcel Service

01880250709  11/18

Apply shipping documents on this side.

Do not use this envelope for:

**UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

Visit **theupsstore.com** to learn more about our Print & Business Services.

RECEIVED

SEP 23 2020

LEGAL SERVICES

C/o Epia Corporate Restructuring LLC

RHONDA POWELL
(281) 576-2754
THE UPS STORE #7219
9205 EAGLE DR. SUITE 300
MONT BELVIEU TX 77523

1 LBS     1 OF 1
SHP WT: 1 LBS
DWT: 13.11.2
DATE: 19 SEP 2020

SHIP CLAIMS PROCESSING CENTER
TO: SKLAR EXPOLRATION COMPANY, LLC
    10300 SW ALLEN BLVD

BEAVERTON OR 97005-4833

OR 971 7-01

UPS 2ND DAY AIR                    2
TRACKING #: 1Z 7F6 00V 02 4800 7837

BILLING: P/P

ISH 13.00N ZZP 450 31.5U 07/2020

Visit **theupsstore.com** to find a location near you.

**Domestic Shipments**

• To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**

• The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

• To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

**Note:** Express Envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash





Fill in this information to identify the case:

| Debtor 1 | SKLAR EXPLORATION COMPANY, LLC |
|---|---|
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000176

# RECEIVED

## SEP 23 2020

## LEGAL SERVICES

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

DOUBLEPINE INVESTMENTS, LTD.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

DOUBLEPINE INVETSMENTS, LTD.
Name

4851 LBJ Freeway, Suite 210
Number        Street

Dallas                TX        75244
City                      State          ZIP Code

Contact phone  214-502-2260

Contact email  tsibley@rudmangroup.com

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City                      State          ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---

Official Form 410

**Proof of Claim**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___  ___  ___  ___

**7. How much is the claim?**   $_____ 154.58 plus unliquidated amounts. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Summary of Proof of Claim.  Unliquidated claims included.

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:    Property described in JOA's and recording supplements.

See attached Summary of Proof of Claim

**Basis for perfection:**    JOA recording supplements filed of record.

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                      $_____

Amount of the claim that is secured:    $_____ 154.58    plus unliquidated amounts

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____ 154.58

plus unliquidated amounts

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☑ Other. Specify subsection of 11 U.S.C. § 507(a)(_2_) that applies. | $_____154.58 |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 09 / 21 / 2020
   MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | W.R. (Trey) Sibley, III |
|---|---|
| | First name            Middle name            Last name |
| Title | Co-Manager of Midnight Management, LLC, General Partner |
| Company | DoublePine Investments, Ltd |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 4851 LBJ Freeway, Suite 210 |
| | Number      Street |
| | Dallas                    TX      75244 |
| | City                      State    ZIP Code |
| Contact phone | 214-502-3360                Email tsibley@rudmangroup.com |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT COLORADO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **SKLAR EXPLORATION COMPANY, LLC** | ) | Case No. 20-12377-EEB |
| **and SKLARCO, LLC** | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |
| ———————————————————— | ) | |
| **SKLARCO, LLC** | ) | Case No. 20-12380-EEB |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| ———————————————————— | | |

### SUMMARY OF PROOF OF CLAIM OF DOUBLEPINE INVESTMENTS, LTD.

1.      DoublePine Investments, Ltd. ("Claimant") is a non-operating co-working interest owner with Sklarco, LLC ("Sklarco") and other parties in various leases and associated wells, pipelines and infrastructure located primarily in the State of Alabama that are operated by Sklar Exploration Company, LLC ("SEC").

2.      Claimant is a party to various Participation Agreements, Joint Operating Agreements ("JOA's") and Unit Agreements in which SEC is designated as the Operator and Claimant is designated as a Non-Operator.  Copies of the relevant agreements, together with relevant JIB statements, Cash Calls, AFE's, Suspense Statements and other supporting documents have been previously filed with the Court in this case, some of which are attached hereto.

3.      Each of the Participation Agreements designated a "Prospect" which is defined by attached legal descriptions and maps. The Participation Agreements attach and incorporate by

reference various subsidiary agreements, including a form of Joint Operating Agreement ("JOA"). The Participation Agreements each provide that no amendments may be made absent the agreement of each of the parties.

4.      The primary contractual relationships between Claimant and the Debtors regarding the exploration for, drilling and operation of wells and associated infrastructure are governed by JOA's, typically utilizing the form promulgated by the American Association of Petroleum Landmen ("AAPL"). In some cases particular areas within a Prospect are established as "Units," in which case a Unit Agreement is executed by and between the Unit Operator and the Unit Non-Operators, which sets out the rights and obligations of the parties specific to the Unit.

5.      Article VII.B of each JOA, and the attached Recording Memorandum, provide for a reciprocal lien and security interest in each party's oil and gas rights to secure their respective financial obligations to each other.  All of Claimant's claims under the JOA's are secured claims perfected by the filing of Recording Memorandums in the appropriate County Clerk or recorder of the counties identified in each JOA, as provided in Article VII.B:

B. Liens and Payment Defaults:

Each Non-Operator grants to Operator a lien upon its oil and gas rights in the Contract Area, and a security interest in its share of oil and/or gas when extracted and its interest in all equipment, to secure payment of its share of expense, together with interest thereon  at the rate provided in Exhibit "C". To the extent that Operator has a security interest under the Uniform Commercial Code of the state, Operator shall be entitled to exercise the rights and remedies of a secured party under the Code. The bringing of a suit and the obtaining of judgment by Operator for the secured indebtedness shall not be deemed an election of remedies or otherwise affect the lien rights or security interest as security for the payment thereof. In addition, upon default by any Non-Operator in the payment of its share of expense, Operator shall have the right, without prejudice to other rights or remedies, to collect from the purchaser the proceeds from the sale of such Non-Operator's share of oil and/or gas until the amount owed by such Non-Operator, plus interest, has been paid. Each purchaser shall be entitled to rely upon Operator's written statement concerning the amount of any default. Operator grants a like lien and security interest to the Non-Operators to secure payment of Operator's proportionate share of expense.

(underscoring supplied).

The Recording Memorandum attached as Exhibit G to the JOA, also contains an extensive

grant of liens and security interests:

3. The parties hereby grant reciprocal liens and security interests as follows:

   A. Each party grants to the other parties hereto a lien upon any interest it now owns or hereafter acquires in Oil and Gas Leases and Oil and Gas Interests in the Contract Area, and a security interest and/or purchase money security interest in any interest it now owns or hereafter acquires in the personal property and fixtures on or used or obtained for use in connection therewith, to secure performance of all of its obligations under this agreement and the Operating Agreement including but not limited to payment of expense, interest and fees, the proper disbursement of all monies paid under this agreement and the Operating Agreement, the assignment or relinquishment of interest in Oil and Gas Leases as required under this agreement and the Operating Agreement, and the proper performance of operations under this agreement and the Operating Agreement. Such lien and security interest granted by each party hereto shall include such party's leasehold interests, working interests, operating rights, and royalty and overriding royalty interests in the Contract Area now owned or hereafter acquired and in lands pooled or unitized therewith or otherwise becoming subject to this agreement and the Operating Agreement, the Oil and Gas when extracted therefrom and equipment situated thereon or used or obtained for use in connection therewith (including, without limitation, all wells, tools, and tubular goods), and accounts (including, without limitation, accounts arising from the sale of production at the wellhead), contract rights, inventory and general intangibles relating thereto or arising therefrom, and all proceeds and products of the foregoing.

6.     Claimant's claims arise from breaches of JOA's, Unit Agreements and/or

Participation Agreements by SEC and, in addition, SEC's breaches of its duty to operate the

Prospects, wells and leases in a manner consistent with the standards of operations and conduct

of a reasonable and prudent operator under the same or similar circumstances, gross negligence

and willful misconduct.  The claims are summarized as follows:

**A.    Cash call advances: $154.58.**

Between approximately November of 2019 and March 30, 2020, Claimant paid SEC

$13,249.18 for operating invoices and Cash Calls made to Claimant in connection with various

Authorizations for Expenditures ("AFE's").

Article V.E of the JOA's in question provide as follows:

-3-

44  E.'Custody of Funds: Operator shall hold for the account of Non-Operators any funds of Non-Operators advanced or paid to the
45  Operator, either for the conduct of operations hereunder or as a result of the sale of production from the Contract Area, and such
46  funds shall remain the funds of the Non-Operators on whose account they are advance or paid until used for their intended purpose
47  or otherwise delivered to Non-Operators or applied toward the payment of debts, regardless of whether the debts arise out of the
same well or operation for which the funds were advanced or from which the sales proceeds were derived. Nothing in this paragraph
shall be construed to establish a fiduciary relationship between Operator and Non-Operators. Nothing in this paragraph shall
require the maintenance by Operator of separate accounts for the funds of Non-Operators.

This provision preserved the ownership of all funds advanced by Claimant and other Non-Operators to SEC as Operator, and required that the funds be used for their intended purpose.

Prior to the date the Petition was filed, Claimant and other Non-Operators advanced funds to SEC pursuant to JOA's that required SEC (a) to hold the funds for the account of such non-operators, and (b) to use the funds for the particular purposes for which they were advanced. SEC did neither. Instead, it spent the funds and admits it did not do so for the purposes stated in the cash call advances, facts which were concealed from Claimant and other Non-Operators until after this case was filed.

Claimant's claim based on cash call advances is a secured claim under Article VII.B of the applicable JOA's and Recording Memoranda.

Claimant further reserves its rights to assert recoupment of its cash call advances against future cash call advances and joint interest billings. *In re B&L Oil Co.*, 782 F.2d 155 (10th Cir. 1986); *Sacramento Mun. Util. Dist. v. Mirant Americas Energy Mktg., LP (In re Mirant Corp.)*, 318 B.R. 377, 381 (Bankr. N.D. Tex. 2004) (a party asserting recoupment may even reduce the payable due the estate without regard to the automatic stay). Not only is recoupment (as opposed to setoff; *see* Bankruptcy Code § 362(a)(7)) exempt from the automatic stay, unlike the doctrine of setoff, recoupment allows reduction of a *prepetition* claim *against* the debtor by application of the claim to reduce a *post-petition* obligation *to* the debtor. *Id.* The recoupment doctrine applies to the reciprocal relationships between operators and non-operators. *Buttes, Resources, Co. v. Enstar Petroleum Co. (In re Buttes Resources Co.)*, 89 B.R. 613 (D. S.D. Tex. 1983). The court held that the recoupment doctrine applied and that the funds so recouped were not subject to a bank's lien

on the debtor's receivables since the bank had no greater rights in the proceeds in question than did its borrower, who was subject to the recoupment remedy. *Id.* at 616.

**B.      Liens filed by service companies and other unpaid vendors:  Unliquidated**

Both before and after the Petition Date, various parties who claim to have provided goods, services or materials to SEC have filed and/or given notice of liens arising under applicable State law as authorized by Section 546(b) of the Bankruptcy Code.

Article VII.C of the applicable JOA's provides that the "Operator shall promptly pay and discharge expenses incurred in the development and operation of the Contract Area pursuant to this Agreement...." This is clearly an affirmative covenant of the Operator to pay debts promptly arising from operations.  The Unit Agreements provide that "Unit Operator shall endeavor to keep the lands and leases and Unit Equipment in the Unit Area free from all liens and encumbrances occasioned by Unit Operations, except the lien of Unit Operator granted hereunder." *See* Section 7.3, Southwest Brooklyn Unit Agreement.

SEC's failure to pay expenses incurred in the development and operation of the Contract Areas in which Claimant owns working interests, has resulted in the assertion of statutory liens arising under applicable State law against Claimant's working interests and associated property interests.  Moreover, it appears that SEC may have billed Claimant for JIB's, which Claimant paid, related to the very work for which the service companies were not paid and which resulted in the filing of the liens.  As such, Claimant asserts an unliquidated secured claim against SEC arising from the assertion of debts and liens against Claimant and its property by such lien

- 5 -

claimants, and for the amount of any JIB's paid by Claimant for such work that was not used to pay such lien claimants.

**C.      Failure to pay severance and other taxes on production:  Unliquidated.**

As admitted by SEC in its Motion to Pay Pre-Petition Severance Taxes to State of Alabama (Doc. No. 530), SEC owes $413,808.06 in pre-Petition severance taxes arising from production of oil and gas from wells located in the State of Alabama.  Failure to pay such taxes is a breach of Article VII.F of the JOA, which requires SEC, as Operator, to pay "on behalf of all parties all production, severance, excise, gathering and other taxes imposed upon or with respect to the production or handling of such party's share of oil or gas production under the terms of this agreement."  Claimant asserts an unliquidated claim against SEC for any unpaid severance or other taxes attributable to production owned by Claimant and for any loss or damage caused by the imposition of any liens against Claimant's property as a result of such non-payment by SEC.

**D.      Failure to conduct operations as would a reasonable and prudent operator and in compliance with JOA's, Unit Agreements and Unit Operating Agreements: Unliquidated**

SEC's failure to use cash call advances for their proper and intended purposes has resulted in further loss and damage to Claimant and other Non-Operators due to the failure to conduct the operations contemplated by the AFE's submitted by SEC with the cash calls.

One such cash call was for the conducting of an "enhanced recovery" waterflood operation in the SE and SW Brooklyn Units, located in the Escambia Prospect in the State of Alabama.  SEC has not conducted the enhanced recovery waterflood operation in accordance with the JOA or the standards applicable to a reasonable and prudent operator under the same or

- 6 -

similar circumstances, nor have they complied with the Unit Agreements and Unit Operating Agreements.

The Unit Agreements for the SE and SW Brooklyn Units require that the "operations shall conform to the provisions of the Unit Agreement and the Unit Operating Agreement."[1] The Unit Agreement further requires that the "Method of Operations" shall be performed

> with diligence and in accordance with good engineering and production practices, engage in re-pressuring and/or water injection operations and maintain a rate of production to the end that the quantity of Unitized Substances ultimately recovered shall be maximized and waste prevented.[2]

SEC's acts and omissions have damaged the reservoirs underlying Claimant's leases and have resulted in diminished production as a result. Claimant seeks recovery of its actual damages arising from such acts and omissions and SEC's breaches of the agreements with Claimant.

Claimant further asserts an unliquidated claim for damages arising from SEC's failure to conduct the other operations set forth in the AFE's submitted to Claimant with SEC's cash call notices to the extent that Claimant's working interest and property rights have diminished in value or production has been diminished as a result of the failure to conduct such operations.

**E.      Abbyville Gas Plant Claims:  Unliquidated.**

Claimant, and it's predecessor owner, have held non-operating working interests in the Escambia Prospect, located in Conecuh and Escambia Counties, Alabama, since the initial formation of a participating group in 2006.

In accordance with the terms of a JOA dated effective November 1, 2006, SEC is the contract operator of oil and gas leases, wells, and associated facilities within the Escambia Prospect. Sklarco, LLC is a non-operating working interest owner with an approximate 24.8% working

---

[1] Unit Agreement, Section 4.1.
[2] Unit Agreement, Section 4.2.

interest in the SEC-operated assets within the Escambia Prospect. Other non-operating interest owners, including Claimant own the balance of the working interests in the Escambia Prospect.

Historically, the development of oil and gas properties in the Escambia Prospect could not take place effectively without the installation of a gas gathering pipeline system to collect natural gas from oil and gas wells drilled within the prospect area and transport that gas to centralized gas treating and processing facilities, that did not exist.

To meet that need, SEC and the Escambia Prospect working interest owners, including Claimant, entered into a Service Agreement dated September 14, 2011 ("Service Agreement") with CDM Max, LLC (now Plains Gas Solutions, LLC), pursuant to which CDM/Plains agreed to construct, own and operate a gas processing and treat plant. Additionally, the non-operating interest owners paid for the construction of a pipeline gathering system to connect wells within the Escambia Prospect area to the Abbyville Plant, the plant that was constructed and operated by CDM/Plains under the Service Agreement.

The Service Agreement contained a mechanism for CDM/Plains to recover its costs of constructing and operating the plant through retention of a percentage of proceeds ("POP"), specifically 25% of the proceeds, obtained from the sale of treated residue gas and natural gas liquid products ("NGLs") obtained through gas processing at the Abbyville Plant. Under that arrangement CDM/Plains retained 25% of the sales proceeds of residue and NGLs after deduction of the costs of operating the plant.

By letter dated February 13, 2020 ("February 13th Letter"), SEC informed the working interest owners that, in accordance with the terms of the Service Agreement, ownership of the plant was scheduled to vest in SEC on behalf of the non-operating working interest owners on March 1, 2020, exactly one month before the Petition Date.

- 8 -

The February 13th Letter also contained a proposed amendment, which, if adopted by the working interest owners, would be added as a new "Exhibit F" to the Escambia Prospect Operating Agreement (itself Exhibit D to the Participation Agreement for the Escambia Prospect dated effective November 1, 2006). The new Exhibit F addressed ongoing operation of the Abbyville Plant, the Escambia Gathering System, as well as an additional gathering system that had been funded by the working interest owners that connected wells from the nearby Shipps Creek Prospect area to the Escambia Gathering System.

Under the new arrangement proposed by SEC, any commodity risk previously borne by CDM/Plains under its 25% POP arrangement was to be replaced by a new plant management fee ("Management Fee") to be paid to SEC of $0.65 per thousand cubic feet ("MCF") received at the inlet of the plant ("Management Fee"). Additionally, the working interest owners would continue to pay for all the costs of operating the plant, and associated taxes, royalties, and other charges.

The Management Fee proposed by SEC was to be a new source of operating revenue for SEC in addition to the $1,543 per well per month charge being collected by SEC under the COPAS provisions of the Unit Operating Agreement, in addition to the Direct Charges that could be charged by SEC to cover actual direct labor costs for running the plant under COPAS provisions, and in addition to the labor charges and plant operating expenses that would be payable by the working interest owners as Monthly Operating Costs under the proposed Amendment to Operating Agreement.

Although the February 13th Letter did not indicate the threshold of participant approval needed to approve the amendment, it did contain signature lines and corresponding interest percentages for each of the owners. Several of the participants, including Claimant, The Rudman Partnership and Pickens Financial Group, LLC, declined to approve the amendment. However,

- 9 -

none of them received word from SEC as to whether the proposed amendment had been approved. Nor did Claimant receive copies of the ownership transfer of the Abbyville Plant as had been promised by SEC in the February 13th Letter.

On April 19, 2020, Debtors made available a proposed 150-day budget showing monthly revenue from "Alabama gas plant management fees" in the amount $118,625 commencing on in mid-May. There is no specific explanation of the source of the plant management fees. Claimant contends that absent unanimous approval of the parties to the Escambia Participation Agreement, the JOA cannot be amended.

Section 3.6 of the Escambia Participation Agreement states: "This Agreement and its attachments constitute the entire agreement of the Parties with respect to the subject matter hereof . . . . [N]o amendment or modification of this Agreement shall be effective unless set forth in writing and signed by a duly authorized officer of each of the Parties."

The quoted language clearly calls for a unanimous vote to amend the Participation Agreement. Significantly, Section 2.1 of the Participation Agreement makes it clear that "[i]n the event of a conflict between this Agreement and the JOA [Exhibit D], this Agreement shall govern and control." Exhibit D to the Participation Agreement is the Prospect Operating Agreement that all of the original participants signed, and it has its own set of exhibits A through E; however, as Marshall Jones pointed out in a February 25th email then sent to many of the Escambia participants, "[T]he JOA and COPAS do not contemplate gas plant operations," which is why SEC wanted to amend the "Operating Agreement" by adding a new Exhibit F. In attempting to change the form of the Operating Agreement by adding a new Gas Gathering and Processing Addendum, SEC was also amending the Participation Agreement, which required signatures from "each of the Parties." To the extent, the Amendment to Operating Agreement

states that is "is effective and binding on each party who executes a counterpart hereof," that partially -signed document conflicts with how the Prospect Agreement can be amended, which terms control.

Since taking over management of the Abbyville Gas Plant, Claimant has received no revenues, even though Claimant and its fellow participants own 100% of the plant. SEC has no ownership interest other than holding the plant for the benefit of Claimant and the other participants. Claimant is informed that SEC is charging the monthly management fee that was not duly authorized under the terms of the Participation Agreement.

SEC has breached the Participation Agreement and has taken actions that damage and are inconsistent with Claimant's ownership interest in the plant, by (a) charging a management fee pursuant to an amendment of the JOA that was not unanimously approved by all of the original participants who are signatories to the Escambia Participation Agreement; (b) failing to pay Claimant its share of the net revenues from the operation of the Abbyville Gas Plant; and (c) failing to account to Claimant and the other participants for the revenues earned by the Abbyville Gas Plant. Claimant asserts an unliquidated claim for its actual damages arising from such acts, omissions and breaches of contract.

7.     Claimant reserves the right to amend or supplement this proof of claim, including, without limitation, the right to: (i) add documents; (ii) assert additional rights, claims or defenses; or (iii) change priority and fix, increase or amend in any respect the amounts and claims referred to herein. Claimant further reserves the right to file additional proofs of claim for additional claims, including, without limitation, claims for administrative expenses, claims for rejection damages and all other claims, at law or in equity, arising prior to, on, or after the Petition Date. Claimant further reserves the right to amend or supplement this proof of claim if it

- 11 -

deems it necessary and appropriate, for any reason, including to add costs or expenses that have

been incurred but not yet billed or that are allowable under the Agreement, at law, equity or

otherwise.  Claimant further reserves the right, without prejudice, to seek payment of the

amounts asserted in this proof of claim as payment of administrative expenses in this bankruptcy

case.  Finally, Claimant reserves any rights of recoupment and setoff, and, if appropriate, may

exercise such rights without further order of the Bankruptcy Court and without amending this

proof of claim.

       8.     Claimant does not waive any rights or defenses at law or equity or any rights,

defenses or causes of action that it has or may have against any person.  This proof of claim is

not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any

defaults; (iii) an admission as to the jurisdiction of the Bankruptcy Court or a waiver to contest

the jurisdiction of the Bankruptcy Court; (iv) a waiver of the right to trial by jury in the

Bankruptcy Court or any other court in any proceeding, notwithstanding the designation or not of

any matter as a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial

right is pursuant to statue or the United States Constitution; (v) a waiver of any contractual right

to arbitration; (vi) a release of Claimant's right to have any and all final orders in any and all

non-core matters or proceedings entered only after a de novo review by a United States District

Court judge; (vii) Claimant reserves the right to withdraw the reference with respect to the

subject matter of this proof of claim, any objection thereto or other proceeding which may be

commenced in these cases against or otherwise involving Claimant; or (viii) a waiver or

limitation of any rights, remedies, claims, defenses, or interests of Claimant.

9.    Claimant further asserts a claim for its reasonable and necessary attorneys' fees and expenses incurred as a result of the breaches of contract described herein to the extent recoverable under applicable law.

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA  71101
(318)227-8668

# *Settlement Statement*

DoublePine Investments, Ltd.                                    Account:  DOUI01
4851 LBJ Freeway, Suite 210
Dallas, TX  75244                                                    Date:  04/30/2020

### Prepaid Balance by Project:

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 39.35 | | 39.35 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 115.23 | | 115.23 |
| | | **Prepaid Balance Totals:** | **154.58** | | **154.58** |

### Summary by LEASE:

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|-----------|-------------|----------|------------------|---------|
| | Unpaid Previous Balance | | | 2,091.15 |
| 1BRO04 | Southeast Brooklyn Oil Unit | 292.83 | | 292.83 |
| 1BRO05 | Southwest Brooklyn Oil Unit | 788.47 | | 788.47 |
| 1CED75 | CCL&T 2-15 #1 | 25.51 | | 25.51 |
| 1ESC02 | Escambia Prospect Pipeline | (283.72) | | (283.72) |
| 1FIS01 | Fishpond Oil Unit | 123.09 | | 123.09 |
| 2FIN02 | Findley 2-5 #1 | 1.93 | | 1.93 |
| 2PAT09 | Pate 3-9 #1 (Fletcher Pet) | 8.00 | | 8.00 |
| | **Totals:** | **956.11** | | **3,047.26** |

### PLEASE PAY THIS AMOUNT ----------------------^

**Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.**

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

**FedEx** Express    *Package*
**US Airbill**

FedEx Tracking Number    8152 8337 5058

Form ID No.    **0215**    Recipient's Copy

**1 From**

Date  9-22-20

Sender's Name  BB    Phone  214 220-3900

Company  THE RUDMAN PARTNERSHIP

Address  4851 LBJ FWY STE 210    Dept/Floor/Suite/Room

City  DALLAS    State  TX    ZIP  75244-6004

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name  Claims Processing    Phone

Company  Sklar Exploration Company

Address  C/o EP9 Corporate Restructuring    Hold Weekday
We cannot deliver to P.O. boxes or P.O. ZIP codes.    Dept/Floor/Suite/Room

Address  10300 S.W. Allen Blvd.    Hold Saturday
Use this line for the HOLD location address or for continuation of your shipping address.

City  Beaverton    State  OR    ZIP  97005

0134845553

**4 Express Package Service**    *To most locations.*    Packages up to 150 lbs.
For packages over 150 lbs, use the FedEx Express Freight US Airbill.

**Next Business Day**

[X] FedEx First Overnight    Earliest next business morning delivery to select locations. Friday shipments will be delivered on Monday unless Saturday Delivery is selected.

[ ] FedEx Priority Overnight    Next business morning.* Friday shipments will be delivered on Monday unless Saturday Delivery is selected.

[ ] FedEx Standard Overnight    Next business afternoon.* Saturday Delivery NOT available.

**2 or 3 Business Days**

[ ] FedEx 2Day A.M.    Second business morning.* Saturday Delivery NOT available.

[ ] FedEx 2Day    Second business afternoon.* Thursday shipments will be delivered on Monday unless Saturday Delivery is selected.

[ ] FedEx Express Saver    Third business day.* Saturday Delivery NOT available.

**5 Packaging**    *Declared value limit $500.*

[X] FedEx Envelope*    [ ] FedEx Pak*    [ ] FedEx Box    [ ] FedEx Tube    [ ] Other

**6 Special Handling and Delivery Signature Options**    Fees may apply. See the FedEx Service Guide.

[ ] Saturday Delivery    NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

[ ] No Signature Required    Package may be left without obtaining a signature for delivery.

[ ] Direct Signature    Someone at recipient's address may sign for delivery.

[ ] Indirect Signature    If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only.

**Does this shipment contain dangerous goods?**    One box must be checked.

[ ] No    [ ] Yes As per attached Shipper's Declaration.    [ ] Yes Shipper's Declaration not required.    [ ] Dry Ice Dry Ice, 9, UN 1845 _____ kg

[ ] Cargo Aircraft Only

Restrictions apply for dangerous goods — see the current FedEx Service Guide.

**7 Payment**    *Bill to:*

[X] Sender Acct. No. in Section 1 will be billed.    [ ] Recipient    [ ] Third Party    [ ] Credit Card    [ ] Cash/Check

Enter FedEx Acct. No. or Credit Card No. below.

Total Packages    Total Weight _____ lbs.    Credit Card Auth.

Obtain recip. Acct. No.

†Our liability is limited to US$100 unless you declare a higher value. See the current FedEx Service Guide for details.

Rev. Date 5/15 • Part #163134 • ©1994–2015 FedEx • PRINTED IN U.S.A.-SRM

611

151969 REV 7/08 RRD

**FedEx First Overnight**®

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | SKLAR EXPLORATION COMPANY, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000177

**RECEIVED**

SEP 2 3 2020

**LEGAL SERVICES**

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | **BANTAM CREEK LLC** <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No <br> ☐ Yes. From whom? _____ |
| 3. Where should notices and payments to the creditor be sent? <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? <br><br> **BANTAM CREEK LLC** <br> Name <br> **4712 Lakeside Dr.** <br> Number       Street <br> **Colleyville**       **TX**       **76034** <br> City       State       ZIP Code <br><br> Contact phone 214-220-3900 <br><br> Contact email tdorris@rudmangroup.com <br><br> Uniform claim identifier for electronic payments in chapter 13 (if you use one): <br><br> _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | Where should payments to the creditor be sent? (if different) <br><br> Name <br> Number       Street <br> City       State       ZIP Code <br><br> Contact phone _____ <br><br> Contact email _____ |
| 4. Does this claim amend one already filed? | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____   Filed on ____/____/____ <br>                                                                                          MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No <br> ☐ Yes. Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____ 0.00 plus unliquidated amounts. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Summary of Proof of Claim.  Unliquidated claims included.

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.  The claim is secured by a lien on property.

Nature of property:

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe:  Property described in JOA's and recording supplements.

See attached Summary of Proof of Claim

Basis for perfection:  JOA recording supplements filed of record.

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____ 0.00  plus unliquidated amounts

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____ 0.00

plus unliquidated amounts

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(2_) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/22/2020
                  MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Terry Wayne Dorris | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Manager |
|---|---|

| Company | Bantam Creek LLC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 4712 Lakeside Dr. | | |
|---|---|---|---|
| | Number        Street | | |
| | Dallas | TX | 76034 |
| | City | State | ZIP Code |

| Contact phone | 214-220-3900 | Email | tdorris@rudmangroup.com |
|---|---|---|---|

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT COLORADO

In Re:                                          )
                                                )
**SKLAR EXPLORATION COMPANY, LLC**              )      Case No. 20-12377-EEB
**and SKLARCO, LLC**                            )
                                                )      Chapter 11
         Debtors.                               )
                                                )
                                                )
                                                )
                                                )
**SKLARCO, LLC**                                )      Case No. 20-12380-EEB
                                                )
                                                )      Chapter 11
                                                )

## SUMMARY OF PROOF OF CLAIM OF BANTAM CREEK LLC

1.      Bantam Creek LLC ("Claimant") is a non-operating co-working interest owner with

Sklarco, LLC ("Sklarco") and other parties in various leases and associated wells, pipelines and

infrastructure located primarily in the State of Alabama that are operated by Sklar Exploration

Company, LLC ("SEC").

2.      Claimant is a party to various Participation Agreements, Joint Operating

Agreements ("JOA's") and Unit Agreements in which SEC is designated as the Operator and

Claimant is designated as a Non-Operator. Copies of the relevant agreements, together with

relevant JIB statements, Cash Calls, AFE's, Suspense Statements and other supporting

documents are attached or are have already been filed with the court.

3.      Each of the Participation Agreements designated a "Prospect" which is defined by

legal descriptions and maps that have been filed with the court. The Participation Agreements

attach and incorporate by reference various subsidiary agreements, including a form of Joint

Operating Agreement ("JOA"). The Participation Agreements each provide that no amendments may be made absent the agreement of each of the parties.

    4.     The primary contractual relationships between Claimant and the Debtors regarding the exploration for, drilling and operation of wells and associated infrastructure are governed by JOA's, typically utilizing the form promulgated by the American Association of Petroleum Landmen ("AAPL"). In some cases particular areas within a Prospect are established as "Units," in which case a Unit Agreement is executed by and between the Unit Operator and the Unit Non-Operators, which sets out the rights and obligations of the parties specific to the Unit.

    5.     Article VII.B of each JOA, and the attached Recording Memorandum, provide for a reciprocal lien and security interest in each party's oil and gas rights to secure their respective financial obligations to each other. All of Claimant's claims under the JOA's are secured claims perfected by the filing of Recording Memorandums in the appropriate County Clerk or recorder of the counties identified in each JOA, as provided in Article VII.B:

B. Liens and Payment Defaults:

Each Non-Operator grants to Operator a lien upon its oil and gas rights in the Contract Area, and a security interest in its share of oil and/or gas when extracted and its interest in all equipment, to secure payment of its share of expense, together with interest thereon at the rate provided in Exhibit "C". To the extent that Operator has a security interest under the Uniform Commercial Code of the state, Operator shall be entitled to exercise the rights and remedies of a secured party under the Code. The bringing of a suit and the obtaining of judgment by Operator for the secured indebtedness shall not be deemed an election of remedies or otherwise affect the lien rights or security interest as security for the payment thereof. In addition, upon default by any Non-Operator in the payment of its share of expense, Operator shall have the right, without prejudice to other rights or remedies, to collect from the purchaser the proceeds from the sale of such Non-Operator's share of oil and/or gas until the amount owed by such Non-Operator, plus interest, has been paid. Each purchaser shall be entitled to rely upon Operator's written statement concerning the amount of any default. Operator grants a like lien and security interest to the Non-Operators to secure payment of Operator's proportionate share of expense.
(underscoring supplied).

The Recording Memorandum attached as Exhibit G to the JOA, also contains an extensive

grant of liens and security interests:

3.  The parties hereby grant reciprocal liens and security interests as follows:

    A.  Each party grants to the other parties hereto a lien upon any interest it now owns or hereafter acquires in Oil and Gas Leases and Oil and Gas Interests in the Contract Area, and a security interest and/or purchase money security interest in any interest it now owns or hereafter acquires in the personal property and fixtures on or used or obtained for use in connection therewith, to secure performance of all of its obligations under this agreement and the Operating Agreement including but not limited to payment of expense, interest and fees, the proper disbursement of all monies paid under this agreement and the Operating Agreement, the assignment or relinquishment of interest in Oil and Gas Leases as required under this agreement and the Operating Agreement, and the proper performance of operations under this agreement and the Operating Agreement. Such lien and security interest granted by each party hereto shall include such party's leasehold interests, working interests, operating rights, and royalty and overriding royalty interests in the Contract Area now owned or hereafter acquired and in lands pooled or unitized therewith or otherwise becoming subject to this agreement and the Operating Agreement, the Oil and Gas when extracted therefrom and equipment situated thereon or used or obtained for use in connection therewith (including, without limitation, all wells, tools, and tubular goods), and accounts (including, without limitation, accounts arising from the sale of production at the wellhead), contract rights, inventory and general intangibles relating thereto or arising therefrom, and all proceeds and products of the foregoing.

6.    Claimant's claims arise from breaches of JOA's, Unit Agreements and/or

Participation Agreements by SEC and, in addition, SEC's breaches of its duty to operate the

Prospects, wells and leases in a manner consistent with the standards of operations and conduct

of a reasonable and prudent operator under the same or similar circumstances, gross negligence

and willful misconduct. The claims are summarized as follows:

**A.    Cash call advances: $16,961.88.**

Between approximately November of 2019 and March 30, 2020, Claimant paid SEC

$104,801.51 in response to Cash Calls made to Claimant in connection with various

Authorizations for Expenditures ("AFE's").

Article V.E of the JOA's in question provide as follows:

44 E. Custody of Funds: Operator shall hold for the account of Non-Operators any funds of Non-Operators advanced or paid to the
45 Operator, either for the conduct of operations hereunder or as a result of the sale of production from the Contract Area, and such funds shall remain the funds of the Non-Operators on whose account they are advance or paid until used for their intended purpose
46 or otherwise delivered to Non-Operators or applied toward the payment of debts, regardless of whether the debts arise out of the same well or operation for which the funds were advanced or from which the sales proceeds were derived. Nothing in this paragraph
47 shall be construed to establish a fiduciary relationship between Operator and Non-Operators. Nothing in this paragraph shall require the maintenance by Operator of separate accounts for the funds of Non-Operators.

This provision preserved the ownership of all funds advanced by Claimant and other Non-Operators to SEC as Operator, and required that the funds be used for their intended purpose.

Prior to the date the Petition was filed, Claimant and other Non-Operators advanced funds to SEC pursuant to JOA's that required SEC (a) to hold the funds for the account of such non-operators, and (b) to use the funds for the particular purposes for which they were advanced. SEC did neither. Instead, it spent the funds and admits it did not do so for the purposes stated in the cash call advances, facts which were concealed from Claimant and other Non-Operators until after this case was filed.

Claimant's claim based on cash call advances is a secured claim under Article VII.B of the applicable JOA's and Recording Memoranda.

Claimant further reserves its rights to assert recoupment of its cash call advances against future cash call advances and joint interest billings. *In re B&L Oil Co.*, 782 F.2d 155 (10th Cir. 1986); *Sacramento Mun. Util. Dist. v. Mirant Americas Energy Mktg., LP (In re Mirant Corp.)*, 318 B.R. 377, 381 (Bankr. N.D. Tex. 2004) (a party asserting recoupment may even reduce the payable due the estate without regard to the automatic stay). Not only is recoupment (as opposed to setoff; *see* Bankruptcy Code § 362(a)(7)) exempt from the automatic stay, unlike the doctrine of setoff, recoupment allows reduction of a *prepetition* claim *against* the debtor by application of the claim to reduce a *post-petition* obligation *to* the debtor. *Id.* The recoupment doctrine applies to the reciprocal relationships between operators and non-operators. *Buttes, Resources, Co. v. Enstar Petroleum Co. (In re Buttes Resources Co.)*, 89 B.R. 613 (D. S.D. Tex. 1983). The court held that the recoupment doctrine applied and that the funds so recouped were not subject to a bank's lien on the debtor's receivables since the bank had no greater rights in the proceeds in question than did its borrower, who was subject to the recoupment remedy. *Id.* at 616.

- 4 -

**B.** **Non-payment of working interest revenues: $296,782.30 plus unliquidated amounts.**

As of the Petition Date, SEC held working interest revenues totaling approximately $73,659.67 from the month February 2020 belonging to Claimant in SEC's Revenue Account at East West Bank. Under the Article V.E of the JOA's in question the funds received by SEC from "the sale of production from the Contract Area…shall remain the funds of the Non-Operators." SEC spent the funds belonging to Claimant that were in the SEC Revenue Account as of the Petition Date without Claimant's authorization and contrary to the terms of the JOA.

Not only is this a breach of the JOA, SEC's admitted use of Claimant's funds in connection with its post-Petition operations in the ordinary course of its business for "the actual, necessary costs and expenses of preserving the estate…" gives rise to an administrative claim under Section 503(b)(1)(A) of the Bankruptcy Code.

**C.** **Liens filed by service companies and other unpaid vendors: Unliquidated**

Both before and after the Petition Date, various parties who claim to have provided goods, services or materials to SEC have filed and/or given notice of liens arising under applicable State law as authorized by Section 546(b) of the Bankruptcy Code.

Article VII.C of the applicable JOA's provides that the "Operator shall promptly pay and discharge expenses incurred in the development and operation of the Contract Area pursuant to this Agreement…." This is clearly an affirmative covenant of the Operator to pay debts promptly arising from operations. The Unit Agreements provide that "Unit Operator shall endeavor to keep the lands and leases and Unit Equipment in the Unit Area free from all liens

and encumbrances occasioned by Unit Operations, except the lien of Unit Operator granted hereunder." *See* Section 7.3, Southwest Brooklyn Unit Agreement.

SEC's failure to pay expenses incurred in the development and operation of the Contract Areas in which Claimant owns working interests, has resulted in the assertion of statutory liens arising under applicable State law against Claimant's working interests and associated property interests. Moreover, it appears that SEC may have billed Claimant for JIB's, which Claimant paid, related to the very work for which the service companies were not paid and which resulted in the filing of the liens. As such, Claimant asserts an unliquidated secured claim against SEC arising from the assertion of debts and liens against Claimant and its property by such lien claimants, and for the amount of any JIB's paid by Claimant for such work that was not used to pay such lien claimants.

**D.      Failure to pay severance and other taxes on production:  Unliquidated.**

As admitted by SEC in its Motion to Pay Pre-Petition Severance Taxes to State of Alabama (Doc. No. 530), SEC owes $413,808.06 in pre-Petition severance taxes arising from production of oil and gas from wells located in the State of Alabama. Failure to pay such taxes is a breach of Article VII.F of the JOA, which requires SEC, as Operator, to pay "on behalf of all parties all production, severance, excise, gathering and other taxes imposed upon or with respect to the production or handling of such party's share of oil or gas production under the terms of this agreement." Claimant asserts an unliquidated claim against SEC for any unpaid severance or other taxes attributable to production owned by Claimant and for any loss or damage caused by the imposition of any liens against Claimant's property as a result of such non-payment by SEC.

- 6 -

**E.**    **Failure to conduct operations as would a reasonable and prudent operator and in compliance with JOA's, Unit Agreements and Unit Operating Agreements: Unliquidated**

SEC's failure to use cash call advances for their proper and intended purposes has resulted in further loss and damage to Claimant and other Non-Operators due to the failure to conduct the operations contemplated by the AFE's submitted by SEC with the cash calls.

One such cash call was for the conducting of an "enhanced recovery" waterflood operation in the SE and SW Brooklyn Units, located in the Escambia Prospect in the State of Alabama. SEC has not conducted the enhanced recovery waterflood operation in accordance with the JOA or the standards applicable to a reasonable and prudent operator under the same or similar circumstances, nor have they complied with the Unit Agreements and Unit Operating Agreements.

The Unit Agreements for the SE and SW Brooklyn Units require that the "operations shall conform to the provisions of the Unit Agreement and the Unit Operating Agreement."[1] The Unit Agreement further requires that the "Method of Operations" shall be performed

> with diligence and in accordance with good engineering and production practices, engage in re-pressuring and/or water injection operations and maintain a rate of production to the end that the quantity of Unitized Substances ultimately recovered shall be maximized and waste prevented.[2]

SEC's acts and omissions have damaged the reservoirs underlying Claimant's leases and have resulted in diminished production as a result. Claimant seeks recovery of its actual damages arising from such acts and omissions and SEC's breaches of the agreements with Claimant.

Claimant further asserts an unliquidated claim for damages arising from SEC's failure to conduct the other operations set forth in the AFE's submitted to Claimant with SEC's cash call

---

[1] Unit Agreement, Section 4.1.
[2] Unit Agreement, Section 4.2.

notices to the extent that Claimant's working interest and property rights have diminished in value or production has been diminished as a result of the failure to conduct such operations.

**F.      Abbyville Gas Plant Claims:  Unliquidated.**

Claimant and other parties have held non-operating working interests in the Escambia Prospect, located in Conecuh and Escambia Counties, Alabama, since the initial formation of a participating group in 2006.

In accordance with the terms of a JOA dated effective November 1, 2006, SEC is the contract operator of oil and gas leases, wells, and associated facilities within the Escambia Prospect. Sklarco, LLC is a non-operating working interest owner with an approximate 24.8% working interest in the SEC-operated assets within the Escambia Prospect. Other non-operating interest owners, including Claimant own the balance of the working interests in the Escambia Prospect.

Historically, the development of oil and gas properties in the Escambia Prospect could not take place effectively without the installation of a gas gathering pipeline system to collect natural gas from oil and gas wells drilled within the prospect area and transport that gas to centralized gas treating and processing facilities, that did not exist.

To meet that need, SEC and the Escambia Prospect working interest owners, including Claimant, entered into a Service Agreement dated September 14, 2011 ("Service Agreement") with CDM Max, LLC (now Plains Gas Solutions, LLC), pursuant to which CDM/Plains agreed to construct, own and operate a gas processing and treat plant. Additionally, the non-operating interest owners paid for the construction of a pipeline gathering system to connect wells within the Escambia Prospect area to the Abbyville Plant, the plant that was constructed and operated by CDM/Plains under the Service Agreement.

The Service Agreement contained a mechanism for CDM/Plains to recover its costs of constructing and operating the plant through retention of a percentage of proceeds ("POP"), specifically 25% of the proceeds, obtained from the sale of treated residue gas and natural gas liquid products ("NGLs") obtained through gas processing at the Abbyville Plant. Under that arrangement CDM/Plains retained 25% of the sales proceeds of residue and NGLs after deduction of the costs of operating the plant.

By letter dated February 13, 2020 ("February 13th Letter"), SEC informed the working interest owners that, in accordance with the terms of the Service Agreement, ownership of the plant was scheduled to vest in SEC on behalf of the non-operating working interest owners on March 1, 2020, exactly one month before the Petition Date.

The February 13th Letter also contained a proposed amendment, which, if adopted by the working interest owners, would be added as a new "Exhibit F" to the Escambia Prospect Operating Agreement (itself Exhibit D to the Participation Agreement for the Escambia Prospect dated effective November 1, 2006). The new Exhibit F addressed ongoing operation of the Abbyville Plant, the Escambia Gathering System, as well as an additional gathering system that had been funded by the working interest owners that connected wells from the nearby Shipps Creek Prospect area to the Escambia Gathering System.

Under the new arrangement proposed by SEC, any commodity risk previously borne by CDM/Plains under its 25% POP arrangement was to be replaced by a new plant management fee ("Management Fee") to be paid to SEC of $0.65 per thousand cubic feet ("MCF") received at the inlet of the plant ("Management Fee"). Additionally, the working interest owners would continue to pay for all the costs of operating the plant, and associated taxes, royalties, and other charges.

The Management Fee proposed by SEC was to be a new source of operating revenue for SEC in addition to the $1,543 per well per month charge being collected by SEC under the COPAS provisions of the Unit Operating Agreement, in addition to the Direct Charges that could be charged by SEC to cover actual direct labor costs for running the plant under COPAS provisions, and in addition to the labor charges and plant operating expenses that would be payable by the working interest owners as Monthly Operating Costs under the proposed Amendment to Operating Agreement.

Although the February 13th Letter did not indicate the threshold of participant approval needed to approve the amendment, it did contain signature lines and corresponding interest percentages for each of the owners. Several of the participants, including Claimant, Pickens Financial Group, LLC, Rudman Family Trust, Tara Rudman Revocable Trust declined to approve the amendment. However, none of them received word from SEC as to whether the proposed amendment had been approved. Nor did Claimant receive copies of the ownership transfer of the Abbyville Plant as had been promised by SEC in the February 13th Letter.

On April 19, 2020, Debtors made available a proposed 150-day budget showing monthly revenue from "Alabama gas plant management fees" in the amount $118,625 commencing on in mid-May. There is no specific explanation of the source of the plant management fees. Claimant contends that absent unanimous approval of the parties to the Escambia Participation Agreement, the JOA cannot be amended.

Section 3.6 of the Escambia Participation Agreement states: "This Agreement and its attachments constitute the entire agreement of the Parties with respect to the subject matter hereof . . . . [N]o amendment or modification of this Agreement shall be effective unless set forth in writing and signed by a duly authorized officer of each of the Parties."

The quoted language clearly calls for a unanimous vote to amend the Participation Agreement. Significantly, Section 2.1 of the Participation Agreement makes it clear that "[i]n the event of a conflict between this Agreement and the JOA [Exhibit D], this Agreement shall govern and control." Exhibit D to the Participation Agreement is the Prospect Operating Agreement that all of the original participants signed, and it has its own set of exhibits A through E; however, as Marshall Jones pointed out in a February 25th email then sent to many of the Escambia participants, "[T]he JOA and COPAS do not contemplate gas plant operations," which is why SEC wanted to amend the "Operating Agreement" by adding a new Exhibit F. In attempting to change the form of the Operating Agreement by adding a new Gas Gathering and Processing Addendum, SEC was also amending the Participation Agreement, which required signatures from "each of the Parties." To the extent, the Amendment to Operating Agreement states that is "is effective and binding on each party who executes a counterpart hereof," that partially -signed document conflicts with how the Prospect Agreement can be amended, which terms control.

Since taking over management of the Abbyville Gas Plant, Claimant has received no revenues, even though Claimant and its fellow participants own 100% of the plant. SEC has no ownership interest other than holding the plant for the benefit of Claimant and the other participants. Claimant is informed that SEC is charging the monthly management fee that was not duly authorized under the terms of the Participation Agreement.

SEC has breached the Participation Agreement and has taken actions that damage and are inconsistent with Claimant's ownership interest in the plant, by (a) charging a management fee pursuant to an amendment of the JOA that was not unanimously approved by all of the original participants who are signatories to the Escambia Participation Agreement; (b) failing to pay

- 11 -

Claimant its share of the net revenues from the operation of the Abbyville Gas Plant; and (c)

failing to account to Claimant and the other participants for the revenues earned by the Abbyville

Gas Plant. Claimant asserts an unliquidated claim for its actual damages arising from such acts,

omissions and breaches of contract.

**G.     Failure to convey interest in Shipps Creek #24-1 Pipeline and wrongful charging of "transport" fees:     Unliquidated**

Claimant contributed its proportionate share of the cost of construction of a pipeline from

the Shipps Creek #24-1 Well in Conecuh and/or Escambia County, Alabama. Under the terms of

its agreement with SEC and the other working interest owners, upon completion of the pipeline,

SEC was required to convey ownership to the respective working interest owners in proportion

to their interests. SEC has also charged a "transport" fee that may relate to this and other

pipelines owned by Claimant and other working interest owners, which is not authorized by the

applicable JOA's, Unit Agreements and Unit Operating Agreements.

The pipeline was completed but SEC has failed to execute the conveyance. Claimant

seeks its damages arising from SEC's failure to convey the pipeline or, alternatively, a decree of

specific performance. Claimant further seeks recovery of all unlawful JIB's for "transport" fees.

7.     Claimant reserves the right to amend or supplement this proof of claim, including,

without limitation, the right to: (i) add documents; (ii) assert additional rights, claims or

defenses; or (iii) change priority and fix, increase or amend in any respect the amounts and

claims referred to herein. Claimant further reserves the right to file additional proofs of claim for

additional claims, including, without limitation, claims for administrative expenses, claims for

rejection damages and all other claims, at law or in equity, arising prior to, on, or after the

Petition Date. Claimant further reserves the right to amend or supplement this proof of claim if it

deems it necessary and appropriate, for any reason, including to add costs or expenses that have

- 12 -

been incurred but not yet billed or that are allowable under the Agreement, at law, equity or

otherwise. Claimant further reserves the right, without prejudice, to seek payment of the

amounts asserted in this proof of claim as payment of administrative expenses in this bankruptcy

case. Finally, Claimant reserves any rights of recoupment and setoff, and, if appropriate, may

exercise such rights without further order of the Bankruptcy Court and without amending this

proof of claim.

8.      Claimant does not waive any rights or defenses at law or equity or any rights,

defenses or causes of action that it has or may have against any person. This proof of claim is

not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any

defaults; (iii) an admission as to the jurisdiction of the Bankruptcy Court or a waiver to contest

the jurisdiction of the Bankruptcy Court; (iv) a waiver of the right to trial by jury in the

Bankruptcy Court or any other court in any proceeding, notwithstanding the designation or not of

any matter as a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial

right is pursuant to statue or the United States Constitution; (v) a waiver of any contractual right

to arbitration; (vi) a release of Claimant's right to have any and all final orders in any and all

non-core matters or proceedings entered only after a de novo review by a United States District

Court judge; (vii) Claimant reserves the right to withdraw the reference with respect to the

subject matter of this proof of claim, any objection thereto or other proceeding which may be

commenced in these cases against or otherwise involving Claimant; or (viii) a waiver or

limitation of any rights, remedies, claims, defenses, or interests of Claimant.

9.      Claimant further asserts a claim for its reasonable and necessary attorneys' fees

and expenses incurred as a result of the breaches of contract described herein to the extent

recoverable under applicable law.

Pull to open.

**COPY**

Document Control



RECEIVED

SEP 23 2020

LEGAL SERVICES

**FedEx** Express · Package US Airbill

FedEx Tracking Number  **8152 8337 5058**



®

Extremely Urgent   MUR1

Form ID No.  **0215**

Recipient's Copy

P0027
00028

**1 From**

Date  9-22-20

Sender's Name  BB

Phone  214 220-3900

Company  THE RUDMAN PARTNERSHIP

Address  4851 LBJ FWY STE 210

City  DALLAS   State  TX   ZIP  75244-6004

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name  Claims Processing   Phone

Company  Sklar Exploration Company

Address  % EP q Corporate Restructuring

Address  10300 SW Allen Blvd

City  Beaverton   State  OR   ZIP  97005

0134845553

**4 Express Package Service**   *To most locations.*

*Packages up to 150 lbs.*
*For packages over 150 lbs. use the FedEx Express Freight US Airbill.*

**Next Business Day**

☒ FedEx First Overnight
☐ FedEx Priority Overnight
☐ FedEx Standard Overnight

**2 or 3 Business Days**

☐ FedEx 2Day A.M.
☐ FedEx 2Day
☐ FedEx Express Saver

**5 Packaging**  *Declared value limit $500.*

☒ FedEx Envelope*   ☐ FedEx Pak*   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling and Delivery Signature Options**  *Fees may apply. See the FedEx Service Guide.*

☐ Saturday Delivery

☐ No Signature Required   ☐ Direct Signature   ☐ Indirect Signature

**Does this shipment contain dangerous goods?**

☐ No   ☐ Yes As per attached Shipper's Declaration   ☐ Yes Shipper's Declaration not required   ☐ Dry Ice   ☐ Cargo Aircraft Only

**7 Payment**  *Bill to:*

☒ Sender   ☐ Recipient   ☐ Third Party   ☐ Credit Card   ☐ Cash/Check

Total Packages   Total Weight   lbs.

**611**

151959 REV 7/08 RRD

**FedEx First Overnight®**



United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172143929

Name of Debtor:
Case Number:

BAR(23) MAILID *** 000172143929 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000002860******

CHARLES S. STACK
P.O. BOX 9403
JACKSON, MS 39286

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

RECEIVED
SEP 24 2020
LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000180

## Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): **CHARLES S.STACK**

Other names the creditor used with the debtor:

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

**CHARLES S. STACK
P.O. BOX 9403
JACKSON,MS 39286**

Name

Number  Street

City  State  ZIP Code

Country (if International): _____

Contact phone: **(601) 317-1078**

Contact email: _____

Where should payments to the creditor be sent? (if different)

Name

Number  Street

City  State  ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**
☒ No

☐ Yes. Claim number on court claims register (if known) _____

Filed on _____
 MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**
$ **UNKNOWN**
Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

**ROYALTY INTEREST**

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: **ROYALTY INTEREST**

_____

**Basis for perfection:** _____

_____

(Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date **9 / 21 / 20**
MM / DD / YYYY

Signature _____

Print the name of the person who is completing and signing this claim:

Name **CHARLES S. STACK**
     First name     Middle name     Last name

Title **OWNER**

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address **P.O. BOX 9403**
     Number     Street

**JACKSON, MS 39286**
City     State     ZIP Code

Contact Phone **601-317-1978**     Email **charlessstack@aol.com**

# Charles S. Stack

*Oil & Gas Properties*

*Mailing Address: P.O. Box 9403, Jackson, Ms. 39286-9403*
*Telephone (601) 317-1078 / email* **charlessstack@aol.com**

September 21, 2020

Sklar Exploration Company, LLC Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P. O. Box 4421
Beaverton, Or 97076-4419

I receive royalty income on 14 different wells from Plains  Marketing, L.P.

Have no idea if I have been paid all due me.  Enclosed please find stub from 7/20/2020 showing all 14 wells and location.

Please check this interest & see if I have claim.

Thank You

Charles S. Stack

1OZ  3699543  00  00000637  00000857

CHARLES S STACK
PO BOX 9403
JACKSON MS 39286-9403

| CHECK NUMBER | CHECK DATE | PLAINS MARKETING, L.P. | | | | OWNER NUMBER | TAXPAYER ID |
|---|---|---|---|---|---|---|---|
| 04730176 | 07/20/2020 | ROYALTY CHECK DETAIL STATEMENT INFORMATION | | | | 0800890 | |
| LEASE NUMBER | | 01-015620 | 01-015621 | 01-015621 | 01-125697 | | |
| LEASE NAME | | CLEMENTS A R T R 12 A | CLEMENTS B H E T AL TR 13 | CLEMENTS B H E T AL TR 13 | WILLIAMS 1 | | |
| LEASE STATE/COUNTY | | LA/CLAIBORNE | LA/CLAIBORNE | LA/CLAIBORNE | MS/JONES | | |
| OPERATOR NAME | | TANNER OIL INC | TANNER OIL INC | TANNER OIL INC | AVAD OPERTING | | |
| PRODUCT | | OIL | OIL | OIL | OIL | | |
| PRODUCTION DATE(MM/YY) | | 06/2020 | 05/2020 | 06/2020 | 06/2020 | | |
| LEASE BARRELS OR MCF | | 12.92 | 9.24 | 17.88 | 1,330.90 | | |
| LEASE GROSS VALUE | | 429.95 | 203.95 | 595.25 | 44,816.72 | | |
| OPERATOR PAY | | .00 | .00 | .00 | .00 | | |
| LEASE SEVERANCE TAX | | 13.54 | 6.45 | 18.73 | 2,735.58 | | |
| LEASE NET VALUE | | 416.41 | 197.50 | 576.52 | 42,081.14 | | |
| AVG PRICE PER BBL/MCF | | 33.28 | 22.07 | 33.29 | 33.67 | | |
| OWNER KIND OF INTEREST | | ROYALTY | ROYALTY | ROYALTY | OVERRIDING | | |
| OWNER DECIMAL | | .01953125 | .00372020 | .00372020 | .00559815 | | |
| OWNER GROSS VALUE | | 8.41 | .75 | 2.21 | 250.88 | | |
| OWNER SEVERANCE TAX | | .27 | .02 | .07 | 15.31 | | |
| OIL AND GAS ASSESSMENT | | .00 | .00 | .00 | .00 | | |
| COLORADO SEVERANCE TAX | | .00 | .00 | .00 | .00 | | |
| UTAH WITHHOLDING TAX | | .00 | .00 | .00 | .00 | | |
| TAX RESERVE (SEE CODE) | | .00 | .00 | .00 | .00 | | |
| OWNER NET | | 8.14 | .73 | 2.14 | 235.57 | | |
| LEASE NUMBER | | | | | | | |
| LEASE NAME | | | | | | | |
| LEASE STATE/COUNTY | | | | | | | |
| OPERATOR NAME | | | | | | | |
| PRODUCT | | | | | | | |
| PRODUCTION DATE(MM/YY) | | | | | | | |
| LEASE BARRELS OR MCF | | | | | | | |
| LEASE GROSS VALUE | | | | | | | |
| OPERATOR PAY | | | | | | | |
| LEASE SEVERANCE TAX | | | | | | | |
| LEASE NET VALUE | | | | | | | |
| AVG PRICE PER BBL/MCF | | | | | | | |
| OWNER KIND OF INTEREST | | | | | | | |
| OWNER DECIMAL | | | | | | | |
| OWNER GROSS VALUE | | | | | | | |
| OWNER SEVERANCE TAX | | | | | | | |
| OIL AND GAS ASSESSMENT | | | | | | | |
| COLORADO SEVERANCE TAX | | | | | | | |
| UTAH WITHHOLDING TAX | | | | | | | |
| TAX RESERVE (SEE CODE) | | | | | | | |
| OWNER NET | | | | | | | |

WFB

DETACH STUB AT PERFORATED LINE

| CHECK NUMBER | CHECK DATE | PLAINS MARKETING, L.P. | | | OWNER NUMBER |
|---|---|---|---|---|---|
| 04730176 | 07/20/2020 | P.O. BOX 4648 ● HOUSTON, TX 77210-4648 | | | 0800890 |

| LEASE NUMBER | 01-012034 | 01-015610 | 01-015610 | 01-015615 | FOR YOUR INFORMATION |
|---|---|---|---|---|---|
| LEASE NAME | LI NEP RB SU | CLEMENTS A R E T AL TR 2 | CLEMENTS A R E T AL TR 2 | CLEMENTS B H E T AL TR 7 | DIRECT ALL INQUIRIES REGARDING THIS CHECK TO: |
| LEASE STATE/COUNTY | LA/CLAIBORNE | LA/CLAIBORNE | LA/CLAIBORNE | LA/CLAIBORNE | PLAINS MARKETING, L.P. |
| OPERATOR NAME | TANNER OIL INC | TANNER OIL INC | TANNER OIL INC | TANNER OIL INC | ATTN: CUSTOMER RELATIONS |
| PRODUCT | OIL | OIL | OIL | OIL | P.O. BOX 4648 |
| PRODUCTION DATE (MM/YY) | 06/2020 | 05/2020 | 06/2020 | 05/2020 | HOUSTON, TX 77210-4648 |
| LEASE BARRELS OR MCF | 1,225.48 | 14.01 | 27.09 | 9.97 | 800-772-7589 / 713-646-4460 |
| LEASE GROSS VALUE | 40,787.65 | 308.92 | 901.67 | 219.81 | 713-646-4311 (FAX) |
| OPERATOR PAY | .00 | .00 | .00 | .00 | paadivisionorder@paalp.com |
| LEASE SEVERANCE TAX | 1,283.82 | 9.76 | 28.38 | 6.94 | BE SURE TO INCLUDE LEASE NUMBER |
| LEASE NET VALUE | 39,503.83 | 299.16 | 873.29 | 212.87 | AND OWNER NUMBER. |
| AVG PRICE PER BBL/MCF | 33.28 | 22.05 | 33.28 | 22.05 | Please visit our website @ |
| OWNER KIND OF INTEREST | ROYALTY | ROYALTY | ROYALTY | ROYALTY | WWW.PAALP.COM |
| OWNER DECIMAL | .00009992 | .00281625 | .00281625 | .00372021 | and select Owner/Operator |
| OWNER GROSS VALUE | 4.07 | .87 | 2.54 | .81 | Relations to register and view |
| OWNER SEVERANCE TAX | .13 | .03 | .08 | .02 | your information online. |
| OIL AND GAS ASSESSMENT | .00 | .00 | .00 | .00 | TAX RESERVE CODES: |
| COLORADO SEVERANCE TAX | .00 | .00 | .00 | .00 | 1. AD VALOREM    6. AD VALOREM/SEVERANCE |
| UTAH WITHHOLDING TAX | .00 | .00 | .00 | .00 | 2. SEVERANCE    7. NET PRO/BUS PRIV/REAL EST |
| TAX RESERVE (SEE CODE) | .00 | .00 | .00 | .00 | 3. NET PROCEEDS    8. AD VAL/NET PRO/BUS PRIV/REAL EST |
| OWNER NET | 3.94 | .84 | 2.46 | .79 | 4. BUSINESS PRIVILEGE  9. UTAH OCCUPATIONAL TAX |
| | | | | | 5. REAL ESTATE |

| LEASE NUMBER | 01-015615 | 01-015617 | 01-015617 | 01-015619 | 01-015619 | 01-015620 |
|---|---|---|---|---|---|---|
| LEASE NAME | CLEMENTS B H E T AL TR 7 | LOWREY A A ET AL TR 10 | LOWREY A A ET AL TR 10 | CLEMENTS A R T R 12 | CLEMENTS A R T R 12 | CLEMENTS A R T R 12 A .... |
| LEASE STATE/COUNTY | LA/CLAIBORNE | LA/CLAIBORNE | LA/CLAIBORNE | LA/CLAIBORNE | LA/CLAIBORNE | LA/CLAIBORNE |
| OPERATOR NAME | TANNER OIL INC | TANNER OIL INC | TANNER OIL INC | TANNER OIL INC | TANNER OIL INC | TANNER OIL INC |
| PRODUCT | OIL | OIL | OIL | OIL | OIL | OIL |
| PRODUCTION DATE (MM/YY) | 06/2020 | 05/2020 | 06/2020 | 05/2020 | 06/2020 | 05/2020 |
| LEASE BARRELS OR MCF | 19.28 | 2.00 | 3.87 | 9.98 | 19.28 | 6.68 |
| LEASE GROSS VALUE | 641.59 | 44.15 | 128.85 | 219.91 | 641.84 | 147.30 |
| OPERATOR PAY | .00 | .00 | .00 | .00 | .00 | .00 |
| LEASE SEVERANCE TAX | 20.20 | 1.40 | 4.06 | 6.95 | 20.20 | 4.65 |
| LEASE NET VALUE | 621.39 | 42.75 | 124.79 | 212.96 | 621.64 | 142.65 |
| AVG PRICE PER BBL/MCF | 33.28 | 22.08 | 33.29 | 22.04 | 33.29 | 22.05 |
| OWNER KIND OF INTEREST | ROYALTY | ROYALTY | ROYALTY | ROYALTY | ROYALTY | ROYALTY |
| OWNER DECIMAL | .00372021 | .00223208 | .00223208 | .00279021 | .00279021 | .01953125 |
| OWNER GROSS VALUE | 2.39 | .10 | .29 | .62 | 1.80 | 2.87 |
| OWNER SEVERANCE TAX | .08 | .01 | .01 | .02 | .06 | .09 |
| OIL AND GAS ASSESSMENT | .00 | .00 | .00 | .00 | .00 | .00 |
| COLORADO SEVERANCE TAX | .00 | .00 | .00 | .00 | .00 | .00 |
| UTAH WITHHOLDING TAX | .00 | .00 | .00 | .00 | .00 | .00 |
| TAX RESERVE (SEE CODE) | .00 | .00 | .00 | .00 | .00 | .00 |
| OWNER NET | 2.31 | .09 | .28 | .60 | 1.74 | 2.78 |

| CHECK GROSS | SEVERANCE TAX | WINDFALL PROFIT TAX | BACKUP WITHHOLDING | NON-RESIDENT ALIEN TAX | CHECK NET |
|---|---|---|---|---|---|
| 278.61 | 16.20 | .00 | .00 | .00 | 262.41 |

| WFB | CHARLES S STACK | | P O BOX 9403 | | JACKSON MS | 39286 | PAGE: | 1 OF: 2 |
|---|---|---|---|---|---|---|---|---|

| YTD GROSS | YTD SEVERANCE TAX | YTD WINDFALL PROFIT TAX | YTD BACKUP WITHHOLDING | YTD NON-RESIDENT ALIEN TAX | YTD CHECK NET |
|---|---|---|---|---|---|
| 1,662.84 | 97.55 | .00 | .00 | .00 | 1,565.29 |

PAA0001P

Charles S. Stack
P.O. Box 9403
Jackson, MS 39286

JACKSON MS 390

21 SEP 2020  PM 2

FOREVER / USA



Sklar Exploration Company, LLC Claims Proc
c/o Epiq Corporate Restructing, LLC
P.O. BOX 4421
Beaverton, OR 97076-4419

**RECEIVED**

SEP 2 4 2020

**LEGAL SERVICES**

97076-042121

RECEIVED

SEP 2 4 2020

LEGAL SERVICES

# THIS CLAIM WAS RECEIVED WITHOUT

# PAGE 1

(Scanner please don't delete this page)

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000186

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:          $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)   _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes. Amount necessary to cure any default as of the date of petition.

$ 0.00

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09-03-20       *Alice Margaret Holmes Woods*
                  MM / DD / YYYY        Signature

Print the name of the person who is completing and signing this claim:

Name   *Alice Margaret Holmes      Woods*
        First name        Middle name        Last name

Title   _____

Company   _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  2031 N 20th Street
         Number        Street

         Omaha                          NE        68110-2305
         City                           State      ZIP Code

Contact Phone 402-342-4048   Email Deneed2pray2@yahoo.com

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate (when case was filed)** _____%

☐ Fixed   ☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☒ Yes. **Amount necessary to cure any default as of the date of petition.**

$ 0.00

---

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes.  *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).   $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C § 507(a)(4).   $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C § 507(a)(8).   $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).   $_____

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.   $_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09-03-20
MM / DD / YYYY

Signature  *Alice Margaret Holmes Woods*

Print the name of the person who is completing and signing this claim:

Name  Alice Margaret Holmes Woods
First name    Middle name    Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  2031 N 20th Street
Number    Street

Omaha    NE    68110-2305
City    State    ZIP Code

Contact Phone  402-342-4068    Email  weneed2pray2@yahoo.com



September 24, 2012

ATTENTION INTEREST OWNER:

RE:   **Revised Division Order**
      Sklar Exploration Company L.L.C.
      Craft-Ralls 5-8 #1
      Northwest Quarter (NW/4), Section 5, Township 4 North, Range 13 East
      Conecuh County, Alabama

To Whom It May Concern:

    Enclosed are an original and one copy of a revised division order stating your revised interest in the Craft-Ralls 5-8 #1 well and unit being the Northeast Quarter (NE/4), Section 5, Township 4 North, Range 13 East including 160.5 acres of land. We have recently finalized the curative requirements in this unit, and your revenue interest has been slightly increased. This will result in a one-time retro-active disbursement on your next revenue check. Your future revenue checks will include the decimal on the attached division order.

    Please handle the yellow original division order(s) per the instructions on the back of this letter. Even though your interest will remain in pay status, we would appreciate it if you would please return the yellow original to Sklar in the enclosed envelope and keep the white copy for your records. Should you have any questions, I can be reached directly at (318) 212-0918.

Sincerely,

Katy R. Smith
*Division Order Analyst*

Encls.

To: *Alice Morgaret Holmes Wes*

E

M

A

I

L

E

D

_____Geoff Zahm_____          _____9/24/2020_____

CASE MANAGER                              DATE

Sep 01 20, 04:12p          JER and SMR Richburg                          1-951-272-6715                    p.2

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor: **SKLAR EXPLORATION CO LLC**
Case Number: **20-12377**

Your Mail ID is as follows: 172145543

For Court Use Only      **RECEIVED**

SEP 2 4 2020

**LEGAL SERVICES**

BAR(23) MAILID *** 000172145543 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001147***

**BOBBIE LOUISE RICHBURG**
**858 POINTE VISTA CIRCLE**
**CORONA CA 92881-3968**

☐ Check box if
the address on
the envelope
sent to you by
the court needs
to be updated.
Identify your
replacement
address in Part 1
(Section 3)
below.

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

0000000187

**Proof of Claim (Official Form 410)**        **SKR**          04/19

Read the instructions before filling out this form. This form is for making a claim for paym... ................. ...s
under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any
documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments,
mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available,
explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1.  Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): **BOBBIE LOUISE RICHBURG**

Other names the creditor used with the debtor: _____

**2.  Has this claim been acquired from someone else?**  ☑ No  ☐ Yes.  From whom? _____

**3.  Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

**BOBBIE LOUISE RICHBURG**
Name
**858 POINTE VISTA CIRCLE**
Number       Street
**CORONA       CA    92881-3968**
City              State       ZIP Code

Country (if international): _____
Contact phone: **213. 705. 5262**
Contact email: **blrichburg@gmail.com**

Where should payments to the creditor be sent?
(if different)

Name
Number       Street
City              State       ZIP Code
Country (if international): _____
Contact phone: _____
Contact email: _____

**4.  Does this claim amend one already filed?**
☑ No

☐ Yes.   Claim number on court
claims register (if known) _____

Filed on _____
          MM  / DD  / YYYY

**5.  Do you know if anyone else has filed a
proof of claim for this claim?**
☑ No

☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.  Do you have any number you use to
identify the debtor?**
☑ No
☐ Yes.
Last 4 digits of the debtor's account or any
number you use to identify the debtor:
___ ___ ___ ___

**7.  How much is the claim?**
$ **undetermined**
Does this amount include interest or other
charges?
☐ No
☐ Yes.  Attach statement itemizing interest, fees,
         expenses, or other charges required by
         Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed,
personal injury or wrongful death, or credit card. Attach redacted
copies of any documents supporting the claim by Bankruptcy
Rule 3001(c). Limit disclosing information that is entitled to privacy,
such as health care information.

**ENVIRONMENTAL**

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:

**Basis for perfection:**

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $

**Amount of the claim that is secured:**   $

**Amount of the claim that is unsecured:** $
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $

**Annual Interest Rate (when case was filed)**            %
                                    ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No.

☑ Yes. Amount necessary to cure any default as of the date of petition.

$ 0.00

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$

$

$

$

$

$

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   08/27/2020        *Bobbie Louise Richburg*
                   MM / DD / YYYY     Signature

Print the name of the person who is completing and signing this claim:

Name   BOBBIE          LOUISE          RICHBURG
       First name       Middle name     Last name

Title

Company
       Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  858 POINTE VISTA CIRCLE
         Number          Street

         CORONA              CA        92881 - 3968
         City               State      ZIP Code

Contact Phone  213.705.5262   Email  blrichburg@gmail.com

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601

Shreveport, LA  71101

(303)541-1559

# *ACH Payment*

Bobbie Louise Richburg                    *New Address*.                              Account:  RICB04
1520 E 124th Street                          858 Pointe Vista Circle
Los Angeles, CA  90059-2924              Corona CA 92881-3968

From:  Sklar Exploration Co.. L.L.C.                              For Checks Dated 03/25/2019
To:     Bobbie Louise Richburg                                    Account: RICB04    Page    1

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|----------|------|-----------|--------------|-------------|--------------|------------|
| LEASE: (1LIT02)  Little Cedar Creek Oil Unit #2 | | | County: CONECUH, AL | | | |
| 01/2019 | CND | $/BBL:47.11 | 304.43 /0.06 | Condensate Sales: | 14,341.53 | 2.74 |
| | Roy NRI: | 0.00019091 | | Production Tax - Condensate: | 735.46- | 0.14- |
| | | | | Other Deducts - Condensate: | 2,083.78- | 0.40- |
| LEASE: (1LIT02)  Little Cedar Creek Oil Unit #2 | County: | | | Net Income: | 11,522.29 | 2.20 |
| CONECUH, AL | | | | | | |

| Owner# | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|--------|-------------|----------------|---------|---------|------------|-------------|------------|
| | | | | | | | |

| RICB04 | E000002987 | Check Totals: | | 74.27 | 7.95 | | 66.32 |
|--------|-----------|---------------|--|-------|------|--|-------|
| | 03/25/2019 | 2019 Totals: | | 258.94 | 26.58 | | 232.36 |

| | | | | | | | |
|--|--|--|--|--|--|--|--|
| 01/2019 | GAS | $/MCF:3.39 | 20,592 /3.93 | Gas Sales: | 69,909.38 | 13.35 | |
| | Roy NRI: | 0.00019091 | | Production Tax - Gas: | 4,194.56- | 0.80- | |
| | | | | Net Income: | 65,714.82 | 12.55 | |

LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL

| 12/2018 | OIL | $/BBL:54.19 | 6,656.60 /1.27 | Oil Sales: | 360,717.84 | 68.86 | |
| | Roy NRI: | 0.00019091 | | Net Income: | 360,717.84 | 68.86 | |

LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL

| 12/2018 | OIL | $/BBL:54.23 | 6,656.60-/1.27- | Oil Sales: | 360,954.14- | 68.91- | |
| | Roy NRI: | 0.00019091 | | Net Income: | 360,954.14- | 68.91- | |

LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL

| 01/2019 | OIL | $/BBL:55.37 | 5,857.60 /1.12 | Oil Sales: | 324,318.32 | 61.92 | |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 18,650.75- | 3.57- | |
| | | | | Other Deducts - Oil: | 13,472.48- | 2.57- | |
| | | | | Net Income: | 292,195.09 | 55.78 | |

LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL

| 01/2019 | OIL | $/BBL:53.27 | 577.09 /0.11 | Oil Sales: | 30,739.80 | 5.87 | |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 2,459.19- | 0.47- | |
| | | | | Net Income: | 28,280.61 | 5.40 | |

LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL

| 01/2019 | PRG | $/GAL:0.55- | 90,512 /17.28 | Plant Products - Gals - Sales: | 50,070.01- | 9.56- | |
| | Roy NRI: | 0.00019091 | | Net Income: | 50,070.01- | 9.56- | |

Amount to be transferred to your account (xxxxxxxx3930)

NOTE: Checks are mailed on the 30th of each month.
Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA  71101
(318)227-8668

# *ACH Payment*

Bobbie Louise Richburg
1520      E 124th StreetLos Angeles, CA  90059-2924

Account:  RICB04

Sep 01 20, 04:12p       JER and SMR Richburg                                                         p.7

From: Sklar Exploration Co., L.L.C.                                   For Checks Dated 04/29/2020
To: Bobbie Louise Richburg                                            Account: RICB04   Page   1

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|---|---|---|---|---|---|---|
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 01/2020 | CND | $/BBL:51.27 | 97.91 /0.02 | Condensate Sales: | 5,019.69 | 0.96 |
| | Roy NRI: | 0.00019091 | | Production Tax - Condensate: | 264.90- | 0.05- |
| | | | | Other Deducts - Condensate: | 604.63- | 0.12- |
| | | | | Net Income: | 4,150.16 | 0.79 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 02/2020 | CND | $/BBL:41.74 | 177.41 /0.03 | Condensate Sales: 7,405.90 | 1.41 Roy NRI: | |
| | 0.00019091 | | | Production Tax - Condensate: 370.78- 0.07- | | |
| | | | | Other Deducts - Condensate: | 1,226.25- | 0.23- |
| | | | | Net Income: | 5,808.87 | 1.11 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 01/2020 | GAS | $/MCF:1.98 | 6,651 /1.27 | Gas Sales: | 13,200.33 | 2.52 |
| | Roy NRI: | 0.00019091 | | Production Tax - Gas: | 792.02- | 0.15- |
| | | | | Net Income: | 12,408.31 | 2.37 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 02/2020 | GAS | $/MCF:1.17 | 8,870 /1.69 | Gas Sales: | 10,335.07 | 1.97 |
| | Roy NRI: | 0.00019091 | | Production Tax - Gas: | 620.11- | 0.12- |
| | | | | Net Income: | 9,714.96 | 1.85 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 01/2020 | OIL | $/BBL:59.46 | 3,509.77 /0.67 | Oil Sales: 208,702.86 | 39.84 Roy NRI: 0.00019091 | |
| | | Production Tax - Oil: | 12,037.82- | 2.29- | | |
| | | | | Other Deducts - Oil: | 8,072.47- | 1.55- |
| | | | | Net Income: | 188,592.57 | 36.00 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 01/2020 | OIL | $/BBL:57.36 | 651.36 /0.12 | Oil Sales: | 37,363.94 | 7.13 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 2,989.12- | 0.57- |
| | | | | Net Income: | 34,374.82 | 6.56 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 02/2020 | OIL | $/BBL:52.26 | 2,556.24 /0.49 | Oil Sales: 133,592.94 | 25.50 Roy NRI: 0.00019091 | |
| | | Production Tax - Oil: | 7,662.82- | 1.46- | | |
| | | | | Other Deducts - Oil: | 5,879.35- | 1.12- |
| | | | | Net Income: | 120,050.77 | 22.92 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 02/2020 | OIL | $/BBL:50.16 | 1,414.32 /0.27 | Oil Sales: | 70,945.12 | 13.54 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 5,675.62- | 1.08- |
| | | | | Net Income: | 65,269.50 | 12.46 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 01/2020 | PRG | $/GAL:1.66 | 30,436 /5.81 | Plant Products - Gals - Sales: | 50,513.09- | 9.64- |
| | Roy NRI: | 0.00019091 | | Net Income: | 50,513.09- | 9.64- |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL** | | | | | | |
| 02/2020 | PRG | $/GAL:1.47 | 39,112 /7.47 | Plant Products - Gals - Sales: | 57,507.34- | 10.98- |
| | Roy NRI: | 0.00019091 | | Net Income: | 57,507.34- | 10.98- |

Amount to be transferred to your account (xxxxxxxx3930)

*Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.*

| Owner# | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---|---|---|---|---|---|---|---|

| RICB04 | E000008270 | Check Totals: | | 72.25 | 8.81 | | 83.44 |
|--------|-----------|---------------|--|-------|------|--|-------|
| | 04/29/2020 | 2020 Totals: | | 131.81 | 15.97 | | 115.84 |

Lease Purchase Report AL-CO-NB-0098-A

Lease #: 98

| | |
|---|---|
| Lessor(s): | Lizzie Mae Holmes Richburg |
| | Rich. o.f |
| or Tax ID#: | ██████████ | Phone #: |
| Address: | 1150 Hawthorne Drive |
| | Pensacola, FL 32504 FL |
| Surface owner: | |
| Prospect: | North Bench |
| County/Parish: | Conecuh | State: | Alabama |
| Lessee: | Craft Exploration Company, LLC, P. O. Box 16084, Jackson, Mississippi 39236 |
| Lease date: | 7/13/2004 | Effective Date: | 7/13/2004 | Term: | 5 yr |
| Expiration Date: | 7/13/2009 | First Rental Due: | P/U |

Acq. Date:

Recorded: Book               PG:

Form 1099 (Y/N)    No

Royalty:    3/16

Overriding Royalty:

| Descrition Section Twn. & Rn | Tract Number | Gross Acres | Mineral Int. | Net Acres |
|---|---|---|---|---|
| Township 4 North, Range 13 East sec. 5: NENE | 1.00 & 2.00 | 40.0000 | 0.08333 | 3.33330 |
| | | | | 0.00000 |
| | | | | 0.00000 |
| | | | | 3.33330 |

Acquired From:

Counterpart Leases:

Total Bonus:

Bonus Per Acre:

Total Rental:

Rental Per Acre:

|  | : Royalty in Kind | | |
|---|---|---|---|
|  | : Continuous Development | E X | : Developed Acreage (See remarks) |

Renuntics:

Intent clause

Prepared By: _Joe Dunlap_          Date:          8/11/2004

Lessor (whether one or more), whose address is: 1150 Hawthorne Drive, Pensacola Florida 32507 and Craft Exploration Company, LLC. p. O. 16084, Jackson, Mississippi 39236 lessee, WITNESSErH:

1. Lessor, in consideration which is hereby acknowledged, the Fand covered hereby for the exclusive ri ht of exploring, drilling, for, producmg and ownin pipe (oes cil, | n | 01 rs n | t r valu | 1 | si c | i | ofDollars, recei 1 of unto lessee purposes and with the mining and operating gas, sulphur and all

an o t o covenants an agreements o | ssee crem er contame | oes tero y grant | case an | ct

other minerals (whether or not similar to those men water, oned), construcfroads to ether with the right to canals, make surve build s on said land, lay establish and utilize facilities for surface or subsurface disposal of salt and bridges, dig tanks, power stations, power fines, telephone lines transporting minerals produced from the land covered hereby or any other land adjacent thereto. The land covered y,

located in the County of ——————— State of ——————— Conecuh Alabama and is described as follows:

TOWNSHIP 4 NORTH - RANGE 13 EAST

Section 5· ——————— the Northeast Quarter of the Northeast Quarter (NE/4 ofNE/4), containing 40 acres, more or less.

Notwithstanding anything contained herein to the contrary, wherever the fraction one-eighth (1/8[th]) appears in Paragraph 3 below it is hereby changed to read threesixteenths in each and every instance.

It is the intention of the Lessor to lease to the Lessee and the Lessor does hereby lease unto the Lessee all mineral interest owned or claimed in the Northeast Quarter of Section 5, Township 4 North, Range 13 East, Conecuh County, Alabama.

This lease also covers and includes, in addition to that above described, all land, if any, contiguous or adjacent to or adjoiniuz " the land above described and (a) acquisition. owned or Lessor claimed agrees by lessor to execute by limitation, any supplemental prescription, Instrument possession, requested revet-sion by or lessee unrecorded for a more instrument complete or or (b) accurate as to which description lessor of has said a fand. reference For the right pur-of

pose of determining the amount of an whether actually more or less, and the aiove bonus recital or of other acreage payment in any hereunder, tract shall said be deemed land shall to be be the decmed true acreage to containthereof. Lessor pecepts 40the bonus as acres,lump

sum congideration for this lease and all rights, and options thereunder.

2. Unless sooner terminated or longer kept in force under other provisions hereof, this lease shall remain in force for a tenn of Five (5) years from the date hereof, hereinafter called "primary term", and as long thereafter as operations, as hereinafter defined, axe conducted upon said land with no cessation for more than ninety (90) consecuhve days.

3. As royalty, lessee covenants and agrees: (a) To deliver to the credit of lessor, in the pipe line to which lessee may connect its wells, the equal one eighth part of all oil produced and saved by lessee from said land, or from time to time, at the option of lessee, to pay lessor the average posted market price of such one-eighth part of such 01 I at the wells as of the day it is run to the pipe line or storage tanks, keagn lessoés %USfessee Interest, In either cage, to bear one-eighth of the cost of treating oil to render it marketable pipe. line 01 I; (b) To pay lessor on gas and casinghead off said land or in the manufacture of

one-eighth of the amount realized by lessee from said land, computed at the mouth of the w

gasoline or other products b •the market value, at the mouth of the well, of one-ei or va/Ee lith at of the such welFor as ang nuno casin at esseo's head gag• erection. (c) To pay except lessor that on on all sulphur other minerals mined mined and mar-and

marketed or utilized lessee from said land, one-tenth either in kind keted the royalty shall be One dollar ($1.00) per ton ton. If, at the expiration of the primary term or at any time or times thereafter, there is any well on said land or on lands with which said land or any pokion thereof has been pooled, capable of being producing gag or any other mineral covered hereby, and all such wells are shut-in, this lease shall, nevertheless, continue in force as though operations were being conducted on said rand for so long as said wens are shut-in and thereafter this lease may be continued in force as if no shut-in had occurred. Lessee covenants and agrees to use reasonable diligence to [p]roduce, utilize, or market the minerals well facili8es cu able and of ordinary being produced lease facilities front said of flow wells, lines, but in separator, the exercise and of lease such tank, diligenco, and shall lessee not shall be required not be to obli ge ated le labor to installtrouble or farnish or to marketfacili-

ties other than all such wells are shut-in fora period of ninety consecutive da s, and are no operations on said land, then at or of said ninety day period, lessee shall pay or tender, by deck or draft of lessoe as royalty, a sum equal to one dollar ($1.00) for each acre of land then covered hereby. Lessee shall make like payments or tenders at or before the end of each anniversary of the raph. cx Each iration of said ninety day period if upon such anniversary this lease is being continued in force solely by reason of the provisions of this sub-para under this such payment or tender shall be marre to the palticg who at the time of payment would be entitled to receive the royalties which would be paid lease if the wells were producing, or may be deposited to such

parties credit in the ——————— pay DIRECT TQ LESSOR AT. APOVE ADDRESS. Bank ——————— ator its successors, which shall continue as the ———————

depositories, regardless of changes in the owners po 9 ut-nroy ty. at any me t t esses pays or tenders shut-in royalty, two or more parties are, or claim to be, entitled to receive same, lessee may, in lieu of any othe method of payment herein provided, pay or tender such Shut-in royalty, in the manner above specified, either jointl to such parties or separately to each in accordance with their respective ownerships thereof, as lessee may elect. Any pa lessee deposited in the mall or dellvered to the party entitled to receive payment or to a depository ban dato for payment. Nothing herein shall impair lessee's right to release as provided In paragraph 5 hereof, In the event of assignment of this lease in whole or in part, liability for payment hereunder shall rest exclusively on the then owner or owners of this lease, severally as to the acreage owned by each.

4. Lessee is hereby granted the right at its option, to pool or unitize all or any part of said land and of thig lease as to any or all minerals or horizons thereunder, with which other lands, lease or eases, or onion or portions thereof, or mineral or horizon thereunder, so as to establish units containing not more than 80 surface acres plus 10% acreage tolerance; provide/, however, a unit may be established or an existing unit may be enlarged to contain not more than 640 acres plus 10% acreage tolerance, if unitized only as to gas or only as to gas and li uid hydrocarbons (condensate) which are not a liquid in the subsurface reservoir. If larger units are permitted, under any governmental rule or order, for drilling or operation of a well at a regular location, or for obtaining maximum allowable, from any well to be drilled, drilling, or already drilled, each an Jesired such unit may be established or enlarged, to conform to the size permitted by such record overnmental In the public order office or in rule. which Lessee this shall lease exercise is recorded. said Each option of as said to options may be unit exercised by executin by fessee an instrument from time identifying to time, and such whether unit and before filing or it afterfor

production has been established either on said land or on the portion of sard land included in the unit or on other land unitized therewith and any such unit may include any well to be drilled, being drilled or already completed. A unit established hereunder shall be valid and effective for all purposes of this lease even though there may be land or mineral, land ro sialf alty or leasehold interests in land within the unit which are not poolpd or unitized. Any operations conshall be allocated to the land covered by this lease included In any such unit that proportion of the of total ro from wells in the ducted on any part of such unitized be considered, for all purposes, except the payment

unit, after deducting any used in lease or unit operations, which the number of surface acres in the land covered by this lease included Vc%ered in the unit hereb9 bears to the total number of surface acres in the unit. The production so allocated shall be considered for and

ridit royalty, and any other payments out of production, to be the entire production of unitize nu inclu ed in such unit in the same manner as though produced from said .land under the terms

charve the rights or of division lessee, in including. the ownership but not of limited said land, to, the royalties, location or and other drilling moneys, of or wens any part and thereof, the measurement howsoever of effecte• pro uction. shall increase Notwithstanding the obligations any other or diminishactual or

constructive knowledge or notice thereof of or to Lessee, its successors or assives, no change or division in the ownership of said land or of the royalties, or other moneys, or the right to receive the same, howsoever effected, shall be binding upon the then record owner of this lease until thirty (30) days after there has been furnished to such record owner at his or its principal place of business by lessor or lessor's heirs, successbrs, or assigns, notice of such change or division, supported by either originals or duly certified copies of the instruments which have been properly filed for record and which evidence such change or division, and of such court records and proceedings, transcripts, or other documents as shall be necessary in the 'opinion of such record owner to establish the validity of such change or division. If any such change in ownership occurs by reason of the death of the owner, lessee may, nevertheless, pay or tender such royalties, or other moneys, or part thereof, to the credit of the decedent in a depositary bank provided for above.

9.     In the event lessor considers that (l e lessee has not complied with all its obligations hereunder, both express and implied, lessor shall notify lessee in writing, getting out specifically in what respec lessee has breached this contract. Lessee shall then have sixty (60) days after receipt of said notice within which to meet or commence to meet all or any pa of the breaches alle ed by lessor. The service of said notice shall be precedent to the brinfing of any action

aimed to meet all or any of the nllevj breaches shall be deemed an admission or presumption that lessee has failed to perform all its obl ations hereunder. Should it be asserted in any notice given to the lessee under the provisions of this <sup></sup> the service of said notice ner (he doing of ny acts by lessee

charging its obligations as to which lessee ve been judicially determined to be in default. If this lease is cancelled for any cause, it s a l nevertheless remain in force and effect as to (1) sufficient acre go around each well as to which there are operations to constitute a drilling or maximum allowable unit under applicable governmental regulations, (but n no event legs than forty acres), such acreage to be designated by lessee as nearly as practicable in the form of a square centered at the well, or In sue shape as then existing spacing rules permit; and (2) any part of said land included in a pooled unit on which there are operations. Lessee shall also have nuch easements on said land as are necessary to operations on t 'e acreage so retained.

10. Lessor hereby warrants and agre to defend title .10 said land against the claims of all person whomsoever. Lessor's rights and interests hereunder shall be either primarily with any mort a es, taxes or other liens, or interest and other charges on said land, but lessor agrees that lessee shall have the right at any me to pay or reduce same r eaor, either before or after maturity and be subrogated to the rights of the holder thereof and to deduct amounts so paid from royalties or other ayments payable or which may become payable to lessor anyor assigns under this lease. Lessee is hereby hiven the right to acquire for its own benefit, deeds, leases, such or assi outhanding uments covering any interest or claim in said land which lessee or any other party conten s is outstanding and not covered hereby and even though interest or claim be invalid or adverse to lessor. If this lease covers a fess interest in the oil, gas sulphur, or other minerals in all or any part of said land than • the entire and undivided fee simple estate (whether lease's interest is herein specified or not; or no interest therein, then the royalties, and other mon' accruing from anx part as to which this lease covers less than such full interest, shall be paid only in the proportion which the intel-est therein, if any, covered by this lease, ears to the whole and undivided fee simple estate therein. All royalty interest covered it without b this regard lease to (whether whether or it is not executed owned by by those lessor) named shall herein be paid as out lessor.of the royalty herein provided. This lease shall be binding upon each party who executes

11. if, while this lease is in force, at, or after the expiration of the primary term hereof, it is not being continued in force by reason of the shut-in well provisions of paragraph 3 hereof, and lessee is not conducting operations on said land by reason of (1) any law order, rule or regulation, (whether or not subsequently determined to be invalid) or (2) after an (to other first cause, anniversary whether date similar hereof or occurring dissimilar, nine(y exce (9%) t financialf, or more days beyond following the reasonable the removal control of such of lessee, delay-the primary term hereof shall be extended until ing cause, and this lease may be extended thereafter by operations as if such delay had not occurred.

IN WITNESS WHEREOF, this instrument is executed on the date first above written.

_____

_____                                 (SEAL)    _Lizzie Mae Holmes Richburg_
                                                                   LIZZIE MAE HOLMES RICHBURG
                                                                   SS#: 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

_____                                 (SEAL)    _____

_____

_____

_____                                                                    (SEAL)

_____


JOINT OR SINGLE ACKNOWLEDGEMENT
(MISSISSIPPI-ALABAMA-FLORIDA)

STATE OF FLORIDA
COUNTY OF ESCAMBIA

I hereby certify, that on this day, before me a                Notary Public              duly authorized in the state and county aforesaid to take acknowledgements, personally

appeared                          Lizzie Mae Holmes Richburgto me known to be the person described in and who executed the
foregoing instrument and she. acknowledged before me that, being informed of the contents of the same, she voluntarily signed and delivered the within and foregoing instrument on the day and year therein                                                                       mentioned.

Given under my hand    nd official, this _19th_ day of _July_                                    end official, this        A. D., 2004.

(Affix seal)                   Amy L. Jones
                               My Commission DD111220
                               Expires April 22, 2006                     _____
                                                                          (     tary Pub )



4-2D-ole

Sep 01 20, 04:16p   JER and SMR Richburg   1-951-272-6715   p.14



E

M

A

I

L

E

D

‎‎‎‎‎‎‎‎Geoff Zahm‎‎‎‎‎‎‎‎          ‎‎‎‎‎‎‎‎9/24/2020‎‎‎‎‎‎‎‎

CASE MANAGER                    DATE

Sep/23/2020 11:01:10 AM        Kaiser Permanente 562-658-4143                                   3/8

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor: **SKLAR EXPLORATION CO LLC**
Case Number: **20-12377**

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144297

For Court Use Only

**RECEIVED**

SEP 24 2020

**LEGAL SERVICES**

BAR(23) MAILID *** 0001721442297 ***
SKR (CREDITOR.DBF,CREDNUM)CREDINUM # 1000000512*****

Sarah Regina Hooks
6241 Verdura Ave
Long Beach, CA 90805

☐ Check box if
the address on
the envelope
sent to you by
the court needs
to be updated.
Identify your
replacement
address in P
(section 4)
below.

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**                    0000000188                    04/19

## Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim fo...
under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any
documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments,
mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available,
explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): **The Buice Lee Hooks ~~Trust~~ Family Trust**

Other names the creditor used with the debtor: **Buice Lee Holmes - Hooks**

**2. Has this claim been acquired from someone else?**  ☑ No  ☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices be sent to the creditor?

Name: **Sarah Regina Hooks**
Number  Street: **6241 Verdura Ave**
City  State  ZIP Code: **Long Beach, CA 90805**

Country (if international):
Contact phone: **213 3995499**
Contact email: **HooksOnHomes@gmail.**

Where should payments to the creditor be sent?
(if different)

Name:
Number     Street
City                State            ZIP Code
Country (if international):
Contact phone:
Contact email:

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.  Claim number on court
claims register (if known)
Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.  Who made the earlier filing?

### Part 2:    Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes.
...st 4 digits of the debtor's account or any
number you use to identify the debtor:

**7. How much is the claim?**
$ **undetermined**

Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees,
expenses, or other charges required by
Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed,
personal injury or wrongful death, or credit card. Attach redacted
copies of any documents supporting the claim required by Bankruptcy
Rule 3001(c). Limit disclosing information that is entitled to privacy,
such as health care information.

**Enviromental**

Sep/23/2020 11:01:10 AM          Kaiser Permanente 562-658-4143          4/6

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.
Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property;                     $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. Amount necessary to cure any default as of the date of petition.
$ 0.00

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority.

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9) is $_____

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 09-23-2020
                 MM / DD / YYYY          Signature

Print the name of the person who is completing and signing this claim:

Name   Sarah          Regina          Hooks
       First name      Middle name     Last name

Title  Trustee

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  6241 Verdura Ave.
         Number     Street

         Long Beach        CA        90805
         City              State     ZIP Code

Contact Phone  213 399 5499    Email  HooksOnHomes@gmail.com.

E

M

A

I

L

E

D

_____Geoff Zahm_____       _____9/24/2020_____

CASE MANAGER           DATE

Sep/23/2020 11:01:10 AM          Kaiser Permanente 562-658-4143                                    5/8

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144297

Name of Debtor: **SKLAR EXPLORATION CO LLC**
Case Number! **20-12377**

For Court Use Only

**RECEIVED**

SEP 24 2020

**LEGAL SERVICES**

*Nedra Jenice Hooks-Holmes*
*3570 E. Harding St.*
*Long Beach, CA 90805*

☐ Check here if
the address on
the envelope
sent to you by
the court needs
to be updated.
Identify your
replacement
address in
[section .]
below.

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000189

04/19

**Proof of Claim (Official Form 410)**

Read the instructions before filling out this form. This form is for making a claim.
Under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

**Part 1:    Identify the Claim**

1. Who is the current creditor?
   Name of the current creditor (the person or entity to be paid for this claim): *The Buice Lee Hooks Family Trust*
   Other names the creditor used with the debtor: *Buice Lee Holmes-Hooks*

2. Has this claim been acquired from someone else?    ☐ No  ☐ Yes.   From whom? _____

3. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   Where should notices to the creditor be sent?
   *Nedra Jenice Hooks Holmes*
   Name
   *3570 E. Harding St.*
   Number   Street
   *Long Beach, CA 90805*
   City        State     ZIP Code

   County (if International): _____
   Contact phone: *(213) 705-7257*
   Contact email: *gods4mom@hotmail.com*

   Where should payments to the creditor be sent?
   (if different)

   Name
   Number    Street
   City          State     ZIP Code
   Country (if International): _____
   Contact phone: _____
   Contact email: _____

4. Does this claim amend one already filed?
   ☐ No
   ☐ Yes.   Claim number on court claims register (if known) _____
   Filed on _____
            MM  / DD / YYYY

5. Do you know if anyone else has filed a proof of claim for this claim?
   ☐ No
   ☐ Yes.  Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   ☑ No
   ☐ Yes.
   Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

7. How much is the claim?
   $ *undetermined*
   Does this amount include interest or other charges?
   ☐ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.
   *Enviromental*

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.
Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe:

Basis for perfection:

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                     $

Amount of the claim that is secured:   $

Amount of the claim that is unsecured: $
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $

Annual Interest Rate (when case was filed) _____%

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. Amount necessary to cure any default as of the date of petition.
$   0.00

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)? $

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9-23-2020   Signature   *Nedra J. Hooks-Holmes*
                  MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name   Nedra   Jenice   Hooks-Holmes
       First name   Middle name   Last name

Title _____

Company _____

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   3510 E. Harding St.
          Number   Street

Long Beach   CA   90805
City   State   ZIP Code

Contact Phone  (213)705-7257   Email   gods1mon@hotmail.com

E

M

A

I

L

E

D

| Geoff Zahm | 9/24/2020 |
|---|---|
| CASE MANAGER | DATE |

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor: *Sklar Exploration Company, LLC*
Case Number: *20-12377*

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172143951

BAR(23) MAILID *** 000172143951 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000000375*****

CHIQUITA L. JACKSON STRATFORD
2031 NORTH 20TH STREET
OMAHA, NE 68100-0000

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 3 (Section 3) below.

For Court Use Only

**RECEIVED**

SEP 2 4 2020

**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**   0000000190   04/19

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for pay~~...........................................with the exception of claims~~ under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *Chiquita L. Jackson Stratford*

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☒ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| *Chiquita L. Jackson Stratford*<br>Name | Name |
| *2031 North 20th Street*<br>Number     Street | Number     Street |
| *Omaha   NE   68110*<br>City      State      ZIP Code | City      State      ZIP Code |
| Country (if international): _____ | Country (if international): _____ |
| Contact phone: *(757) 240-9298* | Contact phone: _____ |
| Contact email: *Chiquita Stratford@gmail.com* | Contact email: _____ |

**4.   Does this claim amend one already filed?**
☒ No
☐ Yes.   Claim number on court claims register (if known) _____
Filed on _____
MM / DD / YYYY

**5.   Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes.   Who made the earlier filing? _____

## Part 2:   Give Information About the Claim as of the Date the Case Was Filed

**6.   Do you have any number you use to identify the debtor?**
☒ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
___ ___ ___ ___

**7.   How much is the claim?**
$ *undetermined*
Does this amount include interest or other charges?
☐ No
☐ Yes.   Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.   What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*Environmental*

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.  The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                               $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed)  _____%
                            ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes. Amount necessary to cure any default as of the date of petition.

$ 0.00

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/03/2020          *Chiquita L. Glockson Stratford*
                   MM / DD / YYYY       Signature

Print the name of the person who is completing and signing this claim:

Name    Chiquita        LaFaye        Stratford
        First name       Middle name    Last name

Title    _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  2031 North 20th Street
         Number   Street

         Omaha                    NE        68110
         City                     State     ZIP Code

Contact Phone  (757) 240-9298    Email  Chiquita.stratford@gmail.com



November 20, 2014

TO INTEREST OWNER:

RE:   **Little Cedar Creek Oil Unit #2 Division Order(s)**
      **Conecuh County, Alabama**

Enclosed are an original and one copy of your division order(s) stating your interest in the Little Cedar Creek Oil Unit #2. Please execute the yellow original(s) and return in the enclosed envelope at your convenience. You can also scan your executed division order in and email it to ldecrescenzo@sklarexploration.com or fax it to Lauren's attention at (303) 443-1551. **The execution of the enclosed division order(s) is just a formality as you are already in pay status on this property.**

Sincerely,

Katy R. Smith
*Division Order Analyst*

Encls.

To: Chiquita L. Jackson Stratford

*tel:* 318.227.8668 • *fax:* 318.227.9012 • 401 Edwards Street, Ste 1601 • Shreveport, Louisiana 71101
*tel:* 303.541.1559 • *fax:* 303.443.1551 • 5395 Pearl Parkway, Ste 200 • Boulder, Colorado 80301

E

M

A

I

L

E

D

_____Geoff Zahm_____          _____9/24/2020_____

CASE MANAGER                              DATE

09/23/2020   16:24   8504696264                                              PAGE   02/12

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144027

**RECEIVED**

**SEP 24 2020**

**LEGAL SERVICES**

Name of Debtor:
Case Number:

BAR(23) MAILID *** 000172144027 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 10000003B3******

CONSTANCE M. HOLMES HALE
215 WASHINGTON STREET
CANTONMENT, FL 32533-0000

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 3 (Section 3) below.

For Court Use Only

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

0000000191

## Proof of Claim (Official Form 410)    SKR    04/19

Read the instructions before filling out this form. This form is for making a claim for payment ~~...~~. ~~...~~ ~~...~~ ~~ims~~ under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

1. Who is the current creditor?
Name of the current creditor (the person or entity to be paid for this claim): **Constance M. Holmes Hale**
Other names the creditor used with the debtor: _____

2. Has this claim been acquired from someone else?  ☐ No  ☑ Yes.  From whom? **Clauzell (Daisy) Holmes**

3. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: **Constance M. Holmes Hale**
Number  Street: **215 Washington St**
City  State  ZIP Code: **Cantonment FL 32533**
Country (if international): _____
Contact phone: **(850) 261-2103**
Contact email: **Candc.hale@yahoo.com**

Where should payments to the creditor be sent? (if different)
Name: _____
Number  Street: _____
City  State  ZIP Code: _____
Country (if international): _____
Contact phone: _____
Contact email: _____

4. Does this claim amend one already filed?
☑ No
☐ Yes.  Claim number on court claims register (if known) _____
Filed on _____  MM / DD / YYYY

5. Do you know if anyone else has filed a proof of claim for this claim?
☑ No
☐ Yes. Who made the earlier filing? _____

### Part 2:    Give Information About the Claim as of the Date the Case Was Filed

6. Do you have any number you use to identify the debtor?
☐ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor: **1930**

7. How much is the claim?
$ **unlimited**
Does this amount include interest or other charges?
☐ No
☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.
**Environmental / Mineral rights**

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                     $ _____

Amount of the claim that is secured:   $ _____

Amount of the claim that is unsecured: $ _____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $ _____

Annual Interest Rate (when case was filed) _____%
        ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of petition.

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).       $_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).       $_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).       $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).       $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).       $_____

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.       $_____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
| --- | --- |

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/14/20        *Constance Hale*
                  MM / DD / YYYY    Signature

Print the name of the person who is completing and signing this claim:

Name   *Constance        Maria            Holmes - Hale*
       First name        Middle name       Last name

Title  _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  215  Washington St
         Number        Street

         Cantonment              FL        32533
         City                    State     ZIP Code

Contact Phone  (850) 679 - 4175   Email  Candchale@yahoo.com

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 1

## AFFIDAVIT OF HEIRSHIP AND MARITAL HISTORY

STATE OF Florida                              )(

COUNTY OF Escambia                            )(


Personally appeared before me, the undersigned notary public, Ella Ruth Holmes Gant, who being by me first duly sworn, deposes and says as follows:

My name is Ella Ruth Holmes Gant and my address is P.O. Box 1452, Pensacola, Florida 32591. I am over twenty-one (21) years of age and familiar with the marital history and heirship of Johnnie Holmes, deceased. I am familiar with his marital history and heirship because I am his daughter.

That Johnnie Holmes was married once during his lifetime. This marriage was to Katherine Jones Holmes in 1930. To this marriage were born the following children:

1.)    Name: Lizzie Mae Holmes Richburg, a widow
       Date of Birth: January 12, 1931
       Last Known Address: 1150 Hawthorne Drive
                           Pensacola, Florida 32507

2.)    Name: Hattie Mae Holmes Ball, wife of Lewis Ball
       Date of Birth: January 13, 1937
       Last Known Address: 5948 Piat Place
                           Centerville, Illinois 62203

3.)    Name: Johnnie Mae Holmes Ellington, a widow
       Date of Birth: November 30, 1938
       Last Known Address: 3403 Lafayette Avenue
                           Omaha, Nebraska 68131

4.)    Name: Buice Lee Holmes Hooks, wife of Eddie L. Hooks
       Date of Birth: July 23, 1940
       Last Known Address: 1618 West 106th Street
                           Los Angeles, California 90047

5.)    Name: Richard D. Holmes, husband of Ella Lois Holmes

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 2

Date of Birth: August 6, 1942
Last Known Address: 1707 Johnsonville Circle
Castleberry, Alabama 36432

6.)   Name: Alice M. Holmes Woods, a divorced woman
      Date of Birth: August 16, 1944
      Last Known Address: 2031 North 20th Street
      Omaha, Nebraska 68110

7.)   Name: Reelice Holmes, a single male
      Date of Birth: December 24, 1947
      Last Known Address: 1618 West 106th Street
      Los Angeles, California 90047

8.)   Name: Ella Ruth Holmes Gant, wife of David L. Gant
      Date of Birth: November 19, 1941
      Last Known Address: P.O. Box 1452
      Pensacola, Florida 32591

9.)   Name: Katherine Holmes Straughn, wife of Walter L. Straughn
      Date of Birth: December 12, 1951
      Last Known Address: 1706 Johnsonville Circle
      Castleberry, Alabama 36432

10.)  Name: Fannie Lue Holmes Jackson
      Date of Birth: November 3, 1932
      Date of Death: September 19, 1992
      That Fannie Lue Holmes Jackson was married once during her lifetime. This
      marriage was to Britt Jackson, Jr. To this marriage were born the following
      children:

      A.) Name: Joel R. Jackson, husband of Donna Jackson
          Date of Birth: January 27, 1972
          Last Known Address: 1150 Hawthorne Dr.
          Pensacola, Florida 32507

      B.) Name: Chiquita L. Jackson Stratford, wife of Donald Stratford
          Date of Birth: October 15, 1972
          Last Known Address: P.O. Box 1452
          Pensacola, Florida 32591

This marriage ended with the death of Fannie Lue Holmes Jackson on

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 3

September 19, 1992.   Fannie Lue Holmes died intestate with no
administration of her estate. Britt Jackson, Jr. died intestate on November 22,
1993 with no administration of his estate.

11.)   Name: Clauzell Holmes
Date of Birth: December 10, 1934
Date of Death: February 1, 1995
The following illegitimate child was born of Clauzell Holmes:

A.) Name: Larry Wright, a single man
Date of Birth: May 15, 1955
Last Known Address: 905 Copeland Drive
Hinesville, Georgia 31313

To the best of my knowledge, Clauzell Holmes
acknowledged his illegitimate son, Larry Wright.
Further, the family has acknowledged that Larry
Wright is a presumed heir of Clauzell Holmes.

That Clauzell Holmes was married once during his lifetime. This marriage
was to Daisy Lee Holmes.  To this marriage were born the following
children:

B.) Name: Pamela D. Holmes Banks, wife of Michael Banks
Date of Birth: May 26, 1960
Last Known Address: 7905 Kershaw Street
Pensacola, Florida 32534

C.) Name: Felita Fay Holmes, a single woman
Date of Birth: October 29, 1966
Last Known Address: P.O. Box 16711
Pensacola, Florida 32507

D.) Name: Constance M. Holmes Hale, wife of Carl Hale
Date of Birth: March 30, 1968
Last Known Address: 215 Washington Street
Cantonment, Florida 32533

E.) Name: Claudie M. Holmes Modley, a separated woman
Date of Birth: May 27, 1971
Last Known Address: 1160 Hawthorne Drive

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 4

Pensacola, Florida 32507

F.) Name: Veronica R. Holmes, a single woman
Date of Birth: October 13, 1973
Last Known Address: 1160 Hawthorne Drive
Pensacola, Florida 32507

The marriage of Daisy Lee Holmes ended with the death of Clauzell Holmes
on February 1, 1995. Clauzell Holmes died intestate with no administration
of his estate. Daisy Lee Holmes died intestate on August 6, 2006.

12.)   Name: Daniel Earl Holmes
Date of Birth: August 17, 1959
Date of Death: January 18, 1999
The following illegitimate child was born of Daniel Earl Holmes:

A.) Name: Tiffannie Richardson Edwards, wife of Shannon Edwards
Date of Birth: August 29, 1982
Last Known Address: 144 Downs Lane
Brewton, Alabama 36426

To the best of my knowledge, Daniel Earl Holmes
acknowledged his illegitimate daughter, Tiffannie Richardson
Edwards. Further, the family has acknowledged that
Tiffannie Richardson Edwards is a presumed heir of Daniel
Earl Holmes.

Daniel Earl Holmes died intestate with no administration of his estate.

These were the only twelve children born of the marriage between Johnnie Holmes and Katherine
Jones Holmes. No children were adopted nor were any other children cared for in the home. This
marriage ended with the death of Johnnie Holmes on January 7, 1982. Johnnie Holmes died intestate
on January 7, 1982 and there was no administration upon his estate. Katherine Jones Holmes died
intestate on December 10, 1983 and there was no administration upon her estate.

That to the best of my knowledge, the individuals named above are all of the surviving heirs
of Johnnie Holmes, deceased.

Further affiant saith not.

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 5

*Ella Ruth Holmes Gant*
ELLA RUTH HOLMES GANT
P.O. Box 1452
Pensacola, Florida 32591

Sworn to and subscribed before me this the 5th day of August, 2008.

JAMES STAPLETON
Notary Public - State of Florida
My Commission Expires Aug 25, 2008
Commission # DD 349739
Bonded By National Notary Assn.

NOTARY PUBLIC

[affix notarial seal]

My commission expires: 8/25/08

This instrument prepared by:



**Exploration Company LLC**

September 9, 2008

<u>VIA U.S. MAIL TO:</u>
Purported Heirs and Presumed Heirs
of Johnnie Holmes

> **Re:** **Division Order and Stipulation of Interest; SEC
> – Craft Ralls 5-8 #1; Northeast Quarter (NE/4) of
> Section 5, Township 4 North, Range 13 East,
> Conecuh County, Alabama.**

Dear Interest Owner:

Enclosed is an original and one copy of your "Division Order and Stipulation of Interest" (the "Agreement"). Said Agreement was drafted based on the Division Order Title Opinion as well as information provided to us by the Holmes family, specifically, information found in the "Affidavit of Heirship and Marital History" by Ella Ruth Holmes Gant, dated *July 22, 2008* (the "Affidavit"), a copy of which is enclosed. Said Affidavit sets forth the marital history and heirship of Johnnie Holmes, who died January 7, 1982.

For many months, we have been receiving calls from the family regarding payments to the heirs. We have asked for sufficient information to establish the heirship of Daniel Earl Holmes and Clauzell Holmes. We have also asked the purported heirs and presumed heirs to institute a formal proceeding or to probate the successions of Daniel Earl Holmes and Clauzell Holmes. However, various family members told us that they could not afford an attorney. Alternatively, Ella Ruth Holmes Gant offered to provide us with the Affidavit. In an effort to resolve these issues and to clarify ownership of the interests, we offer the Agreement to you.

If all of the family members, purported heirs, and presumed heirs of Johnnie Holmes, as identified by the Affidavit, are willing to agree and stipulate to their own interest and the interests of each other, we are willing to make payment to said heirs and presumed heirs. The enclosed Agreement sets forth your interest effective March 11, 2008 in the above referenced well in Conecuh County, Alabama. Please verify your address and other personal information in the Agreement, making any necessary corrections in the space provided. Also, remember to provide your social security number.

*tel:* 318.227.8668 • *fax:* 318.227.9012 • 401 Edwards Street, Ste 1601 • Shreveport, Louisiana 71101

Please handle your original Agreement as per the enclosed instruction sheet. A copy is provided for your records. Do not hesitate to contact my office should you have any questions regarding your interest in the said document.

Sincerely,

By:

Katy R. Smith
Lease Analyst

## DIVISION ORDER AND STIPULATION OF INTEREST

TO: Sklar Exploration Company, L.L.C.            Property Name: Sklar Exploration Company, L.L.C.
401 Edwards Street, Suite 1601                                        #1 Craft-Ralls 5-8
Shreveport, LA 71101                          Effective Date: First Date of Production

The undersigned jointly certify that each Party to this agreement is the legal owner of the interest set out below and opposite (his/her/its) name of all the oil, gas liquid hydrocarbons and any and all other hydrocarbons produced from the property described below:

OPERATOR:            Sklar Exploration Company, L.L.C.
PAYOR:               Sklar Exploration Company, L.L.C.
LEASE OR UNIT NAME:  #1 Craft-Ralls 5-8 unit, being 160.00 acres of land including all of the Northeast
                     Quarter (NE/4) of Section 5, Township 4 North, Range 13 East, Conecuh County,
                     Alabama.
DESCRIPTION:         Declaration of Unit and Voluntary Pooling Agreement recorded in Deed Book
                     2008, Page 1879 of the Records of the Probate Judge's Office.
COUNTY, STATE:       Conecuh County, Alabama

The undersigned now desire by this division order and stipulation of interest to declare and establish each Parties' correct royalty interest in the above described property. The Parties hereto cross convey, ratify, stipulate, agree and declare that the royalty interest associated with the above described property is owned in the following manner, with each Party owning the undivided royalty interest, as of the Effective Date, set opposite (his/her/its) name as follows:

### DIVISION OF INTEREST AND STIPULATION OF INTEREST

| OWNER NUMBER | OWNER NAME | INTEREST OWNED |
|---|---|---|
| AVEF01 | Felita Fay Holmes<br>P.O. Box 16711<br>Pensacola, Florida 32507 | 0.00143087 RI |
| BALH01 | Hattie Mae Holmes Ball<br>5948 Piat Place<br>Centerville, Illinois 62203 | 0.00286172 RI |
| BANP01 | Pamela D. Holmes Banks<br>7905 Kershaw Street<br>Pensacola, Florida 32534 | 0.00143087 RI |
| EDWT01 | Tiffannie Richardson Edwards<br>144 Downs Lane<br>Brewton, Alabama 36426 | 0.00286172 RI |
| ELLJ01 | Johnnie Mae Holmes Ellington<br>3403 Lafayette Avenue<br>Omaha, Nebraska 68131 | 0.00286172 RI |
| GANE01 | Ella Ruth Holmes Gant<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00286172 RI |
| HALC01 | Constance M. Holmes Hale<br>215 Washington Street<br>Cantonment, Florida 32533 | 0.00047695 RI |
| HOLR03 | Richard D. Holmes<br>1707 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 RI |
| HOLR04 | Reelice Holmes<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 RI |

1

09/23/2020   16:24   8504696264                                                              PAGE   12/12

| HOLV01 | Veronica R. Holmes<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 RI |
| HOOB01 | Buice Lee Holmes Hooks<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 RI |
| JACJ02 | Joel R. Jackson<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 RI |
| MODC01 | Claudie M. Holmes Modley<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 RI |
| RICL01 | Lizzie Mae Holmes Richburg<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00286172 RI |
| STRC02 | Chiquita L. Jackson Stratford<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00047695 RI |
| STRK01 | Katherine Holmes Straughn<br>1706 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 RI |
| WOOA01 | Alice M. Holmes Woods<br>2031 North 20th Street<br>Omaha, Nebraska 68110 | 0.00286172 RI |
| WRJL01 | Larry Wright<br>905 Copeland Drive<br>Hinesville, Georgia 31313 | 0.00047695 RI |

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

The following provisions apply to each interest owner (the "Owner") who executes this agreement:

**TERMS OF SALE:** In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned will be paid in accordance with the division of interests set out above. The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order. Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENT:** From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first. (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.) Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own. *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*

**INDEMNITY:** The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.

**DISPUTE, WITHHOLDING OF FUNDS:** If a suit is filed that affects the interest of the Owner, written notice shall be given to Payor by the Owner together with a copy of the complaint or petition filed.

In the event of a claim or dispute that affects title to the division of interest set out above, Payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statute, until the claim or dispute is settled.

**TERMINATION:** Termination of this Division Order shall be effective on the first day of the month that begins after the 30th day after the date written notice of termination is received by either party.

**NOTICES:** Owner agrees to notify Payor in writing of any change in the division of interest, including changes of interest contingent on payment of money, or expiration of time.

No change of interest is binding on Payor until the recorded copy of the instrument of change, or documents satisfactorily evidencing such change are furnished to Payor at the time the change occurs.

Any change of interest shall be made effective on the first day of the month following receipt of such notice by Payor.

Any correspondence regarding this Division Order shall be furnished to the addresses listed unless otherwise advised by either party.

In addition to the legal rights provided by the terms and provisions of this Division Order, the Owner and the Payor may have certain statutory rights under the laws of the state in which the lands described above are located.

2

FROM :CONSTANCE                    FAX NO. :8504550707              Sep. 15 2020 12:48AM P2

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor:

Your Mail ID is as follows: 172144027

Case Number:

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

BAR(23) MAILID *** 000172144027 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000000393*******

CONSTANCE M. HOLMES HALE
215 WASHINGTON STREET
CANTONMENT, FL 32533-0000

## Proof of Claim (Official Form 410)
04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): **Constance M. Holmes Hale**

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**  ☐ No  ☑ Yes. From whom? **Clauzell (Daisy) Holmes**

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices and payments to the creditor be sent?

Name: **Constance M. Holmes Hale**

Number Street: **215 Washington St**

City State ZIP Code: **Cantonment FL 32533**

Country (if international): _____

Contact phone: **(850) 261-2103**

Contact email: **Candchale@yahoo.com**

Where should payments to the creditor be sent? (if different)

Name: _____

Number Street: _____

City State ZIP Code: _____

Country (if international): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____
          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☐ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor: **1930**

**7. How much is the claim?** $ **Unlimited**

Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

**Environmental / Mineral rights**

FROM :CONSTANCE                    FAX NO. :8504550707              Sep. 15 2020 12:48AM  P3

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ **Real estate.** If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____

Amount of the claim that is secured:        $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)         _____%
                              ☐ Fixed  ☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of petition.
$_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9 /14/ 20          *Constance Hale*
                  MM / DD / YYYY          Signature

Print the name of the person who is completing and signing this claim:

Name   _Constance      Maria        Hale_
       First name      Middle name      Last name

Title   _____

Company   _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _215 Washington Street_
          Number        Street
          _Cantonment         FL      32533_
          City             State      ZIP Code

Contact Phone  _(850) 679-4175_      Email _Candchale@yahoo.com_

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 1

## AFFIDAVIT OF HEIRSHIP AND MARITAL HISTORY

STATE OF Florida                     )(

COUNTY OF Escambia                   )(

Personally appeared before me, the undersigned notary public, Ella Ruth Holmes Gant, who being by me first duly sworn, deposes and says as follows:

My name is Ella Ruth Holmes Gant and my address is P.O. Box 1452, Pensacola, Florida 32591. I am over twenty-one (21) years of age and familiar with the marital history and heirship of Johnnie Holmes, deceased. I am familiar with his marital history and heirship because I am his daughter.

That Johnnie Holmes was married once during his lifetime. This marriage was to Katherine Jones Holmes in 1930. To this marriage were born the following children:

      1.)    Name: Lizzie Mae Holmes Richburg, a widow
              Date of Birth: January 12, 1931
              Last Known Address: 1150 Hawthorne Drive
                                Pensacola, Florida 32507

      2.)    Name: Hattie Mae Holmes Ball, wife of Lewis Ball
              Date of Birth: January 13, 1937
              Last Known Address: 5948 Piat Place
                                Centerville, Illinois 62203

      3.)    Name: Johnnie Mae Holmes Ellington, a widow
              Date of Birth: November 30, 1938
              Last Known Address: 3403 Lafayette Avenue
                                Omaha, Nebraska 68131

      4.)    Name: Buice Lee Holmes Hooks, wife of Eddie L. Hooks
              Date of Birth: July 23, 1940
              Last Known Address: 1618 West 106th Street
                                Los Angeles, California 90047

Last Known Address: 9647 West 106'" Street
Los Angeles, California 90047

5.)    Name: Richard D. Holmes, husband of Ella Lois Holmes

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 2

Date of Birth: August 6, 1942
Last Known Address: 1707 Johnsonville Circle
Castleberry, Alabama 36432

6.)    Name: Alice M. Holmes Woods, a divorced woman
Date of Birth: August 16, 1944
Last Known Address: 2031 North 20th Street
Omaha, Nebraska 68110

7.)    Name: Reelice Holmes, a single male
Date of Birth: December 24, 1947
Last Known Address: 1618 West 106th Street
Los Angeles, California 90047

8.)    Name: Ella Ruth Holmes Gant, wife of David L. Gant
Date of Birth: November 19, 1941
Last Known Address: P.O. Box 1452
Pensacola, Florida 32591

9.)    Name: Katherine Holmes Straughn, wife of Walter L. Straughn
Date of Birth: December 12, 1951
Last Known Address: 1706 Johnsonville Circle
Castleberry, Alabama 36432

10.)    Name: Fannie Lue Holmes Jackson
Date of Birth: November 3, 1932

Date of Birth: November 3, 1932

Date of Death: September 19, 1992

That Fannie Lue Holmes Jackson was married once during her lifetime. This marriage was to Britt Jackson, Jr. To this marriage were born the following children:

A.) Name: Joel R. Jackson, husband of Donna Jackson
    Date of Birth: January 27, 1972
    Last Known Address: 1150 Hawthorne Dr.
                    Pensacola, Florida 32507

B.) Name: Chiquita L. Jackson Stratford, wife of Donald Stratford
    Date of Birth: October 15, 1972
    Last Known Address: P.O. Box 1452
                    Pensacola, Florida 32591

This marriage ended with the death of Fannie Lue Holmes Jackson on

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 3

September 19, 1992. Fannie Lue Holmes died intestate with no administration of her estate. Britt Jackson, Jr. died intestate on November 22, 1993 with no administration of his estate.

11.) Name: Clauzell Holmes
Date of Birth: December 10, 1934
Date of Death: February 1, 1995
The following illegitimate child was born of Clauzell Holmes:

A.) Name: Larry Wright, a single man
Date of Birth: May 15, 1955
Last Known Address: 905 Copeland Drive
Hinesville, Georgia 31313

To the best of my knowledge, Clauzell Holmes acknowledged his illegitimate son, Larry Wright. Further, the family has acknowledged that Larry Wright is a presumed heir of Clauzell Holmes.

That Clauzell Holmes was married once during his lifetime. This marriage was to Daisy Lee Holmes. To this marriage were born the following children:

B.) Name: Pamela D. Holmes Banks, wife of Michael Banks
Date of Birth: May 26, 1960
Last Known Address: 7905 Kershaw Street
Pensacola, Florida 32534

C.) Name: Felita Fay Holmes, a single woman
Date of Birth: October 29, 1966
Last Known Address: P.O. Box 16711
Pensacola, Florida 32507

D.) Name: Constance M. Holmes Hale, wife of Carl Hale
Date of Birth: March 30, 1968
Last Known Address: 215 Washington Street
Cantonment, Florida 32533

E.) Name: Claudie M. Holmes Modley, a separated woman
Date of Birth: May 27, 1971
Last Known Address: 1160 Hawthorne Drive

FROM :CONSTANCE                    FAX NO. :8504550707              Sep. 15 2020 01:15AM  P3

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 4

Pensacola, Florida 32507

F.) Name: Veronica R. Holmes, a single woman
   Date of Birth: October 13, 1973
   Last Known Address: 1160 Hawthorne Drive
                   Pensacola, Florida 32507

The marriage of Daisy Lee Holmes ended with the death of Clauzell Holmes
on February 1, 1995.  Clauzell Holmes died intestate with no administration
of his estate.  Daisy Lee Holmes died intestate on August 6, 2006.

12.)   Name: Daniel Earl Holmes
       Date of Birth: August 17, 1959
       Date of Death: January 18, 1999
       The following illegitimate child was born of Daniel Earl Holmes:

       A.) Name: Tiffannie Richardson Edwards, wife of Shannon Edwards
          Date of Birth: August 29, 1982
          Last Known Address: 144 Downs Lane
                       Brewton, Alabama 36426

                   To the best of my knowledge, Daniel Earl Holmes
                   acknowledged his illegitimate daughter, Tiffannie Richardson
                   Edwards.   Further, the family has acknowledged that
                   Tiffannie Richardson Edwards is a presumed heir of Daniel
                   Earl Holmes.

       Daniel Earl Holmes died intestate with no administration of his estate.

These were the only twelve children born of the marriage between Johnnie Holmes and Katherine
Jones Holmes.  No children were adopted nor were any other children cared for in the home.  This
marriage ended with the death of Johnnie Holmes on January 7, 1982.  Johnnie Holmes died intestate
on January 7, 1982 and there was no administration upon his estate.  Katherine Jones Holmes died
intestate on December 10, 1983 and there was no administration upon her estate.

       That to the best of my knowledge, the individuals named above are all of the surviving heirs
of Johnnie Holmes, deceased.

       Further affiant saith not.

My Commission Expires Aug 25, 2008
Commission # DD 349739
Bonded By National Notary Assn.

NOTARY PUBLIC

[affix notarial seal]

My commission expires: _8/25/08_

This instrument prepared by:

_____
_____
_____
_____

**Exploration Company LLC**

September 9, 2008

**VIA U.S. MAIL TO:**
Purported Heirs and Presumed Heirs
of Johnnie Holmes

Re:   **Division Order and Stipulation of Interest;** SEC
– Craft Ralls 5-8 #1;  Northeast Quarter (NE/4) of
Section 5, Township 4 North, Range 13 East,
Conecuh County, Alabama.

Dear Interest Owner:

Enclosed is an original and one copy of your "Division Order and Stipulation of Interest" (the "Agreement").  Said Agreement was drafted based on the Division Order Title Opinion as well as information provided to us by the Holmes family, specifically, information found in the "Affidavit of Heirship and Marital History" by Ella Ruth Holmes Gant, dated *July 22, 2008* (the "Affidavit"), a copy of which is enclosed.  Said Affidavit sets forth the marital history and heirship of Johnnie Holmes, who died January 7, 1982.

For many months, we have been receiving calls from the family regarding payments to the heirs.  We have asked for sufficient information to establish the heirship of Daniel Earl Holmes and Clauzell Holmes.  We have also asked the purported heirs and



**Exploration Company LLC**

September 9, 2008

**VIA U.S. MAIL TO:**
Purported Heirs and Presumed Heirs
of Johnnie Holmes

Re:  **Division Order and Stipulation of Interest; SEC
– Craft Ralls 5-8 #1; Northeast Quarter (NE/4) of
Section 5, Township 4 North, Range 13 East,
Conecuh County, Alabama.**

Dear Interest Owner:

Enclosed is an original and one copy of your "Division Order and Stipulation of Interest" (the "Agreement"). Said Agreement was drafted based on the Division Order Title Opinion as well as information provided to us by the Holmes family, specifically, information found in the "Affidavit of Heirship and Marital History" by Ella Ruth Holmes Gant, dated *July 22, 2008* (the "Affidavit"), a copy of which is enclosed. Said Affidavit sets forth the marital history and heirship of Johnnie Holmes, who died January 7, 1982.

For many months, we have been receiving calls from the family regarding payments to the heirs. We have asked for sufficient information to establish the heirship of Daniel Earl Holmes and Clauzell Holmes. We have also asked the purported heirs and presumed heirs to institute a formal proceeding or to probate the successions of Daniel Earl Holmes and Clauzell Holmes. However, various family members told us that they could not afford an attorney. Alternatively, Ella Ruth Holmes Gant offered to provide us with the Affidavit. In an effort to resolve these issues and to clarify ownership of the interests, we offer the Agreement to you.

If all of the family members, purported heirs, and presumed heirs of Johnnie Holmes, as identified by the Affidavit, are willing to agree and stipulate to their own interest and the interests of each other, we are willing to make payment to said heirs and presumed heirs. The enclosed Agreement sets forth your interest effective March 11, 2008 in the above referenced well in Conecuh County, Alabama. Please verify your address and other personal information in the Agreement, making any necessary corrections in the space provided. Also, remember to provide your social security number.

*tel:* 318.227.8668 • *fax:* 318.227.9012 • 401 Edwards Street, Ste 1601 • Shreveport, Louisiana 71101

Please handle your original Agreement as per the enclosed instruction sheet.  A copy is provided for your records.  Do not hesitate to contact my office should you have any questions regarding your interest in the said document.

Sincerely,

By:

Katy R. Smith
Lease Analyst

FROM : CONSTANCE                    FAX NO. :8504550707              Sep. 15 2020 01:18AM  P3

## DIVISION ORDER AND STIPULATION OF INTEREST

**TO**: Sklar Exploration Company, L.L.C.      **Property Name:** Sklar Exploration Company, L.L.C.
401 Edwards Street, Suite 1601         **#1 Craft-Ralls 5-8**
Shreveport, LA 71101          Effective Date:   First Date of Production

COPY

     The undersigned jointly certify that each Party to this agreement is the legal owner of the interest set out below and opposite (his/her/its) name of all the oil, gas liquid hydrocarbons and any and all other hydrocarbons produced from the property described below:

| | |
|---|---|
| OPERATOR: | Sklar Exploration Company, L.L.C. |
| PAYOR: | Sklar Exploration Company, L.L.C. |
| LEASE OR UNIT NAME: | #1 Craft-Ralls 5-8 unit, being 160.00 acres of land including all of the Northeast Quarter (NE/4) of Section 5, Township 4 North, Range 13 East, Conecuh County, Alabama. |
| DESCRIPTION: | Declaration of Unit and Voluntary Pooling Agreement recorded in Deed Book 2008, Page 1879 of the Records of the Probate Judge's Office. |
| COUNTY, STATE: | Conecuh County, Alabama |

     The undersigned now desire by this division order and stipulation of interest to declare and establish each Parties' correct royalty interest in the above described property.  The Parties hereto cross convey, ratify, stipulate, agree and declare that the royalty interest associated with the above described property is owned in the following manner, with each Party owning the undivided royalty interest, as of the Effective Date, set opposite (his/her/its) name as follows:

### DIVISION OF INTEREST AND STIPULATION OF INTEREST

| OWNER NUMBER | OWNER NAME | INTEREST OWNED |
|---|---|---|
| AVEF01 | Felita Fay Holmes<br>P.O. Box 16711 | 0.00143087 RI |

|         |                                                                                  |                 |
|---------|----------------------------------------------------------------------------------|-----------------|
|         | P.O. Box 16711<br>Pensacola, Florida 32507                                       |                 |
| BALH01  | Hattie Mae Holmes Ball<br>5948 Piat Place<br>Centerville, Illinois 62203         | 0.00286172 RI   |
| BANP01  | Pamela D. Holmes Banks<br>7905 Kershaw Street<br>Pensacola, Florida 32534        | 0.00143087 RI   |
| EDWT01  | Tiffannie Richardson Edwards<br>144 Downs Lane<br>Brewton, Alabama 36426         | 0.00286172 RI   |
| ELLJ01  | Johnnie Mae Holmes Ellington<br>3403 Lafayette Avenue<br>Omaha, Nebraska 68131   | 0.00286172 RI   |
| GANE01  | Ella Ruth Holmes Gant<br>P.O. Box 1452<br>Pensacola, Florida 32591               | 0.00286172 RI   |
| HALC01  | Constance M. Holmes Hale<br>215 Washington Street<br>Cantonment, Florida 32533   | 0.00047695 RI   |
| HOLR03  | Richard D. Holmes<br>1707 Johnsonville Circle<br>Castleberry, Alabama 36432      | 0.00286172 RI   |
| HOLR04  | Reelice Holmes<br>1618 West 106th Street<br>Los Angeles, California 90047        | 0.00286172 RI   |

1

| HOLV01 | Veronica R. Holmes<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 RI |
|--------|------------------------------------------------------------------------|---------------|
| HOOB01 | Buice Lee Holmes Hooks<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 RI |
| JACJ02 | Joel R. Jackson<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 RI |
| MODC01 | Claudie M. Holmes Modley<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 RI |
| RICL01 | Lizzie Mae Holmes Richburg<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00286172 RI |
| STRC02 | Chiquita L. Jackson Stratford<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00047695 RI |
| STRK01 | Katherine Holmes Straughn<br>1706 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 RI |

FROM : CONSTANCE                    FAX NO. :8504550707           Sep. 15 2020 01:21AM  P1

| | | | |
|---|---|---|---|
| 'HOLV01 | Veronica R. Holmes<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| HOOB01 | Buice Lee Holmes Hooks<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 | RI |
| JACJ02 | Joel R. Jackson<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| MODC01 | Claudie M. Holmes Modley<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| RICL01 | Lizzie Mae Holmes Richburg<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00286172 | RI |
| STRC02 | Chiquita L. Jackson Stratford<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00047695 | RI |
| STRK01 | Katherine Holmes Straughn<br>1706 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 | RI |
| WOOA01 | Alice M. Holmes Woods<br>2031 North 20th Street<br>Omaha, Nebraska 68110 | 0.00286172 | RI |
| WRIL01 | Larry Wright<br>905 Copeland Drive<br>Hinesville, Georgia 31313 | 0.00047695 | RI |

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

The following provisions apply to each interest owner (the "Owner") who executes this agreement:

**TERMS OF SALE:** In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned shall be paid in accordance with the division of interests set out above. The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order. Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENT:** From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first. (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.) Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own. *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*

**INDEMNITY:** The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.

**DISPUTE, WITHHOLDING OF FUNDS:** If a suit is filed that affects the interest of the Owner, written notice shall be given to Payor by the Owner together with a copy of the complaint or petition filed.

In the event of a claim or dispute that affects title to the division of interest set out above, Payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statute, until the claim or dispute is settled.

**TERMINATION:** Termination of this Division Order shall be effective on the first day of the month that begins the 30th day after the date written notice of termination is received by either party.

**NOTICES:** Owner agrees to notify Payor in writing of any change in the division of interest, including changes of interest contingent on payment of money, or expiration of time.

No change of interest is binding on Payor until the recorded copy of the instrument of change, or documents satisfactorily evidencing such change are furnished to Payor at the time the change occurs.

Any change of interest shall be made effective on the first day of the month following receipt of such notice by Payor.

Any correspondence regarding this Division Order shall be furnished to the addresses listed unless otherwise advised by either party.

In addition to the legal rights provided by the terms and provisions of this Division Order, the Owner and the Payor may have certain statutory rights under the laws of the state in which the lands described above are located.

2

E

M

A

I

L

E

D

_____Geoff Zahm_____          _____9/24/2020_____

CASE MANAGER                              DATE

Sep/23/2020 11:01:10 AM                    Kaiser Permanente 562-658-4143                                    7/8

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor: SKLAR EXPLORATION CO LLC

Case Number: 20-12377

To submit your form online please go to https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144297

BAR(23) MAILID *** 000172144297 ***
SKR (CREDITOR.OBF,CREDNUM)CRFIXN(tra # 1000000312**...)

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in P— [bazitini.t] below.

Deloria Lasha Hooks
6241 Verdura Avenue
Long Beach, CA 90805

For Court Use Only

RECEIVED

SEP 24 2020

LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR                    0000000192                    04/19

**Proof of Claim (Official Form 410)**

Read the instructions before filling out this form. This form is intended to help you make a claim for—
under 503(b)(9), do not use this form to make a request for payment of an administ—                           § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any
documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments,
mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available,
explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

**Part 1:     Identify the Claim**

| | |
|---|---|
| 1.   Who is the current creditor?<br>Name of the current creditor (the person or entity to be paid for this claim): | The Bruce Lee Hooks Family Trust |
| Other names the creditor used with the debtor: | Bruce Lee Holmes-Hooks |
| 2.   Has this claim been acquired from someone else?   ☐ No  ☐ Yes.   From whom? | |

| 3.   Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | | 4.   Does this claim amend one already filed?   ☑ No |
|---|---|---|
| Where should notices to the creditor be sent?<br><br>Name<br>6241 Verdura Ave<br>Number  Street<br>Long Beach  CA  90805<br>City  State  ZIP Code<br>Country (if international):<br>Contact phone: 323) 490-9495<br>Contact email: Deloria.3@me.com | Where should payments to the creditor be sent? (if different)<br><br>Name<br><br>Number  Street<br><br>City  State  ZIP Code<br>Country (if international):<br>Contact phone:<br>Contact email: | ☐ Yes.  Claim number on court claims register (if known):<br>Filed on ____ MM / DD / YYYY<br><br>5.   Do you know if anyone else has filed a proof of claim for this claim?<br>☑ No<br>☐ Yes.  Who made the earlier filing? |

**Part 2:     Give Information About the Claim as of the Date the Case Was Filed**

| 6.   Do you have any number you use to identify the debtor? | 7.   How much is the claim? | 8.   What is the basis of the claim? |
|---|---|---|
| ☑ No<br>☐ Yes.   Last 4 digits of the debtor's account or any number you use to identify the debtor:<br>____ ____ ____ ____ | $ undetermined<br><br>Does this amount include interest or other charges?<br>☐ No<br>☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Enviromental |

Sep/23/2020 11:01:10 AM                    Kaiser Permanente 362-658-4143                              8/8

**9. Is all or part of the claim secured?**

☑ No

☐ Yes   The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____%
                            ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. Amount necessary to cure any default as of the date of petition.

$    0.00

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  9/23/2020        Signature _____
                 MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name  Deloria   Lasha   Hooks
      First name   Middle name   Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  6841 Verdura Avenue
         Number      Street
         Long Beach        CA        90805
         City             State      ZIP Code

Contact Phone 323)490-9495    Email Deloria3@nxe.com

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# *ACH Payment*

Buice Lee Holmes Hooks                                                Account: HOOB01
PO Box 8951
Los Angeles, CA  90008

| From: | Sklar Exploration Co., L.L.C. | For Checks Dated 04/29/2020 |
|---|---|---|
| To: | Buice Lee Holmes Hooks | Account: HOOB01   Page   1 |

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|---|---|---|---|---|---|---|
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 02/2020 | CND | $/BBL:41.74 | 177.41 /0.10 | Condensate Sales: | 7,405.90 | 4.24 |
| | Roy NRI: | 0.00057273 | | Production Tax - Condensate: | 370.76- | 0.21- |
| | | | | Other Deducts - Condensate: | 1,226.25- | 0.70- |
| | | | | Net Income: | 5,808.87 | 3.33 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 02/2020 | GAS | $/MCF:1.17 | 8,870 /5.08 | Gas Sales: | 10,335.07 | 5.92 |
| | Roy NRI: | 0.00057273 | | Production Tax - Gas: | 620.11- | 0.36- |
| | | | | Net Income: | 9,714.96 | 5.56 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 02/2020 | OIL | $/BBL:52.26 | 2,556.24 /1.46 | Oil Sales: | 133,692.94 | 76.51 |
| | Roy NRI: | 0.00057273 | | Production Tax - Oil: | 7,662.82- | 4.39- |
| | | | | Other Deducts - Oil: | 5,879.35- | 3.36- |
| | | | | Net Income: | 120,050.77 | 68.76 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 02/2020 | OIL | $/BBL:50.18 | 1,414.32 /0.81 | Oil Sales: | 70,945.12 | 40.63 |
| | Roy NRI: | 0.00057273 | | Production Tax - Oil: | 5,675.62- | 3.25- |
| | | | | Net Income: | 65,269.50 | 37.38 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 02/2020 | PRG | $/GAL:1.47- | 39,112 /22.40 | Plant Products - Gals - Sales: | 57,507.34- | 32.94- |
| | Roy NRI: | 0.00057273 | | Net Income: | 57,507.34- | 32.94- |

Amount to be transferred to your account (xxxxxxxx0875)

Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.

| Owner# | Check# Date | Gross Revenue | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---|---|---|---|---|---|---|---|
| HOOB01 | E000008171 | Check Totals: | | 94.36 | 12.27 | | 82.09 |
| | 04/29/2020 | 2020 Totals: | | 395.51 | 47.97 | | 347.54 |

E
M
A
I
L
E
D

_____Geoff Zahm_____         _____9/24/2020_____

CASE MANAGER                                DATE

Sep 01 20 05:14p     H.Fitten                                           757-8383729                    p.2

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor: SKLAR EXPLORATION Co; L.L.C.
Case Number: 20-12377

Your Mail ID is as follows: 172145543

For Court Use Only    **RECEIVED**

SEP 24 2020

**LEGAL SERVICES**

BAR(23) MAILID *** 000172145543 ***
SKR (CREDITOR.DBF, CREDNUM)CREDNUM # 1000001147***

☐ Check box if
the address on
the envelope
sent to you by
the court needs
to be updated.
Identify your
replacement
address in Part 3
(Section 3)
below.

DOROTHEA JANET FITTEN
7 Viper Lt.
Hampton, VA. 23666

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

0000000193    04/19

# Proof of Claim (Official Form 410)

SKR

Read the instructions before filling out this form. This form is for making a claim for pay~~ment~~
under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any
documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments,
mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available,
explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1.  Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): DOROTHEA JANET FITTEN

Other names the creditor used with the debtor:

**2.  Has this claim been acquired from someone else?**   ☒ No   ☐ Yes.   From whom?

**3.  Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| DOROTHEA JANET FITTEN<br>Name<br>7 Viper Lt.<br>Number       Street<br>Hampton, VA. 23666<br>City          State       ZIP Code<br>Country (if international): _____<br>Contact phone: 757-581-7596<br>Contact email: fittenjb4@gmail.com | Name<br>Number       Street<br>City          State       ZIP Code<br>Country (if International): _____<br>Contact phone: _____<br>Contact email: _____ |

**4.  Does this claim amend one already filed?**
☒ No
☐ Yes.   Claim number on court
claims register (if known) _____
Filed on _____
MM / DD /YYYY

**5.  Do you know if anyone else has filed a
proof of claim for this claim?**
☒ No
☐ Yes.  Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6.  Do you have any number you use to
identify the debtor?**
☒No
☐ Yes.
Last 4 digits of the debtor's account or any
number you use to identify the debtor:
_____

**7.  How much is the claim?**
$ Undetermined
Does this amount include interest or other
charges?
☐ No
☐ Yes.  Attach statement itemizing interest, fees,
expenses, or other charges required by
Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed,
personal injury or wrongful death, or credit card. Attach redacted
copies of any documents supporting the claim required by Bankruptcy
Rule 3001(c). Limit disclosing information that is entitled to privacy,
such as health care information.

ENVIRONMENTAL



**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: ____________

Basis for perfection: ____________

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $__________

Amount of the claim that is secured: $__________

Amount of the claim that is unsecured: $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $__________

Annual Interest Rate (when case was filed) ________%

☐ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes. Amount necessary to cure any default as of the date of petition. $ 0.00

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: ____________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $__________ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $__________ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $__________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $__________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $__________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies. | $__________ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $__________

**Part 3: Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 08/27/2020 (MM / DD / YYYY) Signature: Dorothea Janet

Print the name of the person who is completing and signing this claim:

Name: Dorothea (First name) Janet (Middle name) Fitten (Last name)

Title: ____________

Company: ____________ Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 7 Viper St. (Number, Street)

Hampton, VA. 23666 (City, State, ZIP Code)

Contact Phone 757.581.7596 Email fittenj64@gmail.com

(2)

[redacted] [redacted] [redacted] [redacted]

Sep 01 20 05:14p     H.Fitten                                    757-8383729                p.4

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

Proof of Account ID

# ACH Payment

①

Dorothea Janet Fitten                                                    Account: FITD01
7 Viper Court
Hampton, VA 23666

③

Sep 01 20 05:15p        H.Fitten                                    757-8383729                         p.5

From:  Sklar Exploration Co., L.L.C.                                    For Checks Dated 04/29/2020
To:    Dorothea Janet Fitten                                           Account: FITD01    Page  1

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|----------|------|-----------|--------------|-------------|--------------|------------|
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 01/2020 | CND | $/BBL:51.27 | 97.91 /0.02 | Condensate Sales: | 5,019.69 | 0.96 |
|  | Roy NRI: | 0.00019091 |  | Production Tax - Condensate: | 264.90- | 0.05- |
|  |  |  |  | Other Deducts - Condensate: | 604.63- | 0.12- |
|  |  |  |  | Net Income: | 4,150.16 | 0.79 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 02/2020 | CND | $/BBL:41.74 | 177.41 /0.03 | Condensate Sales: | 7,405.90 | 1.41 |
|  | Roy NRI: | 0.00019091 |  | Production Tax - Condensate: | 370.78- | 0.07- |
|  |  |  |  | Other Deducts - Condensate: | 1,226.25- | 0.23- |
|  |  |  |  | Net Income: | 5,808.87 | 1.11 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 01/2020 | GAS | $/MCF:1.98 | 6,651 /1.27 | Gas Sales: | 13,200.33 | 2.52 |
|  | Roy NRI: | 0.00019091 |  | Production Tax - Gas: | 792.02- | 0.15- |
|  |  |  |  | Net Income: | 12,408.31 | 2.37 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 02/2020 | GAS | $/MCF:1.17 | 8,870 /1.69 | Gas Sales: | 10,335.07 | 1.97 |
|  | Roy NRI: | 0.00019091 |  | Production Tax - Gas: | 620.11- | 0.12- |
|  |  |  |  | Net Income: | 9,714.96 | 1.85 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 01/2020 | OIL | $/BBL:59.46 | 3,509.77 /0.67 | Oil Sales: | 208,702.86 | 39.84 |
|  | Roy NRI: | 0.00019091 |  | Production Tax - Oil: | 12,037.82- | 2.29- |
|  |  |  |  | Other Deducts - Oil: | 8,072.47- | 1.55- |
|  |  |  |  | Net Income: | 188,592.57 | 36.00 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 01/2020 | OIL | $/BBL:57.36 | 651.36 /0.12 | Oil Sales: | 37,363.94 | 7.13 |
|  | Roy NRI: | 0.00019091 |  | Production Tax - Oil: | 2,989.12- | 0.57- |
|  |  |  |  | Net Income: | 34,374.82 | 6.56 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 02/2020 | OIL | $/BBL:52.26 | 2,556.24 /0.49 | Oil Sales: | 133,592.94 | 25.50 |
|  | Roy NRI: | 0.00019091 |  | Production Tax - Oil: | 7,662.82- | 1.46- |
|  |  |  |  | Other Deducts - Oil: | 5,879.35- | 1.12- |
|  |  |  |  | Net Income: | 120,050.77 | 22.92 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 02/2020 | OIL | $/BBL:50.16 | 1,414.32 /0.27 | Oil Sales: | 70,945.12 | 13.54 |
|  | Roy NRI: | 0.00019091 |  | Production Tax - Oil: | 5,675.62- | 1.08- |
|  |  |  |  | Net Income: | 65,269.50 | 12.46 |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 01/2020 | PRG | $/GAL:1.66- | 30,436 /5.81 | Plant Products - Gals - Sales: | 50,513.09- | 9.64- |
|  | Roy NRI: | 0.00019091 |  | Net Income: | 50,513.09- | 9.64- |
| **LEASE: (1LIT02) Little Cedar Creek Oil Unit #2    County: CONECUH, AL** | | | | | | |
| 02/2020 | PRG | $/GAL:1.47- | 39,112 /7.47 | Plant Products - Gals - Sales: | 57,507.34- | 10.98- |
|  | Roy NRI: | 0.00019091 |  | Net Income: | 57,507.34- | 10.98- |

Amount to be transferred to your account (xxxxxx5543)

| Owner#: | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---------|-------------|----------------|---------|---------|------------|-------------|------------|
| FITD01 | E000008128 | Check Totals: |  | 72.25 | 8.81 |  | 63.44 |
|  | 04/29/2020 | 2020 Totals: |  | 131.81 | 15.97 |  | 115.84 |



## Lease Purchase Report AL-CO-NB-0098 A

| | |
|---|---|
| Lessor(s): | Lizzie Mae Holmes Richburg |
| | RICL 01 |
| or Tax ID#: | 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 |
| Address: | 1150 Hawthorne Drive<br>Pensacola, FL 32508 |
| Surface owner: | |
| Prospect: | North Beach |
| County/Parish: | Conecuh |
| Lessee: | Gulf Exploration Company, LLC, P. O. Box 16044, Jackson, Mississippi 39236 |

Lease #: 98

Phone #:

State: Alabama

Lease date: 7/13/2004   Effective Date: 7/13/2004   Term: 5 yr

Expiration Date: 7/13/2009   First Rental Due: P/U

Acq. Date:

Recorded: Book                                PG:

Form 1099 (Y/N)   No

Royalty: 3/16

Overriding Royalty:

| Description Section Twn. & Rn | Tract Number | Gross Acres | Mineral Int. | Net Acres |
|---|---|---|---|---|
| Township 4 North, Range 13 East sec. 5:<br>NENE | 1.00 & 2.00 | 40.0000 | 0.08333 | 3.33330<br>0.00000<br>0.00000<br>3.33330 |

Acquired From:

Counterpart Leases:

Total Bonus:

Bonus Per Acre:

Total Rental:

Rental Per Acre:

5

| Remarks: | | : Royalty in Kind | | : Developed Acreage |
|---|---|---|---|---|
| | | : Continuous Development | £ x | (See remarks) |

Intent clause

Prepared By: _____    Date: _____ 8/11/2004

Joe Dunlap



Sep 01 20 05:15p    H.Fitten                                    757-8383729                    p.8
Sep 01 20, 04:46p ·    JER and SMR Richburg                    1-951-272-6715                p.12

Lessor (whether one or more), whose address is: 1150 Hawthorne Drive, Pensacola Florida 32507 and Craft Exploration Company, LLC. p. O, 16084, Jackson, Mississippi 39236 lessee,

WITNESSETH:

1. Lessor, in consideration which is hereby acknowledged, the land covered hereby for the exclusive ri ht of exploring, drilling, ... producing and awant pipe (oss oil, other minerals (whether or not similar to those mea water, once), construct/roads to either with the right to canals, make curve build s on said land, lay establish and utilize facilities for surface or subsurface disposal of salt and bridges, dig ..., tanks, power stations, power lines, telephone lines transporting minerals produced from the land covered hereby or any other land adjacent thereto. The land covered ... y,

located in the County of _____

described as follows: _____ Stete of _____ Conecuh    Alabama    and is

Section 5-         the Northeast Quarter of the Northeast Quarter (NE/4 of NE/4), containing 40 acres, more or less.

Notwithstanding anything contained herein to the contrary, wherever the fraction one-eighth (1/8th) appears in Paragraph 3 below it is hereby changed to read threesixteenths in each and every instance.

It is the intention of the Lessor to lease to the Lessee and the Lessor does hereby lease unto the Lessee all mineral interest owned or claimed in the Northeast Quarter of Section 5, Township 4 North, Range 13 East, Conecuh County, Alabama.

This lease also covers and includes, in addition to that above described, all land, if any, contiguous or adjacent to or adjoining the land above described and (a) acquisition owned or Lessor claimed agrees by lessor to execute by limitation, any supplemental prescription. Instrument possession, reserted revet-sions by or lessee unrecorded for a mere instrument complete or or (b) occumes as to which description lessor of has said a fixed. reference For the right por-of pose of determining the amount of an whether actually more or less, and the above bonus recital or of other acreage payment in any hereunder, tract shall said be deemed land shall to be the deemed true acreage to containt hereof. Lessor accepts 40the bones as acres,lump sum consideration for this lease and all rights, and options thereunder.

2.   Unless sooner terminated or longer kept in force under other provisions hereof, this lease shall remain in force for a term of Five (5) years from the date hereof, hereinafter called "primary term", and as long thereafter as operations, as hereinafter defined, are conducted upon said land with no cessation for more than ninety (90) consecutive days.

3.   As royalty, lessee covenants and agrees: (a) To deliver to the credit of lessor, in the pipe line to which lessee may connect its wells, the equal one-eighth part of all oil produced and saved by lessee from said land, or from time to time, at the option of lessee, to pay lessee the average posted market price of such one-eighth part of such 01 l at the wells as of the day it is run to the pipe line or storage tanks, lessgh lessoEs %USS/lessee interest. In either case, to bear one-eighth of the cost of treating oil to render it marketable pipe. line 01 l; (b) To pay lessor on gas and casinghead off said land or in the manufacture of one-eighth of the amount realized by lessee feum said land, computed at the mouth/off the w gasoline or other products b the market value, at the mouth of the well, of one-ci or vc/Es ith st of the such welFor as ang nunc casin at ctsce's head gng erection. (c) To pay except lessor that on on all sulphur other minerals mined mined and reserved marketed or utilized lessee from said land, one-tenth either in kind kreted the royalty shall be One dollar ($1.00) per Ion ton. If, at the expiration of the primary term or at any time or times thereafter, there it any well on said land or on lands with which said land or any portion thereof has been pooled, capable of being producing gng or any other mineral covered hereby, and if such wells are shut-in, this lease shall, nevertheless, continue in force as though operations were being conducted on said land for so long as said wans are shut-in and thereafter this lease may be continued in force as if no shut-in had occurred. Lessee covenants and agrees to use reasonable diligence to reduce, utilize, or market the minerals well facilities as able and of ordinary being produced lease facilities front and of flow wells, lines, but in separator, the exercise and of lease such task, diligence, and shall lessee not shall be required not be to obll ga used to labor to install trouble or furnish or to marketfacoll- fies other than all such wells are shut-in fora period of ninety consecutive da s, and are no operations on said land, then at or of said ninety day period, lessee shall pay or tender, by dock or draft of lessee as royalty, a sum equal to one dollar ($1.00) for each acre of land then covered hereby. Lessee shall make like payments or tenders at or before the end of each anniversary of the rngth. ex Each fixtion of said ninety day period if upon such anniversary this lease is being continued in force solely by reason of the provisions of this sub-para under this such payment or tender shall be msere to the pailing who at the time of payment would be entitled to receive the royalties which would be paid lease if the wells were producing, or may be deposited to such parties credit in the _____ pay DIRECT TO LESSOR AT. ABOVE ADDRESS. Bank _____ onor  its  successors,  which  shall  continue as the depositories, regardless of changes in the owners po 9 lease-op 1y. at any one t 1 essee pays or tenders shot-in royalty, two or more parties are, or claim to be, entitled to receive same, lessee may, in lieu of any othe method of payment herein provided, pay or tender such shut-in royalty, to the manner above specified, either jointl to such parties or separately to each in accordance with their respective ownerships thereof, as lessee may elect. Any pa lessee deposited in the mail or delivered to the party entitled to receive payment or to a depository bun date for payment. Nothing herein shall impair lessee's right to release as provided in paragraph 5 hereof. In the event of assignment of this lease in whole or is part, liability for payment hereunder shall vest exclusively on the then owner or owners of this lease, severally as to the acreage owned by each.

4.  Lessee is hereby granted the right at its option, to pool or unitize all or any part of said land and of this lease as to any or all minerals or horizons thereunder, with which other lands, lease or cases, or ceson or portions thereof, or stratal or horizon thereunder, so as to establish units containing not more than 80 surface acres plus 10% acreage tolerance; provided, however, a unit may be established or an existing unit may be enlarged to contain not more than 640 acres plus 10% acreage tolerance, if utilized only as to gas or only as to gas and li oil hydrocarbons (condensate) which are not a liquid in the subsurface reservoir. If larger units are permitted, under any governments! rule or order, for drilling or operation of a well at a regular location, or for obtaining maximum allowable, from any well to be drilled, drilling, or already drilled, such an Assised such unit may be established or enlarged, to conform to the size permitted by such order. overmented in the public order office or in rule. which Lesstee this shall lease exercise is recorded. said Each option of an said to options may be unit exercised by excution by lessee an instrument from time identifying to time, and such whether unit and before filing or is afterfor production has been established either on said land or on the portion of said land included in the unit or on other land unitized therewith and any such unit may include any well to be drilled, being drilled or drilled complete ly, completed. A unit established hereunder shall be valid and effective for all purposes of this lease even though there may be land or mineral, land or shall atry or leasehold interests in land within the unit which are not pooled or unitized. Any operations conshsll be allocated to the land covered by this lease included ls any such unit that shall be deemed to be conducted on any part of such unitized be considered, for al l purposes, except the payment ro flous wells in the ducted on any part of such unitized be considered, for al l purposes, except the payment unit, after dedooing any s end in lease or unit operations, which the number of surface acres in the land covered by this lease included VeSiered in the unit hereb9 bears to the total numbers of surface acres in the unit. The production so allocated shall be considered for and ridin royalty, and any other payments out of production, to be the entire production of unitize na incle nd in each unit in the same manner as though produced from said Land under the terms

| Sep 01 20 05:16p | H.Fitten | 757-8383729 | p.9 |
|---|---|---|---|
| Sep 01 20, 04:46p | JER and SMR Richburg | 1-951-272-6715 | p.13 |

charge the rights or of division leases, in including, the ownership but not of limited said land, to, the royalties, location or and other drilling moneys, of or were any part and thereof, the measurement howsoever of effectve pro uction, shall increase Notwithstanding the obligations any other or diminishactual or

constructive knowledge or notice thereof of or to Lessee, its successors or assigns, no change or division in the ownership of said land or of the royalties, or other moneys, or the right to receive the same, howsoever effected, shall be binding upon the thes record owner of this lease until thirty (30) days after there has been furnished to such record owner at his or its principal place of business by lessor or lessee's heirs, successors, or assigns, notice of such change or division, supported by either originals or duly certified copies of the instruments which have been properly filed for record and which evidence such change or division, and of such court records and proceedings, transcripts, or other documents as shall be necessary in the 'opinion of such record owner to establish the validity of such change or division. If any such change in ownership occurs by reason of the death of the owner, lessee may, nevertheless, pay or tender such royalties, or other moneys, or part thereof, to the credit of the decedent in a depository bank provided for above.

9.   In the event lessor considers that if a lessee has not complied with all its obligations hereunder, both express and implied, lessor shall notify lessee in writing, setting out specifically in what respec lessee has breached this contract. Lessee shall then have sixty (60) days after receipt of said notice within which to meet or commence to meet all or any pa of the breaches alle ed by lessor. The service of said notice shall be precedent to the bringing of any action

aimed to meet all or any of the aliovej breaches shall be deemed an admission or presumption that lessee has failed to perform all its obli ations hereunder. Should it be asserted in any notice given to the lessee under the provisions of this                                    ah the service of said notice nor the doing of any acts by lessee

changing its obligations as to which lessee ve been judicially determined to be in default. If this lease is cancelled for any cause, it a I nevertheless remain in force and effect as to (I) sufficient acre ge around each well as to which there are operations to constitute a drilling or maximum allowable unit under applicable governmental regulations, (but a no event less than forty acres), such acreage to be designated by lessee as nearly as practicable in the form of a square centered at the well, or in suc shape as then existing spacing rules permit; and (2) any part of said land included in a pooled unit on which there are operations. Lessee shall also have such easements on said land as are necessary to operations on t s acreage so related.

10. Lessor hereby warrants and agree to defend title to said land against the claims of all persons whomsoever. Lessor's rights and interests hereunder shall be char primarily with any mort s es, taxes or other fions, or interest and other charges on said land, but lessor agrees that lessee shall have the right at any me to pay or reduce same c essor, eith r before or after maturity and be subrogated to the rights of the holder thereof and to deduct amounts so paid from royalties or other ayments payable or which may become payable to lessor or r assigns under this lease, Lessee is hereby given the right to acquire for its own benefit, deeds, leases, such or ssei outstanding interests covering any interest or claim in said land which lessee or any other party oncies is outstanding and not covered hereby and even though interest or claim be invalid or adverse to lessor. If this lease covers a fless interest in the oil, gas sulphur, or other minerals in all or any part of said land than + the entire and undivided fle simple estate (whether lessoofs interest is herein specified or not; or no interest therein, then the royalties, and other non" accruing from anx part to which this lease covers less than such full interest, shall be paid only in the proporrtion which the interest therein, if any, covered by this lease, ears to the whole and undivided fee simple estate therein. All royalty interest covered it without b this regard lease to (whether whether or it is not executed owned by by these lessor) named shall berean be paid as out lessor of the royalty herein provided. This lease shall be binding upon each party who executes

11. If, while this lease is in force, at, or after the expiration of the primary term hereof, it is not being continued in force by reason of the shut-in well provisions of paragraph 3 hereof, and lessee is not conducting operations on said land by reason of (1) any law order, rule or regulation, (whether or not subsequently determined to be invalid) or (2) after an (to other first cause, anivorsary whether date similar hereof or occurring dissimilar, ninety eace (99x) t financiolf, or more days beyond following the reasonable the removal control of such of lessee,delay-the primary tom hereof shall be extended until ing cause, and this lease may be extended thereafter by operations as if such delay had not occurred.
IN WITNESS WHEREOF, this instrument is executed on the date first above written.

(SEAL)    _Lizzie Mae Holmes Richburg_
                LIZZIE MAE HOLMES RICHBURG
                SS#: 4 ~-~0-33 8 0

(SEAL)

_____ (SEAL)

JOINT OR SINGLE ACKNOWLEDGEMENT
(MISSISSIPPI-ALABAMA-FLORIDA)

#ATE OF FLORIDA
COUNTY OF ESCAMBIA

I hereby certify, that on this day, before me a _____ Notary Public _____ doly authorized in the state and county aforesaid to take acknowledgements, personally

appeared _____ ittzie Mae Holmes Richburgto me known to be the person described in and who executed the foregoing instrument and she acknowledged before me that, being informed of the contents of the same, she voluntarily signed and delivered the within and foregoing instrument on the day and year therein

Given under my hand   nd official, this _19th_ day of _July_ _____ and official, this ____ A. D. 2004.

              Amy L. Jones
              My Commission DD111220
(affix seal)      Expires April 22, 2008

                                                          _____ ( ary Pub )



⑧

Sep 01 20 05:18p    H.Fitten                                    757-8383729                p.10

Sep 01 20, 04:48p ·    JER and SMR Richburg                    1-951-272-6715            p.14

My commission expires: _____

IN BAR IN PREBIDIE COUNTY, FLORIDA

STATE OF _____          CAPACITY ACKNOWLEDGMENT

I, _____ whose name as _____ a notary public, in and for said County in said State, hereby certify that
known to me, acknowledged before me on this day that, being informed of the contents of the Oil, Gas and Mineral Lease and who is
_____ and with full authority, executed the same voluntarily on the day the same bears date.

Given under my hand this the _____ day of _____, 2004.

My commission expires: _____

_____
Notary Public, in and for
Alabama

(Affix Seal)

2004-2459
Recorded in the Above
Deed Book & Page
09-12-2004 10:18:54 AM
Rosene Booker, Probate Judge
Conecuh County, Alabama

Book/Pg: 2004/2458
Term/Cashier: RECORD1 / mca
Tran: 1307.1545.16329
Recorded: 09-12-2004 10:15
DFE Deed Tax
IHF Indexing Fee (Computer)
MTX Mineral Tax
REC Recording
Total Fees:            13.50

4-2D-ole



0.50



Sep 01 20 05:18p
Sep 01 20, '04:46p

H.Fitten

JER and SMR Richburg

757-8383729

1-951-272-6715

p.11

p.15



**United States Bankruptcy Court for the District of Colorado**
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor: Sklar Exploration Co. L.L.C.
Case Number: 20-12377

Your Mail ID is as follows: 172145543

BAR(23) MAILID *** 000172145543 ***
SKR (CREDITOR.DBF, CREDNUM) CREDNUM # 1000001147 ***

Dorothea Janet Fitten
7 Viper Lt.
Hampton, VA. 23666

☐ Check box if
the address on
the envelope
sent to you by
the court needs
to be updated.
Identify your
replacement
address in Part 1
[Section 3]
below.

For Court Use Only

## Proof of Claim (Official Form 410)                                                04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims
under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any
documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments,
mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available,
explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Dorothea Janet Fitten

Other names the creditor used with the debtor:

**2. Has this claim been acquired from someone else?**  ☒ No  ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices be sent to the creditor? | Where should payments to the creditor be sent? (if different) | **4. Does this claim amend one already filed?** |
|---|---|---|
| Name: Dorothea Janet Fitten | Name: | ☒ No |
| Number Street: 7 Viper Lt. | Number Street: | ☐ Yes. Claim number on court claims register (if known) _____ |
| City State ZIP Code: Hampton, VA. 23666 | City State ZIP Code: | Filed on ___ MM / DD / YYYY |
| Country (if international): _____ | Country (if international): _____ | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
| Contact phone: 757-581-7596 | Contact phone: _____ | ☒ No |
| Contact email: fittenjl64@gmail.com | Contact email: _____ | ☐ Yes. Who made the earlier filing? |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☒ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
___ ___ ___ ___

**7. How much is the claim?** $ Undetermined

Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Environmental



**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____%
                          ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. Amount necessary to cure any default as of the date of petition.

$  0.00

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  08/27/2020
                  MM / DD / YYYY

Signature  *Dorothea Janet*

Print the name of the person who is completing and signing this claim:

Name   Dorothea        Janet          Fitten
       First name      Middle name    Last name

Title   _____

Company   _____

Identify the corporate service as the company if the authorized agent is a servicer.

Address   7 Viper  St.
          Number    Street

          Hampton, VA.           23666
          City              State    ZIP Code

Contact Phone  757.581.7596   Email  fittenj64@gmail.com



Aug 31 20 04:21p       H.Fitten                                                                757-8383729                    p.4

**Sklar Exploration Co., L.L.C.**
**401 Edwards Street, Suite 1601**
**Shreveport, LA 71101**
**(318)227-8668**

Proof of account ID



# *ACH Payment*

Dorothea Janet Fitten                                                                      Account: FITD01
7 Viper Court
Hampton, VA  23666

3



**From:** Sklar Exploration Co., L.L.C.
**To:** Dorothea Janet Fitten

For Checks Dated 04/29/2020
Account: FITD01   Page   1

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|---|---|---|---|---|---|---|
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL ||||||| 
| 01/2020 | CND | $/BBL:51.27 | 97.91 /0.02 | Condensate Sales: | 5,019.69 | 0.96 |
| | Roy NRI: | 0.00019091 | | Production Tax - Condensate: | 264.90- | 0.05- |
| | | | | Other Deducts - Condensate: | 604.63- | 0.12- |
| | | | | Net Income: | 4,150.16 | 0.79 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL ||||||| 
| 02/2020 | CND | $/BBL:41.74 | 177.41 /0.03 | Condensate Sales: | 7,405.90 | 1.41 |
| | Roy NRI: | 0.00019091 | | Production Tax - Condensate: | 370.78- | 0.07- |
| | | | | Other Deducts - Condensate: | 1,226.25- | 0.23- |
| | | | | Net Income: | 5,808.87 | 1.11 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL ||||||| 
| 01/2020 | GAS | $/MCF:1.98 | 6,651 /1.27 | Gas Sales: | 13,200.33 | 2.52 |
| | Roy NRI: | 0.00019091 | | Production Tax - Gas: | 792.02- | 0.15- |
| | | | | Net Income: | 12,408.31 | 2.37 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL ||||||| 
| 02/2020 | GAS | $/MCF:1.17 | 8,870 /1.69 | Gas Sales: | 10,335.07 | 1.97 |
| | Roy NRI: | 0.00019091 | | Production Tax - Gas: | 620.11- | 0.12- |
| | | | | Net Income: | 9,714.96 | 1.85 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL ||||||| 
| 01/2020 | OIL | $/BBL:59.46 | 3,509.77 /0.67 | Oil Sales: | 208,702.86 | 39.84 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 12,037.82- | 2.29- |
| | | | | Other Deducts - Oil: | 8,072.47- | 1.55- |
| | | | | Net Income: | 188,592.57 | 36.00 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL ||||||| 
| 01/2020 | OIL | $/BBL:57.36 | 651.36 /0.12 | Oil Sales: | 37,363.94 | 7.13 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 2,989.12- | 0.57- |
| | | | | Net Income: | 34,374.82 | 6.56 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL ||||||| 
| 02/2020 | OIL | $/BBL:52.26 | 2,556.24 /0.49 | Oil Sales: | 133,592.94 | 25.50 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 7,662.82- | 1.46- |
| | | | | Other Deducts - Oil: | 5,879.35- | 1.12- |
| | | | | Net Income: | 120,050.77 | 22.92 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL ||||||| 
| 02/2020 | OIL | $/BBL:50.16 | 1,414.32 /0.27 | Oil Sales: | 70,945.12 | 13.54 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 5,675.62- | 1.08- |
| | | | | Net Income: | 65,269.50 | 12.46 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL ||||||| 
| 01/2020 | PRG | $/GAL:1.66- | 30,436 /5.81 | Plant Products – Gals - Sales: | 50,513.09- | 9.64- |
| | Roy NRI: | 0.00019091 | | Net Income: | 50,513.09- | 9.64- |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL ||||||| 
| 02/2020 | PRG | $/GAL:1.47- | 39,112 /7.47 | Plant Products – Gals - Sales: | 57,507.34- | 10.98- |
| | Roy NRI: | 0.00019091 | | Net Income: | 57,507.34- | 10.98- |

Amount to be transferred to your account (xxxxxx5543)

| Owner#: | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---|---|---|---|---|---|---|---|
| FITD01 | E000008126 | Check Totals: | | 72.25 | 8.81 | | 63.44 |
| | 04/29/2020 | 2020 Totals: | | 131.81 | 15.97 | | 115.84 |



E

M

A

I

L

E

D

_____Geoff Zahm_____        _____9/24/2020_____

CASE MANAGER                  DATE

09/23/2020   16:31   8504696264                                                    PAGE   02/12

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:
Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144374

For Court Use Only

**RECEIVED**

SEP 24 2020

**LEGAL SERVICES**

BAR(28) MAILID **** 000172144374 ****
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000000553***

FELITA FAY HOLMES AVERHART
704 HANLEY DOWNS DRIVE
CANTONMENT, FL 32533-0000

☐ Check box if
the address on
the envelope
sent to you by
the court needs
to be updated.
Identify your
replacement
address in Part
(Section 3)
below.

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**        0000000194

## Proof of Claim (Official Form 410)                                04/19

Read the instructions before filling out this form. This form is for making a claim for
under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1.  Who is the current creditor?**                                Felita F. Holmes Hill
Name of the current creditor (the person or entity to be paid for this claim):

Other names the creditor used with the debtor:   Averhart, Goles    Case:20-12377-EEB  DOC#:-457

**2.  Has this claim been acquired from someone else?**   ☒ No   ☐ Yes.   From whom?

**3.  Where should notices and payments to the creditor be sent?**  Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**4.  Does this claim amend one already filed?**
☒ No

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Felita Fay Holmes Hill  _Name_ | Same  _Name_ |
| 704 Hanley Downs Dr.  _Number   Street_ | _Number   Street_ |
| Cantonment   FL   32533  _City        State     ZIP Code_ | _City        State     ZIP Code_ |
| Country (if international): | Country (if international): |
| Contact phone:  850-207-9959 | Contact phone: |
| Contact email:  Felita.hill29@gmail.com | Contact email: |

☐ Yes.   Claim number on court
claims register (if known) _____
Filed on _____
            MM  / DD  / YYYY

**5.  Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes.  Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6.  Do you have any number you use to identify the debtor?**
☐ No
☒ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

7  9  3  0

**7.  How much is the claim?**

$  Undetermined/Unlimited

Does this amount include interest or other charges?
☐ No
☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Environmental/Mineral Rights

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:

**Basis for perfection:**

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:              $

Amount of the claim that is secured:   $

Amount of the claim that is unsecured: $
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $

Annual Interest Rate (when case was filed)                %

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes.  Amount necessary to cure any default as of the date of petition:
$

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$

$

$

$

$

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9). $

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/11/2020          *Felita Holmes Hill*
                   MM / DD / YYYY       Signature

Print the name of the person who is completing and signing this claim:

Name    Felita          Fay              Holmes Hill
        First name      Middle name      Last name

Title

Company
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   704 Hanley Downs Dr.
          Number   Street
          Cantonment                     FL          32533
          City                           State       ZIP Code

Contact Phone   (850) 207-9959           Email   felita.hill29@gmail.com



**Exploration Company LLC**

September 9, 2008

<u>**VIA U.S. MAIL TO:**</u>
Purported Heirs and Presumed Heirs
of Johnnie Holmes

Re:  **Division Order and Stipulation of Interest; SEC
– Craft Ralls 5-8 #1; Northeast Quarter (NE/4) of
Section 5, Township 4 North, Range 13 East,
Conecuh County, Alabama.**

Dear Interest Owner:

Enclosed is an original and one copy of your "Division Order and Stipulation of Interest" (the "Agreement"). Said Agreement was drafted based on the Division Order Title Opinion as well as information provided to us by the Holmes family, specifically, information found in the "Affidavit of Heirship and Marital History" by Ella Ruth Holmes Gant, dated *July 22, 2008* (the "Affidavit"), a copy of which is enclosed. Said Affidavit sets forth the marital history and heirship of Johnnie Holmes, who died January 7, 1982.

For many months, we have been receiving calls from the family regarding payments to the heirs. We have asked for sufficient information to establish the heirship of Daniel Earl Holmes and Clauzell Holmes. We have also asked the purported heirs and presumed heirs to institute a formal proceeding or to probate the successions of Daniel Earl Holmes and Clauzell Holmes. However, various family members told us that they could not afford an attorney. Alternatively, Ella Ruth Holmes Gant offered to provide us with the Affidavit. In an effort to resolve these issues and to clarify ownership of the interests, we offer the Agreement to you.

If all of the family members, purported heirs, and presumed heirs of Johnnie Holmes, as identified by the Affidavit, are willing to agree and stipulate to their own interest and the interests of each other, we are willing to make payment to said heirs and presumed heirs. The enclosed Agreement sets forth your interest effective March 11, 2008 in the above referenced well in Conecuh County, Alabama. Please verify your address and other personal information in the Agreement, making any necessary corrections in the space provided. Also, remember to provide your social security number.

Please handle your original Agreement as per the enclosed instruction sheet. A copy is provided for your records. Do not hesitate to contact my office should you have any questions regarding your interest in the said document.

Sincerely,

By:

Katy R. Smith
Lease Analyst

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 1

## AFFIDAVIT OF HEIRSHIP AND MARITAL HISTORY

STATE OF Florida                     )(

COUNTY OF Escambia                   )(

Personally appeared before me, the undersigned notary public, Ella Ruth Holmes Gant, who being by me first duly sworn, deposes and says as follows:

My name is Ella Ruth Holmes Gant and my address is P.O. Box 1452, Pensacola, Florida 32591. I am over twenty-one (21) years of age and familiar with the marital history and heirship of Johnnie Holmes, deceased. I am familiar with his marital history and heirship because I am his daughter.

That Johnnie Holmes was married once during his lifetime. This marriage was to Katherine Jones Holmes in 1930. To this marriage were born the following children:

1.) Name: Lizzie Mae Holmes Richburg, a widow
Date of Birth: January 12, 1931
Last Known Address: 1150 Hawthorne Drive
                                   Pensacola, Florida 32507

2.) Name: Hattie Mae Holmes Ball, wife of Lewis Ball
Date of Birth: January 13, 1937
Last Known Address: 5948 Piat Place
                                   Centerville, Illinois 62203

3.) Name: Johnnie Mae Holmes Ellington, a widow
Date of Birth: November 30, 1938
Last Known Address: 3403 Lafayette Avenue
                                   Omaha, Nebraska 68131

4.) Name: Buice Lee Holmes Hooks, wife of Eddie L. Hooks
Date of Birth: July 23, 1940
Last Known Address: 1618 West 106th Street
                                   Los Angeles, California 90047

5.) Name: Richard D. Holmes, husband of Ella Lois Holmes

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 2

Date of Birth: August 6, 1942
Last Known Address: 1707 Johnsonville Circle
Castleberry, Alabama 36432

6.)   Name: Alice M. Holmes Woods, a divorced woman
Date of Birth: August 16, 1944
Last Known Address: 2031 North 20th Street
Omaha, Nebraska 68110

7.)   Name: Reelice Holmes, a single male
Date of Birth: December 24, 1947
Last Known Address: 1618 West 106th Street
Los Angeles, California 90047

8.)   Name: Ella Ruth Holmes Gant, wife of David L. Gant
Date of Birth: November 19, 1941
Last Known Address: P.O. Box 1452
Pensacola, Florida 32591

9.)   Name: Katherine Holmes Straughn, wife of Walter L. Straughn
Date of Birth: December 12, 1951
Last Known Address: 1706 Johnsonville Circle
Castleberry, Alabama 36432

10.)   Name: Fannie Lue Holmes Jackson
Date of Birth: November 3, 1932
Date of Death: September 19, 1992
That Fannie Lue Holmes Jackson was married once during her lifetime. This
marriage was to Britt Jackson, Jr. To this marriage were born the following
children:

A.) Name: Joel R. Jackson, husband of Donna Jackson
Date of Birth: January 27, 1972
Last Known Address: 1150 Hawthorne Dr.
Pensacola, Florida 32507

B.) Name: Chiquita L. Jackson Stratford, wife of Donald Stratford
Date of Birth: October 15, 1972
Last Known Address: P.O. Box 1452
Pensacola, Florida 32591

This marriage ended with the death of Fannie Lue Holmes Jackson on

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 3

September 19, 1992. Fannie Lue Holmes died intestate with no administration of her estate. Britt Jackson, Jr. died intestate on November 22, 1993 with no administration of his estate.

11.) Name: Clauzell Holmes
Date of Birth: December 10, 1934
Date of Death: February 1, 1995
The following illegitimate child was born of Clauzell Holmes:

A.) Name: Larry Wright, a single man
Date of Birth: May 15, 1955
Last Known Address: 905 Copeland Drive
Hinesville, Georgia 31313

To the best of my knowledge, Clauzell Holmes acknowledged his illegitimate son, Larry Wright. Further, the family has acknowledged that Larry Wright is a presumed heir of Clauzell Holmes.

That Clauzell Holmes was married once during his lifetime. This marriage was to Daisy Lee Holmes. To this marriage were born the following children:

B.) Name: Pamela D. Holmes Banks, wife of Michael Banks
Date of Birth: May 26, 1960
Last Known Address: 7905 Kershaw Street
Pensacola, Florida 32534

C.) Name: Felita Fay Holmes, a single woman
Date of Birth: October 29, 1966
Last Known Address: P.O. Box 16711
Pensacola, Florida 32507

D.) Name: Constance M. Holmes Hale, wife of Carl Hale
Date of Birth: March 30, 1968
Last Known Address: 215 Washington Street
Cantonment, Florida 32533

E.) Name: Claudie M. Holmes Modley, a separated woman
Date of Birth: May 27, 1971
Last Known Address: 1160 Hawthorne Drive

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 4

Pensacola, Florida 32507

F.) Name: Veronica R. Holmes, a single woman
Date of Birth: October 13, 1973
Last Known Address: 1160 Hawthorne Drive
Pensacola, Florida 32507

The marriage of Daisy Lee Holmes ended with the death of Clauzell Holmes on February 1, 1995. Clauzell Holmes died intestate with no administration of his estate. Daisy Lee Holmes died intestate on August 6, 2006.

12.)   Name: Daniel Earl Holmes
Date of Birth: August 17, 1959
Date of Death: January 18, 1999
The following illegitimate child was born of Daniel Earl Holmes:

A.) Name: Tiffannie Richardson Edwards, wife of Shannon Edwards
Date of Birth: August 29, 1982
Last Known Address: 144 Downs Lane
Brewton, Alabama 36426

To the best of my knowledge, Daniel Earl Holmes acknowledged his illegitimate daughter, Tiffannie Richardson Edwards. Further, the family has acknowledged that Tiffannie Richardson Edwards is a presumed heir of Daniel Earl Holmes.

Daniel Earl Holmes died intestate with no administration of his estate.

These were the only twelve children born of the marriage between Johnnie Holmes and Katherine Jones Holmes. No children were adopted nor were any other children cared for in the home. This marriage ended with the death of Johnnie Holmes on January 7, 1982. Johnnie Holmes died intestate on January 7, 1982 and there was no administration upon his estate. Katherine Jones Holmes died intestate on December 10, 1983 and there was no administration upon her estate.

That to the best of my knowledge, the individuals named above are all of the surviving heirs of Johnnie Holmes, deceased.

Further affiant saith not.

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 5

*Ella Ruth Holmes Gant*
ELLA RUTH HOLMES GANT
P.O. Box 1452
Pensacola, Florida 32591

Sworn to and subscribed before me this the 5th day of August, 2008.

JAMES STAPLETON
Notary Public - State of Florida
My Commission Expires Aug 25, 2008
Commission # DD 349739
Bonded By National Notary Assn.

NOTARY PUBLIC

[affix notarial seal]

My commission expires: 8/25/08

This instrument prepared by:

## DIVISION ORDER AND STIPULATION OF INTEREST

TO:  Sklar Exploration Company, L.L.C.                  **Property Name:** Sklar Exploration Company, L.L.C.
     401 Edwards Street, Suite 1601                          **#1 Craft-Ralls 5-8**
     Shreveport, LA 71101                              Effective Date:   First Date of Production

The undersigned jointly certify that each Party to this agreement is the legal owner of the interest set out below and opposite (his/her/its) name of all the oil, gas liquid hydrocarbons and any and all other hydrocarbons produced from the property described below:

| | |
|---|---|
| OPERATOR: | Sklar Exploration Company, L.L.C. |
| PAYOR: | Sklar Exploration Company, L.L.C. |
| LEASE OR UNIT NAME: | #1 Craft-Ralls 5-8 unit, being 160.00 acres of land including all of the Northeast Quarter (NE/4) of Section 5, Township 4 North, Range 13 East, Conecuh County, Alabama. |
| DESCRIPTION: | Declaration of Unit and Voluntary Pooling Agreement recorded in Deed Book 2008, Page 1879 of the Records of the Probate Judge's Office. |
| COUNTY, STATE: | Conecuh County, Alabama |

The undersigned now desire by this division order and stipulation of interest to declare and establish each Parties' correct royalty interest in the above described property. The Parties hereto cross convey, ratify, stipulate, agree and declare that the royalty interest associated with the above described property is owned in the following manner, with each Party owning the undivided royalty interest, as of the Effective Date, set opposite (his/her/its) name as follows:

## DIVISION OF INTEREST AND STIPULATION OF INTEREST

| OWNER NUMBER | OWNER NAME | INTEREST OWNED |
|---|---|---|
| AVEF01 | Felita Fay Holmes<br>P.O. Box 16711<br>Pensacola, Florida 32507 | 0.00143087 RI |
| BALH01 | Hattie Mae Holmes Ball<br>5948 Piat Place<br>Centerville, Illinois 62203 | 0.00286172 RI |
| BANP01 | Pamela D. Holmes Banks<br>7905 Kershaw Street<br>Pensacola, Florida 32534 | 0.00143087 RI |
| EDWT01 | Tiffannie Richardson Edwards<br>144 Downs Lane<br>Brewton, Alabama 36426 | 0.00286172 RI |
| ELLJ01 | Johnnie Mae Holmes Ellington<br>3403 Lafayette Avenue<br>Omaha, Nebraska 68131 | 0.00286172 RI |
| GANE01 | Ella Ruth Holmes Gant<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00286172 RI |
| HALC01 | Constance M. Holmes Hale<br>215 Washington Street<br>Cantonment, Florida 32533 | 0.00047695 RI |
| HOLR03 | Richard D. Holmes<br>1707 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 RI |
| HOLR04 | Reelice Holmes<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 RI |

1

| HOLV01 | Veronica R. Holmes<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 RI |
| HOOB01 | Buice Lee Holmes Hooks<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 RI |
| JACJ02 | Joel R. Jackson<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 RI |
| MODC01 | Claudie M. Holmes Modley<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 RI |
| RICL01 | Lizzie Mac Holmes Richburg<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00286172 RI |
| STRC02 | Chiquita L. Jackson Stratford<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00047695 RI |
| STRK01 | Katherine Holmes Straughn<br>1706 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 RI |
| WOOA01 | Alice M. Holmes Woods<br>2031 North 20th Street<br>Omaha, Nebraska 68110 | 0.00286172 RI |
| WRIL01 | Larry Wright<br>905 Copeland Drive<br>Hinesville, Georgia 31313 | 0.00047695 RI |

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

The following provisions apply to each interest owner (the "Owner") who executes this agreement:

**TERMS OF SALE:** In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned will be paid in accordance with the division of interests set out above. The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order. Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENT:** From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first. (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.) Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own. *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*

**INDEMNITY:** The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.

**DISPUTE, WITHHOLDING OF FUNDS:** If a suit is filed that affects the interest of the Owner, written notice shall be given to Payor by the Owner together with a copy of the complaint or petition filed.

In the event of a claim or dispute that affects title to the division of interest set out above, Payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statute, until the claim or dispute is settled.

**TERMINATION:** Termination of this Division Order shall be effective on the first day of the month that begins after the 30th day after the date written notice of termination is received by either party.

**NOTICES:** Owner agrees to notify Payor in writing of any change in the division of interest, including changes of interest contingent on payment of money, or expiration of time.

No change of interest is binding on Payor until the recorded copy of the instrument of change, or documents satisfactorily evidencing such change are furnished to Payor at the time the change occurs.

Any change of interest shall be made effective on the first day of the month following receipt of such notice by Payor.

Any correspondence regarding this Division Order shall be furnished to the addresses listed unless otherwise advised by either party.

In addition to the legal rights provided by the terms and provisions of this Division Order, the Owner and the Payor may have certain statutory rights under the laws of the state in which the lands described above are located.

2

E

M

A

I

L

E

D

_____Geoff Zahm_____          _____9/24/2020_____

CASE MANAGER                      DATE

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor: *Sklar Exploration Company LLC*

Case Number: *20-12377*

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144929

**RECEIVED**

For Court Use Only

SEP 24 2020

**LEGAL SERVICES**

BAR(23) MAILID *** 000172144929 *** 4
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000000854*****4

JOHNNIE MAE HOLMES ELLINGTON
3403 LAFAYETTE AVENUE
OMAHA, NE 68131-0000

☐ Check box if
the address on
the envelope
sent to you by
the court needs
to be updated.
Identify your
replacement
address in Part
3 (Section 3)
below.

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**          0000000195

04/19

## Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for pa[...] ims
under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any
documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments,
mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available,
explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:     Identify the Claim

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *Johnnie Mae Holmes Ellington*

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**  ☒ No.  ☐ Yes.  From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices and payments to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name *Johnnie Mae Holmes Ellington* | Name _____ |
| *3403 Lafayette AV* | |
| Number     Street | Number     Street |
| *Omaha,  NE  68131* | |
| City         State       ZIP Code | City         State       ZIP Code |
| Country (if International): _____ | Country (if International): _____ |
| Contact phone: *402-553-2642* | Contact phone: _____ |
| Contact email: _____ | Contact email: _____ |

**4.   Does this claim amend one already filed?**
☒ No
☐ Yes.   Claim number on court
claims register (if known) _____
Filed on _____
                MM   / DD  / YYYY

**5.   Do you know if anyone else has filed a
proof of claim for this claim?**
☒ No
☐ Yes.  Who made the earlier filing? _____

### Part 2:     Give Information About the Claim as of the Date the Case Was Filed

**6.   Do you have any number you use to
identify the debtor?**
☒ No
☐ Yes.
Last 4 digits of the debtor's account or any
number you use to identify the debtor:
___ ___ ___ ___

**7.   How much is the claim?**
$ *Undetermined*
Does this amount include interest or other charges?
☒ No
☐ Yes. Attach statement itemizing interest, fees,
expenses, or other charges required by
Bankruptcy Rule 3001(c)(2)(A).

**8.   What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed,
personal injury or wrongful death, or credit card. Attach redacted
copies of any documents supporting the claim required by Bankruptcy
Rule 3001(c).  Limit disclosing information that is entitled to privacy,
such as health care information.

*Environmental*

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any
default as of the date of the petition:**  $_____

**Annual Interest Rate (when case was filed)** _____ %

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes.  **Amount necessary to cure** any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09 - 03 20     *Johnnie Mae Holmes Ellington*
MM / DD / YYYY          Signature

Print the name of the person who is completing and signing this claim:

Name    Johnnie        Mae Holmes        Ellington
First name        Middle name        Last name

Title _____

Company _____

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   3403 Lafayette Av.
Number        Street

Omaha                    NE            68131
City                    State        ZIP Code

Contact Phone  402-553-2642      Email _____



November 20, 2014

TO INTEREST OWNER:

RE:    **Little Cedar Creek Oil Unit #2 Division Order(s)**
       **Conecuh County, Alabama**

Enclosed are an original and one copy of your division order(s) stating your interest in the Little Cedar Creek Oil Unit #2. Please execute the yellow original(s) and return in the enclosed envelope at your convenience. You can also scan your executed division order in and email it to ldecrescenzo@sklarexploration.com or fax it to Lauren's attention at (303) 443-1551. **The execution of the enclosed division order(s) is just a formality as you are already in pay status on this property.**

Sincerely,

Katy R. Smith
*Division Order Analyst*

Encls.

To: Johnnie Mae Holmes Ellington

*tel:* 318.227.8668 • *fax:* 318.227.9012 • 401 Edwards Street, Ste 1601 • Shreveport, Louisiana 71101
*tel:* 303.541.1559 • *fax:* 303.443.1551 • 5395 Pearl Parkway, Ste 200 • Boulder, Colorado 80301

# E M A I L E D

Geoff Zahm

CASE MANAGER

9/24/2020

DATE

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor: **SKLAR EXPLORATION CO LLC**
Case Number: **20-12377**

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172145543

For Court Use Only

**RECEIVED**

SEP 24 2020

**LEGAL SERVICES**

BAR(23) MAILID *** 000172145543 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001147******

*Johnnie Earl Richburg*
*858 Pointe Vista Circle*
*Corona CA 92881-3968*

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part (Section 3) below.

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC. et al (B10)
20-12377 (EEB)

**SKR**

0000000196    04/19

## Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:    Identify the Claim

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *Johnnie Earl Richburg*

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☒ No    ☐ Yes.    From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name *Johnnie Earl Richburg*

Number    Street *858 Pointe Vista Circle*

City *Corona*    State *CA*    ZIP Code *92881-3968*

Country (if international): _____

Contact phone: _____

Contact email: _____

Where should payments to the creditor be sent?
(if different)

Name _____

Number    Street _____

City _____    State _____    ZIP Code _____

Country (if international): _____

Contact phone: _____

Contact email: _____

**4.    Does this claim amend one already filed?**
☒ No
☐ Yes.    Claim number on court claims register (if known) _____

Filed on _____ MM / DD / YYYY

**5.    Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes.    Who made the earlier filing? _____

### Part 2:    Give Information About the Claim as of the Date the Case Was Filed

**6.    Do you have any number you use to identify the debtor?**
☒ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
___ ___ ___ ___

**7.    How much is the claim?**    $ *Undetermined*

Does this amount include interest or other charges?
☐ No
☐ Yes.    Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.    What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*Environmental*

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:

Basis for perfection:

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $

Amount of the claim that is secured:    $

Amount of the claim that is unsecured: $
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $

Annual Interest Rate (when case was filed)         %
                              ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes. Amount necessary to cure any default as of the date of petition.

$        0.00

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$

$

$

$

$

$

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   08 27 2020   *Johnnie Earl Richburg*
                    MM / DD / YYYY      Signature

Print the name of the person who is completing and signing this claim:

Name   Johnnie          Earl          Richburg
        First name        Middle name    Last name

Title

Company
       Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   858 Pointe Vista Circle
           Number        Street

          Corona                    CA    92881-3968
          City                      State  ZIP Code

Contact Phone  951-768-2698   Email  earljer63@att.net

Lease Purchase Report AL-CO-NB-0098-A

| | | Lease #: | | 98 | |

| | |
|---|---|
| Lessor(s): | Lizzie Mae Holmes Richburg |
| | RICH D |
| or Tax ID#: | 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 |
| Address: | 1150 Hawthorne Drive |
| | Pensacola, FL 32508 |
| Surface owner: | |
| Prospect: | North Beach |
| County/Parish: | Conecuh |
| Lessee: | Craft Exploration Company, LLC, P. O. Box 16084, Jackson, Mississippi 39236 |

Phone #:

State: Alabama

| | | | | | |
|---|---|---|---|---|---|
| Lease date: | 7/13/2004 | Effective Date: | 7/13/2004 | Term: | 5 yr |
| Expiration Date: | 7/13/2009 | | First Rental Due: | P/U | |

Acq. Date:

Recorded: Book                     PG:

Form 1099 (Y/N)      No

Royalty:          3/16

Overriding Royalty:

| Description Section Twn. & Rn | Tract Number | Gross Acres | Mineral Int. | Net Acres |
|---|---|---|---|---|
| Tovа³mship 4 North, Range 13 East sec. 5: NENE | 1.00 & 2.00 | 40.0000 | 0.08333 | 3.33330 0.00000 0.00000 3.33330 |

Acquired From:

Counterpart Leases:

Total Bonus:

Bonus Per Acre:

Total Rental:

Rental Per Acre:

|  | : Royalty in Kind | | : Developed Acreage |
|  | : Continuous Development | E X | (See remarks) |

Remarks:  Intent clause

Prepared By:  _Joe Dunlap_                Date:           8/11/2004

Lessor (whether one or more), whose address is: 1150 Hawthorne Drive, Pensacola Florida 32507 and Craft Exploration Company, LLC. p. O. 16084. Jackson, Mississippi 39236 lessee,
WITNESSErH:

I. Lessor, in consideration which is hereby acknowledged, the Fand covenant hereby for the exclusive ri nt of exploring, drilling, an o t e covenants an agreement o for, producing and ownin pipe (nes oil, other minerals (whether or not similar to those men water, oned), constructroads to other with the right to canals, make surve build s on said land, lay establish and utilize facilities for surface or subsurface disposal of salt and bridges, dig tanks, power stations, power fines, telephone lines transporting minerals produced from the land covered hereby or any other land adjacent thereto. The land covered y,

located in the County of _____ Conecuh  Alabama  and is described as follows:

**TOWNSHIP 4 NORTH - RANGE 13 EAST**

Section 5·_____ The Northeast Quarter of the Northeast Quarter (NE/4 ofNE/4), containing 40 acres, more or less.

Notwithstanding anything contained herein to the contrary, wherever the fraction one-eighth (1/8th) appears in Paragraph 3 below it is hereby changed to read threesixteenths in each and every instance.

It is the intention of the Lessor to lease to the Lessee and the Lessor does hereby lease unto the Lessee all mineral interest owned or claimed in the Northeast Quarter of Section 5, Township 4 North, Range 13 East, Conecuh County, Alabama.

This lease also covers and includes, in addition to that above described, all land, if any, contiguous or adjacent to or adjoining the land above described and (a) acquisition, owned or Lessor claimed agrees by lessor to execute by limitation, any supplemental prescription, Instrument possession, requested reversion by or lessee unrecorded for a more instrument complete or or (b) accurate as to which description lessor of has said a fand. reference For the right pur-of

pose of determining the amount of an whether actually more or less, the above bonus recital or of other acreage payment in any hereunder, tract shall said be deemed land shall be be the deemed true acreage to containthereof Lessor pocepts 40tho bonus as acres,lump

sum consideration for this lease and all rights, and options thereunder.

2. Unless sooner terminated or longer kept in force under other provisions hereof, this lease shall remain in force for a term of Five (5) years from the date hereof, hereinafter called "primary term", and as long thereafter as operations, as hereinafter defined, are conducted upon said land with no cessation for more than ninety (90) consecutive days.

3. As royalty, lessee covenants and agrees: (a) To deliver to the credit of lessor, in the pipe line to which lessee may connect its wells, the equal one eighth part of all oil produced and saved by lessee from said land, or from time to time, at the option of lessee, to pay lessor the average posted market price of such oil one-eighth part of such 011 at the wells as of the day it is run to the pipe line or storage tanks, keasn lesso6s %USfessee Interest, in either case, to bear one-eighth of the cost of treating oil to render it marketable pipe. line 011; (b) To pay lessor on gas and casinghead off said land or in the manufacture of one-eighth of the amount realized by lessee from said land, computed at the mouth of the w gasoline or other products b the market value, at the mouth of the well, of one-ei or va/8e hth at of the such welFor as ang nunc casin at essec's head gag- creation. (c) To pay except lessor that on on all sulphur other minerals mined mined and mar-and

marketed or utilized lessee from said land, one-tenth either in kind keted the royalty shall be One dollar ($1.00) per ton. If, at the expiration of the primary term or at any time or times thereafter, there is any well on said land or on lands with which said land or any pokion thereof has been pooled, capable of being producing gag or any other mineral covered hereby, and all such wells are shut-in, this lease shall, nevertheless, continue in force as though operations were being conducted on said land for so long as said wens are shut-in and thereafter this lease may be continued in force as if no shut-in had occurred. Lessee covenants and agrees to use reasonable diligence to "roduce, utilize, or market the minerals well facilities ca able and of ordinary being produced lease facilities front said of flow wells, lines, but in separator, the exercise and of lease such tank, diligence, and shall lessee nor shall be required no; be to obli ge ated le lease to installtrouble or furnah or to marketfacili-

ties other than all such wells are shut-in fora period of ninety consecutive da s, and are no operations on said land, then at or of said ninety day period, lessee shall pay or tender, by deck or draft of lessee as royalty, a sum equal to one dollar ($1.00) for each acre of land then covered hereby. Lessee shall make like payments or tenders at or before the end of each anniversary of the raph, at Esach inition of said ninety day period if upon such anniversary this lease is being continued in force solely by reason of tha provisions of this sub-para under this such payment or tender shall be more to the paiting who at the time of payment would be entitled to receive the royalties which would be paid lease if the wells were producing, or may be deposited to such

parties credit in the _____ pay DIRECT TQ LESSOR AT. APOVE ADDRESS. Bank _____ ator its successors, which shall continue as the depositories, regardless of changes in the owners po 9 ut-turroy ty. at any ma t t essee pays or tenders shut-in royalty, two or more parties are, or claim to be, entitled to receive same, lessee may, in lieu of any oiha method of paymant herein provided, pay or tender such Shut-in royalty, m the manner above specified, either joinrl to such parties or separately to each in accordance with their respective ownerships thereof, as lessee may elect. Any pe lessee deposited in the mail or delivered to the party entitled to receive payment or to a depository ben dce for payment. Nothing herein shall impair lessee's right to release as provided In paragraph 5 hereof, In the event of assignment of this lease in whole or in part, liability for payment hereunder shall rest exclusively on the then owner or owners of this lease, severally as to the acreage owned by each.

4. Lessee is hereby granted the right at its option, to pool or unitize all or any part of said land and of thig lease as to any or all minerals or horizons thereunder, with which other lands, lease or eases, or onion or portions thereof, or mineral or horizon thereunder, so as to establish units containing not more than 80 surface acres plus 10% acreage tolerance; provide', however, a unit may be established or an existing unit may be enlarged to contain not more than 640 acres plus 10% acreage tolerance, if unitized only as to gas or only as to gas and ii und hydrocarbons (condensate) which are not a liquid in the subsurface reservoir. If larger units are permitted, under any governmental rule or order, for drilling or operation of a well at a regular location, or for obtaining maximum allowable, from any well to be drilled, drilling, or already drilled, each as Jesired such unit may be established or enlarged, to conform to the size permitted by such record overnmental in the public order office or in rule, which Lessee this shall lease exercise is recorded at Each option of as said o options may be said exercised by executin by fessee an instrument from time identifying to time, and such whether unit and before filing or it afterbr

production has been established either on said land or on the portion of sard land included in the unit on other land unitized therewith and any such unit may include any well to be drilled, being drilled or already completed. A unit established hereunder shall be valid and effective for all purposes of this lease even though there may be a similarity or land or mineral, land to siaif alty or leasehold interests in land within the unit which are not pooled or unitized. Any operations conshall be allocated to the land covered by this lease included in any such unit that proportion of the total ro from wealls in the dueted on any part of such unitized be considered, for all purposes, except the payment

unit, after deducting any used in lease or unit operations, which the number of surface acres in the land covered by this lease included Ve%ered in the unit hereb9 bears to the total number of surface acres in the unit. The production so allocated shall be considered for and

ridin royalty, and any other payments out of production, to be the entire production of unitize nu inclu ed in such unit in the same manner as though produced from said .land under the terns

Sep 01 20, 03:56p        JER and SMR Richburg                          1-951-272-6715              p.7

charge the rights or of division lessee, in including, the ownership but not of limited said land, to, the royalties, location or and other drilling moneys, of or weas any part and thereof, the measurement howsoever of effecte, pro uction. shall increase Notwithstanding the obligations any other or diminish actual or

constructive knowledge or notice thereof of or to Lessee, its successors or assivns, no change or division in the ownership of said land or of the royalties, or other moneys, or the right to receive the same, howsoever effected, shall be binding upon the then record owner of this lease until thirty (30) days after there has been furnished to such record owner at his or its principal place of business by lessor or lessor's heirs, successors, or assigns, notice of such change or division, supported by either originals or duly certified copies of the instruments which have been properly filed fok record and which evidence such change or division, and of such court records and proceedings, transcripts, or other documents as shall be necessary in the 'opinion of such record owner to establish the validity of such change or division. If any such change in ownership occurs by reason of the death of the owner, lessee may, nevertheless, pay or tender such royalties, or other moneys, or part thereof, to tho credit of the decedent in a depository bank provided for above.

9.   In the event lessor considers that (l e lessor has not complied with all its obligations hereunder, both express and implied, lessor shall notify lessee in writing, getting out specifically in what respect lessee has breached this contract. Lessee shall then have sixty (60) days after receipt of said notice within which to meet or commence to meet all or any pa of the breaches alle ed by lessor. The service of said notice shall be precedent to the brinFing of any action

                                                                          ders the service of said notice nor (he doing of any acts by lessee aimed to meet all or any of the alleve breaches shall be deemed an admission or presumption that lessee has failed to perform all its obl ations hereunder. Should it be asserted in any notice given to the lessee under the provisions of this

charging its obligations as to which lessee have been judicially determined to be in default. If this lease is cancelled for any cause, it s a l nevertheless remain in force and effect as to (1) sufficient acre ge around each well as to which there are operations to constitute a drilling or maximum allowable unit under applicable governmental regulations, (but n no event legs than forty acres), such acreage to be designated by lessee as nearly as practicable in the form of a square centered at. the well, or in suc shape as then existing spacing rules permit; and (2) any part of said land included in a pooled unit on which there are operations. Lessee shall also have such easements on said land as are necessary to operations on t e acreage so retained.

10. Lessor hereby warrants and agre to defend title .10 eaid land against the claims of all person whomsoever. Lessor's rights and interests hereunder shall be charn primarily with any mort a es, taxes or other liens, or interest and other charges on said land, but lessor agrees that lessee shall have the right at any me to pay or reduce same r essor, either before or after maturity and be subrogated to the rights of the holder thereof and to deduct amounts so paid from royalties or other ayments payable or which may become payable to lessor any or assigns under this lease. Lessee is hereby hiven the right to acquire for its own benefit, deeds, leases, such or assi outstanding nments covering any interest or claim in said land which lessee or any other party conten s is outstanding and not covered hereby and even though interest or claim be invalid or adverse to lessor. If this lease covers a fess interest in the oil, gas sulphur, or other minerals in all or any part of said land then - the entire and undivided fee simple estate (whether lessor's interest is herein specified or not; or no interest therein, then the royalties, and other mon" accruing from anx part as to which this lease covers less than such full Interest, shall be paid only in the proportion which the interest therein, if any, covered by this lease, ears to the whole and undivided fee simple estate therein. All royalty interest covered it without b this regard lease to (whether whether or it is not executed owned by by those lessor) named shall herean be paid as out lessor of the royalty herein provided. This lease shall be binding upon each party who executes

11. If, while this lease is in force, at, or after the expiration of the primary term hereof, it is not being continued in force by reason of the shut-in well provisions of paragraph 3 hereof, and lessee is not conducting operations on said land by reason of (i) any law order, rule or regulation, (whether or not subsequently determined to be invalid) or (2) after an tte other first cause, anniversary whether date similar hereof or occurring dissimilar, ninety exce (9%) t financiall, or more days beyond following the reasonable the removal control of such of lessee, delay-the primary term hereof shall be extended until ing cause, and this lease may be extended thereafter by operations as if such delay had not occurred.

IN WITNESS WHEREOF, this instrument is executed on the date first above written.

_____        _____
                                        (SEAL)   *Lizzie Mae Holmes Richburg*
                                                 LIZZIE MAE HOLMES RICHBURG
                                                 SS#: 4_ _-40-33 80

_____        _____
                                        (SEAL)

_____
_____
_____        _____ (SEAL)

_____
_____


JOINT OR SINGLE ACKNOWLEDGEMENT
(MISSISSIPPI-ALABAMA-FLORIDA)

STATE OF FLORIDA
COUNTY OF ESCAMBIA

I hereby certify, that on this day, before me a          Notary Public        duly authorized in the state and county aforesaid to take acknowledgements, personally

appeared                                  Lizzie Mae Holmes Richburg to me known to be the person described in and who executed the
foregoing instrument and she. acknowledged before me that, being informed of the contents of the same, she voluntarily signed and delivered the within and foregoing instrument on the day and year therein                                                                      mentioned.

Given under my hand    nd official, this   19th   day of  July        , and official, this    A. D., 2004.

(Affix seal)          Amy L Jones
                      My Commission DD111220
                      Expires April 22, 2008
                                                                   _____
                                                                   (  tary Pub?)

Sep 01 20, 03:57p,      JER and SMR Richburg                    1-951-272-6715            p.8

My commission expires: _____                    In and for Escambia County, Florida

## CAPACITY ACKNOWLEDGMENT

STATE OF _____

I, _____ a notary public, in and for said County in said State, hereby certify that _____, whose name as _____ is signed to the foregoing Oil, Gas and Mineral Lease and who is known to me, acknowledged before me on this day that, being informed of the contents of the Oil, Gas and Mineral Lease, _____, in _____ capacity as such _____ and with full authority, executed the same voluntarily on the day the same bears date.

Given under my hand this the _____ day of _____ 2004.

My commission expires: _____

_____
Notary Public, in and for _____
Alabama

(Affix Seal)

2004   2459
Recorded In the Above
Deed Book & Page
08-12-2004 10:18:54 AM
Rosene Booker, Probate Judge
Conecuh County, Alabama

Book/Pa: 2004/2458
Term/Cashier: RECORD1 / mcj
Trai: 1307.1545.1.4329
Recorded: 08-12-2004 10:18
DFE Deed Ta
INF Indexing Fee   Computer
MTX Mineral Ta
REC Recording Fee
Total Fee:        13.50

By: _____
When recorded return to:
_____, Deputy
_____, County Cler
Book _____
of the _____
Page _____
record of this office.
day of _____
_____ o'clock ___.20
This Instrument was filed for record on the ___.20
and duly recorded
Term _____
No. Acres _____
County,
Dated _____ .20
TO
FROM
Oil, Gas and Mineral Lease
Produces as paid Up with Pooling Provision
Manager, Alabama, Florida

4-2D-ole

0.50

Sep 01 20, 03:57p    JER and SMR Richburg    1-951-272-6715    p.9



**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(303)541-1559

# *ACH Payment*

Johnnie Earl Richburg                                    Account: RICJ01
858 Pointe Vista Circle
Corona, CA 92881-3968

From:  Sklar Exploration Co., L.L.C.
To:    Johnnie Earl Richburg

For Checks Dated 12/23/2019
Account: RICJ01   Page   1

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|---|---|---|---|---|---|---|
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 08/2019 | CND | $/BBL:49.72 | 157.51 /0.03 | Condensate Sales: | 7,831.70 | 1.50 |
| | Roy NRI: | 0.00019091 | | Production Tax - Condensate: | 411.70- | 0.08- |
| | | | | Other Deducts - Condensate: | 969.99- | 0.19- |
| | | | | Net Income: | 6,450.01 | 1.23 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 09/2019 | CND | $/BBL:50.54 | 192.94 /0.04 | Condensate Sales: | 9,750.60 | 1.86 |
| | Roy NRI: | 0.00019091 | | Production Tax - Condensate: | 514.82- | 0.10- |
| | | | | Other Deducts - Condensate: | 1,170.22- | 0.22- |
| | | | | Net Income: | 8,065.56 | 1.54 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 10/2019 | CND | $/BBL:47.50 | 121.68 /0.02 | Condensate Sales: | 5,780.37 | 1.10 |
| | Roy NRI: | 0.00019091 | | Production Tax - Condensate: | 299.88- | 0.05- |
| | | | | Other Deducts - Condensate: | 782.30- | 0.15- |
| | | | | Net Income: | 4,698.19 | 0.90 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 04/2019 | GAS | $/MCF:2.48 | 6,719-/1.28- | Gas Sales: | 16,642.40- | 3.18- |
| | Roy NRI: | 0.00019091 | | Production Tax - Gas: | 998.54 | 0.19 |
| | | | | Net Income: | 15,643.86- | 2.99- |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 04/2019 | GAS | $/MCF:2.48 | 6,725 /1.28 | Gas Sales: | 16,655.56 | 3.18 |
| | Roy NRI: | 0.00019091 | | Production Tax - Gas: | 999.34- | 0.19- |
| | | | | Net Income: | 15,656.22 | 2.99 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 08/2019 | GAS | $/MCF:1.95 | 4,873 /0.93 | Gas Sales: | 9,484.81 | 1.81 |
| | Roy NRI: | 0.00019091 | | Production Tax - Gas: | 569.09- | 0.11- |
| | | | | Net Income: | 8,915.72 | 1.70 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 09/2019 | GAS | $/MCF:2.05 | 5,149 /0.98 | Gas Sales: | 10,550.40 | 2.01 |
| | Roy NRI: | 0.00019091 | | Production Tax - Gas: | 633.02- | 0.12- |
| | | | | Net Income: | 9,917.38 | 1.89 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 10/2019 | GAS | $/MCF:2.22 | 5,877 /1.12 | Gas Sales: | 13,033.96 | 2.49 |
| | Roy NRI: | 0.00019091 | | Production Tax - Gas: | 782.04- | 0.15- |
| | | | | Net Income: | 12,251.92 | 2.34 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 08/2019 | OIL | $/BBL:57.50 | 2,781.30 /0.53 | Oil Sales: | 159,929.20 | 30.53 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 9,211.93- | 1.76- |
| | | | | Other Deducts - Oil: | 6,396.99- | 1.22- |
| | | | | Net Income: | 144,320.28 | 27.55 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 08/2019 | OIL | $/BBL:55.40 | 760.26 /0.15 | Oil Sales: | 42,119.92 | 8.04 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil | 3,369.59- | 0.64- |
| | | | | Net Income: | 38,750.33 | 7.40 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 09/2019 | OIL | $/BBL:56.20 | 380.94 /0.07 | Oil Sales: | 21,408.07 | 4.09 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 1,712.64- | 0.33- |
| | | | | Net Income: | 19,695.43 | 3.76 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 09/2019 | OIL | $/BBL:58.30 | 2,229.63 /0.43 | Oil Sales: | 129,983.19 | 24.82 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 7,491.30- | 1.44- |
| | | | | Other Deducts - Oil: | 5,128.15- | 0.97- |
| | | | | Net Income: | 117,363.74 | 22.41 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 10/2019 | OIL | $/BBL:55.30 | 2,827.50 /0.54 | Oil Sales: | 156,358.77 | 29.85 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 8,991.33- | 1.72- |
| | | | | Other Deducts - Oil: | 6,503.25- | 1.24- |
| | | | | Net Income: | 140,864.19 | 26.89 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 10/2019 | OIL | $/BBL:53.20 | 934.96 /0.18 | Oil Sales: | 49,738.94 | 9.50 |
| | Roy NRI: | 0.00019091 | | Production Tax - Oil: | 3,979.12- | 0.76- |
| | | | | Net Income: | 45,759.82 | 8.74 |

From:  Sklar Exploration Co., L.L.C.
To:    Johnnie Earl Richburg

For Checks Dated 12/23/2019
Account: RICJ01    Page  2

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|----------|------|-----------|--------------|-------------|--------------|------------|
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 04/2019 | PRG | $/GAL:0.93- | 38,130-/7.28- | Plant Products - Gals - Sales: | 35,393.84 | 6.76 |
| | Roy NRI: | 0.00019091 | | Net Income: | 35,393.84 | 6.76 |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 04/2019 | PRG | $/GAL:0.94- | 37,983 /7.25 | Plant Products - Gals - Sales: | 35,588.34- | 6.79- |
| | Roy NRI: | 0.00019091 | | Net Income: | 35,588.34- | 6.79- |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 08/2019 | PRG | $/GAL:1.28- | 41,711 /7.96 | Plant Products - Gals - Sales: | 53,580.58- | 10.23- |
| | Roy NRI: | 0.00019091 | | Net Income: | 53,580.58- | 10.23- |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 09/2019 | PRG | $/GAL:0.96- | 48,259 /9.21 | Plant Products - Gals - Sales: | 46,393.38- | 8.86- |
| | Roy NRI: | 0.00019091 | | Net Income: | 46,393.38- | 8.86- |
| LEASE: (1LIT02) Little Cedar Creek Oil Unit #2   County: CONECUH, AL | | | | | | |
| 10/2019 | PRG | $/GAL:2.62- | 33,584 /6.41 | Plant Products - Gals - Sales: | 87,918.52- | 16.78- |
| | Roy NRI: | 0.00019091 | | Net Income: | 87,918.52- | 16.78- |

Amount to be transferred to your account (xxxxxxxx8523)

| Owner#: | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---------|-------------|----------------|---------|---------|------------|-------------|------------|
| RICJ01 | E000006292 | Check Totals: | | 81.70 | 11.25 | | 70.45 |
| | 12/23/2019 | 2019 Totals: | | 600.39 | 66.48 | | 533.91 |

E

M

A

I

L

E

D

_____Geoff Zahm_____          _____9/24/2020_____

CASE MANAGER                              DATE

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor: SKLAR EXPLORATION COMPANY, LLC
Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows:

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

BAR(23) MAILID *** 000172146661 ***
SKR (MERGE2.DBF,SCHED_NO)   SCHEDULE #: 377002070*****

For Court Use Only

**RECEIVED**
SEP 2 5 2020
**LEGAL SERVICES**

Your claim is scheduled by the Debtor as:

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR

0000000197

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a b...
under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any
documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments,
mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available,
explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

*SEE ATTACHED PAGE*

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *Ed L. Dunn*

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name *Ed L. Dunn*
Number Street *5886 Dunridge Dr.*
City State ZIP Code *Milton, FL 32571*

Country (if International): _____
Contact phone: *850-417-1122*
Contact email: *ELocke43@me.com*

Where should payments to the creditor be sent? (if different)

Name _____
Number Street _____
City State ZIP Code _____
Country (if International): _____
Contact phone: _____
Contact email: _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
*SKLAR*

**7. How much is the claim?**
$ *SEE ENCLOSED*
Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*Goods Sold*

**9. Is all or part of the claim secured?**

☐ No    NOT SURE

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

_____

Basis for perfection: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed    ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. Amount necessary to cure any default as of the date of petition.

$   SEE ENCLOSED

**11. Is this claim subject to a right of setoff?**

☐ No    DON'T KNOW.

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No    DON'T KNOW

☐ Yes. Check one:

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No    DON'T KNOW

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

---

| **Part 3:** | **Sign Below** |
| --- | --- |

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.    to the best of my Knowledge.

Executed on date  9/22/20
             MM / DD / YYYY        Signature

Print the name of the person who is completing and signing this claim:

Name    Ed              L.              DUNN
         First name        Middle name        Last name

Title    OWNER

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  5886 DUNRIDGE DR.
         Number        Street

         MILTON              FL        32571
         City              State        ZIP Code

Contact Phone _____    Email _____

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.

- **Fill in the caption at the top of the form.** The full list of debtors is provided under the general information section on the Claims Agent's website: https://dm.epiq11.com/SKR.

- If the claim has been acquired from someone else, then state **the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/SKR) to view your filed form under "Claims."

## Where to File Proof of Claim Form

### First Class Mail:
**Sklar Exploration Company, LLC Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4421**
**Beaverton, OR 97076-4419**

### Hand Delivery or Overnight Mail:
**Sklar Exploration Company, LLC Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

### Electronic Filing:
**By accessing the E-filing Claims link at https://dm.epiq11.com/SKR**

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

08/26/2020 11:26 am
Company:00SEC

Sklar Exploration Co., L.L.C.
Suspense Master Listing by Owner
Print Detail by Owner-Property-Distribution Line
Owner DUNE01

Page    1

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | | Gross$ | Taxes | Other | Net Amt | Susp |
|----------|-----|---------------|------|----------|--------|---------|----------|---|--------|-------|-------|---------|------|
| **DUNE01** | | **Ed L. Dunn** (Pay code: 1 = $25.00  min) | | | | | | | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.39 | 0.00155813 | W | 8.44 | 0.53- | 1.77- | 6.14 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00155813 | W | 11.62 | 0.70- | 0.00 | 10.92 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00155813 | W | 1,524.01 | 116.55- | 67.07- | 1,340.39 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.00155813 | W | 105.81 | 8.46- | 0.00 | 97.35 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.00155813 | W | 2.16 | 0.13- | 0.00 | 2.03 | L15 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 979.02 | 0.00092275 | W | 29.77 | 1.88- | 6.24- | 21.65 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,956.00 | 0.00092275 | W | 97.51 | 7.80- | 0.00 | 89.71 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.00092275 | W | 1,120.48 | 85.69- | 49.32- | 985.47 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | PLAM0320 | 2,076.21 | 0.00092275 | W | 96.10 | 7.69- | 0.00 | 88.41 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.00092275 | W | 20.91- | 0.00 | 0.00 | 20.91- | L15 |
| 1BRO01 | | DUNE01 | OWNER TOTAL: | | | | 10 | | 2,974.99 | 229.43- | 124.40- | 2,621.16 | |

| Grand Total | | | | | | 504,716.75 | 10 | | 2,974.99 | 229.43- | 124.40- | 2,621.16 |

Total by Owner Balance Being Negative/Positive:

| | | | | | |
|---|---|---|---|---|---|
| Total Owner Positive Balance | 1 | | | 2,621.16 |
| Total Owner Negative Balance | 0 | | | 0.00 |

Amt. owed as shown plus funds from
recently resolved litigation involving
interest in the NE¼ of Section 3,
T3N, R13E Conecuh County, AL

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| —————————————————————— | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| Debtor. | ) | |

**NOTICE OF ORDER ESTABLISHING PROCEDURES AND
BAR DATE FOR THE FILING OF PROOFS OF CLAIM
PURSUANT TO FED. R. BANKR. P. 3003(c)(3)**

TO INDIVIDUALS AND ENTITIES WHO MAY BE CREDITORS OF DEBTORS:

Please take notice that the bankruptcy court has entered an order establishing procedures and a bar date for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3) as follows:

(a) All proofs of claim must be filed with Epiq Corporate Restructuring, LLC ("Claims Agent") by e-filing, by mail, or in person, such that they are received no later than **5:00 P.M. PREVAILING MOUNTAIN TIME ON OR BEFORE SEPTEMBER 28, 2020 (the "Bar Date")**, at the following address:

**If by First-Class Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

**If by Hand Delivery or Overnight Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**By e-filing at:** https://epiqworkflow.com/cases/SKR

**CLAIMS ARE NOT DEEMED FILED UNTIL ACTUALLY RECEIVED BY THE CLAIMS AGENT.**

(b) **ANY CLAIMS FILED AFTER THE BAR DATE WILL BE DISALLOWED.** Any individual or entity that is required to file a proof of claim by the Bar Date and that fails to do so will not be treated as a creditor for the purposes of voting or distribution, may not receive any further notices of mailings in this chapter 11 case and any claim of such individual or entity will be forever barred.

(c) Any creditor holding a claim arising prior to date of debtors' chapter 11 bankruptcy filings, **April 1, 2020**, must file a proof of claim with the court if the claim is: (i) not scheduled, (ii) scheduled as disputed, contingent, or unliquidated, or (iii) if such creditor disagrees with the amount of the scheduled claim.

(d) Following the Bar Date, a creditor will not be allowed to amend a claim deemed filed on its behalf pursuant to 11 U.S.C. § 1111(a) by virtue of the listing of such claim by debtors in their respective bankruptcy schedules.

(e) In order to assist in the review and reconciliation of proofs of claim, claims should include copies of any invoices, statements or other documents which evidence or support the amount and basis of the claim.

(f) CLAIMANTS WHO HAVE ALREADY FILED THEIR PROOFS OF CLAIM SHOULD NOT FILE A DUPLICATE CLAIM. Claimants who have filed a Proof of Claim MAY file an amended Proof of Claim by the Bar Date.

**ANY CLAIM NOT TIMELY FILED WITH THE CLAIMS AGENT WITHIN THE TIME SET FORTH ABOVE WILL BE FOREVER BARRED FROM SHARING IN THE ESTATE OR BEING TREATED AS A CLAIM FOR PURPOSES OF VOTING OR DISTRIBUTION. [1]**

DATED: July 29, 2020

Respectfully submitted,

By:   */s/ Keri L. Riley*
     Lee M. Kutner, #10966
     Keri L. Riley, #47605
     **KUTNER BRINEN, P.C.**
     1660 Lincoln Street, Suite 1850
     Denver, CO 80264
     Telephone: (303) 832-2400
     Telecopy: (303) 832-1510
     E-mail: klr@kutnerlaw.com

---

1 Subject to 11 U.S.C. § 726(a)(1) in the event of conversion.



Edward Dunn
PO Box 94
Milton, FL 32572

PENSACOLA FL  325

22 SEP 2020   PM 2   L



**RECEIVED**

SEP 2 5 2020

**LEGAL SERVICES**

Sklar Exploration
Claims Processing Center
P.O. Box 4421
Beaverton, OR 97076-4421

97076-042121

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:
Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172145251

BAR(23) MAILID *** 000172145251 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001012********

MARITA B SNYDER
4221 LORRAINE AVE
DALLAS, TX 75205-0000

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

**RECEIVED**

SEP 2 5 2020

**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000202    04/19

## Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

1. Who is the current creditor?
Name of the current creditor (the person or entity to be paid for this claim): *Marita B. Snyder*

Other names the creditor used with the debtor: _____

2. Has this claim been acquired from someone else?   ☑ No   ☐ Yes.   From whom? _____

3. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

*Marita B. Snyder*
Name

*4221 Lorraine Ave*
Number    Street

*Dallas, TX 75205*
City    State    ZIP Code

Country (if International): _____

Contact phone: *214-213-8427*

Contact email: _____

**Where should payments to the creditor be sent?**
(if different)

Name

Number    Street

City    State    ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

4. Does this claim amend one already filed?
☑ No
☐ Yes.   Claim number on court claims register (if known) _____

Filed on _____
MM / DD / YYYY

5. Do you know if anyone else has filed a proof of claim for this claim?
☑ No
☐ Yes.   Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

6. Do you have any number you use to identify the debtor?
☑ No
☐ Yes.   Last 4 digits of the debtor's account or any number you use to identify the debtor:
_____

7. How much is the claim?
$ _____

Does this amount include interest or other charges?
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*Services performed*

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ **Real estate.** If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

Basis for perfection: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                           $_____

Amount of the claim that is secured:        $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed) _____%
                                   ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes.  Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    09/21/2020    *Marita B Snyder*
                    MM / DD / YYYY    Signature

Print the name of the person who is completing and signing this claim:

Name    Marita              B              Snyder
        First name          Middle name    Last name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address 4221 Lorraine Ave
        Number    Street
        Dallas                    TX        75205
        City                      State     ZIP Code

Contact Phone  214 213 8427    Email _____

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.
- Fill in the caption at the top of the form. The full list of debtors is provided under the general information section on the Claims Agent's website: https://dm.epiq11.com/SKR.
- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- Attach any supporting documents to this form. Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added.  Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- Do not attach original documents because attachments may be destroyed after scanning.
- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.
- A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.
- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write A.B., a minor child (John Doe, parent, 123 Main St, City, State).  See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/SKR) to view your filed form under "Claims."

## Where to File Proof of Claim Form

### First Class Mail:
Sklar Exploration Company, LLC Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4419

### Hand Delivery or Overnight Mail:
Sklar Exploration Company, LLC Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

### Electronic Filing:
By accessing the E-filing Claims link at https://dm.epiq11.com/SKR

## Understand the terms used in this form

Administrative expense: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

Claim: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5).  A claim may be secured or unsecured.

Creditor: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

Debtor: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

Evidence of perfection: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

Information that is entitled to privacy: A Proof of Claim form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

Priority claim: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

Proof of claim: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

Redaction of information: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.

Secured claim under 11 U.S.C. §506(a): A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

Setoff: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

Uniform claim identifier: An optional 24-character identifier that some creditors use to facilitate electronic payment.

Unsecured claim: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

September 21, 2020

United States Bankruptcy Court, District of Colorado

Sklar Exploration Company

Dear Court Representative:

My sisters_Marita B. Snyder (86), Julia Blair (72) __ and I (74) have a real interest in making a claim for payment in this bankruptcy case.  However, because we all live on fixed incomes and are restricted by physical handicaps, our obtaining legal assistance in filing out this form has been next to impossible.

We have completed the form as well as we can and sincerely hope that if certain questions have been left unanswered or answered inadequately, you will contact us for further information:

- Marita Snyder, whose financial concerns are now  being overseen by her son-in-law, Mike McWay__214-213-8427
- Julia Blair___251-578-3547
- Susan Blair___251-578-3547

Sincerely,

Susan Blair

Blair House
18264 Brooklyn Rd
Evergreen, Al 36401



Montgomery P&DC 360
TUE 22 SEP 2020 PM

**RECEIVED**

SEP 2 5 2020

**LEGAL SERVICES**

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC Claims Processing Center

c/o Epiq Corporate Restructuring LLC

PO Box 4421
Beaverton, or 97076-4419

Julia's

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:
Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144981

BAR(23) MAILID *** 000172144981 ***
SKR (CREDITOR.DBF, CREDNUM) CREDNUM # 1000000891******
JULIA BLAIR
18264 BROOKLYN RD
EVERGREEN, AL 36401-0000

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

RECEIVED
SEP 2 5 2020
LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR          0000000203

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Julia Blair

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☐ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: Julia Blair
Number Street: 18264 Brooklyn Rd
City State ZIP: Evergreen AL 36401
Country (if International): _____
Contact phone: 251-578 3547
Contact email: blairjulia@outlook.com

Where should payments to the creditor be sent? (if different)
Name: _____
Number Street: _____
City State ZIP: _____
Country (if International): _____
Contact phone: _____
Contact email: _____

**4. Does this claim amend one already filed?** ☒ No ☐ Yes. Claim number on court claims register (if known) _____ Filed on ___/___/_____

**5. Do you know if anyone else has filed a proof of claim for this claim?** ☒ No ☐ Yes. Who made the earlier filing? _____

## Part 2:  Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __ __ __ __

**7. How much is the claim?** $_____
Does this amount include interest or other charges?
☒ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Services Performed

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____
Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                           $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $ _____

---

**Part 3:   Sign Below**   *Julia Blair*

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9 /21/2020       Signature   *Julia Blair*
                    MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name     *Julia*                                         *Blair*
         First name        Middle name                   Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  *18264    Brooklyn Rd*
         Number        Street

         *Evergreen              Al            36401*
         City                    State         ZIP Code

Contact Phone  *251-578-3547*       Email  *blairJulia@outlook.com*

September 21, 2020

United States Bankruptcy Court, District of Colorado

Sklar Exploration Company



**COPY**
**Document Control**

Dear Court Representative:

My sisters_Marita B. Snyder (86), Julia Blair (72) __ and I (74) have a real interest in making a claim for payment in this bankruptcy case.  However, because we all live on fixed incomes and are restricted by physical handicaps, our obtaining legal assistance in filing out this form has been next to impossible.

We have completed the form as well as we can and sincerely hope that if certain questions have been left unanswered or answered inadequately, you will contact us for further information:

- Marita Snyder, whose financial concerns are now  being overseen by her son-in-law, Mike McWay__214-213-8427
- Julia Blair___251-578-3547
- Susan Blair___251-578-3547

Sincerely,

Susan Blair

Blair House
18264 Brooklyn Rd
Evergreen, Al 36401



Montgomery P&DC 360
TUE 22 SEP 2020 PM

**RECEIVED**

SEP 2 5 2020

**LEGAL SERVICES**

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC Claims Processing Center

c/o Epiq Corporate Restructuring LLC

PO Box 4421
Beaverton, or 97076-4419

**COPY**

Document Control

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:
Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144981

□ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

BAR(23) MAILID *** 000172144981 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000000891*****

Susan
JULIA BLAIR
18264 BROOKLYN RD
EVERGREEN, AL 36401-0000

For Court Use Only

**RECEIVED**
SEP 2 5 2020
**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR
0000000204

## Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *Susan Blair*

Other names the creditor used with the debtor:

**2. Has this claim been acquired from someone else?** ☑ No  □ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: *Susan Blair*
Number Street: *18264 Brooklyn Rd*
City State ZIP Code: *Evergreen AL 36401*
Country (if International):
Contact phone: *251-578-3547*
Contact email: *blairhouse03@gmail*

Where should payments to the creditor be sent? (if different)
Name:
Number Street:
City State ZIP Code:
Country (if International):
Contact phone:
Contact email:

**4. Does this claim amend one already filed?** ☑ No
□ Yes. Claim number on court claims register (if known)
Filed on MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?** ☑ No
□ Yes. Who made the earlier filing?

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?** ☑ No
□ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:

**7. How much is the claim?** ?
$
Does this amount include interest or other charges? ☑ No
□ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*Services Rendered*

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____

_____

Basis for perfection: _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                               $_____

Amount of the claim that is secured:     $_____

Amount of the claim that is unsecured:  $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed)  _____%
                                          ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes.  Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/21/2020          Signature  *SUSAN BLAIR*
                   MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name   *Susan*                           *Blair*
       First name       Middle name       Last name

Title   _____

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   *18264 Brooklyn Rd*
          Number        Street
          *Evergreen*              *AL*        *36401*
          City                    State       ZIP Code

Contact Phone  *251-578-3547*   Email  *blairhouse03@gmail.com*

September 21, 2020

United States Bankruptcy Court, District of Colorado

Sklar Exploration Company



**COPY**

**Document Control**

Dear Court Representative:

My sisters_Marita B. Snyder (86), Julia Blair (72) __ and I (74) have a real interest in making a claim for payment in this bankruptcy case. However, because we all live on fixed incomes and are restricted by physical handicaps, our obtaining legal assistance in filing out this form has been next to impossible.

We have completed the form as well as we can and sincerely hope that if certain questions have been left unanswered or answered inadequately, you will contact us for further information:

- Marita Snyder, whose financial concerns are now being overseen by her son-in-law, Mike McWay__214-213-8427
- Julia Blair___251-578-3547
- Susan Blair___251-578-3547

Sincerely,

Susan Blair

Blair House
18264 Brooklyn Rd
Evergreen, Al 36401



Montgomery P&DC 360
TUE 22 SEP 2020 PM

**RECEIVED**

SEP 2 5 2020

**LEGAL SERVICES**

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC Claims Processing Center
c/o Epiq Corporate Restructuring LLC
PO Box 4421
Beaverton, or 97076-4419

**COPY**

**Document Control**

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor:
Case Number:

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172146110

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

BAR(23) MAILID *** 000172146110 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000002675******

TEDDY FINCHER & NELLY BURNS FINCHER
1682 2ND STREET
ARCADIA, LA 71001-0000

For Court Use Only

**RECEIVED**
SEP 28 2020
**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000205

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Teddy A. Fincher & Nelly Burns Fincher

Other names the creditor used with the debtor:

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Teddy A. Fincher
Name
1682 2nd St
Number    Street
Arcadia, LA. 71001
City        State    ZIP Code

Country (if International): _____

Contact phone: 318-579-1013

Contact email: lisafincher1@gmail.com

Where should payments to the creditor be sent? (if different)

Teddy A. Fincher
Name
1682 2nd St
Number    Street
Arcadia, LA. 71001
City        State    ZIP Code

Country (if International): _____

Contact phone: 318-579-1013

Contact email: lisafincher1@gmail.com

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**
$ We don't Know

Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Leased land

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ **Real estate.** If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ **Motor vehicle**

☐ **Other.** Describe: _____

_____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                     $ 75,000

Amount of the claim that is secured:     $ ?

Amount of the claim that is unsecured: $ ?
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition: $ ?

Annual Interest Rate (when case was filed) ? %

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. Amount necessary to cure any default as of the date of petition.

$ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9) is $ _____

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 9/11/2020        Signature *Teddy A. Fincher*
                MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name    Teddy          Arthur          Fincher
        First name      Middle name      Last name

Title   Owner of leased land On Bridges Rd.  7.5 acres

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  1682   2nd St
         Number  Street

         Arcadia, La              71001
         City            State    ZIP Code

Contact Phone 318-579-1013   Email lisafincher1@gmail.com

Teddy A. Foster
1682 2nd St
Arcadia, LA. 71001

SHREVEPORT LA 710

23 SEP 2020  PM 2  L

FOREVER   FOREVER

RECEIVED
SEP 2 8 2020
LEGAL SERVICES

SKlar Exploration Company, LLC
Claims Processing Center
C/o Epiq Corporate Restructuring, LLC
P.o. Box 4421
Beaverton, OR   97076 - 4421

97076-042121

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172144958

Name of Debtor: SKLARCO, LLC / SKLAR Exploration Co, LLC
Case Number: 20-12380-EEB / 20-12377-EEB

BAR(23) MAILID *** 000172144958 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000000872******

JOYCE EVELER
3503 ROUTE Z
CENTERTOWN, MO 65023

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

For Court Use Only

**RECEIVED**

SEP 2 8 2020

**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000206

## Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *Joyce Eveler*

Other names the creditor used with the debtor: *Joyce M. Eveler*

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name: *Joyce Eveler*

Number Street: *3503 Route Z*

City *Centertown* State *MO* ZIP Code *65023*

Country (if International): _____

Contact phone: *573-690-3633*

Contact email: *joyceeveler@hotmail.com*

**Where should payments to the creditor be sent?** (if different)

Name: _____

Number Street: _____

City _____ State _____ ZIP Code _____

Country (if International): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
___ ___ ___ ___

**7. How much is the claim?**

$ _____

**Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

*Sale of lease, 0.0215 acres S36, Twn, 4N, R10E Castleberry, Conecuh County, AL*

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other.  Describe: _Mineral lease_

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                  $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any
default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes.  Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _9/23/2020_       _Joyce M. Eveler_
                  MM / DD / YYYY    Signature

Print the name of the person who is completing and signing this claim:

Name      _Joyce_          _M._              _Eveler_
          First name       Middle name       Last name

Title     _Mrs_

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _3503  Route Z_
          Number      Street

          _Centertown,  MO    65023_
          City              State      ZIP Code

Contact Phone  _573-690-3633_      Email  _joyceeveler@hotmail.com_



Ms. Shirley Andrews
1506 Notting Hill Dr.
Jefferson City, MO  65109

MID-MISSOURI MO 652
COLUMBIA MO
23 SEP 2020  PM 1 1

FOREVER USA

**RECEIVED**

**SEP 2 8 2020**

**LEGAL SERVICES**

Sklar Exploration Company, LLC

Claims Processing Center

C/o Epiq Corporate Restructuring, LLC

P.O. Box 4421

Beaverton, OR 97076 - 4421

9707680421

United States Bankruptcy Court for the District of Colorado
**Sklar Exploration Company, LLC. Claims Processing Center**
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Your Mail ID is as follows: 172145949

Name of Debtor: SKLARCO, LLC / SKLAR Exploration Co, LLC
Case Number: 20-12380-EEB / 20-12377-EEB

BAR(23) MAILID *** 000172145949 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001342******

SHIRLEY S. ANDREWS
1506 NOTTING HILL DR
JEFFERSON CITY, MO 65109

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

**RECEIVED**
SEP 28 2020
**LEGAL SERVICES**

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)
**SKR**
0000000207

## Proof of Claim (Official Form 410)   04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:   Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): *Shirley Andrews*
Other names the creditor used with the debtor: *Shirley S. Andrews*

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: *Shirley Andrews*
Number Street: *1506 Notting Hill Dr*
City State ZIP Code: *Jefferson City, MO 65109*
Country (if International):
Contact phone: *573-690-6884*
Contact email: *Shugandy3@gmail.com*

Where should payments to the creditor be sent? (if different)
Name:
Number Street:
City State ZIP Code:
Country (if International):
Contact phone:
Contact email:

**4. Does this claim amend one already filed?** ☑ No
☐ Yes. Claim number on court claims register (if known)
Filed on ___ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?** ☑ No
☐ Yes. Who made the earlier filing?

### Part 2:   Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___

**7. How much is the claim?** $_____
Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.
*Sale of lease, 0.0215 acres
S36, Twn. 4N, R10E
Castleberry, Conecuh County, AL*

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other.  Describe: *Mineral Leases*

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $_____

**Amount of the claim that is secured:**  $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes.  Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:
_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____
$_____
$_____
$_____
$_____
$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/23/2020        Signature  *Shirley Andrews*
                  MM / DD / YYYY

Print the name of the person who is completing and signing this claim:

Name  *Shirley*       *S.*        *Andrews*
      First name      Middle name     Last name

Title  *Mrs.*

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  *1506 Notting Hill Dr.*
         Number    Street

*Jefferson City, MO        65109*
City               State        ZIP Code

Contact Phone  *573-690-6884*     Email  *Shugandy3@gmail.com*



Ms. Shirley Andrews
1506 Notting Hill Dr.
Jefferson City, MO  65109



MID-MISSOURI MO 652
COLUMBIA MO
23 SEP 2020 PM 11

FOREVER USA

**RECEIVED**

SEP 2 8 2020

**LEGAL SERVICES**

Sklar Exploration Company, LLC
Claims Processing Center
C/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076 -4421

97076$0421



**COPY**

Document Control

United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor:
Case Number:

Your Mail ID is as follows: 172145497

BAR(23) MAILID *** 000172145497 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000003166******

NORMAN B. GILLIS, III
P.O. BOX 330218
NASHVILLE, TN 37203

☐ Check box if
the address on
the envelope
sent to you by
the court needs
to be updated.
Identify your
replacement
address in Part 1
(Section 3)
below.

**For Court Use Only**

RECEIVED
SEP 28 2020
LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

SKR                     0000000212

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _Norman B. Gillis, III_

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _Norman Gillis_

Number Street _P.O. Box 330218_

City State ZIP Code _Nashville TN 37203_

Country (if International): _____

Contact phone: _615-320-1332_

Contact email: _Norman@MusicRowLaw.com_

Where should payments to the creditor be sent?
(if different)

Name _____

Number Street _____

City State ZIP Code _____

Country (if International): _____

Contact phone: _____

Contact email: _____

**4. Does this claim amend one already filed?**

☒ No

☐ Yes. Claim number on court claims register (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No

☐ Yes. Who made the earlier filing? _____

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No

☒ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

_7064_

**7. How much is the claim?**

$ _Unk_

Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_oil royalty_

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                      $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed ☐ Variable

**10.  Is this claim based on a lease?**

☒ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____**

| **Part 3:** | **Sign Below** |
|---|---|

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9/28/2020
                          MM / DD / YYYY          Signature

Print the name of the person who is completing and signing this claim:

Name   Norman          Burke          Gillis
          First name          Middle name          Last name

Title   _____

Company   _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   4200   Kirtland Rd
          Number          Street

          Nashville                    TN          37215
          City                         State        ZIP Code

Contact Phone   615-320.1332          Email   Norman@MusicRowLaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| Debtor. | ) | |

**NOTICE OF ORDER ESTABLISHING PROCEDURES AND
BAR DATE FOR THE FILING OF PROOFS OF CLAIM
PURSUANT TO FED. R. BANKR. P. 3003(c)(3)**

TO INDIVIDUALS AND ENTITIES WHO MAY BE CREDITORS OF DEBTORS:

Please take notice that the bankruptcy court has entered an order establishing procedures and a bar date for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3) as follows:

(a) All proofs of claim must be filed with Epiq Corporate Restructuring, LLC ("Claims Agent") by e-filing, by mail, or in person, such that they are received no later than **5:00 P.M. PREVAILING MOUNTAIN TIME ON OR BEFORE SEPTEMBER 28, 2020 (the "Bar Date")**, at the following address:

**If by First-Class Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

**If by Hand Delivery or Overnight Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**By e-filing at:** https://epiqworkflow.com/cases/SKR

**CLAIMS ARE NOT DEEMED FILED UNTIL ACTUALLY RECEIVED BY THE CLAIMS AGENT.**

(b) **ANY CLAIMS FILED AFTER THE BAR DATE WILL BE DISALLOWED.** Any individual or entity that is required to file a proof of claim by the Bar Date and that fails to do so will not be treated as a creditor for the purposes of voting or distribution, may not receive any further notices of mailings in this chapter 11 case and any claim of such individual or entity will be forever barred.

(c) Any creditor holding a claim arising prior to date of debtors' chapter 11 bankruptcy filings, **April 1, 2020**, must file a proof of claim with the court if the claim is: (i) not scheduled, (ii) scheduled as disputed, contingent, or unliquidated, or (iii) if such creditor disagrees with the amount of the scheduled claim.

(d) Following the Bar Date, a creditor will not be allowed to amend a claim deemed filed on its behalf pursuant to 11 U.S.C. § 1111(a) by virtue of the listing of such claim by debtors in their respective bankruptcy schedules.

(e) In order to assist in the review and reconciliation of proofs of claim, claims should include copies of any invoices, statements or other documents which evidence or support the amount and basis of the claim.

(f) CLAIMANTS WHO HAVE ALREADY FILED THEIR PROOFS OF CLAIM SHOULD NOT FILE A DUPLICATE CLAIM. Claimants who have filed a Proof of Claim MAY file an amended Proof of Claim by the Bar Date.

**ANY CLAIM NOT TIMELY FILED WITH THE CLAIMS AGENT WITHIN THE TIME SET FORTH ABOVE WILL BE FOREVER BARRED FROM SHARING IN THE ESTATE OR BEING TREATED AS A CLAIM FOR PURPOSES OF VOTING OR DISTRIBUTION. [1]**

DATED: July 29, 2020

Respectfully submitted,

By:  /s/ Keri L. Riley
Lee M. Kutner, #10966
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
E-mail: klr@kutnerlaw.com

---

[1] Subject to 11 U.S.C. § 726(a)(1) in the event of conversion.





U.S. POSTAGE PAID
PME 1-Day
NASHVILLE, TN
37203
SEP 25, 20
AMOUNT

**$26.35**

1007    97076    R2304E106927-12

*PRESS FIRMLY TO SEAL*          *PRESS FIRMLY TO SEAL*



# UNITED STATES POSTAL SERVICE®

# PRIORITY® MAIL EXPRESS

### UNITED STATES POSTAL SERVICE ®

## PRIORITY MAIL EXPRESS®



EJ 360 964 504 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE (615) 406.6243

Norman Gillis
POB 330218
Nashville, TN 37203

**PAYMENT BY ACCOUNT (if applicable)**

| USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No. |
|---|---|

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)    PHONE ( )

Sklar Exploration Co.
Claims Processing Center
C/O Equip Corp. Rest. LLC
POB 4421
Beaverton, OR ☐

ZIP + 4® (U.S. ADDRESSES ONLY)

9 7 0 7 6 - 4 4 2 1

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day    ☐ 2-Day    ☐ Military    ☐ DPO

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage |
|---|---|---|
| 37203 | 9 26 | $ 26.35 |

| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Insurance Fee | COD Fee |
|---|---|---|---|
| 9 25 | ☐ 10:30 AM  ☑ 3:00 PM ☐ 12 NOON | $ | $ |

| Time Accepted | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
|---|---|---|---|
| 1231 ☐ AM ☑ PM | $ | $ | $ |

| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees |
|---|---|---|
| $ | $ | |

| Weight | ☐ Flat Rate | Acceptance Employee Initials |
|---|---|---|
| lbs. 3 ozs. | | $ |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
|---|---|---|
| | ☐ AM ☐ PM | |

LABEL 11-B, MARCH 2019    PSN 7690-02-000-9996

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



P S 1 0 0 0 1 0 0 0 0 0 6

⬅ **PEEL FROM THIS CORNER**

EP13F Oct 2018
OD: 12 1/2 x 9 1/2

# RECEIVED

SEP 2 8 2020

## LEGAL SERVICES



United States Bankruptcy Court for the District of Colorado
Sklar Exploration Company, LLC. Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/SKR

Use your Mail ID for access.

Name of Debtor: SKLARCO, LLC / SKLAR Exploration Co, LLC
Case Number: 20-12380-EEB ) 20-12377-EEB

Your Mail ID is as follows: 172145335

BAR(23) MAILID *** 000172145335 ***
SKR (CREDITOR.DBF,CREDNUM)CREDNUM # 1000001076******

MARYBETH STIEFERMAN
417 LADUE RD
JEFFERSON CITY, MO 65109

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

RECEIVED

SEP 2 9 2020

LEGAL SERVICES

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000224

## Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): Marybeth Stieferman

Other names the creditor used with the debtor: Marybeth Stieferman

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name: Marybeth Stieferman
Number Street: 417 Ladue Rd.
City State ZIP Code: Jefferson City, Mo 65109

Country (if International): _____
Contact phone: (573) 690-4244
Contact email: Marybeth.Stieferman@courts.Mo.gov

Where should payments to the creditor be sent? (if different)

Name: _____
Number Street: _____
City State ZIP Code: _____
Country (if International): _____
Contact phone: _____
Contact email: _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims register (if known) _____
Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**
☑ No
☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
___ ___ ___ ___

**7. How much is the claim?**
$ _____

Does this amount include interest or other charges?
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Sale of lease .0215 acres
536, twn. 4N, R10E
Castleberry, Conecuh County, AL

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe: *Mineral Leases*

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                    $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. Amount necessary to cure any default as of the date of petition.

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/23/2020   Signature *Marybeth L. Stieferman*

Print the name of the person who is completing and signing this claim:

Name  *Marybeth   Lea   Stieferman*
       First name   Middle name   Last name

Title  *Ms.*

Company  _____

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  *417 Ladue Road*
         Number   Street
         *Jefferson City,   Mo   65109*
         City   State   ZIP Code

Contact Phone  *(573) 690-4244*   Email  *Marybeth.Stieferman@Courts.mo.gov*



Stieferman
417 Ladue Rd
Jefferson Cty, MO 65109



FIRST-CLASS

02 7H
0001235544     SEP 24 2020
MAILED FROM ZIP CODE 65109

$ 000.50⁰

RECEIVED

SEP 2 9 2020

LEGAL SERVICES

SKLAR EXPLORATION COMPANY, LLC
CLAIMS PROCESSING CENTER
C/O EQIP CORPORATE RESTRUCTURING, LLC
P.O. BOX 4421
BEAVERTON, OR 97076-4419

970760421 B900

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Sklarco LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12380 |

Filed: USBC - District of Colorado
Sklar Exploration Company, LLC, et al (B10)
20-12377 (EEB)

**SKR**

0000000292

**RECEIVED**

SEP 2 8 2020

**LEGAL SERVICES**

## Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

U.S.Department of the interior, Bureau of Land Management (BLM), Wyoming State Office
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name _____
Number      Street _____
City                  State            ZIP Code
Contact phone _____
Contact email _____

Where should payments to the creditor be sent? (if different)

Name _____
Number      Street _____
City                  State            ZIP Code
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____     Filed on ___ / ___ / ___
                                                                                                              MM   /  DD   /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:  Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. How much is the claim? | $_____ 65,000.00 . Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |
| 9. Is all or part of the claim secured? | ☐ No<br>☐ Yes.  The claim is secured by a lien on property.<br>**Nature of property:**<br>☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe:  _____<br><br>**Basis for perfection:**  _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:  $_____<br>Amount of the claim that is secured:  $_____<br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:  $_____<br><br>Annual Interest Rate (when case was filed)_____%<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☐ No<br>☑ Yes. Amount necessary to cure any default as of the date of the petition.  $_____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/28/2020
                   MM / DD / YYYY

**Chris Hite**          Digitally signed by Chris Hite
                        Date: 2020.09.28 11:57:42 -06'00'
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Chris | | Hite |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Chief, Branch of Fluid Minerals Adjudication | | |
| Company | Bureau of Land Management, Wyomingn State Office | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 5353 Yellowstone Road | | |
| | Number        Street | | |
| | Cheyenne | WY | 82009 |
| | City | State | ZIP Code |
| Contact phone | 307-775-6166 | Email | chite@blm.gov |

Attachment to the United States' Proof of Claim filed on behalf of the Department of the Interior, Bureau of Land Management, Wyoming State Office, in regard to Chapter 11 bankruptcy, United States Bankruptcy Court for the District of Colorado, **Sklarco LLC**, Case No. 20-12380.

The Debtor, **Sklarco LLC**, is a recognized lessee, operating rights owner, and/or operator for leases associated with oil and gas wells. Pursuant to the leasing act of 1920 (30 U.S.C.§ 181 *et seq.*), 43 CFR §3160 *et seq.*, other standards and procedures as set forth in applicable laws, regulations, lease terms and conditions , applicable orders and notices, and applicable provisions of law, the Debtor is obligated to conduct operations in a manner which protects the mineral resources, other natural resources and environmental quality. These obligations include, but are not limited to:

1) The plugging of wells no longer capable of producing,
2) Reclamation of the surface for each particular operation.

These obligations are often known as decommissioning or permanent plugging and abandonment ("P&A") liabilities.

1. Basis for Claim: This proof of claim is protective in nature and reflects the estimated costs that would be incurred to comply with the Debtor's reclamation obligations.[1] Regulatory obligations of Debtors such as the P&A compliance with performance of decommissioning, are mandatory injunctive obligations of the Debtor for which proofs of claim need not be filed under the Bankruptcy Code. Nevertheless, this claim is filed in a protective fashion to protect the United States' rights with respect to such obligations of the Debtor, and to the extent the statutory, regulatory, and/or lease obligations that are the subject of this Protective Proof of Claim are determined to be "claims" within the meaning of the Bankruptcy Code and, therefore, dischargeable. The United States does not concede that such obligations do give rise to "claims" that are dischargeable in bankruptcy. The United States reserves the right to take future actions to enforce any such obligations of the Debtor. Nothing in this Proof of Claim constitutes a waiver of any rights of the United States or an election of remedies. In the event that it is determined that any or all of the obligations imposed by the statutory, regulatory, and contractual lease provisions give rise to "claims" as defined in the Bankruptcy Code, this Proof of Claim is filed for such claims with respect to the oil and gas wells and/or rights of way access listed on Exhibit A, and for all other obligations giving rise to "claims" within the meaning of the Bankruptcy Code with respect to the foregoing well site/rights of way. Additionally, this proof of claim does not reflect Sklarco LLC's obligations pursuant to federal statutes and regulations to pay penalties for failure to comply with these obligations, nor does it reflect other obligations with their federal oil and gas lease interest. The United States reserves all right to file application(s) for administrative expenses in connection with P&A and any other lease and regulatory liabilities at the appropriate time.

---

[1] The claim is entirely "protective" in nature. The claim is meant to protect the interests of the United States in the event that the Debtor fails to comply with its legal obligations to perform reclamation and the government is forced to undertake, or incur the costs of commissioning someone other than the Debtor to undertake, the Debtor's obligations.

2. <u>Justification for Claim:</u>  The debtor presently is the lessee, operating rights owner, and/or approved operator for the oil and gas well listed in Exhibit A.  Pursuant C.F.R. 3106.7-2 and 7-6, the Debtor is liable for plugging wells and abandoning facilities that the Debtor drilled, installed, or used.  Accordingly, BLM is filing this claim to provide notice that it does not waive its statutory or regulatory requirements or the lease terms for the Debtor to perform decommissioning for this lease/well when its P&A obligations accrue.

3. <u>Amount of Claim:</u> To the extent that the Debtor's unperformed P&A liabilities are considered to be a claim, and to the extent this claim requires the BLM to estimate the cost of decommissioning performance in the event that the BLM requires the Debtor to perform decommissioning, but the Debtor defaults on its obligations/fails to perform, the BLM has calculated the total estimated decommissioning costs to be $65,000 in protective liabilities for the identified oil & gas lease as of the date of petition (see Exhibit A).  While the United States reserves the right to amend this claim to assert subsequent discovered liabilities, if warranted, it does not anticipate that the total cost of decommissioning performance, which was calculated based on existing variables at the time of filing, will exceed this amount.

4. <u>Credits and Setoffs:</u>  As stated above, the United States does not concede that the performance of these regulatory obligation may be characterized as claims.  However, to the extent that the court determines that reclamation obligations stated in this protective proof of claim are a claim, the United States may have offset rights on account of any amounts owed by the United States to the Debtor.  This claim reflects the estimated liability of the Debtor.  The identification of any sums held subject to set off is without prejudice to any other right under 11 U.S.C. § 553 to set off, against a claim/debt owed to Debtor by this or any other Federal Agency.

This claim is entitled to treatment as a secured claim under 11 U. S. C. § 506 to the extent it is subject to set off by Debtor's claim against BLM or any other United States department, agency, or instrumentality.  The United States is a unitary creditor for purposes of set off.

EXHIBIT A

Outstanding liabilities:  $65,000 – Protective liability

List of leases attached in excel spreadsheet

Well Numbers: Perry Ranch Fed. 30-6
WYW184354
Well status: ABD

Reclamation cost: $65,000 for the following items

1. Remove standing water from reserve pit
2. Soil sampling/chemical analysis of reserve pit
3. Backfilling and removal of excess reserve pit liner
4. Removal of gravel from well pad and access road spur
5. Recontouring and reseeding of well pad and access road spur

No actual reclamation cost expended to date.

No outstanding assessments or penalties

Total dollar amount of actual and protective liabilities:  $65,000 – protective liability

---

[1] The claim is entirely "protective" in nature.  The claim is meant to protect the interests of the United States in the event that the Debtor fails to comply with its legal obligations to perform reclamation and the government is forced to undertake, or incur the costs of commissioning someone other than the Debtor to undertake, the Debtor's obligations.

C
O
U
R
T

D
O
C
K
E
T

| 20-12380 | 33-1 | 9/29/2020 | D. GERTH |
|---|---|---|---|
| CASE NO. | COURT CLAIM NO. | DATE RETRIEVED | RECEIVED BY |

| United States Bankruptcy Court for the District of Colorado | Your Mail ID is | 172144059 |
|---|---|---|

| | **For Court Use Only** |
|---|---|
| **Name of Debtor:** Sklar Exploration Company, LLC | Claim Number:   0000010005 |
| **Case Number:**   20-12377 | File Date:   08/06/2020 22:09:47 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):          CURT SCHOMMER

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name   CURT SCHOMMER | Name   _____ |
| Address   357 CASTILE LANE | Address   _____ |
| _____ | _____ |
| _____ | _____ |
| City   TURLOCK | City   _____ |
| State   CA        ZIP Code   95382 | State   _____   ZIP Code   _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:   2096783102 | Phone:   _____ |
| Email:   shifty.drifty@gmail.com | Email:   _____ |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

Page 1 of 3

**6.  Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____  _____  _____  _____

**7.  How much is the claim?**

$ _undetermined_

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Division Order

---

**9.  Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed)  _____%
                                    ☐ Fixed   ☐ Variable

**10.  Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11.  Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

*   Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:** **Sign Below**

| | |
|---|---|
| **The person completing this proof of claim must sign and date it.  FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☑ I am the creditor.<br><br>☐ I am the creditor's attorney or authorized agent.<br><br>☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.<br><br>☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

*Curt Schommer*                                 08/06/2020 22:09:47

Signature                                           Date

**Provide the name and contact information of the person completing and signing this claim:**

| | |
|---|---|
| Name | Curt Schommer |
| Address | 357 Castile Ln. |
| | |
| | |
| City | Turlock |
| State | CA            Zip 95382 |
| Country (in international) | United States |
| Phone | 2096783102 |
| Email | shifty.drifty@gmail.com |

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(318)227-8668

# Division Order

Date:  03/16/2020
Owner #:  SCHC04

Curt Schommer
357 Castile Lane
Turlock, CA 95382

THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.

The undersigned certifies the ownership of their decimal interest in production or proceeds as described above.

TERMS OF SALE: The undersigned will be paid in accordance with the division of interest(s) set below, subject to sufficient title. The payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this division order. Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.
PAYMENTS: From the effective date, payments are to be made by checks of payor, its successors or assigns, based on this division of interest, less taxes required by law to be deducted and remitted by payor as purchaser. Payments of less than $50 will be accrued before disbursement until the total amount equals $50 or more, or December 31 of each year, whichever occurs first. Owner agrees to refund payor any amounts attributable to an interest or part of an interest that owner does not own.
INDEMNITY: The owner agrees to indemnify and hold payor, its successors and assigns, and its agents, servants and employees harmless from all liability resulting from payments made to the owner in accordance with said division of interest, including but not limited to, attorney fees or judgments in connection with any suit that affects the owner's interest in which payor is made a party.
DISPUTES-WITHHOLDING OF FUNDS: If a suit is filed that affects the interest of the owner, written notice shall be given to payor by the owner together with a copy of the complaint or petition filed. In the event of a claim or dispute that affects title to the division of interest credited herein, payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statute until the claim or dispute is settled.
TERMINATION: Termination of this agreement is effective on the first day of the month that begins after the 30th day after the date written notice of termination is received by either party.
NOTICES: The owner agrees to notify payor in writing of any change in the division of interest, including changes of interest contingent on payment of money or expiration of time. No change of interest is binding on payor until the recorded copy of the instrument of change or documents satisfactorily evidencing such change are furnished to payor at the time the change occurs. Any change of interest shall be made effective on the first day of the month following receipt of such notice by payor. Any correspondence regarding this agreement shall be furnished to the addresses listed unless otherwise advised by either party.
In addition to the terms and conditions of this Division Order, the undersigned and Payor may have certain statutory rights under the laws of the state in which the property is located.

| Property # | Property Name / Deck Name | Interest | Type | County | Operator |
|---|---|---|---|---|---|
| **1FLE02** | **Fleming etal 30-15 #1/Deck:** | **0.00054053** | **R** | **CLARKE, MS** | Sklar Exploration Company, LLC |
| S30-T2N-R15E | | | | | |

### Signatures and Addresses of Owners

| Owner Signature | _Curt Schommer_ | Co-Owner Signature | |
|---|---|---|---|
| Address: | 357 Castile Le , 95312 | Address: | |
| Email: | | Email: | |
| Telephone: | 209-678-3102 | Telephone: | |
| EIN or SSN: | 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 | EIN or SSN: | |
| Co-Owner Signature | | Co-Owner Signature | |
| Address: | | Address: | |
| Email: | | Email: | |
| Telephone: | | Telephone: | |
| EIN or SSN: | | EIN or SSN: | |
| Witness Signature | | Witness Signature | |
| Print Name: | | Print Name: | |
| Address: | | Address: | |

RETURN TO SKLAR

Division Order: 1520
User: KE

| United States Bankruptcy Court for the District of Colorado | | Your Mail ID is | 172144145 |
|---|---|---|---|
| **Name of Debtor:** Sklar Exploration Company, LLC | | **For Court Use Only** | |
| | | Claim Number: | 0000010023 |
| **Case Number:** 20-12377 | | File Date: | 08/12/2020 10:05:02 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

---

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    DELTA S VENTURES LP

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    DELTA S VENTURES LP | Name _____ |
| Address    615 LONGVIEW DRIVE | Address _____ |
| _____ | _____ |
| _____ | _____ |
| City    SUGAR LAND | City _____ |
| State    TX          ZIP Code   77478-3728 | State _____ ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:    +1 (281) 435-3917 | Phone: _____ |
| Email:    robert@dsvconsult.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

---

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____  _____  _____  _____

**7. How much is the claim?**

$ ___underdetermined___

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Contract/Executory Contract
_____

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:       $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

**Annual Interest Rate** (when case was filed)     _____%

             ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)
(_____) that applies.
* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Robert C. Rhodes*                                        08/12/2020 10:05:02

Signature                                                      Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Robert C. Rhodes

Address     615 Longview Drive



City         Sugar Land

State        TX                                          Zip    77478

Country (in international)     USA

Phone        +1 (281) 435-3917

Email        robert@dsvconsult.com

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA  71101
(318)227-8668

# *Settlement Statement*

Delta S Ventures LP
615 Longview Drive
Sugar Land, TX  77478

Account:  DELS01

Date:  07/31/2020

**Prepaid Balance by Project:**

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|-----------|------|-------------|-------------------|------------------|-------------------|
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 7.90 | | 7.90 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 23.23 | | 23.23 |
| | | **Prepaid Balance Totals:** | **31.13** | | **31.13** |

**Summary by LEASE:**

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe | |
|-----------|-------------|----------|------------------|---------|---|
| | Unpaid Previous Balance | | | 221.31 | |
| 1BRO05 | Southwest Brooklyn Oil Unit | 152.87 | | 152.87 | |
| | **Totals:** | **152.87** | | **374.18** | |

**PLEASE PAY THIS AMOUNT ----------------------^**

**Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.**

From: Sklar Exploration Co., L.L.C.
To: Delta S Ventures LP

For Billing Dated 07/31/2020
Account: DELS01  Page  2

### LEASE: (1BRO05)  Southwest Brooklyn Oil Unit   County: CONECUH, AL

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| **Lease Operating Expense** | | | | | |
| *Location Clean Up/Pit Closure* | | | | | |
| 0484-000558 | Republic Services #808 | 1 | 52.12 | 52.12 | 0.04 |
| *Engineering & Supervision* | | | | | |
| TM0720HD | Production Superintendent Time & Mileage - DeLeon | 1 | 2,395.85 | | |
| TM0720RW | Engineer Time - West | 1 | 1,686.72 | 4,082.57 | 2.98 |
| *Instru/Monitoring & Automation* | | | | | |
| 171090 | Flow Services & Consulting, Inc.- EFM data processing April 2020 | 1 | 540.00 | | |
| 91128844 | IHS Global, Inc. | 1 | 322.72 | 862.72 | 0.63 |
| *Company Pumping - Gauging* | | | | | |
| ALPU0720 | Pumper Time & Mileage- Blackman, Davis, Hart, Hester, Hinote, Hoomes, Kinsey, Kinsey, & Moye | 1 | 37,391.52 | 37,391.52 | 27.34 |
| *Telephone & Communications* | | | | | |
| 200600047 | Your Message Center, Inc. | 1 | 24.37 | 24.37 | 0.01 |
| *Safety & H2S Training* | | | | | |
| I0069174 | Secorp Industries- Monthly calibrations | 1 | 573.68 | | |
| WIRE | Compliance Assurance Associates, Inc.- Smoke school, Training/Certification | 1 | 1,203.18 | 1,776.86 | 1.30 |
| *Repairs & Maint-Surface Equip* | | | | | |
| 23908 | Carnley Electric Inc- Battery packs, Graddy 34-8, CCLT 35-11 | 1 | 419.27 | | |
| 23925 | Carnley Electric Inc- Tank gauge repair, CCLT 4-2 | 1 | 540.00 | | |
| 23955 | Carnley Electric Inc- Tank gauge repair, CCLT 2-2 | 1 | 360.00 | | |
| 23956 | Carnley Electric Inc- Tank gauge repair, CCLT 35-15 | 1 | 180.00 | | |
| 23959 | Carnley Electric Inc- Replace main board on press to read box, CCLT 2-2 | 1 | 540.00 | | |
| WIRE | Carnley Electric Inc- 150 hp drive, CCLT 33-12 | 1 | 10,930.00 | 12,969.27 | 9.48 |
| *Salt Water Disposal* | | | | | |
| 80603 | S&S Construction, LLC- CCLT 4-2 | 1 | 360.00 | | |
| 2020-06-008 | Wastewater Disposal Services, Inc.- 6/16-30/2020 | 1 | 342.50 | | |
| 80613 | S&S Construction, LLC- CCLT 33-6 | 1 | 360.00 | | |
| 80625 | S&S Construction, LLC- CCLT 33-10, R12E | 1 | 360.00 | | |
| 80635 | S&S Construction, LLC- CCLT 3-4 (R12E) | 1 | 360.00 | | |
| 80636 | S&S Construction, LLC- 7/7 & 7/12/2020, CCLT 4-2 | 1 | 720.00 | | |
| 2020-07-003 | Wastewater Disposal Services, Inc.- 7/1-15/2020 | 1 | 330.00 | | |
| 80653 | S&S Construction, LLC- Graddy 34-8 | 1 | 360.00 | | |
| 47329 | American Remediation & Environmental Inc- CCLT 33-10 | 1 | 360.00 | | |
| 80652 | S&S Construction, LLC- CCLT 3-2 | 1 | 180.00 | | |
| 47468 | American Remediation & Environmental Inc- CCLT 33-10 7/17/2020 | 1 | 360.00 | 4,092.50 | 3.00 |
| *Utilities* | | | | | |
| 613710033 | Southern Pine Electric Cooperative- 5/27-6/29/2020 | 1 | 187.97 | | |

From:   Sklar Exploration Co., L.L.C.

To:   Delta S Ventures LP

For Billing Dated 07/31/2020

Account: DELS01    Page    3

## LEASE: (1BRO05)  Southwest Brooklyn Oil Unit    (Continued)
## Expenses:    (Continued)

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| 613710034 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 6,536.22 | | |
| 613710036 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 494.02 | | |
| 613710037 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 419.01 | | |
| 613710038 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 4,518.26 | | |
| 613710039 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 254.69 | | |
| 613710040 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 478.35 | | |
| 613710041 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 507.34 | | |
| 613710042 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 618.74 | | |
| 613710043 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 1,478.41 | | |
| 613710044 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 698.28 | | |
| 613710045 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 4,437.14 | | |
| 613710054 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 5,274.06 | | |
| 613710058 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 507.73 | | |
| 613710067 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 4,889.37 | | |
| 613710070 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 969.53 | | |
| 613710071 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 776.55 | | |
| 613710072 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 7,220.37 | | |
| 613710073 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 1,090.41 | | |
| 613710074 | Southern Pine Electric Cooperative-5/27-6/29/2020 | 1 | 367.38 | 41,723.83 | 30.50 |
| *Vacuum Truck* | | | | | |
| 80634 | S&S Construction, LLC- Pull sump on triplex, CCLT 3-2 | 1 | 90.00 | | |
| 80652 | S&S Construction, LLC- Clean up water @ triplex, CCLT 3-2 | 1 | 90.00 | 180.00 | 0.13 |
| *Other Revenue Deductions* | | | | | |
| TRAN0520 | 05-20 Transportation Fee on 136,431.40 mcf @ .50/mcf | 1 | 68,215.70 | 68,215.70 | 49.87 |
| *COPAS Overhead* | | | | | |
| RBO39174 | Adm Overhead - Producing | 1 | 32,291.07 | 32,291.07 | 23.60 |
| | **Total Lease Operating Expense** | | | **203,662.53** | **148.88** |
| **Leasehold Costs** | | | | | |
| *Legal Fees* | | | | | |
| 411822 | Armbrecht Jackson LLP- 5/11-31/2020 SE/4 SEC 35 T4N R12E Conecuh Co, AL | 1 | 165.00 | | |
| 411829 | Armbrecht Jackson LLP- 4/1-5/31/2020 SWB Oil Unit | 1 | 3,610.50 | | |
| 411832 | Armbrecht Jackson LLP- 5/8-31/2020 Escambia Prospect | 1 | 330.00 | | |
| 412102 | Armbrecht Jackson LLP- Proposed | 1 | 1,349.00 | 5,454.50 | 3.99 |

From:   Sklar Exploration Co., L.L.C.
To:   Delta S Ventures LP

For Billing Dated 07/31/2020
Account: DELS01   Page   4

**LEASE: (1BRO05)  Southwest Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|-----------|-------------|----------|-------------|-------|------------|
| | revisions to deed, Water injections, June 2020 | | | | |
| | **Total Leasehold Costs** | | | **5,454.50** | **3.99** |
| | **Total Expenses for LEASE** | | | **209,117.03** | **152.87** |

| LEASE Summary: | Wrk Int | | Expenses | You Owe |
|---------------|---------|--|----------|---------|
| **1BRO05** | **0.00073102** | | **152.87** | **152.87** |

| United States Bankruptcy Court for the District of Colorado | Your Mail ID is | 172144144 |
|---|---|---|

| | | **For Court Use Only** | |
|---|---|---|---|
| **Name of Debtor:** | Sklar Exploration Company, LLC | Claim Number: | 0000010024 |
| **Case Number:** | 20-12377 | File Date: | 08/12/2020 10:28:11 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): DELTA S VENTURES LP

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name  DELTA S VENTURES LP | Name _____ |
| Address  615 LONGVIEW DRIVE | Address _____ |
| _____ | _____ |
| City  SUGAR LAND | City _____ |
| State  TX     ZIP Code  77478-0000 | State _____     ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:  +1 (281) 435-3917 | Phone: _____ |
| Email:  robert@dsvconsult.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>MM / DD / YYYY | _____ |

Page 1 of 3

**Part 2:   Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| **6.  Do you have any number you use to identify the debtor?**<br><br>☑ No<br><br>☐ Yes.<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:<br><br>____  ____  ____  ____ | **7.  How much is the claim?**<br>$ ___undetermined___<br><br>**Does this amount include interest or other charges?**<br><br>☐ No<br><br>☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | **8.  What is the basis of the claim?**<br><br>Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Contract/Executory Contract<br>_____ |

**9.  Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                               $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed)  _____%

☐ Fixed  ☐ Variable

---

**10.  Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11.  Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

---

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Robert C. Rhodes*                                              08/12/2020 10:28:11

Signature                                                          Date

**Provide the name and contact information of the person completing and signing this claim:**

Name ____ Robert C. Rhodes

Address ____ 615 Longview Drive

City ____ Sugar Land

State ____ TX                            Zip ____ 77478

Country (in international) ____ USA

Phone ____ +1 (281) 435-3917

Email ____ robert@dsvconsult.com

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA  71101
(318)227-8668

# *Settlement Statement*

Delta S Ventures LP                                                Account:  DELS01
615 Longview Drive
Sugar Land, TX  77478                                           Date:  06/30/2020

**Account: DELS01 - Statement of Account:**

| Date | Reference | Description | Charges | Credits |
|------|-----------|-------------|---------|---------|
| 05/31/2020 | | Balance Forward | 195.83 | |
| 06/26/2020 | RBU19078 | Deduction from revenue check | | (137.81) |
| | | New Balance Forward | 58.02 | |

| **Prepaid Balance by Project:** | | | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|------|------|------|------|------|------|
| Property# | AFE# | Description | | | |
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 7.90 | | 7.90 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 23.23 | | 23.23 |
| | | **Prepaid Balance Totals:** | **31.13** | | **31.13** |

**Summary by LEASE:**

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe | |
|-----------|-------------|----------|------------------|---------|---|
| | Unpaid Previous Balance | | | 58.02 | |
| 1BRO05 | Southwest Brooklyn Oil Unit | 163.29 | | 163.29 | |
| | **Totals:** | **163.29** | | **221.31** | |

**PLEASE PAY THIS AMOUNT ----------------------^**

**Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.**

From:   Sklar Exploration Co., L.L.C.
To:   Delta S Ventures LP

For Billing Dated 06/30/2020
Account: DELS01   Page   2

### LEASE: (1BRO05)  Southwest Brooklyn Oil Unit   County: CONECUH, AL

**Expenses:**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|-----------|-------------|:--------:|------------:|------:|-----------:|
| **Lease Operating Expense** | | | | | |
| ***Location Clean Up/Pit Closure*** | | | | | |
| 0808-000671 | Republic Services #808 | 1 | 66.59 | | |
| 0484-000552 | Republic Services #808 | 1 | 53.79 | 120.38 | 0.09 |
| ***Engineering & Supervision*** | | | | | |
| TM0620HD | Production Superintendent Time & Mileage - DeLeon | 1 | 3,166.99 | | |
| TM0620MM | Production Geologist Time & Mileage- McDowell | 1 | 296.48 | | |
| TM0620RW | Engineering Time - West | 1 | 361.44 | | |
| 053120 | Harold J. De Leon- Troubleshoot & attempt to unload well, Clean out/recharge H2S tower, 5/26-27/2020, expenses | 1 | 120.60 | 3,945.51 | 2.88 |
| ***Instru/Monitoring & Automation*** | | | | | |
| 91109328 | IHS Global, Inc. | 1 | 322.72 | | |
| 170756 | Flow Services & Consulting, Inc.- Removed power oil vega tank radar & signal fire telemetry device, CCLT 34-14 | 1 | 1,020.00 | | |
| 170759 | Flow Services & Consulting, Inc.- Downloaded EFM stations for monthly volume statement | 1 | 485.35 | | |
| 170768 | Flow Services & Consulting, Inc.- Inspected & calibrated EFM stations | 1 | 1,394.00 | | |
| 170765 | Flow Services & Consulting, Inc.- Troubleshoot vega tank radars not communicating w/gateway display on signfire telemetry device.  Updated firmware.  Graddy 34-8 | 1 | 320.80 | | |
| 170769 | Flow Services & Consulting, Inc.- Inspected & calibrated EFM stations | 1 | 185.50 | 3,728.37 | 2.73 |
| ***Company Pumping - Gauging*** | | | | | |
| ALPU0620 | Pumper Time & Mileage- Davis,Hester,Hart, Moye, Kinsey, Kinsey, Hoomes, Blackman and Hinote | 1 | 31,848.88 | 31,848.88 | 23.28 |
| ***Equipment Rentals*** | | | | | |
| 46620 | American Remediation & Environmental Inc- Transportation & rental of manlift/Vacuum out H2S scrubber, CCLT 33-6, 5/29/2020 | 1 | 726.35 | 726.35 | 0.53 |
| ***Telephone & Communications*** | | | | | |
| 200510048 | Your Message Center, Inc. | 1 | 24.37 | 24.37 | 0.02 |
| ***Safety & H2S Training*** | | | | | |
| 1371 | H2SZERO, LLC- Scavenger Catalyst for H2S sulfa check tower recharge, CCLT 33-6 | 1 | 18,931.36 | 18,931.36 | 13.84 |
| ***Repairs & Maint-Surface Equip*** | | | | | |
| WMR20-3671 | Whirlwind Methane Recovery Systems, LLC- VRU parts/repairs | 1 | 1,518.15- | | |
| 23869 | Carnley Electric Inc- Replaced bad drive, CCLT 2-4 SW Inj | 1 | 540.00 | | |
| 23884 | Carnley Electric Inc- Troubleshoot drive problem, CCLT 33-12 | 1 | 360.00 | | |
| 171007 | Flow Services & Consulting, Inc.- 2 Pen Pressure Recorder, CCLT 34-14 | 1 | 994.75 | | |
| WIRE | Whirlwind Methane Recovery Systems, LLC- VRU, CCLT 35-15 & CCLT 35-11 | 1 | 1,361.71 | | |

From:   Sklar Exploration Co., L.L.C.                                    For Billing Dated 06/30/2020
To:     Delta S Ventures LP                                             Account: DELS01   Page   3

**LEASE: (1BRO05)  Southwest Brooklyn Oil Unit   (Continued)**
**Expenses:   (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|-----------|-------------|----------|-------------|-------|------------|
| WIRE | Process Piping Materials, Inc.- 4" stack vent valves to correct emissions issues, CCLT 3-4 (R12E) | 1 | 1,733.97 | 3,472.28 | 2.54 |
| **Supplies** | | | | | |
| WIRE | Process Piping Materials, Inc.- 4" stack vent valve, Lamont 10E 4" 2 oz Z/CS weight, Lamot 10E 4" 1 oz Z/CS weight, CCLT 3-4 (R12E) | 1 | 1,516.81 | 1,516.81 | 1.11 |
| **Salt Water Disposal** | | | | | |
| 46257 | American Remediation & Environmental Inc- May 2020 | 1 | 1,170.00 | | |
| 2020-05-006 | Wastewater Disposal Services, Inc.- 5/16-31/2020 | 1 | 336.00 | | |
| 46457 | American Remediation & Environmental Inc- CCLT 35-11, 5/26/2020 | 1 | 540.00 | | |
| 80543 | S&S Construction, LLC- 5/30/2020, Graddy 34-10 | 1 | 360.00 | | |
| 80554 | S&S Construction, LLC- CCLT 4-2 | 1 | 450.00 | | |
| 2020-06-004 | Wastewater Disposal Services, Inc.- 6/1-15/2020 | 1 | 390.00 | | |
| 46551 | American Remediation & Environmental Inc- 6/1-11/2020 | 1 | 360.00 | | |
| 80553 | S&S Construction, LLC- CCLT 33-6 | 1 | 360.00 | | |
| 80552 | S&S Construction, LLC- CCLT 33-10 (R12E) | 1 | 360.00 | | |
| 80563 | S&S Construction, LLC- 6/8-11/2020 CCLT 4-2 | 1 | 720.00 | | |
| 80590 | S&S Construction, LLC- CCLT 33-10 (R12E) | 1 | 360.00 | | |
| 80591 | S&S Construction, LLC- CCLT 4-2 | 1 | 360.00 | 5,766.00 | 4.21 |
| **Utilities** | | | | | |
| 613710033 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 205.38 | | |
| 613710034 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 5,924.44 | | |
| 613710036 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 489.77 | | |
| 613710037 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 627.55 | | |
| 613710038 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 5,001.76 | | |
| 613710039 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 250.43 | | |
| 613710040 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 551.43 | | |
| 613710041 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 4,127.17 | | |
| 613710042 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 601.70 | | |
| 613710043 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 958.86 | | |
| 613710044 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 661.87 | | |
| 613710045 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 4,219.95 | | |
| 613710054 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 4,786.07 | | |
| 613710058 | Southern Pine Electric Cooperative- | 1 | 439.89 | | |

From:  Sklar Exploration Co., L.L.C.
To:    Delta S Ventures LP

For Billing Dated 06/30/2020
Account: DELS01    Page    4

**LEASE: (1BRO05)  Southwest Brooklyn Oil Unit    (Continued)**
**Expenses:    (Continued)**

| Reference | Description | Deck/AFE | Invoice Amt | Total | Your Share |
|---|---|---|---|---|---|
| | 4/28-5/27/2020 | | | | |
| 613710067 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 4,352.14 | | |
| 613710070 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 885.45 | | |
| 613710071 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 496.38 | | |
| 613710072 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 6,108.07 | | |
| 613710073 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 698.61 | | |
| 613710074 | Southern Pine Electric Cooperative- 4/28-5/27/2020 | 1 | 381.95 | 41,768.87 | 30.53 |
| ***Vacuum Truck*** | | | | | |
| 46257 | American Remediation & Environmental Inc- f/w for POT, pull tank bottoms | 1 | 630.00 | | |
| 46374 | American Remediation & Environmental Inc- Vacuum out H2S scrubber.  Transport waste for disposal. 5/26-29/2020 CCLT 33-6 | 1 | 7,387.64 | | |
| 46457 | American Remediation & Environmental Inc- CCLT 33-6, f/w, 5/27/2020 | 1 | 810.00 | 8,827.64 | 6.46 |
| ***Other Revenue Deductions*** | | | | | |
| 0420TRAN | 04-20 Transportation Fee on 142,201 mcf @ $.50/mcf | 1 | 72,100.00 | 72,100.00 | 52.70 |
| ***COPAS Overhead*** | | | | | |
| RBO39120 | Adm Overhead - Producing | 1 | 30,591.54 | 30,591.54 | 22.37 |
| | **Total Lease Operating Expense** | | | **223,368.36** | **163.29** |

| LEASE Summary: | Wrk Int | | Expenses | You Owe |
|---|---|---|---|---|
| **1BRO05** | **0.00073102** | | **163.29** | **163.29** |

| United States Bankruptcy Court for the District of Colorado | Your Mail ID is | 172146561 |
|---|---|---|

| | | **For Court Use Only** | |
|---|---|---|---|
| **Name of Debtor:** | Sklar Exploration Company, LLC | Claim Number: | 0000010025 |
| **Case Number:** | 20-12377 | File Date: | 08/12/2020 10:47:24 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): DELTA S VENTURES LP

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name   DELTA S VENTURES LP | Name   _____ |
| Address   615 LONGVIEW DRIVE | Address   _____ |
| _____ | _____ |
| _____ | _____ |
| City   SUGAR LAND | City   _____ |
| State   TX          ZIP Code   77478-0000 | State   _____   ZIP Code   _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:   +1 (281) 435-3917 | Phone:   _____ |
| Email:   robert@dsvconsult.com | Email:   _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ <br> MM / DD / YYYY | _____ |

Page 1 of 3

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| **6. Do you have any number you use to identify the debtor?** | **7. How much is the claim?** | **8. What is the basis of the claim?** |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____  _____  _____  _____

**7. How much is the claim?**

$ undetermined

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Contract/Executory Contract
_____

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
|---------|------------|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Robert C. Rhodes*                                          08/12/2020 10:47:24

Signature                                                              Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Robert C. Rhodes

Address     615 Longview Drive



City         Sugar Land

State        TX                                          Zip    77478

Country (in international)   USA

Phone       +1 (281) 435-3917

Email        robert@dsvconsult.com

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA  71101
(318)227-8668

# *Settlement Statement*

Delta S Ventures LP
615 Longview Drive
Sugar Land, TX  77478

Account:  DELS01

Date:  06/26/2020

**Summary by LEASE:**

| Property# | Description | Net Income | | You Owe | |
|---|---|---|---|---|---|
| | Unpaid Previous Balance | | | 195.83 | |
| 1BRO05 | Southwest Brooklyn Oil Unit | 137.81 | | (137.81) | |
| | **Totals:** | **137.81** | | **58.02** | |

**PLEASE PAY THIS AMOUNT -----------------------^**

*Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.*

| Owner#: | Check#/Date | Gross Revenue: | Working | Royalty | Deductions | Withholding | Pmt Amount |
|---|---|---|---|---|---|---|---|
| DELS01 | N/A | Check Totals: | 188.47 | | 188.47 | | 0.00 |
| | 06/26/2020 | 2020 Totals: | 3,589.90 | | 2,653.43 | | 936.47 |

From:   Sklar Exploration Co., L.L.C.
To:   Delta S Ventures LP

For Checks Dated 06/26/2020
Account: DELS01   Page   2

| Prd Date | Prod | Price Per | Volume/Share | Description | Property Amt | Your Share |
|---|---|---|---|---|---|---|
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 03/2020 | CND | $/BBL:0.76 | 19.29 /0.01 | Condensate Sales: | 14.72 | 0.01 |
| | Wrk NRI: | 0.00054827 | | Production Tax - Condensate: | 1.18- | 0.00 |
| | | | | Net Income: | 13.54 | 0.01 |
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 04/2020 | CND | $/BBL:5.93 | 1,591.20 /0.87 | Condensate Sales: | 9,434.23 | 5.17 |
| | Wrk NRI: | 0.00054827 | | Production Tax - Condensate: | 754.74- | 0.41- |
| | | | | Net Income: | 8,679.49 | 4.76 |
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 03/2020 | GAS | $/MCF:1.69 | 178 /0.10 | Gas Sales: | 301.70 | 0.17 |
| | Wrk NRI: | 0.00054827 | | Production Tax - Gas: | 24.14- | 0.02- |
| | | | | Net Income: | 277.56 | 0.15 |
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 03/2020 | GAS | $/MCF:0.00 | 593 /0.33 | Gas Sales: | 0.00 | 0.00 |
| | Wrk NRI: | 0.00054827 | | Other Deducts - Gas: | 296.50- | 0.16- |
| | | | | Net Income: | 296.50- | 0.16- |
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 03/2020 | GAS | $/MCF:1.35 | 157,228.75-/86.20- | Gas Sales: | 212,665.23- | 116.60- |
| | Wrk NRI: | 0.00054827 | | Net Income: | 212,665.23- | 116.60- |
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 03/2020 | GAS | $/MCF:1.65 | 129,079.18 /70.77 | Gas Sales: | 212,665.23 | 116.60 |
| | Wrk NRI: | 0.00054827 | | Net Income: | 212,665.23 | 116.60 |
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 04/2020 | GAS | $/MCF:1.48 | 115,914.30 /63.55 | Gas Sales: | 171,822.45 | 94.21 |
| | Wrk NRI: | 0.00054827 | | Production Tax - Gas: | 13,745.80- | 7.54- |
| | | | | Net Income: | 158,076.65 | 86.67 |
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 04/2020 | OIL | $/BBL:15.58 | 22,491.39 /12.33 | Oil Sales: | 350,321.39 | 192.07 |
| | Wrk NRI: | 0.00054827 | | Production Tax - Oil: | 23,887.29- | 13.10- |
| | | | | Other Deducts - Oil: | 51,730.21- | 28.36- |
| | | | | Net Income: | 274,703.89 | 150.61 |
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 04/2020 | OIL | $/BBL:13.48 | 1,819.25 /1.00 | Oil Sales: | 24,516.20 | 13.44 |
| | Wrk NRI: | 0.00054827 | | Production Tax - Oil: | 1,961.29- | 1.07- |
| | | | | Net Income: | 22,554.91 | 12.37 |
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 03/2020 | PRG | $/GAL:0.02 | 4,925 /2.70 | Plant Products - Gals - Sales: | 89.51 | 0.05 |
| | Wrk NRI: | 0.00054827 | | Net Income: | 89.51 | 0.05 |
| **LEASE: (1BRO05) Southwest Brooklyn Oil Unit   County: CONECUH, AL** | | | | | | |
| 04/2020 | PRG | $/GAL:0.45- | 475,251.41 /260.57 | Plant Products - Gals - Sales: | 212,758.20- | 116.65- |
| | Wrk NRI: | 0.00054827 | | Net Income: | 212,758.20- | 116.65- |

| United States Bankruptcy Court for the District of Colorado | Your Mail ID is | 172145410 |
|---|---|---|

| | | For Court Use Only | |
|---|---|---|---|
| **Name of Debtor:** | Sklar Exploration Company, LLC | Claim Number: | 0000010028 |
| **Case Number:** | 20-12377 | File Date: | 08/13/2020 11:45:32 |

# Proof of Claim **(Official Form 410)**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):   MICHELE WALTERS MCCAMMON

Other names the creditor used with the debtor: MW MCCammon

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name   MICHELE WALTERS MCCAMMON | Name |
| Address   1554 CREEK MILL TRACE | Address |
| | |
| | |
| City   LAWRENCEVILLE | City |
| State   GA          ZIP Code  30044 | State          ZIP Code |
| Country (if International): | Country (if International): |
| Phone:   7709851985 | Phone: |
| Email:   michelemccammon@comcast.net | Email: |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

Page 1 of 3

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7. How much is the claim?**

$ ____undermined____

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Customer Claims
_____

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:
_____

**Basis for perfection:**
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:        $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

**Annual Interest Rate** (when case was filed) _____%
                     ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:** **Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Michele Mccammon*                                          08/13/2020 11:45:32

Signature                                                              Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Michele W. McCammon

Address     1554 Creek Mill Trace

City         Lawrenceville

State        GA                                                         Zip    30044

Country (in international)     United States

Phone       7709851985

Email        michelemccammon@comcast.net

| United States Bankruptcy Court for the District of Colorado | Your Mail ID is | 172144572 |
|---|---|---|

**Name of Debtor:** Sklar Exploration Company, LLC

**Case Number:** 20-12377

**For Court Use Only**

Claim Number: 0000010047

File Date: 08/25/2020 15:24:47

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): HATTIE MAE HOLMES BALL

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name HATTIE MAE HOLMES BALL
Address 5948 PIAT PLACE

City CENTERVILLE
State IL   ZIP Code 62203-0000
Country (if International): 
Phone: 6183987068
Email: hmhball.0113@gmail.com

**Where should payments to the creditor be sent?** (if different)

Name _____
Address _____

City _____
State _____ ZIP Code _____
Country (if International): _____
Phone: _____
Email: _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.
Claim number on court claims register (if known) _____
Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.
Who made the earlier filing? _____

Page 1 of 3

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

---

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7. How much is the claim?**

$ ___underinined___

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

___Environmental___
_____

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                 $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed) _____%
                                      ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes. **Amount necessary to cure any default as of the date of petition.**

$ ___0.00___

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:
_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

---

Page 2 of 3

**Part 3:** **Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Hattie Mae Holmes Ball*                                        08/25/2020 15:24:47

Signature                                                              Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Hattie Mae Holmes Ball

Address     5948 Piat Place




City           Centreville

State          IL                                             Zip    62203

Country (in international)    United States

Phone        6183987068

Email         hmhball.0113@gmail.com

DIVISION ORDER AND STIPULATION OF INTEREST

TO: Sklar Exploration Company, L.L.C.
401 Edwards Street, Suite 1601
Shreveport, LA 71101

Property Name: Sklar Exploration Company, L.L.C.
#1 Craft-Ralls 5-8

Effective Date:   First Date of Production

ORIGINAL

The undersigned jointly certify that each Party to this agreement is the legal owner of the interest set out below and opposite (his/her/its) name of all the oil, gas liquid hydrocarbons and any and all other hydrocarbons produced from the property described below:

OPERATOR: Sklar Exploration Company, L.L.C.
PAYOR: Sklar Exploration Company, L.L.C.
LEASE OR UNIT NAME: #1 Craft-Ralls 5-8 unit, being 160.00 acres of land including all of the Northeast Quarter (NE/4) of Section 5, Township 4 North, Range 13 East, Conecuh County, Alabama.
DESCRIPTION: Declaration of Unit and Voluntary Pooling Agreement recorded in Deed Book 2008, Page 1879 of the Records of the Probate Judge's Office.
COUNTY, STATE: Conecuh County, Alabama

The undersigned now desire by this division order and stipulation of interest to declare and establish each Parties' correct royalty interest in the above described property. The Parties hereto cross convey, ratify, stipulate, agree and declare that the royalty interest associated with the above described property is owned in the following manner, with each Party owning the undivided royalty interest, as of the Effective Date, set opposite (his/her/its) name as follows:

## DIVISION OF INTEREST AND STIPULATION OF INTEREST

| OWNER NUMBER | OWNER NAME | INTEREST OWNED |
|---|---|---|
| AVEF01 | Felita Fay Holmes<br>P.O. Box 16711<br>Pensacola, Florida 32507 | 0.00143087 RI |
| BALH01 | Hattie Mae Holmes Ball<br>5948 Piat Place<br>Centerville, Illinois 62203 | 0.00286172 RI |
| BANP01 | Pamela D. Holmes Banks<br>7905 Kershaw Street<br>Pensacola, Florida 32534 | 0.00143087 RI |
| EDWT01 | Tiffannie Richardson Edwards<br>144 Downs Lane<br>Brewton, Alabama 36426 | 0.00286172 RI |
| ELLJ01 | Johnnie Mae Holmes Ellington<br>3403 Lafayette Avenue<br>Omaha, Nebraska 68131 | 0.00286172 RI |
| GANE01 | Ella Ruth Holmes Gant<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00286172 RI |
| HALC01 | Constance M. Holmes Hale<br>215 Washington Street<br>Cantonment, Florida 32533 | 0.00047695 RI |
| HOLR03 | Richard D. Holmes<br>1707 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 RI |
| HOLR04 | Reelice Holmes<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 RI |

1

00047695  RI

1160 Hawthorne Drive
Pensacola, Florida 32507

| | | |
|---|---|---|
| HOOB01 | Buice Lee Holmes Hooks<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172  RI |
| JACJ02 | Joel R. Jackson<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695  RI |
| MODC01 | Claudie M. Holmes Modley<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695  RI |
| RICL01 | Lizzie Mae Holmes Richburg<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00286172  RI |
| STRC02 | Chiquita L. Jackson Stratford<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00047695  RI |
| STRK01 | Katherine Holmes Straughn<br>1706 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172  RI |
| WOOA01 | Alice M. Holmes Woods<br>2031 North 20th Street<br>Omaha, Nebraska 68110 | 0.00286172  RI |
| WRIL01 | Larry Wright<br>905 Copeland Drive<br>Hinesville, Georgia 31313 | 0.00047695  RI |

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

The following provisions apply to each interest owner (the "Owner") who executes this agreement:

**TERMS OF SALE:** In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned will be paid in accordance with the division of interests set out above. The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order. Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENT:** From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first. (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.) Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own. *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*

**INDEMNITY:** The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.

**DISPUTE, WITHHOLDING OF FUNDS:** If a suit is filed that affects the interest of the Owner, written notice shall be given to Payor by the Owner together with a copy of the complaint or petition filed.

In the event of a claim or dispute that affects title to the division of interest set out above, Payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statute, until the claim or dispute is settled.

**TERMINATION:** Termination of this Division Order shall be effective on the first day of the month that begins after the 30th day after the date written notice of termination is received by either party.

**NOTICES:** Owner agrees to notify Payor in writing of any change in the division of interest, including changes of interest contingent on payment of money, or expiration of time.

No change of interest is binding on Payor until the recorded copy of the instrument of change, or documents satisfactorily evidencing such change are furnished to Payor at the time the change occurs.

Any change of interest shall be made effective on the first day of the month following receipt of such notice by Payor.

Any correspondence regarding this Division Order shall be furnished to the addresses listed unless otherwise advised by either party.

In addition to the legal rights provided by the terms and provisions of this Division Order, the Owner and the Payor may have certain statutory rights under the laws of the state in which the lands described above are located.

| United States Bankruptcy Court for the District of Colorado | | **For Court Use Only** | |
|---|---|---|---|
| **Name of Debtor:** | Sklar Exploration Company, LLC | Claim Number: | 0000010062 |
| **Case Number:** | 20-12377 | File Date: | 09/11/2020 15:20:42 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

**04/19**

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):     Seitel Data, Ltd.

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | | Where should payments to the creditor be sent? (if different) | |
|---|---|---|---|
| Name | Seitel Data, Ltd. | Name | Seitel Data, Ltd. |
| Address | Duane J. Brescia | Address | Attn: Legal Department |
| | Clark Hill Strasburger | | 10811 S. Westview Circle Dr. |
| | 720 Brazos, Suite 700 | | Suite 100, Bldg. C |
| City | Austin | City | Houston |
| State | TX   ZIP Code   78701 | State | TX   ZIP Code   77043 |
| Country (if International): | | Country (if International): | |
| Phone: | 512-499-3647 | Phone: | 713-881-2858 |
| Email: | dbrescia@clarkhill.com | Email: | pparekh@seitel.com |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

Page 1 of 3

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

\_\_\_\_  \_\_\_\_  \_\_\_\_  \_\_\_\_

**7. How much is the claim?**

$ \_\_\_undetermined_____

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Breach of Master Contract (unliquidated)

---

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                            $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed)  _____%
                                             ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:** Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Puja Parekh*                                                    09/11/2020 15:20:42
_____    _____    _____
Signature                                                        Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Puja Parekh
_____

Address     Seitel Data, Ltd.
_____

            10811 S. Westview Circle Dr.
_____

            Suite 100, Bldg. C
_____

City        Houston
_____

State       TX                                      Zip   77043
_____

Country (in international) _____

Phone       713-881-2858
_____

Email       pparekh@seitel.com
_____

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Sklar Exploration Company, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | District of Colorado |
| Case number | 20-12377 |

## Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

### Part 1:    Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Seitel Data, Ltd. <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor |
| 2. **Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes.  From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Clark Hill Strasburger <br> Name | Seitel Data, Ltd. Attn: Legal Department <br> Name |
| 720 Brazos Street, Suite 700 <br> Number       Street | 10811 S. Westview Circle Dr., #100, Bldg. C <br> Number       Street |
| Austin          TX          78701 <br> City          State          ZIP Code | Houston          TX          77043 <br> City          State          ZIP Code |
| Contact phone 512.499.3647 | Contact phone 713.881.2858 |
| Contact email dbrescia@clarkhill.com | Contact email pparekh@seitel.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

— — — — — — — — — — — — — — — — — — — — — — — — — —

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No <br> ☐ Yes.  Claim number on court claims registry (if known) _____      Filed on _____ <br> MM  / DD  / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$_____ unliquidated___ . **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Breach of Master Contract dated January 25, 2001 (attached), et al

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  09/02/2020
                  MM / DD / YYYY

*Puja Parekh*        Puja Parekh
                     Sep 2 2020 9:46 AM
_____
Signature

Print the name of the person who is completing and signing this claim:

Name        Puja                                    Parekh
            First name          Middle name         Last name

Title       Vice President - Legal

Company     Seitel Data, Ltd.
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     10811 S. Westview Circle Drive, Suite 100, Bldg. C
            Number        Street
            Houston                          TX        77043
            City                             State     ZIP Code

Contact phone  713.881.2858                  Email    pparekh@seitel.com

Official Form 410          **Proof of Claim**                    page 3

# 2D & 3D ONSHORE/OFFSHORE MASTER SEISMIC
# DATA PARTICIPATION AND LICENSING AGREEMENT

This Agreement ("Agreement") is effective as of January 25, 2001, by and between the following respective owner(s) or co-owner(s) of each data set licensed hereunder, as applicable, Seitel Data, Ltd., a Texas limited partnership, Seitel Data Corp., a Delaware corporation, Seitel Offshore Corp., a Delaware Corporation, or Olympic Seismic Ltd., an Alberta, Canada corporation acting as agent for SEIC Trust, hereinafter collectively or individually referred to as "Licensor", and Sklar Exploration Company LLC, a _____ corporation, hereinafter referred to as "Licensee."

Licensor agrees to acquire or has acquired, and grants a non-exclusive license to Licensee for the use of certain geophysical data delineated in various Supplemental Agreements to this Agreement which may be executed from time to time in the form attached hereto as Schedule "1" by either Line Number, Program Name, Mileage or Square Mileage, Kilometer, Block, or 3D Program Name, as well as all related support documentation (e.g., surveying data, surveyor's notes, driller's notes and observer's notes delivered to Licensee with the geophysical data), and all tape, electronic and paper/physical copies of all or any part of the geophysical data or related support documentation, regardless of source. Such geophysical data, related support documentation and copies are referred to collectively hereinafter as the "Data." LICENSOR HEREBY REPRESENTS AND WARRANTS THAT IT HAS THE EXCLUSIVE RIGHT AND AUTHORITY TO PROVIDE LICENSEE WITH THE DATA, AND THAT IT WILL IN NO WAY BREACH ANY OBLIGATION IT HAS TO ANY OTHER PERSON OR ENTITY BY PROVIDING THE DATA TO LICENSEE. LICENSOR AGREES TO DEFEND, INDEMNIFY AND HOLD HARMLESS LICENSEE FROM AND AGAINST ALL CLAIMS, DAMAGES, LIABILITIES, AND JUDGMENTS BASED UPON OR ARISING OUT OF ANY BREACH BY LICENSOR OF THE FOREGOING REPRESENTATION AND WARRANTY. This non-exclusive license to use the Data is made subject to the terms and conditions provided below.

I.

Licensee acknowledges that the Data includes trade secrets, copyright protected confidential and proprietary information of Licensor, and that Licensor's (and, as applicable, Licensor's co-owners') title to and ownership rights in the Data shall at all times remain vested in Licensor (and, as applicable, Licensor's co-owners). The Data may not be directly or indirectly, by operation of law or otherwise, transferred to, disclosed to, shown to, sold to, traded to, disposed of, or otherwise made available to, any other person or entity other than Licensee except as specifically provided below in Section III. Licensee agrees to take any and all actions necessary to insure that its employees, representatives or agents do not violate the terms and conditions of this Agreement including, but not limited to, the limitations on access to the Data provided below. In the event this Agreement is violated, Licensor will be entitled to all remedies available to it at law and in equity, including, but not limited to, the specific remedies set forth in Sections III and XI below. Licensee recognizes that Licensor, as owner or co-owner of the Data, may enter into agreements with other parties to license the Data provided to Licensee, and that Licensor is free to license, use, sell or in any other manner dispose of the Data upon such terms and conditions as Licensor may elect.

II.

LICENSEE AGREES THAT THIS LICENSE TRANSACTION IS MADE ON AN "AS IS, WHERE IS" BASIS. LICENSOR DOES NOT WARRANT THE ACCURACY OR QUALITY OF THE DATA, AND ANY ACTIONS TAKEN OR EXPENDITURES MADE BY LICENSEE AS A RESULT OF EXAMINATION, EVALUATION OR INTERPRETATION OF THE DATA SHALL BE AT THE SOLE RISK, RESPONSIBILITY AND LIABILITY OF LICENSEE, WITHOUT ANY RECOURSE TO LICENSOR. LICENSEE FURTHER AGREES THAT LICENSOR SHALL NOT BE LIABLE FOR ANY REPRESENTATIONS OR WARRANTIES OF ANY KIND, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, ANY WARRANTY OF *MERCHANTABILITY*, QUALITY OR FITNESS FOR A PARTICULAR PURPOSE, OR THAT THE DATA IS COMPLETE, WHOLLY ACCURATE, OR ERROR FREE. NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED HEREIN, LICENSOR SHALL IN NO EVENT BE LIABLE TO LICENSEE OR ANY THIRD PARTIES FOR PUNITIVE, INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES RESULTING FROM OR ARISING OUT OF THIS AGREEMENT OR THE USE BY LICENSEE OR ANY THIRD PARTIES OF THE DATA.

LICENSOR AGREES TO INDEMNIFY AND HOLD HARMLESS LICENSEE FROM AND AGAINST ALL CLAIMS, DAMAGES, LIABILITIES AND JUDGMENTS BASED UPON OR ARISING OUT OF FIELD OPERATIONS CONDUCTED BY LICENSOR OR ITS SUB-CONTRACTORS DURING THE DATA ACQUISITION PROCESS.

**2D&3D Onshore/Offshore Master Licensing Agreement**
**Sklar Exploration Company – 1-25-01**
**Page 2**

### III.

Licensee agrees that this license is personal, that the Data shall be for Licensee's internal use only, and that the Data shall not be directly or indirectly, by operation of law or otherwise, transferred to, disclosed to, shown to, sold to, traded to, disposed of, or otherwise made available to, any person or entity other than Licensee, except under the following conditions:

A.  The Data may be made available, shown, or a copy provided, to any person or entity solely for the purposes of reprocessing, analyzing, interpreting and/or creating derivative products for Licensee, subject to the following: (1) such person or entity is not itself engaged in the oil & gas exploration business; (2) such person or entity acknowledges and agrees, either generally or specifically, that the Data is the confidential, proprietary property, copyright and trade secret of Licensor and will not be transferred to, disclosed to, described to, shown to or used to benefit any other person or entity; (3) such person or entity agrees to be bound by the terms and conditions of this Agreement; (4) the period of time during which the person or entity has access to the Data is no longer than is reasonably necessary for it to perform the work undertaken for Licensee; and (5) Licensee provides reasonably detailed notice to Licensor of the provision and the return of any Data pursuant to this section *(i.e., a description of the Data provided, and the identity and address of the person or entity to whom the Data is provided, such notice to be provided within ten (10) business days of that provision or return as the case may be. All derivative products and reprocessed Data will be owned by and will remain the property of Licensor and shall be included in the definition of "Data" as that term is used in this Agreement.

B.  Such portions of the Data as are directly related, in the reasonable opinion of Licensee, to a specific drilling prospect generated by Licensee or to a leasehold interest which Licensee desires to offer for potential sale may be shown by Licensee to any person or entity, but not copied, separately analyzed or manipulated for or by such person or entity, in order to interest such person or entity to enter into an agreement with Licensee to explore, operate, develop or buy all or a portion of such drilling prospect or lease or for purposes of a "Change in Control" as defined in Article XI, but only if such person or entity acknowledges and agrees, either generally or specifically, that the Data is the confidential, proprietary property, copyright and trade secret of Licensor and will not be transferred to, disclosed to, described to, shown to or used to benefit any other person or entity. Licensor and Licensee intend that Licensee may show the applicable portions of the Data to any person or entity for the limited purpose described above only in connection with a specific drilling prospect of limited area or in connection with the potential sale of a specific leasehold interest or for the purposes of a Change of Control, but not to permit such person or entity to make a regional interpretation of the Data or any portion thereof, and only after such person or entity agrees that the Data is the confidential, proprietary property, copyright and trade secret of Licensor and will not be disclosed to, described to, shown to or used to benefit any other person or entity.

C.  Notwithstanding the foregoing, such portions of the Data as are directly related, in the reasonable opinion of Licensee, to a specific drilling prospect or specific leasehold interest may be made available and a copy provided by Licensee to any person or entity that enters with Licensee into a co-venture of any kind with respect to that drilling prospect or leasehold interest, or to a buyer of that drilling prospect or leasehold interest conditioned upon (1) payment to Licensor of a fee to be determined in Licensor's sole discretion, but not to exceed 35% of the original license cost or ratable portion thereof for the Data or portions of the Data included, within 30 days after a copy of the Data or any portion of the Data is provided to that person or entity, and (2) the entry by that person or entity into an agreement similar in form and substance to this Agreement for the affected Data.

The intent of this Agreement is to allow the Data to be used solely by Licensee for the purposes of analysis and interpretation in Licensee's search for hydrocarbon reserves. Licensee shall take all measures necessary to safeguard the Data from unauthorized use or disclosure and, in any event, Licensee shall provide at least the same degree of care and control of the

03/22/01 THU 12:25   FAX 227 9012 SKLAR EXPLORATION          ☒0047014
MAR-22-2001  08:38                                         P.04/14

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 3
Data as Licensee exercises toward its own trade secret, proprietary, confidential and copyright protected information. Other than as set out above, the Data shall remain in the physical possession of Licensee and will not be made available to any person or entity. At no time, under any circumstances, shall Licensee receive any fee or value from any person or entity for any use of the Data, nor shall the Data at any time be displayed on the Internet or any other publicly accessible media for any purpose. If this section of the Agreement is breached, in addition to all other remedies available to Licensor at law or in equity, Licensee shall pay to Licensor as liquidated damages, and not as a penalty, an amount equal to 150% of the original license fees paid for the Data (but not to exceed 100% of the total acquisition and processing costs for the data), within three (3) business days of a written demand from Licensor. Upon such payment there shall be delivered to any other party who has been given access to the Data an agreement similar in form and substance to this Agreement for the affected Data. Only upon full execution of that agreement shall the other party have any rights of use in and to the Data.

Licensee acknowledges, covenants and agrees that any breach of this Agreement by any consultant, agent, employee, representative, or other advisor of Licensee, or by any prospective venture participant or prospective purchaser, or any of their respective consultants, agents, employees, representatives or other advisors, shall be a breach of this Agreement by Licensee.

IV.

The geophysical data acquired by Licensor will be gathered and processed by reputable geophysical contractors (and competent and experienced sub-contractors) selected at Licensor's discretion, under the direction of Licensor, using personnel, instrumentation, parameters and techniques as are presently available. The standards of the industry will be followed regarding testing and calibration of instruments for accuracy and performance specifications.

Licensor agrees to make commercially reasonable efforts in locating the geophysical data as indicated on the specific map attached to each Supplemental Agreement for any particular line or program. However, Licensor reserves the right to make program changes, deemed necessary by Licensor, due to permit, terrain or obstructions, which may affect field operations. Original participants (as defined in Section V below) will be consulted regarding any major program change. In addition, acquisition of geophysical data (including, without limitation, the scheduling of commencement and completion of operations) is subject to change, delay or cancellation depending upon weather conditions, availability of permits, environmental considerations, action or inaction or other interference of governmental or other regulatory bodies, and any other condition beyond the sole, commercially reasonable control of Licensor, including, without limitation, riot, strike, war, insurrection, rebellion, civil disturbance, legal restraints, fire, flood, freezing, storm, hurricane, tornadoes or other action of the elements or acts of God, or any occurrence of force-majeure.

The geophysical data will be acquired using the parameters delineated in the specific parameter sheet attached to each Supplemental Agreement for any particular line or program, and generally processed using the processing sequence outlined in the specific parameter sheet attached to each Supplemental Agreement. Licensor will make such changes in both acquisition parameters and the processing sequence as it deems necessary or appropriate upon review of field tests and initial processing results to ensure the acquisition of quality data. Original participants will be notified of any significant changes made in the acquisition parameters or processing sequence and shall be allowed to review the tests and results of the proposed changes.

V.

Licensees committing prior to completion of acquisition on any program or those reserving the right to purchase a license as a condition of permit will be considered as Original participants in such program.

Delivery of the processed data sections and/or tapes will be made either simultaneously to Original participants at a convenient, pre-arranged location or by courier, hand delivery, or overnight delivery on the delivery date, if the participant so elects.

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 4

The geophysical data may be delivered either in phases or as a complete program at Licensor's sole option. The data shall be delivered as designated on the specific map attached to each Supplemental Agreement for each particular line, square mile, kilometer, block or program, unless terrain, permit limitations, or obstructions alter the total line length or program area.

In the event of a work in progress, when Licensor either itself or through third parties is in the process of acquiring or has committed to expend and/or has expended monies and/or resources to acquire Data and Licensee undergoes a Change of Control as defined in Section XI, below, before Licensor has acquired, processed or delivered the Data to Licensee under the terms of this Agreement, then Licensee agrees to pay Licensor any fees contemplated for the Data and a re-license fee of ▮▮▮▮ of the original license fee for the Data, and may not elect to return the Data pursuant to Section XI, below.

### VI.

Licensor shall retain original field tapes and support information, or equivalent, for a period of two (2) years from the date of completion of data recording by Licensor. Licensee may purchase tape copies for data licensed hereunder at prevailing rates. Licensor shall deliver such tapes within thirty (30) days from the date of request and/or approval of quote outlining pricing and delivery.

### VII.

Licensee will be invoiced, per the terms of Licensee's specific acquisition agreement, per surface mile, square mile, kilometer or block acquired for all data gathered during any particular phase at rates, which may include permits, access fees, customary operational damages, and data gathering and processing.

If Licensor, in Licensor's reasonable judgment and at its sole discretion, is able to complete only a portion of the data because of terrain, permit limitations or obstructions, Licensee will be invoiced only for that portion completed; except, if permit limitations cause the shots and receivers to be redistributed rather than deleted, Licensee shall be invoiced in full. Permits, access fees, and customary operational damages have been estimated at amounts as delineated in Licensee's acquisition agreement for any particular program. Should the program square mileage average for permits, access fees, and customary operational damages exceed this amount, the additional cost will be shared proportionately by the participants in that program. Excess costs for permits, access fees, and customary operational damages will be invoiced upon completion of each individual program.

As consideration for a license to the Data, Licensee agrees to pay to Licensor in U.S. Dollars (unless another currency is otherwise specified in the relevant Supplemental Agreement) no later than thirty (30) days from invoice date, the licensing fee delineated in the specific Supplemental Agreement for the Data, plus reproduction, tape copying and shipping charges. Licensee shall remit all payments to the appropriate one of the following:

Seitel Data, Ltd.
P. O. Box 297398
Houston, TX 77297-0398

or

Olympic Seismic Ltd.
1900, 407 2nd Street S.W.
Calgary, Alberta
Canada T2P 2Y3
Attention: Accounts Receivable

Any outstanding balance not paid within the specified time limits shall bear interest, payable immediately by Licensee to Licensor, at the maximum rate allowed by applicable law, from the invoice date until paid in full. In the event Licensor

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 5

incurs costs or expenses in connection with the enforcement of this Agreement and collection of any amounts owing
hereunder, Licensee hereby agrees to pay, in addition to any unpaid license fees and interest accruing thereon, all such costs
and expenses of enforcement and collection, including, without limitation, attorneys' fees. Payment of any invoice shall not
prejudice the right of Licensee to challenge, dispute, question or litigate any charges contained in any invoice regardless of
whether such challenge, dispute, question or litigation arises before or after such payment; provided Licensee, within one (1)
year following the date of such invoice, shall make and deliver to Licensor at the above address written notice of objections
to any charge or charges. In the event no such written notice is received, the charges shall be conclusively deemed valid. Any
challenge to such charge or charges shall be limited only to payment for or non-payment for data not delivered by Licensor
pursuant to its contractual obligations.

VIII.

Licensor and Licensee agree that there are no understandings or agreements relative to this Agreement that are not fully
expressed herein or in the Supplemental Agreements. This Agreement shall replace and supercede all prior licensing
agreements for data between Licensor and Licensee or its predecessors as of the date of this Agreement (the "Prior Data").
All such prior agreements and licenses are hereby replaced by and merged into this Agreement. Licensor hereby licenses
to Licensee all Prior Data that is currently in the possession of Licensee and confirms that such Prior Data is validly licensed
under and subject to the terms and conditions of this Agreement. Both Licensor and Licensee agree that Prior Data is
expressly subject to the terms and conditions of this Agreement and, in the event of any conflict in terms between any prior
agreements or licenses and this Agreement, the terms of this Agreement (including Supplemental Agreements) shall control
without exception. No provision of this Agreement shall be construed to constitute Licensor as the agent, servant, or
employee of Licensee. The relationship of Licensor to Licensee shall be that of independent contractor. Licensee shall not
have the right to control or direct the details of the work performed by Licensor. Licensor shall furnish at its own expense,
and risk, all labor, materials, equipment, tools, and transportation and other items necessary in performance of the work
covered herein.

IX.

Licensor has taken the position that the licensing of Data pursuant to this Agreement does not constitute a transaction on
which United States federal, state or local transaction taxes are imposed, including, but not limited to sales tax, use tax, or
transfer tax. HOWEVER, IF ANY TYPE OF FEDERAL, STATE OR LOCAL TRANSACTION TAXES ARE IMPOSED
ON THIS TRANSACTION AT ANY TIME, LICENSEE HEREBY AGREES TO INDEMNIFY, REIMBURSE AND HOLD
HARMLESS LICENSOR FOR ANY LIABILITY FOR SUCH TAX, INCLUDING ANY INTEREST AND PENALTIES
THEREON, OR ANY OTHER AMOUNTS DETERMINED TO BE DUE AND OWING.

X.

This Agreement, the Supplemental Agreements and the license to use the referenced Data shall terminate twenty (20) years
from the execution date of this Agreement, but may be extended by written mutual agreement of the parties.

The license granted by this Agreement will, without notice, automatically terminate upon the Licensee: ceasing to carry on
its business; making an assignment for the general benefit of its creditors; proposing any form of financial reorganization
because of insolvency with creditors; becoming subject to any bankruptcy proceedings or any other proceedings or laws
relating to its insolvency; or if a receiver, receiver and manager, trustee, custodian or similar agent is appointed or takes
possession of all or substantially all of the property or business of the Licensee.

Immediately upon termination of the license granted by this Agreement, Licensee will return or cause to be returned to, or
will destroy or cause to be destroyed, the Data. Return or destruction of the Data shall be attested to by execution of a
Verification of Return/Destruction of Data form in the form attached as Exhibit A.

XI.

03/22/01 THU 12:27    FAX 227 9012 SKLAR EXPLORATION    @007/014
MAR-22-2001 12:08:39    P.07/14

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 6

Licensee may not sell, assign or otherwise transfer this Agreement, the Data, or the license or any other rights or obligations hereunder, in whole or in part, without the prior written approval of Licensor. A Change of Control (as defined below) constitutes such a transfer, notwithstanding that the Change of Control may constitute an otherwise legal and valid corporate sale, merger, reorganization, combination, consolidation, or amalgamation.

A "Change of Control" shall mean each of (a) the sale of all or substantially all of the stock or assets of Licensee (or its ultimate parent company), (b) any merger, reorganization, combination, consolidation or amalgamation of Licensee (or its ultimate parent company) with any other entity, and (c) the acquisition, directly or indirectly, by any person or entity, or by any group of persons or entities acting together, that are involved, directly or indirectly, in whole or in part, in the business of exploring for or producing oil, gas or other minerals, of the power to direct or cause the direction of the management and policies of Licensee (or its ultimate parent company), whether through the ownership of voting securities, by contract or otherwise, including, without limitation, the direct or indirect acquisition of 50% or more of the outstanding equity interests in Licensee (or its ultimate parent company). Licensee agrees to provide prompt written notice to Licensor at the appropriate address listed in Section XVII, below, in the event of a Change of Control or the entry by Licensee (or its ultimate parent company) into a publicly discloseable agreement that will cause a Change of Control. This section shall apply even if Licensee continues to exist subsequent to the Change of Control in essentially the same form in which it existed prior to the Change in Control. Upon entry by Licensee into a publicly discloseable agreement that will cause a change of Control, Licensee may either terminate the license granted under this Agreement and return the Data by the date of the Change of Control, or may pay to Licensor a re-license fee of ▮▮▮ of the original license fee for any Data not returned.

In the event the Data is to be returned, Licensor reserves the right to charge a daily fee payable by Licensee to Licensor based on a percentage of the total license fees for the Data for every day beyond the Change of Control that the Data or any portion of the Data is not returned, which in no event shall exceed one-half percent (.5%) per day of the total license fee(s) originally paid for the Data. If the Data has not been returned in accordance with these provisions within ten (10) days after the effective date of any Change of Control then, in addition to all other remedies available to Licensor at law and in equity, Licensee shall pay to Licensor as liquidated damages, and not as a penalty, an amount equal to 150% the original license fees for the Data, within three (3) business days of a written demand from Licensor.

In the event the Data is to be returned, Licensee shall be required to execute a Verification of Return/Destruction of Data form in the form attached as Exhibit A; Licensor also shall have the right, at its sole option, to inspect Licensee's premises, computers, and workstations to ensure the return is complete. A Change of Control will not result in the termination of this Agreement or the charging of additional fees if, in the case of a merger between Licensee and second party, the second party to the merger held, immediately prior to the merger and pursuant to a separate license agreement between Licensor and the second party, a current license to the Data that is the subject of this Agreement.

This Section XI is specifically intended to supercede statutory provisions to the contrary, if any.

XII.

Data licensed hereunder may be conveyed to a service company for reprocessing or storage, provided a written confidentiality agreement is obtained from such company prior to conveyance. Licensee accepts full responsibility for insuring that any Data conveyed hereunder remains confidential and is not made available to any non-Licensee. Any print or film of any version of the Data must contain the following statement:

"This Data is owned by a Seitel entity and is licensed to Sklar Exploration Company LLC (Licensee) under terms and conditions of a 2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement which strictly limits the use of such Data. This Data shall be for Licensee's own internal use only, and shall not be shown, sold, traded, disposed of, or otherwise made available to any party except under certain specific conditions delineated in such licensing agreement. Any unauthorized use or possession of this Data by any party is strictly prohibited."

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 7

## XIII.

This terms of this Agreement shall be kept confidential by the parties hereto, and shall not be disclosed to any other person or entity, except as may be reasonably necessary to administer this Agreement (*e.g.* disclosure in connection with permitted disclosures of the Data pursuant to Section III, above), or as otherwise may be required by law.

## XIV.

This Agreement, as applied to the licensing of Data concerning properties in the United States, Mexico and the territorial waters of those countries shall be construed in accordance with the laws of the State of Texas, and as applied to the licensing of Data concerning properties in Canada and its territorial waters shall be construed in accordance with the laws of The Province of Alberta; all without giving effect to principles of conflicts of law.

The parties agree that if, after the effective date of this Agreement, there are changes in laws or regulations (including the imposition of new laws) or in the interpretation or application of laws or regulations, which in the reasonable opinion of Licensor adversely affect the benefits, rights or protections afforded Licensor either pursuant to the terms of this Agreement or by operation of law then, at Licensor's sole request the parties shall enter into negotiations and execute an amendment to this Agreement that places Licensor in substantially the same position as before the change of law.

## XV.

The rights and remedies granted in this Agreement to Licensor in the event of default are cumulative and the exercise of any of those rights and remedies shall be without prejudice to the enforcement of any other right or remedy including, without limitation, injunctive relief, specific performance, and any other right or remedy available at law or in equity or authorized by this Agreement.

The rights of each party hereto, whether granted by this Agreement or by law or equity, may be exercised, from time to time, singularly or in combination, and the waiver of one or more of such rights shall not be deemed to be a waiver of such right in the future or any one or more of the other rights that the exercising party may have. Any right, and any breach of a term, provision or condition of this Agreement by one party shall not be deemed to have been waived by the other party unless the waiver is expressed in writing and signed by an authorized representative of the waiving party. The failure of either party to insist upon the strict performance of any term, provision or condition of this Agreement shall not be construed as a waiver or relinquishment in the future of the same or any other term, provision or condition.

The parties agree that any provision of this Agreement that is deemed to be or becomes void, illegal, invalid or unenforceable shall be severable herefrom and ineffective to the extent of such voidability, illegality, invalidity or unenforceability, and shall not invalidate, affect or impair the remaining provisions of this Agreement. If and to the extent any court or governmental authority of competent jurisdiction holds any provision of this Agreement to be invalid or unenforceable, the parties will negotiate in good faith to equitably adjust the provisions of this Agreement with a view toward effecting its intended purposes; any such holding shall not affect the validity or effectiveness of the other provisions of the Agreement, which will remain in full force and effect.

## XVI.

This Agreement including only any Supplemental Agreements sets forth the entire agreement between the parties and supersedes all prior agreements, prior data licenses, understandings, and communications between the parties, whether oral or written.

## XVII.

2D&3D Onshore/Offshore Master Licensing Agreement
Sklar Exploration Company – 1-25-01
Page 8

All notices to be given pursuant to this Agreement shall be in writing and shall be deemed to be sufficiently given if delivered by overnight courier, in which case the notice shall be deemed to have been received on the next business day after sending, or if delivered by hand to the representative named below, in which case the notice shall be deemed to have been received on the date of delivery, or if sent by certified mail, return receipt request, in which case the notice shall be deemed to have been received on the date of receipt. Until written notice of change of address given pursuant to this Section XVII, notices shall be addressed as follows:

(a)     if to Seitel Data, Ltd., Seitel Data Corp. or Seitel Offshore Corp. at:
        50 Briar Hollow Lane
        7th Floor West
        Houston, Texas 77027
        Attention: Kevin S. Fiur

        Phone: (713) 881-8900
        Fax: (713) 881-2813

(b)     if to Olympic Seismic at:
        1900, 407 2nd Street S.W.
        Calgary, Alberta
        T2P 2Y3

        Attention: Suzanne Bowden

        Phone: (403) 515-2800
        Fax: (403) 515-2822

(c)     if to Licensee, at:
        401 Edwards Street, Ste. 1601
        Shreveport, LA 71101
        Attention: Don Eustes
        Phone:
        Fax:

**ACCEPTED AND AGREED TO THIS 25TH DAY OF JANUARY, 2001.**

Seitel Data, Ltd.                          Sklar Exploration Company LLC

By: _____              By: _____
    Robert J. Simon
Title:   Executive Vice President          Title: Geophysicist

Please return one executed copy of this agreement to:    Seitel, Inc.
                                                          50 Briar Hollow Lane West, 7th Floor
                                                          Houston, TX  77027
                                                          Attention: Marcia J. Nouis\

1/8/2001

**Exhibit A**
## VERIFICATION OF RETURN/DESTRUCTION OF DATA

Licensee, as defined in the 2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement ("Agreement") effective as of _____ hereby represents, warrants and verifies to Licensor, as defined in the Agreement, that all Data, as defined in the Agreement (including any Data provided to any other person or entity in accordance with the terms of the Agreement), has been returned to Licensor [destroyed]. Specifically, as of the date of this Verification, all Data has been completely removed from the computer systems, files, offices, warehouses, or other locations within the possession, custody or control of Licensee. In addition, all references to the Data have been [returned/destroyed], by permanently deleting or otherwise permanently eliminating them from all computers, files, storage facilities, and any and all other paper, electronic, digital or other forms of media within the possession, custody or control of Licensee.

Licensee acknowledges and agrees that Licensor is relying on this Verification of Return of Data as confirmation that Licensee is not retaining any Data in any form and, further, as Licensee's acknowledgment that retaining any Data would entitle Licensor to liquidated damages as provided in the Agreement as well as all other remedies available to Licensor at law or in equity.

Verified this _____ day of _____, 2001.

By: _____

Print Name: _____

Company and Title: _____

ONSHORE 3D

**SCHEDULE "1"**

Supplemental Agreement to a
2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement
between
**Seitel Data, Ltd.**
and
**Sklar Exploration Company LLC**
Dated
1/25/01

Sklar Exploration Company LLC agrees to license _____ square miles of 3-D geophysical data acquired by Licensor as delineated by area and mileage and at rates as specified below, under terms and conditions of the 2D&3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement to which this supplemental agreement is attached and made a part thereof.

| Area | Committed Mileage | Cost/Sq Mile | Total Cost | Est. Permit, Access Fees and Customary Operational Damages Cost/Sq. Mile |
|------|-------------------|--------------|------------|---------------------------------------------------------------------------|
|      |                   |              |            |                                                                           |

(does not include normal and customary reproduction charges or field tape copy charges)

Product Format Requested

Raw Stacked Data Volume (SEG-Y tape) _____
Raw Migrated Data Volume (SEG-Y tape) _____
Filtered Migrated Data Volume (SEG-Y tape) _____
Velocity Data Card Image Tape _____
Bincenter Coordinate Location Information Tape (UKOOA format)_____

Billing Address:      Sklar Exploration Company LLC
                      401 Edwards Street, Suite 1601
                      Shreveport, LA 71101

            Attn: Mr. Don Eustes

Delivery Address: SAME

ACCEPTED AND AGREED TO THIS _____ DAY OF _____, 2001.

Seitel Data, Ltd.                        Sklar Exploration Company LLC

By:_____        By:_____
        Robert J. Simon

Title:   Executive Vice President        Title: _____

Please return one executed copy of this agreement to:   Seitel Data, Ltd.
                                                        50 Briar Hollow Lane West, 7th Floor
                                                        Houston, TX 77027
                                                        Attn: Marcia J. Nouis

OFFSHORE 3D

## SCHEDULE "1"

Supplemental Agreement for 3-D Seismic Data Acquisition to a
2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement
between
Seitel Data, Ltd.
and
Sklar Exploration Company LLC
Dated
1/25/01

Sklar Exploration Company LLC agrees to license area of 3-D geophysical data to be acquired by Licensor as delineated by area and blocks and at rates as specified below, under terms and conditions of the 2D&3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement to which this supplemental agreement is attached and made a part thereof.

| Area | Committed Area | Total Cost |
|------|----------------|------------|
| Area | 00,000 Blocks | $ , . |

(does not include normal and customary reproduction charges or field tape copy charges)

Product Format Requested

Raw Stacked Data Volume (SEG-Y tape)        _____
Raw Migrated Data Volume (SEG-Y tape)      _____
Filtered Migrated Data Volume (SEG-Y tape)  _____
Velocity Data Card Image Tape              _____
Bincenter Coordinate Location Information Tape (UKOOA format) _____

Billing Address:        Sklar Exploration Company LLC
                        401 Edwards Street, Suite 1601
                        Shreveport, LA 71101

                        Attn: Mr. Don Eustes


ACCEPTED AND AGREED TO THIS _____ DAY OF _____, 2001.

Seitel Data, Ltd.                      Sklar Exploration Company LLC

By:_____          By:_____
        Robert J. Simon

Title: Executive Vice President        Title:_____

Please return one executed copy of this agreement to:    Seitel Data, Ltd.
                                                         50 Briar Hollow Lane West, 7th Floor
                                                         Houston, TX 77027
                                                         Attn: Dianne Henderson

2D ONSHORE & OFFSHORE

SCHEDULE "1"

Supplemental Agreement to a
2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement
between
Seitel Data, Ltd.
and
Sklar Exploration Company LLC
Dated
1-25-01

Sklar Exploration Company LLC agrees to license 00.000 miles of data owned proprietarily by Licensor as delineated by Line Number and Station Number and at rates as specified below, under terms and conditions of the 2D&3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement to which this exhibit is attached and made a part thereof.

Program:  Program Name

| Line Number | Stations | Mileage |
|---|---|---|

**LICENSE COST**   $0000.00/mile x 00.000 miles = $

(does not include normal and customary reproduction charges or field tape copy charges)

Billing Address:        Sklar Exploration Company LLC
                        401 Edwards Street, Suite 1601
                        Shreveport, LA 71101

                        Attn: Mr. Don Eustes

Delivery Address:

Agreed and Accepted this _____ day of _____, 2001.

Seitel Data, Ltd.                              Sklar Exploration Company LLC

By:_____      By:_____
        Robert J. Simon

Title: _____Executive Vice President____      Title: _____

Please return one executed copy of this agreement to:      Seitel Data, Ltd.
                                                          50 Briar Hollow Lane West, 7th Floor
                                                          Houston, TX 77027
                                                          Attn: Marcia J. Nouis

Case:20-12377-MER   Doc#:1722-1   Filed:04/05/22   Entered:04/05/22 16:02:54   Page350
of 471
03/22/01 THU 12:30   FAX 227 9012 SKLAR EXPLORATION
MAR-22-2001  08:41
☑014/014
P.14/14

ONSHORE 3D

## SCHEDULE "1"

Supplemental Agreement to a
2D & 3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement
between
Seitel Data, Ltd.
and
Sklar Exploration Company LLC
Dated
1-25-01

Sklar Exploration Company LLC agrees to license _____ square miles of 3-D geophysical data acquired by Licensor as delineated by area and mileage and at rates as specified below, under terms and conditions of the 2D&3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement to which this supplemental agreement is attached and made a part thereof.

| Area | Committed Mileage | Cost/Sq Mile | Total Cost |
|------|-------------------|--------------|------------|
|      |                   |              |            |

(does not include normal and customary reproduction charges or field tape copy charges)

Product Format Requested

Raw Stacked Data Volume (SEG-Y tape) _____
Raw Migrated Data Volume (SEG-Y tape) _____
Filtered Migrated Data Volume (SEG-Y tape) _____
Velocity Data Card Image Tape _____
Bincenter Coordinate Location Information Tape (UKOOA format) _____

Billing Address:        Sklar Exploration Company LLC
                        401 Edwards Street, Suite 1601
                        Shreveport, LA 71101

                        Attn: Mr. Don Eustes

Delivery Address: SAME

ACCEPTED AND AGREED TO THIS _____ DAY OF _____, 2001.

Seitel Data, Ltd.                          Sklar Exploration Company LLC

By: _____               By: _____
        Robert J. Simon

Title: ___Executive Vice President___      Title: _____

Please return one executed copy of this agreement to:    Seitel Data, Ltd.
                                                         50 Briar Hollow Lane West, 7th Floor
                                                         Houston, TX 77027
                                                         Attn: Marcia J. Nouls

**Sklar Exploration Company, LLC – Active Contracts List**

2D&3D Onshore/Offshore Master Seismic Data Participation and Licensing Agreement dated January 25, 2001 and the following supplemental and related agreements:

| Contract | Contract Reference | Contract Date |
|---|---|---|
| Library Card Agreement / Schedule 1 | 14-11-008 WAC | Nov-14-2014 |
| Schedule 1 Supplemental | 12-07-024 WAC | Jul-27-2012 Revised Jul-30-2012 |
| Schedule 1 Supplemental | 12-03-026 WAC | Jun-26-2012 |
| Schedule 1 Supplemental | 10-03-031 BRK | Apr-05-2010 |
| Schedule 1 Supplemental | 09-07-009 BRK | Jul-29-2009 |
| Data License Purchase Agreement w/Schedule 1 | 07-07-034 WAC | Jul-30-2007 |
| Data License Purchase Agreement w/Schedule 1 | 05-07-016 WAC | Jul-12-2005 |
| Schedule 1 Supplemental | 03-05-069 BRK | May-28-2003 |
| Schedule 1 Supplemental | 50-068 BRK | Mar-15-2001 |
| Schedule 1 Supplemental | 7916 BRK | Sept-28-1998 |

| United States Bankruptcy Court for the District of Colorado | Your Mail ID is | 172143987 |
|---|---|---|

| | **For Court Use Only** | |
|---|---|---|
| **Name of Debtor:** Sklar Exploration Company, LLC | Claim Number: | 0000010065 |
| **Case Number:** 20-12377 | File Date: | 09/15/2020 12:51:50 |

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

---

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):     CLAUDIE M. HOLMES MODLEY

Other names the creditor used with the debtor:    Case: 20-12377-EEB DOC # 457

**2.    Has this claim been acquired from someone else?**    ☑ No   ☐ Yes.    From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | | Where should payments to the creditor be sent? (if different) | |
|---|---|---|---|
| Name | CLAUDIE M. HOLMES MODLEY | Name | |
| Address | 1160 HAWTHORNE DRIVE | Address | |
| | | | |
| | | | |
| City | PENSACOLA | City | |
| State | FL            ZIP Code  32507-0000 | State | ZIP Code |
| Country (if International): | | Country (if International): | |
| Phone: | | Phone: | |
| Email: | | Email: | |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

7930
___  ___  ___  ___

**7. How much is the claim?**

$ _____0.00_____

**Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Environmental
_____

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                         $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:**  **Sign Below**

| | |
|---|---|
| **The person completing this proof of claim must sign and date it.  FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☑ I am the creditor.<br><br>☐ I am the creditor's attorney or authorized agent.<br><br>☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.<br><br>☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

*Claudie m Holmes Modley*                                        09/15/2020 12:51:50

Signature                                                                            Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Claudie M Holmes Modley

Address      1160 Hawthorne Drive


City          Pensacola

State         FL                                                              Zip    32507

Country (in international) 

Phone 

Email



**Exploration Company LLC**

September 9, 2008

<u>VIA U.S. MAIL TO</u>:
Purported Heirs and Presumed Heirs
of Johnnie Holmes

          **Re:**    **Division Order and Stipulation of Interest;** SEC
                     – Craft Ralls 5-8 #1;  Northeast Quarter (NE/4) of
                     Section 5, Township 4 North, Range 13 East,
                     Conecuh County, Alabama.

Dear Interest Owner:

      Enclosed is an original and one copy of your "Division Order and Stipulation of Interest" (the "Agreement").  Said Agreement was drafted based on the Division Order Title Opinion as well as information provided to us by the Holmes family, specifically, information found in the "Affidavit of Heirship and Marital History" by Ella Ruth Holmes Gant, dated *July 22, 2008* (the "Affidavit"), a copy of which is enclosed.  Said Affidavit sets forth the marital history and heirship of Johnnie Holmes, who died January 7, 1982.

      For many months, we have been receiving calls from the family regarding payments to the heirs.  We have asked for sufficient information to establish the heirship of Daniel Earl Holmes and Clauzell Holmes.  We have also asked the purported heirs and presumed heirs to institute a formal proceeding or to probate the successions of Daniel Earl Holmes and Clauzell Holmes.  However, various family members told us that they could not afford an attorney.  Alternatively, Ella Ruth Holmes Gant offered to provide us with the Affidavit.  In an effort to resolve these issues and to clarify ownership of the interests, we offer the Agreement to you.

      If all of the family members, purported heirs, and presumed heirs of Johnnie Holmes, as identified by the Affidavit, are willing to agree and stipulate to their own interest and the interests of each other, we are willing to make payment to said heirs and presumed heirs.  The enclosed Agreement sets forth your interest effective March 11, 2008 in the above referenced well in Conecuh County, Alabama.  Please verify your address and other personal information in the Agreement, making any necessary corrections in the space provided.  Also, remember to provide your social security number.

Please handle your original Agreement as per the enclosed instruction sheet. A copy is provided for your records. Do not hesitate to contact my office should you have any questions regarding your interest in the said document.

Sincerely,

By:

Katy R. Smith
Lease Analyst

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 1

## AFFIDAVIT OF HEIRSHIP AND MARITAL HISTORY

STATE OF Florida                              )(

COUNTY OF Escambia                            )(


      Personally appeared before me, the undersigned notary public, Ella Ruth Holmes Gant, who being by me first duly sworn, deposes and says as follows:

      My name is Ella Ruth Holmes Gant and my address is P.O. Box 1452, Pensacola, Florida 32591. I am over twenty-one (21) years of age and familiar with the marital history and heirship of Johnnie Holmes, deceased. I am familiar with his marital history and heirship because I am his daughter.

      That Johnnie Holmes was married once during his lifetime. This marriage was to Katherine Jones Holmes in 1930. To this marriage were born the following children:

    1.)      Name: Lizzie Mae Holmes Richburg, a widow
           Date of Birth: January 12, 1931
           Last Known Address: 1150 Hawthorne Drive
                    Pensacola, Florida 32507

    2.)      Name: Hattie Mae Holmes Ball, wife of Lewis Ball
           Date of Birth: January 13, 1937
           Last Known Address: 5948 Piat Place
                    Centerville, Illinois 62203

    3.)      Name: Johnnie Mae Holmes Ellington, a widow
           Date of Birth: November 30, 1938
           Last Known Address: 3403 Lafayette Avenue
                    Omaha, Nebraska 68131

    4.)      Name: Buice Lee Holmes Hooks, wife of Eddie L. Hooks
           Date of Birth: July 23, 1940
           Last Known Address: 1618 West 106th Street
                    Los Angeles, California 90047

    5.)      Name: Richard D. Holmes, husband of Ella Lois Holmes

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 2

           Date of Birth: August 6, 1942
           Last Known Address: 1707 Johnsonville Circle
                    Castleberry, Alabama 36432

6.)    Name: Alice M. Holmes Woods, a divorced woman
       Date of Birth: August 16, 1944
       Last Known Address: 2031 North 20th Street
                 Omaha, Nebraska 68110

7.)    Name: Reelice Holmes, a single male
       Date of Birth: December 24, 1947
       Last Known Address: 1618 West 106th Street
                 Los Angeles, California 90047

8.)    Name: Ella Ruth Holmes Gant, wife of David L. Gant
       Date of Birth: November 19, 1941
       Last Known Address: P.O. Box 1452
                 Pensacola, Florida 32591

9.)    Name: Katherine Holmes Straughn, wife of Walter L. Straughn
       Date of Birth: December 12, 1951
       Last Known Address: 1706 Johnsonville Circle
                 Castleberry, Alabama 36432

10.)    Name: Fannie Lue Holmes Jackson
       Date of Birth: November 3, 1932
       Date of Death: September 19, 1992
       That Fannie Lue Holmes Jackson was married once during her lifetime. This marriage was to Britt Jackson, Jr.  To this marriage were born the following children:

       A.) Name: Joel R. Jackson, husband of Donna Jackson
          Date of Birth: January 27, 1972
          Last Known Address: 1150 Hawthorne Dr.
                 Pensacola, Florida 32507

       B.) Name: Chiquita L. Jackson Stratford, wife of Donald Stratford
          Date of Birth: October 15, 1972
          Last Known Address: P.O. Box 1452
                 Pensacola, Florida 32591

This marriage ended with the death of Fannie Lue Holmes Jackson on

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 3

September 19, 1992. Fannie Lue Holmes died intestate with no administration of her estate. Britt Jackson, Jr. died intestate on November 22, 1993 with no administration of his estate.

11.) Name: Clauzell Holmes
Date of Birth: December 10, 1934
Date of Death: February 1, 1995
The following illegitimate child was born of Clauzell Holmes:

A.) Name: Larry Wright, a single man
Date of Birth: May 15, 1955
Last Known Address: 905 Copeland Drive
Hinesville, Georgia 31313

To the best of my knowledge, Clauzell Holmes acknowledged his illegitimate son, Larry Wright. Further, the family has acknowledged that Larry Wright is a presumed heir of Clauzell Holmes.

That Clauzell Holmes was married once during his lifetime. This marriage was to Daisy Lee Holmes. To this marriage were born the following children:

B.) Name: Pamela D. Holmes Banks, wife of Michael Banks
Date of Birth: May 26, 1960
Last Known Address: 7905 Kershaw Street
Pensacola, Florida 32534

C.) Name: Felita Fay Holmes, a single woman
Date of Birth: October 29, 1966
Last Known Address: P.O. Box 16711
Pensacola, Florida 32507

D.) Name: Constance M. Holmes Hale, wife of Carl Hale
Date of Birth: March 30, 1968
Last Known Address: 215 Washington Street
Cantonment, Florida 32533

E.) Name: Claudie M. Holmes Modley, a separated woman
Date of Birth: May 27, 1971
Last Known Address: 1160 Hawthorne Drive

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 4

Pensacola, Florida 32507

F.) Name: Veronica R. Holmes, a single woman
    Date of Birth: October 13, 1973
    Last Known Address: 1160 Hawthorne Drive
        Pensacola, Florida 32507

The marriage of Daisy Lee Holmes ended with the death of Clauzell Holmes on February 1, 1995. Clauzell Holmes died intestate with no administration of his estate. Daisy Lee Holmes died intestate on August 6, 2006.

12.)   Name: Daniel Earl Holmes
       Date of Birth: August 17, 1959
       Date of Death: January 18, 1999
       The following illegitimate child was born of Daniel Earl Holmes:

       A.) Name: Tiffannie Richardson Edwards, wife of Shannon Edwards
           Date of Birth: August 29, 1982
           Last Known Address: 144 Downs Lane
               Brewton, Alabama 36426

To the best of my knowledge, Daniel Earl Holmes acknowledged his illegitimate daughter, Tiffannie Richardson Edwards. Further, the family has acknowledged that Tiffannie Richardson Edwards is a presumed heir of Daniel Earl Holmes.

Daniel Earl Holmes died intestate with no administration of his estate.

These were the only twelve children born of the marriage between Johnnie Holmes and Katherine Jones Holmes. No children were adopted nor were any other children cared for in the home. This marriage ended with the death of Johnnie Holmes on January 7, 1982. Johnnie Holmes died intestate on January 7, 1982 and there was no administration upon his estate. Katherine Jones Holmes died intestate on December 10, 1983 and there was no administration upon her estate.

That to the best of my knowledge, the individuals named above are all of the surviving heirs of Johnnie Holmes, deceased.

Further affiant saith not.

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 5

*Ella Ruth Holmes Gant*
ELLA RUTH HOLMES GANT
P.O. Box 1452
Pensacola, Florida 32591

Sworn to and subscribed before me this the 5th day of August , 2008.

JAMES STAPLETON
Notary Public - State of Florida
My Commission Expires Aug 25, 2008
Commission # DD 349739
Bonded By National Notary Assn.

NOTARY PUBLIC

[affix notarial seal]

My commission expires: 8/25/08

This instrument prepared by:

_____
_____
_____
_____

## DIVISION ORDER AND STIPULATION OF INTEREST

**TO**: Sklar Exploration Company, L.L.C.
    401 Edwards Street, Suite 1601
    Shreveport, LA 71101

**Property Name**: **Sklar Exploration Company, L.L.C.**
**#1 Craft-Ralls 5-8**
Effective Date:  First Date of Production

COPY

     The undersigned jointly certify that each Party to this agreement is the legal owner of the interest set out below and opposite (his/her/its) name of all the oil, gas liquid hydrocarbons and any and all other hydrocarbons produced from the property described below:

| | |
|---|---|
| OPERATOR: | Sklar Exploration Company, L.L.C. |
| PAYOR: | Sklar Exploration Company, L.L.C. |
| LEASE OR UNIT NAME: | #1 Craft-Ralls 5-8 unit, being 160.00 acres of land including all of the Northeast Quarter (NE/4) of Section 5, Township 4 North, Range 13 East, Conecuh County, Alabama. |
| DESCRIPTION: | Declaration of Unit and Voluntary Pooling Agreement recorded in Deed Book 2008, Page 1879 of the Records of the Probate Judge's Office. |
| COUNTY, STATE: | Conecuh County, Alabama |

     The undersigned now desire by this division order and stipulation of interest to declare and establish each Parties' correct royalty interest in the above described property. The Parties hereto cross convey, ratify, stipulate, agree and declare that the royalty interest associated with the above described property is owned in the following manner, with each Party owning the undivided royalty interest, as of the Effective Date, set opposite (his/her/its) name as follows:

### DIVISION OF INTEREST AND STIPULATION OF INTEREST

| OWNER NUMBER | OWNER NAME | INTEREST OWNED |
|---|---|---|
| AVEF01 | Felita Fay Holmes<br>P.O. Box 16711<br>Pensacola, Florida 32507 | 0.00143087 RI |
| BALH01 | Hattie Mae Holmes Ball<br>5948 Piat Place<br>Centerville, Illinois 62203 | 0.00286172 RI |
| BANP01 | Pamela D. Holmes Banks<br>7905 Kershaw Street<br>Pensacola, Florida 32534 | 0.00143087 RI |
| EDWT01 | Tiffannie Richardson Edwards<br>144 Downs Lane<br>Brewton, Alabama 36426 | 0.00286172 RI |
| ELLJ01 | Johnnie Mae Holmes Ellington<br>3403 Lafayette Avenue<br>Omaha, Nebraska 68131 | 0.00286172 RI |
| GANE01 | Ella Ruth Holmes Gant<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00286172 RI |
| HALC01 | Constance M. Holmes Hale<br>215 Washington Street | 0.00047695 RI |

AVEP01          Fentra Fay Holmes                    0.00143087  RI
                P. O. Box 17221
                Pensacola, Florida 32500

BALH01          Hattie Mae Holmes Ball               0.00286172  RI
                5948 Piat Place
                Centerville, Illinois 62203

BANP01          Pamela D. Holmes Banks               0.00143087  RI
                7905 Kershaw Street
                Pensacola, Florida 32534

EDWT01          Tiffannie Richardson Edwards         0.00286172  RI
                144 Downs Lane
                Brewton, Alabama 36426

ELLJ01          Johnnie Mae Holmes Ellington         0.00286172  RI
                3403 Lafayette Avenue
                Omaha, Nebraska 68131

GANE01          Ella Ruth Holmes Gant                0.00286172  RI
                P.O. Box 1452
                Pensacola, Florida 32591

HALC01          Constance M. Holmes Hale             0.00047695  RI
                215 Washington Street
                Cantonment, Florida 32533

HOLR03          Richard D. Holmes                    0.00286172  RI
                1707 Johnsonville Circle
                Castleberry, Alabama 36432

HOLR04          Reelice Holmes                       0.00286172  RI
                1618 West 106th Street
                Los Angeles, California 90047

1

| | | | |
|---|---|---|---|
| AOLV01 | Veronica R. Holmes<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| HOOB01 | Buice Lee Holmes Hooks<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 | RI |
| JACJ02 | Joel R. Jackson<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| MODC01 | Claudie M. Holmes Modley<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| RICL01 | Lizzie Mae Holmes Richburg<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00286172 | RI |
| STRC02 | Chiquita L. Jackson Stratford<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00047695 | RI |
| STRK01 | Katherine Holmes Straughn<br>1706 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 | RI |
| WOOA01 | Alice M. Holmes Woods<br>2031 North 20th Street<br>Omaha, Nebraska 68110 | 0.00286172 | RI |
| WRIL01 | Larry Wright<br>905 Copeland Drive<br>Hinesville, Georgia 31313 | 0.00047695 | RI |

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

The following provisions apply to each interest owner (the "Owner") who executes this agreement:

**TERMS OF SALE:** In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned will be paid in accordance with the division of interests set out above. The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order. Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENT:** From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first. (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.) Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own. *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*

**INDEMNITY:** The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.

**DISPUTE, WITHHOLDING OF FUNDS:** If a suit is filed that affects the interest of the Owner, written notice shall be given to

| STRK01 | Katherine Holmes Straughn | | 0.00286172 RI |
| | 1 Dixon Mill Road | | |
| | Castleberry, Alabama 36432 | | |
| WOOA01 | Alice M. Holmes Woods | | 0.00286172 RI |
| | 2031 North 20th Street | | |
| | Omaha, Nebraska 68110 | | |
| WRIL01 | Larry Wright | | 0.00047695 RI |
| | 905 Copeland Drive | | |
| | Hinesville, Georgia 31313 | | |

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

The following provisions apply to each interest owner (the "Owner") who executes this agreement:

**TERMS OF SALE**:  In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned will be paid in accordance with the division of interests set out above.  The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order.  Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENT**: From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first.  (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.)  Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own.  *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*

**INDEMNITY**: The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.

**DISPUTE, WITHHOLDING OF FUNDS**: If a suit is filed that affects the interest of the Owner, written notice shall be given to Payor by the Owner together with a copy of the complaint or petition filed.

     In the event of a claim or dispute that affects title to the division of interest set out above, Payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statute, until the claim or dispute is settled.

**TERMINATION:** Termination of this Division Order shall be effective on the first day of the month that begins after the 30th day after the date written notice of termination is received by either party.

**NOTICES:** Owner agrees to notify Payor in writing of any change in the division of interest, including changes of interest contingent on payment of money, or expiration of time.

     No change of interest is binding on Payor until the recorded copy of the instrument of change, or documents satisfactorily evidencing such change are furnished to Payor at the time the change occurs.

     Any change of interest shall be made effective on the first day of the month following receipt of such notice by Payor.

     Any correspondence regarding this Division Order shall be furnished to the addresses listed unless otherwise advised by either party.

     In addition to the legal rights provided by the terms and provisions of this Division Order, the Owner and the Payor may have certain statutory rights under the laws of the state in which the lands described above are located.

2

| United States Bankruptcy Court for the District of Colorado | Your Mail ID is | 172145543 |
|---|---|---|

| **Name of Debtor:** Sklar Exploration Company, LLC | **For Court Use Only** |
|---|---|
| | Claim Number: 0000010066 |
| **Case Number:** 20-12377 | File Date: 09/15/2020 20:48:59 |

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): PAMELA D. HOLMES BANKS

Other names the creditor used with the debtor: PAMELA D. BANKS

---

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

---

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    PAMELA D. HOLMES BANKS | Name _____ |
| Address    7905 KERSHAW STREET | Address _____ |
| _____ | _____ |
| _____ | _____ |
| City    PENSACOLA | City _____ |
| State    FL       ZIP Code   32534-4239 | State _____   ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:    850-478-1848 | Phone: _____ |
| Email:    wholy4him@bellsouth.net | Email: _____ |

---

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>MM / DD / YYYY | _____ |

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| **6.  Do you have any number you use to identify the debtor?**<br><br>☑ No<br><br>☐ Yes.<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:<br><br>____ ____ ____ ____ | **7.  How much is the claim?**<br><br>$ ___undetermined_____<br><br>**Does this amount include interest or other charges?**<br><br>☐ No<br><br>☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | **8.  What is the basis of the claim?**<br><br>Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.<br><br>___Environmental_____ |

---

**9.  Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                              $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed)  _____%
                                       ☐ Fixed  ☐ Variable

---

**10.  Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11.  Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

---

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.
* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:**  Sign Below

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Pamela D. Holmes Banks*                                        09/15/2020 20:48:59

Signature                                                                 Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        PAMELA D. HOLMES BANKS

Address    7905 KERSHAW ST

City          PENSACOLA

State         FL                                                       Zip   32534-4239

Country (in international)

Phone      850-478-1848

Email        WHOLY4HIM@BELLSOUTH.NET

## DIVISION ORDER AND STIPULATION OF INTEREST

TO:  Sklar Exploration Company, L.L.C.
    401 Edwards Street, Suite 1601
    Shreveport, LA 71101

**Property Name: Sklar Exploration Company, L.L.C.**
    **#1 Craft-Ralls 5-8**
Effective Date:  First Date of Production

The undersigned jointly certify that each Party to this agreement is the legal owner of the interest set out below and opposite (his/her/its) name of all the oil, gas liquid hydrocarbons and any and all other hydrocarbons produced from the property described below:

| | |
|---|---|
| OPERATOR: | Sklar Exploration Company, L.L.C. |
| PAYOR: | Sklar Exploration Company, L.L.C. |
| LEASE OR UNIT NAME: | #1 Craft-Ralls 5-8 unit, being 160.00 acres of land including all of the Northeast Quarter (NE/4) of Section 5, Township 4 North, Range 13 East, Conecuh County, Alabama. |
| DESCRIPTION: | Declaration of Unit and Voluntary Pooling Agreement recorded in Deed Book 2008, Page 1879 of the Records of the Probate Judge's Office. |
| COUNTY, STATE: | Conecuh County, Alabama |

The undersigned now desire by this division order and stipulation of interest to declare and establish each Parties' correct royalty interest in the above described property.  The Parties hereto cross convey, ratify, stipulate, agree and declare that the royalty interest associated with the above described property is owned in the following manner, with each Party owning the undivided royalty interest, as of the Effective Date, set opposite (his/her/its) name as follows:

### DIVISION OF INTEREST AND STIPULATION OF INTEREST

| OWNER NUMBER | OWNER NAME | INTEREST OWNED |
|---|---|---|
| AVEF01 | Felita Fay Holmes<br>P.O. Box 16711<br>Pensacola, Florida 32507 | 0.00143087 RI |
| BALH01 | Hattie Mae Holmes Ball<br>5948 Piat Place<br>Centerville, Illinois 62203 | 0.00286172 RI |
| BANP01 | Pamela D. Holmes Banks<br>7905 Kershaw Street<br>Pensacola, Florida 32534 | 0.00143087 RI |
| EDWT01 | Tiffannie Richardson Edwards<br>144 Downs Lane<br>Brewton, Alabama 36426 | 0.00286172 RI |
| ELLJ01 | Johnnie Mae Holmes Ellington<br>3403 Lafayette Avenue<br>Omaha, Nebraska 68131 | 0.00286172 RI |
| GANE01 | Ella Ruth Holmes Gant<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00286172 RI |
| HALC01 | Constance M. Holmes Hale<br>215 Washington Street<br>Cantonment, Florida 32533 | 0.00047695 RI |
| HOLR03 | Richard D. Holmes<br>1707 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 RI |
| HOLR04 | Reelice Holmes<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 RI |

1

| HOLV01 | Veronica R. Holmes<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| HOOB01 | Buice Lee Holmes Hooks<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 | RI |
| JACJ02 | Joel R. Jackson<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| MODC01 | Claudie M. Holmes Modley<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| RICL01 | Lizzie Mae Holmes Richburg<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00286172 | RI |
| STRC02 | Chiquita L. Jackson Stratford<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00047695 | RI |
| STRK01 | Katherine Holmes Straughn<br>1706 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 | RI |
| WOOA01 | Alice M. Holmes Woods<br>2031 North 20th Street<br>Omaha, Nebraska 68110 | 0.00286172 | RI |
| WRIL01 | Larry Wright<br>905 Copeland Drive<br>Hinesville, Georgia 31313 | 0.00047695 | RI |

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

The following provisions apply to each interest owner (the "Owner") who executes this agreement:

**TERMS OF SALE:** In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned will be paid in accordance with the division of interests set out above. The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order. Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.
**PAYMENT:** From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first. (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.) Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own. *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*
**INDEMNITY:** The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.
**DISPUTE, WITHHOLDING OF FUNDS:** If a suit is filed that affects the interest of the Owner, written notice shall be given to Payor by the Owner together with a copy of the complaint or petition filed.
   In the event of a claim or dispute that affects title to the division of interest set out above, Payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statute, until the claim or dispute is settled.
**TERMINATION:** Termination of this Division Order shall be effective on the first day of the month that begins after the 30th day after the date written notice of termination is received by either party.
**NOTICES:** Owner agrees to notify Payor in writing of any change in the division of interest, including changes of interest contingent on payment of money, or expiration of time.
   No change of interest is binding on Payor until the recorded copy of the instrument of change, or documents satisfactorily evidencing such change are furnished to Payor at the time the change occurs.
   Any change of interest shall be made effective on the first day of the month following receipt of such notice by Payor.
   Any correspondence regarding this Division Order shall be furnished to the addresses listed unless otherwise advised by either party.
   In addition to the legal rights provided by the terms and provisions of this Division Order, the Owner and the Payor may have certain statutory rights under the laws of the state in which the lands described above are located.

2

| United States Bankruptcy Court for the District of Colorado | Your Mail ID is | 172146183 |
|---|---|---|

**Name of Debtor:** Sklar Exploration Company, LLC

**Case Number:** 20-12377

**For Court Use Only**

Claim Number: 0000010077

File Date: 09/22/2020 16:57:41

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

---

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    TIFFANNIE RICHARDSON EDWARDS

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☑ No  ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    TIFFANNIE RICHARDSON EDWARDS | Name _____ |
| Address    144 DOWNS LANE | Address _____ |
| | |
| | |
| City    BREWTON | City _____ |
| State    AL      ZIP Code  36436 | State _____  ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:    2512360006 | Phone: _____ |
| Email:    tiffannie28@gmail.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

Page 1 of 3

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

7930
___  ___  ___  ___

**7. How much is the claim?**

$ ___undetermined___

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

___Environmental___

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                         $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed)  _____%
                                   ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☑ Yes.  **Amount necessary to cure any default as of the date of petition.**

$ ___0.00___

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Tiffannie Richardson Edwards*                          09/22/2020 16:57:41

Signature                                                              Date

**Provide the name and contact information of the person completing and signing this claim:**

Name          Tiffannie Richardson Edwards

Address      144 Downs Lane


City             Brewton

State           AL                                                    Zip   36426

Country (in international)   USA

Phone         2512360006

Email          tiffannie28@gmail.com



| United States Bankruptcy Court for the District of Colorado | | **For Court Use Only** | |
|---|---|---|---|
| **Name of Debtor:** Sklarco, LLC | | Claim Number: | 0000010092 |
| **Case Number:** 20-12380 | | File Date: | 09/24/2020 12:51:33 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____ TCP Cottonwood, L.P. _____

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☑ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | | Where should payments to the creditor be sent? (if different) | |
|---|---|---|---|
| Name | TCP Cottonwood, L.P. | Name | TCP Cottonwood, L.P. ATTN: CEO |
| Address | Kean Miller LLP ATTN: J. Eric Lockridge | Address | 333 Texas Street, Suite 2020 |
| | 400 Convention Street, Suite 700 | | |
| City | Baton Rouge | City | Shreveport |
| State | LA          ZIP Code 70802 | State | LA          ZIP Code 71101 |
| Country (if International): | | Country (if International): | |
| Phone: | 225-389-3756 | Phone: | 318-227-2000 |
| Email: | eric.lockridge@keanmiller.com | Email: | kyle.mcinnis@andersonoilandgas.com |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____  MM / DD / YYYY | _____ |

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____ ____ ____ ____

**7. How much is the claim?**

$ ___underdetermined_____

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Prod.Revenues/Cash Advances/Unliq.Damage

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                      $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed) _____%
                         ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:** **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

- ☑ I am the creditor.
- ☐ I am the creditor's attorney or authorized agent.
- ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- ☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Kyle McInnis*                                    09/24/2020 12:51:33

Signature                                         Date

**Provide the name and contact information of the person completing and signing this claim:**

Name      Kyle McInnis

Address   333 Texas Street, Suite 2020

City      Shreveport

State     LA                          Zip   71101

Country (in international)

Phone     318-227-2000

Email     kyle.mcinnis@andersonoilandgas.com

Page 3 of 3

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

IN RE:                                                    CASE NO.:  20-12377-EEB

**SKLAR EXPLORATION COMPANY, LLC**           CHAPTER 11
            **Debtor**

IN RE:                                                    CASE NO.:  20-12380-EEB

**SKLARCO, LLC**                                          CHAPTER 11
            **Debtor**

                                                          **JOINTLY
                                                          ADMINISTERED UNDER
                                                          CASE NO. 20-12377-EEB**

## ADDENDUM TO PROOF OF CLAIM

1.      This Addendum is incorporated into and made a part of the Proof of Claim filed on behalf of TCP Cottonwood, L.P. ("TCP").

2.      TCP and Sklar Exploration Company, LLC ("SEC") are parties to one or more operating agreements (the "Operating Agreements") in which SEC serves as operator of oil and gas properties in which TCP holds ownership interests.  Sklarco, LLC ("Sklarco") also is a party to the Operating Agreements in its capacity as holder of ownership interest in oil and gas properties similar to TCP.

3.      Pursuant to the Operating Agreements, SEC made cash calls from time to time to TCP and other similarly situated interest owners and TCP advanced cash to SEC.

1

Based on information and belief, on multiple occasions SEC either did not make a cash call to Sklarco when it made such cash call to TCP or Sklarco never paid the cash calls made to it. Investigations are ongoing into the exact amount of cash calls Sklarco failed to pay in violation of the Operating Agreements. TCP files this Proof of Claim to preserve any claim against Sklarco for such amounts of cash calls Sklarco failed to properly advance that TCP may hold.

4.      Based on further information and belief, SEC and Sklarco have made various improper transfers of funds among them and with third party affiliates. Investigations are ongoing into the exact amount of these transfers. TCP files it Proof of Claim against Sklarco to preserve any claim against Sklarco for such amounts that were improperly transferred that TCP may hold.

5.      In addition, TCP also claims all interest, costs, and fees to which it is entitled as well as all other amounts to which TCP is entitled from Sklarco, including any and all contingent, unliquidated, and unmatured claims and damages, of any nature and amount, arising at any time prior to the Petition Date.

6.      TCP continues to investigate its claims against Sklarco and reserves the right to amend or supplement its claim in this case.

7.      The filing of this Proof of Claim is not and shall not be deemed or construed as (i) a waiver or release of TCP's rights against any person, entity or property; (ii) a consent by TCP as to the jurisdiction of any court with respect to proceedings commenced in any case involving TCP; (iii) a waiver or release of TCP's rights to a jury trial in any court in any proceedings as to any and all matters triable herein; (iv) a consent by TCP to

2

a jury trial in any court as to any and all matters triable herein; (v) a waiver or release of TCP's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court; (vi) a waiver of the right to withdraw the reference with respect to the subject matter of this Proof of Claim, any object thereto or other proceeding which has been or may be commenced in these cases or otherwise involving TCP; (vii) an election of remedies; or (viii) a waiver of any right with respect to property of TCP held by Sklarco or any other debtor captioned above or any of those debtors' affiliates, including but not limited to their principals, owners, agents, officers, directors, assigns, investors, representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

8.     TCP reserves its rights to withdraw, amend, or supplement this Proof of Claim or any other filed claim to the full extent permitted by law to specify (and quantify) damages, costs, expenses, and other charges or claims incurred by TCP and to file additional proofs of claim, including without limitation (a) claims for post-petition interest, legal fees, and related expenses that are not ascertainable at this time, (b) claims arising from or relating to the avoidance of transfers (if any) made to TCP or any other entity, including without limitation any payments on the claim described in this Addendum, (c) claims arising from the assumption or rejection of any executory contracts or unexpired leases, and (d) any other claims arising from, among others, Sections 365, 547, 548, and 550 of the Bankruptcy Code.  In addition, the assertion of this Proof of Claim by TCP is in addition to, not in place of, and does not amend, alter, or affect in any way, the assertion of any claim(s) made in other jurisdictions.

3

9.     TCP reserves all rights of recoupment and setoff, and this Proof of Claim is filed without prejudice to the right of TCP to request payment of any administrative expense claims that it may have against Sklarco (including, without limitation, administrative expenses not described in the claim), and TCP reserves the right to request payment of such administrative expenses at a later date or when required by the Bankruptcy Court, the Bankruptcy Code, or other applicable law.  TCP further reserves any and all rights to assert claims arising from the Operating Agreements after Sklarco's confirmation of a Chapter 11 plan, dismissal of this Bankruptcy Case, and/or substantive consolidation of Sklarco with any other debtor captioned above and/or any non-debtor party or parties.

10.     TCP further reserves all rights with respect to inter and intra-party transfers among, but not limited to, the above-captioned debtors, their principals, owners, agents, officers, directors, assigns, investors, and representatives, and any trusts, partnerships, corporations, or other legal entity related to those parties.

| United States Bankruptcy Court for the District of Colorado | | For Court Use Only | |
|---|---|---|---|
| **Name of Debtor:** | Sklarco, LLC | Claim Number: | 0000010108 |
| **Case Number:** | 20-12380 | File Date: | 09/24/2020 23:05:13 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**
**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):     Nora Lee Patterson

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**     ☐ No   ☑ Yes.   From whom?   Daisy Mosby-Montgomery or Dave Mosby

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    Nora Lee Patterson | Name _____ |
| Address    1514 N 104th Plaza | Address _____ |
| Apt 131 | _____ |
| | _____ |
| City    Omaha | City _____ |
| State    NE            ZIP Code   68114 | State _____    ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:    402-319-2197 | Phone: _____ |
| Email:    nora.patterson51@yahoo.com | Email: _____ |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br>MM / DD / YYYY | _____ |

Page 1 of 3

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

72 – 1425432
____ ____ ____ ____

**7. How much is the claim?**

$ _undetermined_

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

Land/Oil rights

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed) _____%
                              ☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:** Sign Below

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Nora Lee Patterson*                                                  09/24/2020 23:05:13

Signature                                                                    Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Nora Lee Patterson

Address     1514 N 104th Plaza

            Apt 131


City        Omaha

State       NE                                        Zip      68114

Country (in international)

Phone       402-319-2197

Email       nora.patterson51@yahoo.com





From: SKLARCO LLC
401 EDWARDS STREET, SUITE 1601
SHREVEPORT, LA 71101

To: (PATN01) NORA LEE PATTERSON

Page 2 of 2

## 2019 1099-MISC Supporting Schedule

Check Summary:

| | | Box 1 | Box 2 | Box 3 | Box 4 | Box 6 | Box 7 | Box 14 | |
|---|---|---|---|---|---|---|---|---|---|
| | | Rents | Royalty Int | Other Income | Fed W/H | Medical | NonEmp Comp | Fed Attorney | Net |
| Check Date | Check # | | | | | | | | 950.00 |
| 10/08/2019 | 2372 | 950.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Invoice #1C4R0410478 | | | | | | | | | |

| | Box 1 | Box 2 | Box 3 | Box 4 | Box 6 | Box 7 | Box 14 | |
|---|---|---|---|---|---|---|---|---|
| | Rents | Royalty Int | Other Income | Fed W/H | Medical | NonEmp Comp | Fed Attorney | Total |
| IRS Totals | | | | | | | | |
| Reported on 1099-MISC | 950.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 950.00 |



## NOTICE OF MEETING

The State Oil and Gas Board of Alabama will hold its regular meeting at 10:00 a.m. on Tuesday, February 5 and Thursday, February 6, 2019, in the Board Room of the State Oil and Gas Board, Walter B. Jones Hall, University of Alabama Campus, 420 Hackberry Lane, Tuscaloosa, Alabama, to consider among other items the following petition.

DOCKET NO. 2-04-20-05

Petition by SKLAR EXPLORATION COMPANY L.L.C., a Louisiana limited liability company, authorized to do and doing business in the State of Alabama, requesting that the State Oil and Gas Board of Alabama enter an order (a) force pooling, without risk compensation, all tracts and interests in the East Half of the Southeast Quarter of Section 35 and the West Half of the Southeast Quarter of Section 36, Township 4 North, Range 10 East, Conecuh County, Alabama as a 160-acre drilling unit for the purpose of drilling a well to test formations down to and including the Smackover formation (including any productive extension of the Smackover Oil Pool of the Castleberry Field, as established by Order No. 2011-23 of this Board) and the Norphlet formation; (b) requiring all owners of tracts and interests in said unit to develop their tracts and interests as a unit, and (c) appointing Petitioner as the operator of said unit. Said proposed drilling unit abuts the Castleberry Field. This petition is filed pursuant to Sections 9-17C-1 et seq. (Ala. Code 1975) (and, in particular, Sections 9-17C-15, as amended) and Rules 400-1 et seq. (and, in particular, Rule 400-7-1 et seq.) of the State Oil and Gas Board of Alabama Administrative Code.

This petition is filed as a companion to (a) a petition bearing Docket No. 2-04-20-03 requesting that the State Oil and Gas Board of Alabama enter an order approving an exceptional nongovernmental unit for the said Myrtice Ellis 35-9 No. 1 Well and (b) a petition bearing Docket No. 2-04-20-04 requesting that the State Oil and Gas Board of Alabama enter an order approving an exceptional location for said well.

Hearings of the State Oil and Gas Board are public hearings, and members of the public are invited to attend and present their position concerning petitions. For additional information, you may contact Marvin Rogers, General Counsel for the State Oil and Gas Board, P.O. Box 869999, Tuscaloosa, Alabama 35486-9999, Telephone Number (205) 247-3680, Fax Number (205) 349-2861, or by email at mrogers@ogb.state.al.us. Requests to continue or oppose a petition should be received by the Board at least two (2) days prior to the hearing. The public should be aware that a petition may be set for hearing on the first day or second day of the hearing, or may be continued to another hearing at a later date. We suggest that prior to the hearing, interested parties contact the Board to determine the status of a particular petition.

| | |
|---|---|
| United States Bankruptcy Court for the District of Colorado | **Your Mail ID is** 172145766 |

| | |
|---|---|
| **Name of Debtor:**  Sklar Exploration Company, LLC | **For Court Use Only** |
| | Claim Number:    0000010110 |
| **Case Number:**    20-12377 | File Date:    09/25/2020 07:57:47 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    ROBERT E. KING FAMILY LLC

Other names the creditor used with the debtor: ____ Robert E. King Family Partnership ____

**2.    Has this claim been acquired from someone else?**    ☒ No  ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name   ROBERT E. KING FAMILY LLC | Name _____ |
| Address   6702 GILBERT DRIVE | Address _____ |
| _____ | _____ |
| _____ | _____ |
| City   SHREVEPORT | City _____ |
| State   LA          ZIP Code  71106 | State _____  ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone: _____ | Phone: _____ |
| Email: _____ | Email: _____ |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☒ No | ☒ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____  MM / DD / YYYY | _____ |

Page 1 of 3

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____ _____ _____ _____

**7. How much is the claim?**

$ undetermined

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____
unknown amt of unpaid royalties

---

**9.  Is all or part of the claim secured?**

☒ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe:
_____

**Basis for perfection:**
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                   $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed  ☐ Variable

**10.  Is this claim based on a lease?**

☐ No

☒ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11.  Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:**  **Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Jordan B. Bird* _____               09/25/2020 07:57:47 _____

Signature                                                                                              Date

**Provide the name and contact information of the person completing and signing this claim:**

Name _____ Jordan B. Bird _____

Address _____ 333 Texas Street, _____

_____

_____ Suite 1700 _____

City _____ Shreveport _____

State _____ LA _____    Zip _____ 71101 _____

Country (in international) _____ United States _____

Phone _____ 3182277751 _____

Email _____ jordan.bird@cookyancey.com _____

| United States Bankruptcy Court for the District of Colorado | For Court Use Only | |
|---|---|---|
| **Name of Debtor:**  Sklar Exploration Company, LLC | Claim Number: | 0000010115 |
| **Case Number:**   20-12377 | File Date: | 09/25/2020 09:31:44 |

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.
**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    Tara Rudman Revocable Trust

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name      Tara Rudman Revocable Trust | Name      Tara Rudman Revocable Trust |
| Address   8150 N. Central Expressway, 10th Floor | Address   5910 North Central Expressway Ste 1662 |
| City       Dallas | City       Dallas |
| State       TX              ZIP Code   75206 | State       TX              ZIP Code   75206 |
| Country (if International): _____ | Country (if International): _____ |
| Phone:      214.983.3090 | Phone: |
| Email: | Email: |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____  MM / DD / YYYY | _____ |

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

_____ _____ _____ _____

**7. How much is the claim?**

$ _____undetermined_____

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

WI Revenue and Cash Call Advances

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.

Nature of property:

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:
_____

Basis for perfection:
            JOA Recording Memorandums
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                      $_____

Amount of the claim that is secured:   $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed)  _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br><br>☑ I am the creditor's attorney or authorized agent.<br><br>☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.<br><br>☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

*Terrell Fenner*                                                           09/25/2020 09:31:44
_____    _____    _____
Signature                                                                 Date

**Provide the name and contact information of the person completing and signing this claim:**

Name      Terrell Fenner
_____

Address   8150 N. Central Expressway, 10th Floor
_____

_____

City        Dallas
_____

State      TX                                                    Zip    75206
_____

Country (in international)  _____

Phone     214.983.3090
_____

Email      tfenner@chmslaw.com
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT COLORADO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **SKLAR EXPLORATION COMPANY, LLC** | ) | Case No. 20-12377-EEB |
| **and SKLARCO, LLC** | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| **SKLARCO, LLC** | ) | Case No. 20-12380-EEB |
| | ) | |
| | ) | Chapter 11 |
| | ) | |
| _____ | | |

**SUMMARY OF PROOF OF CLAIM OF TARA RUDMAN REVOCABLE TRUST**

1.     Tara Rudman Revocable Trust ("Claimant") is a non-operating co-working interest owner with Sklarco, LLC ("Sklarco") and other parties in various leases and associated wells, pipelines and infrastructure located primarily in the State of Alabama that are operated by Sklar Exploration Company, LLC ("SEC").

2.     Claimant is a party to various Participation Agreements, Joint Operating Agreements ("JOAs"), Declarations of Pooling, Unit Agreements, and other agreements governing the interests of Claimant, Sklarco, SEC, and other parties in which SEC is designated as the Operator and Claimant is designated as a Non-Operator.

3.     Each of the Participation Agreements designated a "Prospect" which is defined by attached legal descriptions and maps. The Participation Agreements attach and incorporate by reference various subsidiary agreements, including a form of Joint Operating Agreement.  The

Participation Agreements each provide that no amendments may be made absent the agreement of each of the parties.

4.      The primary contractual relationships between Claimant and the Debtors regarding the exploration for, drilling and operation of wells and associated infrastructure are governed by JOAs, typically utilizing the form promulgated by the American Association of Petroleum Landmen ("AAPL").

5.      Article VII.B of each JOA, and the attached Recording Memorandum, provide for a reciprocal lien and security interest in each party's oil and gas rights to secure their respective financial obligations to each other.  All of Claimant's claims under the JOAs are secured claims perfected by the filing of Recording Memorandums in the appropriate County Clerk or recorder of the counties identified in each JOA, as provided in Article VII.B:

B. Liens and Payment Defaults:

Each Non-Operator grants to Operator a lien upon its oil and gas rights in the Contract Area, and a security interest in its share of oil and/or gas when extracted and its interest in all equipment, to secure payment of its share of expense, together with interest thereon  at the rate provided in Exhibit "C". To the extent that Operator has a security interest under the Uniform Commercial Code of the state, Operator shall be entitled to exercise the rights and remedies of a secured party under the Code. The bringing of a suit and the obtaining of judgment by Operator for the secured indebtedness shall not be deemed an election of remedies or otherwise affect the lien rights or security interest as security for the payment thereof. In addition, upon default by any Non-Operator in the payment of its share of expense, Operator shall have the right, without prejudice to other rights or remedies, to collect from the purchaser the proceeds from the sale of such Non-Operator's share of oil and/or gas until the amount owed by such Non-Operator, plus interest, has been paid. Each purchaser shall be entitled to rely upon Operator's written statement concerning the amount of any default. Operator grants a like lien and security interest to the Non-Operators to secure payment of Operator's proportionate share of expense.
(underscoring supplied).

The Recording Memorandum attached as Exhibit G to the JOA, also contains an extensive grant of liens and security interests:

- 2 -

3. The parties hereby grant reciprocal liens and security interests as follows:

A. Each party grants to the other parties hereto a lien upon any interest it now owns or hereafter acquires in Oil and Gas Leases and Oil and Gas Interests in the Contract Area, and a security interest and/or purchase money security interest in any interest it now owns or hereafter acquires in the personal property and fixtures on or used or obtained for use in connection therewith, to secure performance of all of its obligations under this agreement and the Operating Agreement including but not limited to payment of expense, interest and fees, the proper disbursement of all monies paid under this agreement and the Operating Agreement, the assignment or relinquishment of interest in Oil and Gas Leases as required under this agreement and the Operating Agreement, and the proper performance of operations under this agreement and the Operating Agreement. Such lien and security interest granted by each party hereto shall include such party's leasehold interests, working interests, operating rights, and royalty and overriding royalty interests in the Contract Area now owned or hereafter acquired and in lands pooled or unitized therewith or otherwise becoming subject to this agreement and the Operating Agreement, the Oil and Gas when extracted therefrom and equipment situated thereon or used or obtained for use in connection therewith (including, without limitation, all wells, tools, and tubular goods), and accounts (including, without limitation, accounts arising from the sale of production at the wellhead), contract rights, inventory and general intangibles relating thereto or arising therefrom, and all proceeds and products of the foregoing.

6. Claimant's claims arise from breaches of JOAs, Unit Agreements and/or Participation Agreements by SEC and, in addition, SEC's breaches of its duty to operate the Prospects, wells and leases in a manner consistent with the standards of operations and conduct of a reasonable and prudent operator under the same or similar circumstances, gross negligence and willful misconduct. The claims are summarized as follows:

**A.    Cash call advances: $77.26**

Between approximately November of 2019 and March 30, 2020, Claimant paid SEC $77.26 in response to Cash Calls made to Claimant in connection with various Authorizations for Expenditures ("AFE's").

Article V.E of the JOA's in question provide as follows:

44  E. Custody of Funds: Operator shall hold for the account of Non-Operators any funds of Non-Operators advanced or paid to the
45  Operator, either for the conduct of operations hereunder or as a result of the sale of production from the Contract Area, and such funds shall remain the funds of the Non-Operators on whose account they are advance or paid until used for their intended purpose
46  or otherwise delivered to Non-Operators or applied toward the payment of debts, regardless of whether the debts arise out of the same well or operation for which the funds were advanced or from which the sales proceeds were derived. Nothing in this paragraph
47  shall be construed to establish a fiduciary relationship between Operator and Non-Operators. Nothing in this paragraph shall require the maintenance by Operator of separate accounts for the funds of Non-Operators.

This provision preserved the ownership of all funds advanced by Claimant and other Non-Operators to SEC as Operator, and required that the funds be used for their intended purpose.

- 3 -

Prior to the date the Petition was filed, Claimant and other Non-Operators advanced funds to SEC pursuant to JOAs that required SEC (a) to hold the funds for the account of such non-operators, and (b) to use the funds for the particular purposes for which they were advanced. SEC did neither. Instead, it spent the funds and admits it did not do so for the purposes stated in the cash call advances, facts which were concealed from Claimant and other Non-Operators until after this case was filed.

Claimant's claim based on cash call advances is a secured claim under Article VII.B of the applicable JOAs and Recording Memoranda.

Claimant further reserves its rights to assert recoupment of its cash call advances against future cash call advances and joint interest billings. *In re B&L Oil Co.*, 782 F.2d 155 (10th Cir. 1986); *Sacramento Mun. Util. Dist. v. Mirant Americas Energy Mktg., LP (In re Mirant Corp.),* 318 B.R. 377, 381 (Bankr. N.D. Tex. 2004) (a party asserting recoupment may even reduce the payable due the estate without regard to the automatic stay). Not only is recoupment (as opposed to setoff; *see* Bankruptcy Code § 362(a)(7)) exempt from the automatic stay, unlike the doctrine of setoff, recoupment allows reduction of a *prepetition* claim *against* the debtor by application of the claim to reduce a *post-petition* obligation *to* the debtor. *Id.* The recoupment doctrine applies to the reciprocal relationships between operators and non-operators. *Buttes, Resources, Co. v. Enstar Petroleum Co. (In re Buttes Resources Co.)*, 89 B.R. 613 (D. S.D. Tex. 1983). The court held that the recoupment doctrine applied and that the funds so recouped were not subject to a bank's lien on the debtor's receivables since the bank had no greater rights in the proceeds in question than did its borrower, who was subject to the recoupment remedy. *Id.* at 616.

**B.**    **Non-payment of working interest revenues:  $8,037.09**

As of the Petition Date, SEC held working interest revenues totaling approximately

$8,037.09 from the months of January and/or February 2020 belonging to Claimant in SEC's

Revenue Account at East West Bank.  Under the Article V.E of the JOAs in question, the funds

received by SEC from "the sale of production from the Contract Area…shall remain the funds of

the Non-Operators."  SEC spent the funds belonging to Claimant that were in the SEC Revenue

Account as of the Petition Date without Claimant's authorization and contrary to the terms of the

JOA.

Not only is this a breach of the JOA, SEC's admitted use of Claimant's funds in

connection with its post-Petition operations in the ordinary course of its business for "the actual,

necessary costs and expenses of preserving the estate..." gives rise to an administrative claim

under Section 503(b)(1)(A) of the Bankruptcy Code.

**C.**    **Liens filed by service companies and other unpaid vendors:  Unliquidated**

Both before and after the Petition Date, various parties who claim to have provided

goods, services or materials to SEC have filed and/or given notice of liens arising under

applicable State law as authorized by Section 546(b) of the Bankruptcy Code.

Article VII.C of the applicable JOA's provides that the "Operator shall promptly pay and

discharge expenses incurred in the development and operation of the Contract Area pursuant to

this Agreement…."  This is clearly an affirmative covenant of the Operator to pay debts

promptly arising from operations.  The Unit Agreements provide that "Unit Operator shall

endeavor to keep the lands and leases and Unit Equipment in the Unit Area free from all liens

and encumbrances occasioned by Unit Operations, except the lien of Unit Operator granted

hereunder."  *See* Section 7.3, Southwest Brooklyn Unit Agreement.

- 5 -

SEC's failure to pay expenses incurred in the development and operation of the Contract Areas in which Claimant owns working interests, has resulted in the assertion of statutory liens arising under applicable State law against Claimant's working interests and associated property interests.  As such, Claimant asserts an unliquidated claim against SEC arising from the assertion of debts and liens against Claimant and its property by such lien claimants.

**D.     Failure to pay severance and other taxes on production:  Unliquidated.**

As admitted by SEC in its Motion to Pay Pre-Petition Severance Taxes to State of Alabama (Doc. No. 530), SEC owes $413,808.06 in pre-Petition severance taxes arising from production of oil and gas from wells located in the State of Alabama.  Failure to pay such taxes is a breach of Article VII.F of the JOA, which requires SEC, as Operator, to pay "on behalf of all parties all production, severance, excise, gathering and other taxes imposed upon or with respect to the production or handling of such party's share of oil or gas production under the terms of this agreement."  Claimant asserts an unliquidated claim against SEC for any unpaid severance or other taxes attributable to production owned by Claimant and for any loss or damage caused by the imposition of any liens against Claimant's property as a result of such non-payment by SEC.

**E.     Failure to conduct operations as would a reasonable and prudent operator:  Unliquidated**

SEC's failure to use cash call advances for their proper and intended purposes has resulted in further loss and damage to Claimant and other Non-Operators due to the failure to conduct the operations contemplated by the AFEs submitted by SEC with the cash calls.

One such cash call was for the conducting of an "enhanced recovery" waterflood operation in the SE and SW Brooklyn Units, located in the Escambia Prospect in the State of Alabama.  SEC has not conducted the enhanced recovery waterflood operation in accordance

with the JOA or the standards applicable to a reasonable and prudent operator under the same or similar circumstances.  Claimant asserts that SEC's acts and omissions have damaged the reservoirs underlying Claimant's leases and have resulted in diminished production as a result. Claimant seeks recovery of its actual damages arising from such acts and omissions.

Claimant further asserts an unliquidated claim for damages arising from  SEC's failure to conduct the other operations set forth in the AFEs submitted to Claimant with SEC's cash call notices to the extent that Claimant's working interest and property rights have diminished in value as a result of the failure to conduct such operations.

7.     Claimant reserves the right to amend or supplement this proof of claim, including, without limitation, the right to: (i) add documents; (ii) assert additional rights, claims or defenses; or (iii) change priority and fix, increase or amend in any respect the amounts and claims referred to herein.  Claimant further reserves the right to file additional proofs of claim for additional claims, including, without limitation, claims for administrative expenses, claims for rejection damages and all other claims, at law or in equity, arising prior to, on, or after the Petition Date.  Claimant further reserves the right to amend or supplement this proof of claim if it deems it necessary and appropriate, for any reason, including to add costs or expenses that have been incurred but not yet billed or that are allowable under the Agreement, at law, equity or otherwise.  Claimant further reserves the right, without prejudice, to seek payment of the amounts asserted in this proof of claim as payment of administrative expenses in this bankruptcy case.  Finally, Claimant reserves any rights of recoupment and setoff, and, if appropriate, may exercise such rights without further order of the Bankruptcy Court and without amending this proof of claim.

8.      Claimant does not waive any rights or defenses at law or equity or any rights, defenses or causes of action that it has or may have against any person.  This proof of claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) an admission as to the jurisdiction of the Bankruptcy Court or a waiver to contest the jurisdiction of the Bankruptcy Court; (iv) a waiver of the right to trial by jury in the Bankruptcy Court or any other court in any proceeding, notwithstanding the designation or not of any matter as a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statue or the United States Constitution; (v) a waiver of any contractual right to arbitration; (vi) a release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after a de novo review by a United States District Court judge; (vii) Claimant reserves the right to withdraw the reference with respect to the subject matter of this proof of claim, any objection thereto or other proceeding which may be commenced in these cases against or otherwise involving Claimant; or (viii) a waiver or limitation of any rights, remedies, claims, defenses, or interests of Claimant.

9.      Claimant further asserts a claim for its reasonable and necessary attorneys' fees and expenses incurred as a result of the breaches of contract described herein to the extent recoverable under applicable law.

PROOF OF CLAIM FACT SHEET

Name of claimant: **TARA RUDMAN REVOCABLE TRUST**

1.      Amount of all cash call advances made to Sklar Exploration Company, LLC ("SEC") that were not used for their intended purpose:

**$77.26 of 6/30/2020, see attached Sklar statement.**  Please attach copies of the AFE's, Cash Calls, and latest Settlement Statement showing remaining cash advance balance in question. **See attached AFE and statement as of 6/30/2020.**

2.      Amount of all working interest revenues attributable to your interest that were not paid for the following months:

January 2020: **$4,702.88**

February 2020: **$3,334.21**

Please attach copies of any documents relevant to this claim. **Attached is a combined January and February check stub detail and suspense statement received from Sklar stating the amounts. This is attached as "Sklar Exploration Co – Suspense Master Listing by Owner...."**

3.      Dollar amount of mechanics liens and other mineral contractor liens against your working interests arising from SEC's non-payment: **$69,475.00** *filed by RAPAD Well Service Company, Inc. (See attachment)*

Please attach copies of any demand letters, lien affidavits and invoices respecting these lien claims.

**SEE ATTACHMENT.**

4.      Dollar amount of revenues, if any, you believe you should have received from the Abbyville Gas Plant or North Beach Gas Plant (if you are a participant in that applicable prospect):

5.      Dollar amount of cash call advances due from Sklarco, LLC ("Sklarco") relating to prospects in which you have an interest: (we can use the attached spreadsheet to calculate the amount). **Did not receive a spreadsheet but this amount is the same as the amount in item # 1, above.   YOUR SPREADSHEET TO CALCUATE THE AMOUNT WAS NOT ATTACHED.**

6.      Dollar amount and basis for any other claim you believe you may have against SEC or Sklarco. **Refer to the attached statement dated 6/30/2020 totaling $754.35. Attached as "most recent Sklar statement"**

| Debtor | **Sklar Exploration Company, LLC** | Case number (if known) | **20-12377-EEB** |
|---|---|---|---|

Name

---

**3.379** | Nonpriority creditor's name and mailing address
**T.M. McCoy & Co., Inc.**
P.O. Box 608
Wilson, WY 83014

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Is the claim subject to offset? ☐ No ☐ Yes

$83,877.20

---

**3.380** | Nonpriority creditor's name and mailing address
**T.W. McGuire & Associates, Inc.**
**Petroleum Engineers**
P.O. Box 1763
Shreveport, LA 71166

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Is the claim subject to offset? ■ No ☐ Yes

$9,530.00

---

**3.381** | Nonpriority creditor's name and mailing address
**Tara Rudman Revocable Trust**
**Tara Rudman, Trustee**
5910 North Central Expressway, Ste 1662
Dallas, TX 75206

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Cash Call Advance**

Is the claim subject to offset? ■ No ☐ Yes

$77.26

---

**3.382** | Nonpriority creditor's name and mailing address
**Tauber Exploration & Production Co**
55 Waugh Drive, Suite 600
Houston, TX 77007

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Cash Call Advance**

Is the claim subject to offset? ■ No ☐ Yes

$141,713.41

---

**3.383** | Nonpriority creditor's name and mailing address
**TCP Cottonwood, L.P.**
333 Texas Street, Suite 2020
Shreveport, LA 71101

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Cash Call Advance - $465,917.81**
**Working Interest Revenue - $193,803.34**

Is the claim subject to offset? ■ No ☐ Yes

$332,395.72

---

**3.384** | Nonpriority creditor's name and mailing address
**TCP Specialists, LLC**
P.O. Box 19574
Shreveport, LA 71149

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Is the claim subject to offset? ■ No ☐ Yes

$12,270.37

---

**3.385** | Nonpriority creditor's name and mailing address
**TCP Specialists, LLC**
P.O. Box 157
Gloster, LA 71030

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Debt**

Is the claim subject to offset? ■ No ☐ Yes

$46,757.31

---

*CHECK NO. 2323*

4/16/2019

Sklar Exploration Co., LLC

**4,333.85

Four Thousand Three Hundred Thirty-Three and 85/100*************************************************************

Sklar Exploration Co., LLC
401 Edwards Street, Ste 1601
Shreveport, LA 71101

Cash Calls RUDTO2

Sklar Exploration Co., LLC                                    4/16/2019

| | |
|---|---|
| Cash Call: 309  CCL&T 34-13 #1-Additional | 330.04 |
| Cash Call: 308-W  CCL&T 2-4 #1 (Pruet) | 151.29 |
| Cash Call: 30W-1  CCL&T 3-2 #1 (Sklar) | 124.99 |
| Cash Call: 30W-2  CCL&T 32-9 #1 (Pruet) | 124.99 |
| Cash Call: 30W-3  CCL&T 34-14 #1 | 124.99 |
| Cash Call: 30W-4  CCL&T 2-9 #1 | 381.13 |
| Cash Call: 30W-5  CCL&T 4-3 #1 | 384.03 |
| Cash Call: 30W-6  CCL&T 32-11 #1 (Pruet) | 402.16 |
| Cash Call: 308  Water Distribution Lines | 1,449.40 |
| Cash Call: 227-W2  CCL&T 9-8 #1 | 684.14 |
| Cash Call: 308-W7  CCL&T 35-15 #1 | 176.69 |

Tara Rudman Rev. Trt  Cash Calls RUDTO2                                    4,333.85

Sklar Exploration Co., LLC                                    4/16/2019

| | |
|---|---|
| Cash Call: 309  CCL&T 34-13 #1-Additional | 330.04 |
| Cash Call: 308-W  CCL&T 2-4 #1 (Pruet) | 151.29 |
| Cash Call: 30W-1  CCL&T 3-2 #1 (Sklar) | 124.99 |
| Cash Call: 30W-2  CCL&T 32-9 #1 (Pruet) | 124.99 |
| Cash Call: 30W-3  CCL&T 34-14 #1 | 124.99 |
| Cash Call: 30W-4  CCL&T 2-9 #1 | 381.13 |
| Cash Call: 30W-5  CCL&T 4-3 #1 | 384.03 |
| Cash Call: 30W-6  CCL&T 32-11 #1 (Pruet) | 402.16 |
| Cash Call: 308  Water Distribution Lines | 1,449.40 |
| Cash Call: 227-W2  CCL&T 9-8 #1 | 684.14 |
| Cash Call: 308-W7  CCL&T 35-15 #1 | 176.69 |

Tara Rudman Rev. Trt  Cash Calls RUDTO2                                    4,333.85

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA 71101
(303)541-1559
Fax: (318)227-9012

# *Cash Call*

Tara Rudman Revocable Trust
5910 North Central Expressway, Ste 1662
Dallas, TX 75206

Account: RUDT02

Date: 03/05/2019

### Cash Call

| | | | |
|---|---|---|---|
| **Cash Call#** | 308-W4 | **Property#** | 1BRO05 |
| **Description** | CCL&T 2-9 #1 | **Property Desc** | Southwest Brooklyn Oil Unit |
| | Southwest Brooklyn Oil Unit | **County/State** | CONECUH, AL |

To invoice you for your proportionate share of the estimated costs to convert to a water source well per the AFE dated January 25, 2019, for the CCL&T 2-9 #1, Southwest Brooklyn Unit, Escambia County, Alabama.

| Description | Workover |
|---|---|
| ***Intangible Completion Costs*** | |
| Engineering & Supervision Svcs | 9,600.00 |
| Transportation & Trucking | 1,200.00 |
| Logging & Wireline | 2,000.00 |
| Workover Rig | 33,000.00 |
| Perforation Services | 15,000.00 |
| Completion Fluids | 500.00 |
| Swabbing Unit | 15,000.00 |
| Miscellaneous | 3,800.00 |
| ***Total - Intangible Completion Costs*** | **80,100.00** |
| | |
| ***Tangible Completion Costs*** | |
| Sub-Surface Artificial Lift Eq | 130,000.00 |
| ***Total - Tangible Completion Costs*** | **130,000.00** |
| | |
| **TOTAL Workover** | **210,100.00** |

| | | Workover | | Running Total |
|---|---|---|---|---|
| **Summary by Owner** | | | | |
| Owner# | Owner Name | Decimal Interest | Amount | Amount |
| RUDT02 | Tara Rudman Revocable Trust | 0.00181402 | 381.13 | 381.13 |

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA  71101
(303)541-1559
Fax: (318)227-9012

# *Cash Call*

Tara Rudman Revocable Trust
5910 North Central Expressway, Ste 1662
Dallas, TX  75206

Account:  RUDT02

Date:  03/05/2019

### Cash Call

| | | | |
|---|---|---|---|
| Cash Call# | 308-W5 | Property# | 1BRO05 |
| Description | CCL&T 4-3 #1 | Property Desc | Southwest Brooklyn Oil Unit |
| | Southwest Brooklyn Oil Unit | County/State | CONECUH, AL |

To invoice you for your proportionate share of the estimated costs to convert to a water source well per the AFE dated January 24, 2019, for the CCL&T 4-3 #1, Southwest Brooklyn Unit, Escambia County, Alabama.

| Description | Workover |
|---|---|
| *Intangible Completion Costs* | |
| Engineering & Supervision Svcs | 9,600.00 |
| Transportation & Trucking | 1,200.00 |
| Logging & Wireline | 2,000.00 |
| Workover Rig | 33,000.00 |
| Perforation Services | 15,000.00 |
| Completion Fluids | 2,000.00 |
| Swabbing Unit | 15,000.00 |
| Miscellaneous | 3,900.00 |
| *Total - Intangible Completion Costs* | **81,700.00** |
| | |
| *Tangible Completion Costs* | |
| Sub-Surface Artificial Lift Eq | 130,000.00 |
| *Total - Tangible Completion Costs* | **130,000.00** |
| | |
| **TOTAL Workover** | **211,700.00** |

| Summary by Owner | | Workover | | Running Total |
|---|---|---|---|---|
| Owner# | Owner Name | Decimal Interest | Amount | Amount |
| RUDT02 | Tara Rudman Revocable Trust | 0.00181402 | 384.03 | 384.03 |

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA  71101
(318)227-8668

# *Settlement Statement*

Tara Rudman Revocable Trust
Tara Rudman, Trustee
5910 North Central Expressway, Ste 1662
Dallas, TX  75206

Account:  RUDT02

Date:  06/30/2020

**Prepaid Balance by Project:**

| Property# | AFE# | Description | Beginning Balance | Pre-Pmts Applied | Balance Remaining |
|---|---|---|---|---|---|
| 1BRO05 | 308-W4 | CCL&T 2-9 #1 | 19.68 | | 19.68 |
| 1BRO05 | 308-W5 | CCL&T 4-3 #1 | 57.58 | | 57.58 |
| | | **Prepaid Balance Totals:** | **77.26** | | **77.26** |

**Summary by LEASE:**

| Property# | Description | Expenses | Pre-Pmts Applied | You Owe |
|---|---|---|---|---|
| | Unpaid Previous Balance | | | 360.06 |
| 1BRO04 | Southeast Brooklyn Oil Unit | 93.29 | | 93.29 |
| 1BRO05 | Southwest Brooklyn Oil Unit | 405.19 | | 405.19 |
| 1CED75 | CCL&T 2-15 #1 | 29.25 | | 29.25 |
| 1ESC02 | Escambia Prospect Pipeline | (171.44) | | (171.44) |
| 1FIS01 | Fishpond Oil Unit | 38.00 | | 38.00 |
| | **Totals:** | **394.29** | | **754.35** |

**PLEASE PAY THIS AMOUNT ----------------------^**

**Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.**

07/21/2020  08:57 am
Company:00SEC

**Sklar Exploration Co., L.L.C.**
**Suspense Master Listing by Owner**
**Print Detail by Owner-Property-Distribution Line**
Owner RUDT02

Page    1

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | Gross$ | Taxes | Other | Net Amt | Susp |
|----------|-----|---------------|------|----------|--------|---------|----------|--------|-------|-------|---------|------|
| **RUDT02** | | **Tara Rudman Revocable Trust:Tara Rudman, Trustee** | | | | | (Susp code: 1 = $25.00  min) | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 12/2019 | RSU06355 | 112.00 | 0.00072381 W | 0.56 | 0.04- | 0.00 | 0.52 | L14 |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 01/2020 | RSU06355 | 81.34 | 0.00072381 W | 3.02 | 0.21- | 0.46- | 2.35 | L14 |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.39 | 0.00072381 W | 3.92 | 0.25- | 0.82- | 2.85 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 12/2019 | RSU06355 | 3,620.00 | 0.00072381 W | 6.04 | 0.36- | 0.00 | 5.68 | L14 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 01/2020 | RSU06355 | 5,195.00 | 0.00072381 W | 7.46 | 0.44- | 0.00 | 7.02 | L14 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00072381 W | 5.40 | 0.33- | 0.00 | 5.07 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 01/2020 | RSU06355 | 19,417.82 | 0.00072381 W | 835.75 | 64.28- | 32.32- | 739.15 | L14 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 01/2020 | RSU06355 | 1,892.92 | 0.00072381 W | 78.59 | 6.28- | 0.00 | 72.31 | L14 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00072381 W | 707.96 | 54.14- | 31.16- | 622.66 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.00072381 W | 49.15 | 3.93- | 0.00 | 45.22 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 12/2019 | RSU06355 | 35,156.00 | 0.00072381 W | 4.33 | 0.26- | 0.00 | 4.07 | L14 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 01/2020 | RSU06355 | 28,867.00 | 0.00072381 W | 1.56 | 0.09- | 0.00 | 1.47 | L14 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.00072381 W | 1.00 | 0.06- | 0.00 | 0.94 | L15 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 12/2019 | RSU06355 | 18.33 | 0.00138206 W | 0.18 | 0.02- | 0.00 | 0.16 | L14 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 01/2020 | RSU06355 | 932.91 | 0.00138206 W | 68.94 | 4.68- | 10.51- | 53.75 | L14 |
| 1BRO05 | CND | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 979.02 | 0.00138206 W | 44.59 | 2.82- | 9.35- | 32.42 | L15 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 12/2019 | RSU06355 | 214.00 | 0.00138206 W | 0.68 | 0.05- | 0.00 | 0.63 | L14 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 01/2020 | RSU06355 | 79,454.00 | 0.00138206 W | 217.94 | 17.43- | 0.00 | 200.51 | L14 |
| 1BRO05 | GAS | Southwest Brooklyn Oil | | 02/2020 | SEAD0320 | 107,956.00 | 0.00138206 W | 146.05 | 11.68- | 0.00 | 134.37 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 01/2020 | RSU06355 | 23,369.56 | 0.00138206 W | 1,920.56 | 147.70- | 74.29- | 1,698.57 | L14 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 01/2020 | RSU06355 | 3,064.34 | 0.00138206 W | 242.94 | 19.44- | 0.00 | 223.50 | L14 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | GOOD0320 | 23,234.75 | 0.00138206 W | 1,678.21 | 128.35- | 73.85- | 1,476.01 | L15 |
| 1BRO05 | OIL | Southwest Brooklyn Oil | | 02/2020 | PLAM0320 | 2,076.21 | 0.00138206 W | 143.94 | 11.52- | 0.00 | 132.42 | L15 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 12/2019 | RSU06355 | 9,038.00 | 0.00138206 W | 1.35 | 0.11- | 0.00 | 1.24 | L14 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 01/2020 | RSU06355 | 417,725.00 | 0.00138206 W | 19.36 | 1.55- | 0.00 | 17.81 | L14 |
| 1BRO05 | PRG | Southwest Brooklyn Oil | | 02/2020 | PGS0320 | 314,673.00 | 0.00138206 W | 31.32 | 0.00 | 0.00 | 31.32 | L15 |
| 1CED75 | CND | CCL&T 2-15 #1 | | 01/2020 | RSU06355 | 1.24 | 0.00175781 W | 0.11 | 0.00 | 0.02- | 0.09 | L14 |
| 1CED75 | OIL | CCL&T 2-15 #1 | | 01/2020 | RSU06355 | 96.00 | 0.00175781 W | 0.33 | 0.02- | 0.00 | 0.31 | L14 |
| 1CED75 | OIL | CCL&T 2-15 #1 | | 01/2020 | RSU06355 | 565.79 | 0.00175781 W | 59.14 | 3.41- | 2.29- | 53.44 | L14 |
| 1CED75 | OIL | CCL&T 2-15 #1 | | 02/2020 | GOOD0320 | 746.11 | 0.00175781 W | 68.54 | 3.93- | 3.02- | 61.59 | L15 |
| 1CED75 | PRG | CCL&T 2-15 #1 | | 01/2020 | RSU06355 | 722.00 | 0.00175781 W | 0.07 | 0.01- | 0.00 | 0.06 | L14 |
| 1FIS01 | CND | Fishpond Oil Unit | | 01/2020 | RSU06355 | 350.56 | 0.00164062 W | 29.49 | 1.50- | 4.50- | 23.49 | L14 |
| 1FIS01 | CND | Fishpond Oil Unit | | 02/2020 | PGS0320 | 161.88 | 0.00164062 W | 8.75 | 0.41- | 1.84- | 6.50 | L15 |
| 1FIS01 | GAS | Fishpond Oil Unit | | 01/2020 | RSU06355 | 19,822.00 | 0.00164062 W | 64.54 | 5.16- | 0.00 | 59.38 | L14 |
| 1FIS01 | GAS | Fishpond Oil Unit | | 02/2020 | SEAD0320 | 25,486.00 | 0.00164062 W | 36.65 | 2.93- | 0.00 | 33.72 | L15 |
| 1FIS01 | OIL | Fishpond Oil Unit | | 01/2020 | RSU06355 | 12,089.94 | 0.00164062 W | 1,179.46 | 68.03- | 45.62- | 1,065.81 | L14 |
| 1FIS01 | OIL | Fishpond Oil Unit | | 01/2020 | RSU06355 | 2,298.83 | 0.00164062 W | 216.34 | 17.30- | 0.00 | 199.04 | L14 |
| 1FIS01 | OIL | Fishpond Oil Unit | | 02/2020 | GOOD0320 | 10,566.70 | 0.00164062 W | 914.58 | 52.46- | 40.25- | 821.87 | L15 |
| 1FIS01 | OIL | Fishpond Oil Unit | | 02/2020 | PLAM0320 | 1,877.72 | 0.00164062 W | 154.53 | 12.36- | 0.00 | 142.17 | L15 |
| 1FIS01 | PRG | Fishpond Oil Unit | | 01/2020 | RSU06355 | 108,270.00 | 0.00164062 W | 14.18 | 1.13- | 0.00 | 13.05 | L14 |
| 1FIS01 | PRG | Fishpond Oil Unit | | 02/2020 | PGS0320 | 70,021.00 | 0.00164062 W | 10.11- | 0.00 | 0.00 | 10.11- | L15 |
| 2AND04 | OIL | Anderson-Johnson 11-9 | | 12/2019 | RSU06355 | 4,175.84 | 0.00009338 W | 23.22 | 1.85- | 0.00 | 21.37 | L14 |
| 2AND04 | OIL | Anderson-Johnson 11-9 | | 01/2020 | FLEP0320 | 4,218.18 | 0.00009338 W | 22.54 | 1.81- | 0.00 | 20.73 | L15 |
| 2FIN02 | OIL | Findley 2-5 #1 | | 12/2019 | RSU06355 | 1,870.91 | 0.00009129 W | 10.17 | 0.81- | 0.00 | 9.36 | L14 |
| 2FIN02 | OIL | Findley 2-5 #1 | | 01/2020 | FLEP0320 | 2,207.45 | 0.00009129 W | 11.53 | 0.92- | 0.00 | 10.61 | L15 |
| 2MAR07 | OIL | Marshall 11-11 #1 | | 12/2019 | RSU06355 | 2,348.94 | 0.00021973 W | 30.74 | 2.46- | 0.00 | 28.28 | L14 |
| 2MAR07 | OIL | Marshall 11-11 #1 | | 01/2020 | FLEP0320 | 2,329.99 | 0.00021973 W | 29.29 | 2.34- | 0.00 | 26.95 | L15 |
| | RUDT02 | OWNER TOTAL: | | | | | 47 | 9,022.25 | 654.86- | 330.30- | 8,037.09 | |

| Grand Total | | | | | | 1,403,142.05 | 47 | 9,022.25 | 654.86- | 330.30- | 8,037.09 | |

Total by Owner Balance Being Negative/Positive:

| | | | | | |
|---|---|---|---|---|---|
| Total Owner Positive Balance | 1 | | | | 8,037.09 |
| Total Owner Negative Balance | 0 | | | | 0.00 |



# RAPAD ▲
## WELL SERVICE COMPANY, INC.

P.O. Box 4240 • Laurel, Mississippi 39441
(601) 649-0760 Phone   (601) 649-9431 (Fax)

June 5, 2020

TARA RUDMAN REVOCABLE TRUST
5910 NORTH CENTRAL EXPY
SUITE 1662
DALLAS
TX, 75206 214-447-0214

**Re:**   *Notice of Intent to Claim Lien*

To Whom It May Concern:

Please take notice that RAPAD Well Service Company Inc. ("RAPAD") furnished materials and services to Sklar Exploration Company, LLC related to the improvements on the real property described in Exhibit "A" located in Conecuh County, Alabama for which RAPAD intends to claim a lien pursuant to §35-11-210 of the Code of Alabama. The lien is claimed on the above-described property in the sum of $69,475.00 plus interest and attorneys' fees, if applicable, for the furnishing of services and materials. This letter and RAPAD's claiming of a lien is solely to perfect RAPAD's lien and is not a demand or request for payment from you.

Sincerely,

*Donald E Wilson*

Donald E. Wilson
RAPAD Well Service Company Inc.

EXHIBIT "A"

Description of real property located in Conecuh and Escambia Counties, Alabama:

Work performed on the following wells, all in the Southwest Brooklyn Unit

Wells:

| Wells | Invoice Date | Interest From |
|---|---|---|
| Cedar Creek Land & Timber 32-9 #1 | January 20, 2019 | February 21, 2020 |
| Cedar Creek Land & Timber 34-14 #1 | February 5, 2020 | March 7, 2020 |
| Cedar Creek Land & Timber 3-2 #1 | February 16, 2020 | March 17, 2020 |

The Unit Area for the Southwest Brooklyn Oil Unit consists of the Northwest Quarter, the West Half of the Southwest Quarter, and the West Half of the Northeast Quarter of the Southwest Quarter of Section 1, all of Section 2, the North Half and the North Half of the South Half of Section 3, the North Half and the North Half of the Southeast Quarter of Section 4, and the North Half of the North Half and the North Half of the South Half of the North Half of Section 5, Township 3 North, Range 12 East, all in Escambia County, Alabama, in the Brooklyn Field; the South Half of Section 32, the South Half and the South Half of the Northwest Quarter of Section 33, the South Half and the Northeast Quarter of Section 34, and the South Half and the Northwest Quarter of Section 35, Township 4 North, Range 12 East, all in Conecuh County, Alabama, in the Brooklyn Field, containing approximately 3,700 acres, more or less.

| United States Bankruptcy Court for the District of Colorado | |
|---|---|
| **Name of Debtor:** Sklar Exploration Company, LLC | **For Court Use Only** |
| **Case Number:** 20-12377 | Claim Number: 0000010116 |
| | File Date: 09/25/2020 09:32:05 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

## Part 1:  Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): The Estate of Wolfe E. Rudman

Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**
Name: The Estate of Wolfe E. Rudman
Address: 8150 N. Central Expressway, 10th Floor
City: Dallas
State: TX  ZIP Code 75206
Country (if International): _____
Phone: 214.983.3090
Email: _____

**Where should payments to the creditor be sent?** (if different)
Name: The Estate of Wolfe E. Rudman
Address: 5910 North Central Expressway Ste 1662
City: Dallas
State: TX  ZIP Code 75206
Country (if International): _____
Phone: _____
Email: _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes.
Claim number on court claims register (if known) _____
Filed on _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.
Who made the earlier filing? _____

Page 1 of 3

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

___ ___ ___ ___

**7. How much is the claim?**

$ ___undetermined___

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis
_____

WI Revenue and Cash Call Advances

---

**9. Is all or part of the claim secured?**

☐ No

☒ Yes.   The claim is secured by a lien on property.

Nature of property:

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:
_____

**Basis for perfection:**
             JOA Recording Memorandums
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed)   _____%

              ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.
* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:** **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Terrell Fenner*                                    09/25/2020 09:32:05
_____    _____
Signature                                          Date

**Provide the name and contact information of the person completing and signing this claim:**

Name       Terrell Fenner
_____

Address    8150 N. Central Expressway, 10th Floor
_____

_____

_____

City       Dallas
_____

State      TX                                    Zip    75206
_____

Country (in international) _____

Phone      214.983.3090
_____

Email      tfenner@chmslaw.com
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT COLORADO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **SKLAR EXPLORATION COMPANY, LLC** | ) | Case No. 20-12377-EEB |
| **and SKLARCO, LLC** | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| **SKLARCO, LLC** | ) | Case No. 20-12380-EEB |
| | ) | |
| | ) | Chapter 11 |
| | ) | |

_____

**SUMMARY OF PROOF OF CLAIM OF THE ESTATE OF WOLFE E. RUDMAN**

1.      The Estate of Wolfe E. Rudman ("Claimant") is a non-operating co-working interest owner with Sklarco, LLC ("Sklarco") and other parties in various leases and associated wells, pipelines and infrastructure located primarily in the State of Alabama that are operated by Sklar Exploration Company, LLC ("SEC").

2.      Claimant is a party to various Participation Agreements, Joint Operating Agreements ("JOAs"), Declarations of Pooling, Unit Agreements, and other agreements governing the interests of Claimant, Sklarco, SEC, and other parties in which SEC is designated as the Operator and Claimant is designated as a Non-Operator.

3.      Each of the Participation Agreements designated a "Prospect" which is defined by attached legal descriptions and maps. The Participation Agreements attach and incorporate by reference various subsidiary agreements, including a form of Joint Operating Agreement.  The

Participation Agreements each provide that no amendments may be made absent the agreement of each of the parties.

    4.    The primary contractual relationships between Claimant and the Debtors regarding the exploration for, drilling and operation of wells and associated infrastructure are governed by JOAs, typically utilizing the form promulgated by the American Association of Petroleum Landmen ("AAPL").

    5.    Article VII.B of each JOA, and the attached Recording Memorandum, provide for a reciprocal lien and security interest in each party's oil and gas rights to secure their respective financial obligations to each other.  All of Claimant's claims under the JOAs are secured claims perfected by the filing of Recording Memorandums in the appropriate County Clerk or recorder of the counties identified in each JOA, as provided in Article VII.B:

B. Liens and Payment Defaults:

Each Non-Operator grants to Operator a lien upon its oil and gas rights in the Contract Area, and a security interest in its share of oil and/or gas when extracted and its interest in all equipment, to secure payment of its share of expense, together with interest thereon  at the rate provided in Exhibit "C". To the extent that Operator has a security interest under the Uniform Commercial Code of the state, Operator shall be entitled to exercise the rights and remedies of a secured party under the Code. The bringing of a suit and the obtaining of judgment by Operator for the secured indebtedness shall not be deemed an election of remedies or otherwise affect the lien rights or security interest as security for the payment thereof. In addition, upon default by any Non-Operator in the payment of its share of expense, Operator shall have the right, without prejudice to other rights or remedies, to collect from the purchaser the proceeds from the sale of such Non-Operator's share of oil and/or gas until the amount owed by such Non-Operator, plus interest, has been paid. Each purchaser shall be entitled to rely upon Operator's written statement concerning the amount of any default. <u>Operator grants a like lien and security interest to the Non-Operators to secure payment of Operator's proportionate share of expense.</u>
(underscoring supplied).

    The Recording Memorandum attached as Exhibit G to the JOA, also contains an extensive grant of liens and security interests:

- 2 -

3. The parties hereby grant reciprocal liens and security interests as follows:

A. Each party grants to the other parties hereto a lien upon any interest it now owns or hereafter acquires in Oil and Gas Leases and Oil and Gas Interests in the Contract Area, and a security interest and/or purchase money security interest in any interest it now owns or hereafter acquires in the personal property and fixtures on or used or obtained for use in connection therewith, to secure performance of all of its obligations under this agreement and the Operating Agreement including but not limited to payment of expense, interest and fees, the proper disbursement of all monies paid under this agreement and the Operating Agreement, the assignment or relinquishment of interest in Oil and Gas Leases as required under this agreement and the Operating Agreement, and the proper performance of operations under this agreement and the Operating Agreement. Such lien and security interest granted by each party hereto shall include such party's leasehold interests, working interests, operating rights, and royalty and overriding royalty interests in the Contract Area now owned or hereafter acquired and in lands pooled or unitized therewith or otherwise becoming subject to this agreement and the Operating Agreement, the Oil and Gas when extracted therefrom and equipment situated thereon or used or obtained for use in connection therewith (including, without limitation, all wells, tools, and tubular goods), and accounts (including, without limitation, accounts arising from the sale of production at the wellhead), contract rights, inventory and general intangibles relating thereto or arising therefrom, and all proceeds and products of the foregoing.

6. Claimant's claims arise from breaches of JOAs, Unit Agreements and/or Participation Agreements by SEC and, in addition, SEC's breaches of its duty to operate the Prospects, wells and leases in a manner consistent with the standards of operations and conduct of a reasonable and prudent operator under the same or similar circumstances, gross negligence and willful misconduct.  The claims are summarized as follows:

## A. Cash call advances: $110.31

Between approximately November of 2019 and March 30, 2020, Claimant paid SEC various Cash Calls made to Claimant in connection with various Authorizations for Expenditures ("AFEs") and there remains a balance due of $110.31 to Claimant.

Article V.E of the JOAs in question provide as follows:

44  E. Custody of Funds: Operator shall hold for the account of Non-Operators any funds of Non-Operators advanced or paid to the
45  Operator, either for the conduct of operations hereunder or as a result of the sale of production from the Contract Area, and such
    funds shall remain the funds of the Non-Operators on whose account they are advance or paid until used for their intended purpose
46  or otherwise delivered to Non-Operators or applied toward the payment of debts, regardless of whether the debts arise out of the
    same well or operation for which the funds were advanced or from which the sales proceeds were derived. Nothing in this paragraph
47  shall be construed to establish a fiduciary relationship between Operator and Non-Operators.  Nothing in this paragraph shall
    require the maintenance by Operator of separate accounts for the funds of Non-Operators.

This provision preserved the ownership of all funds advanced by Claimant and other Non-Operators to SEC as Operator, and required that the funds be used for their intended purpose.

- 3 -

Prior to the date the Petition was filed, Claimant and other Non-Operators advanced funds to SEC pursuant to JOAs that required SEC (a) to hold the funds for the account of such non-operators, and (b) to use the funds for the particular purposes for which they were advanced. SEC did neither. Instead, it spent the funds and admits it did not do so for the purposes stated in the cash call advances, facts which were concealed from Claimant and other Non-Operators until after this case was filed.

Claimant's claim based on cash call advances is a secured claim under Article VII.B of the applicable JOAs and Recording Memoranda.

Claimant further reserves its rights to assert recoupment of its cash call advances against future cash call advances and joint interest billings. *In re B&L Oil Co.*, 782 F.2d 155 (10th Cir. 1986); *Sacramento Mun. Util. Dist. v. Mirant Americas Energy Mktg., LP (In re Mirant Corp.),* 318 B.R. 377, 381 (Bankr. N.D. Tex. 2004) (a party asserting recoupment may even reduce the payable due the estate without regard to the automatic stay). Not only is recoupment (as opposed to setoff; *see* Bankruptcy Code § 362(a)(7)) exempt from the automatic stay, unlike the doctrine of setoff, recoupment allows reduction of a *prepetition* claim *against* the debtor by application of the claim to reduce a *post-petition* obligation *to* the debtor. *Id.* The recoupment doctrine applies to the reciprocal relationships between operators and non-operators. *Buttes, Resources, Co. v. Enstar Petroleum Co. (In re Buttes Resources Co.)*, 89 B.R. 613 (D. S.D. Tex. 1983). The court held that the recoupment doctrine applied and that the funds so recouped were not subject to a bank's lien on the debtor's receivables since the bank had no greater rights in the proceeds in question than did its borrower, who was subject to the recoupment remedy. *Id.* at 616.

- 4 -

**B.      Non-payment of working interest revenues:  $76.73**

As of the Petition Date, SEC held working interest revenues totaling approximately $76.73 from the months of January to April 2020 belonging to Claimant in SEC's Revenue Account at East West Bank.  Under the Article V.E of the JOAs in question, the funds received by SEC from "the sale of production from the Contract Area…shall remain the funds of the Non-Operators."  SEC spent the funds belonging to Claimant that were in the SEC Revenue Account as of the Petition Date without Claimant's authorization and contrary to the terms of the JOA.

Not only is this a breach of the JOA, SEC's admitted use of Claimant's funds in connection with its post-Petition operations in the ordinary course of its business for "the actual, necessary costs and expenses of preserving the estate..." gives rise to an administrative claim under Section 503(b)(1)(A) of the Bankruptcy Code.

**C.      Failure to pay severance and other taxes on production:  Unliquidated.**

As admitted by SEC in its Motion to Pay Pre-Petition Severance Taxes to State of Alabama (Doc. No. 530), SEC owes $413,808.06 in pre-Petition severance taxes arising from production of oil and gas from wells located in the State of Alabama.  Failure to pay such taxes is a breach of Article VII.F of the JOA, which requires SEC, as Operator, to pay "on behalf of all parties all production, severance, excise, gathering and other taxes imposed upon or with respect to the production or handling of such party's share of oil or gas production under the terms of this agreement."   Claimant asserts an unliquidated claim against SEC for any unpaid severance or other taxes attributable to production owned by Claimant and for any loss or damage caused by the imposition of any liens against Claimant's property as a result of such non-payment by SEC.

**D.      Failure to conduct operations as would a reasonable and prudent operator: Unliquidated**

- 5 -

SEC's failure to use cash call advances for their proper and intended purposes has resulted in further loss and damage to Claimant and other Non-Operators due to the failure to conduct the operations contemplated by the AFEs submitted by SEC with the cash calls.

One such cash call was for the conducting of an "enhanced recovery" waterflood operation in the SE and SW Brooklyn Units, located in the Escambia Prospect in the State of Alabama.  SEC has not conducted the enhanced recovery waterflood operation in accordance with the JOA or the standards applicable to a reasonable and prudent operator under the same or similar circumstances.  Claimant asserts that SEC's acts and omissions have damaged the reservoirs underlying Claimant's leases and have resulted in diminished production as a result. Claimant seeks recovery of its actual damages arising from such acts and omissions.

Claimant further asserts an unliquidated claim for damages arising from  SEC's failure to conduct the other operations set forth in the AFEs submitted to Claimant with SEC's cash call notices to the extent that Claimant's working interest and property rights have diminished in value as a result of the failure to conduct such operations.

7.     Claimant reserves the right to amend or supplement this proof of claim, including, without limitation, the right to: (i) add documents; (ii) assert additional rights, claims or defenses; or (iii) change priority and fix, increase or amend in any respect the amounts and claims referred to herein.  Claimant further reserves the right to file additional proofs of claim for additional claims, including, without limitation, claims for administrative expenses, claims for rejection damages and all other claims, at law or in equity, arising prior to, on, or after the Petition Date.  Claimant further reserves the right to amend or supplement this proof of claim if it deems it necessary and appropriate, for any reason, including to add costs or expenses that have been incurred but not yet billed or that are allowable under the Agreement, at law, equity or

otherwise.  Claimant further reserves the right, without prejudice, to seek payment of the amounts asserted in this proof of claim as payment of administrative expenses in this bankruptcy case.  Finally, Claimant reserves any rights of recoupment and setoff, and, if appropriate, may exercise such rights without further order of the Bankruptcy Court and without amending this proof of claim.

8.     Claimant does not waive any rights or defenses at law or equity or any rights, defenses or causes of action that it has or may have against any person.  This proof of claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) an admission as to the jurisdiction of the Bankruptcy Court or a waiver to contest the jurisdiction of the Bankruptcy Court; (iv) a waiver of the right to trial by jury in the Bankruptcy Court or any other court in any proceeding, notwithstanding the designation or not of any matter as a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statue or the United States Constitution; (v) a waiver of any contractual right to arbitration; (vi) a release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after a de novo review by a United States District Court judge; (vii) Claimant reserves the right to withdraw the reference with respect to the subject matter of this proof of claim, any objection thereto or other proceeding which may be commenced in these cases against or otherwise involving Claimant; or (viii) a waiver or limitation of any rights, remedies, claims, defenses, or interests of Claimant.

9.     Claimant further asserts a claim for its reasonable and necessary attorneys' fees and expenses incurred as a result of the breaches of contract described herein to the extent recoverable under applicable law.

- 7 -

PROOF OF CLAIM FACT SHEET

Name of claimant: **ESTATE of WOLFE E. RUDMAN**

1.      Amount of all cash call advances made to Sklar Exploration Company, LLC ("SEC") that were not used for their intended purpose:

**$00.00 of 6/30/2020, see attached Sklar statement.**  Please attach copies of the AFE's, Cash Calls, and latest Settlement Statement showing remaining cash advance balance in question. **See attached AFE and statement as of 6/30/2020.**


2.      Amount of all working interest revenues attributable to your interest that were not paid for the following months:

January 2020: **$30.31**

February 2020: **$24.64**

March 2020: **$15.23**

April 2020: **$6.55**


Please attach copies of any documents relevant to this claim. **Attached is a combined January and February check stub detail and suspense statement received from Sklar stating the amounts. This is attached as "Sklar Exploration Co – Suspense Master Listing by Owner…."**


3.      Dollar amount of mechanics liens and other mineral contractor liens against your working interests arising from SEC's non-payment: **N/A**


Please attach copies of any demand letters, lien affidavits and invoices respecting these lien claims.


4.      Dollar amount of revenues, if any, you believe you should have received from the Abbyville Gas Plant or North Beach Gas Plant (if you are a participant in that applicable prospect):


5.      Dollar amount of cash call advances due from Sklarco, LLC ("Sklarco") relating to prospects in which you have an interest: (we can use the attached spreadsheet to calculate the amount). **Did not receive a spreadsheet but this amount is the same as the amount in item # 1, above.   YOUR SPREADSHEET TO CALCUATE THE AMOUNT WAS NOT ATTACHED.**


6.      Dollar amount and basis for any other claim you believe you may have against SEC or Sklarco. **Refer to the attached statement dated 6/30/2020 totaling ($110.31). Attached as "most recent Sklar statement"**

**Sklar Exploration Co., L.L.C.**
401 Edwards Street, Suite 1601
Shreveport, LA  71101
(318)227-8668

# *Settlement Statement*

Estate of Wolfe E. Rudman
c/o R. Hiram Lucius
5910 North Central Expressway
Ste 1662
Dallas, TX  75206

Account:  RUDW01

Date:  06/30/2020

**Summary by LEASE:**

| Property# | Description | Expenses | You Owe |
|---|---|---|---|
| | Unpaid Previous Balance | | (113.68) |
| 1BRO04 | Southeast Brooklyn Oil Unit | 3.37 | 3.37 |
| | **Totals:** | **3.37** | **(110.31)** |

**Credit Balance Do Not Pay -----------------------^**

**Please visit www.sklarexploration.com for Direct Deposit and Change of Address forms.**

07/21/2020  08:57 am
Company:00SEC

Sklar Exploration Co., L.L.C.
Suspense Master Listing by Owner
Print Detail by Owner-Property-Distribution Line

Owner RUDW01

Page    1

| Property | Prd | Property Name | Deck | Run Date | Refer# | BBL/MCF | Revenue% | Gross$ | Taxes | Other | Net Amt | Susp |
|----------|-----|---------------|------|----------|--------|---------|----------|--------|-------|-------|---------|------|
| **RUDW01** | | **Estate of Wolfe E. Rudman:c/o R. Hiram Lucius** | | | | | (Pay code: 2 = $50.00  min) | | | | | |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 12/2019 | PRUE0220 | 112.00 | 0.00002608 W | 0.02 | 0.00 | 0.00 | 0.02 | L14 |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 01/2020 | PGS0220 | 81.34 | 0.00002608 W | 0.11 | 0.01- | 0.02- | 0.08 | L14 |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 01/2020 | PRUE0320 | 114.62 | 0.00002608 W | 0.02 | 0.00 | 0.00 | 0.02 | PAY |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 164.39 | 0.00002608 W | 0.14 | 0.01- | 0.03- | 0.10 | L15 |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 02/2020 | PRUP0420 | 153.83 | 0.00002608 W | 0.02 | 0.00 | 0.00 | 0.02 | PAY |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 03/2020 | CONC0420 | 273.57 | 0.00002608 W | 0.16 | 0.02- | 0.00 | 0.14 | PAY |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 03/2020 | PRU0520 | 107.52 | 0.00002608 W | 0.00 | 0.00 | 0.00 | 0.00 | PAY |
| 1BRO04 | CND | Southeast Brooklyn Oil | | 04/2020 | CONC0520 | 305.29 | 0.00002608 W | 0.05 | 0.01- | 0.00 | 0.04 | PAY |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 12/2019 | PRUE0220 | 3,620.00 | 0.00002608 W | 0.22 | 0.02- | 0.00 | 0.20 | L14 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 01/2020 | SEGD0220 | 5,195.00 | 0.00002608 W | 0.27 | 0.02- | 0.00 | 0.25 | L14 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 01/2020 | PRUE0320 | 7,372.00 | 0.00002608 W | 0.18 | 0.00 | 0.00 | 0.18 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | SEAD0320 | 7,049.00 | 0.00002608 W | 0.19 | 0.01- | 0.00 | 0.18 | L15 |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 02/2020 | PRUP0420 | 7,832.00 | 0.00002608 W | 0.15 | 0.01- | 0.00 | 0.14 | PAY |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 03/2020 | SEAD0420 | 10,315.95 | 0.00002608 W | 0.35 | 0.02- | 0.00 | 0.33 | PAY |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 03/2020 | PRU0520 | 3,324.00 | 0.00002608 W | 0.15 | 0.01- | 0.00 | 0.14 | PAY |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 03/2020 | PRU0520 | 7,925.00 | 0.00002608 W | 0.00 | 0.00 | 0.10- | 0.10- | PAY |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 03/2020 | SEAG03CR | 10,315.95- | 0.00002608 W | 0.35- | 0.00 | 0.00 | 0.35- | PAY |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 03/2020 | SEAG03CR | 8,151.37 | 0.00002608 W | 0.35 | 0.00 | 0.00 | 0.35 | PAY |
| 1BRO04 | GAS | Southeast Brooklyn Oil | | 04/2020 | SEAG0520 | 10,304.10 | 0.00002608 W | 0.40 | 0.03- | 0.00 | 0.37 | PAY |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 01/2020 | GOOD0220 | 19,417.82 | 0.00002608 W | 30.11 | 2.31- | 1.17- | 26.63 | L14 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 01/2020 | PLAN0220 | 1,892.92 | 0.00002608 W | 2.83 | 0.22- | 0.00 | 2.61 | L14 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | GOOD0320 | 18,715.59 | 0.00002608 W | 25.51 | 1.95- | 1.12- | 22.44 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 02/2020 | PLAM0320 | 1,353.79 | 0.00002608 W | 1.77 | 0.14- | 0.00 | 1.63 | L15 |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 03/2020 | GOOD0420 | 20,609.97 | 0.00002608 W | 16.91 | 1.26- | 1.23- | 14.42 | PAY |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 03/2020 | PLAM0420 | 907.50 | 0.00002608 W | 0.69 | 0.05- | 0.00 | 0.64 | PAY |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 04/2020 | GOOD0520 | 20,471.68 | 0.00002608 W | 8.32 | 0.57- | 1.23- | 6.52 | PAY |
| 1BRO04 | OIL | Southeast Brooklyn Oil | | 04/2020 | PLAM0520 | 520.72 | 0.00002608 W | 0.18 | 0.01- | 0.00 | 0.17 | PAY |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 12/2019 | PRUE0220 | 35,156.00 | 0.00002608 W | 0.16 | 0.01- | 0.00 | 0.15 | L14 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 01/2020 | PGS0220 | 28,867.00 | 0.00002608 W | 0.06 | 0.01- | 0.00 | 0.05 | L14 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 01/2020 | PRUE0320 | 34,695.00 | 0.00002608 W | 0.13 | 0.01- | 0.00 | 0.12 | PAY |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PGS0320 | 28,515.00 | 0.00002608 W | 0.04 | 0.01- | 0.00 | 0.03 | L15 |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 02/2020 | PRUP0420 | 34,219.00 | 0.00002608 W | 0.10 | 0.00 | 0.00 | 0.10 | PAY |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 03/2020 | CONC0420 | 65,570.13 | 0.00002608 W | 0.35- | 0.00 | 0.00 | 0.35- | PAY |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 03/2020 | PRU0520 | 27,455.00 | 0.00002608 W | 0.01 | 0.00 | 0.00 | 0.01 | PAY |
| 1BRO04 | PRG | Southeast Brooklyn Oil | | 04/2020 | CONC0520 | 58,073.27 | 0.00002608 W | 0.55- | 0.00 | 0.00 | 0.55- | PAY |
| | RUDW01 | OWNER TOTAL: | | | | | 35 | 88.35 | 6.72- | 4.90- | 76.73 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Grand Total | | | | | | 458,525.42 | 35 | 88.35 | 6.72- | 4.90- | 76.73 | |

Total by Owner Balance Being Negative/Positive:

| | | | | |
|---|---|---|---|---|
| Total Owner Positive Balance | 1 | | 76.73 | |
| Total Owner Negative Balance | 0 | | 0.00 | |

| United States Bankruptcy Court for the District of Colorado | | For Court Use Only | |
|---|---|---|---|
| **Name of Debtor:** | Sklar Exploration Company, LLC | Claim Number: | 0000010135 |
| **Case Number:** | 20-12377 | File Date: | 09/27/2020 20:47:12 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

---

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):     Veronica R Holmes

Other names the creditor used with the debtor:     20-12377-EEB Doc#457

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name     Veronica R Holmes | Name |
| Address     1160 Hawthorn Drive | Address |
| | |
| | |
| City     Pensacola | City |
| State     Fl          ZIP Code  32507 | State          ZIP Code |
| Country (if International):     United States | Country (if International): |
| Phone:     850-637-3554 | Phone: |
| Email:     holmesvr@yahoo.com | Email: |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____   MM / DD / YYYY | _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.

Last 4 digits of the debtor's account or any number you use to identify the debtor:

7930

___  ___  ___  ___

**7. How much is the claim?**

$ ___undetermined___

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Environmental
_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:
_____

**Basis for perfection:**
_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition: $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:
_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Veronica R Holmes*                     09/27/2020 20:47:12

Signature                                Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Veronica R Holmes

Address     1160 Hawthorn Dr

City         Pensacola

State        Fl                          Zip    32507

Country (in international)   United States

Phone       850-637-3554

Email       holmesvr@yahoo.com

Page 3 of 3



**Exploration Company LLC**

September 9, 2008

<u>VIA U.S. MAIL TO</u>:
Purported Heirs and Presumed Heirs
of Johnnie Holmes

<div align="right">

Re:     **Division Order and Stipulation of Interest;** SEC
– Craft Ralls 5-8 #1;  Northeast Quarter (NE/4) of
Section 5, Township 4 North, Range 13 East,
Conecuh County, Alabama.

</div>

Dear Interest Owner:

Enclosed is an original and one copy of your "Division Order and Stipulation of Interest" (the "Agreement").  Said Agreement was drafted based on the Division Order Title Opinion as well as information provided to us by the Holmes family, specifically, information found in the "Affidavit of Heirship and Marital History" by Ella Ruth Holmes Gant, dated *July 22, 2008* (the "Affidavit"), a copy of which is enclosed.  Said Affidavit sets forth the marital history and heirship of Johnnie Holmes, who died January 7, 1982.

For many months, we have been receiving calls from the family regarding payments to the heirs.  We have asked for sufficient information to establish the heirship of Daniel Earl Holmes and Clauzell Holmes.  We have also asked the purported heirs and presumed heirs to institute a formal proceeding or to probate the successions of Daniel Earl Holmes and Clauzell Holmes.  However, various family members told us that they could not afford an attorney.  Alternatively, Ella Ruth Holmes Gant offered to provide us with the Affidavit.  In an effort to resolve these issues and to clarify ownership of the interests, we offer the Agreement to you.

If all of the family members, purported heirs, and presumed heirs of Johnnie Holmes, as identified by the Affidavit, are willing to agree and stipulate to their own interest and the interests of each other, we are willing to make payment to said heirs and presumed heirs.  The enclosed Agreement sets forth your interest effective March 11, 2008 in the above referenced well in Conecuh County, Alabama.  Please verify your address and other personal information in the Agreement, making any necessary corrections in the space provided.  Also, remember to provide your social security number.

Please handle your original Agreement as per the enclosed instruction sheet.  A copy is provided for your records.  Do not hesitate to contact my office should you have any questions regarding your interest in the said document.

Sincerely,

By:

Katy R. Smith
Lease Analyst

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 1

## AFFIDAVIT OF HEIRSHIP AND MARITAL HISTORY

STATE OF Florida                )(

COUNTY OF Escambia               )(

      Personally appeared before me, the undersigned notary public, Ella Ruth Holmes Gant, who being by me first duly sworn, deposes and says as follows:

      My name is Ella Ruth Holmes Gant and my address is P.O. Box 1452, Pensacola, Florida 32591. I am over twenty-one (21) years of age and familiar with the marital history and heirship of Johnnie Holmes, deceased. I am familiar with his marital history and heirship because I am his daughter.

      That Johnnie Holmes was married once during his lifetime. This marriage was to Katherine Jones Holmes in 1930. To this marriage were born the following children:

    1.)     Name: Lizzie Mae Holmes Richburg, a widow
          Date of Birth: January 12, 1931
          Last Known Address: 1150 Hawthorne Drive
                       Pensacola, Florida 32507

    2.)     Name: Hattie Mae Holmes Ball, wife of Lewis Ball
          Date of Birth: January 13, 1937
          Last Known Address: 5948 Piat Place
                       Centerville, Illinois 62203

    3.)     Name: Johnnie Mae Holmes Ellington, a widow
          Date of Birth: November 30, 1938
          Last Known Address: 3403 Lafayette Avenue
                       Omaha, Nebraska 68131

    4.)     Name: Buice Lee Holmes Hooks, wife of Eddie L. Hooks
          Date of Birth: July 23, 1940
          Last Known Address: 1618 West 106th Street
                       Los Angeles, California 90047

    5.)     Name: Richard D. Holmes, husband of Ella Lois Holmes

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 2

Date of Birth: August 6, 1942
Last Known Address: 1707 Johnsonville Circle
Castleberry, Alabama 36432

6.)   Name: Alice M. Holmes Woods, a divorced woman
Date of Birth: August 16, 1944
Last Known Address: 2031 North 20th Street
Omaha, Nebraska 68110

7.)   Name: Reelice Holmes, a single male
Date of Birth: December 24, 1947
Last Known Address: 1618 West 106th Street
Los Angeles, California 90047

8.)   Name: Ella Ruth Holmes Gant, wife of David L. Gant
Date of Birth: November 19, 1941
Last Known Address: P.O. Box 1452
Pensacola, Florida 32591

9.)   Name: Katherine Holmes Straughn, wife of Walter L. Straughn
Date of Birth: December 12, 1951
Last Known Address: 1706 Johnsonville Circle
Castleberry, Alabama 36432

10.)   Name: Fannie Lue Holmes Jackson
Date of Birth: November 3, 1932
Date of Death: September 19, 1992
That Fannie Lue Holmes Jackson was married once during her lifetime. This marriage was to Britt Jackson, Jr.  To this marriage were born the following children:

A.) Name: Joel R. Jackson, husband of Donna Jackson
Date of Birth: January 27, 1972
Last Known Address: 1150 Hawthorne Dr.
Pensacola, Florida 32507

B.) Name: Chiquita L. Jackson Stratford, wife of Donald Stratford
Date of Birth: October 15, 1972
Last Known Address: P.O. Box 1452
Pensacola, Florida 32591

This marriage ended with the death of Fannie Lue Holmes Jackson on

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 3

September 19, 1992. Fannie Lue Holmes died intestate with no administration of her estate. Britt Jackson, Jr. died intestate on November 22, 1993 with no administration of his estate.

11.) Name: Clauzell Holmes
Date of Birth: December 10, 1934
Date of Death: February 1, 1995
The following illegitimate child was born of Clauzell Holmes:

A.) Name: Larry Wright, a single man
Date of Birth: May 15, 1955
Last Known Address: 905 Copeland Drive
Hinesville, Georgia 31313

To the best of my knowledge, Clauzell Holmes acknowledged his illegitimate son, Larry Wright. Further, the family has acknowledged that Larry Wright is a presumed heir of Clauzell Holmes.

That Clauzell Holmes was married once during his lifetime. This marriage was to Daisy Lee Holmes. To this marriage were born the following children:

B.) Name: Pamela D. Holmes Banks, wife of Michael Banks
Date of Birth: May 26, 1960
Last Known Address: 7905 Kershaw Street
Pensacola, Florida 32534

C.) Name: Felita Fay Holmes, a single woman
Date of Birth: October 29, 1966
Last Known Address: P.O. Box 16711
Pensacola, Florida 32507

D.) Name: Constance M. Holmes Hale, wife of Carl Hale
Date of Birth: March 30, 1968
Last Known Address: 215 Washington Street
Cantonment, Florida 32533

E.) Name: Claudie M. Holmes Modley, a separated woman
Date of Birth: May 27, 1971
Last Known Address: 1160 Hawthorne Drive

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 4

Pensacola, Florida 32507

F.) Name: Veronica R. Holmes, a single woman
    Date of Birth: October 13, 1973
    Last Known Address: 1160 Hawthorne Drive
                        Pensacola, Florida 32507

The marriage of Daisy Lee Holmes ended with the death of Clauzell Holmes on February 1, 1995. Clauzell Holmes died intestate with no administration of his estate. Daisy Lee Holmes died intestate on August 6, 2006.

12.)   Name: Daniel Earl Holmes
       Date of Birth: August 17, 1959
       Date of Death: January 18, 1999
       The following illegitimate child was born of Daniel Earl Holmes:

       A.) Name: Tiffannie Richardson Edwards, wife of Shannon Edwards
           Date of Birth: August 29, 1982
           Last Known Address: 144 Downs Lane
                               Brewton, Alabama 36426

                      To the best of my knowledge, Daniel Earl Holmes acknowledged his illegitimate daughter, Tiffannie Richardson Edwards. Further, the family has acknowledged that Tiffannie Richardson Edwards is a presumed heir of Daniel Earl Holmes.

Daniel Earl Holmes died intestate with no administration of his estate.

These were the only twelve children born of the marriage between Johnnie Holmes and Katherine Jones Holmes. No children were adopted nor were any other children cared for in the home. This marriage ended with the death of Johnnie Holmes on January 7, 1982. Johnnie Holmes died intestate on January 7, 1982 and there was no administration upon his estate. Katherine Jones Holmes died intestate on December 10, 1983 and there was no administration upon her estate.

That to the best of my knowledge, the individuals named above are all of the surviving heirs of Johnnie Holmes, deceased.

Further affiant saith not.

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 5

*Ella Ruth Holmes Gant*
ELLA RUTH HOLMES GANT
P.O. Box 1452
Pensacola, Florida 32591

Sworn to and subscribed before me this the _5th_ day of _August_ , 2008.

JAMES STAPLETON
Notary Public - State of Florida
My Commission Expires Aug 25, 2008
Commission # DD 349739
Bonded By National Notary Assn.

NOTARY PUBLIC

[affix notarial seal]

My commission expires: _8/25/08_

This instrument prepared by:

_____
_____
_____
_____

## DIVISION ORDER AND STIPULATION OF INTEREST

**TO**: Sklar Exploration Company, L.L.C.
401 Edwards Street, Suite 1601
Shreveport, LA 71101

**Property Name: Sklar Exploration Company, L.L.C.**
**#1 Craft-Ralls 5-8**
Effective Date:   First Date of Production

COPY

     The undersigned jointly certify that each Party to this agreement is the legal owner of the interest set out below and opposite (his/her/its) name of all the oil, gas liquid hydrocarbons and any and all other hydrocarbons produced from the property described below:

| | |
|---|---|
| OPERATOR: | Sklar Exploration Company, L.L.C. |
| PAYOR: | Sklar Exploration Company, L.L.C. |
| LEASE OR UNIT NAME: | #1 Craft-Ralls 5-8 unit, being 160.00 acres of land including all of the Northeast Quarter (NE/4) of Section 5, Township 4 North, Range 13 East, Conecuh County, Alabama. |
| DESCRIPTION: | Declaration of Unit and Voluntary Pooling Agreement recorded in Deed Book 2008, Page 1879 of the Records of the Probate Judge's Office. |
| COUNTY, STATE: | Conecuh County, Alabama |

     The undersigned now desire by this division order and stipulation of interest to declare and establish each Parties' correct royalty interest in the above described property.  The Parties hereto cross convey, ratify, stipulate, agree and declare that the royalty interest associated with the above described property is owned in the following manner, with each Party owning the undivided royalty interest, as of the Effective Date, set opposite (his/her/its) name as follows:

### DIVISION OF INTEREST AND STIPULATION OF INTEREST

| OWNER NUMBER | OWNER NAME | INTEREST OWNED |
|---|---|---|
| AVEF01 | Felita Fay Holmes<br>P.O. Box 16711<br>Pensacola, Florida 32507 | 0.00143087 RI |
| BALH01 | Hattie Mae Holmes Ball<br>5948 Piat Place<br>Centerville, Illinois 62203 | 0.00286172 RI |
| BANP01 | Pamela D. Holmes Banks<br>7905 Kershaw Street<br>Pensacola, Florida 32534 | 0.00143087 RI |
| EDWT01 | Tiffannie Richardson Edwards<br>144 Downs Lane<br>Brewton, Alabama 36426 | 0.00286172 RI |
| ELLJ01 | Johnnie Mae Holmes Ellington<br>3403 Lafayette Avenue<br>Omaha, Nebraska 68131 | 0.00286172 RI |
| GANE01 | Ella Ruth Holmes Gant<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00286172 RI |
| HALC01 | Constance M. Holmes Hale<br>215 Washington Street | 0.00047695 RI |

AVEP01                  Fenta Fay Holmes                        0.00143087  RI
                        P.O. Box 17211
                        Pensacola, Florida 32500

BALH01                  Hattie Mae Holmes Ball                  0.00286172  RI
                        5948 Piat Place
                        Centerville, Illinois 62203

BANP01                  Pamela D. Holmes Banks                  0.00143087  RI
                        7905 Kershaw Street
                        Pensacola, Florida 32534

EDWT01                  Tiffannie Richardson Edwards            0.00286172  RI
                        144 Downs Lane
                        Brewton, Alabama 36426

ELLJ01                  Johnnie Mae Holmes Ellington            0.00286172  RI
                        3403 Lafayette Avenue
                        Omaha, Nebraska 68131

GANE01                  Ella Ruth Holmes Gant                   0.00286172  RI
                        P.O. Box 1452
                        Pensacola, Florida 32591

HALC01                  Constance M. Holmes Hale                0.00047695  RI
                        215 Washington Street
                        Cantonment, Florida 32533

HOLR03                  Richard D. Holmes                       0.00286172  RI
                        1707 Johnsonville Circle
                        Castleberry, Alabama 36432

HOLR04                  Reelice Holmes                          0.00286172  RI
                        1618 West 106th Street
                        Los Angeles, California 90047

1

| | | | |
|---|---|---|---|
| OLV01 | Veronica R. Holmes<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| HOOB01 | Buice Lee Holmes Hooks<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 | RI |
| JACJ02 | Joel R. Jackson<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| MODC01 | Claudie M. Holmes Modley<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| RICL01 | Lizzie Mae Holmes Richburg<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00286172 | RI |
| STRC02 | Chiquita L. Jackson Stratford<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00047695 | RI |
| STRK01 | Katherine Holmes Straughn<br>1706 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 | RI |
| WOOA01 | Alice M. Holmes Woods<br>2031 North 20th Street<br>Omaha, Nebraska 68110 | 0.00286172 | RI |
| WRIL01 | Larry Wright<br>905 Copeland Drive<br>Hinesville, Georgia 31313 | 0.00047695 | RI |

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

The following provisions apply to each interest owner (the "Owner") who executes this agreement:

**TERMS OF SALE:** In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned will be paid in accordance with the division of interests set out above. The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order. Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENT:** From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first. (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.) Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own. *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*

**INDEMNITY:** The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.

**DISPUTE, WITHHOLDING OF FUNDS:** If a suit is filed that affects the interest of the Owner, written notice shall be given to

STRK01      Katherine Holmes Straughn      0.00286172  RI
            1 [illegible]ille [illegible]
            Castleberry, Alabama 36[illegible]71

WOOA01      Alice M. Holmes Woods          0.00286172  RI
            2031 North 20th Street
            Omaha, Nebraska 68110

WRIL01      Larry Wright                   0.00047695  RI
            905 Copeland Drive
            Hinesville, Georgia 31313

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

The following provisions apply to each interest owner (the "Owner") who executes this agreement:

**TERMS OF SALE**:  In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned will be paid in accordance with the division of interests set out above.  The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order.  Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENT**: From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first.  (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.)  Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own.  *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*

**INDEMNITY**:  The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.

**DISPUTE, WITHHOLDING OF FUNDS**: If a suit is filed that affects the interest of the Owner, written notice shall be given to Payor by the Owner together with a copy of the complaint or petition filed.

In the event of a claim or dispute that affects title to the division of interest set out above, Payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statute, until the claim or dispute is settled.

**TERMINATION:** Termination of this Division Order shall be effective on the first day of the month that begins after the 30th day after the date written notice of termination is received by either party.

**NOTICES:** Owner agrees to notify Payor in writing of any change in the division of interest, including changes of interest contingent on payment of money, or expiration of time.

No change of interest is binding on Payor until the recorded copy of the instrument of change, or documents satisfactorily evidencing such change are furnished to Payor at the time the change occurs.

Any change of interest shall be made effective on the first day of the month following receipt of such notice by Payor.

Any correspondence regarding this Division Order shall be furnished to the addresses listed unless otherwise advised by either party.

In addition to the legal rights provided by the terms and provisions of this Division Order, the Owner and the Payor may have certain statutory rights under the laws of the state in which the lands described above are located.

2

**SKLAR EXPLORATION COMPANY, L.L.C.**
**401 Edwards Street, Suite 1601**
**Shreveport, LA 71101**

## INSTRUCTIONS FOR EXECUTING DIVISION ORDERS AND/OR TRANSFER ORDERS

Please read carefully the following instructions before signing your Division Order and/or Transfer Order. If your name is correctly shown, and if you are claiming the interest credited to you and that interest is correctly stated, please execute the Division Order in accordance with the applicable directions as provided below.

The Division Order and/or Transfer Order should not be altered in any way unless accompanied by supporting documents. A letter is not sufficient evidence if you are questioning the amount of interest or the party title. We must receive instruments which set out the interest claimed, with a legible recording date. Spelling corrections should be made in ink and that person's initials shown to the side of the corrections.

SIGNATURE: Sign your name as shown on the Division Order or as corrected in the space provided. Have your signature witnessed by two competent adults signing in the space provided for witnesses. Corporate executions should show title of signatory party.

SIGNATURE BY SECOND PARTY: If the Division Order is signed by agents, attorneys-in-fact, guardians, executors or any party other than the named interest owner, we must have evidence of the rights vested in the signatory party in legal documented form.  Have the signature(s) witnessed by two competent adults.

PARTNERSHIP: All members of a partnership should sign. If only one member signs, his or her right to do so must be furnished to us.

MAILING ADDRESS: If the Order contains an incorrect mailing address, indicate the correct mailing address and be sure to include a zip code. Please print or type the mailing address using no abbreviations.

TAXPAYER ID or SOCIAL SECURITY NUMBER: Please be sure to indicate your social security number/tax identification number in the space provided. Federal law requires us to withhold 31% of the accumulated revenue if we do not have a social security or tax identification number on file. Revenue will be withheld until the accumulated amount reaches $50.00.

CHANGE OF ADDRESS: Please advise us promptly of any change of address. This must be in letter form including your signature. A telephone call will not be enough to change our records.

CHANGE OF OWNERSHIP: Any change affecting title of the interest under which you receive payment must be furnished to us in legal form; i.e., Deeds, Assignments, etc., along with recording data.

PLEASE RETURN on fully executed Division Order (yellow in color) and/or Transfer Order at your earliest convenience. As a rule, if we receive your properly executed Division Order and/or Transfer Order by the tenth day of the month and there are no curative or other matters affecting your receipt of proceeds, you can expect your first check by the end of the month.

## HOW TO CONTACT US:

INQUIRIES concerning your decimal interest, property location, pay status or lease agreement should be directed in writing to the LAND DEPARTMENT at the above address. Be prepared to provide the owner number assigned to the interest holder upon request.

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.
- **Fill in the caption at the top of the form.** The full list of debtors is provided under the general information section on the Claims Agent's website: https://dm.epiq11.com/SKR.
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt.  In addition to the documents, a summary may be added.  Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**
- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).*  See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/SKR) to view your filed form under "Claims."

## Where to File Proof of Claim Form

**First Class Mail:**
**Sklar Exploration Company, LLC Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4421**
**Beaverton, OR 97076-4419**

**Hand Delivery or Overnight Mail:**
**Sklar Exploration Company, LLC Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

**Electronic Filing:**
**By accessing the E-filing Claims link at https://dm.epiq11.com/SKR**

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5).  A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim.  A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| ——————————————————— | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN:  72-1425432 | ) | Chapter 11 |
| Debtor. | ) | |

**NOTICE OF ORDER ESTABLISHING PROCEDURES AND
BAR DATE FOR THE FILING OF PROOFS OF CLAIM
PURSUANT TO FED. R. BANKR. P. 3003(c)(3)**

TO INDIVIDUALS AND ENTITIES WHO MAY BE CREDITORS OF DEBTORS:

Please take notice that the bankruptcy court has entered an order establishing procedures and a bar date for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3) as follows:

(a) All proofs of claim must be filed with Epiq Corporate Restructuring, LLC ("Claims Agent") by e-filing, by mail, or in person, such that they are received no later than **5:00 P.M. PREVAILING MOUNTAIN TIME ON OR BEFORE SEPTEMBER 28, 2020 (the "Bar Date")**, at the following address:

**If by First-Class Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

**If by Hand Delivery or Overnight Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**By e-filing at:** https://epiqworkflow.com/cases/SKR

**CLAIMS ARE NOT DEEMED FILED UNTIL ACTUALLY RECEIVED BY THE CLAIMS AGENT.**

(b) **ANY CLAIMS FILED AFTER THE BAR DATE WILL BE DISALLOWED.** Any individual or entity that is required to file a proof of claim by the Bar Date and that fails to do so will not be treated as a creditor for the purposes of voting or distribution, may not receive any further notices of mailings in this chapter 11 case and any claim of such individual or entity will be forever barred.

(c) Any creditor holding a claim arising prior to date of debtors' chapter 11 bankruptcy filings, **April 1, 2020**, must file a proof of claim with the court if the claim is: (i) not scheduled, (ii) scheduled as disputed, contingent, or unliquidated, or (iii) if such creditor disagrees with the amount of the scheduled claim.

(d) Following the Bar Date, a creditor will not be allowed to amend a claim deemed filed on its behalf pursuant to 11 U.S.C. § 1111(a) by virtue of the listing of such claim by debtors in their respective bankruptcy schedules.

(e) In order to assist in the review and reconciliation of proofs of claim, claims should include copies of any invoices, statements or other documents which evidence or support the amount and basis of the claim.

(f) CLAIMANTS WHO HAVE ALREADY FILED THEIR PROOFS OF CLAIM SHOULD NOT FILE A DUPLICATE CLAIM. Claimants who have filed a Proof of Claim MAY file an amended Proof of Claim by the Bar Date.

**ANY CLAIM NOT TIMELY FILED WITH THE CLAIMS AGENT WITHIN THE TIME SET FORTH ABOVE WILL BE FOREVER BARRED FROM SHARING IN THE ESTATE OR BEING TREATED AS A CLAIM FOR PURPOSES OF VOTING OR DISTRIBUTION.** [1]

DATED: July 29, 2020                    Respectfully submitted,

By:   */s/  Keri L. Riley*
Lee M. Kutner, #10966
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone:  (303) 832-2400
Telecopy: (303) 832-1510
E-mail: klr@kutnerlaw.com

---

1 Subject to 11 U.S.C. § 726(a)(1) in the event of conversion.

| United States Bankruptcy Court for the District of Colorado | | **For Court Use Only** | |
|---|---|---|---|
| Name of Debtor: | Sklarco, LLC | Claim Number: | 0000010136 |
| Case Number: | 20-12380 | File Date: | 09/27/2020 20:56:56 |

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case.  With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

04/19

---

| **Part 1:** | **Identify the Claim** |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____ Veronica R Holmes _____

Other names the creditor used with the debtor: _____ 20-12380-EEB _____

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name      Veronica R Holmes | Name _____ |
| Address   1160 Hawthorn Drive | Address _____ |
|           _____ | _____ |
|           _____ | _____ |
| City      Pensacola | City _____ |
| State     Fl         ZIP Code 32507 | State _____   ZIP Code _____ |
| Country (if International):  United States | Country (if International): _____ |
| Phone:    850-637-3554 | Phone: _____ |
| Email:    holmesvr@yahoo.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____<br> MM / DD / YYYY | _____ |

Page 1 of 3

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| **6. Do you have any number you use to identify the debtor?**<br><br>☐ No<br><br>☑ Yes.<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:<br><br>    5432<br>  ___ ___ ___ ___ | **7. How much is the claim?**<br><br>$ ___undetermined___<br><br><br>**Does this amount include interest or other charges?**<br><br>☐ No<br><br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | **8. What is the basis of the claim?**<br><br>Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>  Environmental<br>_____ |

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:

    _____

**Basis for perfection:**

    _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                $_____

Amount of the claim that is secured:     $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

**Annual Interest Rate** (when case was filed) _____%

                             ☐ Fixed  ☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Veronica R Holmes*                                    09/27/2020 20:56:56

Signature                                                        Date

**Provide the name and contact information of the person completing and signing this claim:**

Name          Veronica R Holmes

Address       1160 Hawthorn Drive

City           Pensacola

State          Fl                                               Zip    32507

Country (in international)    United States

Phone         850-637-3554

Email         holmesvr@yahoo.com



September 9, 2008


<u>VIA U.S. MAIL TO</u>:
Purported Heirs and Presumed Heirs
of Johnnie Holmes

<div align="right">

Re:    **Division Order and Stipulation of Interest;** SEC
– Craft Ralls 5-8 #1;  Northeast Quarter (NE/4) of
Section 5, Township 4 North, Range 13 East,
Conecuh County, Alabama.

</div>

Dear Interest Owner:

Enclosed is an original and one copy of your "Division Order and Stipulation of Interest" (the "Agreement").  Said Agreement was drafted based on the Division Order Title Opinion as well as information provided to us by the Holmes family, specifically, information found in the "Affidavit of Heirship and Marital History" by Ella Ruth Holmes Gant, dated *July 22, 2008* (the "Affidavit"), a copy of which is enclosed.  Said Affidavit sets forth the marital history and heirship of Johnnie Holmes, who died January 7, 1982.

For many months, we have been receiving calls from the family regarding payments to the heirs.  We have asked for sufficient information to establish the heirship of Daniel Earl Holmes and Clauzell Holmes.  We have also asked the purported heirs and presumed heirs to institute a formal proceeding or to probate the successions of Daniel Earl Holmes and Clauzell Holmes.  However, various family members told us that they could not afford an attorney.  Alternatively, Ella Ruth Holmes Gant offered to provide us with the Affidavit.  In an effort to resolve these issues and to clarify ownership of the interests, we offer the Agreement to you.

If all of the family members, purported heirs, and presumed heirs of Johnnie Holmes, as identified by the Affidavit, are willing to agree and stipulate to their own interest and the interests of each other, we are willing to make payment to said heirs and presumed heirs.  The enclosed Agreement sets forth your interest effective March 11, 2008 in the above referenced well in Conecuh County, Alabama.  Please verify your address and other personal information in the Agreement, making any necessary corrections in the space provided.  Also, remember to provide your social security number.

Please handle your original Agreement as per the enclosed instruction sheet. A copy is provided for your records. Do not hesitate to contact my office should you have any questions regarding your interest in the said document.

Sincerely,

By:

Katy R. Smith
Lease Analyst

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 1

## AFFIDAVIT OF HEIRSHIP AND MARITAL HISTORY

STATE OF Florida                                     )(

COUNTY OF Escambia                          )(


     Personally appeared before me, the undersigned notary public, Ella Ruth Holmes Gant, who being by me first duly sworn, deposes and says as follows:

     My name is Ella Ruth Holmes Gant and my address is P.O. Box 1452, Pensacola, Florida 32591. I am over twenty-one (21) years of age and familiar with the marital history and heirship of Johnnie Holmes, deceased. I am familiar with his marital history and heirship because I am his daughter.

     That Johnnie Holmes was married once during his lifetime. This marriage was to Katherine Jones Holmes in 1930. To this marriage were born the following children:

    1.)     Name: Lizzie Mae Holmes Richburg, a widow
         Date of Birth: January 12, 1931
         Last Known Address: 1150 Hawthorne Drive
                    Pensacola, Florida 32507

    2.)     Name: Hattie Mae Holmes Ball, wife of Lewis Ball
         Date of Birth: January 13, 1937
         Last Known Address: 5948 Piat Place
                    Centerville, Illinois 62203

    3.)     Name: Johnnie Mae Holmes Ellington, a widow
         Date of Birth: November 30, 1938
         Last Known Address: 3403 Lafayette Avenue
                    Omaha, Nebraska 68131

    4.)     Name: Buice Lee Holmes Hooks, wife of Eddie L. Hooks
         Date of Birth: July 23, 1940
         Last Known Address: 1618 West 106th Street
                    Los Angeles, California 90047

    5.)     Name: Richard D. Holmes, husband of Ella Lois Holmes

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 2

        Date of Birth: August 6, 1942
        Last Known Address: 1707 Johnsonville Circle
                Castleberry, Alabama 36432

6.)    Name: Alice M. Holmes Woods, a divorced woman
        Date of Birth: August 16, 1944
        Last Known Address: 2031 North 20th Street
                Omaha, Nebraska 68110

7.)    Name: Reelice Holmes, a single male
        Date of Birth: December 24, 1947
        Last Known Address: 1618 West 106th Street
                Los Angeles, California 90047

8.)    Name: Ella Ruth Holmes Gant, wife of David L. Gant
        Date of Birth: November 19, 1941
        Last Known Address: P.O. Box 1452
                Pensacola, Florida 32591

9.)    Name: Katherine Holmes Straughn, wife of Walter L. Straughn
        Date of Birth: December 12, 1951
        Last Known Address: 1706 Johnsonville Circle
                Castleberry, Alabama 36432

10.)    Name: Fannie Lue Holmes Jackson
        Date of Birth: November 3, 1932
        Date of Death: September 19, 1992
        That Fannie Lue Holmes Jackson was married once during her lifetime. This marriage was to Britt Jackson, Jr. To this marriage were born the following children:

        A.) Name: Joel R. Jackson, husband of Donna Jackson
            Date of Birth: January 27, 1972
            Last Known Address: 1150 Hawthorne Dr.
                   Pensacola, Florida 32507

        B.) Name: Chiquita L. Jackson Stratford, wife of Donald Stratford
            Date of Birth: October 15, 1972
            Last Known Address: P.O. Box 1452
                   Pensacola, Florida 32591

This marriage ended with the death of Fannie Lue Holmes Jackson on

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 3

September 19, 1992.    Fannie Lue Holmes died intestate with no administration of her estate.  Britt Jackson, Jr. died intestate on November 22, 1993 with no administration of his estate.

11.)    Name: Clauzell Holmes
        Date of Birth: December 10, 1934
        Date of Death: February 1, 1995
        The following illegitimate child was born of Clauzell Holmes:

        A.) Name: Larry Wright, a single man
            Date of Birth: May 15, 1955
            Last Known Address: 905 Copeland Drive
                                Hinesville, Georgia 31313

                                To the best of my knowledge, Clauzell Holmes acknowledged his illegitimate son, Larry Wright. Further, the family has acknowledged that Larry Wright is a presumed heir of Clauzell Holmes.

        That Clauzell Holmes was married once during his lifetime. This marriage was to Daisy Lee Holmes.  To this marriage were born the following children:

        B.) Name: Pamela D. Holmes Banks, wife of Michael Banks
            Date of Birth: May 26, 1960
            Last Known Address: 7905 Kershaw Street
                                Pensacola, Florida 32534

        C.) Name: Felita Fay Holmes, a single woman
            Date of Birth: October 29, 1966
            Last Known Address: P.O. Box 16711
                                Pensacola, Florida 32507

        D.) Name: Constance M. Holmes Hale, wife of Carl Hale
            Date of Birth: March 30, 1968
            Last Known Address: 215 Washington Street
                                Cantonment, Florida 32533

        E.) Name: Claudie M. Holmes Modley, a separated woman
            Date of Birth: May 27, 1971
            Last Known Address: 1160 Hawthorne Drive

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 4

Pensacola, Florida 32507

F.) Name: Veronica R. Holmes, a single woman
Date of Birth: October 13, 1973
Last Known Address: 1160 Hawthorne Drive
Pensacola, Florida 32507

The marriage of Daisy Lee Holmes ended with the death of Clauzell Holmes on February 1, 1995. Clauzell Holmes died intestate with no administration of his estate. Daisy Lee Holmes died intestate on August 6, 2006.

12.) Name: Daniel Earl Holmes
Date of Birth: August 17, 1959
Date of Death: January 18, 1999
The following illegitimate child was born of Daniel Earl Holmes:

A.) Name: Tiffannie Richardson Edwards, wife of Shannon Edwards
Date of Birth: August 29, 1982
Last Known Address: 144 Downs Lane
Brewton, Alabama 36426

To the best of my knowledge, Daniel Earl Holmes acknowledged his illegitimate daughter, Tiffannie Richardson Edwards. Further, the family has acknowledged that Tiffannie Richardson Edwards is a presumed heir of Daniel Earl Holmes.

Daniel Earl Holmes died intestate with no administration of his estate.

These were the only twelve children born of the marriage between Johnnie Holmes and Katherine Jones Holmes. No children were adopted nor were any other children cared for in the home. This marriage ended with the death of Johnnie Holmes on January 7, 1982. Johnnie Holmes died intestate on January 7, 1982 and there was no administration upon his estate. Katherine Jones Holmes died intestate on December 10, 1983 and there was no administration upon her estate.

That to the best of my knowledge, the individuals named above are all of the surviving heirs of Johnnie Holmes, deceased.

Further affiant saith not.

Affidavit of Heirship and Marital History
Johnnie Holmes, deceased
Page 5

*Ella Ruth Holmes Gant*
ELLA RUTH HOLMES GANT
P.O. Box 1452
Pensacola, Florida 32591

Sworn to and subscribed before me this the 5th day of August , 2008.

JAMES STAPLETON
Notary Public - State of Florida
My Commission Expires Aug 25, 2008
Commission # DD 349739
Bonded By National Notary Assn.

NOTARY PUBLIC

[affix notarial seal]

My commission expires: 8/25/08

This instrument prepared by:
_____
_____
_____
_____

## DIVISION ORDER AND STIPULATION OF INTEREST

**TO**: Sklar Exploration Company, L.L.C.
    401 Edwards Street, Suite 1601
    Shreveport, LA 71101

**Property Name**: **Sklar Exploration Company, L.L.C.**
    **#1 Craft-Ralls 5-8**
Effective Date: First Date of Production

COPY

    The undersigned jointly certify that each Party to this agreement is the legal owner of the interest set out below and opposite (his/her/its) name of all the oil, gas liquid hydrocarbons and any and all other hydrocarbons produced from the property described below:

| | |
|---|---|
| OPERATOR: | Sklar Exploration Company, L.L.C. |
| PAYOR: | Sklar Exploration Company, L.L.C. |
| LEASE OR UNIT NAME: | #1 Craft-Ralls 5-8 unit, being 160.00 acres of land including all of the Northeast Quarter (NE/4) of Section 5, Township 4 North, Range 13 East, Conecuh County, Alabama. |
| DESCRIPTION: | Declaration of Unit and Voluntary Pooling Agreement recorded in Deed Book 2008, Page 1879 of the Records of the Probate Judge's Office. |
| COUNTY, STATE: | Conecuh County, Alabama |

    The undersigned now desire by this division order and stipulation of interest to declare and establish each Parties' correct royalty interest in the above described property.  The Parties hereto cross convey, ratify, stipulate, agree and declare that the royalty interest associated with the above described property is owned in the following manner, with each Party owning the undivided royalty interest, as of the Effective Date, set opposite (his/her/its) name as follows:

### DIVISION OF INTEREST AND STIPULATION OF INTEREST

| OWNER NUMBER | OWNER NAME | INTEREST OWNED |
|---|---|---|
| AVEF01 | Felita Fay Holmes<br>P.O. Box 16711<br>Pensacola, Florida 32507 | 0.00143087 RI |
| BALH01 | Hattie Mae Holmes Ball<br>5948 Piat Place<br>Centerville, Illinois 62203 | 0.00286172 RI |
| BANP01 | Pamela D. Holmes Banks<br>7905 Kershaw Street<br>Pensacola, Florida 32534 | 0.00143087 RI |
| EDWT01 | Tiffannie Richardson Edwards<br>144 Downs Lane<br>Brewton, Alabama 36426 | 0.00286172 RI |
| ELLJ01 | Johnnie Mae Holmes Ellington<br>3403 Lafayette Avenue<br>Omaha, Nebraska 68131 | 0.00286172 RI |
| GANE01 | Ella Ruth Holmes Gant<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00286172 RI |
| HALC01 | Constance M. Holmes Hale<br>215 Washington Street | 0.00047695 RI |

AVEF01                     Fenta Fay Holmes                    0.00143087  RI
                           P.O. Box 17221
                           Pensacola, Florida 32500

BALH01                     Hattie Mae Holmes Ball              0.00286172  RI
                           5948 Piat Place
                           Centerville, Illinois 62203

BANP01                     Pamela D. Holmes Banks              0.00143087  RI
                           7905 Kershaw Street
                           Pensacola, Florida 32534

EDWT01                     Tiffannie Richardson Edwards        0.00286172  RI
                           144 Downs Lane
                           Brewton, Alabama 36426

ELLJ01                     Johnnie Mae Holmes Ellington        0.00286172  RI
                           3403 Lafayette Avenue
                           Omaha, Nebraska 68131

GANE01                     Ella Ruth Holmes Gant               0.00286172  RI
                           P.O. Box 1452
                           Pensacola, Florida 32591

HALC01                     Constance M. Holmes Hale            0.00047695  RI
                           215 Washington Street
                           Cantonment, Florida 32533

HOLR03                     Richard D. Holmes                   0.00286172  RI
                           1707 Johnsonville Circle
                           Castleberry, Alabama 36432

HOLR04                     Reelice Holmes                      0.00286172  RI
                           1618 West 106th Street
                           Los Angeles, California 90047

1

| | | | |
|---|---|---|---|
| OLV01 | Veronica R. Holmes<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| HOOB01 | Buice Lee Holmes Hooks<br>1618 West 106th Street<br>Los Angeles, California 90047 | 0.00286172 | RI |
| JACJ02 | Joel R. Jackson<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| MODC01 | Claudie M. Holmes Modley<br>1160 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00047695 | RI |
| RICL01 | Lizzie Mae Holmes Richburg<br>1150 Hawthorne Drive<br>Pensacola, Florida 32507 | 0.00286172 | RI |
| STRC02 | Chiquita L. Jackson Stratford<br>P.O. Box 1452<br>Pensacola, Florida 32591 | 0.00047695 | RI |
| STRK01 | Katherine Holmes Straughn<br>1706 Johnsonville Circle<br>Castleberry, Alabama 36432 | 0.00286172 | RI |
| WOOA01 | Alice M. Holmes Woods<br>2031 North 20th Street<br>Omaha, Nebraska 68110 | 0.00286172 | RI |
| WRIL01 | Larry Wright<br>905 Copeland Drive<br>Hinesville, Georgia 31313 | 0.00047695 | RI |

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

<u>The following provisions apply to each interest owner (the "Owner") who executes this agreement:</u>

**TERMS OF SALE:**  In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned will be paid in accordance with the division of interests set out above. The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order. Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENT:** From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first.  (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.)  Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own.  *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*

**INDEMNITY:** The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.

**DISPUTE, WITHHOLDING OF FUNDS:** If a suit is filed that affects the interest of the Owner, written notice shall be given to

STRK01                Katherine Holmes Straughn                 0.00286172  RI
                      1 Dixie-something-illegible Street
                      Castleberry, Alabama 36432

WOOA01                Alice M. Holmes Woods                      0.00286172  RI
                      2031 North 20th Street
                      Omaha, Nebraska 68110

WRIL01                Larry Wright                               0.00047695  RI
                      905 Copeland Drive
                      Hinesville, Georgia 31313

*THIS AGREEMENT DOES NOT AMEND ANY LEASE OR OPERATING AGREEMENT BETWEEN THE INTEREST OWNERS AND THE LESSEE OR OPERATOR OR ANY OTHER CONTRACTS FOR THE PURCHASE OF OIL OR GAS.*

The following provisions apply to each interest owner (the "Owner") who executes this agreement:

**TERMS OF SALE**:  In the event that one hundred percent (100%) of the Parties to this division order agree to the stipulation of their interests as set out above, the undersigned will be paid in accordance with the division of interests set out above.  The Payor shall pay all parties at the price agreed to by the operator for oil and gas to be sold pursuant to this Division Order.  Purchaser shall compute quantity and make corrections for gravity and temperature and make deductions for impurities.

**PAYMENT**: From the Effective Date, payment is to be made monthly by Payor's check based on this division of interest for oil no later than 60 days after the end of the calendar month in which oil production is sold, or for gas no later than 90 days after the end of the calendar month in which gas is sold from the property listed above (unless terms of the oil and gas lease state differently, and then payments will be made in accordance therewith); less taxes required by law to be deducted and remitted by Payor as purchaser. Payments of less than $50 may be accrued before disbursement until the total amount equals $50 or more, or until December 31 of each year, whichever occurs first.  (However, the Payor may hold accumulated proceeds of less than $10 until production ceases or the Payor's responsibility for making payment for production ceases, whichever occurs first.)  Payee agrees to refund to Payor any amounts attributable to an interest or part of an interest that Payee does not own.  *Failure to furnish your social security or tax identification number will result in 31% withholding tax in accordance with federal law, and any tax withheld will not be refundable by Payor.*

**INDEMNITY**: The Owner agrees to indemnify and hold Payor harmless from all liability resulting from payments made to the Owner in accordance with the stated division of interest, including, but not limited to attorney fees or judgments in connection with any suit that affects the Owner's interest to which Payor is made a party.

**DISPUTE, WITHHOLDING OF FUNDS**: If a suit is filed that affects the interest of the Owner, written notice shall be given to Payor by the Owner together with a copy of the complaint or petition filed.

In the event of a claim or dispute that affects title to the division of interest set out above, Payor is authorized to withhold payments accruing to such interest, without interest unless otherwise required by applicable statute, until the claim or dispute is settled.

**TERMINATION:** Termination of this Division Order shall be effective on the first day of the month that begins after the 30th day after the date written notice of termination is received by either party.

**NOTICES:** Owner agrees to notify Payor in writing of any change in the division of interest, including changes of interest contingent on payment of money, or expiration of time.

No change of interest is binding on Payor until the recorded copy of the instrument of change, or documents satisfactorily evidencing such change are furnished to Payor at the time the change occurs.

Any change of interest shall be made effective on the first day of the month following receipt of such notice by Payor.

Any correspondence regarding this Division Order shall be furnished to the addresses listed unless otherwise advised by either party.

In addition to the legal rights provided by the terms and provisions of this Division Order, the Owner and the Payor may have certain statutory rights under the laws of the state in which the lands described above are located.

2

**SKLAR EXPLORATION COMPANY, L.L.C.**
**401 Edwards Street, Suite 1601**
**Shreveport, LA 71101**

<u>INSTRUCTIONS FOR EXECUTING DIVISION ORDERS AND/OR TRANSFER ORDERS</u>

Please read carefully the following instructions before signing your Division Order and/or Transfer Order. If your name is correctly shown, and if you are claiming the interest credited to you and that interest is correctly stated, please execute the Division Order in accordance with the applicable directions as provided below.

The Division Order and/or Transfer Order should not be altered in any way unless accompanied by supporting documents. A letter is not sufficient evidence if you are questioning the amount of interest or the party title. We must receive instruments which set out the interest claimed, with a legible recording date. Spelling corrections should be made in ink and that person's initials shown to the side of the corrections.

<u>SIGNATURE</u>: Sign your name as shown on the Division Order or as corrected in the space provided. Have your signature witnessed by two competent adults signing in the space provided for witnesses. Corporate executions should show title of signatory party.

<u>SIGNATURE BY SECOND PARTY</u>: If the Division Order is signed by agents, attorneys-in-fact, guardians, executors or any party other than the named interest owner, we must have evidence of the rights vested in the signatory party in legal documented form.  Have the signature(s) witnessed by two competent adults.

<u>PARTNERSHIP</u>: All members of a partnership should sign. If only one member signs, his or her right to do so must be furnished to us.

<u>MAILING ADDRESS</u>: If the Order contains an incorrect mailing address, indicate the correct mailing address and be sure to include a zip code. Please print or type the mailing address using no abbreviations.

<u>TAXPAYER ID or SOCIAL SECURITY NUMBER</u>: Please be sure to indicate your social security number/tax identification number in the space provided. Federal law requires us to withhold 31% of the accumulated revenue if we do not have a social security or tax identification number on file. Revenue will be withheld until the accumulated amount reaches $50.00.

<u>CHANGE OF ADDRESS</u>: Please advise us promptly of any change of address. This must be in letter form including your signature. A telephone call will not be enough to change our records.

<u>CHANGE OF OWNERSHIP</u>: Any change affecting title of the interest under which you receive payment must be furnished to us in legal form; i.e., Deeds, Assignments, etc., along with recording data.

<u>PLEASE RETURN</u> on fully executed Division Order (yellow in color) and/or Transfer Order at your earliest convenience. As a rule, if we receive your properly executed Division Order and/or Transfer Order by the tenth day of the month and there are no curative or other matters affecting your receipt of proceeds, you can expect your first check by the end of the month.

**<u>HOW TO CONTACT US:</u>**

<u>INQUIRIES concerning your decimal interest, property location, pay status or lease agreement should be directed in writing to the LAND DEPARTMENT at the above address</u>. Be prepared to provide the owner number assigned to the interest holder upon request.

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.
- **Fill in the caption at the top of the form.** The full list of debtors is provided under the general information section on the Claims Agent's website: https://dm.epiq11.com/SKR.
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)
  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**
- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/SKR) to view your filed form under "Claims."

## Where to File Proof of Claim Form

**First Class Mail:**
**Sklar Exploration Company, LLC Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4421**
**Beaverton, OR 97076-4419**

**Hand Delivery or Overnight Mail:**
**Sklar Exploration Company, LLC Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

**Electronic Filing:**
**By accessing the E-filing Claims link at https://dm.epiq11.com/SKR**

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN:  72-1425432 | ) | Chapter 11 |
| Debtor. | ) | |

**NOTICE OF ORDER ESTABLISHING PROCEDURES AND
BAR DATE FOR THE FILING OF PROOFS OF CLAIM
PURSUANT TO FED. R. BANKR. P. 3003(c)(3)**

TO INDIVIDUALS AND ENTITIES WHO MAY BE CREDITORS OF DEBTORS:

Please take notice that the bankruptcy court has entered an order establishing procedures and a bar date for filing proofs of claim pursuant to Bankruptcy Rule 3003(c)(3) as follows:

(a) All proofs of claim must be filed with Epiq Corporate Restructuring, LLC ("Claims Agent") by e-filing, by mail, or in person, such that they are received no later than **5:00 P.M. PREVAILING MOUNTAIN TIME ON OR BEFORE SEPTEMBER 28, 2020 (the "Bar Date")**, at the following address:

**If by First-Class Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

**If by Hand Delivery or Overnight Mail:**

Sklar Exploration Company, LLC
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

**By e-filing at:** https://epiqworkflow.com/cases/SKR

**CLAIMS ARE NOT DEEMED FILED UNTIL ACTUALLY RECEIVED BY THE CLAIMS AGENT.**

(b) **ANY CLAIMS FILED AFTER THE BAR DATE WILL BE DISALLOWED.** Any individual or entity that is required to file a proof of claim by the Bar Date and that fails to do so will not be treated as a creditor for the purposes of voting or distribution, may not receive any further notices of mailings in this chapter 11 case and any claim of such individual or entity will be forever barred.

(c) Any creditor holding a claim arising prior to date of debtors' chapter 11 bankruptcy filings, **April 1, 2020**, must file a proof of claim with the court if the claim is: (i) not scheduled, (ii) scheduled as disputed, contingent, or unliquidated, or (iii) if such creditor disagrees with the amount of the scheduled claim.

(d) Following the Bar Date, a creditor will not be allowed to amend a claim deemed filed on its behalf pursuant to 11 U.S.C. § 1111(a) by virtue of the listing of such claim by debtors in their respective bankruptcy schedules.

(e) In order to assist in the review and reconciliation of proofs of claim, claims should include copies of any invoices, statements or other documents which evidence or support the amount and basis of the claim.

(f) CLAIMANTS WHO HAVE ALREADY FILED THEIR PROOFS OF CLAIM SHOULD NOT FILE A DUPLICATE CLAIM. Claimants who have filed a Proof of Claim MAY file an amended Proof of Claim by the Bar Date.

**ANY CLAIM NOT TIMELY FILED WITH THE CLAIMS AGENT WITHIN THE TIME SET FORTH ABOVE WILL BE FOREVER BARRED FROM SHARING IN THE ESTATE OR BEING TREATED AS A CLAIM FOR PURPOSES OF VOTING OR DISTRIBUTION.** [1]

DATED: July 29, 2020

Respectfully submitted,

By:   */s/ Keri L. Riley*
Lee M. Kutner, #10966
Keri L. Riley, #47605
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
E-mail: klr@kutnerlaw.com

---

1 Subject to 11 U.S.C. § 726(a)(1) in the event of conversion.

| United States Bankruptcy Court for the District of Colorado | Your Mail ID is | 172144352 |
|---|---|---|

| | For Court Use Only | |
|---|---|---|
| **Name of Debtor:** Sklarco, LLC | Claim Number: | 0000010143 |
| **Case Number:** 20-12380 | File Date: | 09/28/2020 13:51:08 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/19

---

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    EVELINE R NOBLEY

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☑ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    EVELINE R NOBLEY | Name _____ |
| Address    2611 WILDWOOD ST | Address _____ |
| _____ | _____ |
| _____ | _____ |
| City    NEW CANEY | City _____ |
| State    TX        ZIP Code  77357-0000 | State _____  ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone: _____ | Phone: _____ |
| Email:    jnobley@greerherz.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6.  Do you have any number you use to identify the debtor?**

☑ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7.  How much is the claim?**

$ ___underdetermined___

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.  What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis _____

Oil, Gas and Mineral Lease

---

**9.  Is all or part of the claim secured?**

☑ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed)  _____%
                                    ☐ Fixed  ☐ Variable

**10.  Is this claim based on a lease?**

☐ No

☑ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11.  Is this claim subject to a right of setoff?**

☑ No

☐ Yes.  Identify the property:

_____

---

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

*  Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |
|---------|-----------|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Jennifer Nobley*                                        09/28/2020 13:51:08

Signature                                                        Date

**Provide the name and contact information of the person completing and signing this claim:**

| | |
|---|---|
| Name | Jennifer Nobley |
| Address | Greer, Herz & Adams LLP |
| | 1 Moody Plaza |
| | 18th Floor |
| City | Galveston |
| State | TX |
| Zip | 77550 |
| Country (in international) | USA |
| Phone | 409-797-3211 |
| Email | jnobley@greerherz.com |

File # 201932218
Bk 3853  Pg 863
RECORDED 07/24/19 04:28 PM
Gerald C. Spencer, Clerk
Santa Rosa County, Florida
DEPUTY CLERK NS
Trans # 844135
#2
Doc D $3.50

Producers 88 Paid Up
With Pooling Provision
Mississippi-Alabama-Florida

# OIL, GAS AND MINERAL LEASE

THIS AGREEMENT made this _____21st_____ day of _____May_____ , 2019, between

_____

EVELINE R. NOBLEY

_____

_____

Lessor (whether one or more), whose address is  2611 Wildwood Street, New Caney, Texas 77357

and __**Sklarco, LLC.,**__  5395 Pearl Parkway, Suite 200, Boulder, Colorado 80301_____,Lessee, WITNESSETH:

1.   Lessor, in consideration of _____Ten Dollars  $10.00 (and other valuable considerations)_____ Dollars, receipt of which is hereby acknowledged, and of the covenants and agreements of lessee hereinafter contained, does hereby grant, lease and let unto lessee the land covered hereby for the purposes and with the exclusive right of exploring, drilling, mining and operating for, producing and owning oil, gas (including carbon dioxide), sulphur and all other minerals (whether or not similar to those mentioned), together with the right to make surveys on said land, lay pipe lines, establish and utilize facilities for surface or subsurface disposal of salt water, construct roads, and bridges, dig canals, build tanks, power stations, power lines, telephone lines, employee houses and other structures on said land, necessary or useful in lessee's operations in exploring, drilling for, producing, treating, storing and transporting minerals produced from the land covered hereby or any other land adjacent thereto.  The land covered hereby, herein called "said land", is located in the County of **SANTA ROSA** State of **FLORIDA**_____, and is described as follows:

## TOWNSHIP 5 NORTH, RANGE 29 WEST

Section 16:  The South half (S/2) of Government Lot 2, LESS AND EXCEPT 2.59 acres in the Northeast corner, together with 2.52 acres in the Southwest corner of Government Lot 1, comprising in the aggregate of 40.68 acres, more or less.

Notwithstanding anything to the contrary in Paragraph 3 hereof, wherever the words "one-eighth (1/8th)" appears, the same is hereby changed and amended to read "one-fifth (1/5th)".

It is the intention of the Lessor to lease, and the Lessor does hereby let and lease to Lessee all their mineral interest owned or claimed in Section 16, T5N-R29W, whether correctly or completely described hereinabove or not.

No part of homestead.

This lease also covers and includes, in addition to that above described, all land, if any, contiguous or adjacent to or adjoining the land above described and (a) owned or claimed by lessor by limitation, prescription, possession, reversion or unrecorded instrument or (b) as to which lessor has a preference right of acquisition. Lessor agrees to execute any supplemental instrument requested by lessee for a more complete or accurate description of said land.  For the purpose of determining the amount of any bonus or other payment hereunder, said land shall be deemed to contain  **40.68**  acres, whether actually containing more or less, and the above recital of acreage in any tract shall be deemed to be the true acreage thereof.  Lessor accepts the bonus as lump sum consideration for this lease and all rights, and options hereunder.

2.   Unless sooner terminated or longer kept in force under other provisions hereof, this lease shall remain in force for a term of **three (3) years**, hereinafter called "primary term", and as long thereafter as operations, as hereinafter defined, are conducted upon said land with no cessation for more than ninety (90) consecutive days.

3.   As royalty, lessee covenants and agrees:  (a)  To deliver to the credit of lessor, in the pipe line to which lessee may connect its wells, the equal one-eighth part of all oil produced and saved by lessee from said land, or from time to time, at the option of lessee, to pay lessor the average posted market price of such one-eighth part of such oil at the wells as of the day it is run to the pipe line or storage tanks, lessor's interest, in either case, to bear one-eighth of the cost of treating oil to render it marketable pipe line oil;  (b)  To pay lessor on gas and casinghead gas produced from said land  (1)  when sold by lessee, one-eighth of the amount realized by lessee, computed at the mouth of the well, or  (2)  when used by lessee off said land or in the manufacture of gasoline or other products, the market value, at the mouth of the well, of one-eighth of such gas and casinghead gas; (c)  To pay lessor on all other minerals mined and marketed or utilized by lessee from said land, one-tenth either in kind or value at the well or mine at lessee's election, except that on sulphur mined and marketed the royalty shall be one dollar ($1.00) per long ton.  If, at the expiration of the primary term or at any time or times thereafter, there is any well on said land or on lands with which said land or any portion thereof has been pooled, capable of producing gas or any other mineral covered hereby, and all such wells are shut-in, this lease shall, nevertheless, continue in force as though operations were being conducted on said land for so long as said wells are shut-in, and thereafter this lease may be continued in force as if no shut-in had occurred.  Lessee covenants and agrees to use reasonable diligence to produce, utilize, or market the minerals capable of being produced from said wells, but in the exercise of such diligence, lessee shall not be obligated to install or furnish facilities other than well facilities and ordinary lease facilities of flow lines, separator, and lease tank, and shall not be required to settle labor trouble or to market gas upon terms unacceptable to lessee. If, at any time or times after the expiration of the primary term, all such wells are shut-in for a period of ninety consecutive days, and during such time there are no operations on said land, then at or before the expiration of said ninety day period, lessee shall pay or tender, by check or draft of lessee, as royalty, a sum equal to one dollar ($1.00) for each acre of land then covered hereby.  Lessee shall make like payments or tenders at or before the end of each anniversary of the expiration of said ninety day period if upon such anniversary this lease is being continued in force solely by reason of the provision of this sub-paragraph. Each such payment or tender shall be made to the parties who at the time would be entitled to receive the royalties which would be paid under this lease if the wells were producing, or may be deposited to such parties credit in the **DIRECTLY TO THE LESSOR at THE ABOVE ADDRESS**___ or its successors, which shall continue as the depositories, regardless of changes in the ownership of shut-in royalty.  If at any time that lessee pays or tenders shut-in royalty, two or more parties are, or claim to be, entitled to receive same, lessee may, in lieu of any other method of payment herein provided, pay or tender such shut-in royalty, in the manner above specified, either jointly to such parties or separately to each in accordance with their respective ownerships thereof, as lessee may elect.  Any payment hereunder may be made by check or draft of lessee deposited in the mail or delivered to the party entitled to receive payment or to a depository bank provided for above on or before the last date for payment.  Nothing herein shall impair lessee's right to release as provided in paragraph 5 hereof.  In the event of assignment of this lease in whole or in part, liability for payment hereunder shall rest exclusively on the then owner or owners of this lease, severally as to acreage owned by each.

4.   Lessee is hereby granted the right, at its option, to pool or unitize all or any part of said land and of this lease as to any or all minerals or horizons thereunder, with other lands, lease or leases, or portion or portions thereof, or mineral or horizon thereunder, so as to establish units containing not more than 80 surface acres plus 10% acreage tolerance; provided, however, a unit may be established or an existing unit may be enlarged to contain not more than 640 acres plus 10% acreage tolerance, if utilized only as to gas or only as to gas and liquid hydrocarbons (condensate) which are not a liquid in the subsurface reservoir.  If larger units are required, under any governmental rule or order, for the drilling or operation of a well at a regular location, or for obtaining maximum allowable, from any well to be drilled, drilling, or already drilled, any such unit may be established or enlarged, to conform to the size required by such governmental order or rule, Lessee shall exercise said option as to each desired unit by executing an instrument identifying such unit and filing it for record in the public office in which this lease is recorded.  Each of said options may be exercised by lessee from time to time, and whether before or after production has been established either on said land or on the portion of said land included in the unit or on other land unitized therewith any such unit may include any well to be drilled, being drilled or already completed.  A unit established hereunder shall be valid and effective for all purposes of this lease even though there may be land or mineral, royalty or leasehold interests in land within the unit which are not pooled or unitized. Any operations conducted on any part of such unitized land shall be considered, for all purposes, except the payment of royalty, operations conducted under this lease.  There shall be allocated to the land covered by this lease included in any such unit that proportion of the total production of unitized minerals from wells in the unit, after deducting any used in lease or unit operations, which the number of surface acres in the land covered by this lease included in the unit bears to the total number of surface acres in the unit.  The production so allocated shall be considered for all purposes, including the payment or deliver of royalty, overriding royalty, and any other payments out of production, to be the entire production of unitized minerals from the portion of said land covered hereby and included in such unit in the same manner as though produced from said land under terms of this lease.  The owner of the reversionary estate of any term royalty or mineral estate agrees that the accrual of royalties pursuant to this paragraph or of shut-in royalties from a well on the unit shall satisfy any limitation of term requiring production of oil or gas.  The formation of such unit shall not have the effect of changing the ownership of any shut-in production royalty which may become payable under this lease. Neither shall it impair the right of lessee to release from this lease all or any portion of said land, except that lessee may not so release as to lands within a unit while there are operations thereon for unitized minerals unless all pooled leases are released as to lands within the unit.  Lessee may dissolve any unit established hereunder by filing for record in the public office where this lease is recorded a declaration to that effect, if at that time no operations are being conducted thereon for unitized minerals.  Subject to the provisions of this paragraph 4, a unit once established hereunder shall remain in force so long as any lease subject thereto shall remain in force. A unit may be so established, modified or dissolved during the life of this lease.

5. Lessee may at any time and from time to time execute and deliver to lessor or file for record a release or releases of this lease as to any part or all of said land or of any mineral or horizon thereunder, and thereby be relieved of all obligations as to the released acreage or interest.

6. This is a **PAID-UP LEASE.** In consideration of the down cash payment, Lessor agrees that Lessee shall not be obligated except as otherwise provided herein, to commence or continue any operations during the primary term. Whenever used in this lease the word "operations" shall mean operations for and any of the following: drilling, testing, completing, reworking, recompleting, deepening, plugging back or repairing of a well in search for or in an endeavor to obtain production of oil, gas, sulphur or other minerals, excavating a mine, production of oil, gas, sulphur or other mineral, whether or not in paying quantities.

7. Lessee shall have the use, free from royalty, of water, other than from lessor's water wells, and of oil and gas produced from said land in all operations hereunder. Lessee shall have the right at any time to remove all machinery and fixtures placed on said land, including the right to draw and remove casing. No well shall be drilled nearer than 200 feet to the house or barn now on said land without the consent of the lessor. Lessee shall pay for damages caused by its operations to growing crops and timber on said land.

8. The rights and estate of any party hereto may be assigned from time to time in whole or in part and as to any mineral or horizon. All of the covenants, obligations, and considerations of this lease shall extend to and be binding upon the parties hereto, their heirs, successors, assigns, and successive assigns. No changes or division in the ownership of said land, royalties, or other moneys, or any part thereof, howsoever effected, shall increase the obligations or diminish the rights of lessee, including, but not limited to, the location and drilling of wells and the measurement of production. Notwithstanding any other actual or constructive knowledge or notice thereof of or to lessee, its successors or assigns, no change or division in the ownership of said land or of the royalties, or other moneys, or the right to receive the same, howsoever effected, shall be binding upon the then record owner of this lease until thirty (30) days after there has been furnished to such record owner at his or its principal place of business by lessor or lessor's heirs, successors, or assigns, notice of such change or division, and of such court records and proceedings, transcripts, or other documents as shall be necessary in the opinion of such record owner to establish the validity of such change or division. If any such change in ownership occurs by reason of the death of the owner, lessee may, nevertheless, pay or tender such royalties, or other moneys, or part thereof, to the credit of the decedent in a depository bank provided for above.

9. In the event lessor considers that lessee has not complied with all its obligations hereunder, both express and implied, lessor shall notify lessee in writing, setting out specifically in what respects lessee has breached this contract. Lessee shall then have sixty (60) days after receipt of said notice within which to meet or commence to meet all or any part of the breaches alleged by lessor. The service of said notice shall be precedent to the bringing of any action by lessor on said lease for any cause, and no such action shall be brought until the lapse of sixty (60) days after service of such notice on lessee. Neither the service of said notice nor the doing of any acts by lessee aimed to meet all or any of the alleged breaches shall be deemed an admission or presumption that lessee has failed to perform all its obligations hereunder. Should it be asserted in any notice given to the lessee under the provisions of this paragraph that lessee has failed to comply with any implied obligation or covenant hereof, this lease shall not be subject to cancellation for any such cause except after final judicial ascertainment that such failure exists and lessee has then been afforded a reasonable time to prevent cancellation by complying with and discharging its obligations as to which lessee has been judicially determined to be in default. If this lease is cancelled for any cause, it shall nevertheless remain in force and effect as to (1) sufficient acreage around each well as to which there are operations to constitute a drilling or maximum allowable unit under applicable governmental regulations, (but in no event less than forty acres), such acreage to be designated by lessee as nearly as practicable in the form of a square centered at the well, or in such shape as then existing spacing rules require; and (2) any part of said land included in a pooled unit on which there are operations. Lessee shall also have such easements on said land as are necessary to operations on the acreage so retained.

10. Lessor hereby warrants and agrees to defend title to said land against the claims of all persons whomsoever. Lessor's rights and interest hereunder shall be charged primarily with any mortgages, taxes or other liens, or interest and other charges on said land, but lessor agrees that lessee shall have the right at any time to pay or reduce same for lessor, either before or after maturity, and be subrogated to the rights of the holder thereof and to deduct amounts so paid from royalties or other payments payable or which may become payable to lessor and/or assigns under this lease. Lessee is hereby given the right to acquire for its own benefit, deeds, leases, or assignments covering any interest or claim in said land which lessee or any other party contends is outstanding and not covered hereby and even though such outstanding interest or claim be invalid or adverse to lessor. If this lease covers a less interest in the oil, gas, sulphur, or other minerals in all or any part of said land than the entire and undivided fee simple estate (whether lessor's interest is herein specified or not), or no interest therein, then the royalties, and other moneys accruing from any part as to which this lease covers less than such full interest, shall be paid only in the proportion which the interest therein, if any, covered by this lease, bears to the whole and undivided fee simple estate therein. All royalty interest covered by this lease (whether or not owned by lessor) shall be paid out of the royalty herein provided. This lease shall be binding upon each party who executes it without regard to whether it is executed by all those named herein as lessor.

11. If, while this lease is in force, at, or after the expiration of the primary term hereof, it is not being continued in force by reason of the shut-in well provisions of paragraph 3 hereof, and lessee is not conducting operations on said land by reason of (1) any law, order, rule or regulation, (whether or not subsequently determined to be invalid) or (2) any other cause, whether similar or dissimilar, (except financial) beyond the reasonable control of lessee, the primary term hereof shall be extended until the first anniversary date hereof occurring ninety (90) or more days following the removal of such delaying cause, and this lease may be extended thereafter by operations as if such delay had not occurred.

IN WITNESS WHEREOF, this instrument is executed on the date first above written.

WITNESSES:

*Brenda E. Medlin*
BRENDA E. MEDLIN
PRINT WITNESS NAME

*Harold Studdard*
Harold Studdard
PRINT WITNESS NAME

*Eveline R. Nobley*
Eveline R. Nobley

JOINT OR SINGLE ACKNOWLEDGMENT
(MISSISSIPPI-ALABAMA-FLORIDA)

STATE OF *Texas*
COUNTY OF *Montgomery*

I hereby certify, that on this day, before me a _____**Notary Public**_____ duly authorized in the state and county aforesaid to take acknowledgements, personally appeared EVELINE R. NOBLEY to me known to be the person described in and who executed the foregoing instrument and she acknowledged before me that, being informed of the contents of the same, she voluntarily signed and delivered the within and foregoing instrument on the day and year therein mentioned.

(Affix seal)

HELEN STUDDARD
Notary Public, State of Texas
Comm. Expires 02-19-2022
Notary ID 128182910

*Helen Studdard*   6/28/19
Notary Public

My commission expires __2/19/2022__ in and for *Montgomery* County, *Texas*.

This instrument prepared by: Lessee 5395 Pearl Parkway, Suite 200, Boulder, Colorado 80301

| United States Bankruptcy Court for the District of Colorado | For Court Use Only |
|---|---|
| **Name of Debtor:** Sklarco, LLC | Claim Number: 0000010151 |
| **Case Number:** 20-12380 | File Date: 09/28/2020 16:49:58 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/19**

---

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____Jennifer J. Nobley_____

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☑ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name   Jennifer J. Nobley | Name _____ |
| Address   2101 Winding Springs Dr. | Address _____ |
| | |
| | |
| City   League City | City _____ |
| State   TX        ZIP Code  77573 | State _____   ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:   281-467-2211 | Phone: _____ |
| Email:   jjnobley@yahoo.com | Email: _____ |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☒ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7. How much is the claim?**

$ _undetermined_____

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis _____

Oil, Gas and Mineral Lease

---

**9. Is all or part of the claim secured?**

☒ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:  $_____

**Annual Interest Rate** (when case was filed)    _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☒ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☒ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes.  **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

| Part 3: | Sign Below |

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Jennifer Nobley*                                    09/28/2020 16:49:58

Signature                                              Date

**Provide the name and contact information of the person completing and signing this claim:**

Name        Jennifer Nobley

Address     2101 Winding Springs Dr.

City         League City

State        TX                                    Zip    77573

Country (in international)    USA

Phone        281-467-2211

Email        jjnobley@yahoo.com

Page 3 of 3

File # 202048888
OR BK 4006 Pages 350 - 351
RECORDED 09/04/20 09:03 AM
Donald C. Spencer, Clerk
Santa Rosa County, Florida
DEPUTY CLERK TDW
Trans # 1015358
#1

This Instrument Prepared By:
Benjamin Y. Ford
ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
(251) 405-1300

## RATIFICATION OF
## OIL, GAS AND MINERAL LEASE

STATE OF FLORIDA
COUNTY OF SANTA ROSA

WHEREAS, by instrument dated May 21, 2019, recorded in Book 3853, Page 390 of the Official Records in the office of the Clerk of the Circuit Court of Santa Rosa County, Florida, Eveline R. Nobley, as lessor, executed an Oil, Gas and Mineral Lease in favor of Sklarco, L.L.C., as Lessee, covering certain property located in Section 16, Township 5 North, Range 29 West, Santa Rosa County, Florida (hereinafter "the Lease"); and

WHEREAS, it is the desire of the undersigned Jennifer Jeannette Nobley to adopt, ratify and confirm the Lease.

NOW, THEREFORE, for and in consideration of the premises and the sum of Ten Dollars ($10.00), and other good and valuable consideration, the receipt of which is hereby acknowledged, the undersigned Jennifer Jeannette Nobley, a _Single_ woman, does hereby ratify, adopt, approve, and confirm the Lease and all of its terms and provisions, does hereby grant, lease, and let the land described in the Lease to Sklarco, L.L.C. in accordance with the terms and provisions of the Lease, and does hereby agree and declare that the Lease and all of its terms and provisions are binding on her and is a valid and subsisting oil, gas and mineral lease.

IN WITNESS WHEREOF, the undersigned has executed this instrument on this the _11th_ day of _September_, 2020.

_Jennifer Jeannette Nobley_

Signed in the Presence of:

JENNIFER JEANNETTE NOBLEY

_Signature of Witness 1_

Signature of Witness 1

_Rogu H. Wright_

Print/Type Name of Witness 1

_Signature of Witness 2_

Signature of Witness 2

_Kristi J. Sofka_

Print/Type Name of Witness 2

STATE OF   TEXAS

COUNTY OF   HARRIS

The foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization, this _11_ day of _September_ , 2020, by Jennifer Jeannette Nobley, who is personally known to me or who has produced _DRIVER'S LICENSE_ as identification.

_Deborah A Payne_

NOTARY PUBLIC

Print/Type Name

[AFFIX NOTARIAL SEAL]

My commission expires:

_____

My commission expires: _____

DEBORAH A. PAYNE
Notary Public, State of Texas
ID # 8008050
Commission Expires
JANUARY 20, 2022

File # 201932218
...2853
RECORDED 07/24/19 04:28 PM
Donald C. Spencer, Clerk
Santa Rosa County, Florida
DEPUTY CLERK NS
Trans # 844135
#2
Doc D $3.50

Producers 88 Paid Up
With Pooling Provision
Mississippi-Alabama-Florida

# OIL, GAS AND MINERAL LEASE

THIS AGREEMENT made this _____ 21st _____ day of _____ May _____, 2019, between

EVELINE R. NOBLEY

Lessor (whether one or more), whose address is  2611 Wildwood Street, New Caney, Texas 77357
and  **Sklarco, LLC.,** 5395 Pearl Parkway, Suite 200, Boulder, Colorado 80301 ,Lessee, WITNESSETH:

1.   Lessor, in consideration of _____ Ten Dollars  $10.00 (and other valuable considerations) _____ Dollars, receipt of which is hereby acknowledged, and of the covenants and agreements of lessee hereinafter contained, does hereby grant, lease and let unto lessee the land covered hereby for the purposes and with the exclusive right of exploring, drilling, mining and operating for, producing and owning oil, gas (including carbon dioxide), sulphur and all other minerals (whether or not similar to those mentioned), together with the right to make surveys on said land, lay pipe lines, establish and utilize facilities for surface or subsurface disposal of salt water, construct roads, and bridges, dig canals, build tanks, power stations, power lines, telephone lines, employee houses and other structures on said land, necessary or useful in lessee's operations in exploring, drilling for, producing, treating, storing and transporting minerals produced from the land covered hereby or any other land adjacent thereto. The land covered hereby, herein called "said land", is located in the County of **SANTA ROSA** State of **FLORIDA** , and is described as follows:

## TOWNSHIP 5 NORTH, RANGE 29 WEST

Section 16:  The South half (S/2) of Government Lot 2, LESS AND EXCEPT 2.59 acres in the Northeast corner, together with 2.52 acres in the Southwest corner of Government Lot 1, comprising in the aggregate of 40.68 acres, more or less.

Notwithstanding anything to the contrary in Paragraph 3 hereof, wherever the words "one-eighth (1/8th)" appears, the same is hereby changed and amended to read "one-fifth (1/5th)".

It is the intention of the Lessor to lease, and the Lessor does hereby let and lease to Lessee all their mineral interest owned or claimed in Section 16, T5N-R29W, whether correctly or completely described hereinabove or not.

No part of homestead.

This lease also covers and includes, in addition to that above described, all land, if any, contiguous or adjacent to or adjoining the land above described and (a) owned or claimed by lessor by limitation, prescription, possession, reversion or unrecorded instrument or (b) as to which lessor has a preference right of acquisition. Lessor agrees to execute any supplemental instrument requested by lessee for a more complete or accurate description of said land. For the purpose of determining the amount of any bonus or other payment hereunder, said land shall be deemed to contain **40.68** acres, whether actually containing more or less, and the above recital of acreage in any tract shall be deemed to be the true acreage thereof. Lessor accepts the bonus as lump sum consideration for this lease and all rights, and options hereunder.

2.   Unless sooner terminated or longer kept in force under other provisions hereof, this lease shall remain in force for a term of **three (3) years**, hereinafter called "primary term", and as long thereafter as operations, as hereinafter defined, are conducted upon said land with no cessation for more than ninety (90) consecutive days.

3.   As royalty, lessee covenants and agrees:  (a)  To deliver to the credit of lessor, in the pipe line to which lessee may connect its wells, the equal one-eighth part of all oil produced and saved by lessee from said land, or from time to time, at the option of lessee, to pay lessor the average posted market price of such one-eighth part of such oil at the wells as of the day it is run to the pipe line or storage tanks, lessor's interest, in either case, to bear one-eighth of the cost of treating oil to render it marketable pipe line oil;  (b)  To pay lessor on gas and casinghead gas produced from said land  (1)  when sold by lessee, one-eighth of the amount realized by lessee, computed at the mouth of the well, or  (2)  when used by lessee off said land or in the manufacture of gasoline or other products, the market value, at the mouth of the well, of one-eighth of such gas and casinghead gas;  (c)  To pay lessor on all other minerals mined and marketed or utilized by lessee from said land, one-tenth either in kind or value at the well or mine at lessee's election, except that on sulphur mined and marketed the royalty shall be one dollar ($1.00) per long ton.  If, at the expiration of the primary term or at any time or times thereafter, there is any well on said land or on lands with which said land or any portion thereof has been pooled, capable of producing gas or any other mineral covered hereby, and all such wells are shut-in, this lease shall, nevertheless, continue in force as though operations were being conducted on said land for so long as said wells are shut-in, and thereafter this lease may be continued in force as if no shut-in had occurred.  Lessee covenants and agrees to use reasonable diligence to produce, utilize, or market the minerals capable of being produced from such wells, but in the exercise of such diligence, lessee shall not be obligated to install or furnish facilities other than well facilities and ordinary lease facilities of flow lines, separator, and lease tank, and shall not be required to settle labor trouble or to market gas upon terms unacceptable to lessee. If, at any time or times after the expiration of the primary term, all such wells are shut-in for a period of ninety consecutive days, and during such time there are no operations on said land, then at or before the expiration of said ninety day period, lessee shall pay or tender, by check or draft of lessee, as royalty, a sum equal to one dollar ($1.00) for each acre of land then covered hereby.  Lessee shall make like payments or tenders at or before the end of each anniversary of the expiration of said ninety day period if upon such anniversary this lease is being continued in force solely by reason of the provision of this sub-paragraph. Each such payment or tender shall be made to the parties who at the time would be entitled to receive the royalties which would be paid under this lease if the wells were producing, or may be deposited to such parties credit in the **DIRECTLY TO THE LESSOR** at **THE ABOVE ADDRESS** or its successors, which shall continue as the depositories, regardless of changes in the ownership of shut-in royalty.  If at any time that lessee pays or tenders shut-in royalty, two or more parties are, or claim to be, entitled to receive same, lessee may, in lieu of any other method of payment herein provided, pay or tender such shut-in royalty, in the manner above specified, either jointly to such parties or separately to each in accordance with their respective ownerships thereof, as lessee may elect.  Any payment hereunder may be made by check or draft of lessee deposited in the mail or delivered to the party entitled to receive payment or to a depository bank provided for above on or before the last date for payment. Nothing herein shall impair lessee's right to release as provided in paragraph 5 hereof.  In the event of assignment of this lease in whole or in part, liability for payment hereunder shall rest exclusively on the then owner or owners of this lease, severally as to acreage owned by each.

4.   Lessee is hereby granted the right, at its option, to pool or unitize all or any part of said land and this lease as to any or all minerals or horizons thereunder, with other lands, lease or leases, or portion or portions thereof, or mineral or horizon thereunder, so as to establish units containing not more than 80 surface acres plus 10% acreage tolerance; provided, however, a unit may be established or an existing unit may be enlarged to contain not more than 640 acres plus 10% acreage tolerance, if utilized only as to gas or only as to gas and liquid hydrocarbons (condensate) which are not a liquid in the subsurface reservoir.  If larger units are required, under any governmental rule or order, for the drilling or operation of a well at a regular location, or for obtaining maximum allowable, from any well to be drilled, drilling, or already drilled, any such unit may be established or enlarged, to conform to the size required by such governmental order or rule, Lessee shall exercise said option as to each desired unit by executing an instrument identifying such unit and filing it for record in the public office in which this lease is recorded.  Each of said options may be exercised by lessee from time to time, and whether before or after production has been established either on said land or on the portion of said land included in the unit or on other land unitized therewith any such unit may include any well to be drilled, being drilled or already completed.  A unit established hereunder shall be valid and effective for all purposes of this lease even though there may be land or mineral, royalty or leasehold interests in land within the unit which are not pooled or unitized.  Any operations conducted on any part of such unitized land shall be considered, for all purposes, except the payment of royalty, operations conducted under this lease.  There shall be allocated to the land covered by this lease included in any such unit that proportion of the total production of unitized minerals from wells in the unit, after deducting any used in lease or unit operations, which the number of surface acres in the land covered by this lease included in the unit bears to the total number of surface acres in the unit.  The production so allocated shall be considered for all purposes, including the payment or deliver of royalty, overriding royalty, and any other payments out of production, to be the entire production of unitized minerals from the portion of said land covered hereby and included in such unit in the same manner as though produced from said land under terms of this lease.  The owner of the reversionary estate of any term royalty or mineral estate agrees that the accrual of royalties pursuant to this paragraph or of shut-in royalties from a well on the unit shall satisfy any limitation of term requiring production of oil or gas.  The formation of such unit shall not have the effect of changing the ownership of any shut-in production royalty which may become payable under this lease.  Neither shall it impair the right of lessee to release from this lease all or any portion of said land, except that lessee may not so release as to lands within a unit while there are operations thereon for unitized minerals unless all pooled leases are released as to lands within the unit.  Lessee may dissolve any unit established hereunder by filing for record in the public office where this lease is recorded a declaration to that effect, if at that time no operations are being conducted thereon for unitized minerals.  Subject to the provisions of this paragraph 4, a unit once established hereunder shall remain in force so long as any lease subject thereto shall remain in force.  A unit may be so established, modified or dissolved during the life of this lease.

5.    Lessee may at any time and from time to time execute and deliver to lessor or file for record a release or releases of this lease as to any part or all of said land or of any mineral or horizon thereunder, and thereby be relieved of all obligations as to the released acreage or interest.

6.    This is a **PAID-UP LEASE.**  In consideration of the down cash payment, Lessor agrees that Lessee shall not be obligated except as otherwise provided herein, to commence or continue any operations during the primary term.  Whenever used in this lease the word "operations" shall mean operations for and any of the following:  drilling, testing, completing, reworking, recompleting, deepening, plugging back or repairing of a well in search for or in an endeavor to obtain production of oil, gas, sulphur or other minerals, excavating a mine, production of oil, gas, sulphur or other mineral, whether or not in paying quantities.

7.    Lessee shall have the use, free from royalty, of water, other than from lessor's water wells, and of oil and gas produced from said land in all operations hereunder.  Lessee shall have the right at any time to remove all machinery and fixtures placed on said land, including the right to draw and remove casing.  No well shall be drilled nearer than 200 feet to the house or barn now on said land without the consent of the lessor.  Lessee shall pay for damages caused by its operations to growing crops and timber on said land.

8.    The rights and estate of any party hereto may be assigned from time to time in whole or in part and as to any mineral or horizon.  All of the covenants, obligations, and considerations of this lease shall extend to and be binding upon the parties hereto, their heirs, successors, assigns, and successive assigns.  No changes or division in the ownership of said land, royalties, or other moneys, or any part thereof, howsoever effected, shall increase the obligations or diminish the rights of lessee, including, but not limited to, the location and drilling of wells and the measurement of production.  Notwithstanding any other actual or constructive knowledge or notice thereof of or to lessee, its successors or assigns, no change or division in the ownership of said land or of the royalties, or other moneys, or the right to receive the same, howsoever effected, shall be binding upon the then record owner of this lease until thirty (30) days after there has been furnished to such record owner at his or its principal place of business by lessor or lessor's heirs, successors, or assigns, notice of such change or division, and of such court records and proceedings, transcripts, or other documents as shall be necessary in the opinion of such record owner to establish the validity of such change or division.  If any such change in ownership occurs by reason of the death of the owner, lessee may, nevertheless, pay or tender such royalties, or other moneys, or part thereof, to the credit of the decedent in a depository bank provided for above.

9.    In the event lessor considers that lessee has not complied with all its obligations hereunder, both express and implied, lessor shall notify lessee in writing, setting out specifically in what respects lessee has breached this contract.  Lessee shall then have sixty (60) days after receipt of said notice within which to meet or commence to meet all or any part of the breaches alleged by lessor.  The service of said notice shall be precedent to the bringing of any action by lessor on said lease for any cause, and no such action shall be brought until the lapse of sixty (60) days after service of such notice on lessee.  Neither the service of said notice nor the doing of any acts by lessee aimed to meet all or any of the alleged breaches shall be deemed an admission or presumption that lessee has failed to perform all its obligations hereunder.  Should it be asserted in any notice given to the lessee under the provisions of this paragraph that lessee has failed to comply with any implied obligation or covenant hereof, this lease shall not be subject to cancellation for any such cause except after final judicial ascertainment that such failure exists and lessee has then been afforded a reasonable time to prevent cancellation by complying with and discharging its obligations as to which lessee has been judicially determined to be in default.  If this lease is cancelled for any cause, it shall nevertheless remain in force and effect as to (1) sufficient acreage around each well as to which there are operations to constitute a drilling or maximum allowable unit under applicable governmental regulations, (but in no event less than forty acres), such acreage to be designated by lessee as nearly as practicable in the form of a square centered at the well, or in such shape as then existing spacing rules require; and (2) any part of said land included in a pooled unit on which there are operations.  Lessee shall also have such easements on said land as are necessary to operations on the acreage so retained.

10.    Lessor hereby warrants and agrees to defend title to said land against the claims of all persons whomsoever.  Lessor's rights and interest hereunder shall be charged primarily with any mortgages, taxes or other liens, or interest and other charges on said land, but lessor agrees that lessee shall have the right at any time to pay or reduce same for lessor, either before or after maturity, and be subrogated to the rights of the holder thereof and to deduct amounts so paid from royalties or other payments payable or which may become payable to lessor and/or assigns under this lease.  Lessee is hereby given the right to acquire for its own benefit, deeds, leases, or assignments covering any interest or claim in said land which lessee or any other party contends is outstanding and not covered hereby and even though such outstanding interest or claim be invalid or adverse to lessor.  If this lease covers a less interest in the oil, gas, sulphur, or other minerals in all or any part of said land than the entire and undivided fee simple estate (whether lessor's interest is herein specified or not), or no interest therein, then the royalties, and other moneys accruing from any part as to which this lease covers less than such full interest, shall be paid only in the proportion which the interest therein, if any, covered by this lease, bears to the whole and undivided fee simple estate therein.  All royalty interest covered by this lease (whether or not owned by lessor) shall be paid out of the royalty herein provided.  This lease shall be binding upon each party who executes it without regard to whether it is executed by all those named herein as lessor.

11.    If, while this lease is in force, at, or after the expiration of the primary term hereof, it is not being continued in force by reason of the shut-in well provisions of paragraph 3 hereof, and lessee is not conducting operations on said land by reason of (1) any law, order, rule or regulation, (whether or not subsequently determined to be invalid) or (2) any other cause, whether similar or dissimilar, (except financial) beyond the reasonable control of lessee, the primary term hereof shall be extended until the first anniversary date hereof occurring ninety (90) or more days following the removal of such delaying cause, and this lease may be extended thereafter by operations as if such delay had not occurred.

IN WITNESS WHEREOF, this instrument is executed on the date first above written.

WITNESSES:

*Brenda E. Medlin*

BRENDA E. MEDLIN
PRINT WITNESS NAME

*Harold Studdard*

Harold Studdard
PRINT WITNESS NAME

*Eveline R. Nobley*

Eveline R. Nobley

JOINT OR SINGLE ACKNOWLEDGMENT
(MISSISSIPPI-ALABAMA-FLORIDA)

STATE OF *Texas*

COUNTY OF *Montgomery*

I hereby certify, that on this day, before me a _____**Notary Public**_____ duly authorized in the state and county aforesaid to take acknowledgements, personally appeared EVELINE R. NOBLEY to me known to be the person described in and who executed the foregoing instrument and she acknowledged before me that, being informed of the contents of the same, she voluntarily signed and delivered the within and foregoing instrument on the day and year therein mentioned.

(Affix seal)

HELEN STUDDARD
Notary Public, State of Texas
Comm. Expires 02-19-2022
Notary ID 128182910

*Helen Studdard*     6/28/19
Notary Public

My commission expires  *2/19/2022*  in and for  *Montgomery* county,  *Texas* .

This instrument prepared by:  Lessee 5395 Pearl Parkway, Suite 200, Boulder, Colorado 80301