**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>SKLAR EXPLORATION COMPANY, LLC,<br><br>Debtor. | Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>SKLARCO, LLC,<br><br>Debtor. | Case No. 20-12380 EEB<br>Chapter 11<br><br>**Jointly Administered Under**<br>**Case No. 20-12377 EEB** |

**ORDER FOR COMPLIANCE WITH LOCAL BANKRUPTCY RULE 9013-1 OR OTHER APPLICABLE RULES OF PROCEDURE REGARDING SERVICE AND NOTICE**

THIS MATTER comes before the Court on multiple Motions/Objections to Claim filed by the Debtor ("Movant").  The Court finds that the Movant has failed to comply with applicable rules of procedure, noted more specifically below:

☒ Local Bankruptcy Rule 3007-1 (a): Failure to comply with and prosecute the claim objection in the manner prescribed in Fed. R. Bankr. P. 3007 and L.B.R. 9013-1.

☒ Fed.R.B.P. 3007 (a):  with respect to Epiq Claim Nos. 187, 189, 196 and 205, Movant failed to serve a copy of the Objection and L.B.R. 9013-1 notice on the Claimant in the manner set forth in Fed. R. B. P. 3007(a)(2).  **Movant is required to serve the person most recently designated on the claimant's original or amended proof of claim as the person to receive notices, at the address so indicated.**

☒ Fed.R.B.P. 3007 (a):  with respect to Epiq Claim No. 292 of the U.S. Department of Interior Bureau of Land Management, Movant failed to serve a copy of the Objection and L.B.R. 9013-1 notice on the Claimant in the manner set forth in Fed. R. B. P. 3007(a)(2)(A)(i).  **For an objection to a claim of the United States or any of its officers or agencies, service must comply with Rule 7004(b)(4) or (5).**

☒ Other: failure to serve or provide proof of service of the **L.B.R. 9013-1 Notice along with the Motion**, as required by this rule and L.B.R. 3007-1(a) as to the following:

Objection No. 1719 and corresponding 9013-1 Notice at No. 1741;
Objection No. 1723 and corresponding 9013-1 Notice at No. 1747;
Objection No. 1728 and corresponding 9013-1 Notice at No. 1755;
Objection No. 1729 and corresponding 9013-1 Notice at No. 1754;
Objection No. 1730 and corresponding 9013-1 Notice at No. 1742;
Objection No. 1731 and corresponding 9013-1 Notice at No. 1753;

☒ Other: Where Movant must correct service deficiencies, Movant must file a new 9013 Notice in substantial conformity with Local Bankruptcy Rule 9013-1. Service of the new 9013 Notice **must include a copy of the Motion/Objection to Claim**. The objection period in the Notice must be 30 days from service of the new 9013 Notice. Movant must then file a Certificate of Contested Matter/Certificate of Non-Contested Matter, as appropriate, when the new objection deadline passes.

Accordingly, IT IS HEREBY ORDERED that Movant must cure the above-noted deficiencies by the cure date listed below, failing which the Motions will be denied without further notice.

**Deficiency Cure Date:** **April 29, 2022.**

DATE: this 15th day of April, 2022.

BY THE COURT:

*Elizabeth E. Brown*
Elizabeth E. Brown, Bankruptcy Judge