# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SKLAR EXPLORATION COMPANY, LLC, | ) | Case No. 20-12377 EEB |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | |
| SKLARCO, LLC, | ) | Case No. 20-12380 EEB |
| Debtor. | ) | Chapter 11 |
| | ) | |

## RESPONSE IN OPPOSITION TO OBJECTION TO CLAIM OF BETTYE LACOUR

BETTYE LACOUR, a creditor and party in interest, through counsel, respectfully submits her Response in Opposition to the Debtors' Objection to Claim of Bettey LaCour, and states as follows:

1. Ms. LaCour is an elderly woman formerly employed by the Debtor, Sklar Exploration Company, LLC ("Debtor").

2. Ms. LaCour's employment spanned many, many decades for the Debtor. Her position was primarily as the personal assistant to the Sklar family member who headed up the Company. Over time and generations, Ms. LaCour worked for several heads of the family who controlled the Company. She also over saw the development of the Company from its small beginnings in Louisiana, to the large company with affiliates that filed for bankruptcy relief in Colorado.

3. At the time of her cessation of employment, Ms. LaCour was the personal assistant to Mr. Howard F. Sklar.

4. In order to induce Ms. LaCour to cease her employment, as well as withdraw from the

Debtor's retirement and pension benefit programs, among other things, the Debtor promised to pay Ms. LaCour a fixed sum every year until her death or 2063, whichever came first.

5. The parties entered into a Separation Agreement effective July 17, 2012. *See Proof of Claim No. 83-1.* As part of the Separation Agreement, the Debtor and Ms. LaCour entered into a Retainer Agreement. *Id.*

6. Under the Retainer Agreement, the Debtor agreed to pay Ms. LaCour the sum of $45,000 per year, in monthly installments, from 2012 through 2022. *Id.* From and after January 1, 2023 until 2063, the Debtor agreed to pay Ms. LaCour $30,000 per year in monthly installments. *Id.*

7. Ms. LaCour was not an employee, partner, agent, or principal of the Debtor under the Retainer Agreement. *Id.* Rather, she was an "independent contractor." *Id.*

8. Under the Retainer Agreement, Ms. LaCour is entitled to damages in the event of a default. *Id.* (The Separation Agreement and Retainer Agreement are collectively referred to herein as the "Agreements").

9. Ms. LaCour was alive on the Petition Date and remains alive today.

10. The Debtor did not assume the Agreements either prior to confirmation or within its Plan of Reorganization. As a result, Ms. LaCour's Agreements were deemed rejected under 11 U.S.C. §365. Such rejection is a breach. 11 U.S.C. §365(g); *Mission Products Hldgs., Inc. v. Tempnology, LLC*, 139 S.Ct. 1652 (2019). The Debtor is therefore in default of the Agreements.

11. Ms. LaCour filed a Proof of Claim in this bankruptcy case for her damages under the

Agreements in the amount of $367,500. *See Proof of Claim No. 83.*

12. The Debtor objects to Ms. LaCour's Proof of Claim asserting that "there is no basis for Ms. LaCour to assert the amount of her claim, nor is [sic] supported by the agreement, which is noticeably missing any sort of early payout or damages provision." *See Docket No. 1724, Objection, at 2.* The Debtor fails to cite any legal authority for its argument. Nonetheless, such an argument lacks merit as the Debtor ignores both Louisiana law and the Agreements.

## STANDARD OF REVIEW

13. The filing a proof of claim constitutes prima facie evidence of a claim. Fed.R.Bankr.P. 3001(f).

14. However, such presumption is rebuttable. *In re Kirkland*, 572 F.3d 838 (10th Cir. 2009).

15. L.B.R. 3007-1(a) provides that any objection must state "with particularity the allegations of fact and grounds for the objection."

16. To overcome the presumption that the claim is valid and correct, debtor "must produce evidence tending to defeat the claim that is of probative force equal to that of the creditor's proof of claim." *In re G.I. Indus., Inc.*, 204 F. 3d 1276, 1280 (9th Cir. 2000); *In re Medina*, 2005 B. R. 216, 222 (9th Cir. BAP 1996); *see also Wilson v. Broadband Wireless Int'l Corp. (In re Broadband Wireless Int'l Corp.)*, 295 B.R. 140 (10th Cir. BAP 2003)(discussing burden of proof in claims objection proceeding)

17. The ultimate burden of persuasion as to the claim's validity and amount rests with the claimant. *In re Harrison*, 987 F.2d 677, 680 (10th Cir. 1993).

