# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| In re: ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

### STONEHAM DRILLING CORPORATION'S RESPONSE IN OPPOSITION TO OBJECTION TO CLAIM NO. 244

Stoneham Drilling Corporation ("Stoneham") responds in opposition to Sklar Exploration Company, LLC's and Sklarco, LLC's (collectively, the "Debtors") Objection to Claim No. 244 [Docket No. 1729] (the "Objection"), as follows:

### FACTUAL BACKGROUND

1. Stoneham is an oilfield service company that provided contract drilling services for the Debtors. In particular, pursuant to a certain Drilling Bid Proposal and Daywork Drilling Contract (the "Drilling Contract"), Sklar Exploration Company, LLC ("SEC") engaged Stoneham to provide contract drilling services with respect to wells known as Corwin #5-1 and Bowdoin #2 located in Phillips County, Montana (the "Montana Wells").

2. Stoneham commenced operations for the Corwin #5-1 well on or about November 1, 2019. However, after the Debtors filed for bankruptcy, the Debtors abandoned the Montana Wells, advising Stoneham that they would not proceed with drilling the second well contemplated under the Drilling Contract and requesting that Stoneham demobilize its rig.

1

3. Based upon its services for the Debtors, Stoneham filed claims against the Debtors in the amount of $1,600,141.65 that are identified as Claim Numbers 243, 244, and 269 on the claims register maintained by the Debtors' claims agent. Stoneham's claims are partially secured by the property described in the Notice of Perfection of Lien Against Mineral Property Pursuant to 11 U.S.C. § 546(b)(2) [Docket No. 368] (the "546 Notice").

4. A copy of one of Stoneham's proofs of claim is attached as Exhibit A for ease of reference. Both the Drilling Contract and 546 Notice are attached to the proof of claim.

5. The Debtors' Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 [Docket No. 1251] (the "Plan") provides that Stoneham's claim would be treated as a Class 6 general unsecured claim of SEC solely for purposes of payments under the Plan. *See* Plan § 5.4.

6. Furthermore, pursuant to section 9.2 of the Plan, on the effective date of the Plan SEC was deemed to have rejected the Drilling Contract under sections 523 and 1123 of the Bankruptcy Code. *See* Plan § 9.2.

7. The Debtors filed the Objection on April 5, 2022. In particular, the Debtors contend that "post-petition Stoneham included significant charges for termination of the contract, demobilization of the rig, and charges for ordinary maintenance of Stoneham's vehicles, including replacement of vehicle windows." Objection ¶ 6.

8. The Debtors request a reduction of Stoneham's claim in the amount of $442,960.34, but do not itemize which amounts should be disallowed and the basis for disallowance under the Drilling Contract or applicable law. *See* Objection ¶¶ 7-8.

9. The Debtors also contend that Claim Numbers 243 and 269 should be disallowed as duplicates of Claim Number 244. Objection ¶ 9.

10. Stoneham's undersigned counsel has been in communication with counsel for the Debtors regarding a consensual resolution of the Objection, and will continue such negotiations. However, out of an abundance of caution, and to preserve all rights, Stoneham submits this response in opposition to the Objection.

## RESPONSE TO OBJECTION

11. The Objection is based upon the false premise that Stoneham is not entitled to recover all its damages resulting from SEC's early termination and rejection of the Drilling Contract.

12. Pursuant to section 365(g) of the Bankruptcy Code, "the rejection of an executory contract[ ] constitutes a breach of such contract." It is well settled that upon a debtor's rejection of a contract, the counterparty is entitled to recover all damages arising from the debtor's breach. *E.g.*, *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019). Stoneham only seeks to recover its contractual damages under the Drilling Contract.

13. The Debtors object to the recovery of "demobilization" expenses, which are clearly contemplated under the Drilling Contract. Section 4.2 of the Drilling Contract provides that SEC will pay a demobilization rate of 75% of the operating dayrate. Under section 6.4, SEC is also responsible for "all applicable rates and all other charges and reimbursements due to [Stoneham] through demobilization" as well as "all additional expenses reasonably and necessarily incurred and to be incurred by [Stoneham] by reason of this Contract and by reason of the premature termination of the services hereunder . . . ." These expenses include the damage to Stoneham's equipment caused by the Debtors' employees, which are part of Stoneham's claim.

14. The Debtors objection to the recovery of the contractual termination fee is also misplaced. Under section 6.4 of the Drilling Contract, SEC Agreed to pay a $250,000 early

3

termination fee if SEC did not proceed with having Stoneham drill the second well contemplated under the Drilling Contract.

15. At the time Stoneham filed its claims, certain demobilization expenses were invoiced as estimates. In response to the Objection, Stoneham has reviewed its invoices and expenses and agreed to certain reductions. Accordingly, Stoneham's counsel has advised counsel for the Debtors that Stoneham will voluntarily reduce its claim amount by $137,995.42.

16. However, this voluntary reduction will not resolve the amount of Stoneham's claim. The Creditor Trustee has sued Stoneham to recover alleged preferential payments. Stoneham reserves all rights, claims, and defenses with respect to the adversary proceeding, including the right to recover any amounts paid to the Creditor Trustee as an allowed claim under section 502(h) of the Bankruptcy Code.

17. Finally, Stoneham does not dispute that Claim Numbers 243 and 269 are duplicative of Claim Number 244. Stoneham only requests allowance and payment of one unsecured claim for purposes of the Plan.

**WHEREFORE**, Stoneham Drilling Corporation respectfully requests that the Court deny the Objection and enter an order (i) allowing Stoneham's claim in the amount of at least $1,462,146.23 (plus any amount that Stoneham Drilling Corporation may pay on account of the pending preference claims) to be paid under the Debtors' confirmed plan as a Class 6 general unsecured claim; and (ii) providing such other relief as is just and proper.

Dated: June 13, 2022     By: _____/s/ *James B. Bailey*_____
BRADLEY ARANT BOULT CUMMINGS LLP
James B. Bailey
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203
Telephone:  (205) 521-8000

Email: jbailey@bradley.com

*Counsel for Stoneham Drilling Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 13, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Paul Moss<br>Byron G. Rogers Federal Building<br>1961 Stout St.<br>Ste. 12-200<br>Denver, CO 80294<br>Email: Paul.Moss@usdoj.gov | Keri L. Riley<br>1660 Lincoln St., Ste.1850<br>Denver, CO 80202<br>303-832-2400<br>Email: klr@kutnerlaw.com |

*/s/ James B. Bailey*
OF COUNSEL