```
 1                     IN THE UNITED STATES BANKRUPTCY COURT
                              DISTRICT OF COLORADO
 2     _____
                                        )
 3     In re:                           )
                                        )
 4     SKLAR EXPLORATION COMPANY, LLC   )   Case No.: 20-12377 EEB
       AND SKLARCO, LLC,                )
 5                                      )         (Chapter 11)
              Debtors.                  )
 6     _____ ) Adv. Proc. 22-1106-EEB
       HOWARD F. SKLAR,                 ) Adv. Proc. 22-1022-EEB
 7                                      )
              Plaintiff,                )
 8     v.                               )
                                        )
 9     SKLAR EXPLORATION COMPANY, LLC,  )
       ET AL.,                          )
10                                      )
              Defendants.
11     _____

12     Nonevidentiary Hearing on the    Courtroom F
       Unopposed Motion to Further      U.S. Bankruptcy Court
13     Extend Time to Respond to        721 19th Street
       Motion of Howard F. Sklar for    Denver, CO 80202
14     Allowance and Payment of
       Administrative Expense           August 23, 2022
15     Pursuant to 11 U.S.C.            9:35 AM
       Sections 503(a), (b)(1)(A),
16     and (b)(3)(D).

17                 BEFORE THE HONORABLE ELIZABETH E. BROWN
       APPEARANCES:
18
       For Howard Sklar Exploration     Keri L. Riley, Esq.
19     Company:                         KUTNER BRINEN DICKEY RILEY,
                                        P.C.
20                                      1660 Lincoln Street
                                        Suite 1720
21                                      Denver, CO 80264

22     For East West Bank:              Bryce A. Suzuki, Esq.
                                        James G. Florentine, Esq.
23                                      SNELL & WILMER LLP
                                        One Arizona Center
24                                      400 East Van Buren Street,
                                        Suite 1900
25                                      Phoenix, AZ 85004
```

```
For Post-Confirmation Trustee:    Christopher D. Johnson, Esq.
                                  Steve Loden, Esq.
                                  DIAMOND MCCARTHY LLP
                                  909 Fannin Street
                                  Suite 3700
                                  Houston, TX 77002

For Howard F. Sklar:              Adam L. Hirsch, Esq.
                                  DAVIS GRAHAM & STUBBS LLP
                                  1550 17th Street
                                  Suite 500
                                  Denver, CO 80202

For Thomas Kim, Trustee of the    Michael J. Pankow, Esq.
Sklar Creditors Trust:            BROWNSTEIN
                                  410 Seventeenth Street
                                  Suite 2200
                                  Denver, CO 80202
```

Proceedings recorded by electronic sound recording; transcript produced by eScribers.
Transcript requested by: Adam L. Hirsch, Davis Graham & Stubbs LLP
Date Ordered: 8-24-22
Date Delivered: 8-29-22
Timeframe Requested: 3-Day
Cost Per Page: $5.45
Total Cost: $81.75



I N D E X

| RULINGS: | PAGE | LINE |
|---|---|---|
| Motion granted for request for extension | 14 | 13 |
| The two adversaries, 22-1106-EEB and 22-1022-EEB, will be consolidated | 14 | 3 |

1         August 23, 2022
2         THE CLERK: The Bankruptcy Court for the District of
3    Colorado is now in session, the Honorable Elizabeth E. Brown
4    presiding.
5         THE COURT: Good morning. We are here today in the
6    case of Sklar Exploration Company and Sklar Company at -- or
7    I'm sorry -- case number 20-12377. We're here on a seventh
8    motion to extend time. Could we have appearances starting with
9    our debtor, please?
10        MS. RILEY: Good morning, Your Honor. This is Keri
11   Riley appearing just on behalf of Sklar Exploration Company on
12   this matter this morning.
13        THE COURT: Thank you. All right. And how about for
14   the bank, East West Bank?
15        MR. SUZUKI: Good morning, Your Honor. Bryce Suzuki,
16   and my colleague, James Florentine, is also appearing. Your
17   Honor, I have an unavoidable conflict. So I'll need to depart
18   at 9:40, which is why my colleague, James Florentine, is on.
19   So I'd ask the Court to excuse me if this hearing runs past
20   9:40, or I can --
21        THE COURT: Thank you.
22        MR. SUZUKI: Yeah. With (indiscernible), Your Honor.
23        THE COURT: We will certainly do that. I don't think
24   there's any risk of that but --
25        MR. SUZUKI: Thank you.

