# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC,<br>EIN: 72-1417930<br>    Debtor. | Case No. 20-12377-EEB<br><br>Chapter 11 |
| SKLARCO, LLC,<br>EIN: 72-1425432<br>    Debtor. | Case No. 20-12380-EEB<br><br>Chapter 11 |
| HOWARD F. SKLAR, FOR HIMSELF AND AS TRUSTEE,<br>    Plaintiff,<br>v.<br>SKLAR EXPLORATION COMPANY, LLC; SKLARCO, LLC; EAST WEST BANK; AND THOMAS M. KIM, AS TRUSTEE OF THE CREDITOR TRUST FORMED PURSUANT TO THE REORGANIZED DEBTORS' CONFIRMED PLAN,<br>    Defendants. | Adversary No. 22-01022-EEB |
| THOMAS M. KIM, AS CREDITOR TRUSTEE OF THE SKLARCO CREDITOR TRUST,<br>    Plaintiff,<br>v.<br>HOWARD F. SKLAR, INDIVIDUALLY; MIRIAM SKLAR, L.C.; HOWARD F. SKLAR AS INDEPENDENT EXECUTOR OF THE SUCCESSION OF MIRIAM MANDEL SKLAR; AND HOWARD F. SKLAR AS TRUSTEE OF THE HOWARD TRUST, THE ALAN GRANTOR TRUST, AND THE JACOB GRANTOR TRUST,<br>    Defendants. | Adversary No. 22-01106-EEB |

**MOTION OF HOWARD F. SKLAR TO RECONSIDER CONSOLIDATION OF ADMINISTRATIVE EXPENSE MOTION AND DECLARATORY JUDGMENT ACTION WITH UNRELATED ADVERSARY PROCEEDING**

Howard F. Sklar, (i) for himself, and (ii) as trustee for the (x) Howard Trust, an irrevocable *inter vivos* trust created under the laws of the State of Louisiana (the "Howard Trust"), (y) Alan Grantor Trust, an *inter vivos* trust created under the laws of the State of Louisiana (the "Alan Grantor Trust"), and (z) the Jacob Grantor Trust, an irrevocable *inter vivos* trust created under the laws of the State of Louisiana (the "Jacob Grantor Trust" and collectively with the Howard Trust and the Alan Grantor Trust, the "Family Trusts") (in each such capacity, "HFS"), submits this motion to reconsider the Court's *sua sponte* decision to consolidate the (i) Motion of Howard F. Sklar for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D), filed in the above-captioned chapter 11 cases on January 31, 2022 [Docket No. 1602] (the "Administrative Expense Motion") and the adversary proceeding commenced by HFS's contemporaneous complaint against Sklar Exploration Company, LLC ("Sklarco"); Sklarco, LLC ("SEC" and together with Sklarco, the "Reorganized Debtors"), East West Bank ("EWB"), and Thomas M. Kim, as trustee of the Creditor Trust formed pursuant to the Reorganized Debtors' confirmed Plan (the "Trustee"), Case No. 22-01022-EEB (the "HFS Adversary Proceeding" and together with the Administrative Expense Motion, the "Outside Investment Litigation"), with (ii) the unrelated adversary proceeding commenced by the Trustee's filing a complaint on March 31, 2022, against HFS, Miriam Sklar, L.C., and the Succession of Miriam Mandel Sklar ("SMMS"), Case No. 22-01106-EEB (the "Trustee Adversary Proceeding"). As grounds therefore, HFS states as follows:

## I. INTRODUCTION

The Trustee Adversary Proceeding has nothing to do with the Outside Investment Litigation. They do not share common factual or legal questions, and consolidating them will delay resolution of the Outside Investment Litigation at great expense to the parties.

2

The Outside Investment Litigation involves two discrete questions: (1) the rights of the parties to four non-oil and gas equity interests held by Sklarco, and (2) whether HFS is entitled to an administrative expense for the contribution of proceeds of those equity interests during the Reorganized Debtors' chapter 11 cases. While the Trustee Adversary Proceeding asserts ten causes of action against HFS and other defendants, none of those causes of action has anything to do with the non-oil and gas equity interests, and the Trustee does not assert any claim for relief based on those interests. Given the relative simplicity of the claims asserted in the Outside Investment Litigation, if the Court were to consolidate it with the Trustee Adversary Proceeding it would significantly delay resolution of the Outside Investment Litigation, unnecessarily involve the Reorganized Debtors in the Trustee Adversary Proceeding where they are not a party, and increase the costs of litigating both matters for all. The Court should reconsider and deny consolidation of these matters.

