# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: <br><br> SKLAR EXPLORATION COMPANY, LLC, <br> EIN:  72-1417930 <br><br> Reorganized Debtor. | Case No. 20-12377-EEB <br><br> Chapter 11 <br><br> (Jointly Administered) |
| SKLARCO LLC, <br> EIN:  72-1425432 <br><br> Reorganized Debtor. | Case No. 20-12380-EEB |

## MOTION TO APPROVE SETTLEMENT AGREEMENT REGARDING OUTSIDE INVESTMENTS

Sklar Exploration Company, LLC ("**SEC**") and Sklarco, LLC ("**Sklarco**") (together, the "**Reorganized Debtors**"), each acting through its Independent Manager (as set forth below), respectfully move pursuant to section 105(a) of the Bankruptcy Code, Rule 9019 of the Federal Rules of Bankruptcy Procedure, and Section 7.2 of the Plan (as defined below) for an order approving the Debtor's execution and performance of the Agreement Regarding Outside Investments ("**Agreement**"), a copy of which is attached as Exhibit A, and  states as follows:

### Jurisdiction

1. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Background

3. On April 1, 2020, the Reorganized Debtors filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Colorado (the "**Court**"). The Reorganized Debtors' Chapter 11 cases are jointly administered.

4. The Reorganized Debtors proposed a Second Amended and Restated Joint Plan of Reorganization, dated December 18, 2020, which was confirmed as modified (the "**Plan**"). The Court entered a confirmation order (Docket No. 1433) on August 24, 2021.

5. During the course of the Chapter 11 cases, the Reorganized Debtors retained a Chief Restructuring Officer, James Katchadurian of CR3 Partners, LLC (the "**CRO**"), who managed the Reorganized Debtors' assets and directed the Reorganized Debtors' conduct until the effective date of the Reorganized Debtors' Plan.

6. Pursuant to the Plan, which the Independent Manager understands was negotiated among several primary constituents (including the Reorganized Debtors, their principals, the Official Unsecured Creditors Committee, and Reorganized Debtors' primary secured lender, East West Bank ("**EWB**")), the CRO was replaced with a structure of parallel plan fiduciaries.

7. One plan fiduciary is the Independent Manager designated pursuant to Section 8.6 of the Plan. The powers and duties of the Independent Manager include: "Effectuating the terms of the Plan;" maintaining control over bank accounts; and "[d]irecting business decisions by the Reorganized Debtors . . . ." The Independent Manager is also directed to effectuate the wind down and dissolution of SEC.

8. A second plan fiduciary is the Creditor Trustee with powers and duties with respect of the Creditor Trust established pursuant to Section 8.4 of the Plan. The Creditor Trustee is empowered by the Plan to pursue all Causes of Action (defined in the Plan) other than ordinary course collections and to receive distributions from the Reorganized Debtors' interest in THP Partners II, L.P., and certain specified wells, pipelines, and mineral leases.

9. The Independent Manager appointed pursuant to the Plan is Mr. Brad Walker. The Creditor Trustee is Mr. Thomas M. Kim.

10. Howard F. Sklar is a principal in SEC and Sklarco and is trustee for the Howard Trust, an irrevocable inter vivos trust created under the laws of the State of Louisiana; the Alan Grantor Trust, an irrevocable inter vivos trust created under the laws of the State of Louisiana; and the Jacob Grantor Trust, an irrevocable inter vivos trust created under the laws of the State of Louisiana (individually and in capacity as trustee for each of the aforementioned trusts, "**HFS**").

11. Subject to the Plan, the Howard Trust directly owns 100% of the membership interests in SEC and directly owns 100% of the membership interests in Sklarco. Mr. Sklar's management of the Reorganized Debtors was displaced, initially by the CRO, and then by the Independent Manager pursuant to the terms of the Plan.

### Agency Services Agreement and Disputed Assets

12. A significant issue in the Chapter 11 cases had been the nature of Sklarco's interest in numerous oil and gas assets as well as in certain non-oil and gas companies that owned and operated non-oil and gas businesses, such as an apartment complex.

