## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC,<br>EIN:  72-1417930<br><br>        Debtor. | Case No. 20-12377-EEB (Main Case)<br><br>Chapter 11 |
| SKLARCO, LLC,<br>EIN:  72-1425432<br><br>        Debtor. | Case No. 20-12380-EEB<br><br>Chapter 11 |
| THOMAS M. KIM, AS CREDITOR TRUSTEE<br>OF THE SKLARCO CREDITOR TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>HOWARD F. SKLAR, INDIVIDUALLY; ET.<br>AL.<br><br>        Defendants. | Adversary No. 22-01106 |
| HOWARD F. SKLAR, FOR HIMSELF AND AS<br>TRUSTEE,<br><br>        Plaintiff,<br><br>v.<br><br>SKLAR EXPLORATION COMPANY, LLC, ET<br>AL.<br><br>        Defendants. | Adversary No. 22-01022 |

### CREDITOR TRUSTEE'S RESPONSE TO
### HOWARD F. SKLAR'S MOTION TO RECONSIDER

Thomas M. Kim, solely in his capacity as Creditor Trustee (the "Creditor Trustee") of the Sklar Creditor Trust (the "Creditor Trust") files this Response to Howard F. Sklar's Motion to Reconsider Consolidation (the "Motion") and, in support thereof, responds as follows:

## Response

1.      This Court has wide discretion to consolidate Mr. Sklar's administrative expense motion and adversary proceeding (collectively, the "Administrative Expense Litigation") with the Creditor Trustee's litigation against Mr. Sklar. *See Ct. v. Liberal School District,* 562 F.Supp.2d 1324, 1346 (D. Kansas 2008) ("[t]he decision whether to consolidate such actions is left to the sound discretion of the trial court.)  In a completely appropriate exercise of that discretion, the Court found that the Administrative Expense Litigation should be consolidated with the Creditor Trust's litigation against Mr. Sklar (the "Insider Litigation"), thereby ensuring that issues concerning Mr. Sklar's pre-petition management of the Debtors are subject to factual discovery and review by this Court prior to resolving his attempt to extract yet more value from the Debtors and their creditors.  Mr. Sklar's request that the Court reconsider and reverse that decision should be rejected.

2.      At the outset, it is important to note that Mr. Sklar is standing alone in his opposition to consolidation; neither of the Reorganized Debtors voiced any opposition to the proposed consolidation order, nor did East West Bank.  Mr. Sklar asserts that consolidation will "increase the costs of litigation – particularly for the Reorganized Debtors", but the reality is that Mr. Sklar and his counsel are present in both litigations, so consolidation will not increase the costs in any significant manner for the only party who opposes consolidation.

3.      In the Administrative Expense Litigation, Mr. Sklar maintains that he is entitled to ownership of the "Outside Investments" pursuant to the Agency Services Agreement (the "ASA"), and he seeks a declaratory judgment to that effect.  In the Insider Litigation, the Creditor Trustee

asserts that Mr. Sklar has been in material breach of the ASA for years, such that he is in no position to demand its benefits.  The two Litigations present different sides of the same coin – either Mr. Sklar has complied with his obligations under the ASA such that he can pursue its benefits, or he is in breach and thus is in no position to enforce the ASA.  It cannot be both, and it is beyond any serious dispute that one who is material breach of a contract cannot maintain an action to enforce it.  *See, e.g., Coors v. Security Life of Denver Ins. Co,* 112 P.3d 59, 63 (Colo. 2005); *Scientific Packages, Inc. v. Gwinn*, 301 P.2d 233, 237 (Colo. 1956).  For that reason, the Court was correct in determining that the legal issues raised by the Administrative Expense Litigation and the Insider Litigation are sufficiently related to support consolidation.

4.      While Mr. Sklar obviously disagrees with the Creditor Trustee's assertions about his multiple breaches of the ASA, the Creditor Trustee is not the only party in interest to recognize that Mr. Sklar and the Family Trusts he controls are indebted to Sklarco under the ASA.  The Reorganized Debtors, in their pending motion to approve a settlement of the Administrative Expense Litigation, repeat the Creditor Trustee's core breach of contract allegations that Mr. Sklar and the Family Trusts he controls are indebted to Sklarco under the ASA, and that he failed to pursue collection of those debts.  *See Motion to Approve Settlement Agreement* [Main Case Dkt. 1855], p. 4 ("Sklarco (acting through Howard Sklar) failed to seek payment or reimbursement, and the Principals failed to pay" amounts that were due under the Agency Services Agreement.)[1]

