UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:  )<br> ) <br>SKLAR EXPLORATION COMPANY, LLC )<br>EIN: 72-1417930 )<br> )<br>  Debtor. )<br> )<br>_____)<br> )<br> )<br>SKLARCO, LLC )<br>EIN: 72-1425432 )<br> )<br>  Debtor. | Case No. 20-12377-EEB<br><br>Chapter 11<br><br><br><br><br><br><br>Case No. 20-12380-EEB<br><br>Chapter 11 |

## STIPULATED SCHEDULING ORDER

This stipulated scheduling order (the "Order") is entered into by and among Sklar Exploration Company LLC ("SEC") and Sklarco LLC ("Sklarco") (collectively, the " Reorganized Debtors"), the Maren Silberstein Irrevocable Trust ("Trust"), and Howard F. Sklar, (i) for himself; (ii) as trustee for the (x) Howard Trust (TIN: 72- 6094620), an irrevocable inter vivos trust created under the laws of the State of Louisiana, (y) Alan Grantor Trust (TIN: 72-6157679), an irrevocable inter vivos trust created under the laws of the State of Louisiana, and (z) the Jacob Grantor Trust (TIN: 72-6094619), an irrevocable inter vivos trust created under the laws of the State of Louisiana; and (iii) as the duly appointed Independent Executor of the Succession of Miriam Mandel Sklar (TIN: 27-6579529) pursuant to that certain order dated April 21, 2010, of the First Judicial District Court, Caddo Parish, Louisiana, Suit No. 540336-B ("HFS") each individually, a "Party" and, collectively, the "Parties."

It is stipulated and agreed, and upon Court approval, it is ORDERED that the following schedule shall apply to the contested matter arising from the Trust's Application for Allowance of Administrative Claim and Cure Claim and Amended Application (ECF 1495 and 1606) (the

"Application"), the Response filed by HFS (ECF 1525), and the Objection filed by the Reorganized Debtors (ECF 1534).

| Date | Event |
|---|---|
| November 1, 2022 | All fact discovery must be completed unless extended by the Court due to discovery disputes including designation of expert witnesses and any expert reports. |
| November 14, 2022. | Any dispositive motions including motions for summary judgment should be filed on or before November 14, 2022. Objections to any motion for summary judgment shall be filed within 14 days of the filing of the motion and any reply briefs to objections due within 7 days of the filing of the objection. |
| December __, 2022 at 1:30p.m. | The Court shall conduct a Pretrial Conference, on December ____, 2022 at 1:30 pm. If the Court has not yet ruled on dispositive motions or otherwise held a hearing on the same, the Court may hear oral arguments on any pending dispositive motions at the Pretrial Conference. Any issues not decided by dispositive motion will be heard on the Evidentiary Hearing Date. |
| _____ ____, 2022 (10 days prior to the Evidentiary Hearing Date) | Parties shall exchange pre-marked exhibits with one another. The Trust shall use numbers. The Debtors shall use letters. To avoid confusion of Exhibits at trial, counsel should confer to ensure that each party has a unique naming convention for their exhibits. For every exhibit exceeding ten (10) pages in length, the party shall sequentially number each page of that exhibit at the bottom of the page. Parties should not file the exhibits with the Court. Parties shall file with the Court and serve on opposing party(parties) a List of Witnesses and Exhibits, substantially in the form of Local Bankr. Form 9070-1.1. 2. |
| _____ __, 2022 (5 days prior to the Evidentiary Hearing Date) | Parties shall file an objections to trial exhibits or motions in limine. |
| _____ ___, 202_ at __:__ _.m. in Courtroom F | The Court will conduct an evidentiary hearing on the Application ("Evidentiary Hearing Date"). |

The Parties stipulate that this Order merely implements an agreed staging of the disputed issues to be presented to the Court. All of the Parties' claims and defenses relating to the Application, underlying contract, and oil and gas assets including any claims that may have arisen post-confirmation are fully reserved and not prejudiced or waived by agreeing to this Order.

The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**IT IS HEREBY STIPULATED AND ORDERED:**

DONE and entered this _____ day of September, 2022  Denver, Colorado.

BY THE COURT:

_____

Honorable Elizabeth E. Brown
United States Bankruptcy Court

STIPULATED TO BY:

/s/ Keri L. Riley, with permission by DCB

_____
Keri L. Riley, #47605
KUTNER BRINEN DICKEY RILEY
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com
Counsel for Reorganized Debtors


/s/Deirdre Carey Brown

_____
Deirdre Carey Brown, pllc
Texas Bar No. 24049116
FORSHEY & PROSTOK, LLP
1990 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Ph 832-536-6910
Fax 832-310-1172
dbrown@forsheyprostok.com
Counsel for the Maren Silberstein Irrevocable Trust


/s/ Adam L. Hirsch, with permission by DCB

_____
Adam L. Hirsch, #44306
Davis Graham & Stubbs LLP
1550 17th St., Suite 500
Denver, CO 80202
Telephone: 303-892-9400
adam.hirsch@dgslaw.com
Counsel for HFS