IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>SKLAR EXPLORATION COMPANY, LLC,<br>EIN:  72-1417930<br><br>    Debtor. | Case No. 20-12377-EEB<br><br>Chapter 11 |
| SKLARCO, LLC,<br>EIN:  72-1425432<br><br>    Debtor. | Case No. 20-12380-EEB<br><br>Chapter 11 |
| HOWARD F. SKLAR, FOR HIMSELF AND AS TRUSTEE,<br><br>    Plaintiff,<br>v.<br>SKLAR EXPLORATION COMPANY, LLC; SKLARCO, LLC; EAST WEST BANK; AND THOMAS M. KIM, AS TRUSTEE OF THE CREDITOR TRUST FORMED PURSUANT TO THE REORGANIZED DEBTORS' CONFIRMED PLAN,<br><br>    Defendants. | Adversary No. 22-01022-EEB |
| THOMAS M. KIM, AS CREDITOR TRUSTEE OF THE SKLARCO CREDITOR TRUST,<br><br>    Plaintiff,<br>v.<br>HOWARD F. SKLAR, INDIVIDUALLY; MIRIAM SKLAR, L.C.; HOWARD F. SKLAR AS INDEPENDENT EXECUTOR OF THE SUCCESSION OF MIRIAM MANDEL SKLAR; AND HOWARD F. SKLAR AS TRUSTEE OF THE HOWARD TRUST, THE ALAN GRANTOR TRUST, AND THE JACOB GRANTOR TRUST,<br><br>    Defendants. | Adversary No. 22-01106-EEB |

**REPLY IN SUPPORT OF MOTION OF HOWARD F. SKLAR TO RECONSIDER CONSOLIDATION OF ADMINISTRATIVE EXPENSE MOTION AND DECLARATORY JUDGMENT ACTION WITH UNRELATED ADVERSARY PROCEEDING**

Howard F. Sklar, (i) for himself, and (ii) as trustee for the (x) Howard Trust, an irrevocable *inter vivos* trust created under the laws of the State of Louisiana, (y) Alan Grantor Trust, an *inter vivos* trust created under the laws of the State of Louisiana, and (z) Jacob Grantor Trust, an irrevocable *inter vivos* trust created under the laws of the State of Louisiana, submits his reply in support of his Motion to Reconsider Consolidation of Administrative Expense Motion and Declaratory Judgment Action with Unrelated Adversary Proceeding (the "Motion") as follows[1]:

## I.  INTRODUCTION

The Trustee's Response to the Motion (the "Response") fails to provide the Court with a basis to consolidate the Trustee Adversary Proceeding with the Outside Investment Litigation. The Response fails to show true common legal or factual questions and even acknowledges that consolidation will delay resolution of the Outside Investment Litigation. Meanwhile, at no point does the Trustee dispute that he lacks a claim, right, or entitlement to the Outside Investments at issue in the Outside Investment Litigation. The Trustee Adversary Proceeding simply has nothing to do with the Outside Investment Litigation, and the Court should not permit the Trustee to delay resolution of the Outside Investment Litigation (by settlement or otherwise) through its consolidation with the Trustee Adversary Proceeding.

## II.  REPLY

**A.  The Trustee Asserts No Claim or Right to the Outside Investments or its Proceeds and Instead Seeks Delay.**

1. The Trustee raises several claims against HFS in the Trustee Adversary Proceeding. But he asserts no claim with respect to the Outside Investments or their proceeds. Similarly, despite having filed an answer in the HFS Adversary Proceeding requesting a declaratory judgment

---

[1] Capitalized terms not defined in this Reply have the meanings given to them in the Motion.

2

as to HFS's interest in the Outside Investments, the Trustee did not assert a counterclaim to those assets. In his Motion, HFS observed that the Trustee has never claimed an entitlement to the Outside Investments or its proceeds and has no legal or factual basis to do so. (Motion, ¶¶ 26, 31, 34, 36.) The Trustee does not dispute that in his Response. Indeed, the Trustee has no claim or entitlement to the Outside Investment or its proceeds. He accordingly has no interest in their disposition, and litigation over that issue should not be tied up with the unrelated Trustee Adversary Proceeding.

