# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Sklar Exploration Company, LLC, and | § | Case No. 20-12377 |
| Sklarco, LLC | § | |
| | § | (Jointly Administered) |
| Reorganized Debtors | § | |

## CREDITOR TRUSTEE'S PRELIMINARY OBJECTION TO REORGANIZED DEBTORS' MOTION TO APPROVE SETTLEMENT WITH HOWARD SKLAR

Thomas M. Kim, trustee of the Sklar Creditor Trust (the "Creditor Trustee"), files this Preliminary Objection (the "Objection") to the Reorganized Debtors' *Motion to Approve Settlement Agreement Regarding Outside Investments* (the "Motion"), and respectfully states:

### I. Introduction

1. This Court is well acquainted with the facts regarding Howard Sklar, the Trustee's pursuit of claims against Mr. Sklar and the family trusts he controls, and Mr. Sklar's efforts to assert an administrative priority claim for more than $845,000. While the Motion is conspicuously absent in any analysis of the value of the assets the Reorganized Debtors intend to give away, just one of the Disputed Assets could distribute over $5 million to the Family Trusts over the next 10 years. Significantly more than the amount of Howard Sklar's questionable claim.

2. Given the complexity and inter-connected nature of the various claims, this Court previously decided that Mr. Sklar's claim against the Estates should proceed with the Trustee's claims against Mr. Sklar. The Motion would circumvent this Court's prior ruling and dispose of Mr. Sklar's claim without the benefit of discovery and analysis of the complex nature of the various claims that this Court anticipated when ruling that the matters should be consolidated. Such a perfunctory resolution is clearly not in the best interests of creditors and should be denied.

## II. Relevant Background Facts

3. On August 24, 2021, this Court entered an Order (the "Confirmation Order") confirming the Reorganized Debtors' Second Amended and Restated Joint Plan of Reorganization (the "Plan"). Subsequently, Brad Walker was appointed the Independent Manager of the Reorganized Debtors for the purpose of winding down SEC and managing the operations of Sklarco. The Plan also created a Creditors Trust (the "Creditor Trust") and appointed Thomas M. Kim (the "Creditor Trustee") as the Trustee of the Creditors Trust. The Creditor Trustee was appointed to receive and pursue claims assigned the Trustee and make distributions to creditors as beneficiaries of the Creditor Trust. The roles of the Independent Manager and the Creditor Trustee are separate and distinct. It is the Creditor Trustee, subject to the Oversight Committee, who represents and is responsible for acting in the best interests of unsecured creditors.

4. The Creditor Trust is funded with certain assets, including $250,000 carved from the collateral of East West Bank ("EWB"), the right to receive distributions or proceeds from certain investments and mineral interests not subject to EWB's liens, guarantees of payment in the event of a recapitalization of the EWB liens, a percentage of the available cash from Sklarco's mineral interests, and proceeds from claims and Causes of Action.

5. The Creditor Trust has received the $250,000 from EWB's collateral. The Creditor Trustee is pursuing claims and causes of action against both non-insiders, and Howard Sklar and the Family Trusts. As for distributions from Sklarco's mineral interests, the Independent Manager has distributed only $423,000 to the Creditor Trust since the Effective Date. Despite Howard Sklar's assertions, it is unlikely that distributions from Sklarco's mineral interests will be sufficient to satisfy EWB's $22 million secured claim and the approximately $19 million in unsecured creditor claims.

6.  The Creditor Trustee understands that the Independent Manager is still holding and has deliberately failed to distribute all the cash from Sklarco's mineral interests that are owed to the Creditor Trust. Additionally, the Independent Manager has failed to account to the Creditor Trustee for the any distributions that may be owed to the Creditor Trust on account the investments and mineral interests not subject to EWB's liens. Additionally, the Independent Manager has not investigated or pursued claims against Howard Sklar, even the claims he alleges he controls. Despite his acknowledgment in the Motion that as to the Agency Services Agreement (the "ASA"), "[w]ith respect to certain Principals, Sklarco (acting through Howard Sklar) failed to seek payment or reimbursement, and the Principals failed to pay", to the Creditor Trustee's knowledge, Brad Walker has made no demand on Howard Sklar or the Family Trusts to pay what they owe. Brad Walker does not represent and is not acting on behalf of unsecured creditors.[1]

7.  The Plan recognized and accounted for Howard Sklar's claim that certain Sklarco assets were not, in fact, owned by Sklarco, but instead were owned by the Family Trusts. The Plan identified these "Disputed Assets" and allowed Howard Sklar the right to commence an adversary and challenge Sklarco's ownership of the Disputed Assets. Shortly after his appointment, Brad Walker began discussions with Howard Sklar to attempt to resolve the dispute to the Disputed Assets.

