UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. | |

**MAREN SILBERSTEIN REVOCABLE TRUST'S LIMITED OBJECTION
TO MOTION TO APPROVE SETTLEMENT AGREEMENT
REGARDING OUTSIDE INVESTMENTS**

The Maren Silberstein Revocable Trust ("Maren Trust") files this Limited Objection to the Reorganized Debtors' *Motion to Approve Settlement Agreement Regarding Outside Investments* (Doc. No. 1855)("Objection"), and would show this Court as follows:

**BACKGROUND**

The Reorganized Debtors propose to settle with the HFS parties which include Howard F. Sklar, in his individual capacity and as trustee for the Howard Trust (TIN: 72-6094620), an irrevocable inter vivos trust created under the laws of the State of Louisiana; the Alan Grantor Trust (TIN: 72- 6157679), an irrevocable inter vivos trust created under the laws of the State of Louisiana; and the Jacob Grantor Trust (TIN: 72-6094619), an irrevocable inter vivos trust created under the laws of the State of Louisiana.

1

The Maren Trust is not one of the Trusts that are subject to the settlement. The Maren Trust filed an administrative claim and cure claim for the post-petition contract breaches. The Maren Trust was handled differently than HFS.

The Maren Trust was not listed on the Schedules as an executory contract. The Maren Trust did not receive notice of the bankruptcy until after the confirmation hearing process started. The Maren Trust received notice of the bankruptcy from a creditor who reached out after noticing Sklarco's different treatment of the Maren Trust. However, the Debtors and the Official Committee of Unsecured Creditors knew or should have known that the Maren Trust had not received notice of the bankruptcy and that its agency services agreement was not listed in the Schedules.

During the deposition the Unsecured Creditors Committee took of Mr. Sklar on November 24, 2020, he was asked and testified regarding the contract with the Maren Trust which is not listed on the Sklar Schedules:

```
       9     Q.   (By Mr. Parker)  So we were talking about these
03:41 10   trusts and you mentioned three, the Howard Sklar Trust,
      11   the Jacob/Sam Sklar Trust and the Alan Sklar Trust.
      12             Are there any other trusts that you set up
      13   for your family members or yourself?
      14     A.   There are no other trusts involved, but there
03:41 15   is -- Sklarco does manage the properties as a nominee
      16   for my sister's estate, which is now my niece, Maren, so
      17   that would be Maren Silberstein.
```

(Case No. 20-12377, ECF 891-1:19:9-17 (Howard Sklar Deposition); *see also*, Case No. 20-12380, ECF 42 (Amended Schedule G including the Howard F. Sklar Trust). The Sklarco LLC Amended Schedule G was amended to include Howard F. Sklar Trust ASA and the amendment was highlighted:

2

>
> **Fill in this information to identify the case:**
>
> Debtor name: Sklarco, LLC
> United States Bankruptcy Court for the: DISTRICT OF COLORADO
> Case number (if known): _____
>
> ☐ Check if this is an amended filing
>
> Official Form 206G
> **Schedule G: Executory Contracts and Unexpired Leases** 12/15
>
> Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.
>
> 1. Does the debtor have any executory contracts or unexpired leases?
>    ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
>    ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).
>
> | 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
> |---|---|---|
> | 2.1. State what the contract or lease is for and the nature of the debtor's interest | Agency Services Agreement | |
> | State the term remaining | | Howard F. Sklar Trust<br>5395 Pearl Parkway<br>Suite 200<br>Boulder, CO 80301 |
> | List the contract number of any government contract | | |
> | 2.2. State what the contract or lease is for and the nature of the debtor's interest | Contracts are more particularly described in the attached list of material contracts to which Sklarco is a party; Sklarco is primarily a working interest holder in accordance with the respective agreements | |
> | State the term remaining | | |
> | List the contract number of any government contract | | See Attached |

However, the Amended Schedule G for Sklarco LLC does not include the agency services agreement between *Skarco, LLC and Maren Silberstein Irrevocable Trust f/k/a Judy Trust for the benefit of Maren Silberstein established under the Last Will and Testament of Judy Sklar Silberstein* ("Maren Trust ASA"). While the Statement of Financial Affairs has a reference to the "Maren Trust," there is no address provided. *See,* Case No. 20-12377, ECF 891-1:188, 30.4. The Maren Trust's ASA was only with Sklarco LLC.

