# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Sklar Exploration Company, LLC, and | § | Case No. 20-12377 |
| Sklarco, LLC | § | |
| | § | (Jointly Administered) |
| Reorganized Debtors | § | |

## CREDITOR TRUSTEE'S SUPPLEMENT TO PRELIMINARY OBJECTION TO REORGANIZED DEBTORS' MOTION TO APPROVE SETTLEMENT WITH HOWARD SKLAR

Thomas M. Kim, trustee of the Sklar Creditor Trust (the "Creditor Trustee"), files this Supplement (the "Supplement") to his Preliminary Objection (the "Preliminary Objection") to the Reorganized Debtors' *Motion to Approve Settlement Agreement Regarding Outside Investments* (the "9019 Motion"), and respectfully states as follows:

### Supplemental Preliminary Objection

1. As set forth in the Preliminary Objection, the Creditor Trustee is pursuing discovery concerning the matters raised in the 9019 Motion. Following the conclusion of that discovery, the Creditor Trustee intends to file an additional supplement to his Preliminary Objection. *See* Objection, p. 3, fn. 1.

2. On September 27, 2022, the Creditor Trustee served written requests for production on the Reorganized Debtors, copies of which are attached hereto as **Exhibit A** (the "Requests for Production"). Also on September 27, 2022, the Creditor Trustee noticed the deposition of Brad Walker, the Reorganized Debtor's court-appointed independent manager. A copy of the notice is attached hereto as **Exhibit B** (the "Deposition Notice"). The deposition was set to occur on November 8, 2022, which was the date that was agreed upon by all counsel, including counsel for the Reorganized Debtors.

1

3.  Responses to the Requests for Production were due on October 27, 2022. As of the date of this Supplement, however, the Reorganized Debtors have still not provided any response whatsoever to the Requests for Production, and they have not produced any documents in response to the Creditor Trustee's requests. As such, the deposition has been adjourned to a later date, as it would be a waste of time and resources to conduct an examination without having a reasonable opportunity to review documents that should have been produced 11 days prior to the deposition.

4.  Counsel for the Creditor Trustee is diligently attempting to engage counsel for the Reorganized Debtors in a discussion about production of the requested documents and rescheduling of the deposition, but those efforts have not been successful thus far. As such, the Creditor Trustee felt it appropriate to advise the Court that discovery on the 9019 Motion has not yet been completed, and thus the Creditor Trustee will not be able to provide his promised supplemental objection to the 9019 Motion on the timeline that was previously contemplated.

5.  In the event the parties are unable to reach a mutually-agreeable resolution of these discovery issues, we will solicit the Court's assistance pursuant to Local Rule 7026-1(d).

Respectfully submitted this 2nd day of November 2022

**Diamond McCarthy LLP**

By: /s/ *Stephen T. Loden*
Christopher D. Johnson
Texas Bar No. 24012913
Stephen T. Loden
Reg No. 45592
909 Fannin Street, Suite 3700
Houston, Texas 77010
chris.johnson@diamondmccarthy.com
steve.loden@diamondmccarthy.com

**Attorneys for Thomas M. Kim,
Trustee of the Sklar Creditor Trust**

## **CERTIFICATE OF SERVICE**

The Undersigned hereby certifies that on November 2, 2022, the forgoing was filed on the Court's electronic filing system CM/ECF and was electronically served upon all parties receiving electronic notice.

/s/ Christopher D. Johnson
Christopher D. Johnson

EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re:<br><br>**SKLAR EXPLORATION COMPANY, LLC**<br>EIN:  72-1417930<br><br>    Reorganized Debtor | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 20-12377-EEB<br><br>Chapter 11<br><br>(Jointly Administered) |
| **SKLARCO LLC,**<br>EIN:  72-1425432<br><br>    Reorganized Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 20-12380-EEB |

### AMENDED NOTICE OF INTENTION TO TAKE ORAL DEPOSITION
### OF BRAD WALKER, INDEPENDENT MANAGER FOR SKLARCO LLC
### AND SKLAR EXPLORATION COMPANY LLC

**TO:**  Brad Walker, Independent Manager for Sklarco LLC and Sklar Exploration Company LLC, by and through Keri L. Riley, Kutner Brinen Dickey Riley, P.C., 1660 Lincoln Street, Suite 1720, Denver, CO 80264, counsel for Sklar Exploration Company LLC; and Michael J. Pankow, Brownstein Hyatt Faber Schreck, LLP, 410 17th Street, Suite 2200, Denver, CO 80202-4432, counsel for Sklarco LLC.

In connection with the *Motion to Approve Settlement Agreement Regarding Outside Investments* (ECF Doc No. 1855) (the "Motion to Approve Settlement Agreement") filed by Sklarco, LLC and Sklar Exploration Company, LLC, and pursuant to Fed. R. Civ. P. 30 as incorporated into this contested matter by Fed. R. Bankr. P. 9014 and 7030, Thomas M. Kim, in his capacity as the Creditor Trustee of the Sklar Creditor Trust ("Creditor Trustee") will take the deposition of Brad Walker, in his capacity as the Independent Manager for Sklar Exploration Company LLC and Sklarco LLC, on November 8, 2022, at 9:30 a.m., in the offices of Brownstein Hyatt Faber Schreck, LLP, 410 17th Street, Suite 2200, Denver, CO 80202-4432, or at such other place as the parties may mutually agree.  The deposition will be recorded stenographically and may be videotaped, and will continue from day to day until completed.

1

Dated:  September 27, 2022.

        DIAMOND McCARTHY LLP

        By:  */s/ Stephen T. Loden*
        Stephen T. Loden
        CO Reg. No. 45592
        Christopher D. Johnson
        TX Bar No. 24012193
        909 Fannin St., Ste. 3700
        Houston, TX  77010
        Tel.:  (713) 333-5100
        Fax:   (713) 333-5155
        steve.loden@diamondmccarthy.com
        chris.johnson@diamondmccarthy.com

        *Attorneys for Thomas M. Kim, as Creditor Trustee of the Sklarco Creditor Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September 2022, I served the foregoing Notice of Deposition of Brad Walker on the following parties by email notification.

Keri L. Riley
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln Street, Ste. 1720
Denver, CO  80264
klr@kutnerlaw.com
Attorneys for Sklar Exploration Company, LLC

Michael J. Pankow
Amalia Y. Sax-Bolder
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Ste. 2200
Denver, CO  80202-4432
mpankow@bhfs.com
asax-bolder@bhfs.com

        */s/ Stephen T. Loden*
        Stephen T. Loden

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: § | § | |
| | § | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC § | § | |
| EIN: 72-1417930 § | § | Chapter 11 |
| | § | |
| Reorganized Debtor § | § | (Jointly Administered) |
| | § | |
| | § | |
| SKLARCO LLC, § | § | |
| EIN: 72-1425432 § | § | Case No. 20-12380-EEB |
| | § | |
| Reorganized Debtor. § | § | |
| | § | |

## FIRST SET OF REQUESTS FOR PRODUCTION TO
## BRAD WALKER, INDEPENDENT MANAGER FOR SKLARCO LLC
## AND SKLAR EXPLORATION COMPANY LLC

**TO:** Brad Walker, Independent Manager for Sklarco LLC and Sklar Exploration Company LLC, by and through Keri L. Riley, Kutner Brinen Dickey Riley, P.C., 1660 Lincoln Street, Suite 1720, Denver, CO 80264, counsel for Sklar Exploration Company LLC; and Michael J. Pankow, Brownstein Hyatt Faber Schreck, LLP, 410 17th Street, Suite 2200, Denver, CO 80202-4432, counsel for Sklarco LLC.

In connection with the *Motion to Approve Settlement Agreement Regarding Outside Investments* (ECF Doc No. 1855) (the "Motion to Approve Settlement Agreement") filed by Sklarco, LLC and Sklar Exploration Company, LLC, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as incorporated into this contested matter by Rules 9014 and 7034 of the Federal Rules of Bankruptcy Procedure, Thomas M. Kim, in his capacity as the Creditor Trustee of the Sklar Creditor Trust (the "Creditor Trustee") makes the following requests (the "Requests") for production of documents and electronically stored information by Brad Walker, Independent Manager for Sklarco LLC and Sklar Exploration Company LLC. The documents and information described herein shall be produced for inspection and copying at the offices of Diamond McCarthy, LLP 909 Fannin, Suite 3700, Houston, Texas 77010, attention

1

Stephen T. Loden, at a time agreed upon by the parties, but in no event any later than as specified in the Federal Rules of Civil Procedure.

Dated: September 27, 2022.

          DIAMOND McCARTHY LLP

          By:  */s/ Stephen T. Loden*
          Stephen T. Loden
          CO Reg. No. 45592
          Christopher D. Johnson
          TX Bar No. 24012193
          909 Fannin St., Ste. 3700
          Houston, TX  77010
          Tel.:  (713) 333-5100
          Fax:   (713) 333-5155
          steve.loden@diamondmccarthy.com
          chris.johnson@diamondmccarthy.com

          *Attorneys for Thomas M. Kim, as Creditor Trustee of the Sklarco Creditor Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September 2022, I served the foregoing Notice of Deposition of Brad Walker on the following parties by email notification.

Keri L. Riley
Kutner Brinen Dickey Riley, P.C.
1660 Lincoln Street, Ste. 1720
Denver, CO  80264
klr@kutnerlaw.com
Attorneys for Sklar Exploration Company, LLC

Michael J. Pankow
Amalia Y. Sax-Bolder
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Ste. 2200
Denver, CO  80202-4432
mpankow@bhfs.com
asax-bolder@bhfs.com

          _____
          Stephen T. Loden

**REQUESTS FOR PRODUCTION**

**I. DEFINITIONS**

As used herein, unless otherwise indicated:

1. "Communication" means any transmittal of information, of any kind, without regard to whether such information was transmitted orally, in writing, electronically, visually, or by any other means.

2. "You" and/or "Your" means (a) Sklarco LLC, (b) Sklar Exploration Company LLC, and (c) Brad Walker in his capacity as the Independent Manager for Sklarco LLC and Sklar Exploration Company LLC, and each of their employees, attorneys, agents, brokers, representatives, servants, and any other persons or entities acting or purporting to act directly or indirectly on behalf of or under the control of Sklarco LLC and/or Sklar Exploration Company LLC, including but not limited to attorneys, advisors or consultants.

3. "9019 Motion" means and refers to the motion entitled "Motion to Approve Settlement Agreement Regarding Outside Investments," filed at Docket No. 1855 in the Reorganized Debtor's jointly administered chapter 11 cases.

4. "Reorganized Debtors" is used as defined in the 9019 Motion.

5. "Outside Investments" is used as defined in the 9019 Motion.

6. "HFS" is used as defined in the 9019 Motion.

7. "HFS Admin Claim" means and refers, collectively, to the Adversary Proceeding, as that term is defined in paragraph 17 of the 9019 Motion, and the motion for allowance of administrative expenses filed by HFS in the above-captioned chapter 11 cases.

8. "Document" means all originals, drafts and modifications of originals, as well as copies, duplicates, and counterparts of originals, of written, printed, typed, graphic, recorded, and visually or orally reproduced material of any kind, whether or not privileged, and includes, but is

3

not limited to, correspondence, business records, telephone records and notations, diaries, calendars, minutes, contracts, agreements, orders, receipts, invoices, bills, pictures, drawings or sketches, blueprints, designs, notebooks, advertising and commercial literature, promotional literature of any kind, cables, telexes, telegrams, recordings, patents, lists, charts, pamphlets, appendices, exhibits, summaries, outlines, logs, journals, agreements, work papers, statements, records of inventory, financial and/or accounting records, catalogues, trade journals, and any other documented or recorded information. The term "document" also includes every other manner by which information is recorded or transmitted, including but not limited to, microfilms, punch cards, disks, tapes, computer programs, printouts, all recordings made through data processing techniques, and instructions and directions for use of the data processing equipment to obtain the information recorded by that method. The term "document" refers to copies, duplicates, and/or counterparts only where (i) the copy, duplicate, or counterpart is not exactly identical to the original or (ii) your records only contain a copy, duplicate, or counterpart of the original and not the original itself.

  9. "Evidencing" means constituting, mentioning, describing, concerning, referring to, relating to, supplementing, amending, superseding, replacing, modifying, or pertaining to, in whole or in part, the subject matter of the particular requests.

  10. "Relating or referring" and/or "relate or refer" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing, supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

4

## II. INSTRUCTIONS

    1.    The following document requests are to be responded to fully, by furnishing all information in your possession, custody or control. Your having possession, custody, or control of a document includes Your having a right, superior to other parties, to compel the production of such document from a third party, such as your agent, employee, representative, or, unless privileged, attorney.

    2.    If any document requested herein has been lost, discarded, or destroyed, the document so lost, discarded or destroyed should be identified as completely as possible, including without limitation, the date the document was lost, discarded, or destroyed, the manner in which the document was lost, discarded, or destroyed, the reason(s) the document was lost, discarded, or destroyed, the person who authorized that the document be destroyed or discarded, and the person who lost, discarded, or destroyed the document.

    3.    If You cannot produce a document because it no longer exists or is no longer in your possession, custody, or control, please identify that document by: (a) its title; (b) its nature (for example, a "letter" or "e-mail"); (c) the date it was created or sent; (d) its author(s) and signator(y/ies); (e) any of its recipient(s); (f) the last place it was known to have been located; (g) the circumstances under which it ceased to exist or passed from your possession, custody, or control; and (h) the identity and last known residence and business address of any person who had knowledge of its existence and location.

    4.    Produce the original, as well as all non-identical duplicates or copies and/or drafts, of all requested documents in your possession, in the possession of Your agents, attorneys, accountants or employees, or which are otherwise within your custody, control,

5

or access, wherever located. A document with handwritten notes, editing marks, etc., is not identical to one without such notes or marks and therefore must be produced if within the scope of documents requested.

5. Produce each requested document in its entirety, including all attachments and enclosures, even if only a portion of the document is responsive to the request.

6. If You withhold from production any document (or portion of any document) that is otherwise responsive to a request on the basis of a claim of privilege, work product, or other ground, You must provide sufficient information regarding the withheld document to permit the Court and the parties to evaluate the propriety of your objection. Specifically, You must identify: (a) the name and title of the author(s) of the document; (b) the name and title of each person to whom the document was addressed; (c) the name and title of each person to whom the document was distributed; (d) the name and title of each person to whom the document was disclosed, in whole or in part; (e) the type of document (e.g., "memorandum" or "report"); (f) the subject matter of the document; (g) the purpose(s) of the document; (h) the date on the document and, if different, the date on which the document was created and/or sent; (i) the number of pages of the document; (j) the specific request herein to which the document is responsive; (k) the nature of the privilege(s) asserted as to the document; and (l) a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery, including a presentation of all factual grounds and legal analyses.

7. If any requested document cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

8. Please produce each specified document either (a) in the original file or organizational system in which it is regularly maintained or organized or (b) designate which documents are being produced in response to which of the numbered specifications below. Produce the requested documents either in their original file folders or appended to a copy of any writing on the file folders from which the documents are taken.

9. Identify each document produced by the paragraph number of this schedule to which it is responsive. If a document is produced in response to more than one request, it is sufficient to identify only the first request to which the document is responsive.

10. All electronically stored information must be produced in the same form or forms in which it is ordinarily maintained. Specifically, all electronically stored information must be produced in its native format, so that the metadata can be accessed.

11. In responding to the requests below: (a) the disjunctive shall also be read to include the conjunctive and vice versa; (b) "including" shall be read to mean "including without limitation;" (c) the singular shall also be read to include the plural and vice versa; (d) the present shall also be read as if the past tense and vice versa; (e) "any" shall be read to include "all" and vice versa; and (f) "and" shall be read to include "or" and vice versa.

### III. DOCUMENT REQUESTS

YOU ARE REQUESTED to produce the documents set forth below:

1. All Documents Evidencing Communications between You and any manager, employee, agent, or representative of any of the Outside Investments, from April 1, 2020 to the present

2. All Documents Evidencing Communications between You and HFS that are related to or refer to any of the Outside Investments, from April 1, 2020, to the present.

3. All Documents Evidencing Communications between You and HFS that are related to or refer to the HFS Admin Claim.

4. Documents sufficient to Evidence all payments, distributions, monies, or any other consideration received by You on account of any of the Outside Investments, from April 1, 2020, to present.

5. All Documents related to or referring to Your calculation that Sklarco is holding $622,843.72 in cash attributable to the Outside Investments as of August 26, 2022, as set forth in paragraph 24 of the 9019 Motion.

6. All Documents related to or referring to any financial analysis of the Reorganized Debtors' ownership interests in the Outside Investments including, but not limited to, any calculation of the present value of the Reorganized Debtors' ownership interest in the Outside Investments.

7. All Documents related to or referring to Your investigation and analysis of the Outside Investments, as set forth in paragraph 18 of the 9019 Motion.

8. All Documents related to or referring to Your calculation of the fees and charges that are owed to Sklarco under the Agency Services Agreement, as set forth in paragraphs 19(e) and 31 of the 9019 Motion.

9. All Documents related to or referring to Your efforts, if any, to obtain payment of the fees and charges that are owed to Sklarco under the Agency Services Agreement, as set forth in paragraphs 19(e) and 31 of the 9019 Motion.

10. All Documents Evidencing Communications between You and HFS concerning the matters set forth in the 9019 Motion including, but not limited to, all Documents Evidencing Communications that are related to or refer to Your negotiation of the Agreement with HFS, as set forth in paragraph 29 of the 9019 Motion.

11. All Documents related to or referring to Your determination that the proposed settlement of the HFS Admin Claim is in the best interests of the Reorganized Debtors and other parties in interest, as set forth in paragraph 29 of the 9019 Motion.

12. All Documents related to or referring to Your assessment of the risks and probabilities of outcome of the disputes covered by the 9019 Motion, as set forth in paragraph 30 of the 9019 Motion.

13. All Documents relating to or referring to your estimation of the costs of continued litigation of the disputes covered by the 9019 Motion, as set forth in paragraph 33 of the 9019 Motion.

14. All Documents related to Your calculation, as set forth in paragraph 23 of the 9019 Motion, that $845,037.10 in distributions from the Outside Investments were used for operations and administrative expenses during the Chapter cases.

10