UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC<br>EIN: 72-1417930 | Chapter 11 |
| Debtor. | |
| | Case No. 20-12380-EEB |
| SKLARCO, LLC<br>EIN: 72-1425432 | Chapter 11 |
| Debtor. | |

**MAREN SILBERSTEIN REVOCABLE TRUST'S PARTIAL MOTION FOR SUMMARY JUDGMENT THAT DEBTOR SKLARCO WAS IN BREACH OF CONTRACT GIVING RISE TO A DUTY TO CURE AND/OR ADMINISTRATIVE CLAIM**

The Maren Silberstein Revocable Trust ("Trust") files this partial motion for summary judgment ("Partial MSJ") that the Debtor Sklarco breached the Asset Services Agreement with the Trust, and would show this Court as follows:

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56(c) is applicable to this matter under Federal Rule of Bankruptcy Procedure 7056(c). Pursuant to Rule 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 77 U.S. 242, 248 (1986). A genuine issue of material fact exists only if a reasonable jury could enter a verdict for the non-moving party. Id. at 252.

1

## FACTUAL BACKGROUND

1. The Debtors filed bankruptcy on April 1, 2020. The Trust received notice of the bankruptcy after the Plan and Disclosure Statement were filed and a creditor reached out after doing discovery and learning of the Trust.

2. The Maren Silberstein Revocable Trust ("Trust") is the successor in interest to the Judy Trust for the Benefit of Maren Silberstein ("Judy Trust").

3. Sklarco and the Judy Trust were parties to an Agency Services Agreement ("ASA")[1] which provided for a $15,000 monthly payment ("Agency Services Fee"). The ASA provided that Sklarco was the agent for the Trust. **Exhibit A**, Sec. 1.1.

4. Sklarco was a fiduciary that was supposed to act in the interests of theTrust as its agent with the duty of care, loyalty and fiduciary duty.

5. The ASA provides that Louisiana law controls. Exhibit A, Sec. 6.5.

6. Under the terms of the ASA, Sklarco had a duty to take all actions to protect the Trust's interests. Instead, Sklarco concealed its bankruptcy[2], concealed financial irregularities, lacked sufficient financial controls, and breached its duty to the Trust. Sklarco's actions were a breach of its duty as agent to the Trust by its gross negligence in representing the Trust's interests failing to make sure the Trust was noticed with the bankrutpcy or informed of maladministration of royalty funds by the Debtor and/or was the result of willful misconduct.

7. As shown by the record of the case, Sklarco provided no notice to the Trust of any pleading that should have been noticed to all creditors and parties in interest during the life of the

---

[1] Exhibit A.
[2] The Debtors may argue that the Trust had constructive notice of Sklarco's bankruptcy. Whether the Trust had constructive notice of the bankruptcy is a disputed fact, but what should be undisputed is that the Trust did not receive direct notice of any pleadings until the confirmation process commenced, the agent for the Trust was the Debtor Sklarco who owed duties to the Trust, the Trust's agent Sklarco engaged in self-dealing by filing bankruptcy without informing the Trust despite its obligations under the ASA, and Sklarco breached its duty to the Trust.

case. The Court can take judicial notice of the record of the jointly administered case, as well as the separate case filed for Sklarco.

8. Sklarco's statement of financial affairs referred to the Trust as receiving one transfer at Item 30.3, but none of the Debtors' filings provided the full name of the Trust with the address for the trust. *See*, Case No. 20-12380, ECF 27, 41, 51, 87 and 88; and, *e.g.,* Case No. 20-12377, ECF 324 . The ASA agreement was never scheduled on Schedule G by the Debtor. The Trust was not included in the creditor mailing matrix until after the confirmation hearing commenced.

9. At the time the bankruptcy was filed and throughout, the Debtor failed to comply with the Bankruptcy Rules and failed to ensure that the Trust's rights were being property asserted.

10. Even post-confirmation, Sklarco's financial statements are showing improper withholdings of funds that belong to the Trust which may require additional litigation for the conversion and defalcation that has been discovered post-confirmation absent a resolution.

11. The only pending action that the Trust currently has was the cure payment or administrative claim that was owing at the time of assumption.

12. The confirmation order preserved all rights to assert such claims regardless of the confirmation of the Plan.

13. The Debtors have judicially admitted that they failed to provide all services due to the Trust under the ASA.

14. On April 15, 2021, the Debtors jointly filed a motion to assume an agency services agreement. ECF 1174. In that Motion, the Debtors acknowledge that the Trust was "no longer receiving the full value of the services provided by Sklarco. Id. at para 11. The Trust's ASA was only with Sklarco, unlike other parties that had a ASA that had Sklar Exploration Company as a

party to the agreement. The ASA attached to the motion at ECF 1174 did not include the ASA for the Trust. The Motion at ECF 1174 was objected to by the Rudman Parties raising a concern with the reference to the Trust.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order Confirming the Plan and Article 11.2 of the Second Amended Plan (ECF 1251 and 1433). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## LAW AND ARGUMENT

There is no genuine issue as to material fact that Sklarco had a contract with the Trust where it was to serve as its agent and a fiduciary duty to the trust. Sklarco's filing of bankruptcy was a material issue of fact. Sklarco had a duty under the bankruptcy code and the ASA to provide notice to the Trust at all times during the Bankruptcy and failed to do so until the Trust retained counsel after being contacted by a creditor. This was a breach of the duties and obligations of the Debtor under the ASA and a breach.

Further, the Debtors made a judicial admission that all services under the ASA were not being provided further showing that the Debtors were in breach under the ASA.

The amount to cure the breach remains a disputed issue of fact.

This motion merely seeks a finding that the Debtor, Sklarco, was in breach of the ASA.

The record of the case is clear that the Trust received no notice and was being referred to at times in motions, discovery or otherwise without any knowledge of the Trust and no direct notice to the Trust.

**PRAYER**

Based on the plain language of the ASA, Sklarco was in breach of its duties by failing to provide services and by failing to advise the Debtor each step of the way in the bankruptcy of Sklarco and Sklar Exploration Company as it continued to do business with SEC and failure to advise of the improprieties raised by creditors in a timely manner. The Trust prays for a partial summary judgment finding that Sklarco was in breach of the ASA.

DATED: November 14, 2022

Respectfully submitted,

By: */s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN, pllc
FORSHEY & PROSTOK LLP
1990 Post Oak Blvd Suite 2400
Houston, Texas 77056
Telephone: 832.367.5722
dbrown@forsheyprostok.com

ATTORNEY FOR MAREN SILBERSTEIN REVOCABLE TRUST

**CERTIFICATE OF SERVICE**

On November 14, 2022, the foregoing motion for summary judgment was served on all parties registered to receive ECF in this case.

*/s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN