UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | | |

**MAREN SILBERSTEIN REVOCABLE TRUST'S
OBJECTION TO MOTION TO EXTEND DEADLINE
TO FILE MOTION FOR SUMMARY JUDGMENT**

The Maren Silberstein Revocable Trust ("Trust") files this objection to the *Motion for Extension of Time to File Motion for Summary Judgment With Respect to the Maren Silberstein Revocable Trust's Application for Administrative Expense Claim and Cure Claim* (ECF 1886) ("Untimely Motion"), and would show this Court as follows:

**LEGAL STANDARD**

1. The Court's order governing the administrative claim/cure claim objection states as follows: "IT IS FURTHER ORDERED that, unless a party requests amendments to this Order on or before fourteen (14) days from the date of this Order, no modifications will be entertained by the Court. Failure to comply with this Order may result in imposition of appropriate sanctions pursuant to Fed.R.Bankr.P. 7016 and 7037 (Fed.R.Civ.P. 16 and 37)." ECF 1866, p. 2.

1

2.      The Trust filed a timely partial motion for summary judgment.[1]

## FACTUAL BACKGROUND

3.      The Reorganized Debtors untimely motion to extend time to file a motion for summary judgment should be denied. If the Reorganized Debtors planned the file a motion for summary judgment, then the extension should have been requested before the deadline.

4.      The Reorganized Debtors have flaunted this Court's rules in the discovery process and now do so with the Untimely Motion.

5.      The Trust timely served written discovery on the Reorganized Debtors and Howard Sklar. Howard Sklar timely responded to the discovery.

6.      The Trust's counsel followed up numerous times prior to the deadline to make sure that the Trust would provide timely responses. The Trust provided the full 30 days for production allowed under the Federal Rules of Civil Procedure and did not seek to shorten the timeframe for discovery.

7.      Initially, the Trust suggested the documents would be produced in Shreveport, Louisiana for review and inspection. The Trust agreed to go to Shreveport, Louisiana and sought to do so on October 31, 2022 to be within the discovery timeframe. The Trust's counsel then followed up again to confirm the date worked for the Reorganized Debtors so that she could also make plans to see meet with others since she clerked and lived near Shreveport, Louisiana after law school.

8.      Then, the Reorganized Debtors reverted and stated that all documents would be produced via electronic means.

---

[1] The partial motion for summary judgment is at ECF 1885 (the wrong version was inadvertently filed at ECF 1884.The amended motion was timely on November 14, 2022).

9. When discovery was not produced by the Reorganized Debtors by the deadline of October 28, 2022, the Trust's counsel followed up on Saturday October 29, 2022. The Reorganized Debtor's counsel stated that the subpoena [sic] showed a due date of October 31, 2022. The Trust's counsel responded again with a copy of the discovery requests showing a response deadline of October 28, 2022 noting the deadline was never disputed. *See,* Email chain between Riley and Brown, **Exhibit A** (attachments omitted and highlights added).

10. The Reorganized Debtors provided written responses to the requests on Monday, October 31, 2022 at 11:45 pm, but none of the document production. Id.

11. The document production was not sent out by the Reorganized Debtors until November 1, 2022 via overnight UPS mail knowing they would not be delivered to the Trust until after the Court's discovery deadline. Id. In order to avoid delay, the Trust's counsel offered to send a Dropbox link to upload the documents.

12. A brief email discussion was had about a stipulation which the Reorganized Debtors' counsel was to draft and send to the Trust but never sent to the Trust's counsel. The idea being to provide the Trust additional time as to all deadlines in the Court's order due to the Reorganized Debtors' unnecessary delay despite the repeated follow up of the Trust's counsel.

13. Given discovery disputes are disfavored, it would not have been brought to the Court's attention without the filing of the Untimely Motion. The Untimely Motion could give the false impression that there was delay on the Trust's part in this matter which is not the case.

14. The Reorganized Debtors never mentioned they would be filing a motion for summary judgment and did not confer with the Trust's counsel on the motion to extend the time for doing so.

## ADMISSIONS AND DENIALS

15. Paragraph 1 of the motion is admitted.

16. Paragraph 2 is admitted to the extent that the Trust filed an administrative claim/cure claim as well as supplemental briefing related to same.

17. Paragraph 3 is admitted.

18. Paragraph 4 is admitted

19. Paragraph 5 is denied for lack of sufficient information to justify a belief therein.

20. Paragraph 6 is denied.

21. Paragraph 7 is denied, and further suggests that the Reorganized Debtors untimely motion for summary judgment will not be a no-evidence motion and then require potentially extensive pleading on what will most likely be factual disputes not appropriate for summary judgment. Further, the Reorganized Debtors would have presumably assembled the documents related to the Trust's administrative claim in the discovery process if they were properly producing records by category and the added time needed to assemble documents lacks merit without further foundation.

## LAW AND ARGUMENT

Sklarco continues to act in ways that prejudice the Trust. The Untimely Motion is solely so that the Reorganized Debtors can once again evade the rules to gain advantage by waiting until after the deadlines pass to file a motion for summary judgment while the Trust follows the rules and incurs added costs to try to get the Reorganized Debtors to timely comply. Further, the filing of an untimely motion will require added attorneys' fees and costs to the Trust to respond to such motion.

If the Reorganized Debtors wanted to extend the deadline, the appropriate and courteous way of handling it would be to reach out to the Trust's counsel and jointly request an extension approved by the Court or at least reach out and note that the Trust is opposed. Instead, the Reorganized Debtors waited for the deadline to pass and then unilaterally filed a motion seeking to extend deadlines.

There is no prejudice to the Reorganized Debtors in denying the Untimely Motion. The Reorganized Debtors have not shown good cause for extending the deadline. *See generally, In re Stonham,* 317 B.R. 544 (Bkrtcy. D. Colo.) (2004)

## **PRAYER**

The Trust requests that the Court deny the motion to extend time for filing motions for summary judgment.

DATED:  November 15, 2022

                              Respectfully submitted,

                              By:     */s/ Deirdre Carey Brown*
                                  DEIRDRE CAREY BROWN, pllc
                                  FORSHEY & PROSTOK LLP
                                  1990 Post Oak Blvd Suite 2400
                                  Houston, Texas 77056
                                  Telephone: 832.367.5722
                                  dbrown@forsheyprostok.com

                                  ATTORNEY FOR MAREN SILBERSTEIN
                                  REVOCABLE TRUST

## **CERTIFICATE OF SERVICE**

On November 15, 2022, the foregoing amended motion for summary judgment was served on all parties registered to receive ECF in this case.

*/s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN