UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|   Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
|   Debtor. ) | |

**RESPONSE TO MAREN SILBERSTEIN REVOCABLE TRUST'S SECOND AMENDED PARTIAL MOTION FOR SUMMARY JUDGMENT**

The Reorganized Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together "Debtors"), by and through their attorneys, Kutner Brinen Dickey Riley, P.C., state their response to the *Maren Silberstein Revocable Trust's Second Amended Partial Motion for Summary Judgment* ("Partial Motion for Summary Judgment") as follows:

### I.    Introduction

The Maren Trust attempts to assert that it should be entitled to receive all of the benefits of a contract with Sklarco while accepting none of its burdens. In raising this argument, the Maren Trust alleges that Sklarco breached a fiduciary duty, and thus can no longer enforce any contractual agreements between the parties. The Maren Trust has failed to provide any legal support for this argument, and has further failed to establish any breach of contract by Sklarco or damages therefrom. As such, as set forth more fully herein, Sklarco is entitled to judgment as a matter of law, and the Partial Motion for Summary Judgment should be denied.

### II.    Response to Statement of Undisputed Facts

The Debtors state their response to the Statement of Undisputed Facts in the Summary Judgment Motion as follows:

    1.    The Debtors admit the allegations contained in Paragraph 1 of the Statement of Undisputed Facts.

    2.    The Debtors admit the allegations contained in Paragraph 2 of the Statement of Undisputed Facts.

1

3. The Debtors deny the allegations contained in Paragraph 3 of the Statement of Undisputed Facts. The Maren Trust had actual knowledge of the Debtors' bankruptcy filing at least as early as January 2021.

4. The Debtors admit that Sklarco and the Maren Trust are parties to the Agency Services Agreement ("Maren Trust ASA") with the Judy Trust for the Benefit of Maren Silberstein dated April 1, 2008. The Debtors further admit that the Maren ASA required Sklarco to "maintain and manage" oil and gas interests attributed to the Maren Trust and required the Maren Trust to pay Sklarco a management fee in the amount of $15,000 per month.

5. The Debtors state that Section 1.1 of the Maren Trust ASA speaks for itself. To the extent the allegations contained in Paragraph 5 of the Maren Trust's Motion are inconsistent with the Maren Trust ASA, the Debtors deny the same.

6. Pursuant to Fed. R. Civ. P. 56(c)(2), made applicable by incorporation through Fed. R. Bankr. P. 7056, the Debtors object to the statements contained in Paragraph 6 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 6 contains any factual statements, the Debtors deny the same.

7. The Debtors state that Section 6.5 of the Maren Trust ASA speaks for itself. To the extent the allegations contained in Paragraph 7 of the Maren Trust's Motion are inconsistent with the Maren Trust ASA, the Debtors deny the same

8. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 8 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 8 contains any factual statements, the Debtors deny the same.

9. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 9 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 9 contains any factual statements, the Debtors deny the same.

10. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 10 of the Statement of Undisputed Facts as the statements are not supported by

admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 10 contains any factual statements, the Debtors deny the same.

11. The Debtors state that the Statement of Financial Affairs and Schedules, as amended, filed in the respective cases speak for themselves. To the extent the allegations in Paragraph 11 of the Statement of Undisputed Facts are inconsistent with the filed documents, the Debtors deny the same. The Debtors further state that the Maren Trust had actual knowledge of the Bankruptcy Case as early as January 2021, and counsel for the Maren Trust entered her appearance in the case in advance of the hearing on confirmation of a plan.

12. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 12 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 12 contains any factual statements, the Debtors deny the same.

13. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 13 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 13 contains any factual statements, the Debtors deny the same.

14. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 14 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are argument. For the avoidance of a doubt, to the extent Paragraph 14 contains any factual statements, the Debtors deny the same.

15. The Debtors object to the assertion that any "ratification" occurred, and further object to Paragraph 15 as the statements are legal argument and not factual statements. The Debtors further state that the Confirmation Order speaks for itself. To the extent the statements in Paragraph 15 are inconsistent with the Confirmation Order, the Debtors deny the same.

16. The Debtors state that the Confirmation Order speaks for itself. To the extent the statements in Paragraph 16 are inconsistent with the Confirmation Order, the Debtors deny the same.

17. Any settlement statements speak for themselves. To the extent the statements in Paragraph 17 are inconsistent with the settlement statement, the Debtors deny the same. The Debtors deny the balance of the allegations contained in Paragraph 17 of the Statement of Undisputed Facts.

18. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 18 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 18 contains any factual statements, the Debtors deny the same.

19. Paragraph 19 is incomplete. The Debtors admit that the Plan has language regarding assumption of contracts.

20. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 20 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are argument. For the avoidance of a doubt, to the extent Paragraph 20 contains any factual statements, the Debtors deny the same.

21. The Debtors state that the Confirmation Order speaks for itself. To the extent the statements in Paragraph 21 are inconsistent with the Confirmation Order, the Debtors deny the same.

22. The Debtors admit that they continued to manage the assets attributed to the Maren Trust on a post-petition basis in accordance with the Maren Trust ASA, and applied the management fee in accordance with the Maren Trust ASA. The Debtors object to the balance of the statements pursuant to Fed. R. Civ. P. 56(c)(2), as the statements are not supported by admissible evidence and are not facts, but are legal arguments. For the avoidance of a doubt, the Debtors deny the balance of the allegations contained in Paragraph 22 to the extent the statements including any factual statements.

23. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 23 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are argument. For the avoidance of a doubt, to the extent Paragraph 23 contains any factual statements, the Debtors deny the same.

24. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 24 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are argument. For the avoidance of a doubt, to the extent Paragraph 24 contains any factual statements, the Debtors deny the same.

25. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 25 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are argument. For the avoidance of a doubt, to the extent Paragraph 25 contains any factual statements, the Debtors deny the same.

26. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 26 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are argument. For the avoidance of a doubt, to the extent Paragraph 26 contains any factual statements, the Debtors deny the same.

27. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 27 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are argument. For the avoidance of a doubt, to the extent Paragraph 27 contains any factual statements, the Debtors deny the same.

28. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 28 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are argument. For the avoidance of a doubt, to the extent Paragraph 28 contains any factual statements, the Debtors deny the same.

### III. Response to Law and Argument

#### A. *The Maren Trust Has Failed to Establish a Breach of Contract by Sklarco*

The Maren Trust asserts that Sklarco failed to disclosed the existence of its bankruptcy case and had a duty to do so as a result of the relationship created by the ASA. The Maren Trust fails to provide any legal or evidentiary support for this argument, fails to identify a breach of any

alleged duty created by the ASA by Sklarco, fails to identify any material breach of contract by Sklarco, and further fails to establish any damages related to any alleged breach. As such, the Maren Trust's Motion for Administrative Expense Claim fails as a matter of law.

The Maren Trust has failed to identify any legal support for its argument that a nondisclosure of a bankruptcy filing can create a material breach of contract, such that the contract is rendered unenforceable by the party that filed for bankruptcy. Nothing the Maren Trust ASA provides that a bankruptcy filing is an event of default, and any such provisions would be void pursuant to 11 U.S.C. § 365(e).

Instead, the Maren Trust relies on *De La Vergne v. De La Verge*, 745 So. 2d 1271 (La. App. 1999) for the blanket proposition that "full and complete disclosure is required of all important information is required even if the relationship becomes strained." *Partial Motion for Summary Judgment* at 10. This is an incorrect reading of the case. The *De La Vergne* case was not tasked with determining what disclosures are required of a fiduciary generally. Rather the Louisiana Court of Appeals was tasked with determining what disclosure is required when the fiduciary is buying property of which they are in control, and ultimately held that the fiduciary's failure to disclose that he was purchasing the property for significantly less than market value was fraudulent. *Id*. at 1277-78. Nothing in the *De La Verge* case has any bearing on a fiduciary's duty to disclose information about the agent's business operations, nor does it provide that a contract can be breached without immediate disclosure of a bankruptcy filing.

The Maren Trust further relied on *Bunge Corp v. GATX Corp.*, 557 So. 2d 1376 (La. 1990) for the proposition that that there is a blanket duty of disclosure if there is a fiduciary relationship between the parties. While the Louisiana Supreme Court did hold that there is an increased duty of disclosure if a fiduciary duty exists, the Court was analyzing this duty in the context of sale or if the party knows of some hazardous condition. *Id.* at 1278. The Louisiana Supreme Court went on to say that whether such duty exists at all depends on "the obligation being imposed by on a seller. . . the importance of the fact not disclosed; the relationship of the parties; and the nature of the fact not disclosed." *Id.* at 1384. Other courts have gone on to clarify that a party who owes a fiduciary duty to another party "must make full disclosure of all material facts surrounding the transaction that might affect the decision of the principal." *La. State Univ. Sys. Research & Tech. Found. v. Qyntessa Biologics, L.L.C.*, 16 So.3d 486, 474 (La. App. 2014)(holding that a consultant

6

who failed to disclose a 60% profit margin from contracts into which he induced the foundation to enter while also serving on the foundation's board committed fraud).

Applied in this case, there is no basis to assert that Sklarco breached a fiduciary duty by not immediately disclosing its bankruptcy filing. Post-petition, Sklarco did not induce the Maren Trust to enter into new contracts or change existing contracts. Nothing about Sklarco's management of the assets attributed to the Maren Trust changed based on Sklarco's bankruptcy filing. There were no decisions to be made by the principal, and thus no information, material or otherwise, could have a bearing. Because there was no transaction with Sklarco post-petition, and the only relationship that existed was the maintenance of the contractual relationship between the parties, there is no basis to assert any breach of fiduciary duty, and certainly no breach of a duty that would render the Maren Trust ASA unenforceable by Sklarco.

The Maren Trust has further failed to identify any other basis for a breach of contract by Sklarco, nor can it. The Maren Trust does not attempt to assert that Sklarco did not manage the assets attributed to it, nor does it attempt to argue that Sklarco failed to provide the services that it was contractually obligated to provide. In fact, Sklarco has continued to manage the assets in the same manner post-petition and post-confirmation as it did pre-petition, and has, at all times relevant hereto, provided all services it was contractually obligated to provide.

Even to the extent that the Maren Trust can prove a breach of contract by Sklarco, which it cannot, the Maren Trust has failed to establish any damages that could then become a cure claim (to the extent not waived) or an administrative expense claim. The Maren Trust broadly asserts that it should receive a refund of all management fees applied against the revenue from the assets attributed to the Maren Trust during the case, but does not provide any basis for this claim.[1] If accepted, this argument would allow the Maren Trust to receive all of the benefits of the Maren Trust ASA with absolutely none of the burden. The management fee was duly assed by Sklarco in accordance with the Maren Trust ASA. Even if Sklarco had not filed for bankruptcy, it would have been contractually entitled to assess and collect this management fee. Even if there was no financial mismanagement, a fact that has never been established and that is not supported by

---

[1] The Maren Trust also seems to argue that it should receive a refund of any joint interest billing obligations assessed against interest attributed to the Maren Trust. To the extent this argument is raised, it lacks all credibility. Joint interest billing obligations and lease operating expenses were assessed against the revenue by third party operators before any payments of revenue were even made to Sklarco. There is no basis in fact or law to attempt to receive a refund of such amounts.

admissible evidence in the context of this motion, Sklarco would have been entitled to assess and collect the management fee. Nothing under the Bankruptcy Code or applicable State Law allows for the Maren Trust to seek a refund of duly assed management fees. The Maren Trust has therefore failed to prove any damages that could become a cure or administrative expense claim. further relies on *Noe v. Roussel*, 310 So. 2d 806 (La. 1975) for the proposition

The Maren Trust has failed to establish a breach of fiduciary duty, a breach of contract, or any damages to the Maren Trust in this case. Because the Maren Trust has failed to establish these basic elements, the Debtors are entitled to judgment as a matter of law that the Maren Trust does not have a cure claim or administrative expense claim, and the Partial Motion for Summary Judgement filed by the Maren Trust should be denied.

### B. *The Maren Trust Has Not Established a Basis for an Administrative Expense Claim*

Pursuant to 11 U.S.C. § 503(b), a creditor may receive an allowed administrative expense claim for "the actual necessary costs and expenses of preserving the estate[.]" A party seeking to assert an administrative expense claim bears of burden of proving: 1) that the expense arose out a transaction between the creditor and the debtor-in-possession; and 2) that it provided an actual benefit to the debtor-in-possession in the operation of the business. *In re Mid-Region Petroleum*, 1 F.3d 1130 (10th Cir. 1993) (citing *In re Amarex, Inc.*, 853 F.2d 1526, 1530 (10th Cir. 1988)).

The Maren Trust asserts that it is entitled to an administrative expense claim for any revenue received for interests attributed to it. In raising this argument, the Maren Trust fails to establish that it has an ownership interest in any funds received by Sklarco on a post-petition basis. The Maren Trust does not have a direct ownership interest in any oil and gas interests. Rather the assets are held by Sklarco and attributed to the Maren Trust in accordance with the Maren Trust ASA. The Maren Trust has not asserted any basis for an ownership interest in any funds received by Sklarco. Even to the extent the Maren Trust could assert an ownership interest, the Maren Trust makes no effort to identify the funds in which it can assert such an interest, nor establish that Sklarco used and funds owned by the Maren Trust for the benefit of the estate.

Because the Maren Trust cannot establish an ownership interest in any funds received by Sklarco, the Maren Trust cannot establish a basis for an administrative expense claim as a matter of law. The Debtors are therefore entitled judgment as a matter of law and the Partial Motion for Summary Judgment should be denied.

WHEREFORE the Debtor prays that the Court enter an Order denying the *Maren Silberstein Revocable Trust's Second Amended Partial Motion for Summary Judgment*, granting the Debtors' Motion for Summary Judgment, and for such further and additional relief as to the Court may appear proper.

DATED:  November 30, 2022                    Respectfully Submitted,


By:   *s/ Keri L. Riley*
    Keri L. Riley, #47605
    **KUTNER BRINEN DICKEY RILEY, P.C.**
    1660 Lincoln Street, Suite 1720
    Denver, CO 80264
    Telephone:  (303) 832-2400
    Telephone: (303) 832-2910
    Email: klr@kutnerlaw.com