**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| In re: Jimmie Lee Peterson, | § | CASE NO. 22-60034 |
| | § | CHAPTER 11 - SUBV |
| | § | |
| Debtor. | § | |

**MOTION TO STRIKE AND, ALTERNATIVELY, RESPONSE TO OBJECTION TO PROOF OF CLAIM OF BLUSKY RESTORATION CONTRACTORS, LLC**

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.
Represented parties should act through their attorney.

BluSky Restoration Contractors, LLC ("BluSky") responds to the Debtor's objection to proof of claim #21 (ECF 82) and requests that the objection be stricken for failing to comply with local rules or, alternatively, overruled in its entirety and Claim 21 allowed in full. In further support of striking the objection or overruling the objection, BluSky states as follows:

**A. The Objection should be stricken for failing to comply with bankruptcy rules.**

The Debtor has failed to comply with Southern District of Texas Local Rule 3007-1 which requires that the objection include "an affidavit signed by a person with personal knowledge supporting the objection." No affidavit was filed with the objection to the claim and it is to be filed and served concurrently with the objectin not 30 days later. While this objection was being ECF filed, the Debtor filed a belated declaration of Mr. Peterson. Claimant only learned of the

declaration beause the ECF filing menu populated it as a choice of docket items to link the response when filing the response. As of this date, the Claimant was not served with the declaration.

The objection was filed on October 31, 2021, and the thirty days plus three days for the mail rule under Bankruptcy Rule 9006 would make the response due after the date set for the initial hearing in the objection. The Court reset the initial hearing date from December 1, 2022 to December 15, 2022 before this objection was filed.

In addition, the certificate of service for the proof of claim shows that it was only served on the party identified for notice on proof of claim #21, but it was not served on the "Debtor or Debtor in Possession, the trustee, or the entity filing the proof of claim" as required by Bankruptcy Rule 3007. Neither BluSky or the Debtor would receive electronic notice in this case.

As such, BluSky requests that the objection be stricken.

**B. <u>Admissions and Denials</u>**

1. Paragraph 1 of the Objection sets forth legal argument which does not require an admission or denial. BluSky acknowledges the Court has jurisdiction over the claim and consents to final orders.

2. Paragraph 2 of the objection is admitted to the extent that the captioned bankruptcy was filed by the Debtor on June 21, 2022 and the Subchapter V Trustee appointed is Brendon Singh. BluSky lacks sufficient information to admit or deny if the debtor is "operating his affairs" as a debtor in possession.

3. Also, BluSky notes that the Debtor also served as corporate representative of the Subchapter V Debtors Paraiso, LLC, Claremont Restaurant Group, LLC ("Claremont"), and GRP Asset Management, LLC (jointly administered under Case Number 22-60011) ("Corporate SubVs") which filed Chapter 11 under Subchapter V on March 8, 2022.

4. Mr. Peterson as the corporate representative for the Corporate SubVs authorized a filing of a motion to dismiss those cases on the same date that Mr. Peterson filed this case. The corporate cases were dismissed post-petition. The stated basis for dismissing the corporate cases was because the IRS had a large claim. An IRS claim can provide the estate the ability to lookback 10 years on claims against insiders and others. *See,* Jason S. Brookner and Amber M. Carson, *Further Reflections on Using the Tax Code's Extended Period for Avoidance Under § 544(b),* XLI ABI Journal 10, 14-15, 50-51, October 2022. As such, at the time the bankruptcy case was filed, the Corporate SubV Debtor Estates would have had a potential lookback of ten years to pursue claims against the Debtor.

5. As such, the dismissal of the corporate cases was self-serving for the Debtor and occurred after the Debtor filed bankruptcy. The Debtor as a manager of the corporate SubVs had a fiduciary duty to the creditors. In the Claremont case, Mr. Peterson signed Schedules showing that BluSky is owed an undisputed $100,000. (Case No. 22-60011, ECF 20).

6. The allegations in paragraph 3 state legal argument and need not be admitted or denied, but out of an abundance of caution are denied to the extent that an objection that does not comply with the rules should not give rise to any duty of the claimant.

7. The allegations in paragraph 4 state legal argument and need not be admitted or denied, but out of an abundance of caution are denied to the extent that an objection that does not comply with the rules should not give rise to any duty of the claimant.

8. The allegations of paragraph 5 assert the Debtor's objection to BluSky's proof of claim. The Debtor is fully aware that BluSky performed work for JP Steakhouse LLC which owned Sagebrush steakhouse located in Wilkesboro, North Carolina (the "Steakhouse"). BluSky estimated the repair of the Steakhouse to cost $113,559.04. BluSky was paid

$13,559.04, but not the remaining $100,000 which was to be paid from earmarked insurance proceeds funded by Liberty Mutual. On information and belief, the Steakhouse's bank account at Select Bank was actually in the name of the Corporate SubV former Debtor Claremont. On information and belief, Claremont operated JP Steakhouse, LLC.

9. Notably, Mr. Peterson, the Debtor in this case, signed the Schedules in Claremont's bankruptcy showing an undisputed $100,000 was owed to BluSky (Case No. 22-60011, ECF 20).

| 3.17 | Nonpriority creditor's name and mailing address<br>**Blusky**<br>9110 East Nichols Ave, Ste 180<br>Englewood, CO 80112<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim: __<br>Is the claim subject to offset? ■ No ☐ Yes | $100,000.00 |

10. Mr. Peterson is the manager of Claremont. However, he has a conflict of interest with the entities to the extent he authorized the misuse of insurance proceeds. The Corporate SubVs may have direct claims against him.

11. On information and belief, Mr. Peterson controlled all aspects of the Claremont Select Bank accounts and approved any transfers out of the account. On information and belief, the insurance proceeds Liberty Mutual paid went into the Claremont Select Bank account and then were defalcated by Mr. Peterson and/or he directed Collette Chapman in the misuse of the insurance proceeds for unauthorized purposes.

12. BluSky filed suit in North Carolina against JP Steakhouse LLC and Todd Ross. A copy of the Complaint is attached as **Exhibit A.**

13. Further, the Debtor should be aware that the corporate status of JP Steakhouse LLC has been cancelled by Delaware Secretary of State effective June 1, 2022. The former members of JP Steakhouse are unknown. However, the Debtor's plan in this case provides an

organization chart of the various entities the Debtor controls or owns. ECF 89-6. The chart appears to have errors. For example, it identifies JP Steakhouse as a NC entity when it was a Delaware entity. Regardless, the Debtor alleges that Quality Foods, Inc. is the 100% owner of JP Steakhouse LLC. As such, upon cancellation of JP Steakhouse LLC, per the Debtor's assertions then Quality Foods, Inc., would have the liabilities of JP Steakhouse, LLC. Quality Foods, Inc. is also currently subject to dissolution. The Debtor claims to be 100% owner of Quality Foods, Inc.

14. Mr. Peterson had a duty to the creditors of Claremont and JP Steakhouse. Mr. Peterson as manager for Claremont judicially admitted that the $100,000 is owed to BluSky. As such, the amount should not be at issue only whether the Debtor is liable for the amounts given his role in the mismanagement of the earmarked insurance proceeds.

15. JP Steakhouse LLC is a Delaware entity. Mr. Peterson's defalcation of the insurance proceeds provides BluSky with a direct claim. *In re ParkCentral Global Litig.,* No. 3:09–cv–0765, 2010 WL 3119403 (N.D. Tex. Aug. 5, 2010) (holding that breach of fiduciary duty claim was direct under Delaware law); *Anwar v. Fairfield Greenwich Ltd.,* 728 F. Supp. 2d 372, 401 n.9 (S.D.N.Y. 2010) (under New York and Delaware law, breach of fiduciary duty, fraud, misrepresentation, breach of contract, and gross negligence claims were direct).

16. The allegations of Paragraph 6 of the objection are denied.

17. The allegations of the self-serving conclusory declaration of Mr. Peterson are denied. Further, Claimant owed a duty to the creditors of the entities he managed as the manager when he determined they could not be reorganized and/or insolvent. Instead of putting creditors interests first, he put his own interests first.

## Reservation of Rights

18. Debtor expressly reserves the right to assert further responses to the objection, and to amend, modify and/or supplement this response, including without limitation, to object to any amended objection. Should the grounds stated in this Objection be overruled, Debtor reserves his rights to object to the Claim on any other ground that bankruptcy and non-bankruptcy law permits.

## Conclusion

For the foregoing reasons, Debtor respectfully requests that the Court enter an order allowing the BluSky and enter an order overruling or striking the objection.

Dated: November 30, 2022.

Respectfully submitted,

*/s/ Deirdre Carey Brown*
Deirdre Carey Brown, pllc
State Bar No. 24049116
FORSHEY & PROSTOK LLP
1990 Post Oak Blvd, Suite 2400
Houston, TX 77056
Telephone: (832) 536-6910
Facsimile: (832) 310-1172
dbrown@forsheyprostock.com

**ATTORNEY FOR CLAIMAN**

## CERTIFICATE OF SERVICE

I certify that the attached reply was served via ecf on the counsel of record who are registered ECF users.

*/s/ Deirdre Carey Brown*
Deirdre Carey Brown, pllc

Case:20-12377-MER Doc#:1897 Filed:11/30/22 Entered:12/01/22 00:00:30 Page7 of 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: Jimmie Lee Peterson, | § § § § | CASE NO. 22-60034<br>CHAPTER 11 - SUBV |
| Debtor. | | |

### ORDER DENYING OBJECTION TO PROOF OF CLAIM NO 21

IT IS HEREBY ORDERED that the objection to proof of claim no. 21 (ECF 82) is hereby denied and the claim is allowed in its entirety as an unsecured claim for $100,000.

###