UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN: 72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | | |

**OBJECTION TO REORGANIZED DEBTORS'
MOTION FOR SUMMARY JUDGMENT (ECF**
[Corrected – wrong PDF was uploaded]

The Maren Silberstein Revocable Trust ("Maren Trust") hereby objects to the Reorganized Debtors' motion for summary judgment (ECF 1890) ("Debtors' Motion"). The Debtors Motion should not be granted because there are too many material facts in dispute. The only facts that cannot be controverted or disputed on the record of the case is that the Debtor Sklarco failed to comply with its duties under the ASA to the Maren Trust by failing to keep the Trust informed of the bankruptcy and following the bankruptcy rules and law to provide the Maren Trust notice when it had a fiduciary duty and agency relationship with the Trust. As such, on those points, the Maren Trust incorporates the arguments sent forth in its motion for summary judgment as if they are stated herein. *See,* ECF 1891.

1

## Statement of Disputed Facts[1]

1. Sklarco LLC failed to timely mail monthly statements to Maren Trust during the bankruptcy because it negligently or purposefully had the wrong address for the Maren Trust.

2. The Maren Trust was never informed of the Sklarco Bankruptcy until the Rudman Partnership's counsel tracked down the prior Trustees for the Judy Trust who put him in contact with the Trustee for the Maren Trust. This was after the Second Amended Plan had already been filed in the Bankruptcy at the end of the bankruptcy process. See also, ECF 1196, 1251, 1282, and 1286 (transcript where Maren Trust is discussed, and concerns raised regarding whether Sklarco has been truthful in its Schedules).

3. The Maren Trust was deprived of the ability to be involved in the case or serve on the unsecured creditors committee given the Maren Trust was never properly scheduled as a contract counter-party, interested party, or creditor until the Rudman Partnership raised concerns in Summer 2021. Of all the parties that Sklarco should have made sure received the notices required by the Bankruptcy Code, Maren Trust should have been that party since Sklarco was its fiduciary and agent.

4. The Maren Trust was never contacted by the Chief Restructuring Officer or Debtors' counsel prior to the Rudman Partnership's counsel contacting the Trustee for the Maren Trust and never received any notices in the bankruptcy despite the Maren Trust being

---

[1] ECF 1894 is a declaration filed to supplement the Reorganized Debtors' motion for summary judgment and was not filed by the deadline for the motions for summary judgment which was extended by the Court to November 16, 2022. The Trust will provide a separate motion/response to ECF 1894 within 14 days of the filing of the notice which was filed on November 21, 2022.

discussed in discovery with creditors and the Debtor filing motions related to the Maren Trust in seeking to assume agency services agreements.

5. Ms. Silberstein and her husband were reassured that the issues he was going through did not impact the Maren Trust's assets or the Sklarco ASA with the Maren Trust.

6. Sklarco LLC deliberately concealed the Sklarco LLC bankruptcy from the Maren Trust.

7. Sklarco had a duty to disclose the lack of financial controls and other mismanagement to the Maren Trust as its agent but concealed the filings and discovery from the Maren Trust during the bankruptcy.

8. Sklarco LLC failed to comply with the terms of the Agency Services Agreement.

9. Sklarco LLC improperly charged for expenses to the Trust which it could not support and still has provided no support for other than conclusory allegations or summary records.

10. The Reorganized Debtor Sklarco LLC admits it improperly charged for expenses paid from Maren Trust's revenue to its co-debtor Sklar Exploration Company.

11. There is a dispute as to the amount of money that Sklarco usurped from the Maren Trust to pay Sklar Exploration Company. However, a review of the statements that Sklarco provided to the Maren Trust suggest the amount paid to SEC from Maren Trust revenue is no less than $24,000 during the bankruptcy.

12. The Debtors judicially admitted that the Maren Trust was not provided all services due to the Trust but in the motion for summary judgment. See, ECF 1174 ("the parties are no longer receiving the full value of the services provided by Sklarco and SEC")

13. The Debtor mismanaged the assets and lacked proper financial controls.

14. The Debtors cannot and have not provided support for the expenses attributable to the Maren Trust on the monthly statements during the bankruptcy.

**Statement of Undisputed or Uncontrovertable Facts Based on the Record of the Case**

1. Sklarco was an agent of the Maren Trust under the ASA.

2. The ASA is only between Sklarco and the Maren Trust. Sklar Exploration Company is not a party to the ASA.

3. Sklarco had a fiduciary duty, duty of loyalty and duty of care which it owed to the Maren Trust.

4. Sklarco failed to provide notce to the Maren Trust as required under the Bankruptcy Rules.

5. Sklarco's failure to comply with the law, bankruptcy rules, and procedures, while serving as the Maren Trust's agent and fiduciary is a per se breach of the ASA as a matter of law under Louisiana law which is the law govering the ASA. The Debtors had a duty under the ASA and 28 USC 959 to properly follow the applicable laws. The Debtor did not follow the bankruptcy laws and failed to provide the notice required under the Bankruptcy Code to the Maren Trust of the filings in the Bankruptcy.

6. Further, after Sklarco breached the ASA, the Maren Trust was excused of performance under the ASA.

7. All rights of the Maren Trust to assert a cure claim and administrative claim were preserved by the confirmation order and reaffirmed by Debtors' counsel.

8. Maren Trust fileda timely administrative claim. There was no set time under the confirmation order for a cure claim, but it was filed concurrent with the administrative claim and, therefore, timely.

9. The Maren Trust limited its claim only to the amounts incurred during the life of the bankruptcy where the prima facie record of the Bankruptcy Case shows that Sklarco

wholesale failed to comply with all of the bankruptcy rules for notice to be given to the Maren Trust.

## LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). At all times, the court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Zia Shadows, L.L.C. v. City of Las Cruces,* 829 F.3d 1232, 1236 (10th Cir. 2016).

*Spotts v. Carter et al,* Civil Action No. 21-Cv-00842-Rbj-Nyw (ECF 62)

In the present case, the Maren Trust has not met its burden. There are too many material issues in dispute for summary judgment to be proper as to the total amount of the administrative/cure claim and whether or not the expenses were properly assessed. The only amount of the claim that can be determined without a factual dispute and as a matter of law is whether the $15,000 charged as a management fee was proper given Sklarco's breach of the ASA.

The Maren Trust has shown by the record of the case that the Debtors' own bankruptcy case record and the filings with the Court, including judicial admissions, the monthly statements provided by the Debtor belatedly show improper charges on the face of the statement for monies paid to SEC and fees for management when the Bankruptcy Case records shows a wholesale failure to follow the bankruptcy rules or manage the properties of the Maren Trust pursuant to the applicable bankruptcy rules and law. The Debtor Sklarco was the Maren Trust's fiduciary.

The Maren Trust also provides correspondence with the Debtors' counsel showing the Maren Trust raised concerns with the administration of the ASA as soon as counsel as retained in

5

this case and that the Debtor ratified that all rights of the Trust would be preserved related to the assets. And, this preservation of rights was further strengthened by the language in the confirmation order. Attached are Exhibit A – ASA Agreement and Exhibits B and C which are correspondence with the Debtors' counsel.

The relevant time period for the Maren Trust's claim is from the date the bankruptcy petition was filed to the effective date. That is the only time frame included in the scope of the claim for cure.

The Reorganized Debtors allegations related to prepetition conduct should be stricken as irrelevant.

## CONCLUSION

The Maren Trust requests that the Court deny the Reorganized Debtors motion for summary judgment and grant the Maren Trust's partial motion for summary judgment.

DATED: December 1, 2022

Respectfully submitted,

By: */s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN,pllc
FORSHEY & PROSTOK LLP

1990 Post Oak Blvd Suite 2400
Houston, Texas 77056
Telephone: 832.367.5722
dbrown@forsheyprostok.com

ATTORNEY FOR MAREN SILBERSTEIN REVOCABLE TRUST

## CERTIFICATE OF SERVICE

On December 1, 2022, the foregoing second amended motion for summary judgment was served on all parties registered to receive ECF in this case.

*/s/ Deirdre Carey Brown*

DEIRDRE CAREY BROWN