UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC | ) | |
| EIN: 72-1417930 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 20-12380-EEB |
| SKLARCO, LLC | ) | |
| EIN:  72-1425432 | ) | Chapter 11 |
| | ) | |
| Debtor. | | |

**MAREN TRUST'S OBJECTION TO DECLARATION OF
BRAD WALKER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Maren Silberstein Revocable Trust ("Maren Trust") hereby submits the following objections to the Declaration of Brad Walker in Support of Motion for Summary Judgment (ECF 1894-1). The Walker Declaration is objectionable for several reasons, and should be disregarded as he lacks personal knowledge for anything that occurred during the bankrutpcy and the administrative claim/cure claim of the Maren Trust is only for the time from the petition date to confirmation.

**Objection to Declaration**

Mr. Walker lacks personal knowledge to testify to anything relevant to the Maren Trust's administrative/cure claim which is contained in the declaration at ECF 1894-1. *See,* Fed. R. Evid. 602. Hearsay evidence is inadmissible unless it falls into an exception. *See,* Fed. R. Evid. 801-804.

Reorganized Debtors ("**Debtors**") responded to discovery requests including Interrogatories, Requests for Admissions and Request for Production of Documents. The responses are attached as Exhibit A. In the responses to discovery, the Debtors acknowledge that the CRO

1

was the sole person in control of Sklarco at all relevant time periods for the administrative claim/cure claim. *See,* **Exhibit A,** Response to Interrogatories No. 2 and No. 3. Mr. Walker verified the discovery responses. *See,* Exhibit A, p. 8. As such, Mr. Walker has verified that the proper party to testify regarding the handling of the Maren Trust ASA during the relevant time period is not himself but the former CRO.

The declaration is not competent evidence. *See, Johnson v. Weld Cnty.*, 594 F.3d 1202, 1210 (10th Cir. 2010).

Further, the declaration includes statements specifically controverted by Maren Silberstein in the attached declaration marked **Exhibit B.** The Reorganized Debtors' discovery responses also acknowledge that the Maren Trust was not given notice of the bankruptcy, that the Maren Trust ASA was not listed on Schedule G, that the management fee was nevertheless charged to the Maren Trust, that the monthly statements did not reflect Sklarco was in bankruptcy, etc. As such, by the Debtor's own admissions as a matter of law there was a breach of the ASA given Sklarco had a fiduciary duty to the Maren Trust as its agent to notify it of its bankruptcy and the financial irregularities that were raised by creditors during the bankruptcy as well as to properly report to the Maren Trust.

## CONCLUSION

The Maren Trust requests that the Court sustain the objections to the Brad Walker Declaration and deny the Reorganized Debtors' motion for summary judgment.

DATED: December 5, 2022

Respectfully submitted,

By:    */s/ Deirdre Carey Brown*
　　　　DEIRDRE CAREY BROWN,pllc
　　　　FORSHEY & PROSTOK LLP

　　　　1990 Post Oak Blvd Suite 2400
　　　　Houston, Texas 77056
　　　　Telephone: 832.367.5722
　　　　dbrown@forsheyprostok.com

ATTORNEY FOR MAREN SILBERSTEIN
REVOCABLE TRUST

## **CERTIFICATE OF SERVICE**

On December 5, 2022, the foregoing objection to declaration was served on all parties registered to receive ECF in this case.

*/s/ Deirdre Carey Brown*

DEIRDRE CAREY BROWN