UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
| Debtor. | |

**MAREN TRUST'S REPLY TO THE REORGANIZED DEBTORS'
OBJECTION TO ITS PARTIAL MOTION FOR SUMMARY JUDGMENT**

The Maren Silberstein Revocable Trust ("Maren Trust") replies as follows to the Reorganized Debtors' objection (ECF 1896) to the Maren Trust's motion for summary judgment (ECF 1891) and requests that the partial summary judgment be granted:

**Introductory Statement**

The Maren Trust's motion for summary judgment was a narrow partial motion for summary judgment that Sklarco breached the ASA by failing to provide the Maren Trust with notice of the bankruptcy and matters filed in the bankruptcy despite acknowleding that Sklarco was the Maren Trust's agent under the ASA.

It is undisputed that the Debtors failed to comply with the Bankrutpcy Rules and provide the Maren Trust, notice of the bankruptcy or any of the issues, discovery, and deadlines that applied during the course of the bankruptcy preventing the Maren Trust from being informed of issues, objecting to motions filed in the case, or taking other affirmative action. This is while it was clear that Sklarco had a conflict of interest if failing to disclosure the bankruptcy and filings

1

in the bankruptcy preventing the Trust from having any meaningful involvement in the bankruptcy.

Maren Trust respectfully requests that the Court grant the partial summary judgment finding that the ASA was breached by Sklarco. All other issues should be taken up at trial and present material issues of fact in dispute.

## Argument

### 1) The Reorganized Debtors' Admit as a Matter of Law that Sklarco Breached the ASA

The Reorganized Debtors' discovery responses also acknowledge that the Maren Trust was not given notice of the bankruptcy, that the Maren Trust ASA was not listed on Schedule G, that the management fee was nevertheless charged to the Maren Trust, that the monthly statements did not reflect Sklarco was in bankruptcy, etc. *See*, **Exhibit A.** The responses to requests for admissions alone show Sklarco's the breach of duty under the ASA.

The ASA provides Sklarco was the agent of Maren Trust. See, ASA, ¶3.1. Sklarco was retained under the ASA to "maintain and manage such interests on behalf of Principal, including, but not limited to "legal affairs". Instead, Sklarco intentionally failed to inform the Maren Trust regarding the bankruptcy filings. The Debtor had a duty to disclose the information under the Bankruptcy rules, but also to comply with its fiduciary duty as an agent for the Maren Trust. *See generally, Bromberg v. Gregory (In re Gregory)*, 2013 Bankr. LEXIS 3445, at *1 (Bankr. D. Colo. Aug. 23, 2013) (Where a debtor has a duty to disclose certain information his failure may constitute a "false representation" or "false pretenses" …).

The Debtor breached its duty to the Maren Trust as a party entitled to receive notice of bankruptcy as a party to a contract with Sklarco. There is no reasonable explanation for not providing notice to the Maren Trust or omitting the ASA from the Debtor's Schedules. If the Debtor forgot about the ASA, then it was in breach of its duty to the Maren Trust and if it

deliberately omitted the ASA it was in breach of its duty to the Maren Trust. There is no reasonable basis that the Maren Trust's agent concealed its bankruptcy and filings from the Maren Trust but noticed other interested parties. *See generally*, *In Re Michael Joseph Roberts, Sr.*, Case No. 22-10521-JGR. Order entered September 23, 2022 (Doc. 294) (converting Chapter 11 case to Chapter 7)(Debtor has fiduciary duty to creditors).

Sklarco, as the Maren Trust's agent, has a conflict of interest and cannot meet its fiduciary obligations, duty of loyalty, and duty of care when it is the adverse party because it filed bankruptcy. The Agent had a duty under Louisiana law, the ASA, and the Bankruptcy Code to provide the Maren Trust direct notice of the bankruptcy proceedings. The ASA provided that Sklarco was to be its agent for all administration and "doing whatever may appear to Sklarco to be conducive to the interests of the Principal." It is black letter that the interests of a party in Bankruptcy are "disclosure, disclosure, disclosure."

### 2) The Use of the Maren Trust Assets is Evidenced By the Monthly Statements, Amended Disclosure Statement, and Plan

Sklarco's monthly statements showing that the revenues from the Maren Trust were being attributed to the Debtors show the Debtors were using the Maren Trust's assets for operations. ECF 1890-2. The Reorganized Debtors have already acknowledged in their motion for summary judgment (ECF 1890) that Sklarco was controlling the Maren Trust's assets as part of its ongoing business operations during the bankruptcy. The ASA was being used by the Debtor to manage properties it otherwise would have no authority to manage without meeting the fiduciary obligations owed to the Maren Trust.

### CONCLUSION

As such, by the Reorganized Debtor's own judicial admissions as a matter of law there was a breach of the ASA. Sklarco had a fiduciary duty to the Maren Trust as its agent to notify it of its bankruptcy and the financial irregularities that were raised by creditors during the

bankruptcy as well as to properly report to the Maren Trust. The Reorganized Debtor confirms the breach in responding to interrogatories and by failing to comply with the bankruptcy law which also imposes a fiduciary duty on a debtor for the benefit of its creditors.

DATED: December 7, 2022

Respectfully submitted,

By: */s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN,pllc
FORSHEY & PROSTOK LLP

1990 Post Oak Blvd Suite 2400
Houston, Texas 77056
Telephone: 832.367.5722
dbrown@forsheyprostok.com

ATTORNEY FOR MAREN SILBERSTEIN REVOCABLE TRUST

**CERTIFICATE OF SERVICE**

On December 7, 2022, the foregoing objection to declaration was served on all parties registered to receive ECF in this case.

*/s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN

4