**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:  ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC  ) | |
| EIN: 72-1417930  ) | Chapter 11 |
| ) | |
|   Debtor.  ) | |
| ) | |
| _____  ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC  ) | |
| EIN:  72-1425432  ) | Chapter 11 |
| ) | |
| Debtor.  ) | |

**OBJECTIONS AND RESPONSES TO MAREN SILBERSTEIN IRREVOCABLE TRUST FIRST REQUEST FOR ADMISSIONS, REQUESTS FOR PRODUCTION AND INTERROGATORIES TO SKLARCO, LLC**

The Reorganized Debtor, Sklarco, LLC ("Sklarco"), by and through its attorneys, Kutner Brinen Dickey Riley, P.C., states its Objections and Responses to Maren Silberstein Irrevocable Trust's First Request for Admissions, Requests for Production, and Interrogatories to Sklarco, LLC ("Discovery Responses") as follows:

**GENERAL OBJECTIONS**

1. Sklarco objects to the Discovery Requests to the extent that they are vague, overly broad, unduly burdensome, not sufficiently limited in time, and/or harassing.

2. Sklarco objects to the Discovery Requests to the extent the Discovery Requests seek information subject to the attorney-client privilege or work product doctrine.  In the event any privileged or work product is disclosed by Sklarco in these answers, or in any document which may be produced or identified, such disclosure is inadvertent and does not constitute a waiver of any privilege.

3. Sklarco objects to the Discovery Requests to the extent they seek information and documents that are not relevant to the issues involved in the case, or are not reasonably calculated to lead to the discovery of admissible evidence.

4. Sklarco objects to the Discovery Requests to the extent they seek documents and information that are not within Sklarco's possession, custody, or control.

1

5. Sklarco objects to the Discovery Requests to the extent that they seek information not discoverable under the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and/or local court rules for any reason.

6. Sklarco reserves all objections which may be available to it at any hearing or trial or on any motion as to the use or admissibility of any information provided in response to the Discovery Requests. Sklarco's response to the Discovery Requests is not an admission by Sklarco that such information is relevant to this action or admissible as evidence.

7. The General Objections set forth above are hereby incorporated in each response set forth below, irrespective of whether they are referenced in any individual response.

## I. REQUESTS FOR ADMISSIONS ("RFAS")

**RFA No. 1:** Please admit that the Debtors did not provide notice to the Maren Trust of captioned bankruptcy at the time the Bankruptcy was filed.

**RESPONSE:** Admit.

**RFA No. 2:** Please admit that prior to August 1, 2021 the Debtors never provided the Maren Trust any of the documents disclosing alleged improprieties in the handling of the Debtor finances and royalty interests.

**RESPONSE:** Sklarco objects to this RFAS on the grounds that it is argumentative, without a factual or legal basis, and is not designed to elicit a response that is the proper subject of a request for admission under Fed. R. Civ. P. 36.

**RFA No. 3:** Please admit that Debtor never disclosed the Agency Services Agreement with the Debtor which is filed at ECF 1606-1 in the Debtors' Schedule G or any amendments to Schedule G.

**RESPONSE:** Sklarco admits that the Agency Services Agreement with the Maren Trust was not listed on the Amended Schedule G, but denies that the Agency Services Agreement was not disclosed.

**RFA No. 4:** Please admit that Debtor charged a management fee to the Maren Trust which was paid to SEC in the amount of $15000 per month prior to the bankruptcy and during the bankruptcy up to the confirmation date.

**RESPONSE:** Sklarco admits that it charged the management fee to the Maren Trust in accordance with the Agency Services Agreement with the Maren Trust for providing such management services to the Maren Trust.

**RFA No. 5:** Please admit that Debtor charged Maren Trust Lease Operating Expenses which it identified in Settlement Statements as being paid to SEC but without providing any detail for the expenses.

**RESPONSE:** Sklarco denies that lease operating expenses were not identified on the various statements sent to the Maren Trust.

**RFA No. 6:** Please admit that other the Trustees of other Trusts that had an agency services agreement with the Debtors were notified that the Debtors filed bankruptcy at or around the time the Bankruptcy was filed.

**RESPONSE:** Sklarco admits that the Howard Sklar Trust and other trusts for which Howard Sklar is a Trustee had an agency services agreement and that Howard Sklar, in his capacity as then CEO of Sklarco and Sklar Exploration Company, LLC, individually, and in his capacity as trustee for the respective trusts was aware of the bankruptcy filing when it occurred.

**RFA No. 7:** Please admit that the Settlement Statements issued for the Maren Trust assets do not disclose that the Debtors are operating as Debtor's in Possession.

**RESPONSE:** Sklarco admits that the monthly statements do not identify that Sklarco was a Debtor in Possession, and further states that it was not required to identify that it was Debtor in Possession on such statements.

**RFA No. 8:** Please admit that Debtors never mailed any bankruptcy filings to the Trustees of the Maren Trust during the bankruptcy prior to the Maren Trust retaining bankruptcy counsel.

**RESPONSE:** Sklarco admits that the Maren Trust was not mailed any pleadings, but further states that the Maren Trust was aware of the filing since at least January 2021.

## II. INTERROGATORIES ("ROGs")

**ROG No. 1:** If your response to any of the above RFAs was "Deny," please describe in complete detail why.

**RESPONSE:** All joint interest billing obligations for which the interests held by the Maren Trust's interests were responsible were fully identified on monthly statements sent to the Maren Trust.

**ROG No. 2:** Please identify all EMPLOYEES employed by the DEBTORS during the RELEVANT PERIOD, including names, addresses, e-mail addresses, phone numbers, and dates of employment that were responsible for any of the duties and obligations that Sklarco had under the terms of the ASA.

**RESPONSE:** James Katchadurian, CR3 Advisors. All other staff providing accounting and/or administrative services were employed by Sklar Exploration Company, LLC.

3

**ROG No. 3:** Please explain who was responsible for making sure that Sklarco met its fiduciary duty to the Maren Trust under the terms of the ASA during the Relevant Period.

**RESPONSE:** Sklarco objects to ROG No. 3 as it calls for a legal conclusion as to the existence of a fiduciary duty, and is argumentative, without a factual or legal basis, and is not designed to elicit a response that is the proper subject of an interrogatory under Fed. R. Civ. P. 33. Without waiving the foregoing objection, James Katchadurian was the sole party who had managerial control, authority, or direction over Sklarco.

**ROG No. 4:** Please explain what actions Sklarco took to verify the amounts reflected on the monthly Settlement Statements it issued to the Maren Trust during the Relevant Period as payments to SEC were appropriately charged to the Maren Trust.
**RESPONSE:** All amounts received for the wells in which the Maren Trust maintained an interest were input into WolfPak where books and records were maintained, and then run through the Debtors' internal systems to ensure that funds were attributed to the correct party, in this instance, the Maren Trust.

**ROG No. 5:** Please explain the basis that the Debtors are relying upon for objecting to the Administrative Claim.

**RESPONSE:** Sklarco incorporates by reference its Objection to the Motion for Administrative Expense Claim filed by the Maren Trust, and further states that the Maren Trust has failed to plead a basis to void and otherwise avoid the Agency Services Agreement, avoid its obligation to pay the pre- and post-petition receivable owed to Sklarco, or avoid its obligation to pay the management fee due under the Agency services Agreement.

**ROG No. 6:** Please explain why the Debtors believe as a factual matter that it was not a breach of the Debtors' fiduciary duties under the ASA to exclude the Maren Trust from the service list in the Bankruptcy.

**RESPONSE:** Sklarco objects to ROG No. 6 as it calls for a legal conclusion as to the existence of a fiduciary duty, and is argumentative, without a factual or legal basis, and is not designed to elicit a response that is the proper subject of an interrogatory under Fed. R. Civ. P. 33. Without waiving the foregoing objection, at all times relevant hereto, Sklarco continued to manage the assets attributed to the Maren Trust in accordance with the Agency Services Agreement and provide all monthly statements to the Maren Trust. To the extent a fiduciary duty existed, no such duty was breached, nor is there any other basis to assert that the Agency Services Agreement was not enforceable.

**ROG No. 7:** Please explain why Sklarco continued to do business with SEC after the bankruptcy was filed without providing any notice to the Maren Trust that SEC was in bankruptcy and the subject of actions from creditors alleging improper financials controls.

**RESPONSE:** Sklarco objects to ROG No. 7 as it calls for a legal conclusion as to the existence of a fiduciary duty, and is argumentative, without a factual or legal basis, and is not designed to elicit a response that is the proper subject of an interrogatory under Fed. R. Civ. P. 33. Sklarco further objects to ROG No. 7 as it is not relevant to the pending contested matter. All wells in which interests attributed to the Maren Trust existed were managed by third party operators, and not by Sklar Exploration Company, LLC.

**ROG No. 8:** Please explain why Sklarco and its professionals concealed the Bankruptcy from the Maren Trust even after the Unsecured Creditors Committee propounded discovery related to the Maren Trust by misnaming it and questioned Mr. Sklar directly about the Maren Trust during a deposition in November 24, 2020.

**RESPONSE:** Sklarco objects to ROG No. 8 as it calls for a legal conclusion as to the existence of a fiduciary duty, and is argumentative, without a factual or legal basis, and is not designed to elicit a response that is the proper subject of an interrogatory under Fed. R. Civ. P. 33. Without waiving the foregoing objection, the Agency Services Agreement with the Maren Trust was not concealed.

### III. REQUESTS FOR PRODUCTION OF DOCUMENTS ("RFPs")

**RFP No. 1:** Please produce all correspondence or communications between Sklarco and the Trustees of the Maren Trust for the period January 1, 2020 to present.

**RESPONSE:** Produced by USB Storage Device.

**RFP No. 2:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20200430" dated April 30, 2020 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 3:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20200531" dated May 31, 2020. (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 4:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20200630" dated June 30, 2020 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 5:** Please produce all backup documentation for the lease operating expenses charged on

the Settlement Statement for the JUD account identified as "101~JUD_20200731" dated July 31, 2020 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 6:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20200831" dated August 31, 2020 (filed at ECF 1606-4 in the captioned case).
RESPONSE:

**RFP No. 7:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20200930" dated September 30, 2020 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 8:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_202001031" dated October 31, 2020 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 9:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_202001130" dated November 30, 2020 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 10:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20201231" dated December 31, 2020(filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 11:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20210131" dated January 31, 2021 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 12:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20210228" dated February 28, 2021(filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 13:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20210331" dated March 31,2021 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 14:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20210430" dated April 30, 2021 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 15:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20210531" dated May 31, 2021 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 16:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20210630" dated June 30, 2021(filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 17:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20210731" dated July 31, 2021 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 18:** Please produce all backup documentation for the lease operating expenses charged on the Settlement Statement for the JUD account identified as "101~JUD_20210831" dated August 31, 2021 (filed at ECF 1606-4 in the captioned case).

RESPONSE: Produced by USB Storage Device.

**RFP No. 19:** Please produce all backup documentation for the lease operating expenses charged on any Settlement Statement for the JUD account prepared after September 7, 2021 to present.

RESPONSE: Produced by USB Storage Device.

**RFP No. 20:** Please provide an itemization of all funds which were not distributed to the Maren Trust but received as income for assets of the Maren Trust.

RESPONSE: Sklarco objects to this request, as such information is already in the Maren Trust's possession, custody, or control. Without waiving the foregoing objection, produced by USB Storage Device.

**RFP No. 21:** Please provide the bank statements showing that all funds withheld from the Maren Trust without its authorization post-confirmation are held in a separate bank account where the funds are properly segregated.

RESPONSE: Sklarco objects to this request as it calls for a legal conclusion as to an alleged requirement to segregate funds, and is argumentative, without a factual or legal basis, and is not designed to elicit a response that is the proper subject of a request for production under Fed. R. Civ. P. 34.

**RFP No. 22:** Please provide copies of the Settlement Statements for any of the trusts managed by HFS for the Relevant Period.

RESPONSE: Sklarco objects to this request as it calls for a legal conclusion as to an alleged requirement to segregate funds, and is argumentative, without a factual or legal basis, and is not designed to elicit a response that is the proper subject of a request for production under Fed. R. Civ. P. 34. Sklarco further objects to this request as it is not reasonable calculated to lead to the production of any relevant information.

## VERIFICATION

I hereby declare under penalty of perjury that the foregoing answers to the discovery requested by Movants are true and correct to the best of my knowledge and belief.

SKLARCO, LLC

/s/ Bradley Walker
By: Bradley Walker
Its: Independent Manager

Dated: October 31, 2022

Respectfully submitted,

By: /s/ Keri L. Riley
Keri L. Riley, #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
E-Mail: klr@kutnerlaw.com