UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377-EEB |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|    Debtor. ) | |
| ) | |
| ) | Case No. 20-12380-EEB |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
|    Debtor. ) | |

**REPLY TO OBJECTION TO MAREN SILBERSTEIN REVOCABLE TRUST'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

The Reorganized Debtors, Sklar Exploration Company, LLC ("SEC") and Sklarco, LLC ("Sklarco" and together "Debtors"), by and through their attorneys, Kutner Brinen Dickey Riley, P.C., state their reply to the Objection to *Maren Silberstein Revocable Trust's Objection to Partial Motion for Summary Judgment* ("Response") as follows:

## I. Introduction

The Maren Trust attempts create an issue of material fact when none exists. By asserting that legal arguments are issue of fact, the Maren Trust attempts to preclude summary judgment while simultaneously arguing that there are no issues of material fact and that it is also entitled to summary judgment on its alleged cure claim. The material facts in this case are undisputed, and establish that: 1) the Maren Trust ASA was assumed as of the entrance of Confirmation Order and the Maren Trust is not a Revenue Party who's rights were preserved under the Plan; 2) the Maren Trust has not established that Sklarco defaulted under the Maren Trust ASA, and therefore no cure claim can exist; and 3) no damages could exist, as Sklarco would still have managed the assets and assessed the applicable Agency Services Fee in accordance with the Maren Trust ASA, and the Maren Trust has only asserted that it is entitled to a cure claim based on the Agency Services Fee. Because the Maren Trust has failed to establish that there is a material issue of fact, the Debtors have established that they are entitled to judgment as a matter of law denying any cure claim or administrative expense claim asserted by the Maren Trust.

1

## II. Response to Statement of Disputed Facts

The Debtors state their response to the Statement of Disputed Facts in the Response as follows:

1. The Debtors object to the allegations in Paragraph 1 of the Statement of Disputed Facts as they are unsupported by any admissible evidence. Furthermore, the alleged fact is not material. To the extent necessary, the Defendants deny the allegations contained in Paragraph 1 of the Statement of Disputed Facts.

2. The Debtors deny the allegations contained in Paragraph 2 of the Statement of Disputed Facts. As established by Exhibit A to the Debtors' Motion for Summary Judgment, the beneficiary of the Maren Trust was aware of the bankruptcy filing at least as early as January 2021. Furthermore, the Maren Trust had entered its appearance in the Bankruptcy Case prior to the confirmation hearing, and in fact asserted its rights by requesting the addition of certain language regarding a reservation of rights for Revenue Parties, as defined by the Plan, in the Confirmation Order. Furthermore, no action was taken with respect to the Maren Trust ASA prior to confirmation of the Plan.

3. The Debtors object to the allegations contained in Paragraph 3 as they are unsupported by admissible evidence and are not material to the Maren Trust Admin Motion. The Debtors' further deny the allegations contained in Paragraph 3, as the Maren Trust was not a creditor that could have served on any committee, was aware of the Bankruptcy Case since June 2021, and entered its appearance ahead of the hearing on confirmation of the Plan. The balance of the allegations contained in Paragraph 3 are legal conclusions and do not contain factual allegations requiring a response.

4. The Debtors admit that the Maren Trust was not contacted by the CRO, but denies that information was withheld from the Maren Trust, as the Maren Trust had actual knowledge of the Bankruptcy Case at least as early as January 2021.

5. The Debtors object to the allegations contained in Paragraph 5 as they are unsupported by admissible evidence and are not material to the Maren Trust Admin Motion. Without waiving the foregoing objection, the assets attributed to the Maren Trust have not been affected by the Debtors' bankruptcy filing, and Sklarco has, at all times, carried out its obligations under the ASA and assessed and collected the management fee in accordance with the Maren Trust ASA.

6. The Debtors object to the allegations contained in Paragraph 6 as they are unsupported by admissible evidence and is nothing more than an argument which the Maren Trust cannot support factually. To the extent Paragraph 6 contains any factual statements, the Debtors deny the same.

7. The Debtors object to the statements contained in Paragraph 7 of the Statement of Disputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 7 contains any factual statements, the Debtors deny the same.

8. The Debtors object to the statements contained in Paragraph 8 of the Statement of Disputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 8 contains any factual statements, the Debtors deny the same.

9. The Debtors object to the statements contained in Paragraph 9 of the Statement of Disputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are conclusory arguments that are wholly unsupported. For the avoidance of a doubt, to the extent Paragraph 9 contains any factual statements, the Debtors deny the same. All lease operating expenses and joint interest billing obligations assessed against the interests attributed to the Maren Trust under the Maren Trust ASA were charged by third party operators, and were supported in each of the monthly statements. The Debtors have also produced over 3.76 gigabytes of information supporting each of the expenses.

10. The Debtors object to the statements contained in Paragraph 10 of the Statement of Disputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are conclusory arguments that are wholly unsupported. For the avoidance of a doubt, to the extent Paragraph 10 contains any factual statements, the Debtors deny the same. All lease operating expenses and joint interest billing obligations assessed against the interests attributed to the Maren Trust under the Maren Trust ASA were charged by third party operators.

11. The Debtors object to the statements contained in Paragraph 11 of the Statement of Disputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are conclusory arguments that are wholly unsupported.

For the avoidance of a doubt, to the extent Paragraph 11 contains any factual statements, the Debtors deny the same.

12. The Debtors object to the statements contained in Paragraph 12 of the Statement of Disputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are conclusory arguments that are wholly unsupported. For the avoidance of a doubt, to the extent Paragraph 12 contains any factual statements, the Debtors deny the same. The Maren Trust also misconstrues the Motion to Assume at Docket No. 1174 that is referenced in Paragraph 12 in an attempt to assert that Sklarco was not performing duties for the Maren Trust and therefore was not entitled to the Agency Services Fee. In fact, the Motion to Assume at Docket No. 1174 sought to assume the Agency Services Agreement with the Howard Sklar Trust and the sons' trusts. In connection with the settlements under plan, the Howard Trust and the sons' trusts had agreed that all funds from oil and gas interests would be contributed to payment of creditors under the Plan and had reserved all rights to assert an ownership interest in the Disputed Assets that would then be removed from management by the Debtors upon resolution by adjudication or settlement. As a result, any funds from any assets attributed to the Howard Sklar Trust and the sons' trusts outside of the Disputed Assets were being used to pay creditors of the Debtors, and no benefit was being provided to the Howard Trust or the sons' trusts, and the management fee was therefore waived by agreement with the parties. In contrast, the Maren Trust has not agreed to contribute assets attributed to it to payment of creditors under the Plan, and has provided no evidence that Sklarco is not carrying out its obligations to manage the assets.

13. The Debtors object to the statements contained in Paragraph 13 of the Statement of Disputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are conclusory arguments that are wholly unsupported. For the avoidance of a doubt, to the extent Paragraph 13 contains any factual statements, the Debtors deny the same.

14. The Debtors object to the statements contained in Paragraph 14 of the Statement of Disputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are conclusory arguments that are wholly unsupported. For the avoidance of a doubt, to the extent Paragraph 14 contains any factual statements, the Debtors deny the same. All lease operating expenses and joint interest billing obligations assessed

4

against the interests attributed to the Maren Trust under the Maren Trust ASA were charged by third party operators, and were supported in each of the monthly statements. The Debtors have also produced over 3.76 gigabytes of information supporting each of the expenses.

### III. Response to Statement of Undisputed Fact

1. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 1 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 1 contains any factual statements, the Debtors deny the same.

2. The Maren Trust ASA speaks for itself. To the extent the allegations contained in Paragraph 2 of the Statement of Undisputed Facts is inconsistent with the Maren Trust ASA, the Debtors deny the same.

3. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 3 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 3 contains any factual statements, the Debtors deny the same.

4. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 4 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 4 contains any factual statements, the Debtors deny the same. The Debtors further state that the Maren Trust has had actual knowledge of the Bankruptcy Case since January 2021.

5. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 5 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 5 contains any factual statements, the Debtors deny the same.

6. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 6 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are conclusory

arguments that are wholly devoid of factual support. For the avoidance of a doubt, to the extent Paragraph 6 contains any factual statements, the Debtors deny the same. The Debtors further reiterate that the Maren Trust has wholly failed to establish a breach of contract by Sklarco at any point post-Petition.

7. The Debtors object to the assertion that any "reaffirmation" occurred, and further object to Paragraph 7 as the statements are legal argument and not factual statements. The Debtors further state that the Confirmation Order speaks for itself. To the extent the statements in Paragraph 7 are inconsistent with the Confirmation Order, the Debtors deny the same.

8. The Debtors admit that that the Maren Trust's Motion was filed ahead of the deadline to assert administrative expense claims. The Debtors deny the balance of the allegations contained in Paragraph 8 of the Statement of Undisputed Facts, and further assert that, in accordance with its legal argument, the cure claim was waived.

9. Pursuant to Fed. R. Civ. P. 56(c)(2), the Debtors object to the statements contained in Paragraph 9 of the Statement of Undisputed Facts as the statements are not supported by admissible evidence. The Debtors further object as the statements are not facts, but are legal argument. For the avoidance of a doubt, to the extent Paragraph 9 contains any factual statements, the Debtors deny the same.

### III. Response to Legal Argument

The Maren Trust asserts that there are issues of material fact that preclude summary judgment, while disingenuously argue that it should be entitled to summary judgment on the basis that there are no issues of material fact. The Maren Trust further fails to provide any substantive response to the legal arguments raised in the Debtors' Motion for Summary Judgment.

Despite all arguments to the contrary, the Maren Trust has waived any cure claim as a result of the entry of the Confirmation Order, and no language in the Confirmation Order preserves any alleged cure claim. The Confirmation Order provides that "Revenue Parties' rights shall not be modified, affected or impaired in any manner by any providing of the Plan or this Confirmation Order . . . except that the Bankruptcy Court shall make any determination as to any administrative claim, rejection claim, or cure amount in the event of a dispute."

The Plan defines a "Revenue Party" as "working interest holders, overriding royalty interest holders, and royalty interest holders holding an interest in the wells operated by SEC on

6

the Effective Date of the Plan." Under the plain language of the Plan, the Maren Trust is not a "Revenue Party." The Maren Trust does not directly hold any interests in in oil and gas. Additionally, all of the interests attributed to the Maren Trust under the Maren Trust ASA were, at all times relevant hereto, managed by third party operators. Under the plain language of the Plan, the Maren Trust is not a Revenue Party. Even to the extent the Maren Trust is a "Revenue Party" under the Plan, the Confirmation Order only allows the Bankruptcy Court to determine the amount of *an already disputed* cure claim that was already asserted as of the Effective Date. It does not create the right to assert a cure claim after the Effective Date has already occurred.

Accordingly, the Maren Trust failed to assert or preserve any cure claim that they may have asserted, as no cure claim was asserted prior to the Effective Date of the Plan and such claim is therefore waived. The Debtors are therefore entitled to judgment as a matter of law with respect to the Maren Trust Motion.

Furthermore, the Maren Trust has not asserted any breach of the Maren Trust ASA by Sklarco, nor can it. Sklarco has done nothing more than faithfully carry out the obligations under the Maren Trust ASA by managing the assets attributed to the Maren Trust and providing the necessary personnel in accordance therewith. In exchange for providing those services, Sklarco has duly assessed the Agency Services Fee, which has been paid through the revenue generated by assets attributed to the Maren Trust. The Maren Trust has not alleged that Sklarco has not managed the assets, nor has the Maren Trust alleged that Sklarco has not provided the services required under the Maren Trust ASA. Instead, the Maren Trust attempts to complain that a lack of notice precludes Sklarco's entitlement to the Agency Services Fee while still allowing the Maren Trust to receive all of the benefits.

"The terms of a contract do not when either party files for bankruptcy." *In re Terrell*, 892 F.2d 469, 473 (6th Cir. 1989). The sole fact that Sklarco filed for bankruptcy does not entitle the Maren Trust to unilaterally relieve itself of the obligation Agency Services Fee duly assessed in accordance with the Maren Trust ASA, particularly when Sklarco has continued to hold and manage the interests attributed to the Maren Trust and provide the Maren Trust with an accounting of revenue and expenses with respect to such interests. The Maren Trust also has not cited to a single case that stands for the proposition that lack of notice can constitute a material breach of contract, such that the contract would be unenforceable by one party, but allow the counter party to receive all of the benefit. To allow the Maren Trust to alleviate itself of the Agency Services

7

Fee while still receiving all of the benefit of the Maren Trust ASA in wholly inequitable, and has no foundation in applicable Bankruptcy Law, State Law, fact or equity.

Absent an established default under the Maren Trust ASA, the Maren Trust has not basis to assert a cure claim, even to the extent its right to assert such a claim was preserved. Accordingly, the Maren Trust Motion fails as a matter of law, and the Debtors are entitled to summary judgment with respect to the Maren Trust Motion.

The Maren Trust has further failed to establish a basis for damages that would result in a cure claim. Even if the Maren Trust establishes that its right to assert a cure claim was preserved, and further establishes a breach of contract that allows the Marn Trust to receive all of the benefit of the Maren Trust ASA with none of the burden, the Maren Trust cannot establish any damages. The Maren Trust has had sufficient notice of the Bankruptcy Case in order to participate, and indeed did so by requesting the addition of certain language in the Confirmation Order. More importantly, had the Maren Trust been advised of the bankruptcy filing from the moment it was filed, Sklarco would still have been entitled to the Agency Services Fee under the Maren Trust ASA, and lease operating expenses would still have been deducted from revenue attributed to the Maren Trust prior to payment of such revenue to Sklarco. Accordingly, because the Maren Trust has not been damaged in any manner, it cannot establish a cure claim, and the Debtors are entitled to judgment as a matter of law.

WHEREFORE the Debtor prays that the Court enter an Order denying the *Maren Silberstein Revocable Trust's Second Amended Partial Motion for Summary Judgment*, granting the Debtors' Motion for Summary Judgment, and for such further and additional relief as to the Court may appear proper.

DATED: December 8, 2022   Respectfully Submitted,

By:  *s/ Keri L. Riley*
  Keri L. Riley, #47605
  **KUTNER BRINEN DICKEY RILEY, P.C.**
  1660 Lincoln Street, Suite 1720
  Denver, CO 80264
  Telephone: (303) 832-2400
  Telephone: (303) 832-2910
  Email: klr@kutnerlaw.com