## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SKLAR EXPLORATION COMPANY, LLC | ) | Case No. 20-12377-EEB |
| EIN: 72-1417930 | ) | |
| | ) | Chapter 11 |
| Debtor-in-Possession. | ) | |
| | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| SKLARCO, LLC | ) | Case No. 20-12380-EEB |
| EIN: 72-1425432 | ) | |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor-in-Possession. | ) | |
| | ) | |

### KHCD PROPERTIES, LLC AND C. DENZIL BLOUNT CHARITABLE REMAINDER TRUST'S MOTION TO LIFT ANY REMAINING STAY OF PROCEEDINGS

COMES NOW, KHCD PROPERTIES, LLC, a Louisiana limited liability company, and C. DENZIL BLOUNT CHARITABLE REMAINDER TRUST, a Louisiana charitable trust (together, "**KHCD**"), by and through its undersigned counsel, for their Motion to Lifting Any Remaining Stay of Proceedings (the "**Motion**"). In support of the Motion, KHCD states as follows:

### JURISDICTION AND VENUE

1.       This Court has jurisdiction over these chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G). Venue is proper in this Court pursuant to 28 U.S.C. § 1409. The statutory predicates to the Motion are sections 105(a) and 362(d) of title 11 of the United State Code (the" **Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

**A.      Relevant Factual Background.**

1.      On November 4, 2019, KHCD filed a complaint bearing docket number C-1609212 in the 26th Judicial District Court in and for Bossier Parish, Louisiana (the "**Lawsuit**") against BPX Properties (NA) LP, BPX Energy Inc., and BPX Operating Company (collectively, "**BPX**").

2.      KHCD granted an oil and gas lease to BPX's predecessor in title covering and affecting approximately 301 acres in Sections 22 and 23, Township 17 North, Range 13 West, Caddo and Bossier Parishes, Louisiana (the "**Leased Acreage**"). The Louisiana Commissioner of Conservation created a unit covering and affecting approximately 640 acres which included a portion of the Leased Acreage which unit was named the "HA RA SUA Unit." The Dickson 37-1H Well (Serial No. 239530) was designated as the "Unit Well." The HA RA SUA Unit includes portions of the Red River, a navigable water body.

3.      BPX was the operator of the HA RA SUA Unit and the Unit Well and as the operator is responsible for the timely and correct payment of royalties to KHCD from sales of the production from the HA RA SUA Unit and Unit Well at the time of filing of the Lawsuit.

4.      KHCD alleged in the Lawsuit that BPX has failed to recognize the extent of the Leased Acreage in the Unit and has failed to pay the proper amount of royalties to KHCD.

5.      On December 13, 2019, BPX filed responsive pleadings which included a demand for a concursus proceeding to determine the extent of proper participation of KHCD in the HA RA SUA Unit and the Unit Well and named as additional parties defendant the State of Louisiana (the "**State**") and Sklarco, L.L.C. ("**Sklarco**"). In its pleading, BPX sought leave to place all future royalty and overriding royalty interests attributable to the interests of KHCD, the State, and Sklarco in suspense pending a final determination and the right to recoup any overpayments of

royalties or overriding royalty interests from the party to whom the overpayments had been previously made.

6.      The State was made a party defendant because BPX alleged that the State granted an oil and gas lease ("**State Lease**") to Sklarco covering the bottom of the Red River which oil and gas lease Sklarco thereafter assigned to the predecessor in title to BPX reserving a 3% overriding royalty interest in the lands covered by the State Lease.

7.      On or about January 27, 2020, the State filed its answer asserting ownership of the lands covered by the State Lease and seeking recognition of its appropriate interest in the HA RA SUA Unit, the Unit Well, and all proceeds of production held in suspense by BPX during the pendency of the concursus suit.

8.      On March 18, 2020, Sklarco filed its answer in which it prayed for judgment in its favor recognizing its 3% overriding royalty interest in the State Lease and for its appropriate interest in the HA RA SUA Unit, Unit Well, and all proceeds of production held in suspense by BPX during the pendency of the concursus suit. As the 3%, non-cost bearing, overriding royalty interest retained by Sklarco in the assignment of the State Lease to BPX's predecessor in interest is entirely dependent on the State lands leased by the State, Sklarco's interest in the Lawsuit can be, and upon information and belief is, fully represented by the State.

9.      On April 1, 2020 the Debtors commenced these chapter 11 cases when they filed their voluntary petitions [Docket No. 1]. KHCD is neither a creditor of nor a debtor to the Debtors.

10.      On May 8, 2020, Sklarco, through its Louisiana counsel in the Lawsuit, filed its "Notice of Bankruptcy and Stay" in the Lawsuit ,and the Lawsuit was thereafter stayed by order of the Court in the 26th Judicial District Court. The Lawsuit remains stayed.

11.     Thereafter Sklarco identified the Lawsuit on its Official Form 207 "Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy" filed herein on May 18, 2020 under part 3, section 7, item 7.4  [Docket No. 41].

12.     On October 13, 2020, the Debtors filed their Motion to Assume Nonresidential Real Property Mineral Leases Pursuant to 11 U.S.C. Section 365 [Docket No. 607] (the "**Motion to Assume**"). Although approximately 4,000 oil and gas leases were listed in the Schedule A to the Motion to Assume, as amended [Docket No. 638], the State Lease was not listed, presumably due to the fact that Sklarco had assigned the State Lease to the predecessor of BPX prior to the date on which Sklarco filed for bankruptcy. The Motion to Assume was granted by the Court by Order dated October 30, 2020 [Docket No. 649]. The Schedule A, as corrected to the Motion to Assume has not been amended or supplemented since the Court's Order granting the Motion to Assume [Docket No. 638].

13.     At some point during the pendency of the instant Bankruptcy proceeding, KHCD believes and alleges upon information and belief that BPX sold or assigned its interests in the HA RA SUA Unit, Unit Well, and the oil and gas leases included therein to Paloma Natural Gas, LLC ("**Paloma**"). It is further believed and alleged upon information and belief that Paloma has continued to operate the HA RA SUA Unit and the Unit Well and to sell the production therefrom, but is continuing to place all royalty and overriding royalty interest amounts attributable to the concursus defendants (i.e., KHCD, the State, and Sklarco) in suspense pending a final judicial determination of each party's interest in the HA RA SUA Unit, the Unit Well, and the royalty amounts held in suspense upon final judgement in or settlement of the Lawsuit.

14.     It is believed, and alleged upon information and belief, that Paloma has obtained permits to drill additional alternate Unit Wells which will include the KHCD Lease Acreage involved in the Lawsuit.

15.     On December 18, 2020, the Debtors filed their "Joint Plan of Reorganization Dated December 18, 2020 [Docket No. 739]. Thereafter, on March 11, 2021, the Debtors filed their "Amended and Restated Joint Plan of Reorganization Dated December 18, 2020" [Docket No. 1080]. On May 14, 2021, the Debtors filed their "Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020" [Docket No. 1251] (the "**Second Amended Plan**"). By Order dated August 24, 2021, the Court confirmed the Second Amended Plan, as amended [Docket No. 1433].

16.     KHCD believes, and alleges upon information and belief, that the proceeds from the sale of production from the Unit Well (and all other alternate Unit Wells) currently held in suspense as well as the future royalty and overriding royalty interests are substantial enough that KHCD desires to move forward with the Lawsuit. KHCD believes, and alleges upon information and belief, that the resolution of the Lawsuit will benefit Sklarco to the extent that it will receive its interest both in the proceeds of the sale of production held in suspense and in the receipt of future proceeds for the sale of production once the Lawsuit is finalized by judgment or settlement and the acreage covered by the State Lease upon which Sklarco's 3% overriding royalty interest is based is finally determined.

17.     KHCD shows that Article VIII, Section 8.1 of the Second Amended Plan allows Sklarco to operate its business free and clear of any restrictions imposed by the Bankruptcy Code, such as the automatic stay, as long as the operation is subject to the terms and conditions of the

Second Amended Plan, the Order of Confirmation and the other relevant documents executed in connection therewith.

18.      KHCD believes, and alleges on information and belief, that lifting the stay, to the extent that the stay is still in effect, and allowing the Lawsuit to proceed will not violate any terms or conditions of the Second Amended Plan, the Order of Confirmation, or any other documents executed in connection therewith.

## ARGUMENT AND AUTHORITIES

19.      The filing of this Bankruptcy by Debtors placed an automatic stay on any judicial proceedings, and KHCD has been prohibited from obtaining any relief herein by judicial action. 11 U.S.C. § 362(a).

20.      However, this Court has broad authority to grant relief "by terminating, annulling, modifying, or conditioning" the automatic stay for cause. *See* 11 U.S.C. § 362(d)(1).

21.      In seeking relief from the automatic stay for cause, any party opposing the relief has the burden of proof. *Se id.* § 362(g).

22.      The determination of what constitutes "cause" to lift stay falls within the Court's broad discretion on a case-by-case basis. *See, e.g.*, *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987); *In re Busch*, 294 B.R. 137 (B.A.P. 10th Cir. 2003).

23.      In deciding whether to lift the automatic stay to permit litigation against a debtor to proceed in another forum, bankruptcy courts consider numerous potential factors, and need only consider the factors relevant to a particular case. *See, In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984). *See also Baack v. Horizon Womens Care Prof'l LLC (In re Horizon Womens Care Prof'l LLC)*, 506 B.R. 553, 557–60 (Bankr. D. Colo. 2014).

24.      KHCD respectfully suggests that the requested relief should be granted since the

issues in the Lawsuit are exclusively those of Louisiana real property law involving the ownership of beds of navigable waterbodies and are governed exclusively by state law. *See, e.g., In re Danzik*, 549 B.R. 804, 808 (Bankr. D. Wyo. 2016) (stating specialized tribunal factor weighs in favor of relief for stay because the state court was "familiar wand experience with the causes of action alleged, the parties involved, and the facts of the [action]"). *See also In re Mosher,* 578 B.R. 765 (Bankr. S.D. Tex. 2017) (stating state law claims should be allowed to proceed in state court).

25.    KHCD requests that it be allowed to proceed with the Lawsuit.

26.    Cause exists to lift the stay and allow judicial proceedings to continue where litigation against a debtor is well under way in the non-bankruptcy forum. *See, e.g.*, *Danzik*, 549 B.R. at 809; *In re Reitnauer*, 152 F. 3d 341, 344 (5th Cir. 1998); *In re Sanford*, No. 04-13648, 2005 WL 629022, at *5 (M.D. La. Jan. 31, 2005).

27.    It is well-established that the automatic stay should be lifted when doing so serves judicial economy. *See Horizon Womens Care Prof'l LLC*, 506 B.R. at 557; *Danzik*, 549 B.R. at 809; *In re U.S. Brass Corp.*, 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994); *In re Kemble*, 776 F.2d 802, 807 (9th Cir. 1985).

28.    Courts have often lifted stays on actions in other forums when the litigation has proceeded to an advanced stage. *See Horizon Womens Care Prof'l LLC*, 506 B.R. at 557; *Danzik*, 549 B.R. at 809; *In re Patel*, No. 10-34767-H3-7, 2010 Bankr. LEXIS 2708, at *3-4 (Bankr. S.D. Tex. Aug. 16, 2010).

29.    Indeed, courts have routinely modified automatic stays for cause to allow pre-petition litigation to proceed when the trial court is prepared to continue with the matter and bring it to resolution. *See e.g.*, *Horizon Womens Care Prof'l LLC*, 506 B.R. at 559; *In re U.S. Brass Corp.*, 176 B.R. at 13.

WHEREFORE, KHCD respectfully requests that the Court enter an order granting the Motion and lifting the stay, if any, affecting the Lawsuit and to allow the 26th Judicial District Court to proceed with the Lawsuit.

Dated: December 22, 2022.

Respectfully submitted,

*/s/ Timothy M. Swanson*
Timothy M. Swanson (47267)
Patrick R. Akers (54803)
MOYE WHITE LLP
1400 16th Street,6th Floor
Denver, Colorado 80202-1486
(303) 292-2900
(303) 292 4510 (facsimile)
tim.swanson@moyewhite.com
patrick.akers@moyewhite.com

David R. Taggart (Texas Bar # 00793102)
BRADLEY MURCHISON KELLY & SHEA LLC
401 Edwards Street, Suite 1000
Shreveport, Louisiana 71101
(318) 227-1131
(318) 227-1141 (facsimile)
dtaggart@bradleyfirm.com

*Counsel to KHCD PROPERTIES, LLC and C. DENZIL BLOUNT CHARITABLE REMAINDER TRUST*