## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>SKLAR EXPLORATION COMPANY, LLC,<br>EIN NO: 72-1417930<br><br>Debtor. | Bankruptcy Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>SKLARCO, LLC,<br>EIN NO: 72-1425432<br><br>Debtor. | Bankruptcy Case No. 20-12380 EEB<br>Chapter 11<br><br>**Jointly Administered Under<br>Case No. 20-12377 EEB** |

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on:

1. The Maren Silberstein ("Silberstein") Revocable Trust's Application for Allowance of Administrative Claim and Cure Claim (the "**Admin Claim**"), Docket No. 1495;
2. Debtors' Objection to same, No. 1534;
3. Debtors' Motion for Summary Judgment ("**Debtors' Motion**"), No. 1890;
4. Silberstein's "Second Amended Partial Motion for Summary Judgment that Debtor Sklarco was in Breach of Contract Giving Rise to a Duty to Cure and/or Administrative Claim" (the "**Cross Motion**"), No. 1891;
5. Notice of Submission of Exhibit A [to Debtors' Motion], No. 1894;
6. Debtors' Response to Cross Motion, No. 1896;
7. [Corrected] Silberstein's Objection [of Silberstein] to Reorganized Debtors' Motion for Summary Judgment, No. 1900;
8. Silberstein's Objection to Declaration of Brad Walker, No. 1903; and
9. Debtors' Reply to Cross Motion, No. 1905.

Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by Fed. R. Bankr. P. 7056 and Fed. R. Bankr. P. 9014(c), provides that a court may award summary judgment only when there is no material issue of fact to be tried, and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In applying this standard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Schwartz v. Bhd. Of Maint. Of Way Employees*, 264 F.3d 1181, 1183 (10th Cir. 2001). The movant bears the burden of showing that no genuine issue

of material fact exists.  *Sports Unlimited, Inc. v. Lankford Enter., Inc.*, 275 F.3d 996, 999 (10th Cir. 2002).  If the moving party makes a prima facie case, the burden then shifts to the non-moving party to set forth specific facts demonstrated by evidence, "from which a rational trier of fact" could find in its favor.  *Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000).

Silberstein is a beneficiary to a trust that contracted with Sklarco, LLC, for the maintenance of certain oil and gas interests for Silberstein.  In consideration for Sklarco's management of the interests, Silberstein was obligated to pay Sklarco $15,000.00 on a monthly basis as a servicing fee.  This arrangement was governed by an Agency Services Agreement ("ASA").  Silberstein alleges that Sklarco breached the ASA in two ways and thus argues entitlement to a cure claim.  First, when Sklarco filed bankruptcy, Sklarco failed to give Silberstein notice of the case's commencement.  Silberstein argues that this was a material issue of fact that Sklarco deliberately concealed.  Second, Silberstein alleges that Sklarco failed to give proper accounting records.  Third, Silberstein maintains that Sklarco stood as a fiduciary and failed to provide services consistent with that standard.

Debtors counter that at all times Sklarco abided by the terms of the ASA.  Moreover, Debtors contend that as of the petition date, Silberstein was in arrears on the monthly servicing fees, and, therefore, Silberstein was in breach of the ASA.  Debtors further contend that Silberstein made a payment to Sklarco on May 4, 2020, but thereafter failed to make any additional payments as obligated under the ASA.

Additionally, Silberstein maintains that it is entitled to an administrative expense claim for two reasons.  First, Silberstein states that the servicing fees that were paid to Sklarco post-petition qualify for administrative expense priority.  Second, Silberstein argues that the revenue generated on the oil and gas interests postpetition was misappropriated by Sklarco for unrelated purposes.  Silberstein maintains that these funds should be returned on an administrative expense priority.

Debtors contend that Silberstein does not have a direct ownership interest in any oil and gas interests.  Rather, the assets are held by Sklarco and attributed to Silberstein in accordance with the ASA.  Debtors also argue that the interests that Sklarco maintained for Silberstein failed to generate a profit after the petition date.  Concerning the propriety of the expenses assessed, Debtors argue that Sklarco was afforded full autonomy over the management of the revenue and payment of expenses.  Debtors further contend that to the extent Silberstein disputes the validity of the expenses, her time to raise such an objection has lapsed under the terms of the ASA.

In review of the above, as well as the record in this matter, the Court finds that there are too many genuine disputes of material fact to further indulge the motions for summary judgment.  In line with the same, the Parties have failed to present incontrovertible evidence that would empower the Court to reject their counterparty's account of the relevant events and grant summary judgment.  *Scott v. Harris*, 550 U.S. 372, 380-81 (2007).  The Court views the Parties' respective adherence to the terms of

the ASA to be the chief outstanding factual dispute that precludes summary judgment. Therefore, under the disputed facts presented here, the Court hereby

    ORDERS that Debtors' Motion is DENIED.

    FURTHER ORDERS that the Cross Motion is DENIED.

    By separate order, the Court will set a scheduling conference at which time the Court will set an evidentiary hearing date in this matter.

    DATED this 20th day of March, 2022.

BY THE COURT:

_Elizabeth E. Brown_
Elizabeth E. Brown, Bankruptcy Judge