**THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
The Honorable Elizabeth E. Brown

| | |
|---|---|
| In re:<br><br>SKLAR EXPLORATION COMPANY, LLC,<br>EIN NO: 72-1417930<br><br>Debtor. | Bankruptcy Case No. 20-12377 EEB<br>Chapter 11 |
| In re:<br><br>SKLARCO, LLC,<br>EIN NO: 72-1425432<br><br>Debtor. | Bankruptcy Case No. 20-12380 EEB<br>Chapter 11<br><br>**Jointly Administered Under<br>Case No. 20-12377 EEB** |
| THOMAS M. KIM, *Creditor Trustee*,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD F. SKLAR, INDIVIDUALLY; MIRIAM SKLAR, L.C.; HOWARD F. SKLAR AS INDEPENDENT EXECUTOR OF THE SUCCESSION OF MIRIAM MANDEL SKLAR; AND HOWARD F. SKLAR AS TRUSTEE OF THE HOWARD TRUST, THE ALAN GRANTOR TRUST, AND THE JACOB GRANTOR TRUST.<br><br>Defendants. | Adversary Proceeding No. 22-1106 EEB |
| HOWARD F. SKLAR,<br><br>Plaintiff,<br><br>v.<br><br>SKLAR EXPLORATION COMPANY, LLC, SKLARCO, LLC, EAST WEST BANK, and THOMAS KIM, TRUSTEE OF THE SKLAR CREDITORS TRUST,<br><br>Defendants. | Adversary Proceeding No. 22-1022 EEB (**Consolidated with Case No. 22-1106**) |

## NOTICE OF HEARING

THIS MATTER is before the Court *sua sponte*. Presently pending in these cases are:

**In the Main Case:**

1. Sklar's Motion for Allowance and Payment of Administrative Expenses, Docket No. 1602;
2. Creditor Trustee's Objection, Docket No. 1711;
3. Joinder to Creditor Trustee's Objection by East West Bank, Docket No. 1721;
4. Motion to Reconsider Consolidation of Administrative Expense Motion and Declaratroy Judgment Action with Unrelated Adversary Proceeding, Docket No. 1854;
5. Debtors' Motion to Approve Settlement Agreement Regarding Outside Investments (the "**Settlement Motion**"), Docket No. 1855;
6. Creditor Trustee's Response to Sklar's Motion to Reconsider, Docket No. 1862;
7. Reply in Support of Motion to Reconsider Consolidation, Docket N. 1864;
8. Reply to Creditor Trustee's Response to Sklar's Motion to Reconsider, Docket No. 1867;
9. Creditor Trustee's Preliminary Objection to Reorganized Debtor's Motion To Approve Settlement Agreement, Docket No. 1870; and
10. Creditor Trustee's Supplement to Preliminary Objection, Docket No. 1879.

**In Case No. 22-1106 (the "Kim AP"):**

11. The Defendants' Motion for Partial Dismissal of Plaintiff's First Amended Original Complaint (the "**Dismissal Motion**"), Docket No. 31;
12. Creditor Trustee's Response, Docket No. 35; and
13. Reply in Support of Motion for Partial Dismissal, Docket No. 40.

**In Case No. 22-1022 (the "Sklar AP"):**

14. Motion of Howard F. Sklar to Reconsider Consolidation of Administrative Expense Motion and Declaratory Judgment Action with Unrelated Adversary Proceeding (the "**Reconsideration Motion**"), Docket No. 41;
15. Creditor Trustee's Response to Sklar's Motion to Reconsider, Docket No. 42;
16. Reply in Support of Motion of Sklar to Reconsider, Docket No. 43; and
17. The Reorganized Debtors' Reply to Sklar's Motion to Reconsider, Docket No. 44.

### A. Consolidation Issue

Mr. Sklar as an individual and as trustee of various related family trusts (the "**Sklar Parties**") filed an administrative expense claim in the main case (the "**Admin Claim**"). In a prior ruling, this Court consolidated the Admin Claim with the Kim AP and

the Sklar AP.  The Sklar Parties now seek reconsideration of this consolidation.  They assert that, while the Admin Claim and Sklar AP are related, the Kim AP is factually distinct.  Both the Admin Claim and Sklar AP concern the ownership and use of proceeds from what they have termed the "Outside Investments."  These investments are non-oil-and-gas interests managed by Sklarco for the benefit of the Sklar Parties under the terms of an Agency Services Agreement, between Sklarco, Sklar Exploration Company, and the Sklar Parties.  In their view, the Kim AP is restricted to the oil and gas interests.

This Court disagrees.  The Agency Services Agreement makes no distinction between the Outside Investments and the oil and gas interests. It governs the management of all the assets.  The Kim AP asserts, among other things, various breaches of this agreement by Mr. Sklar.  Resolution of the Admin Claim, the Kim AP, and the Sklar AP will require interpretation of this agreement as well as determinations of whether there are offsetting claims and whether the Admin Claim should be equitably subordinated.

For these reasons, the Court declines to reconsider its prior Order consolidating these matters. Furthermore, the parties are instructed to file all matters pertaining to the Admin Claim, the Kim AP, and the Sklar AP under this consolidated caption.  And to avoid further redundancy, all filings shall be filed only in Case No. 22-1106.

**B.     Dismissal Motion in Kim AP**

In their Dismissal Motion, the Defendants argue, among other things, that this Court lacks subject matter jurisdiction over the Plaintiff's state-law claims.  The parties have briefed the issue, raising strong arguments on both sides.  In addition, this Court views its post-confirmation jurisdiction narrowly.  *See, e.g., In re In Play Membership Golf, Inc.,* 576 B.R. 15 (Bankr. D. Colo. 2017).  While that case is distinguishable from this case in several respects, it acknowledges that "related to" jurisdiction of the bankruptcy court shrinks following confirmation of a debtor's plan of reorganization.

Either dismissing the state-law claims or keeping them in this adversary could lead to adverse consequences.  Dismissing them would require the Plaintiff to bring them in another court, either a state court or the federal district court.  That would mean the parties would have to try the same facts twice, with the possibility of inconsistent rulings.  If this Court kept the claims here and tried them, then it would be creating an appellate issue as to whether it properly exercised jurisdiction.  If reversed on appeal, the parties would then have to undergo a second trial on these claims. Either outcome would drain this estate's resources, as well as those of the other parties.  And it would not conserve judicial resources.

Thus, this Court believes that the best alternative under these circumstances would be for the U.S. District Court for the District of Colorado to withdraw the reference in this case.  Then all the state and federal claims would be before a court with clear jurisdiction to hear them, removing any uncertainty over jurisdictional concerns.  And it would eliminate the need for two trials and the possibility of inconsistent decisions.

To the extent that any of the parties views it as a disadvantage to lose the trial judge who has presided over the main case, this Court would ask that party to consider two things.  First, the common practice in this district is for the withdrawing court to remand all pre-trial issues for the bankruptcy court's determination.  Thus, for all practical purposes, the bankruptcy court would retain jurisdiction over all but the actual trial.  Second, the undersigned is retiring on June 30, 2023.  Thus, by the time this case is ready for trial, the parties will be before another trial judge in any event.

At the hearing in this case, the parties should be prepared to voice whatever objections or concerns they have with a *sua sponte* motion for withdrawal of the reference.  The Court requests this input prior to submitting its request to the district court.

### C.     Status Conference on Settlement Motion

In the Settlement Motion, the Debtors and the Sklar Parties seek approval of a resolution of the Admin Claim and the Sklar AP.  The Debtors have proposed to concede ownership of the Outside Investments to the Sklar Parties, who in exchange will withdraw their Admin Claim.  The last filing pertaining to the Settlement Motion indicated that the parties were conducting discovery on the Settlement Motion and that there were outstanding discovery compliance issues.  At the hearing in this matter, the parties should be prepared to report on the status of discovery, including any remaining noncompliance issues.

Accordingly, it is hereby ORDERED that this Court will conduct a non-evidentiary hearing *by video* on **Tuesday, April 4, 2023 at 10:00 a.m.**, **Mountain Standard Time**, before Judge Elizabeth E. Brown in the United States Bankruptcy Court for the District of Colorado.

To Join the Zoom Hearing
(***PLEASE NOTE THIS IS A NEW MEETING NUMBER AND MEETING ID***):

**To Join the ZoomGov Hearing:**

https://www.zoomgov.com/j/1609293959

Meeting ID: 160 929 3959

Dial by your location
　　+1 833 568 8864 US **Toll-free**
　　+1 833 435 1820 US **Toll-free**
　　+1 669 254 5252 US (San Jose)
　　+1 646 828 7666 US (New York)
　　+1 669 216 1590 US (San Jose)
　　+1 551 285 1373 US

DATED: this 21st day of March, 2023.

BY THE COURT:

_____
Elizabeth E. Brown, Bankruptcy Judge