# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>SKLAR EXPLORATION COMPANY, LLC,<br>EIN:  72-1417930<br><br>    Debtor. | Case No. 20-12377-MER<br><br>Chapter 11<br><br>    (Jointly Administered) |
| SKLARCO LLC,<br>EIN:  72-1425432<br><br>    Debtor. | Case No. 20-12380-MER |

**REORGANIZED DEBTORS' MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR 2004 EXAMINATION PURSUANT TO FED.R.BANKR.P. 2004 AND L.B.R. 2004-1**

Reorganized Debtors Sklar Exploration Company LLC ("**SEC**") and Sklarco LLC ("**Sklarco**") respectfully submit this Motion for Reconsideration of the Order Granting 2004 Examination (Docket No. 2015) (the "**Order**").  In support thereof, the Reorganized Debtors state as follows:

1. The Order was entered *Ex Parte* per local procedure.  Accordingly, this Motion for Reconsideration should be subject to a similar standard of review as an objection to the Motion for Rule 2004 Examination.

2. The filed Motion for Rule 2004 Examination fails for multiple reasons and constitutes an improper end-run around the confirmed plan of reorganization in this case.

3. *First*, the movant, Fant Energy Limited ("**Fant**"), is not a party in interest.  Fant is not a creditor.  Under the terms of the confirmed plan, Fant's claim was discharged.  *Second Amended and Restated Joint Plan of Reorganization Dated December 18, 2020* (the "**Plan**") (Docket No. 1251), § 10.4; see also 11 U.S.C. § 1141(d)(1).  Instead, Fant received "a beneficial interest in the Creditor Trust in exchange for [its] claims." *Id.* § 6.2(a).  The Plan "constitutes a new contractual relationship" whereby the Creditor Trustee acts on behalf of the beneficiaries of the Creditor Trust, *i.e.,* the former unsecured creditors under the Plan, and is authorized to enforce the terms of the Plan. *Id.* § 8.17.  If any party has authority to act with respect to an alleged default, it is the Creditor Trustee, not an individual beneficiary of the Creditor Trust.

4. Because Fant is not a party in interest under the confirmed Plan, it cannot invoke

26078607.6

Rule 2004 even if the Rule still applied at this stage of the proceedings, which it does not. See Fed R. Bankr. P. 2004(a)(examinations available only to "party in interest").

5. *Second*, the confirmed Plan does not preserve application of Rule 2004 after its effective date, except in one instance not applicable here. See *Creditor Trust Agreement* § 5.1(g).

6. *Third*, there cannot be "cause" as required for an examination under Rule 2004. Fant lacks the authority to attempt to enforce any alleged default, as noted above. Moreover, it obviously cannot propose another plan, as one has already been confirmed.

7. *Fourth*, even if Rule 2004 were otherwise available, which it is not, Fant's request is a misuse of the Rule. Fant is acting for its own ulterior purposes, seeking to force a fire sale of the Reorganized Debtors' assets, providing Fant an opportunity to purchase them for a fraction of their inherent value to the detriment of stakeholders. A review of the proposed items for production show that it is acting as a potential purchaser attempting a hostile takeover and using Rule 2004 to obtain due diligence information for the attempt. Fant first approached the Reorganized Debtors in early summer of this year professing a desire to assist in a refinance. But Fant has never made a refinancing proposal, although it could have and refinancing proposals have been solicited and received from other parties. Instead, Fant bargain shops at the expense of everyone else.

8. Worse, as Fant notes, it is a member of the Creditor Trust Oversight Committee with responsibilities to other "Creditor Trust Beneficiaries" as that term is defined in the Creditor Trust Agreement. As such Fant has a blatant conflict of interest. Not only does Fant lack authority to seek individual relief in these cases, separate and apart from the Creditor Trust, it should rightly resign or recuse from deliberations of the Creditor Trust Oversight Committee. *Creditor Trust Agreement* § 8.4.

9. In the process of advancing its own self-interest, Fant urges an interpretation of the Plan intended to force a sale, by wrongly asserting that a refinance of the secured bank debt must also include $3 million to the Creditor Trust. Fant's interpretation is neither correct no germane to Rule 2004 relief. Fant's interpretation of the Plan in this respect was discussed at the recent status conference and refuted in the Reorganized Debtors' Status Report filed August 23, 2023 (Docket No. 1993) ¶¶ 31-37. As discussed therein, the Plan language simply does not support Fant's posturing and the Reorganized Debtors are not repudiating the Plan. The Reorganized Debtors have emphasized the asset is not lost in a refinance and section 8.8(b) remains applicable to any monetizing event in the future.

10. Fant's positioning is in fact interfering in the Debtors' efforts and discussions with East-West Bank regarding the EWB Secured Claim under the Plan, which after the recent status conference in this case indicated that it will not forbear from exercising remedies due to uncertainty resulting from the activities of the Creditor Trust and parties such as Fant. To permit Fant's unfounded Rule 2004 examination to go forward would only exacerbate the issue, as a practical matter.

26078607.6

WHEREFORE, the Reorganized Debtors request that the Court reconsider the Order and deny the Motion for Rule 2004 Examination.

DATED: September 25, 2023.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*/s/ Michael J. Pankow*
Michael J. Pankow, #21212
675 15th Street, Suite 2900
Denver, CO 80202
Tel: (303) 223-1100
Fax: (303) 223-1111
mpankow@bhfs.com

*Attorneys for Sklarco, LLC*

**KUTNER BRINEN DICKEY RILEY, P.C.**

*/s/ Keri L. Riley*
Keri L. Riley, #47605
1660 Lincoln Street
Suite 1720
Denver, CO 80264
Tel: (303) 832-2400
klr@kutnerlaw.com

*Attorneys for Sklar Exploration Company LLC*

26078607.6

## CERTIFICATE OF SERVICE

    I hereby certify that on this 25th day of September, 2023, a true and correct copy of the foregoing **DEBTOR'S OBJECTION TO *EX PARTE* MOTION FOR EXAMINATION OF REORGANIZED DEBTORS PURSUANT TO FED.R.BANKR.P. 2004 AND L.B.R. 2004-1** was transmitted by electronic means on the parties noted in the Court's ECF transmission facilities.

                                          */s/ AJ Ciabattoni*
                                          AJ Ciabattoni, Legal Practice Assistant

26078607.6