**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 20-12377 MER |
| SKLAR EXPLORATION COMPANY, LLC ) | |
| EIN: 72-1417930 ) | Chapter 11 |
| ) | |
|     Debtor. ) | |
| ) | |
| ) | Case No. 20-12380 MER |
| SKLARCO, LLC ) | |
| EIN: 72-1425432 ) | Chapter 11 |
| ) | |
|     Debtor. ) | |
| ) | |

**FANT ENERGY'S OBJECTION TO MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR 2004 EXAMINATION OF REORGANIZED DEBTORS PURSUANT TO FED.R.BANKR.P. 2004 AND L.B.R. 2004-1**

Fant Energy Limited ("Fant Energy"), by and through its undersigned attorneys, hereby objects to the Reorganized Debtors' Motion for Reconsideration of Order Granting Motion for 2004 Examination Pursuant to Fed.R.Bankr.P. 2004 and L.B.R. 2004-1 (the "Reconsideration Motion"), and states as follows:

**INTRODUCTION**

1. Fant Energy filed its Ex Parte Motion for Examination of Reorganized Debtors Pursuant to FED.R.BANKR.P. 2004 and L.B.R. 2004-1 (the "Rule 2004 Motion) on September 22, 2023.[1] [ECF No. 2014] The Court entered its Order Granting Motion for 2004 Examination on September 25, 2023. [ECF No. 2015]

2. The filing of the Rule 2004 Motion was prompted by the Reorganized Debtors' default under the Plan and Fant Energy's desire to conduct routine due diligence as a potential

---

[1] The incorrect Exhibit A was attached to the Rule 2004 Motion. The correct exhibit is attached hereto.

1

purchaser of the Reorganized Debtors' assets. Apparently fearful of what disclosure might reveal, the Reorganized Debtors have vigorously resisted sharing the requested information with Fant Energy.

3. The Plan created a deadline of September 7, 2023, by which the Reorganized Debtors were to: 1) satisfy the remaining debt to EWB in full; and 2) allocate $3 million of the payment to EWB to the Creditor's Trust. The Reorganized Debtors do not, and cannot, deny that they have defaulted under the Plan for having failed to satisfy the EWB claim. They now insist that the promised payment to the Creditor Trust was illusory, apparently acknowledging that their assurances to the contrary in the Plan Brief were false.

4. In the context of Fant Energy's Rule 2004 Motion, the Court need not decide the extent of the Reorganized Debtors' default under the Plan or the consequences of what are apparently material misrepresentations made to the Court and the creditors in the Plan Brief. Fant Energy's request is well within the scope of Rule 2004 and the Reorganized Debtors cannot demonstrate any undue burden or prejudice associated with the requested examination.

## ARGUMENT

5. Putting aside their hyperbole and unfounded accusations, the Reorganized Debtors have utterly failed to articulate substantive grounds for reconsideration of the order granting the Rule 2004 Motion.

### *First - Fant Energy Has Standing to Seek a Rule 2004 Examination*

6. The Reorganized Debtors take the novel approach that an unsecured creditor is without standing to monitor and enforce a debtor's compliance with a confirmed Chapter 11 plan. Not surprisingly, no authority is cited for this proposition. In fact, the applicable binding precedent confirms that Fant Energy is a party in interest as that term is used under Section 1109(b) of the

2

Bankruptcy Code. "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." Nothing in the Bankruptcy Code or applicable case law suggests that a creditor's status as a party in interest somehow terminates upon confirmation of a plan. *See In re Kaiser Steel Corp.*, 998 F.2d 783, 788 (10th Cir. 1993). Rather, the issue is whether a party seeking relief before the Bankruptcy Court "has a sufficient stake in the proceeding so as to require representation." *Id., citing In re Amatex Corp.*, 75 F.2d 1034, 1042 (3d Cir. 1985). *See also, In re Alpex Computer Corp.*, 71 F.3d 353, 356 (10th Cir. 1995) ("[P]arty in interest . . . is generally understood to include all persons whose pecuniary interests are, directly affected by the bankruptcy proceedings."). Fant Energy filed a proof of claim and has a "pecuniary interest" that is directly affected by the Reorganized Debtors' default under the Plan. It was one of the parties that was intended to rely on the assurances given that "the Creditor Trust will receive $3 million from the proceeds of the refinance" no later than the second anniversary of the Effective Date. *See* Plan Brief, p. 2.

7.   Courts applying Section 1142(b) of the Bankruptcy Code have generally done so at the request of a creditor. *See Harlow v. Palouse Producers, Inc. (In re Harlow Prop., Inc.*), 56 B.R. 794, 798 (B.A.P. 9th Cir. 1985); *In re Coral Air,* 40 B.R. 979, 983–84 (D. V.I. 1984). Denying a creditor the right to enforce compliance with a confirmed plan essentially reads Section 1142(b) out of the Bankruptcy Code.

***Second - Rule 2004 Applies Post-Confirmation***

8.   As specified in Section 11.2 of the Plan, this Court retains jurisdiction to resolve disputes regarding "interpretation of the Plan," the "Creditor Trust Payment Obligation," and "implementation of the provisions of the Plan." The bankruptcy proceedings remain open. As long

122505062.1

as there is a bankruptcy proceeding pending, the Federal Rules of Bankruptcy Procedure apply. There is nothing about plan confirmation that suspends the application of Rule 2004. Those courts that have considered the issue have so held. *In re Cinderella Clothing Industries*, 93, B.R. 373, 377 (Bankr. E.D. Pa. 1988); *In re Express One International, Inc.*, 217 B.R. 215, 216-217 (Bankr. E.D. Tex. 1998). Nor is there anything in the Plan or Creditor Trust Agreement that circumvents the application of Rule 2004.

***Third - "Cause" is Not Required***

9.  There is no legal requirement for "cause" under Rule 2004. Even if there were, Fant Energy would have no trouble meeting the threshold. The Plan granted the Reorganized Debtors two years to enter into a refinancing transaction or sell assets sufficient to meet their obligations to EWB and the Creditors Trust. They failed and are now in default. Moreover, the Reorganized Debtors have made it clear that they have no intention to perform as promised under the Plan. That is more than sufficient cause for a creditor to invoke Rule 2004.

***Fourth - Fant Energy is Entitled to a Rule 2004 Examination***

10. The Reorganized Debtors are unable to demonstrate prejudice or undue burden with respect to Fant Energy's document request. In all likelihood, the requested information is currently assembled in their data room and has been made available to other parties. Rather, they try with all their might to keep the information from Fant Energy. Unable to muster a cogent legal rationale for withholding the information, the Reorganized Debtors attempt to attribute an evil motive to Fant Energy, accusing it of "seeking to force a fire sale of the Reorganized Debtors' assets." In reality, the Reorganized Debtors have only themselves to blame for their financial plight.

- The Plan granted the Reorganized Debtors two years from the effective date to satisfy their obligations to EWB and the Creditor Trust. Management waited until a month before

the September 7th deadline to instruct their investment banking firm to search for a refinancing source.

- As a result of management's dithering, the September 7th deadline came and went. Not surprisingly, EWB has issued a default notice and initiated foreclosure proceedings. Even if the Reorganized Debtors are able to cure, they will be liable for all of EWB's legal and foreclosure related expenses. This is a needless waste of estate assets.

- If a refinancing transaction materializes, the Reorganized Debtors have made it clear they have no intention of making the $3 million payment to the Creditor Trust, as provided in the Plan and as promised in the Plan Brief ("the Creditor Trust will receive $3 million from the proceeds of the refinance"). There is no pretending that this statement was not made and no escaping the consequences of having made it. The Reorganized Debtors have courted this controversy and cannot now expect the Court and the creditors to simply look the other way.

11. The potential harm claimed by the Reorganized Debtors is largely imaginary. At this point, Fant Energy seeks only to conduct due diligence regarding a potential purchase. Neither Fant Energy nor anyone else has the ability to impose a "fire sale" of the assets. Yet, even a "fire sale" would be preferable to a foreclosure by EWB, which is exactly the predicament created by management of the Reorganized Debtors.

12. Out of desperation to avoid responding to the document request, the Reorganized Debtors shrilly accuse Fant Energy of a "blatant conflict of interest" in seeking enforcement of the Plan as a member of the Trust Oversight Committee. Fant Energy has been transparent and forthright in disclosing its status as a creditor, member of the Trust Oversight Committee and potential purchaser. The governance of the Trust Oversight Committee is not of concern to the

Reorganized Debtors.

13. Finally, the suggestion that the Rule 2004 Motion is "interfering in the Debtors' efforts and discussions with East-West Bank" is risible. The Reorganized Debtors bear sole responsibility for the predicament in which they find themselves with EWB. Fant Energy's request for due diligence information has no impact on that relationship whatsoever.

## CONCLUSION

14. For reasons that are unclear, the Reorganized Debtors have made every effort to withhold information from Fant Energy. What is it that they have to hide? Having defaulted under the Plan and subjected their assets to foreclosure, they protest that Fant Energy will force a "fire sale" merely by conducting due diligence. This allegation is groundless. The Reorganized Debtors are subject to Rule 2004 and have offered no grounds for denying its application. Fant Energy is entitled to the requested information.

WHEREFORE, Fant Energy respectfully requests that the Court enter its order denying the Reconsideration Motion, authorizing the examination of the Reorganized Debtors pursuant to Rule 2004, and for such other and further relief as is appropriate.

DATED: September 27, 2023

Respectfully submitted,

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

*/s/ Brent R. Cohen*
Brent R. Cohen, No. 11297
1601 19th Street, Suite 1000
Denver, CO 80202
Tel: (303) 623-9000
Email: bcohen@lewisroca.com

*Counsel for Fant Energy Limited*

6

122505062.1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 27, 2023, a true and correct copy of the foregoing **FANT ENERGY'S OBJECTION TO MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR 2004 EXAMINATION OF REORGANIZED DEBTORS PURSUANT TO FED.R.BANKR.P. 2004 AND L.B.R. 2004-1** was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1 and 2082-1(a) and (b) on the following:

**James B. Bailey**
jbailey@bradley.com

**Joseph Eric Bain**
jbain@joneswalker.com

**Grant Matthew Beiner**
Munsch Hardt Kopf & Harr, PC
gbeiner@munsch.com

**Jordan B. Bird**
Cook, Yancey, King & Galloway
jordan.bird@cookyancey.com

**Duane Brescia**
Clark Hill Strasburger
dbrescia@clarkhill.com

**Jeffrey S. Brinen**
jsb@kutnerlaw.com

**John Cornwell**
Munsch Hardt Kopf & Harr PC
jcornwell@munsch.com

**Shay L. Denning**
sdenning@mbssllp.com

**Benjamin Y. Ford**
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL 36602

**Craig M. Geno**
Law Offices of Craig M. Geno, PLLC
cmgeno@cmgenolaw.com

**Michael J. Guyerson**
mike@kjblawoffice.com

**Christopher D. Johnson**
Munsch Hardt Kopf & Harr PC
cjohnson@munsch.com

**Stephen K. Lecholop, II**
Rosenthal Pauerstein Sandoloski Agather LLP
slecholop@rpsalaw.com

**Eric Lockridge**
eric.lockridge@keanmiller.com

**Armistead Mason Long**
Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC
along@gamb.law

**Ryan Lorenz**
RLorenz@ClarkHill.com

**Christopher Meredith**
Copeland, Cook, Taylor & Bush P.A.
cmeredith@cctb.com

**David M. Miller**
Spencer Fane LLP
dmiller@spencerfane.com

**Timothy C. Mohan**
tmohan@foley.com

**Paul Moss**
Byron G. Rogers Federal Building
Paul.Moss@usdoj.gov

7

**Kevin S. Neiman**
kevin@ksnpc.com

**Jennifer Norris Soto**
Ayres, Shelton, Williams, Benson & Paine, LLC
jennifersoto@arklatexlaw.com

**Matthew J. Ochs**
mjochs@hollandhart.com

**Matthew Okin**
Okin Adams LLP
mokin@okinadams.com

**John Thomas Oldham**
joldham@okinadams.com

**Robert L Paddock**
Buck Keenan
rpaddock@buckkeenan.com

**Robert Padjen**
Robert.padjen@coag.gov

**Jeremy L Retherford**
Balch & Bingham
jretherford@balch.com

**Brian Rich**
Berger Singerman LLP
brich@bergersingerman.com

**Keri L. Riley**
klr@kutnerlaw.com

**Timothy Michael Riley**
Hopping Green & Sams
timothyr@hgslaw.com

**Katherine A Ross**
katherine.ross@usdoj.gov

**Michael D Rubenstein**
Liskow and Lewis

mdrubenstein@liskow.com

**Craig K. Schuenemann**
craig.schuenemann@bryancave.com

**Ryan Seidemann**
Louisiana Department of Justice
seidemannr@ag.louisiana.gov

**Thomas H Shipps**
Maynes, Bradford, Shipps & Sheftel, LLP
tshipps@mbssllp.com

**Barnet B Skelton, Jr**
Barnet B. Skelton, Jr.,
barnetbjr@msn.com

**Jim F Spencer, Jr**
Watkins & Eager PLLC
jspencer@watkinseager.com

**Bryce Suzuki**
Bryce Suzuki
bryce.suzuki@bclplaw.com

**Timothy M. Swanson**
tim.swanson@moyewhite.com

**David R Taggart**
Bradley Murchison Kelly & Shea
dtaggart@bradleyfirm.com

**Glenn Taylor**
Copeland, Cook, Taylor & Bush P.A.
gtaylor@cctb.com

**Madison M. Tucker**
Jones Walker LLP
mtucker@joneswalker.com

**Amy Vazquez**
Jones Walker LLP
avazquez@joneswalker.com

122505062.1

**Deanna L. Westfall**
Office of the Colorado Atty. General
Deanna.westfall@coag.gov

                                          *s/Jennifer Eastin*
                                          LEWIS ROCA ROTHGERBER CHRISTIE LLP

122505062.1

# EXHIBIT A



September 8, 2023

**VIA EMAIL, FEDERAL EXPRESS, AND US MAIL**

| | | |
|---|---|---|
| Sklar Exploration Company, LLC<br>Sklarco, LLC<br>Attn: Bradley Walker<br>Riverbend Special Situations<br>12400 Coit Rd, Suite 900<br>Dallas, TX 75251<br>bwalker@st-cap.com<br>bwalker@riverbendssg.com<br>Independent Manager of Debtors<br><br>Sklar Exploration Company, LLC<br>Sklarco, LLC<br>Attn: Bradley Walker<br>5395 Pearl Parkway, Suite 200<br>Boulder, CO 80301<br><br>Sklar Exploration Company, LLC<br>Sklarco, LLC<br>Attn: Bradley Walker<br>401 Edwards Street Suite 1601<br>Shreveport, LA 71101<br><br>Jeffrey S. Brinen, Esq.<br>Keri L. Riley, Esq.<br>Kutner Brinen Dickey Riley, P.C.<br>1660 Lincoln St., Suite 1720<br>Denver, CO 80264<br>jsb@kutnerlaw.com<br>klr@kutnerlaw.com<br>Counsel for Debtors | Michael J. Pankow, Esq.<br>Brownstein Hyatt Farber Schreck, LLP<br>675 15th Street, Suite 2900<br>Denver, CO 80202<br>MPankow@BHFS.com<br>Counsel for Debtors<br><br>Thomas F. Kim<br>r2 advisors<br>1518 Blake Street<br>Denver, CO 80202<br>tkim@r2llc.com<br>Trustee of the Sklar Creditor Trust<br><br>Steven Loden, Esq.<br>Christopher Johnson, Esq.<br>Diamond McCarthy LLP<br>Two Houston Center<br>909 Fannin Street 37th Floor<br>Houston, TX 77010<br>steve.loden@diamondmccarthy.com<br>chris.johnson@diamondmccarthy.com<br>Counsel for Thomas F. Kim, Creditor Trustee<br><br>Internal Revenue Service<br>Attn: S. Rivera<br>1999 Broadway 5012DEN<br>Denver, CO 80202-32025 | Howard F. Sklar<br>5395 Pearl Parkway, Suite 200<br>Boulder, CO 80301<br>cfarrell@sklarexploration.com<br>Former manager, chairman, and CEO of Debtors<br><br>Adam L. Hirsch, Esq.<br>Davis Graham & Stubbs LLP<br>1550 17th Street, Suite 500<br>Denver, CO 80202<br>adam.hirsch@dgslaw.com<br>Counsel for Howard F. Sklar<br><br>Christopher Johnson, Esq.<br>John Cornwell, Esq.<br>Munsch Hardt Kopf & Harr, P.C.<br>700 Milam St., Suite 2700<br>Houston, TX 77002<br>cjohnson@munsch.com<br>jcornwell@munsch.com<br>Counsel for Official Committee of Unsecured Creditors |

Re: **Notice of Plan Default and Notice of Event of Default Under EWB Loan and Security Documents**

To Notice Parties and Counsel of Record:

Reference is made to those certain: (i) Credit Agreement dated June 15, 2018 (as supplemented and amended, the "Credit Agreement") by and among East West Bank as lender ("EWB") and Sklar Exploration Company, LLC and Sklarco, LLC as borrowers ("Debtors"), for a senior secured revolving credit facility in the maximum amount of $50,000,000 and certain standby letters of credit, all subject to an initial borrowing base of $25,000,000 (the "Loan"); (ii) First Amendment to Credit Agreement by and among EWB and Debtors dated August 5, 2019 (the "Amendment"); (iii) that certain Note made by Debtors in favor of EWB dated June 15, 2018 (the

Sklar Exploration Company, LLC, *et al.*
September 8, 2023
Page 2

"Note"); (iv) Pledge and Security Agreement dated June 15, 2018 (the "Security Agreement"); (v) Mortgages, Deeds of Trust, Assignments of Production, Security Agreements, Financing Statements and Fixture Filings filed or recorded with state, county, or other governmental authorities, including without limitation that certain Mortgage, Assignment of Production, Security Agreement, Financing Statement and Fixture Filing executed between EWB and Debtors regarding the real property and mineral interests in Escambia County, Alabama (recorded at 0203045) and Conecuh County, Alabama (recorded at Book 2018, Page 1330), as well as such documents filed or recorded with state, county, or other governmental authorities in Florida, Louisiana, Mississippi, Texas, and other jurisdictions (collectively, the "Mortgage Documents").

The Loan Agreement, the Amendment, the Note, the Security Agreement, and Mortgage Documents, along with any other documents or instruments that evidence or secure the Loan are collectively referred to herein as the "EWB Loan and Security Documents." Capitalized terms used but not defined herein shall have the meaning given such terms in the Loan Documents.

Reference is further made to the Second Amended and Restated Plan of Reorganization dated December 18, 2020, as confirmed in the Debtors' chapter 11 bankruptcy cases (the "Plan") in the United States Bankruptcy Court for the District of Colorado, Case No. 20-12377 (jointly administered). Pursuant to Section 5.1(d) of the Plan, the Debtors were required to repay the Loan in full, including all outstanding principal, interest, and fees, by no later than "the second anniversary of the Effective Date of the Plan," which was September 7, 2023 (the "Maturity Date"). The Debtors have failed to repay the loan by the Maturity Date.

**NOTICE IS HEREBY GIVEN** that the Debtors' failure to repay the Loan by the Maturity Date constitutes a default under the Plan, including without limitation Sections 5.1(d) of the Plan, and constitutes an Event of Default under the EWB Loan and Security Documents, including without limitation Section 10.01 of the Credit Agreement (collectively, the "Maturity Default").

**DEMAND IS HEREBY MADE**, pursuant to Section 8.17 of the Plan, that Debtors cure the Maturity Default by paying to EWB all amounts owing under the Plan and the EWB Loan and Security Documents (the "Total Indebtedness") within ten calendar days of the date of this Notice.

As of September 7, 2023, the Total Indebtedness is no less than $8,652,361.86, consisting of the following:

| | |
|---|---|
| Principal: | $ 8,265,535.27 |
| Accrued Interest: | $         9,643.12 |
| Legal Fees and Costs: | $     377,183.47 |
| **Total Indebtedness:** | **$ 8,652,361.86** [1] |

---

[1] The amount of the Total Indebtedness is based on a beginning balance of $21,000,000 as of the Effective Date of the Plan. EWB reserves the right to update or correct the calculation of Total Indebtedness as may be necessary. Accrued and accruing interest and default interest, as well as subsequently incurred legal fees and other expenses, must be paid as part of the Total Indebtedness. Debtors must obtain an updated payoff statement that is current as of the date of payoff to satisfy the Total Indebtedness.

Sklar Exploration Company, LLC, *et al.*
September 8, 2023
Page 3

Interest at the Post Default Rate, as defined in the EWB Loan and Security Documents, shall accrue on the outstanding balance from the date of this Notice until the Total Indebtedness is paid and satisfied in full.

Section 8.17 of the Plan provides that upon the Debtors' "failure to cure the default within [the] ten-day [notice] period, the creditor may proceed to exercise their rights and remedies." Section 5.1(h) of the Plan provides that the EWB Loan and Security Documents "remain in full force and effect except as expressly modified" by the Plan. EWB expressly reserves its right to pursue all available rights and remedies pursuant to the EWB Loan and Security Documents, without further notice, immediately upon the Debtors' failure to timely cure the Maturity Default.

This Notice is made without prejudice to, or waiver of, the rights or remedies of EWB under the Plan and/or the EWB Loan and Security Documents, or any other right or remedy available to EWB at law or in equity. To the extent EWB temporarily forbears, on a day-to-day basis, from exercising its rights and remedies as a result of the uncured Maturity Default, EWB may revoke such accommodation at any time, without notice, and for any cause or for no cause. EWB further reserves the right to accept payments made after the date of this Notice even if such payments are not offered as, or are insufficient to, cure the Maturity Default described herein.

Should there be any discussions or communications between EWB and the Debtors, or EWB and any other party, or their respective representatives or counsel, regarding the above matters, or should there be any delay in EWB's exercise of its rights and remedies, the same shall not cause a modification of the Plan or the EWB Loan and Security Documents, establish a custom or practice, or waive, limit, or condition EWB's rights and remedies in any way. EWB's participation in any conversations or discussions with the Debtors or any other party is not intended to, and shall not, constitute a waiver of the Maturity Default, nor any other defaults or events of default, nor any of EWB's rights and remedies with respect thereto. Moreover, any proposals for an extension of maturity date, or any restructuring, modification, amendment or other consensual disposition of the Total Indebtedness or other amounts owing by the Debtors to EWB, shall not be binding unless and until such proposals are reduced to writing and formally approved and executed by EWB. For the avoidance of doubt, nothing in this letter shall be interpreted to excuse the Debtors, or any other party as applicable, from complying with any provision of the Plan or the EWB Loan and Security Documents.

This Notice does not purport to describe all events or conditions that may constitute defaults or events of default, and this Notice has no bearing on, and in no way supersedes or affects, any other or future notices issued on behalf of EWB. EWB expressly reserves all of its rights and remedies under the Plan and the EWB Loan and Security Documents and any other right or remedy available to EWB at law or in equity.

Sklar Exploration Company, LLC, *et al.*
September 8, 2023
Page 4

      Please direct any inquiries or communications regarding this Notice to EWB's counsel, Bryce Suzuki at Snell & Wilmer, bsuzuki@swlaw.com, (602) 382-6267.

      Very truly yours,

      East West Bank

      Stuart Bonomo
      SVP–Head of Workout

cc: Bryce Suzuki (via email)