## ARGUMENT

18. The Debtor's Objection to her Proof of Claim is devoid of legal and factual support. As such, it should be summarily denied. *Wilson,* 295 B.R. at 145.

19. Nonetheless, Ms. LaCour will respond to the Objection.

20. Under Section 2(b) of the Retainer Agreement, "if the breaching party fails to correct the identified cause of default or to make satisfactory provisions for the correction of the identified cause of default, the non-breaching party may, in additional to all other rights and remedies provided by law, terminate this Agreement." *See Proof of Claim No. 83-1 at 6.*

21. As the Agreements are governed by Louisiana law, "[c]ontracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law." La. C.C. art. 1983 (2020). For a breach of contract, specific performance is the preferred remedy. *See* La. C.C. art. 1986. However, where, "specific performance is impractical, the court may allow damages to the obligee." *Id.*

22. "Damages are measured by the loss sustained by the obligee and the profit of which he has been deprived." La. C.C. art. 1995. The amount of damages for a breach of contract "should reasonably approximate the obligee's loss in the event of a breach and should not be penal." *Keiser v. Catholic Diocese of Shreveport, Inc.*, 880 So. 2d 230, 236 (La. App. 2 Cir. 8/18/04)(citing *Am. Leasing Co. of Monroe v. Lannon E. Miller & Son, Gen. Contracting, Inc.*, 469 So. 2d 325 (La. Ct. App. 2 Cir. 1985)).

23. Recognizing her duty to mitigate her damages, Ms. LaCour only claimed the amount of $367,500, far less than her total damages of $1,335,000 for the remainder of the contract. *See* **Exhibit A** attached hereto.

24. Ms. LaCour's claim amount of $367,500 was based upon her anticipated life expectancy

according to the Actuarial Life Table promulgated by the Social Security Administration. *See https://www.ssa.gov/oact/STATS/table4c6.html.*

25. Prior to the onset of the COVID-19 Pandemic and on the Petition Date, Ms. LaCour's life expectancy was eight (8) years at 83 years of age on the Petition Date according to the Social Security Administration. *Id.*

26. Her calculation in her Proof of Claim however was based upon the date of the Objection, not the Petition Date. Thus, Ms. LaCour's revised damages are as follows:

    a.    Pre-petition defaults for lack of payment:

        i.    March 2020: $3,750

        ii.    April 2020: $3,750

        **iii.**    **Total: $7,500.**

    b.    Post Petition (8 years expectancy) defaults:

        i.    2020: $37,500

        ii.    2021: $45,000

        iii.    2022: $45,000

        iv.    2023: $30,000

        v.    2024: $30,000

        vi.    2025: $30,000

        vii.    2026: $30,000

        viii.    2027: $7,500

        **ix.**    **Total: $255,000**

    c.    **Total Pre and Post-Petition Damages: $262,500.**

27. Ms. LaCour will therefore stipulate to a revised Proof of Claim in the amount of $262,500 under the Agreements.

28. As the Debtor's Objection lacks merit, Ms. LaCour asserts the Court should deny the Objection.

29. However, if the Debtor agrees with Ms. LaCour's revised damage calculation and will not object to an amended Proof of Claim in said amount, Ms. LaCour will file an Amended Proof of Claim within 14 days of the Debtor's withdrawal of its Objection.

30. Ms. LaCour's Amended Proof of Claim will therefore be an Allowed Claim under the Debtor's confirmed Plan of Reorganization without the need for further litigation and the attendant cost. Fed.R.Bankr.P. 3001(f).

WHEREFORE, Ms. LaCour respectfully requests the Court to enter an Order denying the Debtor's Objection, to award Ms. LaCour her attorneys fees and costs as provided by law and/or agreement, and to grant such other relief this Court deems appropriate.

DATED: May 9, 2022.

Respectfully submitted,
BUECHLER LAW OFFICE, LLC

*/s/ K. Jamie Buechler*

_____
K. Jamie Buechler, Esq.
999 18th Street, Suite 1230-S
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
Jamie@KJBlawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May, 2022, a true and correct copy of the foregoing **RESPONSE IN OPPOSITION TO OBJECTION TO CLAIM OF BETTYE LACOUR** was filed, via CM/ECF electronic notice, and served upon all parties of record and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R.

**Via U.S. Mail**:

Sklar Exploration Company, LLC
5395 Pearl Parkway
Suite 200
Boulder, CO 80301

Sklarco, LLC
5395 Pearl Parkway
Suite 200
Boulder, CO 80301

Thomas M. Kim
r2 advisors llc
1518 Blake Street
Denver, CO 80202-1322

**Via CM/ECF**:

See Attached

                                                 */s/ Sharon E. Fox*
                                                 For Buechler Law Office, LLC

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1082-1<br>Case 20-12377-EEB<br>District of Colorado<br>Denver<br>Mon May  9 14:23:07 MDT 2022 | James B. Bailey<br>1819 5th Ave. North<br>Birmingham, AL 35203-2120 | Joseph Eric Bain<br>Jones Walker LLP<br>811 Main Street<br>Suite 2900<br>Houston, TX 77002-6116 |
| Jeffrey R. Barber<br>Jones Walker LLP<br>P.O. Box 427<br>190 E. Capitol Street (39201)<br>Suite 800<br>Jackson, MS 39201-2155 | Grant Matthew Beiner<br>Munsch Hardt Kopf & Harr, PC<br>700 Milam Street<br>Suite 2700<br>Houston, TX 77002-2730 | John H Bernstein<br>1801 California St.<br>Ste. 3000<br>Denver, CO 80202-2652 |
| Jordan B. Bird<br>Cook, Yancey, King & Galloway<br>333 Texas Street, Suite 1700<br>Shreveport, LA 71101-3621 | Florence Bonaccorso-Saenz<br>617 N. Third St.<br>Baton Rouge, LA 70802-5431 | Daniel L. Bray<br>1801 Wewatta St.<br>Ste. 1000<br>Denver, CO 80202-6321 |
| Casey Carlton Breese<br>Lathrop GPM LLP<br>1515 Wynkoop Street<br>Suite 600<br>80202<br>Denver, CO 80202-5560 | Duane Brescia<br>Clark Hill Strasburger<br>720 Brazos<br>Suite 700<br>Austin, TX 78701-2531 | Jeffrey S. Brinen<br>Kutner Brinen Dickey Riley, P.C.<br>1660 Lincoln St, Suite 1720<br>Denver, CO 80264-1700 |
| Deirdre Carey Brown<br>Deirdre Carey Brown pllc<br>PO Box 58013<br>Houston, TX 77258-8013 | Kelsey Jamie Buechler<br>999 18th St.<br>Ste., 1230 S<br>Denver, CO 80202-2499 | Jeffery Dayne Carruth<br>Weycer Kaplan Pulaski & Zuber, P.C.<br>24 Greenway Plaza, #2050<br>Houston, TX 77046-2445 |
| John Childers<br>8150 N. Central Expressway, 10th Floor<br>Dallas, TX 75206-1815 | Brent R. Cohen<br>Lewis Roca Rothgerber Christie LLP<br>1601 19th Street<br>Ste 1000<br>Denver, CO 80202-2995 | John Cornwell<br>Munsch Hardt Kopf & Harr PC<br>700 Milam St.<br>Ste 800<br>Houston, TX 77002-2835 |
| P. Matthew Cox<br>P.O. Box 45000<br>Salt Lake City, UT 84145-5000 | Christopher M. Crowley<br>Feldmann Nagel Cantafio PLLC<br>1875 Lawrence Street<br>Suite 730<br>Denver, CO 80202-1847 | Joseph D. DeGiorgio<br>Barrett Daffin Frappier LLP<br>1391 Speer Blvd<br>Suite 700<br>Denver, CO 80204-2554 |
| Katherine Guidry Douthitt<br>Blanchard, Walker, O'Quin & Roberts<br>333 Texas Street, Regions Tower, Suite 7<br>Shreveport, LA 71101-3666 | (p)BARRETT DAFFIN FRAPPIER TURNER & ENGEL  LL<br>4004 BELT LINE ROAD SUITE 100<br>ADDISON TX 75001-4320 | Epiq Systems<br>757 Third Avenue<br>3rd Floor<br>New York, NY 10017-2013 |
| Benjamin Y. Ford<br>RSA Tower, 27th Floor<br>11 North Water Street<br>Mobile, AL 36602-3809 | Benjamin Young Ford<br>Armbrecht Jackson<br>P.O. Box 290<br>Mobile, AL 36601-0290 | Jenny M.F. Fujii<br>Kutner Brinen Dickey Riley, P.C.<br>1660 Lincoln Street<br>Ste 1720<br>Denver, CO 80264-1700 |
| Louis Matthew Grossman<br>Kean Miller LLP<br>909 Poydras Street<br>Suite 3600<br>New Orleans, LA 70112-4032 | Michael J. Guyerson<br>999 18th St.<br>Ste., 1230 South<br>Denver, CO 80202-2414 | Jennifer Hardy<br>Willkie Farr & Gallagher LLP<br>600 Travis Street<br>Houston, TX 77002-2916 |

| | | |
|---|---|---|
| Theodore J. Hartl<br>Ballard Spahr LLP<br>1225 17th Street<br>Suite 2300<br>Denver, CO 80202-5535 | Adam L. Hirsch<br>Davis Graham & Stubbs LLP<br>1550 17th Street<br>Suite 500<br>Denver, CO 80202-1500 | Christopher D. Johnson<br>Diamond McCarthy LLP<br>909 Fannin Street<br>Ste 3700<br>Houston, TX 77010-1049 |
| Rachel T. Kubanda<br>711 Louisiana St.<br>Ste. 1800<br>Houston, TX 77002-2832 | Lee M. Kutner<br>1660 Lincoln St.<br>Ste. 1850<br>Denver, CO 80264-9911 | Mario A Lamar<br>Allen Bryson, PLLC<br>211 North Center Street<br>Longview, TX 75601-7221 |
| (p)CASTLE LANTZ MARICLE MURRAY  LLC<br>ATTN ROBERT LANTZ<br>4100 E MISSISSIPPI AVE<br>SUITE 410<br>DENVER CO 80246-3053 | Stephen K. Lecholop II<br>Rosenthal Pauerstein Sandoloski Agather<br>755 E Mulberry Ave<br>Ste 200<br>San Antonio, TX 78212-4285 | Lloyd A. Lim<br>711 Louisiana St., Ste. 1800<br>Houston, TX 77002-2832 |
| J. Eric Lockridge<br>400 Convention St., Ste. 700<br>Baton Rouge, LA 70802-5628 | Armistead Mason Long<br>Gordon, Arata, Montgomery, Barnett, McCo<br>400 East Kaliste Saloom Road<br>Suite 4200<br>Lafayette, LA 70508-8522 | Ryan Lorenz<br>14850 N. Scottsdale Rd.<br>Ste. 500<br>Scottsdale, AZ 85254-3464 |
| Christopher Meredith<br>Copeland, Cook, Taylor & Bush P.A.<br>P.O. Box 6020-39158<br>Ridgeland, MS 39158 | David M. Miller<br>Spencer Fane LLP<br>1700 Lincoln St.<br>Suite 2000<br>Denver, CO 80203-4554 | Timothy C. Mohan<br>600 17th Street, Ste. 2020S<br>Denver, CO 80202-5415 |
| Paul Moss<br>Byron G. Rogers Federal Building<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294-6004 | Kevin S. Neiman<br>999 18th St.<br>Ste., 1230 S<br>Denver, CO 80202-2499 | Michael Niles<br>Berger Singerman LLP<br>313 N. Monroe Street<br>Ste 301<br>Tallahassee, FL 32301-7643 |
| Jennifer Norris Soto<br>Ayres, Shelton, Williams, Benson & Paine<br>P.O. Box 1764<br>Shreveport, LA 71166-1764 | Matthew J Ochs<br>555 17th St.<br>Ste., 3200<br>Denver, CO 80202-3921 | Matthew Okin<br>Okin Adams LLP<br>1113 Vine Street, Suite 240<br>Houston, TX 77002-1044 |
| John Thomas Oldham<br>Okin Adams LLP<br>1113 Vine Street<br>Suite 240<br>Houston, TX 77002-1044 | Robert L Paddock<br>Buck Keenan<br>2229 San Felipe<br>Ste 1000<br>Houston, TX 77019-5674 | Robert Padjen<br>1300 Broadway<br>8th Floor<br>Denver, CO 80203-2104 |
| Jeremy L Retherford<br>Balch & Bingham<br>1901 Sixth Ave N Suite 1500<br>Birmingham, AL 35203-4642 | Brian Rich<br>Berger Singerman LLP<br>313 North Monroe Street<br>Suite 301<br>Tallahassee, FL 32301-7643 | Keri L. Riley<br>Kutner Brinen Dickey Riley, P.C.<br>1660 Lincoln Street<br>Suite 1720<br>Denver, CO 80264-1700 |
| Timothy Michael Riley<br>Dean Mead & Dunbar<br>106 East College Avenue<br>Suite 1200<br>32301<br>Tallahassee, FL 32301-7748 | Katherine A Ross<br>1801 California St.<br>Ste. 1600<br>Denver, CO 80202-2628 | (p)MICHAEL D  RUBENSTEIN<br>ATTN LISKOW & LEWIS<br>1001 FANNIN STREET SUITE 1800<br>HOUSTON TX 77002-6756 |

| | | |
|---|---|---|
| Michael Schuster<br>1225 17th Street<br>Suite 2300<br>Denver, CO 80202-5535 | Ryan Seidemann<br>Louisiana Department of Justice<br>1885 North Third Street<br>Baton Rouge, LA 70802-5146 | Andrew James Shaver<br>Bradley Arant Boult Cummings<br>One Federal Place<br>1819 5th Avenue North<br>Birmingham, AL 35203-2120 |
| Thomas H Shipps<br>Maynes, Bradford, Shipps & Sheftel, LLP<br>835 E. Second Avenue<br>Suite 123<br>Durango, CO 81301-5488 | Barnet B Skelton Jr<br>Barnet B. Skelton, Jr.,<br>815 Walker, Suite 1502<br>Houston, TX 77002-5832 | Sklar Exploration Company, LLC<br>5395 Pearl Parkway<br>Suite 200<br>Boulder, CO 80301-2541 |
| Sklarco, LLC<br>5395 Pearl Parkway<br>Suite 200<br>Boulder, CO 80301-2541 | Jim F Spencer Jr<br>Watkins & Eager PLLC<br>P. O. Box 650<br>Jackson, MS 39205-0650 | Laurie Spindler<br>Lgb&S, LLP<br>2777 N Stemmons Fwy<br>Ste 1000<br>Dallas, TX 75207-2328 |
| Bryce Suzuki<br>Bryce Suzuki<br>400 E Van Buren<br>One Arizona Center<br>Suite 1900<br>Phoenix, AZ 85004-2280 | (c)TIMOTHY M. SWANSON<br>1400 16TH ST STE 600<br>DENVER CO  80202-1486 | David R Taggart<br>Bradley Murchison Kelly & Shea<br>401 Edwards Street<br>Suite 1000<br>Shreveport, LA 71101-5529 |
| Glenn Taylor<br>Copeland, Cook, Taylor & Bush P.A.<br>1076 Highland Colony Parkway<br>Concourse 600<br>Suite 200<br>Ridgeland, MS 39157-8804 | Madison M. Tucker<br>Jones Walker LLP<br>201 St. Charles Avenue<br>New Orleans, LA 70170-5100 | US Trustee<br>Byron G. Rogers Federal Building<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294-6004 |
| Amy Vazquez<br>Jones Walker LLP<br>811 Main Street<br>Ste 2900<br>Houston, TX 77002-6116 | Tyler Lee Weidlich<br>Beatty & Wozniak, P.C.<br>1675 Broadway St., Suite 600<br>Denver, CO 80202-4692 | Elizabeth Helen Weller<br>Linebarger Goggan Blair & Sampson, LLP<br>2777 N. Stemmons Fwy<br>Ste 1000<br>Dallas, TX 75207-2328 |
| Deanna L. Westfall<br>Office of the Colorado Attorney General<br>1300 Broadway,  8th Floor<br>Denver, CO 80026 | | |

**The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).**

| | | |
|---|---|---|
| David W. Drake<br>Barrett Frappier Weisserman, LLP<br>1391 North Speer Blvd, Suite 700<br>Denver, CO 80204 | Robert Lantz<br>Castle Lantz Maricle, LLC<br>4100 E. Mississippi Avenue<br>Ste 410<br>Denver, CO 80246 | Michael D Rubenstein<br>Liskow and Lewis<br>1001 Fannin Street, Suite 1800<br>Houston, TX 77002 |

**Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).**