1          THE COURT: Certainly. All right. And for the
2  committee -- and now the liquidating trust.
3          MR. JOHNSON: Thank you, Your Honor. Good morning.
4  Chris Johnson on behalf of Mr. Kim, the post-confirmation
5  trustee. Also with me this morning is my partner Steve Loden.
6  Your Honor, Mr. Loden is licensed, admitted to practice in
7  Colorado, and as well as submitted before this Court. He'll be
8  the handling the hearing for Mr. Kim this morning.
9          THE COURT: Very good. Thank you. And for -- oh,
10 yeah. Thank you. And for Mr. Sklar?
11         MR. HIRSCH: Good morning, Your Honor. Adam Hirsch
12 for Mr. Sklar and the trust that he oversees.
13         THE COURT: Thank you. Mr. Pankow, who are you here
14 for?
15         MR. PANKOW: Good morning, Your Honor. I have not
16 had occasion to enter my written appearance, but I'm appearing
17 in this matter for reorganized Sklarco. I think the Court may
18 have been apprised before that. The two entities thought it
19 best to have separate counsel on some matters, and I'm
20 assisting the client and working with Ms. Riley and Mr. Chavez
21 (ph.).
22         THE COURT: Understood. Thank you. Good thinking.
23         All right. So Ms. Riley, as I mentioned, it was your
24 seventh request for an extension, and the same basis for the
25 extension given since back in February. So tell me what's

1    going on that is causing us to -- I mean, I definitely
2    understand that there's a pending AP in the position of some
3    parties, that that AP should be decided, but why are we kicking
4    the can down the road rather than consolidating this with the
5    AP?  What are your thoughts?
6              MS. RILEY:  Well, Your Honor, a few things,
7    obviously, this has been a lengthy process.  Since the
8    adversary proceeding and the motion for allowance of
9    administrative expense were filed back in I believe January or
10   February, the parties have been complying with their
11   obligations under the plan in order to really reach a
12   resolution with respect to the disputed assets that form the
13   underlying basis for Mr. Sklar's purported administrative
14   expense claim and then are also underlying the adversary
15   proceeding as well.  Those negotiations were proceeding with
16   the parties before those motions were filed and have been
17   continuing, at least with the reorganized debtors since that
18   time.
19             The debtor hasn't just been working on a negotiation
20   res -- potential resolution with Sklar, however.  There's also
21   been conducting a pretty in-depth analysis of these assets with
22   the new independent manager, and in addition to looking at the
23   assets, themselves, have also been looking at the pre-petition
24   cash flow related to these assets, and generally, where the
25   debtor is to make sure that any potential settlement wouldn't



1 necessarily impact the creditor trust claims against Mr. Sklar
2 that are pending in a separate adversary proceeding.
3   One (indiscernible) identified a potential conflict
4 between the two part -- between the two debtors on this issue.
5 Then, of course, Mr. Pankow was engaged as well in order to
6 represent Sklarco in this matter, and he's needed some time to
7 get more up to speed with this. So while we recognize the need
8 for getting these matters in front of the Court expediently, we
9 do believe that we have provided -- we have been working at
10 least as efficiently as the debtor can in order to really look
11 at this from all sides before moving forward with any
12 settlement.
13   The debtors do believe that there is a -- that we
14 have reached an agreement, at least in principle, with Howard
15 Sklar with respect to the admin claim and the disputed assets
16 and do believe that we have the authority under the plan to
17 proceed with a settlement with Mr. Sklar that would of course
18 go out on a 9019 notice to all parties-in-interest as well.
19   So we're currently in the process of finalizing that
20 settlement and stipulation, and then of course, a motion will
21 be filed. So we think that a deadline could be set to file
22 those motions and then this matter could be keyed up in that
23 manner.
24   THE COURT: Okay. Mr. Suzuki, is the bank aware of
25 the settlement and in support of it?

1          MR. SUZUKI: No, Your Honor. This is -- candidly,
2   this is the first we're hearing of it. As you know -- or as
3   you may recall, we did file an answer in the adversary
4   proceeding, and we filed a joinder to the very extensive
5   objection filed by the creditor trust, and initially there, I
6   think there was some back and forth, but candidly, we have not
7   heard anything on this front for several months.
8          So we would like to see this get to resolution one
9   way or another. If a settlement is contemplated, it certainly
10  appears that that's a bilateral settlement and may not resolve
11  in full the adversary proceeding and the pending administrative
12  expense motion.
13         THE COURT: And would you support consolidating the
14  admin claim request with the adversary or not?
15         MR. SUZUKI: I think that makes a ton of sense, yes.
16  That seems like the obvious and most efficient way to handle
17  this.
18         THE COURT: Okay. Thank you. Mr. Johnson, same two
19  questions to you.
20         MR. JOHNSON: Thank you, Your Honor. Yeah. No, this
21  is the first we've heard. We anticipated something like this.
22  There's been no negotiations with the creditor trust in eight
23  months with respect to Howard Sklar. We have had some
24  discussions with the debtors, but did not understand that they
25  had reach an agreement with Mr. Sklar to settle this. We



1  would, of course, would oppose it.
2  We certainly support consolidating this issue with
3  our pending adversary as well as Mr. Sklar's. He's got both
4  the motion and the adversary that address some overlap, but we
5  believe they should all be consolidated into -- or at least
6  administered along with our adversary against Mr. Sklar.
7  THE COURT: All right. And what is the status of the
8  adversary at this point? Are you in discovery or what?
9  MR. JOHNSON: So right now, Judge, they have -- and
10  Mr. Hirsch can respond, but I believe they have until the 29th
11  of August to file their reply to our response to the motion to
12  dismiss.
13  THE COURT: Okay. So we're still in the pleading
14  stages?
15  MR. JOHNSON: We are, Your Honor.
16  THE COURT: Okay.
17  MR. JOHNSON: But it'll all be in your lap soon.
18  THE COURT: All right. Okay. Let's see. Mr.
19  Hirsch?
20  MR. HIRSCH: Sure. Just one question just to make
21  sure we're clear, I think there are two adversaries pending. I
22  just want to make sure we're talking about the same one. There
23  was an adversary that went along with the administrative
24  expense request. There was really just a dec action, and I
25  agree those issues very much overlap. Procedurally, I don't

1     know if the two can be consolidated into one proceeding, but
2     certainly the determination can be consolidated from the same
3     time line. We're fine with that.
4             THE COURT: All right. I guess I was thinking of the
5     bigger adversary.
6             MR. HIRSCH: Okay. Yeah. That one, we don't see any
7     overlapping issues between that adversary and these issues and
8     would oppose consolidation of those two things. So that would
9     be our position on that.
10            One response to something Mr. Suzuki said, they did
11    file in the interim, however, I believe Mr. Suzuki's client has
12    basically disclaimed any interest in the assets that are
13    subject -- or any security interests and the assets that are
14    subject to the adversary proceedings at issue at this hearing.
15    So I just wanted to clarify that, and of course --
16            THE COURT: Okay.
17            MR. HIRSCH: -- if Mr. Suzuki, he can say so, but the
18    bank has put on a -- advised us that it does not believe it has
19    a security interest in the assets that are subject to this
20    adversary administrative (indiscernible).
21            THE COURT: Okay. All right. Mr. Pankow?
22            MR. PANKOW: Good morning, Your Honor. I would
23    second, I think what Ms. Riley said about the status based on
24    my more recent involvement, and as far as -- and I do think
25    that the parties are in the position to file a Rule 9019 motion

1  in which is I think the manner of presenting a settlement
2  pursuant to the terms of the plan. I'd say the end of next
3  week, simply quickly.
4          And then, I have no wisdom on the Court's question
5  about consolidating, except that it might make sense, Your
6  Honor, if and when there's a hearing on the Rule 9019
7  proceeding to consider consolidation at the same time or after
8  the Court's disposition of whatever comes of the Rule 9019
9  settlement that I anticipate during the week further.
10         THE COURT: Thank you.
11         Anything further, Ms. Riley?
12         MS. RILEY: Well, Ms. Riley -- sorry, Your Honor. It
13 does occur to me that I didn't actually answer your question
14 about consolidation here. I think in terms of potential
15 consolidation of an administrative expense claim and the
16 declaratory judgment action issued by Mr. Sklar, those could be
17 consolidated and put on the same time line, but it is as fairly
18 factually distinct issue from the claims asserted by the
19 creditor trust here because the creditor trust has asserted
20 claims -- from my vague recollection of the complaint that was
21 filed -- related to potentially, I think some fiduciary duty
22 claims as well as some recovery of transfers. Those are pretty
23 factually distinct from determining the issues related to these
24 defeated assets. So I don't believe that consolidation with
25 that proceeding would make sense here because of those

1 distinctions.

2 THE COURT: All right. Well I --

3 MR. LODEN: Your Hon -- I'm sorry. Your Honor, may I
4 respond on that consolidation issue?

5 THE COURT: Mr. Loden, yes.

6 MR. LODEN: Thanks, Your Honor. We do think that it
7 makes sense to consolidate the bigger, what we refer to as the
8 insider adversary proceeding, but to make sure everyone is
9 clear, it's 22-1106 is the adversary proceeding I'm referring
10 to, and in that adversary proceeding we do bring fraudulent
11 conveyance claims, breach of fiduciary claims, but we also
12 bring a thirty-six million dollar claim for breach of the
13 agency services agreement, the ASA, and that is the same
14 contract, pre-petition contract, that Mr. Sklar bases his
15 administrative expense claim in, and he urges the Court to
16 adopt an interpretation of the ASA and then enforce that
17 interpretation that would allow him to get paid out for the
18 assets that he believes that has substantially contributed to
19 the administration of his case.

20 Whereas in our adversary proceeding, we claim that
21 he's in breach of the ASA, such that he's in no position to
22 enforce it at all, and in fact, he and the family trustee he
23 controls all of the estate, over thirty million dollars. Those
24 seem to be diametrically opposed issues that should be
25 litigated in the same proceeding.

1                     Additionally, the equitable subordination claims and
2       the breach of fiduciary duty claims focus on Mr. Sklar's pre-
3       and post-petition behavior, both pre-petition in using the
4       debtors as his personal piggy bank, and post-petition in
5       failing to list the thirty-plus million dollars that he and the
6       family trust owe to the estates on both the schedules that were
7       filed in the case as well as in his motion to assume that
8       agency services agreement.  All of that behavior, we believe
9       the Court should consider in the context of his equi -- or
10      excuse me, his substantial contribution administrative expense
11      motion.
12                     So we think that the facts are tied together such
13      that it makes sense for the parties, once we finish briefing
14      the motion to dismiss and hopefully get into discovery assuming
15      the Court denies that motion, that we can develop a factual
16      record, and the Court can then decide who is entitled to
17      enforce the ASA, what obligations are still owed under the ASA,
18      and whether Mr. Sklar's conduct justifies subordinating his
19      claim such that he doesn't get anything.  That's why we think
20      that everything is tied together and that everything should be
21      consolidated, or at least administratively consolidated, so
22      that they're all heard on the same track.
23                     THE COURT:  Thank you.  That was very well stated,
24      and it coincides with my recollection of reading through the
25      papers here.  And so I'm going to exercise discretion to



1   consolidate -- I guess it's two adversaries, one that's a dec
2   action and one that is referred to as the insider adversary,
3   with this request for an administrative claim.  I recognize
4   that I've blindsided you all a little bit on this.  So if
5   anybody wants to file a motion to reconsider, you should do so
6   within seven days, and I will look at that, if you have any
7   additional arguments.
8          Mr. Loden, I'd like you to write up the proposed
9   order with exactly the basis that you just gave me as your
10  assertions, obviously, and because those assertions make this a
11  triable issue that should go together.  That's while I'll
12  consolidate.
13         As far as the request for an extension, I'll give you
14  until -- well, you said you're going to file the settlement
15  papers by the end of next week, which would be September the
16  2nd, so we'll set that as a deadline, and that will also be the
17  end of the extension and no further extensions will be granted.
18  We'll just deal with this as part of the consolidated action.
19         MR. HIRSCH:  Your Honor --
20         THE COURT:  Yes.  Mr. Hirsch?
21         MR. HIRSCH:  Adam Hirsch for Mr. Sklar.  May I make
22  one request on the motion to reconsider because I would -- I do
23  have responses, and I heard the Court's, too; I'm not going to
24  argue it here.
25         THE COURT:  Okay.



```
1              MR. HIRSCH:  But we would may entertain following
2    something along those lines.
3              THE COURT:  Sure.
4              MR. HIRSCH:  If it would be okay if we made the due
5    date for that the same time as the settlement date because it
6    may make sense for that to be considered along the same time
7    frame when all the papers are put together at once?
8              THE COURT:  All right.
9              MR. HIRSCH:  If that's okay because I heard you seven
10   days, Your Honor, but I think it would --
11             THE COURT:  Well, that was based on Mr. Pankow's
12   assertion that they could be done by then, but I'm happy to
13   make it the same September 2nd deadline.
14             MR. HIRSCH:  I appreciate it, Your Honor.  Thank you.
15             THE COURT:  Okay.  All right.  And I will, assuming
16   that you are going to file a motion to reconsider, then I'll
17   wait to enter that written order until that time as I see that,
18   but I still want Mr. Loden to write that up for me.
19             MR. LODEN:  Will do, Your Honor.
20             THE COURT:  Okay.  All right.  Anything else while
21   we're all gathered together?  No.  Okay.  Very well.  Then
22   we've made your deadline, Mr. Suzuki, so.
23             MR. SUZUKI:  Thank you, Your Honor.
24             THE COURT:  All right.  And with that, we'll stand in
25   recess.  Thank you, all.
```

1    IN UNISON: Thank you, Your honor.
2    THE CLERK: The Court is now in recess.
3    (Proceedings concluded at 10:19 AM)
4
5    I certify that the foregoing is a correct transcript from
6    the record of proceedings in the above-entitled matter.
7
8
9    *[Signature: Cathy A. Kleinbart]*
10
11   Dated: August 28, 2022                    _____
                                                eScribers, LLC
12                                              7227 North 16th Street
                                                Suite 207
13                                              Phoenix, AZ 85020
14
15
16
17
18
19
20
21
22
23
24
25