## II     FACTUAL BACKGROUND

**A.    The Outside Investments.**

1. The Family Trusts own or have an interest in certain equity interests as outside investments in various non-public entities that are not affiliated with either of the Reorganized Debtors and whose businesses are not at all related to the Reorganized Debtors' businesses. These outside investments include equity interests in Boulders on Fern, L.L.C.; LTP Opportunity Fund I, LP; LTP Timberquest Fund, LP; and Trout Creek Ventures, LP (collectively, the "<u>Outside Investments</u>").

2. All of the Family Trusts' interests in the Outside Investments were acquired long before the Reorganized Debtors commenced their chapter 11 cases, and the Outside Investments have nothing to do with the Reorganized Debtors' oil and gas businesses.

**B.     The Chapter 11 Cases.**

3.     The Reorganized Debtors each filed a voluntary petition commencing a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court on April 1, 2020 (the "Petition Date").  The Reorganized Debtors' chapter 11 cases (the "Chapter 11 Cases") were jointly administered solely for procedural purposes pursuant to Fed. R. Bankr. P. 1015(b), L.B.R. 1015-1, and the Order Granting Motion for Joint Administration [Docket No. 8]. The Reorganized Debtors' estates were not substantively consolidated under a plan or otherwise.

4.     The Court entered an order on June 15, 2020, appointing CR3 Partners, LLC to serve as the Reorganized Debtors' Chief Restructuring Officer (the "CRO"), effective as of May 21, 2020 [Docket No. 429].

5.     Before the Petition Date, Sklarco distributed proceeds of the Outside Investments to the Family Trusts in proportion to their respective ownership interests.  But on information and belief, after the Petition Date, the CRO allocated distributions or other proceeds from the Outside Investments to pay for various expenses of the Reorganized Debtors incurred during their chapter 11 cases – primarily expenses benefiting SEC and its creditors.  The Family Trusts did not receive any distributions or other proceeds from the Outside Investments during the Chapter 11 Cases.

6.     The Court entered an order on April 24, 2021, confirming the Reorganized Debtors' Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020 [Docket No. 1251] (the "Plan").  The Reorganized Debtors filed a notice on September 8, 2021, advising that the effective date of the plan occurred on September 7, 2021 (the "Plan Effective Date").  The Plan provided for the formation of a creditor trust for the benefit of unsecured

4

creditors, who exchanged their claims against Sklarco and SEC for beneficial interests in the trust (the "Creditor Trust"). (Plan, §§ 6.2(a), 8.4.)

**C. HFS's Administrative Expenses and the HFS Adversary Proceeding**

7. Even though the Family Trusts maintain their interests in the Outside Investments, various parties were unwilling to acknowledge the Family Trusts' ownership of the Outside Investments when the Plan was confirmed. Without a resolution at Plan confirmation, HFS and the various parties sought to continue negotiating to resolve any disputes as to the ownership of the Outside investments while reserving rights to litigate their respective interests in, and rights to, the Outside Investments. As a result, the Plan declines to treat or otherwise take a position on the Outside Investments and provides:

> The parties shall cooperate to resolve their disputes with respect to the [Outside Investments], and any resolution shall be subject to the [sic] Section 8.13 of this Plan if not sooner resolved in accordance with Bankruptcy Rule 9019. Notwithstanding Section 10.2 of this Plan and Section 1141(b) of the Bankruptcy Code, all parties' rights with respect to the [Outside Investments] are reserved (and not waived), including, without limitation, the right to commence an adversary proceeding to determine any party's rights with respect to the [Outside Investments].

(Plan, § 7.2.)

8. The Family Trusts continue to maintain their interests in the Outside Investments held by Sklarco. EWB, the Reorganized Debtors' secured lender, does not have, or claim to have, a lien on or security interest in the Outside Investments, excludes them in its loan documents, and has acknowledged as much. SEC and the Creditor Trust also have no interest in the Outside Investments.

9. Before and after the Plan Effective Date, HFS engaged in good faith negotiations with Sklarco, SEC, EWB, and the Trustee to determine whether they could resolve their disputes with respect to the Outside Investments as required by the Plan.

5

10. With HFS's deadline to request allowance and payment of administrative expenses approaching, HFS timely filed the Administrative Expense Motion on January 31, 2022. The Administrative Expense Motion seeks narrow relief based solely on the CRO's postpetition allocation of distributions or other proceeds of the Outside Investments to pay the Reorganized Debtors' expenses during the Chapter 11 Cases. As described in the Administrative Expense Motion, these contributions helped enable the Reorganized Debtors to confirm the Plan. The Administrative Expense Motion accordingly requests allowance and payment of administrative expenses pursuant to 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D) and the Plan. It also requests allowance and payment of postpetition taxes and associated tax preparation fees that HFS paid on account of the Outside Investments.

11. Contemporaneously with filing the Administrative Expense Motion, HFS commenced the HFS Adversary Proceeding. The HFS Adversary Proceeding also seeks narrow relief and follows up on HFS's reserved rights under Section 7.2 of the Plan to request a determination of HFS's rights with respect to the Outside Investments. To that end, it asserts two claims for relief against SEC, Sklarco, EWB, and the Trustee, one for declaratory judgment, the other for allowance and payment of administrative expenses on the same grounds as requested in the Administrative Expense Motion. As to HFS's declaratory judgment claim, the HFS Adversary Proceeding specifically requests a judgment declaring that:

- (1) each of the Outside Investments and all distributions and other proceeds of the Outside Investments are owned by the Family Trusts in the percentages alleged in HFS's complaint, or, alternatively, (2) each of the Outside Investments and all distributions and other proceeds of the Outside Investments are owned by Sklarco with each of the Family Trusts having an interest in the Outside Investments in the percentages alleged in HFS's complaint;

- SEC, its creditors, and the Trustee have no interest in the Outside Investments or any distributions or other proceeds of the Outside Investments;

6

- neither EWB nor any other person or entity has a lien on or security interest in the Outside Investments or any distributions or other proceeds of the Outside Investments;

- the Plan shall not provide any recovery on account of the Outside Investments or the distributions or other proceeds of the Outside Investments to the Trustee, SEC's creditors, SEC, or EWB; and

- Sklarco may distribute any distributions or other proceeds received on account of the Outside Investments to the Family Trusts in proportion to their respective interests in the Outside Investments.

12. The Trustee filed an answer in the HFS Adversary Proceeding on April 1, 2022. EWB filed an answer in the HFS Adversary Proceeding on April 5, 2022. The Reorganized Debtors have not yet filed an answer or other response in the HFS Adversary Proceeding.

### D. The Trustee Adversary Proceeding

13. The Trustee commenced the Trustee Adversary Proceeding on March 31, 2022. In the Trustee Adversary Proceeding, the Trustee asserts ten causes of action and names as defendants Mr. Sklar individually; Mr. Sklar as independent executor of SMMS and as trustee of the Howard Trust, the Alan Grantor Trust, and the Jacob Grantor Trust; and Miriam Sklar, L.C. (collectively, the "Trustee Adversary Proceeding Defendants"). Unlike the HFS Adversary Proceeding, Sklarco, SEC, and EWB are not parties to the Trustee Adversary Proceeding. The ten causes of action that the Trustee Adversary Proceeding asserts are all based on alleged prepetition conduct having nothing to do with the Outside Investments.

14. The Trustee Adversary Proceeding Defendants filed a motion for partial dismissal on June 21, 2022, generally seeking to dismiss the Trustee's state-law causes of action for breach of fiduciary duty, violations of Louisiana's limited liability company statute, and breach of the Agency Services Agreement, effective as of May 1, 2020, among Sklarco, SEC, and HFS as manager of Miriam Sklar, L.C., as trustee of the Howard Trust, the Alan Grantor Trust, and the Jacob Grantor Trust, and as independent executor of the SMMS (as amended, the "ASA"), based

7

on jurisdictional and standing issues, among other things (the "Motion to Dismiss"). The Trustee Adversary Proceeding Defendants are filing their reply in support of the Motion to Dismiss on the same day as this motion, and the Motion to Dismiss will then be fully briefed.

**E.     The Hearing on Extending Deadline for Reorganized Debtors to Respond to Administrative Expense Motion and in HFS Adversary Proceeding.**

15.     The Reorganized Debtors and HFS have been engaged in extensive negotiations to resolve the Outside Investment Litigation. Following several requests by the Reorganized Debtors to extend their deadline to respond to in the Outside Investment Litigation, the Court entered its Notice and Order Setting Non-Evidentiary Zoom Hearing in the Chapter 11 Cases and in the HFS Adversary Proceeding, setting a hearing for August 23, 2022 (the "August 23 Hearing"), on the Unopposed Motion to Further Extend Time for Debtors Sklar Exploration Company, LLC and Sklarco, LLC to Respond to the Motion of Howard F. Sklar for Allowance and Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(a), (b)(1)(A) and (b)(3)(D), filed on January 21, 2022 [Docket No. 1837] (the "Hearing Notice"). The Hearing Notice did not advise that the Court would entertain any arguments or consideration of whether the Outside Investment Litigation would be consolidated with the Trustee Adversary Proceeding. The Court did not enter the Hearing Notice in the Trustee Adversary Proceeding.

16.     At the August 23 Hearing, the Court raised the issue of whether the Outside Investment Litigation should be consolidated with the Trustee Adversary Proceeding. HFS advised the Court that no issues overlap between the Outside Investment Litigation and the Trustee Adversary Proceeding and that HFS would oppose consolidation. Counsel to SEC also opposed consolidation of the Outside Investment Litigation with the Trustee Adversary Proceeding noting that the claims raised in the Trustee Adversary Proceeding are "factually

8

distinct" from the issues raised in the Outside Investment Litigation.  The Trustee's counsel was the only party supporting consolidation at the August 23 Hearing.

17. The Court determined that it would consolidate the Outside Investment Litigation with the Trustee Adversary Proceeding.  Recognizing, however, that the parties did not receive advance notice of the potential consolidation or a full chance to argue it, the Court invited parties opposing the consolidation to file a motion to reconsider it and agreed to wait to enter an order on consolidation until the Court had a chance to review any motion to reconsider.

F. **HFS and the Reorganized Debtors Have Settled the Administrative Expense Motion and the HFS Adversary Proceeding.**

18. Meanwhile, as mentioned at the August 23 Hearing, the Reorganized Debtors have reached a settlement of the Outside Investment Litigation.  Under the settlement, HFS agrees to withdraw the Administrative Expense Motion and not pursue allowance or payment of any administrative expenses in the chapter 11 cases.  In exchange, Sklarco agrees that HFS may be deemed the beneficial owner of the Outside Investments held in the name of Sklarco and receive any distributions on account of the Outside Investments realized from and after the Plan Effective Date.  The settlement is subject to Court approval, and a motion to approve the settlement is being filed contemporaneously with this motion.

### III.   RELIEF REQUESTED

19. HFS respectfully requests that the Court reconsider its decision to consolidate the Outside Investment Litigation with the Trustee Adversary Proceeding and allow the two matters to proceed on their own timelines.  As stated at the August 23 Hearing, HFS does not oppose consolidating the scheduling and litigation of the Administrative Expense Motion with the HFS Adversary Proceeding, which do share common legal and factual questions, and would

9

instead support such a consolidation if helpful to close the Chapter 11 Cases pursuant to 11 U.S.C. § 350(a).

### IV. BASIS FOR RELIEF

20. No basis exists to consolidate the Outside Investment Litigation with the Trustee Adversary Proceeding. No common legal or factual question exists, and consolidation would only increase the costs and delay litigation and resolution of the Outside Investment Litigation. The Court should reconsider and deny the consolidation.

21. Fed. R. Civ. P. 42, applicable in the HFS Adversary Proceeding and the Trustee Adversary Proceeding under Fed. R. Bankr. P. 7042 and in the contested matter initiated with the Administrative Expense Motion under Fed. R. Civ. P. 9014(c), permits the Court to consolidate the matters or join them for hearing or trial if they involve a common question of law or fact. Fed. R. Civ. P. 42(a). A common question of law or fact shared by all of the cases is a prerequisite for consolidation, and mere existence of common issues does not require consolidation. *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998). Indeed, "[e]ven where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate." *Id*.

22. While consolidation is in the Court's discretion, "the discretion to consolidate is not unfettered." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). In exercising its discretion, Courts weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Consolidated Parlodel Litig.*, 182 F.R.D. at 444 (internal quotations omitted). Consolidation is a tool to streamline and economize pretrial proceedings and avoid duplication of effort. *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) ("The purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication

10

of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'"). No such purpose is served here, and consolidating the Outside Investment Litigation with the wholly unrelated Trustee Adversary Proceeding would only delay resolution or adjudication of the Outside Investment Litigation and increase the parties' costs to reach a resolution.

A.  **The Outside Investment Litigation and the Trustee Adversary Proceeding Share No Common Legal or Factual Issues.**

23. The Outside Investment Litigation presents completely distinct factual and legal questions from the Trustee Adversary Proceeding.

24. The Outside Investment Litigation presents two narrow, distinct legal questions: (1) HFS's entitlement to the non-oil and gas Outside Investments held by Sklarco; and (2) determination of whether HFS is entitled to reimbursement for contributions of proceeds of those assets during the Chapter 11 Cases as an administrative expense.

25. Meanwhile, the Trustee Adversary Proceeding asserts ten causes of action against the Trustee Adversary Proceeding Defendants based on alleged prepetition conduct having nothing to do with the Outside Investments. The Trustee's claims include claims for breach of fiduciary duty against Mr. Sklar, violations of Louisiana's limited liability company act against Mr. Sklar, Breach of the ASA against the Family Trusts and Miriam Sklar L.C., fraudulent transfer and preference claims against all Trustee Adversary Proceeding Defendants, avoidance of the Trustee Adversary Proceeding Defendants' interests in oil and gas working interests, and a claim for equitable subordination as to the claims asserted by the Family Trusts in the Chapter 11 Cases. The Trustee Adversary Proceeding also asserts an objection to those claims.

26. The Outside Investments are not mentioned anywhere in the Trustee's operative complaint (or any prior complaint). None of the Trustee's claims seeks relief with respect to

11

HFS's entitlement to the Outside Investments or whether HFS is entitled to reimbursement for contributions of proceeds of those assets during the Chapter 11 Cases as an administrative expense. The Trustee Adversary Proceeding Defendants do not even include Sklarco, SEC, or EWB as parties, all of whom are defendants in the HFS Adversary Proceeding.

27. At the August 23 Hearing, the Trustee argued that two common issues exist between the Outside Investment Litigation and the Trustee Adversary Proceeding. First, the Trustee argued that because the Trustee asserts a claim for breach of the ASA, the breach of contract claim serves as the basis to deny HFS the ability to enforce the ASA to recover on account of the Outside Investments held at Sklarco.

28. But the Trustee's argument fails. Aside from this argument lacking merit, HFS has asked the Court to dismiss the Trustee's claim for breach of the ASA because the Trustee lacks standing to assert it and this Court lacks jurisdiction to adjudicate it.

29. As to the Trustee's standing, he is not a party to the ASA and lacks standing to assert a breach of contract claim under that agreement. *Bevill Co. v. Sprint/United Mgmt. Co.*, 77 Fed. Appx. 461, 462 (10th Cir. 2003) (recognizing general rule that "one who is not a party to a contract lacks standing to sue for its breach"). The Reorganized Debtors assumed the ASA through the Plan on the Plan Effective Date (Order Granting Motion to Assume ASA Pursuant to 11 U.S.C. § 365 and Approve Amendment to ASA [Docket No. 1432]; Plan §§ 9.1.), and the Plan expressly reserves enforcement claims for assumed contracts, like breach of contract claims, to the Reorganized Debtors:

> All Executory Contracts assumed by SEC and/or Sklarco in accordance with Article IX shall be in full force and effect, and the Reorganized Debtors shall be empowered to exercise all rights and remedies thereunder . . .

(Plan, § 8.2; Plan, § 9.1 ("Each Executory Contract assumed pursuant to this Plan shall vest and

12

be fully enforceable by Reorganized Sklarco in accordance with its terms . . . .").) The Plan never assigned those claims to Plaintiff:

> On the Effective Date, all Causes of Action belong to the Debtors or the Estates . . . that are not otherwise preserved to the Reorganized Debtors or released pursuant to the Plan . . . shall be vested in the Creditor Trust . . .

(Plan § 8.4.) Instead, the Plan left those claims for the independent manager. (Plan § 8.6(f) "an independent manager shall be appointed for each of the Debtors to manage the day-to-day affairs of the Debtors, including, but not limited to: . . . [p]ursuing collections of any outstanding receivables and enforcing other payment obligations . . . ."). Because the Plan preserved all rights and remedies under the ASA for the Reorganized Debtors and nothing in the Plan assigned those preserved rights and remedies to the Trust, the Trustee lacks standing to assert them in the Trustee Adversary Proceeding and certainly not in the Outside Investment Litigation.

30. As to this Court's jurisdiction over the Trustee's breach of contract claim, the Trustee Adversary Proceeding Defendants have moved to dismiss that claim (among others) because the Court lacks "related to" jurisdiction over it under 28 U.S.C. § 1334(b). Given that the breach of ASA claim is not properly before this Court, the Court should not use it as a basis to consolidate the wholly unrelated Outside Investment Litigation with the Trustee's claims.

31. But even if the Trustee's breach of ASA claim were to survive the Motion to Dismiss, its resolution has nothing to do with the Outside Investment Litigation. The Trustee has no legal or factual basis to claim an entitlement to the Outside Investments, and he has not sought to do so. It makes no sense for the Trustee to rely on alleged breaches of the ASA that do not relate to the Outside Investments to deprive HFS from a recovery of assets while the Trustee

is unable to lay claim to those assets because of any alleged breach of the ASA.[1] The result is to deprives HFS from recovering assets he is entitled to receive without any benefit to the Creditor Trust's constituents. Meanwhile, the party with standing to enforce the ASA – Sklarco – has agreed to a settlement, subject to Court approval, that would return the assets to HFS in exchange for meaningful concessions and avoidance of costly litigation.

32. Further, because as part of the proposed settlement with Sklarco HFS is agreeing to forgo any reimbursement of administrative expenses or prepetition claims based on the Outside Investments, any recovery he receives is solely based on proceeds realized from and after the Plan Effective Date, when the independent manager took control of the Reorganized Debtors. All proceeds have been maintained separately by the independent manager, and no risk exists that HFS is recovering any property that was even arguably commingled (HFS disputes that it was) with Sklarco's or SEC's property or money that would otherwise be available for recovery by the Creditor Trust's constituents. The Trustee's position simply has no practical application or justification.

33. The Trustee has also argued that HFS claims that the Outside Investments are held under the same ASA as the oil and gas assets that are contributed under the Plan, and the Court should adjudicate that issue in one action. But that argument fails as well. The Plan specifically contributes oil and gas revenue generated by Sklarco to EWB, the Trust, and Mr. Sklar. That contribution was agreed to after extensive negotiations among all three parties and approved by the Court when it confirmed the Plan. Nothing in the Plan adjudicates the ownership of any specific oil and gas assets, and it does not need to. Meanwhile, the Plan expressly reserves all rights of the parties with respect to the Outside Investments, takes no

---

[1] HFS disputes the Trustee's alleged breaches.

position as to their ownership, and does not allocate or distribute any proceeds derived from the Outside Investments. (*See* Plan, § 7.2.)

34. Now, Sklarco, SEC, and HFS have resolved their disputes with respect to the Outside Investments in accordance with the Plan. In the settlement, HFS is agreeing to forgo any request for allowance and payment of administrative expenses, only take proceeds from the Outside Investments generated after the Plan Effective Date, and does not require the Court to make a final determination as to the ownership of the Outside Investments. Because the Trust has no claim to the Outside Investments in the Trustee Adversary Proceeding (or otherwise), it will not be prejudiced in its litigation in any way if the Outside Investment Litigation is adjudicated separately from the Trustee Adversary Proceeding.

35. The Trustee's second argument, that the Outside Investment Litigation is related to the Trustee Adversary Proceeding because the Trustee seeks equitable subordination of HFS's claims and HFS cannot recover on account of its administrative expenses before other creditors recover, also fails. HFS has agreed to forgo any right of recovery on his administrative expenses as part of the settlement. As a result, there is nothing to subordinate if the settlement is approved.

36. But even so, the Trustee's suggestion that it is inequitable for HFS to recover anything before creditors recover is also disingenuous. The creditors' committee extensively negotiated and agreed to a recovery to Mr. Sklar under the Plan on account of his interests in Sklarco – a solvent entity. (Plan, § 7.2.) To take the position now that Mr. Sklar should recover nothing until creditors are paid in full contradicts their agreement and the terms of the confirmed Plan, which the unsecured creditors voted to accept. The Trustee's position is all the more

15

baseless as he has no claim to the proceeds from the Outside Investments. The Trustee cannot subordinate claims to assets in which he has no interest.

**B.  Consolidating the Outside Investment Litigation with the Trustee Adversary Proceeding Would be Uneconomical, Increase the Cost of Litigation, and Delay Adjudication of the Outside Investment Litigation.**

37. Contrary to the Trustee's assertions, consolidating the Outside Investment Litigation with the Trustee Adversary Proceeding would only delay adjudication of the Outside Investment Litigation and increase expenses for the parties. The Trustee has asserted ten causes of action and seeks recovery of more than $36 million (an amount far larger than what is owed to their constituents). The litigation remains in the pleading stages and is subject to the Motion to Dismiss. It raises numerous complex legal and factual questions that will take significant time to develop, will be subject to extensive discovery, and require expert designations.

38. On the other hand, the Outside Investment Litigation raises only two legal questions: (1) entitlement to the equity interests in four unrelated entities, and (2) Mr. Sklar's entitlement to administrative expenses. If the Court approves HFS's settlement of those issues with the Reorganized Debtors, the disputes will be resolved without further litigation and no purpose would be served by consolidation. Thus, at the very least, the Court should postpone entering an order of consolidation until after the Court enters an order on the motion to approve the settlement. If the Court were to grant the motion to approve the settlement, the Outside Investment Litigation will have been resolved and there would be nothing left to consolidate with the Trustee Adversary Proceeding.

39. If, on the other hand, the Court were to deny approval of the settlement, HFS expects that adjudication of the discrete issues he raises could be resolved on a much quicker time frame than in the Trustee Adversary Proceeding. Tying up the Outside Investment

16

Litigation with the Trustee Adversary Proceeding would only delay its adjudication and tie up the funds that Sklarco is holding.

40. Meanwhile, it would increase the cost of litigation – particularly for the Reorganized Debtors. The Reorganized Debtors are not parties in the Trustee Adversary Proceeding. Consolidating the Outside Investment Litigation with the Trustee Adversary Proceeding would necessarily involve them in litigation in which they are not otherwise parties. Tying up resolution of the Outside Investment Litigation with the Trustee Adversary Proceeding will force the Reorganized Debtors to spend additional resources to defend themselves in an action where they need not otherwise participate.

## V. CONCLUSION

41. For the above reasons, HFS respectfully requests that the Court reconsider its decision to consolidate the Outside Investment Litigation with the Trustee Adversary Proceeding and allow the two matters to proceed on their own timelines. HFS does not oppose, however, consolidating the scheduling and litigation of the Administrative Expense Motion with the HFS Adversary Proceeding and would instead support such a consolidation if helpful to close the Chapter 11 Cases pursuant to 11 U.S.C. § 350(a).

Dated: September 2, 2022

By: */s/ Adam L. Hirsch*
Adam L. Hirsch, Reg. No. 44306
Christopher L. Richardson, Reg. No. 13437
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: adam.hirsch@dgslaw.com

*Counsel to Howard F. Sklar
in the capacities listed above*

17

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on September 2, 2022, the foregoing **MOTION OF HOWARD F. SKLAR TO RECONSIDER CONSOLIDATION OF ADMINISTRATIVE EXPENSE MOTION AND DECLARATORY JUDGMENT ACTION WITH UNRELATED ADVERSARY PROCEEDING** was filed on the Court's electronic filing system CM/ECF and was electronically served upon all parties receiving electronic notice.

                                              */s/ Robin E. Anderson*
                                              Robin E. Anderson