13. Such assets were held and administered pursuant to an Agency Services Agreement, executed prepetition and dated as of May 1, 2010 (the "**ASA**"). The ASA, as amended, was assumed by the Reorganized Debtors by virtue of a motion filed in the Chapter 11 cases on

April 5, 2021 (Docket No. 1174), an order entered on August 24, 2021, subject to confirmation and effectiveness of the Plan (Docket No. 1432), and the Plan.

14. The nature of Sklarco's interest in oil and gas assets was resolved by agreement prior to confirmation of the Plan. For certain non-oil and gas assets, the Plan contemplated that the disputes would be resolved post-confirmation. Section 7.2 of the Plan defines "Disputed Assets," some of which are at issue here (the "**Outside Investments**"). The Outside Investments include equity interests in Boulders on Fern, L.L.C.; LTP Opportunity Fund, LP; LTP Timberquest Fund, LP; and Trout Creek Ventures, LP. Sklarco holds equity interests in the aforementioned nonpublic entities that are unaffiliated with the Reorganized Debtors and whose businesses are unrelated to the Reorganized Debtors' businesses.

15. Section 7.2 provides that all parties rights in respect of the Disputed Assets are reserved, including the right to commence an adversary proceeding in respect thereof. Section 7.2 of the Plan directs the parties to "cooperate to resolve their disputes with respect to the Disputed Assets."

16. HFS contends that Sklarco holds the Outside Investments as agent and nominee pursuant to the ASA. Under the Second Amendment to the ASA (Docket No. 1174, Ex. B, ¶ 1.6), the ASA is subject to the Plan and the confirmation order in all respects, and the Plan and confirmation order control over the ASA.

17. HFS commenced an adversary proceeding and has filed a motion for allowance of administrative expenses. In the adversary proceeding, *Sklar v. Sklar Exploration Co., LLC et al.*, Adv. No. 22-01022-EEB (the "**Adversary Proceeding**"), HFS seeks a determination that the Outside Investments are held for the benefit of HFS as beneficial owner and seeks an administrative expense claim in the Chapter 11 cases in the amount of distributions received in respect of the Outside Investments.

### Independent Manager's Investigation of Disputed Assets and Negotiation of Outside Investments

18. Sklarco and SEC, each acting through its Independent Manager, commenced investigation and analysis of the Outside Investments. The investigation included review of the Reorganized Debtors' books and records, study of the ASA, and consultation with parties in interest in the case. The Independent Manager analyzed and took into account multiple points of information and analysis.

19. Points bearing on beneficial ownership of the Outside Investments include the following:

   a. **Terms of ASA.** The ASA, executed ten years before commencement of the Chapter 11 cases, provides that "the rights, titles and interests in the Property shall be recorded and held in the name of Sklarco, as nominee for each Principal." ASA § 1.1. Section 4.2 of the ASA obligates Sklarco, upon termination of the ASA, to "prepare, execute and record" assignments of

3

relevant assts to the relevant Principal. In amendments to the ASA in connection with its assumption, HFS committed not to terminate the ASA while payment obligations to creditors under the Plan remain outstanding.

b. **Separate Accounting for Each Asset**. The historical tax and accounting treatment for the Outside Investments shows varying treatment by each asset. For instance, Trout Creek Ventures LP is treated as owned 100% by the Howard Trust, but Boulders on Fern LLC is treated as owned 50% each by the Alan Trust and Jacob Trust, respectively. This is in contrast to uniform treatment in proportion of the beneficial ownership in equity of Sklarco.

c. **Outside Investments Not Collateral for Secured Loan**. The Debtor, prepetition, had pledged substantial oil and gas related assets to its secured lender, EWB. *See* ASA § 1.1 ("each of the Principals does hereby make Sklarco its true and lawful agent and attorney in fact"). These pledged assets have been dealt with as assets legally and beneficially owned by the Sklarco estate in these cases. The Outside Investments, however, have not ever been pledged to EWB, or to creditors under the Confirmed Plan.

d. **Bankruptcy Schedules/SOFA**. The Reorganized Debtors' initial Schedules and Statement of Financial Affairs lists the Outside Investments as "Property Held for Another." (Docket No. 27 at 7 in Case No. 20-12380-EEB). The Statement of Financial Affairs was signed by Howard Sklar. The Debtor later amended the Schedules and Statement of Financial Affairs to delete the listing of the Outside Investments as Property Held for Another. (Docket No. 87 in Case No. 20-12380-EEB). The Amended Schedules and Statement of Financial Affairs were signed by the CRO, James Katchadurian.

e. **Nonpayment of Fees and Charges Pursuant to the ASA**. The ASA requires "the Principals" to reimburse Sklarco for fees and expenses in performance of the ASA. With respect to certain of the Principals, Sklarco (acting through Howard Sklar) failed to seek payment or reimbursement, and the Principals failed to pay.

f. **Howard Sklar Declaration.** On June 30, 2021, Howard Sklar filed in these Chapter 11 cases a Declaration regarding ownership of assets subject to the ASA. (Docket No. 1326). In the Declaration, Mr. Sklar confirmed that "real property assets," i.e., oil and gas related assets (defined in the Declaration as "Scheduled Assets"), "are actually owned by Sklarco and not merely managed by Sklarco." Mr. Sklar also amended the ASA "to avoid any concern over my claiming any residual ownership interest in the Scheduled Assets." The Declaration did not expressly address the Outside Investments, nor did the amendment to the ASA.

4

      g. **Plan**. As noted, the Plan expressly reserves the parties' rights as to the Disputed Assets, including the Outside Investments.

20. The Independent Manager also takes note of the structure of the Plan. The Creditor Trustee is not a signatory to the Agreement and the Agreement does not purport to release or compromise any claim or Cause of Action that vested in the Creditor Trust.

21. The Plan also did not provide for substantive consolidation of the estates of Sklarco and SEC, and no order substantively consolidating the estates was entered. Accordingly, the Independent Manager analyzed claims against Sklarco. Claims against Sklarco appear limited and defined. *First*, there are claims held by the primary secured lender, East West Bank. It is expected that these claims will be paid in full through collections and disposition of collateral securing that loan, specifically the oil and gas assets. *Second*, there is a disputed administrative expense claim asserted by HFS in respect of the Outside Investments. By the Independent Manager's estimation, the administrative expense claim, if awarded, would be approximately $845,000 less taxes paid or to be paid by Sklarco. This claim is waived under the Agreement, if the Agreement is approved. *Third*, remaining third party claims against Sklarco are limited. By the Independent Manager's calculation, they total $300,000 or less. The Independent Manager sees no evidence of an intercompany claim owed by Sklarco to SEC. If there was an intercompany claim, the net receivable likely would have been in favor of Sklarco. In any event, no intercompany claim survived confirmation of the Plan.

22. The Plan provides that the Creditor Trust is entitled to certain payments from Sklarco based upon "Available Cash." *See* Plan §§ 1.29, 6.2(b), (c). "Available Cash" is defined in relevant part as "net revenue owned by Sklarco and SEC." There appears to be a disagreement whether the term "net revenue" encompasses the Outside Investments if as a threshold matter they are deemed beneficially owned by Sklarco. HFS contends that "net revenue" is a term of art related solely to oil and gas assets, and that use of term in the Plan terms reinforce that industry meaning. In particular, the term "Available Cash" is central to defining the payment obligation to the secured lender, EWB, under the Plan and, if the Outside Investments are included in the definition of Available Cash, then EWB's secured claim would be paid from assets in which EWB claims no interest, and therefore the use of "net revenue" denotes funds derived from the sale of oil and gas produced from wells in which Sklarco holds an interest, and does not encompass any other forms of revenue. The Creditor Trustee appears to disagree with that interpretation.

23. As noted, during the Chapter 11 cases, the Reorganized Debtors (through the CRO) collected distributions from the Outside Investments and used them for operations and to pay administrative expenses. Total funds collected and used during the case, by the Independent Manager's calculation, are $845,037.10 (less 2020 taxes paid and less 2021 taxes due), subject to potential refinements and adjustments based upon further analysis. This would likely be the amount of administrative expense claim awarded to HFS, if one is awarded at all.

24. Since the effective date of the Plan, distributions received in respect of the Outside Investments have been separately accounted for pending determination of ownership. They have not been used in operations or to pay expenses, nor have any been distributed to HFS (except for

tax distributions called for under the Plan). Currently, the Independent Manager calculates that Sklarco is holding the pre-tax amount of $622,843.72 in cash attributable to the Outside Investments as of August 26, 2022.

### Terms of Agreement

25. Taking into account all of the foregoing and recognizing the expense and delay of litigation, the Independent Manager has determined to enter into the Agreement. Agreement includes the following essential terms:[1]

   a. HFS shall be deemed the beneficial owner of the Outside Investments held in legal title by Sklarco;

   b. Sklarco shall turn over to HFS the amount of the distributions it has collected in respect of the Outside Investments subsequent to the Effective Date of the Plan and any additional distributions it receives; and

   c. HFS shall waive any and all administrative expense claims asserted in the Reorganized Debtors' cases.

### The Agreement Meets Rule 9019 Standards, Advances Administration of these Cases, and is Consistent with the Plan

26. Under Bankruptcy Rule 9019, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Rule 9019 provides only the procedure to obtain approval of a compromise or settlement, and the Bankruptcy Code does not offer statutory guidance on this issue. *Velasquez v. Gonzales (In re Velasquez)*, No. NM-18-076, 2019 Bankr. LEXIS 1854, at *9 (B.A.P. 10th Cir. June 18, 2019) (unpublished). Thus, the legal standard governing the approval of settlements under Rule 9019 has been left to the courts. *Id.*

27. "Settlements are favored in bankruptcy." *Hamon v. DVR, LLC (In re DVR, LLC)*, 606 B.R. 80, 87 (D. Colo. 2019) (citing *Korngold v. Loyd (In re S. Med. Arts Cos., Inc.)*, 343 B.R. 250, 255 (B.A.P. 10th Cir. 2006)); *see also Stanpec Corp. v. Jelco, Inc.*, 464 F.2d 1184 (10th Cir. 1972) (stating that the law generally favors compromises and settlements). A bankruptcy court's decision to approve a settlement must be "an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989). Furthermore, a bankruptcy court "must determine whether the settlement is fair and equitable and in the best interests of the estate." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989). "[S]ome deference to the business judgment" of a trustee is also appropriate where a proposed settlement is otherwise fair and equitable to the estate. *In re OptInRealBig.com, LLC*, 345 B.R. 277, 291 (Bankr. D. Colo. 2006).

---

[1] The following summary is for convenience only. In the event of any inconsistency between the summary herein and the terms of the Agreement, the Agreement controls.

28. Courts in the Tenth Circuit have found that the four factors listed in *Kopp v. All American Life Insurance Co. (In re Kopexa Realty Venture Co.)*, 213 B.R. 1020 (B.A.P. 10th Cir. 1997) should be considered by a bankruptcy court in its analysis of a proposed settlement agreement. *In re DVR, LLC*, 606 B.R. at 87 (collecting cases). The *Kopexa* factors are as follows: (1) the chance of success of the litigation on the merits; (2) possible problems in collecting a judgment; (3) the expense and complexity of the litigation; and (4) the interest of creditors. *In re Kopexa Realty Venture Co.*, 213 B.R. at 1022. While there is no binding precedent that requires this Court to consider the *Kopexa* factors, "bankruptcy courts in this Circuit invariably, if not inveterately, review Rule 9019 settlements through the lens of [those] factors." *In re Velasquez*, 2019 Bankr. LEXIS 1854, at *10–11.

29. The Independent Manager of the Reorganized Debtors negotiated the Agreement with HFS, as contemplated by the Plan. In the Reorganized Debtors' business judgment, exercised through the Independent Manager, the proposed Agreement is fair, reasonable, and in the best interests of the Reorganized Debtors and other parties in interest. Specifically, the Agreement resolves HFS's cause of action in the Adversary Proceeding against the Reorganized Debtors without affecting the Creditor Trust's rights under the Plan. The Independent Manager requests that this Court provide deference to his business judgment, as the Agreement is otherwise fair and equitable. Here, the *Kopexa* factors below also militate in favor of approval of the Agreement.

30. ***Probability of Success on the Merits***. The terms of the settlement are consistent with the Independent Manager's assessment of the risks and probabilities of outcome. By its written terms, the ASA does provide that the Outside Interests held pursuant thereto are held for the benefit of the Trusts and their respective beneficiaries. The ASA was executed years before either of the Reorganized Debtors commenced the Chapter 11 case. Moreover, as noted, the historical treatment of each of the Outside Investments appears consistent with the written terms of the ASA. These facts lean in favor of the HFS position on ownership. *See* 11 U.S.C. § 541(d) (stating that if debtor holds only legal title, only legal title and not equitable interests vests in estate). On the other hand, the Independent Manager recognizes that the oil and gas interests in the case—also governed by the ASA—have been treated as assets of Sklarco. The terms of the ASA do not expressly distinguish between oil and gas assets and other assets. However, Sklarco affirmatively pledged the oil and gas assets for secured loans, with the apparent consent of the beneficiaries, as authorized by the ASA. The indications of ownership in the record of the Chapter 11 cases provide basis for arguments on both sides but, ultimately, nothing specific occurred to transfer or change beneficial ownership. At noted, under the Plan, rights are specifically preserved. The waiver of an administrative expense claim is valuable consideration, in the judgment of the Independent Manager.

31. The Independent Manager is mindful of the fact that payments provided under the terms of the ASA were not invoiced or made. Due to the passage of time (as much as a decade or more in some instances), HFS and the beneficiaries under the ASA may assert potential defenses including waiver and satisfaction, statutes of limitations, course of dealing, and laches. There further appears to be some question whether the claim for payment, to the extent valid, may be asserted by the Reorganized Debtors through the Independent Manager or by the Creditor Trustee on behalf of the Creditor Trust. Any such claims—whether valid in whole, in part or not at all—and regardless of whether they may be asserted by the Creditor Trustee or the Independent

7

Manager, are **_not_** released as part of the Agreement. The Agreement instead recognizes that ownership of the disputed Outside Investments is distinct from monies that may or may not be owed.

32. ***Difficulty in Collecting the Judgment***. The Independent Manager does not believe this factor to be material.

33. ***Expense and Complexity of Litigation***. The parties to the Agreement desire to avoid the risk, delay, and expense of litigation in the Adversary Proceeding. Absent the Agreement, the Reorganized Debtors would need to file an Answer in the Adversary Proceeding and continue to litigate. Continuing the Adversary Proceeding would entail substantial cost and delay. The Court has recently indicated an intention to consolidate the Adversary Proceeding with other, comprehensive litigation involving HFS and the Creditor Trustee. Absent the Agreement, required participation by the Reorganized Debtors in the consolidated adversary proceeding would multiply expense of litigation.

34. ***Interests of Creditors***. The interest of creditors is reflected in the confirmed Plan. The Plan provides for parallel fiduciaries, with the Independent Manager dealing with assets and the business, and the Creditor Trustee pursuing litigation claims. Moreover, the Plan expressly obligates the Debtor to address ownership of the Disputed Assets in good faith. In entering into the Agreement, the Independent Manager is performing the tasks required by the Plan and is respecting the role of the Creditor Trustee. No claims or causes of action are released. The Agreement, if approved, would facilitate obtaining a final decree, minimize future litigation expense by the Reorganized Debtors, and result in waiver of a significant, disputed administrative expense claim. The Agreement is, the Independent Manager believes, a substantial step in the orderly resolution of what has been a contentious Chapter 11 case.

## CONCLUSION

WHEREFORE, the Reorganized Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto approving the Agreement and granting such other relief as is just and proper.

[*Remainder of page intentionally left blank.*]

DATED: September 2, 2022.

Respectfully submitted,

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*/s/ Michael J. Pankow*
Michael J. Pankow, #21212
Amalia Y. Sax-Bolder, #54959
410 17th Street, Suite 2200
Denver, CO 80202-4432
Tel: (303) 223-1100
Fax: (303) 223-1111
mpankow@bhfs.com
asax-bolder@bhfs.com

*Attorneys for Sklarco, LLC*

and

**KUTNER BRINEN DICKEY RILEY, P.C.**

*/s/ Keri L. Riley*
Keri L. Riley #47605
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Tel: (303) 832-2400
klr@kutnerlaw.com

*Attorneys for Sklar Exploration Company, LLC*

9

## CERTIFICATE OF SERVICE

      I certify that on September 2, 2022, I served a complete copy of the foregoing **MOTION TO APPROVE AGREEMENT REGARDING OUTSIDE INVESTMENTS** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Paul Moss, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Stoneham Drilling Corporation
(Representative: Heather Stickel)
c/o James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Mesa Fluids, LLC
(Representative: Aaron W. Merrell)
1669 South 580 East
American Fork, UT 84057

TCP Cottonwood, L.P.
(Representative: Kyle C. McInnis)
c/o Eric Lockridge
400 Convention Street
Suite 700
Baton Rouge, LA 70801

Rapad Well Service Company, Inc.
(Representative: Chesley James)
c/o Jeremy Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203-4642

Kelley Brothers Contractors, Inc.
(Representative: Jerry Kelley)
401 County Farm Road
Waynesboro, MS 39367

Baker Hughes Company
(Representative: Christopher J. Ryan)
2001 Rankin Road
Houston, TX 77073

Timothy C. Mohan, Esq.
Foley & Lardner, LLP
600 17th Street
Suite 2020 South
Denver, CO 80202

J. Eric Lockridge, Esq.
Kean Miller LLP
400 Convention Street
Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

Craig K. Schuenemann, Esq.
Bryan Cave Leighton Paisner LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203

Giovanni M. Ruscitti, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302

Bryce A. Suzuki, Esq.
Bryan Cave Leighton Paisner, LLP
Two North Central Avenue
Suite 2100
Phoenix, AZ 85004-4406

James B. Bailey, Esq.
Bradley Arant Boult Cummings, LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Timothy M. Riley, Esq.
Hopping Green & Sams, P.A.
P.O. Box 6526
Tallahassee, FL 32314

Michel D. Rubenstein, Esq.
Liskow & Lewis
1001 Fannin Street
Suite 1800
Houston, TX 77002

Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, P.C.
999 18th Street
Suite 1230 South
Denver, CO 80202

Robert L. Paddock, Esq.
Buck Keenan LLP
2229 San Felipe
Suite 1000
Houston, TX 77019

Jeremy L. Retherford, Esq.
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203

Matthew J. Ochs, Esq.
Holland & Hart, LLP
555 Seventeenth Street
Suite 3200
P.O. Box 8749
Denver, CO 80201-8749

Shay L. Denning, Esq.
Thomas H. Shipps, Esq.
Maynes, Bradford, Shipps & Sheftel, LLP
835 East Second Avenue
Suite 123
Durango, CO 81301

Robert Padjen, Esq.
Deanna Lee Westfall, Esq.
Assistant Attorney General
Colorado Department of Law
1300 Broadway
8th Floor
Denver, CO 80203

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
6th Floor
Denver, CO 80202-1486

Joseph E. Bain, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Madison Tucker, Esq.
Jones Walker LLP
201 St. Charles Avenue
Suite 5100
New Orleans, Louisiana 70170

Barnet B. Skelton, Jr., Esq.
815 Walker
Suite 1502
Houston, TX 77002

Amy L. Vazquez, Esq.
Jones Walker LLP
811 Main Street
Suite 2900
Houston, TX 77002

Matthew S. Okin, Esq.
John Thomas Oldham, Esq.
Okin Adams, LLP
1113 Vine Street
Suite 240
Houston, TX 77002

Christopher H. Meredith, Esq.
Copeland Cook Taylor & Bush, P.A.
1076 Highland Colony Parkway
600 Concourse, Suite 200
P.O. Box 6020
Ridgeland, MS 39158-6020

Michael L. Niles, Esq.
Brian G. Rich, Esq.
Berger Singerman LLP
313 North Monroe Street
Suite 301
Tallahassee, FL 32301

Victoria Argeroplos, Esq.
Jackson Walker LLP
1401 McKinney Street
Suite 1900
Houston, TX 77010

David R. Taggart, Esq.
Bradley Murchison Kelly & Shea, LLC
401 Edwards Street
Suite 1000
Shreveport, LA 71101

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
P.O Box 22260
Shreveport, LA 71120-2260

Paul H. Stephenson III, Esq.
Jim F. Spencer, Jr., Esq.
Watkins & Eager, PLLC
P.O. Box 650
Jackson, MS 39205
John D. Cornwell, Esq.
Grant M. Beiner, Esq.
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street
Suite 2700
Houston, TX 77002

Christopher D. Johnson, Esq.
Diamond McCarthy, LLP
909 Fannin Street
Suite 3700
Houston, TX 77010

Michael J. Guyerson, Esq.
Buechler Law Office, LLC
999 18th Street
Suite 1230 South
Denver, CO 80202

Jordan B. Bird, Esq.
Cook Yancey King & Galloway, APLC
333 Texas Street
Suite 1700
Shreveport, LA 71120-2260

Ryan M. Seidemann, Esq.
Assistant Attorney General
Civil Division/Lands and Natural Resources
P.O. Box 94005
Baton Rouge, LA 70804-9005

David M. Miller, Esq.
Spencer Fane LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

Jennifer J. Hardy, Esq.
Willkie Farr & Gallagher, LLP
600 Travis Street
Houston, TX 77002

Duane J. Brescia, Esq.
Clark Hill Strasburger
720 Brazos Street
Suite 700
Austin, TX 78701

Andrew G. Edson, Esq.
Clark Hill Strasburger
901 Main Street
Suite 6000
Dallas, TX 75202

Craig M. Geno, Esq.
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, MS 39157

Christopher H. Meredith, Esq.
Glenn Gates Taylor, Esq.
Copeland Cook Taylor & Bush, P.A.
600 Concourse, Suite 200
1076 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Curtis R. Shelton, Esq.
Jennifer Norris Soto, Esq.
Ayres Shelton Williams Benson & Paine, LLC
333 Texas Street, Suite 1400
P.O. Box 1764
Shreveport, LA 71166

Armistead M. Long, Esq.
Gordon Arata Montgomery Barnett
McCollam Duplantis & Eagan, LLC
400 East Kaliste Saloon Road
Suite 4200
Lafayette, Louisiana 70508

Ryan J. Lorenz, Esq.
Clark Hill PLC
14850 North Scottsdale Road
Suite 500
Scottsdale, Arizona 85254

Katherine A. Ross, Esq.
U.S. Attorney's Office for the
 District of Colorado
Assistant United States Attorney
1801 California Street
Suite 1600
Denver, CO 80202

Ryco Exploration, LLC
401 Edwards Street
Suite 915
Shreveport, LA 71101
ATTN: M. Robin Smith

Ryco Exploration, LLC
40 Golf Club Drive
Haughton, LA 71037
ATTN: M. Robin Smith

Stephen K. Lecholop II, Esq.
Rosenthal Pauerstein, Esq.
Sandoloski Agather LLP
755 East Mulberry
Suite 200
San Antonio, TX 78212

Katherine Guidry Douthitt, Esq.
Blanchard Walker O'Quin & Roberts
P.O. Box 1126
Shreveport, Louisiana 71163

Andrew J. Shaver, Esq.
Bradley Arant Boult Cummings LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Theodore J. Hartl, Esq.
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596

John H. Smith
Quitman Tank Solutions, LLC
P.O. Box 90
Quitman, MS 39355

Belinda Harrison
58 County Road 5033
Heidelberg, MS 39439

Casey C. Breese, Esq.
Welborn Sullivan Meck & Tooley, P.C.
1125 17th Street
Suite 2200 South
Denver, CO 80202

Jeff Carruth, Esq.
Weycer Kaplan Pulaski & Zuber, P.C.
11 Greenway Plaza
Suite 1400
Houston, TX 77046

Michael E. Riddick, Esq.
Katherine Guidry Douthill, Esq.
Blanchard Walker O'Quin & Roberts, P.C.
333 Texas Street
Regions Tower
Suite 700
Shreveport, LA 71101

Chris Crowley, Esq.
Feldmann Nagel Cantafio, PLLC
1875 Lawrence Street
Suite 730
Denver, CO 80202

Timothy M. Swanson, Esq.
Moye White LLP
1400 16th Street
Suite 600
Denver, CO 80206

Adam L. Hirsch, Esq.
Davis Graham & Stubbs LLP
1550 Seventeenth Street
Suite 500
Denver, CO 80202

Elizabeth Weller, Esq.
Linebarger Goggan Blair and Sampson, LLP
2777 North Stemmons Freeway
Suite 1000
Dallas, TX 75207

P. Matthew Cox, Esq.
Snow Christensen & Martineau
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, UT 84111

Michael L. Schuster, Esq.
Ballard Spahr LLP
1225 17th Street
Suite 2300
Denver, CO 80202-5596

Deirdre Carey Brown, Esq.
Forshey & Prostok LLP
1990 Post Oak Blvd.
Suite 2400
Houston, TX 77056

Nex Tier Completion Solutions, Inc.
c/o Allen Bryson, PLLC
1920 McKinney Avenue
7th Floor
Dallas, Texas 75201

Mario A. Lamar, Esq.
Allen Bryson PLLC
1920 McKinney Avenue
7th Floor
Dallas, TX 75201

John H. Bernstein, Esq.
Kutak Rock LLP
1801 California Street
Suite 3000
Denver, CO 80202

Laurie A. Spindler, Esq.
Linebarger Goggan Blair & Sampson, LLP
2777 North Stemmons Freeway
Suite 1000
Dallas, TX 75207

Daniel L. Bray, Esq.
1801 Wewatta Street
Suite 1000
Denver, CO 80202
The Juneau Group
2386A Rice Blvd.
Suite 232
Houston, TX 77005

Tyler Lee Weidlich, Esq.
Beatty & Wozniak, P.C.
1675 Broadway Street
Suite 600
Denver, CO 80202

Florence Bonaccorso-Saenz, Esq.
617 North Third Street
Baton Rouge, LA 70802

J. Marshall Jones
920 Arapahoe
Louisville, CO 80027
David W. Hall
482 Merritt Road
Benton, LA 71006

Joseph D. DeGiorgio, Esq.
David W. Drake, Esq.
Barrett Frappier Weisserman, LLP
1391 North Speer Blvd.
Suite 700
Denver, CO 80204

Brent R. Cohen, Esq.
Lewis Roca Rothgerber Christie LLP
1601 19th Street
Suite 1000
Denver, CO 80202

John Childers, Esq.
8150 North Central Expressway
10th Floor
Dallas, TX 75206

Epiq Systems
757 Third Avenue
3rd Floor
New York, NY 10017

14

Jeffrey R. Barber, Esq.
Jones Walker LLP
P.O. Box 427
1901 East Capitol Street
Suite 800
Jackson, MS 39205-0427

Benjamin Young Ford, Esq.
Armbrecht Jackson
P.O. Box 290
Mobile, AL 36601

Kelsey James Buechler, Esq.
999 18th Street
Suite 1230 South
Denver, CO 80202

Louis M. Grossman, Esq.
Kean Miller LLP
First Bank and Trust Tower
909 Poydras Street
Suite 3600
New Orleans, LA 70112

Lloyd A. Lim, Esq.
Rachel T. Kubanda, Esq.
Kean Miller LLP
711 Louisiana Street
Suite 1800
Houston, TX 77002

Robert D. Lantz, Esq.
Castle Lantz Maricle, LLC
4100 East Mississippi Avenue
Suite 410
Denver, CO 80426

Troy "T.J." Hales, Esq.
Bell Nunnally & Martin LLP
2323 Ross Avenue
Suite 1900
Dallas, Texas 75201

Paul J. Hammer, Esq.
Barron & Newburger, P.C.
5555 West Loop South
Suite 235
Bellaire, TX 77401


**/s/Vicky Martina**
**Vicky Martina**
**Kutner Brinen Dickey Riley PC**