5.      The Court was also correct in determining that the factual issues concerning Mr. Sklar's pre-petition management of the Debtors should be fully vetted and resolved in open court before he is awarded an $845,000 administrative expense claim.  Administrative expense claims

[1]      The undersigned counsel has informed counsel for the Reorganized Debtors that the Creditor Trustee will be objecting to the 9019 Motion, and that he will be seeking document and deposition discovery from the Reorganized Debtors in part to better understand his analysis of the amounts that Mr. Sklar and the Family Trusts owe to Sklarco under the ASA.  Counsel for the Reorganized Debtors and the Creditor Trustee are currently negotiating a stipulation to allow that discovery to proceed in the near future.

are strictly construed, because the presumption in chapter 11 is that "the debtor's limited resources will be equally distributed among [its] creditors." *In re Commercial Financial Services*, 246 F.3d 1291, 1293 (10th Cir. 2001). To date, SEC's general unsecured creditors have received less than $240,000 in distributions from the Reorganized Debtors. It is premature (at best) for the Court to consider allowing Mr. Sklar to immediately recover over 3.5 TIMES what has been paid to unsecured creditors to date, while the Creditor Trustee's equitable subordination and related claims concerning Mr. Sklar's pre-petition conduct are still are pending.[2] *See In re Rent-Rite Super Kegs West, Ltd.*, 484 B.R. 799, 806 – 07 (Bankr. D. Colo. 2012) ("[T]he equitable maxim that 'he who comes into equity must come with clean hands' ... closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief...."); *see also* 11. U.S.C. § 502(d) ("the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 of this title or that is a transferee of a [fraudulent transfer]").[3]

6. Finally, one might reasonably ask "why the rush?" in response to Mr. Sklar's protests that consolidation will delay resolution of the Administrative Expense Litigation. Again, Mr. Sklar is standing alone in opposing consolidation, and he will suffer no prejudice by having the two litigations consolidated.[4] Moreover, as Mr. Sklar himself acknowledges, the funds generated by the Outside Investments are being held in escrow by the Reorganized Debtors, subject to this Court's oversight, such that there is no danger that those funds will be unavailable to satisfy

---

[2]    Mr. Sklar asserts that his administrative expense claim will be withdrawn through the proposed settlement, and thus the Creditor Trustee's equitable subordination claims in the Insider Litigation would be mooted. Yet the Creditor Trustee seeks to equitably subordinate not just Mr. Sklar's administrative expense claim, but also the 5 proofs of claim that he filed on behalf of the various family trusts he controls. Those claims are not being withdrawn in the proposed settlement, and the same inequitable conduct that mandates disallowance of Mr. Sklar's administrative expense claim also mandates their subordination.

[3]    Mr. Sklar has not sought to dismiss the Creditor Trustee's § 548 actual and constructive fraudulent conveyance claims in the Insider Litigation.

[4]    Indeed, consolidation may actually be more cost-efficient for all parties, by avoiding duplicative written discovery, document productions, and depositions.

any judgment he may obtain through the Administrative Expense Litigation.  In contrast, if $845,000 is paid by the Reorganized Debtors to Mr. Sklar right now, there is no guarantee that those funds will be available to satisfy any judgment the Creditor Trustee may obtain against Mr. Sklar in the Insider Litigation.  For all of those reasons, consolidation not only makes sense from a factual and legal perspective; it is also appropriate from a practicality and efficiency standpoint.

7.      Simply put, the Court's decision to consolidate the two Litigations is well-founded for legal, factual, and practical reasons, and it was thus well within the Court's discretion.  Mr. Sklar has not shown any reason for the Court to reconsider and reverse that decision.  The Court should thus deny the Motion for Reconsideration and enter an order consolidating the Administrative Expense Litigation with the Insider Litigation substantially in the form that the Creditor Trustee previously uploaded at Main Case Docket No. 1848.

Dated this 16th day of September 2022.          Respectfully Submitted,

**DIAMOND McCARTHY LLP**

By:  */s/ Stephen T. Loden*
Stephen T. Loden, Co. Reg. No. 45592
Christopher D. Johnson,
909 Fannin Street, Suite 3700
Houston, Texas 77010
Tel. (713) 333-5100
Fax: (713) 333-5155
Sloden@diamondmccarthy.com
chris.johnson@diamondmccarthy.com

*Attorneys for Thomas M. Kim,*
*Trustee of the Sklarco Creditor Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of September 2022, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will be electronically served upon all parties receiving electronic notice.

 */s/ Stephen T. Loden*
Stephen T. Loden
DIAMOND McCARTHY LLP