        2.      Despite his lack of interest in the Outside Investments, the Trustee argues for delay of the Outside Investment Litigation in his Response. The Trustee asks, "'why the rush?'" and asserts that HFS will suffer no prejudice by delay of the Outside Investment Litigation if it is consolidated with the Trustee Adversary Proceeding because the Reorganized Debtors are holding the Outside Investments and their proceeds in escrow. (Response, ¶ 6.) But that is not the standard. In exercising discretion to determine whether to consolidate litigation, the Court should weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) (internal quotations omitted). Moreover, the first rule of the Federal Rules of Bankruptcy Procedure emphasizes that the procedural rules are intended "to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. Delaying litigation because the Trustee is in no "rush" would prejudice HFS's ability to resolve his entitlement to the Outside Investments in an economical, efficient, and timely manner. This prejudice is even more pronounced here, where the Trustee has no claim to the Outside Investments, nothing in the Trustee Adversary Proceeding would impact HFS's rights to those assets, and delay serves no purpose other than to deprive HFS of the assets he seeks to recover in the Outside Investment Litigation.

3. As to the Trustee's reasons for supporting consolidation, he now argues that the Court should delay HFS's recovery of the Outside Investments out of concern that the assets will be unavailable to satisfy any judgment he obtains in the Trustee Adversary Proceeding. (Response, ¶ 6.) No liability has been determined in the Trustee Adversary Proceeding. Indeed, several of the Trustee's claims are subject to a pending motion to dismiss, and HFS has not yet submitted its answer in the Trustee Adversary Proceeding. Forcing an escrow of funds to which the Trustee has no legal or factual claim or any other entitlement is wrong, amounts to a request for a prejudgment writ of attachment, and has no legal or factual basis whatsoever. The Court should reject the Trustee's attempt to backdoor this drastic remedy in the name of consolidation.

4. As observed in the Motion, the Outside Investment Litigation will likely be resolved long before the Trustee Adversary Proceeding, which asserts ten causes of action and seeks to recover more than $36 million. If HFS's settlement with the Reorganized Debtors is approved, the disputes will be resolved without further litigation and no purpose would be served by consolidation. If, on the other hand, the Court denies approval of the settlement, the discrete issues raised in the Outside Investment Litigation can be resolved on a much quicker timeframe than the more complicated Trustee Adversary Proceeding. Consolidating these cases would certainly slow down the Outside Investment Litigation, and thus would be neither speedy nor inexpensive. (Motion, ¶¶ 37-39.)

**B. The Trustee Fails to Identify Common Legal or Factual Questions to Justify Consolidation.**

5. As explained in the Motion, the Outside Investment Litigation involves two discrete questions: (1) the rights of the parties to four non-oil and gas equity interests held by Sklarco, and (2) whether HFS is entitled to an administrative expense for the contribution of proceeds of those equity interests during the Reorganized Debtors' chapter 11 cases. Meanwhile, the Trustee

4

Adversary Proceeding asserts ten causes of action against HFS and other defendants, none of which has anything to do with the non-oil and gas equity interests. The Trustee Adversary Proceeding and the Outside Investment Litigation raise no common legal or factual questions, and consolidation is not warranted under Fed. R. Civ. P. 42. The Trustee fails to identify true common legal or factual questions to merit consolidation in his Response.

6. As he did at the August 23 Hearing, the Trustee attempts to link the Outside Investment Litigation to the Trustee Adversary Proceeding by asserting that HFS's claim to the administrative expense should be equitably subordinated to the Trustee's claims. (Response, ¶ 5.) He argues that HFS should not recover on account of the Outside Investments before SEC's unsecured creditors are paid. (*Id.*, ¶¶ 1, 5.)

7. Under the Bankruptcy Code, the court may "subordinate for purposes of distribution all or part of an allowed claim to all or part of *another allowed claim*." 11 U.S.C. § 510(c) (emphasis added). As explained above, however, the Trustee has never asserted—nor does he have grounds to assert—a claim to the Outside Investments or their proceeds. And he certainly does not do so in the Trustee Adversary Proceeding. HFS's interests in the Outside Investments cannot be subordinated to a claim that does not exist, equitably or otherwise. (*See* Motion ¶¶ 35-36.) The Trustee's equitable subordination claim thus creates no common question of law or fact to justify consolidation.

8. In another attempt to link the Outside Investment Litigation to the Trustee's equitable subordination claim in the Trustee Adversary Proceeding, or perhaps to try to find more reasons for delay, the Trustee also asserts that it would be unfair for HFS to recover in the Outside Investment Litigation when "SEC's general unsecured creditors have received less than $240,000 in distributions from the Reorganized Debtors." (Response, ¶ 5.) According to the Trustee's own

5

quarterly report, however, the Creditor Trust had cumulatively accrued over $1.6 million as of June 30, 2022. (Creditor Trustee's Quarterly Report for Period Ending June 30, 2022, Docket No. 1845.) After disbursing $621,287.93 for administrative costs and fees, the Creditor Trust still had $1,013,425.61 available for distribution as of June 30. (*Id.* at 1.) The Trustee himself made the determination that "distribution to beneficiaries is premature" before the claims resolution process is complete. (*Id.* at 2.) For him now to represent that less $240,000 has been distributed to unsecured creditors when more than $600,000 has been distributed in administrative expenses, more than $1 million is available for distribution, and he has made his own decision to withhold distributions pending resolution of claim objections is disingenuous and contradicts his own reporting to the Court.

9. The Trustee's other attempt to justify consolidation by linking his claim for breach of the ASA to the Outside Investment Litigation fails as well. As explained in the Motion, the Trustee is not a party to the ASA, he lacks standing to assert or oppose a breach of contract claim arising under the ASA, and the Court lacks jurisdiction over the Trustee's claim. (Motion, ¶¶ 28-30.) The Response does not dispute or even address this issue. Instead, the Trustee argues that the Reorganized Debtors "repeat the Creditor Trustee's core breach of contract allegations," perhaps suggesting that the Reorganized Debtors' statement somehow validates the Trustee's position on the issue. (Response, ¶ 4.) But any allegations raised by the Reorganized Debtors—or anyone else for that matter—do not impact the Trustee's standing to assert a breach of contract claim under the ASA. Further, the only parties who do have standing to assert or oppose a breach of contract claim have settled the issue. (*See* Motion to Approve Settlement, Docket No. 1855.) The Trustee simply cannot rely on alleged breaches of the ASA that do not relate to the Outside Investments to deprive HFS of recovery of those assets. The Trustee has failed to identify a

6

common legal or factual question with respect to the ASA pertaining to both the Outside Investments and his claims in the Trustee Adversary Proceeding.

### C. HFS Does Not Stand Alone

10. HFS is not the only party to oppose consolidation. At the August 23 Hearing, during which the Court consolidated the actions, counsel to SEC also opposed consolidation. Since then, HFS's counsel has conferred with counsel to both Reorganized Debtors, and they have advised that they also oppose consolidation if the settlement is not approved.

### III. CONCLUSION

For the above reasons, HFS respectfully requests that the Court reconsider its decision to consolidate the Outside Investment Litigation with the Trustee Adversary Proceeding and allow the two matters to proceed on their own timelines. As stated in the Motion, HFS does not oppose consolidating the scheduling and litigation of the Administrative Expense Motion with the HFS Adversary Proceeding and would instead support such a consolidation if helpful to close the Chapter 11 Cases pursuant to 11 U.S.C. § 350(a).

Dated: September 23, 2022

By: */s/ Adam L. Hirsch*
Adam L. Hirsch, Reg. No. 44306
Christopher L. Richardson, Reg. No. 13437
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
Email: adam.hirsch@dgslaw.com

*Counsel to Howard F. Sklar*
*in the capacities listed above*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 23, 2022, the foregoing **REPLY IN SUPPORT OF MOTION OF HOWARD F. SKLAR TO RECONSIDER CONSOLIDATION OF ADMINISTRATIVE EXPENSE MOTION AND DECLARATORY JUDGMENT ACTION WITH UNRELATED ADVERSARY PROCEEDING** was filed on the Court's electronic filing system CM/ECF and was electronically served upon all parties receiving electronic notice.

*/s/ Robin E. Anderson*
Robin E. Anderson