8.  As early as the Fall of 2021, Brad Walker had reached a tentative agreement with Howard Sklar to settle Howard Sklar's claims to the Disputed Assets. The agreement presented to the Creditor Trustee at that time was on the same terms as set forth in this Motion – Howard agrees to walk away from his administrative claim demand, and the Reorganized Debtors give up

---

[1] The Creditor Trustee has served requests for production on Mr. Walker, and have noticed his deposition for early November, in part to determine what efforts, if any, he has pursued in attempting to collect the amounts that be believes Mr. Sklar and the Family Trusts owe to the Estates.

3

the Disputed Assets to Howard and the Family Trusts. The Creditor Trustee objected to the proposed settlement then, and still does. On January 31, 2022, after negotiations with the Creditor Trustee broke down, Howard Sklar filed his *Motion of Howard Sklar for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. §§ 503(a), (b)(1)(A), and (b)(3)(D)* (the "Howard Sklar Administrative Claim") and a complimentary adversary proceeding asserting his rights under the Plan to challenge Sklarco's ownership of the Disputed Assets, and a resulting administrative claim.

9. While the Creditor Trustee and EWB objected to the Howard Sklar Administrative Claim and adversary, the Reorganized Debtors chose to delay filing a response for more than six months. Instead of filing a response, the have filed the current Motion seeking to approve the deal they negotiated with Howard Sklar almost a year ago. The Motion lists facts the Independent Manager considered in reaching this settlement, but the settlement is the same deal he cut before he performed any of this diligence or analysis and before he retained conflict counsel to represent Sklarco.

### III. Preliminary Objection[2]

10. In the Tenth Circuit, settlements under Bankruptcy Rule 9019 are generally analyzed using the four *Kopexa* factors: (1) the probable success of the underlying litigation on the merits; (2) possible problems in collecting a judgment; (3) the expense and complexity of the

---

[2] Prior to filing this preliminary objection, counsel for the Creditor Trustee attempted to reach agreement with the Reorganized Debtor's counsel to extend the Creditor Trust's response deadline in order to allow discovery to proceed concerning the Independent Manager's decision to pursue the Motion. No such agreement was reached, however, thus necessitating the filing of this Preliminary Objection. The Creditor Trustee reserves the right to supplement this objection following conclusion of the document and deposition testimony he is seeking in connection with the contested Motion.

4

litigants; and (4) the interests of creditors in deference to their reasonable views.[3] Analysis of these factors weighs against granting the Motion.

### A. Howard Sklar's claim is barred by the ASA and the "Four Corners" doctrine.

11. All of the Disputed Assets that are subject of Howard Sklar's demand for an administrative claim are titled or held in the name of Sklarco. Howard Sklar asserts that Sklarco holds those interests for the benefit of the Sklar Family Trusts as set forth in the ASA. When it served his interests, Howard Sklar eagerly explained to this Court and the Debtors' creditors that the ASA supported Sklarco's ownership of certain assets such that they were available to pay unsecured creditors. On June 30, 2021, in support of confirmation of the Plan Howard Sklar filed a *Verification Pursuant to Minute Order for May 28, 2021 Hearing* [Dkt. No. 1326], verifying that as to certain real property assets listed on Sklarco's Schedules the "Scheduled Assets are actually owned by Sklarco and not merely managed by Sklarco on behalf of the Sklar family trusts and/or others," and that "Sklarco's ownership of the Scheduled Assets is as set forth in the Agency Services Agreement, dated July 2, 2010."

12. While Howard Sklar also asserts that the Disputed Assets are somehow different from the other assets that Sklarco does own, the ASA does not make that distinction. The ASA treats all Sklarco assets the same. If under the ASA, Sklarco's rights in the Disputed Assets are the same as the other assets, which Howard Sklar agrees Sklarco owns, how are the Disputed Assets not subject to creditor claims?

13. When analyzing the parties' rights under the ASA, the Court must give priority to the parties' intentions as reflected in the four corners of the agreement, construing the agreement as a whole.[4] Clear and unambiguous terms will be construed according to their ordinary meaning,

---

[3] *In re Kopexa Realty Venture Co.,* 213 B.R. 1020 (10th Cir. BAP 1997).
[4] *In re Mercury Cos., Inc.*, Adv. No. 10-01133, 2015 WL 5920163, at *5 (Bankr. D. Colo. Oct. 9, 2015)

and contract terms control when they establish the parties' common meaning such that no reasonable person would have no expectations inconsistent with the contract language.[5] And finally, the fact that parties disagree does not render a provision ambiguous.[6]

14. There is no ambiguity in the ASA regarding the assets owned, titled or held by Sklarco. There is no distinction or difference between the Disputed Assets and other assets. The language of the ASA rejects Howard Sklar's administrative claim. Accordingly, this factor weighs against granting the Motion.

**B. As the Independent Manager agrees, there is no concern about collectability of a judgment against Howard Sklar or the Family Trusts.**

15. In the Motion and the underlying Howard Sklar Administrative Claim, no party is seeking judgment against Howard Sklar or the Family Trusts. This factor is not present and should be disregarded or should weigh against granting the Motion.

**C. The Court has procedurally joined Howard Sklar's administrative claim with the Creditor Trustee's litigation against Howard Sklar, so there is no additional burden on the Reorganized Debtors, and any minor burden is greatly outweighed by the potential benefit to Creditors.**

16. The Creditor Trustee is taking the lead on the objection to the Howard Sklar Administrative Claim and the claims against Howard Sklar and the Family Trusts. Because these matters are administratively consolidated, the Reorganized Debtors' obligations to provide discovery will not be increased. Nevertheless, the Reorganized Debtors and unsecured creditors will benefit from the Creditor Trustee's efforts. While the Reorganized Debtors may have to continue to be part of the Creditor Trustee's litigation with Howard Sklar, it is a cost of doing

---

[5] *Id.*
[6] *Id.*

business, and certainly pales when the alternative is to give away Reorganized Sklarco's rights to assets worth millions of dollars. This factor weighs against granting the Motion.

> **D. Because the settlement strips away from creditors what may be millions of dollars in future value in exchange for a questionable administrative claim, the settlement is not in the best interest of creditors.**

17. The Court should consider whether the proposed settlement is in the best interests of creditors, giving deference to their reasonable views. As set forth above, the proposed settlement was likely agreed to without any real analysis or diligence, on terms that strip Sklar of assets worth millions of dollars, in exchange for questionable claims that the Creditor Trustee is willing to and has already challenged. The Creditor Trustee, acting under the direction of the Oversight Committee and on behalf of unsecured creditors has determined that it is in the best interest of those unsecured creditors to object to and litigate Howard Sklar's claims to own the Disputed Assets and demand for an administrative expense claim. The Court should give deference to the Creditor Trustee's decision. This factor also weighs against granting the Motion.

## IV. Conclusion

18. The Creditor Trustee understands the desire of the Independent Manager to amicably resolve the claims to the Disputed Assets. But the proposed settlement concedes too much for too little. The amount at issue is not insignificant. Since the Effective Date, the Reorganized Sklarco has received $622,843.72 in distributions from the non-oil and gas assets. These distributions will continue for many years. The Independent Manager would give up Sklarco's rights to receive these distributions, and the rights of the thousands of creditors of Sklarco and SEC to receive their share of the distributions in exchange for a release of Howard Sklar's questionable administrative claim.

7

19. Evidence concerning the Independent Manager's investigation and analysis of those topics will be developed further in the pending discovery, and the Creditor Trustee will supplement this objection immediately thereafter. However, even without that evidence, it is clear that the *Kopexa* factors weigh heavily against the proposed settlement based upon the record before the Court today. The Court should strongly consider the desires of the true parties in interest, the unsecured creditors, and deny the Motion.

Respectfully submitted this 27th day of September 2022

**Diamond McCarthy LLP**

By: /s/ *Christopher D. Johnson*
Christopher D. Johnson
Texas Bar No. 24012913
Stephen T. Loden
Reg No. 45592
909 Fannin Street, Suite 3700
Houston, Texas 77010
chris.johnson@diamondmccarthy.com
steve.loden@diamondmccarthy.com

**Attorneys for Thomas M. Kim,
Trustee of the Sklar Creditor Trust**

### CERTIFICATE OF SERVICE

The Undersigned hereby certifies that on September 27, 2022, the forgoing Creditor Trustee's Objection to Reorganized Debtors' Motion to Approve Settlement with Howard Sklar was filed on the Court's electronic filing system CM/ECF and was electronically served upon all parties receiving electronic notice.

/s/ Christopher D. Johnson
Christopher D. Johnson