The Maren Trust's administrative claim and cure claim ("Maren Trust Claim") is demonstrably different from the HFS administrative claims. The Maren Trust Claim is contested by the Reorganized Debtors and no payment has been made.

Sklarco was a fiduciary of the Maren Trust pursuant to the Maren Trust ASA and owed duties to the Maren Trust before and during the bankruptcy, as well as post-confirmation to the extent the contract is assumed subject to the disputed cure amount. Now, Sklarco seeks to settle with HFS after alleging HFS engaged in bad acts at the same time Sklarco was a fiduciary of the Maren Trust while concurrently fighting the Maren Trust's administrative/cure claims.

The Debtors and Unsecured Creditor's Committee knew or should have known the Maren Trust received no notice of the bankruptcy until the confirmation hearing process was underway depriving the Maren Trust of being educated on all the allegations that were asserted in the Bankruptcy regarding the improper operations of the Debtor. The Maren Trust was taken advantage of with the Debtors receiving proceeds from the Maren Trust assets while charging unsupported expenses and other costs such as a full management while keeping the Maren Trust in the dark about the bankruptcy, and by extension the allegations of improper conduct by Maren Trust's fiduciary Sklarco. On its face, it appears patently inequitable to settle with HFS without first having a resolution of the Maren Trust Claim.

## **JURISDICTION AND VENUE**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order Confirming the Plan and Article 11.2 of the Second Amended Plan (ECF 1251 and 1433). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**OBJECTION**

1. **The Settlement Agreement Does Not Adequately Disclose Details Regarding the Settled Claims**

The Motion has insufficient information to support that the settlement satisfies the elements the Courts consider in approving a settlement. *See, Kopexa Realty Venture Co., 213 B.R. 1020 (10th Cir. BAP 1997).* The settlement with HFS, at this time, appears to be contrary to the interests of creditors like the Maren Trust until the Maren Trust Claim is resolved.

The Motion has insufficient factual information for creditors to evaulate the benefit, if any, of the settlement to the Reorganized Debtors and their creditors. The decision of a bankruptcy court to approve a settlement must be "an informed one based upon an objective evaluation of developed facts." *In re D.J. Christie*, Chapter 11, Case No. 11-40764,2013 Bankr. LEXIS 2016, (Bankr. D.Kan., May 17, 2013) *citing In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (l0th Cir. BAP 1997), *which was quoting Reiss v. Hagmann*, 881 F.2d 890, 892 (l0th Cir. 1989).[1] In this case, the Motion is lacking fully developed facts especially given the allegations that have been asserted in the record over the life of this case implicating HFS.

The Maren Trust informally requested the supporting information for the conclusory positions set forth in the Motion, but the Reorganized Debtors have not agreed to informally provide the information.

As such, at this time, the Motion should be abated or, alternatively, denied given the lack of sufficient factual support and failure to meet the best interest of the creditors.

2. **Joinder to other Objections**

The Maren Trust adopts, as appropriate and not inconsistent with the Maren Trust Claim, any jections asserted by any other party including the Objection at ECF 1870. The Trust reserves

---

[1] Link to opinion - IN RE D.J. CHRISTIE, INC. | Case No. 11-40764. | 2013051756 | Leagle.com

its right to modify and supplement this Objection and rely on any arguments asserted by other objectors, but is not even if such objections are withdrawn.

## PRAYER

The Maren Trust requests the Court abate consideration of the *Motion to Approve Settlement Agreement Regarding Outside Investments* until any other pending administrative claims are resolved; or, in the alternative, deny the Motion. The Trust further requests any other relief the Court deems fair and equitable.

DATED: September 27, 2022

Respectfully submitted,

By: */s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN,pllc
FORSHEY & PROSTOK LLP
1990 Post Oak Blvd Suite 2400
Houston, Texas 77056
Telephone: 832.367.5722
dbrown@forsheyprostok.com

ATTORNEY FOR MAREN SILBERSTEIN
REVOCABLE TRUST

## CERTIFICATE OF SERVICE

On September 27, 2022, the foregoing Objection to the *Motion to Approve Settlement Agreement Regarding Outside Investments* was filed via ecf on served on all parties registered to receive ECF notice including the the Reorganized Debtors counsel, HFS' counsel, the Creditor Trusee's counsel and all other parties registered to receive ECF notice.

*/s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN